UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Securities and Exchange Commission,

                                Plaintiff,

        -against-

Ripple Labs Inc., et al.,

                              Defendants.

20 Civ. 10832 (AT)

**CIVIL CASE MANAGEMENT PLAN AND <u>SCHEDULING ORDER</u>**

ANALISA TORRES, United States District Judge:

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1.     All parties do not consent to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c).

2.     This case is to be tried to a jury.

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within _30_ days from the date of this Order or from the date of the filing of any defendant's motion to dismiss, or from a decision on any motion to dismiss.

4.     Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later than __14_ days from the date of this Order.

5.     All <u>fact</u> discovery shall be completed no later than _____July 2, 2021_____, except as provided in paragraph 13(c) hereto.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

        a.    Initial requests for production of documents to be served by _____March 31, 2021_____ .
        b.    Interrogatories to be served by _____June 4, 2021_____.
        c.    Depositions to be completed by _____July 2, 2021_____.
        d.    Requests to Admit to be served no later than __July 2, 2021_____.

7.     a.     All <u>expert</u> discovery shall be completed no later than ____August 16, 2021_____, except as provided in paragraph 13(c) hereto. The parties shall exchange opening expert reports no later than July 9, 2021, and rebuttal expert reports, if any, no later than August 2, 2021.

       b.     No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions.

8.     All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions <u>in limine</u> may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, <u>i.e.</u>, the close of fact discovery.

9.     All counsel must meet face-to-face or via video conferencing for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.     Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: _____Counsel for the parties have met and conferred and, having previously discussed settlement, do not believe that an informal exchange of information would aid settlement of this case at this time_____
_____

       b.     <u>C</u>ounsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: ___a settlement conference before a magistrate judge_____None of the above
_____ _____

       c.     Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g</u>. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery) _____
_____

       d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert

discovery (whichever is later).  By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P.  Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the pre-motion conference requirement is waived for any such motion.  If this action is to be tried before a jury, proposed *voir dire* questions, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date.  Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission.  Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P.  If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: ___Two weeks_____.

13. [Other items, including those in Rule 26(f)(3).]

   a. Plaintiff Securities and Exchange Commission may seek an order permitting it to notice more than 10 (ten) depositions under Rule 30, Fed. R. Civ. P.  Defendants do not consent to this request.

   b. The parties intend to submit a proposed Protective Order pursuant to Rule 26(c), Fed. R. Civ. P., for the Court's consideration in short order.

   c. Defendants Bradley Garlinghouse and Christian A. Larsen ("Individual Defendants") respectfully request an additional 120 days after this Court's decision on any motion to dismiss to conduct discovery.  Plaintiff Securities and Exchange Commission ("SEC") does not object to this request with the proviso that the Individual Defendants' shall participate in all discovery permitted by the Federal Rules of Civil Procedure during the discovery period provided for in Paragraph 7 hereto, and shall not object to any discovery properly served on them, on the basis that additional discovery may occur after any decision on their contemplated motions to dismiss.

   d. Pursuant to Rule 26(f)(3)(B) and (D), the SEC respectfully informs the Court that this case may present issues regarding the attorney-client privilege or other applicable protections with respect to certain documents the SEC may seek in discovery, as set forth in the parties' joint letter submitted together with this proposed order.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]

-4-

15. The next Case Management Conference is scheduled for _____ at _____.

16. The parties are directed to file a joint status report not later than one week in advance of the Case Management Conference. The parties should indicate whether they anticipate filing motion(s) for summary judgment and whether they believe the case should be referred to a Magistrate Judge for settlement discussions. The parties are reminded that, pursuant to paragraph 8, a pre-motion conference request for any motion for summary judgment must be made within fourteen (14) days of the close of fact discovery.

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.B. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: _____
New York, New York