# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                      Plaintiff,       :       20 Civ. 10832 (AT)
                                          :
          - against -                    :       ECF Case
                                          :
RIPPLE LABS, INC.,                        :
BRADLEY GARLINGHOUSE, and                 :
CHRISTIAN A. LARSEN                       :
                                          :
                    Defendants,      :
                                          :
------------------------------------------------------------------------ x

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS
## TO DEFENDANT CHRISTIAN A. LARSEN

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Rules"), submits the following requests for the production of documents to Defendant Christian A. Larsen ("Larsen"). All responsive documents within the possession, custody, and/or control of Garlinghouse are to be delivered to the Commission's counsel, Jorge G. Tenreiro, 200 Vesey Street, Room 400, New York, New York 10281, **by February 24, 2021 at 9:00 a.m.,** and in accordance with the definitions and instructions set forth below, and with the Commission's Data Delivery Standards attached hereto.

### DEFINITIONS AND INSTRUCTIONS

1. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

1

3. The term "agreement" means any actual or contemplated (a) written or oral agreement or contract; (b) term or provision of such agreement; or (c) amendment, addendum or side letter of any nature to or termination of such agreement.

4. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5. The following rules of construction apply to all discovery requests:

    a. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

    b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    c. Number. The use of the singular form of any word includes the plural and vice versa.

6. "Asset" means anything of value whatsoever, including without limitation money, cash, salary, digital assets, assets represented on cryptographically secured distributed ledgers, compensation, bonus, wages, bank account, certificate of deposit, accounts receivable, loans, notes receivable, real property, personal property, art, cars, boats, securities, commodities, partnership interest, ownership interest in a company, dividends, interest, prepaid expenses, and credit balances on credit cards.

7. "Ripple" means Ripple Labs, Inc., its predecessors, successors, affiliates, and subsidiaries, as well as its current and former officers, employees, directors, and any person acting, directly or indirectly, on its behalf including, without limitation, and XRP II LLC.

8. The terms "you" and "your" mean Larsen.

9. The term "XRP" means the digital asset, tokens, or coins known as "XRP," as well

2

as the digital asset previously known as "Ripple Credits" or "Ripples."

10. You must produce all documents described below in the section entitled "Document Requests," insofar as they are in your possession, custody or control, pursuant to Rule 34(a).

11. Pursuant to Rule 34(b)(2)(B), with respect to each numbered category of the Requests below, you must respond by either stating that you will produce such documents (by producing copies or producing originals for inspection and copying) or stating with specificity the grounds for objecting to the request, including the reasons.

12. Pursuant to Rule 34(b)(2)(C), any objection you make to producing documents responsive to a numbered category below must state whether any responsive documents are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of (or you must produce) the remaining documents.

13. For each document, or portion thereof, that you seek to withhold on the basis of any privilege or protection, you must provide a written response containing the information required by Rule 26(b)(5)(A).

14. Your production of responsive documents must be completed **by Wednesday February 24, 2021 at 9 a.m.**

15. Pursuant to Rule 34(b)(2)(E)(i), you are requested to organize and label documents produced in response to the Requests below to correspond to the Requests' numbered categories.

16. The relevant period for these Requests, unless otherwise stated, is January 1, 2012, through the present (the "Relevant Period").

17. To the extent that you obtain information or documents that change or require correction of your responses to these Requests after you serve your responses on the Commission,

you must promptly serve supplemental responses reflecting the new information and produce any additional documents, pursuant to Rule 26(e)(1).

18. To the extent you have produced any document or communication responsive to any of the below requests in response to any administrative subpoena by the staff of the SEC in connection with the investigation entitled *In the Matter of Ripple Labs, Inc.,* NY 9875, do not reproduce such document or communication, but indicate what Bates number(s) of previously produced documents are responsive to the below Document Requests.

## DOCUMENT REQUESTS

### Document Request No. 1:

For each financial account which, during the Relevant Period, you have had in your name (whether jointly or entirely), under your control, or a beneficial interest in or for which you have had any signatory authority (including without limitation accounts at Coinbase, Bitstamp, Genesis, Kraken, and Gatehub), produce all account statements during the Relevant Period, or if no such account statement exists for any period within the Relevant Period, all documents sufficient to show for any such period all account activity, including without limitation deposits, withdrawals, checks, wires, and transfers into or out of the account during the Relevant Period and including without limitation the date, amount, transferee, and transferor of all such account activity.

### Document Request No. 2:

Produce all documents sufficient to show each receipt of Assets by you, your children, anyone else in your household from, directly or indirectly, Ripple, including without limitation documents sufficient to show (1) the date of such a receipt, (2) the amount or fair market value of the Asset transferred, and (3) the purpose of the transfer.

### Document Request No. 3:

Produce all documents concerning the transfer of funds, directly or indirectly, from you to any other person, of XRP during the Relevant Period, including without limitation all documents reflecting (a) the approval of each such transfer, (b) the signatory for each such transfer, (c) the date of each such transfer, (d) the recipient of each such transfer, (e) the purpose of each such transfer, and (f) all communications concerning each such transfer.

### Document Request No. 4:

Produce all documents and communications concerning any statement you made to the public with respect to Ripple or XRP, including without limitation drafts of any such communications.