# Exhibit I



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

March 9, 2021

**VIA E-MAIL**

Matthew Solomon, Esq.
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

Martin Flumenbaum, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Re:   <u>SEC v. Ripple, et al.</u>, 20-cv-10832 (S.D.N.Y.)

Dear Counsel:

We write in response to your letter dated March 5, 2021, and your email dated March 6, 2021, relating to certain of your responses and objections to the SEC's First Request for Production of Documents issued to Defendants Bradley Garlinghouse ("Garlinghouse") and Christian A. Larsen ("Larsen," and, with Garlinghouse, the "Individual Defendants") on January 25, 2021 (the "SEC Requests").

**I.   Personal Devices.**

During our March 1, 2021 meet and confer, we clearly understood that you would undertake to search the Individual Defendants' personal devices for documents responsive to the SEC's requests for documents issued to *all* Defendants, particularly in light of your position that you would not turn over devices to Ripple's counsel, and in light of our understanding that the Individual Defendants may have used personal devices for work-related purposes and Ripple's position that would it would not collect mobile device data for custodians, which include the Individual Defendants, since that data is not in Ripple's possession, custody or control.

In light of the position stated in your March 6 email that you will not be conducting these searches, we are serving on the Individual Defendants additional requests that will, in part, cover the requests to Ripple, and will require the search of their personal devices for all responsive documents, including as to requests originally served on Ripple only.[1]

---

[1] One of the purposes of exchanging these letters is to ensure that the parties have not misunderstood each other's position. It is unfortunate that, rather than use process as an opportunity to simply restate your position as you believe you stated it on March 1, you instead chose invective ("dismay[]") and accusations ("misrepresent[ing]" your position) and to respond to our position. M. Dearborn Email of

Matthew Solomon, Esq., Martin Flumenbaum, Esq.
March 9, 2021
Page 2

Your March 6 email also states that you will be searching personal email accounts and personal iPhones for certain messaging data. We request that you search the Individual Defendants' personal computing devices such as laptops or iPads, or confirm that none existed during the relevant period, as well as any other personal devices that they may have used—not just iPhones. The email also states that "some third party messaging data may not be in their possession, custody or control, or may no longer be available." We request that you specifically identify what data you believe is missing, and the reason why it may no longer be available.

## II. SEC Request No. 13.

We agree to request this information in an interrogatory and, if answered, to withdraw this Request, subject to an agreement that we may serve this interrogatory in short order, and without regard to the timing limitations set forth in Rule 33.1 of the Local Rules of the Southern District of New York. Please indicate if this proposal is acceptable to you.

## III. Personal Financial Information.

We continue to disagree that the Individual Defendants' financial records are not relevant in this case. As you know, the relevance standard of the Federal Rules of Civil Procedure is broad. "Relevance is . . . construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Mortgage Resolution Serv., LLC v. J.P. Morgan Chase Bank, N.A.*, No. 15 Civ. 293, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (citation omitted).

You state that the SEC will have all documents relating to the Individual Defendants' sales of XRP but, without bank records, the SEC cannot verify that it will have all the information regarding sales of XRP by the Individual Defendants, let alone the complete picture of how much was raised from these sales and from what sources, and any further use or disbursement of those funds. Indeed, bank records could also show if the Individual Defendants are using proceeds to fund Ripple or Ripple-related causes through third parties—the same reason they were relevant in *Telegram*. And, as we have stated, the Individual Defendants' financial condition is relevant to the monetary remedies requested in this case, and motive.

Our February 26, 2021 Letter and our March 3, 2021 email articulate various ways in which documents relating to the Individual Defendants' financial condition could bear on the SEC's claims or on your defenses of good faith and lack of scienter. In response, you fail to distinguish any of the cases we cite, other than to point out that some involve corporate financial records and state in conclusory fashion and without citation to authority that "[p]ersonal financial records are obviously of a different character," Mar. 5, 2021 Letter at 2, or to state that because we have not

---

Mar. 6, 2021. No such thing occurred but, most importantly, this approach to civil discovery is contrary to the spirit and letter of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York, both of which require meeting and conferring in good faith, not with adjectives and accusations. And it is doubly disappointing in the context of you taking a position—that you will not search the Individual Defendants' personal devices for documents responsive to the SEC's various requests—the effect of which is only to delay the inevitable search of those devices and the timely production of documents, putting the entire discovery schedule we agreed to in peril from the outset.

*alleged* that the Individual Defendants attempted to make themselves judgment proof, the financial records are not relevant to that point. *Id.* at 3. However, this argument repeats the same mistake you have made before—to argue that a party must charge that a particular transaction was a violation to be entitled to see financial documents relating to that transaction. And your response that *Telegram* involved the relevance of records to determine if the corporation was making *Howey* efforts but this case involves no such facts puts the cart before the horse again, as we cannot verify the lack of any such funding without reviewing the records.

More fundamentally, it is your burden, not ours, to show why these materials should not be disclosed. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). "In order to meet this burden, the party opposing discovery must show 'that disclosure will result in a clearly defined, specific and serious injury. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Johnson v. J. Walter Thompson USA, LLC*, No. 16 Civ. 1805, 2017 WL 3055098, at *3 (S.D.N.Y. July 18, 2017) (citation omitted). Throughout our various meet and confers on this point, you have never articulated any injury whatsoever from disclosure of these documents, let alone a defined, specific and serious one.

At most, you have made general references to privacy concerns, including most recently to a state law privacy right, though in a federal court case involving a federal question, United States common law provides the rule of decision, *see* Fed. R. Evid. 501, and there is no such right under federal law. *See* Feb. 26, 2021 SEC Letter; *see also United States v. Miller*, 425 U.S. 435, 442-43 (1976) ("The lack of any legitimate expectation of privacy concerning the information kept in bank records was assumed by Congress in enacting the Bank Secrecy Act, the expressed purpose of which is to require records to be maintained because they have a 'high degree of usefulness in criminal tax, and regulatory investigations and proceedings'") (citation omitted); *McVane v. FDIC*, 44 F.3d 1127, 1138, n.4 (2d Cir. 1995) (recognizing the applicability of *Miller* to personal bank records in the possession of a financial institution).

We have now spent several hours in video conferences meeting and conferring on this issue, and exchanged multiple writings with respect to our request for financial information. Not only have you steadfastly refused to produce any documents whatsoever related to the Individual Defendants' financial information (as opposed to information relating to XRP sales), you have now threatened to hold the entire meet and confer process hostage to your "demand" (Mar. 5, 2021 Letter at 3) that we withdraw validly issued third-party subpoenas, which we will not agree to do. As it seems unlikely for us to reach a reasonable compromise with respect to this dispute, pursuant to Section II.d. of Judge Netburn's Individual Practices in Civil Cases, we plan to submit a letter motion seeking an informal conference at the Court's convenience. However, if you believe there is a path toward resolution on this issue and would like to meet and confer in good faith prior to March 11, 2021 at 5:00 p.m., please let us know.

Sincerely,

Jorge G. Tenreiro

cc: Counsel for Ripple Labs, Inc. (via email)