# Exhibit J



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

February 26, 2021

<u>VIA E-MAIL</u>

Matthew Solomon, Esq.
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

Martin Flumenbaum, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Re:   <u>SEC v. Ripple, et al.</u>, 20-cv-10832 (S.D.N.Y.)

Dear Counsel:

We write to discuss certain of your responses and objections to the SEC's First Request for Production of Documents issued to Defendants Bradley Garlinghouse ("Garlinghouse") and Christian A. Larsen ("Larsen," and, with Garlinghouse, the "Individual Defendants") on January 25, 2021 (the "SEC Requests"), in advance of our March 1 meet and confer.  We hope previewing some of the issues we wish to discuss will facilitate our discussion, but may raise other issues during our upcoming meet and confer not addressed herein.

I.   **XRP-Related Communications and Imaging Your Personal Devices.**

The SEC Requests cover, among other things, statements you may have made to third parties respecting XRP, and communications about XRP using certain smartphone applications or messaging services.  *See, e.g.*, SEC Requests Nos. 4, 6, 9 to Individual Defendants.  In your responses and objections to the SEC Requests ("Responses") you offer only to produce documents "relating to [Larsen's] sale of XRP, [Larsen's] communications regarding other individuals purchasing or selling XRP, and communications that relate to [Larsen's] understanding of the legal status of XRP in Larsen's possession, custody, or control."  Larsen Response No. 9; *see also* Garlinghouse Response Nos. 6, 9 (containing similar limitations).

These limitations are improper.  A central issue in this case is whether Defendants promised to and did expend certain efforts with respect to XRP and what statements Defendants made with respect to XRP.  There is no basis to refuse to produce communications that may reflect these efforts or statements.

As you know, Ripple has indicated to the SEC that it cannot image your personal devices because you are in possession of them.  *See* Letter of A. Ceresney, dated Feb. 25, 2021 at 3-4.

We accordingly respectfully request that you a) agree to turn over to Ripple for imaging and identification of responsive documents, all cellphones or other personal communication devices you may have used during the time of your employment at Ripple, including documents responsive to the SEC Requests to Ripple (or agree to conduct such imaging yourselves); and b) agree to produce *all* documents and communications in your possession, custody, or control (including potentially in smartphones or other personal electronic devices) concerning your offers and sales of XRP, contrary to the limitations set forth in the Responses.

## II.     Financial Records.

SEC Requests Nos. 1, 2, and 3 to the Individual Defendants seek documents sufficient to understand your financial condition during the time of the conduct at issue. At our February 12, 2021 meet and confer you indicated that you would not produce documents (not even bank records) in response to these requests unless they related to XRP sales (and Larsen has produced certain tax records). We stated that we disagree with that position, and that this information may be relevant to, among other things, the Individual Defendants' scienter. Nevertheless, the Responses reiterate your refusal to provide most of the information requested by SEC Requests Nos. 1, 2, and 3, stating, for example, that "Larsen has no obligation to and will not produce personal financial information unrelated to transactions in XRP, and the SEC has not articulated a theory for which Larsen could be subject to liability beyond transactions in XRP." Larsen Response No. 1; *see also* Garlinghouse Response No. 1 (containing similar assertions).

The SEC does not need to articulate a theory of liability as to other transactions to be entitled to seek information regarding such financial information in discovery, which is governed by a broad *relevance* standard. Fed. R. Civ. P. 26(b)(1). While the SEC is not required to prove your motive for recklessly disregarding that you were aiding and abetting Ripple's violations, evidence of motive *may* be used to establish scienter. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 325 (2007) (". . . motive can be a relevant consideration, and personal financial gain may weigh heavily in favor of a scienter inference . . ."). Motive may, in turn, be established by an understanding of your financial condition.

Courts thus routinely hold that evidence of a financial motive—particularly a large one—can be probative of scienter. *E.g.*, *SEC v. Goldstone*, No. 12 Civ. 257 (JOB), 2016 WL 3654273, *16 (D.N.M. June 13, 2016) ("high salaries suggest a motive, in that [defendants] had skin in the game"); *see also United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (permitting evidence of "substantial salary [because it] established a motive" to obstruct an investigation); *SEC v. ITT Educ. Servs., Inc.*, No. 15 Civ. 758 (JMS), 2018 WL 3008632, *7 (S.D. Ind. June 15, 2018) (permitting evidence of "salaries [and] bonuses" as "relevant to Defendants' motive").[1] One way for the SEC to evaluate whether the proceeds for XRP sales were "high" is to fully understand your financial condition at the time of sales.

---

[1] The Individual Defendants' financial condition is also relevant to the SEC's request for civil penalties. *E.g.*, *SEC v. Rajaratnam*, 918 F.3d 36, 44 (2d Cir. 2019).

### III. **Miscellaneous.**

- <u>Communications regarding blockchain addresses and wallets.</u>  SEC Request No. 5 to the Individual Defendants asks for certain communications relating to your blockchain addresses and wallets.  In addition to the documents you state you intend to produce in response to this request, we respectfully request that you also produce account opening documents and any terms and conditions relating to these addresses and wallets.

- <u>Time frame for production of documents.</u>  We respectfully request that you provide us a reasonable time frame for producing documents responsive to the SEC Requests.

We look forward to discussing these and other matters you may wish to discuss, on Monday.

                Sincerely,

                Jorge G. Tenreiro

cc: Counsel for Ripple Labs, Inc. (via email)