John E. Deaton ᐃ
Danielle M. Angelo ◊
Alexis Koch ▫
Christopher Romero ▫

# DEATONLAWFIRM, LLC

450 North Broadway, East Providence, Rhode Island 02914

ᐃ Admitted in RI, MA, CT & IA  ◊ Admitted in MA  ▫ Admitted in RI

*Via email and ECF*　　　　　　　　　　　　　　　　　　　　　　　March 14, 2021

Honorable Judge Analisa Torres
Daniel Patrick Moynihan
U.S. Courthouse, Courtroom 15D
500 Pearl Street
New York, NY 10007-1321
Torres_NYSDChambers@nysd.uscourts.gov

**Re:  20-cv-10832(AT) Letter of Explanation for Attorney John E. Deaton Pro Hac Vice Motion and Motion to Intervene on behalf of XRP Holders**

Dear Honorable Judge Analisa Torres,

　　　　I have filed a Motion for Pro Hac Vice in the above-titled case. Additionally, pursuant to Federal Rule of Civil Procedure 24, I have filed a Motion to Intervene and accompanying Memorandum of Law in Support of the Motion to Intervene on behalf of the named individual XRP Holders, and all other similarly situated XRP Holders (herein referred to as "XRP Holders"). I am aware of this Honorable Court's individual rules of practice in civil cases and that under normal circumstances this Court would require a pre-motion letter. However, I strongly believe that the Motion to Intervene fits into one of the Court's noted exceptions because delay in filing might result in the loss of a right.

　　　　XRP Holders are respectfully moving this Honorable Court to allow intervention as a third-party defendant. Hence, there is not a proposed intervenor complaint attached to the motion pursuant to Federal Rule of Civil Procedure 24(c). For transparency, however, the Court is advised that on behalf of XRP Holders, I have provided notice to the Securities and Exchange Commission (SEC) of my intent to file a class action lawsuit against the SEC seeking damages for the SEC's intentional misconduct and/or gross negligence and gross abuse of discretion related to its allegations and claims regarding the Digital Asset XRP. Notice of this intent was provided two ways. First, On January 1, 2021, nine days after the SEC filed its enforcement action against Ripple alleging that present day XRP constituted unregistered securities, XRP Holders filed a petition for Writ of Mandamus against the SEC in the Federal District Court of Rhode Island. The Writ was asking the Court to order the Acting Chairman of the SEC to amend

its Complaint against Ripple to exclude present day XRP held by XRP holders with no connection to Ripple or its two executives and, also, to direct the SEC to deposit any funds received from the defendants in a settlement or from a judgment into a constructive trust established for XRP Holders who incurred actual losses related to the Ripple enforcement action. Second, on January 12, 2021, I forwarded a letter and notice of intent to sue pursuant to the SEC's Standard 95 form.

Although XRP Holders have provided notice of their intent to sue the SEC, those third-party plaintiff claims do not form the basis for the Motion to Intervene. I am simply making this Honorable Court aware of those outstanding claims and future litigation. Simply put, XRP Holders are moving to intervene as un-named de facto third-party defendants.

Ripple, in its Answer to the First Amended Complaint, states that the SEC's "overreaching allegations have caused harm not only to Ripple, but also to hundreds of **non-parties** that integrate XRP into products or offerings or otherwise support XRP and to millions of **XRP holders**." *See Answer of Ripple Labs, Inc. To Plaintiffs First Amended Complaint,* p. 8, para. 16 (emphasis added). The Proposed Intervenors, XRP Holders, are one group of the non-parties referenced in Ripple's Answer. Although I have not been contacted by millions of XRP Holders referenced in Ripple's Answer, I have been contacted by well over six-thousand of those XRP Holders requesting that their individual and collective voices be heard.

On March 5, 2021, the SEC filed a Motion to Dismiss XRP Holders' petition for Writ of Mandamus. In its Motion to Dismiss, the SEC made clear that this Honorable Court serves as the **exclusive** forum to hear all claims related to its Complaint against Ripple and the Digital Asset XRP. *See* <u>Respondents' Motion to Dismiss For Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted</u>, *Deaton v. SEC,* C.A. No. 1:21 -cv-00001-WES ECF No. 11 at 12 (emphasis added). As detailed in the XRP Holders' Memorandum of Law, massive economic collateral damage has incurred from the mere filing of the Complaint alleging that present day XRP constitute unregistered securities. As Ripple states in its Answer, "it is especially important that the Court **rapidly** determine the **most consequential** and overarching issue: whether Ripples current distribution of XRP are 'investment contracts' under existing U.S. Securities laws." *See Answer of Ripple Labs, Inc. To Plaintiffs First Amended Complaint,* p. 8, para. 16 (emphasis added). This "most consequential and overarching issue" and the need for rapid determination by this Court was highlighted by the SEC, itself, in its Motion to

Dismiss XRP Holders' Writ of Mandamus. Strikingly, the SEC stated "[t]he Southern District of New York will decide whether the complaint warrants any relief. Thus, the Commission's enforcement proceeding in the Southern District of New York, brought under the Securities Act, supplies the exclusive method for testing the validity of the Commission's complaint against Ripple." *See Respondents' Motion to Dismiss* at 12. Apparently, the SEC, itself, is unaware of whether today's XRP is a security and is using this enforcement action as a quasi-declaratory judgment on the matter.

It is not just Ripple's current distribution of XRP that is at issue, but whether present day XRP owned by XRP Holders are considered securities, because most U.S. exchanges have delisted and/or suspended XRP trading entirely, thereby causing the XRP held by XRP Holders untradeable and, thus, useless. The SEC had an opportunity to amend the Complaint and provide clarity to the markets but, instead, deferred that responsibility to this Honorable Court. Although Ripple may be focused on its own current distributions of XRP and the need for it to have clarity, XRP Holders' interests are not adequately represented as Ripple makes that abundantly clear when it states that "holders of XRP cannot objectively rely on Ripple's efforts." *See Answer of Ripple Labs, Inc. To Plaintiffs First Amended Complaint,* p. 5, para. 10. In fact, as detailed further in the Memorandum of Law an essential element of Ripple's defense is that it actually owes no legal or fiduciary duty to XRP Holders.

Given SEC's own statements that this Court is the exclusive forum to hear claims regarding this matter and Ripple's position that XRP holders cannot rely on Ripple's efforts as protection of their interests in this case and the nature of Ripple's defense, the XRP Holders' intervention is necessary. I believe the legal right and basis for XRP Holders seeking intervention specifically laid out in the Memorandum of Law satisfies the requirements necessary to move this Court to grant the intervention as a matter of right, or in the alternative, as permissive intervention.

Thank you for your consideration.

Respectfully Submitted,

John E. Deaton