# Exhibit F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**SECURITIES AND EXCHANGE COMMISSION,**       :
                                             :
                                    **Plaintiff,**       :          **20 Civ. 10832 (AT)**
                                             :
                          **- against -**       :          **ECF Case**
                                             :
**RIPPLE LABS, INC.,**                          :
**BRADLEY GARLINGHOUSE, and**               :
**CHRISTIAN A. LARSEN,**                        :
                                             :
                                    **Defendants,**       :
                                             :
------------------------------------------------------------------------ x

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern Districts of New York ("Local Rules"), Plaintiff Securities and Exchange Commission ("Commission") hereby responds to Defendants Ripple Labs, Inc. ("Ripple"), Bradley Garlinghouse ("Garlinghouse"), and Christian A. Larsen's ("Larsen") (collectively, "Defendants") First Request for Production of Documents to Plaintiff ("Requests"). The Commission's responses and objections to the Requests are made to the best of its present knowledge, information, or belief. These responses and objections are made without prejudice to the Commission's right to revise or supplement its responses and objections as appropriate and to rely upon and produce witnesses or evidence at trial or at any hearing or other proceeding. The Commission does not waive any applicable privilege or protection by providing these responses.

## DEFINITIONS USED IN THE RESPONSES AND OBJECTIONS

1.      The "SEC Investigation" means the Commission staff's investigation captioned *In the Matter of Ripple Labs, Inc.* (File No. NY-9875).

2.       The "Action" means the instant Commission civil enforcement action.

3.      "Federal Rules," whether singular or plural, means the Federal Rules of Civil Procedure.

4.       "Non-privileged" means not protected by any privilege or protection, including without limitation the attorney-client privilege, the work product doctrine, the deliberative process privilege, or the law enforcement privilege.

5.      "Responses" means these responses and objections to the Requests.

6.      "Responsive documents" means documents, identified after a reasonable search, sent or received in the course of the SEC Investigation by Commission staff in the Enforcement Division who were directly involved or who conducted the SEC Investigation and Litigation, and excludes publicly-available documents equally available to Defendants, including without limitation (1) documents publicly filed by securities issuers, registrants, or others with the Commission or that are available on the Commission's website; (2) documents obtained from publicly available websites, including YouTube, Twitter, or Ripple's website; and (3) documents available from databases generally available to the public, whether for free or by subscription or payment, such as Westlaw, Lexis/Nexis, or Bloomberg.  "Responsive documents" excludes any documents covered by the confidentiality provisions of 31 U.S.C. § 5318, which prohibits the Commission from disclosing the existence or non-existence of any such documents or their contents.

7.      Any response that the Commission "will produce" Responsive documents, and any objection to producing Responsive documents, is not an admission that Responsive documents exist in the Commission's possession, custody, or control.  Any response that the Commission "will produce" Responsive documents means that, based on a reasonably diligent search, the Commission (a) has identified and is simultaneously producing responsive documents in its possession, custody, or control and/or (b) will produce responsive documents if any exist in its possession, custody, or control.  Any response that the Commission "will produce" Responsive documents does not mean that the Commission will search non-public databases to which it has access as a government agency in order to obtain documents that the Commission did not otherwise obtain during the SEC Investigation or Action.

8.      Any response that the Commission "will provide an appropriate privilege log" means that the Commission will provide a privilege log at a time to be mutually agreed upon. Pursuant to Local Rule 26.2(c), any such privilege log will identify "by group or category" the documents the Commission is withholding on the basis of an applicable privilege or protection. The Commission does not waive any applicable privilege or protection by responding that it "will provide an appropriate privilege log." Any privilege log provided by the Commission will be subject to and limited by General Objection No. 1, below.

## **GENERAL OBJECTIONS**

1.      The Commission objects to the Requests to the extent that they purport to include within their scope divisions and persons not directly involved in or who did not conduct the SEC Investigation and Litigation.  To the extent that the Requests seek documents obtained or created by divisions and employees of the Commission other than those directly involved or who conducted in the SEC Investigation and Litigation, the Commission objects to those Requests on

the grounds that they seek information that is both not relevant to any party's claim or defense and not proportional to the needs of the case. To the extent that the Requests seek documents obtained or created by agencies other than the Commission and that have not been shared with the Commission other than in connection with law enforcement sharing agreements, the Commission objects to those Requests on the grounds that they seek information not in the Commission's possession, custody or control, and not proportional to the needs of the case. The Commission will produce only those Non-privileged Responsive documents within the possession, custody or control of Division of Enforcement employees directly involved in or who conducted the SEC Investigation and Litigation.

2.    The General Objections above are incorporated into each of the Specific Responses and Objections below to the Requests.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

Your complete investigative file in connection with the Investigation, including but not limited to the following:

a.  All subpoenas, voluntary document requests, and other requests to provide documents, testimony, or an interview, including Documents evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom You gathered information in connection with the Investigation;

b.  All documents received in response to any such requests, or otherwise obtained by You from third parties or third-party sources;

c.  All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes and memos and witness statements;

d.  All Documents Concerning any Communications Concerning the Investigation. As examples, but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their

counsel. For the avoidance of doubt, this Request for Production includes the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

e.   All Documents memorializing, evidencing, or Concerning any Communications You had with any Government Entity and/or any other third party relating to the Investigation.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 1 on the following grounds: it seeks documents that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged documents in the investigative file for the SEC Investigation and will provide an appropriate privilege log identifying any privileged Responsive documents the Commission is withholding.

**Request No. 2**

To the extent not  produced in response to the above Request, all Documents and Communications Concerning Ripple, XRP, Bradley Garlinghouse and/or Christian A. Larsen or the subject matter of the Investigation or the Action, including but not limited to any notes, memoranda, or summaries Concerning Ripple, XRP, Bradley Garlinghouse and/or Christian A. Larsen, any formal, informal or voluntary requests by You for documents or information from any Person Concerning Ripple, XRP, Bradley Garlinghouse and/or Christian A. Larsen and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 2 on the following grounds: it seeks documents that are privileged and protected,

including without limitation by the work product doctrine, and for which no privilege has been

waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C.

§ 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  Based on these

objections and the General Objections, the Commission will produce all Responsive Non-

privileged documents in the investigative file for the SEC Investigation and will provide an

appropriate privilege log identifying any privileged Responsive documents the Commission is

withholding.

**<u>Request No. 3</u>**

To the extent not produced in response to the above Requests, Documents and/or
Communications sufficient to establish when the SEC first learned of the existence of Ripple
and/or XRP.

**<u>Response</u>**

Subject to and without waiving the General Objections, the Commission objects to

Request No. 3 on the following grounds: it seeks documents (1) that are neither relevant nor

proportional to the needs of the case; and (2) that are privileged and protected, including without

limitation by the work product doctrine, and for which no privilege has been waived, including

pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f).  Based on

these objections and the General Objections, the Commission will withhold all Responsive

documents, but is willing to meet and confer with you to identify a proper stipulation relating to

this issue.

**<u>Request No. 4</u>**

To the extent not produced in response to the above Requests, all Communications with
Persons or entities not party to this Action, concerning Ripple, XRP, Bradley Garlinghouse
and/or Christian A. Larsen.

**<u>Response</u>**

Subject to and without waiving the General Objections, the Commission objects to Request No. 4 on the following grounds: it seeks documents that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged documents in the investigative file for the SEC Investigation and will provide an appropriate privilege log identifying any privileged Responsive documents the Commission is withholding.

**Request No. 5**

All Documents and Communications identified, quoted, or referenced in the Complaint, indicating the paragraph(s) of the Complaint to which each Document and Communication relates.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 5 on the following grounds: it attempts to impose obligations on the Commission beyond what is required by the Federal Rules and is not proportional to the needs of the case. Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged documents in the investigative file for the SEC Investigation and will produce, in response to Request No. 1 above, all Documents and Communications identified, quoted, or referenced in the Complaint but will not indicate the paragraph(s) of the Complaint to which each Document and Communication relates.

**Request No. 6**

To the extent not produced in response to the above Requests, all Documents created, reviewed, considered, or relied upon by You in preparing the Complaint filed in

7

this Action, including, without limitation, any computations or analyses prepared by You underlying any assertions in the Complaint.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 6 on the following grounds: it seeks documents that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  The Commission further objects to this Request because it calls for information before it is required by the Federal Rules of Civil Procedure.  The Commission will produce documents required to be produced by the Federal Rules of Civil Procedure at the appropriate time and will otherwise, based on these objections and the General Objections, withhold all other Responsive documents.

**Request No. 7**

To the extent not produced in response to the above Requests, all Documents and Communications Concerning Ripple, XRP, Bradley Garlinghouse and/or Christian A. Larsen.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 7 on the following grounds: it seeks documents that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged documents in the investigative file for the SEC investigation and will provide an

8

appropriate privilege log identifying any privileged Responsive documents the Commission is

withholding.

## Request No. 8

To the extent not produced in response to the above Requests, all Documents and Communications Concerning any Person or entity's acts or intentions to trade, hold, maintain custody of or deal in XRP, or otherwise use XRP for any purpose.

## Response

Subject to and without waiving the General Objections, the Commission objects to

Request No. 8 on the following grounds: it seeks documents that are privileged and protected,

including without limitation by the work product doctrine, and for which no privilege has been

waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C.

§ 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  Based on these

objections and the General Objections, the Commission will produce all Responsive Non-

privileged documents in the investigative file for the SEC Investigation and will provide an

appropriate privilege log identifying any privileged Responsive documents the Commission is

withholding.

## Request No. 9

To the extent not produced in response to the above Requests, all Documents and Communications Concerning the statement in *In the Matter of Matthew T. Mellon, II*, Exchange Act Release No. 78924, 2016 SEC LEXIS 3592, ¶ 3 (Order Instituting Cease and Desist Proceedings Sept. 23, 2016) that Ripple is a "digital currency company."

## Response

Subject to and without waiving the General Objections, the Commission objects to

Request No. 9 on the following grounds: it seeks documents (1) that are neither relevant nor

proportional to the needs of the case; and (2) that are privileged and protected, including without

limitation by the work product doctrine, and for which no privilege has been waived, including

pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f).  Based on these objections and the General Objections, the Commission will withhold all Responsive documents.

**Request No. 10**

To the extent not produced in response to the above Requests, all Documents Communications with third parties (including any Government Entity), Concerning the application of federal laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Ripple, XRP, bitcoin, XLM, EOS and/or ether.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 10 on the following grounds: it seeks documents: (1) that are neither relevant nor proportional to the needs of the case; and (2) that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  Based on these objections and the General Objections, the Commission will withhold all Responsive documents to the extent they exist.

**Request No. 11**

To the extent not produced in response to the above Requests, all Documents and Communications with MoneyGram International, Inc., or any related Person or entity, Concerning or related to XRP, including but not limited to all Documents and Communications in any related investigative file.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 11 on the following grounds: it seeks documents: (1) that are neither relevant nor proportional to the needs of the case; and (2) that are privileged and protected, including without

limitation by the work product doctrine, and for which no privilege has been waived, including

pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by

Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  The Commission also objects

that the Request from "any related investigative file" is vague and ambiguous.  Based on these

objections and the General Objections, the Commission will withhold all Responsive documents,

other than those produced in response to Request No. 1 above.

**Request No. 12**

       To the extent not produced in response to the above Requests, all Documents and
Communications with or Concerning Jed McCaleb, Stellar Development Foundation and/or
XLM, including any productions made by Jed McCaleb or Stellar Development Foundation
or their counsel.

**Response**

       Subject to and without waiving the General Objections, the Commission objects to

Request No. 12 on the following grounds: it seeks documents: (1) that are neither relevant nor

proportional to the needs of the case; and (2) that are privileged and protected, including without

limitation by the work product doctrine, and for which no privilege has been waived, including

pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f).  Based on

these objections and the General Objections, the Commission will withhold all Responsive

documents, other than those produced in response to Request No. 1 above.

**Request No. 13**

       To the extent not produced in response to the above Requests, all Documents and
Communications evidencing or memorializing a formal and/or informal cooperation
agreement between You and any Person or entity from whom You gathered information in
connection with the Investigation.

**Response**

Subject to and without waiving the General Objections, the Commission states that no Responsive documents exist.

**Request No. 14**

To the extent not produced in response to the above Requests, all documents memorializing, evidencing, or Concerning any Communication You had with any Government Entity relating to the allegations in the Complaint.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 14 on the following grounds: it seeks documents: (1) that are neither relevant nor proportional to the needs of the case; and (2) that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules. Based on these objections and the General Objections, the Commission will withhold all Responsive documents to the extent they exist.

**Request No. 15**

All Documents relating to the June 14, 2018, statements by former SEC Director of the Division of Corporation Finance William Hinman ("Hinman") regarding bitcoin and ether's status under U.S. securities laws, including but not limited to:

   a. All Communications with the Bitcoin Foundation and/or other relevant companies or individuals in the bitcoin ecosystem, or any attorneys or other individuals representing the Bitcoin Foundation or other relevant companies or individuals in the bitcoin ecosystem;

   b. All Communications with the Ethereum Foundation and/or other relevant companies (including ConsenSys) or individuals in the ether ecosystem, or any attorneys or other individuals representing the Ethereum Foundation or other relevant companies or individuals in the ether ecosystem; and

   c. All Documents, including internal Communications, analyses, and other materials, that were prepared or relied upon by Hinman, or any other current or former SEC

Division Director, Staff, or Commissioner in reaching the determination that bitcoin and ether are not securities, including drafts of Hinman's statements regarding bitcoin and ether and analyses prepared by SEC staff.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 15 on the following grounds: it seeks documents: (1) that are neither relevant nor proportional to the needs of the case; and (2) that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f). The Commission also objects on the basis that the specifically-referenced statement are available to the public and are thus available to Defendants. Based on these objections and the General Objections, the Commission will withhold all Responsive documents to the extent they exist, except avers that it may produce certain documents responsive to Request 15(b) pursuant to certain requests You made to the SEC Freedom of Information Act ("FOIA") office, and subject to the clarification required by the SEC's FOIA office.

**Request No. 16**

All Documents memorializing, evidencing, or Concerning any Communication regarding SEC Chairman Jay Clayton's oral or written statements regarding the application of federal securities laws to Digital Assets and/or Virtual Currencies, including, but not limited to Documents relating to the March 7, 2019 letter from Chairman Clayton to U.S. Representative Ted Budd. Such Documents include but are not limited to:

a. All Communications with the Bitcoin Foundation and/or other relevant companies or individuals in the bitcoin ecosystem, or any attorneys or other individuals representing the Bitcoin Foundation or other relevant companies or individuals in the bitcoin ecosystem;

b. All Communications with the Ethereum Foundation and/or other relevant companies (including ConsenSys) or individuals in the ether ecosystem, or any attorneys or other individuals representing the Ethereum Foundation or other relevant companies or individuals in the ether ecosystem; and

c. All Documents, including internal Communications, analyses, and other materials, that were prepared or relied upon by Chairman Clayton, or any other current or former SEC Division Director, Staff, or Commissioner in reaching the determination that bitcoin and ether are not securities, including drafts of Chairman Clayton's statements regarding bitcoin and ether and analyses prepared by SEC staff.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 16 on the following grounds: it seeks documents: (1) that are neither relevant nor proportional to the needs of the case; and (2) that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f).  The Commission also objects on the basis that the specifically-referenced document is available to the public and is thus available to Defendants.  Based on these objections and the General Objections, the Commission will withhold all Responsive documents to the extent they exist.

**Request No. 17**

The following Documents, as well as any Documents memorializing, evidencing, or Concerning any Communication regarding:

a. A letter written in approximately November 2020 from Director of National Intelligence John Ratcliffe to SEC Chairman Clayton raising concerns over China's influence over Digital Assets;

b. A letter written in 2020 from Senator Tom Cotton to Chairman Clayton Concerning Digital Assets;

c. A letter written in approximately July 2020 from Senator Cotton to Director Ratcliffe and National Security Advisor Robert O'Brien Concerning Digital Assets; and

d. A letter written in approximately December 2018 from Senator Cotton to Chairman Clayton.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 17 on the following grounds: it seeks documents: (1) that are neither relevant nor proportional to the needs of the case; and (2) that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f).  The Commission also objects on the basis that the specifically-referenced documents are available to the public and are thus available to Defendants.  Notwithstanding these objections, the Commission avers that it will produce certain documents responsive to this request pursuant to certain requests You made to the SEC's FOIA office.

**Request No. 18**

To the extent not produced in response to the above Requests, all Documents created, reviewed, considered, or relied upon by the SEC's Department of Economic Research and Analysis Concerning Digital Assets or Virtual Currencies, including but not limited to analysis of XRP, bitcoin, XLM, EOS and/or ether.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 18 on the following grounds: it seeks documents: (1) that are neither relevant nor proportional to the needs of the case; and (2) that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f).  Based on these objections and the General Objections, the Commission will withhold all Responsive documents.

**Request No. 19**

To the extent not produced in response to the above Requests, all Documents created, reviewed, considered, or relied upon by the SEC Concerning the regulation of Digital Assets or Virtual Currencies, including but not limited to analysis of XRP, bitcoin,

XLM, EOS and/or ether, as currencies under the laws of the United States.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 19 on the following grounds: it seeks documents: (1) that are neither relevant nor proportional to the needs of the case; and (2) that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  Based on these objections and the General Objections, the Commission will withhold all Responsive documents.

**Request No. 20**

All Documents You contend support the allegations and claims made in the Complaint filed in this Action.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 20 on the following grounds: it seeks documents that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules.  The Commission further objects to this Request because it calls for information before it is required by the Federal Rules of Civil Procedure.  Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged documents in the investigative file for the SEC Investigation, will provide an appropriate privilege log identifying any privileged Responsive documents the Commission is withholding, and will produce documents required to be produced by the

Federal Rules of Civil Procedure at the appropriate time.

**Request No. 21**

Documents sufficient to identify every transaction in XRP You contend is a part of the "Offering," as defined in the Complaint.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 21 on the following grounds: it attempts to impose obligations on the Commission beyond what is required by the Federal Rules and is not proportional to the needs of the case. Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged documents in the investigative file for the SEC Investigation, but will not identify every transaction in XRP the Commission contends is a part of the "Offering," as defined in the Complaint.

**Request No. 22**

All Documents that tend to contradict, disprove, refute or undercut Your allegations and claims made in the Complaint filed in this Action.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 22 on the following grounds: it seeks documents that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f), and by Rules 26(a)(3)(A)-(B) and 26(a)(4)(B)-(C) of the Federal Rules. Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged documents in the investigative file for the SEC Investigation and will provide an

appropriate privilege log identifying any privileged Responsive documents the Commission is withholding.

**Request No. 23**

All Documents and Communications which might reasonably be considered exculpatory to Ripple, Bradley Garlinghouse and/or Christian A. Larsen with respect to the allegations in the Complaint.

**Response**

Subject to and without waiving the General Objections, the Commission objects to Request No. 23 on the following grounds: it seeks documents that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f).  The Commission also objects that the Request for documents and communications that "might reasonably be considered exculpatory" is vague and ambiguous.    Additionally, the doctrine of *Brady* is not applicable to this civil enforcement action in federal court.  *See SEC v. Pentagon Capital Mgt. PLC*, No. 08-cv-3324, 2010 WL 4608681, at *2 (S.D.N.Y. Nov. 12, 2010) ("In light of the right to conduct extensive pretrial discovery afforded defendants in SEC civil enforcement actions . . . there is no basis for extending *Brady* or *Giglio* to this proceeding."); *see also SEC v. ITT Educ. Serv's, Inc*., No. 15-cv-00758, 2017 WL 5508453, at *2 (S.D. Ind. Sept. 28, 2017) ("unlike criminal defendants, Defendants here were entitled to conduct—and did conduct—extensive pretrial discovery. . .  The policy reasons for *Brady/Giglio* simply do not apply here.  Consequently, the Court finds there is no basis to extend *Brady* or *Giglio* to this civil proceeding."); *SEC v. Neil*, No. C-14-00122, 2014 WL 2931096, at *5 (N.D. Cal. June 27, 2014) ("defendant has not cited a decision that extends *Brady* or *Giglio* to a civil action, nor has the undersigned judge's own research revealed any such authority.  This order

therefore declines to apply *Brady* and *Giglio* here.").  The Federal Rules of Civil Procedure, which do apply, do not require the kind of review and selection of information called for in this request. Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged documents in the investigative file for the SEC Investigation and will provide an appropriate privilege log identifying any privileged Responsive documents the Commission is withholding.

## Request No. 24

All Documents the SEC intends to rely upon for any purpose, or introduce as evidence, at trial or at any hearing in this Action.

## Response

Subject to and without waiving the General Objections, the Commission objects to Request No. 24 on the following grounds: (1) it is premature and seeks documents that do not yet exist; (2) it seeks documents related to expert witness testimony that are protected from disclosure by Federal Rule 26; and (3) it seeks documents that are privileged and protected, including without limitation by the work product doctrine, and for which no privilege has been waived, including pursuant to Section 24(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(f).  The Commission further objects to this Request because it calls for information before it is required by the Federal Rules of Civil Procedure.  Based on these objections and the General Objections, the Commission will produce all Responsive Non-privileged and non-expert-witness-related documents that currently exist and of which it is currently aware, in the investigative file for the SEC Investigation, will provide an appropriate privilege log identifying any privileged Responsive documents the Commission is withholding, and will produce documents required to be produced by the Federal Rules of Civil Procedure at the appropriate time.

**Request No. 25**

      All Documents and Communications from the SEC to Ripple, Bradley Garlinghouse and/or Christian A. Larsen directing Ripple, Bradley Garlinghouse and/or Christian A. Larsen to cease sales of XRP or informing Ripple, Bradley Garlinghouse and/or Christian A. Larsen that XRP is a "security" within the meaning of the Securities Act of 1933.

**Response**

      Subject to and without waiving the General Objections, the Commission will produce all Responsive documents in the investigative file for the SEC Investigation.

Dated:      New York, New York
             February 25, 2021

                        /s/ Dugan Bliss
                        Jorge G. Tenreiro
                        Dugan Bliss
                        Daphna A. Waxman
                        Jon A. Daniels
                        Attorneys for Plaintiff
                        SECURITIES AND EXCHANGE
                           COMMISSION
                        New York Regional Office
                        Brookfield Place
                        200 Vesey Street, Suite 400
                        New York, New York 10281-1022
                        (212) 336-9145 (Tenreiro)
                        tenreiroj@sec.gov