# Exhibit G

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

March 8, 2021

*Via Electronic Mail*

Jorge G. Tenreiro
Dugan Bliss
Daphna A. Waxman
Jon A. Daniels
U.S. Securities and Exchange Commission
Division of Enforcement
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281

  Re: *SEC v. Ripple Labs Inc. et al.*, No. 20 Civ. 10832 (S.D.N.Y.)

Dear Counsel:

  We write on behalf of Defendants in response to your letter of February 25, 2021 (the "Letter"), accompanying the Commission's Responses and Objections to Defendants' First Request for Production of Documents (the "Requests"). As we have advised you, Defendants' Requests seek communications and documents that are essential to our defense. In particular, discovery of the views of senior Commission staff as to whether XRP, Bitcoin, and Ether were or were not securities at any time – as those views were communicated directly or indirectly to industry participants or other third parties, or as discussed within the Commission – is both relevant and not unduly burdensome under Rule 26. The same is true of discovery regarding Jed McCaleb, Stellar Development Foundation ("Stellar"), or XLM. The Commission's refusal to produce entire categories of such information is improper.

  The Commission does not deny that the requested documents exist. Instead, the Commission has categorically refused to produce documents outside the "investigative file" in *In re Ripple Labs Inc.* (File No. NY-9875), *see* Resps. & Objs. at 5 (Response to Request No. 1). Accordingly, the Commission has objected to every Request that seeks documents from outside the Division of Enforcement, *see id.* at 3-4 (General Objection No. 1), and has stated that it will "withhold" some or all documents that are admittedly "Responsive" to Defendants' specific requests, *see id.* at 6, 8-17 (Responses to Request Nos. 3, 6, 9, 10, 11, 12, 14, 15, 16, 18, 19).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jorge G. Tenreiro
March 8, 2021
Page 2

But you have not disputed, and could not reasonably dispute, that the Divisions of Corporate Finance, Trading and Markets, Investment Management, the Office of the General Counsel, and the Offices of the respective Commissioners were each involved in the SEC's classification (or lack of classification) of XRP, Bitcoin, and Ether as securities or non-securities. Indeed, your Letter goes on (at 4-5) to suggest – as you did during our meet and confers – that the Commission would produce limited categories of documents, but only conditioned on the inappropriate demand that the Defendants withdraw all other Requests (the "Proposal").

For the reasons we have repeatedly explained, your Proposal is unacceptable. *First*, discovery of the views expressed by professionals within the SEC as to whether XRP, Bitcoin, and Ether are or were securities is essential to our clients' defenses. The SEC's own analysis of whether digital currencies such as XRP are subject to the registration requirements of § 5 is of obvious significance to the central question in this case: whether XRP is among the "instruments that in our commercial world fall within the ordinary concept of a security." *Marine Bank v. Weaver*, 455 U.S. 551, 555-56 (1982) (quoting H.R. Rep. No. 73-85, at 11 (1933)).

The agency's views on the application of the Securities Act of 1933 to XRP and similar digital currencies are likewise relevant to the question whether, as applied to XRP, the law is sufficiently clear to give a person of ordinary intelligence a reasonable opportunity to know what it prohibits and to prevent discriminatory or otherwise inconsistent enforcement. *See Upton v. SEC*, 75 F.3d 92, 98 (2d Cir. 1996) (relying on the "substantial uncertainty in the Commission's interpretation" of a regulation to conclude that a defendant "was not on reasonable notice" that his conduct might violate the rule); *see also Hayes v. New York Att'y Grievance Comm. of Eighth Jud. Dist.*, 672 F.3d 158, 170 (2d Cir. 2012) (relying in part on "the inability of the" relevant government entity's "representatives to clarify the content of the rule" in concluding that a regulation was "void for vagueness as it has been applied to" the plaintiff).

The agency's views also are relevant to its burden to prove that the Individual Defendants acted knowingly or recklessly in concluding that XRP was not a security. We expect the Commission to contend that the Individual Defendants "consciously avoided determining" or "recklessly disregarded" evidence that XRP is a security. Both of these standards have an objective component. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("willful blindness" occurs where defendants "deliberately shield[ ] themselves from *clear evidence of critical facts* that are strongly suggested by the circumstances") (emphasis added); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) ("recklessness" requires "an unjustifiably high risk of harm that is either known or *so obvious that it should be known*") (emphasis added). If – as we believe the evidence will show – the SEC's own personnel, as recently as 2019, harbored substantial doubts that XRP was a security, the SEC cannot credibly allege that it was reckless for Bradley Garlinghouse and Christian Larsen not to reach that conclusion. *SEC v. Kovzan*, 2012 WL 4819011, at *1 (D. Kan. Oct. 10, 2012) (endorsing defendant's argument that "confusion within the SEC itself may be relevant to the degree of the defendant's scienter – how

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jorge G. Tenreiro
March 8, 2021
Page 3

reckless he was"). Moreover, when "statutory text and relevant court and agency guidance allow for more than one reasonable interpretation," "a defendant who merely adopts one such interpretation" does not act with knowledge or recklessness. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n.20 (2007) (drawing on common-law principles). To the extent the senior staff of the SEC – the agency that regulates securities – disagreed about whether XRP was a security, that division would support the argument that the "statutory text and relevant court and agency guidance" allowed for more than one reasonable interpretation, undermining any claim that the Individual Defendants were reckless.

Documents regarding Mr. McCaleb, Stellar, or XLM are likewise demonstrably relevant. As you know, Mr. McCaleb was a co-founder of Ripple, and appears to have sold more XRP than Mr. Garlinghouse and Mr. Larsen combined. Your assertion that such documents are "unrelated to this case" (Letter at 2) is without basis.

Your observation that some of these communications may be protected from discovery by a privilege or similar doctrine (*see id.* at 3-4) does not support the Commission's present position that it can lawfully withhold *all* internal communications outside the "investigative file." On the contrary, it is required to produce all non-privileged, responsive documents, and prepare a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); *see also Kovzan*, 2012 WL 4819011, at *6 (noting that the SEC could not "credibly make" the determination that certain documents "will naturally fall within the deliberative process privilege" without "conduct[ing] the relevant search," and requiring the SEC to "search for responsive documents and produce all documents that are not privileged").

Given the positions set forth in the Commission's Responses and Objections, and the positions you have asserted during our efforts to meet and confer, your invitation (Letter at 5) to submit a further counterproposal is not reasonable. We have now participated in two multi-hour videoconferences (on February 12 and February 23, 2021) during which we sought to reach agreement on Defendants' Requests. We explained why communications between the Commission staff and third-parties as to whether XRP, Bitcoin, and Ether are central to our defense. You steadfastly rejected our arguments – shutting off further discussions and claiming that the Requests were irrelevant, not proportional to the needs of the case, or privileged and protected by various doctrines. *See, e.g.*, Resps. & Objs. at 10 (Response to Request No. 10).

Rule 26 entitles Defendants to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Indeed, the Commission's own Responses and Objections embrace authority from this District that recognize "the right to conduct extensive pretrial discovery afforded defendants in SEC civil enforcement actions." Resps. & Objs. at 18 (Response to Request No. 23) (quoting *SEC v. Pentagon Capital Mgmt. PLC*, 2010 WL 4608681, at *2 (S.D.N.Y. Nov. 12, 2010)). The

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jorge G. Tenreiro
March 8, 2021
Page 4

positions you have articulated are irreconcilable with these "extensive" discovery rights. The parties are therefore at an impasse.

Pursuant to Section II.d. of Judge Netburn's Individual Practices in Civil Cases, we plan to submit a letter motion seeking an informal conference at the Court's convenience. In an effort to narrow the dispute presented to the Court, however, we will narrow the Requests in two respects. *First*, Defendants will not seek enforcement of the entirety of the disputed Requests, but will instead focus their motion on discovery regarding (i) the SEC's prior statements, and communications received by and made to third parties, as to whether XRP, Bitcoin, or Ether is or ever was a "security," and (ii) Mr. McCaleb, Stellar, or XLM. We will seek both internal and external communications concerning these subjects.

*Second*, as already stated during the February 23 meet-and-confer, we will not seek discovery "from *anyone* at the SEC," as your Letter claims (at 3). To remove any ambiguity on this point, we have identified the following individuals whose files are to be searched: Stephanie Avakian; Elizabeth Baird; Sonia Gupta Barros; Dalia Blass; Joe Brenner; Jay Clayton; Rob Cohen; William Hinman; Jon Ingram; Kristina Littman; Jennifer McHugh; Hester Peirce; Brett Redfearn; Michael Reedich; Elad Roisman; Michael Seaman; Amy Starr; Valerie Szczepanik; and Mark Vilardo. We also will seek production from what we understand to be the searchable database of the Office of Investor Education.[1] Given the Commission's position that such documents are categorically not discoverable (*see id.* at 2-4), we understand that this narrowing will not resolve our fundamental disagreements and that judicial resolution remains required. Please advise whether we can remove the selection of custodians as a disputed issue by Wednesday, March 10, 2021 at 5:00 PM. If you do not respond, we will conclude that the number and identity of custodians is also in dispute.

---

[1] Where other relevant custodian names are uniquely known by the SEC, we have already requested during our meet-and-confer that the SEC disclose them to us – just as Ripple has made similar disclosures to the SEC during the meet and confer process. The SEC has not done so to date, and we maintain that request.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jorge G. Tenreiro
March 8, 2021
Page 5

        Sincerely,

        /s/ *Reid M. Figel*
        Reid M. Figel
        *Counsel for Defendant Ripple Labs, Inc.*

        /s/ *Matthew Solomon*
        Matthew Solomon
        *Counsel for Defendant Bradley*
        *Garlinghouse*

        /s/ *Martin Flumenbaum*
        Martin Flumenbaum
        *Counsel for Defendant Christian A. Larsen*