**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**Andrew J. Ceresney**
Partner
aceresney@debevoise.com
+1 212 909 6947

March 16, 2021

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>SEC v. Ripple Labs, Inc.</u>, No. 20 CV 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

      We respectfully write on behalf of Ripple Labs Inc. ("Ripple") in response to the SEC's March 9, 2021 letter stating the SEC intends to move to strike Ripple's lack of fair notice defense.

      The SEC's anticipated motion to strike is meritless. The striking of affirmative defenses is disfavored in this Circuit and the SEC cannot remotely meet the high burden of showing that there is no question of fact or law that might allow the defense to succeed. <u>First</u>, Ripple's lack of fair notice defense more than satisfies the liberal pleading standard and thus cannot be struck. <u>Second</u>, Ripple's fair notice defense requires factual inquiry and context, which is why courts address this defense on the merits with the benefit of a developed factual record. *See, e.g., Upton v. SEC*, 75 F.3d 92, 98 (2d Cir. 1996). Significantly, the SEC's pre-motion letter cites not a single case – zero – in which a court struck a fair notice defense at the outset of litigation and Ripple is unaware of any such authority. <u>Third</u>, even if the fair notice defense involved a "purely legal question" – which it does not – the Second Circuit has cautioned that disputed and substantial legal issues should not be decided on a motion to strike without the benefit of a developed record. *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (citation omitted), *vacated on other grounds*, 478 U.S. 1015 (1986). <u>Fourth</u>, the SEC cannot show prejudice of awaiting adjudication on the merits.

      1.    **The Burden for Striking an Affirmative Defense is Incredibly High and the SEC Cannot Meet It.**

      "To succeed on a motion to strike an affirmative defense, [a] [p]laintiff must 'show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.'" *Antolini v. Nieves*, No. 19 CV 7645, 2020 WL 5117915, at *1 (S.D.N.Y. Aug. 31, 2020) (quoting *GEOMC Co. v. Calmare Therapeutics*, 918 F.3d 92, 96 (2d Cir. 2019)). Motions to strike are generally "disfavored," *Boelter v. Hearst Communications*, 192 F. Supp. 3d 427, 455 (S.D.N.Y. 2016) (Torres, J.), and will not be granted "unless it appears to a certainty" that the defense cannot succeed notwithstanding any facts that could be proved. *Salcer*, 744 F.2d at 939. The SEC's own letter acknowledges that such motions "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice." *Porsch v.*

Hon. Analisa Torres
March 16, 2021
Page 2

*LLR, Inc.*, 380 F. Supp. 3d 418, 429 (S.D.N.Y. 2019) (cited in SEC Letter at 2).  Nor should disputed or substantial issues of law be determined on a motion to strike: "[T]he Second Circuit has endorsed the view that 'even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.'"  *EEOC v. United Parcel Serv.*, No. 15 CV 4141, 2017 WL 2829513, at *6 (E.D.N.Y. June 29, 2017) (quoting *Salcer*, 744 F.2d at 939).

       2.      **Lack of Fair Notice Is a Well-Recognized Affirmative Defense to a Government Enforcement Action, and Ripple has Adequately Pled It.**

Lack of fair notice is a valid, constitutional defense to a government enforcement action. It is rooted in the Due Process Clause's requirement that "laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Upton*, 75 F.3d at 98 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).  This defense prevents a government agency from penalizing someone for violating the agency's interpretation of the law when, in fact, there was no fair notice to the public of what that interpretation was.

*Upton* is the leading fair notice case in this Circuit.  It vacated an SEC enforcement action in which the SEC sought to penalize Upton for violating a rule in the face of "substantial uncertainty" in the SEC's interpretation of that rule.  75 F.3d at 98.  In concluding that the SEC's enforcement action amounted to a "substantial change in enforcement policy that was not reasonably communicated to the public," the Court made factual findings that the SEC had been "aware" for years that market participants were engaging in the practice at issue; that the SEC knew from its third-party communications that market participants lacked clarity as to the SEC's position; and that the SEC nevertheless "took no steps to advise the public" besides issuing one prior consent order that carried little precedential weight. *Id.* at 97-98.  The Second Circuit later described the due process problem in *Upton* this way: "The SEC's interpretation, which was never officially published, <u>converted commonplace acts in the industry into violations</u>."  *Rock of Ages v. Sec'y of Labor*, 170 F.3d 148, 156 (2d Cir. 1999) (emphasis added).

Similarly, *United States v. Anzalone* dismissed charges of violating a financial reporting statute where the government's own conduct "created" the ambiguity and "confusion in the minds of [market] participants" as to the law's reach.  766 F.2d 676, 679–82 (1st Cir. 1985).  It was anathema to the First Circuit Court of Appeals that the government nevertheless "decided to <u>test the limits of statutory interpretation</u> by charging [defendant]."  *Id.* at 679 (emphasis added). *See also Gen. Elec. Co. v. EPA*, 53 F.3d 1324 (D.C. Cir. 1995) (regulated party was not "on notice" of agency's ultimate interpretation of the law where regulations and agency policy statements were unclear and "the agency itself struggle[d] to provide" definitive interpretation); *Exxon Mobile Corp. v. Mnuchin*, 430 F. Supp. 3d 220 (N.D. Tex. 2019) (vacating penalty where regulated parties "would not be able to identify, with ascertainable certainty, the standards with which" parties were expected to conform) (internal quotations omitted).  The courts in *Upton*, *Anzalone*, *General Electric* and *Exxon* all decided the fair notice issue on the merits, based on a fully developed factual record.

Hon. Analisa Torres
March 16, 2021
Page 3

In its Fourth Affirmative Defense, Ripple alleges it did not have fair notice that its conduct in selling the virtual currency XRP violated the law or that the SEC interpreted the term "investment contract" to encompass Ripple's sales of XRP. Specifically, Ripple's Answer to the First Amended Complaint alleges (at pages 97–99 and paragraphs 1–16) that prior to the SEC's filing of the Complaint, countless market participants had for years transacted in XRP, and did so with full knowledge by the SEC. XRP was publicly listed on over 200 virtual currency exchanges. Selling XRP was commonplace in the industry, with billions of dollars in XRP bought and sold each month. XRP was used as a bridge currency and in third-party products. Market participants reasonably understood, based on the statutory language, case law, prior actions by other regulators, and enforcement actions and public statements by the SEC and SEC officials that XRP was not a security and, for years, the SEC provided no contrary indication as the XRP market flourished. Meanwhile, regulators in Singapore, Japan and the U.K. made clear their views that XRP was not subject to securities regulation. Market participants also explicitly communicated to the SEC their views and analyses that XRP was not a security and *after* those communications proceeded with XRP transactions. The SEC's own actions – including its communications with third parties; the declarations by senior SEC officials in 2018 that bitcoin or ether (the digital assets XRP most resembles) are not securities; and its enforcement actions against other entities like Kik and Telegram, which used Initial Coin Offerings ("ICOs") or Simple Agreements for Future Tokens ("SAFTs") and engaged in conduct that did not resemble Ripple's – impacted market perceptions, exacerbating the lack of fair notice that transactions in XRP violated the law or that the SEC would later claim Ripple's sales of XRP to be investment contracts. This lack of fair notice was compounded by the 2015 settlement between Ripple and FinCEN and U.S. Department of Justice – declaring XRP to be a "convertible virtual currency," a classification fundamentally incompatible with XRP being a security. *See* 15 U.S.C. § 78c(a)(10). Moreover, Ripple's subsidiary, XRP II (which sold XRP to institutional counterparties in over-the-counter sales), was subsequently regulated as a money services business – a business over which the SEC has no regulatory authority and that is regulated in a manner inconsistent with XRP being a security.

### 3.     Ripple's Lack of Fair Notice Defense Cannot Be Adjudicated on a Motion to Strike.

The SEC's anticipated motion to strike is fatally flawed at the outset because Ripple's lack of fair notice defense is well-pled. It states a valid defense and sufficiently alleges facts. Nothing more is required. *GEOMC*, 918 F.3d at 98 ("[a] factually sufficient and legally valid defense <u>should always be allowed</u>") (emphasis added); *see also* Miller et al., 5 Fed. Prac. & Proc. Civ. (Wright & Miller) § 1274 (3d ed. 2020) ("an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense").

The SEC's burden is further insurmountable because a lack of fair notice defense involves factual inquiry that makes it particularly unsuitable to resolution at the pleading stage. No wonder the SEC has cited no case in which a federal court has struck a fair notice defense. Instead, the SEC tries to sidestep this issue by re-labeling Ripple's defense as an equitable defense of laches or estoppel, or as a void-for-vagueness defense, failing to even cite the seminal

Hon. Analisa Torres
March 16, 2021
Page 4

Second Circuit case on a fair notice defense. But Ripple has not asserted those defenses and the SEC's attempt to change the subject and create a straw person should be rejected out of hand.[1]

Nor can Ripple's fair notice defense be adjudicated on the pleadings as a matter of law. The SEC will argue that this case involves the "straightforward" application of the decades-old *Howey* test. (Letter at 2). We strongly disagree. This enforcement action represents a significant expansion of the SEC's interpretation of the law. The SEC is attempting to argue that Ripple's sales of XRP were investment contracts under *Howey*, when this case presents novel and unprecedented questions about the application of that 75 year old case to innovative assets like XRP. Just by way of example, XRP is a digital asset with inherent uses and utility; Ripple did not have anything resembling a contract or agreement with XRP holders, most of whom purchased XRP in the secondary market not from Ripple directly, and even where Ripple sold its XRP on the secondary market such sales were conducted through cryptocurrency exchanges where the counterparties to the transaction were unknown to each other; there was no common pool into which all proceeds of XRP sales were deposited to support the XRP ecosystem; and XRP's price was not correlated to Ripple's efforts, belying any claim that holders were relying on their efforts. There is no precedent holding that an asset sold under these circumstances could be an investment contract and actions by the SEC and other regulators suggested otherwise. Whichever way this novel issue is ultimately adjudicated, it cannot be adjudicated on a motion to strike – because it raises a substantial issue of mixed fact and law that must await development of the factual record. *See EEOC*, 2017 WL 2829513, at *6. Furthermore, the SEC's citation to two Second Circuit cases from the 1970s involving facial vagueness challenges to the term "investment contract" are inapposite. *See SEC v. Brigadoon Scotch Distrib.* 480 F.2d 1047 (2d Cir. 1973); *Glen-Arden Commodities, Inc. v. Constantino*, 493 F.2d 1027 (2d Cir. 1974). Neither involved a lack of fair notice defense or even an as-applied vagueness defense, and neither provides legal grounds to foreclose Ripple's lack of fair notice defense at this early juncture.[2]

---

[1] The SEC attempts this re-labeling because courts have restricted certain equitable defenses, like estoppel and laches, when asserted against government plaintiffs. *See EEOC*, 2017 WL 2829513, at *11–12. In contrast, a constitutional fair notice defense is specifically available in government enforcement actions. To the extent the SEC claims that a fair notice defense should be considered an as-applied vagueness challenge, we disagree. The claims are "distinct," though both sound in due process. *See Exxon*, 430 F. Supp. 3d at 235–36. But even if a court might disagree with whether these two defenses are distinct, that disagreement itself is a substantial and unsettled legal question that should not be decided on a motion to strike. Moreover, courts generally decline to decide as-applied vagueness claims on the pleadings because of the factual context relevant to those claims as well. *See SEC v. Kik Interactive Inc.*, No. 19 CV 5244, 2020 WL 5819770, at *4 (S.D.N.Y. Sept. 30, 2020) (court had denied SEC's motion for judgment on the pleadings on defendant's as-applied void-for-vagueness affirmative defense and deferred ruling on the issue until summary judgment).

[2] The SEC cites two other void-for-vagueness decisions, *Kik* and *United States v. Zaslavsky*, No. 17 CR 647, 2018 WL 4346339 (E.D.N.Y. Sept. 11, 2018). Neither involved a fair notice defense or motion to strike, and those cases (which are nonbinding in any event) do not support striking Ripple's defense. In *Kik*, the district court denied an as-applied vagueness challenge to the term "investment contract" at summary judgment and on a vastly different set of facts – Kik sold the tokens in an ICO to known

Hon. Analisa Torres
March 16, 2021
Page 5

To the extent the SEC will argue that Ripple had fair notice because it knew the SEC "*could*" interpret the law to prohibit Ripple's conduct (Letter at 1) that too is a substantial issue that cannot be determined on a motion to strike. The mere theoretical risk that a government agency *could* or *might* interpret the law to bar conduct that went unchallenged for years is not the same as providing fair notice. *See Upton*, 75 F.3d at 98 (rejecting argument that defendant "should have" known of violation where events at most indicated SEC "concern," not that SEC considered practice to be "a violation"); *Gen. Elec. Co.*, 53 F.3d at 369 (rejecting claim that EPA letter provided fair notice where it stated only that conduct "may require a permit," but "d[id] not "require" a permit, "did not categorically bar" the conduct, and "did not direct [defendant] to halt"). The bottom line is that courts must wrestle with factual context in deciding what constitutes fair notice in a particular case. Such questions of mixed fact and law are to be decided based on a developed evidentiary record, not on a motion to strike.

Finally, the SEC cannot show any prejudice of waiting for adjudication on the merits. The factual issues relevant to Ripple's fair notice defense overlap with the same issues core to the SEC's case and Ripple's other defenses, as Ripple addresses at length in its motion to compel now pending before Magistrate Judge Netburn.

Should the SEC proceed with filing this meritless motion to strike, Ripple respectfully requests that this Court set its default briefing schedule unlinked to the individual defendants' motions to dismiss – as one has no bearing on the other.

Sincerely,

*[signature]*

Andrew J. Ceresney
*Counsel for Defendant Ripple Labs Inc.*

cc:   All Counsel of Record

---

counterparties to whom it had made commitments to use the proceeds to develop an ecosystem so the purchasers would profit. In *Zaslavsky*, a criminal securities fraud case, the court denied defendant's attempt to dismiss the indictment based on an as-applied vagueness challenge. "That a statute was lawfully applied to one set of facts does not necessarily prove that it may lawfully be applied to a different set of facts." *Copeland v. Vance*, 893 F.3d 101, 112 (2d Cir. 2018).