# EXHIBIT C

| | |
|---|---|
| **From:** | Tenreiro, Jorge |
| **To:** | "Bunting, Kristina"; "Solomon, Matthew"; "Flumenbaum, Martin"; "Janghorbani, Alexander"; "slevander@cgsh.com"; "nbamberger@cgsh.com"; Dearborn, Meredith; Hakkenberg, Lucas; "sprostko@paulweiss.com" |
| **Cc:** | Bliss, Dugan; Waxman, Daphna A.; Daniels, Jon; "Kellogg, Michael K."; "Figel, Reid M."; "Zornberg, Lisa"; "Gertzman, Michael E"; "Guo, Joy"; "Ceresney, Andrew J."; "Ford, Christopher S." |
| **Subject:** | SEC v. Ripple - Meet and Confer with Ind. Defendants |
| **Date:** | Wednesday, March 3, 2021 4:26:40 PM |

Counsel:

Thank you for meeting and conferring Monday on certain issues relating to the SEC's RFPs to the Individual Defendants. We wanted to follow up on a few items that you asked questions about, in an effort to try to find some agreement as to certain requests that remain at issue, and to ensure that our understanding of what we did agree to was consistent with yours. We look forward to continuing to discuss these and other issues.

**Personal Devices**

Thank you for agreeing to search the Individual Defendants' personal electronic devices for documents responsive to the SEC's RFPs to the Individual Defendants and to Ripple. We asked that you provide a list of devices searched, and understand that you will be getting back to us with an answer on this request.

**Scope of Communications you will search for**

Prior to Monday's meet and confer, we were unsure what the Individual Defendants' responses to SEC Requests Nos. 4, 6, and 9 were meant to encompass. In our February 26, 2021 letter ("Letter"), we stated that we believed the RFPs called for production of documents and communications that may reflect promises or efforts with respect to XRP, and statements Defendants made with respect to XRP. Thank you for, in our meet and confer, helpfully clarifying that your searches would cover these categories of documents covered by our Letter, and for inviting us to point you to other categories that we would request you search for. We respectfully request that, in addition to the categories of documents you identify you would search for in response to SEC Requests Nos. 4, 6, and 9, and those in our Letter, and to the extent not already encompassed by such categories, you search for communications *concerning XRP or Ripple*, between the Individual Defendants and (a) potential or actual purchasers of XRP; (b) digital asset platforms and their representatives; and (c) intermediaries such as market makers that the Individual Defendants may have employed to offer or sell XRP.

**Request No. 13 (Relating to *Morrison* issues)**

The parties do not agree as to the relevance of the location from which the Individual Defendants transmitted offer or sell orders with respect to XRP. However, because you have raised *Morrison* as an issue, we are entitled to discover facts that may be relevant to our claim as to how that doctrine applies to this case. Moreover, we believe that our conversation was productive in ensuring that you understood the purpose of this request—to reconstruct whether the Individual Defendants

were in the U.S. when they transmitted orders to offer or sell XRP.

As discussed Monday, we agreed that we do not to see documents that show where exactly *within* the United States the Individual Defendants were when they placed offer or sell orders. Instead, the question is whether they were in the United States or not at those times. We suggested that you produce their calendars if you reasonably believe such calendars show their international travel, or download their travel history from airline profiles. We understand that you have taken under advisement our request for these types of documents, or may suggest other ways at getting at the information this request seeks, and look forward to your answer on this request.

**Personal Financial Information**

As you know, SEC Requests Nos. 1, 2, and 3 to the Individual Defendants seek documents sufficient to understand your financial condition during the time of the conduct at issue. While you have stated you will produce documents sufficient to show the Individual Defendants' sales of XRP and any compensation they received from Ripple (and Mr. Larsen has produced some tax records), you continue to refuse to provide documents that may show their financial condition at all relevant times, variously based on (1) "privacy" concerns; (2) the supposed lack of connection between particular transactions and charged transactions; and (3) relevance.

After meeting and conferring, and having received no response to our Letter, we remain unable to agree as to stated basis (1) and (2). As you know, the scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad and, importantly, documents and materials "need not be admissible in evidence to be discoverable." Moreover, "[t]he Rules do not differentiate between information that is private or intimate and that to which no privacy interest attach." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984). Thus, to the extent your refusal to provide documents responsive to this request is based on "privacy" interests, it is improper. Moreover, as mentioned in our Letter, the SEC does not need to charge that a particular transaction is a violation to establish its relevance or discoverability.

We also continue to disagree that documents relating to financial condition are not relevant to the claims and defenses in this case. As stated in our Letter and at Monday's meet and confer, the Individual Defendants' financial condition may be relevant to proving our or rebutting your theory of scienter in this case, among other things (including civil penalties).

At our meet and confer, you purported to express confusion as to the SEC's theory of what scienter it needs to prove to establish that the Individual Defendants violated Ripple's violation of Section 5 of the Securities Act. As we stated in our letters to you dated February 3, 2021, it is the SEC's position that, "[t]o establish knowledge, the SEC must show a 'defendant's general awareness of [his] overall role in the primary violator's illegal scheme.'" *SEC v. Paulson*, No. 18 Civ. 6718 (PGG), 2020 WL 6263180, at *14 (S.D.N.Y. Oct. 23, 2020) (citations omitted). We have further stated to you our position that the scienter requirement for aiding and abetting a regulatory violation "means awareness of the underlying facts, not the labels that the law places on those facts." *SEC v. Falstaff Brewing Corp.*, 629 F.2d 62, 77 (D.C. Cir. 1980). We understand that you disagree with this position, and that you will argue that the SEC must prove that the Individual Defendants knew or recklessly disregarded that XRP "was an investment contract that should have been registered." Letter of M.

Solomon dated Jan. 27, 2021.  Regardless of which standard is correct, however, a defendant's financial motives may tend to show that he or she had a *reason to* reckless disregard "their overall role in the primary violator's illegal scheme" *and* it may be used to show that they had a reason to recklessly disregard that XRP "was an investment contract that should have been registered."  In other words, the parties' disagreement as to what the SEC needs to prove to establish the aiding and abetting claim provides no basis to withhold documents sufficient to show the Individual Defendants' financial condition.  The documents are relevant under either formulation.

And, as we indicated in our Letter and during our meet and confer, documents tending to show how much of the Individual Defendants' income was derived from XRP sales is relevant to scienter because they "may well have been inclined to protect one of its major revenue streams and thus ignore or conceal potential wrongdoing related to its sale of . . . securities."  *SEC v. Am. Growth Funding II*, No. 16 Civ. 828, 2019 WL 1748186, at *4 (S.D.N.Y. Apr. 19, 2019).  At our meet and confer, you attempted to distinguish some of the cases cited in our Letter by noting that they referred to the *admissibility* of *salary-related* information.  Not only is *admissibility* not the proper standard here, *see* Fed. R. Civ. P. 26(b)(1), many cases order discovery into broader financial records including bank documents, beyond documents that show only salaries.  *See, e.g.*, *SEC v. eSmart Tech.*, No. 11 Civ. 895, 2013 WL 12333681, at *2 (D.D.C. Oct. 24, 2013).  You also attempted to distinguish some of the cases in our Letter by arguing that they involved fraud but, again, provided no basis upon which to distinguish the *relevance* standard between cases involving fraud, and those involving aiding and abetting a regulatory violation.  In any event, as you know, Judge Castel granted the SEC's motion to compel defendants to produce all bank records in a non-fraud, Section 5 only case.  *See SEC v. Telegram Grp., Inc.*, No 19 Civ. 9429 (D.E. 67) (S.D.N.Y. Jan. 13, 2020).  Moreover, activity in the Individual Defendants' bank accounts and other financial records may tend to prove scienter in other ways, such as demonstrating consciousness of guilt.  *See, e.g., United States v. Lindsey*, No. 91-5727, 1992 U.S. App. LEXIS 22228, * 11 (6th Cir. Sept. 14, 1992) (evidence that defendant attempted to make himself judgment proof evidence of intent to defraud).

In sum, there is no basis, given the broad standard for discovery imposed by the Federal Rules, to refuse to produce documents responsive to these requests, and we have yet to hear from you any response to our various explanations of relevance.

Nevertheless, in an effort to reach compromise, we remain willing to meet and confer to come to an agreeable resolution of this dispute.  For example, at our meet and confer you inquired whether we are interested in understanding the particulars of the Individual Defendants' stock holdings (as one example).  As we stated Monday, we are not interested (at least not as an initial matter) in necessarily all the details of the Individual Defendants' wealth.  We believe that producing documents sufficient to show their financial condition—i.e., other sources and amounts of income during the times of their offers and sales of XRP, as well as information regarding total net wealth at those moments—would likely satisfy our request for these documents.

Please indicate whether you will agree to produce documents sufficient to show the foregoing, so that we may avoid litigation over this matter.  We respectfully request that you indicate whether you will agree to produce these documents at your earliest convenience or, in the alternative, and additional meet and confer on this issue.

Thanks,

Jorge