# Exhibit D

K2J9SEC1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

           v.                            19 CV 9439 (PKC)

TELEGRAM GROUP, INC., et al.,

                Defendants.
------------------------------x
                                         New York, N.Y.
                                         February 19, 2020
                                         10:01 a.m.
Before:

                    HON. P. KEVIN CASTEL,

                                         District Judge

                         APPEARANCES

SECURITIES AND EXCHANGE COMMISSION
     Attorneys for Plaintiff
BY:  KEVIN McGRATH
     JORGE TENREIRO
     ALISON R. LEVINE
     LADAN F. STEWART


SKADDEN, ARPS, SLATE, MEAGHER & FLOM
     Attorneys for Defendants
BY:  ALEXANDER DRYLEWSKI
     SCOTT MUSOFF
     CHRISTOPHER MALLOY
     THANIA CHARMANI
```

1    know you're relying on of an evidentiary nature?
2             MR. DRYLEWSKI:  No, your Honor.
3             THE COURT:  So, the evidentiary record in this case is
4    closed.
5             MR. DRYLEWSKI:  That's correct.
6             THE COURT:  All right.  A few observations.  There
7    are, of course, a number of motions pending.  There is the
8    12(f) motion.  There are the parties' various motions for
9    summary judgment.  And, of course, the plaintiffs' motion for a
10   preliminary injunction.  I'm going to hear argument from each
11   of you this morning.  I wanted to make a couple of preliminary
12   observations because it may help and guide your discussion
13   here.
14            In terms of first principles, the *Howey* Test has been
15   with us for over 70 years, longer than many of the people at
16   the first two tables have been alive, and cryptocurrency has
17   been around for about twelve years.
18            One of the issues that is not presented in this case
19   and that no one has argued that cryptocurrencies are inherently
20   securities.  That's not what this case is about.  In fact,
21   there would be no basis under the *Howey* Test for such an
22   argument.
23            I've read carefully the amicus submissions of our two
24   amicus curiae that I have already approved, or amici I should
25   say, and that is not what this Court will be deciding.

1    *Howey* is easy to state, maybe not always easy to
2    apply, but an investment contract is a security within the
3    meaning of the Securities Act of '33 if it's a contract,
4    transaction or scheme whereby a person:  One, invests money;
5    two, in a common enterprise; three, is led to expect profits;
6    and four -- well *Howey* says solely from the efforts of the
7    promoter or third party but as time has gone on that "solely"
8    language has been modified and it's not a literal limitation.
9    It's a primarily promoted or -- that seems to be the most
10   prevalent matter in which it is utilized.
11   And, of course, *Howey* is a flexible test.  It focuses
12   on economic realities, not on labels.  And, of course, the
13   lawyers in this case are well acquainted that the label point,
14   that labels don't control, actually works in both directions.
15   So you have the Forman case where stock in a corporation was
16   held not to be a security because it was essentially ownership
17   of a cooperative apartment.  So the labels do not get anybody
18   out of this one way or the other.
19   Disclaimers do not control.  And so one can look at a
20   purchase agreement and there could be a
21   helpful-to-the-defendants statement or an unhelpful statement
22   to the defendant in the purchase agreement or elsewhere and
23   it's going to be the economic realities of the transaction that
24   control.
25   The most notable difference in viewpoint as I see it