

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

March 25, 2021

Eva Ciko Carman
T +1 212 596 9039
eva.carman@ropesgray.com

**BY ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 219
New York, NY 10007

Re:   *SEC v. Ripple Labs, Inc. et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.); Investor A's **Application to Seal**

Dear Judge Netburn:

  We write on behalf of non-party Investor A[1] pursuant to Paragraph 15 of the Stipulation and Protective Order ("Protective Order") (ECF No. 53, enclosed as Exhibit I) to request that the Court maintain under seal a single document or, in the alternative, portions thereof, that the SEC attached as Exhibit C to their letter in opposition to Defendants' request for a pre-motion conference on a potential motion to compel (ECF No. 78, "MTC Letter Opp.").

  The SEC quotes a single sentence from Exhibit C in the "background" section on one page of its 11-page single-spaced letter.[2] In an effort to facilitate public review of judicial documents, Investor A does not seek to seal any portion of the SEC's MTC Letter Opp., including the sentence quoted from Exhibit C. Investor A simply seeks to seal Exhibit C, or at least portions thereof, (i) to prevent disclosure of its identity (and thus corresponding disclosure of proprietary and confidential information about itself) and (ii) because it constitutes Investor A's confidential research and investment analysis. As a non-party to this case, Investor A's privacy interests are entitled to great weight. *See, e.g.*, *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-cv-09764 (KPF) (SN), 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (approving sealing of "sensitive business information from nonparties . . . obtained . . . via subpoena" in the context of core judicial documents); *Doe v. City of New York,* No. 15-cv-117, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("In the redaction analysis, courts take the privacy interests of third-parties seriously.");

---

[1] Investor A is a pseudonym referring to the third party that produced Exhibit C to the MTC Letter Opp. (ECF No. 78-3).

[2] Exhibit C is an internal email exchange between employees of Investor A prior to, and in connection with evaluating, a potential investment in Ripple.

ROPES & GRAY LLP

March 25, 2021

*Dorsett v. Cty. of Nassau,* 762 F. Supp. 2d 500, 521 (E.D.N.Y.) ("[T]he privacy interests of third parties carry great weight in the balancing of interests."), *aff'd,* 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cty. of Nassau,* 730 F.3d 156 (2d Cir. 2013).

Likewise, because Exhibit C was merely submitted in connection with a non-dispositive letter exchange, there is minimal presumption of public access at this time, if any. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason. Documents that play no role in the performance of Article III functions . . . lie entirely beyond the presumption's reach.").

Investor A is in the business of investing client capital pursuant to confidential and proprietary investment procedures and protocols. Unrestricted public access to Exhibit C would injure Investor A's privacy interests and disclose its proprietary and confidential information, including by causing Investor A significant competitive injury. As set forth more fully below, Investor A believes that sealing of Exhibit C is justified under controlling legal precedent, including the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

**I.      Exhibit C Is Not a "Judicial Document" and Should Remain Sealed**

Under the three-part inquiry laid out by the Second Circuit in *Lugosch*, a court considering whether to seal documents must *first*, determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches; *second*, determine the applicable weight of the presumption that may apply; and *third*, after determining such weight, balance "countervailing factors" against it, including the "privacy interests" of interested parties. *See id.* at 119–20.

Critically, judicial documents are *only* those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. The *Lugosch* court acknowledged that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id*.; *see also Amodeo*, 71 F. 3d 1044 at 1050 ("[D]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond" the presumption of public access); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, No. 13-cv-6073, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (determining that the documents were non-judicial because they "played no role in [the] Court's adjudication of the parties' respective motions" and "were immaterial to the analysis"), *aff'd*, 776 F.3d 126 (2d Cir. 2015); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, No. 10-cv-8663, 2012 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012) (same). This Court has recently confirmed that "an exhibit to a discovery motion . . . may not truly be a 'judicial document' at all." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. Civ. 14MD2542 (VSB) (SLC), 2020 WL 1271362 (S.D.N.Y. Mar. 17, 2020) (citing *Lugosch*).

ROPES & GRAY LLP

March 25, 2021

      Exhibit C is not a judicial document.  First, it was not submitted in connection with any motion – merely a letter opposing a pre-motion conference.  Second, the letter pertains solely to non-dispositive discovery issues.  Third, the letter cites Exhibit C only once, in a background section, and not in connection with any argument.  Fourth, the vast majority of Exhibit C is not quoted or discussed at all.  As such, Exhibit C is not "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch*, 435 F.3d at 119.  Even if some portion of Exhibit C constituted a "judicial document," Investor A's identity plainly does not.  Investor A's identity has not been relied upon by any party for any purpose and has no relevance to the outcome of any motion (or pre-motion request) pending before the Court.[3]

      Where documents are not judicial, "there is no presumption of public access" to overcome, and thus the movant must "only make a baseline showing of good cause" to justify maintaining the documents under seal.  *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 73 (S.D.N.Y. 2007), *aff'd*, 347 F. App'x. 615 (2d Cir. 2009).  Under a good cause standard, even a "minimal showing of possible harm from disclosure" of the information sought to be sealed is sufficient to meet this burden and "trigger a sealing order." *Dorsett*, 762 F. Supp. 2d at 519.  Here, unfettered public disclosure of Exhibit C would result in the corresponding disclosure of Investor A's sensitive proprietary business information, including Investor A's investment strategies and internal processes for evaluating potential investments.  Investor A's competitors could improperly exploit this information to Investor A's disadvantage.  This Court should protect Investor A from such an inequitable result.  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing.").

---

[3] Even if Investor A's identity did constitute a judicial document, it is still appropriately sealed. *SEC v. Telegram Grp. Inc.,* No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that "non-parties' interests in privacy and the protection of proprietary business information" outweighs the public's right to access certain judicial documents because "[p]ublic disclosure of the non-parties' identities and specific identifiable information reveals private investment decisions while providing little value to the monitoring of the federal courts"); *see also Cohen v. Gerson Lehrman Grp. Inc.*, No. 09-cv-4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (allowing redactions that were "narrowly tailored to conceal clients' identit[ies]"); *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-7917, 2019 WL 126069, at *2–4 (S.D.N.Y. Jan. 07, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is low"); *MacroMavens, LLC v. Deutsche Bank Sec., Inc.*, No. 09-cv-7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (granting the application of redactions to customer information that was "not material" to the motion, and noting that customer identities may be "replaced with designations such as 'Customer # 1'").

ROPES & GRAY LLP

March 25, 2021

**II.    Investor A's Privacy Interests Outweigh Any Presumption of Public Access**

Assuming, *arguendo*, that Exhibit C constitutes a "judicial document," it is still appropriately sealed as any minimal presumption of public access is strongly outweighed by non-party Investor A's significant privacy interests.

*First*, little weight should be afforded to any presumption of public access because of the "negligible role" that Exhibit C plays in the performance of any Article III function.  *Amodeo*, 71 F.3d at 1050 ("[W]here . . . documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low . . . ."); *GoSMiLE*, 2012 WL 1382557, at *1 (noting that even if documents found to be "immaterial" to the court's analysis *were* "viewed as judicial documents, the presumption of access is slight") (emphasis added).  Documents submitted in connection with discovery disputes are quintessentially entitled to little presumption of public access. *See, e.g., Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608 (PKC) (JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (documents submitted in connection with "a motion to compel further discovery from a party" are entitled to only a "weak" presumption of public access); *Stern v. Cosby*, 529 F.Supp.2d 417, 422 (S.D.N.Y. 2007) ("[E]ven if the [document] is filed for purposes of a motion to compel, the presumption that would attach to the transcript would be low."). Here, Exhibit C is not even submitted in connection with a motion to compel, but merely a request for a pre-motion conference.

*Second*, as a non-party to this case, Investor A's privacy interests are entitled to great weight.  *See, e.g.*, *Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dorsett*, 762 F. Supp. 2d at 521 ("[T]he privacy interests of third parties carry great weight in the balancing of interests.").  *Lugosch* recognizes that "the privacy interests of those resisting disclosure" are a valid factor countervailing the right of public access.  *Lugosch*, 435 F.3d at 120 (internal citations omitted); *see also Cooksey v. Digital*, No. 14-cv-7146, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (finding that protecting reputational and privacy interests "constitute[s] sufficiently substantial interests so as to overcome a presumption of access").

*Third*, Exhibit C implicates Investor A's "sensitive business information" that was confidentially shared with the SEC.  *See Royal Park Invs. SA/NV*, 2018 WL 739580 at *19 (approving sealing of "sensitive business information from nonparties . . . obtained . . . via subpoena" in the context of core judicial documents).  Exhibit C contains the discussion of two employees of Investor A evaluating a potential investment, and reflects Investor A's proprietary investment approach.  If publicized, Exhibit C could be exploited by competitors who may seek to mimic, undermine, or strategize against Investor A's approach, causing Investor A competitive injury.  It is therefore among the quintessential types of information held to be appropriately sealed.  *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (information concerning "trading strategies, objectives and transactions" overcomes the presumption of confidentiality even when cited in summary judgment.).

ROPES & GRAY LLP

March 25, 2021

In short, Exhibit C conveys information about Investor A's proprietary approach to evaluating investments and diligence processes. Allowing public disclosure of this sensitive business information, including to Investor A's business competitors, would unfairly harm Investor A. Therefore, we respectfully submit that sealing is appropriate. *See Nixon*, 435 U.S. at 598.

**III.    To the Extent the Court Declines to Seal Exhibit C, Portions of It Should Nevertheless Be Sealed**

Given the, at most, slight presumption of public access, Investor A believes Exhibit C is properly sealed in its entirety in the current posture. If the Court declines this request, it should nevertheless approve Investor A's more modest alternate request to seal narrowly tailored portions of the document to prevent the disclosure of (i) the identity of Investor A and (ii) Investor A's proprietary approach to evaluating potential investments, including Investor A's due diligence process and evaluation considerations for the potential investment opportunity. The proposed redacted material has no relevance to the adjudication of any issue presently pending before the Court. As such, Investor A respectfully requests that, should the Court decline its request to seal Exhibit C, it approve the sealing of the portions of Exhibit C highlighted in yellow in the enclosed version.

*    *    *

For the foregoing reasons, non-party Investor A respectfully requests that the Court grant its application for Exhibit C to remain under seal.

/s/ Eva Ciko Carman
Eva Ciko Carman

Enclosure

cc (by email):

Jorge G. Tenreiro, Esq. (counsel for Plaintiff)
Andrew J. Ceresney, Esq. (counsel for Defendant Ripple Labs Inc.)
Matthew Solomon, Esq. (counsel for Defendant Bradley Garlinghouse)
Martin Flumenbaum, Esq. (counsel for Defendant Christian A. Larsen)