

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**Andrew J. Ceresney**
Partner
aceresney@debevoise.com
+1 212 909 6947

March 25, 2021

**Via ECF**
Hon. Sarah Netburn
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *SEC v. Ripple Labs Inc. et al.*, No. 20 CV 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

      Pursuant to Rules 1.A and III.F of Your Honor's Individual Practices, we write on behalf of Ripple Labs Inc. ("Ripple" or "the Company"), Bradley Garlinghouse, and Christian A. Larsen (collectively, the "Defendants") in response to Plaintiff Securities and Exchange Commission's letter dated March 22, 2021 (Dkt. No. 77) to respectfully seek leave for the documents attached as Exhibits A-B to the SEC's response in opposition to Defendants' motion to compel (Dkt. Nos. 78-1 and 78-2) and Exhibits A-B to the SEC's response in opposition to the individual Defendants' motion to quash (Dkt. Nos. 72-1 and 72-2) to remain under seal.[1]

      Those documents should remain under seal because they contain Ripple's confidential, private business information, and the presumption of public access to documents filed solely in connection with discovery disputes is minimal. All four documents were designated Confidential by Ripple under the terms of the protective order entered by Judge Torres in this case. Making these documents public at this preliminary stage would allow the SEC to unilaterally undo the protections offered by Judge Torres's protective order. Defendants have not attempted to rely on these documents; rather, the SEC has introduced them into the litigation record.

      Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006), the Court must first determine whether the documents at issue are "judicial documents," or documents "relevant to the performance of the judicial function and useful in the judicial process." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14 Civ. 9764, 2018 WL 739580, at *18 (S.D.N.Y. Jan. 10, 2018) (internal quotation marks omitted) (Netburn, J.). To qualify as a judicial document, the document must "reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its

---

[1]     Pursuant to Rule III.F of Your Honor's Individual Practices, enclosed with this letter are clean copies of the four documents at issue.

supervisory powers." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). If the document is not judicial, no presumption of public access attaches. If the document is judicial, the court must then determine the weight to be accorded to the presumption of access. *Id.* The Second Circuit has held that "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* at 50. "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")). "Established factors and values that can outweigh the presumption of public access include legal privilege, business secrecy, and privacy interests." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) (Castel, J.) (internal citations omitted). "If one of these factors or values outweighs the value to the public of accessing the document at issue, then that document should be sealed." *Id.*

Here, the four documents at issue are not judicial documents. The documents were attached to the SEC's letters concerning a motion to quash and a motion to compel, making them plainly "discovery materials filed with the court in connection with discovery-related disputes." *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (Karas, J.). The "modern trend in federal cases [] to classify pleadings in civil litigation … as judicial records" specifically does not include "discovery motions and accompanying exhibits." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (internal quotation marks omitted); *see also Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (noting there is "good reason" to exclude documents filed in connection with pre-trial discovery disputes from the definition of judicial documents, because "[m]any documents exchanged in discovery, even if relevant, may never be admitted in trial or in connection with a dispositive motion"); *Nichols v. Noom Inc.*, No. 20 Civ. 3677, 2021 WL 857352, at *1 (S.D.N.Y. Mar. 8, 2021) (Parker, J.) (holding that documents that were "merely filed in order to advise the court and 'tee up' certain discovery disputes between the parties that required judicial intervention" were not judicial documents). Because they are not judicial documents, the documents are not entitled to the presumption of public access.

Even if the Court were to determine that the four exhibits are judicial documents, any weight assigned to the presumption of access should be minimal. These documents were submitted to the Court for the narrow issue of determining whether *other* documents sought by the parties should be produced, as opposed to documents submitted in connection with a motion for summary judgment. Under these circumstances, there is ample authority for this Court to permit them to remain sealed at this juncture. *See Amodeo II*, 71 F.3d at 1050 (noting that documents "that play no role in the performance of Article III functions, such as those passed between the parties in discovery," "lie

entirely beyond" the common law presumption of access); *Smith*, 985 F. Supp. 2d at 519 (holding that because discovery is "a private process between the parties to an action (even if governed by specific rules and managed by trial judges)," the documents shared between the parties are "outside the judicial function and therefore not presumptively accessible"). *But see SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *4–5 (S.D.N.Y. June 17, 2020) (Castel, J.) (finding that financial documents, including bank records, filed in connection with the SEC motion to compel constituted judicial documents but ultimately holding that Telegram's interest in protecting the confidentiality of its financial documents warranted sealing the documents in full).  In other words, unlike documents submitted in connection with the adjudication of a dispositive motion, the disputed documents here were submitted to the Court only to determine if *other* documents are relevant and should be produced.  *See Lugosch*, 435 F.3d at 121.  Ripple's status as a private company also warrants a lower presumption of access to justify sealing.  *Cf. Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (holding that the involvement of a publicly owned company and management's relationship to the public shareholders weighed in favor of unsealing a special litigation committee's report).

In any event, Defendants' significant proprietary and commercial interests outweigh any presumption of access in this context.  The documents sought to be sealed reflect a private company's proprietary, internal development and marketing strategies, analyses, impressions, and concerns on a range of sensitive topics that have never been made public to date.  *See Royal Park*, 2018 WL 739580, at *19 (noting that certain documents placed under seal by the parties in connection with a class certification motion were "strategic in nature" and reflected "sensitive business information that the parties could reasonably wish to remain confidential").  The fact that some of the documents involved communications with third parties is not relevant – the information was provided to a discrete group of entities and individuals, some of whom were subject to non-disclosure agreements, and was otherwise kept confidential on a need-to-know basis.  There is no material benefit to the Court in these documents being made public at this extremely early stage in discovery and no prejudice to the SEC or to the public in these documents remaining sealed.  More specifically:

- Exhibit A (Dkt. No. 72-1) concerns an email exchange between a Ripple employee and an individual affiliated with the company relating to confidential issues concerning the creation and distribution of XRP.  It was not otherwise available to or shared with the public.  *See Royal Park*, 2018 WL 739580, at *19 (allowing redactions and sealing of parties' and non-parties' "competitively sensitive business information").

- Exhibit B (Dkt. No. 72-2) is an internal email between two Ripple employees regarding financial information in connection with a private foundation.  This information was used in connection with the Company's Board of Director meetings and, aside from the fact that a certain amount of XRP was transferred to

the foundation, has never been made public.  The document also refers to certain personal investment information of a third Ripple employee.

- Exhibit A (Dkt. No. 78-1) is a memorandum prepared by an outside law firm containing a description of Ripple's then-contemplated business strategy that explored a range of sensitive legal topics, including the company's then-fundraising plan, its plans for product development, and numerous legal and regulatory risks and recommendations.  Aside from being shared with a discrete set of potential investors on a confidential basis, this document has never been publicly released.

- Exhibit B (Dkt. No. 78-2) is an email between a Ripple employee and an early-stage investor in Ripple regarding certain risk factors drafted by the investor (not, as the SEC incorrectly suggests, by Ripple).  This discussion was never distributed externally.

The SEC should not be given unilateral power to make Ripple's Confidential documents, including documents reflecting its business strategy, fundraising plans, legal advice, and product development, public merely by attaching them to a court filing on subsidiary discovery issues, as it did in connection with both of its letter briefs dated March 17 and 22, 2021 (Dkt. Nos. 72, 78).

Should the Court determine that there is no basis for withholding any of these documents in their entirety, Ripple respectfully asks for an opportunity to propose specific redactions be made to the documents.

The SEC has informed us that it takes no position on the request at this time, without prejudice to expressing a view once they review our letter to the Court.

          Respectfully,

          /s/ Andrew Ceresney
          *Counsel for Ripple Labs Inc.*

CC: All Counsel of Record