

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

April 2, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 219
New York, N.Y. 10007

Re:   *SEC v. Ripple Labs, Inc.* et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter in further support of its partial opposition to Defendant Ripple Labs, Inc.'s ("Ripple") motion to seal certain documents (D.E. 83) ("Ripple Letter"). While the parties now agree as to two of the documents at issue, Ripple continues to request the blanket sealing of two documents, MTQ Ex. A (D.E. 72-1) and MTC Ex. A (D.E. 78-1). In its Letter and in the parties' meet and confer, however, Ripple did not identify (and cannot identify) any specific, protectable interest sufficient to overcome even a lower presumption of access applicable to the portions of the documents relied on by the SEC to oppose the motions to quash and to compel.

The presumption of public access may only be overcome to further "other substantial interests such as," as potentially relevant here, the "preservation of attorney-client privilege," *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 167 (S.D.N.Y. 2018) (cited in *Sadeh v. Kagan*, No. 20 Civ. 1945 (PAE) (SN), 2021 WL 965334 (S.D.N.Y. Mar. 15, 2021)), or to protect proprietary business information. The "party seeking to preclude disclosure of trade secrets has the burden to show that the information in fact constitutes a trade secret, that disclosure would harm movant's competitive position and that the asserted harm outweighs the presumption." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998).

The SEC does not contend that information in the two documents reflecting the name of a third-party investor or Ripple's business plans from 2012 should be made public, as the SEC's proposed redactions, submitted herewith, show. Thus, the only dispute is over the portions of the exhibits that reflect advice Ripple obtained from outside counsel. Ripple does not and cannot contend that this material is privileged, because as it acknowledges, it was voluntarily disclosed to third parties. *E.g.*, Ripple Letter at 3-4.

Nor does the legal advice constitute a trade secret. At the parties' meet and confer, Ripple proffered that the legal advice from counsel was a "roadmap" to the company's business strategy *nine years ago*, and that it constituted private business information that it intended to remain confidential even after it shared it with third parties. "But implicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public." *Salomon Smith Barney, Inc. v. HBO & Co.*, No. 98 Civ. 8721, 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001). Thus, "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten*, 30 F. Supp. 3d at 168 (collecting cases).

The legal advice that Ripple received regarding its sales of XRP is not a trade secret that its competitors could exploit—unlike, for instance, a part of Ripple's software that may not be open source. It is also not a business plan that others could poach.[1] Legal advice is just that—advice or analysis as to how laws could apply to a specific set of facts. If Ripple could claim that this advice—which Ripple did not even follow—is privileged, the analysis would perhaps be different. But Ripple cannot make that claim. Instead, Ripple asserts nothing but the truism that the information was previously meant to be confidential, but that sort of circular reason in favor of sealing is insufficient.[2]

Respectfully submitted,

Jorge G. Tenreiro

cc: All counsel (via ECF)

---

[1] Ripple also claims that unsealed portions of MTC Ex. B. would be misleading without access to the entire document, an argument in favor of unsealing the document, not redacting it, and which highlights Ripple's true motivation for sealing—to control its messaging in litigation and keep unfavorable information from the public's view.

[2] Nor can there be any question that the SEC submitted the materials to persuade the Court to rule in its favor. In opposition to the motion to quash, the SEC noted that there was a dispute between the parties as to whether the Individual Defendants acted with scienter. D.E. 72 at 4. To persuade the Court to agree with the SEC's position that evidence of financial information could be probative of scienter in this particular case and not just in the abstract, the SEC submitted MTQ Ex. A to show that Larsen acknowledged his financial motivation to take on the risk that he could be sued by the SEC. *Id.* at 2, 4. The SEC again referenced this document—MTQ Ex. A—as well as the legal memo (MTC Ex. A) in opposition to the motion to compel. D.E. 78 at 1-2, 6. There, the SEC argued that Defendants' self-serving claim of confusion about the application of the law to their conduct (*e.g.*, D.E. 67 at 6) could not be credited as a basis to compel the SEC to produce documents given that they had received specific, detailed legal advice about the potential applicability of certain regulatory regimes to their behavior, as reflected in these two documents.