

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Andrew J. Ceresney
Partner
aceresney@debevoise.com
+1 212 909 6947

April 2, 2021

**Via ECF**
Hon. Sarah Netburn
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

       Re:    *SEC v. Ripple Labs Inc. et al.*, No. 20 CV 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

       Pursuant to Rules 1.A and III.F of Your Honor's Individual Practices and as directed by the Court's Order entered in this case on March 31, 2021 (Dkt. No. 93), we write on behalf of Ripple Labs Inc. ("Ripple" or "the Company"), Bradley Garlinghouse, and Christian A. Larsen (collectively, the "Defendants") with respect to our application to seal dated March 25, 2021 (Dkt. No. 83).

       After a meet and confer on April 1, the parties reached agreement on two of the four documents at issue,[1] but have not been able to reach agreement with respect to the remaining two documents.

       All four documents are "discovery materials filed with the court in connection with discovery-related disputes," and therefore not judicial documents and not entitled to a presumption of public access. *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (Karas, J.).

       Defendants submit that **Exhibit A (Dkt. No. 72-1)** should not be unsealed.  First, this document is completely unrelated to the merits of the individual defendants' motion to quash the SEC's request for Mr. Larsen's personal financial records and therefore are unnecessary to resolution of the motion.  Second, the other individual involved in the email with Mr. Larsen had a relationship with Ripple and Mr. Larsen was sharing confidential information with him in a private email that was never meant to be shared widely or made publicly available.  Third, the email contains sensitive information

---

[1]    The Defendants have proposed that certain tailored redactions be applied to **Exhibit B (Dkt. No. 72-2)** and **Exhibit B (Dkt. No. 78-2)** with respect to (1) the names of the individuals involved in the correspondence (with the exception of Mr. Garlinghouse); and (2) certain personal and/or sensitive financial information, to which the SEC does not object.  Pursuant to Your Honor's Individual Practices, we will (a) publicly file both documents with the proposed redactions as exhibits to this letter; and (b) electronically file under seal copies of the unredacted documents with the proposed redactions highlighted.

regarding the initial distribution of XRP, including information gleaned from discussions with counsel.

Regarding **Exhibit A (Dkt. No. 78-1)**, Defendants believe the document's confidential nature speaks for itself and merits sealing in its entirety.  The document as a whole is "strategic in nature," constitutes a roadmap to the Company's then-contemplated business strategy, and contains "sensitive business information" that the parties reasonably wished to remain confidential.  *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14 Civ. 9764, 2018 WL 739580, at \*19 (S.D.N.Y. Jan. 10, 2018) (Netburn, J.) (allowing sealing of parties' and non-parties' "competitively sensitive business information"). Although the document was shared with a discrete set of potential investors, the document was never intended to be distributed publicly.  In addition, contrary to the SEC's argument, the individual Defendants have made no explicit commitment to attach this document to their motions to dismiss, and if they do, the question of whether the document should be sealed should be addressed at that time.

Respectfully,

/s/ Andrew Ceresney
*Counsel for Defendant Ripple Labs Inc.*

CC: All Counsel of Record

2