# EXHIBIT A

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3191

WRITER'S DIRECT FACSIMILE
(212) 492-0191

WRITER'S DIRECT E-MAIL ADDRESS
mflumenbaum@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
WALTER BROWN*†
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*†
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*†
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENNALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
†ADMITTED ONLY TO THE CALIFORNIA BAR

March 22, 2021

**By Email**

Jorge Tenreiro, Esq.
U.S. Securities and Exchange Commission
200 Vesey Street, Suite 400
New York, NY 10281
TenreiroJ@sec.gov

   *Re: SEC v. Ripple Labs, Inc. et al.,* No. 20-cv-10832 (AT) (S.D.N.Y.)

Dear Jorge,

   We write on behalf of all Defendants concerning the SEC's undisclosed use of Memoranda of Understanding ("MOU") to obtain discovery related to this matter from foreign regulators. As was relayed to you on our meet and confer on March 17, 2021, Ripple learned from third-party business contacts—not from you—that the SEC has been pursuing discovery that is unavailable to Defendants, and at odds with well-established and available protocols under the Convention on the Taking of Evidence Abroad in Civil or

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Commercial Matters (the "Hague Evidence Convention") that are expressly designed to be used by both parties in federal court litigation.

The SEC's use of this unilateral means of obtaining information is contrary to the fairness principles that underlie discovery under the Federal Rules of Civil Procedure and must cease. The SEC must also immediately fully disclose any use of MOUs to obtain documents and information relevant to this matter to date, its requests pursuant to those MOUs, and all such documents and information received. To the extent the SEC asserts that such requests are confidential, we demand that the SEC waive any confidentiality right and, if necessary, obtain consent of the foreign regulators to do so.

The SEC must cease any future use of MOUs to obtain information now that litigation has commenced. It is entirely improper for the SEC to conduct discovery related to this action outside the bounds of the Federal Rules of Civil Procedure. "Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure. It is not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009). Our understanding is that the MOUs in question permit the SEC specifically—and not any private litigant—to seek to use the compulsory process of foreign regulators. For instance, the Amended & Restated Memorandum of Understanding dated March 29, 2019, between the SEC and United Kingdom Financial Conduct Authority ("FCA") allows the SEC, not any private litigant or even any other government agency, to obtain the FCA's assistance to obtain discovery, and to assist the SEC, the FCA can compel "the production of documents, the provision of information and the answering of questions." *See* FCA Enforcement Guide §§ 3.7, 4.7.1(3). Such MOUs with foreign powers thus represent an extraordinary tool that is not available to private litigants like Ripple, Mr. Larsen, or Mr. Garlinghouse.

The SEC's use of that tool in civil discovery creates an uneven playing field that is entirely contrary to the purpose of discovery in civil litigation, which is supposed to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, No. 01 CIV. 3016(AGS)(HB), 2002 WL 1835439, at *4 (S.D.N.Y. Aug. 8, 2002) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)); *see also Consejo de Defensa del Estado de la Republica de Chile v. Espirito Santo Bank*, No. 09-20613-CIV, 2010 WL 2162868 (S.D. Fla. May 26, 2010) ("[D]epriving defendants of the information sought, while the foreign sovereign had full access to the requested information, would not only place the parties on unequal footing, but would also impede a full and fair adjudication of the matter because of the lack of complete discovery.") (citation omitted). Having chosen to bring its case in federal court, the SEC should seek its foreign discovery through the Hague Evidence Convention, like every other litigant, rather than utilizing a procedure available only to the SEC.

As you know, the SEC is not permitted to use its administrative subpoena power to attempt to fortify its case. *See SEC v. Life Partners Holdings, Inc.*, No. 1:12-CV-00033-JRN, 2012 WL 12850253, at *2 (W.D. Tex. Aug. 17, 2012) (sanctioning the SEC

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

for using an extra-judicial deposition to elicit testimony related to a filed complaint without notice to defendants, as "administrative agencies are unquestionably bound by the [FRCP] when they are parties in a civil action"); *United States* v. *Harris*, No. 1:09-CR-0406-TCB-JFK, 2010 WL 4962981, at *8 n.10 (N.D. Ga. Oct. 22, 2010) (recounting SEC testimony that "S.E.C. regulations restrict the use of the broad S.E.C. investigative powers during civil litigation to prevent abuse of those powers once civil litigations has been initiated"); SEC Enforcement Manual § 3.1.3 (providing that "staff should not use investigative subpoenas solely to conduct discovery with respect to claims alleged in the pending complaint[,]" because a "court might conclude that the use of investigative subpoenas solely to conduct discovery is a misuse of the SEC's investigative powers and *circumvents the court's authority and the limits on discovery in the Federal Rules of Civil Procedure*") (emphasis added). Yet here, the SEC is apparently seeking to invoke compulsory process of foreign regulators to achieve the same (improper) goal.

We also note that the use of foreign regulators to enforce discovery requests from foreign entities has significant implications to those entities, as you well know. You also know that many of the recipients of these requests are Ripple's business partners. Involving their local regulators in these requests amounts to an intimidation tactic clearly designed to deter those entities from continuing to do business with Ripple. And even if that was not your intent – which your concealment of this tactic suggests it was – that is the ultimate impact of its use. As you know, the use of the Hague Evidence Convention, which is the means by which every other civil litigant seeks foreign discovery, would not have the same impact.

The SEC's failure to provide notice to Defendants of this improper means of short-cutting discovery that should only be sought through public mechanisms is also a violation of its obligations under the Federal Rules of Civil Procedure. In the context of document subpoenas, Federal Rule of Civil Procedure 45(a)(4) requires that "a notice and a copy of the subpoena must be served on each party" prior to service on the person from whom discovery is being sought. This rule ensures fairness by permitting the opposing party to evaluate documents and information received from third parties, to object to improper third-party discovery requests, and to serve its own requests on the same third parties. *Henry* v. *Morgan's Hotel Group Inc.*, 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *1 (S.D.N.Y. Jan. 1, 2016) ("The purpose of the prior service requirement is to afford the opposing party the opportunity to object to the production called for by the subpoena. . . . The failure to give proper notice is not an insignificant matter, and should not be lightly glossed over by a court."); *Cootes Drive LLC* v. *Internet L. Libr., Inc.*, No. 01 CIV. 0877 (RLC), 2002 WL 424647, at *2 (S.D.N.Y. Mar. 19, 2002) ("When production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.") (quoting Advisory Committee note to 1991 Amendment, subdivision (b)). Given these clear notice requirements, it was improper that you did not inform Defendants about these requests.

In short, the SEC's efforts to use MOUs in this way are prohibited and must cease immediately. Please confirm within 72 hours that you will withdraw all pending

requests. To the extent you refuse to commit to ceasing your use of the MOU process to obtain documents and to withdrawing your requests, we demand that you provide notice to Defendants so that Defendants can raise this issue with the Court.

As to the foreign requests that the SEC has made to date, while it will not cure the prejudice to Defendants, the SEC must provide us full visibility into its past activities. We therefore request that you provide us with an accounting of (1) all requests made to foreign regulators, including the text of the requests themselves; (2) the status of such requests; and (3) all documents you have received to date, without any withholdings. We note that such materials are called for by Defendants' Request for Production 2 ("RFP 2"), dated January 26, 2021, which requests "all Documents and Communications Concerning Ripple, XRP, Bradley Garlinghouse and/or Christian A. Larsen or the subject matter of the Investigation or the Action, including … any formal …. requests by You for documents or information from any Person Concerning Ripple, XRP, Bradley Garlinghouse and/or Christian A. Larsen and all Documents or Communications You received in response to such formal . . . requests." (emphasis added). "Person" is defined, in our requests and in the Local Rules, to encompass "any legal entity," expressly including "any business or governmental entity or association." S.D.N.Y. Local Civil Rule 26.3(c). During our meet and confer on March 17, 2021, you advised that the SEC will produce all documents it has obtained or reviewed through these MOUs and any other administrative methods to obtain discovery. We expect the SEC to abide by that commitment.

Sincerely,

*/s/ Matthew C. Solomon*
Matthew C. Solomon
CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Counsel for Defendant Bradley Garlinghouse*

*/s/ Martin Flumenbaum*
Martin Flumenbaum
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

*/s/ Andrew J. Ceresney*
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
*Counsel for Defendant Ripple Labs Inc.*

cc:   All Counsel of Record