# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-v-

ANDREAS BADIAN et al.,

        Defendants.

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 MAY 2010
```

No. 06 Civ. 2621 (LTS)(JLC)

## ORDER

        Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, defendant Andreas Badian ("Badian") has objected to Magistrate Judge Henry B. Pitman's August 13, 2009, Endorsement (the "August 13 Order") (docket entry no. 112), in which Judge Pitman denied Badian's application for various forms of relief in connection with the Security and Exchange Commission's request for assistance from the Financial Services Authority ("FSA") of the United Kingdom to obtain documents from non-party Goodman Jones (the "FSA Request"). (August 13 Order, 1.) Badian argues that Judge Pitman's ruling erroneously permits the SEC to pursue litigation-related discovery outside the procedures set forth in the Federal Rules of Civil Procedure and that it permits a discovery request that is overly burdensome. The Court has considered thoroughly the August 13 Order and the parties' submissions. Familiarity with the record is assumed.

        Rule 72(a) governs Magistrate Judges' authority to issue orders regarding nondispositive matters. With respect to review of those orders by the District Judge, it provides, "[t]he [D]istrict [J]udge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A District Judge will only disturb a Magistrate Judge's order if she reaches a "definite and firm conviction that a mistake has

been committed." Am. Rock Salt Co., LLC v. Norfolk S. Corp., 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005). "Consequently, parties seeking to overturn the Magistrate's discovery rulings bear a heavy burden." Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (quotation marks and citations omitted). "[I]n resolving discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused." Reinfeld v. Riklis, No. 87 Civ. 6736, 1991 WL 41659, *1 (S.D.N.Y. Mar. 21, 1991).

Judge Pitman issued the well-reasoned August 13 Order following full briefing of the issues by the parties.[1] Judge Pitman considered Badian's argument that the FSA Request did not comply with the Federal Rules of Civil Procedure and concluded that the lack of compliance was irrelevant because the FSA Request "is simply not a subpoena served pursuant to the Federal Rules of Civil Procedure." (August 13 Order, 1.) Judge Pitman, having concluded that "nothing in those Rules prohibits an attorney from investigating an action and gathering evidence outside the Rules' discovery provisions," reasoned that "attorneys are free to engage in numerous forms of investigation on an ex parte basis." (Id.) Badian has not cited any legal authority to demonstrate that Judge Pitman's conclusions in this regard are clearly erroneous or contrary to law, and the Court concludes they are not. See Securities and Exchange Commission v. F.N. Wolf & Co., 93 Civ. 0379, 1993 WL 568717, *1 (S.D.N.Y. Dec. 14, 1993) (rejecting Plaintiff's argument that "the SEC, after filing suit as a civil litigant, is limited to discovery conducted pursuant to the Federal Rules of Civil Procedure and may not issue subpoenas or other information requests beyond the scope of those rules").

Badian argues that Judge Pitman committed a clear error because he relied on the presumption that Goodman Jones was free to ignore the FSA Request, whereas in fact the FSA

---

[1] Although Magistrate Judge Douglas F. Eaton was the designated Magistrate Judge in this action at the time Badian submitted the instant motion, Judge Pitman adjudicated it in response to a request from Judge Eaton. (August 13 Order.) Badian does not object to this substitution.

ultimately issued an order requiring Goodman Jones to comply with the request or risk being held in contempt of court. (Schechtman Decl., Ex. 3.) However, Judge Pitman's statement (in dicta) that parties are not obligated to comply with discovery requests that are outside the parameters of discovery conducted pursuant to the Federal Rules of Civil Procedure merely supports his broader argument that such requests (including the FSA Request) are distinguished from discovery requests made pursuant to the Federal Rules of Civil Procedure because they are not judicially enforceable by a federal court. The fact that the SEC enjoys recourse to a particular method of ex parte investigation that has legal force in a foreign tribunal under foreign law is immaterial.

Badian also argues that the FSA Request imposes an undue burden. However, the FSA Request was directed to non-party Goodman Jones, rather than Badian, and therefore it was Goodman Jones, rather than Badian, that stood to suffer any injury arising out of compliance with any allegedly unduly burdensome aspect of the request. In Diamantis v. Milton Bradley Co., the plaintiff, similar to Badian here, objected to discovery requests that required document production from non-parties on the grounds that they were "unreasonable and oppressive" and "overbroad." Diamantis v. Milton Bradley Co., 772 F.2d 3, 4 (1st Cir. 1985). The First Circuit Court of Appeals found that the plaintiff "[had] not shown that her rights [were] threatened by the compliance of the non-parties with the [challenged discovery requests]" because "it is the third party witnesses whose rights would allegedly be violated . . . and who would have to bear the expense of producing the requested documents." Id. at 4-5. Relying on the proposition that "[i]t is well-settled under the standing doctrine that a party ordinarily may not assert the legal rights of others," id. at 4 (citing Barrows v. Jackson, 346 U.S. 249, 255 (1953)), the court concluded that the plaintiff lacked standing to challenge the burden imposed on the third parties of the discovery requests. Id. at 4-5. The same conclusion is warranted in this instance.

## CONCLUSION

For the foregoing reasons, Badian's objections to the August 13 Order issued by Judge Pitman are overruled and Judge Pitman's determinations will stand. This Order resolves docket entry no. 118.

SO ORDERED.

Dated:    New York, New York
          May 11, 2010

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-13-09

**ENDORSEMENT**
SEC v. Andreas Bardian, et al.
06 Civ. 2621 (LTS)(DFE)

Because Judge Eaton is currently on vacation, his staff has requested that I address the discovery dispute raise by counsel for Andreas Bardian in his letter dated August 12, 2009.

Bardian's application for various forms of relief in connection with the SEC's request for assistance from the Financial Services Authority ("FSA") of the United Kingdom is denied in all respects. Although Bardian is correct that the SEC could not serve a subpoena without notice to all parties, the FSA's request is simply not a subpoena served pursuant to the Federal Rules of Civil Procedure. Bardian claims the request violates the Federal Rules of Civil Procedure, but he overlooks the fact that nothing in those Rules prohibits an attorney from investigating an action and gathering evidence outside of the Rules' discovery provisions. Attorneys are free to engage in numerous forms of investigation on an *ex parte* basis. For example, there is nothing in the Federal Rules of Civil Procedure that prohibits an attorney from calling up or visiting witnesses and asking them questions, from asking a witness to sign an affidavit, from asking witnesses for documents or from asking entities with which they have a professional or contractual relationship for documents or other information that may be within the entity's control. All of the foregoing investigatory practices may be pursued on an *ex parte* basis, although none are judicially enforceable. A witness who does not wish to respond to any of the investigative requests discussed above is free, literally, to slam her door in the lawyer's face. In addition, information or documents obtained through the foregoing methods may not be admissible; statements obtained as a result of an *ex parte* interview with a witness would clearly be hearsay. Nevertheless, there is no rule of law of which I am aware that prohibits an attorney from preparing his or her case through the informal methods described above.

The legal authority cited by Bardian is not to the contrary. In SEC v. F.N. Wolf & Co., 93 Civ. 0379 (LLS), 1993 WL 568717 (S.D.N.Y. Dec. 14, 1993), the court merely held that the pendency of the litigation, did not preclude the SEC from using the investigative tools available to it, even if the investigative tools yielded information relevant to the litigation. The Court in Wolf had no occasion to address whether the SEC could use its investigative tools to gather evidence for a litigation, notwithstanding the absence of an investigation.

The face that only the SEC has access to the FSA's investigative powers is also unpersuasive. It is frequently the

case that witnesses in a case are wiling to speak to one side voluntarily and entirely unwilling to be interviewed by the adversary or that documentary evidence is exclusively available to one side. There is no rule of law that limits an attorney's investigation in such cases to sources that are accessible to both sides.

Bardian's contention that the request to the FSA violates the SEC's Enforcement Manual. The SEC's internal manual does not have the force of law.

Finally, to the extent Bardian claims the request to the FSA is inconsistent with the Hague Convention procedures for obtaining documents located overseas, its argument is immaterial. It is beyond cavil that "the Hague Convention is not the exclusive means for obtaining discovery from a foreign entity." Société Nationale Industrielle Aérospatiale v. United States District Court for the Southern District of Iowa, 482 U.S. 522, 539-40 (1987); First American Corp. v. Price Waterhouse LLP, 154 F.3d 16, 21 (2d Cir. 1998); In re Vivendi Universal, S.A. Sec. Litig., 02 Civ. 5571(RJH), 2004 WL 3019766 at *1 (S.D.N.Y. Dec. 30, 2004); Madanes v. Madanes, 199 F.R.D. 135, 140 (S.D.N.Y. 2001). Rather, the Hague "Convention was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad." Société Nationale Industrielle Aérospatiale v. United States District Court for the Southern District of Iowa, supra, 482 U.S. at 536.

Accordingly, for all the foregoing reasons, Bardian's application to preclude the SEC from obtaining and using the documents it has requested the FSA to obtain and for other relief is denied in all respects.

Dated: New York, New York
August 13, 2009

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Kenneth John Guido , Jr., Esq.
Securities & Exchange Commission
100 F Street, N.E.
Washington, DC  20549

Caryn G. Schechtman, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York  10020

Richard J. Babnick , Jr., Esq.
Sichenzia Ross Friedman Ference, LLP
32nd Floor
61 Broadway
New York, New York  10006

Eliot Lauer, Esq.
Curtis, Mallet-Prevost,
   Colt & Mosle, LLP
101 Park Avenue
New York, New York  10178

Joshua I. Klein, Esq.
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007