# EXHIBIT D



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

September 4, 2019

**Via ECF and UPS Overnight**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    SEC v. Honig, et al.;
            <u>No. 18 Civ. 8175 (ER)</u>

Dear Judge Ramos:

     We represent the Plaintiff, Securities and Exchange Commission ("Commission"), in this action. We write to respond to the letters of counsel of Defendant Ladd, dated August 20, 2019 (DE 160), and Defendant Brauser, dated August 26, 2019 (DE 165) (collectively "Defendants"), respecting the Commission's notification of its ongoing investigation into certain Defendants' conduct that post-dates and is distinct from the conduct alleged in the Commission's Amended Complaint. (DE 105.)

     The Commission advised the Court and the parties of its non-public investigation precisely so that Defendants were on notice of it and could make their objections for the Court's consideration. The Commission will be prepared to address these issues at the September 11 Conference, as Defendants proposed. In advance of the Conference, the Commission provides the following response to the Defendants' Letters.

     <u>First</u>, the Commission is not using its administrative powers to take any discovery related to this case. Rather, and as noted in our Letter, the Commission plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint. Because those matters are unrelated to the instant matter, they are not the subject of this litigation nor subject to the Federal Rules of Civil Procedure.

     <u>Second</u>, settled law in this Circuit and others is clear that the Commission is free to conduct administrative, non-public investigations regarding any matter, even matters directly relevant to the instant proceedings. Sections 20(a) of the Securities Act of 1933 and 21(a) of the Securities Exchange Act of 1934 grant the Commission independent authority to investigate potential securities law violations, including through its own subpoena power. Federal courts have recognized that federal agencies may employ their independent power to investigate defendants in pending actions, even with respect to matters related to the ongoing litigation. <u>Bowles v. Bay of NY Coal & Supply Corp.</u>, 152 F.2d 330, 331 (2d Cir. 1945) (Federal Rules of

Hon. Edgardo Ramos                                                September 4, 2019
                                                                  Page 2

Civil Procedure did not preclude agency from issuing and enforcing its own administrative
subpoena against party defendant in agency's directly–related pending District Court
enforcement proceeding); Porter v. Mueller, 156 F.2d 278, 279-80 (3rd Cir. 1946) (same); SEC
v. Badian, No. 06 Civ. 2621 (LTS)(JLC) (S.D.N.Y. May 22, 2010) (Exhibit A hereto)
(permitting SEC to make administrative request for assistance to foreign regulator to obtain
documents relevant to existing litigation); SEC v. F.N. Wolf & Co., No. 93 Civ. 379 (LLS), 1993
WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993) (citing Bowles, Court held that the institution of
civil litigation "did not shrink the scope of the investigative resources available to the SEC, nor
limits its use of information obtained from those resources to purposes other than the litigation");
SEC v. Loyd, No. 8:02 Civ. 1613-T-26EAJ (M.D. Fla. Dec. 3, 2002) (Exhibit B hereto) (Federal
Rules of Civil Procedure "do not apply to restrict or control administrative subpoenas").

          As Defendant Brauser notes, the court in SEC v. Life Partners Holdings, Inc., No. 12 Civ.
00033 (JRN), 2012 WL 12850253 (W.D. Texas Aug. 17, 2012) prohibited the Commission from
using its administrative subpoena power to take testimony during the pendency of a litigation,
but that prohibition applied only where the "primary" purpose of the subpoena was "to conduct
discovery with respect to the claims alleged in the Complaint against Defendants." Id., 2012 WL
12918375 (W.D. Texas Sept. 27, 2012). Here, of course, the Commission intends to use its
administrative powers solely to investigate matters post-dating, and distinct from, the conduct at
issue in the Amended Complaint. If the Commission were unable to conduct a non-public
investigation of different conduct perpetrated by the defendants it sues, then those defendants
would have a free pass to violate the law pending the litigation of the Commission's claims -- a
result inconsistent with the public interest and the Commission's mission to protect investors.

          Nor does the Commission's Enforcement Manual limit the staff's ability to conduct non-
public investigations of existing litigants. Rather, it provides: "The [SEC Division of
Enforcement] may continue to investigate and issue investigative subpoenas pursuant to a formal
order of investigation while simultaneously litigating a related civil action if there is an
independent, good-faith basis for the continued investigation. An independent, good-faith basis
may include the possible involvement of additional persons or entities in the violations alleged in
the complaint, or additional potential violations by one or more of the defendants in the
litigation." Enforcement Manual at 32-33 (available at
https://www.sec.gov/divisions/enforce/enforcementmanual.pdf) (emphasis added).[1] Because
"additional potential violations" is the focus of the non-public investigation, the Commission
staff is not prohibited by Commission policy from issuing administrative subpoenas by the
pendency of this action.

---

[1]        Defendant Brauser's reliance on the Administrative Proceeding decision in In the Matter
of Morgan Asset Mgmt., Inc., 2010 WL 3405823 (July 12, 2010), is misplaced. In that matter,
the ALJ determined that Commission Rule of Practice 230(g), 17 C.F.R. § 201.230(g) – a Rule
that does not apply in the federal courts – prohibited the Enforcement Division from continuing
its investigation to uncover evidence for the purposes of a filed administrative proceeding. In
any event, as that court noted, Rule 230(g) would permit investigations of "distinct areas of
potential violations," even where an administrative proceeding has been instituted. Id., at *3 n.4.

Hon. Edgardo Ramos                                    September 4, 2019
                                                       Page 3

     Defendants' Letters seek to compel the Commission to advise the parties "of the additional matters the Commission is continuing to investigate," (Ladd Letter (DE 160), at 1-2), and "access to a copy of the Formal Order of Investigation." (Brauser Letter (DE 165), at 2.) The Commission is prepared to provide that information to the Court in camera.

                              Respectfully submitted,

                              Nancy A. Brown

cc:     All Defendants via ECF