# Exhibit 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Securities and Exchange Commission<br>*Plaintiff*<br>v.<br>Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen<br>*Defendant* | )<br>)<br>)  Civil Action No. 20 Civ. 10832 (AT)<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: One River Asset Management, LLC c/o Cogency Global Inc., 850 New Burton Rd, Ste 201, Dover, DE 19904

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A

| Place: Dennis Schofield           OR   by email to<br>800 King Street, Suite 102            Ripple-Subpoenas<br>Wilmington, DE 19801                  @debevoise.com | Date and Time:<br>04/21/2021 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/31/2021

CLERK OF COURT

_____                      OR      *Lisa Zornberg* (signature)
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ripple Labs, Inc. , who issues or requests this subpoena, are:
Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York, 10022; lzornberg@debevoise.com; 212-909-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:20-cv-10832-AT-SN   Document 126-5   Filed 04/21/21   Page 3 of 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20 Civ. 10832 (AT)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS TO DEFENDANT RIPPLE LABS INC.

## DOCUMENT REQUESTS

1. All Documents reflecting the Company's Communications relating to Jay Clayton.

2. All Documents reflecting Communications by the Company with the SEC since January 1, 2012, regarding the legal status of any Digital Asset, including but not limited to Bitcoin, Ether, and XRP.

3. All Documents reflecting Company Communications and/or analysis since 2012 regarding the legal status as a security of Bitcoin, Ether, and XRP, including, but not limited to, any reliance by the Company on any statements made by Jay Clayton.

4. All Documents reflecting Jay Clayton's compensation (agreed upon or anticipated), including, but not limited to, compensation for serving on One River Digital Asset Management LLC's Academic and Regulatory Advisory Council.

5. All Documents reflecting Communications between the Company and Jay Clayton in 2020 and 2021 about Jay Clayton potentially joining the Company in any capacity, including any Communications relating to ethical issues relating to such a position.

6. All Documents reflecting Communications between Jay Clayton and the Company relating to Bitcoin, Ether, or XRP.

7. All Documents related to the Company's assessment that "to date, speculators and investors seeking to profit from either short- or long-term holding of Bitcoin or Ether drive much of the demand for them, and competitive products may develop which compete for market share," including, but not limited to, the identification of any such "competitive products."[1]

---

[1] One River Asset Management, LLC Form ADV, at 80 (Jan. 1, 2021).

**DEFINITIONS AND RULES OF CONSTRUCTION**

1. The Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Civil Rules of The United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") are incorporated herein by reference.

2. "Bitcoin" refers to the native Digital Asset of the Bitcoin Blockchain.

3. "Communications" is defined according to the definition in Local Civil Rule 26.3 of the Local Rules.

4. "Company," "You," and "Your" mean One River Asset Management LLC, as well as aliases, code names, trade names, or business names used by, or formerly used by, the foregoing, and any of its respective parents, subsidiaries, affiliates, divisions, predecessors, or successors, its present or former officers, directors, employees, agents, partners, independent contractors, or any other representatives, including, but not limited to, One River Digital Asset Management LLC and One River Bitcoin Fund (Onshore), LP.

5. "Digital Asset" refers to an asset issued or transferred using distributed ledger or Blockchain technology, including assets sometimes referred to as "cryptocurrencies," "virtual currencies," or "digital coins."

6. "Documents" is defined according to the definition in Local Civil Rule 26.3 of the Local Rules.

7. "Electronically Stored" has the broadest possible definition and includes any information stored electronically, magnetically, or optically, including (by way of example and not as an exclusive list): (a) digital Communications (e.g., electronic mail, text messages, voice mail, instant messaging); (b) word processed Documents (e.g., Word or Word Perfect Documents and drafts); (c) spreadsheets and tables (e.g., Excel or Lotus 123 worksheets); (d) accounting application data (e.g., Quickbooks or Money files); (e) image and facsimile files

2

(e.g., .pdf, .tiff, .jpg, .gif images); (f) sound recordings (e.g., .wav and .mp3 files); (g) video and animation (e.g., .avi and .mov files); (h) databases (e.g., Access, Oracle, SAP, SQL server data); (i) contact and relationship management data (e.g., Outlook); (j) calendar and diary application data (e.g., Outlook .pst, blog tools); (k) online access data (e.g., temporary internet files, history, cookies); (l) presentations (e.g., PowerPoint); (m) network access and server activity logs; (n) project management application data; (o) computer aided design/drawing files; and (p) backup and archival files (e.g., .zip).

8. "Ether" refers to the native Digital Asset of the Ethereum Blockchain.

9. The "SEC" refers to the U.S. Securities and Exchange Commission.

10. "Request" refers to the requests for the production of Documents that are listed in Schedule A.

11. The terms "and" and "or" are defined according to the definitions in Local Civil Rule 26.3 of the Local Rules.

12. "XRP" refers to the native Digital Asset of the XRP Ledger, previously known as "New Coin," "Ripple Credits" or "Ripples."

**INSTRUCTIONS**

1. These Requests apply to all Documents in Your possession, custody, or control or to which You are legally entitled to access, regardless of their location and regardless of whether such Documents are held by You or any other person or entity otherwise subject to Your control.

2. If any portion of a Document is considered responsive to any request, the request shall be construed as requesting production of the entire Document.

3. Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purpose of limitation.

4. Questions regarding the interpretation of these Document requests should be resolved in favor of the broadest possible construction.

5. Responsive Documents are to be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the enumerated requests in this Document request.  If You produce copies of the responsive Documents, it is requested to retain the originals of all such Documents for inspection.  All attachments and appended or embedded links or files shall be produced if any one of them is responsive to any of these Document requests.  If with respect to any request there are no responsive Documents, so state in writing.

6. All Electronically Stored information that You ordinarily maintain in digital or electronic form, other than e-mail, is to be produced in the form in which it ordinarily is maintained.  All such Electronically Stored information shall include all associated metadata and all associated files, including but not limited to attachments or hyperlinked files.

7. All e-mails, text messages, instant messages, Bloomberg messages, Slack messages, social media posts, Skype call logs and/or messages, mobile application messages, Microsoft Word or other word processing Documents, and non-Electronically Stored information (paper Documents) shall be produced as single-page TIFF images with load files.  All other Electronically Stored information shall be produced in its native format, including but not limited to all Excel or other spreadsheet files and all PowerPoint or other presentation files.  All Documents shall include, as applicable, the following metadata fields: BEGBATES [Key Value],

ENDBATES, BEGATTACH, ENDATTACH, PARENT_BATES, CHILD_BATES, CUSTODIAN, FROM, TO, CC, BCC, SUBJECT, TITLE, DATE_SENT, TIME_SENT, FILE_NAME, FILE_EXTEN, AUTHOR, DATE_CREATED, DATE_MOD, DATE_ACCESSED, PRINTED DATE, FILE_SIZE, PATH, INTFILEPATH, FULLTEXT, NativeLink, and REDACTED.  An e-mail and its attachments shall be produced as separate records.  The attachment(s) should immediately follow the parent email.  The parent/child relationship between email and attachment(s) is to be maintained by properly providing the BEGATTACH and ENDATTACH metadata.  Any attachments to an e-mail shall be produced in native format, and shall include all associated metadata.  Images should be provided in 1-Bit B&W Group IV Single Page Tiffs (300 DPI), and color images in single page .JPG format when color is necessary.  Extracted text should be provided on a Document level.  A rendering of the email shall be provided in static format that corresponds to the text format of the original e-mail (*i.e.*, plain text e-mails rendered as .txt files, rich text e-mails rendered as .rtf files and .html e-mails rendered as .html files).  Any encryption or password protected files should have the protection removed prior to being produced.

8.    If any Document or part of a Document responsive to this request is withheld under a claim of privilege, work-product immunity, or other claimed privilege or protection from discovery, You shall furnish a privilege log of the responsive Documents that are not being disclosed and a copy of the redacted Documents, bates-stamped.  Unless the parties otherwise agree or the court orders the parties to use a different format, the privilege log shall set forth, as to each Document: (a) the identity of each author or preparer of the Document, including their name, title and business affiliation; (b) the identity of the addressee and of every other person who received, read, or viewed the Document, including their name, title and business affiliation;

(c) the date the Document bears; (d) the nature of the Document, *e.g.*, letter, memorandum, e-mail, etc.; (e) either the title the Document bears or the specific subject matter of the Document, and a short description of the Document sufficient to determine the validity of the assertion of the privilege; and (f) the nature of the privilege claimed. For all redactions or attachments withheld as privileged, also include identifying information, such as bates number or file path, to indicate the Document the redacted portion or attachment is a part of.

9. If part of an otherwise responsive Document contains information that is subject to a claim of privilege, those parts of the Document subject to the claim of privilege shall be deleted or redacted from the Document, the deleted or redacted parts shall be clearly marked as such, and the rest of the Document shall be produced.

10. If You cannot respond to these Document requests in full after exercising due diligence to secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of this inability to respond to the remainder.

11. If any of these requests is objected to, You shall serve a response stating with particularity the reasons for the objection, and shall produce the requested Documents to the extent that the request is not objectionable.

12. If You contend that a particular request, or a definition or an instruction applicable thereto, is ambiguous, You are requested to set forth in Your written response the allegedly ambiguous language and the interpretation of that language that You have adopted in responding to the request in question.

13. Unless otherwise indicated, these requests call for the production of Documents created, edited, sent, or received between January 1, 2012, and the present, inclusive.

Dated: New York, New York
March 31, 2021

DEBEVOISE & PLIMPTON LLP

By: _____

Mary Jo White
Andrew J. Ceresney
Lisa Zornberg
(lzornberg@debevoise.com)
Christopher S. Ford
Joy Guo

919 Third Avenue
New York, NY 10022
212-909-6000

*Attorneys for Defendant Ripple Labs Inc.*

7