# Exhibit A



**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**Andrew J. Ceresney**
Partner
aceresney@debevoise.com
Tel  +1 212 909 6947

April 19, 2021

BY EMAIL

Jorge G. Tenreiro
Dugan Bliss
Daphna Waxman
Jon Daniels
U.S. Securities and Exchange Commission
Division of Enforcement
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281

**SEC v. Ripple Labs Inc., et al., No. 20 Civ. 10832 (AT) (S.D.N.Y.)**

Dear Mr. Tenreiro, Mr. Bliss, Ms. Waxman, and Mr. Daniels:

Thank you for meeting and conferring with us on April 14, 2021. To ensure that our understanding of the Parties' agreements and discussions is consistent with yours, this letter serves to memorialize instances where we believe we reached agreement during the April 14 discussion.[1]

We did not have an opportunity to discuss several remaining issues with respect to the SEC's First and Second Sets of Requests for Production ("SEC's First RFPs" and "SEC's Second RFPs") to Ripple and Ripple's Second Set of Requests for Production ("Ripple's Second RFPs") to the SEC. As noted at the meet and confer, we wish to address the outstanding issues related to those topics in this letter.

1. **Timing of SEC Production of Documents**

The SEC represented that it would be making its first production of both internal and external documents regarding bitcoin, ether, and XRP by Friday, April 16, 2021. Going forward, the SEC agreed that it would produce documents on a rolling basis, with the understanding that productions would be sent on a regular basis depending on the volume of documents.

---

[1] As with the Parties' prior letters, this letter is not intended to take or reflect advocacy positions and is without prejudice to the Responses and Objections to the First Set of RFPs that Ripple served on February 24, 2021 and the Responses and Objections to the Second Set of RFPs that Ripple served on March 10, 2021.

Jorge G. Tenreiro, et al.                                              April 19, 2021

### 2. Ripple's Request to add Eric Kringel as a Custodian

We requested including Eric Kringel as an additional custodian for SEC document collection and production in light of Judge Netburn's recent ruling on April 6, 2021. To our understanding, Kringel served as a primary liaison to the Financial Crimes Enforcement Network ("FinCEN") during the period of Ripple's settlement with FinCEN. Ripple requested Kringel's emails to be searched for the narrow category of communications with FinCEN during the 2015 period regarding that settlement. The SEC agreed to consider this request. However, during a meet on confer on April 16, 2021, the SEC indicated it would only consider our request to search Kringel's documents "in the future" but had no plans to do so now.

### 3. The SEC's Interpretation of Judge Netburn's Order

The SEC agreed to memorialize its interpretation of Judge Netburn's order with respect to potentially responsive internal documents in a written response to Ripple. The SEC indicated during the meet and confer that its "initial position" was that Judge Netburn's order applies only to documents reflecting the Commission's official views and, since the Commission's views are reflected in formal documents that are approved only by the five Commissioners, all such interpretations of the agency on the subject of XRP, bitcoin, and ether are publicly available, such that there are no discoverable internal materials responsive to the Court's order justifying a search. The SEC also indicated that although it was aware of the existence of internal memoranda relating to XRP, bitcoin, and/or ether, such documents would be protected under the deliberative process privilege, which the SEC did not think should be logged. On April 16, 2021, Ripple followed up with the SEC for its final position on the issue, but the SEC responded that it was not prepared to give its final position in writing until the following week.

### 4. Ripple's RFPs to SEC

Ripple's Second RFP Nos. 27 and 28. The SEC represented that it is reviewing its position on Ripple's request for production of the SEC's internal policies concerning the ownership and trading of digital assets in light of Judge Netburn's ruling, and agreed to follow up to Ripple with an update. As this has been outstanding for some time, we request a response with the SEC's position at the Parties' next meet and confer, scheduled for Wednesday, April 21, 2021.

Ripple's Second RFP No. 29. As noted in Ripple's letter dated March 26, 2021, Ripple requests that the SEC produce the analyses prepared by the Division of Economic and Risk Analysis ("DERA") in connection with the investigation, provide a privilege log, or confirm that no such analyses were undertaken during the investigation. Based on the SEC's April 1, 2021 email, we understand that the SEC would log the DERA documents regardless of any agreement we may reach on the issue of privilege logs more broadly related to documents created or collected in the

2

Jorge G. Tenreiro, et al.                                                                                           April 19, 2021

context of the investigation. As your email reflects, we do think the DERA documents are different and should still be logged because (1) they should have been included or accounted for in your investigative file, but were not, and (2) the volume is limited.

Ripple's Second RFP No. 33. In the SEC's Responses and Objections to Ripple's Second RFPs, the SEC represented that no responsive documents exist for this Request. Ripple notes that publicly available information (*see, e.g.*, https://dailyhodl.com/2019/08/01/sec-reveals-plan-to-spin-up-bitcoin-ethereum-and-xrp-nodes/, https://www.trustnodes.com/2019/07/30/sec-to-run-bitcoin-ethereum-xrp-nodes, and https://www.cryptonewsz.com/more-control-or-more-freedom-sec-to-run-btc-eth-xrp-nodes-inviting-contractors/) suggests that in 2019, the SEC looked into hiring contractors to run nodes for some of the leading distributed ledgers, including Bitcoin, Ethereum, and XRP. Ripple's Request for documents or communications concerning any "other server" that connected to or interfaced with the XRP Ledger or any other blockchain ledger covers such information. Ripple requests that the SEC search for and produce any responsive documents to this Request with respect to actual or potential contractors used by the SEC to run nodes, as well as the information the SEC gathered in doing so.

## 5. SEC Requests for Additional Custodians and Documents

Requests for Additional Ripple Custodians. The SEC continued to assert that Ripple should add Ryan Zagone,[2] Cameron Kinloch,[3] and Phil Rapoport as custodians. Ripple reiterated its position that there are insufficient documents on which these custodians are the sole Ripple representatives to justify the burden of adding them as custodians. Ripple also represented that it would be burdensome and costly to identify the exact number of such emails in their custodial data, since that would require having to collect, process, and host their data.

Request for Ripple In-House Attorneys as Custodians. Adding these individuals to the custodian list is a significant overreach given that they are unlikely to result in significant numbers of additional documents over and above documents containing

---

[2] The SEC inquired as to whether Ripple had previously produced a document sent by Ryan Zagone to the United Kingdom's Financial Conduct Authority (FCA) regarding the regulatory framework for distributed ledger technologies. Ripple represents that this document was produced at **RPLI_SEC 0349909** and **RPLI_SEC 0178838**.

[3] The SEC's April 1, 2021 email cited one unique, non-duplicative document for Cameron Kinloch as justification for collecting and reviewing all of her emails. Our search reached the same result, of one unique email, but also 28 separate emails where Ripple representatives other than Kinloch appear. In other words, Kinloch is the sole communicator in just one of the 29 emails. Ripple does not believe that justifies the cost and time required for pulling and searching her emails.

3

Jorge G. Tenreiro, et al.                                                         April 19, 2021

the current custodians and the tremendous burden of conducting such a privilege review and logging the privileged emails. The SEC's April 1, 2021 email referenced two emails that it claimed (1) were not previously produced by Ripple and (2) suggested that additional communications occurred between Ripple's in-house counsel and Bittrex that were not provided to the staff (Bittrex 8046 and 1074). Contrary to the SEC's claims, these documents were in fact produced by Ripple at **RPLI_SEC 0063592** and **RPLI_SEC 0034576**, respectively, and Miguel Vias was also copied on those emails.

Investigation Requests applied to New Custodians. The SEC requested that Ripple update prior productions and conduct searches responsive to those requests with the seven custodians newly added during the investigation, including for dates preceding the date of our last voluntary production in the investigation. Given the scope of the prior productions and the extent of Ripple's ongoing review of emails in response to other requests, Ripple will not agree to conduct such searches until the SEC first identifies any specific gaps in the prior production. If any such gaps were identified, Ripple would consider the requests on a case-by-case basis.

Google Drive Data. Ripple represented that there would be significant costs and burden associated with collecting all the custodians' Google Drive data, which is comprised of approximately 3 terabytes of data. Ripple asked that the SEC narrow its request for Google Drive data to specific custodians, time periods, and documents.

6. **Documents Post-Dating the Filing of the Complaint**

The SEC claimed that Ripple's reliance on documents and data post-dating the December 22, 2020 Complaint, including in Ripple's March 26, 2021 letter in response to John E. Deaton's March 19, 2021 motion seeking to intervene (Case 1:20-cv-10832-AT-SN, Document 75), renders such documents and communications discoverable.

Our position is that documents dated after December 22, 2020 are not relevant to the issues in this case at this stage of the litigation. While we have noted that our experts may potentially use publicly-available XRP price and volume information dated after December 22, 2020, we do not agree such use would extend the relevant period for discovery.

During the meet and confer, you claimed that Ripple's March 26, 2021 letter in response to Mr. Deaton's motion seeking to intervene ("Ripple's Response to Intervention Letter") put at issue in this matter whether or not XRP is currently a security. But our response contained only two references to publicly available information that reflected the current state of the XRP market at the time of the

4

Jorge G. Tenreiro, et al.                                                                                  April 19, 2021

Complaint.[4]  Ripple therefore reiterates its position that discovery post-dating the December 22, 2020 complaint is not appropriate.

### 7. SEC's First RFPs to Ripple

<u>SEC's First RFP No. 26</u>.  The SEC's April 1, 2021 email asked to confirm that Ripple's production will include all documents and communications concerning purchases and sales of XRP by Jed McCaleb.  Ripple notes that Request No. 9 from the SEC's Fourth Set of Requests for Production ("SEC's Fourth RFPs") to Ripple, which requests documents and communications concerning any trading of XRP by Mr. McCaleb, addresses this issue more directly.  Ripple is prepared to respond to Request No. 9 from the SEC's Fourth RFPs at the Parties' next meet and confer.

Regarding trading plans, based on Ripple's review to date, Ripple does not have a trading plan for Mr. McCaleb in its custody, possession, or control.

### 8. SEC's Second RFPs to Ripple

<u>SEC's Second RFP Nos. 2 and 42</u>.  The SEC's March 26, 2021 letter asked if Ripple maintains daily or weekly trading runs provided by third party market makers.  Certain market makers executing Ripple's programmatic sales did send Ripple periodic reports about their selling activities on Ripple's behalf.  Ripple has already produced trading runs generated by GSR (*see* **RPLI_SEC 0165658**), as well as similar reports sent from Crypto-Systems (*see* **RPLI_SEC 0193149)**.  Ripple believes that its prior productions of these trading runs satisfy this request.

<u>SEC's Second RFP No. 2</u>.  In the April 1, 2021 email, the SEC proposed modifying its Second RFP No. 2 to include affiliates of digital asset platforms ("Documents sufficient to identify the digital asset platform on which any sale, lease, offer, transfer, distribution, or exchange of XRP was made, and all Agreements and/or Communications with any such platform *and its affiliates*").  Ripple objects to adding this language because the Request as it is currently worded is sufficient to address all responsive documents the SEC is seeking.

---

[4]  First, "[a]s a result, XRP is estimated to be held today by millions of holders worldwide, with approximately $700 billion to $1 trillion in total trading volume since 2013." (Ripple's Response to Intervention Letter at 2).  And second, "[d]ue to resulting market uncertainty, XRP has been de-listed, or trading halted, by nearly every digital asset exchange in the United States, and by numerous other exchanges throughout the world.  The filing of the SEC's complaint resulted in the value of circulating XRP declining by more than $15 billion, and the disruption of numerous innovative applications of XRP.  Based only on unproven allegations, the SEC has effectively shut down trading by XRP holders over exchanges in the United States."  (Ripple's Response to Intervention Letter at 2).

5

Jorge G. Tenreiro, et al.                                                                                     April 19, 2021

SEC's Second RFP No. 42.  Ripple accepts the SEC's proposed modification to this Request to include "All Documents and Communications Concerning any Agreement to make XRP and/or any financial product related to XRP available for listing or potential listing of XRP; and any payment or proposed by Ripple to any digital asset trading platform."

SEC's Second RFP No. 5.  Ripple's search terms for this Request will include the jurisdictions of the UK, Singapore, and Japan.  Ripple reiterates its position that it does not construe this Request to encompass documents and communications regarding Ripple's and third parties' interactions with the SEC about XRP's regulatory status.  Rather, any such communications will be captured by the more targeted requests specifically asking for those communications from the SEC's Fourth RFPs, which will be discussed at the Parties' next meet and confer.  The language of this specific Request carves out communications with lawyers representing Ripple in connection with the SEC investigation, who would have had most of the communications directly with the SEC about XRP's legal status.

SEC's Second RFP No. 7.  As previously noted, Ripple will include Cardano, Basic Attention Token, Lumens, ZCash, and 0x within the scope of this Request.  In its March 26, 2021 letter, the SEC also asked that Ripple include Kin and Grams in the scope of this Request.  Ripple agrees to do so.  The SEC has also asked that Ripple search for documents relating to comparisons between XRP and "assets that have been the subject of SEC enforcement actions for being securities under *Howey*."  The SEC has brought a number of enforcement actions against digital assets in the past, so Ripple does not agree to include additional digital assets unless the SEC identifies those assets with particularity and articulates the relevance of the request.

SEC's Second RFP No. 14.  The SEC has asked for Ripple to expand this Request to also include documents or communications concerning "Ripple's involvement in the creation of the XRP Ledger Foundation."  Ripple will incorporate this into its current search for this Request.

SEC's Second RFP No. 15.  The SEC asked for Ripple to confirm whether UBRI had received any non-XRP consideration.  Ripple is finding out more information about any funding to UBRI and will provide an update at the Parties' next meet and confer.

SEC's Second RFP No. 20.  The SEC proposed modified language for this Request: "All documents and communications concerning any analysis of the XRP market impact of Ripple's XRP distributions or sales, including but not limited to an 'XRP inflation framework' referenced in RPLI_SEC 0187027, and all documents and communications concerning the feasibility of different methods of XRP distribution, including but not limited to free giveaways."  Ripple believes that the portion of the Request calling for "any analysis of the XRP market impact of Ripple's XRP distributions and sales" is too broad and already addressed by other Requests relating

6

Jorge G. Tenreiro, et al.                                                                     April 19, 2021

to Ripple's distributions and sales, including Request No. 22 from the SEC's First RFPs, and Requests Nos. 11 and 34 from the SEC's Second RFPs, and so does not agree to the modification.

As for the portion of the request calling for "all documents and communications concerning the feasibility of different methods of XRP distribution, including but not limited to free giveaways," Ripple's position is that the Request is overbroad and vague. The portion regarding giveaways is already covered by Request Nos. 16 and 17 from the SEC's Second RFPs. As explained during a prior meet and confer, Ripple has previously produced documents regarding early bounty and giveaway programs as of September 2019. Ripple does not believe there are any updated documents responsive to this Request after that date, given how early those programs took place. Ripple has already agreed to running searches for internal analyses regarding the feasibility of those giveaways. Accordingly, it is Ripple's position that it need not produce additional documents with respect to giveaways for this Request.

SEC's Second RFP Nos. 24 and 29. In the SEC's April 1, 2021 email, it proposed to modify both of these Requests to cover "Documents sufficient to identify all Ripple and affiliates bank accounts and any account at *any digital asset trading or custody platform*." Ripple's view is that this modification significantly overlaps with Request No. 5 from the SEC's First RFPs, which seeks "Documents sufficient to identify all accounts held in the name or for the benefit of, on behalf of, or controlled, by Ripple at any bank or at any digital asset trading platform." Regardless, Ripple is in the process of identifying what information, if any, is maintained by the Company in the ordinary course of business that would be responsive to these Requests, and will provide what exists and respond further once that information is located.

SEC's Second RFP No. 33. Ripple does not agree to expand the scope of this Request in accordance with the SEC's March 26, 2021 letter, which called for all documents and communications with the Hatch Agency without limitation. The limitation agreed upon by the parties at the March 17, 2021 meet and confer was for "all Documents and Communications with the Hatch Agency concerning announcements as to XRP or Ripple projects related to XRP." Ripple further notes that the SEC is receiving responsive documents directly from the Hatch Agency.

SEC's Second RFP No. 37. In the SEC's March 26, 2021 letter, the SEC proposed that this Request include "All Documents and Communications Concerning (a) Ripple's decision to invest in MoneyGram as it related to ODL and/or the Commercial Agreement between Ripple and MoneyGram, and (b) Ripple's sale of MoneyGram stock in or around November 2020." Ripple has previously produced emails and documents in connection with the July 2019 partnership and Ripple's investment in MoneyGram, as of September 2019. Ripple will update its prior production to include any responsive documents from September 2019 through

Jorge G. Tenreiro, et al.                                                                April 19, 2021

December 22, 2020, as well as to run additional search terms to capture emails about the November 2020 sale, to the extent any such responsive documents exist.

<u>SEC's Second RFP No. 46</u>.  The SEC had asked for Ripple to provide information sufficient to identify the degree or level of Chris Larsen's authority over Ripple's Board of Directors, or to otherwise stipulate as to Mr. Larsen's appointment authority.  Ripple believes this information is better suited for an interrogatory than an RFP.

<u>SEC's Second RFP No. 47</u>.  Ripple has obtained the Ripple email addresses that were used to create the social media accounts, and proposes arranging a separate phone call with the SEC to provide this information.

* * *

We look forward to discussing these and other issues with respect to this matter at our next meet and confer.

Please feel free to contact me if you have any questions.

Very truly yours,

Andrew J. Ceresney
(aceresney@debevoise.com)
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

cc:       Matthew Solomon, Counsel for Defendant Bradley Garlinghouse
            Martin Flumenbaum, Counsel for Defendant Christian A. Larsen

8