# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS        NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3191

WRITER'S DIRECT FACSIMILE
(212) 492-0191

WRITER'S DIRECT E-MAIL ADDRESS
mflumenbaum@paulweiss.com

April 29, 2021

**By ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     *Re: SEC* v. *Ripple Labs, Inc. et al.,* No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

  Last night, after Defendants had filed our April 28, 2021 reply letter on the MOU issue to be taken up by Your Honor at tomorrow's scheduled conference, the SEC sent Defendants the attached letter (Exhibit A hereto). The letter, for the first time, disclosed the full breadth of the MOU requests they sent around the world – information which, for the last two months the SEC withheld from Defendants. Three short points are in order regarding this disclosure:

  *First*, we now can see that the SEC has leveraged MOUs to seek discovery from 30 different entities and individuals. Previously, the SEC had represented in its letter to the Court filed April 23, 2021, that "the SEC has issued 11 Requests to 9 foreign regulators, covering approximately 20 entities . . . and their affiliates."

  *Second*, more than 20 of the MOU targets reside in jurisdictions where local regulators have determined that XRP is not a security (Japan, UK and Singapore). Nevertheless, those entities and individuals have been served with compulsory process through MOUs into which the Defendants and Court have had zero visibility. Moreover, the compulsory process served on those foreign entities and individuals by foreign regulators seeks incredibly burdensome and extensive documents, including documents the SEC can get or has already obtained from Defendants. However, any objections along these lines that the MOU targets could raise if the SEC sought discovery from them in this Court under the Federal Rules of Civil Procedure are not available in response to the MOU requests.

  *Third*, the SEC's letter, without basis, accuses Defendants of violating privilege by sharing the two FCA cover letters with the Court under seal, even though the SEC (i) produced those letters to Defendants without asserting any claim of privilege, and (ii) explicitly told Defendants and this

Court that it intended to produce to Defendants such communications to which no privilege applied. *See* April 23 letter (stating that "the SEC contacted the foreign regulators who had received requests to ask whether the communications from that regulator to the SEC were subject who had received requests to ask whether the communications from that regulator to the SEC were subject to protection under the laws of their own jurisdictions [and] … the SEC notified Defendants that the SEC had engaged in this endeavor and would disclose to defendants any such communications as to which no foreign-law privilege or protection applies"). To be clear, this privilege issue is *not* before the Court and Defendants will respond to the SEC's privilege claim by separate letter. We mention it only to prevent confusion when Your Honor reviews the SEC letter.

We look forward to further addressing these issues with the Court at tomorrow's hearing.

Respectfully submitted,

| | |
|---|---|
| */s/ Andrew J. Ceresney* | */s/ Martin Flumenbaum* |
| Andrew J. Ceresney | Martin Flumenbaum |
| DEBEVOISE & PLIMPTON LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| *Counsel for Defendant Ripple Labs Inc.* | *Counsel for Defendant Christian A. Larsen* |
| | |
| */s/ Michael K. Kellogg* | */s/ Matthew C. Solomon* |
| Michael K. Kellogg | Matthew C. Solomon |
| KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| *Counsel for Defendant Ripple Labs Inc.* | *Counsel for Defendant Bradley Garlinghouse* |

cc: All Counsel of Record