

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

**NEW YORK**
**REGIONAL OFFICE**

May 3, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, N.Y. 10007

Re:     <u>*SEC v. Ripple Labs, Inc. et al.*</u>, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Plaintiff Securities and Exchange Commission ("SEC") respectfully writes in reply to Defendants' April 28, 2021 letter to the Court ("April 28 Letter," Doc. 138) and in further support of the SEC's April 21, 2021 letter ("April 21 Letter," Doc. 126) to seek an order that resolves pending discovery disputes and bars Defendants from seeking irrelevant, internal SEC staff materials that this Court has already ruled are not discoverable.

The SEC does not seek reconsideration of the Court's April 6, 2021 Order ("Order"), as Defendants contend.  Rather, as their letter makes clear, it is *Defendants* who are seeking to disregard that Order and obtain internal SEC discovery that the Court already rejected.  Thus, the SEC seeks an order that bars Defendants from improper discovery beyond the limits of the Order.

## I.     Defendants Again Demand Internal SEC Staff Communications, Contrary to the Order.

In their initial March 15, 2021 letter to the Court ("March 15 Letter," Doc. 67), Defendants demanded "internal [SEC] communications of any sort, even where they reveal the market's and the SEC's own prolonged uncertainty over whether XRP was a security."  March 15 Letter at 1.  On April 6, the Court denied Defendants' requests for "e-mail communications between . . . SEC staff" as not relevant to "how the market is considering XRP and how the individual defendants, how it affects their reasonable belief," and given "the potential to seriously chill government deliberations."  April 6, 2021 Hearing Tr. ("Tr.," Ex. 1 to Doc. 126) at 52:14-25.  The Court explained: "I am not going to require communications to be produced that are internal e-mail communications within the agency."  *Id.*  Two days following that Order, Defendants demanded precisely that:  "all documents – including presentation slide decks, agendas, and other materials – that are internal to the SEC or that may have been circulated as part of inter-agency working groups with respect to cryptocurrency."  (April 8 Letter, Ex. 3 to Doc. 126.)  And that is precisely the discovery Defendants again demand in their April 28 Letter, arguing that "internal SEC communications . . . may relate to relevant communications between SEC staffers and market participants; they may contain information about market conditions or market understanding of cryptocurrencies."  April 28 Letter at 2-3.

Defendants also insist—just as they did in their initial March 15 Letter (at page 7) and at oral argument on this issue (Tr. at 34:2-9)—that if SEC "staff expressed doubts" internally "about the status of cryptocurrencies," Defendants are entitled to those internal communications. April 28 Letter at 3. Indeed, Defendants now claim that they made "successful arguments for the production of internal SEC communications." April 28 Letter at 2. Defendants simply seek to ignore the Court's Order.

Since the Order, Defendants have consistently rejected the Court's limitations on SEC internal discovery, in their April 8, 2021 letter to the SEC (Ex. 3 to Doc. 126), during the parties' meet-and-confer session on April 14, 2021 (Doc. 126 at 2), and in their April 28 Letter to the Court. Given Defendants' refusal to comply with the Order, the SEC seeks an order prohibiting Defendants from obtaining internal SEC staff communications the Court already excluded from search or production.

## II.    The Court Ordered the Parties to Meet and Confer as to Whether Any Internal Documents "[E]xpressing the [A]gency's [I]nterpretation or [V]iews" Were Subject to Discovery, and No Such Documents Exist.

The Court's April 6 Order did not require the SEC to produce any internal documents, but rather required the parties to meet and confer about "whether" the SEC should produce or enter onto a privilege log, "to the extent there are relevant minutes or more official internal memos[,]" any such documents "expressing *the agency's* interpretation or views" as to XRP, Bitcoin and ether. Tr. at 53:2-13 (emphasis added). Two days after the Order, Defendants provided a list of internal SEC communications that they claimed were subject to discovery. April 8, 2021 Letter to SEC (Ex. 3 to Doc. 126). During the parties' April 14, 2021 meet-and-confer session, when SEC counsel explained that such documents are not subject to discovery under the Order because they do not express the agency's interpretation or views, Defendants nevertheless insisted that the documents be produced. Defendants made clear during the parties' meet-and-confer session that they would not change their position on what internal SEC documents they view as subject to the Order, but rather asked whether the SEC would reconsider its position. After further consideration, the SEC still viewed its position as correct. Given the parties' fundamental disagreement as to what the Order requires, and the tight discovery timeline in this case, it was apparent to the SEC that it would be necessary to seek relief from the Court.

Defendants now incorrectly claim that "the SEC admitted that it had responsive documents." April 28 Letter at 2. Defendants further incorrectly claim that the "SEC acknowledged that it has internal memoranda that relate to XRP, bitcoin, and/or ether that are responsive to Defendants' discovery requests." *Id.* These assertions are untrue. At the meet-and-confer, we explained that while SEC staff prepare internal memoranda—such as the privileged action memoranda presented by SEC lawyers to the Commission to enable the Commission to determine whether to institute an enforcement action like this one—any such internal memoranda do *not* express *the agency's* interpretation or views; such memoranda express only the SEC staff's views. In that way, they are no different from staff emails expressing staff views and are thus the type of internal, deliberative communications that the Order did not subject to discovery. As the SEC's April 21 Letter explained, documents expressing the agency's interpretation or views as to these matters are made public, as required by law, April 21 Letter at 3-4, a point which Defendants do not dispute.

Defendants effectively concede that they seek documents that the Court's Order already held were not required to be reviewed or produced by the SEC. They argue that "[t]he SEC misses the point. . . .

2

Internal communications need not themselves constitute agency action to be discoverable where they relate to communications with market participants, show market conditions or understanding, or show it was not 'so obvious that it should be known' that XRP is a security." April 28 Letter at 3. But the Court's April 6 Order did *not* require the SEC to produce such internal communications and expressly blocked from review and discovery SEC internal emails. Yet Defendants now seek additional internal SEC communications that are not "official internal memos . . . expressing the agency's interpretation or views" as to XRP, Bitcoin and ether. Tr. at 53:2-13 (emphasis added). Defendants' attempt to go beyond this Court's Order should be rejected. Notably, the SEC has already produced approximately 21,300 documents pursuant to the Order, which constitute external communications potentially reflecting market understandings of XRP, Bitcoin, and ether, and expects to produce thousands more shortly. Thus, Defendants are receiving the documents the Court ordered the SEC to produce.

Finally, Defendants incorrectly assert that the SEC refused to produce a privilege log. April 28 Letter at 4. The SEC has made clear that it will log privileged documents responsive to the Order, but is not required to log internal privileged documents that are not subject to review by the Order.

### III.    Defendants' April 28 Letter Contains Two Important Concessions.

First, Defendants now concede that "they have not asked the SEC to search the personal devices of custodians." April 28 Letter at 4. While that is not consistent with statements by counsel for Defendant Larsen at the parties' meet-and-confer session, the SEC appreciates the concession, and Defendants should therefore have no objection to a discovery order so limiting their requests.

Second, Defendants' April 28 Letter concedes that they proposed a 20th custodian *after* the parties' extensive briefing and argument on the scope of the SEC's review and production of external emails and the Court's April 6 Order. Defendants provide no reasonable justification for this late addition of a proposed custodian and during the parties meet-and-confer would not agree not to seek to add additional custodians. Thus, there is no basis to add another custodian now, and the discovery order should appropriately reject discovery from any additional custodians.

Thus, the SEC respectfully requests that the Court reject Defendants' improper discovery demands and issue the proposed discovery order attached to its April 21 Letter.

Respectfully submitted,

Dugan Bliss

cc:     All counsel (via ECF)