PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3191

WRITER'S DIRECT FACSIMILE
(212) 492-0191

WRITER'S DIRECT E-MAIL ADDRESS
mflumenbaum@paulweiss.com

May 3, 2021

**Via ECF and Email**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      *Re: SEC* v. *Ripple Labs, Inc. et al.,* No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

      We write on behalf of Defendants Christian A. Larsen and Bradley Garlinghouse (the "Individual Defendants") in opposition to the SEC's request, for the first time, to file a single 60-page combined brief in response to each of the two Individual Defendants' motions to dismiss. (ECF 148.)

      The SEC should not be permitted to use a consolidated opposition to further conflate the relevant allegations against each of the Individual Defendants. As it stands, the SEC's Amended Complaint contains 440-paragraphs of overlapping, and generalized allegations against Ripple Labs Inc. ("Ripple") and the Individual Defendants. The SEC has attempted to lump Individual Defendants together, even though the SEC's own allegations show that each Individual Defendant had different roles and tenures at Ripple and engaged in different conduct at different times. As only one distinction, Mr. Larsen was CEO of Ripple between 2012 and 2016 and then Executive Chairman, while Mr. Garlinghouse did not join Ripple until 2015 when he became COO and did not become CEO until 2017. Mr. Larsen and Mr. Garlinghouse have also, where appropriate, raised different arguments identifying why the SEC's claims fail as a matter of law as to each individual. In drafting their motions to dismiss, the Individual Defendants were forced to first parse out the different factual allegations against them and respond specifically to those allegations. Separate opposition briefs will force the SEC to address the specific arguments raised by each Individual Defendant, enable Individual Defendants to more

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

squarely address the SEC's opposition arguments against them on reply, and ultimately enable the Court to clearly see the parties' arguments as to each Individual Defendant.

Moreover, the SEC only sought Individual Defendants' consent to filing a consolidated opposition *after* Individual Defendants submitted their opening briefs. Given the Individual Defendants' pre-trial letters (ECF 49, 50), the SEC has known for months that the Individual Defendants would be submitting separate memoranda, raising distinct points, and that it would need to submit separate responses. The SEC failed to seek the Individual Defendants' consent to file a consolidated opposition during the parties' extensive meet and confers on the briefing schedule. Nor did the SEC request leave to file a consolidated opposition in the parties' joint letter to the Court setting out the proposed briefing schedule. It is improper for the SEC to now request that it be allowed to submit a combined response that will inevitably muddy the distinct factual allegations it must rely upon to sustain any of its claims against the Individual Defendants.

In light of the Court's order and the approach the parties agreed to months ago, the SEC's request, in effect, amounts to an inappropriate request for enlargement. That effort should be denied. To the extent the Court is inclined to grant the SEC's motion to file a single brief, and to the extent the SEC truly seeks efficiency, then the Court should reject the SEC's attempt to enlarge its allotted page limit by limiting the SEC to no more than 45 pages.

Respectfully Submitted,

| | |
|---|---|
| */s/ Matthew C. Solomon* | */s/ Martin Flumenbaum* |
| Matthew C. Solomon | Martin Flumenbaum |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| *Counsel for Defendant Bradley Garlinghouse* | *Counsel for Defendant Christian A. Larsen* |

cc: All Counsel of Record