PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3191

WRITER'S DIRECT FACSIMILE
(212) 492-0191

WRITER'S DIRECT E-MAIL ADDRESS
mflumenbaum@paulweiss.com

May 4, 2021

**By ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        *Re: SEC* v. *Ripple Labs, Inc. et al.,* No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

        We write on behalf of Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (collectively "Defendants") to respectfully request that the Court enter an order removing from the case file two exhibits, ECF Nos. 141-1 and ECF 141-2, that Defendants previously filed under seal in connection with their letter dated April 28, 2021 (ECF No. 141).  After we filed these two exhibits, the SEC asserted that they were privileged and had been inadvertently produced, asking that Defendants destroy all copies of the exhibits pursuant to the Paragraph 30 of the Protective Order in this case (ECF No. 53).  We accordingly make this request to avoid any noncompliance with our obligations under the Protective Order.

        To be clear, Defendants do not agree with the SEC's assertion of privilege, which is baseless, and by making this request we are not conceding the validity of that assertion.  Moreover, we note that Defendants requested last week that the SEC produce redacted versions of these documents as replacements to be filed with the Court, but the SEC has thus far failed to do so, without explanation.

        Respectfully Submitted,

        /s/ *Martin Flumenbaum*
        Martin Flumenbaum
        *Counsel for Defendant Christian A. Larsen*

cc:    All counsel (via ECF)