

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

May 7, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 219
New York, N.Y. 10007

Re:   *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Paragraph III.F of this Court's Individual Practices in Civil Cases and Paragraph 15 of the Protective Order this Court entered in this case (D.E. 53), Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter regarding the filing under seal of 12 of the 16 exhibits—Exhibits A-C and E-M—filed with the SEC's motion to compel the production of certain documents from Defendants.

Exhibits A-B are the two legal memos referred to in the SEC's Amended Complaint (*e.g.*, D.E. 46 at ¶¶ 51-60). To date, these memos have been filed as exhibits to two discovery disputes before this Court (D.E. 78-1), by Defendant Christian A. Larsen as exhibits to his motion to dismiss before Judge Torres (D.E. 108-1, 108-2), and by the SEC as exhibits to its motion to strike Ripple's fourth affirmative defense, also before Judge Torres (D.E. 130-1, 130-2).

Exhibits C and E-I are various emails between Ripple and third parties, all of which Ripple has designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order. Exhibits J and K are certain privilege logs Ripple produced to the SEC in its pre-suit investigation. Exhibits L and M are excerpts of testimony two Ripple executives provided during the SEC's investigation.

The parties have not had occasion to meet and confer to narrow the scope of confidential designations (to the extent Ripple asserts them) as required by Paragraph 15 of the Protective Order, but the SEC will make itself available to meet and confer with Defendants on this issue in short order. The SEC has filed these exhibits under seal temporarily and in an abundance of caution, to give Ripple the three days provided for in the Protective Order so that Ripple may file a motion to seal these documents under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), should the parties be unable to reach an agreement narrowing the scope of confidential designations.

Respectfully submitted,

Jorge G. Tenreiro

cc:   All counsel (via ECF)