# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                               Plaintiff,<br><br>         v.<br><br>RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,<br><br>                               Defendants. | No. 20-cv-10832 (AT) |

## DEFENDANT RIPPLE LABS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Ripple Labs Inc. ("Ripple" or "Defendant"), by and through its undersigned counsel, hereby objects and responds to Plaintiff's First Set of Interrogatories to Defendant Ripple Labs Inc. ("Plaintiffs' First Set of Interrogatories," each individually an "Interrogatory") dated March 9, 2021.

Ripple's responses are made without waiving or intending to waive any objections as to relevancy, privilege, or admissibility of any information provided in response to Plaintiffs' First Set of Interrogatories. A partial answer to any Interrogatory to which Ripple has objected, in whole or in part, is not intended to be a waiver of the objection.

These responses are based on the information currently available to Ripple. Ripple reserves the right to amend, supplement, or modify its responses and objections at any time in the event that it obtains additional or different information, pursuant to Fed. R. Civ. P. 26(e)(1).

The information supplied in these responses is not based solely upon the knowledge of the executing party, but includes the knowledge of the party, its agents, representatives, and attorneys, unless privileged.

## INTRODUCTORY STATEMENT

Nothing in Ripple's responses and objections herein shall be construed as a waiver of Ripple's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility or any other proper grounds to the use of any information provided in response to Plaintiffs' First Set of Interrogatories, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to these First Set of Interrogatories or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protections against disclosure.

All of the General Objections and Objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Objections and Responses to the individual Interrogatories set forth below and have the same force and effect as if fully set forth therein. Without waiving any of the General Objections to the extent they apply to each of the individual Interrogatories, Ripple may specifically refer to certain General Objections in responding to a particular Interrogatory. Any objection or lack of an objection to any portion of an individual Interrogatory shall not be deemed an admission that Ripple can identify information in response to such Interrogatory.

**GENERAL OBJECTIONS**

1.      Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information that is neither relevant to the claims or defenses asserted in this action nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.      Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure.  Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.

3.      Ripple objects to each Interrogatory and to each Definition and Instruction on grounds that they are vague, unduly burdensome and/or overly broad, to the extent that they ask for the identification of "all documents," "any lawyer or law firm" or "any person."   Ripple will identify all documents, lawyers, law firms or persons whom Ripple is aware possess substantial knowledge or information concerning the subjects of the applicable Interrogatory.

4.      Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they are unreasonably cumulative, duplicative or seek information or documents obtainable from some other source that is more convenient, less burdensome or less expensive than the efforts it would take for Ripple to provide the information or documents.

5. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information that are not in the possession, custody or control of Ripple, on the grounds that such discovery is overly broad, unduly burdensome and in excess of Rule 34 of the Federal Rules of Civil Procedure.

6. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent they seek information already in the possession, custody or control of Plaintiff or is obtainable from public sources.

7. The failure of Ripple to object to any specific Interrogatory or Definition and Instruction on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s). Ripple reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

8. Ripple does not concede the relevance, materiality or admissibility of any information or documents sought in the Interrogatories. Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose or any other ground to the use of any information or documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

9. These objections and responses do not constitute, and shall not be interpreted as Ripple's agreement with, or admission as to the truth or accuracy of, any legal or factual characterization or allegation stated or implied in Plaintiff's Definitions, Instructions or in any of the individual Interrogatories.

10. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent they seek to impose obligations on Ripple that go beyond the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules, including Local Civil Rule 33.3.

11. The uniform definitions and rules of construction set forth in Local Civil Rule 26.3 of the Local Rules are incorporated by reference as if fully set forth herein.

### OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

12. Ripple objects to the Definitions and Instructions insofar as they depart from the requirements of the Federal Rules of Civil Procedure and the Local Rules. Ripple will respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules.

13. Ripple objects to Definition and Instruction No. 9, to the extent it states the relevant time period for the Interrogatories extends beyond the date of the filing of the complaint in this action. Events subsequent to Dec. 22, 2020 are [not relevant to any claim or defense] and therefore Definition and Instruction No. 9 is overly broad, unduly burdensome, not proportionate to the needs of this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

### SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Identify the existence, custodian, location, and general description of all documents regarding current actual "use[s]" or "functions" of XRP as those terms are used in paragraph 1 of your Amended Answer dated March 4, 2021 (D.E. 51) ("Answer") at page 1.

### RESPONSE NO. 1

Ripple incorporates its General Objections and Objections to the Definitions and Instructions as if fully stated herein.

Ripple further objects to this Interrogatory as improper at this time under Local Civil Rule 33.3(c), as it seeks the claims and contentions of the opposing party prior to the conclusion of other discovery.

Ripple also objects to this Interrogatory as it requests information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges or protections against discovery. Ripple objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for an analysis applying law to facts, requiring a statement that particular uses of XRP are relevant to the Securities Act analysis, theories that are protected by the attorney work-product doctrine and asks Ripple to explain or analyze how facts support its defenses and Answer.[1]

Ripple further objects to this Interrogatory to the extent it implies any action by Ripple subsequent to the filing of the complaint in this action is relevant to any claim or defense.

Ripple also objects to this Interrogatory as duplicative and cumulative of Plaintiff's requests for production, which are "a more practical method for obtaining the information sought." Local Civil Rule 33.3(b); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Ripple further objects that Ripple does not have knowledge of all current and potential "uses" and "functions" of XRP, and such information is outside of Ripple's possession, custody or control and/or is already in the possession, custody or control of Plaintiff or obtainable from

---

[1] Paragraph 1 of Ripple's Amended Answer, which is quoted in Interrogatory No. 1, states in its entirety: "That theory ignores, among many other things, that XRP performs a number of functions that are **distinct from the functions of 'securities' as the law has understood that term** for decades. For example, XRP functions as a medium of exchange — a virtual currency used today in international and domestic transactions — moving value between jurisdictions and facilitating transactions. It is not a security and the SEC has no authority to regulate it as one." (Emphasis added.) Paragraph 1 of Ripple's Amended Answer states a legal conclusion and the Interrogatory impermissibly asks Ripple at this stage to reveal its legal theory underlying that conclusion.

public sources. *See, e.g.*, Letter from John Deaton on behalf of XRP Holders to Judge Analisa Torres re: Intention to file Motion to Intervene (Mar. 19, 2021) (D.E. 75) at 4 (Noting "literally hundreds of developers using XRP and the XRPL[, where] **the vast majority of these developers have never had any contact with Ripple or its executives**" among a list of eight uses for XRP, "a few examples of how XRP Holders utilize XRP **without Ripple's knowledge or input**") (emphasis added). Ripple further objects on the grounds that this Interrogatory incorrectly assumes Ripple is the sole party using XRP for utility and/or that Ripple is aware of all use cases involving XRP and/or the XRPL.

Subject to and without waiving the foregoing objections, answers to this Interrogatory can be ascertained from documents being produced in Ripple's responses to, *inter alia*, Plaintiff's First Set of Document Requests to Defendant Ripple Labs Inc., Request No. 8 (requesting "[a]ll Documents and Communications Concerning ODL"), Request No. 15 (requesting "[a]ll Documents and Communications Concerning any initiatives by xPring to support the development of uses or infrastructure for XRP and/or the XRP Ledger"), Request No. 31 (requesting "[a]ll Documents and Communications Concerning the use of XRP for payment for consumer goods"); and Plaintiff's Second Set of Document Requests to Defendant Ripple Labs Inc., Request No. 18 (requesting "[a]ll Documents and Communications Concerning Ripple's efforts to develop uses for XRP other than for cross border payments"). Ripple would also direct Plaintiff to Appendix E of its October 22, 2020, Wells submission for a non-exhaustive list of XRP use cases.[2]

---

[2] *See also* https://www.xrparcade.com/xrpecosystem/ (third-party compilation of XRP use cases).

To the extent not otherwise objected to herein, Ripple will supplement by the close of discovery any responsive information to the interrogatory it is aware of that was not substantially disclosed in response to Plaintiff's requests for production.

**INTERROGATORY NO. 2**

Identify each of the "300 customers" referenced in your November 6, 2019 announcement available at https://ripple.com/insights/ripplenet-growth-announcing-more-than-300-customers/.

**RESPONSE NO. 2**

Ripple incorporates its General Objections and Objections to the Definitions and Instructions as if fully stated herein. Ripple further objects to this Interrogatory on the ground that it is overly broad, not proportional to the needs of the case, and without any apparent relevance to the litigation, to the extent it seeks the identity of "each of" the 300 customers.

Subject to and without waiving the foregoing objections, the RippleNet customers referenced in the November 6, 2019, statement include banks, payment providers, and infrastructure partners. These entities include Banco Industrial SA; Transatlantica S.A.; SBI Sumishin Net Bank; Suruga Bank; Pronto Money Transfer Inc.; Remitware Payments, Inc.; SendFriend; FlashFX; Lemonway; and BTC Markets, among others.

To the extent not otherwise objected to herein, Ripple will supplement by the close of discovery any responsive information to the interrogatory it is aware of that was not substantially disclosed in response to Plaintiff's requests for production.

**INTERROGATORY NO. 3**

Identify any lawyer or law firm with whom Ripple discussed the legal or regulatory status of XRP under any legal regime, including but not limited to its status as a "security," a "currency," or a "commodity" under any U.S. federal, state, or local law and the date(s) of such discussion(s).

**RESPONSE NO. 3**

8

Ripple incorporates its General Objections and Objections to the Definitions and Instructions as if fully stated herein.

Ripple further objects to this Interrogatory to the extent it calls for information regarding matters protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protections against discovery. Ripple also objects to this Interrogatory as overly broad, to the extent it requests the identity of "any" lawyer or law firm with whom Ripple discussed the legal or regulatory status of XRP under "any" legal regime. Ripple also objects to this Interrogatory to the extent it seeks information outside of Ripple's possession, custody or control and/or that is already in the possession, custody or control of Plaintiff or obtainable from public sources.

Ripple further objects to this Interrogatory as duplicative and cumulative of Plaintiff's requests for production, which are "a more practical method for obtaining the information sought." Local Civil Rule 33.3(b); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Ripple also objects to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks information concerning international legal regimes not at issue in this action.

Ripple further interprets this Interrogatory as concerning Ripple's discussions as a client with any lawyer or law firm concerning the legal or regulatory status of XRP, and objects to this Interrogatory to the extent it seeks information that would indicate the specific legal questions regarding XRP's status that were posed to legal counsel.

Subject to and without waiving the foregoing objections, answers to this Interrogatory can be ascertained from documents being produced in Ripple's responses to, *inter alia*, Plaintiff's First Set of Document Requests to Defendant Ripple Labs Inc., RFP No. 23 (requesting "[a]ll Documents and Communications Concerning the legal or regulatory status of XRP under the U.S. federal securities laws"), RFP No. 25 (requesting "[a]ll Documents and Communications Concerning any discussions of XRP's potential or actual status as a 'currency' or a 'convertible virtual currency.'"); Plaintiff's Second Set of Document Requests to Defendant Ripple Labs Inc., RFP No. 5 (requesting "[a]ll Documents and Communications Concerning the legal or regulatory status of XRP under any legal regime"), RFP No. 6 (requesting "[a]ny legal opinion provided by Ripple to any digital asset trading platform Concerning the legal or regulatory status of XRP under any legal regime"); and Plaintiff's Fourth Set of Document Requests to Defendant Ripple Labs Inc., RFP No. 7 (requesting "[a]ll Documents and Communications requesting or transmitting any legal opinion or analysis relating to XRP").

Subject to and without waiving the foregoing objections, and only to the extent this Interrogatory seeks a list of the law firms that Ripple has retained to provide it with legal advice with respect to compliance with legal and regulatory requirements of the United States and certain international jurisdictions, Ripple identifies the following lawyers and law firms and the approximate date on which they were retained in response to Interrogatory No. 3:

- Boies Schiller Flexner LLP (2019);
- Debevoise & Plimpton LLP (2018);
- Kellogg, Hansen, Todd, Figel & Frederick: P.L.L.C. (2020);
- King & Spalding LLP (2020);
- Quinn Emanuel Urquhart & Sullivan, LLP (2017);

- Perkins Coie LLP (2012);

- Paul Hastings LLP (2012);

- Schiff Harden LLP (2015);

- Skadden, Arps, Slate, Meagher & Flom LLP (2018); and

- Wilmer Cutler Pickering Hale and Dorr LLP (2017).

To the extent not otherwise objected to herein, Ripple will supplement by the close of discovery any responsive information to the interrogatory it is aware of not substantially disclosed in response to Plaintiff's requests for production.

**INTERROGATORY NO. 4**

Identify any person or entity who asked Ripple to furnish a legal opinion regarding the legal or regulatory status of XRP under any legal regime, including but not limited to its status as a "security," a "currency," or a "commodity" under any U.S. federal, state, or local law and the date(s) of such discussion(s) irrespective whether Ripple provided such an opinion.

**RESPONSE NO. 4**

Ripple incorporates its General Objections and Objections to the Definitions and Instructions as if fully stated herein.

Ripple further objects to this Interrogatory to the extent it calls for information regarding matters protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protections against discovery.

Ripple also objects to this Interrogatory as overly broad, to the extent it requests the identity of "any" person or entity who asked Ripple to furnish a legal opinion regarding the legal or regulatory status of XRP under "any" legal regime.

11

Ripple also objects to this Interrogatory to the extent it seeks information outside of Ripple's possession, custody or control and/or that is already in the possession, custody or control of Plaintiff or obtainable from public sources.

Ripple further objects to this Interrogatory as duplicative and cumulative of Plaintiff's requests for production, which are "a more practical method for obtaining the information sought."  Local Civil Rule 33.3(b); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Ripple also objects to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks information concerning international legal regimes not at issue in this action.

Subject to and without waiving the foregoing objections, answers to this Interrogatory can be ascertained from documents being produced in Ripple's responses to, *inter alia*, Plaintiff's First Set of Document Requests to Defendant Ripple Labs Inc.,  RFP No. 23 (requesting "[a]ll Documents and Communications Concerning the legal or regulatory status of XRP under the U.S. federal securities laws"), RFP No. 25 (requesting "[a]ll Documents and Communications Concerning any discussions of XRP's potential or actual status as a 'currency' or a 'convertible virtual currency.'"); Plaintiff's Second Set of Document Requests to Defendant Ripple Labs Inc., RFP No. 5 (requesting "[a]ll Documents and Communications Concerning the legal or regulatory status of XRP under any legal regime"), RFP No. 6 (requesting "[a]ny legal opinion provided by Ripple to any digital asset trading platform Concerning the legal or regulatory status of XRP under any legal regime"); and Plaintiff's Fourth Set of Document

Requests to Defendant Ripple Labs Inc., RFP No. 7 (requesting "[a]ll Documents and Communications requesting or transmitting any legal opinion or analysis relating to XRP").

Subject to and without waiving the foregoing objections, Defendant identifies the following entities in response to Interrogatory No. 4:

- CRCM Ventures, on or before January 5, 2015;
- Coinbase, on or before January 11 and July 27, 2018, and on or about January 24, 2019;
- Bittrex, on or before February 22, February 23, March 22 and May 30, 2018;
- Jump Trading, on or before March 20, 2018;
- SFOX, on or before April 6, 2018;
- CME Group, on or before September 6, 2018; and
- Stone Ridge Asset Management, on or before September 19, 2017.

**INTERROGATORY NO. 5**

Identify the existence, custodian, location, and general description of all documents regarding your current sales, transfers, or distributions of XRP (including the "*current* distributions" referred to in paragraph 16 of your Answer at page 8), including all of your present obligations to sell, distribute, or transfer XRP, and including any present intentions to offer, sell, transfer, or distribute XRP in the future, or to offer incentives or payments to any third parties with respect to XRP.

**RESPONSE NO. 5**

Ripple incorporates its General Objections and Objections to the Definitions and Instructions as if fully stated herein.

Ripple further objects to this Interrogatory as is overly broad, unduly burdensome, not proportionate to the needs of this litigation and not reasonably calculated to lead to the discovery

13

of relevant or admissible evidence, including because it seeks "all documents" and refers to "current" activities involving XRP without further specifying a time period.

Ripple also objects to this Interrogatory as improper at this time under Local Civil Rule 33.3(c), seeking the claims and contentions of the opposing party prior to the conclusion of other discovery.

Ripple further objects to this Interrogatory as it requests information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges or protections against discovery.

Ripple also objects to this Request to the extent it implies any action by Ripple subsequent to the filing of the complaint in this action is relevant.

Ripple further objects to this request to the extent it seeks information that is already in the possession, custody or control of Plaintiff or is obtainable from public sources.

Ripple also objects to this Interrogatory as duplicative and cumulative of Plaintiff's requests for production, which are "a more practical method for obtaining the information sought." Local Civil Rule 33.3(b); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Subject to and without waiving the foregoing objections, answers to this Interrogatory can be ascertained from documents being produced in Ripple's responses to, *inter alia*, Plaintiff's First Set of Document Requests to Defendant Ripple Labs Inc., RFP No. 4 (requesting [d]ocuments sufficient to identify all amounts provided by Ripple under any agreement regarding XRP between any Person and Ripple"), RFP No. 7 (requesting "[d]ocuments sufficient to identify all inflows and outflows of XRP from any digital wallet (either cold and hot) maintained

or under the control of Ripple"), RFP No. 10 (requesting "[d]ocuments sufficient to identify the timing, amounts, prices, and counterparties of any purchase or sale of XRP by Ripple"), RFP No. 11 (requesting "[a] complete list of individuals and entities that purchased or received XRP from Ripple"); Plaintiff's Second Set of Document Requests to Defendant Ripple Labs Inc., RFP No. 25 (requesting "[a]ll Documents and Communications Concerning any loan (in cash or XRP) to any Ripple employee."); and Plaintiff's Fourth Set of Document Requests to Defendant Ripple Labs Inc., RFP No. 11 (requesting "[d]ocuments sufficient to identify all 'programmatic' sales of XRP by Ripple").

To the extent not otherwise objected to herein, Ripple will supplement by the close of discovery any responsive information to the interrogatory it is aware of not substantially disclosed in response to Plaintiff's requests for production.

Dated:     April 8, 2021
           New York, New York

                                    DEBEVOISE & PLIMPTON LLP

                                    By: /s/ Andrew J. Ceresney
                                    Andrew J. Ceresney
                                    Mary Jo White
                                    Lisa Zornberg
                                    Christopher S. Ford
                                    Joy Guo
                                    919 Third Avenue
                                    New York, NY 10022
                                    212-909-6000

                                    KELLOGG, HANSEN, TODD, FIGEL &
                                    FREDERICK PLLC

                                    Michael K. Kellogg
                                    Reid M. Figel
                                    Sumner Square
                                    1615 M Street, NW, Suite 400
                                    Washington, DC 20036
                                    202-326-7900

15

*Attorneys for Defendant Ripple Labs Inc.*

# CERTIFICATE OF SERVICE

I, Joy Guo, hereby certify that on April 8, 2021, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories by electronic mail upon the following:

Dated: April 8, 2021

| | |
|---|---|
| Jorge G. Tenreiro<br>Dugan Bliss<br>Daphna A. Waxman<br>Jon A. Daniels<br>SECURITIES AND EXCHANGE COMMISSION<br>New York Regional Office<br>Brookfield Place<br>200 Vesey Street, Suite 400<br>New York, NY 10281<br>(212) 336-9145<br>*Attorneys for Plaintiff Securities and Exchange Commission* | Martin Flumenbaum<br>Michael E. Gertzman<br>Meredith R. Dearborn<br>Kristina A. Bunting<br>Justin D. Ward<br>PAUL, WEISS, RIFKIND<br>WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000<br>*Attorneys for Defendant Christian A. Larsen* |
| Matthew C. Solomon<br>Alexander J. Janghorbani<br>Samuel Levander<br>Lucas Hakkenberg<br>CLEARY GOTTLIEB<br>STEEN & HAMILTON LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>(202) 974-1680<br>*Attorneys for Defendant Bradley Garlinghouse* | Michael K. Kellogg<br>Reid M. Figel<br>KELLOGG, HANSEN, TODD<br>FIGEL & FREDERICK PLLC<br>Summer Square<br>1615 M Street, NW, Suite 400<br>Washington, DC 20036<br>(202) 326-7900<br>*Attorneys for Defendant Ripple Labs Inc.* |

DEBEVOISE & PLIMPTON LLP

/s/ Joy Guo
Joy Guo
919 Third Avenue
New York, NY 10022
(212) 909-6000
jguo@debevoise.com

*Attorney for Defendant Ripple Labs Inc.*