# Exhibit N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

            v.

RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and
CHRISTIAN A. LARSEN,

                              Defendants.

No. 20 CV 10832 (AT)

---

## DEFENDANT RIPPLE LABS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York, Defendant Ripple Labs, Inc. ("Ripple"), by and through its undersigned counsel, hereby objects and responds to the Second Set of Requests for Production (each individually a "Request"), dated February 8, 2021, issued by Plaintiff Securities and Exchange Commission ("SEC," and, collectively with Ripple, the "Parties"). Subject to the following general and specific objections, and to the agreements reached during the Parties' meet and confer on February 23, 2021, Ripple will produce to Plaintiff, on a rolling basis pursuant to a schedule to be agreed upon by the Parties, copies of non-privileged, responsive documents and communications within its possession, custody, or control.

These responses are based on information currently available to Ripple. Ripple reserves the right to amend, supplement and/or modify its responses and objections at any time in the event that it obtains additional or different information.

## INTRODUCTORY STATEMENT

Nothing in Ripple's responses and objections herein shall be construed as a waiver of Ripple's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility or any other proper grounds to the use of any information provided in response to these Second Set of Requests for Production, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to these Second Set of Requests for Production or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine and/or any other applicable privilege, immunities, or protections against disclosure.

All of the General Objections and Objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Objections and Responses to the individual Requests set forth below and have the same force and effect as if fully set forth therein.  Without waiving any of the General Objections to the extent they apply to each of the individual Requests, Ripple may specifically refer to certain General Objections in responding to a particular Request.  Any objection or lack of an objection to any portion of an individual Request shall not be deemed an admission that Ripple maintains documents within its possession, custody, or control sought in such Request.

## GENERAL OBJECTIONS

1.      Ripple objects to each Request and to each Instruction and Definition to the extent that they seek the production of documents or things that are neither relevant to the claims or defenses asserted in this action nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the Parties' relative access to relevant information, the Parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.      Ripple objects to each Request and to each Instruction and Definition to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure.  Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.  Ripple specifically reserves the right to demand the return of any documents that inadvertently may be produced during discovery.

3.      Ripple objects to each Request and to each Instruction and Definition on the grounds that they are vague, unduly burdensome and/or overly broad, to the extent that they seek production of "all" documents, especially used in conjunction with the terms "concerning," "including but not limited to" or depicting "each and every."   Ripple will produce documents that can be located through reasonable diligence, that directly and specifically concern the Second Set of Requests for Production, and that are relevant to the claims or defenses asserted in this action and proportional to the needs of this case.

4.      Ripple objects to each Request and to each Instruction and Definition to the extent that they are unreasonably cumulative, duplicative or seek information or documents obtainable from some other source that is more convenient, less burdensome or less expensive than the efforts it would take for Ripple to provide the information or documents.  Where a document or

information is responsive to more than one Request, Ripple will produce the document only once.

5.      Ripple objects to each Request and to each Instruction and Definition to the extent that they seek information or documents that are not in the possession, custody or control of Ripple, on the grounds that such discovery is overly broad, unduly burdensome, not proportional to the needs of the case, or in excess of Rule 34 of the Federal Rules of Civil Procedure.

6.      Ripple objects to each Request and to each Instruction and Definition to the extent they seek documents and/or information available to Plaintiff from its own files, from files within its control or from public sources.

7.      Ripple objects to each Request and to each Instruction and Definition to the extent they seek production of documents containing the confidential information of third parties.

8.      The failure of Ripple to object to any specific Request or Instruction or Definition on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s).  Ripple reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

9.      Ripple does not concede the relevance, materiality or admissibility of any information or documents sought in the Requests.  Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose or any other ground to the use of any information or documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

10.      These objections and responses do not constitute, and shall not be interpreted as Ripple's agreement with, or admission as to the truth or accuracy of, any legal or factual

characterization or allegation stated or implied in Plaintiff's Definitions, Instructions or in any of the individual Requests.

11.     Ripple objects to each Request and to each Instruction and Definition to the extent they seek to impose obligations on Ripple that go beyond the requirements set forth in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York.

12.     The uniform definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

## **OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

13.     Ripple objects to Plaintiff's Definitions and Instructions No. 1 defining "Ripple" to the extent it refers to persons or entities other than Ripple Labs, Inc. on the grounds that such interpretation would render the Requests overbroad and unduly burdensome.

14.     Ripple objects to Plaintiff's Definition and Instruction No. 4 defining "XRP" as "tokens" or "coins," as it incorporates potentially misleading characterizations, assumptions and unsupportable legal conclusions.

15.     Ripple objects to Plaintiff's Definitions Nos. 5, 6, 7, 8, 9, 10, 11, 12, and 13 to the extent that they are broader than or purport to require more than Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 require.  Ripple will respond to the Requests using the definitions in the Federal and Local Rules.

16.     Ripple objects to Plaintiff's Instructions Nos. 11, 12, 13, 14, 16, and 18 to the extent that they are broader than or purport to require more than Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 require.  Ripple will respond to the Requests in accordance with the requirements of the Federal Rules and Local Rules.

17.     Ripple objects to Plaintiff's Instruction No. 15 instructing Ripple to complete production of responsive documents by Wednesday March 10, 2021 at 9:00 a.m., on the grounds that Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure only requires that "the party to whom the request is directed must respond in writing within 30 days after being served." Pursuant to Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure and subject to the objections below, Ripple will produce to Plaintiff documents responsive to Plaintiff's Second Set of Requests for Production, if any, pursuant to a rolling schedule to be agreed upon by the Parties.

18.     Ripple objects to Plaintiff's Definitions and Instructions No. 17 to the extent that it purports to set the relevant period for the Requests as January 1, 2012 through "the present." As agreed upon by both Parties, Ripple will not produce documents dated after December 22, 2020 in response to any of Plaintiff's Requests for Production.

19.     Ripple objects to Plaintiff's Definitions and Instructions No. 19 as unduly burdensome to the extent it purports to require Ripple to indicate the Bates numbers of documents previously produced by Ripple to Plaintiff that are responsive to the below Document Requests.

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to any Specific Objections set forth below, specifically incorporating each of the foregoing General Objections into each Specific Response below, and without waiving said objections and responses, Ripple responds as follows:

**REQUEST NO. 1**

All Documents and Communications Concerning: (a) sales, leases, offers, transfers, distributions, or exchanges of XRP by Ripple, Garlinghouse, and/or Larsen, and (b) the trading or potential trading of XRP by Ripple, Garlinghouse, and/or Larsen.

**RESPONSE NO. 1**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request to the extent it seeks communications and documents within the possession, control, or custody of the Individual Defendants.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the term "potential trading."  Ripple also objects to this Request to the extent it is duplicative of Requests Nos. 4, 10, 11, and 26 from Plaintiff's First Set of Requests for Production, and Requests Nos. 25, 27, and 45 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning these topics, from the date of Ripple's most recent production through December 22, 2020.

**REQUEST NO. 2**

Documents sufficient to identify the digital asset platform on which any sale, lease, offer, transfer, distribution, or exchange of XRP was made, and all Agreements and/or Communications with any such platform.

**RESPONSE NO. 2**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "all … Communications" as overbroad, vague, ambiguous and not defined with reasonable particularity, as it is unclear on the face of the Request what communications Plaintiff seeks.  Ripple further objects to this Request on the grounds that it is overly broad and would require an unduly burdensome search for "all Agreements and/or Communications" related to the identified subject matter.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced extensive documents to Plaintiff.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple objects to this Request to the extent it purports to require Ripple to generate or produce materials that are not kept in the ordinary course of business.  Ripple further objects to this Request to the extent it is duplicative of Request No. 10 from Plaintiff's First Set of Requests for Production, and Request No. 42 from Plaintiff's Second Set of Requests for Production.

**REQUEST NO. 3**

All documents produced by you or to you in connection with the civil action *Matter of Ripple Labs*, 18 Civ. 6753 (N.D. Cal.), and all discovery documents, including, but not limited to, answers to interrogatories and requests for admissions, and deposition transcripts.

**RESPONSE NO. 3**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request to the extent it is duplicative of prior

requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request to the extent it is duplicative of any other requests for production made by Plaintiff in this litigation.  Ripple also objects to this request to the extent it would violate a protective order in place for the referenced lawsuit. Ripple further objects to the Request for "all discovery documents" as overbroad, vague, ambiguous and not defined with reasonable particularity, as it is unclear on the face of the Request what documents Plaintiff seeks.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will produce any non-duplicative, non-privileged documents that Ripple produced to the plaintiffs in the referenced lawsuit.

**REQUEST NO. 4**

All documents produced by you or to you in connection with the civil action *Tetragon Financial Group Ltd. v Ripple Labs Inc.,* C.A. No. 2021-0007-MTZ, and all discovery documents, including, but not limited to, answers to interrogatories and requests for admissions, and deposition transcripts.

**RESPONSE NO. 4**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request to the extent it is duplicative of prior request made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request to the extent it is duplicative of any other requests for production made by Plaintiff in this litigation.  Ripple also objects to this request to the extent it would violate a protective order in place for the referenced lawsuit.

Ripple further objects to the Request for "all discovery documents" as overbroad, vague, ambiguous and not defined with reasonable particularity, as it is unclear on the face of the Request what documents Plaintiff seeks.

Subject to and without waiving the foregoing objections, in response to this Request, Ripple will produce any non-duplicative, non-privileged documents from the Relevant Period (January 1, 2012 through December 22, 2020) that Ripple produced to the plaintiffs in the referenced lawsuit that are relevant to the claims or defenses in this case.

**REQUEST NO. 5**

> All Documents and Communications Concerning the legal or regulatory status of XRP under any legal regime, including but not limited to the status of XRP as a "security," a "currency," or a "commodity" under any U.S. federal, state, or local law. This request includes, without limitation and for the avoidance of doubt, any Communications with the law firm Schiff Hardin regarding the legal status of XRP, but excludes Communications with any lawyers representing you in connection with the Investigation.

**RESPONSE NO. 5**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request to the extent it requests documents or information regarding matters protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection. Ripple further objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, as it requests "[a]ll Documents and Communications Concerning" the identified subject matter, which seeks documents without any apparent relevance to the litigation. Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the term "any legal regime." Ripple further objects to this Request to the extent it is duplicative of prior requests made by Plaintiff during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff. Ripple further

objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple also objects to this Request to the extent it is duplicative of Request Nos. 23 and 25 from Plaintiff's First Set of Requests for Production, and Request No. 6 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing obligations, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning these topics, from the date of Ripple's most recent production through December 22, 2020.  In addition, as agreed to in Plaintiff's March 1, 2021 letter, regarding the request concerning "the legal or regulatory status of XRP under any legal regime," Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents from the relevant period in its possession, custody or control, if any, that concern the regulatory status of XRP under the legal regimes of the United Kingdom, Japan, and Singapore.

**REQUEST NO. 6**

Any legal opinion provided by Ripple to any digital asset trading platform Concerning the legal or regulatory status of XRP under any legal regime, including but not limited to its status as a "security," a "currency," or a "commodity" under any U.S. federal, state, or local law, including, but not limited to, the attachment identified as "B-5 Legal Opinion" in RPLI_SEC 0031741.

**RESPONSE NO. 6**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request to the extent it requests documents or information regarding matters protected by the attorney-client privilege, the work product

doctrine and/or any other applicable privilege or protection.  Ripple also objects to this Request

on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise

indicate the meaning of the term "any legal regime."  Ripple also objects to this Request to the

extent it is duplicative of prior requests made during the Investigation, in response to which

Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request to

the extent it is duplicative of Request Nos. 23 and 25 from Plaintiff's First Set of Requests for

Production, and Request No. 5 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will conduct a

reasonably diligent search for responsive documents and will produce non-duplicative, non-

privileged documents in its possession, custody or control, if any, that are responsive to this

Request.

**REQUEST NO. 7**

All Documents and Communications Concerning any comparison of XRP to any
other digital asset, including, but not limited to, the google document identified in
RPLI_SEC 0060307.

**RESPONSE NO. 7**

Ripple incorporates its General Objections and Objections to Definitions and Instructions

as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests

"[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further

objects to the Request for "any comparison of XRP to any other digital asset," as it is overly

broad, unduly burdensome, and not proportional to the needs of the case.  Ripple further objects

to this Request on the grounds that it is vague and confusing as Plaintiff fails to define, identify

or otherwise indicate the meaning of the term "any other digital asset."  Ripple also objects to

this Request to the extent it is duplicative of prior requests made during the Investigation, in

response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects

to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it is duplicative of Request No. 11 from Plaintiff's Second Set of Requests for Production.

## REQUEST NO. 8

All Documents and Communications Concerning fictitious XRP trade volume.

## RESPONSE NO. 8

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request on the grounds that it is vague, confusing, and fails to identify the documents sought with reasonable particularity, as Plaintiff fails to define, identify or otherwise indicate the meaning of the phrase "fictitious XRP trade volume."  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

## REQUEST NO. 9

Documents sufficient to disclose the corporate structure of Ripple, and any affiliated entities, including, but not limited to, the date and place of establishment, organization, and, if applicable, incorporation.

**RESPONSE NO. 9**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request as unduly burdensome to the extent it seeks documents without any apparent relevance to the litigation.  Ripple objects to this Request to the extent it purports to require Ripple to generate or produce materials that are not kept in the ordinary course of business.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will produce documents sufficient to identify Ripple's corporate structure as of December 22, 2020.

**REQUEST NO. 10**

All Documents and Communications Concerning any public support and/or dissent
by Ripple to any proposed update or modification to the XRP Ledger.

**RESPONSE NO. 10**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning" the identified subject matter, as it is overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request on the grounds that it is vague and confusing as Plaintiff fails to define, identify or otherwise indicate the meaning of the phrase "public support and/or dissent."  Ripple further objects to this Request to the extent it seeks production of documents publicly available or within Plaintiff's control.  Ripple also objects to this Request to

the extent it is duplicative of Request No. 37 from Plaintiff's First Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 11**

All Documents and Communications Concerning any analysis of XRP price or volume, including, but not limited to, any regression and correlation, or event study analysis, whether done by you or on your behalf.

**RESPONSE NO. 11**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple further objects to this Request on the grounds that it is vague and confusing as Plaintiff fails to define, identify or otherwise indicate the meaning of the term "analysis of XRP price or volume."  Ripple further objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple also objects to this Request on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses in this case and is unlikely to lead to the disclosure of relevant evidence.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff. Ripple also objects to this Request to the extent it is duplicative of Request No. 3 from Plaintiff's

First Set of Requests for Production, and Request No. 7 from Plaintiff's Second Set of Requests for Production.

## REQUEST NO. 12

Documents sufficient to identify all current and former validators on Ripple's Unique Node List ("UNL").

## RESPONSE NO. 12

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request to the extent it seeks production of documents publicly available or within Plaintiff's control.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity.  Ripple objects to this Request on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses in this case and is unlikely to lead to the disclosure of relevant evidence.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that identify former validators on Ripple's UNL.

## REQUEST NO. 13

All Documents and Communications Concerning Ripple's selection of validators for its UNL, including, but not limited to, the criteria by which a validator is selected to be included on Ripple's UNL.

**RESPONSE NO. 13**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to the Request for "[a]ll Documents and Communications Concerning" the identified subject matter, as it is overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation. Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the term "criteria." Ripple further objects to this Request to the extent it seeks production of documents publicly available or within Plaintiff's control.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 14**

All Documents and Communications With and/or Concerning the XRP Ledger Foundation, including, but not limited to, any funding provided to the foundation by Ripple.

**RESPONSE NO. 14**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to the Request for "[a]ll Documents and Communications With and/or Concerning" the identified subject matter, as it is overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation. Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the term "funding."

**REQUEST NO. 15**

All Documents and Communications Concerning the University Blockchain Research Initiative, including, but not limited to, Documents sufficient to identify any Person that received funding from Ripple as part of such initiative, the amount of such funding, and the date of disbursement.

**RESPONSE NO. 15**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications With and/or Concerning" the identified subject matter, as it is overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the term "funding."  Ripple further objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request to the extent it purports to require Ripple to generate or produce materials that are not kept in the ordinary course of business.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are sufficient to identify distributions of XRP by Ripple to the University Blockchain Research Initiative.

**REQUEST NO. 16**

All Documents and Communications Concerning any distribution of XRP by Ripple through any bounty or giveaway program.

**RESPONSE NO. 16**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case as it seeks "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request to the extent it is duplicative of Requests Nos. 4, 8, and 11 from Plaintiff's First Set of Requests for Production, and Requests Nos. 17 and 20 from Plaintiff's Second Set of Requests for Production.  Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the phrase "bounty or giveaway program."

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning these topics, from the date of Ripple's most recent production through December 22, 2020.

**REQUEST NO. 17**

All Documents and Communications Concerning any internal analyses regarding the feasibility of XRP giveaways.

**RESPONSE NO. 17**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad, unduly burdensome and

not proportional to the needs of the case as it seeks "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request to the extent it is duplicative of Request Nos. 16 and 20 from Plaintiff's Second Set of Requests for Production. Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the terms "internal analyses," "feasibility," and "XRP giveaways."

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

## REQUEST NO. 18

All Documents and Communications Concerning Ripple's efforts to develop uses for XRP other than for cross border payments.

## RESPONSE NO. 18

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning" the identified subject matter, as it is overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request to the extent it is duplicative of Request Nos. 15 and 31 from Plaintiff's First Set of Requests for Production.  Ripple objects to the Request for

"Ripple's efforts to develop uses for XRP other than for cross border payments," as overbroad, vague, ambiguous and not defined with reasonable particularity, as it is unclear on the face of the Request what documents Plaintiff seeks.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, and as discussed by both Parties during the meet and confer on February 23, 2021, and agreed to in Plaintiff's March 1, 2021 letter, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, concerning efforts to bring smart contract functionality to the XRP Ledger and/or the use of the XRP Ledger for decentralized finance ("DeFi") as that term is commonly defined.

**REQUEST NO. 19**

All Documents and Communications Concerning Ripple Trade.

**RESPONSE NO. 19**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning Ripple Trade" as it is overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning these topics, from the date of Ripple's most recent production through December 22, 2020.

**REQUEST NO. 20**

All Documents and Communications Concerning Ripple's "XRP strategy," including, but not limited to, any internal analyses regarding Ripple's distribution of any XRP.

**RESPONSE NO. 20**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning Ripple's 'XRP Strategy'," as overbroad, vague, ambiguous and not defined with reasonable particularity, as it is unclear on the face of the Request what documents Plaintiff seeks.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request on the grounds that it is vague and confusing as Plaintiff fails to define, identify or otherwise indicate the meaning of the terms "XRP strategy" and "internal analyses."  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it is duplicative of Request Nos. 10 and 12 from Plaintiff's First Set of Requests for Production, and Request Nos. 11, 16, and 17 from Plaintiff's Second Set of Requests for Production.

**REQUEST NO. 21**

All Documents and Communications with Ripple shareholders and/or advisors, including, but not limited to, all investor updates, and materials disseminated in connection with any private fundraising.

**RESPONSE NO. 21**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications with Ripple shareholders and/or advisors," as it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to the Request for "materials disseminated in connection with any private fundraising," as it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the term "advisors."  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple also objects to this Request to the extent it is duplicative of Request No. 14 from Plaintiff's First Set of Requests for Production.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning these topics, from the date of Ripple's most recent production through December 22,

2020. Notwithstanding the foregoing, the Parties also agreed that Ripple's response to this Request, consistent with the Plaintiff's previous voluntary requests, would be limited to responsive, non-privileged documents and communications concerning "all investor updates, and materials disseminated in connection with any private fundraising" regarding XRP.

**REQUEST NO. 22**

> Documents sufficient to identify all digital asset wallet addresses over which Ripple exercises or has exercised control, or maintains or has maintained the private keys, including, but not limited to, any wallet address used to distribute XRP, and any wallet address maintained on Ripple's behalf by any third party, digital asset trading platform or exchange.

**RESPONSE NO. 22**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to the Request for "all digital asset wallet addresses," as it is overly broad, unduly burdensome, and not proportional to the needs of the case. Ripple further objects to this Request on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses in this case and is unlikely to lead to the disclosure of relevant evidence. Ripple further objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity. Ripple further objects to this Request to the extent it purports to require Ripple to generate or produce materials that are not kept in the ordinary course of business. Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody. Ripple also objects to this Request to the extent it is duplicative of Request Nos. 5 and 7 from Plaintiff's First Set of Requests for Production, and Request No. 23 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-

privileged documents in its possession, custody or control, if any, that are responsive to this Request.

## REQUEST NO. 23

All account opening documents or user information for any account maintained on Ripple's behalf by any third party wallet or custody provider, digital asset trading platform or exchange.

## RESPONSE NO. 23

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "All account opening documents or user information," as it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Ripple also objects to the Request for "account opening documents or user information," as overbroad, vague, ambiguous and not defined with reasonable particularity, as it is unclear on the face of the Request what documents Plaintiff seeks.  Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it is duplicative of Request Nos. 5 and 7 from Plaintiff's First Set of Requests for Production, and Request No. 22 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

## REQUEST NO. 24

For each Ripple account maintained by any third party, digital asset trading platform, or exchange identified in response to Request No. 22 hereto. (a) all Documents sufficient to identify the account's transaction history (including any transactions which were reversed or failed in processing), including, without limitation, for each transaction, documents sufficient to identify the: (i) Account;

(ii) Date and time; (iii) Transaction identification number(s); (iv) Assets exchanged; (v) Volume; (vi) Price; (vii) Total transaction amount(s); (viii) Linked digital asset address(es) for the origination to, or destination from, Account; (ix) Linked financial institutions, if any, including their names and addresses, and their routing and account number(s) for the origination to, and destination from, Account; and (x) Instructions, or memo line or description, associated with the transaction.

## RESPONSE NO. 24

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad and not proportional to the needs of the case to the extent it requests "[a]ll documents" sufficient to identify the information requested.  Ripple further objects to this Request on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses in this case, and is unlikely to lead to the disclosure of relevant evidence to the extent it seeks transaction-level information for "each Ripple account maintained by any third party, digital asset trading platform, or exchange." Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it seeks personally identifiable information.  Ripple objects to this Request to the extent it purports to require Ripple to generate or produce materials that are not kept in the ordinary course of business.  Ripple further objects to this Request to the extent it is duplicative of Request Nos. 7 and 10 from Plaintiff's First Set of Requests for Production.

## REQUEST NO. 25

All Documents and Communications Concerning the distribution of XRP as compensation or as a bonus, including, but not limited to, any spot bonuses, to any Ripple executive or employee.

## RESPONSE NO. 25

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests

"[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request as overly broad to the extent it seeks materials concerning the distribution of XRP to "any Ripple executive or employee" during the Relevant Period.  Ripple further objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request as unduly burdensome to the extent it seeks documents without any apparent relevance to the litigation.  Ripple also objects to this Request to the extent it is duplicative of Request Nos. 4 and 11 from Plaintiff's First Set of Requests for Production, and Request No. 1 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will produce aggregate employee compensation information as an update to Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning these topics, from the date of Ripple's most recent production through December 22, 2020.  Ripple will also conduct a reasonably diligent search for responsive communications regarding XRP compensation and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, in response to this Request.

**REQUEST NO. 26**

All audited or unaudited financial statements.

**RESPONSE NO. 26**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request to the extent it is duplicative of prior requests made by Plaintiff during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request as unduly burdensome

to the extent it seeks documents without any apparent relevance to the litigation.  Ripple further objects to this Request to the extent it is duplicative of Request Nos. 7 and 24 from Plaintiff's First Set of Requests for Production.

Subject to and without waiving the foregoing objections, in response to this Request Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning these topics, to the extent not previously produced through December 22, 2020.

**REQUEST NO. 27**

All Documents and Communications Concerning any loan (in cash or XRP) to any Ripple employee.

**RESPONSE NO. 27**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to the Request regarding any loan "in cash" to any Ripple employee on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request as overly broad to the extent it seeks materials concerning "any Ripple employee" during the Relevant Period.  Ripple also objects to this Request to the extent it is duplicative of Request Nos. 4 and 11 from Plaintiff's First Set of Requests for Production, and Request No. 1 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 28**

All Documents and Communications Concerning any investment fund that holds or tracks XRP as an investment, including, but not limited to, the XRP Fund, the Grayscale XRP Investment Trust, the Rosemoor Capital Fund, the IoV Fund, or Stone Ridge Trust.

**RESPONSE NO. 28**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter. Ripple further objects to this Request on the grounds that it is vague, confusing, and fails to identify the documents sought with reasonable particularity, as Plaintiff fails to define, identify or otherwise indicate the meaning of the term "investment fund." Ripple also objects to this Request as unduly burdensome to the extent it seeks documents without any apparent relevance to the litigation. Ripple further objects to this Request as unduly burdensome, specifically with regard to the request for documents and communications concerning investment funds other than the ones referenced in the Request. Ripple objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody. Ripple further objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, regarding the XRP Fund, the Grayscale XRP Investment Trust, the Rosemoor Capital Fund, the IoV Fund, and Stone Ridge Trust, that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests from the date of Ripple's most recent production through December 22, 2020.

### REQUEST NO. 29

For each Ripple bank account identified in response to Request No. 5 of Plaintiff's First Set of Document Requests to Defendant Ripple Labs, Inc., all: (a) account opening and authority information, including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained; (b) monthly or other periodic account statement; (c) all support documents, including, but not limited to, canceled checks (front and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations).

### RESPONSE NO. 29

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to the Request for "all" documents in each of the enumerated categories on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, not relevant to the claims or defenses in this case, and is unlikely to lead to the disclosure of relevant evidence. Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody. Ripple also objects to this Request to the extent it purports to require Ripple to generate

or produce materials that are not kept in the ordinary course of business.  Ripple further objects to this Request on the grounds that it is vague and confusing as Plaintiff fails to define, identify or otherwise indicate the meaning of the terms "support documents," and "authority information."  Ripple further objects to this Request to the extent it is duplicative of Request Nos. 22, 23, and 24 from Plaintiff's Second Set of Requests for Production.

**REQUEST NO. 30**

All Documents and Communications Concerning Ripple's decision to place its XRP holdings in escrow.

**RESPONSE NO. 30**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity, including that it fails to specify the approximate time period of Ripple's purported "decision to place its XRP holdings in escrow."  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior

productions made during the Investigation in response to the SEC's prior document requests concerning these topics, from the date of Ripple's most recent production through December 22, 2020.

**REQUEST NO. 31**

All Documents and Communications Concerning Ripple's investment in the Blockchain Capital Parallel Fund, including, but not limited to, any return information.

**RESPONSE NO. 31**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning" the identified subject matter as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple further objects to this Request on the grounds that it is vague and confusing as Plaintiff fails to define, identify or otherwise indicate the meaning of the term "return information."

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 32**

All Documents and Communications Concerning R3.

**RESPONSE NO. 32**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning" the identified subject matter as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity.  Ripple also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.

Subject to and without waiving the foregoing objections, Ripple will respond to this Request by producing the settlement agreement between Ripple and R3 after notice is provided to R3 consistent with Ripple's contractual obligations.

**REQUEST NO. 33**

All Documents and Communications Concerning the promotion or marketing of XRP or Ripple, including, but not limited to, communications with the Hatch Agency.

**RESPONSE NO. 33**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning the promotion or marketing of XRP" as overly broad and not defined with reasonable particularity, as it is unclear on the face of the Request what documents Plaintiff seeks.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning the promotion or marketing" of Ripple as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple

also objects to the Request for "communications with the Hatch Agency" as it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple objects to this Request on the grounds that it is vague, confusing, and fails to identify the documents sought with reasonable particularity, such as the request for documents and communications concerning the "promotion or marketing of" XRP or Ripple.  Ripple further objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity.  Ripple objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.   Ripple further objects to this Request to the extent it seeks information that is publicly available.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff. Ripple further objects to this Request to the extent it is duplicative of Request Nos. 6 and 19 from Plaintiff's First Set of Requests for Production.

Subject to and without waiving the foregoing objections, and as discussed by both Parties during the meet and confer on February 23, 2021, and agreed to in Plaintiff's March 1, 2021 letter, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents and communications in its possession, custody or control, if any, with the Hatch Agency concerning announcements as to XRP or Ripple projects related to XRP.

**<u>REQUEST NO. 34</u>**

All Documents and Communications Concerning any Agreement to provide liquidity or market making services related to XRP.

**RESPONSE NO. 34**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to the Request for "any Agreement to provide liquidity or market making services related to XRP" as overbroad, vague, ambiguous and not defined with reasonable particularity, as it is unclear on the face of the Request what documents Plaintiff seeks.  Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior productions of Ripple's communications and agreements with market making entities in connection with xRapid or On-Demand Liquidity ("ODL"), from the date of Ripple's most recent production through December 22, 2020.

**REQUEST NO. 35**

All Documents and Communications Concerning the use of XRP to pay any marketing expenses.

**RESPONSE NO. 35**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple also objects to this Request on the grounds that the request for documents and communications concerning the use of XRP to pay "any marketing expenses" is vague, overbroad, not defined with reasonable particularity, unduly burdensome, and is unlikely to lead to the disclosure of relevant evidence, to the extent it seeks documents or information not relevant to the claims or defenses in this case.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.

**REQUEST NO. 36**

All Documents and Communications Concerning Coil.

**RESPONSE NO. 36**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity.  Ripple also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.

Subject to and without waiving the foregoing objections, and as discussed by both Parties during the meet and confer on February 23, 2021, and agreed to in Plaintiff's March 1, 2021 letter, in response to this Request, Ripple will conduct a reasonably diligent search for responsive

documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, concerning: (1) Ripple's investment in Coil, including any returns collected on any such investment; and (2) any grant, lease, offer, transfer, distribution, or exchange of XRP to Coil.

**REQUEST NO. 37**

All Documents and Communications Concerning MoneyGram.

**RESPONSE NO. 37**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity.  Ripple also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it is duplicative of Request No. 8 from Plaintiff's First Set of Requests for Production.

Subject to and without waiving the foregoing objections, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, concerning Ripple's sales of MoneyGram stock in or around November 2020, and that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning MoneyGram and ODL, from the date of Ripple's most recent production through December 22, 2020.

**REQUEST NO. 38**

All Documents and Communications Concerning Forte, including, but not limited to any Ripple investment alongside Forte.

**RESPONSE NO. 38**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple objects to this Request on the grounds that it is overbroad, vague, confusing, and fails to identify the documents sought with reasonable particularity, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the term "investment."  Ripple also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.

Subject to and without waiving the foregoing objections, and as discussed by both Parties during the meet and confer on February 23, 2021, and agreed to in Plaintiff's March 1, 2021 letter, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, concerning: (1) any agreement with Forte or any payment (in XRP or USD) to Forte; and (2) any investment Ripple made in a joint venture with or alongside Forte, including any returns collected on any such investment.

**REQUEST NO. 39**

All Documents and Communications Concerning any XRP derivative product, including, but not limited to, the creation and/or trading of any XRP futures contract or swap.

**RESPONSE NO. 39**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter. Ripple further objects to this Request on the grounds that it is overbroad, vague, confusing, and fails to identify the documents sought with reasonable particularity, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the terms "XRP derivative product," "XRP futures contract" and "swap." Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody. Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Ripple objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff. Ripple further objects to this Request to the extent it is duplicative of Request No. 37 from Plaintiff's First Set of Requests for Production.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that concern "the creation and/or trading of any XRP futures contract or swap."

**REQUEST NO. 40**

All Documents and Communications Concerning the creation or trading of any financial product related to XRP.

**RESPONSE NO. 40**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request on the grounds that it is overbroad, vague, confusing, and fails to identify the documents sought with reasonable particularity, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the terms "financial product."  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it is duplicative of Request Nos. 39 and 41 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, Ripple's response to this Request will be limited to any documents Ripple produces in response to Request Nos. 39 and 41 from Plaintiff's Second Set of Requests for Production.

**REQUEST NO. 41**

All Documents and Communications Concerning any XRP Index.

**RESPONSE NO. 41**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request on the grounds that it is overbroad, vague, confusing, and fails to identify the documents sought with reasonable particularity, as Plaintiff fails to define, identify, or

otherwise indicate the meaning of the term "XRP Index."  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that update Ripple's prior productions made during the Investigation in response to the SEC's prior document requests concerning these topics, from the date of Ripple's most recent production through December 22, 2020.

**REQUEST NO. 42**

> All Documents and Communications Concerning any digital asset trading platform, including, but not limited to: (a) any Agreement to make XRP and/or any financial product related to XRP available for trading; and (b) any payment (in USD or XRP) by Ripple to any digital asset trading platform.

**RESPONSE NO. 42**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request on the grounds that it is vague, confusing, and fails to identify the documents sought with reasonable particularity, as Plaintiff fails to define, identify or otherwise

indicate the meaning of the term "financial product."   Ripple also objects to this Request as overly broad and unduly burdensome to the extent it requests documents and communications concerning "any" agreement to make XRP and/or "any" financial product related to XRP available for trading, and "any" payment in USD or XRP by Ripple to "any" digital asset trading platform.   Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.   Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.   Ripple further objects to this Request to the extent it is duplicative of Request Nos. 10 and 11 from Plaintiff's First Set of Requests for Production, and Request No. 2 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, and as discussed by both Parties during the meet and confer on February 23, 2021, and agreed to in Plaintiff's March 1, 2021 letter, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, concerning "(a) any Agreement to make XRP and/or any financial product related to XRP available for trading or potential trading or listing or potential listing; and (b) any payment (in USD or XRP) by Ripple to any digital asset trading platform."

**REQUEST NO. 43**

All Documents and Communications Concerning the creation of 100 billion XRP.

**RESPONSE NO. 43**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.   Ripple objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case as it requests "[a]ll Documents and Communications

Concerning" the identified subject matter. Ripple objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody, due to the fact that XRP was created and allocated before the founding of the Company. Ripple also objects to this Request to the extent it seeks communications and documents within the possession, control, or custody of Brad Garlinghouse and Chris Larsen (the "Individual Defendants") and which are easily obtainable from the Individual Defendants. Ripple further objects to this Request to the extent it seeks production of documents publicly available or within Plaintiff's control. Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 44**

All Documents and Communications Concerning the initial distribution of 20 billion XRP to certain individuals, including Larsen, and 80 billion XRP to Ripple.

**RESPONSE NO. 44**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case as it requests "[a]ll Documents and Communications Concerning" the identified subject matter. Ripple objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody, due to the

fact that XRP was created and allocated before the founding of the Company. Ripple also objects to this Request to the extent it seeks communications and documents within the possession, control, or custody of the Individual Defendants. Ripple further objects to this Request to the extent it seeks production of documents publicly available or within Plaintiff's control. Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, and as agreed upon by both Parties during the meet and confer on February 23, 2021, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 45**

All Documents and Communications Concerning any lease of XRP by Ripple to any fund related to Michael Arrington.

**RESPONSE NO. 45**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter. Ripple further objects to this Request on the ground that it is vague and fails to identify the documents sought with reasonable particularity, as it requests documents and communications concerning "any" lease of XRP by Ripple to "any" fund "related" to Michael Arrington. Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody. Ripple also objects to this Request to the extent it seeks production of documents publicly available or within Plaintiff's control. Ripple further objects

to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request to the extent it is duplicative of Request No. 1 of Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 46**

All Documents and Communications Concerning the appointment of any member of Ripple's Board of Directors.

**RESPONSE NO. 46**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case, as it requests "[a]ll Documents and Communications Concerning" the identified subject matter, and therefore seeks documents without any apparent relevance to the litigation.   Ripple further objects to the Request for documents and communications concerning "the appointment of any member of Ripple's Board of Directors," on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses in this case and is unlikely to lead to the disclosure of relevant evidence.  Ripple further objects to this Request as unduly burdensome to the extent it seeks documents without any apparent relevance to the litigation, since the identified subject matter is not in dispute between the

Parties.  Ripple also objects to this Request to the extent it purports to require Ripple to generate

or produce materials that are not kept in the ordinary course of business.  Ripple further objects

to this Request to the extent it seeks information that is publicly available and/or within

Plaintiff's control.  Ripple also objects to this Request to the extent it seeks communications and

documents within the possession, control, or custody of the Individual Defendants.  Ripple

further objects to this Request to the extent it seeks information protected by the attorney-client

privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple objects

to this Request to the extent it is duplicative of Request No. 14 from Plaintiff's First Set of

Requests for Production.

## REQUEST NO. 47

> All Documents and Communications Concerning any use of Facebook, Google, Twitter, and/or YouTube to advertise XRP and/or any Ripple product or service, including, but not limited to, any Agreements related to GoogleAds.

## RESPONSE NO. 47

Ripple incorporates its General Objections and Objections to Definitions and Instructions

as if fully stated herein.  Ripple objects to this Request as overly broad, unduly burdensome and

not proportional to the needs of the case, as it requests "[a]ll Documents and Communications

Concerning" the identified subject matter.  Ripple further objects to this Request as it fails to

identify the documents sought with reasonable particularity.  Ripple objects to the Request for

documents and communications concerning the use of Facebook, Google, Twitter, and/or

YouTube to advertise "any Ripple Product or service" as overly broad, unduly burdensome and

not proportional to the needs of the case to the extent it seeks documents without relevance to the

litigation.  Ripple also objects to the Request for "any Agreements related to GoogleAds" as it is

overly broad, unduly burdensome, and unlikely to lead to the disclosure of relevant evidence, to

the extent it seeks documents or information not relevant to the claims or defenses in this case.

Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it seeks information that is publicly available and/or within Plaintiff's control.  Ripple objects to this Request to the extent it is duplicative of Request No. 19 from Plaintiff's First Set of Requests for Production, and Request No. 33 from Plaintiff's Second Set of Requests for Production.

Dated: New York, New York

      March 10, 2021

                                      DEBEVOISE & PLIMPTON LLP

                                      By: /s/ *Andrew J. Ceresney*

                                      Mary Jo White
                                      Andrew J. Ceresney
                                      Lisa Zornberg
                                      Christopher S. Ford
                                      Joy Guo

                                      919 Third Avenue
                                      New York, NY 10022
                                      212-909-6000

                                      KELLOGG, HANSEN, TODD, FIGEL & FREDERICK PLLC

                                      Michael K. Kellogg
                                      Reid M. Figel

                                      Sumner Square
                                      1615 M Street, NW, Suite 400
                                      Washington, DC 20036
                                      202-326-7900

                                      *Attorneys for Defendant Ripple Labs, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Joy Guo, hereby certify that on March 10, 2021, I served a copy of Defendant Ripple Labs, Inc.'s Responses and Objections to the SEC's First Request for the Production of Documents by electronic mail upon the following:

Jorge G. Tenreiro
Dugan Bliss
Daphna A. Waxman
Jon A. Daniels
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-9145
*Attorneys for Plaintiff Securities and
Exchange Commission*

Martin Flumenbaum
Michael E. Gertzman
Meredith R. Dearborn
Kristina A. Bunting
Justin D. Ward
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
*Attorneys for Defendant Christian
A. Larsen*

Matthew C. Solomon
Alexander J. Janghorbani
Samuel Levander
Lucas Hakkenberg
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1680
*Attorneys for Defendant Bradley
Garlinghouse*

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD
FIGEL & FREDERICK PLLC
Summer Square
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900
*Attorneys for Defendant Ripple Labs. Inc.*


DEBEVOISE & PLIMPTON LLP

/s/ *Joy Guo*
Joy Guo
919 Third Avenue
New York, NY 10022
(212) 909-6000
jguo@debevoise.com

*Attorney for Defendant Ripple Labs, Inc.*