# Exhibit O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

          v.                                           No. 20 CV 10832 (AT)

RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and
CHRISTIAN A. LARSEN,

                    Defendants.

---

## DEFENDANT RIPPLE LABS INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Defendant Ripple Labs Inc. ("Ripple"), by and through its undersigned counsel, hereby objects and responds to the Fourth Set of Requests for Production (each individually a "Request"), dated February 26, 2021, issued by Plaintiff Securities and Exchange Commission ("SEC," and, collectively with Ripple, the "Parties"). Subject to the following general and specific objections, Ripple will produce to Plaintiff, on a rolling basis pursuant to a schedule to be agreed upon by the Parties, copies of non-privileged, responsive documents and communications within its possession, custody, or control.

These responses are based on information currently available to Ripple. Ripple reserves the right to amend, supplement and/or modify its responses and objections at any time in the event that it obtains additional or different information.

## INTRODUCTORY STATEMENT

Nothing in Ripple's responses and objections herein shall be construed as a waiver of Ripple's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility or any other proper grounds to the use of any information provided in response to these Fourth Set of Requests for Production, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to these Fourth Set of Requests for Production or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine and/or any other applicable privilege, immunities, or protections against disclosure.

All of the General Objections and Objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Objections and Responses to the individual Requests set forth below and have the same force and effect as if fully set forth therein.  Without waiving any of the General Objections to the extent they apply to each of the individual Requests, Ripple may specifically refer to certain General Objections in responding to a particular Request.  Any objection or lack of an objection to any portion of an individual Request shall not be deemed an admission that Ripple maintains documents within its possession, custody, or control sought in such Request.

## GENERAL OBJECTIONS

1.      Ripple objects to each Request and to each Instruction and Definition to the extent that they seek the production of documents or things that are neither relevant to the claims or defenses asserted in this action nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the Parties' relative access to relevant information, the Parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.       Ripple objects to each Request and to each Instruction and Definition to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure.   Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.   Ripple specifically reserves the right to demand the return of any documents that inadvertently may be produced during discovery.

3.       Ripple objects to each Request and to each Instruction and Definition on the grounds that they are vague, unduly burdensome and/or overly broad, to the extent that they seek production of "all" documents, especially used in conjunction with the terms "concerning," "including but not limited to" or depicting "each and every."   Ripple will produce documents that can be located through reasonable diligence, that directly and specifically concern the Fourth Set of Requests for Production, and that are relevant to the claims or defenses asserted in this action and proportional to the needs of this case.

4.       Ripple objects to each Request and to each Instruction and Definition to the extent that they are unreasonably cumulative, duplicative or seek information or documents obtainable from some other source that is more convenient, less burdensome or less expensive than the efforts it would take for Ripple to provide the information or documents.   Where a document or

3

information is responsive to more than one Request, Ripple will produce the document only once.

5.      Ripple objects to each Request and to each Instruction and Definition to the extent that they seek information or documents that are not in the possession, custody or control of Ripple, on the grounds that such discovery is overly broad, unduly burdensome, not proportional to the needs of the case, or in excess of Rule 34 of the Federal Rules of Civil Procedure.

6.      Ripple objects to each Request and to each Instruction and Definition to the extent they seek documents and/or information available to Plaintiff from its own files, from files within its control or from public sources.

7.      Ripple objects to each Request and to each Instruction and Definition to the extent they seek production of documents containing the confidential information of third parties.

8.      The failure of Ripple to object to any specific Request or Instruction or Definition on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s).  Ripple reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

9.      Ripple does not concede the relevance, materiality or admissibility of any information or documents sought in the Requests.  Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose or any other ground to the use of any information or documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

10.     These objections and responses do not constitute, and shall not be interpreted as Ripple's agreement with, or admission as to the truth or accuracy of, any legal or factual

characterization or allegation stated or implied in Plaintiff's Definitions, Instructions or in any of the individual Requests.

11.     Ripple objects to each Request and to each Instruction and Definition to the extent they seek to impose obligations on Ripple that go beyond the requirements set forth in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York.

12.     The uniform definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

## <u>OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS</u>

13.     Ripple objects to Plaintiff's Definitions and Instructions No. 1 defining "Ripple" to the extent it refers to persons or entities other than Ripple Labs Inc. on the grounds that such interpretation would render the Requests overbroad and unduly burdensome.

14.     Ripple objects to Plaintiff's Definition and Instruction No. 4 defining "XRP" as "tokens" or "coins," as it incorporates potentially misleading characterizations, assumptions and unsupportable legal conclusions.

15.     Ripple objects to Plaintiff's Definitions Nos. 5, 6, 7, 8, 9, 10, 11, 12, and 13 to the extent that they are broader than or purport to require more than Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 require.  Ripple will respond to the Requests using the definitions in the Federal and Local Rules.

16.     Ripple objects to Plaintiff's Instructions Nos. 11, 12, 13, 14, 16, and 18 to the extent that they are broader than or purport to require more than Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 require.  Ripple will respond to the Requests in accordance with the requirements of the Federal Rules and Local Rules.

17.    Ripple objects to Plaintiff's Instruction No. 15 instructing Ripple to complete production of responsive documents by Monday, March 22, 2021, at 9:00am, on the grounds that Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure only requires that "the party to whom the request is directed must respond in writing within 30 days after being served."  Pursuant to Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure and subject to the objections below, Ripple will produce to Plaintiff documents responsive to Plaintiff's Fourth Set of Requests for Production, if any, pursuant to a rolling schedule to be agreed upon by the Parties.

18.    Ripple objects to Plaintiff's Definitions and Instructions No. 17 to the extent that it purports to set the relevant period for the Requests as January 1, 2012 through "the present." As agreed upon by both Parties, Ripple will not produce documents dated after December 22, 2020 in response to any of Plaintiff's Requests for Production.

19.    Ripple objects to Plaintiff's Definitions and Instructions No. 19 as unduly burdensome to the extent it purports to require Ripple to indicate the Bates numbers of documents previously produced by Ripple to Plaintiff that are responsive to the below Document Requests.

## <u>SPECIFIC OBJECTIONS AND RESPONSES</u>

Subject to any Specific Objections set forth below, specifically incorporating each of the foregoing General Objections into each Specific Response below, and without waiving said objections and responses, Ripple responds as follows:

### <u>REQUEST NO. 1</u>

All Documents and Communications Concerning any meeting between Ripple and the SEC, including, but not limited to, the August 20, 2018 meeting between former Chairman Jay Clayton, Brad Garlinghouse, David Schwartz, and John Roscoe.

**RESPONSE NO. 1**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it seeks production of documents within Plaintiff's possession, control, or custody.  Ripple further objects to this Request to the extent it is duplicative of Request Nos. 4 and 5 from Plaintiff's Fourth Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 2**

All Documents and Communications Concerning discussions between Coinbase and the SEC related to XRP.

**RESPONSE NO. 2**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple also objects to this Request to the extent it seeks production of documents within Plaintiff's control. Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple further objects to this Request to the extent it is

duplicative of Request Nos. 23 and 25 from Plaintiff's First Set of Requests for Production; Request No. 5 from Plaintiff's Second Set of Requests for Production; and Request Nos. 3, 5, and 7 from Plaintiff's Fourth Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to other Requests and for which there is significant overlap with this Request.

## REQUEST NO. 3

All Documents and Communications Concerning discussions between any digital asset exchange and the SEC related to XRP.

## RESPONSE NO. 3

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter. Ripple also objects to this Request to the extent it seeks the production of documents within Plaintiff's control. Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody. Ripple also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Ripple further objects to this Request to the extent it is duplicative of Request Nos. 23 and 25 from Plaintiff's First Set of Requests for Production; Request No. 5 from Plaintiff's Second Set of Requests for Production; and Request Nos. 2, 5, and 7 from Plaintiff's Fourth Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-

privileged documents in its possession, custody or control, if any, that are responsive to this Request.

**REQUEST NO. 4**

> All Documents and Communications Concerning discussions between Ripple and the SEC regarding XRP's status under the federal securities laws.

**RESPONSE NO. 4**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple objects to this Request to the extent it seeks documents or communications that are not relevant to the claims or defenses asserted in this action.  Ripple also objects to this Request to the extent it seeks production of documents within Plaintiff's possession, control, or custody.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff. Ripple further objects to this Request to the extent it is duplicative of Request Nos. 23 and 25 from Plaintiff's First Set of Requests for Production; Request No. 5 from Plaintiff's Second Set of Requests for Production; and Request Nos. 1, 5, and 7 from Plaintiff's Fourth Set of Requests for Production.

**REQUEST NO. 5**

> All Documents and Communications Concerning the existence of an investigation into Ripple by the SEC's Division of Enforcement and/or the status of such investigation.

**RESPONSE NO. 5**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request on the grounds that it is overly broad, unduly burdensome and not proportional to the needs of the case to the extent it necessitates the collection, review, and production of "[a]ll Documents and Communications Concerning" the identified subject matter, as such request could be interpreted to apply to all communications, including attorney-client privileged communications between Ripple and legal counsel.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it seeks production of documents within Plaintiff's possession, control, or custody.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it is duplicative of Request Nos. 23 and 25 from Plaintiff's First Set of Requests for Production; Request No. 5 from Plaintiff's Second Set of Requests for Production; and Request Nos. 1, 2, 3, 4, and 7 from Plaintiff's Fourth Set of Requests for Production.

**REQUEST NO. 6**

All Documents and Communications Concerning any lobbying efforts by Ripple, or on Ripple's behalf, including, but not limited to, any payments made by Ripple to any lobbying firm.

**RESPONSE NO. 6**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter, since such request would include documents and communications without any apparent relevance to the

litigation.  Ripple also objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the terms "lobbying efforts" and "any lobbying firm."  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

## REQUEST NO. 7

All Documents and Communications requesting or transmitting any legal opinion or analysis relating to XRP.

## RESPONSE NO. 7

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff. Ripple further objects to this Request to the extent it is duplicative of Request Nos. 23 and 25 from Plaintiff's First Set of Requests for Production; Request No. 5 from Plaintiff's Second Set of Requests for Production; and Request Nos. 1, 2, 3, 4, and 5 from Plaintiff's Fourth Set of Requests for Production.

Subject to and without waiving the foregoing objections, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request as part of Ripple's responses to the other Requests enumerated above.

**REQUEST NO. 8**

All Documents and Communications Concerning Fractal Investments.

**RESPONSE NO. 8**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter.  Ripple further objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity.  Ripple also objects to the Request as it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, regarding Fractal Investments and XRP.

**REQUEST NO. 9**

All Documents and Communications Concerning any trading of XRP by Jed McCaleb.

**RESPONSE NO. 9**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter, since such request would include documents and communications without any apparent relevance to the litigation.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or

12

protection, as well as information protected from disclosure pursuant to a protective order in connection with an arbitration proceeding between Ripple and the referenced individual.  Ripple objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request to the extent it is duplicative of Request No. 10 from Plaintiff's Fourth Set of Requests for Production.

**REQUEST NO. 10**

      All Documents and Communications Concerning any negotiation or agreement with Jed McCaleb to restrict or limit trading of XRP.

**RESPONSE NO. 10**

      Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter, since such request would include documents and communications without any apparent relevance to the litigation.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, as well as information protected from disclosure pursuant to a protective order in connection with an arbitration proceeding between Ripple and the referenced individual.  Ripple objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request to the extent it is

13

duplicative of Request No. 4 from Plaintiff's First Set of Requests for Production and Request No. 9 from Plaintiff's Fourth Set of Requests for Production.

**REQUEST NO. 11**

Documents sufficient to identify all "programmatic" sales of XRP by Ripple, including the name of the digital asset exchange, the account used to trade, the date and time of trade, trade price, volume traded, and order type.

**RESPONSE NO. 11**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request to the extent it is duplicative of Request Nos. 4, 10, and 11 from Plaintiff's First Set of Requests for Production and Request Nos. 1, 2, and 34 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, in response to this Request, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request as part of Ripple's responses to the other Requests enumerated above.

**REQUEST NO. 12**

All Documents and Communications with or Concerning Tetragon.

**RESPONSE NO. 12**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to the Request for "[a]ll Documents and Communications Concerning Tetragon" as it is overly broad, unduly burdensome and not proportional to the needs

of the case.  Ripple also objects to this Request on the ground that it seeks documents and communications without any apparent relevance to this litigation.  Ripple also objects to this Request on the ground that it fails to identify the documents sought with reasonable particularity. Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, as well as information subject to a protective order governing the civil action pending in Delaware Chancery Court, *Tetragon Financial Group Ltd. v. Ripple Labs Inc.*, C.A. No. 2021-0007-MTZ. Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff. Ripple further objects to this Request to the extent it is duplicative of Request Nos. 4 and 21 from Plaintiff's Second Set of Requests for Production.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, with or concerning Tetragon only to the extent such documents are responsive to the other requests for production made by Plaintiff.

**REQUEST NO. 13**

All Documents and Communications Concerning any compensation paid (in XRP or USD) to any member of Ripple's Board of Directors.

**RESPONSE NO. 13**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents and Communications Concerning" the identified subject matter, since such request would include documents and communications without any apparent relevance to the

litigation.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Ripple also objects to this Request to the extent it is duplicative of prior requests made during the Investigation, in response to which Ripple has produced responsive documents to Plaintiff.  Ripple further objects to this Request to the extent it is duplicative of Request No. 14 from Plaintiff's First Set of Requests for Production and Request Nos. 1, 25, and 46 from Plaintiff's Second Set of Requests for Production.

**REQUEST NO. 14**

> All Documents concerning your document retention or destruction policy, including with respect to electronic media storage or personal devices by Ripple employees, or concerning any document retention notice relating to any litigation or investigation involving Ripple.

**RESPONSE NO. 14**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request as overly broad to the extent it requests "[a]ll Documents Concerning" the identified subject matter.  Ripple objects to the Request for all Documents concerning "any document retention notice relating to any litigation or investigation involving Ripple," as it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents without relevance to the litigation.  Ripple further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Dated: New York, New York
      March 29, 2021

DEBEVOISE & PLIMPTON LLP

By: /s/ *Andrew J. Ceresney*

Mary Jo White
Andrew J. Ceresney
Lisa Zornberg
Christopher S. Ford
Joy Guo

919 Third Avenue
New York, NY 10022
212-909-6000

KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC

Michael K. Kellogg
Reid M. Figel

Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
202-326-7900

*Attorneys for Defendant Ripple Labs Inc.*

## CERTIFICATE OF SERVICE

I, Joy Guo, hereby certify that on March 29, 2021, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to the SEC's Fourth Request for the Production of Documents by electronic mail upon the following:

Jorge G. Tenreiro
Dugan Bliss
Daphna A. Waxman
Jon A. Daniels
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-9145
*Attorneys for Plaintiff Securities and Exchange Commission*

Matthew C. Solomon
Alexander J. Janghorbani
Samuel Levander
Lucas Hakkenberg
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1680
*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
Meredith R. Dearborn
Kristina A. Bunting
Justin D. Ward
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
*Attorneys for Defendant Christian A. Larsen*

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD
FIGEL & FREDERICK PLLC
Summer Square
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900
*Attorneys for Defendant Ripple Labs. Inc.*

DEBEVOISE & PLIMPTON LLP

/s/ Joy Guo
Joy Guo
919 Third Avenue
New York, NY 10022
(212) 909-6000
jguo@debevoise.com

*Attorney for Defendant Ripple Labs Inc.*