KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
_____
(202) 326-7900
FACSIMILE:
(202) 326-7999

May 14, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *SEC v. Ripple Labs, Inc.* et al., No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Rule III.F of this Court's Individual Practices and Paragraph 15 of the Protective Order the Court entered in this case (ECF No. 53), Defendant Ripple Labs, Inc. ("Ripple") respectfully submits this letter regarding the redacted portions of the SEC's May 7, 2021 letter ("SEC Letter," ECF Nos. 165 and 166), and twelve exhibits the SEC filed under seal in support (ECF Nos. 165-1–165-3, 165-5–165-12, and 166-1–166-12).

Exhibits A and B to the SEC's letter are two legal memoranda addressed to Ripple from 2012. These memoranda were also filed under seal in connection with the SEC's Memorandum of Law in support of its Motion to Strike Ripple's Fourth Affirmative Defense (ECF No. 131) and Exhibits B and C to the Declaration of Daphna Waxman in support thereof (ECF Nos. 129-2 and 129-3). Ripple has moved to permanently seal those documents. *See* ECF No. 170. That motion is currently pending before Judge Torres. We respectfully request that, to conserve judicial resources and avoid inconsistent results, this Court order that those documents be sealed in the interim pending Judge Torres's decision and permanently sealed or unsealed in accordance with that decision once it is issued.

Exhibits C and E-M (ECF Nos. 166-3 through 166-12) are "discovery materials filed with the court in connection with discovery-related disputes," and therefore not judicial documents and not entitled to a presumption of public access. *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (Karas, J.). Indeed, the SEC cites these documents only in passing, without relying meaningfully on their substance. *See, e.g.*, SEC Letter at 2 (citing Exhibits C, E, and F, as evidence that Ripple disseminated Exhibits A and B years before this lawsuit, or the SEC's investigation, began); *id.* at 2 n.2 (citing Exhibit G in a footnote). None of these documents are material to the merits of the SEC's motion to compel. Accordingly, there is no presumptive public access to these documents, and even if there were, the public's interest would be minimal at best given that the SEC Letter does not rely on them to any significant degree. *See In re Accent Delight Int'l Ltd.*, No. 16-MC-00125 (JMF), 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x 247 (2d Cir. 2019) ("Although there is a presumption in favor of

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Sarah Netburn
May 14, 2021
Page 2

public access to judicial documents, in reaching its decisions above the Court did not need to reference or otherwise rely on the sealed exhibits or the redacted portions of Petitioners' application and memorandum of law.  At best, therefore, the weight of any presumption is limited.").

There is a strong interest in maintaining the confidentiality of these documents.  Each of Exhibits C and E-I (ECF. Nos. 166-3 through 166-8) should not be unsealed because they are non-public and competitively sensitive business documents reflecting Ripple's business strategy and its communications with potential business counterparties.  *See Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-CV-09764 (KPF)(SN), 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (Netburn, J.) (allowing sealing of parties' and non-parties' "competitively sensitive business information").  Similarly, Exhibits L-M (ECF Nos. 166-11 and 166-12) are excerpts of investigative testimony from the SEC's non-public, pre-litigation investigation that likewise expressly discuss non-public aspects of Ripple's business.  *See, e.g.*, Ex. M at 261:19-262:3. These competitively sensitive documents should remain sealed, particularly because the substance of those business communications is irrelevant to the SEC's motion; the SEC cites them for the proposition that Ripple allegedly disclosed legal advice to third parties, not for any of the substantive business information they contain.

Exhibits J-K (ECF Nos. 166-9 and 166-10) are privilege logs that Ripple provided the SEC in connection with the SEC's non-public investigation.  To be sure, the logs do not expressly reveal competitive business information, but they provide significant detail regarding which Ripple employees communicated with other Ripple employees or attorneys and at which specific times.  Disclosure of this information is highly invasive and could potentially be exploited in unforeseeable ways by Ripple's competitors.  *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (noting that public access is "denied where court files might have become a vehicle for improper purposes") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  With respect to these documents again, the SEC's motion relies on them solely to state the number of documents over which Ripple claimed privilege during the investigation — a fact that is neither disputed nor material to this litigation, and therefore does not justify public disclosure of the entire privilege logs.  These documents should remain sealed as well.

Finally, even if these independent reasons did not justify maintaining these documents under seal (and they do), these documents should still remain sealed pending Judge Torres' decision on Ripple's sealing motion at ECF No. 170.  The exhibits explicitly discuss the substance of Exhibits A and B to the SEC Letter, and Ripple's motion regarding the sealing of those documents remains pending before Judge Torres.  If Judge Torres finds that Exhibits A and B must remain sealed, Exhibits C and E-M should therefore remain sealed as well.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Sarah Netburn
May 14, 2021
Page 3

Respectfully submitted,

| /s/ Michael K. Kellogg | /s/ Mary Jo White |
|---|---|
| Michael K. Kellogg | Mary Jo White |
| (mkellogg@kellogghansen.com) | (mjwhite@debevoise.com) |
| Reid M. Figel | Andrew J. Ceresney |
| Gregory M. Rapawy | Lisa Zornberg |
| Lillian V. Smith | Christopher S. Ford |
| Collin R. White | Joy Guo |
| Eliana Margo Pfeffer* | DEBEVOISE & PLIMPTON LLP |
| KELLOGG, HANSEN, TODD, FIGEL, | 919 Third Avenue |
| & FREDERICK PLLC | New York, NY 10022 |
| Sumner Square | +1 (212) 909-6000 |
| 1615 M Street, NW, Suite 400 | |
| Washington, DC 20036 | |
| +1 (202) 326-7900 | |

*Attorneys for Defendant Ripple Labs Inc.*

*\*Not Admitted in the District of Columbia; practice supervised by members of the firm.*