UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                         Plaintiff,  :        20 Civ. 10832 (AT) (SN)
                                     :
          - against -            :        ECF Case
                                     :
RIPPLE LABS, INC., BRADLEY GARLINGHOUSE,  :
and CHRISTIAN A. LARSEN,             :
                                     :
                        Defendants.  :
                                     :
------------------------------------------------------------------------x

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO THE
MOTION TO INTERVENE**

Jorge G. Tenreiro
Dugan Bliss
Robert Moye
Benjamin Hanauer
Mark Sylvester
Daphna A. Waxman
Jon A. Daniels
Ladan F. Stewart

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281
(212) 336-0153 (Stewart)
steawrtla@sec.gov

May 17, 2021

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** .................................................................................................. ii

**PRELIMINARY STATEMENT** ............................................................................................. 1

**LEGAL STANDARD** ............................................................................................................ 2

**ARGUMENT** ......................................................................................................................... 4

    I.    Movants Can Offer Nothing Beyond What Defendants Can Provide and Have Provided the Court ........................................................................................... 5

    II.    Movants Are Too Partial to Serve as Amici .............................................................. 7

    III.    Movants' Participation as "Elevated Amici" Who Are Exempt from Discovery Prejudices the SEC ........................................................................................ 8

    IV.    Movants Inappropriately Seek to Expand the Issues in this Case ............................... 9

**CONCLUSION** ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Bird Conservancy v. Harvey*,
    232 F. Supp. 3d 292 (E.D.N.Y. 2017) ................................................................................... 5

*Andersen v. Leavitt*, No. 03 Civ. 6115,
    2007 WL 2343672 (E.D.N.Y. Aug 13, 2007) ......................................................................... 3

*Hartford Fire Ins. Co. v. Expeditors Int'l of Wash. Inc.*,
    No. 10 Civ. 5643 (KBF), 2012 WL 6200958 (S.D.N.Y. Dec. 11, 2012) ................................ 3-4, 6

*In re N.Y. City Policing During Summer 2020 Demonstrations*,
    No. 20 Civ. 8924 (CM), 2021 WL 1669784 (S.D.N.Y. Apr. 28, 2021) ................................. 4

*Jamaica Hosp. Med. Ctr., Inc. v. United Health Gp., Inc.*,
    584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) ........................................................................... 2

*Jin v. Ministry of State Security*,
    557 F. Supp. 2d 131 (D.D.C. 2008) ........................................................................................ 7

*Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*,
    No. 12 Civ. 7935, 2014 WL 265784 (S.D.N.Y. Jan. 23, 2014) ............................................ 3, 5

*Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*,
    No. 94 Civ. 0436, 1995 WL 358777 (S.D.N.Y. June 14, 1995) ............................................ 3, 7

*New York v. U.S. Immigration and Customs Enforcement*,
    No. 19 Civ. 8876 (JSR), 2019 WL 7816835 (S.D.N.Y. Dec. 17, 2019) ................................ 4

*Portland Pipe Line Corp. v. City of South Portland*,
    15 Civ. 54 (JAW), 2017 WL 79948 (D. Me. Jan. 9, 2017) .................................................... 9

*Russell v. Board of Plumbing Examiners of Cty. of Westchester*,
    74 F. Supp. 2d 349 (S.D.N.Y. 1999) ............................................................................. 7, 8, 10

*Ryan v. Commodity Futures Trading Comm'n*,
    125 F.3d 1062 (7th Cir. 1997) ............................................................................................... 3, 7

*SEC v. Bear, Stearns & Co., Inc.*,
    No. 03 Civ. 2937, 2003 WL 22000340 (S.D.N.Y. Aug. 25, 2003) ........................................ 3, 7

*SEC v. W.J. Howey Co.*,
    328 U.S. 293 (1946) ............................................................................................................... 10

*Strasser v. Doorley*,
    432 F.2d 567 (1st Cir. 1970) ...................................................................................................8

*United States v. Ahmed*,
    788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) ..........................................................................5

*United States v. El–Gabrowny*,
    844 F. Supp. 955 (S.D.N.Y. 1994) .........................................................................................2

*United States v. Gotti*,
    755 F. Supp. 1157 (E.D.N.Y. 1991) ............................................................................. 2, 3, 6

*Waste Mgmt. of Penn., Inc. v. City of York*,
    162 F.R.D. 34 (M.D. Pa. 1995) .......................................................................................... 2-3

*Weininger v. Castro*,
    462 F. Supp. 2d 457 (S.D.N.Y. 2006) .....................................................................................7

*Women for America First v. De Blasio*,
    No. 20 Civ. 5746 (LGS), 2020 WL 4904057 (S.D.N.Y. Aug. 18, 2020) .........................2, 3

**Statutes**

15 U.S.C. § 77e .............................................................................................................................10

15 U.S.C. § 78u(g) ..........................................................................................................................4

**Rules**

Fed. R. Civ. P. 24 .......................................................................................................................1, 4

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this memorandum of law (pursuant to the Court's Scheduling Order (D.E. 89 ¶ 4)) in reply to Defendants Ripple Labs, Inc. ("Ripple"), Christian A. Larsen, and Bradley Garlinghouse's response ("Defendants' Response," D.E. 152) to the motion to intervene (the "Motion," D.E. 122) filed by Jordan Deaton, James Lamonte, Tyler Lamonte, Mya Lamonte, Mitchell McKenna, and Kristiana Warner (collectively, "Movants"). For the reasons set forth below and in the SEC's opposition brief ("SEC Opposition," D.E. 153), the Motion should be denied.

## PRELIMINARY STATEMENT

Movants are six purported investors in the digital asset XRP who seek to intervene on behalf of "all similarly situated XRP holders" in the SEC's enforcement action against Ripple—the issuer of XRP—and Ripple's current and former chief executive officers. The SEC has opposed Movants' attempt to improperly inject themselves into this action. Defendants seem to agree with the SEC that Movants should not be permitted to intervene under Federal Rule of Civil Procedure 24 ("Rule 24") and instead propose that Movants participate in this action as *amici curiae*—a request that Movants themselves have not made, and one that should be rejected by the Court.

As described in the SEC Opposition, Movants cannot offer any unique perspective or information that is not already available to the Court, either in the public record or through the presentation of Defendants' able counsel. Nor are Movants impartial, objective participants seeking to aid the Court. Rather, they have wholly adopted Defendants' litigation positions and advocate for the same outcome as Defendants. Seeking to inject themselves as "third-party defendants" in this action, Movants would act as "friends" of Defendants, not true "friends of the court," if permitted to participate as *amici*. And Movants' arguments are not relevant to (and would improperly expand) the violations charged by the SEC in this action.

But Defendants' Response makes clear that their proposal should be denied for an additional reason: their proposal would unduly prejudice the SEC by allowing Movants to present one-sided evidence without allowing the SEC to take related discovery. Defendants argue that Movants should be allowed to participate in this enforcement action "including [with] the right to present argument and proffer evidentiary material based on their experience and knowledge of the market" (Defs.' Response at 14), but that Movants' participation "should not involve any 'additional discovery' nor 'any change to the current scheduling order'" (*id.* at 15 (quoting D.E. 123 at 14)). Defendants cannot have it both ways. Movants cannot be allowed to present "evidentiary material" to the Court—which would impermissibly transform the nature of this case—but deny the SEC the right to discovery as to that purported evidence. For this reason, too, Defendants' attempt to present one-sided and untested "evidentiary material" from their supporters under the guise of a "friend of the court" should be rejected.

## LEGAL STANDARD

"There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an *amicus* brief in the district court." *Women for America First v. De Blasio*, No. 20 Civ. 5746 (LGS), 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020) (internal quotations and citations omitted). The decision to grant leave to file an *amicus* brief is in a district court's sound discretion. *Jamaica Hosp. Med. Ctr., Inc. v. United Health Gp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008).

"The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *United States v. El–Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (citing *United States v. Gotti*, 755 F. Supp. 1157, 1158-59 (E.D.N.Y. 1991)). However, "[t]he named parties should always remain in control, with the *amicus* merely responding to the issues presented by the parties. An *amicus* cannot initiate, create, extend, or enlarge issues." *Waste Mgmt. of Penn., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal quotations

omitted); *Andersen v. Leavitt*, No. 03 Civ. 6115, 2007 WL 2343672, at *2 (E.D.N.Y. Aug 13, 2007) ("[A]n *amicus curiae* brief should not be used to address wholly new issues not raised by the parties." (internal quotation marks and citation omitted)); *see also Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935, 2014 WL 265784, at *1–2 (S.D.N.Y. Jan. 23, 2014) (adopting this approach).

These considerations are particularly important in an SEC action, where courts are skeptical of attempts by third parties to embroil themselves in the litigation. *See, e.g., SEC v. Bear, Stearns & Co., Inc.*, No. 03 Civ. 2937, 2003 WL 22000340, at *2, 6 (S.D.N.Y. Aug. 25, 2003) (refusing both requests to intervene and to act as *amicus curiae* when the proposed *amici* were not "objective, neutral, dispassionate 'friend[s] of the court,'" because "[c]onferring *amicus* status on such partisan interests is inappropriate" (citing *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, No. 94 Civ. 0436, 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995)); *see also Gotti*, 755 F. Supp. at 1159 (denying motion to file *amicus* brief where movant was advocate for defendant and would not provide court with objective, dispassionate discussion of the issues). As the Seventh Circuit has noted:

> The term "*amicus curiae*" means friend of the court, not friend of a party …. An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case…or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers) (citations omitted); *see also Women for America First*, 2020 WL 4904057, at *3 (denying *amicus* status when movant did not possess unique information that would assist the court, and the parties were represented by competent counsel); *Hartford Fire Ins. Co. v. Expeditors Int'l of Wash. Inc.*, No. 10 Civ. 5643 (KBF), 2012 WL 6200958, at *1 n.1 (S.D.N.Y. Dec. 11, 2012) (denying *amicus* status when facts demonstrate movant was "more a 'friend of [a party] rather than a 'friend of the

court'"); *New York v. U.S. Immigration and Customs Enforcement*, No. 19 Civ. 8876 (JSR), 2019 WL 7816835, at *1 (S.D.N.Y. Dec. 17, 2019) (denying *amicus* status where submission "would not be 'of aid to the court [nor] offer insights not available from the parties'" (citation omitted)); *In re N.Y. City Policing During Summer 2020 Demonstrations*, No. 20 Civ. 8924 (CM), 2021 WL 1669784, at *1 (S.D.N.Y. Apr. 28, 2021) (same).

## ARGUMENT

The SEC Opposition addressed the reasons Movants should not be allowed to intervene in the SEC's enforcement action. In brief, Supreme Court precedent dictates that this type of interference with government enforcement actions would impermissibly intrude on Executive Branch prosecutorial discretion, while the doctrine of sovereign immunity and Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(g), bar any claims by Movants against the SEC. Nor is intervention proper under Rule 24 because Movants have not demonstrated a cognizable interest in this action, and any interests Movants *may* have are adequately represented by Defendants. Finally, permitting Movants to intervene would sow chaos into this litigation by, for example, opening the door to intervention by other XRP investors who believe Defendants offered and sold XRP as a security and have already brought class actions against Ripple.

Defendants agree with the SEC that Movants should not be permitted to intervene "as full parties" or as a class. (Defs.' Response at 2, 12.) Defendants' suggestion that Movants be admitted instead as *amici curiae* or as *amici* "with elevated participatory rights" should be rejected for four additional reasons. *Id. First*, Movants have merely recycled factual and legal arguments made by the four law firms ably representing Defendants and have offered no new evidence or unique perspective that would render *amicus* participation appropriate. *Second*, Movants are unable to serve as disinterested friends of the court, as they claim to be "unnamed defendants" in this matter and their counsel has made inflammatory public statements attacking the SEC and its staff. *Third*,

4

Defendants' request that the Court allow Movants to "present argument and proffer evidentiary material," while remaining immune from discovery, is self-serving, prejudices the SEC, and contradicts the purpose of *amici* participation.  *Finally*, Movants' participation as *amici* would inappropriately extend and enlarge the issues in this enforcement action.

**I.     Movants Can Offer Nothing Beyond What Defendants Can Provide and Have Provided the Court.**

Participation as *amicus curiae* "may be desirable where the *amicus curiae* possesses 'unique perspective that can help the court beyond the help the lawyers for the parties are able to provide.'" *Am. Bird Conservancy v. Harvey*, 232 F. Supp. 3d 292, 299 (E.D.N.Y. 2017) (internal citations omitted). In contrast, where a party is represented by "competent counsel that has given as good as it gets," courts deny *amici* participation.  *Lehman XS Trust*, 2014 WL 265784, at *2; *see also United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) (denying movant's request for *amicus* status on the grounds that "the defendant's interests were adequately represented by his counsel").

Here, Defendants argue that Movants should be granted *amicus* status, yet concede that Defendants are already litigating the very question Movants focus on—"the present status of XRP as a security"—*in addition to* XRP's "past status."  (Defs.' Response at 2.)  Indeed, as outlined in the SEC Opposition, Defendants have taken the position that the current status of XRP is "the most consequential and overarching issue" in this litigation (SEC Opp. at 9 (citing Ripple's Amended Answer (D.E. 51) ¶ 16)) and that this lawsuit has done "tremendous harm to XRP holders around the world" (SEC Opp. at 19 (citing Tr. of Apr. 30, 2021 Hrg.)).

Defendants suggest that Movants can offer evidence on three "key premises" of this action: the existence of a secondary market in XRP, the purported "use" for XRP, and the connection (or, as Ripple would have it, lack thereof) between Ripple's efforts and the success or failure of XRP. But Defendants have already put forth arguments on these points, as outlined in the SEC Opposition.  (SEC Opp. at 8–9.)  In its Answer, for example, Ripple has made arguments about the

existence of a secondary market in XRP (D.E. 51 at ¶¶ 2, 5), the supposed "use" for XRP (*id.* ¶¶ 1, 2, 4), and the supposed lack of correlation between Ripple's efforts and the success or failure of XRP (*id.* ¶¶ 9–10). Indeed, Defendants, who are represented by four capable law firms, do not and cannot claim that they are unable to provide evidence about the secondary trading market for XRP or any other issue without Movants' participation in this lawsuit as *amici*. Defendants have already cited, in their opposition to the SEC's motion to strike, one of the documents Movants presented to the Court. (D.E. 172 at 7 n.3.)[1] Nor do Movants introduce any unique legal arguments; instead, their filings merely reiterate Defendants' positions. (*See* SEC Opp. at 14–15.) Tellingly, Movants concede that they "do not seek additional discovery or any change to the current scheduling order." (D.E. 123 at 14.)

As such, this Court would not be assisted by *amicus* participation by Movants. *See Gotti*, 755 F. Supp. at 1158 (in denying a motion for leave to file an *amicus* brief, the court was "troubled by the fact that a comparison of the memorandum of law submitted by the defendants and the memorandum proposed to be submitted by the [movant] reveals that the [movant] cites no significant case not cited or discussed by the defendants" and found that the "proposed [amicus] brief would not, therefore, assist the court in the least"); *Hartford Fire Ins.*, 2012 WL 6200958, at *1 n.1 (denying request to participate as *amicus* in part because proposed *amicus* "has set forth the same bases as [a party] in support of" a substantive motion).

---

[1] Movants do not appear to possess any reliable information that is unavailable to Defendants. To the contrary, Movants submit unreliable, redacted Twitter posts about the purported uses for XRP (D.E. 124-9, 124-10), and rely on videos, blogs, or articles collected from the Internet (*e.g.*, D.E. 124-2, 124-8 (YouTube videos); D.E. 124-4, 124-7, 124-14–124-17, 124-20, 124-21 (news articles); D.E. 124-11–124-13, 124-18 (websites)). Defendants are more than capable of presenting these materials if needed and in fact have already done so—another one of Movants' exhibits (D.E. 124-3) is a copy of the same speech that has wallpapered Defendants' filings in this case. (D.E. 114-10 (Exhibit J to Garlinghouse motion to dismiss); *see also* D.E. 51 (Ripple's Answer) at 98 n.5; D.E. 67 (Ripple motion to compel) at 2 n.1; D.E 106 (Larsen motion to dismiss) at 10, 16); D.E. 111 (Garlinghouse motion to dismiss) at 7 n.3).) And, of course, Defendants are free to rely on affidavits or other testimonial evidence from investors like Movants to support their arguments—though Defendants have not named in their initial disclosures, or noticed the depositions of, *any* of the Movants or similarly-situated investors whom Defendants now claim could provide valuable insight to the Court.

6

## II. Movants Are Too Partial to Serve as *Amici*.

Movants' extreme partiality also bars them from participating as *amici* in this case. *See Long Island Soundkeeper Fund, Inc.*, 1995 WL 358777, at *1 (denying motion for leave to appear as *amicus* where the applicant "appears to have its own particular interests in the outcome of the litigation"). While courts recognize that *amici* are not required to be completely impartial, "there are, or at least there should be, limits." *Weininger v. Castro*, 462 F. Supp. 2d 457, 473 n.12 (S.D.N.Y. 2006) (citing *Ryan*, 125 F.3d at 1063). Thus, an "*amicus* cannot assume a fully adversarial position, and is precluded from engaging in adversarial activities." *Russell v. Board of Plumbing Examiners of Cty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see also Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("[T]he court does consider the presence of partiality with regard to an amici's admittance."); *Bear Stearns*, 2003 WL 22000340, at *2, 6 (refusing both requests to intervene and to act as *amicus curiae* and noting that none of the proposed *amici* was an "objective, neutral, dispassionate 'friend of the court,'" and that "[c]onferring *amicus* status on such partisan interests is inappropriate" (citing *Long Island Soundkeeper Fund, Inc.*, 1995 WL 358777, at *1).

Here, far from being dispassionate friends of the court, Movants wholly adopt Defendants' arguments, positions, and desired outcomes, as discussed above and in the SEC Opposition. Moreover, Movants are expressly antagonistic toward the SEC, positioning themselves as "unnamed defendants" in this action and informing the Court that they intend to "file a class action lawsuit against the SEC seeking damages for the SEC's intentional misconduct and/or gross negligence and gross abuse of discretion related to its allegations and claims regarding the Digital Asset XRP." (DE. 66 at 1–2.) And Movants' counsel uses profanity and references physical violence in publicly attacking the SEC and its staff. (SEC Opp. at 5, n.2.) In fact, Movants' counsel has "pinned" a March 4, 2021 tweet to his Twitter account asking for names of individuals interested in signing up for a class action lawsuit against the SEC and is encouraging individuals to sign a petition to request

7

"an investigation" into the supposed "conflicts of interest" of individuals who worked at the SEC when this case was filed, noting the need to "stand up against Injustice and Tyranny." *See* Exs. A–C, attached to the accompanying Declaration of Ladan F. Stewart, dated May 17, 2021.

Because Movants are not seeking to appear as objective "friends of the court," but rather to advance their own interests—to pursue claims against the SEC—Defendants' request that Movants appear as *amici* should be denied.

### III. Movants' Participation as "Elevated *Amici*" Who Are Exempt from Discovery Prejudices the SEC.

Defendants request that Movants, as "elevated *amici*," be given the "right to present argument and proffer evidentiary material based on their experience and knowledge of the market." (Defs.' Response at 14.) This position is inconsistent with the purpose of *amici*, as "[p]articipation as *amicus curiae*…is appropriate when the party cares only about the *legal principles* of the case." *Russell*, 74 F. Supp. 2d at 351 (emphasis added). Indeed, "an *amicus* who argues facts should rarely be welcomed." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

Moreover, despite inviting the improper participation of an *amicus* to present evidence, Defendants simultaneously maintain that Movants' participation "should not involve any 'additional discovery' nor 'change any current scheduling order.'" (Defs.' Response at 15.) Defendants' request is highly prejudicial to the SEC and reveals the true impetus behind their Response—to attempt to back-door an incomplete and unreliable evidentiary record to the Court. Tellingly, in their initial disclosures, Defendants did not notify the SEC of their intent to present evidence relating to even a single XRP holder, purchaser, "user," or investor in the secondary market. Had they done so, the SEC could have conducted appropriate discovery. Now, with little time left in the discovery period, Defendants ask this Court to accept at face value Movants' purported (and plainly unreliable) evidence, while denying the SEC the ability to engage in discovery in order to test Movants' assertions. Movants' extensive evidentiary submissions in support of their Motion—consisting of

8

hundreds of pages across more than 20 exhibits (some containing hearsay messages from dozens of individuals)[2]—demonstrate the impropriety of Defendants' request that Movants be allowed to present unrebutted, untested, and inherently unreliable evidence to the Court.  (*See generally* D.E. 124-1–124-21.)

Defendants seek to use *amici* to make "an end run around" the Court's "discovery restrictions" and the "rules of evidence."  *Portland Pipe Line Corp. v. City of South Portland*, 15 Civ. 54 (JAW), 2017 WL 79948, at *5–6 (D. Me. Jan. 9, 2017) (holding that a party was "right to be concerned about whether the amici will infuse external facts" and that the court should not allow facts asserted by *amici* to affect a decision).  This attempt to present evidence to the Court that Defendants deem favorable to them, while denying the SEC the ability to test that evidence, should be flatly rejected.

Should the Court allow Movants to participate as *amici* with the ability to present evidence, the SEC respectfully requests a simultaneous order extending the discovery deadlines by four months to allow the SEC to depose Movants and conduct discovery with respect to any "evidentiary material" that Movants may wish to present to the Court.  The SEC further respectfully requests an order bringing Movants within the scope of the Protective Order entered in this case so that the SEC may share the evidentiary record with Movants.

---

[2] For example, Movants' Exhibit I consists of at least 15 emails from individuals whose names have mostly been redacted (though one purports to be from the "SEC" (D.E. 124-9 at 18)), and appearing at times as emails copied and pasted together (*id.* at 2–3).  Some of these individuals explain that they "invested all [their] savings from 2020" in XRP and have "reinvested in XRP recently" (*id.* at 5); another explains that he similarly put his "life saving[s]" in XRP (*id.* at 10); and yet another explains his concern that his "XRP investment took a nose dive along with" another digital asset (*id.* at 16).  Still another email is from an investor who says she has "no interest or shares in Ripple" (presumably to rebut any assertion that XRP is Ripple "stock," which is not an argument any party is making), but that she instead only has an "XRP investment" (which *is* an argument *the SEC* is making).  (*Id.* at 12.)  Similarly, Movants' Exhibit J consists of series of tweets from users whose names have been redacted from the top but not the bottom of the exhibit.  (D.E. 124-10.)

**IV.  Movants Inappropriately Seek to Expand the Issues in this Case.**

Participation by Movants as *amici* should be denied for the additional reason that it would expand the scope of this enforcement action beyond claims the SEC has, in its discretion, chosen to bring. An "*amicus* cannot raise or implicate new issues that have not been presented by the parties." *Russell*, 74 F. Supp. at 351. But that is exactly what Movants attempt to do here.

As discussed in the SEC Opposition, the Amended Complaint alleges that Ripple, the issuer of XRP, and its two CEOs unlawfully offered and sold XRP without registering these offers and sales with the SEC, in violation of Section 5 of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), (c). The main dispute is whether these specific offers and sales constitute offers and sales of "investment contracts" and therefore "securities" under the standard set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946). Defendants state that they have "no relationship" with Movants and that Movants are interested in "offers and sales by other parties unrelated to Ripple." (Defs.' Response at 6.) As this enforcement action does not charge any individual investors in the secondary market who purchased XRP, Movants' participation in this case—whether as intervenors or as *amici*—would expand the scope of this case to claims the SEC is not bringing. (*See* SEC Opp. at 23–26.)

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Intervene and deny Defendants' request that Movants participate as *amici* in this action.

10

Dated: New York, New York
May 17, 2021

/s Jorge Gerardo Tenreiro
Jorge G. Tenreiro
Dugan Bliss
Robert Moye
Benjamin Hanauer
Mark Sylvester
Daphna A. Waxman
Jon A. Daniels
Ladan F. Stewart

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281
(212) 336-0153 (Stewart)
stewartla@sec.gov