UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                                   Plaintiff,                        20-CV-10832 (AT)(SN)

        -against-                                    **ORDER**

**RIPPLE LABS, INC., et al.,**

                                   Defendants.

------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       The Defendants move the Court for an order directing the Securities and Exchange Commission ("SEC") to withdraw its foreign Requests for Assistance (the "Requests"), to stop further discovery through such Requests, and to produce all previously served Requests and any related communications with foreign regulators. The motion is DENIED.

       The Court assumes the parties' familiarity with the issues. The SEC is a signatory to the Multilateral Memorandum of Understanding and other bilateral agreements that promote information sharing among foreign nations. These agreements permit the SEC to request information from foreign securities regulators, who may decline the Requests—which has happened in response to a few of the SEC's Requests in this case—or it may agree to facilitate the production of documents from foreign entities under the foreign regulator's jurisdiction.[1] The SEC represents that this cross-border cooperation is critical to its mission of protecting the investing public and maintaining fair and transparent global markets.

---

[1] The parties dispute whether a foreign business's compliance with a Request is compulsory; that dispute is immaterial here and does not control the outcome of the motion.

The Defendants argue that use of the Requests is improper because (i) they operate outside of the scope of the Federal Rules of Civil Procedure, letters rogatory, and Hague Convention processes for obtaining foreign discovery, and (ii) their effect is to intimidate or harass the Defendants' foreign business partners. No evidence suggests that the SEC issued its Requests in bad faith. As such, the Court examines the first point only.

According to the Defendants, the Requests operate outside this Court's and our foreign counterparts' supervision, which is to say that there does not appear to be a mechanism for a foreign business entity to challenge the scope or propriety of a Request. They note that the relevant MOUs do not require notice of the Requests to any interested party, and compare the Requests to SEC administrative subpoenas, which all parties agree could not be used now that the SEC has commenced litigation. Finally, Defendants contend that the SEC should be compelled to seek foreign discovery through the Hague Convention process, just like any other litigant, as opposed to the Request process which is available only to the SEC.

Notwithstanding all of this, the Court concludes that the SEC's use of the Requests is permissible and not an afront to the Court's jurisdiction. There has been no argument that the Requests exceed the scope of any governing bilateral agreement. Instead, courts have routinely rejected the proposition that the Hague Convention is the exclusive or priority means of conducting foreign discovery. See Société Nationale Industrielle Aérospatiale v. United States Dist. Court of Iowa, 482 U.S. 522 (1987); First Am. Corp.v. Price Waterhouse LLP, 154 F.3d 16 (2d Cir. 1998). The only court to address the question presented here concluded that the SEC may issue Requests to gather foreign discovery during a pending civil litigation. See Sec. and Exchange Comm. v. Badian, No. 06-2621, at ECF No. 112 (S.D.N.Y. Aug. 13, 2009), affirmed at ECF No. 144 (S.D.N.Y. May 11, 2010).

Furthermore, the fact that this discovery tool is one-sided does not render it unlawful; parties to litigation routinely experience imbalances in resources or otherwise. Indeed, Rule 1 makes clear that the rules are intended to ensure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The SEC's MOU process allows the agency to quickly and inexpensively obtain information that might otherwise slow this case to a halt.

Against this backdrop, the Court declines to preclude the SEC from acting within the scope of the MOU authority. This does not mean, however, that this Court is without a role in the discovery sought by the SEC through the Requests. As discussed during oral argument, the SEC may be precluded from introducing discovery obtained through the Requests if it had not been previously disclosed, or if the Defendants can establish its inadmissibility on some other ground.

Accordingly, the Defendants' motion is DENIED. The SEC is ordered to produce all documents obtained in response to the Requests. In addition, to improve transparency in the process, the SEC is ordered to produce copies of all previously served Requests within 14 days and produce any subsequent Requests within 14 days of their service. To the extent the SEC believes it has a proper claim of privilege, it must simultaneously produce a privilege log.

The Clerk of Court is respectfully requested to deny the motion at ECF No. 121.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:      New York, New York
            May 19, 2021