# Exhibit A

L465secC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES and EXCHANGE
COMMISSION,

           Plaintiff,

     v.                                  20 Civ. 10832 (AT)(SN)
                                                         Remote Proceeding

RIPPLE LABS, INC., et al.,

           Defendants.

------------------------------x
                                                    New York, N.Y.
                                                    April 6, 2021
                                                    2:00 p.m.

Before:

                   HON. SARAH NETBURN,

                                U.S. Magistrate Judge

                      APPEARANCES


SECURITIES and EXCHANGE COMMISSION
     Attorneys for Plaintiff SEC
BY: JORGE G. TENREIRO
     DUGAN BLISS
     DAPHNA A. WAXMAN
     JON A. DANIELS
     LADAN STEWART

CLEARY GOTTLIEB STEEN & HAMILTON, LLP
     Attorneys for Defendant Bradley Garlinghouse
BY: MATTHEW SOLOMON

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
     Attorneys for Defendant Christian A. Larsen
BY: MARTIN FLUMENBAUM
     MICHAEL GERTZMAN
     MEREDITH DEARBORN

1   I am just looking at the actual requests themselves.  I know we
2   have been talking about requests 4, 7, 8, 11, and 14.  Search
3   all of the relevant repositories for documents and discovery
4   related to communications to third-parties.  In addition, I am
5   ordering that discovery be conducted of all 19 custodians.  I
6   don't think that the SEC's arguments, as set forth within their
7   letters and again today, are a legitimate basis given the
8   relevancy standard to preclude discovery here.  19 custodians
9   for an incredibly high-stakes, high-value litigation is not
10  unreasonable, and given the three different categories of
11  grounds not to produce documents, I don't think that that is a
12  legitimate basis so I am going to direct that the SEC search
13  all 19 custodians for relevant and responsive documents.
14          I am going to deny in part the request for discovery
15  that is internal, and specifically internal, for instance
16  e-mail communications between what I will call the SEC staff to
17  SEC staff.  I think that that communication both is less
18  relevant as it goes to how the outside world -- how the market
19  is considering XRP and how the individual defendants, how it
20  affects their reasonable belief, and I also think that there
21  are likely to be extensive privilege issues there and I think
22  it has the potential to seriously chill government
23  deliberations and so I am not going to require communications
24  to be produced that are internal e-mail communications within
25  the agency.  If you want the parties to meet and confer -- and