# Exhibit P

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,      :
     :
                                **Plaintiff,**     :       **20 Civ. 10832 (AT)**
     :
                          - against -       :       **ECF Case**
     :
RIPPLE LABS, INC.,      :
BRADLEY GARLINGHOUSE, and      :
CHRISTIAN A. LARSEN      :
     :
                             **Defendants,**     :
     :
-------------------------------------------------------------------------- x

### PLAINTIFF'S FOURTH SET OF DOCUMENT REQUESTS
### TO DEFENDANT RIPPLE LABS, INC.

      Plaintiff Securities and Exchange Commission (the "SEC" or "Commission"),

pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Rules"), submits

the following requests for the production of documents to Defendant Ripple Labs, Inc.

("Ripple"). All responsive documents within the possession, custody, and/or control of

Ripple are to be delivered to the Commission's counsel, Jorge G. Tenreiro, 200 Vesey Street,

Room 400, New York, New York 10281, **by March 29, 2021 at 9:00 a.m.,** and in

accordance with the definitions and instructions set forth below, and the Commission's Data

Delivery Standards attached hereto.

### DEFINITIONS AND INSTRUCTIONS

      1.      "Ripple" means the entity doing business under the name "Ripple Labs,

Inc.," including parents, subsidiaries, affiliates, predecessors, successors, officers, directors,

employees, agents, general partners, limited partners, partnerships and aliases, code names,

or trade or business names used by any of the foregoing, including, for the avoidance of

doubt, the entity doing business under the name XRP II, LLC.

2.       "Garlinghouse" means Bradley Garlinghouse.

3.       "Larsen" means Christian A. Larsen.

4.       "XRP" means the digital asset, tokens, or coins known as "XRP," previously known as "Ripple Credits" or "Ripples."

5.       "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6.       A "Representative" of a Person means any present or former family members, officers, executives, partners, joint ventures, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

7.       "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, telephone messages, text messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

8.       "Communication" means any correspondence, contact, discussion, e-mail,

instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

9.      "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

10.     An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning: (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

11.     The term "Reviewed" means examined, assessed, considered, analyzed or evaluated.

12.     The term "you" and "your" means the Person to whom or entity to which this subpoena was issued.

13.     To the extent necessary to bring within the scope of this this subpoena any information or Documents that might otherwise be construed to be outside its scope:

a.      the word "or" means "and/or";

b.      the word "and" means "and/or";

c.      the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;

d.      the masculine gender includes the female gender and the female gender includes the masculine gender; and

e.      the singular includes the plural and the plural includes the singular.

11.     You must produce all documents described below in the section entitled "Document Requests," insofar as they are in your possession, custody or control, pursuant to Rule 34(a).

12.     Pursuant to Rule 34(b)(2)(B), with respect to each numbered category of the Requests below, you must respond by either stating that you will produce such documents (by producing copies or producing originals for inspection and copying) or stating with specificity the grounds for objecting to the request, including the reasons.

13.     Pursuant to Rule 34(b)(2)(C), any objection you make to producing documents responsive to a numbered category below must state whether any responsive documents are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of (or you must produce) the remaining documents.

14.     For each document, or portion thereof, that you seek to withhold on the basis of any privilege or protection, you must provide a written response containing the information required by Rule 26(b)(5)(A).

15.     Your production of responsive documents must be completed **by Monday March 29, 2021 at 9 a.m.**

16.     Pursuant to Rule 34(b)(2)(E)(i), you are requested to organize and label documents produced in response to the Requests below to correspond to the Requests' numbered categories.

17.      The relevant period for these Requests, unless otherwise stated, is January 1, 2012, through the present (the "Relevant Period").

18.     To the extent that you obtain information or documents that change or require correction of your responses to these Requests after you serve your responses on the Commission, you must promptly serve supplemental responses reflecting the new information and produce any additional documents, pursuant to Rule 26(e)(1).

19.     To the extent you have produced any document or communication responsive to any of the below requests in response to any request or administrative subpoena by the staff of the SEC in connection with the investigation entitled *In the Matter of Ripple Labs, Inc.,* NY 9875 (the "Investigation"), do not reproduce such document or communication, but indicate what Bates number(s) of previously produced documents are responsive to the below Document Requests.

## DOCUMENT REQUESTS

1.     All Documents and Communications Concerning any meeting between Ripple and the SEC, including, but not limited to, the August 20, 2018 meeting between former Chairman Jay Clayton, Brad Garlinghouse, David Schwartz, and John Roscoe.

2.     All Documents and Communications Concerning discussions between Coinbase and the SEC related to XRP.

3.     All Documents and Communications Concerning discussions between any digital asset exchange and the SEC related to XRP.

4.     All Documents and Communications Concerning discussions between Ripple and the SEC regarding XRP's status under the federal securities laws.

5.     All Documents and Communications Concerning the existence of an investigation into Ripple by the SEC's Division of Enforcement and/or the status of such investigation.

6.     All Documents and Communications Concerning any lobbying efforts by Ripple, or on Ripple's behalf, including, but not limited to, any payments made by Ripple to any lobbying firm.

7.     All Documents and Communications requesting or transmitting any legal opinion or analysis relating to XRP.

8.     All Documents and Communications Concerning Fractal Investments.

9.     All Documents and Communications Concerning any trading of XRP by Jed McCaleb.

10.     All Documents and Communications Concerning any negotiation or agreement with Jed McCaleb to restrict or limit trading of XRP.

11.     Documents sufficient to identify all "programmatic" sales of XRP by Ripple, including the name of the digital asset exchange, the account used to trade, the date and time of trade, trade price, volume traded, and order type.

12.     All Documents and Communications with or Concerning Tetragon.

13.     All Documents and Communications Concerning any compensation paid (in XRP or USD) to any member of Ripple's Board of Directors.

14.     All Documents concerning your document retention or destruction policy, including with respect to electronic media storage or personal devices by Ripple employees, or concerning any document retention notice relating to any litigation or investigation involving Ripple.

Dated:     New York, New York
           February 26, 2021

_____
Jorge G. Tenreiro
Dugan Bliss
Daphna A. Waxman
Jon A. Daniels
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-9145 (Tenreiro)
tenreiroj@sec.gov