

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

May 28, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, N.Y. 10007

Re:    SEC v. Ripple Labs, Inc., et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to the letter (D.E. 176, "Motion to Seal") filed by Defendant Ripple Labs, Inc. ("Ripple") regarding the redacted portions of the SEC's May 7, 2021 letter motion seeking an order compelling Ripple to produce certain legal advice ("Motion to Compel") (D.E. 165, 166), and twelve exhibits (Exhibits A-C and E-M) that the SEC filed under seal in support of its Motion to Compel (D.E. 165-1–165-3, 165-5–165-12, and 166-1–166-12).

On May 11, 2021, the SEC met and conferred with Ripple as to the proper treatment of these exhibits under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ("Meet and Confer"). At the Meet and Confer, the SEC noted that it would not oppose requests by Ripple to the Court to seal the two privilege logs—Exhibits J and K—and to publicly file redacted versions of Exhibits C, E, F, G, H, I, L, and M (the "Remaining Exhibits") such that only the portions of those exhibits upon which the SEC relied would be made public. The SEC asked Ripple at the Meet and Confer to propose reasonable redactions. Instead, Ripple filed its Motion to Seal, without attempting to reach compromise.

The SEC respectfully requests that Ripple's blanket Motion to Seal—which would seal every document filed in this highly-contested case that has drawn a significant amount of public interest—be denied. Instead, Ripple should be ordered to meet and confer in good faith to try to reach a reasonable sealing proposal that is consistent with the important presumption of public access to court documents.

**I.    Exhibits A and B Should Be Sealed Temporarily and Exhibits J and K Should Be Sealed.**

Exhibits A and B—two 2012 legal memoranda addressed to Ripple—are the subject of a contested motion to seal pending before Judge Torres (D.E. 170 (Ripple's motion); D.E. 178 (SEC's opposition)). The SEC agrees that these exhibits should be sealed in the interim pending Judge Torres's decision and then sealed or unsealed in accordance with that decision. *See* D.E. 176 at 1.

In addition, as the SEC told Ripple during the Meet and Confer, the SEC does not object to the sealing of Exhibits J and K, which are privilege logs that Ripple provided to the SEC.

**II.     Ripple Should Be Ordered to Propose Reasonable Redactions of the Remaining Exhibits.**

As to the Remaining Exhibits, Ripple's request for blanket sealing of all such exhibits is contrary to the presumption of public access attached to "judicial documents," *Lugosch*, 435 F.3d at 121, which applies to the Remaining Exhibits because the SEC relied on them in support of its Motion to Compel.[1]  *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (a document is a "judicial document," among other reasons, "if it would reasonably have the *tendency* to influence a district court's ruling on a motion" (emphasis in original)). These exhibits show, among other things, Ripple receiving and sharing legal advice and attempting to inject confusion into the minds of market participants, and are thus instrumental to the SEC's efforts to persuade the Court to grant the SEC's Motion to Compel.

Ripple's blanket sealing request is inconsistent with the requirement that any sealing be "narrowly tailored," as well as with Judge Torres's and this Court's Individual Rules governing sealing.  *See Lugosch*, 435 F.3d at 120 ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); Individual Practices in Civil Cases of Judge Torres, IV.A(ii) ("To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.") (citing *Lugosch*, 435 F.3d at 119-20)); Individual Practices in Civil Cases of Judge Netburn, III.F (noting that a party requesting sealing of a document must "address[] the request in light of the Court of Appeals' opinion in *Lugosch*").  Nor are blanket statements that information was previously confidential sufficient to overcome the presumption of access.  *Salomon Smith Barney, Inc. v. HBO & Co.*, No. 98 Civ. 8721, 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001).

As this Court has repeatedly observed, there is a great deal of public interest in this case, *see, e.g.*, D.E. 126-1, at 3 (noting that five hundred people attended the April 6, 2021 conference by telephone); D.E. 125 (setting up conference call for up to 4,000 callers).  Ripple has proposed that this litigation serve as a public referendum on the SEC's decision to file this lawsuit (*see* D.E. 152 at 18, 20 (proposing "elevated" *amicus curiae* status for certain XRP investors)).[2]  But Ripple's overbroad sealing request would have the effect of allowing Ripple to pick and choose what information the public is allowed to see about the parties' arguments and should be rejected.  Allowing more material to be sealed than is strictly necessary also will have the effect of limiting the information the public can see regarding the Court's decisions in this matter.

---

[1] Exhibit E is a January 5, 2015 email thread identified in the SEC's since-mooted motion for an order permitting the SEC to use in this litigation certain documents that Ripple belatedly attempted to claw back as purportedly privileged ("Motion for Continued Use") (D.E. 191).  Ripple has now conceded that Exhibit E is not protected by the attorney-client privilege (D.E. 199 at 2).  In addition to the relevant factors set forth in *Lugosch*, Exhibit E, or relevant portions thereof, should not be sealed for the reasons set forth in the SEC's Motion for Continued Use and because it is not privileged, as Ripple now admits.

[2] Ripple also does not hesitate to publicly comment on the lawsuit's merits.  *See, e.g.*, *Can cryptocurrency survive regulators? Here's what Ripple CEO says about XRP's future*, CNBC.com (May 26, 2021) (Garlinghouse:  "But the SEC is making the assertion that these are investment contracts ... that Ripple sales of XRP to our customers is actually an investment contract. That isn't true. If you buy XRP, you don't have ownership of Ripple and ironically you have XRP owners who have tried to sue the SEC for even bringing the case."), *available at* https://www.cnbc.com/2021/05/26/can-crypto-survive-regulators-heres-what-ripple-ceo-says-about-xrp.html; Tweet of S. Alderoty (Ripple's General Counsel) (Dec. 23, 2020) (commenting on the Complaint's allegations:  "As always, the SEC cherry-picked and truncated the facts, quotes, etc. Ex: no mention that throughout 2018, Ripple's XRP sales represented only 0.095% to 0.43% of global XRP volume and in Q1 2019, those sales amounted to 0.22% of the overall trading volume."), *available at* https://twitter.com/s_alderoty/status/1341838239074824196.

The SEC seeks only to unseal the portions of the documents the SEC relies upon for its arguments, and those necessary to give context thereto, and does not oppose redacting the rest of the Remaining Exhibits. The SEC therefore respectfully requests that the Court deny Ripple's blanket Motion to Seal and instead order Ripple to propose such redactions with the goal of achieving "narrowly tailored" sealing consistent with the important presumption of public access to the functioning of the federal courts.

                                                                                   Respectfully submitted,

                                                                                    /s/ Mark R. Sylvester

                                                                                     Mark R. Sylvester

cc:       All counsel (via ECF)

Hon. Sarah Netburn
May 28, 2021
Page 3 of 3