**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES & EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | No. 20-cv-10832 (AT) |
| RIPPLE LABS INC.,<br>BRADLEY GARLINGHOUSE,<br>and CHRISTIAN A. LARSEN,<br>Defendants. | |

### REQUEST FOR INTERNATIONAL ASSISTANCE – LETTER OF REQUEST

The United States District Court for the Southern District of New York respectfully

requests international judicial assistance to obtain evidence, under the Hague Convention of 18

March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to be used in the

above captioned litigation in this Court.

Based on the representations made by defendants Bradley Garlinghouse and Christian A.

Larsen, this Court believes that BGH One Ltd d/b/a Bithumb (hereinafter, "Bithumb") is in

possession of documents and has knowledge regarding material facts that are relevant for the

proper prosecution of the above referenced litigation.  This Court requests the assistance

described below:

| 1. Sender | Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas |
|---|---|

| | | |
|---|---|---|
| | | New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
| 2. | Central Authority of Requested State | National Court Administration<br>Attn: Director of International Affairs<br>Seocho-daero 219<br>Seocho-gu<br>Seoul 06590<br>Republic of Korea |
| 3. | Person to whom the executed request is to be returned | Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | |
| Date | | A response is requested by July 2, 2021 or as soon as practicable. |
| Reason for urgency | | The requested discovery is necessary to determine facts relevant to the above referenced litigation, and to assist defendants in rebutting the SEC's claims against them through the presentation of evidence at trial. The period for fact discovery 120 days following the Court's ruling on any motions to dismiss filed by Christian A. Larsen and Bradley Garlinghouse. Those motions have been submitted.<br><br>Expedient treatment of this request will allow the United States District Court for the Southern District of New York to make an informed decision on the merits of this litigation. |
| In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request: | | |
| Requesting judicial authority (Article 3, a) | | United States District Court Judge |

| | U.S. District Court for the Southern District of New York<br>500 Pearl Street<br>New York, NY 10007<br>United States of America |
|---|---|
| To the competent authority of (Article 3, a) | The Republic of Korea |
| Names of the case and any identifying number | *Securities & Exchange Commission v. Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen*, No. 20-cv-10832 (AT) |
| Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b) | |
| Plaintiffs (Complainants) | U.S. Securities & Exchange Commission<br>200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>(212) 336-1100 |
| Representatives | **U.S. Securities & Exchange Commission**<br>Richard Best<br>Kristina Littman<br>Preethi Krishnamurthy<br>Jorge G. Tenreiro<br>Mark Sylvester<br>John O. Enright<br>Daphna A. Waxman<br>Jon A. Daniels<br>200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>(212) 336-1100 |
| Defendants | Ripple Labs Inc.<br>315 Montgomery St<br>San Francisco, CA 94104<br>United States of America<br>(415) 213-4838<br><br>Bradley Garlinghouse<br>C/o Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Christian A. Larsen<br>C/o Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison |

| | 1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
|---|---|
| Representatives | **Debevoise & Plimpton, LLP**<br>Andrew J. Ceresney<br>Mary Jo White<br>Lisa R. Sornberg<br>Joy Guo<br>Christopher S. Ford<br>919 Third Avenue<br>New York, NY 10022<br>United States of America<br>Telephone: (212) 909-6000<br><br>**Kellogg, Hansen, Todd, Figel & Frederick: PLLC**<br>Michael K. Kellogg<br>Reid M. Figel<br>Lillian V. Smith<br>George G. Rapawy<br>Eliana M. Pfeffer<br>Collin White<br>Bradley E. Oppenheimer<br>1615 M Street, N.W.<br>Washington, DC 20036<br>United States of America<br>Telephone: (202) 326-7900<br><br>**Cleary Gottlieb Steen & Hamilton LLP**<br>Matthew C. Solomon<br>Nowell D. Bamberger<br>2112 Pennsylvania Ave NW<br>Washington, D.C. 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Alexander J. Janghorbani<br>Samuel L. Levander<br>Lucas D. Hakkenberg<br>One Liberty Plaza<br>New York, New York 10006<br>United States of America<br>Telephone: (212) 225-2000 |

| | |
|---|---|
| | **Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>Martin Flumenbaum<br>Michael E. Gertzman<br>Justin D. Ward<br>Kristina A. Bunting<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000<br><br>Meredith R. Dearborn<br>Robin Linsenmayer<br>943 Steiner St.<br>San Francisco, CA 94117<br>United States of America<br>Telephone: (212) 373-3000 |
| Other Parties | None |
| Nature of the proceedings and summary of the facts | This is a civil case being litigated in the District Court for the Southern District of New York. The Complaint alleges violations of Section 5 of Securities Act of 1933 for the Defendants' sales of the digital asset "XRP", which are alleged to have been unregistered sales of securities. The Complaint also alleges that Bradley Garlinghouse and Christian A. Larsen aided and abetted Ripple Labs Inc.'s violations of Section 5 of the Securities Act of 1933.<br><br>The Plaintiffs are seeking disgorgement based on the Defendants' sales of XRP on non-U.S. exchanges, including Bithumb. The documents in Bithumb's possession are relevant to the determination of whether the Securities and Exchange Commission's jurisdiction extends to these sales. Defendants seek documents and information that are not believed to be available from a party to this litigation. |
| Evidence to be obtained or other judicial act to be performed (Article 3, d) | It is respectfully requested that a judicial authority of the Republic of Korea order Bithumb to produce copies of documents as described in Attachment 1 from:<br><br>BGH One Ltd. d/b/a Bithumb |

5

| | |
|---|---|
| | 15~16F, 124, Teheran-ro, Gangnam-gu Seoul Republic of Korea |
| Purpose of the evidence or judicial act sought | The requested documents will provide important evidence related to the question of whether the Securities and Exchange Commission's jurisdiction extends to the sales of XRP on Bithumb. |
| Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | It is respectfully requested that each document described in Attachment 1 be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, as maintained in the ordinary course of business. |
| Special methods or procedure to be followed (Articles 3, i and 9) | In the event that any document called for by these requests is withheld in whole or in part on the basis of any applicable privilege, it is requested that Bithumb furnish a privilege log that identifies each document for which any privilege is claimed and that provides, with respect to each document, the following information: (a) the date the document was created and last modified; (b) the subject matter of the document; (c) the person(s) who prepared the document; (d) all persons to whom the document was distributed, shown, or explained; (e) the document's present custodian; and (f) the nature of the privilege asserted. |
| Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | It is requested that the individuals identified below be furnished as soon as practicable with a copy of the executed Letter of Request. Matthew C. Solomon Cleary Gottlieb Steen & Hamilton LLP 2112 Pennsylvania Avenue NW Washington, DC 20037 United States of America Telephone: (202) 974-1500 Martin Flumenbaum Paul, Weiss, Rifkind, Wharton & Garrison 1285 Avenue of the Americas New York, NY 10019 United States of America |

| | |
|---|---|
| | Telephone: (212) 373-3000 |
| Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | None |
| Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | The custodian may refuse to give evidence only insofar as he or she has a privilege or duty to refuse to give evidence under the laws of the United States. |
| The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Cleary Gottlieb Steen & Hamilton LLP C/o Matthew C. Solomon 2112 Pennsylvania Avenue NW Washington, DC 20037 United States of America Telephone: (202) 974-1500<br><br>Paul, Weiss, Rifkind, Wharton & Garrison C/o Martin Flumenbaum 1285 Avenue of the Americas New York, NY 10019 United States of America Telephone: (212) 373-3000 |
| Date of Request | June 2, 2021 |
| Signature and Seal of the Requesting Authority | <br>Hon. Sarah Netburn United States Magistrate Judge U.S. District Court for the Southern District of New York |

Attachments:

| | |
|---|---|
| Attachment 1 | Documents to be Produced by Bithumb |
| Attachment 2 | Protective Order |

**<u>ATTACHMENT 1</u>**

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions shall apply to each of the requests below and should be considered as part of each such request;

1.      The term "document" and "documents," as used in these requests, shall be interpreted in the broadest sense possible consistent with the rules governing this investigation. For the avoidance of doubt, document or documents includes, but is not limited to, writings, drawings, graphs, charts, photographs, sound recordings and other memorials of telephone conversations, images, papers, books, brochures, pamphlets, letters, correspondence, memoranda, notes, including handwritten notes, logs, transcripts, interviews or conferences or other communications, minutes, records, reports, applications, agreements, contracts, invoices, bills, orders, confirmation slips, ledgers, checks, receipts, working papers, time sheets, entries in business diaries, calendars, including calendar entries, appointment books, video tapes, e-mails, blogs, or computer tapes.

2.      A request for a "document" or "documents" relating to a subject includes any communication relating to that subject.

3.      If a document is in a language other than English and an English translation exists, provide both documents.

4.      The terms "communication" and "communications" mean and refer to any meeting, conversation (face-to-face, telephonic, text, or otherwise), discussion, telex message, cable, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

5.      The term "person" or "persons" shall include, without limitation, natural person(s), corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative or attorney.

6.      References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

7.      The terms "any" and "all" shall be construed as "any and all."

8.      The terms "each" and "every" shall be construed as "each and every."

9.      The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

10.     The use of the term "the" shall not be construed as limiting the scope of any request.

11.     The use of the singular shall also include the plural, and vice-versa.

12.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

13.     "Bithumb" "you" and "your" means and refers to BGH One Ltd d/b/a Bithumb, Bithumb's agents, employees, representatives, and/or entities acting in conjunction with Bithumb and/or on its behalf.

14.     The terms "relate to" or "relating to," when used in reference to a particular subject, shall be construed in their most inclusive sense, and shall be considered a request that you identify and produce documents that refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, constitute, comprise, show, comment on, evidence, describe, or in

any other manner concern the referenced subject matter.  For the avoidance of doubt, a request for any document "relating to" a subject includes any communications relating to that subject.

15.     The term "Defendants" means Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, as well as any agent, employee, representative, attorney, or principal thereof.

16.     If production of any document is withheld on the basis of a claim of privilege, each withheld document shall be separately identified in a privileged document list.  The privileged document list must identify each document separately, specifying for each document at least: (1) the date; (2) sender(s); (3) recipient(s); (4) type of document; and (5) general subject matter of the document.  If the sender or the recipient is an attorney or a foreign patent agent, he or she should be so identified.  The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document.

17.     Pursuant to 19 C.F.R. § 210.27(c), you are under a duty to supplement all responses to these requests to include information acquired after service of the responses, even if such responses were correct when first provided.

18.     Unless otherwise specifically noted below, each request calls for responsive documents created or received during the time period January 1, 2013 to the present.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

The account registration documents, records, and communications pertaining to each of the Defendants.

### REQUEST FOR PRODUCTION NO. 2:

The transaction records for each buy or sell order of XRP by each of the Defendants.

### REQUEST FOR PRODUCTION NO. 3:

The account balances for the accounts of each counterparty corresponding with each buy or sell order placed by each of the Defendants.

### REQUEST FOR PRODUCTION NO. 4:

From January 1, 2013 to the present, the applicable user agreements, terms of service or terms of use pursuant to which your users purchased, sold, traded, held, or otherwise transacted in XRP through your services, platforms, or products.

### REQUEST FOR PRODUCTION NO. 5:

From January 1, 2013 to the present, the applicable trading policies pursuant to which your users purchased, sold, traded, held, or otherwise transacted in XRP through your services, platforms, or products.

### REQUEST FOR PRODUCTION NO. 6:

From January 1, 2013 to the present, documentation describing trading platform functionality, market details, account and order management APIs, and trade execution and

settlement/clearing APIs, which your users utilized to purchase, sell, trade, hold, or otherwise transact in XRP through your services, platforms or products.

**REQUEST FOR PRODUCTION NO. 7:**

From January 1, 2013 to the present, the applicable internal guides, manuals, or reference materials regarding:

    a.  How trades between exchange customers are processed and reflected in your internal account management system;

    b.  The stage of a trade at which a trade becomes "final" (i.e. the point at which the person who placed either the buy or the sell order no longer has the ability to cancel the trade, pursuant to the user agreements, terms of service, terms of use, or other applicable terms or policies);

    c.  Trade confirmation and clearing processes and systems; and

    d.  Custody of client assets.

**REQUEST FOR PRODUCTION NO. 8:**

From January 1, 2013 to the present, the account opening information that would have been sent to any individual who opened an account with you.

**REQUEST FOR PRODUCTION NO. 9:**

From January 1, 2013 to the present, documents reflecting the location of or a certified statement regarding:

    a.  Your principal place of business;

    b.  Your place of incorporation;

    c.  Your registered office address;

d.   The IP addresses of any wallets used by you for trading XRP and for XRP hot and

cold storage, as well as for the trading and hot and cold storage of other

cryptocurrencies for which the Defendants exchanged their XRP; and

e.   Any servers utilized by you.

**<u>ATTACHMENT 2</u>**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __03/09/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

Defendants.

---

Case No. 20-CV-10832 (AT)

## <u>STIPULATION AND PROTECTIVE ORDER</u>

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (collectively, "**Defendants**") and Plaintiff Securities and Exchange Commission (each of the foregoing, a "**Party**" and, collectively, the "**Parties**") are engaged in discovery proceedings in the above-captioned action (the "**Litigation**"), which may include, among other things, taking depositions and producing documents. The Parties to this Stipulation and [Proposed] Protective Order (the "**Order**") having agreed to the terms of this Order, it is therefore,

ORDERED that any person subject to this Order—including, without limitation, the Parties, their representatives, agents, experts and consultants, all third parties providing discovery in connection with the Litigation, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

**A.    Scope**

1.    This Order governs the handling of all information; documents; deposition testimony (whether based upon oral examination or written questions); answers to interrogatories; responses to requests for admission; responses to requests for documents and electronically stored information; responses to subpoenas or other voluntary requests for

information from non-parties to this Litigation; and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom (collectively referred to as "**Discovery Material**"), and all other information produced or furnished by or on behalf of any Party or other third party that meets the definition of Confidential Material under Paragraph 4 and has been so designated by either a Party or a non-party (in each case, the "**Designating Party**"). This Order is also subject to this Court's Individual Practices, the Local Rules of this District (the "**Local Rules**"), and the Federal Rules of Civil Procedure (the "**Rules**") on matters of procedure and calculation of time periods.

2.      Nothing in this Order precludes any Party or non-party from seeking relief from the Court with regard to the production of documents or information.

3.      This Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

**B.      Confidential Material**

4.      A Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that such Discovery Material constitutes or contains non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information ("**Confidential Discovery Material**"). A Designating Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that disclosure of such Discovery Material, other than as permitted pursuant to this Order, will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Party and/or is substantially likely to cause injury to the Designating Party ("**Highly Confidential Discovery Material**"). Confidential Discovery Material and Highly Confidential Discovery Material (collectively, "**Confidential Material**") shall not

2

include information that (a) at the time of the disclosure hereunder is available to the public;

(b) after disclosure hereunder becomes available to the public through no act, or failure to act, by

any Party to whom material is being produced pursuant to the terms of this Order (in each case, a

"**Receiving Party**"); or (c) a Receiving Party can show was independently developed by that

Receiving Party.

### C. Manner and Time of Designation

5.     The designation of Discovery Material as Confidential Discovery Material or

Highly Confidential Discovery Material shall be made in the following manner:

a.     <u>Documents and other materials apart from depositions or other pre-trial
testimony</u>.  Documents shall be designated as Confidential Material before
or at the time they are disclosed or produced.  Where reasonably
practicable, documents shall be designated as Confidential Material by
stamping or otherwise clearly affixing the legend "Confidential" or
"Highly Confidential" to every such page (or relevant portion thereof) in a
manner that will not interfere with legibility.  In the case of electronically
stored information produced in native format, documents shall be
designated as Confidential Material by including "Confidential" or
"Highly Confidential" in the file or directory name, or by affixing the
legend "Confidential" or "Highly Confidential" to the media containing
the Discovery Material (e.g., CD-ROM, USB, DVD).  In such
circumstances where the marking of each piece of Discovery Material is
impractical or impossible, the Designating Party shall designate in writing
the Discovery Material that it regards as "Confidential" or "Highly
Confidential" at the time of its production.

b.     <u>Depositions and other pre-trial testimony</u>.  Testimony (including exhibits)
during an oral deposition or other pre-trial testimony shall be designated
as "Confidential" or "Highly Confidential" by: (i) a statement to that
effect on the record during the deposition or testimony at the time of such
disclosure or before the conclusion of the deposition or testimony; or (ii)
written notice, sent to all counsel of record by the Designating Party
within ten (10) business days of receipt of the rough or final transcript
(whichever is earliest) designating the entire transcript or portions thereof.
Prior to such time, all portions of the deposition transcript shall be
considered to have been designated "Confidential."  Nothing in this
paragraph, however, shall preclude any witness from reviewing his or her
own deposition transcript.  Each court reporter participating in any such
deposition or testimony shall be provided with a copy of this Order and
shall adhere to its provisions.  Each court reporter shall mark those

3

portions (including exhibits) of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL OR HIGHLY CONFIDENTIAL – DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) and recording(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER.

6.    <u>Redaction of Confidential Materials</u>:  Except as otherwise provided in this Order, or as otherwise ordered, Discovery Material specified below may be redacted by the Designating Party from the documents it produces in the following manner:

a.    For any matter the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PRIVILEGE," and shall specify the basis for the redaction (e.g., privilege, etc.) in its claim of privilege pursuant to Rule 26(b)(5)(A); and

b.    For any matter that any Designating Party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PII" and specify that the basis for the redaction was to protect personal data from unauthorized disclosure concurrently with its claims of privilege pursuant to Rule 26(b)(5)(A).  The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in Section D.

7.    <u>Upward Designation of Discovery Material</u>.  A Party may upwardly designate any Discovery Material produced by another Party or any non-party (i.e., change the designation of any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or change the designation of any Discovery Material produced as "Confidential" to a designation of "Highly Confidential"), provided that said Party has a basis

4

under Paragraph 4 of this Order to so designate. Upward designation shall be accomplished by providing written notice to all Parties (and, if the Discovery Material was produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the Discovery Material to be upwardly designated. Thereafter, the upwardly designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward, subject to the provisions of Section D below.

8.      Inadvertent Failure to Designate Discovery Material. Inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" shall not constitute a waiver of the Designating Party's right to later designate such Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order. If a document is designated "Confidential" or "Highly Confidential" and one or more copies of the documents or the original are also produced but not so designated, the copies or original shall also be treated as Confidential Discovery Material or Highly Confidential Discovery Material if the recipient is actually aware of such fact, subject to Paragraph 14. A Designating Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Designating Party inadvertently failed to designate as "Confidential" or "Highly Confidential," by providing supplemental written notice to all Receiving Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated. Thereafter, the re-designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such

notice forward.  Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Confidential Material to each Party reflecting the change in designation.  In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as "Confidential" or  "Highly Confidential" in a manner not permitted by the provisions of this Order made applicable by virtue of the re-designation shall exercise its best efforts to ensure: (i) the return and destruction of such re-designated Discovery Material by any person not authorized to receive it under the terms of this Order; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 13.

9. Unless otherwise provided in this or subsequent Orders of the Court, Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

  a. The Parties and the directors, officers, general partners, limited partners, managers, members, employees, and staff of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

  b. Counsel who represent the Parties in this Litigation (including in-house counsel) and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are charged with assisting in work on this Litigation and to whom it is necessary that Confidential Material be shown for purposes of assisting in such work;

6

    c.        Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order by executing the form of Exhibit A to this Order (the "**Non-Disclosure Agreement**");

    d.        Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

    e.        Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author or addressee; or who were the actual or intended recipient of such document in the ordinary course of business; or, in the case of meeting minutes and presentations, an attendee of the meeting;

    f.        Other employees, staff, or representatives of the Parties who have a legitimate need to review such material in connection with the Litigation (and who shall, prior to reviewing such material, execute the Non-Disclosure Agreement);

    g.        The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

    h.        Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Confidential Material (i) after notice to all Parties and an opportunity to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

10.    Unless otherwise provided in this or subsequent Orders of the Court, Highly Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

    a.        Parties to this Litigation;

b. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are assisting with the Litigation;

c. Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, subject to compliance by the individual and the Parties with the provisions of Paragraph 9(c) relating to the Non-Disclosure Agreement;

d. Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

e. Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author, addressee, or actual or intended recipient of such document in the ordinary course of business, or, in the case of meeting minutes and presentations, an attendee of the meeting;

f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

g. Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Highly Confidential Discovery Material (i) after notice to all Parties and an opportunity has been had to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

11. To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition or testimony.

12. Counsel for each Party shall maintain copies of all Non-Disclosure Agreements executed by persons who received access to Confidential Material from that Party. If disclosure

8

to any person or entity is ordered by the Court *sua sponte*, the Non-Disclosure Agreement of the recipient shall be maintained by counsel for the Party that produced the disclosed information. Counsel for each Party shall, upon written request by another Party, provide a copy of any Non-Disclosure Agreement maintained by such counsel pursuant to the first sentence of this Paragraph to the requesting Party within five (5) days of receipt of such written request; provided, however, that such requests must specify the signatory by name.

13.     Confidential Material shall be used by Receiving Parties solely for the prosecution of, defense of, appeal of, attempted settlement of or the enforcement of insurance rights with respect to, the Litigation, and only as provided in this Order.  Confidential Material shall not be used or employed for any other purpose whatsoever by a Receiving Party, including for any commercial purpose or for any other litigation or proceeding, unless agreed to in a signed writing between such Receiving Party and the Designating Party or unless such Confidential Material becomes part of the public record.

14.     Nothing in this Order shall prevent any Party from using the Party's own information or documents, or any other information or documents not subject to this Order, even if such information or documents are duplicative of Discovery Materials designated as Confidential Material by another Party.

15.     <u>Sealing of Confidential Material Filed with or Submitted to the Court</u>.  In the event that counsel for any Party determines to file with, or submit to, the Court any Confidential Material or papers containing or referencing Confidential Material, such Party shall  seek leave of Court to file or submit such Confidential Material or papers under seal following the procedures described in Judge Torres's Individual Practices (Part IV.A.ii), including to: "meet and confer with any opposing parties (or third parties seeking confidential treatment of the

information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials."

16.     <u>Use of Confidential Material in Public</u>.  Unless otherwise ordered, in the event that any Party determines to use any Confidential Material at trial or any hearing to be held in open court, such Party shall so advise the relevant Designating Party ten business (10) days in advance, and seek to challenge the designations of such Confidential Material pursuant to Section D.  In the event the Court has not ruled on a request for judicial intervention pursuant to Paragraph 19 by the relevant filing deadline, the Parties agree to file the Confidential Material in question under seal pending a ruling by the Court.

**D.     Challenges to Designations**

17.     The designation of any Discovery Materials as Confidential Material, including for the purpose of introducing such Confidential Material in public filings, at trial, or any hearing to be held in open court, is subject to challenge by any Party or non-party with standing to object. The following procedure shall apply to any such challenge.

18.     <u>Meet and Confer</u>.  A Party or non-party challenging the designation of Confidential Material must do so in good faith and must begin the process by providing written notice to the Designating Party and counsel for all other Parties identifying with particularity the Confidential Material whose designation is being challenged (i.e., by Bates number, page range, deposition transcript lines, etc.) and the basis for the challenge, and thereafter meeting and, upon notice to counsel for all Parties, conferring with counsel for the Designating Party.  Counsel for other Parties may, but are not required to, attend such conferences.  In conferring, the challenging Party or non-party must explain the basis for its belief that the confidentiality

10

designation is not proper and must give the Designating Party an opportunity to review the

Confidential Material, to reconsider the designation and, if no change in designation is offered,

to explain the basis for the designation. The Designating Party must respond to the challenge in

writing no later than five (5) business days after the meet-and-confer.

19.     <u>Judicial Intervention</u>.  If the meet and confer process is unsuccessful, the

challenging Party and any other Parties involved may seek a ruling on the matter from the Court.

Such Parties shall describe the dispute in a single joint letter to the Court, in accordance with the

Court's Individual Practices and applicable Local Rules.  Until the Court rules on the dispute, the

Confidential Material shall continue to be treated as designated.  Nothing in this Order, nor any

action or agreement of a Party or non-party under this Order, shall limit the Court's power to

issue any orders that may be appropriate with respect to the use and disclosure of any Discovery

Material.

20.     The provisions of this Order are not intended to shift any burdens of proof,

including the burden of establishing that any Discovery Material validly constitutes Confidential

Discovery Material or Highly Confidential Discovery Material, which burden remains on the

Designating Party.  A Receiving Party shall not be obliged to challenge the propriety of a

confidentiality designation at the time made, and a failure to do so shall not preclude a

subsequent challenge thereto.

### E.     Conclusion of Litigation

21.     Within thirty (30) days after the conclusion of the entirety of the Litigation

(including appeals and any other proceeding in which Confidential Material is permitted to be

used) and upon written request of the Designating Party, all persons having received Confidential

Material shall either: (i) make a good-faith and reasonable effort to return such material and all

copies thereof (including summaries, excerpts, and derivative works) to the Designating Party,

with the Designating Party bearing the reasonable costs of such return; or (ii) make a good-faith and reasonable effort to destroy all Confidential Material and certify that such Confidential Material has been destroyed; however, counsel for any Party or non-party may retain a complete file of all litigation documents filed with the Court and any attorney work product prepared in connection with the Litigation, provided that such counsel shall maintain the confidentiality thereof and shall not disclose such Confidential Material to any person except pursuant an agreement by the Designating Party, or as otherwise specified in Section F. Notwithstanding anything to the contrary in this Order, documents need not be destroyed if there is a written agreement by the Designating Party to the contrary, including but not limited to the Designating Party's agreement that the Confidential Material may be used in another legal proceeding. Nothing in this Paragraph shall override any Party's legal obligation to preserve documents.

22. The restrictions on the use of Confidential Material shall survive the conclusion of the Litigation. During the pendency of this Litigation only, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Following the conclusion of the entirety of the Litigation (including appeals and any other proceeding in which Confidential Material is permitted to be used), any dispute concerning restrictions on the use of Confidential Material will be resolved pursuant to Paragraphs 19 and 20 in any court of competent jurisdiction.

### F. Confidential Material Subpoenaed or Ordered Produced in Other Litigation

23. Nothing in this Order will prevent a Receiving Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process (collectively, a "**Demand**"), provided that such Receiving Party, to the extent permitted by law, gives written notice to the Designating Party as soon as reasonably permitted by the time

allowed under the request, and in no event less than ten (10) business days before any disclosure unless prohibited by law.  Such notification must include a copy of the Demand.  Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand.

24.     The Receiving Party must also immediately inform in writing the person who caused the Demand to issue that some or all of the requested materials are subject to this Order, and in so doing provide a copy of this Order.

25.     The obligations set forth in this Section will remain in effect while any Party has in its possession, custody, or control any Confidential Material received from any Designating Party in connection with the Litigation.

26.     Nothing in this Section shall be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful direction from another court or from a government agency.

**G.     Disclosures Required or Permitted by Law**

27.     Notwithstanding any other provisions contained herein, this Order does not limit or restrict any Party from using or disclosing any Confidential Materials to the extent otherwise required by law or permitted under Sections 21(a)(2), 24(c) and 24(f) of the Securities Exchange Act of 1934 and Rule 24c-1, promulgated thereunder, subject to the limitations and restrictions therein, provided any recipient has completed the Non-Disclosure Agreement.

**H.     Non-Waiver of Confidentiality or Privilege**

28.     <u>Disclosure of Confidential Material</u>.  In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) make

reasonable efforts to recover the disclosed Confidential Material and all copies thereof, as well as

preclude further dissemination or use by the person or entity to whom the disclosure was made;

and (iii) notify the Designating Party of the identity of the person or entity to whom the

disclosure was made, the circumstances surrounding the disclosure, and the steps taken to

recover the disclosed Confidential Material and ensure against further dissemination or use

thereof.  Disclosure of Confidential Material other than in accordance with the terms of this

Order by a Receiving Party may subject that Receiving Party to such sanctions and remedies as

the Court may deem appropriate.

29.     The inadvertent or unintentional disclosure of Confidential Material, regardless of

whether the information or document was so designated at the time of the disclosure, shall not be

deemed a waiver, either in whole or in part, of a Designating Party's claim of confidentiality,

either as to the specific information or document disclosed or as to any other information or

documents relating thereto on the same or related subject matter.

30.     Disclosure of Discovery Materials Protected By the Attorney-Client Privilege or

Work Product Doctrine.  Consistent with Federal Rule of Evidence 502 and Rule 26(b)(5)(B), if

a Party or non-party notifies any Receiving Party that Discovery Material was produced that is

protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or immunity ("**Privileged Material**"), the disclosure shall not be

deemed a waiver in whole or in part of the applicable privilege or protection, either as to the

specific material or information disclosed or as to any other material or information relating

thereto or on the same or related subject matter.  Upon notification, the Receiving Party shall (i)

destroy or return all copies of such Privileged Material within five (5) business days of receipt of

such notice or discovery; (ii) provide a certification of counsel that all such Privileged Material

14

has been returned or destroyed; (iii) take reasonable steps to retrieve documents if the Receiving Party disclosed them to any person or entity before being notified of the privilege claim, and provide written notification to the Party or non-party that produced such Privileged Material as to whether it was successfully retrieved; and (iv) not use the Privileged Material for any purpose absent further order of the Court. Any Party or non-party providing notice to any Receiving Party that it has disclosed Privileged Material must include, to the extent not already provided, within or simultaneously with such notice sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5)(B). The Receiving Party may move the Court under seal for an order allowing use of the Privileged Material in the Litigation; provided, however, the Receiving Party may not argue that the disclosure of the Privileged Material to the Receiving Party waived the privilege.

## I.    Amendment

31.    Upon good cause shown, and upon notice to all Parties as provided by the applicable Rules and Local Rules, any Party may move to amend the provisions of this Order at any time.

## J.    Producing Non-Parties

32.    Any Party issuing a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party. Any Party who has already issued a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.

33.    Except as expressly provided herein, this Order does not expand, create, limit, or otherwise alter any rights any non-party may have to seek relief from the Court under the Rules (including Rule 26(c)), the Local Rules, this Court's Individual Practices, or applicable case law to seek to protect Confidential Material after receiving notice from a Party of that Party's

15

intended disclosure. Further, except as expressly provided herein, this Order does not expand, create, limit or otherwise alter the rights any Party may have under the foregoing provisions to oppose any non-party request for relief on any ground.

### K.     No Admission

34.     Nothing in this Order operates to create an admission by any Party that any Discovery Material is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of Discovery Material, in accordance with applicable law, including the Rules and the Local Rules.

### L.     Persons Bound

35.     This Order shall take effect when entered and shall be binding upon the Parties, their counsel, and persons made subject to this Order by its terms, including any non-parties who produce documents subject to and with notice of this Order. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court a copy of this Order.

### M.     Governing Law

36.     This Order shall be interpreted under the laws of the state of New York.

### N.     Counterparts

37.     This Order may be executed in several counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Order by facsimile or scanned pages shall be effective as delivery of a manually executed counterpart to this Order.

**SO STIPULATED AND AGREED:**

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

*Attorneys for Plaintiff Securities and
Exchange Commission*

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick
PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

*Attorneys for Defendant Ripple Labs Inc.*

**SO STIPULATED AND AGREED:**


_(signature)_
_____          _____

Dugan Bliss                        Andrew J. Ceresney
(blissd@sec.gov)                   (aceresney@debevoise.com)
Jorge G. Tenreiro                  Mary Jo White
Daphna A. Waxman                   Lisa Zornberg
Jon A. Daniels                     Christopher S. Ford
Securities and Exchange Commission Joy Guo
New York Regional Office           Debevoise & Plimpton LLP
Brookfield Place                   919 Third Avenue
200 Vesey Street, Suite 400        New York, NY 10022
New York, NY 10281                 +1 (212) 909-6000
+1 (212) 336-9145

*Attorneys for Plaintiff Securities and*          _(signature)_
*Exchange Commission*              _____

                                   Michael K. Kellogg
                                   (mkellogg@kellogghansen.com)
                                   Reid M. Figel
                                   Kellogg, Hansen, Todd, Figel, & Frederick
                                   PLLC
                                   Sumner Square
                                   1615 M Street, NW, Suite 400
                                   Washington, DC 20036
                                   +1 (202) 326-7900

                                   *Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: March 3, 2021
New York, New York

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley
Garlinghouse*

*Martin Flumenbaum* /MRD

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED** this ___ day of _____, 2021


_____
Hon. Analisa Torres
United States District Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

v.                                                          Case No. 20-CV-10832 (AT)

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

                                        Defendants.

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have received, read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of discovery or other materials in these proceedings that have been designated as Confidential Discovery Material or Highly Confidential Discovery Material, as defined therein.  I will not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone other than pursuant to the terms of the Protective Order, and at the conclusion of the Litigation I will return all Discovery Materials as defined in the Protective Order to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated: _____          _____
                                                                Name:
                                                                Title:

**MORNINGSIDE**
Getting Ideas Right.

# TRANSLATION CERTIFICATION

Date: June 1, 2021

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- English

To:

- Korean

The documents are designated as:
- Letter of Request for International Assistance - Bithumb

Eugene Li, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Eugene Li

미국 지방 법원
뉴욕 남부 지방

| | |
|---|---|
| 증권 거래 위원회<br><br>　　　　　　　　원고<br><br>　　대<br><br>리플 랩스 주식회사(RIPPLE LABS INC.,)<br>브래들리 갈링하우스(BRADLEY GARLINGHOUSE),<br>크리스천 A. 라슨(CHRISTIAN A. LARSEN)<br>　　　　　　　　피고 | 사건 번호 20-cv-10832 (AT) |

## 국제 지원 요청 - 요청 서한

미국 뉴욕 남부 지방 법원은 1970 년 3 월 18 일 헤이그 협약에 의한 민사상 또는 상업상 증거의 해외 반출에 관한 증거, 즉, 본 법정에서 해당 소송에 사용하기 위한 증거를 확보하기 위해 국제 사법 지원을 정중하게 요청합니다.

피고인 브래들리 갈링하우스와 크리스티안 A. 라르센의 진술을 바탕으로 본 법정은 BGH One Ltd d/b/a Bithumb(이하 '빗썸')이 문서를 보유하고 있고, 해당 소송의 적절한 기소와 관련한 중요한 사실에 관한 지식을 가지고 있다고 판단하고 있습니다. 본 법정은 아래에 설명된 지원을 요청합니다.

| 1.  발신인 | 매튜 C. 솔로몬(Matthew C. Solomon)<br>클리어리 가틀립 스틴 앤드 해밀턴<br>유한책임조합(Cleary Gottlieb Steen &<br>Hamilton LLP)<br>주소: 2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>전화번호: +1 (202) 974-1500<br><br>마틴 플루멘바움(Martin Flumenbaum) |

| | |
|---|---|
| | 폴, 와이스, 리프킨드, 와튼 앤드 개리슨 유한책임조합(Paul, Weiss, Rifkind, Wharton & Garrison) 주소: 1285 Avenue of the Americas New York, NY 10019 United States of America 전화번호: +1 (212) 373-3000 |
| 2.   요청 국가의 중앙기관 | 법원행정처 수신인: 국제심의관 Seocho-daero 219 Seocho-gu Seoul 06590 Republic of Korea |
| 3.   실행된 요청을 반환받을 대상인 | 매튜 C. 솔로몬(Matthew C. Solomon) 클리어리 가틀립 스틴 앤드 해밀턴 유한책임조합(Cleary Gottlieb Steen & Hamilton LLP) 주소: 2112 Pennsylvania Avenue NW Washington, DC 20037 United States of America 전화번호: +1 (202) 974-1500 마틴 플루멘바움(Martin Flumenbaum) 폴, 와이스, 리프킨드, 와튼 앤드 개리슨 유한책임조합(Paul, Weiss, Rifkind, Wharton & Garrison) 주소: 1285 Avenue of the Americas New York, NY 10019 United States of America 전화번호: +1 (212) 373-3000 |
| 4.   요청 기관이 요청 서한에 대한 답변을 받아야 하는 상세 일자 | |
| 일자 | 2021 년 7 월 2 일까지 또는 가능한 한 빠른 답변을 요청드립니다. |
| 긴급 사유 | 요청된 증거 개시는 상기 참고 소송과 관련된 사실관계를 판단하고, 재판에서 증거 제시 등을 통해 피고인들이 이에 대한 증권 거래 위원회의 주장을 반박할 수 있도록 지원하는 데 필요합니다. 크리스천 A. 라슨과 브래들리 갈링하우스가 제기한 기각 신청에 대한 법원의 판결 이후 사실관계 증거 개시 기간은 120 일입니다. 해당 기각 신청은 제출되었습니다. |

2

| | |
|---|---|
| | 본 요청이 신속하게 처리되면 미국 뉴욕 남부 지방 법원이 이 소송의 본안에 대해 정보에 입각한 결정을 내릴 수 있을 것입니다. |
| 협약 제 3 조에 따라 아래 서명한 신청인은 다음 각 호의 요청서를 제출할 수 있습니다. | |
| 요청하는 사법기관(제 3 조 a 항) | 미국 지방 법원 판사<br>미국 뉴욕 남부 지방 법원<br>500 Pearl Street<br>New York, NY 10007<br>United States of America |
| 요청을 받는 (제 3 조 a 항)의 관할 관청 | Republic of Korea |
| 사건명 및 식별 번호 | *증권 거래 위원회 대 리플 랩스 주식회사(Ripple Labs Inc.), 브래들리 갈링하우스(Bradley Garlinghouse) 및 크리스천 A. 라슨(Christian A. Larsen)*, 사건 번호 20-cv-10832 (AT) |
| 당사자와 그 대리인(요청한 국가의 대리인을 포함)의 성명 및 주소 | |
| 원고(고소인) | 미국 증권 거래 위원회<br>주소: 200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>전화번호: +1 (212) 336-1100 |
| 대리인 | **미국 증권 거래 위원회**<br>리차드 베스트(Richard Best)<br>크리스티나 리트먼(Kristina Littman)<br>프리티 크리시나무르티(Preethi Krishnamurthy)<br>조르쥬 G. 텐헤이루(Jorge G. Tenreiro)<br>마크 실베스터(Mark Sylvester)<br>존 O. 엔라이트(John O. Enright)<br>다프나 A. 왁스먼(Daphna A. Waxman)<br>존 A. 대니얼스(Jon A. Daniels)<br>주소: 200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>전화번호: +1 (212) 336-1100 |
| 피고 | 리플 랩스 주식회사(RIPPLE LABS INC.)<br>315 Montgomery St<br>San Francisco, CA 94104<br>United States of America<br>전화번호 : +1 (415) 213-4838 |

| | |
|---|---|
| | 브래들리 갈링하우스(BRADLEY GARLINGHOUSE), 대리인 매튜 C. 솔로몬(Matthew C. Solomon) 클리어리 가틀립 스틴 앤드 해밀턴 유한책임조합(Cleary Gottlieb Steen & Hamilton LLP) 주소: 2112 Pennsylvania Avenue NW Washington, DC 20037 United States of America 전화번호: +1 (202) 974-1500<br><br>크리스천 A. 라슨(CHRISTIAN A. LARSEN) 대리인 마틴 플루멘바움(Martin Flumenbaum) 폴, 와이스, 리프킨드, 와튼 앤드 개리슨 유한책임조합(Paul, Weiss, Rifkind, Wharton & Garrison) 주소: 1285 Avenue of the Americas New York, NY 10019 United States of America 전화번호: +1 (212) 373-3000 |
| 대리인 | **데비보이스 앤드 플림턴 유한책임조합(Debevoise & Plimpton, LLP)** 앤드루 J. 세레스니(Andrew J. Cresney) 메리 조 화이트(Mary Jo White) 리사 R. 손버그(Lisa R. Sornberg) 조이 궈(Joy Guo) 크리스토퍼 S. 포드(Christopher S. Ford) 919 Third Avenue New York, NY 10022 United States of America 전화번호: +1 (212) 909-6000<br><br>**켈로그, 핸슨, 토드, 피겔 앤드 프레데릭 전문유한책임회사(Kellogg, Hansen, Todd, Figel & Frederick: PLLC)** 마이클 K. 켈로그(Michael K. Kellogg) 라이트 M. 피겔(Reid M. Figel) 릴리안 V. 스미스(Lillian V. Smith) 조지 G. 래포이(George G. Rapawy) 일리아나 M. 페퍼(Eliana M. Pfeffer) |

|  | 콜린 화이트(Collin White)<br>브래들리 E. 오펜하이머(Bradley E. Oppenheimer)<br>1615 M Street, N.W.<br>Washington, DC 20036<br>United States of America<br>전화번호: +1 (202) 326-7900<br><br>**클리어리 가틀립 스틴 앤드 해밀턴 유한책임조합(Cleary Gottlieb Steen & Hamilton LLP)**<br>매튜 C. 솔로몬(Matthew C. Solomon)<br>노웰 D. 밤버거(Nowell D. Bamberger)<br>주소: 2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>전화번호: +1 (202) 974-1500<br><br>알렉산더 J. 장호바니(J. Alexander J. Janghorbani)<br>새뮤얼 L. 레반더(Samuel L. Levander)<br>루카스 D. 하켄버그(Lucas D. Hakkenberg)<br>One Liberty Plaza<br>New York, New York 10006<br>United States of America<br>전화번호: +1 (212) 225-2000<br><br>**폴, 와이스, 리프킨드, 와튼 앤드 개리슨 유한책임조합(Paul, Weiss, Rifkind, Wharton & Garrison)**<br>마틴 플루멘바움(Martin Flumenbaum)<br>마이클 K. 켈로그(Michael K. Kellogg)<br>저스틴 D. 워드(Justin D. Ward)<br>크리스티나 A. 번팅(Kristina A. Bunting)<br>주소: 1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>전화번호: +1 (212) 373-3000<br><br>메레디스 R. 디어본(Meredith R. Dearborn)<br>로빈 린젠메이어(Robin Linsenmayer)<br>943 Steiner St.<br>San Francisco, CA 94117 |
|---|---|

5

| | United States of America<br>전화번호: +1 (212) 373-3000 |
|---|---|
| 기타 당사자 | 없음 |
| 절차의 성격 및 사실 요약 | 이는 뉴욕 남부 지방 법원에서 소송이 제기된 민사 사건입니다. 고소장은 증권의 미등록 매각으로 주장되는 피고의 디지털 자산 "XRP" 매각에 대해 1933 년 증권법 5 조를 위반했다고 주장합니다. 고소장은 또한 브래들리 갈링하우스(Bradley Garlinghouse)와 크리스천 A. 라슨(Christian A. Larsen)이 리플 랩스 주식회사(Ripple Labs Inc.)의 1933 년 증권법 5 항 위반을 지원하고 방조했다고 주장합니다.<br><br>원고들은 빗썸(Bithumb)을 포함한 미국 외의 거래소에서 피고들이 XRP 를 매각한 것을 근거로 불만을 제기하고 있습니다. 빗썸(Bithumb)이 보유한 문서는 증권 거래위원회의 관할권이 이러한 매각에 미치는지 여부를 결정하는 것과 관련이 있습니다. 피고들은 본 소송에서 당사자가 사용할 수 없다고 생각되는 문서와 정보를 찾고 있습니다. |
| 확보할 증거 또는 수행할 기타 사법 행위 (제 3 조 d 항) | 대한민국의 사법기관이 Bithumb 이 (가) 다음[에 명시된 사람이나 기관]으로부터 첨부파일 1 에 기재된 문서들의 사본을 제출할 것을 명령하기를 정중히 요청합니다:<br><br>BGH One Ltd. d/b/a Bithumb<br>15~16F, 124, Teheran-ro, Gangnam-gu<br>Seoul<br>Republic of Korea |
| 증거 또는 사법 행위가 추구하는 목적 | 요청된 문서는 증권 거래 위원회의 관할권이 빗썸(Bithumb)에서의 XRP 매각까지 미치는지에 대한 중요한 증거를 제공합니다. |
| 선서 또는 확증에 따라 증거를 제시해야 하는 요건 및 사용해야 하는 특수 양식(제 3 조 h 항) | 첨부 1 에 기재된 각 문서는 통상적인 업무 과정에서 유지된 바와 같이 약어 또는 편집 없이 전체적으로 동일하지 않은 모든 초안과 함께 작성되어야 합니다. |

| | |
|---|---|
| 따라야 할 특별한 방법 또는 절차 (제 3 조 i 항 및 제 9 조) | 이러한 요청에 의해 요청된 문서가 해당 특권에 근거하여 전체 또는 부분적으로 보류되는 경우, 권한이 부여된 각 문서를 식별하고 각 문서와 관련하여 다음과 같은 정보를 제공하는 권한 로그를 빗썸(Bithumb)이 제공하도록 요청합니다.<br>(a) 문서가 생성되고 마지막으로 수정된 날짜<br>(b) 문서의 주제<br>(c) 문서를 작성한 사람<br>(d) 문서를 배포, 게재 또는 설명한 모든 사람<br>(e) 문서를 현재 보관하고 있는 사람<br>(f) 주장된 특권의 성격 |
| 요청의 집행 일시와 장소, 통지 대상자의 신원 및 주소의 통지 요청(제 7 항) | 아래에서 확인된 개인에게 가능한 한 빨리 집행된 요청서 사본을 제공할 것을 요청합니다.<br><br>매튜 C. 솔로몬(Matthew C. Solomon)<br>클리어리 가틀립 스틴 앤드 해밀턴 유한책임조합(Cleary Gottlieb Steen & Hamilton LLP)<br>주소: 2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>전화번호: +1 (202) 974-1500<br><br>마틴 플루멘바움(Martin Flumenbaum)<br>폴, 와이스, 리프킨드, 와튼 앤드 개리슨 유한책임조합(Paul, Weiss, Rifkind, Wharton & Garrison)<br>주소: 1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>전화번호: +1 (212) 373-3000 |
| 요청서 집행 시<br>요청 기관의 법관의 출석<br>또는 참여 요청<br>(제 8 조) | 없음 |
| 원산지 법(제 11 조 b 항)에 따라 증거 제공을 거부할 수 있는 특권 또는 의무의 명시 | 문서 보유인은 미국 법에 따라 증거 제공을 거부할 특권이나 의무가 있는 경우에만 증거 제공을 거부할 수 있습니다. |

7

| 제 14 조 2 항 또는<br>협약 제 26 조에 따라<br>변제하여야 할 수수료 및<br>비용은 다음이 부담합니다. | 클리어리 가틀립 스틴 앤드 해밀턴<br>유한책임조합(Cleary Gottlieb Steen &<br>Hamilton LLP)<br>대리인 매튜 C. 솔로몬(Matthew C.<br>Solomon)<br>주소: 2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>전화번호: +1 (202) 974-1500<br><br>폴, 와이스, 리프킨드, 와튼 앤드 개리슨<br>유한책임조합(Paul, Weiss, Rifkind,<br>Wharton & Garrison)<br>대리인 마틴 플루멘바움(Martin<br>Flumenbaum)<br>주소: 1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>전화번호: +1 (212) 373-3000 |
|---|---|
| 요청 일자 | 2021 년 6 월 2 일 |
| 요청 기관의 서명 및 날인 | <br><br>법관 사라 넷번(Sarah Netburn)<br>미국 치안 판사<br>미국 뉴욕 남부 지방 법원 |

첨부 문서:

| 첨부 1 | 빗썸(Bithumb)이 생성할 문서 |
|---|---|
| 첨부 2 | 보호 명령 |

## <u>첨부 1</u>

## 정의 및 지침

달리 명시되지 않는 한, 아래의 각 요청에 대해 다음의 정의와 지침을 적용하며, 각 요청의 일부로 간주되어야 합니다.

1.      이러한 요청에서 사용되는 "문서"와 "문서들"이라는 용어는 이 조사를 지배하는 규칙과 일치하는 가능한 한 광범위한 의미로 해석되어야 합니다. 의심의 여지를 피하기 위해 문서 또는 문서들에는 다음이 포함되며 또한 다음에만 국한되지는 않습니다. 글, 도면, 그래프, 차트, 사진, 소리 녹음 및 전화 대화, 이미지, 종이, 책, 브로셔, 팜플렛, 편지, 서신, 메모, 각서, 쪽지, 수기 메모, 기록, 녹취록, 인터뷰 또는 회의 또는 기타 통신, 회의록, 기록, 보고서, 신청서, 동의서, 계약서, 송장, 청구서, 주문서, 확인서, 원장, 수표, 영수증, 작업용지, 시간표, 업무 일지, 기재한 기록을 포함한 달력, 약속장부, 비디오 테이프, 이메일, 블로그 또는 컴퓨터 테이프.

2.      주제와 관련된 "문서" 또는 "문서들"에 대한 요청은 해당 주제와 관련된 모든 의사소통을 포함합니다.

3.      문서가 영어 이외의 언어로 되어 있고 영어 번역이 있는 경우 두 문서를 모두 제공하여야 합니다.

4.      "의사소통"과 "의사소통들"이란 다음을 의미하고 일컫습니다. 둘 이상의 사람들 간에 또는 그들 중 특정 사람들 간에 주고 받는 회의, 대화(대면, 전화상, 문자 또는 기타), 토론, 텔렉스 메시지, 케이블, 통신, 메시지, 테이프에 녹음된 메시지, 생각, 의견 또는 정보. 그리고 데이터 또는 기타 정보를 수신, 전송, 저장하는 모든 전자, 사진, 기계 장치 또는 장치.

10

5.     "사람" 또는 "사람들"은 다음을 의미하며 또한 다음에만 국한되지는

않습니다. 법인, 제휴, 사업 신탁, 협회 및 그 밖의 단체와 임원, 이사, 직원, 파트너, 모회사,

자회사, 계열사, 대리인 또는 변호사.

6.     자연인에는 자연인 외에도 그 대리인, 직원, 대리인, 변호사 또는 본인이

포함됩니다.

7.     "어떤 것"과 "모든 것"이라는 용어는 "어떤 것 그리고 모든 것"으로

해석됩니다.

8.     "각각"와 "모두"라는 용어는 "각자 그리고 모든 것"으로 해석됩니다.

9.     "날짜"라는 용어는 확실한 경우 정확한 연도, 월, 일을 의미합니다. 그렇지

않은 경우 가장 가까운 근사치를 의미합니다.

10.     "그"라는 용어의 사용은 요청의 범위를 제한하는 것으로 해석되지

않습니다.

11.     단수형의 사용에는 복수형을 포함해야 하며, 그 반대의 경우도

마찬가지입니다.

12.     "및", "또는", "및/또는"은 어떤 것이든 요청을 보다 포괄적이게 만드는

연결어 또는 분리어로 해석됩니다.

13.     "빗썸(Bithumb)" "귀하(you)"와 "귀하의(your)"는 빗썸(Bithumb)의 직원,

피고용인, 담당자 및/또는 빗썸(Bithumb)을 대신하여 활동하는 BGH One Ltd d/b/a

Bithumb 을 의미하며 일컫습니다.

14.     특정 주제와 관련하여 사용되는 "관련 있는" 또는 "관련되는"이라는 용어는

가장 포괄적인 의미로 해석됩니다. 또한 참조하거나, 토론하거나, 요약하거나,

반영하거나, 구성하거나, 포함하거나, 구체화하거나, 관련 짓거나, 언급하거나,

나타내거나, 첨언하거나, 증언하거나, 설명하는 문서를 식별하여 생성하는 요청, 또는

모든 방식으로 언급된 주제로 간주됩니다.  의심의 여지를 피하기 위해 주제와 관련된

"문서" 또는 "문서들"에 대한 요청은 해당 주제와 관련된 모든 의사소통을 포함합니다.

15.   "피고인"이란 용어는 리플 랩스 주식회사(Ripple Labs Inc.), 브래들리

갈링하우스(Bradley Garlinghouse), 크리스천 A. 라슨(Christian A. Larsen) 뿐만 아니라

대리인, 직원, 대표자, 변호사 또는 본인을 의미합니다.

16.   특권 청구에 근거하여 문서의 생성이 보류되는 경우, 각 보류된 문서는 비밀

문서 목록에서 별도로 확인되어야 합니다.  특권 문서 목록은 각 문서에 대해 적어도

다음을 명시하는 각 문서를 별도로 확인하여야 합니다. (1) 일자, (2) 발신인, (3) 수신인, (4)

문서 유형, (5) 문서의 일반적 주제.  발신인 또는 수신인이 변호사 또는 외국 특허

대리인인 경우, 신원이 확인되어야 합니다.  청구된 특권의 유형은 청구된 특권의 모든

요소가 충족되었고 각 문서에 대해 포기하지 않았음을 증명하는 인증과 함께 명시되어야

합니다.

17.   미국 연방 규정집 타이틀 19 의 210 조 27(c)항에 따라 귀하는 응답이 처음

제공되었을 때 응답이 옳았더라도 응답 서비스 후 획득한 정보를 포함하도록 이러한

요청에 대한 모든 응답을 보완해야 할 의무를 지닙니다.

18.   아래에 특별히 명시되지 않는 한, 각 요청은 2013 년 1 월 1 일부터

현재까지의 기간 동안 작성되거나 수신된 응답 문서를 요구합니다.

<u>문서 요청</u>

**생성 번호 요청 1)**

각 피고와 관련된 계정 등록 문서, 기록 및 통신

**생성 번호 요청 2)**

각 피고의 XRP 매수 또는 매도 주문에 대한 거래 기록

**생성 번호 요청 3)**

각 피고가 발주한 각 매수 또는 매매 주문에 해당하는 각 거래 상대방의 계정 잔액

**생성 번호 요청 4)**

2013 년 1 월 1 일부터 현재까지 사용자가 귀하의 서비스, 플랫폼 또는 제품을
통하여 XRP 로 구매, 판매, 거래, 보유 또는 기타 방식으로 거래한 해당 사용자 계약,
서비스 약관 또는 이용 약관

**생성 번호 요청 5)**

2013 년 1 월 1 일부터 현재까지 사용자가 귀하의 서비스, 플랫폼 또는 제품을
통하여 XRP 로 구매, 판매, 거래, 보유 또는 기타 방식으로 거래한 해당 거래 정책

**생성 번호 요청 6)**

2013 년 1 월 1 일부터 현재까지 거래 플랫폼 기능, 시장 세부사항, 귀하의
사용자들이 매수, 매도, 보유 또는 기타 거래에 활용하는 계정 및 주문관리 API 및 거래
체결 및 정산/정리 API 를 기술하는 문서

**생성 번호 요청 7)**

2013 년 1 월 1 일부터 현재까지 해당 내부 지침서, 설명서 또는 참고자료는 다음 각
호와 같습니다.

  a. 거래소 고객간 거래가 처리되고 내부 계정 관리 시스템에 반영되는 방식

  b. 거래가 "최종"이 되는 단계(즉, 사용자 계약, 서비스 약관, 이용 약관, 그 밖에
   해당하는 약관 또는 정책에 따라 매수 또는 매도 주문을 한 사람이 더이상
   거래를 취소할 수 없는 시점)

  c. 거래 확인 및 정리 절차 및 제도

  d. 고객 자산의 보관

**생성 번호 요청 8)**

2013 년 1 월 1 일부터 현재까지 귀하와 함께 계좌를 개설한 개인에게 보내졌어야
하는 계좌 개설 정보

**생성 번호 요청 9)**

2013 년 1 월 1 일부터 현재까지 다음 각 호에 관한 위치 또는 인증된 진술을
반영하는 문서

  a. 귀하의 주요 사업장

  b. 귀하의 법인 소재지

  c. 귀하의 등록된 사무실 주소

  d. 귀하가 XRP 거래, XRP 핫/콜드 스토리지뿐만 아니라 피고가 XRP 를 교환한
   다른 암호 화폐의 거래, 핫/콜드 스토리지에 사용하는 모든 지갑의 IP 주소

e.  귀하가 사용하는 모든 서버

# TRANSLATION CERTIFICATION

Date: June 1, 2021

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- English

To:

- Korean

The documents are designated as:
- 2021.03.09 - ECF 53 - Proposed Stipulation and Protective Order

Eugene Li, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____

Signature of Eugene Li

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:_____
접수일: 2021/03/09

미합중국 지방법원
뉴욕 남부 지방

|  |  |
|---|---|
| 원고 | |
| 증권거래위원회 (SEC) | Case No. 20-CV-10832 (AT) |
| v. | |
| 피고 | |
| 리플 랩스(RIPPLE LABS INC.), 브래들리 갤링하우스(BRADLEY GARLINGHOUSE) 와 크리스천 A. 라슨(CHRISTIAN A. LARSEN) | |

**명문화 및 보호 명령**

피고 리플 랩스(Ripple Labs Inc.), 브래들리 갤링하우스, 크리스천 A. 라슨(집합적으로,

"**피고인들**")과 원고 증권거래위원회(각각 전술한 자를 "**당사자**" 및 집합적으로 "**당사자들**"로

칭함)는 상기 표제의 소송("**소송**")에서 증거제출 절차를 밟고 있습니다. 여기에는 무엇보다

증언을 확보하고 문서를 작성하는 과정이 포함됩니다. 본 명문화 및 [제안된] 보호

명령("**명령**")의 당사자들은 본 명령의 조건에 동의한 바, 이에 다음과 같이,

본 명령의 적용을 받는 모든 자, 즉 당사자들, 당사자들의 변호인, 대리인, 전문가,

컨설턴트, 본 소송과 관련하여 자료를 제출하는 모든 제 3 자 및 본 명령의 실질 통지 및 인정

통지를 받은 모든 기타 이해관계자들을 포함하나 이에 한정함 없이, 모든 자들은 다음 조건을

엄격히 준수해야 한다는 명령이 발부됩니다.

A.   **범위**

1.   본 명령은 모든 정보, 문서, 증언(구술 심리이든지 서면 질의든지), 심문에 대한

답변, 채택 요청에 대한 응답, 문서 및 전자적으로 저장된 정보 요청에 대한 응답, 본 소송

당사자가 아닌 자에 대한 소환장 또는 자의적 정보 제공 요청에 대한 응답, 여기에서

포함되거나 여기에서 파생된 모든 정보를 포함하여 제출되거나, 제공되거나, 교환된 모든 기타

정보 (집합적으로 "**디스커버리 자료**"로 칭함), 그리고 당사자 중 일방이나 제 3 자에 의해 직접

또는 대리하여 제출되거나 제공된 자료로 제 4 항에 따라 기밀 자료의 정의를 충족하며 당사자

또는 비당사자("**지정자 측**") 가 기밀 정보로 지정한 모든 기타 정보의 취급에 적용됩니다. 또한

본 명령은 절차 및 기간 산정 문제에 있어서 본 사법구의 지방 규칙("**지방 규칙**") 및 연방 민사

절차 규칙("**규칙**")을 준용합니다.

        2.      본 명령 중 어느 부분도 당사자 또는 비당사자가 서류 또는 정보 제출에 관해

법원으로부터 구제 조치를 시도하지 못하도록 제한하지 않습니다.

        3.      본 명령은 어느 당사자 또는 비당사자가 법률 또는 다른 계약에 따라서 지고 있는

기밀 유지 의무에 변경을 가하지 않습니다.

   B.    **기밀 자료**

        4.      지정자 측은 어떠한 디스커버리 자료가 비공개용 배타적, 기밀성, 기술적,

영업적, 재정적, 개인적 또는 상업적으로 민감한 정보를 구성하거나 게재하고 있다고 진정으로

판단하는 경우, 본 명령의 규정에 따라 그러한 디스커버리 자료를 "기밀"로 지정할 수

있습니다("**기밀 디스커버리 자료**"). 지정자 측은 본 명령에 의하여 허용되는 이외에, 그러한

디스커버리 자료의 공개가 지정자 측의 사업, 재정적, 개인적, 경쟁적 또는 상업적 이해에

불이익을 초래할 가능성이 있거나 그리고/또는 지정자 측에게 손해를 초래할 가능성이 상당히

크다고 진정으로 판단하는 것이 마땅한 경우, 지정자 측은 본 명령의 규정에 따라 어떠한

디스커버리 자료를 "극비"로 지정할 수 있습니다("**극비 디스커버리 자료**"). 기밀 디스커버리

자료와 극비 디스커버리 자료(집합적으로, "**기밀 자료**")에는 (a) 이에 따른 공개 시점에

대중에게 알려진 정보, 또는 (b) 이에 따른 공개 이후 본 명령의 규정에 따라 자료를 제공 받는

당사자(각각의 경우, "**자료 수신자 측**")의 작위 또는 부작위에 의해 대중에 알려지는 정보, (c)
자료 수신자 측이 단독으로 개발한 정보였음을 보여줄 수 있는 정보는 포함될 수 없습니다.

C.    **지정의 방법 및 시기**

5.    기밀 디스커버리 자료 또는 극비 디스커버리 자료와 같은 디스커버리 자료의
지정은 아래의 방법으로 제출되어야 합니다.

a.    <u>녹취 또는 기타 공판 전 증언 이외의 문서 및 기타 자료</u>: 문서는 공개 또는
제출 시점 또는 그 이전에 기밀 자료로 지정되어야 합니다. 실행이 적절한
경우, "기밀" 또는 "극비"라는 범례를 모든 해당 지면에(또는 해당 관련
부분에) 가독성을 해치지 않는 범위에서 도장으로 찍거나 아니면 분명히
부착함으로써 기밀 자료로 지정해야 합니다. 원본이 전자적으로 작성되어
저장된 정보의 경우, 디스커버리 자료가 들어있는 파일 또는 디렉토리 이름에
"기밀" 또는 "극비"를 포함하거나, 그러한 미디어(예. CD-ROM, USB,
DVD)에 "기밀" 또는 "극비"라는 범례를 부착함으로써 기밀 자료로
지정합니다. 모든 디스커버리 자료마다 표시를 하는 것이 실질적으로
비현실적이거나 불가능한 상황이라면, 지정자 측이 자료 제출 시, 디스커버리
자료가 "기밀" 또는 "극비"로 간주된다고 서면으로 지정합니다.

b.    녹취 및 기타 공판 전 증언. 구술 증언 또는 기타 공판 전 증언 시
증언(증거자료 포함)은 (i) 그러한 공개 시 녹취 또는 증언 중, 또는 녹취 또는
증언의 마무리 전에 기밀이라는 취지로 녹음된 언명에 의해, 또는 (ii) 녹취록
초안 또는 최종본의 접수로부터 십(10) 영업일 이내에 지정자 측이 모든 해당
변호인들에게 보내는 서면 공지에 의해 (둘 중 빠른 방법으로) 그러한 녹취록
전체 또는 각 부분을 "기밀" 또는 "극비"로 지정되어야 합니다. 단, 본 조항의
어느 것도 증인이 자신의 녹취록을 검토하는 것을 제한하지 않습니다. 이러한
모든 증언 또는 진술에 참여하는 모든 법원 기자는 본 명령서 사본을 제공
받고, 본 명령서의 규정에 따라야 합니다. 모든 법원 기자는 "기밀 또는 극비
– 변호인 지정" 범례가 표시된 그러한 녹취 또는 증언 기록의 해당
부분(증거자료 포함)에 유의하고, 그러한 녹취록과 기록물 표지에 다음의
범례를 부착하여야 합니다.

본 녹취록에는 변호인이 기밀 및/또는 극비로 지정하고 명문화된 보호 명령으로 보호 받는 내용이 게재되어 있음.

6.  <u>기밀 자료의 편집</u>: 본 명령에 달리 규정된 경우 또는 달리 명령이 내려진 바를 제외하고, 아래 명시된 디스커버리 자료는 지정자 측에 의해 다음의 방법으로 디스커버리 자료에서 편집될 수 있습니다.

a.  지정자 측이 변호인−의뢰인 비밀권, 작업물 면책권, 공개에 대한 법적 금지 또는 어떠한 다른 비밀권 또는 면책권에 해당한다고 지정하는 모든 사안에 대하여, 지정자 측은 편집된 모든 부분마다 "편집됨 − 비밀권"이라는 범례를 표시해야 하며, 규칙 제 26(b)(5)(A) 조항에 따라 비밀권을 주장하는 편집 근거를 명시해 놓아야 합니다. 또한,

b.  지정자 측이 연방, 주 또는 외국 데이터 보호 법률에 따라 이러한 용어가 정의된 바와 같이 "개인 식별 정보", "민감한 프라이버시 정보" 또는 "비공개 개인 정보"를 포함하였다고 진심으로 주장하는 모든 사안에 있어서, 지정자 측은 "편집됨 − PII"라고 적시하는 범례를 표시된 모든 편집된 부분에 유의하여야 하며, 편집의 근거가 규칙 제 26(b)(5)(A) 조항에 따른 비밀권 주장과 동시에 무단 정보 누출로부터 개인 정보를 보호하려는 것임을 명시해야 합니다. 편집에 대항할 권리 및 편집에 대한 대항 과정은 D 섹션에 명시된 디스커버리 자료의 기밀 지정에 대항할 권리 및 대항 과정과 동일합니다.

7.  <u>디스커버리 자료의 상향 지정</u>. 당사자는 또 다른 당사자 또는 어떠한 비당사자가 제출한 어떠한 디스커버리 자료를 상향 지정할 수 있습니다(즉, 지정 없이 제출된 어떠한 디스커버리 자료의 지정을 "기밀" 또는 "극비"로 변경하거나 어떠한 디스커버리 자료의 지정을 "기밀"에서 "극비" 지정으로 변경). 단, 해당 당사자는 본 명령의 4 항에 따라 그렇게 지정하도록 하는 근거가 있어야 합니다. 상향 지정은 상향 지정이 되어야 하는 디스커버리 자료를 적시하여(베이츠 Bates 번호 또는 기타 개별적으로 식별 가능한 정보) 모든

당사자들에게(또한 비당사자가 제출한 자료일 경우, 해당 개인 또는 단체에) 서면 공지를 제공함으로써 완수됩니다. 그러한 때로부터, 상향 지정된 디스커버리 자료는 신규 지정에 준하는 기밀 디스커버리 자료 또는 극비 디스커버리 자료로 취급되며, 그러한 공지 발송일 이후 본 명령 및 아래 D 섹션 조항의 전적인 적용을 받습니다.

8.      디스커버리 자료 지정의 부주의한 불이행. 디스커버리 자료를 "기밀" 또는 "극비"로 부주의하게 지정하지 않은 것이, 그러한 디스커버리 자료를 본 명령에 따라 후에 "기밀" 또는 "극비"로 지정하는 지정자 측의 권리에 대한 포기를 구성하지 않습니다. 문서가 "기밀" 또는 "극비"로 지정이 되고, 그 문서의 사본 한 부 이상 또는 원본이 제출되었으나 그렇게 지정되지 않은 경우, 수신인이 사실상 그러한 사실을 인지하고 있다면, 그 사본 또는 원본 또한 제 14 항에 적용을 받는 기밀 디스커버리 자료 또는 극비 디스커버리 자료로 취급되어야 합니다. 지정자 측은, "기밀" 또는 "극비"로 부주의하게 지정하지 않은 디스커버리 자료를 포함하여 이미 제출된 모든 디스커버리 자료에 대하여 모든 수신자 측에게 재-지정되어야 하는 디스커버리 자료를 식별하여(베이츠 번호 또는 기타 개별적으로 식별 가능한 정보를 통해) 보충 서면 공지를 제공함으로써, "기밀" 또는 "극비"로 지정할 수 있습니다. 그러한 때로부터, 재-지정된 디스커버리 자료는 신규 지정에 준하는 기밀 디스커버리 자료 또는 극비 디스커버리 자료로 취급되며, 그러한 통지 발송일 이후 본 명령의 전적인 적용을 받습니다. 그러한 통지 제공 후, 지정자 측은 지정 변경 사항을 반영하여 다시 표시한 기밀 자료 사본을 모든 당사자에게 지체 없이 제공하여야 합니다. 또한, 그러한 보충 서면 통지 수신 즉시, 그러한 지정 전에 "기밀" 또는 "극비"로 지정된 디스커버리 자료를 재-지정에 의하여 적용되는 명령의 규정이 허용하지 않는 방법으로 공개한 모든 수신자 측은 다음 사항을 확실히 하도록 만전의 노력을 기울여야 합니다. (i) 본 명령의 규정에 따라 해당 자료를 수신하도록 승인되지

않은 어떠한 개인이 수신한 모든 재-지정 디스커버리 자료를 반환 및 파기한다. (ii) 그렇게 재-지정된 디스커버리 자료에서 파생된 모든 문서 또는 기타 자료는 본 명령에 따른 기밀 자료 또는 극비 자료에 적용되는 제한 사항에 따라 취급된다. (iii) 그러한 재-지정된 디스커버리 자료는 본 명령의 규정에 의하는 경우를 제외하고는 더 이상 공개되지 않도록 한다. (iv) 모든 재-지정된 디스커버리 자료 및 여기에서 파생된 모든 정보는 제 13 항에 명시된 용도로만 사용된다.

9.   본 명령 또는 법원의 후속 명령에서 달리 규정된 경우를 제외하고, 기밀 디스커버리 자료는 소송과 관련된 경우에 한하여 본 명령에 따라 사용되어야 하며, 다음의 개인에 대해서만 전체 또는 부분이 공개되거나, 요약되거나, 기술되거나, 언급되거나, 열람되거나 또는 전달되거나 알려질 수 있습니다.

a.   당사자 및 그 이사, 임원, 무한 책임 사원, 유한 책임 사원, 관리자, 사원, 직원, 소송을 보조하거나 그에 관한 결정을 내리는 당사자의 직원을 대상으로 소송의 기소 또는 변호를 보조하는 목적으로 공식 변호인이 마땅히 필요하다고 판단하는 범위까지

b.   본 소송에서 당사자를 대리하는 변호인(내부 변호사 포함) 및 그 파트너 변호사, 소속 변호사, 준 법률인, 비서, 사무직, 정규 및 비정규 직원, 그리고 본 소송에 관한 업무를 담당하는 변호인 사무실 서비스 도급 업자(제 3 자 복사 및 소송 지원 서비스 포함)와 그러한 업무에서 보조할 목적으로 기밀 자료를 보여줄 필요가 있는 자

c.  당사자를 위하여 변호인이 선임한 전문가 또는 컨설턴트, 소송을 지원하는
파트너 변호사, 소속 변호사, 준 법률인, 비서, 사무원, 정규 및 비정규 직원.
단, 각 전문가 또는 컨설턴트가 본 명령에 첨부된 별첨 A 양식("**기밀 유지
동의서**")에 서명함으로써 본 명령의 규정의 강제력을 적용 받기로 동의하기
이전에는 어떠한 공개 정보도 공개되어서는 안 된다.

d.  목격자 또는 증인 및 그 변호인은 본 소송에서 녹취 또는 증언을 수행 또는
준비하는 데 필요한 범위로 제한됨
(단, 열람 완료 시, 목격자 또는 증인은 그 문서를 제공 당사자에게 반환
하여야 하며, 증거물로 표시하여 법원 기자에게 제공된 사본은 제외된다.)

e.  관련 문서에 의해 그 표지, 이메일 또는 다른 통신 메시지를 통해 저자 또는
수신인으로 인지되는 자, 또는 일상적 업무 과정에서 그러한 문서의 실제
또는 의도된 수신인, 또는 회의록 및 발표 자료의 경우 회의 참석자

f.  본 소송과 관련하여 그러한 자료를 열람해야 하는 적법한 필요가 있는
(그리고 그러한 자료를 열람하기 전에 기밀 유지 동의서에 서명해야 하는)
당사자의 기타 직원, 스태프, 대리인

g.  법원, 법원에 고용된 자, 본 소송 및 이후 항소에서 어떠한 심리, 공판, 증언을
기록하는 법원 기자, 그리고

h.  상기 적시된 자 이외에, (i) 모든 당사자에게 공지 발송 및 이의 제기 기회
이후에 그리고 (ii) 그러한 자가 기밀 유지 계약에 서명한 이후에, 법원 명령
또는 기밀 자료의 관련 지정자 측의 명문화로 접근을 승인 받은 자

10. 법원의 본 명령 또는 후속 명령서에 달리 규정하는 경우를 제외하고, 극비
디스커버리 자료는 본 소송과 관련하여서만 본 명령에 따라 사용되어야 하며, 다음의 개인에
대해서만 전체 또는 부분이 공개되거나, 요약되거나, 기술되거나, 언급되거나, 열람되거나 또는
전달되거나 알려질 수 있습니다.

a.  본 소송 당사자

b. 본 소송에서 당사자를 대리하는 변호인(내부 변호사 포함) 및 그 파트너 변호사, 소속 변호사, 준 법률인, 비서, 사무직, 정규 및 비정규 직원, 그리고 본 소송을 지원하는 변호인 사무실 서비스 도급 업자(제 3 자 복사 및 소송 지원 서비스 포함)

c. 당사자를 위하여 변호인이 선임한 전문가 또는 컨설턴트, 소송을 지원하는 파트너 변호사, 소속 변호사, 준 법률인, 비서, 사무원, 정규 및 비정규 직원, 그리고 소송을 지원하는 그러한 전문가 또는 컨설턴트의 서비스 도급 업자로서, 개인 및 당사자에 의해 기밀 유지 동의서에 관련된 제 9(c)항의 규정에 대한 준수 적용을 받는 자

d. 목격자 또는 증인 및 그 변호인은 본 소송에서 녹취 또는 증언을 수행 또는 준비하는 데 필요한 범위로 제한됨
(단, 열람 완료 시, 목격자 또는 증인은 그 문서를 제공 당사자에게 반환 하여야 하며, 증거물로 표시하여 법원 기자에게 제공된 사본은 제외된다.)

e. 관련 문서에 의해 그 표지, 이메일 또는 다른 통신 메시지를 통해 저자 또는 수신인으로 인지되는 자, 또는 일상적 업무 과정에서 그러한 문서의 실제 또는 의도된 수신인, 또는 회의록 및 발표 자료의 경우 회의 참석자

f. 법원, 법원에 고용된 자, 본 소송 및 이후 항소에서 어떠한 심리, 공판, 증언을 기록하는 법원 기자, 그리고

h. 상기 적시된 자 이외에, (i) 모든 당사자에게 공지 발송 및 이의 제기 기회 이후에 그리고 (ii) 그러한 자가 기밀 유지 계약에 서명한 이후에, 법원 명령 또는 극비 자료의 관련 지정자 측의 명문화로 접근을 승인 받은 자

11.    어떠한 녹취 시 기밀 디스커버리 자료 또는 극비 디스커버리에 관련한 증언을 얻고자 하는 범위까지, 본 명령의 규정에 따라 그러한 정보의 수신 자격이 없는 개인은 녹취 또는 증언 중 해당하는 부분에서 제외되어야 합니다.

12.    각 당사자의 변호인은 해당 당사자로부터 기밀 자료 접근을 허가 받은 개인이 서명한 모든 기밀 유지 동의서의 사본을 보관하여야 합니다. 법원이 그 재량으로 어떠한 개인 또는 단체에 대한 공개를 명령하는 경우, 정보 수신인의 기밀 유지 계약은 공개된 정보를

제출한 당사자의 변호인이 보관해야 합니다. 각 당사자의 변호인은 또 다른 당사자의 서면

요청이 있을 시, 그러한 서면 요청을 받은 지 오(5) 일 이내에 본 조항의 첫 문장에 따라 요청

당사자에게 그러한 변호인이 보관하는 모든 기밀 유지 동의서 한 부를 제공해야 합니다. 단,

그러한 요청에는 반드시 서명인 성명이 명시되어 있어야 합니다.

13. 기밀 자료는 오로지 소송에 관한, 그리고 본 명령의 규정 대로만, 보험 권리의

기소, 변호, 항소, 합의 시도 또는 시행의 목적을 위해서만 수신자 측에 의해 사용될 수

있습니다. 그러한 수신자 측과 지정자 측 간의 서명한 서면 동의가 없거나, 그러한 기밀 문서가

공문서의 일부가 되지 않는 이상, 기밀 자료는 어떠한 상업적 목적이나 기타 다른 소송 또는

법적 절차를 포함하여 그 어떠한 다른 목적으로도, 수신자 측이 사용 또는 이용할 수 없습니다.

14. 본 명령의 어느 부분도 어떠한 당사자가 당사자 자신의 정보 또는 문서, 또는 본

명령에 해당되지 않는 어떠한 기타 정보 또는 문서를, 심지어 그러한 정보 또는 문서가 또 다른

당사자에 의해 기밀 자료로 지정된 디스커버리 자료의 복제라고 하더라도, 사용하는 것을 결코

제한하지 않습니다.

15. 법원에 접수 또는 제출되는 기밀 자료의 봉인. 어느 당사자의 변호인이 기밀

자료를 포함하거나 참조하는 어떠한 기밀 자료 또는 문서를 법원에 접수하거나 제출하고자

하는 경우, 그러한 당사자는 법원의 양해를 구하여 그러한 기밀 자료 또는 문서를 토레

판사(Judge Torres)의 개별 관행(제 IV.A.ii 부)에 기술된 절차에 따라 봉인하여 접수 또는

제출하여야 합니다. 관행에는 요청의 범위를 좁히기 위해 사전에 상대방(또는 해당되는 경우

정보의 기밀 취급을 구하는 제 3 자)을 만나서 협의하는 것이 포함됩니다. 당사자가 상대방 또는

제 3 자가 요청했다는 것을 근거로 봉인 또는 편집된 자료를 접수하고자 양해를 구하는 경우,

해당 당사자는 3 일 이내에 상대방 또는 제 3 자에게 그 자료를 봉인 또는 편집해야 하는

필요성을 설명하는 서신을 접수해야 함을 통보해야 합니다.

16.    기밀 자료의 공개적 사용. 달리 명령이 발부되지 않는 이상, 어느 당사자가 공개 법정에서 열리는 공판 또는 심리에서 어떠한 기밀 자료를 사용하고자 하는 경우, 그러한 당사자는 십(10) 영업일 전에 관련 지정자 측에게 해당 내용을 고지하고, D 섹션에 따라 그러한 기밀 자료 지정에 이의를 제기합니다. 법원이 관련 접수 기한까지 제 19 항에 따른 사법적 개입에 대한 요청에 대해 결정하지 않는 경우, 각 당사자는 해당 기밀 자료를 법원의 결정 시까지 봉인하여 접수하기로 합의합니다.

D.    지정에 대한 이의 제기

17.    어떠한 디스커버리 자료를 기밀 자료로 지정하는 것은, 그러한 기밀 자료의 공개 접수, 공개 법정에서 열리는 공판 또는 어떠한 심리에서 언급하려는 목적을 포함하여, 이의 제기 자격을 갖춘 어떠한 당사자 또는 비당사자의 도전을 받을 수 있습니다. 다음의 절차가 그러한 이의 제기 시 적용됩니다.

18.    만나서 협의하기. 기밀 자료 지정에 이의를 제기하는 당사자 또는 비 당사자는 성실한 의도로 그렇게 해야 하며 지정자 측 및 모든 기타 당사자의 변호인에게 서면 통지를 제공함으로써 절차를 시작해야 합니다. 서면 통지에는 기밀 지정에 대해 이의를 제기 받는 기밀 자료를 상세하게(베이츠 번호, 지면 범위, 녹취록의 특정 부분 등) 지적하여 밝혀야 하며, 또한 만나서 모든 당사자의 변호인에게 공지 시, 지정자 측 변호인과 협의해야 합니다. 기타 당사자 변호인은 그러한 협의에 참석할 수 있으나 요건은 아닙니다. 협의 시, 이의를 제기하는 당사자 또는 비당사자는 기밀 지정이 적합하지 않다는 판단에 대한 근거를 반드시 설명하고, 지정자 측에게 기밀 정보를 검토하고, 지정 여부를 재고하고, 지정 여부의 변경 없음이 제안되는 경우, 지정의 근거를 설명할 기회를 주어야 합니다. 지정자 측은 만나서 협의한 후 오(5) 영업일 이전까지 도전에 대해 서면 답변을 해야 합니다.

19.    사법적 개입. 만나서 협의하는 과정이 성과를 거두지 못한 경우, 이의를 제기하는 당사자와 관련된 모든 다른 당사자는 그 사안에 대해 법원의 결정을 구할 수 있습니다. 그러한 당사자들은 법원의 개별 관행과 적용 가능한 지방 규칙에 따라 법원에 분쟁을 기술한 합동 공문단 한 부를 제출합니다. 법원이 분쟁에 대한 결정을 내릴 때까지, 기밀 자료는 계속하여 지정된 대로 취급되어야 합니다. 본 명령 및 본 명령에 따른 당사자 또는 비 당사자의 행위 또는 합의 그 어느 것도 모든 디스커버리 자료의 사용 및 공개에 관련하여 적절할 수 있는 어떠한 명령을 내리는 법원의 권능을 제한할 없습니다.

20.    이 명령의 규정들은, 어떠한 디스커버리 자료가 기밀 디스커버리 자료 또는 극비 디스커버리 자료를 유효하게 구성하도록 수립하는 부담을 포함하여 입증의 모든 책임을 전가하려는 의도가 없으며, 입증 책임은 지정자 측에게 계속하여 수반됩니다. 수신자 측은 지정 당시의 기밀 지정의 적절성에 도전하도록 강요되어서는 안 되며, 그렇게 하지 않은 것이 이에 대한 이후의 이의 제기를 막을 수 없습니다.

## E.    소송의 결론

21.    소송의 완전 종료 후 삼십 (30) 일 이내(기밀 자료 사용이 허용되는 항소 및 모든 기타 법적 절차 포함) 및 지정자 측의 서면 요청 시, 기밀 자료를 수신한 모든 개인은 다음 중 하나를 하여야 합니다. (i) 그러한 자료 및 모든 해당 사본을(요약, 발췌, 파생 작업물 등) 지정자 측에게 반환하려는 성실하고 적절한 노력을 기울이되, 지정자 측이 그러한 반환에 드는 적당한 비용을 부담한다. (ii) 모든 기밀 지정 자료를 폐기하려는 성실하고 적절한 노력을 기울이고, 그러한 기밀 자료가 폐기되었음을 확인한다. 단, 어떠한 당사자 또는 비당사자의 변호인은 법원에 제출된 모든 소송 문서의 전체 파일을 및 본 소송과 관련하여 작성한 변호인 작업물을 보관할 수 있습니다. 단, 그러한 변호인은 그에 관한 기밀을 유지해야 하며, 지정자 측과 맺은 계약에 따라 또는 F 섹션에서 달리 명시한 대로, 어느 누구에게도 그러한 기밀 자료를 공개할

수 없습니다. 본 명령에 명시된 반대되는 내용에도 불구하고, 기밀 자료가 다른 법률 절차에 사용될 수 있다는 지정자 측의 동의를 포함하나 이에 한정되지 않고, 지정자 측이 반대 내용에 서면 동의를 한 경우, 문서는 폐기될 필요가 없습니다. 이 조항에 있는 그 어떠한 내용도 문서를 보존해야 하는 어떠한 당사자의 법적 의무를 무효화 하지 않습니다.

22.     기밀 자료 사용에 대한 제한은 소송의 결론 이후에도 유효합니다. 본 소송의 결론이 날 때까지, 법원은 이 명령에 하에서 제기되는 모든 의무를 시행하고, 무시되는 의무에 대해 제재를 가하기 위하여 필요한 한도까지 본 명령의 적용을 받는 모든 개인에 대하여 사법권을 보유합니다. 소송에 대한 전부 결론이 내려진 후(항소 및 기밀 자료 사용이 허가되는 모든 다른 법적 절차를 포함), 기밀 자료 사용에 대한 제한 사항에 관한 모든 분쟁은 제 19 항 및 20 항에 따라 어떠한 관할 법원에서 해결됩니다.

**F.     다른 소송에서 제출이 소환 또는 명령된 기밀 자료**

23.     본 명령에 있는 어떤 부분도 수신자 측이 적법한 소환 또는 기타 강제 절차(집합적으로, "**요구서**")에 대한 응답으로 보유 중인 어떠한 기밀 자료를 제출하는 것을 막지 않습니다. 단, 그러한 수신자 측은 법으로 허용되는 범위까지, 요청이 허용하는 기한까지 합리적으로 가능한 빨리, 그리고 법으로 금지되지 않는 이상 어떠한 공개 전 결코 최소 10 일의 기한을 두고, 지정자 측에게 서면 공지를 제공해야 합니다. 그러한 통지는 반드시 요구서 한 부를 동봉하여야 합니다. 그러한 통지를 수신할 시, 지정자 측은 요구서 준수에 이의를 제기하는 부담을 집니다.

24.     또한 수신자 측은 요구서의 발행을 초래한 자에게 지체 없이 서면으로 요청된 자료의 일부 또는 전부가 본 명령의 적용을 받는다는 것을 알려야 하며, 그때 본 명령서 사본을 제공해야 합니다.

25.     본 섹션에 기술된 의무는 어떠한 당사자가 소송과 관련하여 어떠한 지정자 측에게서 받은 어떠한 기실 자료를 소지, 보관, 관리하고 있는 동안 발효됩니다.

26.     본 섹션의 어느 부분도 본 소송의 수신자 측이 다른 법원이나 정부 기관의 적법한 지시에 불응하도록 인가하거나 격려하는 것으로 해석될 수 없습니다.

G.     **법이 요구 또는 허용하는 공개**

27.     여기에 게재된 어떠한 다른 규정에도 불구하고, 어떠한 수신자가 기밀 유지 계약을 체결했다면, 법률에 의해 달리 요구되거나 1934년 증권거래법 제21(a)(2)장과 24(c)장, 24(f)장 및 그에 따라 공표된 규칙 24c-1에 규정된 한정 및 제한 사항에서 허용하는 범위까지, 기밀 자료를 사용 또는 공개하는 것을 한정하거나 제한하지 않습니다.

H.     **기밀 유지 또는 비밀권의 면제 금지**

28.     <u>기밀 자료의 공개</u>. 기밀 자료 수신자 측이 본 명령에서 인가하지 않은 개인 또는 단체가 그러한 기밀 자료를 수신하도록 공개한 경우, 인가되지 않은 공개를 한 수신자 측은 공개 사실을 인지한 즉시, 다음의 조치를 취해야 합니다. (i) 공개 사항 중 본 명령의 적용을 받는 기밀 자료가 포함되어 있다는 사실을 공개가 실행된 상대 개인 또는 단체에 통보한다. (ii) 공개된 기밀 자료와 그에 관한 모든 사본을 회수할 뿐 아니라, 공개가 실행된 상대 개인 및 단체가 추가 배포 또는 사용을 막기 위하여 적절한 노력을 기울인다. (iii) 지정자 측에 공개가 취해진 상대 개인 및 단체의 신원과 공개를 둘러싼 정황, 공개된 기밀 자료를 회수하고 자료의 추가 배포 및 사용을 막기 위해 취한 조치를 알린다. 수신자 측이 본 명령의 규정에 따라 취한

공개 이외의 기밀 자료 공개는 법원이 적절하다고 판단하는 대로 해당 수신자 측에게 그러한

제재와 구제 조치가 가해질 수 있습니다.

29.     정보 또는 문서가 공개 당시 기밀로 지정되었는가 여부에 관계 없이, 기밀 자료의

부주의 또는 의도하지 않은 공개가 특정 정보나 자료에 관하여 또는 동일하거나 관련된 사안에

대한 어떠한 다른 정보나 문서에 관하여, 지정자 측의 기밀 주장을 전부 또는 일부 면제하는

것으로 해석될 수 없습니다.

30. 변호인–의뢰인 비밀권 또는 작업물 원칙에 의해 보호받는 디스커버리 자료의 공개.

증거에 관한 연방 규칙 502 및 규칙 제 26(b)(5)(B)조항에 따라, 당사자 또는 비당사자가

디스커버리 자료를 받은 어떠한 수신자 측에 해당 자료가 변호인–의뢰인 비밀권, 작업물 원칙

그리고/또는 어떠한 다른 적용 가능한 특권 또는 면책권에 의해 공개되지 않도록 보호받는

자료임("**비밀권 적용 자료**")을 통보하는 경우, 해당 공개가 특정 자료나 정보에 관하여 또는

동일하거나 관련된 사안에 대한 어떠한 다른 자료나 정보에 관하여, 적용 가능한 비밀권 또는

보호를 전부 또는 일부 면제하는 것으로 해석될 수 없습니다.  통보 시, 수신자 측은 (i) 그러한

통지를 수신하거나 인지한 후 오(5) 영업일 이내에 그러한 비밀권 적용 자료 전부를 폐기 또는

반환하고, (ii) 모든 그러한 비밀권 적용 자료가 반환 또는 폐기되었다는 변호인의 확인서를

제공하고, (iii) 비밀권 주장을 통보 받기 전에 수신자 측이 어떠한 개인 또는 단체에게 자료를

공개한 경우 문서를 회수하는 적절한 조치를 취하고, 그러한 비밀권 자료를 제출한 당사자 또는

비당사자에게 그 자료가 성공적으로 회수되었는지 여부에 관한 서면 통지를 발송하고, (iv)

법원의 추가 명령이 없이는 어떠한 목적으로도 비밀권 적용 자료를 사용하지 않아야 합니다.

비밀권 적용 자료가 공개된 어떠한 수신자 측에 통보를 발송하는 어떠한 당사자 또는

비당사자는, 이미 제공하지 않은 경우, 규칙 제 26(b)(5)(B)에 따라 수신자 측이 제기된 비밀권

주장을 평가하기에 충분한 정보를 그러한 공지에 동봉 또는 삽입하여야 합니다. 수신자 측은

비밀 약속을 지키는 전제하여 소송에서 비밀권 적용 자료를 사용하도록 허락하는 명령을 법원에 신청할 수 있습니다. 단, 수신자 측은 비밀권 적용 자료를 수신자 측에 공개한 것으로 비밀권이 면제되었다고 주장할 수 없습니다.

I.      수정

31.     타당한 사유 제시 시, 적용되는 규칙과 지방 규칙에 의해 규정된 대로 모든 당사자들이 통보를 받는 경우, 어떠한 당사자는 언제든지 본 명령의 조항을 수정하도록 명령을 요청할 수 있습니다.

J.      비당사자 제출

32.     비당사자에게 소환장을 발부하는 모든 당사자는 그 비당사자에게 본 명령의 보호 규정이 그러한 비당사자에게 적용됨을 고지하여야 합니다. 비당사자에게 이미 소환장을 발부한 모든 당사자는 그 비당사자에게 본 명령이 그러한 비당사자에게 적용됨을 고지하여야 합니다.

33.     여기에 명시적으로 규정된 바를 제외하고, 본 명령은 당사자가 의도한 공개에 대하여 그 당사자로부터 통보를 받은 후 기밀 자료를 보호하고자 비당사자가 규칙(규칙 제 26(c)조항 포함), 지방 규칙, 본 법정의 개별 관행, 또는 적용 가능한 판례법에 따라 법원의 구제를 구해야 할 수 있는 어떠한 권리를 확장하거나, 수여하거나, 제한하거나, 또는 변경하지 않습니다. 더 나아가, 여기에 명시적으로 규정된 바를 제외하고, 본 명령은 어떠한 근거에서든지 비당사자가 구제를 요청하는 것을 막기 위하여 어떠한 당사자가 전술한 조항에 따라 보유한 제 권리를 확장하거나, 수여하거나, 제한하거나, 또는 변경하지 않습니다.

K.    무 인정

34.    본 명령의 어떠한 부분도 어떠한 디스커버리 자료가 관련이 있다거나 채택 가능하다는 어떠한 당사자의 인정을 수여하도록 운용될 수 없습니다. 각 당사자는 특히, 규칙 및 지방 규칙을 포함한 적용 법률에 따라, 디스커버리 자료의 사용 또는 인정 가능성에 대해 이의를 제기할 권리를 보유합니다.

L.    구속력 적용 대상자

35.    본 명령은 발부 시 효력을 발생하며, 본 명령의 적용 통보를 받아 문서를 제출하는 모든 비 당사자를 포함하여, 당사자, 그 변호인 및 본 명령의 조항이 적용되는 자들에게 구속력이 있습니다. 본 소송에 추가 당사자가 참여하거나 참여하게 되는 경우, 그 당사자들은 신규 당사자 변호인이 본 명령에 서명하여 법원에 제출할 때까지 기밀 디스커버리 자료 또는 극비 디스커버리 자료에 접근할 수 없습니다.

M.    적용 법률

36.    본 명령은 뉴욕 주 법률에 따라 해석됩니다.

N.    구성 부분

37.    본 명령은 몇 개의 부분으로 나누어 이행될 수 있으며, 모든 각 부분은 원본으로 간주되며, 모든 부분이 함께 하나의 동일한 명령을 구성합니다. 본 명령 일부의 서명 페이지를 팩스 또는 스캔하여 전달하는 것은 본 명령 일부에 손으로 서명을 하여 전달하는 것과 동일한 효력을 갖습니다.

**이와 같이 명문화되었으며 동의합니다.**

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
증권거래위원회(Securities and Exchange
Commission)
뉴욕 지역 사무소(New York Regional
Office)
Brookfield place
200 Vesey Street, Suite 400
New York, NY 10281
+ 1 (212) 336-9145

*원고 증권거래위원회 측 변호인*

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Liza Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+ 1 (212) 909-6000

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, &
Frederick PLLC
Summer Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+ 1 (202)326-7900

*피고 리플 랩(Ripple Labs Inc.) 측 변호인*

**이와 같이 명문화되었으며 동의합니다.**

_____

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
증권거래위원회(Securities and Exchange
Commission)
뉴욕 지역 사무소(New York Regional
Office)
Brookfield place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

_원고 증권거래위원회 측 변호인_

_____

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Liza Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

_____

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, &
Frederick PLLC
Summer Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202)326-7900

_피고 리플 랩(Ripple Labs Inc.) 측 변호인_

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+ 1 (202)974-1680

*피고 브래들리 갤링하우스(Bradley Garlinghouse)* 측 변호인


Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
+ 1 (212) 373-3000

*피고 크리스찬 A. 라슨(Christian A. Larsen)* 측 변호인

---

이와 같은 명령을 발부합니다.

SARAH NETBURN
미합중국 치안 판사

일자: 2021 년 3 월 3 일

뉴욕 주 뉴욕 시

_____

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202)974-1680

*피고 브래들리 갤링하우스(Bradley*
*Garlinghouse)* 측 변호인

Martin Flumenbaum /MRD

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*피고 크리스찬 A. 라슨(Christian A. Larsen)*
측 변호인

이와 같은 명령을 금일 2021 년 _____월 _____일 발부합니다.

_____

Analisa Torres 판사
미합중국 지방 판사

<u>별첨 A</u>

미합중국 지방법원
뉴욕 남부 지방

|  |  |
|---|---|
| 원고 | |
| 증권거래위원회 (SEC) | Case No. 20-CV-10832 (AT) |
| v. | |
| 피고 | |
| 리플 랩스(RIPPLE LABS INC.), 브래들리 갤링하우스(BRADLEY GARLINGHOUSE) 와 크리스천 A. 라슨(CHRISTIAN A. LARSEN) | |

### 기밀 유지 동의서

본인, _____는 본 법적 절차에서 여기에서 규정된 바 대로 기밀 디스커버리 자료 또는 극비 디스커버리 자료로 지정된 디스커버리 또는 기타 자료 중 기밀 유지 부분에 적용되는 상기 표제 조치의 보호 명령서를 받아서 읽고 이해하였음을 확인합니다. 본인은 이 보호 명령에 규정되지 않는 다른 어떤 자에게도 이러한 기밀 디스커버리 자료 또는 극비 디스커버리 자료를 공개하지 않을 것이며, 소송 종료 시, 보호 명령에서 규정된 모든 디스커버리 자료를 본인에게 제공한 당사자 또는 변호인에게 반환할 것입니다. 보호 명령에 따라 이러한 의무를 인정함으로써, 본인은 여기에 따라 제기되는 어떠한 이슈 또는 분쟁 목적으로 미합중국 지방법원 뉴욕 남부 지방 법원의 사법 관할권에 본인이 따르기로 하는 것이며, 이 보호 명령의 어떠한 규정을 본인이 고의로 위반 시 법정 모독의 처벌을 받게 됨을 이해합니다.

일자: _____          _____

                                        이름:
                                        직위: