

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
175 W. JACKSON BOULEVARD, SUITE 1450
CHICAGO, IL 60604

CHICAGO
REGIONAL OFFICE

June 2, 2021

**VIA ECF AND EMAIL**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs, Inc. et al.,* No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Pursuant to Section I.C. of the Court's Individual Practices in Civil Cases, Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court extend the deadlines for both fact and expert discovery by sixty (60) days. A 60-day extension is unlikely to delay any trial in this matter because two of the three defendants have moved to dismiss in motions that will not be fully briefed until June 4th. If the Court denies their motions, fact discovery as to these individuals will continue for another 120 days.

Fact discovery currently is scheduled to close on July 2, 2021, and expert discovery is scheduled to close on August 16, 2021. *See* D.E. 48 at ¶¶ 5, 7(b). As explained more fully in Section III, below, the SEC requests this extension because, despite the parties' diligent efforts in discovery: (a) certain productions of documents to the SEC are not complete, including important productions by Defendant Ripple Labs, Inc. ("Ripple") and two third parties; (b) Ripple has had difficulty producing responsive documents of its current and former employees in sufficient time for the SEC to use them during depositions; (c) the parties are attempting to resolve a number of significant discovery disputes, and the SEC's request to depose six additional witnesses and compel Ripple to produce additional documents is pending before Magistrate Judge Netburn; (d) defendants Bradley Garlinghouse and Christian Larsen (the "Individual Defendants") have raised a number of concerns regarding the SEC's review and production of internal documents and communications responsive to Judge Netburn's April 6, 2021 order; and (e) additional time is needed to address Ripple's requests to seal and claw back documents under the protective order. None of the parties has previously requested an extension of the discovery schedule, and no trial date has been set.

Defendants do not consent to the SEC's request because they contend that the SEC had sufficient time to investigate this matter before filing suit, and because Ripple wants to move for summary judgment as soon as possible. As described below, the first is not a reason to

deny the SEC's request, and Ripple suffers no cognizable prejudice from a 60-day discovery extension.

I.  **All Parties Have Expended Significant Time On Motions Practice.**

The SEC filed its original Complaint on December 22, 2020, and its First Amended Complaint on February 18, 2021. D.E. 1, 46. Ripple filed its Amended Answer on March 4th, D.E. 51. Since then, all parties have worked diligently to identify, raise and resolve issues that are essential to their claims or defenses and require judicial assistance; this has required significant time and effort. On April 22nd, pursuant to leave of Court, the SEC filed a motion to strike Ripple's "lack of fair notice" defense. *See* D.E. 73, 131, 132. Ripple filed its opposition brief on May 14th, D.E. 171, 172, and the SEC filed its reply on May 27th, D.E. 205. The parties also have filed letters and briefs on the XRP holders' motion to intervene. D.E. 85, 86, 152, 153, 154, 189. Concurrently, the Individual Defendants moved to dismiss the Amended Complaint on April 12th, D.E. 105, 110. The SEC filed its response brief on May 14th, D.E. 181, 182, and the Individual Defendants' reply briefs are due on June 4th. *See* D.E. 73.

Ripple initially proposed (and all the parties agreed to) a very aggressive discovery schedule in order "to enable Ripple to file a motion for summary judgment as soon as possible."[1] *See* D.E. 45 at 5. However, in their joint proposal the parties *also* indicated that they would be submitting a proposed protective order; that the SEC might seek additional depositions and/or discovery over which Ripple asserted an attorney-client privilege; and that Ripple anticipated discovery disputes regarding the SEC's objections to producing internal documents and communications. *See* D.E. 44 at ¶ 13(a), (b) and (d); 45 at 7-9.

On March 5th, 2021, the parties filed a proposed order protecting confidential material and privileged information, which was granted. D.E. 52, 53. On March 15th, Defendants initiated a motion to compel the production of additional SEC documents regarding Bitcoin and Ether and other internal documents and communications the SEC contends are privileged; the SEC opposed that request, and the parties have spent significant time and effort attempting to resolve the remaining disputes following Judge Netburn's orders. *See* D.E. 67, 78, 79, 80, 102, 126, 138 and 149. On May 7th, the SEC sought to compel the production of documents constituting legal advice that the SEC contends Ripple has put at issue; Ripple opposed that motion, and Judge Netburn has since denied that request. D.E. 165, 166, 169, 174, 195, 196, 210.

The parties have addressed other discovery disputes that were not foreseen in their initial proposal to this Court. The Individual Defendants moved to quash certain subpoenas regarding their financial records, *see* D.E. 59, 72, 87, 103, and all Defendants sought an order barring the SEC from obtaining documents via Requests for Assistance from foreign

---

[1] The Individual Defendants requested, and were granted, an additional 120 days to conduct discovery if their motions to dismiss are denied, provided that they participated fully in ongoing discovery. *See* D.E. 44 at ¶13(c); 45 at 7; 48 at ¶ 14. If those motions are not resolved by July 2nd, the SEC anticipates that discovery with respect to the Individual Defendants will continue by agreement.

securities regulators. *See* D.E. 118, 121, 136, 137, 140, 141, 194. The parties also have engaged in briefing the propriety of Ripple's expansive confidentiality designations. *See* D.E. 82, 83, 91, 96, 98, 104, 170, 175, 176, 177, 178, 206. Finally, on May 25th, the SEC sought leave to take six additional depositions, to compel Ripple to search for additional documents responsive to the SEC's discovery requests, and to produce documents related to its lobbying efforts. D.E. 197. Ripple's response was filed on June 2nd. D.E 216.

As described in Section III, the SEC needs additional time to develop the factual record in this matter in anticipation of summary judgment and trial. No trial date has been set.

**II.      Courts May Extend Discovery Deadlines For Movants Who Have Been Diligent In Attempting To Meet Existing Deadlines If The Opposing Party Will Not Be Unfairly Prejudiced.**

Under Federal Rule of Civil Procedure 16(b)(4), the Court's scheduling Order may be modified upon a showing of "good cause." *See Rubik's Brand Ltd. v. Flambeau, Inc.,* 329 F.R.D. 55, 58 (S.D.N.Y. 2019) (extending expert discovery schedule); *Rouviere v. DePuy Orthopaedics, Inc.,* No. 18-cv-4814 (LJL) (SDA), 2021 WL 1687478, at *4 (S.D.N.Y. Apr. 29, 2021) (same). *See also* D.E. 48, Civil Case Management Plan and Scheduling Order, at ¶ 16.

"When considering an extension of discovery, the Court must balance efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial." *City of Almaty v. Ablyazov*, No. 15-cv-5345 (AJN) (KHP), 2018 WL 2148430, at *1 (S.D.N.Y. May 10, 2018) (extending fact and expert discovery schedule by nearly four months). The Court should consider a variety of factors, including: "(1) the discovery already conducted in the case; (2) the specific additional discovery sought by the parties; (3) unavoidable obstacles faced by the parties in obtaining discovery that may necessitate a longer discovery schedule, such as the need for extensive non-party discovery, the complexity and volume of electronically stored information (ESI) to be retrieved, processed, reviewed and produced, the need for extraterritorial discovery, which may involve cumbersome or slow procedures, and the volume of documents withheld based on privilege and disputes over same; (4) avoidable obstacles that have caused delays, such as a failure of the parties to cooperate in discovery in conformance with their obligations under Rule 1 of the Federal Rules of Civil Procedure; and (5) the need for the Court to ensure that disputes are resolved fairly and efficiently, while minimizing costs to the parties to the greatest extent possible." *Id.*

In considering these factors, the Court's primary focus should be on whether the SEC has been diligent in attempting to meet the existing deadlines. *See Rubik's,* 329 F.R.D. at 58. The Court also should consider the "imminence of trial," *Rouviere*, 2021 WL 1687478, at *4, and whether defendants would be *unfairly* prejudiced by an extension of the discovery deadlines, *SEC v. Waldman*, No. 17-cv-2088 (RMB), 2018 WL 11221233, at *1-2 (S.D.N.Y. Sept. 12, 2018) (granting SEC's motion to extend discovery deadline and take depositions in Israel); *Casagrande v. Norm Bloom & Son, LLC*, No. 11-cv-1918 (CSH), 2014 WL 5817562, at *4 (D. Conn. Nov. 10, 2014) (reopening discovery and granting motion to compel, because plaintiff filed a similar motion shortly after the discovery period and defendant "has made no showing that it would be prejudiced *unfairly* by extending the discovery period.").

### III. The SEC Has Worked Diligently To Meet All Existing Deadlines, And Will Be Prejudiced If Fact And Expert Discovery Is Not Extended.

An analysis of the foregoing factors demonstrates that the SEC has been diligent in attempting to meet all existing deadlines. This weighs decisively in favor of granting the SEC's proposed extension of the discovery deadlines.

(1) <u>Discovery already conducted:</u> The SEC sought the production of documents from defendants and served over sixty (60) subpoenas for documents within a few weeks of the beginning of the discovery period. The SEC also produced its first set of documents within two weeks of receiving Ripple's document requests — more than two weeks before they were due and more than a month before receiving any document productions from Ripple. The SEC currently is reviewing tens of thousands of pages of internal documents and communications that were the subject of defendants' motion to compel in order to identify those that need to be produced or described on a privilege log by mid-June. The SEC has reviewed tens of thousands of pages of documents produced *by* Ripple and has regularly met and conferred with all Defendants in attempts to limit and resolve ongoing discovery disputes. The SEC also has taken two day-long depositions, conducted numerous witness interviews in an attempt to avoid unnecessary depositions, and is preparing to take eight additional depositions. The SEC recently received contention interrogatories and requests for admission from Ripple and is preparing appropriate responses. The SEC also recently served contention interrogatories on Ripple and is preparing to serve requests for admission on all Defendants.[2]

(2) <u>Additional discovery sought:</u> The SEC seeks additional time in order to complete the eight additional fact depositions it has scheduled and is preparing to take, as well as complete its review and production of the documents to Defendants and to attend the depositions of any witnesses Defendants are scheduling. Ripple's production of documents is not complete.[3] Although Ripple is prioritizing production of documents for the next witnesses to be deposed, for both depositions so far, it has produced documents relevant to those witnesses only 2-3 business days before the deposition date, leaving the SEC insufficient time to review, organize, and prepare to use those documents during depositions. The SEC needs sufficient time to obtain and review Ripple's document production before the remaining depositions.

In addition, one important issue the SEC wants to address during the Individual Defendants' depositions is whether they sought and received legal advice regarding Ripple's compliance with the securities laws. The *fact* that Ripple and its CEOs sought that advice is not privileged. Yet Ripple has suggested it will defer its production of a complete privilege log

---

[2] The Individual Defendants filed a motion with the Court today seeking evidence pursuant to the Hague Convention from eighteen foreign entities located in Hong Kong, South Korea, the United Kingdom, the Cayman Islands, Singapore, Seychelles and Malta. D.E. 213, 214.

[3] Ripple issued a subpoena for documents to Ethereum Foundation on April 1st, and recently reissued that subpoena, requesting that documents be produced to Ripple by June 16th.

until July 2nd, when it will be too late for the SEC to use information in that log to question witnesses.

Further, as described in its May 25, 2021 letter to Judge Netburn, the SEC needs more time for the six additional depositions it is seeking leave to take, including to review and use the additional documents which Ripple has refused to produce and which the SEC is seeking to compel. *See* D.E. 198. This additional discovery is proportional to the needs of this case and justifies expanding the number of depositions allowed. The conduct at issue in this complex case spans eight years and involves nearly $2 billion in Ripple's sales of XRP. The responsibility for Ripple's distribution of XRP was diffused through multiple employees, to whom Ripple has access and the SEC does not. The SEC is attempting to complete a factual record regarding Ripple's creation and promotion of a trading market for XRP and Ripple's communications with market participants about whether the offer and sale of XRP were permitted by the federal securities laws.

(3) <u>Unavoidable obstacles faced</u>: As the parties anticipated, in working to complete discovery under an agreed four-and-a-half month schedule, they have needed to address a number of disputes regarding the appropriate scope and schedule of document production. This has required a significant amount of time. The SEC regularly has requested opportunities to meet-and-confer with Defendants to resolve these issues, and has made itself available on every date on which Ripple has proposed a conference — virtually without exception.

The SEC *also* expended many hours interviewing custodians and searching and reviewing tens of thousands of internal documents and communications, including those related to bitcoin and ether, which Defendants successfully moved to compel. The SEC is reviewing and processing responsive documents in accordance with Judge Netburn's orders, and in several conversations and written communications has described its compliance efforts to Defendants. However, Defendants continue to dispute the scope and application of the SEC's protocols for searching internal documents and communications — and have threatened to file an additional motion to compel.

Finally, the parties are spending additional time, and need to resolve a number of disputes, regarding the sealing and claw-back of documents under the protective order. For example, Ripple recently asserted its right to claw back purportedly privileged documents it produced months ago, which had since been filed on the docket and marked as deposition exhibits. This privilege assertion (which Ripple withdrew *after* the SEC filed a motion following five meet-and-confer sessions) have caused unanticipated disruptions and delays in the SEC's efforts to brief disputes and prepare for depositions. The SEC had not anticipated these delays when it agreed to the discovery schedule proposed by Ripple. *See e.g.,* D.E. 191, 199.

(4) <u>Avoidable delays</u>: On January 27, 2021, the SEC sent a subpoena to GSR, the principal "Market Maker" alleged in the SEC's Amended Complaint, for Ripple's unregistered offers and sales of XRP (as well as certain purchases of XRP by Ripple, and Ripple's efforts to create an XRP market). Despite the SEC's persistence in following up, GSR has yet to complete its production of the email communications requested by the SEC. This delay was not anticipated, and the emails are a potentially important part of the SEC's proof of liability.

The SEC repeatedly conferred with GSR's attorneys to try to resolve this issue but should not be penalized for GSR's delays.

Further, in preparing for the depositions of Ripple's current and former employees, it has become apparent that each of them communicated regarding Ripple matters on their own personal electronic devices (consistent with Ripple's policy). But Ripple has not been searching the devices of those individuals for communications responsive to the SEC's document requests. Accordingly, the SEC has issued subpoenas to each of the individual deponents to produce relevant communications from their personal devices. It remains unclear whether responsive communications will be produced before their scheduled depositions.

In addition, Ripple has refused the SEC's request that it produce certain communications with its public relations firm, Hatch. The SEC therefore sought those same documents directly from that firm by subpoena. When Hatch's production was imminent on April 1st — two months after the SEC had served the subpoena on Hatch — Ripple intervened and asserted a right to pre-review Hatch's documents for privilege and directed Hatch to exclude certain documents from its production to the SEC. Ripple also has asserted a right to pre-review the productions of two other third parties on the same basis. Ripple's review is on-going for one of the three productions, and was completed only today as to another production, and the SEC did not anticipate this production delay.

(5) <u>Need for fair and efficient discovery</u>: Finally, the most fair and efficient way to address the large volume of remaining discovery in this matter, including depositions, is to extend the time within which the parties can complete fact discovery by 60 days and apply a corresponding extension to the expert discovery period. It is neither fair nor efficient to cut off the SEC's opportunity to fully develop the factual record in this case, involving years of conduct and billions of dollars of XRP sales, especially when the SEC has made its best efforts to meet all existing deadlines.

\* \* \*

All parties have been working diligently, and have been devoting substantial resources, to meet their obligations under a very short discovery schedule. Discovery has been proceeding during a period of substantial motions practice, described in Section I. And neither Ripple nor the Individual Defendants have articulated a reason why they would be prejudiced by a short extension of the discovery schedule.

The fact that the SEC conducted an investigation before filing this case is not a sufficient reason to unfairly limit its opportunity to develop a complete factual record in litigation. "[T]here is no authority which suggests that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying the case." *SEC v. Espuelas*, 699 F. Supp. 2d 655, 659 (S.D.N.Y. 2010) (quoting *SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000)). The fact that Ripple wishes for discovery to end in August, so that it can promptly file a motion for summary judgment, is not unfair prejudice.

However, the SEC *will be* unfairly prejudiced without an extension, as there would be insufficient time for Ripple and third parties to produce all responsive documents and cure

their deficient productions and for the SEC to take the additional depositions it needs. More importantly, the Court would be deprived of a complete and fully-developed factual record upon which to fairly adjudicate this important case.

## IV.     The SEC's Proposed Scheduling Order

The SEC respectfully requests that the Court's discovery deadlines be extended by sixty (60) days, with the period for fact discovery ending on August 31, 2021, and the period for expert discovery ending on October 15, 2021.

Respectfully submitted,

Robert M. Moye
Senior Trial Counsel
Direct: (312) 353-1051
moyer@sec.gov

Copies to:  Counsel for All Defendants (*via* email)