KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
_____
(202) 326-7900
FACSIMILE:
(202) 326-7999

June 4, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, NY 10007

Re:   *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

      We write on behalf of Defendant Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen (the "Individual Defendants," and, collectively, "Defendants") to request a Local Rule 37.2 conference.  Although Ripple and the SEC have resolved several discovery disputes, there are two sets of SEC documents as to which the parties are at an impasse, and we ask for an order compelling their production. Additionally, we ask the Court to set a date certain by which the SEC must produce the Office of Investor Education and Advocacy ("OIEA") correspondence and the internal SEC documents that Your Honor ordered be produced back on April 6, 2021, and reaffirmed on May 6, 2021.  The SEC did not appeal either of those discovery orders.  Yet, in the two months since the initial order, the SEC has yet to produce to Defendants a single OIEA response or a single internal document.  The SEC has repeatedly delayed its production, while telling Judge Torres that the ordered discovery was "irrelevant and needless," ECF No. 205 at 14, and asking the Court to extend the discovery deadlines based, inter alia, on the fact that Defendants "have raised a number of concerns regarding the SEC's review and production of internal documents and communications responsive to Judge Netburn's April 6, 2021 order."  ECF No. 217 at 1.  In other words, the SEC cites its own delay as a reason for extending the schedule.  The only way to solve this problem is with strict deadlines.

**I.    The SEC's FinHub Electronic Mailbox**

      The Court has ordered the SEC to "[s]earch all of the relevant repositories for documents and discovery" for communications between the SEC and external third parties relating to XRP, bitcoin or ether.[1]  After the SEC resisted, the Court reaffirmed that "[t]he SEC must produce

_____

[1]  Tr. of Apr. 6, 2021 Hr'g at 52 ("I am going to authorize discovery both as to exclusively Bitcoin or Ether communications as well as XRP communications between the SEC and third-parties, and by that I am including all

Hon. Sarah Netburn
June 4, 2021
Page 2

communications with third-parties, including external agencies and market participants."  ECF
No. 163 at 6.  Despite that repeated instruction, the SEC persists in refusing to search an obvious
repository for responsive evidence on external communications: the SEC's FinHub electronic
mailbox (FinTech@SEC.gov).

The SEC has publicly touted FinTech@SEC.gov as a way the public can directly request
"meetings and other assistance relating to FinTech issues arising under the federal securities
laws," including asking questions and for "meeting[s] or assistance from SEC staff."[2]  *See* SEC
Request Form for FinTech-Related Meetings and Other Assistance, *available at*
https://www.sec.gov/finhub-form#no-back.  The FinHub electronic mailbox is a readily
searchable repository of third-party communications about bitcoin, ether, and XRP, yet the SEC
has flatly refused to search the FinHub mailbox.  *See* Exhibit A, May 26 SEC Letter at 2.  The
SEC's refusal is contrary to the Court's April 6 and May 6 orders.  The Court should — for a
third time — require the SEC to produce these communications with third parties, and should
grant any additional relief it deems appropriate in light of the SEC's repeated noncompliance.

## II.   SEC Internal Trading Policies

On February 12, 2021, Defendants issued a straightforward Request for Production
seeking the SEC's "policies governing SEC employees' trading in, or purchase or sale of, Digital
Assets and/or Virtual Currencies, including all changes and updates to those policies."
Defendants' Request for Production No. 26.  Although such policy documents exist and are not
burdensome to produce, the SEC has objected to their production on grounds of relevance.
Defendants met and conferred with the SEC numerous times, on March 17, March 23, April 14,
April 28, and June 1, to resolve the dispute, and the SEC has persisted in its refusal to produce
these documents.

The documents Defendants seek in this request are relevant because they show how the
SEC itself has categorized and classified XRP and other digital assets, including bitcoin and
ether, pursuant to its own policies.  The SEC's treatment of the trading in digital assets, including
any distinctions it draws between XRP and other digital assets, is directly relevant to show the
SEC's own perspective on digital assets, which is relevant both to the applications of the *Howey*
test and Ripple's fair notice defense.  These documents are also relevant insofar as the SEC has
argued that the Individual Defendants recklessly disregarded that they were assisting Ripple in

---

market participants and the other government agencies. . . .  Search all of the relevant repositories for documents
and discovery related to communications to third-parties.").

[2]  On May 15, 2018, the chief of the SEC's cyber unit publicly stated "[a]nybody can use [FinTech@SEC.gov] to
submit questions or request a meeting . . . it really is a two way conversation. . . .  Government can't give legal
advice but they can let you know what the regulations are and help you decide how they apply to a specific idea that
you have."  *See* Cali Haan, "US Regulators on Consensus Panel Claim Their Doors Open and Rules Clear
Regarding ICOs (Initial Coin Offerings)," Crowdfund Insider (May 16, 2018), *available at*
https://www.crowdfundinsider.com/2018/05/133465-us-regulators-on-consensus-panel-claim-their-doors-open-and-
rules-clear-regarding-icos-initial-coin-offering/.

Hon. Sarah Netburn
June 4, 2021
Page 3

improper conduct.  Defendants therefore seek an order requiring the SEC to produce the trading policies responsive to Request for Production Number 26.

### III.    A Date Certain Is Needed for the SEC's Court-Ordered Production of OIEA External Communications and Internal Documents

The SEC's Office of Investor Education Advocacy receives and responds to public inquiries from the public.  Often, inquiries addressed to SEC Commissioners are referred to OIEA for response.  The SEC's OIEA communications with members of the public about XRP, bitcoin or ether are quintessential "external communications" covered by the Court's April 6 Order.  (Indeed, the category of OIEA communications was specifically litigated as part of the motion that resulted in the April 6 Order.)  Nevertheless, to date the SEC still has not produced to Defendants a single SEC response to a single OIEA inquiry.  We know that these materials are both responsive and critical to Ripple's defense from the OIEA response dated October 2020, which we received from independent sources:  "We appreciate the opportunity to review your additional concerns about [XRP].  Please be advised the SEC has not issued a determination on whether the cryptocurrency XRP is a security. . . ."

Similarly, since the Court's April 6 and subsequent May 6 orders compelling the SEC to produce "memos being sent up to higher-ranking officials expressing the agency's interpretation or views on these matters," Tr. of Apr. 6, 2021 Hr'g at 53, and "[i]ntra-agency memoranda or formal position papers discussing Bitcoin, Ethereum, and XRP," May 6, 2021 Op. at 6, ECF No. 163, the SEC has not yet produced a single responsive document — despite vigilant pressing by the Defendants to obtain these documents.  While the parties have recently made some progress on these issues through additional meet and confers with the SEC, the SEC has not committed to a date by which it will comply with the Court's orders as to these two critical categories of documents.  In the absence of a date certain, judicial intervention is necessary to ensure that Ripple is not further prejudiced by the SEC's continued efforts to avoid compliance with the Court's prior orders.

***

In conclusion, we ask the Court to order the SEC to (1) search for and produce documents about bitcoin, ether, and XRP from the SEC's FinHub electronic mailbox (FinTech@SEC.gov); (2) produce the SEC's trading policies related to digital assets and virtual currencies responsive to Request for Production Number 26; and (3) complete its production of the two delinquent categories of documents described above no later than June 18, 2021.[3]

---

[3] To the extent the SEC claims privilege, it should be ordered to provide a privilege log for these documents by the same date.

Hon. Sarah Netburn
June 4, 2021
Page 4


Respectfully submitted,

/s/ Michael K. Kellogg
Michael K. Kellogg

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN & HAMILTON
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Counsel for Defendant Bradley Garlinghouse*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Counsel for Defendant Christian A. Larsen*