# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202.974.1680
msolomon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

**VIA ECF**

June 4, 2021

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 1000-1312

RE: *SEC v. Ripple Labs, Inc. et al.,* No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Torres:

Pursuant to Rule IV.A.ii of this Court's Individual Practices, we write on behalf of Defendant Bradley Garlinghouse for leave to file under seal Exhibits K, L, and M to the Declaration of Matthew C. Solomon, filed in support of Mr. Garlinghouse's Reply Memorandum in support of his Motion to Dismiss the Amended Complaint. We understand that the SEC does not object to this motion.

Exhibits K, L, and M are documents that have been designated as Confidential by Defendant Ripple Labs Inc. ("Ripple") pursuant to the Stipulation and Protective Order entered by this Court (ECF No. 53).[1] Pursuant to Paragraph 15 of the Protective Order, and in accordance with the Court's Individual Practices, Mr. Garlinghouse is contemporaneously filing redacted copies of Exhibits K, L, and M, and unredacted copies of those Exhibits under seal, with the redacted portions highlighted.

In ruling on a motion to seal, the Court must balance countervailing interests which include the right of public access to judicial documents and the privacy interest of the party resisting disclosure. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Courts frequently find that a company's interest in protecting proprietary or

---

[1] The Exhibits are documents from the SEC's investigative file that it relied upon in the Amended Complaint. Exhibits K and M accordingly contain several redactions for privilege that reflect the form in which they were produced by Ripple to the SEC.

sensitive information outweighs the public's interest in accessing such materials, and, as such, permit parties to file such materials under seal. *See, e.g.*, *Lexington Furniture Industries, Inc. v. Lexington Co.*, 19-cv-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) ("The demonstration of a valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents"); *Alexander Interactive, Inc. v. Adorama, Inc.*, 12 Civ. 6608 (PKC)(JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (allowing documents containing confidential information concerning the business relationship between defendant and a non-party entity to be filed under seal).

Exhibits K and M are internal Ripple communications and Exhibit L is a communication between third parties that reflects information obtained from Ripple. Exhibits K, L, and M all reflect Ripple's proprietary internal business strategies, analyses, impressions, and concerns on a variety of sensitive topics that remain confidential, including, for example Ripple's business relationships, product development, and legal and regulatory developments, risks, and requirements. *See Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-CV-09764 (KPF)(SN), 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (Netburn, J.) (allowing sealing of parties' and non-parties' "competitively sensitive business information"). There is no material benefit to the Court in these documents being made public and no prejudice to the SEC or to the public in these documents remaining sealed.

The Exhibits additionally contain irrelevant and sensitive information concerning human resources and employee issues, and the identities of third-party customers and prospective investors. This information is not "relevant to the performance of the judicial function [or] useful in the judicial process," *Lugosch*, 435 F.3d at 119-20, and courts routinely recognize that such information is properly sealable, *see, e.g.*, *Lexington Furniture Industries, Inc.*, 2021 WL 1143694, at *2; *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 CIV. 4352 PKC, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (permitting redactions of clients' identities because the clients' privacy interests "outweigh[ed] the presumption of access, as the clients' identities have no bearing on this case."); *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-7917, 2019 WL 126069, at *2-4 (S.D.N.Y. Jan. 07, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is low" and thus permitting redactions).

Should the Court determine that there is no basis to seal the redacted portions of Exhibits K, L, and M in their entirety, Mr. Garlinghouse respectfully requests an opportunity to propose revised redactions to the documents.

Dated: June 4, 2021

                                         Respectfully Submitted,

                                         */s/ Matthew C. Solomon*

                                         Matthew C. Solomon

                                         *Counsel for Defendant Bradley Garlinghouse*

cc: All Counsel of Record (via ECF)