KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

June 7, 2021

**VIA ECF AND EMAIL**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *SEC v. Ripple Labs, Inc.* et al., No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Torres:

      We write on behalf of Defendant Ripple Labs Inc. ("Ripple") to request the Court's permission to file the attached sur-reply to the Securities and Exchange Commission's ("SEC") reply supporting its motion to strike Ripple's fourth affirmative defense (the "Reply"). *See* ECF No. 205. "Motions for leave to file sur-reply information [] are subject to the sound discretion of the court," and are often granted where, as here, a party seeks to address new arguments raised in a reply. *See, e.g.*, *Barbour v. Colvin*, 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (internal quotation marks and citation omitted); *see also Stepski v. M/V Norasia Alya*, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010).[1]

      In its Reply, the SEC relies on a report by Cornerstone Research, a private consulting firm, to argue for the first time that Ripple's fair notice defense "fails" because, "[p]rior to suing Ripple, the SEC had already brought *more than seventy cases* that subjected other digital assets to the application of the federal securities laws." ECF No. 205 at 1, 4. The SEC asks this Court to take judicial notice of the "more than seventy cases" referenced in Appendix 1 of the report, which Cornerstone characterizes as "Cryptocurrency Enforcement Actions" — almost all of which the SEC never cited in its opening brief.

      As explained in the attached sur-reply, the Court may not properly take judicial notice of the Cornerstone Report, or its characterization of the complaints and charging documents listed in Appendix 1, because the SEC has not established that the report's "accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), and the facts it contains are disputed. In any event, the SEC has mischaracterized the prior enforcement actions. If the Court were to consider

---

[1] The SEC has indicated that it does not oppose Ripple's motion, but reserves the right to file a response if necessary.

Hon. Analisa Torres
June 7, 2021
Page 2

the cases cited in the report, they support Ripple's point that the enforcement action brought against it is unprecedented.


Respectfully submitted,

| /s/ Michael K. Kellogg | /s/ Mary Jo White |
|---|---|
| Michael K. Kellogg | Mary Jo White |
| (mkellogg@kellogghansen.com) | (mjwhite@debevoise.com) |
| Reid M. Figel | Andrew J. Ceresney |
| Gregory M. Rapawy | Lisa Zornberg |
| Collin R. White | Christopher S. Ford |
| Eliana Margo Pfeffer* | Joy Guo |
| KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC | DEBEVOISE & PLIMPTON LLP |
| Sumner Square | 919 Third Avenue |
| 1615 M Street, NW, Suite 400 | New York, NY 10022 |
| Washington, DC 20036 | +1 (212) 909-6000 |
| +1 (202) 326-7900 | |


*Not Admitted in the District of Columbia; practice supervised by members of the firm*