**Exhibit A**

**Cornerstone Report - SEC Cryptocurrency Enforcement Actions**

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 1. *SEC v. Shavers*, Case No. 4:13-CV-416 (E.D. Tex. Aug. 6, 2013) | Defendant operated a Ponzi scheme that defrauded investors out of more than 700,000 bitcoins.<br><br>https://www.justsecurity.org/wp-content/uploads/2014/04/SEC.Complaint.SEC-v-Shavers.2013.pdf | Yes | No | Yes |
| 2. *In the Matter of Eric T. Vorhees*, File No. 3-15902 (June 3, 2014) | Defendant offered unregistered securities in two entities, and received payment in bitcoins.<br><br>https://www.sec.gov/litigation/admin/2014/33-9592.pdf | Yes | No | Yes |
| 3. *In the Matter of BTC Trading, Corp. and Ethan Burnside*, File No. 3-16307 (Dec. 8, 2014) | Defendant failed to register two online venues that offered shares in unregistered securities in exchange for digital assets.<br><br>https://www.sec.gov/litigation/admin/2014/33-9685.pdf | Yes | No | Yes |
| 4. *In the Matter of Sand Hill Exchange,* File No. 3-16598 (June 17, 2015) | Defendant offered unregistered securities-based swaps that allowed customers to bet on the value of public companies in transactions denominated in digital assets.<br><br>https://www.sec.gov/litigation/admin/2015/33-9809.pdf | No | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 5. *SEC v. Steve Chen, et al.*, Case No. CV 15-07425 (C.D. Cal. September 22, 2015) | Defendant operated a pyramid scheme that falsely promised investors they would profit from amber mines, and provided payment in a virtual currency secured by the company's nonexistent amber assets.<br><br>https://www.sec.gov/litigation/complaints/2015/comp-pr2015-227.pdf | Yes | No | Yes |
| 6. *SEC v. Homero Joshua Garza*, Case No. 3:15-cv-01760 (D. Conn. Dec. 1, 2015) | Defendant operated a Ponzi scheme that offered shares in a cryptocurrency mining venture, and made false statements about the computer power that would be available for mining.<br><br>https://www.sec.gov/litigation/complaints/2015/comp23415.pdf | Yes | No | Yes |
| 7. *In The Matter of Bitcoin Investment Trust and Secondmarket*, File No. 3-17335 (July 11, 2016) | Defendant violated Rule 101 restricting distribution participants from purchasing securities that were subject to a distribution; the securities were in entities that invested in cryptocurrencies.<br><br>https://www.sec.gov/litigation/admin/2016/34-78282.pdf | No | No | Yes |
| 8. *SEC v. Renwick Haddow, et al.,* Case No. 17-cv-4950 (S.D.N.Y. June 30, 2017) | Defendant made false claims to investors in "Bitcoin Store Inc.," which the defendant claimed provided cryptocurrency services but did not have any operations or revenue.<br>https://www.sec.gov/litigation/complaints/2017/comp-pr2017-123.pdf | No | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 9. *SEC v. ReCoin and DRC World Inc.*, Case No. 17-cv-05725 (E.D.N.Y. Sep. 29, 2017) | Defendants defrauded investors in a pair of ICOs purportedly backed by investments in real estate and diamonds.<br><br>https://www.sec.gov/litigation/litreleases/2018/lr24081.htm | Yes | Yes | No |
| 10. *SEC v. PlexCorps, et al.*, Case No. 17-cv-07007 (E.D.N.Y. Dec. 1, 2017) | Defendant attempted to defraud investors in an ICO by claiming investments would yield a 1,354 percent profit in less than a month.<br><br>https://www.sec.gov/litigation/complaints/2018/comp24079.pdf | Yes | Yes | No |
| 11. *In the Matter of Munchee Inc.*, File No. 3-18304 (Dec. 11, 2017) | Defendant created an app for restaurant reviews, and sold digital tokens to raise capital that would support its restaurant review platform and claimed the tokens would increase in value.<br><br>https://www.sec.gov/litigation/admin/2017/33-10445.pdf | Yes | Yes | No |
| 12. *SEC v. AriseBank et al.*, Case No. 3:18-cv-00186-M (N.D. Tex. Dec. 11, 2018) | Defendants falsely claimed to have created an FDIC-insured bank for cryptocurrency transactions, and funded their efforts with a fraudulent ICO.<br><br>https://www.sec.gov/litigation/complaints/2018/finaljudgment-pr2018-280.pdf | Yes | Yes | No |

3

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 13. *SEC v. Jon E. Montroll and Bitfunder*, Case No. 18-cv-1582 (S.D.N.Y. Feb. 21, 2018) | Defendants operated an unregistered online securities exchange and defrauded exchange users by misappropriating their bitcoins and failing to disclose a cyberattack on the exchange's system that resulted in the theft of more than 6,000 bitcoins.<br><br>https://www.sec.gov/litigation/complaints/2018/comp24078.pdf | No | No | Yes |
| 14. *SEC v. Sohrab Sharma, et al.* Case No. 18-cv-02909 (S.D.N.Y. Apr. 2, 2018) | Defendants orchestrated a fraudulent ICO that falsely claimed to offer a cryptocurrency debit card backed by Visa and Mastercard.<br><br>https://www.sec.gov/litigation/litreleases/2018/lr24090.htm | Yes | Yes | No |
| 15. *SEC v. Longfin Corp. et al*, Case No. 18-cv-2977 (S.D.N.Y. April 4, 2018) | Defendants conducted unregistered distributions of Longfin Corp. securities, which had also been inflated by purchase of a purported cryptocurrency company.<br><br>https://www.sec.gov/litigation/complaints/2019/comp-pr2019-90-1.pdf | No | No | Yes |
| 16. *SEC v. Titanium Blockchain Infrastructure Services, Inc., et al.*, Case No. 2:18-CV-04315-DSF (JPRx) (C.D. Cal. May 22, 2018) | Defendants orchestrated a fraudulent ICO that solicited investors by comparing purchase of the tokens to an investment in "Intel or Google," and falsely claimed relationships with the Federal Reserve and dozens of well-known firms as partners.<br><br>https://www.sec.gov/litigation/litreleases/2018/lr24160.htm | Yes | Yes | No |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 17. *SEC v. T.J. Jesky, Esq. and Mark F. DeStefano*, Case No. 18-CV-05980 (S.D.N.Y. Filed July 2, 2018) | Defendants unlawfully sold restricted shares of a blockchain-related business during an unusual price spike.<br><br>https://www.sec.gov/litigation/litreleases/2018/lr24190.htm | Yes | No | Yes |
| 18. *In the Matter of Tomahawk Exploration*, File No. 3-18641 (Aug. 14, 2018) | Defendants conducted a fraudulent ICO to fund purported oil drilling, and distributed tokens in exchange for online promotional activity.<br><br>https://www.sec.gov/news/press-release/2018-152 | Yes | Yes | No |
| 19. *SEC v. James Bernard Moore et al*, Case No. 18-cv-07803 (S.D.N.Y. Aug. 27, 2018) | Defendant, a co-conspirator of Ponzi scheme perpetrator Renwick Haddow, aided and abetted fraud. This case does not directly involve cryptocurrency at all, although co-conspirator Haddow's schemes involved a fraudulent cryptocurrency business.<br><br>https://www.morrisoncohen.com/siteFiles/files/2018_08_27%20-%20SEC%20v_%20Moore,%20et%20al.pdf | No | No | Yes |
| 20. *In The Matter of Crypto Asset Management, et al*, File No. 3-18740 (Sept. 11, 2018) | Defendant operated an unregistered investment company that falsely marketed itself as the "first regulated crypto asset fund in the United States."<br><br>https://www.sec.gov/news/press-release/2018-186 | Yes | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 21. *In The Matter of TokenLot LLC, et al*, File No. 3-18739 (Sept. 11, 2018) | Defendant acted as unregistered broker-dealer by operating a self-described "ICO Superstore" and promoting digital tokens on behalf of issuers.<br><br>https://www.sec.gov/news/press-release/2018-185 | Yes | No | Yes |
| 22. *SEC v.1Pool Ltd. et al.*, Case No. 18-cv-02244 (D.D.C. Sept. 27, 2018) | Defendants unlawfully offered and sold unregistered swap contracts to investors, which allowed investors to buy swaps tracking the value of stocks, commodities, foreign-exchange pairs, and cryptocurrencies.<br><br>https://www.sec.gov/litigation/complaints/2018/comp24330.pdf | No | No | Yes |
| 23. *SEC v. Blockvest*, Case No. 18-CV-2287-GPB (MSB) (S.D. Cal. Oct. 3, 2018) | Defendants planned to raise funds through an ICO for several financial products that would generate passive income and double-digit returns based on misrepresentations about the firm's regulatory status.<br><br>https://www.sec.gov/litigation/litreleases/2019/lr24400.htm | Yes | Yes | No |
| 24. *In The Matter of Zachary Coburn*, File No. 3-18888 (Nov. 8, 2018) | Defendant operated an unregistered securities exchange using the Ethereum blockchain.<br><br>https://www.sec.gov/news/press-release/2018-258 | No | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 25. *In The Matter of CarrierEQ (AirFox)*, File No. 3-18898 (Nov. 16, 2018) | Defendant offered an ICO to fund a prepaid mobile phone business, and made statements that the tokens would increase in value as a result of the defendant's efforts. https://www.sec.gov/litigation/admin/2018/33-10575.pdf | Yes | Yes | No |
| 26. *In The Matter of Paragon Coin*, File No. 3-18897 (Nov. 16, 2018) | Defendant offered an ICO to fund blockchain technology and legalization advocacy in the cannabis industry. https://www.sec.gov/divisions/enforce/claims/paragon-coin.htm | Yes | Yes | No |
| 27. *In The Matter of Floyd Mayweather Jr.*, File No. 3-18906 (Nov. 29, 2018) | Defendant used celebrity status to promote an ICO and tokens (Centra Tech) without disclosing personal compensation. https://www.sec.gov/news/press-release/2018-268 | No | No | Yes |
| 28. *In The Matter of Khaled*, File No. 3-18907 (Nov. 29, 2018) | Defendant used celebrity status to promote an ICO and tokens (Centra Tech) without disclosing personal compensation. https://www.sec.gov/news/press-release/2018-268 | No | No | Yes |
| 29. *In The Matter of CoinAlpha Advisors*, File No. 3-18913 (Dec. 7, 2018) | Defendant failed to file register securities offering for entity formed to invest in digital assets. https://www.sec.gov/litigation/admin/2018/33-10582.pdf | Yes | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 30. *In The Matter of Gladius Network*, File No. 3-19004 (Feb. 20, 2019) | Defendant conducted an ICO to finance a cybersecurity business.<br><br>https://www.sec.gov/news/press-release/2019-15 | Yes | Yes | No |
| 31. *SEC v. Natural Diamonds Investment Co, et al,* Case No. 9:19-cv-80633-RLR (S. D. Fla. May 13, 2019) | Defendants operated a $30 million Ponzi scheme promising investments backed by diamonds and cryptocurrency.<br><br>https://www.sec.gov/litigation/litreleases/2019/lr24473.htm | Yes | Yes | No |
| 32. *In The Matter of NextBlock Global*, File No. 3-19164 (May 14, 2019) | Defendant made false statements in connection with fundraising for a blockchain company.<br><br>https://www.sec.gov/litigation/admin/2019/33-10638.pdf | No | No | Yes |
| 33. *SEC v. Daniel Pacheco, et al.*, Case No. 5:19-CV-00958 (C.D. Cal. May 22, 2019) | Defendant operated a pyramid scheme where participants could opt to receive rewards in the form of cryptocurrency tokens.<br><br>https://www.sec.gov/litigation/litreleases/2019/lr24478.htm | Yes | No | Yes |
| 34. *SEC v. Savraj Gata-Aura et al.*, Case No. 19-cv-04780 (S.D.N.Y. May 23, 2019) | Defendant, a co-conspirator of Ponzi scheme perpetrator Renwick Haddow, aided and abetted fraud. This case does not directly involve cryptocurrency; co-conspirator Haddow's schemes involved a fraudulent cryptocurrency business.<br><br>https://www.sec.gov/litigation/complaints/2019/comp24479.pdf | No | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 35. *SEC v. Kik*, Case No. 19-cv-05244 (S.D.N.Y. June 4, 2019) | Defendant offered and sold digital tokens and Simple Agreements for Future Tokens ("SAFTs") through an unregistered ICO.<br><br>https://www.sec.gov/news/press-release/2020-262 | Yes | Yes | No |
| 36. *SEC v. Longfin Corp., et al.*, Case No. 19-cv-05296 (S.D.N.Y. June 5, 2019) | Defendants engaged in fraudulent public offering in a scheme to obtain a listing on the Nasdaq Stock Market, LLC ("NASDAQ"). After misrepresenting its status as a company based in the United States to use SEC Regulation A to proceed with an offering, defendants distributed over 400,000 shares to insiders and affiliates of the company to create the false appearance of a public float of bona fide investors to satisfy the NASDAQ listing requirements.<br><br>https://www.sec.gov/divisions/enforce/claims/docs/complaint-longfin-060519.pdf | No | No | Yes |
| 37. *In the Matter of SimplyVital Health, Inc.*, File No. 3-19332 (Aug. 12, 2019) | Defendant offered and sold unregistered digital tokens and SAFTs through ICO pools.<br><br>https://www.sec.gov/litigation/admin/2019/33-10671.pdf | Yes | Yes | No |
| 38. *SEC v. Regional Middleton*, Case No. 19-cv-4625 (E.D.N.Y. Aug. 12, 2019) | Defendants defrauded investors in ICO offering of virtual currency by making misrepresentations about the potential profitability and viability of the company's operations, as well as its use and amount of funds, and by manipulating the price and volume of the virtual currency on secondary markets.<br><br>https://www.sec.gov/litigation/litreleases/2019/lr24665.htm | Yes | Yes | No |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 39. *In the Matter of ICO Rating*, File No. 3-19366 (Aug. 20, 2019) | Defendant violated Section 17(b) of the Securities Act by assigning ratings to various ICOs without disclosing that it charged fees of the ICOs to provide such ratings.<br><br>https://www.sec.gov/litigation/admin/2019/33-10673.pdf | No | No | Yes |
| 40. *SEC v. Bitqyck, Inc., et al.*, Case No. 19-cv-2059 (N.D. TX. Aug. 29, 2019) | Defendant defrauded investors by offering digital tokens it falsely claimed provided fractional shares of the company's stock or an interest in a cryptocurrency mining facility that did not exist.  Defendants also illegally operated an unregistered exchange that offered one of its digital tokens.<br><br>https://www.sec.gov/litigation/litreleases/2019/lr24582.htm | Yes | Yes | No |
| 41. *In the Matter of Blockchain Solutions, et al.*, File No. 3-19437 (Oct. 7, 2019) | Defendant failed to file periodic reports as required by Exchange Act Section 13(a) and Rules 13a-1 and 13-a-13 thereunder.<br><br>https://www.sec.gov/litigation/admin/2019/34-87242.pdf | No | No | Yes |
| 42. *SEC v. ICOBox, et al.*, Case No. 19-cv-08066 (C.D. Cal. Sept. 18, 2019) | Defendant offered and sold its digital tokens through an unregistered ICO and engaged in unregistered broker activities by facilitating ICOs for dozens of clients.<br><br>https://www.sec.gov/litigation/litreleases/2020/lr24763.htm | Yes | Yes | No |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 43. *SEC v. Jonathan Lucas*, Case. No. 24607 (S.D.N.Y. Sept. 20, 2019) | Defendant defrauded investors in an unregistered ICO of digital tokens he falsely claimed would value through trading on a purported online adult entertainment marketplace that did not exist. Defendant's misrepresentations included a false claim that a "working beta" of the site existed, a presentation of a fictitious management team, and false claims about his own experience. https://www.sec.gov/litigation/litreleases/2019/lr24607.htm | Yes | Yes | No |
| 44. *In the Matter of Block.one*, File No. 3-19568 (Sept. 30, 2019) | Defendant offered and sold unregistered digital tokens through an ICO. https://www.sec.gov/litigation/admin/2019/33-10714.pdf | Yes | Yes | No |
| 45. *In the Matter of Nebulus, Inc.*, File No. 3-19569 (Sept. 30, 2019) | Defendant engaged in unregistered offering and sale of securities. https://www.sec.gov/litigation/admin/2019/33-10715.pdf | Yes | No | Yes |
| 46. *SEC v. Telegram*, Case No. 19-cv-9439 (Oct. 11, 2019) | Defendant offered and sold unregistered digital tokens and Simple Agreements for Future Tokens ("SAFTs") through an ICO. https://www.sec.gov/litigation/complaints/2019/comp-pr2019-212.pdf | Yes | Yes | No |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 47. *In the Matter of XBT Corp. Sarl d/b/a First Global Credit*, File No. 3-19592 (Oct. 31, 2019) | Defendant that advertised itself as "the world's first professional investment service that bridges the gap between cryptocurrencies and global stock markets" offered and sold security-based swaps online without registering the securities or registering as an exchange.<br><br>https://www.sec.gov/litigation/admin/2019/33-10723.pdf | Yes | No | Yes |
| 48. *SEC v. Eran Eyal, et al.*, Case No. 19-cv-11325 (S.D.N.Y. Dec. 11, 2019) | Defendants fraudulently raised $42.5 million worth of virtual currency through an unregistered ICO of digital tokens based on a series of false and misleading statements to potential and actual investors, including misrepresentations about the purported successful pilots of the token's application.<br><br>https://www.sec.gov/litigation/litreleases/2020/lr24842.htm | Yes | Yes | No |
| 49. *In the Matter of Blockchain of Things*, File No. 3-19621 (Dec. 18, 2019) | Defendant offered and sold unregistered digital tokens through an ICO.<br><br>https://www.sec.gov/litigation/admin/2019/33-10736.pdf | Yes | Yes | No |
| 50. *SEC v. Donald Blackstad, et al.*, Case No. 20-cv-163 (Jan. 8, 2020) | Defendant raised approximately $3.544 million through the fraudulent offer and sale of securities in three companies he owned and controlled, including a purported cryptocurrency mining operation. Defendant made materially false and misleading statements to induce investment and misappropriated | No | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| | the funds raised through the fraudulent offering and sale of these securities. https://www.sec.gov/litigation/litreleases/2020/lr24711.htm | | | |
| 51. *SEC v. Boaz Manor*, Case No. 20-cv-00597 (D.N.J. Jan. 17, 2020) | Defendant charged with conducting fraudulent ICO of digital token using a false identity. https://www.sec.gov/news/press-release/2020-12 | Yes | Yes | No |
| 52. *SEC v. Grybniak, et al.*, 20-cv-327 (E.D.N.Y. Jan. 21, 2020) | Defendants charged with fraudulently claiming ICO of unregistered digital tokens was "SEC regulated," "SEC compliant," and "SEC registered," among other deceptive acts. https://www.sec.gov/litigation/litreleases/2020/lr24723.htm | Yes | Yes | No |
| 53. *SEC v. Ackerman*, Case No. 20-cv-1181 (S.D.N.Y. Feb. 11, 2020) | Defendant charged with defrauding investors by making material false and misleading claims about returns they could expect by investing in his business he claimed used a proprietary algorithm to trade cryptocurrencies. https://www.sec.gov/litigation/litreleases/2020/lr24737.htm | No | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 54. *In the Matter of Enigma MPC*, File No. 3-19702 (Feb. 19, 2020) | Defendant offered and sold unregistered digital tokens through an ICO.<br>https://www.sec.gov/litigation/admin/2020/33-10755.pdf | Yes | Yes | No |
| 55. *In the Matter of Steven Seagal*, File No. 3-19712 (Feb. 27, 2020) | Defendant promoted an ICO without disclosing consideration offered in exchange for promotion, in violation of Section 17(b) of the Securities Act.<br>https://www.sec.gov/news/press-release/2020-42 | No | No | Yes |
| 56. *SEC v. Meta 1 Coin Trust, et al.*, Case No. 20-cv-273 (W.D. Tex. Mar. 16, 2020) | Defendants offered and sold an unregistered digital token through an ICO.  Defendants falsely claimed the digital token was backed by a $1 billion art collection or $2 billion of gold, and that an accounting firm was auditing the gold assets.  The defendants also made material misrepresentations about the risk and return on the digital token, never distributed the actual token, and used the investor funds for personal expenses.<br>https://www.sec.gov/litigation/litreleases/2020/lr24775.htm | Yes | Yes | No |
| 57. *SEC v. Teshuater LLC, et al.*, Case No. 20-cv-01187 (S.D. Tex. Apr. 2, 2020) | Defendants charged with three separate fraudulent and unregistered offerings and sales of securities, including the offer and sale of a digital token defendants falsely claimed was backed by bottled alkaline water.<br>https://www.sec.gov/litigation/litreleases/2020/lr24787.htm | Yes | Yes | No |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 58. *SEC v. Dropil, Inc., et al.*, Case No. 20-cv-00793 (C.D. Cal. Apr. 23, 2020) | Defendants charged with offering and selling unregistered digital tokens through a fraudulent ICO. Defendant diverted investor funds to other projects and personal bank accounts then manufactured fake profitability reports and misrepresented the volume and dollar amount of digital tokens sold during and after the ICO, ultimately claiming it had raised $54 million from 34,000 investors when it had raised less than $1.9 million from fewer than 2,500 investors. https://www.sec.gov/litigation/litreleases/2020/lr24804.htm | Yes | Yes | No |
| 59. *SEC v. Putnam, et al.*, Case No. 20-cv-0030, (D. Utah May 7, 2020) | Defendant fraudulently offered and sold securities relating to digital assets, including purported shares of cryptocurrency mining machines and digital token trading packages.  Defendants made a series of materially false and misleading representations to induce these investments. https://www.sec.gov/litigation/complaints/2020/comp24829.pdf | Yes | No | Yes |
| 60. *In the Matter of BitClave PTE Ltd.*, File No 3-19816 (May 28, 2020) | Defendants offered and sold an unregistered digital token through an ICO. https://www.sec.gov/litigation/admin/2020/33-10788.pdf | Yes | Yes | No |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 61. *SEC v. Hvizdzak Capital Mgmt., et al.*, Case No. 20-cv-00154 (W.D. Penn. June 16, 2020) | Defendants fraudulently raised and subsequently misappropriated millions of dollars from the sale of limited partnership interests in a fund they claimed would invest in digital assets.<br><br>https://www.sec.gov/litigation/complaints/2020/comp-pr2020-137.pdf | No | No | Yes |
| 62. *SEC v. Abramoff*, Case No. 20-cv-04190 (N.D. Cal. June 25, 2020) | Defendant offered and sold unregistered digital tokens through an ICO and made materially false or misleading representations, including falsely claiming that the technology was complete when it was not and that they were on the verge of purchasing an advertising slot during the Super Bowl.<br><br>https://www.sec.gov/litigation/complaints/2020/comp-pr2020-145-abramoff.pdf | Yes | Yes | No |
| 63. *SEC v. NAC Foundation LLC, et al.*, Case No. 20-cv-04188 (N.D. Cal. June 25, 2020) | Stems from the same facts as *Abramoff*.<br><br>https://www.sec.gov/litigation/complaints/2020/comp-pr2020-145-nac-andrade.pdf | Yes | Yes | No |
| 64. *In the Matter of Plutus Financial Inc. d/b/a Abra, et al.*, File No. 3-19873 (July 13, 2020) | Defendants, a private company offering financial transactions through contracts memorialized on the Bitcoin blockchain, sold security-based swaps in violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010.<br><br>https://www.sec.gov/litigation/admin/2020/33-10801.pdf | No | No | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 65. *In the Matter of Kevin Boon, LLC, et al.*, File No. 3-19913 (Aug. 13, 2020) | Defendants offered and sold unregistered digital tokens through an ICO and made material misrepresentations about its platform's technological capabilities.<br><br>https://www.sec.gov/litigation/admin/2020/33-10817.pdf | Yes | Yes | No |
| 66. *SEC v. Millan, et al.*, Case No. 20-cv-06575 (S.D.N.Y. Aug. 18, 2020) | Defendants acted as unregistered broker-dealers by promoting investment in an MLM scheme, taking investment orders and receiving investor cash.<br><br>https://www.sec.gov/litigation/litreleases/2020/lr24870.htm | No | No | Yes |
| 67. *SEC v. Jali, et al.*, Case No. 20-cv-02491 (D.Md August 28, 2020) | Defendants operated a Ponzi scheme promising investors high rates of returns based on purported expertise in investing in foreign currency exchanges and cryptocurrencies.  Defendants fraudulently raised $27 million from approximately 1,200 investors.<br><br>https://www.sec.gov/litigation/complaints/2020/comp-pr2020-198.pdf | No | No | Yes |
| 68. *SEC v. FLiK, et al.*, Case No. 20-cv-03739 (N.D. Ga. Sept. 10, 2020) | Defendants offered and sold unregistered digital tokens through ICOs and made materially false or misleading representations during the course of these offerings.<br><br>https://www.sec.gov/litigation/complaints/2020/comp-pr2020-207.pdf | Yes | Yes | No |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 69. *In the Matter of Clifford Harris, Jr.*, File No. 3-19990 (Sept. 11, 2020) | Arising from the same set of facts as *FLiK*, defendant offered and sold digital tokens through an ICO. https://www.sec.gov/litigation/admin/2020/33-10836.pdf | Yes | Yes | No |
| 70. *In the Matter of Unikrn, Inc.*, File No. 3-20003 (Sept. 15, 2020) | Defendant offered and sold unregistered digital tokens through an ICO. https://www.sec.gov/litigation/admin/2020/33-10841.pdf | Yes | Yes | No |
| 71. *In the Matter of Salt Blockchain Inc.*, File No. 3-20106 (Sept. 30, 2020) | Defendant offered and sold unregistered digital tokens through an ICO. https://www.sec.gov/litigation/admin/2020/33-10865.pdf | Yes | Yes | No |
| 72. *SEC v. John McAfee, et al.*, Case No. 20-cv-08281 (S.D.N.Y. Oct. 5, 2020) | Defendant promoted an ICO without disclosing consideration offered in exchange for promotion, in violation of Section 17(b) of the Securities Act. https://www.sec.gov/litigation/complaints/2020/comp-pr2020-246.pdf | No | No | Yes |
| 73. *SEC v. Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen*, Case No. 1:20-cv-10832-AT-SN (S.D.N.Y. Dec. 22, 2020) | Alleging that Ripple's distributions of XRP constitute investment contracts and thus securities subject to registration under Section 5 of the Securities Act. | Yes | Yes | Yes |

| Case | Allegations | Alleged Unregistered Sale of Securities? | Based on Sale of Digital Assets? | Outside the ICO Context? |
|---|---|---|---|---|
| 74. *SEC v. Stefan Qin et al.*, Case No. 20-cv-10849 (S.D.N.Y. Dec. 22, 2020) | Defendant made false claims to raise capital for two hedge funds, which he claimed were involved in algorithmic trading of cryptocurrencies.<br><br>https://www.sec.gov/news/press-release/2020-341 | No | No | Yes |
| 75. *In the Matter of Tieron, Inc.*, File No. 3-20188 (Dec. 23, 2020) | Defendant offered and sold unregistered digital tokens through an ICO.<br><br>https://www.sec.gov/litigation/admin/2020/33-10914.pdf | Yes | Yes | No |