KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

June 8, 2021

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

    We write on behalf of Defendant Ripple Labs, Inc. ("Ripple") in opposition to the SEC's letter dated June 2, 2021 ("SEC Letter," ECF No. 217). The SEC's request for a 60-day extension of discovery should be denied.

    The SEC's letter misstates the reasons for Ripple's opposition to extending discovery. Ripple opposes this extension because delay will be extremely prejudicial to Ripple and because there is not good cause to modify the discovery schedule.[1]

### I.   An Extension of Discovery Will Unduly Prejudice Ripple's Business

    Delay in this litigation poses an existential threat to Ripple's business in the United States. The Court can deny the SEC's request on that basis alone. *See, e.g.*, *Dumann Realty, LLC v. Faust*, , 2011 WL 2749523, at *2 (S.D.N.Y. July 8, 2011) ("[A] district court 'also may consider . . . whether allowing the [modification of a schedule] at this stage of the litigation will prejudice defendants.'") (second brackets in original) (quoting *Kassner v. 2nd Ave. Delicatessen*

---

[1] The SEC incorrectly asserts (at 1) that "Defendants do not consent to the SEC's request because they contend that the SEC had sufficient time to investigate this matter before filing suit, and because Ripple wants to move for summary judgment as soon as possible." It is true that the SEC had ample time to investigate before filing suit, but Defendants do not argue that the SEC's investigation means it is not entitled to further discovery. The SEC's two and a half year investigation does, however, mean that the SEC knew well in advance what further facts it needed to develop, which supports Ripple's argument that the SEC failed to act diligently when it unreasonably delayed its discovery requests (as described below). It is also true — as Ripple made clear in the initial Rule 16 letter — that Ripple wants to move for summary judgment as soon as possible, but this is not an arbitrary preference for speed. As described in greater detail below, the pendency of this litigation itself poses a grave threat to Ripple's ability to continue operating in the United States.

Hon. Analisa Torres
June 8, 2021
Page 2

*Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)); *see also* SEC Letter at 3 (conceding that extension is proper only "[i]f [t]he [o]pposing [p]arty [w]ill [n]ot [b]e [u]nfairly [p]rejudiced").

As the SEC alleges in its complaint, Ripple's current primary line of business is cross-border payments and related activities. *See* ECF No. 46 ¶ 359. Sending money internationally has traditionally been slow and expensive.[2] Ripple's On-Demand Liquidity ("ODL") product solves this problem by using XRP as a bridge currency: the sender can buy XRP in one local currency and transfer the XRP to the recipient, who can sell that XRP in another local currency, in a process taking seconds rather than days. As the SEC itself describes this solution:

> ODL involves a transaction in which a money transmitter in a sender's jurisdiction converts fiat currency into XRP, transfers the XRP to a recipient's jurisdiction, and converts the XRP into the fiat currency of that locale. Typically, instead of holding XRP directly, money transmitters who may use ODL would rely on market makers in the sender's and recipient's jurisdictions to trade in and out of XRP in about ninety seconds or less.

*Id.* ¶ 360.

Crucially, for ODL to work efficiently, there must be a liquid market for XRP in both the sending and receiving countries. But the pendency of this lawsuit has significantly hurt the markets for XRP in the United States and abroad. Within days of the SEC's filing, almost 20 exchanges de-listed or suspended XRP.[3] More have subsequently followed suit. Today, XRP is essentially illiquid in the United States, practically eliminating the possibility of ODL transfers into or out of the United States. XRP's liquidity has also been hampered in other jurisdictions, damaging Ripple's ability to develop and market ODL worldwide. Every additional day this suit is pending is a day in which the XRP markets remain improperly frozen in the United States and Ripple's business is unfairly hampered. This is severely prejudicial to Ripple, and the SEC's extension motion does not even mention it, much less explain why the proposed delay would not harm Ripple. The Court can, and should, deny the SEC's motion on this basis alone.

## II. The SEC Has Not Shown Good Cause To Extend Discovery

Even putting aside the prejudice that a discovery extension would cause Defendants, the SEC's request should be denied because it has not shown good cause to modify the scheduling order, as required under Fed. R. Civ. P. 16. *See, e.g.*, *iMedicor, Inc. v. Access Pharms., Inc.*, 290 F.R.D. 50, 52 (S.D.N.Y. 2013) ("[P]laintiff must demonstrate good cause for modifying the scheduling order under Rule 16(b)."). "[A] finding of good cause depends on the diligence of the moving party . . . meaning that despite its having exercised diligence, the applicable deadline

---

[2] In general terms, a person sending money abroad must rely on a chain of two or more "correspondent banks," each of which may charge a substantial fee. It can take as long as a week for the money to reach the recipient's bank.

[3] *See, e.g.*, *Will XRP Survive The SEC's Charges Against Ripple As XRP Is Delisted From Numerous Exchanges?*, Liquidity Finder (Jan. 6, 2021), https://www.liquidityfinder.com/news/Will-XRP-survive-the-SEC%E2%80%99s-Charges-against-Ripple-as-XRP-is-delisted-from-numerous-exchanges?id=ckjlpgo6p978t0a12363snngu.

could not have been reasonably met." *Id.* (internal quotation marks and citations omitted); *see also SEC v. Lek Sec. Corp.*, 2019 WL 3729386, at *4 (S.D.N.Y. Aug. 7, 2019) ("In determining whether good cause exists to modify a scheduling order, 'the primary consideration is whether the moving party can demonstrate diligence.'") (quoting *Kassner*, 496 F.3d at 244).

The SEC's primary argument for an extension (at 2-3) is that "[a]ll [p]arties [h]ave [e]xpended [s]ignificant [t]ime [o]n [m]otions [p]ractice." It does not and cannot argue that this motion practice somehow prevented it from timely meeting the discovery deadlines. Indeed, the efforts expended on motions practice to date cut *against* an extension of discovery. *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *3 (S.D.N.Y. Oct. 28, 2009) (finding no good cause for extension where, among other things, "the parties engaged in extensive legal briefing and substantial discovery" that would be near completion unless the court permitted extension). Magistrate Judge Netburn has carefully overseen discovery and promptly resolved issues presented to her.

To the extent the SEC attempts to argue that motions practice has interfered with its ability to conduct discovery, the SEC ignores that the substantial bulk of this motions practice was of its own (improper) making. For example, the Court denied SEC's motion incorrectly arguing that Ripple's fair notice argument waives attorney-client privilege. *See, e.g.*, ECF Nos. 165, 166, 174, 195, 196, 210. The Court also granted motions by individual defendants Bradley Garlinghouse and Christian Larsen to quash overbroad SEC subpoenas for personal financial records. ECF Nos. 59, 72, 87, 103. Most egregiously, the Court has now twice ordered the SEC to produce non-privileged SEC documents after the SEC improperly refused to do so. ECF Nos. 67, 78, 79, 80, 102, 126, 142, 149, 163. Yet the SEC still has not produced many of the documents the Court ordered it to produce, and Defendants have sought the Court's assistance for a third time on this issue. *See* ECF No. 220. The SEC nonetheless asks this Court to extend the discovery deadlines based, inter alia, on the fact that Defendants "have raised a number of concerns regarding the SEC's review and production of internal documents and communications responsive to Judge Netburn's April 6, 2021 order." SEC Letter at 1. The SEC cannot rely on the fact that it has taken improper, overreaching positions requiring judicial intervention, and then refused to comply with direct Court orders, to argue that it needs more time for discovery.

The SEC (at 4-6) offers five additional arguments in support of its application. None has merit and none justifies an extension of the schedule, individually or collectively.[4]

---

[4] The SEC relies extensively on a five-factor test set out in *City of Almaty, Kazahkstan v. Ablyazov*, 2018 WL 2148430, at *1 (S.D.N.Y. May 10, 2018). The court in *Almaty*, however, created that five-factor test out of whole cloth, without citation to any authority, and it did not even acknowledge the controlling "good cause" standard under Fed. R. Civ. P. 16(b). To date, no other court has adopted *Almaty*'s five-factor test, and this Court should not be the first. But in any event, even if the *Almaty* test applied, the arguments the SEC raises (at 4-6) are insufficient to support an extension, for the reasons explained below.

### A. Discovery Already Conducted

There is no dispute that discovery in this litigation has been extensive. That does not support a conclusion that the SEC has been diligent. To the contrary, the SEC has delayed in serving a substantial portion of its discovery requests to Defendants. For example, the SEC represents (at 4) that it "sought the production of documents from defendants . . . within a few weeks of the beginning of the discovery period." But in fact, the SEC is still serving requests for production on Defendants: on May 20 and June 4, it served a total of 16 new requests for production. It offers no explanation for the delay, and it does not and cannot contend that the documents sought in these belated requests are ones it did not learn about until discovery. *See, e.g.*, *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (finding no good cause to extend schedule based on amendment to the pleadings because information supporting proposed new claim was known long before party sought to amend).[5]

### B. Additional Discovery Sought

The SEC argues (at 4) that it needs more time for discovery because "Ripple's production of documents is not complete." The SEC cannot show good cause to justify an extension on this basis. As noted above, the SEC has continued to serve document requests in May and June; Ripple's productions to the most recent requests are not even due yet. As for the SEC's prior requests to Ripple alone, which number 107 in all, Ripple has diligently produced over 73,000 documents, and has committed to completing production of documents for requests received through May 19 by June 18. All of this is on top of the roughly 49,000 documents that Ripple produced in the course of the investigation.

Similarly, the SEC argues (at 4) that "for both depositions so far, [Ripple] has produced documents relevant to those witnesses only 2-3 business days before the deposition date." Once again, the SEC ignores that these productions were due to its belated service of document requests. The first deposition in this case took place on May 18. The SEC waited until as late as May 8 to request certain documents relating to that deponent. *See* Ex. A ("[W]e request that Ripple produce responsive, non-privileged Telegram communications in advance of her deposition.").[6] The second deposition took place on May 26; the SEC waited until May 3 before serving a subpoena for that witness's documents. *See* Ex. B. Despite the SEC's late requests, Ripple took great pains to accelerate production and ensured that the SEC had them well in advance of the depositions (and far in advance of the deadline for production). *See, e.g.*, *Joye v. Psch, Inc.*, 2016 WL 3141659, at *6 (S.D.N.Y. June 3, 2016) (finding no "good cause" to extend discovery to accommodate late-served document requests, because "plaintiff's counsel does not explain why these documents could not have been requested prior to [the] deposition"). Ripple has also committed to getting the SEC the documents relevant to future depositions one week in

---

[5] While the proposed extension in *Rent-A-Center* was due to a requested amendment to the pleadings rather than a direct request to extend the scheduling order itself, the Second Circuit has explained that the same "good cause" standard under Rule 16(b) applies to both types of extensions. *See Kassner*, 496 F.3d at 243-44.

[6] Ripple expended significant efforts to ensure that those late-requested documents were produced in advance of the deposition despite the late timing of the request.

Hon. Analisa Torres
June 8, 2021
Page 5

advance of the deposition and to fully completing production of all but the most recent requests by June 18 — well in advance of the final depositions.

Next, the SEC argues (at 4-5) that it will not have privilege logs necessary for its depositions of the Individual Defendants until July 2, which will be too late to use them in those depositions. This is incorrect. Ripple has already produced six privilege logs (two during the investigation and four more to date in discovery) reflecting more than 1,800 privileged or redacted documents, including a privilege log of certain witness documents in advance of the May 18 deposition. Ripple will produce all remaining privilege logs on a rolling basis starting on June 18 – including all entries involving witnesses scheduled to be deposed in the two weeks after that – and anticipates having these logs substantially completed well in advance of the Individual Defendants' depositions, which are scheduled for June 30 and July 2.[7] Moreover, the privilege logs are only minimally relevant to the SEC's case in the first place, given Judge Netburn's ruling that Ripple has not waived privilege by asserting a fair notice defense.

The SEC also relies (at 5) on its recently filed (and pending) motion for leave to take additional depositions. That reliance is misplaced because its motion is substantively flawed, for the reasons Ripple articulated in its opposition to that motion (ECF No. 216). It is also premature: there is no reason to extend discovery now based on the possibility that the SEC *might* receive leave to take more depositions in the future.

### C. "Unavoidable" Obstacles Faced

The SEC's argument (at 5) that it has engaged in meet-and-confers and has "expended many hours interviewing custodians and searching and reviewing tens of thousands of internal documents and communications . . . which Defendants successfully moved to compel" does not support an extension. Meeting and conferring, and searching for and reviewing documents, is part of the ordinary discovery process. The fact that the SEC has performed a baseline level of work that any litigant would have to does not establish that it has been "diligent." *See, e.g.*, *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985) (rejecting as "frivolous" a claim that burden of responding to opposing party's discovery requests prevented party from adequately pursuing its own discovery). And, as noted above, the SEC could have finished these tasks much earlier had it simply produced documents in response to Defendants' valid requests for production instead of forcing Defendants to move to compel. Likewise, the SEC cites (at 5) a disputed privilege assertion that Ripple subsequently withdrew, but it does not and cannot argue that this brief dispute over a few days in May is somehow preventing the SEC from completing discovery in accordance with the Court's scheduling order.

---

[7] There may be a small handful of privilege logs that Ripple produces after these dates, but that is because the SEC has belatedly served requests for production as late as June 4. The Federal Rules allow Ripple to respond to those requests by July 2, *see* Fed. R. Civ. P. 34(b)(2)(A), and Ripple cannot reasonably be required to search for, review, produce, and create complete privilege logs significantly faster than that. The possibility that some small fraction of privilege logs relating to these late-served requests may not be received before the Individual Defendants' depositions is a problem of the SEC's own making and does not support a finding of good cause.

Hon. Analisa Torres
June 8, 2021
Page 6

### D. "Avoidable" Delays

The SEC cites (at 5-6) three categories of what it calls "avoidable delays." None show that the SEC was diligent in discovery and none support its requested extension.

*First*, the SEC complains that it is still awaiting a production in response to a third-party subpoena it served on GSR. But the SEC has not moved to compel enforcement of that subpoena. *Cf. Saray Dokum v. Madeni Aksam Sanayi Turizm A.S.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (holding that party did not act diligently, and thus did not satisfy "good cause" requirement, where it failed to take steps to compel discovery it later claimed was critical); *Agapito v. AHDS Bagel, LLC*, 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018) (holding that party's failure to produce documents during discovery did not provide "good cause" under Rule 16(b) because "to the extent that [movants] unsuccessfully requested production of these documents from Plaintiffs, the appropriate response would have been a motion to compel").

*Second*, the SEC complains that it has had to serve subpoenas on individual deponents to obtain documents from their personal electronic devices. But that does not come as a surprise; Ripple can only produce documents that are in its possession, custody, or control, and the SEC's requests for production only asked it to produce such documents. *See also* Fed. R. Civ. P. 34(a)(1) (parties may serve requests on other parties to produce documents "in the responding party's possession, custody, or control"). The SEC could have begun serving these subpoenas at the start of discovery; indeed, it has known since *February* that it would need to do so. As Ripple expressly notified the SEC by letter on February 25, Ripple "is not in a position to collect mobile device data for custodians who used their own personal devices to engage in work-related communications." The SEC makes no attempt to explain its three-month delay in serving subpoenas after receiving that notice. That unexplained delay is fatal to a claim of diligence. *See Joye*, 2016 WL 3141659, at *6.

*Third*, the SEC complains that Ripple asserted privilege over documents slated to be produced by third parties. It does not argue that this assertion introduced any material delay in discovery, nor that it prevented the SEC from timely learning any critical information. And the SEC concedes that this issue affects only productions by three third parties (out of more than 60 in the case), where Ripple diligently reviewed a relatively small subset of the productions for privilege, and did so in a matter of days. In each case, those parties' productions are already complete. This makeweight complaint again does not justify extending the discovery deadlines.

### E. Need For Fair and Efficient Discovery

The SEC concludes (at 6) with a perfunctory assertion that it would not be "fair" to enforce the existing discovery deadline in this case. It makes no argument that an extension of discovery would be "efficient"; to the contrary, it would likely increase the burdens on all parties, in addition to causing the extreme prejudice to Ripple described above. Moreover, without any showing of particular facts it has been unable to develop to date but could develop if granted an extension, the SEC also cannot show that an extension would promote "fairness" in the first place. There is no unfairness in this case that an extension would remedy.

Hon. Analisa Torres
June 8, 2021
Page 7

### F. What the SEC Does Not Argue

Missing from the SEC's letter is any argument that the existing discovery deadlines cannot be reasonably met. Without such a showing, the SEC cannot demonstrate good cause for an extension of the discovery deadline. *See, e.g.*, *Rent-A-Center*, 215 F.R.D. at 105 (holding that movants failed to show good cause where they did not "try to explain why the deadline set forth by the Court's Scheduling Order could not be reasonably met"); *Lincoln v. Potter*, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006) (same); *Baburam v. Fed. Express Corp.*, 318 F.R.D. 5, 8 (E.D.N.Y. 2016) ("With respect to a request to extend discovery, the moving party must show why it could not have completed the necessary discovery within the time frame established under the existing scheduling order."). To be sure, the SEC's letter suggests that it will require genuine effort from all parties to complete discovery – efforts that the SEC itself argues (at 6) the parties have been making. It offers no reason why the parties cannot continue to make such efforts, and it does not and cannot argue that it will be impossible to complete discovery on time if the parties do so.

The SEC also makes no argument that it has not been able to develop any particular areas of fact. To be sure, it identifies certain procedural categories of discovery that are still outstanding, such as the subpoena to GSR that it has not moved to enforce. But the SEC does not state that there are any particular facts it expects to be able to develop but has not yet been able to. It certainly does not argue that it will be impossible to develop sufficient facts by the close of discovery. *Cf. Lamothe v. Town of Oyster Bay*, 2011 WL 4974804, at *8 (E.D.N.Y. Oct. 19, 2011) ("Without specific information regarding the new evidence at issue and the timing of its discovery, the Court is unable to find that the Plaintiffs have demonstrated good cause for their failure to comply with the Scheduling Order.").

\*     \*     \*

An extension of the discovery schedule in this case would cause tremendous prejudice to Ripple. In addition, the SEC has not met its burden of showing that there is good cause to extend the schedule: the examples of ongoing discovery issues that it cites are largely attributable to its own unexplained delays in serving document requests, and it does not and cannot argue that it will not be possible to complete discovery on the existing schedule despite reasonable diligence. The SEC's request for an extension should be denied.

Hon. Analisa Torres
June 8, 2021
Page 8

Respectfully submitted,

| /s/ Michael K. Kellogg | /s/ Mary Jo White |
|---|---|
| Michael K. Kellogg | Mary Jo White |
| (mkellogg@kellogghansen.com) | (mjwhite@debevoise.com) |
| Reid M. Figel | Andrew J. Ceresney |
| Gregory M. Rapawy | Lisa Zornberg |
| Collin R. White | Christopher S. Ford |
| Eliana Margo Pfeffer* | Joy Guo |
| KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC | DEBEVOISE & PLIMPTON LLP |
| Sumner Square | 919 Third Avenue |
| 1615 M Street, NW, Suite 400 | New York, NY 10022 |
| Washington, DC 20036 | +1 (212) 909-6000 |
| +1 (202) 326-7900 | |

*Attorneys for Defendant Ripple Labs Inc.*

\*Not Admitted in the District of Columbia; practice supervised by members of the firm.

cc: All counsel (via ECF)