# Exhibit 12

# REDACTED
# Public Version



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

May 12, 2021

**VIA EMAIL ONLY**
Andrew Ceresney, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, N.Y. 10022

Re: <u>SEC v. Ripple Labs, Inc.</u>, et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Andrew:

We write in response to your May 11, 2021 letter ("Letter") regarding certain documents between Ripple and ▅▅▅▅. As set forth below, given the information provided in your Letter and the facts in the record as we currently understand them, we are unable to agree with your assertion of privilege over the documents listed in your Letter. We write so that we can meet and confer in good faith on decision as we determine whether we will seek relief from the Court on this additional issue.

*First*, although as stated we do not, based on the present record, agree that the documents in your Letter are or remain privilege, we will comply with your request, pursuant to Paragraph 30 of the Protective Order, to destroy all copies of certain documents referenced in the Letter and inform you when this has been done. We will ask our litigation support specialists to upload the productions you transmitted to us via email this morning as replacements for the productions at issue, subject to an important clarification explained below.[1]

*Second*, we will refile the letter with the redacted version of the exhibit. Given the delay described in the footnote of this letter and, we would appreciate it if you would email Ripple's own redacted version of the exhibit, and we will file that version.

*Third*, please provide, by the end of this week, a more complete explanation of your assertion of privilege and explain why, even if the privilege applied, it has not been waived. It is your burden

---

[1] Your Letter requests that we destroy RPLI_SEC0096888, RPLI_SEC0270424, RPLI_SEC0091288, RPLI_SEC0287628, RPLI_SEC0287635, RPLI_SEC0287639, and RPLI_SEC0287644. Letter at 2. However, according to our litigation support team your new productions actually replace a larger set of documents, including: RPLI_SEC 0091284, RPLI_SEC 0091288, RPLI_SEC 0096888, RPLI_SEC 0270423, RPLI_SEC 0270424, RPLI_SEC 0287623, RPLI_SEC 0287627, RPLI_SEC 0287628, RPLI_SEC 0287633, RPLI_SEC 0287634, RPLI_SEC 0287635, RPLI_SEC 0287637, RPLI_SEC 0287639, RPLI_SEC 0287644, RPLI_SEC 0287646, RPLI_SEC 0287647, and RPLI_SEC 0287648. Please explain the different between the request in your Letter and the more recent request that we substitute a larger set of documents before replacing the productions. We would appreciate a clarification as soon as possible so that we can comply with the Protective Order's five business day rule. If you seek the return of any documents beyond those listed in your Letter, please explain the basis for your request.

to establish both the existence of privilege and that privilege has not been waived by inadvertent disclosure. *E.g.*, *Williams v. D.C.*, 806 F. Supp. 2d 44 (D.D.C. 2011).

In order to understand your assertion of privilege, we request that you produce the retainer agreement between ▌▌▌▌ and Ripple (or direct us to it in your productions if you have already done so), as well as the joint venture agreement between ▌▌▌▌ and Ripple referenced in your Letter. As you know, the fact that parties share the payment of legal fees does not necessarily create an attorney client relationship. Moreover, we believe that the documents produced by ▌▌▌▌ to the SEC demonstrate that Ripple considered ▌▌▌▌ to lawyers for ▌▌▌▌, not Ripple.

Since you are asserting an inadvertent waiver, please describe the steps you took to protect against the disclosure of privileged documents, including details of your document review process and the steps you took to identify law firms that could be implicated in your privilege review. *See U.S. Fidelity & Guaranty Co. v. Braspetro Oil Servs. Co.*, No. 97 Civ. 6124, 2000 WL 744369, at *5 (S.D.N.Y. June 8, 2000) (analyzing reasonable precautions taken to identify privileged materials). We note that at least some versions of the documents at issue were first produced to the SEC over 18 months ago, in November of 2019, and that one version of these documents was explicitly referenced and quoted in our Complaint (¶ 373) and in our Amended Complaint (¶ 401). Needless to say, the timeliness of your assertion of privilege over these documents raises significant concerns and will prejudice the SEC. *See Atronic Intern., GMBH v. SAI Semispecialists of America, Inc.*, 232 F.R.D. 160, 161 (E.D.N.Y. 2005). We also note that, despite taking an "expansive" reading of our interrogatory regarding the receipt of legal advice, you neither identified ▌▌▌▌ in your answer nor mentioned them at a recent meet and confer when you stated that you were going to amend the list to include ▌▌▌▌.

Finally, please let us know if you are reconsidering the position you took during last week's meet and confer that you are not asserting privilege over the ▌▌▌▌ memo Ripple shared with ▌▌▌▌.

        Sincerely,

        */s/ Jorge G. Tenreiro*

        Jorge G. Tenreiro

cc: Counsel for all defendants (via email)