# Exhibit 29

# REDACTED
# Public Version



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

May 25, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY  10007

**Re:  SEC v. Ripple Labs Inc., et al., No. 20-cv-10832(AT)(SN) (S.D.N.Y.)**

Dear Judge Netburn:

We write on behalf of Defendant Ripple Labs Inc. ("Ripple") in response to the SEC's May 18, 2021 letter-motion (ECF No. 191), which challenges Ripple's May 11, 2021 request to claw back certain documents on privilege grounds ("Clawback Request").[1]

*First*, the SEC's letter is premature.  Part II.C of this Court's Individual Practices make clear that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute," and that letter-motions raising discovery disputes "must include evidence that the meet-and-confer process occurred, including when and whether it was in person or over the telephone."  The parties did not meet and confer "in person or by telephone" concerning the Clawback Request—even though Ripple's letters to the SEC explicitly stated that Ripple was "willing to meet and confer on this issue."  *See* ECF No. 191, Ex. C at 5, Ex. D at 2.  To the extent that the Court determines that any of the issues raised in the SEC's letter require resolution (and Ripple believes that any such issues are moot, for the reasons explained below), the Court should require the parties to conclude the meet-and-confer process before raising any disputes with the Court (if any remain at all).

*Second*, Ripple has considered the matter further and withdraws the Clawback Request and does not object to the SEC's use of unredacted versions of the ▮▮▮▮▮ Emails.  Ripple bears

---

[1]  The documents that are subject to Ripple's Clawback Request are Bates-stamped RPLI_SEC0096888, RPLI_SEC0270424, RPLI_SEC0091288, RPLI_SEC0287628, RPLI_SEC0287635, RPLI_SEC0287639, RPLI_SEC0287644 (the "▮▮▮▮ Emails").

www.debevoise.com

Hon. Sarah Netburn                                   2                              May 25, 2021

the burden of establishing the "essential elements" of any common interest privilege claim. *United States v. Krug*, 868 F.3d 82, 86 (2d Cir. 2017). After consulting with ▇▇▇, Ripple agrees with the SEC (ECF No. 191 at 4) that "Ripple cannot meet its burden to establish that the ▇▇▇ Emails are privileged." Accordingly, Ripple has withdrawn its Clawback Request.

This withdrawal of Ripple's privilege claim, in light of the fact that the documents at issue are not privileged in the first instance, moots the SEC's request, and there is no dispute for the Court to resolve. For the avoidance of doubt, however, Ripple continues to disagree with the SEC's arguments (ECF No. 191 at 3-4) that Ripple has selectively invoked the privilege in this litigation. Ripple has invoked privilege only where it believes it has a good faith claim of privilege. Ripple is withdrawing its objection to the SEC's use of the ▇▇▇ Emails not out of a selective invocation of privilege, but because there is no privilege over these documents in the first instance—as the SEC agrees (ECF No. 191 at 4-5).

The Court should deny the SEC's letter-motion as moot.

Respectfully submitted,


/s/ Andrew J. Ceresney
Mary Jo White
Andrew J. Ceresney
(ajceresney@debevoise.com)
Lisa Zornberg
Christopher S. Ford
Joy Guo
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000


*Attorneys for Defendant Ripple Labs Inc.*