

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

June 9, 2021

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to Defendant Ripple Labs, Inc.'s ("Ripple") sur-reply ("Sur-Reply") to the SEC's Motion to Strike Ripple's Fourth Affirmative Defense ("Motion").  *See* D.E. 128, 132 (SEC Motion & brief in support); D.E. 172 (Ripple opposition); D.E. 205 (SEC reply); D.E. 229 (Sur-Reply).

The Sur-Reply argues, in part, that the SEC's 74 enforcement actions in the digital asset space before it filed this lawsuit were insufficient to provide Ripple fair notice that its unregistered sales of XRP could be illegal, such that Due Process is not satisfied.

This argument is based on an incorrect characterization of the "fair notice" defense.  Ripple's argument boils down to this:  because none of the SEC's prior digital asset cases involve the *exact, same, identical* facts as *this* case, Ripple lacked sufficient fair notice, such that it cannot be liable for violating Section 5's strict liability provisions.  But fair notice does not require such exact factual correspondence, and Ripple cites no case that suggests anything to the contrary.  Rather, the "abundance of caselaw interpreting and applying [*SEC v. W.J.*] *Howey* [*Co.*, 328 U.S. 293 (1946),] at all levels of the judiciary, as well as related guidance issued by the SEC as to the scope of its regulatory authority and enforcement power, provide all the notice that is constitutionally required." *United States v. Zaslavskiy*, No. 17 Cr. 647, 2018 WL 4346339, at *8-9 (E.D.N.Y. Sept. 11, 2018) (rejecting *criminal* defendant's contention that "the United States securities laws are unconstitutionally vague ('void for vagueness') as applied to cryptocurrencies").  Here, *Howey* and its progeny's "flexible rather than … static principle," 328 U.S. at 299, would be nullified by a ruling that a fair notice defense can defeat any claim involving an investment product that is not identical to one previously deemed a security.  The Court should reject the invitation to issue such a ruling.

Respectfully submitted,

Jorge Gerardo Tenreiro

cc: Counsel for All Defendants (*via* ECF)