**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES & EXCHANGE COMMISSION,

                Plaintiff,

      v.

RIPPLE LABS INC.,
BRADLEY GARLINGHOUSE,
and CHRISTIAN A. LARSEN,
                Defendants.

No. 20-cv-10832 (AT)

---

## MEMORANDUM OF LAW IN SUPPORT OF BRADLEY GARLINGHOUSE AND CHRISTIAN A. LARSEN'S MOTION FOR THE ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

Defendants Bradley Garlinghouse and Christian A. Larsen (the "Individual Defendants"), hereby submit this Memorandum of Law in support of their motion for this Court to issue, under its seal and signature, the attached Letters of Request pursuant to 28 U.S.C. § 1781(b)(2) and the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") on behalf of the Individual Defendants to obtain documents from the following third parties:

iFinex Inc. d/b/a Bitfinex
c/o SHRM Trustees (BVI) Limited
Trinity Chambers, PO Box 4301
VG1110, Road Town, Tortola
British Virgin Islands

Noah Trade Ltd. d/b/a Bitforex
Room 1502-U4 Easey Commercial Building
253-261 Hennessy Road
Wan Chai
Hong Kong, China

BGH One Ltd. d/b/a Bithumb
15~16F, 124, Teheran-ro, Gangnam-gu
Seoul
Republic of Korea

Bitlish Ltd.
14056, 43 Bedford Street
London WC2E 9HA
United Kingdom

GBM Foundation Company, Ltd. d/b/a BitMart
c/o Stuarts Corporate Services Ltd
4th Flr Cayman Financial Center 36A Dr Roy's Drive
George Town, Grand Cayman, KY1-1104
Cayman Islands

BMXDM Technology PTE. Ltd. d/b/a AscendEX (formerly Bitmax)
10 Marina Boulevard #39
Marina Bay Financial Centre
Singapore, 018983

Bitrue Singapore PTE. Ltd.
73 Upper Paya Lebar Road, #06-01C
Centro Bianco
Singapore, 534818

Bitstamp Ltd.
5 New Street Square
London EC4A 3TW
United Kingdom

Coinbene Limited Vanuatu
The Adelphi
1 Coleman Street,
Singapore, 179803

Coinone Co., Ltd.
4th floor, 69 Hangang-daero,
Yongsan-gu,
Seoul
South Korea

Hit Tech Solutions Development Ltd. d/b/a HitBTC
Suite 15, Oliaji Trade Centre, Francis Rachel Street
Victoria
Mahé
Seychelles

Huobi Global Limited
Room 1404-05, Nan Fung Tower
88 Connaught Road Central
Hong Kong, China

Korbit, Inc.
5F 376 Gangnam-daero Gangnam-gu
Seoul, 06232
South Korea

Aux Cayes FinTech Co. Ltd. d/b/a OKEx
30, Kenilworth, Flat 4
Sir Augustus Bartolo Street
Ta'xbiex
Malta

Upbit Singapore Pte. Ltd.
1 Harbourfront Avenue #16-02
Keppel Bay Tower
Singapore, S098632

ZB Network Technology PTE. Ltd.
1 North Bridge Road, #06-18
High Street Centre
Singapore, 179094

The Letters of Request to the above-listed entities solicit the assistance of the Central

Authorities of the Cayman Islands, the British Virgin Islands, the Hong Kong Special

Administrative Region of China, the Republic of Korea, the United Kingdom of Great Britain

and Northern Ireland, the Republic of Singapore, the Republic of Seychelles, and the Republic of

Malta, respectively, to obtain certain documents relevant to the case and unobtainable through

other means from the entities for use in the case.  The Individual Defendants respectfully request

that the Court issue the attached Letters of Request.

The documents attached to this Memorandum include copies of the proposed Letters of Request and certified translations of the Letters of Request where applicable (Exhibits 2 through 17).

In support of this Motion, the Individual Defendants state as follows:

## I.  THE COURT HAS AUTHORITY TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act."  Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555 (hereinafter "Hague Convention").  The United States and each of the States to which requests would be sent are parties to the Hague Convention:

- The United States ratified the Convention on August 8, 1972;

- The United Kingdom of Great Britain and Northern Ireland ratified the Convention on July 16, 1976;

- The Hague Convention applies to the Cayman Islands pursuant to the July 16, 1976 ratification of the United Kingdom and the subsequent September 16, 1980 extension of application;

- The Hague Convention applies to the British Virgin Islands pursuant to the July 16, 1976 ratification of the United Kingdom and the subsequent September 16, 1980 extension of application;

- The Hague Convention applies to the Hong Kong Special Administrative Region of China pursuant to the July 15, 1976 ratification of the United Kingdom and pursuant

exchange of notes between the governments of the United Kingdom and of the

People's Republic of China dated June 11, 1997 and June 10, 1997, respectively;

- The Republic of Singapore ratified the Convention on October 27, 1978;

- The Republic of Seychelles ratified the Convention on January 7, 2004;

- The Republic of Korea ratified the Convention on December 14, 2009; and

- The Republic of Malta ratified the Convention on February 24, 2011.

See Hague Conf. on Private Int'l Law, Status Table: Convention of 18 March 1970 on the Taking of

Evidence Abroad in Civil or Commercial Matters, *available at*

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82.

The Hague Convention and federal law authorize the Court to issue the Letters of Request.

See 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a

tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is

addressed and its return in the same manner"); *Société Nationale Industrielle Aérospatiale v. U.S.*

*Dist. Court*, 482 U.S. 522, 535 (1987) (stating that a judicial authority in one contracting state may

forward a letter of request to the competent authority in another contracting state for the purpose of

obtaining evidence).  And under the Hague Convention, evidence can be compelled pursuant to a

Letter of Request transmitted directly from a court in the United States to the designated central

authorities of the receiving States.  The designated central authorities for the receiving States with

respect to the proposed Letters of Request are as follows:

| United Kingdom of Great Britain and Northern Ireland | The Senior Master of the Royal Courts of Justice<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL<br>United Kingdom<br>https://www.hcch.net/en/states/authorities/details3/?aid=278 |
|---|---|

| The Cayman Islands | The Clerk of the Courts<br>Grand Cayman<br>Cayman Islands<br>https://www.hcch.net/en/states/authorities/details3/?aid=681 |
|---|---|
| The British Virgin Islands | Registrar of the Supreme Court<br>Supreme Court Registry<br>No. 84 Main Street<br>P.O. Box 418<br>Road Town, Tortola,<br>British Virgin Islands VG1110<br>https://www.hcch.net/en/states/authorities/details3/?aid=681 |
| Hong Kong Special Administrative Region | Chief Secretary for Administration<br>Hong Kong Special Administrative Region Government<br>Room 321, 3/F, East Wing<br>Central Government Offices<br>2 Tim Mei Avenue<br>Admiralty<br>Hong Kong, China<br>https://www.hcch.net/en/states/authorities/details3/?aid=393 |
| The Republic of Singapore | Supreme Court of Singapore<br>1 Supreme Court Lane<br>Singapore 178879<br>https://www.hcch.net/en/states/authorities/details3/?aid=532 |
| The Republic of Seychelles | Ministry of Foreign Affairs and International Co-operation<br>of the Republic of Seychelles<br>Maison Queau de Quinssy<br>Mont Fleuri<br>Victoria<br>Mahé<br>Seychelles<br>https://www.hcch.net/en/states/authorities/details3/?aid=703 |
| Republic of Korea | The National Court Administration<br>Attn.: Director of International Affairs<br>Seocho-daero 219<br>Seocho-gu<br>SEOUL 06590<br>Republic of Korea<br>https://www.hcch.net/en/states/authorities/details3/?aid=262 |
| Republic of Malta | Office of the State Advocate<br>16, Casa Scaglia,<br>Triq Mikiel Anton Vassalli<br>Valletta, VLT 1311<br>Malta<br>https://www.hcch.net/en/states/authorities/details3/?aid=895 |

## II.    THE VARIOUS ENTITIES ARE IN POSSESSION OF RELEVANT DOCUMENTS IN VARIOUS FOREIGN COUNTRIES

The Individual Defendants seek foreign discovery on the basis of their good faith belief that the listed entities possess unique documents and information concerning this case, and specifically, concerning the process by which transactions in XRP allegedly conducted by the Individual Defendants on foreign digital asset trading platforms were conducted.

The Securities and Exchange Commission's ("SEC's") amended complaint (ECF No. 46) (the "AC") alleges that the Individual Defendants collectively sold more than two billion units of XRP to "public investors in the market." AC ¶¶ 86–87. The AC specifies that the offers and sales by the Individual Defendants were made on "worldwide" digital asset trading platforms and the XRP was sold to investors "all over the world." AC ¶¶ 174, 183–184. The SEC seeks disgorgement based on the sales made by the Individual Defendants, including those sales made on digital asset trading platforms located outside of the United States. AC p. 79.

The Supreme Court has held that Section 5 of the Securities Act of 1933, which the SEC alleges the Individual Defendants violated, applies only to *domestic* sales and offers of securities. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 268–69 (2010) ("The same focus on domestic transactions is evident in the Securities Act of 1933 . . . . That legislation makes it unlawful to sell a security . . . unless a registration statement is in effect. 15 U.S.C. § 77e(a)(1)."); *SEC v. Bio Def. Corp.*, No. 12-11669-DPW, 2019 WL 7578525, at *11-13 (D. Mass. Sept. 6, 2019) (applying Morrison to Section 5 claim, along with other Securities Act and Securities Exchange Act claims); *see also Schentag v. Nebgen*, No. 1:17-CV-8734-GHW, 2018 WL 3104092, at *5, 10–13 (S.D.N.Y. June 21, 2018) (dismissing Section 5 claim, along with other Securities Act and Securities Exchange Act claims, under *Morrison*).

Liability under Section 5(a) of the Securities Act attaches only to domestic "sales" of securities.  In turn, the Second Circuit has held that sales are domestic only if:  (1) they occurred on "domestic exchanges," or (2) irrevocable liability was incurred or passage of title transferred in the United States.  *Absolute Activist Value Master Fund Ltd. V. Ficeto*, 677 F.3d 60, 66–69 (2d Cir. 2012) (defining when a "sale" or "purchase" is domestic).

As the SEC knows, the Individual Defendants' sales of XRP were overwhelmingly made on digital asset trading platforms outside of the United States.  Motion of Law in Support of Defendant Garlighouse's Motion to Dismiss the Amended Complaint (ECF No. 111) (the "Garlinghouse MTD") p. 21; Motion of Law in Support of Defendant Larsen's Motion to Dismiss the Amended Complaint (ECF No. 107) (the "Larsen MTD") p. 23.  In the case of transactions conducted on such foreign trading platforms, both the offers of XRP and the sales of XRP occurred on the books and records of the respective platforms, and therefore geographically outside the United States.  The SEC's failure to allege domestic offers and sales should be fatal to its claims for the reasons set out in the Individual Defendants' respective Motions to Dismiss. *See* Garlinghouse MTD p. 20–30; Larsen MTD p. 22–30.  If this case were to proceed past that stage, however, the discovery that the Individual Defendants seek will be relevant to demonstrating that the offers and sales that the SEC challenges did not occur in this country and are not subject to the law that the SEC has invoked in this case.  The entities identified in this Motion are the digital asset trading platforms located outside the United States which the Individual Defendants used to transact in XRP.  The evidence to be obtained from these digital asset trading platforms is probative of the issue of whether "irrevocable liability" was incurred outside of the United States with respect to these transactions.

III.    **THE LETTERS OF REQUET ARE NECESSARY TO OBTAIN THE**
        **DOCUMENTS AND INFORMATION FROM THE VARIOUS ENTITIES AND**
        **CONFORMS TO THE REQUIRED PROCEDUREAL SAFEGUARDS**

There is good cause for the Court to issue the Letters of Request.  The information sought in the document requests is narrowly tailored to obtain relevant information related to the case. The requested information, or its substantial equivalent, could not be obtained without undue hardship by alternate means because the documents are in countries aside from the United States, which are beyond the Court's subpoena powers.  *See, e.g.*, Order granting Motion for Issuance of Letters Rogatory, *Securities and Exchange Commission v. Wyly*, No. 1:10-cv-05760-SAS (S.D.N.Y.) (granting a motion to the District Court for the Southern District of New York to submit a Letter of Request for International Assistance to the Chief Justice of the Grand Court of the Cayman Islands) (ECF No. 657); Application for Letters Rogatory, *Securities and Exchange Commission v. Straub*, No. 1:11-cv-09645-RJS (S.D.N.Y.) (submitting a Letter of Request for International Judicial Assistance to the Greek Department of International Judicial Cooperation) (ECF No. 90).

In accordance with Article 23 of the Hague Convention, the Letters of Request are narrowly tailored and, consistent with the various States' accession to the Hague Convention, do not require the entities to indicate which documents are relevant to the case nor does it require the entities to produce documents other than those requested.  *See* United Kingdom of Great Britain and Northern Ireland Declaration Reservations, *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=564&disp=resdn (last visited May 31, 2021); the Cayman Islands Declaration Reservations, *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=564&disp=resdn (last visited May 31, 2021); the British Virgin Islands Declaration Reservations, *available at* https://www.hcch.net/en/instruments/conventions/status-

table/notifications/?csid=564&disp=resdn; People's Republic of China and Hong Kong Special

Administrative Region Declaration Reservations, *available at*

https://www.hcch.net/en/instruments/conventions/status-

table/notifications/?csid=493&disp=resdn (last visited May 31, 2021); the Republic of Singapore

Declaration Reservations, *available at* https://www.hcch.net/en/instruments/conventions/status-

table/notifications/?csid=569&disp=resdn (last visited May 31, 2021); the Republic of

Seychelles Declaration Reservations, *available at*

https://www.hcch.net/en/instruments/conventions/status-

table/notifications/?csid=782&disp=resdn (last visited May 31, 2021); the Republic of Korea

Declaration Reservations, *available at* https://www.hcch.net/en/instruments/conventions/status-

table/notifications/?csid=1057&disp=resdn (last visited May 31, 2021); and Republic of Malta

Declaration Reservations, *available at* https://www.hcch.net/en/instruments/conventions/status-

table/notifications/?csid=1100&disp=resdn (last visited May 31, 2021).

     In addition, the Letters of Request include the identities of the parties, the nature of the

proceedings, the discovery sought, any special procedures, the identity of the party that will bear

any costs, and other information as recommended by the Hague Convention.  *See* Hague

Convention, *Model for Letters of Request recommended for use in applying the Hague*

*Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial*

*Matters, available at* https://www.hcch.net/en/publications-and-

studies/details4/?pid=3309&dtid=2 (last visited May 31, 2021).

     Moreover, while such a showing would not be necessary to justify issuing a Hague

Convention request, there is also no alternative means by which the Individual Defendants could

obtain this evidence.  Since the opening of discovery, the Individual Defendants have attempted

to obtain the discovery sought here by informal voluntary requests.  Those efforts have not been

successful, and the Individual Defendants lack access to the mechanisms available to the SEC to

compel discovery from abroad via official requests to foreign securities regulators under

memoranda of understanding.  *See* Order re Letter Motion for Local Rule 37.2 Conference

(explaining the broader discovery tools available to the SEC in this case in the form of

Multilateral Memorandum of Understanding) (ECF No. 197), p. 2–3.  Finally, to the extent that

they contain confidential business information, documents produced pursuant to the Letters of

Request would be subject to the Protective Order entered in this case, attached to the Letters of

Request, thereby ensuring that the interests of the entities are adequately protected.

## IV.    CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court

execute the proposed Letters of request attached hereto as Exhibits 2 through 17 for transmission

to the appropriate authority for each of the above-listed entities.

Dated:  June 10, 2021

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Matthew C. Solomon*

Matthew C. Solomon
Nowell D. Bamberger
2112 Pennsylvania Avenue, N.W.
Washington, DC 20037
202-974-1500

Alexander Janghorbani
Lucas Hakkenberg
Samuel Levander
One Liberty Plaza
New York, NY 10006 212-225-2000

*Attorneys for Bradley Garlinghouse*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON

*/s/ Martin Flumenbaum*

Martin Flumenbaum
Michael E. Gertzman
Justin D. Ward
Kristina A. Bunting
1285 Avenue of the Americas
New York, NY 10019
212-373-3000

Meredith R. Dearborn
Robin Linsenmayer
943 Steiner St.
San Francisco, CA 94117
212-373-3000

*Attorneys for Christian A. Larsen*