**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | No. 20-cv-10832 (AT) |
| RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN, Defendants. | |

## <u>REQUEST FOR INTERNATIONAL ASSISTANCE – LETTER OF REQUEST</u>

The United States District Court for the Southern District of New York respectfully requests international judicial assistance to obtain evidence, under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to be used in the above captioned litigation in this Court.

Based on the representations made by defendants Bradley Garlinghouse and Christian A. Larsen, this Court believes that BMXDM Technology PTE Ltd. d/b/a AscendEX (formerly Bitmax) (hereinafter "Bitmax") is in possession of documents and has knowledge regarding material facts that are relevant for the proper prosecution of the above referenced litigation.  This Court requests the assistance described below:

| 1. Sender | Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas |
|---|---|

| | |
|---|---|
| | New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
| 2.   Central Authority of Requested State | Supreme Court of Singapore<br>1 Supreme Court Lane<br>Singapore 178879 |
| 3.   Person to whom the executed request<br>is to be returned | Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
| 4.   Specification of the date by which the requesting authority requires receipt of the<br>response to the Letter of Request | |
| Date | A response is requested by July 2, 2021 or as<br>soon as practicable. |
| Reason for urgency | The requested discovery is necessary to<br>determine facts relevant to the above<br>referenced litigation, and to assist defendants<br>in rebutting the SEC's claims against them<br>through the presentation of evidence at trial.<br>The period for fact discovery 120 days<br>following the Court's ruling on any motions<br>to dismiss filed by Christian A. Larsen and<br>Bradley Garlinghouse.  Those motions have<br>been submitted.<br><br>Expedient treatment of this request will allow<br>the United States District Court for the<br>Southern District of New York to make an<br>informed decision on the merits of this<br>litigation. |
| In conformity with Article 3 of the Convention, the undersigned applicant has the honor to<br>submit the following request: | |
| Requesting judicial authority (Article 3, a) | United States District Court Judge<br>U.S. District Court for the Southern District<br>of New York<br>500 Pearl Street<br>New York, NY 10007 |

| | United States of America |
|---|---|
| To the competent authority of (Article 3, a) | The Republic of Singapore |
| Names of the case and any identifying number | *Securities & Exchange Commission v. Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen*, No. 20-cv-10832 (AT) |
| Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b) | |
| Plaintiffs (Complainants) | U.S. Securities & Exchange Commission<br>200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>(212) 336-1100 |
| Representatives | **U.S. Securities & Exchange Commission**<br>Richard Best<br>Kristina Littman<br>Preethi Krishnamurthy<br>Jorge G. Tenreiro<br>Mark Sylvester<br>John O. Enright<br>Daphna A. Waxman<br>Jon A. Daniels<br>200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>(212) 336-1100 |
| Defendants | Ripple Labs Inc.<br>315 Montgomery St<br>San Francisco, CA 94104<br>United States of America<br>(415) 213-4838<br><br>Bradley Garlinghouse<br>C/o Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Christian A. Larsen<br>C/o Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |

| Representatives | **Debevoise & Plimpton, LLP** |
| --- | --- |
| | Andrew J. Ceresney |
| | Mary Jo White |
| | Lisa R. Sornberg |
| | Joy Guo |
| | Christopher S. Ford |
| | 919 Third Avenue |
| | New York, NY 10022 |
| | United States of America |
| | Telephone: (212) 909-6000 |
| | |
| | **Kellogg, Hansen, Todd, Figel & Frederick:** |
| | **PLLC** |
| | Michael K. Kellogg |
| | Reid M. Figel |
| | Lillian V. Smith |
| | George G. Rapawy |
| | Eliana M. Pfeffer |
| | Collin White |
| | Bradley E. Oppenheimer |
| | 1615 M Street, N.W. |
| | Washington, DC 20036 |
| | United States of America |
| | Telephone: (202) 326-7900 |
| | |
| | **Cleary Gottlieb Steen & Hamilton LLP** |
| | Matthew C. Solomon |
| | Nowell D. Bamberger |
| | 2112 Pennsylvania Ave NW |
| | Washington, D.C. 20037 |
| | United States of America |
| | Telephone: (202) 974-1500 |
| | |
| | Alexander J. Janghorbani |
| | Samuel L. Levander |
| | Lucas D. Hakkenberg |
| | One Liberty Plaza |
| | New York, New York 10006 |
| | United States of America |
| | Telephone: (212) 225-2000 |
| | |
| | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| | **LLP** |
| | Martin Flumenbaum |
| | Michael E. Gertzman |
| | Justin D. Ward |

| | Kristina A. Bunting |
|---|---|
| | 1285 Avenue of the Americas |
| | New York, NY 10019 |
| | United States of America |
| | Telephone: (212) 373-3000 |
| | |
| | Meredith R. Dearborn |
| | Robin Linsenmayer |
| | 943 Steiner St. |
| | San Francisco, CA 94117 |
| | United States of America |
| | Telephone: (212) 373-3000 |
| Other Parties | None |
| Nature of the proceedings and summary of the facts | This is a civil case being litigated in the District Court for the Southern District of New York.  The Complaint alleges violations of Section 5 of Securities Act of 1933 for the Defendants' sales of the digital asset "XRP", which are alleged to have been unregistered sales of securities.  The Complaint also alleges that Bradley Garlinghouse and Christian A. Larsen aided and abetted Ripple Labs Inc.'s violations of Section 5 of the Securities Act of 1933. <br><br> The Plaintiffs are seeking disgorgement based on the Defendants' sales of XRP on non-U.S. exchanges, including Bitmax.  The documents in Bitmax's possession are relevant to the determination of whether the Securities and Exchange Commission's jurisdiction extends to these sales.  Defendants seek documents and information that are not believed to be available from a party to this litigation. |
| Evidence to be obtained or other judicial act to be performed (Article 3, d) | It is respectfully requested that a judicial authority of the Republic of Singapore order Bitmax to produce copies of documents as described in Attachment 1 from: <br><br> BMXDM Technology PTE. Ltd. d/b/a AscendEX (formerly Bitmax) <br> 10 Marina Boulevard #39 <br> Marina Bay Financial Centre <br> Singapore, 018983 |
| Purpose of the evidence or judicial act sought | The requested documents will provide important evidence related to the question of |

| | |
|---|---|
| | whether the Securities and Exchange Commission's jurisdiction extends to the sales of XRP on Bitmax. |
| Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | It is respectfully requested that each document described in Attachment 1 be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, as maintained in the ordinary course of business. |
| Special methods or procedure to be followed (Articles 3, i and 9) | In the event that any document called for by these requests is withheld in whole or in part on the basis of any applicable privilege, it is requested that Bitmax furnish a privilege log that identifies each document for which any privilege is claimed and that provides, with respect to each document, the following information: (a) the date the document was created and last modified; (b) the subject matter of the document; (c) the person(s) who prepared the document; (d) all persons to whom the document was distributed, shown, or explained; (e) the document's present custodian; and (f) the nature of the privilege asserted. |
| Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | It is requested that the individuals identified below be furnished as soon as practicable with a copy of the executed Letter of Request.<br><br>Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
| Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | None |

| | |
|---|---|
| Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | The custodian may refuse to give evidence only insofar as he or she has a privilege or duty to refuse to give evidence under the laws of the United States. |
| The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Cleary Gottlieb Steen & Hamilton LLP C/o Matthew C. Solomon 2112 Pennsylvania Avenue NW Washington, DC 20037 United States of America Telephone: (202) 974-1500 <br><br> Paul, Weiss, Rifkind, Wharton & Garrison C/o Martin Flumenbaum 1285 Avenue of the Americas New York, NY 10019 United States of America Telephone: (212) 373-3000 |
| Date of Request | June 2, 2021 |
| Signature and Seal of the Requesting Authority | Hon. Sarah Netburn United States Magistrate Judge U.S. District Court for the Southern District of New York |

Attachments:

| | |
|---|---|
| Attachment 1 | Documents to be Produced by Bitmax |
| Attachment 2 | Protective Order |

**<u>ATTACHMENT 1</u>**

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise indicated, the following definitions and instructions shall apply to each of the requests below and should be considered as part of each such request;

1.     The term "document" and "documents," as used in these requests, shall be interpreted in the broadest sense possible consistent with the rules governing this investigation. For the avoidance of doubt, document or documents includes, but is not limited to, writings, drawings, graphs, charts, photographs, sound recordings and other memorials of telephone conversations, images, papers, books, brochures, pamphlets, letters, correspondence, memoranda, notes, including handwritten notes, logs, transcripts, interviews or conferences or other communications, minutes, records, reports, applications, agreements, contracts, invoices, bills, orders, confirmation slips, ledgers, checks, receipts, working papers, time sheets, entries in business diaries, calendars, including calendar entries, appointment books, video tapes, e-mails, blogs, or computer tapes.

2.     A request for a "document" or "documents" relating to a subject includes any communication relating to that subject.

3.     If a document is in a language other than English and an English translation exists, provide both documents.

4.     The terms "communication" and "communications" mean and refer to any meeting, conversation (face-to-face, telephonic, text, or otherwise), discussion, telex message, cable, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

5.      The term "person" or "persons" shall include, without limitation, natural person(s), corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative or attorney.

6.      References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

7.      The terms "any" and "all" shall be construed as "any and all."

8.      The terms "each" and "every" shall be construed as "each and every."

9.      The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

10.      The use of the term "the" shall not be construed as limiting the scope of any request.

11.      The use of the singular shall also include the plural, and vice-versa.

12.      The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

13.      "Bitmax," "you" and "your" means and refers to BMXDM Technology PTE Ltd. d/b/a AscendEX (formerly Bitmax), Bitmax's agents, employees, representatives, and/or entities acting in conjunction with Bitmax and/or on its behalf.

14.      The terms "relate to" or "relating to," when used in reference to a particular subject, shall be construed in their most inclusive sense, and shall be considered a request that you identify and produce documents that refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, constitute, comprise, show, comment on, evidence, describe, or in

any other manner concern the referenced subject matter.  For the avoidance of doubt, a request for any document "relating to" a subject includes any communications relating to that subject.

15.     The term "Defendants" means Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, as well as any agent, employee, representative, attorney, or principal thereof.

16.     If production of any document is withheld on the basis of a claim of privilege, each withheld document shall be separately identified in a privileged document list.  The privileged document list must identify each document separately, specifying for each document at least: (1) the date; (2) sender(s); (3) recipient(s); (4) type of document; and (5) general subject matter of the document.  If the sender or the recipient is an attorney or a foreign patent agent, he or she should be so identified.  The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document.

17.     Pursuant to 19 C.F.R. § 210.27(c), you are under a duty to supplement all responses to these requests to include information acquired after service of the responses, even if such responses were correct when first provided.

18.     Unless otherwise specifically noted below, each request calls for responsive documents created or received during the time period January 1, 2013 to the present.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

The account registration documents, records, and communications pertaining to each of the Defendants.

**REQUEST FOR PRODUCTION NO. 2:**

The transaction records for each buy or sell order of XRP by each of the Defendants.

**REQUEST FOR PRODUCTION NO. 3:**

The account balances for the accounts of each counterparty corresponding with each buy or sell order placed by each of the Defendants.

**REQUEST FOR PRODUCTION NO. 4:**

From January 1, 2013 to the present, the applicable user agreements, terms of service or terms of use pursuant to which your users purchased, sold, traded, held, or otherwise transacted in XRP through your services, platforms, or products.

**REQUEST FOR PRODUCTION NO. 5:**

From January 1, 2013 to the present, the applicable trading policies pursuant to which your users purchased, sold, traded, held, or otherwise transacted in XRP through your services, platforms, or products.

**REQUEST FOR PRODUCTION NO. 6:**

From January 1, 2013 to the present, documentation describing trading platform functionality, market details, account and order management APIs, and trade execution and

settlement/clearing APIs, which your users utilized to purchase, sell, trade, hold, or otherwise transact in XRP through your services, platforms or products.

**REQUEST FOR PRODUCTION NO. 7:**

From January 1, 2013 to the present, the applicable internal guides, manuals, or reference materials regarding:

   a.  How trades between exchange customers are processed and reflected in your internal account management system;

   b.  The stage of a trade at which a trade becomes "final" (i.e. the point at which the person who placed either the buy or the sell order no longer has the ability to cancel the trade, pursuant to the user agreements, terms of service, terms of use, or other applicable terms or policies);

   c.  Trade confirmation and clearing processes and systems; and

   d.  Custody of client assets.

**REQUEST FOR PRODUCTION NO. 8:**

From January 1, 2013 to the present, the account opening information that would have been sent to any individual who opened an account with you.

**REQUEST FOR PRODUCTION NO. 9:**

From January 1, 2013 to the present, documents reflecting the location of or a certified statement regarding:

   a.  Your principal place of business;

   b.  Your place of incorporation;

   c.  Your registered office address;

d.  The IP addresses of any wallets used by you for trading XRP and for XRP hot and cold storage, as well as for the trading and hot and cold storage of other cryptocurrencies for which the Defendants exchanged their XRP; and

e.  Any servers utilized by you.

**ATTACHMENT 2**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___03/09/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

Defendants.

---

Case No. 20-CV-10832 (AT)

## <u>STIPULATION AND PROTECTIVE ORDER</u>

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen

(collectively, "**Defendants**") and Plaintiff Securities and Exchange Commission (each of the

foregoing, a "**Party**" and, collectively, the "**Parties**") are engaged in discovery proceedings in

the above-captioned action (the "**Litigation**"), which may include, among other things, taking

depositions and producing documents.  The Parties to this Stipulation and [Proposed] Protective

Order (the "**Order**") having agreed to the terms of this Order, it is therefore,

ORDERED that any person subject to this Order—including, without limitation, the

Parties, their representatives, agents, experts and consultants, all third parties providing

discovery in connection with the Litigation, and all other interested persons with actual or

constructive notice of this Order—shall adhere to the following terms:

**A.     Scope**

1.     This Order governs the handling of all information; documents; deposition

testimony (whether based upon oral examination or written questions); answers to

interrogatories; responses to requests for admission; responses to requests for documents and

electronically stored information; responses to subpoenas or other voluntary requests for

information from non-parties to this Litigation; and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom (collectively referred to as "**Discovery Material**"), and all other information produced or furnished by or on behalf of any Party or other third party that meets the definition of Confidential Material under Paragraph 4 and has been so designated by either a Party or a non-party (in each case, the "**Designating Party**").  This Order is also subject to this Court's Individual Practices, the Local Rules of this District (the "**Local Rules**"), and the Federal Rules of Civil Procedure (the "**Rules**") on matters of procedure and calculation of time periods.

2.       Nothing in this Order precludes any Party or non-party from seeking relief from the Court with regard to the production of documents or information.

3.       This Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

**B.       Confidential Material**

4.       A Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that such Discovery Material constitutes or contains non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information ("**Confidential Discovery Material**").  A Designating Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that disclosure of such Discovery Material, other than as permitted pursuant to this Order, will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Party and/or is substantially likely to cause injury to the Designating Party ("**Highly Confidential Discovery Material**").  Confidential Discovery Material and Highly Confidential Discovery Material (collectively, "**Confidential Material**") shall not

2

include information that (a) at the time of the disclosure hereunder is available to the public;

(b) after disclosure hereunder becomes available to the public through no act, or failure to act, by

any Party to whom material is being produced pursuant to the terms of this Order (in each case, a

"**Receiving Party**"); or (c) a Receiving Party can show was independently developed by that

Receiving Party.

### C.    Manner and Time of Designation

5.    The designation of Discovery Material as Confidential Discovery Material or

Highly Confidential Discovery Material shall be made in the following manner:

    a.    <u>Documents and other materials apart from depositions or other pre-trial testimony</u>.  Documents shall be designated as Confidential Material before or at the time they are disclosed or produced.  Where reasonably practicable, documents shall be designated as Confidential Material by stamping or otherwise clearly affixing the legend "Confidential" or "Highly Confidential" to every such page (or relevant portion thereof) in a manner that will not interfere with legibility.  In the case of electronically stored information produced in native format, documents shall be designated as Confidential Material by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (e.g., CD-ROM, USB, DVD).  In such circumstances where the marking of each piece of Discovery Material is impractical or impossible, the Designating Party shall designate in writing the Discovery Material that it regards as "Confidential" or "Highly Confidential" at the time of its production.

    b.    <u>Depositions and other pre-trial testimony</u>.  Testimony (including exhibits) during an oral deposition or other pre-trial testimony shall be designated as "Confidential" or "Highly Confidential" by: (i) a statement to that effect on the record during the deposition or testimony at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) written notice, sent to all counsel of record by the Designating Party within ten (10) business days of receipt of the rough or final transcript (whichever is earliest) designating the entire transcript or portions thereof. Prior to such time, all portions of the deposition transcript shall be considered to have been designated "Confidential."  Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript.  Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall mark those

3

portions (including exhibits) of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL OR HIGHLY CONFIDENTIAL – DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) and recording(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER.

6.    <u>Redaction of Confidential Materials</u>:  Except as otherwise provided in this Order, or as otherwise ordered, Discovery Material specified below may be redacted by the Designating Party from the documents it produces in the following manner:

a.    For any matter the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PRIVILEGE," and shall specify the basis for the redaction (e.g., privilege, etc.) in its claim of privilege pursuant to Rule 26(b)(5)(A); and

b.    For any matter that any Designating Party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PII" and specify that the basis for the redaction was to protect personal data from unauthorized disclosure concurrently with its claims of privilege pursuant to Rule 26(b)(5)(A).  The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in Section D.

7.    <u>Upward Designation of Discovery Material</u>.  A Party may upwardly designate any Discovery Material produced by another Party or any non-party (i.e., change the designation of any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or change the designation of any Discovery Material produced as "Confidential" to a designation of "Highly Confidential"), provided that said Party has a basis

4

under Paragraph 4 of this Order to so designate.  Upward designation shall be accomplished by providing written notice to all Parties (and, if the Discovery Material was produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the Discovery Material to be upwardly designated.  Thereafter, the upwardly designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward, subject to the provisions of Section D below.

8.      <u>Inadvertent Failure to Designate  Discovery  Material</u>.  Inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" shall not constitute a waiver of the Designating Party's right to later designate such Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order.  If a document is designated "Confidential" or "Highly Confidential" and one or more copies of the documents or the original are also produced but not so designated, the copies or original shall also be treated as Confidential Discovery Material or Highly Confidential Discovery Material if the recipient is actually aware of such fact, subject to Paragraph 14.  A Designating Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Designating Party inadvertently failed to designate as "Confidential" or "Highly Confidential," by providing supplemental written notice to all Receiving Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.  Thereafter, the re-designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such

notice forward. Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Confidential Material to each Party reflecting the change in designation. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Highly Confidential" in a manner not permitted by the provisions of this Order made applicable by virtue of the re-designation shall exercise its best efforts to ensure: (i) the return and destruction of such re-designated Discovery Material by any person not authorized to receive it under the terms of this Order; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 13.

9. Unless otherwise provided in this or subsequent Orders of the Court, Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

a. The Parties and the directors, officers, general partners, limited partners, managers, members, employees, and staff of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

b. Counsel who represent the Parties in this Litigation (including in-house counsel) and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are charged with assisting in work on this Litigation and to whom it is necessary that Confidential Material be shown for purposes of assisting in such work;

6

c.        Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order by executing the form of Exhibit A to this Order (the "**Non-Disclosure Agreement**");

d.        Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

e.        Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author or addressee; or who were the actual or intended recipient of such document in the ordinary course of business; or, in the case of meeting minutes and presentations, an attendee of the meeting;

f.        Other employees, staff, or representatives of the Parties who have a legitimate need to review such material in connection with the Litigation (and who shall, prior to reviewing such material, execute the Non-Disclosure Agreement);

g.        The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

h.        Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Confidential Material (i) after notice to all Parties and an opportunity to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

10.     Unless otherwise provided in this or subsequent Orders of the Court, Highly Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

a.        Parties to this Litigation;

b.       Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are assisting with the Litigation;

c.       Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, subject to compliance by the individual and the Parties with the provisions of Paragraph 9(c) relating to the Non-Disclosure Agreement;

d.       Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

e.       Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author, addressee, or actual or intended recipient of such document in the ordinary course of business, or, in the case of meeting minutes and presentations, an attendee of the meeting;

f.       The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

g.       Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Highly Confidential Discovery Material (i) after notice to all Parties and an opportunity has been had to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

11.    To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition or testimony.

12.    Counsel for each Party shall maintain copies of all Non-Disclosure Agreements executed by persons who received access to Confidential Material from that Party. If disclosure

to any person or entity is ordered by the Court *sua sponte*, the Non-Disclosure Agreement of the recipient shall be maintained by counsel for the Party that produced the disclosed information. Counsel for each Party shall, upon written request by another Party, provide a copy of any Non-Disclosure Agreement maintained by such counsel pursuant to the first sentence of this Paragraph to the requesting Party within five (5) days of receipt of such written request; provided, however, that such requests must specify the signatory by name.

13.     Confidential Material shall be used by Receiving Parties solely for the prosecution of, defense of, appeal of, attempted settlement of or the enforcement of insurance rights with respect to, the Litigation, and only as provided in this Order.  Confidential Material shall not be used or employed for any other purpose whatsoever by a Receiving Party, including for any commercial purpose or for any other litigation or proceeding, unless agreed to in a signed writing between such Receiving Party and the Designating Party or unless such Confidential Material becomes part of the public record.

14.     Nothing in this Order shall prevent any Party from using the Party's own information or documents, or any other information or documents not subject to this Order, even if such information or documents are duplicative of Discovery Materials designated as Confidential Material by another Party.

15.     <u>Sealing of Confidential Material Filed with or Submitted to the Court</u>.  In the event that counsel for any Party determines to file with, or submit to, the Court any Confidential Material or papers containing or referencing Confidential Material, such Party shall  seek leave of Court to file or submit such Confidential Material or papers under seal following the procedures described in Judge Torres's Individual Practices (Part IV.A.ii), including to: "meet and confer with any opposing parties (or third parties seeking confidential treatment of the

9

information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials."

16.     <u>Use of Confidential Material in Public</u>.   Unless otherwise ordered, in the event that any Party determines to use any Confidential Material at trial or any hearing to be held in open court, such Party shall so advise the relevant Designating Party ten business (10) days in advance, and seek to challenge the designations of such Confidential Material pursuant to Section D.  In the event the Court has not ruled on a request for judicial intervention pursuant to Paragraph 19 by the relevant filing deadline, the Parties agree to file the Confidential Material in question under seal pending a ruling by the Court.

**D.     Challenges to Designations**

17.     The designation of any Discovery Materials as Confidential Material, including for the purpose of introducing such Confidential Material in public filings, at trial, or any hearing to be held in open court, is subject to challenge by any Party or non-party with standing to object. The following procedure shall apply to any such challenge.

18.     <u>Meet and Confer</u>.  A Party or non-party challenging the designation of Confidential Material must do so in good faith and must begin the process by providing written notice to the Designating Party and counsel for all other Parties identifying with particularity the Confidential Material whose designation is being challenged (i.e., by Bates number, page range, deposition transcript lines, etc.) and the basis for the challenge, and thereafter meeting and, upon notice to counsel for all Parties, conferring with counsel for the Designating Party.  Counsel for other Parties may, but are not required to, attend such conferences.  In conferring, the challenging Party or non-party must explain the basis for its belief that the confidentiality

10

designation is not proper and must give the Designating Party an opportunity to review the

Confidential Material, to reconsider the designation and, if no change in designation is offered,

to explain the basis for the designation. The Designating Party must respond to the challenge in

writing no later than five (5) business days after the meet-and-confer.

19.     Judicial Intervention.  If the meet and confer process is unsuccessful, the

challenging Party and any other Parties involved may seek a ruling on the matter from the Court.

Such Parties shall describe the dispute in a single joint letter to the Court, in accordance with the

Court's Individual Practices and applicable Local Rules.  Until the Court rules on the dispute, the

Confidential Material shall continue to be treated as designated.  Nothing in this Order, nor any

action or agreement of a Party or non-party under this Order, shall limit the Court's power to

issue any orders that may be appropriate with respect to the use and disclosure of any Discovery

Material.

20.     The provisions of this Order are not intended to shift any burdens of proof,

including the burden of establishing that any Discovery Material validly constitutes Confidential

Discovery Material or Highly Confidential Discovery Material, which burden remains on the

Designating Party.  A Receiving Party shall not be obliged to challenge the propriety of a

confidentiality designation at the time made, and a failure to do so shall not preclude a

subsequent challenge thereto.

**E.     Conclusion of Litigation**

21.     Within thirty (30) days after the conclusion of the entirety of the Litigation

(including appeals and any other proceeding in which Confidential Material is permitted to be

used) and upon written request of the Designating Party, all persons having received Confidential

Material shall either: (i) make a good-faith and reasonable effort to return such material and all

copies thereof (including summaries, excerpts, and derivative works) to the Designating Party,

11

with the Designating Party bearing the reasonable costs of such return; or (ii) make a good-faith and reasonable effort to destroy all Confidential Material and certify that such Confidential Material has been destroyed; however, counsel for any Party or non-party may retain a complete file of all litigation documents filed with the Court and any attorney work product prepared in connection with the Litigation, provided that such counsel shall maintain the confidentiality thereof and shall not disclose such Confidential Material to any person except pursuant an agreement by the Designating Party, or as otherwise specified in Section F. Notwithstanding anything to the contrary in this Order, documents need not be destroyed if there is a written agreement by the Designating Party to the contrary, including but not limited to the Designating Party's agreement that the Confidential Material may be used in another legal proceeding. Nothing in this Paragraph shall override any Party's legal obligation to preserve documents.

22.     The restrictions on the use of Confidential Material shall survive the conclusion of the Litigation. During the pendency of this Litigation only, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Following the conclusion of the entirety of the Litigation (including appeals and any other proceeding in which Confidential Material is permitted to be used), any dispute concerning restrictions on the use of Confidential Material will be resolved pursuant to Paragraphs 19 and 20 in any court of competent jurisdiction.

**F.     Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

23.     Nothing in this Order will prevent a Receiving Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process (collectively, a "**Demand**"), provided that such Receiving Party, to the extent permitted by law, gives written notice to the Designating Party as soon as reasonably permitted by the time

12

allowed under the request, and in no event less than ten (10) business days before any disclosure unless prohibited by law. Such notification must include a copy of the Demand. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand.

24. The Receiving Party must also immediately inform in writing the person who caused the Demand to issue that some or all of the requested materials are subject to this Order, and in so doing provide a copy of this Order.

25. The obligations set forth in this Section will remain in effect while any Party has in its possession, custody, or control any Confidential Material received from any Designating Party in connection with the Litigation.

26. Nothing in this Section shall be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful direction from another court or from a government agency.

**G.    Disclosures Required or Permitted by Law**

27. Notwithstanding any other provisions contained herein, this Order does not limit or restrict any Party from using or disclosing any Confidential Materials to the extent otherwise required by law or permitted under Sections 21(a)(2), 24(c) and 24(f) of the Securities Exchange Act of 1934 and Rule 24c-1, promulgated thereunder, subject to the limitations and restrictions therein, provided any recipient has completed the Non-Disclosure Agreement.

**H.    Non-Waiver of Confidentiality or Privilege**

28. <u>Disclosure of Confidential Material</u>.  In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) make

13

reasonable efforts to recover the disclosed Confidential Material and all copies thereof, as well as

preclude further dissemination or use by the person or entity to whom the disclosure was made;

and (iii) notify the Designating Party of the identity of the person or entity to whom the

disclosure was made, the circumstances surrounding the disclosure, and the steps taken to

recover the disclosed Confidential Material and ensure against further dissemination or use

thereof.  Disclosure of Confidential Material other than in accordance with the terms of this

Order by a Receiving Party may subject that Receiving Party to such sanctions and remedies as

the Court may deem appropriate.

29.     The inadvertent or unintentional disclosure of Confidential Material, regardless of

whether the information or document was so designated at the time of the disclosure, shall not be

deemed a waiver, either in whole or in part, of a Designating Party's claim of confidentiality,

either as to the specific information or document disclosed or as to any other information or

documents relating thereto on the same or related subject matter.

30.     Disclosure of Discovery Materials Protected By the Attorney-Client Privilege or

Work Product Doctrine.  Consistent with Federal Rule of Evidence 502 and Rule 26(b)(5)(B), if

a Party or non-party notifies any Receiving Party that Discovery Material was produced that is

protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or immunity ("**Privileged Material**"), the disclosure shall not be

deemed a waiver in whole or in part of the applicable privilege or protection, either as to the

specific material or information disclosed or as to any other material or information relating

thereto or on the same or related subject matter.  Upon notification, the Receiving Party shall (i)

destroy or return all copies of such Privileged Material within five (5) business days of receipt of

such notice or discovery; (ii) provide a certification of counsel that all such Privileged Material

14

has been returned or destroyed; (iii) take reasonable steps to retrieve documents if the Receiving Party disclosed them to any person or entity before being notified of the privilege claim, and provide written notification to the Party or non-party that produced such Privileged Material as to whether it was successfully retrieved; and (iv) not use the Privileged Material for any purpose absent further order of the Court. Any Party or non-party providing notice to any Receiving Party that it has disclosed Privileged Material must include, to the extent not already provided, within or simultaneously with such notice sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5)(B). The Receiving Party may move the Court under seal for an order allowing use of the Privileged Material in the Litigation; provided, however, the Receiving Party may not argue that the disclosure of the Privileged Material to the Receiving Party waived the privilege.

## I. Amendment

31. Upon good cause shown, and upon notice to all Parties as provided by the applicable Rules and Local Rules, any Party may move to amend the provisions of this Order at any time.

## J. Producing Non-Parties

32. Any Party issuing a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party. Any Party who has already issued a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.

33. Except as expressly provided herein, this Order does not expand, create, limit, or otherwise alter any rights any non-party may have to seek relief from the Court under the Rules (including Rule 26(c)), the Local Rules, this Court's Individual Practices, or applicable case law to seek to protect Confidential Material after receiving notice from a Party of that Party's

15

intended disclosure. Further, except as expressly provided herein, this Order does not expand, create, limit or otherwise alter the rights any Party may have under the foregoing provisions to oppose any non-party request for relief on any ground.

**K.    No Admission**

34.    Nothing in this Order operates to create an admission by any Party that any Discovery Material is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of Discovery Material, in accordance with applicable law, including the Rules and the Local Rules.

**L.    Persons Bound**

35.    This Order shall take effect when entered and shall be binding upon the Parties, their counsel, and persons made subject to this Order by its terms, including any non-parties who produce documents subject to and with notice of this Order. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court a copy of this Order.

**M.    Governing Law**

36.    This Order shall be interpreted under the laws of the state of New York.

**N.    Counterparts**

37.    This Order may be executed in several counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Order by facsimile or scanned pages shall be effective as delivery of a manually executed counterpart to this Order.

**SO STIPULATED AND AGREED:**

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

*Attorneys for Plaintiff Securities and*
*Exchange Commission*

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick
PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

*Attorneys for Defendant Ripple Labs Inc.*

**SO STIPULATED AND AGREED:**

_(signature)_
_____

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

_Attorneys for Plaintiff Securities and
Exchange Commission_

_____

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

_(signature)_

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick
PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

_Attorneys for Defendant Ripple Labs Inc._

17

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley*
*Garlinghouse*

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: March 3, 2021
       New York, New York

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley*
*Garlinghouse*

*Martin Flumenbaum* /MRD

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED** this ___ day of _____, 2021

_____
Hon. Analisa Torres
United States District Judge

18

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

Case No. 20-CV-10832 (AT)

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

Defendants.

## <u>NON-DISCLOSURE AGREEMENT</u>

I, _____, acknowledge that I have received, read and

understand the Protective Order in the above-captioned action governing the non-disclosure of

those portions of discovery or other materials in these proceedings that have been designated as

Confidential Discovery Material or Highly Confidential Discovery Material, as defined therein. I

will not disclose such Confidential Discovery Material or Highly Confidential Discovery Material

to anyone other than pursuant to the terms of the Protective Order, and at the conclusion of the

Litigation I will return all Discovery Materials as defined in the Protective Order to the Party or

attorney from whom I received it. By acknowledging these obligations under the Protective Order,

I understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

my willful violation of any term of the Protective Order could subject me to punishment for

contempt of court.

Dated: _____          _____
                                                  Name:
                                                  Title: