**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | No. 20-cv-10832 (AT) |
| RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN, Defendants. | |

## <u>REQUEST FOR INTERNATIONAL ASSISTANCE – LETTER OF REQUEST</u>

The United States District Court for the Southern District of New York respectfully requests international judicial assistance to obtain evidence, under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to be used in the above captioned litigation in this Court.

Based on the representations made by defendants Bradley Garlinghouse and Christian A. Larsen, this Court believes that Huobi Global Limited ("Huobi") is in possession of documents and has knowledge regarding material facts that are relevant for the proper prosecution of the above referenced litigation.  This Court requests the assistance described below:

| 1.  Sender | Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America |
|---|---|

| | |
|---|---|
| | Telephone: (212) 373-3000 |
| 2.   Central Authority of Requested State | Chief Secretary for Administration<br>Hong Kong Special Administrative Region Government<br>Room 321, 3/F, East Wing<br>Central Government Offices<br>2 Tim Mei Avenue<br>Admirality<br>Hong Kong, China |
| 3.   Person to whom the executed request is to be returned | Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
| 4.   Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | |
| Date | A response is requested by July 2, 2021 or as soon as practicable. |
| Reason for urgency | The requested discovery is necessary to determine facts relevant to the above referenced litigation, and to assist defendants in rebutting the SEC's claims against them through the presentation of evidence at trial. The period for fact discovery 120 days following the Court's ruling on any motions to dismiss filed by Christian A. Larsen and Bradley Garlinghouse.  Those motions have been submitted.<br><br>Expedient treatment of this request will allow the United States District Court for the Southern District of New York to make an informed decision on the merits of this litigation. |
| In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request: | |
| Requesting judicial authority (Article 3, a) | United States District Court Judge |

| | |
|---|---|
| | U.S. District Court for the Southern District of New York<br>500 Pearl Street<br>New York, NY 10007<br>United States of America |
| To the competent authority of (Article 3, a) | The Hong Kong Special Administrative Region of China |
| Names of the case and any identifying number | *Securities & Exchange Commission v. Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen*, No. 20-cv-10832 (AT) |
| Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b) | |
| Plaintiffs (Complainants) | U.S. Securities & Exchange Commission<br>200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>(212) 336-1100 |
| Representatives | **U.S. Securities & Exchange Commission**<br>Richard Best<br>Kristina Littman<br>Preethi Krishnamurthy<br>Jorge G. Tenreiro<br>Mark Sylvester<br>John O. Enright<br>Daphna A. Waxman<br>Jon A. Daniels<br>200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>(212) 336-1100 |
| Defendants | Ripple Labs Inc.<br>315 Montgomery St<br>San Francisco, CA 94104<br>United States of America<br>(415) 213-4838<br><br>Bradley Garlinghouse<br>C/o Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Christian A. Larsen<br>C/o Martin Flumenbaum |

| | Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
|---|---|
| Representatives | **Debevoise & Plimpton, LLP**<br>Andrew J. Ceresney<br>Mary Jo White<br>Lisa R. Sornberg<br>Joy Guo<br>Christopher S. Ford<br>919 Third Avenue<br>New York, NY 10022<br>United States of America<br>Telephone: (212) 909-6000<br><br>**Kellogg, Hansen, Todd, Figel & Frederick:<br>PLLC**<br>Michael K. Kellogg<br>Reid M. Figel<br>Lillian V. Smith<br>George G. Rapawy<br>Eliana M. Pfeffer<br>Collin White<br>Bradley E. Oppenheimer<br>1615 M Street, N.W.<br>Washington, DC 20036<br>United States of America<br>Telephone: (202) 326-7900<br><br>**Cleary Gottlieb Steen & Hamilton LLP**<br>Matthew C. Solomon<br>Nowell D. Bamberger<br>2112 Pennsylvania Ave NW<br>Washington, D.C. 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Alexander J. Janghorbani<br>Samuel L. Levander<br>Lucas D. Hakkenberg<br>One Liberty Plaza<br>New York, New York 10006<br>United States of America<br>Telephone: (212) 225-2000 |

| | |
|---|---|
| | **Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>Martin Flumenbaum<br>Michael E. Gertzman<br>Justin D. Ward<br>Kristina A. Bunting<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000<br><br>Meredith R. Dearborn<br>Robin Linsenmayer<br>943 Steiner St.<br>San Francisco, CA 94117<br>United States of America<br>Telephone: (212) 373-3000 |
| Other Parties | None |
| Nature of the proceedings and summary of the facts | This is a civil case being litigated in the District Court for the Southern District of New York.  The Complaint alleges violations of Section 5 of Securities Act of 1933 for the Defendants' sales of the digital asset "XRP", which are alleged to have been unregistered sales of securities.  The Complaint also alleges that Bradley Garlinghouse and Christian A. Larsen aided and abetted Ripple Labs Inc.'s violations of Section 5 of the Securities Act of 1933.<br><br>The Plaintiffs are seeking disgorgement based on the Defendants' sales of XRP on non-U.S. exchanges, including Huobi.  The documents in Huobi's possession are relevant to the determination of whether the Securities and Exchange Commission's jurisdiction extends to these sales.  Defendants seek documents and information that are not believed to be available from a party to this litigation. |
| Evidence to be obtained or other judicial act to be performed (Article 3, d) | It is respectfully requested that a judicial authority of the Hong Kong Special Administrative Region of China order Huobi to produce copies of documents as described in Attachment 1 from: |

| | |
|---|---|
| | Huobi Global Limited<br>Room 1404-05, Nan Fung Tower<br>88 Connaught Road Central<br>Hong Kong, China |
| Purpose of the evidence or judicial act sought | The requested documents will provide important evidence related to the question of whether the Securities and Exchange Commission's jurisdiction extends to the sales of XRP on Huobi. |
| Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | It is respectfully requested that each document described in Attachment 1 be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, as maintained in the ordinary course of business. |
| Special methods or procedure to be followed (Articles 3, i and 9) | In the event that any document called for by these requests is withheld in whole or in part on the basis of any applicable privilege, it is requested that Huobi furnish a privilege log that identifies each document for which any privilege is claimed and that provides, with respect to each document, the following information:<br>(a) the date the document was created and last modified;<br>(b) the subject matter of the document;<br>(c) the person(s) who prepared the document;<br>(d) all persons to whom the document was distributed, shown, or explained;<br>(e) the document's present custodian; and<br>(f) the nature of the privilege asserted. |
| Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | It is requested that the individuals identified below be furnished as soon as practicable with a copy of the executed Letter of Request.<br><br>Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019 |

| | United States of America<br>Telephone: (212) 373-3000 |
|---|---|
| Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | None |
| Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | The custodian may refuse to give evidence only insofar as he or she has a privilege or duty to refuse to give evidence under the laws of the United States. |
| The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Cleary Gottlieb Steen & Hamilton LLP<br>C/o Matthew C. Solomon<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>Telephone: (202) 974-1500<br><br>Paul, Weiss, Rifkind, Wharton & Garrison<br>C/o Martin Flumenbaum<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>Telephone: (212) 373-3000 |
| Date of Request | June 2, 2021 |
| Signature and Seal of the Requesting Authority | Hon. Sarah Netburn<br>United States Magistrate Judge<br>U.S. District Court for the Southern District of New York |

Attachments:

| Attachment 1 | Documents to be Produced by Huobi |
|---|---|
| Attachment 2 | Protective Order |

**ATTACHMENT 1**

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions shall apply to each of the requests below and should be considered as part of each such request;

1. The term "document" and "documents," as used in these requests, shall be interpreted in the broadest sense possible consistent with the rules governing this investigation. For the avoidance of doubt, document or documents includes, but is not limited to, writings, drawings, graphs, charts, photographs, sound recordings and other memorials of telephone conversations, images, papers, books, brochures, pamphlets, letters, correspondence, memoranda, notes, including handwritten notes, logs, transcripts, interviews or conferences or other communications, minutes, records, reports, applications, agreements, contracts, invoices, bills, orders, confirmation slips, ledgers, checks, receipts, working papers, time sheets, entries in business diaries, calendars, including calendar entries, appointment books, video tapes, e-mails, blogs, or computer tapes.

2. A request for a "document" or "documents" relating to a subject includes any communication relating to that subject.

3. If a document is in a language other than English and an English translation exists, provide both documents.

4. The terms "communication" and "communications" mean and refer to any meeting, conversation (face-to-face, telephonic, text, or otherwise), discussion, telex message, cable, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

5.      The term "person" or "persons" shall include, without limitation, natural person(s), corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative or attorney.

6.      References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

7.      The terms "any" and "all" shall be construed as "any and all."

8.      The terms "each" and "every" shall be construed as "each and every."

9.      The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

10.      The use of the term "the" shall not be construed as limiting the scope of any request.

11.      The use of the singular shall also include the plural, and vice-versa.

12.      The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

13.      "Huobi" "you" and "your" means and refers to Huobi Global Limited, Huobi's agents, employees, representatives, and/or entities acting in conjunction with Huobi and/or on its behalf.

14.      The terms "relate to" or "relating to," when used in reference to a particular subject, shall be construed in their most inclusive sense, and shall be considered a request that you identify and produce documents that refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, constitute, comprise, show, comment on, evidence, describe, or in

any other manner concern the referenced subject matter.  For the avoidance of doubt, a request

for any document "relating to" a subject includes any communications relating to that subject.

      15.     The term "Defendants" means Ripple Labs Inc., Bradley Garlinghouse, Christian

A. Larsen, as well as any agent, employee, representative, attorney, or principal thereof.

      16.     If production of any document is withheld on the basis of a claim of privilege,

each withheld document shall be separately identified in a privileged document list.  The

privileged document list must identify each document separately, specifying for each document

at least: (1) the date; (2) sender(s); (3) recipient(s); (4) type of document; and (5) general subject

matter of the document.  If the sender or the recipient is an attorney or a foreign patent agent, he

or she should be so identified.  The type of privilege claimed must also be stated, together with a

certification that all elements of the claimed privilege have been met and have not been waived

with respect to each document.

      17.     Pursuant to 19 C.F.R. § 210.27(c), you are under a duty to supplement all

responses to these requests to include information acquired after service of the responses, even if

such responses were correct when first provided.

      18.     Unless otherwise specifically noted below, each request calls for responsive

documents created or received during the time period January 1, 2013 to the present.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

The account registration documents, records, and communications pertaining to each of the Defendants.

### REQUEST FOR PRODUCTION NO. 2:

The transaction records for each buy or sell order of XRP by each of the Defendants.

### REQUEST FOR PRODUCTION NO. 3:

The account balances for the accounts of each counterparty corresponding with each buy or sell order placed by each of the Defendants.

### REQUEST FOR PRODUCTION NO. 4:

From January 1, 2013 to the present, the applicable user agreements, terms of service or terms of use pursuant to which your users purchased, sold, traded, held, or otherwise transacted in XRP through your services, platforms, or products.

### REQUEST FOR PRODUCTION NO. 5:

From January 1, 2013 to the present, the applicable trading policies pursuant to which your users purchased, sold, traded, held, or otherwise transacted in XRP through your services, platforms, or products.

### REQUEST FOR PRODUCTION NO. 6:

From January 1, 2013 to the present, documentation describing trading platform functionality, market details, account and order management APIs, and trade execution and

settlement/clearing APIs, which your users utilized to purchase, sell, trade, hold, or otherwise transact in XRP through your services, platforms or products.

**REQUEST FOR PRODUCTION NO. 7:**

From January 1, 2013 to the present, the applicable internal guides, manuals, or reference materials regarding:

     a.  How trades between exchange customers are processed and reflected in your internal account management system;

     b.  The stage of a trade at which a trade becomes "final" (i.e. the point at which the person who placed either the buy or the sell order no longer has the ability to cancel the trade, pursuant to the user agreements, terms of service, terms of use, or other applicable terms or policies);

     c.  Trade confirmation and clearing processes and systems; and

     d.  Custody of client assets.

**REQUEST FOR PRODUCTION NO. 8:**

From January 1, 2013 to the present, the account opening information that would have been sent to any individual who opened an account with you.

**REQUEST FOR PRODUCTION NO. 9:**

From January 1, 2013 to the present, documents reflecting the location of or a certified statement regarding:

     a.  Your principal place of business;

     b.  Your place of incorporation;

     c.  Your registered office address;

d.  The IP addresses of any wallets used by you for trading XRP and for XRP hot and cold storage, as well as for the trading and hot and cold storage of other cryptocurrencies for which the Defendants exchanged their XRP; and

e.  Any servers utilized by you.

**<u>ATTACHMENT 2</u>**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __03/09/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

Defendants.

Case No. 20-CV-10832 (AT)

## STIPULATION AND PROTECTIVE ORDER

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (collectively, "**Defendants**") and Plaintiff Securities and Exchange Commission (each of the foregoing, a "**Party**" and, collectively, the "**Parties**") are engaged in discovery proceedings in the above-captioned action (the "**Litigation**"), which may include, among other things, taking depositions and producing documents. The Parties to this Stipulation and [Proposed] Protective Order (the "**Order**") having agreed to the terms of this Order, it is therefore,

ORDERED that any person subject to this Order—including, without limitation, the Parties, their representatives, agents, experts and consultants, all third parties providing discovery in connection with the Litigation, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

**A.     Scope**

1.     This Order governs the handling of all information; documents; deposition testimony (whether based upon oral examination or written questions); answers to interrogatories; responses to requests for admission; responses to requests for documents and electronically stored information; responses to subpoenas or other voluntary requests for

information from non-parties to this Litigation; and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom (collectively referred to as "**Discovery Material**"), and all other information produced or furnished by or on behalf of any Party or other third party that meets the definition of Confidential Material under Paragraph 4 and has been so designated by either a Party or a non-party (in each case, the "**Designating Party**"). This Order is also subject to this Court's Individual Practices, the Local Rules of this District (the "**Local Rules**"), and the Federal Rules of Civil Procedure (the "**Rules**") on matters of procedure and calculation of time periods.

2.      Nothing in this Order precludes any Party or non-party from seeking relief from the Court with regard to the production of documents or information.

3.      This Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

**B.      Confidential Material**

4.      A Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that such Discovery Material constitutes or contains non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information ("**Confidential Discovery Material**"). A Designating Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that disclosure of such Discovery Material, other than as permitted pursuant to this Order, will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Party and/or is substantially likely to cause injury to the Designating Party ("**Highly Confidential Discovery Material**"). Confidential Discovery Material and Highly Confidential Discovery Material (collectively, "**Confidential Material**") shall not

include information that (a) at the time of the disclosure hereunder is available to the public;

(b) after disclosure hereunder becomes available to the public through no act, or failure to act, by

any Party to whom material is being produced pursuant to the terms of this Order (in each case, a

"**Receiving Party**"); or (c) a Receiving Party can show was independently developed by that

Receiving Party.

### C. Manner and Time of Designation

5.      The designation of Discovery Material as Confidential Discovery Material or

Highly Confidential Discovery Material shall be made in the following manner:

a.      <u>Documents and other materials apart from depositions or other pre-trial testimony</u>.  Documents shall be designated as Confidential Material before or at the time they are disclosed or produced.  Where reasonably practicable, documents shall be designated as Confidential Material by stamping or otherwise clearly affixing the legend "Confidential" or "Highly Confidential" to every such page (or relevant portion thereof) in a manner that will not interfere with legibility.  In the case of electronically stored information produced in native format, documents shall be designated as Confidential Material by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (e.g., CD-ROM, USB, DVD).  In such circumstances where the marking of each piece of Discovery Material is impractical or impossible, the Designating Party shall designate in writing the Discovery Material that it regards as "Confidential" or "Highly Confidential" at the time of its production.

b.      <u>Depositions and other pre-trial testimony</u>.  Testimony (including exhibits) during an oral deposition or other pre-trial testimony shall be designated as "Confidential" or "Highly Confidential" by: (i) a statement to that effect on the record during the deposition or testimony at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) written notice, sent to all counsel of record by the Designating Party within ten (10) business days of receipt of the rough or final transcript (whichever is earliest) designating the entire transcript or portions thereof. Prior to such time, all portions of the deposition transcript shall be considered to have been designated "Confidential."  Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript.  Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall mark those

portions (including exhibits) of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL OR HIGHLY CONFIDENTIAL – DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) and recording(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER.

6.    <u>Redaction of Confidential Materials</u>:  Except as otherwise provided in this Order, or as otherwise ordered, Discovery Material specified below may be redacted by the Designating Party from the documents it produces in the following manner:

   a.    For any matter the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PRIVILEGE," and shall specify the basis for the redaction (e.g., privilege, etc.) in its claim of privilege pursuant to Rule 26(b)(5)(A); and

   b.    For any matter that any Designating Party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PII" and specify that the basis for the redaction was to protect personal data from unauthorized disclosure concurrently with its claims of privilege pursuant to Rule 26(b)(5)(A).  The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in Section D.

7.    <u>Upward Designation of Discovery Material</u>.  A Party may upwardly designate any Discovery Material produced by another Party or any non-party (i.e., change the designation of any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or change the designation of any Discovery Material produced as "Confidential" to a designation of "Highly Confidential"), provided that said Party has a basis

4

under Paragraph 4 of this Order to so designate.  Upward designation shall be accomplished by providing written notice to all Parties (and, if the Discovery Material was produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the Discovery Material to be upwardly designated.  Thereafter, the upwardly designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward, subject to the provisions of Section D below.

8.      <u>Inadvertent Failure to Designate  Discovery  Material</u>.  Inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" shall not constitute a waiver of the Designating Party's right to later designate such Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order.  If a document is designated "Confidential" or "Highly Confidential" and one or more copies of the documents or the original are also produced but not so designated, the copies or original shall also be treated as Confidential Discovery Material or Highly Confidential Discovery Material if the recipient is actually aware of such fact, subject to Paragraph 14.  A Designating Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Designating Party inadvertently failed to designate as "Confidential" or "Highly Confidential," by providing supplemental written notice to all Receiving Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.  Thereafter, the re-designated Discovery Material will be treated as Confidential Discovery Material or Highly Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such

5

notice forward. Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Confidential Material to each Party reflecting the change in designation. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Highly Confidential" in a manner not permitted by the provisions of this Order made applicable by virtue of the re-designation shall exercise its best efforts to ensure: (i) the return and destruction of such re-designated Discovery Material by any person not authorized to receive it under the terms of this Order; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 13.

       9.      Unless otherwise provided in this or subsequent Orders of the Court, Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

     a.     The Parties and the directors, officers, general partners, limited partners, managers, members, employees, and staff of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

     b.     Counsel who represent the Parties in this Litigation (including in-house counsel) and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are charged with assisting in work on this Litigation and to whom it is necessary that Confidential Material be shown for purposes of assisting in such work;

c.      Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order by executing the form of Exhibit A to this Order (the "**Non-Disclosure Agreement**");

d.      Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

e.      Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author or addressee; or who were the actual or intended recipient of such document in the ordinary course of business; or, in the case of meeting minutes and presentations, an attendee of the meeting;

f.      Other employees, staff, or representatives of the Parties who have a legitimate need to review such material in connection with the Litigation (and who shall, prior to reviewing such material, execute the Non-Disclosure Agreement);

g.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

h.      Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Confidential Material (i) after notice to all Parties and an opportunity to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

10.      Unless otherwise provided in this or subsequent Orders of the Court, Highly Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

a.      Parties to this Litigation;

b.    Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are assisting with the Litigation;

c.    Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, subject to compliance by the individual and the Parties with the provisions of Paragraph 9(c) relating to the Non-Disclosure Agreement;

d.    Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

e.    Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author, addressee, or actual or intended recipient of such document in the ordinary course of business, or, in the case of meeting minutes and presentations, an attendee of the meeting;

f.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

g.    Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Highly Confidential Discovery Material (i) after notice to all Parties and an opportunity has been had to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

11.    To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition or testimony.

12.    Counsel for each Party shall maintain copies of all Non-Disclosure Agreements executed by persons who received access to Confidential Material from that Party. If disclosure

8

to any person or entity is ordered by the Court *sua sponte*, the Non-Disclosure Agreement of the recipient shall be maintained by counsel for the Party that produced the disclosed information. Counsel for each Party shall, upon written request by another Party, provide a copy of any Non-Disclosure Agreement maintained by such counsel pursuant to the first sentence of this Paragraph to the requesting Party within five (5) days of receipt of such written request; provided, however, that such requests must specify the signatory by name.

13.     Confidential Material shall be used by Receiving Parties solely for the prosecution of, defense of, appeal of, attempted settlement of or the enforcement of insurance rights with respect to, the Litigation, and only as provided in this Order.  Confidential Material shall not be used or employed for any other purpose whatsoever by a Receiving Party, including for any commercial purpose or for any other litigation or proceeding, unless agreed to in a signed writing between such Receiving Party and the Designating Party or unless such Confidential Material becomes part of the public record.

14.     Nothing in this Order shall prevent any Party from using the Party's own information or documents, or any other information or documents not subject to this Order, even if such information or documents are duplicative of Discovery Materials designated as Confidential Material by another Party.

15.     <u>Sealing of Confidential Material Filed with or Submitted to the Court</u>.  In the event that counsel for any Party determines to file with, or submit to, the Court any Confidential Material or papers containing or referencing Confidential Material, such Party shall  seek leave of Court to file or submit such Confidential Material or papers under seal following the procedures described in Judge Torres's Individual Practices (Part IV.A.ii), including to: "meet and confer with any opposing parties (or third parties seeking confidential treatment of the

information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials."

16.     <u>Use of Confidential Material in Public</u>.  Unless otherwise ordered, in the event that any Party determines to use any Confidential Material at trial or any hearing to be held in open court, such Party shall so advise the relevant Designating Party ten business (10) days in advance, and seek to challenge the designations of such Confidential Material pursuant to Section D.  In the event the Court has not ruled on a request for judicial intervention pursuant to Paragraph 19 by the relevant filing deadline, the Parties agree to file the Confidential Material in question under seal pending a ruling by the Court.

**D.     Challenges to Designations**

17.     The designation of any Discovery Materials as Confidential Material, including for the purpose of introducing such Confidential Material in public filings, at trial, or any hearing to be held in open court, is subject to challenge by any Party or non-party with standing to object. The following procedure shall apply to any such challenge.

18.     <u>Meet and Confer</u>.  A Party or non-party challenging the designation of Confidential Material must do so in good faith and must begin the process by providing written notice to the Designating Party and counsel for all other Parties identifying with particularity the Confidential Material whose designation is being challenged (i.e., by Bates number, page range, deposition transcript lines, etc.) and the basis for the challenge, and thereafter meeting and, upon notice to counsel for all Parties, conferring with counsel for the Designating Party.  Counsel for other Parties may, but are not required to, attend such conferences.  In conferring, the challenging Party or non-party must explain the basis for its belief that the confidentiality

10

designation is not proper and must give the Designating Party an opportunity to review the Confidential Material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge in writing no later than five (5) business days after the meet-and-confer.

19.     <u>Judicial Intervention</u>.  If the meet and confer process is unsuccessful, the challenging Party and any other Parties involved may seek a ruling on the matter from the Court. Such Parties shall describe the dispute in a single joint letter to the Court, in accordance with the Court's Individual Practices and applicable Local Rules.  Until the Court rules on the dispute, the Confidential Material shall continue to be treated as designated.  Nothing in this Order, nor any action or agreement of a Party or non-party under this Order, shall limit the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any Discovery Material.

20.     The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential Discovery Material, which burden remains on the Designating Party.  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**E.     Conclusion of Litigation**

21.     Within thirty (30) days after the conclusion of the entirety of the Litigation (including appeals and any other proceeding in which Confidential Material is permitted to be used) and upon written request of the Designating Party, all persons having received Confidential Material shall either: (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to the Designating Party,

with the Designating Party bearing the reasonable costs of such return; or (ii) make a good-faith

and reasonable effort to destroy all Confidential Material and certify that such Confidential

Material has been destroyed; however, counsel for any Party or non-party may retain a complete

file of all litigation documents filed with the Court and any attorney work product prepared in

connection with the Litigation, provided that such counsel shall maintain the confidentiality

thereof and shall not disclose such Confidential Material to any person except pursuant an

agreement by the Designating Party, or as otherwise specified in Section F.  Notwithstanding

anything to the contrary in this Order, documents need not be destroyed if there is a written

agreement by the Designating Party to the contrary, including but not limited to the Designating

Party's agreement that the Confidential Material may be used in another legal proceeding.

Nothing in this Paragraph shall override any Party's legal obligation to preserve documents.

22.     The restrictions on the use of Confidential Material shall survive the conclusion of

the Litigation.  During the pendency of this Litigation only, the Court shall retain jurisdiction

over all persons subject to this Order to the extent necessary to enforce any obligations arising

hereunder or to impose sanctions for any contempt thereof.  Following the conclusion of the

entirety of the Litigation (including appeals and any other proceeding in which Confidential

Material is permitted to be used), any dispute concerning restrictions on the use of Confidential

Material will be resolved pursuant to Paragraphs 19 and 20 in any court of competent

jurisdiction.

**F.     Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

23.     Nothing in this Order will prevent a Receiving Party from producing any

Confidential Material in its possession in response to a lawful subpoena or other compulsory

process (collectively, a "**Demand**"), provided that such Receiving Party, to the extent permitted

by law, gives written notice to the Designating Party as soon as reasonably permitted by the time

allowed under the request, and in no event less than ten (10) business days before any disclosure unless prohibited by law. Such notification must include a copy of the Demand. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand.

24. The Receiving Party must also immediately inform in writing the person who caused the Demand to issue that some or all of the requested materials are subject to this Order, and in so doing provide a copy of this Order.

25. The obligations set forth in this Section will remain in effect while any Party has in its possession, custody, or control any Confidential Material received from any Designating Party in connection with the Litigation.

26. Nothing in this Section shall be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful direction from another court or from a government agency.

**G.  Disclosures Required or Permitted by Law**

27. Notwithstanding any other provisions contained herein, this Order does not limit or restrict any Party from using or disclosing any Confidential Materials to the extent otherwise required by law or permitted under Sections 21(a)(2), 24(c) and 24(f) of the Securities Exchange Act of 1934 and Rule 24c-1, promulgated thereunder, subject to the limitations and restrictions therein, provided any recipient has completed the Non-Disclosure Agreement.

**H.  Non-Waiver of Confidentiality or Privilege**

28. <u>Disclosure of Confidential Material</u>. In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) make

reasonable efforts to recover the disclosed Confidential Material and all copies thereof, as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Designating Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof. Disclosure of Confidential Material other than in accordance with the terms of this Order by a Receiving Party may subject that Receiving Party to such sanctions and remedies as the Court may deem appropriate.

29.     The inadvertent or unintentional disclosure of Confidential Material, regardless of whether the information or document was so designated at the time of the disclosure, shall not be deemed a waiver, either in whole or in part, of a Designating Party's claim of confidentiality, either as to the specific information or document disclosed or as to any other information or documents relating thereto on the same or related subject matter.

30.     <u>Disclosure of Discovery Materials Protected By the Attorney-Client Privilege or Work Product Doctrine</u>. Consistent with Federal Rule of Evidence 502 and Rule 26(b)(5)(B), if a Party or non-party notifies any Receiving Party that Discovery Material was produced that is protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity ("**Privileged Material**"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any other material or information relating thereto or on the same or related subject matter. Upon notification, the Receiving Party shall (i) destroy or return all copies of such Privileged Material within five (5) business days of receipt of such notice or discovery; (ii) provide a certification of counsel that all such Privileged Material

14

has been returned or destroyed; (iii) take reasonable steps to retrieve documents if the Receiving

Party disclosed them to any person or entity before being notified of the privilege claim, and

provide written notification to the Party or non-party that produced such Privileged Material as to

whether it was successfully retrieved; and (iv) not use the Privileged Material for any purpose

absent further order of the Court. Any Party or non-party providing notice to any Receiving

Party that it has disclosed Privileged Material must include, to the extent not already provided,

within or simultaneously with such notice sufficient information for the Receiving Party to

evaluate the privilege claim(s) asserted, per Rule 26(b)(5)(B). The Receiving Party may move

the Court under seal for an order allowing use of the Privileged Material in the Litigation;

provided, however, the Receiving Party may not argue that the disclosure of the Privileged

Material to the Receiving Party waived the privilege.

### I.     Amendment

31.     Upon good cause shown, and upon notice to all Parties as provided by the

applicable Rules and Local Rules, any Party may move to amend the provisions of this Order at

any time.

### J.     Producing Non-Parties

32.     Any Party issuing a subpoena to a non-party shall notify the non-party that the

protections of this Order are available to such non-party. Any Party who has already issued a

subpoena to a non-party shall notify the non-party that the protections of this Order are available

to such non-party.

33.     Except as expressly provided herein, this Order does not expand, create, limit, or

otherwise alter any rights any non-party may have to seek relief from the Court under the Rules

(including Rule 26(c)), the Local Rules, this Court's Individual Practices, or applicable case law

to seek to protect Confidential Material after receiving notice from a Party of that Party's

intended disclosure. Further, except as expressly provided herein, this Order does not expand, create, limit or otherwise alter the rights any Party may have under the foregoing provisions to oppose any non-party request for relief on any ground.

**K.    No Admission**

34.    Nothing in this Order operates to create an admission by any Party that any Discovery Material is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of Discovery Material, in accordance with applicable law, including the Rules and the Local Rules.

**L.    Persons Bound**

35.    This Order shall take effect when entered and shall be binding upon the Parties, their counsel, and persons made subject to this Order by its terms, including any non-parties who produce documents subject to and with notice of this Order. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court a copy of this Order.

**M.    Governing Law**

36.    This Order shall be interpreted under the laws of the state of New York.

**N.    Counterparts**

37.    This Order may be executed in several counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Order by facsimile or scanned pages shall be effective as delivery of a manually executed counterpart to this Order.

**SO STIPULATED AND AGREED:**

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

*Attorneys for Plaintiff Securities and
Exchange Commission*

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick
PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

*Attorneys for Defendant Ripple Labs Inc.*

**SO STIPULATED AND AGREED:**

_____

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. Waxman
Jon A. Daniels
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

*Attorneys for Plaintiff Securities and
Exchange Commission*

_____

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick
PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

*Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley
Garlinghouse*

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: March 3, 2021
        New York, New York

18

---

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley*
*Garlinghouse*

Martin Flumenbaum /MRD

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A. Larsen*

**SO ORDERED** this ___ day of _____, 2021

_____
Hon. Analisa Torres
United States District Judge

18

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

v.

RIPPLE LABS INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

                                        Defendants.

Case No. 20-CV-10832 (AT)

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have received, read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of discovery or other materials in these proceedings that have been designated as Confidential Discovery Material or Highly Confidential Discovery Material, as defined therein.  I will not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone other than pursuant to the terms of the Protective Order, and at the conclusion of the Litigation I will return all Discovery Materials as defined in the Protective Order to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated: _____        _____
                                        Name:
                                        Title:

# TRANSLATION CERTIFICATION

Date: June 1, 2021

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- English

To:

- Chinese

The documents are designated as:
- Letter of Request for International Assistance - Huobi

Eugene Li, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____

Signature of Eugene Li

**美国地方法院**
**纽约南区**

| | |
|---|---|
| 证券交易委员会，<br><br>           原告，<br><br>   诉<br><br>RIPPLE LABS INC.,<br>BRADLEY GARLINGHOUSE,<br>和 CHRISTIAN A. LARSEN,<br>          被告。 | No. 20-cv-10832 (AT) |

### 国际援助请求 - 请求书

根据 1970 年 3 月 18 日"关于民商事案件出境取证"的《海牙公约》，美国纽约南区地方法院恭敬地请求国际司法协助，以取得证据，用于在本法院的上述诉讼。

根据被告 Bradley Garlinghouse 和 Christian A. Larsen 的陈述，本法院认为，Huobi Global Limited（以下简称 "Huobi"）持有文件，且了解与上述诉讼的适当起诉相关的重要事实。本法院请求以下协助：

| | | |
|---|---|---|
| 1. | 发件人 | Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>电话：(202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>电话：(212) 373-3000 |
| 2. | 被请求国中央机关 | 行政司司长<br>中国香港特别行政区政府<br>Room 321, 3/F, East Wing |

| | |
|---|---|
| | 中央政府办公室<br>2 Tim Mei Avenue<br>海事法庭<br>中国香港 |
| 3. 被执行请求将返回给的人员 | Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>电话：(202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>电话：(212) 373-3000 |
| 4. 请求机关要求收到对请求书的答复的日期 | |
| 日期 | 要求在 2021 年 7 月 2 日前或在可行的情况下尽快做出答复。 |
| 紧急原因 | 本庭所要求的证据公开，对于确定与上述诉讼相关的事实，以及协助被告通过在审判中出示证据反驳 SEC 对他们提出的指控是必要的。事实发现期为法院对 Christian A. Larsen 和 Bradley Garlinghouse 提出的任何驳回动议作出裁决后的 120 天。已提出上述动议。<br><br>对这一请求的适当处理将使美国纽约南区地方法院能够就这一诉讼的案情，在知情的情况下作出判定。 |
| 根据《公约》第 3 条，下列签字申请人谨提交以下请求： | |
| 司法机关要求（第 3 条 a 款） | 美国地方法院法官<br>美国纽约南区地方法院<br>500 Pearl Street<br>New York, NY 10007<br>United States of America |
| 主管机关（第 3 条 a 款） | 中国香港特别行政区政府 |
| 案件名称和任何识别号码 | *证券交易委员会诉 Ripple Labs Inc.、Bradley Garlinghouse 和 Christian A. Larsen*，20-cv-10832 (AT) |
| 当事人及其代表（包括在被请求国的代表）的姓名和地址（第 3 条 b 款） | |
| 原告（申诉人） | 美国证券交易委员会 |

| | |
|---|---|
| | 200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>(212) 336-1100 |
| 代表 | **美国证券交易委员会**<br>Richard Best<br>Kristina Littman<br>Preethi Krishnamurthy<br>Jorge G. Tenreiro<br>마크 실베스터(Mark Sylvester)<br>John O. Enright<br>Daphna A. Waxman<br>Jon A. Daniels<br>200 Vesey St #400<br>New York, NY 10281<br>United States of America<br>(212) 336-1100 |
| 被告 | Ripple Labs Inc.<br>315 Montgomery St<br>San Francisco, CA 94104<br>United States of America<br>(415) 213-4838<br><br>Bradley Garlinghouse<br>转交人 Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>电话：(202) 974-1500<br><br>Christian A. Larsen<br>转交人 Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>电话：(212) 373-3000 |
| 代表 | **Debevoise & Plimpton, LLP**<br>Andrew J. Ceresney<br>Mary Jo White<br>Lisa R. Sornberg<br>Joy Guo<br>Christopher S. Ford<br>919 Third Avenue<br>New York, NY 10022 |

3

United States of America

电话：(212) 909-6000

**Kellogg, Hansen, Todd, Figel & Frederick:**
**PLLC**
Michael K. Kellogg
Reid M. Figel
Lillian V. Smith
George G. Rapawy
Eliana M. Pfeffer
Collin White
Bradley E. Oppenheimer
1615 M Street, N.W.
Washington, DC 20036
United States of America

电话：(202) 326-7900

**Cleary Gottlieb Steen & Hamilton LLP**
Matthew C. Solomon
Nowell D. Bamberger
2112 Pennsylvania Ave NW
Washington, D.C. 20037
United States of America

电话：(202) 974-1500

Alexander J. Janghorbani
Samuel L. Levander
Lucas D. Hakkenberg
One Liberty Plaza
New York, New York 10006
United States of America

电话：(212) 225-2000

**Paul, Weiss, Rifkind, Wharton & Garrison**
**LLP**
Martin Flumenbaum
Michael E. Gertzman
Justin D. Ward
Kristina A. Bunting
1285 Avenue of the Americas
New York, NY 10019
United States of America

电话：(212) 373-3000

Meredith R. Dearborn
Robin Linsenmayer

| | |
|---|---|
| | 943 Steiner St.<br>San Francisco, CA 94117<br>United States of America<br>电话：(212) 373-3000 |
| 另一方 | 无 |
| 诉讼性质和事实摘要 | 该案件是美国纽约南区地方法院正在审理的民事案件。诉状中指控被告出售数字资产"XRP"违反了 1933 年《证券法》第 5 条，据称这是未经登记的证券销售。诉状中还指控 Bradley Garlinghouse 和 Christian A. Larsen 协助和教唆 Ripple Labs Inc 违反 1933 年《证券法》第 5 条。<br><br>根据被告在包括 Huobi 在内的非美国交易所出售 XRP 的行为，原告正在寻求退市。Huobi 持有的文件与确定证券交易委员会的管辖权是否扩展到这些销售有关。被告寻求本诉讼一方不认为可用的文件和信息。 |
| 应取得的证据或应采取的其他司法行为<br>（第 3 条 d 款） | 恳请中国香港特别行政区的司法机构命令位于下述地址的 Huobi 提供附件 1 中描述的文件的副本：<br><br>Huobi Global Limited<br>Room 1404-05, Nan Fung Tower<br>88 Connaught Road Central<br>Hong Kong, China |
| 寻求证据或司法行为的目的 | 所要求的文件将提供有关证券交易委员会的管辖权是否扩展到 Huobi 的 XRP 销售的问题的重要证据。 |
| 关于在宣誓或非宣誓的情况下提供证据的任何要求以及使用的任何特殊形式（第 3 条 h 款） | 谨请提供附件 1 中所述的每份文件连同其所有不完全相同的草稿，无缩写或编校，如在正常业务过程中所保持的那样。 |
| 应遵循的特殊方法或程序（第 3 条、第 i 条和第 9 条） | 如果这些请求所要求的任何文件全部或部分基于任何适用的特权被拒绝给予，则要求 Huobi 提供一份特权日志，该日志应指明申请任何特权的每个文件，并就每个文件提供以下信息：<br>(a) 文件创建和上次修改的日期；<br>(b) 文件的主题；<br>(c) 文件编制人； |

5

| | |
|---|---|
| | (d) 向其分发、展示或解释文件的所有人员；<br>(e) 文件的当前保管人；和<br>(f) 所主张的特权的性质。 |
| 请求通知执行请求的时间和地点以及被通知人的身份和地址（第 7 条） | 要求在切实可行的范围内尽快向下列个人提供一份已执行的请求书的副本。<br><br>Matthew C. Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>电话：(202) 974-1500<br><br>Martin Flumenbaum<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>电话：(212) 373-3000 |
| 要求请求机关的司法人员出席<br>或参与<br>请求书的执行<br>（第 8 条） | 无 |
| 根据<br>原籍国法律拒绝作证的特权<br>或义务的相关规定（第 11 条 b 款） | 根据美国法律，只有保管人在有拒绝作证的特权或义务下，才可拒绝作证。 |
| 根据《公约》第 14 条第 2 款<br>或第 26 条规定，<br>可偿还的费用和开支<br>的承担者 | Cleary Gottlieb Steen & Hamilton LLP<br>转交人 Matthew C. Solomon<br>2112 Pennsylvania Avenue NW<br>Washington, DC 20037<br>United States of America<br>电话：(202) 974-1500<br><br>Paul, Weiss, Rifkind, Wharton & Garrison<br>转交人 Martin Flumenbaum<br>1285 Avenue of the Americas<br>New York, NY 10019<br>United States of America<br>电话：(212) 373-3000 |
| 请求日期 | 2021 年 6 月 2 日 |
| 请求机关签章 | <br><br>Hon. Sarah Netburn |

6

| | 美国地方法官<br>美国纽约南区地方法院 |
|---|---|

附件：

| 附件 1 | Huobi 需要提供的文件 |
|---|---|
| 附件 2 | 保护令 |

附件 **1**

定义和说明

除非另有说明，以下定义和说明应适用于以下每项请求，并应视为每项请求的一部分：

1.　　本请求书中使用的"文件"一词应尽可能广义地理解为符合本调查的规定。为免生疑问，文件包括但不限于文字、图纸、图表、照片、录音和电话交谈的其他纪念物、图像、文件、书籍、假钉本、小册子、信件、来往信件、备忘录、笔记，包括手写笔记、日志、抄本，面谈或会议或其他通信、会议记录、记录、报告、申请、协议、合同、发票、账单、订单、确认单、分类账、支票、收据、工作底稿、时间表、业务日记条目、日历，包括日历条目、记事簿、录像带、电子邮件、博客或电脑磁带。

2.　　请求提供与某一主题有关的"文件"，包括与该主题有关的任何通信。

3.　　如果一份文件的语言不是英语，并且有英文译本，请同时提供两份文件。

4.　　"通信"是指任何会议、对话（面对面、电话、文本或其他方式）、讨论、电传、电报、通信、信息、录音信息或其他包含想法、意见的事件，或在两个或多人之间或之间或之间或之间或之间传输的信息，以及任何电子、摄影或机械设备或者用于接收、传输或存储数据或其他信息的设备。

5.　　"人"应包括但不限于自然人、公司、合伙企业、商业信托、协会、企业或其他实体，以及任何高级职员、董事、员工、合伙人、母公司、子公司、附属公司、代理人、代表或律师。

6.　　凡提及任何自然人，除该自然人外，亦包括：任何代理人、员工、代表、律师或其委托人。

7.　　"任何"和"全部"应解释为"任何和全部"。

9

8.    "各个"和"每个"应解释为"每一个"。

9.    "日期"是指确切的日期、月份和年份，如果可以确定，或者如果不能确定，则为其最佳近似值。

10.   "此"的使用不应被解释为限制任何请求的范围。

11.   单数的使用也应包括复数，反之亦然。

12.   "和"、"或"和"和/或"应解释为合取或析取，以使请求更具包容性为准。

13.   "Huobi"、"您"和"您的"是指 Huobi Global Limited、Huobi 的代理人、员工、代表和/或与 Huobi 和/或其代表共同行事的实体。

14.   "有关的"当被用于引用某一特定主题时，应以其最广泛的意义进行解释，并应被视为要求您确定并提供涉及到讨论、总结、反映、构成、包含、体现、属于、提及、构成、组成、展示、评论、证据、描述或以任何其他方式涉及所引用主题的文件。为免生疑问，请求提供与某一主题有关的任何"文件"，包括与该主题有关的任何通信。

15.   "被告"一词是指 Ripple Labs Inc.、Bradley Garlinghouse、Christian A. Larsen 及其任何代理人、员工、代表、律师或委托人。

16.   如果基于特权要求而拒绝提供任何一个文件，则应在特权文件清单中单独指明每个拒绝提供的文件。特权文件列表必须分别标识每个文档，至少为每个文档指定：(1) 日期；(2) 发件人；(3) 收件人；(4) 文件类型；和 (5) 文件的一般主题。发件人或者收件人是律师或者外国专利代理人的，应当指明其身份。还必须说明所要求的特权类型，每份文件都要附上一份证明，证明所要求的特权的所有要素都已得到满足，并且没有被放弃。

17.    根据 19 C.F.R. § 210.27(c)，您有责任补充对这些请求的所有答复，包括在答复送达后获得的信息，即使是在首次提供时，该答复是正确的。

18.    除非下文另有特别说明，否则每个请求都需要响应在 2013 年 1 月 1 日至今创建或接收的文件。

## 文件请求

### 请求提供的文件 1：

与每个被告有关的账户登记文件、记录和通信。

### 请求提供的文件 2：

被告每一次购买或出售 XRP 订单的交易记录。

### 请求提供的文件 3：

与每个被告下达的的每个买卖订单对应的每个交易对手账户的账户余额。

### 请求提供的文件 4：

2013 年 1 月 1 日至今，您的用户通过您的服务、平台或产品在 XRP 中购买、出售、交易、持有或以其他方式进行交易的适用用户协议、服务条款或使用条款。

### 请求提供的文件 5：

2013 年 1 月 1 日至今，您的用户通过您的服务、平台或产品购买、出售、交易、持有或以其他方式交易 XRP 所依据的适用交易政策。

### 请求提供的文件 6：

2013 年 1 月 1 日至今，描述交易平台功能、市场详情、账户和订单管理 API 以及交易执行和结算/清算 API 的文档，您的用户利用这些 API 通过您的服务、平台或产品在 XRP 中购买、销售、交易、持有或以其他方式进行交易。

### 请求提供的文件 7：

2013 年 1 月 1 日至今，适用的内部指南、手册或参考资料涉及：

    a. 交易所客户之间的交易如何处理，以及如何反映在内部账户管理系统中；

    b. 交易成为"最终交易"的交易阶段（即，根据用户协议、服务条款、使用条款或其他适用条款或政策，下达买卖订单的人不再有能力取消交易的阶段）；

    c. 贸易确认和结算流程和制度；和

    d. 客户资产的保管。

## 请求提供的文件 8：

2013 年 1 月 1 日至今，已发送给在您这里开户的任何个人的开户信息。

## 请求提供的文件 9：

2013 年 1 月 1 日至今，反映以下事项的文件或认证声明：

    a. 您的主要营业地；

    b. 您的公司注册地；

    c. 您的注册办公地址；

    d. 您用于交易 XRP 和 XRP 冷热存储以及被告交换其 XRP 的其他加密货币的交易和冷热存储的任何钱包的 IP 地址；和

    e. 您使用的任何服务器。

# TRANSLATION CERTIFICATION

Date: June 1, 2021

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- English

To:

- Chinese

The documents are designated as:
- 2021.03.09 - ECF 53 - Proposed Stipulation and Protective Order

Eugene Li, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Eugene Li

<table>
<tr><td>

美国纽约南区联邦地区法院
电子提交
文件
文件号：_____
提交日期：2021/3/9

</td></tr>
</table>

美国纽约南区联邦地区法院

| | |
|---|---|
| 美国证券交易委员会 <br><br> 原告， <br><br> 诉 <br> RIPPLE LABS INC.、BRADLEY GARLINGHOUSE 和 CHRISTIAN A. LARSEN <br><br> 被告。 | 案件号：20-CV-10832 (AT) |

### 约定和保护令

被告 Ripple Labs Inc.，Bradley Garlinghouse，and Christian A. Larsen（统称"**被告**"）和原告美国证券交易委员会（上述各方单独称"**一方**"，统称"**双方**"）正在进行标题所述诉讼（简称"**诉讼**"）中的证据开示程序，其中可能包括录取证词和出示文件。双方已同意本约定和[拟议]保护令（简称"**命令**"）的条款，所以本庭特此：

命令受本命令约束的任何人（包括但不限于双方及其代表、代理、专家和顾问、提供与诉讼有关的证据的所有第三方以及实际或推定收到本命令通知的所有其他相关人员）遵守以下条款：

**A.** 范围

1.　　　　本命令适用于以下信息的处理：任何一方或第三方或各自其代表出示或提供的、符合第4条中的"机密材料"的定义并由一方或非当事方（均称"**指定方**"）指定为机密材料的所有信息；文件；书面证词（无论针对口头讯问还是书面问题提供）；对质询的答复；对承认请求的答复；对索取文件和电子存储信息的请求的答复；对传票或者非本诉讼当事方发出其他自愿信息请求的答复；任何其他出示、提供或交换的信息或材料（包括其中包含的或根据其推导出的任何信息（统称为"**证据开示材料**"）以及任何其他信息。在程序和时间期限计算事宜中，本命令还受本法院的个人惯例、本地区的当地规则（简称"**当地规则**"）和联邦民事诉讼规则（简称"**规则**"）的约束。

2.　　　　本命令的任何规定均不妨碍任何一方或非当事方就文件或信息的出示向法院寻求救济。

3.　　　　本命令不改变任何一方或非当事方根据法律或其他协议可能承担的任何保密义务。

**B.　机密材料**

4.　　　　如果指定方合理善意认为某些证据开示材料构成或包含非公开、专有和机密的技术、业务、财务、个人或商业敏感信息，则可以根据本命令的条款将任何此类证据开示材料指定为"机密"材料（简称"**机密证据开示材料**"）。如果指定方合理善意认为，除非根据本命令获得许可，否则披露某些证据开示材料可能对指定方的业务、财务、个人、竞争或商业利益造成损害和/或很可能对指定方造成伤害，则可以根据本命令的条款将任何此类证据开示材料指定为"高度机密"材料（简称"**高度机密证据开示材料**"）。机密证据开示材料和高度机密证据开示材料（统称"**机密材料**"）不应包括符合以下条件的信息：(a)在根据本命令披露时为公众所知；(b)在根据本命令披露后为公众所知，且这不是由于根据本命令的条款被出示材料的任何一方（简称"**接收方**"）的任何作为或不作为导致的；或者 (3) 接收方可以证明由其独立开发。

**C.　　指定的方式和时间**

5.　　将证据开示材料指定为机密证据开示材料或高度机密证据开示材料应采用以下方式：

　　　　a,　　<u>除书面证词或其他审前证词以外的文件和其他材料</u>。文件应在披露或出示之前或之时被指定为机密材料。在合理可行的情况下，应在文件每一页（或其相关部分）上以不影响易读性的方式加盖印章或以其他方式明确张贴"机密"或"高度机密"的字样，以此指定其是机密材料。对于以本地格式出示的电子存储信息，应在文件或目录名称中加入"机密"或"高度机密"字样，或在承载证据开示材料的介质（例如，光盘、USB、DVD）上张贴"机密"或"高度机密"的字样，以此指定其是机密材料。如果对每份证据开示材料做标记不现实或不可能，则指定方应在出示时，以书面形式说明证据开示材料是"机密"或"高度机密"的。

　　　　b,　　<u>书面证词和其他审前证词</u>。对于通过书面录取口头陈述的形式获取的证词（包括证据）或其他审前证词，应通过以下方式说明其是"机密"或"高度机密"性质的：(i) 在披露此类证词时或在书面证词或其他证词录取结束前，作出相应声明，并确保其记录在案；或 (ii) 指定方在收到证词笔录的粗略或最终版本（以最早者为准）后十 (10) 个工作日内，向所有在案律师发送通知，指定笔录中的全部或部分内容为"机密"或"高度机密"。在此之前，证词笔录的所有部分应被视为已被指定为"机密"。但是，本条中的任何内容均不应阻止任何证人审查自己的证词笔录。参与任何此类证言或证词的录取的每一名法庭记录员应获得一份本命令的副本，并遵守其规定。每一名法庭记录员应在此类证言或证词笔录的相应部分（包括证据）标注"机密或高度机密-由律师指定"的字样（如果证言录取有录像/录音，还应在录像/录音的相应部分标记），并应在任何此类笔录和录像的封面上加注以下字样：

本笔录包含律师声称属于机密和/或高度机密性质且在《约定和保护令》的范围内的材料。

6.    机密材料的编辑：除非本命令中另有规定或法院另有命令，否则指定方可以通过以下方式在其出示的文件中对以下证据开示材料进行编辑：

a.    对于指定方声称享受律师-客户特权、工作成果豁免、禁止披露的法律禁令或任何其他特权或豁免的任何事项，指定方应在对事项进行编辑的每个地方标注"已编辑 — 特权"字样，并根据《规则》第 26(b)(5)(A) 条注明特权主张的依据（例如特权等）；以及

b.    对于指定方善意声称包含"个人识别信息"、"敏感私人数据"或"非公开个人信息"（各定义见联邦、州或外国数据保护法律）的任何事项，指定方应在对事项进行编辑的每个地方标注"已编辑一个人识别数据"，并说明编辑的依据是为了保护个人数据免受未经授权的披露，同时根据《规则》第 26(b)(5)(A) 条说明特权主张。对编辑的质疑以及质疑程序与 D 节中规定对证据开示材料的机密性指定的质疑和质疑程序相同。

7.    证据开示材料的升级指定。如果根据本命令第 4 条有相应依据，一方可以对另一方或非当事方出示的任何证据开示材料进行升级指定（即，将在出示时未指定机密性的证据开示材料改为"机密"或"高度机密"，或将在出示时被指定为"机密"的任何证据开示材料改为"高度机密"）。要进行升级指定，应向所有当事方（如果证据开示材料是由非当事方出示的，则向该个人或实体）发送书面通知，说明要进行升级指定的证据开示材料（注明 Bates 编号或其他个人识别信息）。此后，被升级指定的证据开示材料将根据新的指定级别被视为机密证据开示材料或高度机密证据开示材料，并且在下文 D 节的规定的约束下，从上述通知发出之日起完全按照本命令处理。

8. **因疏忽未指定证据开示材料**。因疏忽未将证据开示材料指定为"机密"或"高度机密"并不构成指定方放弃以后根据本命令将相应证据开示材料指定为"机密"或"高度机密"的权利。在第 14 条的约束下，如果某一文件被指定为"机密"或"高度机密"，并且该文件的一份或多份副本或原件也被出示了但未被如此指定，如果接收方实际知悉这一事实，则该等副本或原件也应被视为机密证据开示材料或高度机密证据开示材料。指定方可以通过向所有接收方提供补充书面通知，指明（注明 Bates 编号或其他个人可识别信息）要重新指定的证据开示材料，将已经出示的任何证据开示材料指定为"机密"或"高度机密"，包括指定方因疏忽未能指定为"机密"或"高度机密"的证据开示材料。此后，被重新指定的证据开示材料将根据新的指定级别被视为机密证据开示材料或高度机密证据开示材料，并从上述通知发出之日起完全按照本命令处理。在发出此类通知后，指定方应立即向各方提供重新标记的机密材料副本，以反映指定级别的变更。此外，如果任何接收方在证据开示材料被指定为"机密"或"高度机密"之前，以本命令的规定所不允许的方式披露了相应证据开示材料，则该接收方在收到此类补充书面通知后，应尽最大努力确保: (i) 根据本命令的条款未被授权接收此类重新指定的证据开示材料的任何人返还和销毁相应证据开示材料; (ii) 根据本命令规定的适用于机密证据开示材料或高度机密证据开示材料的限制，对待通过相应重新指定的证据开示材料得出任何文件或其他材料; (iii) 除非本命令的条款允许，否则不得继续披露相应重新指定的证据开示材料；以及 (iv) 仅将任何此类重新指定的证据开示材料及通过其得出的任何信息用于第 13 条所述的目的。

9.　　除非本法院命令或随后的法院命令另有规定，否则机密证据开示材料只能根据本命令用于与诉讼相关事宜，并且只能全部或部分向以下人员披露、总结、描述、说明、展示或以其他方式传达或提供：

      a.　　双方以及协助双方开展诉讼或做出与诉讼有关的决策的双方的董事、高管、普通合伙人、有限合伙人、经理、股东、雇员和员工，且在案律师认为双方合理需要这些人员协助其起诉或辩护；

      b.　　在本诉讼中代理双方的律师（包括内部律师）以及负责协助他们开展本诉讼相关工作的该等律师的合作伙伴、合伙人、律师助理、秘书、文书、正式和临时雇员和服务供应商（包括第三方复印和诉讼支持服务），并且为了让其协助开展此工作，有必要向他们展示机密材料；

c.　双方律师聘请的专家或顾问以及协助处理诉讼的此类专家或顾问的合作伙伴、合伙人、律师助理、秘书、文书、正式和临时雇员和服务供应商（包括第三方复印和诉讼支持服务），但前提是在每位专家或顾问通过签署本命令附录 A 中的表格（简称"**保密协议**"）来同意受本命令的条款约束之前不得向其进行披露；

d.　证人及其律师（仅在提供或准备本诉讼中的证词或证言需要的情况下披露）（但是，在查看后，证人或宣誓人应将相应文件返还给提供方，作为标记证据提供给法庭记录员的副本除外）；

e.　相关文件、随附的说明信、电子邮件或其他通信所指定的作者或收件人；在正常业务过程中，相应文件的实际或预期接收人；或者（针对会议纪要和报告）会议的出参加者；

f.　有合法需要审查与诉讼相关的此类材料的其他员工、职员或双方代表（在审查此类材料之前，他们应签署保密协议）；

g.　本法院、本法庭雇员以及记录本诉讼或其任何上诉中的任何庭审、审判或证言的法庭记录员；和

h.　除上述人员外，还包括根据法院命令或相关指定方的约定，被允许接触机密材料的人员，但条件是 (i) 首先向所有各方发送通知并为其提供反对机会，以及 (ii) 此类人员首先签署保密协议。

10.　除非本法院命令或随后的法院命令另有规定，否则高度机密证据开示材料只能根据本命令用于与诉讼相关事宜，并且只能全部或部分向以下人员披露、总结、描述、说明、展示或以其他方式传达或提供：

a.　本诉讼的当事方；

b.　　在本诉讼中代理双方的律师（包括内部律师）以及协助他们开展本诉讼相关工作的该等律师的合作伙伴、合伙人、律师助理、秘书、文书、正式和临时雇员和服务供应商（包括第三方复印和诉讼支持服务）；

c.　　双方律师聘请的专家或顾问以及协助处理诉讼的此类专家或顾问的合作伙伴、合伙人、律师助理、秘书、文书、正式和临时雇员和服务供应商（包括第三方复印和诉讼支持服务），但前提是该等个人和双方遵守第9(c)条中关于保密协议的规定；

d.　　证人及其律师（仅在提供或准备本诉讼中的证词或证言需要的情况下披露）（但是，在查看后，证人或宣誓人应将相应文件返还给提供方，作为标记证据提供给法庭记录员的副本除外）；

e.　　相关文件、随附的说明信、电子邮件或其他通信所指定的作者或收件人；在正常业务过程中，相应文件的实际或预期接收人；或者（针对会议纪要和报告）会议的出参加者；

f.　　本法院、本法庭雇员以及记录本诉讼或其任何上诉中的任何庭审、审判或证言的法庭记录员；和

g.　　除上述人员外，还包括根据法院命令或相关指定方的约定，被允许接触高度机密证据开示材料的人员，但条件是 (i) 首先向所有各方发送通知并为其提供反对机会，以及 (ii) 此类人员首先签署保密协议。

11.　　如果在任何证词录取过程中，录取方试图获取关于机密证据开示材料或高度机密证据开示材料的证词，则根据本命令的条款无权接收此类信息的人员不应参加该部分证或证词的录取。

12.    各方律师应保存从该方获得机密材料的人员签署的所有保密协议的副本。如果本法院*主动*命令向任何个人或实体披露信息，接收人签署的保密协议应由出示披露信息的一方的律师保存。如另一方提出书面请求，各方律师应在收到相应书面请求后五 (5) 天内，向请求方提供其根据本条第一句保存的任何保密协议的副本；但是，该请求必须指明签字人的姓名。

13.    接收方只能根据本命令规定的方式，将机密材料用于诉讼的起诉、辩护、上诉、试图解决或执行与诉讼相关的保险权利。接收方不得将机密材料用于任何其他目的，包括任何商业目的或任何其他诉讼或程序，除非接收方和指定方书面签字同意，或者相应机密材料成为公共记录的一部分。

14.    本命令中的任何内容均不阻止任何一方使用自己的信息或文件或使用不受本命令约束的任何其他信息或文件，即使此类信息或文件与被另一方指定为机密材料的证据开示材料重复。

15.    提交给法院的机密材料的密封。如果任何一方的律师决定向法院提交任何机密材料或包含或引用机密材料的文件，该方应按照 Torres 法官个人惯例（第 IV.A.ii 部分）中描述的程序，请求本法院同意以密封方式提交或提交此类机密材料或文件，包括："提前与任何反对方（或寻求对信息进行保密处理的第三方，如有）会谈和协商，以缩小请求的范围。如果一方以对方或第三方要求为由，请求法院允许其提交密封或编辑后的材料，该方应通知对方或第三方必须在三天内提交一封信函，解释密封或编辑材料的必要性。

16.　　<u>机密材料的公开使用</u>。除非另有命令，否则如果任何一方决定在审判或公开法庭举行的任何庭审中使用任何机密材料，该方应提前十 (10) 个工作日通知相关指定方，并寻求根据 D 节质疑相应机密材料的指定。如果法院在相关提交截止日期前未根据第 19 条对司法干预请求做出裁决，则双方同意在法院做出裁决之前将相关机密材料密封提交。

**D.　　对指定的质疑**

17.　　任何有资格反对的一方或非当事方可以对任何证据开示材料被指定为机密材料提出质疑，包括为了在公开文件、审判或任何公开法庭的庭审中使用相应机密材料。任何此类质疑应执行如下程序。

18.　　<u>会谈和协商</u>。质疑机密材料指定的一方或非一方必须善意地进行质疑，并且必须首先向指定方和所有其他方的律师发送书面通知，说明其质疑指定的机密材料的具体信息（即 Bate 编号、页数范围、证词笔录行数等）以及质疑的依据。之后应召开会议，在通知各方律师后，与指定方的律师进行协商。其他方的律师可以参加此类会议，但不是必须参加。在协商时，提出质疑的一方或非当事方必须解释其认为机密性指定不合适的依据，并且必须给予指定方审查机密材料、重新考虑指定以及（如果指定方不更改指定）解释指定的依据。指定方必须在会议后五 (5) 个工作日内以书面形式对质疑做出回应。

19.　　<u>司法干预</u>。如果会谈和协商程序无效，提出质疑的一方和任何其他相关方可请求法院对此事做出裁决。该等各方应根据法院的个人惯例和适用的当地规则，书写一封联名信提交法院，描述争议。在法院对该争议做出裁决之前，机密材料应继续按指定的机密性对待。本命令中的任何内容，以及一方或非当事方根据本命令采取的任何行动或达成的协议，均不应限制本法院发布任何与任何证据开示材料的使用和披露相关的适当命令的权力。

20.　　本命令的规定无意转移任何举证责任，包括证明任何证据开示材料有效构成机密证据开示材料或高度机密证据开示材料的责任，该责任仍由指定方承担。接收方没有义务在指定方作出机密指定时即对其适当性提出质疑，接收方未提出质疑不阻止其随后提出质疑。

**E.　　诉讼结束**

21.　　在整个诉讼（包括上诉和允许使用机密材料的任何其他诉讼）结束后三十 (30) 天内，在指定方提出书面请求后，收到机密材料的所有人员应：(i) 采取善意和合理措施，将相应材料及其所有副本（包括摘要、摘录和衍生作品）返还给指定方，指定方承担返还的合理费用；或 (ii) 采取善意和合理措施销毁所有机密材料，并证明该机密材料已被销毁；但是，任何一方或非当事方的律师可以保留向法院提交的所有诉讼文件的完整文件以及与诉讼相关的任何律师工作成果，但前提是该律师应对此保密，除非经指定方同意或第 F 节中另有规定，否则不得向任何人披露相应机密材料。尽管本命令中有任何相反的规定，但如果指定方有相反的书面协议，包括但不限于指定方同意机密材料可用于另一法律程序，则无需销毁文件。本段中的任何内容均不应超越任何一方保存文件的法律义务。

22. 对机密材料的使用的限制应在诉讼结束后继续有效。仅在本诉讼未结束之前，法院应保留对受本命令约束的所有人的管辖权，以执行本命令项下产生的任何义务或对任何藐视行为实施处罚。在整个诉讼（包括上诉和允许使用机密材料的任何其他诉讼）结束后，任何关于机密材料的使用限制的争议将根据第 19 条和第 20 条在任何有管辖权的法院解决。

**F.　在其他诉讼中传唤或命令出示的机密材料**

23. 本命令中的任何内容都不阻止接收方根据合法传票或其他强制程序（统称"**法律要求**"）出示其拥有的任何机密材料。但是在法律允许的范围内，接收方应在请求允许的合理时间内尽快向指定方发出书面通知。在任何情况下，应在任何披露前至少十 (10) 个工作日发出该通知，除非法律禁止。此类通知必须随附法律要求的副本。收到此类通知后，指定方将承担反对遵守法律要求的责任。

24.　接收方还必须立即以书面形式通知法律要求的发出人，说明其要求的部分或全部材料受本命令约束，并在此过程中提供本命令的副本。

25.　当任何一方拥有、保管或控制从任何指定方收到的与诉讼有关的任何机密材料时，本节中规定的义务将一直有效。

26.　本节中的任何内容不得解释为授权或鼓励本诉讼中的接收方不服从另一法院或政府机构的合法指示。

**G.　法律要求或允许的披露**

27.　尽管此命令包含任何其他规定，本命令不限制或约束任何一方在法律要求或 1934 年《证券交易法》第 21(a)(2)、24(c) 和 24(f) 条以及据此颁布的《规则》第 24c-1 条允许的情况下，根据其限制和约束使用或披露任何保密材料，前提是任何接收人先行签署《保密协议》。

**H.　不放弃机密性或特权**

28.　<u>机密材料的披露</u>。如果接收方向本命令未授权接收机密材料的个人或实体披露机密材料，进行未经授权的披露的接收方应在获悉披露后立即：(i) 向接受披露的个人或实体告知披露的内容包含受本命令约束的机密材料；(ii) 尽合理努力收回披露的机密材料及其所有副本，并阻止接受披露的个人或实体进一步传播或使用；以及 (iii) 向指定方告知接受披露的个人或实体的身份、披露的相关情况以及为收回披露的机密材料和防止其进一步传播或使用而采取的措施。接收方不按照本命令的条款披露机密材料可能会被处以本法院认为适当的制裁和救济。

29.  如因疏忽或在无意中披露机密材料，无论相应信息或文件在披露时是否被指定为机密材料，都不应被视为指定方全部或部分放弃保密主张，无论是针对披露的特定信息或文件，还是针对有相同或相关主题的任何其他相关信息或文件。

30.  <u>受律师-客户特权或工作成果原则保护的证据开示材料的披露</u>。根据《联邦证据规则》第 502 条和《规则》第 26(b)(5)(B) 条，如果一方或非当时方通知任何接收方，其出示的证据开示材料受律师-客户特权、工作成果原则和/或任何其他适用的特权或豁免的披露保护（简称"**特权材料**"），则该披露不应被视为全部或部分放弃适用的特权或保护，无论是针对所披露的特定材料或信息，还是针对与其相关或有相同或相关主题的任何其他材料或信息。上述通知发出后，接收方应 (i) 在收到该通知或证据开示后的五 (5) 个工作日内销毁或返还相应特权材料的所有副本；(ii) 提供一份律师证明，证明所有相应特权材料已被退回或销毁；(iii) 如果接收方在收到关于特权主张的通知之前向任何个人或实体披露了文件，则应采取合理措施收回文件，并向出示相应特权材料的一方或非当事方发送书面通知，说明是否成功收回；(iv) 未经本法院进一步命令，不得将特权材料用于任何目的。任何一方或非当事方向任何接收方发出通知，告知其已披露特权材料时，必须在通知中提供或与通知同时提供足够的信息，以便接收方根据《规则》第 26(b)(5)(B) 条评估所提出的特权主张。接收方可以向法院申请命令，允许在诉讼中使用特许材料；但是，接收方不得主张向接收方披露特权材料即构成放弃特权。

**I. 修订**

31.　　如有正当理由，在根据适用《规则》和《当地规则》向各方发出通知后，任何一方均可随时修改本命令的条款。

**J. 非当事方的材料出示**

32.　　向非当事方发出传票的任何一方应通知该非当事方，本命令的保护适用于该非当事方。已经向非当事方发出传票的任何一方应通知该非当事方，本命令的保护适用于该非当事方。

33.　　除非本命令中明确规定，否则本命令不扩大、创建、限制或以其他方式改变任何非当事方根据《规则》（包括第 26(c) 条）、《当地规则》、本法院的个人惯例或适用的判例法寻求法院救济以便在收到一方的拟披露通知后保护其机密材料的权利。此外，除非本命令中明确规定，否则本命令不扩大、创建、限制或以其他方式改变任何一方可能拥有的根据前述规定以任何理由反对任何非当事方的救济请求的权利。

**K.** **不采纳**

34.　　本命令中的任何内容均不导致任何一方承认任何证据开示材料是相关的或可采纳为证据。各方特别保留根据适用法律（包括《规则》和《当地规则》反对使用证据开示材料或将其采纳为证据的权利。

**L.** **受约束人员**

35.　　本命令自签署之日起生效，并对双方、其律师和受本命令条款约束的人员具有约束力，包括出示受本命令约束的文件并被告知本命令的任何非当事方。如果其他方主动或被动地加入本诉讼，在新加入的当事方通过其律师签署并向法院提交本命令的副本之前，他们不得接触机密证据开示材料或高度机密证据开示材料。

**M.** **管辖法律**

36.　　本命令应根据纽约州法律解释。

**N.** **副本**

37.　　本命令可签署多份副本，每份副本应被视为原件，所有副本应共同构成同一份文书。通过传真或扫描交付经已签署的本命令签名页的副本应与交付本命令的亲笔签署副本具有相同效力。

约定并同意：

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. W axman
Jon A. Daniels
美国证券交易委员会
New York Regional Office
Brookfield Place
200 Vesey Street，Suite 400
New York, NY 10281
+1 (212) 336-9145

*美国证券交易委员会的律师*

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

*被告 Ripple Labs Inc. 的律师*

**约定并同意：**

_(signature)_

---

Dugan Bliss
(blissd@sec.gov)
Jorge G. Tenreiro
Daphna A. W axman
Jon A. Daniels
美国证券交易委员会
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
+1 (212) 336-9145

_美国证券交易委员会的律师_

Andrew J. Ceresney
(aceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

_(signature)_

---

Michael K. Kellogg
(mkellogg@kellogghansen.com)
Reid M. Figel
Kellogg, Hansen, Todd, Figel, & Frederick PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

_被告 Ripple Labs Inc. 的律师_

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*被告 Bradley Garlinghouse 的律师*

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*被告 Christian A. Larsen 的律师*

---

**特此命令。**

日期：2021 年 3 月 3 日
　　　纽约州纽约市

SARAH NETBURN
美国司法官

Matthew C. Solomon
(msolomon@cgsh.com)
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974- 1680

*被告 Bradley Garlinghouse 的律师*

Martin Flumenbaum /MRD

Martin Flumenbaum
(mflumenbaum@paulweiss.com)
Michael E. Gertzman
Meredith Dearborn
Justin D. Ward
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*被告 Christian A. Larsen 的律师*

**特此于今日，即** 2021 年 _____ 月 __ 日发布本命令。

_____
Analisa Torres
美国地区法院法官

**附录 A**

美国纽约南区联邦地区法院

| |
|---|
| 美国证券交易委员会 |
| 原告， |
| 诉 |
| RIPPLE LABS INC.、BRADLEY GARLINGHOUSE 和 CHRISTIAN A. LARSEN |
| 被告。 |

案件号：20-CV-10832 (AT)

## 保密协议

本人，_____，确认本人已收到、阅读并理解上述诉讼中关于不披露在诉讼中被指定为机密证据开示材料或高度机密证据开示材料的证据开示材料或其他材料的保护令。除非保护令的条款另外允许，否则本人不会向任何人披露此类机密证据开示材料或高度机密证据开示材料，并且在诉讼结束时，本人会将保护令中规定的所有证据开示材料返还向本人提供这些材料的当事方或律师。确认保护令规定的这些义务即表示，本人理解在解决由此产生的任何问题或争议时，本人要接受美国纽约南区联邦地区法院的管辖，本人故意违反保护令的任何条款可能会导致本人因藐视法庭而受到惩罚。

日期：_____

_____

姓名：

职位：