# EXHIBIT C



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

May 26, 2021

**VIA E-MAIL**

Lisa Zornberg, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Matthew Solomon, Esq.
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

Martin Flumenbaum, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Re:   *SEC v. Ripple, et al.*, 20-cv-10832 (S.D.N.Y.)

Dear Counsel:

We write in response to the following correspondence we received in the last two days: (1) Lisa Zornberg's May 24 letter; (2) Matt Solomon's May 24 letter; (3) Kristina Bunting's May 25 e-mail; and (4) Lisa Zornberg's May 25 e-mail.

At the outset, we reject your repeated, unfounded assertions that the SEC has in any way failed to comply with its discovery obligations. The SEC has taken, and continues to take, substantial, necessary and appropriate steps to comply with its obligations under the Court's April 6 and May 6 orders (D.E. 126-1 & 163), and your suggestions to the contrary are simply false.

To respond specifically to the points raised in your correspondence:

*First*, your complaint that the SEC's production of external communications is "lacking" (Zornberg Letter at 1) seems largely based on the fact that you have not found the documents you imagined you would in the SEC's production. The reality is that we have produced to you the vast majority of responsive, non-privileged external e-mail communications for the 19 custodians ordered by the Court. We expect to complete this production, along with the responsive, non-privileged e-mail communications of the 20th custodian we agreed to add, Eric Kringel, by the end of this week. Your assertion that that we have "made little effort to produce responsive documents reflecting the substance and content of" certain external meetings (*id.* at 1) is contradicted by the contents of your letter, which sets forth pages of detail regarding those meetings that you have collected from our document production (*id.* at 2–6). To the extent we identify any additional responsive documents

Lisa Zornberg, Esq.
Matthew Solomon, Esq.
Martin Flumenbaum, Esq.
May 26, 2021
Page 2

related to these meetings that were not already produced as part of the e-mail production, we will produce them, subject to a privilege assertion.

*Second*, you complain that we have not produced many documents relating to the SEC's meetings with other government regulators (*id.* at 1) but we have already told you that most of those communications would be protected by one or more privileges.  To reiterate what we told you at last week's meet and confer session, we are in the process of reviewing inter-agency communications for a number of potential privileges (including deliberative process privilege, law enforcement privilege, work product protection, and attorney-client privilege).  As we have also explained, with respect to certain of those privileges, the law requires personal review of the communications by a designated officer of the agency before the privilege can be invoked on behalf of the agency.  As such, we explained to you that the privilege review and logging process will take some time, but we are working expeditiously to complete the review.

*Third,* and relatedly, you complain that we have not produced a privilege log or committed "to a date certain" for producing a privilege log.  (*Id.* at 2.)  This statement is perplexing, as we have asked numerous times for a meet and confer to discuss the timing of the exchange of privilege logs and other issues associated with privilege logs.  You have declined our repeated offers to engage in this process.  We suggest the parties agree to exchange privilege logs by June 18.  As we have told you more than once, we are happy to meet and confer about prioritizing certain portions of the privilege log (by date or by some other criteria) and producing those portions on a rolling basis—assuming, of course, that Defendants would be willing to do the same.

*Fourth*, as we explained at last week's meet and confer, we have been working on identifying the relevant communications sent to the Office of Investor Education and Advocacy ("OIEA").  We expect to produce responsive documents by the end of this week.  Your letter suggests we agreed to produce communications "to and from" the OIEA (Zornberg Letter at 7), but we did not.  You had requested that we "search the OIEA database" (Ceresney April 8, 2021 letter), which we agreed to do and have done.  That database contains communications received by OIEA, and we will be producing such responsive communications.  We will not be producing responses provided by OIEA personnel, if any, as such responses are not a part of the database.  We also will not be producing documents from the FinHub electronic mailbox, as such documents are not within the scope of the Court's orders and you are belatedly raising this request after the appropriate scope of this discovery has been briefed and argued multiple times before the Court.

*Fifth*, as we explained in our May 18 letter, we disagree with your reading of the Court's May 6 order.  (Solomon Letter at 1.)  To summarize, Judge Netburn ordered that "[i]ntra-agency memoranda or formal position papers discussing Bitcoin, Ethereum, and XRP must be searched for and produced subject to a privilege assertion."  (D.E. 163.)  There is nothing in the foregoing that requires us to undertake any particular type of search.  As ordered, we are conducting a thorough, diligent "search" as outlined in our previous letters and will "produce[] subject to a privilege assertion" any responsive documents.

Lisa Zornberg, Esq.
Matthew Solomon, Esq.
Martin Flumenbaum, Esq.
May 26, 2021
Page 3

You also have mischaracterized our search protocol, as set forth in our May 18 letter. We do not propose "to simply ask each of the 20 custodians to identify any documents of which they were aware," as you assert. (Solomon Letter at 1.) Rather, as explained in the May 18 letter, we are conducting a significant e-mail review, to be supplemented by interviews. Specifically, we are reviewing any internal e-mails discussing Bitcoin, Ethereum, and XRP of the three Chairs and Acting Chairs of the SEC during the relevant period, as well as two additional SEC Commissioners identified by Defendants as custodians. Again, this e-mail review is highly likely to capture any "Division reports, final reports of internal working groups, or formal position papers submitted to the Commissioners," as described by the May 6 order. We are also conducting reviews of e-mails of additional custodians, as appropriate, as well as custodian interviews to capture additional responsive documents. The Court's order did not require that we search the entirety of the e-mails of 20 custodians, and we see no reason to do so. In any event, rest assured that we take our obligations under the Court's orders seriously and are comfortable that the protocols we are employing constitute reasonable and good faith efforts to identify responsive documents.

We have made rolling productions of responsive documents on April 14, April 23, April 30, and May 7, and anticipate making another production this week. We will continue to make rolling productions and will make every effort to complete our production as soon as possible, and no later than June 18—two weeks before the current close of discovery and the date Defendants have committed to complete their productions.

*Finally*, we have been producing to you on a rolling basis documents we have received in response to our requests for assistance to foreign regulators. To date, we have produced to you documents from MercuryFX (April 16 production), BC Remittance (May 5 production), GateHub (May 5 production), Revolut (April 16 and May 5 productions), and Transpaygo (April 16 production). To the extent we receive additional productions from foreign regulators, we will produce them to you.

                                         Sincerely,

                                         /s Ladan F. Stewart

                                         Ladan F. Stewart