KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

June 14, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, NY 10007

Re:   *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen (the "Individual Defendants," and, collectively, "Defendants") submit this reply in support of their June 4 request for a Local Rule 37.2 conference.

The SEC claims that it has mooted three of the four issues in dispute.

- FinHub Emails: The SEC acknowledges (at 2) that the FinHub electronic mailbox is a "relevant repositor[y]," Apr. 6, 2021 Hr'g Tr. 52, for emails pertaining to bitcoin, ether, and XRP. The SEC commits (at 2-3) to a rolling production of these materials and will "make every effort to complete" its production by the close of discovery on July 2.

- OIEA Documents: The SEC also acknowledges (at 3) — as the April 6 Order itself makes clear (Apr. 6, 2021 Hr'g Tr. 52-53) — that it had an obligation to produce not only the OIEA public inquiries but also the answers it gave to those inquiries. The SEC commits (at 3) to produce these documents "by June 18."

- Internal Documents: Finally, the SEC promises (at 1, 3) to "substantially" complete its production of "intra-agency memoranda or formal position papers" by June 18 and to provide a "rolling" privilege log starting on that date and to be completed by the close of discovery on July 2.

The SEC chides Defendants for failing to complete the meet-and-confer process because the SEC was allegedly on the verge of making these concessions. Yet the SEC categorically denied the first two points as recently as May 26, 2021. *See* ECF No. 220-1 at 2 ("We will not be producing responses provided by OIEA personnel . . . . We also will not be producing documents from the FinHub electronic mailbox . . . ."). As for the internal memoranda, the SEC

Hon. Sarah Netburn
June 14, 2021
Page 2

refused to offer any deadline for their production, *id*. at 2-3, and disparaged the entire process to the Court as "irrelevant and needless," ECF No. 205 at 14. As of today, the SEC has still not produced a single "intra-agency memorand[um] or formal position paper[ ]" covered in the Court's April 6 Order. Had the SEC made these concessions in a timely manner, Defendants would not have sought judicial intervention. In light of the SEC's written concessions to the Court, Defendants withdraw these three items without prejudice to returning to the Court if the SEC fails to follow through on its commitments.

That leaves only the Defendants' request for SEC internal trading policies on digital assets and/or virtual currencies. The SEC says (at 3-4) that the documents are irrelevant to the issues before the Court. That is incorrect. The SEC's own trading policies are likely to show — for example — that the SEC did not consider XRP and other digital assets like XRP to be securities, or that the SEC considered XRP to be substantially similar to other digital assets (like bitcoin) that it has expressly stated are not securities. That is relevant, circumstantial evidence of what an objective purchaser would have understood about the regulatory status of those digital assets.

It is also evidence that is critical for the Individual Defendants' defenses against the SEC's allegations of recklessness, which has an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994) ("recklessness" requires "an unjustifiably high risk of harm that is either known or *so obvious that it should be known*") (emphasis added). If the SEC itself did not classify XRP as a security, that would be highly relevant to the question whether it should have been "so obvious that it should be known" to the Individual Defendants that XRP was a security. *Cf.* Apr. 6, 2021 Hr'g Tr. 51:11-16 ("[T]he discovery related to Bitcoin and Ether is relevant . . . as to the objective review of defendants' understanding in thinking about the aiding and abetting charge . . . ."). And if the relevant law "allow[s] for more than one reasonable interpretation," as would be evidenced by the SEC's own interpretation of the law as embodied in its internal policies, a defendant "who merely adopts one such interpretation" cannot be held liable for recklessly violating the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n.20 (2007). The SEC has charged the Individual Defendants with allegedly reckless conduct for the entirety of their respective tenures working for Ripple; if at any point during that period the SEC failed to classify XRP as a security in connection with their own policies, then surely the Individual Defendants could not have been reckless in believing that XRP was not a security.

The SEC's only objection to this argument is that its internal trading policies were not publicly known and could not have been known to the Individual Defendants. But that is irrelevant; as a matter of law, all that matters is whether these policies could provide relevant evidence of whether the Individual Defendants were objectively reckless or whether there was a reasonable interpretation of the statute consistent with the Individual Defendants' conduct. The SEC's trading policies may help the Individual Defendants to prove these defenses, and this is

Hon. Sarah Netburn
June 14, 2021
Page 3

exculpatory evidence for the Individual Defendants regardless of whether the policies were known publicly. The Court should compel their production.[1]

Respectfully submitted,

/s/ Michael K. Kellogg
Michael K. Kellogg

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN & HAMILTON

2112 Pennsylvania Avenue, NW
Washington, DC 20037
+1 (202) 974-1680

*Counsel for Defendant Bradley Garlinghouse*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Counsel for Defendant Christian A. Larsen*

---

[1] The SEC's contention (at 4 n.4) that it would be "burdensome" to produce these policies because of "changes and updates" is unconvincing. For enforcement purposes, it would be standard practice to retain a chronological record of any such changes and updates.