UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                            Plaintiff,

       -against-

RIPPLE LABS, INC., et al.,

                            Defendants.

----------------------------------------------------------------X

20-CV-10832 (AT) (SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/2021

**SARAH NETBURN, United States Magistrate Judge:**

On May 25, 2021, the Securities and Exchange Commission (the "SEC") filed a discovery motion requesting that the Court issue an order (1) permitting the SEC to notice six additional depositions; (2) compelling Defendant Ripple Labs, Inc. ("Ripple") to search the records of five additional custodians; (3) compelling Ripple to produce records relevant to post-Complaint XRP transactions and efforts; and (4) compelling Ripple to produce records relevant to its lobbying efforts. The motion is GRANTED IN PART and DENIED IN PART.

The Court GRANTS the SEC leave to conduct five additional depositions of (1) Christian Gil, (2) Ron Will, (3) Ethan Beard, (4) Phil Rapoport, and (5) Ryan Zagone. Fed. R. Civ. P. 30(a)(2)(A)(i). The SEC's request for a sixth deposition pursuant to Rule 30(b)(6) so that it may "cover any gaps in knowledge that these witnesses may have" is DENIED without prejudice as unripe. Based on the record before the Court, it is impossible to determine what topics would be noticed for any Rule 30(b)(6) deposition or why such deposition was not noticed among the first ten depositions.

The Court ORDERS Ripple to search for responsive documents from Ryan Zagone and Cameron Kinloch. The SEC's request to order Ripple to search the records of its General Counsels and Deputy General Counsel is DENIED, as the Court interprets these requests to be highly burdensome, likely to be mostly privileged communications, and unreasonably cumulative or duplicative of searches already performed. See Fed. R. Civ. P. 26(b)(2).

The SEC's request to compel production of documents post-dating the complaint is DENIED without prejudice. If, after the parties have exchanged expert reports, it becomes clear that Ripple's expert relied upon documents that, in fairness, requires the SEC to review post-complaint documents, the SEC may renew its application.

Finally, the SEC's request to compel production of documents related to Ripple's lobbying efforts is DENIED. As discussed in the Court's earlier Opinion and Order denying access to Ripple's privileged communications, Ripple's fair notice defense centers on the activities of the SEC, not its own behaviors. See ECF No. 210 at *8 ("Ripple focuses on the SEC's failure to provide fair notice to the market about the *Commission's* state of mind as to whether XRP qualified as a security. It is not clear that such a defense even requires that a defendant act in good faith.") (citing United States v. Salerno, 505 U.S. 317, 323 (1992)). In the same vein, Ripple's lobbying efforts regarding the status of XRP are not relevant; and any relevancy argument is outweighed by the burden of production.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dates:  June 15, 2021
        New York, New York