# Exhibit D

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

June 11, 2021

*Via Electronic Mail*

Ladan F. Stewart
U.S. Securities and Exchange Commission
Division of Enforcement
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281

      Re:    *SEC v. Ripple Labs, Inc., et al.*, 20-cv-10832 (S.D.N.Y.) (AT) (SN)

Dear Ms. Stewart:

      We write on behalf of Ripple Labs, Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen (the "Individual Defendants"; together with Ripple, "Defendants") in response to your letter of June 7, 2021. During our meet-and-confer on Friday, June 4, 2021, the SEC acknowledged that it does not — and cannot — represent Mr. Hinman. Although Ripple recognizes that, at his deposition, the SEC may instruct Mr. Hinman not to answer various questions based on the assertion of various privileges, the law confers standing on the SEC to seek a protective order precluding Mr. Hinman's deposition only upon a showing of "good cause." Fed. R. Civ. P. 26(c). Your letter fails to demonstrate how the SEC can meet that standard, or why the Court should bar Mr. Hinman's deposition altogether instead of adjudicating any privilege issues as they arise. *E.g., Engelmann v. Nat'l Broad. Co.*, No. 94 CIV. 5616 (MBM)(AJP), 1995 WL 214500, at *1 (S.D.N.Y. Apr. 10, 1995) (noting that the "proper course" is for a deponent to "appear for his deposition, answering those questions not implicating any privilege and objecting only to those specific questions" that do); *Am. High-Income Tr. v. AlliedSignal Inc.*, No. 02 Civ. 2506 (LTS)(JCF), 2006 WL 3545432, at *2 (S.D.N.Y. Dec. 8, 2006) ("it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition" (internal quotation marks and citation omitted)).

      *First*, we see no basis for your claim (at 1) that Mr. Hinman is a "high-ranking government official" under *United States v. Morgan*, 313 U.S. 409, 422 (1941). He is not. Mr. Hinman served from 2017 to 2020 as the Director of the Division of Corporate Finance, an important position, to be sure, but only one of many staff supervisory positions. *See U.S.*

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Ladan F. Stewart
June 11, 2021
Page 2

*Securities and Exchange Commission Organizational Chart – Text Version*, https://www.sec.gov/about/orgtext.htm (last accessed June 9, 2021) (listing Corporate Finance as one of twenty-nine divisions and offices reporting to the Office of the Chairman). Mr. Hinman was neither a member of an executive branch department nor a Presidential appointee. He served at the discretion of the SEC's Chairman. As you have argued to the Court *in this litigation*, Mr. Hinman was merely "an SEC employee." Pl.'s Mem. of Law in Support of Mot. to Strike at 20, ECF No. 132. The so-called *Morgan* doctrine "generally only [ ] applie[s] to government officials who are at the 'apex' of their organization," *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 01570 (GBD)(SN), 2020 WL 8611024, at *12 (S.D.N.Y. Aug. 27, 2020) (Netburn, J.), *objections overruled*, 2021 WL 2227204 (S.D.N.Y. June 2, 2021). Your reliance on cases raising concerns about imposing undue burdens on sitting, senior executive branch officials is therefore doubly misplaced. Because Mr. Hinman is a former SEC employee, taking his deposition will not interfere with any ongoing public responsibilities. *See Victory v. Pataki*, No. 02-CV-0031 (SR), 2008 WL 4500202, at *2 (W.D.N.Y. Sept. 30, 2008) (stating that "[t]here can be no question [ ] that a deposition of a former official can no longer pose the risk of interfering with governmental duties"; allowing deposition of former Governor of New York).

*Second*, your related suggestion (at 1) that Ripple is not entitled to take testimony from Mr. Hinman unless it demonstrates that his evidence "cannot be obtained through other, less burdensome or intrusive means," incorrectly recites the governing legal standard. Courts apply the test articulated in *Lederman v. N.Y. City Dept. of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013), less strictly when a party seeks to depose a former — rather than current — government official. *See, e.g., In re Terrorist Attacks on Sept. 11, 2001*, 2020 WL 8611024, at *12 ("[A]lthough the doctrine applies to former officials, the fact that they are not current high-ranking officials is a factor when considering whether the information can be obtained through less burdensome means and whether the deposition will interfere with the official's government duties." (internal quotation marks and citation omitted)).[1]

*Third*, we cannot accept your suggestion that Mr. Hinman's testimony should be postponed until Judge Torres has ruled on the SEC's motion to strike Ripple's Fourth Affirmative Defense. Judge Netburn has repeatedly rejected this argument, and we are aware of no lawful basis for the SEC's argument that Ripple's right to conduct discovery is somehow dependent on the outcome of a pending motion to dismiss an affirmative defense. Judge Torres

---

[1] Your letter suggests that Ripple's notice of Mr. Hinman's deposition is improper, citing as authority two transcripts from an oral argument in a District of Massachusetts case, *SEC v. Navellier*, 17-cv-11633 (D. Mass. 2019), that you contend (at 2) is "squarely on point." In *Navellier*, the defendant noticed the depositions of a current SEC Enforcement Director and former Commissioner to bolster its selective enforcement claim. *See* May 20, 2019 Hr'g Tr. at 6-7, *Navellier*, ECF No. 210. Both submitted declarations that they had no first-hand knowledge of either the underlying SEC investigation or the lawsuit. *Id.* at 8; *see also* Notice of Depositions, *Navellier*, ECF No. 169-2; Aff. of Stephanie Avakian, *Navellier*, ECF No. 169-3. Even if an unpublished, out-of-circuit order could bind this Court, the Court in *Navellier* merely observed that it was "content that Morgan controls . . . specifically based on two declarations before [it]." May 20, 2019 Hr'g Tr. at 8, *Navellier*, ECF No. 210. No comparable affidavit has been — or could be — filed here.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Ladan F. Stewart
June 11, 2021
Page 3

has not stayed discovery. Fact discovery closes in less than a month. And Judge Netburn never predicated Ripple's right to obtain relevant discovery on the success of its fair notice defense. To the contrary: she accepted several other bases to support Ripple's right to discovery of the type of evidence that Ripple seeks from Mr. Hinman. *See* Apr. 6 Hr'g Tr. at 51:12-16 ("I think it is relevant to the Court's eventual analysis with respect to the *Howey* factors, but I also think it is relevant as to the objective review of defendants' understanding in thinking about the aiding and abetting charge or aiding and abetting count. I also think it is relevant to the fair notice defense that Ripple is raising."). Your suggestion that Mr. Hinman's deposition should not proceed pending adjudication of your challenge to Ripple's fair notice defense would prevent Ripple from investigating and seeking evidence to support a variety of potential defenses, including evidence relevant to the "character [XRP] is given in commerce." *Marine Bank v. Weaver*, 455 U.S. 551, 556 (1982) (quoting *SEC v. United Ben. Life Ins. Co.*, 387 U.S. 202, 211 (1967)). Further, it is ironic to suggest that Mr. Hinman's deposition should be postponed pending the resolution of your motion to strike, while at the same time seeking additional discovery based on the argument that Ripple effected a privilege waiver merely by pleading that defense.

*Fourth*, Mr. Hinman has unique, first-hand knowledge of evidence that may be directly relevant to Ripple and the Individual Defendants' defenses and information reasonably calculated to assist in the discovery of relevant evidence. Ripple has made diligent efforts, apart from deposing Mr. Hinman, to identify evidence in the possession of the SEC that reflects the understanding of market participants as to whether XRP was a security subject to the registration requirements of the Securities Act of 1933. Your letter disingenuously suggests (at 2) that Ripple is "free to contact those participants," but Ripple has sought without success to learn from the SEC who those participants might be. Mr. Hinman is in a unique position to provide direct evidence (evidence that Judge Netburn has previously ruled is discoverable) about his individual communications on these issues, as well as to provide leads to other relevant evidence. *See, e.g.*, Email from M. Seaman to J. Lubin (Apr. 20, 2018), CONSENSYS000045 (noting upcoming meeting between Mr. Hinman and ConsenSys, shortly before Mr. Hinman's speech); Email from M. Seaman to J. Lubin (May 10, 2018), CONSENSYS000053 (confirming that meeting occurred). Thus, evidence regarding the totality of Mr. Hinman's communications with third parties regarding certain digital assets is a critical element of various defenses that may be asserted by Defendants, as well as to the specific state of mind and any other potential defenses of the Individual Defendants.

*Fifth*, contrary to your suggestion, Mr. Hinman likely communicated directly with third parties when preparing for his speech, in which he remarked on his understanding of the views of market participants. *See, e.g.*, William Hinman, Director, SEC Division of Corporate Finance, *Remarks at the Yahoo Finance All Markets Summit: Digital Asset Transactions: When Howey Met Gary (Plastic)* (June 14, 2018) (noting Mr. Hinman and the SEC's "engagement" with "market participants [ ] working to make their services compliant with the existing regulatory framework"), https://www.sec.gov/news/speech/speech-hinman-061418. Your concern (at 2) that his testimony may result in "speculative hearsay" about market perceptions about XRP is not

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Ladan F. Stewart
June 11, 2021
Page 4

a basis to object to his deposition. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). And the SEC does not have standing to move either for a protective order or to quash the subpoena on Mr. Hinman's behalf based on your concerns that we might be seeking information you consider irrelevant. *See, e.g., United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016).

*Sixth*, we reject your assertion (at 2) that "it is not appropriate to depose Mr. Hinman" in order to discover the extent to which his speech is admissible under Fed. R. Civ. P. 801(d) as a statement of the SEC. Ripple has the right to seek evidence that tends to show that the SEC either approved, or adopted, Mr. Hinman's speech. Potentially relevant facts include whether the speech was reviewed or approved by the Chair or other Commissioners before it was delivered and the circumstances surrounding the transmission of the speech to Congress, accompanied by a note indicating that it set forth the criteria the SEC uses to determine whether a digital asset is offered or sold as an investment contract. *See, e.g.*, Letter from Jay Clayton, Chairman, SEC, to the Hon. Ted Budd, U.S. House of Reps. (Mar. 7, 2019) (stating that "the Commission has been transparent with the criteria used to determine whether a digital asset is offered or sold as an investment contract" and citing Mr. Hinman's speech as an example of the agency's transparency); *see also* Fed. R. Evid. 801(d)(2)(B) (statement that an opposing party "manifested that it adopted or believed to be true" is admissible against that party). Ripple is entitled to discovery of facts that may be relevant to the bases on which Mr. Hinman's speech may be admitted at trial. *See United States v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010) (noting "the fact-specific nature of a hearsay inquiry" (internal quotation marks and citation omitted)).

*Finally*, you fail to explain why Ripple is not entitled to depose Mr. Hinman to identify the bases for, and to explore and test the contours of, the SEC's assertion of the deliberative process privilege. Among other things, Ripple is entitled to seek foundational information as to whether preparing and delivering this speech is protected by the *agency's* deliberative process privilege. The deliberative process privilege allows the government to withhold "an inter- or intra-agency document" from disclosure "if it is: (1) predecisional, *i.e.*, prepared in order to assist an agency decisionmaker in arriving at his decision, and (2) deliberative, *i.e.*, actually related to the process by which policies are formulated." *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (alterations and internal quotation marks omitted). You have failed to note any agency "decision" to which the speech led, or explained the role that Mr. Hinman's speech played in the formulation (as opposed to the exposition) of agency policy.[2]

We do not believe there is any legitimate basis for the SEC to move to quash our subpoena to Mr. Hinman, or to seek a protective order with respect to his deposition. We are

---

[2] The converse is not true; if Mr. Hinman's speech was adopted by the agency as its own action, then documents and communications leading up the speech might or might not be protected by the deliberative process privilege, depending on whether the other requirements for the privilege were met.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Ladan F. Stewart
June 11, 2021
Page 5

available to discuss this matter further if you believe that further meet-and-confer discussions could be productive.

    As of now, we expect Mr. Hinman to appear for his deposition on June 30 as noticed. We repeat our request that the SEC provide us with contact information for his counsel.

Reid M. Figel