# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and
CHRISTIAN A. LARSEN,

Defendants.

No. 20 CV 10832 (AT) (SN)

## INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)
## OF DEFENDANT RIPPLE LABS INC.

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Ripple Labs Inc. ("Ripple") makes the following Initial Disclosures by and through its undersigned counsel.

Ripple's investigation of the claims and defenses in this action is ongoing, and the disclosures below are based on information reasonably available to Ripple at this time following a good faith inquiry.  Ripple reserves the right to further supplement, correct, amend, or modify its disclosures and/or produce additional information during the course of this action and to rely on such information as evidence in this action, and to identify additional witnesses likely to have discoverable information that Ripple may use to support its defenses, pursuant to Fed. R. Civ. P. 26(e).

Ripple makes these disclosures without waiving in any manner:  (1) the right to object on any basis permitted by law to the use of any disclosure of information contained herein for any purpose in any subsequent proceeding in this or any other action; (2) the right to object on any basis permitted by law to any discovery request or proceeding involving or related to the subject matter of these disclosures; (3) any claim of privilege, work product, or other applicable protection from discovery; and (4) the right to later object to the relevancy, materiality,

1

admissibility, or privileged status of any material or other matters disclosed herein at any time, including at the trial of this or any other action.

These disclosures do not include information concerning matters outside the scope of Fed. R. Civ. P. 26(a)(1).   All other disclosures required under the Federal Rules of Civil Procedure will be made in accordance with the rules and the Court's Civil Case Management Plan and Scheduling Order (ECF No. 48).

> **(i)      The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

ANSWER:     Set forth below are the names and addresses of the individuals and entities likely to have discoverable information – along with the subjects of that information – that Ripple may use to support its defenses, unless the use would be solely for impeachment.

> 1)  Bradley Garlinghouse
>       Chief Executive Officer
>       Ripple Labs Inc.
>       315 Montgomery Street, 2nd Floor
>       San Francisco, CA 94104
>       ***Contact only through undersigned counsel for Ripple and Mr. Garlinghouse's counsel at Cleary Gottlieb Steen & Hamilton LLP.***

Mr. Garlinghouse likely will have discoverable information related to Ripple's business, its purpose and objectives, information regarding the functionality and use in commerce of XRP, Ripple's products, Ripple's distributions and purchases of XRP, Ripple's escrow of XRP, Ripple's agreements with third-parties, the Xpring initiative, RippleX, Ripple's compliance with regulations applicable to its business and transactions in XRP, and the allegations in the SEC's Complaint and responses and defenses in Ripple's Answer that are within Mr. Garlinghouse's knowledge.

2) Christian Larsen
      Executive Chairman
      Ripple Labs Inc.
      315 Montgomery Street, 2nd Floor
      San Francisco, CA 94104
      ***Contact only through undersigned counsel for Ripple and Mr. Larsen's counsel at Paul, Weiss, Rifkind, Wharton & Garrison LLP.***

Mr. Larsen likely will have discoverable information related to Ripple's founding, Ripple's business, its purpose and objectives, information regarding the design of the XRP Ledger and XRP, Ripple's products and initiatives, Ripple's distributions and purchases of XRP, Ripple's escrow of XRP, Ripple's agreements with third-parties, Ripple's compliance with regulations applicable to its business and transactions in XRP, Ripple's 2015 settlement with the United States Attorney's Office for the Northern District of California and the Financial Crimes Enforcement Network (FinCEN), the functionality and use in commerce of XRP, and the allegations in the SEC's Complaint and responses and defenses in Ripple's Answer that are within Mr. Larsen's knowledge.

3) David Schwartz
      Chief Technology Officer and Chief Cryptographer
      Ripple Labs Inc.
      315 Montgomery Street, 2nd Floor
      San Francisco, CA 94104
      ***Contact only through undersigned counsel for Ripple.***

Mr. Schwartz likely will have discoverable information related to the design of the XRP Ledger and XRP, the functionality and use in commerce of XRP, Ripple's products and initiatives, Ripple's escrow of XRP, and the allegations in the SEC's Complaint and responses and defenses in Ripple's Answer that are within Mr. Schwartz's knowledge.

4)  Asheesh Birla
General Manager, RippleNet
Ripple Labs Inc.
315 Montgomery Street, 2nd Floor
San Francisco, CA 94104
*Contact only through undersigned counsel for Ripple.*

Mr. Birla likely will have discoverable information related to Ripple's business, its purpose and objectives, information regarding XRP's design, the functionality and use in commerce of XRP, Ripple's products and initiatives, Ripple's agreements with third-parties, and the allegations in the SEC's Complaint and responses and defenses in Ripple's Answer that are within Mr. Birla's knowledge.

5)  Monica Long
General Manager, RippleX
Ripple Labs Inc.
315 Montgomery Street, 2nd Floor
San Francisco, CA 94104
*Contact only through undersigned counsel for Ripple.*

Ms. Long likely will have discoverable information related to Ripple's business, its purpose and objectives, Ripple's communications and marketing, information regarding XRP's design, the functionality and use in commerce of XRP, Ripple's products and initiatives, Ripple's agreements with third-parties, and the allegations in the SEC's Complaint and responses and defenses in Ripple's Answer that are within Ms. Long's knowledge.

6)  Miguel Vias
Former Head of XRP Markets
Ripple Labs Inc.
*Contact only through undersigned counsel for Ripple and counsel for Mr. Vias.*

Mr. Vias likely will have discoverable information related to Ripple's business, its purpose and objectives, the functionality and use in commerce of XRP, Ripple's products and initiatives, Ripple's distributions and purchases of XRP, Ripple's escrow of XRP, Ripple's

agreements with third-parties, and the allegations in the SEC's Complaint and responses and defenses in Ripple's Answer that are within Mr. Vias' knowledge.

7)  Patrick Griffin
     Former Senior Vice President of Business Development
     Ripple Labs Inc.
     ***Contact only through undersigned counsel for Ripple and counsel for Mr. Griffin.***

Mr. Griffin likely will have discoverable information related to Ripple's business, its purpose and objectives, Ripple's distributions and purchases of XRP, Ripple's escrow of XRP, Ripple's agreements with third-parties, and the allegations in the SEC's Complaint and responses and defenses in Ripple's Answer that are within Mr. Griffin's knowledge.

8)  William Hinman
     Former Director, Division of Corporation Finance
     Securities and Exchange Commission
     Simpson Thatcher & Bartlett LLP
     900 G Street, NW
     Washington, D.C. 20001

Mr. Hinman likely will have discoverable information related to the SEC's regulations, policies, and guidance relating to the regulation of digital assets under the federal securities laws, the determination that bitcoin and ether were not securities, the relevance of decentralization for the evolution of digital assets from being classified as securities, as well as the SEC's communications with Ripple and third parties regarding the regulatory status of XRP and other digital assets.

9)  Valerie Szczepanik
     Head of Strategic Hub for Innovation and Financial Technology
     Securities and Exchange Commission
     100 F Street, NE
     Washington, DC 20549

Ms. Szczepanik likely will have discoverable information related to the SEC's regulations, policies, and guidance relating to the regulation of XRP and other digital assets

under the federal securities laws, the determination that bitcoin and ether were not securities, the relevance of decentralization for the evolution of digital assets from being classified as securities, as well as the SEC's communications with Ripple and third parties regarding the regulatory status of XRP and other digital assets.

> 10) Elizabeth Baird
> Deputy Director of Trading and Markets
> Securities and Exchange Commission
> 100 F Street, NE
> Washington, DC 20549

Ms. Baird likely will have discoverable information related to the SEC's regulations, policies, and guidance relating to the regulation of XRP and other digital assets under the federal securities laws as well as the SEC's communications with Ripple and third parties regarding the regulatory status of XRP and other digital assets.

> 11) Amy Starr
> Chief, Office of Capital Markets Trends
> Securities and Exchange Commission
> 100 F Street, NE
> Washington, DC 20549

Ms. Starr likely will have discoverable information related to the SEC's regulations, policies, and guidance relating to the regulation of XRP and other digital assets under the federal securities laws as well as the SEC's communications with Ripple and third parties regarding the regulatory status of XRP and other digital assets.[1]

---

[1]     In addition, Ripple expects to identify during the course of discovery additional witnesses at the SEC who likely will have discoverable information about (*i*) the SEC's awareness that there was a lack of clarity in the market about how the SEC viewed XRP, (*ii*) the SEC communications with third parties in which the SEC, even when asked for clarification, did not state that XRP was a security, and (*iii*) the preparation for and drafting of public statements by SEC officials, including William Hinman, about whether certain digital assets would be considered securities by the SEC.  The identities of these witnesses is uniquely within the SEC's knowledge and Ripple has sought discovery into their identities.

12) The entities identified in Table 1:

| Table 1.  Third Parties Likely to Have Discoverable Materials | |
| --- | --- |
| **Entity Name** | **Address, If Known** |
| Coinbase, Inc. | 548 Market Street, Suite 23008<br>San Francisco, CA 94104 |
| Consensys Software Inc. | 49 Bogart St #22<br>Brooklyn, NY 11206 |
| Ethereum Foundation | Zeughausgasse<br>6300 Zug, Switzerland |
| GSR Markets Limited | 6 Shenton Way #25-08<br>Oue Downtown<br>Singapore (068809) |

The third parties included in Table 1 will, or may, have discoverable information related to the specific documents requested for their respective productions, made in response to the subpoenas issued by the parties to this case.

**(ii)     A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

ANSWER:     The following is a list of categories of documents, electronically stored information, and tangible things in Ripple's possession, custody, or control currently believed to contain discoverable information, and that Ripple may use to support its defenses:[2]

---

2     Ripple believes that the SEC and third parties are likely to possess discoverable information and documents.  In addition to any categories of documents and information identified in the SEC's initial disclosures, Ripple anticipates learning of these documents throughout discovery.  Ripple reserves the right to rely on such documents and information and will supplement these disclosures as necessary pursuant to Rule 26(e)(1), including through making additional information available to other parties during the discovery process.

1. Any and all pleadings and other documents filed in this matter.  Copies of these documents are believed to be in the possession of all parties and are publicly available on the Court's CM/ECF system;

2. Any and all documents previously produced by Ripple to the SEC in relation to this matter.  Copies of these documents are believed to be in the possession of Ripple and the SEC.

3. Any and all documents previously produced by the SEC to Ripple in relation to this matter.  Copies of these documents are believed to be in the possession of Ripple and the SEC.

4. Documents regarding and/or related to Ripple's founding, Ripple's business, Ripple's purpose and objectives, information regarding XRP's design, Ripple's products and initiatives, Ripple's distributions and purchases of XRP, Ripple's escrow of XRP, Ripple's agreements with third-parties, Ripple's compliance with regulations applicable to its business and transactions in XRP, and the functionality and use in commerce of XRP.  Such documents are located at Ripple's offices at 315 Montgomery Street, 2nd Floor, San Francisco, CA 94104.

**(iii) A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

ANSWER: Ripple has not asserted any claim for damages.

**(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

ANSWER: The following insurance policies may apply to satisfy, indemnify, or reimburse Defendants for a possible judgment in this action: Endurance Risk Solutions

Assurance Co. Insurance for Alternative Investment Professionals Policy No. AIP10009754001;

Argonaut Insurance Company Excess Insurance Policy Nos. MLX 7602891-00, MLX 4208873-00; Paragon International Insurance Brokers, Ltd. Excess Insurance Policy No. B0146ERUSA1801006, B0146ERUSA1801013; Hallmark Specialty Insurance Company Excess Professional Liability Insurance Policy No. 74PV000231-0; ANV Global Services Inc. Excess Professional Liability Insurance Policy No. ANV118749A, and these policies are available to Plaintiff for inspection and copying upon request pursuant to Fed. R. Civ. P. 34.

Dated:       New York, New York
             March 8, 2021

                              DEBEVOISE & PLIMPTON LLP

                              By: _____

                              Mary Jo White
                              Andrew J. Ceresney
                              (aceresney@debevoise.com)
                              Lisa Zornberg
                              Christopher S. Ford
                              Joy Guo

                              919 Third Avenue
                              New York, NY 10022
                              212-909-6000

                              KELLOGG, HANSEN, TODD, FIGEL &
                              FREDERICK PLLC

                                   Michael K. Kellogg
                                   Reid M. Figel

                              Sumner Square
                              1615 M Street, NW, Suite 400
                              Washington, DC 20036
                              202-326-7900

                              *Attorneys for Defendant Ripple Labs Inc.*