# Exhibit H

L5l2SECc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES and EXCHANGE
COMMISSION,

                Plaintiff,

           v.                            20 Civ. 10832 (AT)(SN)

RIPPLE LABS, INC., et al.,

                Defendants.
------------------------------x
                                         New York, N.Y.
                                         May 21, 2021
                                         2:00 p.m.
Before:

                        HON. SARAH NETBURN,

                                         U.S. Magistrate Judge


                            APPEARANCES


SECURITIES and EXCHANGE COMMISSION
     Attorneys for Plaintiff SEC
BY:  JORGE G. TENREIRO
     DUGAN BLISS
     DAPHNA A. WAXMAN
     JON A. DANIELS
     ROBERT MOYE
     BENJAMIN HANAUER
     LADAN F. STEWART
     MARK R. SYLVESTER


DEBEVOISE & PLIMPTON, LLP
     Attorneys for Defendant Ripple Labs, Inc.
BY:  ANDREW J. CERESNEY
     MARY JO WHITE
     LISA ZORNBERG
```

1    have been wanting to litigate this case in.  They want to
2    litigate it as these are the things that occurred and our
3    belief when these things occurred was that what we were doing
4    was okay, such that there is some sort of constitutional
5    barrier to liability because we were just too confused as to
6    what was happening.
7             I think that's at the core of the --
8             THE COURT:  So I get the differences -- I get the
9    difference between those two concepts, and I understand that if
10   a defendant says "I just didn't believe it to be true" or "I
11   was acting in good faith" that this would be an appropriate
12   area for discovery.
13            You know, this is really akin, as I understand it,
14   this defense, to a void for vagueness argument, where somebody
15   challenges a statute and says, you know, this law that
16   restricts speech is unconstitutional because it is so vague.
17   And comparing this defense to a claim like that, it would be of
18   no moment that the particular entity that was challenging the
19   statute had a lawyer who said, oh, actually, the law is really
20   clear, or the law is not clear at all.  The Court, in deciding
21   that question, would simply look at the statute, how it was
22   enforced, what was going on in the relevant market, etc., to
23   decide whether or not a particular statute was void for
24   vagueness.  And it seems to me that the fair notice defense
25   that's raised here is much more akin to that kind of a

1       challenge.

2              MR. TENREIRO:  Well, your Honor, so we agree that if
3       it were -- sorry, we agree that if it were a void for vagueness
4       challenge, we would completely agree, whatever the lawyers told
5       them, not relevant.

6              But I respectfully disagree that the defense as they
7       have couched it is more akin to a void for vagueness challenge.
8       In their motion to strike, they disavow a void for vagueness
9       challenge.  They say:  That is not the defense we are making.
10      You know, I could find the citation in a minute, but they are
11      saying, in their opposition to our motion to strike, this is
12      not a void for vagueness challenge.  This is not what this is
13      about.  And they said that to Judge Torres in their premotion
14      conference letter, which is docket 70.  They conclude that
15      letter by saying, "The bottom line is that the Court must rest
16      with the factual context in deciding what constitutes fair
17      notice in this particular case.  It is not based just on does
18      *Howey* provide the relevant standards by which the conduct can
19      be measured."

20             Again if that was a defense, we would not be here.
21      But they have said repeatedly to this Court, and to
22      Judge Torres, you know -- again, I'm quoting from docket 70 --
23      "this defense is not purely a legal question."  That's -- you
24      know, the Court, your Honor just described a purely legal
25      question.  Right?  Is it void for vagueness?  Is it too

for vagueness cases, but we do think it is sort of evolution or distinct branch of the doctrine, not a void for vagueness argument as such and that, of course, is the subject of the motion to strike that is currently pending before Judge Torres.

The controlling authority here is *Upton*. I think that, properly read, *Upton* makes clear that a fair notice defense does not turn on subjective beliefs or awareness, and I think if you look at the part at the end that was discussed in the SEC's argument, the informal warning that the firm received from a Stock Exchange examiner that the disputed practice "violated the spirit of the rule" and was "being looked at closely by the regulatory bodies," and then the Second Circuit goes on to say, well, that's not enough, that doesn't give you -- that did not -- that doesn't give you fair notice, that is a pretty clear statement that advice that's received is not the subject of this defense. Whatever -- in that case it happened to be advice from the examiner, but I don't know why advice from a lawyer would be any different. It's not the kind of fair notice we are concerned about in the *Upton* line of cases.

And I think our position is also supported by the *County of Erie* case, which we raised in our letter, and the SEC did not address in reply, and that case involved qualified immunity, so it is not squarely on point, but it did hold that an argument that the law was not clear does not put legal

1  advice or the defendant's state of mind at issue, and we think
2  the same principle should apply here.
3       And your Honor asked whether we had anything that was
4  really squarely on point. I do have one case for you. I
5  apologize that it is not in our letter. I learned of it after
6  the letter was filed. It is from the Eastern District of Ohio,
7  *United States v. Ohio Edison Company,* 2002 WL 1585597. And
8  because we didn't have that in our letters, I don't want to
9  argue it, but I will just put that cite there for the Court's
10 attention. I think it is responsive to your question, and I
11 think it coheres with the points that we are making today.
12      Now, the SEC has cited a couple of decisions that I
13 would like to address for the first time in their reply letter,
14 and that they have cited for the proposition that a fair notice
15 defense does require good faith, and in particular they relied
16 on the *General Electric* case from the D.C. Circuit and the
17 *Exxon Mobil* case from the Northern District of Texas. And to
18 be clear, there are two *Exxon Mobil* cases. One of them is from
19 DC in the '80s and the other is more recent from Texas.
20      But the ones that they cite that use the phrase "good
21 faith" are talking, in my view, pretty clearly about the good
22 faith of a hypothetical regulated party. So if you look at
23 page 1329 of line 53 F.3d, it's the *General Electric* case, you
24 will see that the -- that the full statement of the inquiry
25 from Judge Tatel is "whether, by reviewing the regulations and

1  other public statements issued by the agency, a regulated party
2  acting in good faith would have been able to identify the
3  prohibited conduct."  And the "would have," I think, is key,
4  because that makes clear that you are talking about a
5  hypothetical objective party, you are not talking about the
6  knowledge of an actual existing party.
7           (Continued on next page)

MR. RAPAWY:  In any event, regardless of your reading of General Electric or -- and the Exxon Mobile case from the Northern District of Texas just followed General Electric.  It is the same analysis.

But Upton is controlling here.  Upton was 25 years ago.  Nobody has found one case that says that an Upton defense puts state of mind at issue, and we would respectfully suggest that this is not a good case to be the first, your Honor.

A couple of points that I would like to address that the SEC raised during their argument.  One argument is that the way that we have argued our defense puts our state of mind at issue, regardless of whether Upton is objective or subjective.  I don't agree with that characterization of our arguments.

I will not go through point by point, but I think if you look at their citations, you will find that were are consistently referring to the notice that would be available to a reasonable market participant or member of the public.  That is the objective standard; it is not a subjective standard.

Now, to be clear, Ripple is a market participant.  And so in that sense, you know, Ripple's communications, even their internal communications, could be relevant because they would be evidence of what a reasonable market participant would have seen.  But that does not put at issue Ripple's particular state of mind, and so it is not enough to create a waiver under Bilzerian.  The ultimate question is objective, and an ultimate

1   explicit statutory good faith defenses.  That is clearly under
2   Bilzerian.  Our defense is not a good faith defense, and it is
3   certainly not the defense where there is a statute that
4   explicitly says you have to -- explicitly, excuse me, says that
5   you have to show good faith, which is what you were dealing
6   with in this case.
7            THE COURT:  At this point, can you address -- I think
8   it is related to what you're talking about now -- the argument
9   that the SEC raised that your individual defendants -- who I
10  know are not your clients -- are raising a good faith defense,
11  and that in your applications and letter briefing to Judge
12  Torres, you have suggested that the evidence will be the same
13  for both of those defenses?
14           MR. RAPAWY:  So I think that the argument there, your
15  Honor, is that some of the same evidence is relevant, not that
16  the -- and I will clarify a little bit further.  I can't say
17  whether the defendants, if and when they answer, will raise an
18  affirmative good faith defense.  That's not my decision to
19  make, and it may never come to pass.
20           I can say that to the extent that the defendants are
21  saying that the SEC hasn't met its burden to show that they
22  acted recklessly or with knowledge that they were violating the
23  law or aided and abetted with that knowledge.  To the extent
24  they are making that argument, that is not a good faith
25  defense.  That is, instead, a claim that -- it is a mere denial

1    of a culpable state of mind.  And if you go to the Bilzerian

2    case in particular, at page 1293, it says that the district

3    court's ruling did not prevent the defense from urging lack of

4    intent.

5              So, again, we don't know what they are going to plead.

6    We won't find that out until later.  But to the extent that

7    what they are going to argue is the SEC can't prove lack of

8    intent because in 2013, 2015, 2017, maybe right up until this

9    case was filed, nobody knew what the law required.  No one knew

10   what the law required.  That would overlap with our defense,

11   perhaps, it would negate recklessness, but it would not be a

12   good faith defense.

13             I hope that is responsive to your Honor's question.

14             THE COURT:  Yes.  Thank you.

15             MR. RAPAWY:  I wanted to touch briefly on the Exxon

16   case, the DC one that came up a couple of times.

17             I think, properly read, that is just another good

18   faith case.  To the extent that there is some reasoning in it

19   that maybe goes a little bit further, I would point out that it

20   relies extensively on the Hearn case from the Eastern District

21   of Washington, 1975.  And I think that the Second Circuit made

22   clear in the County of Erie case that while Bilzerian is

23   certainly still good law, Hearn is not a reliable guide for

24   waiver of privilege in this circuit.

25             So to the extent that your Honor were to read that