# Exhibit I



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

June 7, 2021

**VIA E-MAIL**

Reid M. Figel, Esq.
Kellogg, Hansen, Todd, Figel & Frederick PLLC
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C 20036

Re:   *SEC v. Ripple Labs, Inc., et al.*, 20-cv-10832 (S.D.N.Y.) (AT) (SN)

Dear Reid:

Thank you for meeting and conferring with us on Friday about Ripple's deposition subpoena to former SEC Director of the Division of Corporation Finance Bill Hinman. We write to request further clarification of your position.

As we have noted at prior meet and confers, there are well-established restrictions on deposing senior government officials in the Second Circuit and elsewhere, following the Supreme Court's decision in *United States v. Morgan*, 313 U.S. 409, 422 (1941). Indeed, "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman v. N.Y. City Dept. of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (citing *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *In re United States (Holder)*, 197 F.3d 310, 316 (8th Cir. 1999)).

Based on our discussion at Friday's meet and confer, we understand that you seek to depose Mr. Hinman in order to attempt to adduce evidence on the following topics: (1) a meeting Mr. Hinman attended with a third party; (2) the market understanding of the regulatory status of XRP, Bitcoin, and Ether; (3) whether his speech *When Howey Met Gary (Plastic)* was intended to be a statement of the Commission; and (4) to probe the contours of the SEC's potential assertions of deliberative process privilege. We fail to see how any of these factual inquiries rise to the level of "exceptional circumstances justifying the deposition" that Ripple is required to demonstrate under *Lederman*. 731 F.3d at 203.

As to the first topic, it is simply not the case that the information you are looking for "cannot be obtained through other, less burdensome or intrusive means." *Id*. To the contrary, you are free to interview or depose the third parties with whom Mr. Hinman communicated.

Similarly, with respect to the second topic, Mr. Hinman has no "unique first-hand knowledge" of the market's understanding of the regulatory status of XRP, Bitcoin, or Ether. *Id*. Judge Netburn has ruled that Ripple's fair notice defense is "an objective test of how a reasonable person would

Reid M. Figel, Esq.
June 7, 2021
Page 2

have interpreted the agency's conduct." D.E. 210 at 7. We do not understand how Mr. Hinman can provide any evidence about how a reasonable market participant would have viewed the SEC's actions with respect to those digital assets. To the extent the views of market participants are even relevant to the objective fair notice defense, you are free to contact those participants and develop evidence of their views. Testimony from Mr. Hinman regarding the views of market participants or others, based on his own experiences as an SEC official, would be nothing more than speculative hearsay.

As to the third topic, it is not appropriate to depose Mr. Hinman in an attempt to determine whether his speech was intended as a statement of the Commission. It was not, as his speech explicitly stated and as Judge Netburn has recognized. D.E. 210 at 6 n.1. And any attempt by you to question Mr. Hinman about communications with his former SEC colleagues about what he would say in the speech or the intended impact of the speech would be improper, as such communications would be protected, including by the deliberative process and attorney-client privileges.

Finally, your proposal to depose a former high-ranking official to question potential, future assertions of deliberative process privilege by the agency comes nowhere close to meeting the *Lederman* test. After you receive our privilege logs, you will be free to challenge any assertions of deliberative process (or other) privilege that you believe are not appropriate. You do not need to depose Mr. Hinman to make any such challenges in the future.

For these reasons, we do not believe the deposition of Mr. Hinman can be justified under the Second Circuit's precedent in *Lederman*. A recent case we have already brought to your attention, *SEC v. Navellier*, is squarely on point. There, the district court, following *Morgan*, granted the SEC's motion to quash deposition subpoenas directed to Former Acting Chairman Michael Piwowar and then-Enforcement Director Stephanie Avakian. *See* 17 Civ. 11633 (D. Mass. 2019), D.E. 210 at 8; *see also* D.E. 218 at 13. We would like to understand whether and how you believe *Navellier* is distinguishable from this case.

Moreover, we fail to see why it is necessary to conduct a deposition of Mr. Hinman at this time, while the SEC's motion to strike Ripple's fair notice defense is outstanding. The outcome of that motion may preclude Ripple from pursuing a fair notice defense, thus obviating any reason to depose Mr. Hinman. We propose that any further discussions about Mr. Hinman's deposition be deferred until Judge Torres rules on the SEC's motion. The SEC, of course, would raise no objection based on timeliness if Judge Torres denies the SEC's motion to strike and Ripple renews its intention to depose Mr. Hinman during the Individual Defendants' discovery period.

Reid M. Figel, Esq.
June 7, 2021
Page 3

We ask that you consider our proposal and respond in writing by Wednesday, June 9. We would appreciate the ability to consider your response so that we can decide whether the SEC needs to seek relief from the Court. Please note that we are still in the process of obtaining potential deposition dates from Mr. Hinman as we agreed to do on Friday.

                          Sincerely,

                          /s Ladan F. Stewart

                          Ladan F. Stewart

cc: Counsel for Chris Larsen and Bradley Garlinghouse (via e-mail)