# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202.974.1680
msolomon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

**VIA ECF**

July 19, 2021

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

<u>RE: *SEC v. Ripple Labs Inc. et al.,*</u> No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

      We write on behalf of Defendants Bradley Garlinghouse and Christian A. Larsen (the "<u>Individual Defendants</u>") in the above-captioned litigation to inform the Court of supplemental authority that supports the Individual Defendants' pending motions to dismiss the First Amended Complaint ("<u>AC</u>"). ECF Nos. 105, 110. Attached as Exhibit 1 is a public statement, dated July 14, 2021, by SEC Commissioners Hester M. Peirce and Elad L. Roisman (the "<u>Public Statement</u>") in connection with the SEC's settled action with Blotics, Ltd., formerly known as Coinschedule Ltd. ("<u>Coinschedule</u>"), for violating Section 17(b) of the Securities Act.[1] The Public Statement further supports the Individual Defendants' motion to dismiss for failure to adequately plead that they allegedly aided and abetted Ripple's offers or sales of unregistered securities.

      In *In the Matter of Blotics Ltd. f/d/b/a/ Coinschedule Ltd*, File No. 3-20398 (Release No.

---

[1] Federal Rule of Evidence 201 requires courts to take judicial notice, at "any stage of the proceeding," of any fact "that is not subject to reasonable dispute because" it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)-(d); *see Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 423-26 (2d Cir. 2008). Courts routinely take judicial notice of settlements with government agencies and other governmental records or reports published on government websites. *See, e.g.*, *Sullivan v. Barclays PLC*, No. 13-cv-2811 (PKC), 2017 WL 685570, at *21 (S.D.N.Y. Feb. 21, 2017) (taking judicial notice of DOJ settlement); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Courts routinely take judicial notice of such governmental records [retrieved from official government websites].").

10956, July 14, 2021), the SEC approved a settlement concerning the respondent's promotion of securities without disclosing compensation in violation of Section 17(b) of the Securities Act. In a public statement accompanying the resolution, Commissioners Peirce and Roisman – two of the five sitting Commissioners of the SEC, the Plaintiff in this action – criticized the SEC's failure to "explain *which* of those digital assets touted by Coinschedule were securities, an omission which is symptomatic of our reluctance to provide additional guidance about how to determine whether a token is being sold as part of a securities offering or which tokens are securities." *Id.* (emphasis in original).

The Public Statement confirms the Individual Defendants' arguments that there was (and remains) significant regulatory uncertainty regarding when digital assets may be classified as securities by the SEC. Specifically, Commissioners Peirce and Roisman observed that:

- **"[T]he only certainty we see is that people have questions about how to comply with the applicable laws and regulations**."

- **"There is a decided lack of clarity for market participants around the application of the securities laws to digital assets and their trading."**

- "[W]ith respect to many digital assets, the application of the [*Howey*] test is not crystal clear."

- "Although the Commission staff has provided some guidance, the large number of factors and absence of weighting **cut against the clarity the guidance was intended to offer**."

- "Market participants have difficulty getting a lawyer to sign off that something *is not* a securities offering or does not implicate the securities laws."

- "In this void, litigated and settled Commission enforcement actions have become the go-to source of guidance. People can study the specifics of token offerings that become the subject of enforcement actions and take clues from particular cases; **however, applying those clues to the facts of a completely different token offering does not necessarily produce clear answers**."

- "[P]roviding clear regulatory guideposts and then bringing enforcement actions against people who ignore them is a better approach than the clue-by-enforcement approach that we have embraced to date and that today's settlement embodies."

- "In short, **we know folks have questions and confusion persists in the marketplace**; it is important that we start providing clear and timely answers."

*Id.* at 1-2 (emphasis added).

As the Individual Defendants' Motions to Dismiss establish, the SEC's aiding and abetting claim requires that it "show that the Individual Defendants knew or recklessly disregarded that Ripple's offerings and sales of XRP required registration as securities and that those transactions were improper." Op. & Order, ECF No. 103, at 3 (Apr. 9, 2021) (citing 15 U.S.C. § 77o(b); *SEC v. Apuzzo*, 689 F.3d 204, 206 (2d Cir. 2011); *SEC v. Espuelas*, 905 F. Supp. 2d 507, 518 (S.D.N.Y. 2012)). Recklessness is "highly unreasonable" conduct that represents "an extreme departure from the standards of ordinary care . . . to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Novak* v. *Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000) (quoting *Rolf* v. *Blyth, Eastman Dillon & Co., Inc.*, 570 F.2d 38, 47 (2d Cir. 1978)).

After two tries, the SEC failed to adequately plead knowledge or recklessness on the part of the Individual Defendants. The Public Statement confirms that charging the Individual Defendants with an offense that requires knowledge or recklessness was and is legally untenable. Plainly, it could not have been "so obvious that the [Individual Defendants] must have been aware of it" years ago that XRP was an "investment contract" when two of the five SEC Commissioners acknowledge *today* that the regulatory status of digital assets remains so characterized by a "decided lack of clarity" that "the only certainty we see is that people have questions about how to comply with the applicable laws and regulations." Ex. 1 at 1-2.

Respectfully Submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Matthew C. Solomon*

Matthew C. Solomon
Nowell D. Bamberger
Nicole Tatz
2112 Pennsylvania Avenue, NW
Washington, DC 20037
202-974-1500

Alexander Janghorbani
Samuel Levander
One Liberty Plaza
New York, NY 10006
212-225-2000

*Counsel for Defendant Bradley Garlinghouse*


PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

*/s/ Martin Flumenbaum*

Martin Flumenbaum
Michael E. Gertzman
Meredith Dearborn
Robin Linsenmayer
Justin D. Ward
Kristina A. Bunting
1285 Avenue of the Americas
New York, NY 10019
212-373-3000

*Counsel for Defendant Christian A. Larsen*


cc:  All Counsel of Record (via ECF)