KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

July 20, 2021

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs, Inc.* et al., No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Torres:

We write on behalf of Defendant Ripple Labs Inc. ("Ripple") to request that the Court consider supplemental authority in support of Ripple's opposition to the SEC's pending motion to strike Ripple's fair notice defense. *See* ECF No. 171. That authority consists of the recent public statement by SEC Commissioners Hester M. Peirce and Elad L. Roisman in connection with the SEC's recent settlement of the *Coinschedule* enforcement action.[1] This statement by two sitting SEC Commissioners makes even more clear that during the time relevant to this case, members of the public did not have fair notice of what the law requires. Defendants Bradley Garlinghouse and Christian A. Larsen have filed a letter calling the Court's attention to the two Commissioners' statement in connection with their pending motions to dismiss. *See* ECF No. 264. There is no need to repeat the discussion in that letter.

Nevertheless, to ensure that the record on the motion to strike is complete, Ripple respectfully requests that the Court consider the two Commissioners' statement to the Court in support of Ripple's fair notice defense. Commissioners Peirce and Roisman have candidly explained that there is a "decided lack of clarity for market participants around the application of the securities laws to digital assets and their trading"; that the application of the *Howey* test to such assets "is not crystal clear"; that the staff's guidance to date contains a "large number of factors and absence of weighting [that] cut against . . . clarity"; and that "the only certainty [they] see is that people have questions about how to comply with the applicable laws and regulations." ECF No. 264-1, at 1-2. Those observations support Ripple's contention that a "person of ordinary intelligence," as of 2013, 2017, or even today, had no "reasonable opportunity to know what is prohibited" by the securities laws in the context of a digital asset such as XRP. *Upton v. SEC*, 75 F.3d 92, 98 (2d Cir. 1996). Certainly, any SEC "guidance," *see* ECF No. 171 at 19-23, could not have provided fair notice to the market.

---

[1] *See* ECF No. 264-1 (Public Statement, *In the Matter of Blotics Ltd. f/d/b/a/ Coinschedule Ltd.*, File No. 3-20398 (Release No. 10956, July 14, 2021)).

Hon. Analisa Torres
July 20, 2021
Page 2

Respectfully submitted,

/s/ *Michael K. Kellogg*
Michael K. Kellogg

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

cc: All counsel (via ECF)