PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE  (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC  20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3191

WRITER'S DIRECT FACSIMILE
(212) 492-0191

WRITER'S DIRECT E-MAIL ADDRESS
mflumenbaum@paulweiss.com

July 23, 2021

**By ECF**
Hon. Annalisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

       *Re: SEC* v. *Ripple Labs Inc. et al.,* No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres,

       We write on behalf of Defendants Christian A. Larsen and Bradley Garlinghouse (together, the "Individual Defendants") to briefly respond to the SEC's letter filed on July 21, 2021 (ECF No. 267).  The SEC concedes that this Court may take judicial notice of a recent statement by two of its own Commissioners acknowledging the uncertainty concerning the application of the securities laws to digital assets.  But it goes on to publicly rebuke these two Commissioners' considered views that merely acknowledge what is plain and obvious to all:  even today, "[t]here is a decided lack of clarity for market participants around the application of the securities laws to digital assets and their trading."  (ECF No. 264-1 at 1.)  The SEC then asserts that the Commissioners' statements are legally "irrelevant" to their claims of aiding-and-abetting against Mr. Larsen and Mr. Garlinghouse.  This gratuitous attempt to re-argue its flawed position by way of an unauthorized sur-reply is meritless.

       It is plain, as the Individual Defendants point out in their motions, that there was at the relevant time—and remains today—a "decided lack of clarity" regarding whether digital assets generally, and XRP in particular, are securities.  (*See* ECF No. 107 at 12–19; ECF No. 111 at 13–20.)  The SEC's aiding-and-abetting claim requires the SEC to prove that Mr. Larsen and Mr. Garlinghouse ***knew*** or were ***reckless*** in not concluding that XRP was a security as long as eight years ago.  Yet ***even today*** two of the five Commissioners of the agency acknowledge that "questions and confusion persist[] in the marketplace," thus negating any claim of historical recklessness against Mr. Larsen and Mr. Garlinghouse.  The SEC's extraordinary public airing of its internal debate only

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

highlights why the Court must dismiss the SEC's claim against the Individual Defendants for aiding-and-abetting Ripple's alleged violation of Section 5 of the Securities Act.

The SEC's letter does serve to focus the inquiry before the Court. There can be no debate about whether the regulatory status of digital assets in general—and XRP in particular—was so clear that the Individual Defendants can remain accused of being reckless in not recognizing it as such. That issue was not, and is not, anything close to clear. The SEC does not contest this point. Instead, it responds that it "is not required to prove that the Individual Defendants knew or recklessly disregarded the *legal consequences* of their actions." (ECF No. 267 at 3 (emphasis in original).) That would allow the SEC to rest an aiding-and-abetting claim solely on the "knowledge of the circumstances that constitute the primary violation" (ECF No. 182 at 25), *i.e.*, the Individual Defendants' knowledge that Ripple sold a digital asset that had not been registered as a security, without plausibly alleging the necessary element that the Individual Defendants knew or recklessly disregarded that these sales were improper. But as the Individual Defendants' motions make clear, under the correct legal standard—which the SEC itself has advocated for in court and applied in administrative proceedings—the SEC must demonstrate that "the Individual Defendants knew or recklessly disregarded that Ripple's offerings and sales of XRP required registration as securities *and that those transactions were improper*." (Opinion & Order, ECF No. 103, at 3 (Apr. 9, 2021) (emphasis added) (granting motion to quash); *see also* ECF No. 107 at 12–19; ECF No. 111 at 13–20.) The SEC has alleged nothing improper about selling XRP *other* than its claim that those sales required registration with the SEC as a security. But that, in turn, requires the SEC to show that the Individual Defendants knew or were reckless as to XRP's alleged classification *as* a security. Given the regulatory uncertainty that Commissioners of the SEC now publicly acknowledge persists even today, the SEC's aiding-and-abetting claim must fail.

The SEC also draws false analogies to prior decisions that offer no support for its aiding-and-abetting claims. Citing the *Kik*, *Telegram*, and *NAC Foundation* cases, the SEC argues that the claims against Mr. Larsen and Mr. Garlinghouse should be decided "on the basis of *Howey* and the cases applying it, just like every other case in the digital asset space has been decided." (ECF No. 267 at 3 (citing *SEC* v. *Kik Interactive Inc.*, 492 F. Supp. 3d 169, 183–84 (S.D.N.Y. 2020); *SEC* v. *Telegram Group Inc.*, 448 F. Supp. 3d 352, 365–79 (S.D.N.Y. 2020); *SEC* v. *NAC Foundation, LLC*, No. 20-CV-4188-RS, 2021 WL 76736, at *4 n.5 (N.D. Cal. Jan. 8, 2021)).) But the *Kik* and *Telegram* cases did not involve *any* claims against individual defendants. And the *NAC Foundation* case did not involve claims of aiding-and-abetting under Section 15 of the Securities Act; instead, the individual defendant in that case, unlike Mr. Larsen and Mr. Garlinghouse, stood accused of perpetrating a fraud. These decisions in no way support the SEC's aiding-and-abetting claim against Mr. Larsen and Mr. Garlinghouse. And there are, of course, numerous other distinctions between those cases and this one.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

The SEC's arguments concerning Commissioners Roisman and Peirce's statement only highlight that the SEC's position is legally untenable. As a matter of law, Mr. Larsen and Mr. Garlinghouse cannot have been reckless in connection with the disputed issue of whether XRP is and was a currency or a security. *See Safeco Ins. Co. of Am.* v. *Burr*, 551 U.S. 47, 70 n.20 (2007). Thus, the aiding-and-abetting claims against Mr. Larsen and Mr. Garlinghouse should be dismissed.

Respectfully Submitted,

*/s/ Martin Flumenbaum*
Martin Flumenbaum
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

*/s/ Matthew C. Solomon*
Matthew C. Solomon
CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Counsel for Defendant Bradley Garlinghouse*