UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> RIPPLE LABS INC., <br> BRADLEY GARLINGHOUSE, <br> and CHRISTIAN A. LARSEN, <br> Defendants. | No. 20-cv-10832 (AT) |

# MEMORANDUM OF LAW IN SUPPORT OF BRADLEY GARLINGHOUSE'S MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

Defendant Bradley Garlinghouse hereby submits this Memorandum of Law in support of their motion for this Court to issue, under its seal and signature, the attached Letter of Request pursuant to 28 U.S.C. § 1781(b)(2) and the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") on behalf of Mr. Garlinghouse to obtain documents from the following third party:

Binance Holdings Limited
Govnrs Square Ste 5-204 23 Lime Tree Bay Ave.,
P.O. Box 2547
George Town, Grand Cayman, KY1-1104

The Letter of Request to the above-listed entity solicits the assistance of the Central Authority of the Cayman Islands to obtain certain documents relevant to the case and unobtainable through other means from the entity for use in the case. Mr. Garlinghouse respectfully requests that the Court issue the attached Letter of Request.

In support of this Motion, Mr. Garlinghouse states as follows:

I. **THE COURT HAS AUTHORITY TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION**

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act."  Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555 (hereinafter "Hague Convention").  The United States and the Cayman Islands are parties to the Hague Convention:

- The United States ratified the Convention on August 8, 1972;
- The Hague Convention applies to the Cayman Islands pursuant to the July 16, 1976 ratification of the United Kingdom and the subsequent September 16, 1980 extension of application.

*See* Hague Conf. on Private Int'l Law, Status Table: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82.

The Hague Convention and federal law authorize the Court to issue the Letter of Request. *See* 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 535 (1987) (stating that a judicial authority in one contracting state may forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence).  And under the Hague Convention, evidence can be compelled pursuant to a Letter of Request transmitted directly from a court in the United States to the designated central authorities of the receiving States.  The designated central authority for the receiving State with respect to the proposed Letter of Request is as follows:

2

| The Cayman Islands | The Clerk of the Courts<br>Grand Cayman<br>Cayman Islands<br>https://www.hcch.net/en/states/authorities/details3/?aid=681 |
|---|---|

## II. THE VARIOUS ENTITIES ARE IN POSSESSION OF RELEVANT DOCUMENTS IN VARIOUS FOREIGN COUNTRIES

Mr. Garlinghouse seeks foreign discovery on the basis of his good faith belief that the listed entity possesses unique documents and information concerning this case, and specifically, concerning the process by which transactions in XRP allegedly conducted by Mr. Garlinghouse on foreign digital asset trading platforms were conducted.

The Securities and Exchange Commission's ("SEC's") amended complaint (ECF No. 46) (the "AC") alleges that Mr. Garlinghouse sold more than 357 million units of XRP to "public investors in the market." AC ¶¶ 86–87. The AC specifies that the offers and sales by Mr. Garlinghouse were made on "worldwide" digital asset trading platforms and the XRP was sold to investors "all over the world." AC ¶¶ 174, 183–184. The SEC seeks disgorgement based on the sales made by Mr. Garlinghouse, including those sales made on digital asset trading platforms located outside of the United States. AC p. 79.

The Supreme Court has held that Section 5 of the Securities Act of 1933, which the SEC alleges Mr. Garlinghouse violated, applies only to *domestic* sales and offers of securities. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 268–69 (2010) ("The same focus on domestic transactions is evident in the Securities Act of 1933 . . . . That legislation makes it unlawful to sell a security . . . unless a registration statement is in effect. 15 U.S.C. § 77e(a)(1)."); *SEC v. Bio Def. Corp.*, No. 12-11669-DPW, 2019 WL 7578525, at *11-13 (D. Mass. Sept. 6, 2019) (applying Morrison to Section 5 claim, along with other Securities Act and Securities Exchange Act claims); *see also Schentag v. Nebgen*, No. 1:17-CV-8734-GHW, 2018 WL 3104092, at *5,

10–13 (S.D.N.Y. June 21, 2018) (dismissing Section 5 claim, along with other Securities Act and Securities Exchange Act claims, under *Morrison*).

Liability under Section 5(a) of the Securities Act attaches only to domestic "sales" of securities. In turn, the Second Circuit has held that sales are domestic only if: (1) they occurred on "domestic exchanges," or (2) irrevocable liability was incurred or passage of title transferred in the United States. *Absolute Activist Value Master Fund Ltd. V. Ficeto*, 677 F.3d 60, 66–69 (2d Cir. 2012) (defining when a "sale" or "purchase" is domestic).

As the SEC knows, Mr. Garlinghouse's sales of XRP were overwhelmingly made on digital asset trading platforms outside of the United States. Motion of Law in Support of Defendant Garlighouse's Motion to Dismiss the Amended Complaint (ECF No. 111) (the "Garlinghouse MTD") p. 21. In the case of transactions conducted on such foreign trading platforms, both the offers of XRP and the sales of XRP occurred on the books and records of the respective platforms, and therefore geographically outside the United States. The SEC's failure to allege domestic offers and sales should be fatal to its claims for the reasons set out in Mr. Garlinghouse's Motion to Dismiss. *See* Garlinghouse MTD p. 20–30. If this case were to proceed past that stage, however, the discovery that Mr. Garlinghouse seeks will be relevant to demonstrating that the offers and sales that the SEC challenges did not occur in this country and are not subject to the law that the SEC has invoked in this case. The entity identified in this Motion is a digital asset trading platform located outside the United States which Mr. Garlinghouse used to transact in XRP. The evidence to be obtained from this digital asset trading platform is probative of the issue of whether "irrevocable liability" was incurred outside of the United States with respect to these transactions.

## III. THE LETTER OF REQUET IS NECESSARY TO OBTAIN THE DOCUMENTS AND INFORMATION FROM THE VARIOUS ENTITIES AND CONFORMS TO THE REQUIRED PROCEDUREAL SAFEGUARDS

There is good cause for the Court to issue the Letter of Request. The information sought in the document requests is narrowly tailored to obtain relevant information related to the case. The requested information, or its substantial equivalent, could not be obtained without undue hardship by alternate means because the documents are in countries aside from the United States, which are beyond the Court's subpoena powers. *See, e.g.*, Order granting Motion for Issuance of Letters Rogatory, *Securities and Exchange Commission v. Wyly*, No. 1:10-cv-05760-SAS (S.D.N.Y.) (granting a motion to the District Court for the Southern District of New York to submit a Letter of Request for International Assistance to the Chief Justice of the Grand Court of the Cayman Islands) (ECF No. 657); Application for Letters Rogatory, *Securities and Exchange Commission v. Straub*, No. 1:11-cv-09645-RJS (S.D.N.Y.) (submitting a Letter of Request for International Judicial Assistance to the Greek Department of International Judicial Cooperation) (ECF No. 90).

In accordance with Article 23 of the Hague Convention, the Letter of Request is narrowly tailored and, consistent with the Cayman Islands' accession to the Hague Convention, does not require the entity to indicate which documents are relevant to the case nor does it require the entity to produce documents other than those requested. *See* the Cayman Islands Declaration Reservations, *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=564&disp=resdn (last visited May 31, 2021).

In addition, the Letter of Request includes the identity of the party, the nature of the proceedings, the discovery sought, any special procedures, the identity of the party that will bear any costs, and other information as recommended by the Hague Convention. *See* Hague Convention, *Model for Letters of Request recommended for use in applying the Hague*

*Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, available at* https://www.hcch.net/en/publications-and-studies/details4/?pid=3309&dtid=2 (last visited May 31, 2021).

Moreover, while such a showing would not be necessary to justify issuing a Hague Convention request, there is also no alternative means by which Mr. Garlinghouse could obtain this evidence. Since the opening of discovery, the Mr. Garlinghouse has attempted to obtain the discovery sought here by informal voluntary requests. Those efforts have not been successful, and Mr. Garlinghouse lacks access to the mechanisms available to the SEC to compel discovery from abroad via official requests to foreign securities regulators under memoranda of understanding. *See* Order re Letter Motion for Local Rule 37.2 Conference (explaining the broader discovery tools available to the SEC in this case in the form of Multilateral Memorandum of Understanding) (ECF No. 197), p. 2–3. Finally, to the extent that they contain confidential business information, documents produced pursuant to the Letter of Request would be subject to the Protective Order entered in this case, attached to the Letter of Request, thereby ensuring that the interests of the entity are adequately protected.

## IV. CONCLUSION

For the foregoing reasons, Mr. Garlinghouse respectfully requests that the Court execute the proposed Letter of Request attached hereto as Exhibit 2 for transmission to the appropriate authority for the above-listed entity.

Dated:  August 2, 2021

                                              Respectfully submitted,

                                              CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                              */s/ Matthew C. Solomon*

                                              Matthew C. Solomon
                                              Nowell D. Bamberger
                                              Nicole Tatz
                                              2112 Pennsylvania Avenue, N.W.
                                              Washington, DC 20037
                                              202-974-1500

                                              Alexander Janghorbani
                                              Lucas Hakkenberg
                                              Samuel Levander
                                              One Liberty Plaza
                                              New York, NY 10006 212-225-2000

                                              *Attorneys for Bradley Garlinghouse*