# EXHIBIT E



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Andrew J. Ceresney
Partner
aceresney@debevoise.com
Tel  +1 212 909 6947

February 25, 2021

BY EMAIL

Jorge G. Tenreiro
Dugan Bliss
Daphna Waxman
Jon Daniels
U.S. Securities and Exchange Commission
Division of Enforcement
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281

**SEC v. Ripple Labs, Inc., et al.**, No. 20 Civ. 10832 (AT) (S.D.N.Y.)

Dear Mr. Tenreiro, Mr. Bliss, Ms. Waxman, and Mr. Daniels:

Thank you for meeting and conferring with us on February 23, 2021, during which we discussed, among other things, (*i*) your letter dated February 19, 2021 concerning our meet and confer on February 12, 2021 with respect to the Securities and Exchange Commission's ("SEC") First Set of Requests for Production ("SEC's First RFPs") to Ripple Labs, Inc. ("Ripple" or the "Company," and, collectively with the SEC, the "Parties"); and (*ii*) the SEC's Second Set of Requests for Production ("SEC's Second RFPs") to Ripple.  We found the discussion to be productive and write to confirm our understanding of the agreements reached by Ripple and the SEC regarding the SEC's First RFPs and Second RFPs.[1]

To ensure that our understanding of the Parties' agreements is consistent with yours, we have endeavored in this letter to memorialize instances where we believe we reached agreement during the February 23 discussion.

---

[1] As with the Parties' prior letters, this letter is not intended to take or reflect advocacy positions and is without prejudice to the Responses and Objections to the First Set of RFPs that Ripple served on February 24, 2021, or the Responses and Objections to the Second Set of RFPs that Ripple intends to serve by March 10, 2021.

Jorge G. Tenreiro, et al.                                                                                    February 25, 2021

### I.      SEC's Letter of February 19, 2021 and SEC's First RFPs

<u>SEC's First RFP No. 1</u>.  The Parties addressed the SEC's request, memorialized in the SEC's letter of February 19, that Ripple produce final versions of agreements between Ripple and certain digital asset trading platforms that were withheld from production during the *In re Ripple Labs, Inc.* (MNY-9875) investigation (the "Investigation") on confidentiality grounds.  The Parties agreed that Ripple will produce any such agreements withheld during the Investigation on confidentiality grounds after first giving notice to the relevant counterparties pursuant to Ripple's contractual obligations.

<u>SEC's First RFP No. 3</u>.  The Parties addressed the SEC's request, memorialized in its letter of February 19, that Ripple confirm whether it previously produced certain communications between Ripple and GSR Markets ("GSR") responsive to this RFP.  Ripple is conducting a diligent search of its prior productions of GSR-related documents and will confirm whether its production of such materials in response to the voluntary requests is complete.

<u>SEC's First RFP Nos. 4 and 7</u>.  The SEC requested, in its letter of February 19, that Ripple confirm whether it intends to produce spreadsheets prepared by Ripple's Finance Department showing inflows and outflows of XRP that are responsive to RFPs 4 and 7.  Ripple can confirm that it intends to produce such documents that are responsive to this RFP.

<u>SEC's First RFP Nos. 8, 10, and 11</u>.  In response to the SEC's request in their letter of February 19, Ripple can confirm that Cory Johnson will be included as a custodian in relevant searches in response to the SEC's First RFPs.

Ripple represented that the Company does not have documents or information sufficient to identify the counterparties to Ripple's programmatic sales of XRP because such information is not known or knowable to Ripple.  This has been explained to the SEC at numerous points over the last few years.  Ripple will conduct a reasonably diligent search to determine whether it received information from market makers concerning daily XRP transaction volume and price information on specific digital asset trading platforms.

<u>SEC's First RFP No. 12</u>.  The Parties agreed that in response to this Request, Ripple would search for documents and communications between Ripple and the pre-September 2019 OTC counterparties, which are the same OTC counterparties Ripple used to produce documents and communications in response to the voluntary requests.  The Parties also agreed that in addition to communications between Ripple and OTC counterparties, Ripple would also produce responsive, non-privileged communications between Ripple and certain other recipients of XRP from Ripple—specifically, Xpring partners and recipients of xRapid/ODL incentive payments.

Jorge G. Tenreiro, et al.                                                                                      February 25, 2021

In response to a question raised by the SEC about whether Ripple's response to this RFP would include communications concerning RippleWorks and XRP option-holders, Ripple represented that responsive, non-privileged communications concerning those topics would be produced in response to the SEC's other RFPs.

SEC's First RFP No. 18. The Parties agreed that this RFP would be modified as follows (with the modification in italics): "All Documents and Communications Concerning: (a) any sale of XRP by Ripple to SBI VC Trade; (b) the listing of XRP on SBI VC; (c) any consideration paid to SBI VC by Ripple in connection with the trading of XRP; and *(d) communications between SBI VC Trade and Ripple concerning SBI VC's actual or potential use, sale, transfer, or disposal of XRP*."

SEC's First RFP No. 27. The Parties agreed that, in response to this RFP, Ripple will produce financial statements for fiscal years 2015 and 2016 as well as any other financial statements prepared since the last time the Company produced financial statements up until the filing of the complaint.

SEC's First RFP No. 37. The Parties agreed that the SEC would redraft this RFP after considering Ripple's Responses and Objections to the SEC's First RFPs, filed on February 24, 2021, and that the Parties would confer at a future date about Ripple's response to the revised RFP.

Additional Discussions

The Parties agreed that Ripple will provide the SEC with a list of custodians that will be used to identify responsive documents with respect to all requests. The custodians' data will be searched in connection with those requests for which they may have responsive documents. The custodian list will be provided by February 26, 2021.

The Parties agreed to the following tentative timeline for Ripple's initial productions of responsive materials to the SEC's First RFPs, with additional productions to follow on a rolling basis. Ripple reserves the right to make any modifications to this timeline.

- *Week of March 1*. First production of documents responsive to SEC's First RFPs

- *Week of March 8*. First production of Slack communications responsive to SEC's First RFPs

- *Week of March 15*. First production of email communications responsive to SEC's First RFPs

In response to a prior question raised by the SEC concerning collections of personal device data, Ripple explained that only a small handful of its employees were ever

3

Jorge G. Tenreiro, et al.                                                       February 25, 2021

provided with Company-issued personal devices. For that reason, Ripple is not in a position to collect mobile device data for custodians who used their own personal devices to engage in work-related communications, since such data is not within the possession, custody or control of Ripple.

## II.     SEC's Second RFPs

SEC's Second RFP No. 1. The Parties agreed that Ripple would update its prior productions in response to the SEC's previous voluntary requests concerning these topics by producing responsive, non-privileged documents and communications, if any, from the time of Ripple's most recent production of such materials through December 22, 2020.

SEC's Second RFP Nos. 2 and 42. With respect to the SEC's Second RFP No. 2, the Parties agreed that Ripple would update its prior productions in response to the SEC's previous voluntary requests concerning these topics by producing responsive, non-privileged documents and communications, if any, from the time of Ripple's most recent production of such materials through December 22, 2020. The Parties further agreed that the request for "all … Communications with any such [digital asset trading] platform," would be limited to those relevant to "sales, leases, offers, transfers, distributions, or exchanges of XRP" with digital asset trading platforms, as identified in the first part of the Request.

With respect to the SEC's Second RFP No. 42, the Parties agreed that the SEC would consider Ripple's proposal to limit the request to "Documents and Communications Concerning … (a) any Agreement to make XRP and/or any financial product related to XRP available for trading; and (b) any payment (in USD or XRP) by Ripple to any digital asset trading platform," thereby striking the "including, but not limited to" language from the Request. The Parties further agreed that communications concerning incentives by Ripple to digital asset trading platforms would be considered responsive to the proposed amended Request.

SEC's Second RFP Nos. 3 and 4. The Parties agreed that Ripple would produce any nonduplicative[2] materials that Ripple produced to the plaintiffs in the referenced lawsuits, but would need a court order to produce the documents that the plaintiff in the pending class action and Tetragon had produced to Ripple. In light of that restriction, the SEC indicated that it would consider reaching out to these parties directly to obtain the documents that they produced to Ripple. Ripple further noted that it did not represent that it would produce discovery-related documents from

---

[2]    Ripple represents that its discovery response in the pending class action lawsuit to date has primarily consisted of producing the very same documents that Ripple provided to the SEC during the investigation. Ripple proposes that, for purposes of avoiding duplication, the Company not reproduce those documents to the SEC in response to the SEC's Second RFP No. 3.

Jorge G. Tenreiro, et al.                                                                                    February 25, 2021

these litigations, such as depositions, interrogatory responses or requests for admission, but instead would consider that request.

SEC's Second RFP No. 5. The Parties agreed that Ripple's response to this Request would consist of responsive documents and communications of relevant custodians dated after April 2018 that hit on the "XRP as security" search terms previously provided to the SEC. Consistent with the phrasing of this Request, Ripple will withhold any documents and communications with any lawyers representing Ripple in connection with the Investigation, including Ripple's internal counsel, Quinn Emanuel, Debevoise & Plimpton, Wilmer Hale, Paul Weiss, and Cleary Gottlieb.

With respect to the meaning of the phrase "any legal regime" in this Request, the Parties agreed that the SEC would provide Ripple with specific foreign jurisdictions proposed to be included in this Request, which Ripple would then consider.

With regard to the preparation of a privilege log in connection with this Request, the SEC proposed that it would agree to Ripple's request not to have to log emails responsive to this Request dated after the start of the Investigation if Ripple agreed to the SEC not having to log emails of investigative team members responsive to Ripple's RFPs to the SEC that implicate the deliberative process privilege. Ripple will consider the SEC's proposal and the Parties will confer at a future date about the proposal.

SEC's Second RFP No. 6. Ripple represented that the attachment identified as "B-5 Legal Opinion" in RPLI_SEC 0031741 was provided to Coinbase and previously produced to the SEC at RPLI_SEC 0150927-93. Ripple further represented that final versions of other legal opinions sent to digital asset trading platforms were also previously produced to the SEC. *See, e.g.*, RPLI_SEC 0072060 (Bittrex). Ripple also indicated it would assert privilege over draft versions of, or internal communications regarding, these legal opinion documents that reflect or discuss legal advice, before the document was distributed externally. Finally, Ripple explained that the attachment identified as "B-5 Legal Opinion" is a linked Google Document, and that retrieving historical versions of such a document is an extremely time-consuming, burdensome, and manual process.

SEC's Second RFP No. 7. Ripple proposed limiting its response to documents similar to the types of formal analyses referenced in the Request, namely the Google Document identified in RPLI_SEC 0060307. The SEC will consider that proposal and the Parties will confer about the proposal at a future date. With respect to communications, the Parties discussed limiting the Request by providing Ripple with a date range when potentially relevant communications may have occurred. The Parties further discussed limiting the Request to communications concerning comparisons drawn between XRP and other digital assets trading on Coinbase. The SEC will make a proposal to limit the scope of the request for communications and we will confer about the proposal at a future date.

Jorge G. Tenreiro, et al.                                                                        February 25, 2021

SEC's Second RFP No. 9.  The Parties agreed that Ripple would update its prior productions of documents sufficient to disclose the corporate structure of Ripple, to the extent an update is needed.

SEC's Second RFP No. 11.  The SEC will consider Ripple's proposal to limit this Request to the types of analyses identified after the "including, but not limited to" language—namely, regression, correlation, or event study analyses of XRP's price or volume.  The Parties agreed to confer at a future date after the SEC responds to Ripple's proposal.

Ripple further understands that its production to the SEC during the Wells process of materials prepared by Cornerstone showing event study and regression analyses would be deemed responsive to this Request and do not need to be re-produced.  Ripple also represented that it would assert privilege and work product over any other documents and communications regarding correlation and event study analyses prepared by Cornerstone.

SEC's Second RFP No. 12.  Ripple represented that the domain names of current validators on Ripple's Unique Node List ("UNL") are publicly available and directed the SEC to obtain the information from Ripple's website.  Ripple further represented that it would conduct a search for documents sufficient to identify former validators on Ripple's UNL.

SEC's Second RFP No. 15.  The Parties agreed that Ripple's initial response would be limited to documents sufficient to identify distributions of XRP by Ripple to the University Blockchain Research Initiative ("UBRI").  In response to a question by the SEC, Ripple further represented that it would confirm as to whether non-XRP consideration was provided by Ripple to UBRI.

SEC's Second RFP No. 16.  Ripple represented that it previously produced documents concerning Ripple's distribution of XRP pursuant to bounty or giveaway programs, as of September 2019, and that there were likely no documents relating to such programs after that date.

SEC's Second RFP No. 18.  The Parties agreed that the SEC would consider revising this Request to make it more narrow in scope and that the Parties would confer at a future date about Ripple's response to the revised RFP.

SEC's Second RFP No. 19.  Ripple represented that it previously produced documents and communications concerning Ripple Trade or Ripple Wallet, as of September 2019, and that there were likely no documents concerning Ripple Trade after such date.

SEC's Second RFP No. 20.  The Parties agreed that the SEC would consider revising this Request to identify the documents sought with greater particularity, and that the Parties would confer at a future date about Ripple's response to the revised RFP.

Jorge G. Tenreiro, et al.  February 25, 2021

SEC's Second RFP No. 21. The Parties agreed that Ripple would update its prior productions in response to the SEC's previous voluntary requests concerning these topics by producing responsive, non-privileged documents and communications, if any, from the time of Ripple's most recent production of such materials through December 22, 2020. Notwithstanding the foregoing, the Parties also agreed, consistent with the SEC's previous voluntary requests, that Ripple's response to this RFP would be limited to responsive, non-privileged documents and communications concerning "all investor updates, and materials disseminated in connection with any private fundraising" regarding XRP.

SEC's Second RFP No. 25. The Parties agreed that Ripple would update its prior productions in response to the SEC's previous voluntary requests seeking XRP compensation documents by producing updated aggregate employee XRP compensation information, if any, from the time of Ripple's most recent production of such materials through December 22, 2020. The Parties further agreed that Ripple would conduct a search for communications regarding XRP compensation and produce responsive, non-privileged materials, to the extent they have not been previously produced in response to a prior request.

SEC's Second RFP No. 28. The Parties agreed that Ripple had previously produced, in response to prior voluntary requests concerning Ripple's communications with certain OTC counterparties, documents and communications regarding the funds identified in the SEC's request, and that Ripple would update its prior productions by producing responsive, non-privileged documents and communications, if any, concerning such funds from the time of Ripple's most recent production of such materials through December 22, 2020. Ripple further represented, in response to an SEC proposal, that it would consider whether to produce more general communications about any funds that hold or track XRP beyond the specific funds identified in the Request, but indicated that it would be very difficult to identify such communications absent further guidance from the SEC. The Parties agreed to confer further about this Request at a future date.

SEC's Second RFP No. 30. The Parties agreed that Ripple would update its prior productions in response to the SEC's previous voluntary requests concerning the escrow by producing responsive, non-privileged documents and communications, if any, from the time of Ripple's most recent production of such materials through December 22, 2020.

SEC's Second RFP No. 32. Ripple confirmed that, in connection with its response to this Request, it would produce the settlement agreement between Ripple and R3 after notice is provided to R3 consistent with Ripple's contractual obligations.

SEC's Second RFP No. 33. The Parties agreed to confer about this RFP at a future date, after the SEC has an opportunity to consider redrafting the Request to identify the documents sought with greater particularity.

Jorge G. Tenreiro, et al.                                          February 25, 2021

SEC's Second RFP No. 34.  The Parties agreed that Ripple would update its prior productions of agreements between Ripple and market making entities in connection with xRapid/ODL, and Ripple's communications with such entities, by producing responsive, non-privileged documents and communications, if any, from the time of Ripple's most recent production of such materials through December 22, 2020.

SEC's Second RFP Nos. 36, 37, 38.  The Parties agreed to confer about these RFPs at a future date, after the SEC has an opportunity to consider redrafting the Requests to identify the documents sought with greater particularity.

SEC's Second RFP No. 39.  The Parties agreed that this RFP would be limited in scope to documents and communications concerning "the creation and/or trading of any XRP futures contract or swap."

SEC's Second RFP No. 40.  The Parties agreed that Ripple's response to this RFP would consist of the same documents and communications produced in response to SEC's Second RFP Nos. 39 and 41.  The SEC further represented that they would consider whether this Request was seeking documents relating to any other financial product related to XRP.

SEC's Second RFP No. 41.  The Parties agreed that Ripple would update its prior productions in response to a previous voluntary request concerning this topic, by producing responsive, non-privileged documents and communications, if any, from the time of Ripple's most recent production of such materials through December 22, 2020.

SEC's Second RFP Nos. 43, 44.  The Parties agreed that Ripple would conduct a reasonably diligent search for responsive documents and will produce documents responsive to these RFPs in its possession, custody, or control.  Notwithstanding the foregoing, Ripple also represented that documents not within Ripple's possession, custody, or control, but that are responsive to these Requests, might exist due to the fact that XRP was created and allocated before the founding of the Company.

SEC's Second RFP No. 46.  Ripple objected to this RFP on the ground that it was not relevant to the litigation.  The SEC represented that this RFP was relevant because Chris Larsen's authority to appoint Directors to Ripple's Board was referenced in the Complaint and Ripple's Answer to the Complaint.  Notwithstanding that Mr. Larsen's appointment authority was cited in the Complaint and Answer, the fact of such authority is not in dispute—in fact, it was admitted by Ripple in its Answer—and the process for appointing particular directors is irrelevant to either party's claims or defenses.

\* \* \*

We look forward to discussing these and other issues with respect to this matter at our next meet and confer.

Jorge G. Tenreiro, et al. February 25, 2021

Please feel free to contact me if you have any questions.

Very truly yours,

Andrew J. Ceresney
(aceresney@debevoise.com)
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

*Counsel for Defendant Ripple Labs, Inc.*

cc: Matthew Solomon, *Counsel for Defendant Bradley Garlinghouse*
    Martin Flumenbaum, *Counsel for Defendant Christian A. Larsen*