# EXHIBIT G

| | |
|---|---|
| **From:** | Gulay, Erol |
| **To:** | Waxman, Daphna A.; "msolomon@cgsh.com"; Janghorbani, Alexander; Levander, Samuel; nbamberger@cgsh.com; "Tatz, Nicole"; "Lucas Hakkenberg (lhakkenberg@cgsh.com)"; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M.; Ceresney, Andrew J.; White, Mary Jo; Zornberg, Lisa; Ford, Christopher S.; Guo, Joy; Hahn, Ashley V.; Hirsch, Matt; mflumenbaum@paulweiss.com; Dearborn, Meredith (mdearborn@paulweiss.com); mgertzman@paulweiss.com; Linsenmayer, Robin (rlinsenmayer@paulweiss.com); "Bunting, Kristina" (kbunting@paulweiss.com) |
| **Cc:** | Tenreiro, Jorge; Daniels, Jon; Sylvester, Mark; Hanauer, Benjamin J.; Stewart, Ladan F; Moye, Robert M.; Goody, Elizabeth; Guerrier, Pascale |
| **Subject:** | RE: SEC v Ripple; Slack Messages |
| **Date:** | Wednesday, August 04, 2021 8:40:35 PM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Daphna,

Thank you for your email. We appreciate that the SEC "intends to complete its discovery by August 31 and wishes to move to the next stage of this litigation on that date"; Ripple shares that commitment, and we are confident that a reasonable, proportionate production of additional Slack communications can be accomplished without disrupting the court-ordered schedule in this matter. Unfortunately, we believe your proposal undermines the parties' shared goal of moving this case along expeditiously, as it calls for the collection, processing, and review of hundreds of thousands of additional Slack messages from over 20 custodians on the eve of the discovery deadline. Not only does your proposal result in disproportionate burden and cost for Ripple, it would also require—based on how long it has so far taken to collect the DMs and MPIMs of five custodians—considerable time and effort to complete.

While we agree to producing the first category referenced below with respect to the Individual Defendants sufficiently in advance of their depositions, the second category, which requests Slack messages from a total of 20 additional custodians, including eight non-deponent custodians, is overly broad and disproportionate. In addition to the enormous burden and cost of your request, Slack messages from many of the custodians will substantially overlap with one another, presenting significant duplication in collection (for example, it is likely that Monica Long's DMs and MPIMs will also pull in Slack messages to or from Cory Johnson, Stacy Ngo, and other custodians).

Based on your proposed list, it appears that you are most interested in the messages of custodians who used Slack most frequently. Our counter-proposal is we will produce on an expedited schedule the DMs and MPIMs of the following custodians, who, based on the message count data, are the heaviest users of Slack among the deponents – Asheesh Birla, Ryan Zagone, Dinuka Samarasinghe, Ron Will, Monica Long, Miguel Vias, and David Schwartz. In other words, Ripple is prepared to produce additional Slack messages for the Ripple custodians the SEC decided to depose—who are presumably the most important custodians for the SEC—and who used Slack most regularly.

We believe this proposal is reasonable and appropriate, given the massive quantity of data, the amount of time left in the discovery period, and the costs and burden of having to review the larger list of custodians that you proposed. Our proposal is also similar to the SEC's own proposal to narrow their requests as applied to another large repository of potentially responsive data—Google Docs data. At that time, the SEC was willing to narrow the number of custodians from whom Google Docs data should be produced to six, which was reasonable and which Ripple accepted.

Finally, we would like to clarify that it is not accurate to state that none of the Slack messages reflected in the message count data chart we produced yesterday were collected or produced; in fact, all private channel messages were collected for all of the custodians, and Ripple has already

produced any responsive private channel Slack messages.

We are willing to meet and confer further tomorrow about the Slack productions.

Thanks,

Erol

---

**From:** Waxman, Daphna A. [mailto:WaxmanD@SEC.GOV]
**Sent:** Tuesday, August 03, 2021 22:55
**To:** Gulay, Erol; 'msolomon@cgsh.com'; Janghorbani, Alexander; Levander, Samuel; nbamberger@cgsh.com; 'Tatz, Nicole'; 'Lucas Hakkenberg (lhakkenberg@cgsh.com)'; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M.; Ceresney, Andrew J.; White, Mary Jo; Zornberg, Lisa; Ford, Christopher S.; Guo, Joy; Hahn, Ashley V.; Hirsch, Matt; mflumenbaum@paulweiss.com; Dearborn, Meredith (mdearborn@paulweiss.com); mgertzman@paulweiss.com; Linsenmayer, Robin (rlinsenmayer@paulweiss.com); 'Bunting, Kristina' (kbunting@paulweiss.com)
**Cc:** Tenreiro, Jorge; Daniels, Jon; Sylvester, Mark; Hanauer, Benjamin J.; Stewart, Ladan F; Moye, Robert M.; Goody, Elizabeth; Guerrier, Pascale
**Subject:** RE: SEC v Ripple; Slack Messages

Erol:

Thank you for clarifying Ripple's position concerning Slack. To clarify the SEC's position, any compromise between the parties must include an agreement by Ripple to collect, review and produce the following:

1. All responsive Private Messages, DMs, MPIMs, and public channel posts for the IDs at least two weeks prior to their respective deposition dates; and
2. All responsive Private Messages, DMs, and MPIMs for each custodian who is a deponent plus Peter Eames, Catherine Coley, Cameron Kinloch, Cory Johnson, Vijay Chetty, Stacy Ngo, Shanna Leonard, and Warren Anderson within an expedited timeframe.

Our position is based on our understanding that the "vast majority of [Ripple] employees used Slack as – if not their primary means, certainly as a very significant means of communication." (See pp. 267 of the Investigative Testimony Transcript of David Schwartz) This is confirmed by your own Slack data that shows that the above custodians (which include 10 custodians that the SEC has already deposed and 4 custodians the SEC will depose over the next 3 weeks) have more than 900,000 Slack messages that Ripple has not yet collected or reviewed in response to the SEC's RFPs.

If you are willing to agree to produce the above categories of Slack data, we would further consider whether to narrow our request for public channel posts for the remaining custodians. If you do not agree, please confirm <u>by tomorrow</u> that the parties have reached an impasse on the Slack issue so we may immediately raise the issue with the Court.

We regret that it has come to this. The SEC intends to complete its discovery by August 31 and wishes to move to the next stage of this litigation on that date. However, Ripple's Slack collection mistake has caused an untenable situation that leaves us with no choice but to immediately alert Judge Netburn of these developments, should we fail to come to prompt agreement on the scope and expedited timetable for Ripple's production of these critical communications.

We reserve all our rights concerning the Slack issue and look forward to your response.

Daphna

**From:** Gulay, Erol <egulay@debevoise.com>
**Sent:** Tuesday, August 3, 2021 5:28 PM
**To:** Waxman, Daphna A. <WaxmanD@SEC.GOV>; 'msolomon@cgsh.com' <msolomon@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; nbamberger@cgsh.com; 'Tatz, Nicole' <ntatz@cgsh.com>; 'Lucas Hakkenberg (lhakkenberg@cgsh.com)' <lhakkenberg@cgsh.com>; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Ceresney, Andrew J. <aceresney@debevoise.com>; White, Mary Jo <mjwhite@debevoise.com>; Zornberg, Lisa <lzornberg@debevoise.com>; Ford, Christopher S. <csford@debevoise.com>; Guo, Joy <jguo@debevoise.com>; Hahn, Ashley V. <avhahn@debevoise.com>; Hirsch, Matt <mjhirsch@debevoise.com>; mflumenbaum@paulweiss.com; Dearborn, Meredith (mdearborn@paulweiss.com) <mdearborn@paulweiss.com>; mgertzman@paulweiss.com; Linsenmayer, Robin (rlinsenmayer@paulweiss.com) <rlinsenmayer@paulweiss.com>; 'Bunting, Kristina' (kbunting@paulweiss.com) <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Moye, Robert M. <MoyeR@sec.gov>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>
**Subject:** RE: SEC v Ripple; Slack Messages

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Daphna,

We write to clarify our discussions concerning Slack during the August 2 meet and confer.

As we emphasized during the meet and confer, Ripple has been working diligently over the past few weeks to address a vendor error that impacted the collection of certain categories of Slack messages (MPIMs and DMs). We also explained that while the SEC first issued its request for all responsive Slack messages on August 10, 2020, the reason the Slack messages were not produced before the litigation is because the SEC issued a Wells Notice the very next month, on September 23, 2020, before Ripple had an opportunity to completely collect, review for responsiveness and produce the data. Although Ripple had raised concerns about the scope and burdensomeness of the August 2020 request prior to receiving the Wells Notice, Ripple had already begun to collect Slack data shortly after the August 2020 request and was prepared to begin reviewing Slack messages in response to the SEC's request.

During the meet and confer, we explained that Ripple is collecting and reviewing DMs and MPIMs for Mr. Larsen and Mr. Garlinghouse and is aiming to produce responsive Slack messages two weeks before their respective deposition dates, or in the alternative, sufficiently in advance of their depositions. While we are collecting and plan to produce all responsive DMs and MPIMs for Mr. Larsen and Mr. Garlinghouse, we did not agree during the meet and confer to produce all of their public channel posts given the significant cost and burden associated with collecting public channel messages.

As for Ms. O'Gorman and Mr. Beard, we are still in the process of collecting their DMs and MPIMs. As we noted during the meet and confer, since we are not going to produce the additional Slack messages in advance of their depositions, we do not think it makes sense to treat these custodians any differently than all other custodians.

Turning to the remaining custodians, given the sheer cost and burden of collecting DMs and MPIMs,

we would propose that the SEC narrow its request for DMs and MPIMs to a limited set of custodians, just as the SEC was willing to do with Google Docs data. In order for the SEC to consider the proposal, Ripple is prepared to provide the total Slack message count data for each custodian, covering Private Messages, Public Messages, DMs, and MPIMs. An Excel sheet reflecting this information is attached to this email. You requested separate message counts for DMs, MPIMs, and public channels, but our understanding is that Slack is only able to provide aggregate message count data and cannot provide separate message counts for each type of Slack message until those messages are collected and processed, which takes substantial time and considerable cost. In addition, in response to Request 2, our understanding is that MPIMs do not have "channel names" the way public channels do.

As for the names of the public channels in which custodial messages were posted, we are able to provide that information if the SEC is able to provide a streamlined list of custodians for which it would like us to pull public channel data.

We look forward to continuing our discussions and are willing to meet and confer further about the Slack productions.

Separately, we wanted to address the @ripple.com email address request. Ripple agrees to the proposed narrowing set forth in your July 29 email, except that Ripple would not search "synonyms" of the delineated search terms. Please let us know if the SEC accepts that proposal.

Thanks,
Erol

**From:** Waxman, Daphna A. [mailto:WaxmanD@SEC.GOV]
**Sent:** Monday, August 02, 2021 20:53
**To:** Gulay, Erol; 'msolomon@cgsh.com'; Janghorbani, Alexander; Levander, Samuel; nbamberger@cgsh.com; 'Tatz, Nicole'; 'Lucas Hakkenberg (lhakkenberg@cgsh.com)'; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M.; Ceresney, Andrew J.; White, Mary Jo; Zornberg, Lisa; Ford, Christopher S.; Guo, Joy; Hahn, Ashley V.; Hirsch, Matt; mflumenbaum@paulweiss.com; Dearborn, Meredith (mdearborn@paulweiss.com); mgertzman@paulweiss.com; Linsenmayer, Robin (rlinsenmayer@paulweiss.com); 'Bunting, Kristina' (kbunting@paulweiss.com)
**Cc:** Tenreiro, Jorge; Daniels, Jon; Sylvester, Mark; Hanauer, Benjamin J.; Stewart, Ladan F; Moye, Robert M.; Goody, Elizabeth; Guerrier, Pascale
**Subject:** RE: SEC v Ripple; Slack Messages

Andrew:

I'm writing to memorialize our continuing discussions regarding Slack.

During today's meet and confer, Ripple agreed to collect and review all DMs, MPIMs and public slack channel messages for the IDs and to endeavor to produce all responsive messages two weeks prior to their depositions. The SEC is amenable to this approach. However, should Ripple's timetable change, the SEC reserves all its rights to reschedule the depositions of the IDs.

As to the DMs and MPIMs for Ms. O'Gorman and Mr. Beard, Ripple stated that it would not be able to produce responsive messages by this evening (8/2) despite the fact that Ms. O'Gorman's deposition is scheduled for this Wednesday (8/4) and Mr. Beard's deposition is scheduled for this Friday (8/6). Again, the SEC reserves all its rights to seek to re-examine any

deponent on the limited questions posed by any Slack communication not produced in advance of their deposition.

As to the Slack data for the remaining custodians, which includes DMs, MPIMs, and public channels, Ripple proposed that the SEC limit its request to certain custodians. As discussed, in order for the SEC to thoughtfully consider any such proposal, we request that you provide the following:

1. The number of DMs for each custodian.
2. The number of MPIMs for each custodian, and the names of the channels in which messages were posted.
3. The number of public slack channel messages for each custodian, and the names of the channels in which the messages were posted.

Please let us know as soon as possible what additional information you are willing to provide. As the record reflects, the SEC requested Slack data from Ripple during the SEC investigation and again in the SEC's first RFP in January 2021. Ripple has also known about the SEC's concerns regarding the completeness of Ripple's production of Slack messages for over a month now.

Thank you,
Daphna

**From:** Waxman, Daphna A.
**Sent:** Sunday, August 1, 2021 9:07 AM
**To:** 'Gulay, Erol' <egulay@debevoise.com>; 'msolomon@cgsh.com' <msolomon@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; nbamberger@cgsh.com; 'Tatz, Nicole' <ntatz@cgsh.com>; 'Lucas Hakkenberg (lhakkenberg@cgsh.com)' <lhakkenberg@cgsh.com>; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Ceresney, Andrew J. <aceresney@debevoise.com>; White, Mary Jo <mjwhite@debevoise.com>; Zornberg, Lisa <lzornberg@debevoise.com>; Ford, Christopher S. <csford@debevoise.com>; Guo, Joy <jguo@debevoise.com>; Hahn, Ashley V. <avhahn@debevoise.com>; Hirsch, Matt <mjhirsch@debevoise.com>; mflumenbaum@paulweiss.com; Dearborn, Meredith (mdearborn@paulweiss.com) <mdearborn@paulweiss.com>; mgertzman@paulweiss.com; Linsenmayer, Robin (rlinsenmayer@paulweiss.com) <rlinsenmayer@paulweiss.com>; 'Bunting, Kristina' (kbunting@paulweiss.com) <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Sylvester, Mark <SylvesterM@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Moye, Robert M. <MoyeR@sec.gov>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>
**Subject:** RE: SEC v Ripple; Slack Messages

Erol:

Thank you for your email. We are willing to meet and confer on the Slack issue but want to

state for the record the following points.

First, as a threshold matter, we do not agree that the 2% responsiveness rate of an incorrectly gathered sample bears any relevance to the issue at hand. It does not factor in the entire universe of Slack data and therefore, does not provide any meaningful measure of the value of the discovery as compared to the burden. At this stage, a more important and relevant figure is Ripple's collection rate for Slack data. As we have only recently learned, Ripple's collection of Slack messages for Mr. Garlinghouse constituted less than 3% of his total messages during the relevant period. Given Ripple's representations regarding the terabytes of non-collected data, we suspect that Ripple's collection rate for Slack data for other custodians is just as low as the collection rate for Mr. Garlinghouse.

Second, while we recognize that the collection and review of Slack is a time consuming process, Ripple was on notice that the SEC viewed Slack as critical data even before this litigation began. The SEC requested that Ripple produce Slack messages during the investigation (which Ripple refused to do) and again at the beginning of discovery by specifically requesting Slack data in the SEC's First Request for Production on January 25, 2021. Finally, over four weeks ago, the SEC raised concerns regarding the completeness of Ripple's production of Slack messages, which Ripple initially dismissed but have now proven to be well founded.

Overall, we believe Ripple's inaccurate representations regarding the completeness of its collection and review process for Slack data, the low collection rate for the Slack data of Mr. Garlinghouse and likely other custodians, and the current delay in producing Slack data is highly prejudicial to the SEC.

Nonetheless, in order to reach a compromise, we propose the following:

1. Ripple will collect and review all Slack data for the Individual Defendants, which includes DMs, MPIMs, and any public channel posts, and will produce any responsive documents and communication two weeks ahead of their depositions.
2. Ripple will collect and review all DMs and MPIMs for Ron Will, Antoinette O'Gorman, and Ethan Beard, and will produce any responsive documents and communications for Ms. O'Gorman and Mr. Beard <u>no later than Monday night.</u>
3. Ripple will collect, review and produce all responsive DMs and MPIMs for the remaining custodians <u>OR</u> Ripple will consent to Slack collecting and producing this information to the SEC (which will save Ripple the cost of collection) and the SEC will not object to Ripple pre-reviewing the data both for privilege and responsiveness.
4. Ripple will provide the SEC with a list of custodians that used public Slack channels, the number of messages for each custodian, and the names of the public Slack channels and following receipt of that data, the SEC will narrow its request to a limited set of custodians and channels. As we have previously discussed, communications between Ripple and third parties are critical to this case and any compromise will need to include some subset of these communications.

Please let us know your position on this proposal as soon as possible. We reserve all our rights

with respect to the Slack issue, including the right to seek to re-examine individuals on limited questions raised by Slack messages not produced sufficiently in advance of their depositions.
Daphna

**From:** Gulay, Erol <egulay@debevoise.com>
**Sent:** Friday, July 30, 2021 2:23 PM
**To:** Waxman, Daphna A. <WaxmanD@SEC.GOV>; 'msolomon@cgsh.com' <msolomon@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; nbamberger@cgsh.com; 'Tatz, Nicole' <ntatz@cgsh.com>; 'Lucas Hakkenberg (lhakkenberg@cgsh.com)' <lhakkenberg@cgsh.com>; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Ceresney, Andrew J. <aceresney@debevoise.com>; White, Mary Jo <mjwhite@debevoise.com>; Zornberg, Lisa <lzornberg@debevoise.com>; Ford, Christopher S. <csford@debevoise.com>; Guo, Joy <jguo@debevoise.com>; Hahn, Ashley V. <avhahn@debevoise.com>; Hirsch, Matt <mjhirsch@debevoise.com>; mflumenbaum@paulweiss.com; Dearborn, Meredith (mdearborn@paulweiss.com) <mdearborn@paulweiss.com>; mgertzman@paulweiss.com; Linsenmayer, Robin (rlinsenmayer@paulweiss.com) <rlinsenmayer@paulweiss.com>; 'Bunting, Kristina' (kbunting@paulweiss.com) <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Moye, Robert M. <MoyeR@sec.gov>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>
**Subject:** RE: SEC v Ripple; Slack Messages

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Daphna,

We write in response to your July 28 email about our Slack productions.

Ripple's Slack collection, review, and production to date has been extensive. We collected over 82,000 Slack documents, reviewed 7,054 Slack documents for responsiveness, and produced a total of 1,468 Slack documents to the SEC (which means less than 2% of documents collected and processed are responsive to the hundreds of RFPs served by the SEC) —as part of a document production that has consisted of over 160,000 documents and over 1 million pages. (As you know from our productions, a "Slack document" contains numerous Slack messages sent to and from the participants in a channel, so the almost 1,500 Slack documents actually consist of a much larger universe of communications.)

During our review of the Slack collection process, we discovered that although our e-discovery vendor collected private channel messages, they did not collect certain other categories of Slack data: public channel messages, direct messages ("DMs"), and multi-party instant messages ("MPIMs"). The vendor is now undertaking an expedited re-collection of DMs and MPIMs for five priority custodians—Brad Garlinghouse, Chris Larsen, Ron Will, Antoinette O'Gorman, and Ethan Beard.

These five custodians alone—whose data is still being collected—have already yielded nearly 2 terabytes of data, at a cost of over $70,000. Extrapolating this to all 33 custodians, a comprehensive re-collection of DM and MPIM data would likely require the collection of approximately 13.2 terabytes of data at a cost of at least $460,000, which doesn't factor in hosting costs. Needless to say, it would be unduly burdensome and disproportionate to the needs of this case to have to

proceed with such a data collection, particularly when the data already collected, processed, reviewed and produced shows a less than 2% responsiveness rate.

These figures do not account for public channel data, which, based on discussions with our vendor and Slack, would be even more burdensome to collect, process, and review—with data sizes stretching into the terabytes for single custodians. Indeed, a total message count analysis we received from Slack for 14 custodians yielded a sum of over 616,000 sent Slack messages during the Relevant Period, which means the total count for all 33 custodians is likely well over 1 million sent messages. (In response to your specific requests, we are able to report that Mr. Garlinghouse sent 8,535 Slack messages during the Relevant Period, while Mr. Larsen sent only 75 Slack messages during the same period. These figures include public channel messages.)

Given the very substantial volume of additional Slack data—and the significant burden and costs associated with hosting and reviewing such data—Ripple would like to meet and confer with the SEC about narrowing the Slack request. As you recall, Ripple had encountered a similar sizing issue with custodial Google Drive data and the parties were able to reach a compromise. As part of that agreement, Ripple agreed to produce responsive Google Drive data for a subset of the custodians, as selected by the SEC.

We would note that the collection and review of Slack data is a time-consuming process—more so than e-mail collection—and we and our vendor are working as diligently as possible given the upcoming deadlines and the importance of this matter. While re-collection continues, and notwithstanding any of the above, it remains our current expectation that our production of additional Slack messages for Mr. Garlinghouse and Mr. Larsen will occur two weeks prior to their depositions.

We look forward to meeting and conferring further to discuss a potential resolution of the Slack collection issues.

Thanks,

Erol

---

**From:** Waxman, Daphna A. [mailto:WaxmanD@SEC.GOV]
**Sent:** Wednesday, July 28, 2021 10:07
**To:** Gulay, Erol; 'msolomon@cgsh.com'; Janghorbani, Alexander; Levander, Samuel; nbamberger@cgsh.com; 'Tatz, Nicole'; 'Lucas Hakkenberg (lhakkenberg@cgsh.com)'; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M.; Ceresney, Andrew J.; White, Mary Jo; Zornberg, Lisa; Ford, Christopher S.; Guo, Joy; Hahn, Ashley V.; Hirsch, Matt
**Cc:** Tenreiro, Jorge; Daniels, Jon; Sylvester, Mark; Hanauer, Benjamin J.; Stewart, Ladan F; Moye, Robert M.
**Subject:** RE: SEC v Ripple; Slack Messages

Erol:

Thank you for your email. Based upon your response below, we understand that: (1) Ripple encountered an error in its collection process for Slack messages, (2) the error impacted all custodians, and (3) Ripple's prior representation that it had completed its production of Slack messages may no longer be accurate. If this understanding is not correct, please identify and clarify the nature of the "issues" Ripple has encountered related to its collection and processing of Slack messages and the "scope" of these issues.

In order for both parties to ensure the completeness of Ripple's "re- collection and re-processing" of Slack messages going forward, we reiterate our request for the following information: (1) the total message count for each Ripple custodian, including Mr. Larsen and Mr. Garlinghouse, for the entire relevant period; (2) the number of Slack messages collected and reviewed by Ripple for Mr. Larsen and Mr. Garlinghouse; and (3) a timeframe for producing any additional Slack messages for all

custodians. We believe this request is reasonable and justified given Ripple's retraction of its prior representations that it had completed production of Slack messages for all custodians. If you refuse to provide this information, please let us know immediately so we may raise the issue with the Court. We presume you already have this information given your representations that Ripple has diligently investigated this issue since the SEC raised it on July 1.

Thank you,
Daphna

**From:** Gulay, Erol <egulay@debevoise.com>
Sent: Tuesday, July 27, 2021 10:53 PM
**To:** Waxman, Daphna A. <WaxmanD@SEC.GOV>; 'msolomon@cgsh.com' <msolomon@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; nbamberger@cgsh.com; 'Tatz, Nicole' <ntatz@cgsh.com>; 'Lucas Hakkenberg (lhakkenberg@cgsh.com)' <lhakkenberg@cgsh.com>; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Ceresney, Andrew J. <aceresney@debevoise.com>; White, Mary Jo <mjwhite@debevoise.com>; Zornberg, Lisa <lzornberg@debevoise.com>; Ford, Christopher S. <csford@debevoise.com>; Guo, Joy <jguo@debevoise.com>; Hahn, Ashley V. <avhahn@debevoise.com>; Hirsch, Matt <mjhirsch@debevoise.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Moye, Robert M. <MoyeR@sec.gov>
**Subject:** RE: SEC v Ripple; Slack Messages

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:

We write in response to your July 24 email concerning Ripple's production of Slack messages in response to the SEC's RFPs.

Ripple has been diligently investigating whether there were any deficiencies in its prior collection and production of Slack messages ever since the SEC first brought the issue to our attention on July 1. We have spent substantial time working with our vendor and coordinating directly with Slack to identify, scope, and resolve the issues.

In an effort to ensure that our collection and productions are complete, we are in the process of re-collecting and re-processing Slack data from the relevant custodians—prioritizing upcoming deponents—and are moving as expeditiously as possible. As we have indicated previously, we expect that our supplemental production of responsive Slack messages—if any—will occur sufficiently in advance of the currently scheduled depositions of the remaining deponents. For Mr. Garlinghouse and Mr. Larsen, we anticipate being able to produce additional responsive Slack messages—if any—at least two weeks prior to their currently scheduled depositions.

Ripple can also confirm that there has been no deletion of Slack messages for any custodian during the relevant period. Slack's default preservation setting is for all Slack data to be retained for the lifetime of a workspace, and Ripple has not modified that setting.

Finally, Ripple's production of Slack messages sometimes includes the names of employees

who were not yet employed by the Company in the "To" field of the documents because that metadata field captures all of the participants in the relevant Slack channel for the lifetime of the channel, regardless of when they joined or exited the channel. For example, if a particular Slack channel was active from 2016-2019, the "To" field of the Slack document will reflect all Ripple participants in the channel from 2016-2019. We have investigated whether there is a way for the documents to instead reflect the participants in the channel at a given point in time and our vendor has indicated that this is not currently feasible. The best way to determine which participants were actively participating in the channel at a given point in time is by analyzing the individuals who are sending and responding to messages in the particular Slack document.

We hope this addresses your questions and are willing to meet and confer to discuss further.

Thanks,
Erol

**Debevoise & Plimpton**

**Erol Gulay**
egulay@debevoise.com
+1 212 909 6549 (Tel)
919 Third Avenue
New York, NY 10022

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Waxman, Daphna A. [mailto:WaxmanD@SEC.GOV]
**Sent:** Saturday, July 24, 2021 15:32
**To:** 'msolomon@cgsh.com'; Janghorbani, Alexander; Levander, Samuel; nbamberger@cgsh.com; 'Tatz, Nicole'; 'Lucas Hakkenberg (lhakkenberg@cgsh.com)'; mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Pfeffer, Eliana M.; Ceresney, Andrew J.; White, Mary Jo; Zornberg, Lisa; Ford, Christopher S.; Guo, Joy
**Cc:** Tenreiro, Jorge; Daniels, Jon; Sylvester, Mark; Hanauer, Benjamin J.; Stewart, Ladan F; Moye, Robert M.
**Subject:** SEC v Ripple; Slack Messages

Counsel:

We write to memorialize our continued concerns regarding Ripple's search and production of Slack messages in response to the SEC's RFPs.

As you know, the SEC first raised the possibility that Ripple's production of Slack messages for Mr. Garlinghouse may be incomplete during a meet and confer on July 1, over three weeks ago. In an email on July 2, Ripple responded that it "reviewed its production and confirmed that the Company's production of [Slack] documents is complete." In emails on July 2 and July 6, the SEC repeated its concerns regarding the completeness of Ripple's production of Slack messages and requested that Ripple clarify the scope of its search given the limited number of Slack messages produced by Ripple vis-a-vis the SEC's understanding that Ripple employees, including Mr. Garlinghosue, used Slack extensively. In an email on July 7, Ripple again confirmed the completeness of its production of Slack messages for all custodians and stated

that it does "not see a basis or concrete support for your claim that we have withheld otherwise responsive Slack communication." The SEC continued to press and seek clarification of the issue during a meet and confer on July 8 and by email on July 16 and July 20. Finally, during our meet and confer on July 23, Ripple represented that there may have been an error in the collection process for Slack messages for Mr. Garlinghouse as well as other document custodians. Due to the processing error, Ripple represented that it is in the process of re-collecting Slack messages for Mr. Garlinghouse but declined to share with the SEC message count information for Mr. Garlinghouse or to permit the SEC to obtain this information from Slack.

The SEC renews its request for message count information, which is critical to ensuring the completeness of Ripple's collection process for Slack messages. Given Ripple's prior representations and the seriousness of this issue, we request that you provide the following no later than Tuesday: (1) the total Slack message count for Mr. Larsen and Mr. Garlinghouse for the relevant time period; (2) the number of Slack messages collected and reviewed by counsel for Mr. Garlinghouse and Mr. Larsen; (3) the date by which Ripple will produce to the SEC any additional responsive Slack messages for Larsen, Garlinghouse, and any other document custodian whose Slack messages may have been affected; and (4) confirmation that Ripple has not deleted any Slack messages for any employee during the relevant period.

On July 1, you also agreed to determine why Ripple's production of Slack messages includes the names of employees who were not yet employed by the Company. Please also indicate by Tuesday how we may accurately identify the recipients of the Slack messages already produced and/or whether you plan to reproduce the data.

We reserve all our rights on any issues related to Slack messages. Absent assurances that Ripple will produce all responsive Slack messages from the remaining deponents sufficiently in advance of their currently scheduled depositions, we will seek to postpone these depositions and request an additional extension of the discovery period.

We hope to resolve this issue promptly and are willing to meet and confer to discuss further.

Daphna