# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

**VIA ECF**

August 10, 2021

Hon. Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

RE: *SEC v. Ripple Labs, Inc. et al.,* No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Rule III.F of this Court's Individual Practices and Paragraph 15 of the Stipulation and Protective Order the Court entered in this case (ECF No. 53) (the "Protective Order"), we write on behalf of Bradley Garlinghouse and Christian Larsen (the "Individual Defendants") and Ripple Labs Inc. ("Ripple," and, collectively, "Defendants") to respectfully request leave to file under seal Appendix A and Exhibits A-H to Defendants' August 10, 2021 letter request for a Local Rule 37.2 conference (the "Letter") to address the SECs improper assertion of deliberative process privilege.

Defendants have conferred with Plaintiff Securities Exchange Commission (the "SEC") and understand that the SEC does not object to filing these materials under seal, pending the SEC's opportunity to review the submitted materials and evaluate whether to ultimately request sealing. Pursuant to Paragraph 15 of the Protective Order, and in accordance with this Court's Individual Practices, Defendants are contemporaneously filing a redacted copy of the Letter, as well as unredacted copies highlighted for redaction, under seal. Defendants are also filing copies of Appendix A and Exhibits A-H under seal.

While Defendants do not presently take a position on the ultimate confidentiality of these materials, Appendix A and Exhibits A-I are all comprised of "discovery materials filed with the court in connection with discovery-related disputes," that were designated as confidential by the producing part; they are therefore not judicial documents and not entitled to a presumption of public access. *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie

entirely beyond the presumption's reach."). Each are discovery materials exchanged between the parties through "compulsory process to facilitate orderly preparation for trail, not to educate or titillate the public." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

The Appendix and Exhibits consist of the following materials:

- Exhibits A-F are a series of privilege logs provided by the SEC to Defendants, logs which the SEC has designated as Confidential under the Stipulation and Protective Order.

- Exhibit G is an email from Jorge Tenreiro, counsel for the SEC, to Reid Figel, counsel for Ripple, discussing the basis for the SEC's assertion of deliberative process privilege to certain documents.

- Exhibit H is an email produced in this litigation designated as Confidential by the SEC pursuant to the Stipulation and Protective Order entered by Judge Torres.

- Exhibit I is an excerpt of the transcript of the confidential deposition of William Hinman, the former Director of the Division of Corporation Finance at the SEC, a transcript the SEC has designated as Confidential pursuant to the Stipulation and Protective Order.

- Appendix A is comprised of a selection of entries from the privilege logs provided by the SEC to Defendants. The SEC has designated the underlying logs Confidential under the Stipulation and Protective Order. Appendix A also includes Defendants' analysis of the basis for seeking *in camera* review of each document contained therein.

Pursuant to Paragraph 15 of the Protective Order, the SEC as the party that designated these materials as Confidential in the first instance and the opposing party in this litigation, should file within three days a letter explaining the need to seal or redact the materials, if any.

Dated: August 10, 2021

Respectfully Submitted,

*/s/ Matthew C. Solomon*

Matthew C. Solomon

*Counsel for Defendant Bradley Garlinghouse*

cc: All Counsel of Record (via ECF)