

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

August 16, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:  SEC v. Ripple Labs Inc., et al., No. 20-cv-10832(AT) (SN) (S.D.N.Y.)**

Dear Judge Netburn:

Pursuant to Rule III.F of this Court's Individual Practices and Paragraph 15 of the Stipulation and Protective Order the Court entered in this case (the "Protective Order," ECF No. 53), Defendant Ripple Labs Inc. ("Ripple") respectfully submits this letter-motion to seal: (*i*) certain redacted portions of the SEC's August 9, 2021 letter-motion to compel certain Slack discovery (the "SEC Letter-Motion," ECF No. 282); (*ii*) certain of the exhibits the SEC filed under seal in support thereof (ECF Nos. 282-1–282-10); (*iii*) the redacted portions of Ripple's August 16, 2021 letter in response to the SEC Letter-Motion (the "Opposition Letter," ECF No. 296); and (*iv*) the seven exhibits filed under seal in support thereof (ECF Nos. 296-2–296-8).

Ripple met and conferred with the SEC on August 13, 2020, regarding these issues and the parties currently do not agree with respect to the exhibits addressed in this motion.[1] It is our understanding that the SEC may consent to portions of Ripple's sealing requests when it files its response to this letter.

**SEC Letter-Motion and Exhibits**

The exhibits attached to the SEC Letter-Motion are plainly "discovery materials filed with the court in connection with discovery-related disputes," that were designated Confidential or Highly Confidential by Ripple pursuant to the Protective Order; thus, they are not judicial documents and not entitled to a presumption of public access.  *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (Karas, J.); *see also Nichols v. Noom Inc.*, No. 20-CV-3677, 2021 WL 857352, at

---

[1] The parties have reached agreement with respect to the following exhibits to the SEC Letter-Motion:  Exhibit A (ECF No. 282-1) (redacting the entirety of this excerpt of David Schwartz's confidential investigation testimony, except for the cover page and 266:17–267:10, which is cited by the SEC for the proposition that Ripple employees used Slack as a means of communication); Exhibit B (ECF No. 282-2) (redacting the entirety of this excerpt of Breanne Madigan's confidential deposition testimony, except for the cover page and 302:9–14, which is cited by the SEC for the proposition that Ripple employees used Slack as a means of communication); and Exhibit P (ECF No. 282-10) (redacting all references to certain non-parties and their address identified in Table 1 of this exhibit, as well as redacting Ripple's insurance policy numbers).  The parties have also reached agreement with respect to the unsealing of references to Mr. Schwartz's testimony on pages 1 and 2 of the SEC Letter-Motion and to Ms. Madigan's testimony in footnote 2 of the SEC Letter-Motion.

Hon. Sarah Netburn                                    2                                    August 16, 2021

*1 (S.D.N.Y. Mar. 8, 2021) (Parker, J.) (holding that documents "merely filed in order to advise the court and 'tee up' certain discovery disputes between the parties that required judicial intervention" were not judicial documents). Even if the Court determined that these exhibits were judicial documents, any weight assigned to the presumption of access should be minimal because the SEC Letter-Motion does not rely on these documents to a significant degree. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (holding that documents "that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond" the common law presumption of access).

Exhibits J, K, L, M, and N to the SEC Letter-Motion (ECF Nos. 282-5–282-9) are excerpts of non-public deposition testimony from this litigation that have been designated Confidential or Highly Confidential pursuant to the Protective Order and which reflect competitively sensitive and confidential information concerning Ripple's business strategy, relationships with business partners, and internal business operations. The SEC cites these documents only in passing, without relying meaningfully on their substance. In particular, the SEC cites Exhibit J for the proposition that Dinuka Samarasinghe's recollection was refreshed using a Slack document. Although Ripple disputes that Exhibit J shows that Mr. Samarasinghe's recollection was in fact refreshed by the Slack document, even if it were, the fact that a single Slack document refreshed one witness's recollection during testimony is not material to the resolution of the SEC Letter-Motion, because the matter ultimately in dispute is the burden and proportionality of the SEC's discovery demands. In addition, even if the Slack document refreshed Mr. Samarasinghe's recollection, the substantive issue being addressed in the deposition testimony is irrelevant to the Court's resolution of the SEC Letter-Motion. As for Exhibits K, L, M, and N, these exhibits are cited for the unremarkable proposition that certain witnesses "were not able to remember a number of important issues." SEC Letter-Motion at 4 n.5. Tellingly, the SEC does not argue that a Slack communication would have refreshed any of their recollections. This confidential testimony should remain sealed as the substance of the testimony is irrelevant to the SEC Letter-Motion. Therefore, except for the cover pages of these transcript excerpts, Ripple respectfully requests that these exhibits remain under seal and that substantive references to these exhibits in the SEC Letter-Motion remain redacted, as reflected in the version of the SEC Letter-Motion that was filed publicly.

Exhibits H and I to the SEC Letter-Motion (ECF Nos. 282-3–282-4) should also remain sealed. Exhibit H provides significant details regarding Ripple employees' Slack communications; disclosure of this information would be highly invasive and could potentially be exploited by Ripple's competitors in unforeseeable ways. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (noting that public access is "denied where court files might have become a vehicle for improper purposes") (Nathan, J.) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The SEC Letter-Motion cites this information merely to state the number of Slack documents at issue, which is not in dispute. Exhibit I is a 40-page compilation of Slack messages, each of which have been designated Confidential or Highly Confidential by Ripple under the Protective Order, and which reflect non-public, internal, and sensitive discussions about Ripple's business strategy and relationships with business partners. *See Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-CV-09764, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (Netburn, J.) (noting that certain documents placed under seal by the parties in connection with a class certification motion were "strategic in nature" and reflected "sensitive business information that the parties could reasonably wish to remain confidential"). The SEC references these documents for the proposition that previously produced Slack documents contain information that is relevant to the issues in this litigation, not for the

Hon. Sarah Netburn                                                3                                         August 16, 2021

substance of the discussions in the Slack documents.  Yet there is no dispute that some of the Slack documents produced by Ripple are relevant to the issues in this litigation—that is why they were produced in the first place.  As the substance of these documents is neither material to the pending discovery dispute nor in dispute, public disclosure is not justified.

**Ripple's Opposition Letter and Exhibits**

Similarly, the exhibits attached to Ripple's Opposition Letter are not judicial documents, and are not entitled to the presumption of public access.  There is no benefit to the public in unsealing these documents at this stage of the proceedings and no prejudice to the SEC or to the public in these documents remaining sealed.

- Exhibit B (ECF No. 296-2) concerns confidential Slack email notifications received by Catherine Coley and Breanne Madigan.  Ripple cites these emails for the proposition that Slack messages were included in Ripple's email productions to the SEC.  The substance of these emails, which reflect highly sensitive and confidential information with respect to Ripple's business strategy, are not dispositive to the resolution of the SEC Letter-Motion.

- Exhibit C (ECF No. 296-3) is an excerpt of confidential deposition testimony from Cristian Gil, a non-party to this litigation, which is marked Highly Confidential and reflects non-public and highly sensitive information about Ripple's business strategy and its communications with third-party business partners.  The substance of this testimony is not material to this discovery, but is simply cited to show that Slack was not a typical means of communication between third parties and Ripple.  *See Royal Park*, 2018 WL 739580, at *19 (allowing redactions and sealing of parties' and non-parties' "competitively sensitive business information").

- Exhibits D, F, G, and H (ECF Nos. 296-4, 296-6–296-8) are excerpts of confidential deposition testimony from Monica Long, Ryan Zagone, Ron Will, and Patrick Griffin, all of which are designated as Confidential.  Like the deposition transcript exhibits described above, these transcript excerpts contain a private company's proprietary, internal business development and marketing strategies, analyses, impressions, and concerns on a range of sensitive topics that have never been made public.  In addition, Ripple is not relying on the substance of this testimony, but rather rebutting the SEC's tangential point that these witnesses were not able to recall certain facts, which is insignificant to the resolution of this discovery dispute.

- Exhibit E (ECF No. 296-5) is a marketing presentation that is marked Highly Confidential and discusses confidential aspects of Ripple's marketing strategy that are non-public and competitively sensitive.  Ripple is not relying on the substance of the business information in this document, but rather on the fact that the document could have been used to refresh the recollection of a witness.  It is therefore not material to the resolution of the SEC Letter-Motion.

Hon. Sarah Netburn 4 August 16, 2021

For these reasons, Ripple respectfully requests that Exhibits B through H to the Opposition Letter should be sealed.[2]

Should this Court determine that there is no basis for sealing any of these documents in their entirety, Ripple respectfully asks for an opportunity to propose specific redactions be made to the documents.

Respectfully submitted,

Andrew J. Ceresney
(ajceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000
*Attorneys for Defendant Ripple Labs Inc.*


cc: All parties (via ECF).

---

[2] Ripple further requests that the substantive portions of the Opposition Letter referencing these exhibits, as well as any references to the exhibits to the SEC Letter-Motion, remain redacted.