# Exhibit A

```
     L465secC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   SECURITIES and EXCHANGE
     COMMISSION,
 4
                 Plaintiff,
 5
            v.                              20 Civ. 10832 (AT)(SN)
 6                                          Remote Proceeding

 7   RIPPLE LABS, INC., et al.,

 8               Defendants.

 9   ------------------------------x
                                            New York, N.Y.
10                                          April 6, 2021
                                            2:00 p.m.
11
     Before:
12
                       HON. SARAH NETBURN,
13
                                            U.S. Magistrate Judge
14
                            APPEARANCES
15

16
     SECURITIES and EXCHANGE COMMISSION
17        Attorneys for Plaintiff SEC
     BY:  JORGE G. TENREIRO
18        DUGAN BLISS
          DAPHNA A. WAXMAN
19        JON A. DANIELS
          LADAN STEWART
20
     CLEARY GOTTLIEB STEEN & HAMILTON, LLP
21        Attorneys for Defendant Bradley Garlinghouse
     BY:  MATTHEW SOLOMON
22
     PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
23        Attorneys for Defendant Christian A. Larsen
     BY:  MARTIN FLUMENBAUM
24        MICHAEL GERTZMAN
          MEREDITH DEARBORN
25
```

1  I am just looking at the actual requests themselves.  I know we
2  have been talking about requests 4, 7, 8, 11, and 14.  Search
3  all of the relevant repositories for documents and discovery
4  related to communications to third-parties.  In addition, I am
5  ordering that discovery be conducted of all 19 custodians.  I
6  don't think that the SEC's arguments, as set forth within their
7  letters and again today, are a legitimate basis given the
8  relevancy standard to preclude discovery here.  19 custodians
9  for an incredibly high-stakes, high-value litigation is not
10 unreasonable, and given the three different categories of
11 grounds not to produce documents, I don't think that that is a
12 legitimate basis so I am going to direct that the SEC search
13 all 19 custodians for relevant and responsive documents.
14         I am going to deny in part the request for discovery
15 that is internal, and specifically internal, for instance
16 e-mail communications between what I will call the SEC staff to
17 SEC staff.  I think that that communication both is less
18 relevant as it goes to how the outside world -- how the market
19 is considering XRP and how the individual defendants, how it
20 affects their reasonable belief, and I also think that there
21 are likely to be extensive privilege issues there and I think
22 it has the potential to seriously chill government
23 deliberations and so I am not going to require communications
24 to be produced that are internal e-mail communications within
25 the agency.  If you want the parties to meet and confer -- and