

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

August 17, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, N.Y. 10007

Re:   *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Rule III.F of this Court's Individual Practices and Paragraph 15 of the Court's Protective Order (D.E. 53), Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter regarding (1) ten of the eleven exhibits Defendants filed under seal in support of their motion to compel the SEC to turnover certain material over which the SEC has claimed privilege ("Motion") (D.E. 289-1 through 289-9, and 289-11); and (2) the redacted portions of the Deposition of Former Director of Corporation Finance William Hinman and amended versions of the SEC's privilege logs, submitted by the SEC in opposition to the Motion (the "Opposition").

First, the SEC respectfully moves to seal both the SEC's privilege logs attached to the Motion (D.E. 289-1 through D.E. 289-6) and Appendix A to the Motion, reflecting certain entries from those privilege logs (D.E. 289-11) (together, the "Privilege Logs"), as well as the amended privilege logs attached to the SEC's Opposition (D.E. 299-6 through 299-8) (the "Amended Privilege Logs"), for the reasons set forth below.[1] Defendants do not oppose the SEC's request to seal the Privilege Logs. Although the parties have not had the opportunity to meet and confer as to the proper treatment of the Amended Privilege Logs, these documents are nearly identical to privilege logs that Defendants do not oppose sealing.

The Privilege Logs and the Amended Privilege Logs, which the SEC provided Defendants in connection with both the Court's discovery Orders and the SEC's production of its investigative files, provide significant detail regarding which SEC employees communicated with other SEC employees, on which specific topics, and at which specific times. This information about particular government employees and their communications is sensitive and could potentially be exploited for improper purposes. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (noting that public access is "denied where court files might have become a vehicle for improper purposes") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Moreover, as this Court has noted, privilege logs contain factual information, but disclosure of information about internal SEC communications has the potential to chill government deliberations.  (Apr. 6, 2021 Hr'g at 52; D.E. 163 at 6.)  Upon Defendants' consent and the SEC's motion, the Privilege Logs should thus remain sealed.  (*See*

---

[1] The SEC does not move to seal the remaining exhibits to Defendants' Motion (D.E. 289-7 through 289-9) (and the eleventh document, D.E. 289-10, is a public statement).

(approving sealing of Ripple's privilege logs upon the SEC's consent and Ripple's motion).) For the same reasons, the Amended Privilege Logs should be sealed.

Second, the SEC moves to seal the portions of Director Hinman's deposition submitted under seal and highlighted. (D.E. 299-2.) The parties have not had an opportunity to meet and confer as to the proper treatment of the portions of Director Hinman's deposition that the SEC now moves to seal.

The proposed Hinman deposition redactions all concern the identities of and information about third parties—Director Hinman's current or former clients and third parties that discussed their business plans with the SEC as they related to the federal securities laws. As non-parties to this case, these businesses' privacy interests are entitled to great weight in balancing the various factors courts consider in determining whether to seal a document. *E.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also Doe v. City of New York*, No. 15 Civ. 117, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("In the redaction analysis, courts take the privacy interests of third-parties seriously."); *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14 Civ. 9764, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (approving sealing of "sensitive business information from nonparties").

Here, the *identities* of Director Hinman's private-practice clients and of third parties that chose to discuss their business plans with the SEC to ensure compliance with the federal securities laws are not relevant to any issue in the case or to the Court's resolution of Defendants' Motion. By contrast, revealing the identity of businesses that have had discussions with the SEC could deter these (and other) businesses from talking to the SEC, and revealing the identity of Director Hinman's clients could deter people from choosing to serve as high-ranking governmental officials. *See* D.E. 92 (Mar. 31, 2021) (granting motion to seal identity of and propriety business information of third party to this litigation); *see generally In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570, 2020 WL 8611024, at *12 (S.D.N.Y. Aug. 27, 2020) (recognizing deterrent effect on public service by subject former officials to judicial scrutiny after leaving public office).

For these reasons, the Court should grant the Commission's motion to seal the Privilege Logs, the Amended Privilege Logs, and the highlighted portions of Director Hinman's deposition transcript submitted under seal.

Respectfully submitted,

Jorge G. Tenreiro

cc:     All counsel (via ECF)