

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

August 19, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Plaintiff Securities and Exchange Commission ("SEC") respectfully opposes in part Defendant Ripple Labs, Inc.'s ("Ripple") letter motion to seal (D.E. 298, "Motion to Seal"). For the reasons set forth below, the SEC opposes the Motion to Seal to the extent it seeks to: (i) permanently redact portions of the SEC's August 9, 2021 letter motion seeking an order compelling Ripple to produce relevant Slack messages (D.E. 282, 283, "Motion to Compel"); and (ii) seal in their entirety seven exhibits the SEC filed under seal in support of its Motion to Compel (Exhibits B, I-N) (D.E. 282-2, 282-4–282-9, 283-2, and 283-9–283-14, together, the "Disputed Exhibits"). For the reasons set forth below, the Court should unseal the portions of the Disputed Exhibits specifically referenced in the SEC's Motion to Compel.[1]

Ripple's Motion to Seal portions of the SEC's Motion to Compel and the Disputed Exhibits should be denied because the Motion to Seal fails to meet the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *Lugosch* provides that a presumption of public access attaches to "judicial documents" and requires that any sealing of such documents be "narrowly tailored." *Id.* at 120-21 ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." (citation omitted)); *see also* Individual Practices in Civil Cases of Judge Netburn § III.F (noting that a party requesting sealing of a document must "address[] the request in light of the Court of Appeals' opinion in *Lugosch*"). The documents that Ripple seeks to seal are "judicial documents" because they "would reasonably have the *tendency* to influence a district court's ruling on a motion." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

More fundamentally, Ripple's Motion to Seal is at odds with the *Lugosch* presumption of access by the public to the judicial function in the context of this case. All parties agree on at least one thing—there is a high

---

[1] The SEC does not oppose the Motion to Seal's request to permanently seal redacted portions of Ripple's letter in opposition to the SEC's Motion to Compel ("Opposition" or "Opp.") (D.E. 296, 297) and seven exhibits Ripple filed under seal in support of its Opposition (Exhibits B-H) (D.E. 296-2-296-8, and D.E. 297-2-297-8), even though, for the reasons set forth herein, the SEC disagrees with Ripple's contention that the exhibits to Ripple's Opposition and related redactions are not judicial documents. *See* Mot. to Seal at 3. The SEC also does not oppose sealing Exhibit H to the SEC's Motion to Compel and references to Exhibit H in the Motion to Seal or Opposition. Exhibit H is a list showing the specific number of Slack messages at issue for each Ripple employee that is the subject of the Motion to Compel. (D.E. 282-3). Although it is difficult to understand how disclosure of this information, which simply quantifies the extent of Slack usage by Ripple employees, "would be highly invasive and could potentially be exploited by Ripple's competitors in unforeseeable ways," Mot. to Seal at 2, the SEC consents to sealing Exhibit H to narrow the issues before the Court.

Hon. Sarah Netburn
August 19, 2021
Page 2 of 3

level of public interest in this case. Given the extraordinary level of public interest and the high stakes of this litigation, Defendants frequently comment publicly on the merits and substance of this lawsuit. *See, e.g.*, Ledger Insights, *Ripple's CEO Compares SEC Crypto Clarity to a Drunk in Denial* (Aug. 4, 2021), *available at* https://www.ledgerinsights.com/ripples-garlinghouse-compares-sec-crypto-clarity-to-a-drunk-in-denial. But this makes strict adherence to the very narrow sealing standard set forth in *Lugosch* even more important. Defendants would exercise their First Amendment right to speak freely about the lawsuit, but then deny the public the right under the same Amendment to access the materials the Court is considering in ruling on the parties' motions. Ripple should not be permitted to distort the *public* record with its continued requests for blanket sealing of the many exhibits filed in connection with the parties' motions, cutting off public access to the record while speaking freely about the matters *Ripple* chooses to speak about.

In support of its Motion to Seal, Ripple asserts that the Disputed Exhibits should be sealed for three reasons, all of which are meritless.

*First*, Ripple cites *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), for the proposition that "documents 'that play no role in the performance of Article III functions, such as those passed between the parties in discovery[] lie entirely beyond' the common law presumption of access." Mot. to Seal at 2. Yet Ripple fails to supply the entirety of the quote, which differentiates between documents merely exchanged in discovery and documents presented to a court for resolution of a dispute:

> Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach, *and stand on a different footing than a motion filed by a party seeking action by the court, or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions*.

*Id.* (citations and alterations omitted and emphasis added). The Disputed Exhibits plainly fall within the latter category.

Nor is Ripple's proposition that, by definition, all "'discovery materials filed with the court in connection with discovery-related disputes' … are not judicial documents," Mot. to Seal at 1, an accurate statement of the law.[2] The Second Circuit has expressly held that materials filed in connection with motions to compel are "judicial documents" entitled to a "presumption of access" because "erroneous judicial decision-making with respect to … discovery matters can cause substantial harm" and "[s]uch materials are therefore of value 'to those monitoring the federal courts.'" *Brown*, 929 F.3d at 50 (citation omitted).

*Second*, Ripple asserts that, even if the Disputed Exhibits are "judicial documents"—which they are, as discussed above—the Court should assign little weight to the presumption of access because the SEC "does not rely on these documents to a significant degree." Mot. to Seal at 2. On the contrary, the SEC relies on the specific statements by witnesses or Ripple employees in all of these exhibits to demonstrate *why* compelled production of the Slack communications is warranted here. Exhibits B, K, L, M, and N do not simply "tee up" the parties' discovery dispute, Mot. to Seal at 1-2, but provide examples of the kinds of critical facts that Ripple's employees and former employees could not recall, illustrating the importance of the SEC's request for contemporaneous Slack communications. *See* Motion to Compel at 3-4 n.4 & 4 n.5.

---

[2] Ripple relies on *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013), for this erroneous contention, but the question in *Smith* was a different one: whether to grant the Government's request for a protective order over discovery materials that the Government would produce to criminal defendants, despite their objection, *see id.* at 512.

2

Similarly, Exhibits B and J demonstrate that the Slack communications the SEC seeks likely contain important information that Ripple's employees and former employees could no longer recall, as evidenced by the SEC's use of Slack messages to refresh their recollections. *See id.* at 3-4 n.4. Exhibit I, a compilation of Slack messages Ripple has already produced, most clearly illustrates the relevance of the Slack communications the SEC seeks. The Slack messages in Exhibit I are, in Ripple's words, "spontaneous" and less "formal" communications, Opp. at 4 n.5, about matters at the heart of this case.

Without access to the content of the Disputed Exhibits, the public monitoring judicial functions does not know if the SEC asked questions about issues, for example, so marginally relevant as to justify a potential denial of the SEC's motion, or so compellingly relevant as to call into question such a ruling. In other words, whether the Court ultimately finds production of the Slack messages to be warranted, notwithstanding Ripple's burden and proportionality objections, *see* Mot. to Seal at 2, is beside the point. *See Brown*, 929 F.3d at 50 ("Insofar as the District Court held that these materials are not judicial documents because it did not rely on them in adjudicating a motion, this was legal error. As explained above, the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon."). The presumption of access protects the public's right to scrutinize judicial decisions, *id.*, which the public cannot do here if it is unable to examine the evidence that the SEC relies on to show that the relevance of the Slack messages at issue outweighs any burden of producing them. *See* Fed. R. Civ. P. 26(b)(1).

*Third*, Ripple argues that the documents at issue contain discussions about its "business strategy and relationships with business partners," Mot. to Seal at 2, but fails to note that the most recent Slack communications in Exhibit I occurred over three years ago, in May 2018. *See* Ex. I (282-4) at 5. Ripple does not specify how employees' communications from 2015 to 2018 might impact its present-day strategies or relationships. *Cf. Nichols v. Noom Inc.*, No. 20-cv-3677, 2021 WL 857352, at *1 (S.D.N.Y. Mar. 8, 2021) (concluding that the documents defendant sought to seal warranted sealing where they concerned the defendant's practices and complaints related to a specific feature of its flagship product). Moreover, as the communications in Exhibit I show, the portions of the Disputed Exhibits the SEC seeks to unseal do not contain proprietary information at all. They discuss employees' perception of Ripple's business, Ripple's outward-facing business strategies, and Ripple's strategies to discuss matters with regulators. Ripple's unsupported assertions that these are unique, proprietary business "secrets" do not satisfy *Lugosch*.

The Court should deny the Motion to Seal as set forth above.

Respectfully submitted,

/s/ Mark R. Sylvester

Mark R. Sylvester

cc: All counsel (via ECF)