

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

August 23, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY  10007

Re:  **SEC v. Ripple Labs Inc., et al., No. 20-cv-10832(AT) (SN) (S.D.N.Y.)**

Dear Judge Netburn:

We write on behalf of Defendant Ripple Labs Inc. ("Ripple") in connection with the SEC's reply to Ripple's opposition to the SEC's motion seeking an order to compel Ripple to produce additional Slack communications.  *See* ECF No. 302.  While we do not agree with many contentions in the SEC's reply, we write solely to correct two misstatements in the reply regarding the potential responsiveness rate of the Slack data and the characterization of a Slack message sent by Defendant Bradley Garlinghouse.

*First*, the SEC claims that Ripple has "produced an additional 21,000 notifications of (presumably responsive) Slack messages contained in emails," which it then uses as the basis to claim that the Slack communications' responsiveness rate is "potentially ten to fifteen times larger than the responsiveness rate for Ripple's emails."  *See* ECF No. 302 at 3.  That statement is false.  Ripple <u>collected</u> approximately 21,000 Slack notification emails, as Ripple's opposition makes clear; it did not produce that number of emails, as the vast majority of those documents were deemed to be not responsive to the over 150 Requests for Production propounded by the SEC.  *See* ECF No. 296 at 2 n.2.  Indeed, from that collection of 21,000 Slack notification emails, Ripple produced a mere 111 Slack notifications, which amounts to a responsiveness rate of just 0.5% – far lower than the overall Slack communications' responsiveness rate, and certainly not ten or fifteen times larger, as the SEC falsely claims.  The responsiveness rate of the Slack notification emails lends additional support to Ripple's argument that the Slack data is not a uniquely rich source of relevant communications.

*Second*, the SEC mischaracterizes a Slack message from Mr. Garlinghouse, which the SEC incorrectly asserts "undermines the Individual Defendants' argument that they conducted a proper foreign offering of securities outside the United States."  ECF No. 302 at 4.  In the referenced message, ███████████████████████████████████████████████████████████████████████████████████████████.  The cited document makes clear that ████████████████████████████████████████, which plainly has no bearing on the extraterritoriality of the Individual Defendants' actual sales.  The SEC does not – and cannot – articulate how this Slack message has any relevance as to whether any Defendant's sales occurred in the U.S., which is a

necessary element of the SEC's Section 5 claims.  *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 267-69 (2010) (Congress lacks the power "to regulate foreign securities exchanges").

                    Respectfully submitted,

                    Andrew J. Ceresney
                    (ajceresney@debevoise.com)
                    Mary Jo White
                    Lisa Zornberg
                    Christopher S. Ford
                    Joy Guo
                    DEBEVOISE & PLIMPTON LLP
                    919 Third Avenue
                    New York, NY 10022
                    +1 (212) 909-6000
                    *Attorneys for Defendant Ripple Labs Inc.*

cc:       All parties (via ECF)