# Exhibit B

| | |
|---|---|
| **From:** | Stewart, Ladan F <stewartla@SEC.GOV> |
| **Sent:** | Wednesday, August 11, 2021 2:50 PM |
| **To:** | Hirsch, Matt; Zornberg, Lisa; Tenreiro, Jorge; Guo, Joy; 'Levander, Samuel'; 'Tatz, Nicole'; 'mflumenbaum@paulweiss.com'; 'mgertzman@paulweiss.com'; 'Dearborn, Meredith (mdearborn@paulweiss.com)'; 'Linsenmayer, Robin (rlinsenmayer@paulweiss.com)'; ''Bunting, Kristina' (kbunting@paulweiss.com)'; 'mkellogg@kellogghansen.com'; 'rfigel@kellogghansen.com'; 'Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com> (boppenheimer@kellogghansen.com)'; 'Pfeffer, Eliana M. (epfeffer@kellogghansen.com)'; ''White, Collin R.' (cwhite@kellogghansen.com)'; Gressel, Anna; Ford, Christopher S.; Ceresney, Andrew J.; Gulay, Erol; 'Solomon, Matthew'; 'Janghorbani, Alexander'; 'Bamberger, Nowell D.'; Waxman, Daphna A.; Daniels, Jon; Moye, Robert M.; Hanauer, Benjamin J. |
| **Cc:** | Goody, Elizabeth; Guerrier, Pascale; Sylvester, Mark |
| **Subject:** | RE: Trading Policy-Related Documents --follow-up for tomorrow's meet and confer |

Matt –

Thanks for your email. We did not agree to produce any DAEO list but did agree to look into your question regarding the presence of BTC, ETH, or XRP on such a list and to provide any additional SEC internal trading policies from 2013-18. This email addresses your questions re the DAEO list and we will produce a small number of additional policies this week.

Our Ethics Office has a "Prohibited Holdings" list pertaining to securities that fall within 5 C.F.R. 4401.102(c)(1). BTC, ETH, and XRP have never appeared on this list.

Our Ethics office also has a "Watch List" that lists certain tickers and names of entities designated by the Division of Enforcement as potentially relevant to an investigation that may fall within 5 C.F.R. 4401.102(c)(7). The Ethics Office conducts a case-by-case analysis of whether any security on this list may be traded at the time the Office receives a pre-clearance request from an individual for a security that appears on the list at the time of the request. BTC and ETH have never appeared on this list. XRP first appeared on this list on April 13, 2018.

As to your request for SEC employees' trading requests and annual certifications, we reiterate, as we have stated before and as the 1/16/18 policy "Ethics Guidance Regarding Digital Assets" itself states, "the fact that a transaction has been cleared by [the SEC's Personal Trading Compliance System] does not mean that the underlying offer, purchase or sale is being conducted in accordance with the securities laws or that the SEC endorses or sanctions the particular asset." Your requests for SEC employees' financial requests and records are wholly irrelevant, unduly burdensome, and disproportionate to the needs of the case.

Thanks,
Ladan

---

**From:** Hirsch, Matt
**Sent:** Saturday, August 07, 2021 1:07 PM
**To:** Zornberg, Lisa ; Tenreiro, Jorge ; Guo, Joy ; 'Levander, Samuel' ; 'Tatz, Nicole' ; 'mflumenbaum@paulweiss.com' ; 'mgertzman@paulweiss.com' ; 'Dearborn, Meredith (mdearborn@paulweiss.com)' ; 'Linsenmayer, Robin (rlinsenmayer@paulweiss.com)' ; ''Bunting, Kristina'

(kbunting@paulweiss.com)' ; 'mkellogg@kellogghansen.com' ; 'rfigel@kellogghansen.com' ; 'Oppenheimer, Bradley E. (boppenheimer@kellogghansen.com)' ; 'Pfeffer, Eliana M. (epfeffer@kellogghansen.com)' ; "White, Collin R.' (cwhite@kellogghansen.com)' ; Gressel, Anna ; Ford, Christopher S. ; Ceresney, Andrew J. ; Gulay, Erol ; 'Solomon, Matthew' ; 'Janghorbani, Alexander' ; 'Bamberger, Nowell D.' ; Waxman, Daphna A. ; Stewart, Ladan F ; Daniels, Jon ; Moye, Robert M. ; Hanauer, Benjamin J. ; 'Matulis, Kerri (Intern)' ; 'Freund, Jacob'
**Subject:** RE: Trading Policy-Related Documents --follow-up for tomorrow's meet and confer

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

We write to follow up on your previous agreement to search for DAEO records reflecting if or when XRP, bitcoin, and/or ether were added to the list of securities SEC employees were prohibited to hold. As laid out in our July 14 email, 5 C.F.R. §4401.102 provides that the SEC's Designated Agency Ethics Official (DAEO) "shall maintain a record of securities that members and employees may not purchase or sell, or otherwise hold."

During the Parties' July 15 meet and confer, you agreed to search for and produce that list. It has now been over three weeks since you agreed to do so, and we have not received any related documents. We ask that you produce those records by no later than this Wednesday, August 11.

In addition, we understand that the SEC's position has not changed since the July 15 meet and confer in that the SEC refuses to produce (i) pre-clearance or waiver applications by SEC employees to buy/sell XRP, bitcoin or ether after the January 2018 policy was imposed, and SEC response(s); and (ii) all annual certifications reflecting the buying, selling, or holding of XRP by any SEC employee. Please advise us immediately if your position has changed on those issues.

Thank you.

**Matt Hirsch** | Associate | Debevoise & Plimpton LLP | mjhirsch@debevoise.com | +1 202 383 8076| www.debevoise.com

Not Admitted in DC. Practice Supervised by Members of the Firm.

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

---

**From:** Zornberg, Lisa
**Sent:** Wednesday, July 14, 2021 16:16
**To:** 'Tenreiro, Jorge'; Guo, Joy; 'Levander, Samuel'; 'Tatz, Nicole'; 'mflumenbaum@paulweiss.com';

'mgertzman@paulweiss.com'; 'Dearborn, Meredith (mdearborn@paulweiss.com)'; 'Linsenmayer, Robin (rlinsenmayer@paulweiss.com)'; "Bunting, Kristina' (kbunting@paulweiss.com)'; 'mkellogg@kellogghansen.com'; 'rfigel@kellogghansen.com'; 'Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com> (boppenheimer@kellogghansen.com)'; Hirsch, Matt; 'Pfeffer, Eliana M. (epfeffer@kellogghansen.com)'; "White, Collin R.' (cwhite@kellogghansen.com)'; Gressel, Anna; Ford, Christopher S.; Ceresney, Andrew J.; Gulay, Erol; 'Solomon, Matthew'; 'Janghorbani, Alexander'; 'Bamberger, Nowell D.'; 'Waxman, Daphna A.'; 'Stewart, Ladan F'; 'Daniels, Jon'; 'Moye, Robert M.'; 'Hanauer, Benjamin J.'; 'Matulis, Kerri (Intern)'; 'Freund, Jacob'

**Subject:** Trading Policy-Related Documents --follow-up for tomorrow's meet and confer

Counsel, in advance of tomorrow's meet and confer, this will reiterate Defendants' demand for the following documents relating to the SEC's trading policies regarding digital assets and implementation of those policies. We will seek a final answer as to the SEC's position tomorrow.

Defendants raised this issue with you by email on July 7 and at our July 8 meet and confer. The SEC expressed its preliminary view that the additional documents we seek (all of which are responsive to RFPs that Defendants served in February 2021) are irrelevant and that the SEC therefore won't produce them. Please confirm tomorrow whether your position remains the same, before we raise the issue with the Court.

Here are the documents we seek – all of which are relevant, meet the low threshold for relevance, and are tailored to the very trading policies that the SEC finally produced last week pursuant to the order of the Court:

1. *All pre-clearance applications by SEC employees to buy, sell, or hold XRP, bitcoin or ether, after the trading policy went into effect on January 19, 2018, as well as any and all SEC responses to those applications.* While the SEC's January 2018 trading policy for digital assets stated for the first time that "[t]he current SEC Supplemental Ethics Regulations apply to digital assets," that policy did not classify any particular digital assets as being securities, and it subjected digital assets to a pre-clearance process pursuant to which the SEC could still permit its employees to hold, sell or buy particular digital assets. Meanwhile, the SEC has also publicly and repeatedly stated that not all digital assets <u>are</u> necessarily securities; moreover the SEC's officials have made multiple pronouncements that bitcoin and ether are <u>not</u> securities. Particularly given this tension, and ongoing litigation in this matter about SEC determinations of the security status of bitcoin, ether, and XRP, documents showing how the SEC implemented its January 2018 trading policy in the case of specific digital assets is highly relevant. The trading policies by themselves do not provide the full story. The pre-clearance materials may show: whether, through the pre-clearance process, the SEC ever prohibited trading in XRP and if so, when; whether the SEC permitted its employees to buy or sell XRP for any period of time after January 2018, which could further indicate that the SEC did not regard XRP as a security; whether the SEC treated bitcoin and ether as securities during the pre-clearance process.

2. *All annual certifications reflecting the buying, selling, or holding of XRP by any SEC employees.* Similar to our requests for pre-clearance applications, these documents have relevance to understanding and determining during what years SEC employees were permitted to buy, sell, or hold XRP. As just one example, it may show whether SEC employees were permitted to sell XRP in some of the same years during which the SEC alleges that Chris Larsen or Brad Garlinghouse acted recklessly by selling XRP.

3. *SEC Trading Policies related to digital assets effective from 2013 through January 18, 2018, prior to the SEC's issuance of the January 2018 policy.* It appears that 5 C.F.R. §4401.102 – the Supplemental Standards of Ethical Conduct of Members and Employees of the Securities and Exchange Commission – has been in effect since August 19, 2010. However, to the extent the SEC has or had other trading policies for securities in place between 1/1/2013 and 1/19/18, which either apply or do not apply to the trading of digital assets since January 2018, Defendants are entitled to those policies.

4. *DAEO records reflecting if or when XRP, bitcoin, and/or ether were added to the list of securities employees were prohibited to hold.* 5 C.F.R. § 4401.102 provides that the SEC's Designed Agency Ethics Official (DAEO) "shall maintain a record of securities that members and employees may not purchase or sell, or otherwise hold." We ask the SEC to produce any records reflecting if and when XRP, bitcoin, and/or ether were added to that list, for the reasons addressed above.

5. *Any waiver applications, and SEC responses, for XRP, bitcoin, and/or ether.* 5 C.F.R. § 4401.102(h) sets forth a process by which SEC employees may seek waivers of the securities trading prohibitions. Please produce any waiver application made by SEC employees regarding trading in XRP, bitcoin and/or either, and all SEC responses to such waiver applications. Similar to the request for pre-clearance applications and responses, these documents are relevant for the reasons discussed above.

Thank you,
Lisa

<< OLE Object: Picture (Device Independent Bitmap) >>
Debevoise & Plimpton LLP
**Lisa Zornberg**
Partner

lzornberg@debevoise.com
+1 212 909 6945 (Tel)

www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.