# EXHIBIT M

# Guerrier, Pascale

| | |
|---|---|
| **From:** | Gulay, Erol <egulay@debevoise.com> |
| **Sent:** | Monday, August 30, 2021 10:42 AM |
| **To:** | Guerrier, Pascale |
| **Cc:** | Tenreiro, Jorge; Guo, Joy; Zornberg, Lisa; Levander, Samuel; Tatz, Nicole; mflumenbaum@paulweiss.com; mgertzman@paulweiss.com; Dearborn, Meredith (mdearborn@paulweiss.com); Linsenmayer, Robin (rlinsenmayer@paulweiss.com); 'Bunting, Kristina' (kbunting@paulweiss.com); mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com> (boppenheimer@kellogghansen.com); Pfeffer, Eliana M. (epfeffer@kellogghansen.com); 'White, Collin R.' (cwhite@kellogghansen.com); Gressel, Anna; Ford, Christopher S.; Ceresney, Andrew J.; Solomon, Matthew; Janghorbani, Alexander; Bamberger, Nowell D.; Daniels, Jon; Moye, Robert M.; Hanauer, Benjamin J.; Stewart, Ladan F; Sylvester, Mark; Waxman, Daphna A. |
| **Subject:** | RE: SEC v Ripple; August 25 Meet and Confer-Revised List |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

We write in response to your August 26, 2021 email, in which you requested that Ripple search and produce numerous recordings in addition to the recordings that Ripple already intends to review and produce.

Ripple takes its discovery obligations very seriously and has undertaken diligent efforts to search and review recordings of potentially responsive meetings. As we have indicated repeatedly in our meet and confers and prior correspondence, identifying responsive recordings without actually reviewing them is challenging and the volume of recordings is too large to review. To address this issue, Ripple has already searched *all recordings* by custodian name and meeting name to identify potentially responsive, custodial recordings, and has begun reviewing such recordings. Ripple has not "categorically refused to review All-Hands meetings"; to the contrary, our comprehensive search protocol included All-Hands meetings, but did not identify any All-Hands meetings as either custodial or potentially relevant based on meeting name. Short of reviewing each and every one of the hundreds of All-Hands meetings, there is no way to determine whether the All-Hands meetings are potentially responsive to the SEC's numerous RFPs. Given the extensive discovery and testimony the SEC has obtained from Ripple and third parties, it was therefore reasonable for Ripple to request that you narrow your request further to particular All-Hands meetings that discovery suggests are potentially relevant.

Your email significantly downplays the extensive ongoing review Ripple is conducting of recordings in response to your requests. In response to your August 13 email, Ripple agreed to search for and, to the extent they exist, review recordings of all marketing/communications meetings concerning how to talk about XRP; XRP Working Group Meetings; XRP sales or XRP markets meetings; and a specific 2018 All-Hands meeting you were able to identify for us as potentially responsive. On top of that, Ripple has also agreed to search and review *all* custodial recordings that are potentially responsive to the RFPs, as well as all other recordings that are potentially responsive based on the meeting name.

 We disagree with your assertion that the SEC does "not have access to the names of the meetings, let alone their contents," which is belied by your own email, which identifies over two dozen emails and documents concerning all-hands meetings and the topics addressed during such meetings.

 We also strongly disagree with your contention that Ripple has "attempted to inappropriately shift the burden to the SEC of identifying the relevant meetings," something you allege, without basis, that Ripple has "done throughout the discovery period."  Ripple has spent considerable time and resources responding to nearly 200 document requests from the SEC over the last three years, many of which were exceedingly broad.  Occasionally, in response to incredibly overbroad or vague requests, Ripple has requested that the SEC narrow its request so that potentially responsive materials could more efficiently be identified and produced, and to avoid burdensome and voluminous discovery.  The circumstances here are no different—the SEC's original request demanded *all recordings* of internal Ripple meetings, without limitation or exception.  *See* D. Waxman Email (August 5, 2021).  Since that original request was incredibly overbroad and burdensome, Ripple and the SEC have met and conferred numerous times in the last few weeks to narrow the request.  We believe these discussions have been productive and have significantly narrowed the issues being disputed.

 We also take issue with some of the All-Hands meetings included in your request.  We do not agree that "Engineering All-Hands Meetings" are likely to be responsive to the RFPs or relevant to the issues in this case.  Further, none of the 33 custodians are engineers and topics addressed during Engineering All-Hands meetings are likely not responsive to the RFPs.  Even if they were, the SEC has already obtained discovery of decks and other materials presented during such meetings, so the SEC's request for Engineering All-Hands is unreasonably duplicative and cumulative.

 The SEC's request for the recordings of quarterly All-Hands meetings is likewise duplicative and cumulative of prior discovery, since Ripple has already produced presentation materials, agendas, or email summaries for a majority of these meetings.

 Notwithstanding the above, Ripple agrees to search for the meetings identified in your August 26 email — to the extent recordings exist — and review and produce recordings that are responsive within the bounds of our prior agreements and non-privileged, on the condition that the SEC agree that this resolves the parties' discovery-related disputes concerning Ripple's recordings and that the SEC will agree not to seek the production of additional recordings from Ripple or the individuals in this case.

Thanks,
Erol

---

**From:** Guerrier, Pascale [mailto:guerrierp@SEC.GOV]
**Sent:** Thursday, August 26, 2021 16:40
**To:** Gulay, Erol
**Cc:** Tenreiro, Jorge; Guo, Joy; Zornberg, Lisa; Levander, Samuel; Tatz, Nicole; mflumenbaum@paulweiss.com; mgertzman@paulweiss.com; Dearborn, Meredith (mdearborn@paulweiss.com); Linsenmayer, Robin (rlinsenmayer@paulweiss.com); 'Bunting, Kristina' (kbunting@paulweiss.com); mkellogg@kellogghansen.com; rfigel@kellogghansen.com; Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com> (boppenheimer@kellogghansen.com); Pfeffer, Eliana M. (epfeffer@kellogghansen.com); 'White, Collin R.' (cwhite@kellogghansen.com); Gressel, Anna; Ford, Christopher S.; Ceresney, Andrew J.; Solomon, Matthew; Janghorbani, Alexander; Bamberger, Nowell D.; Daniels, Jon; Moye, Robert M.; Hanauer, Benjamin J.; Stewart, Ladan F; Sylvester, Mark; Waxman, Daphna A.
**Subject:** RE: SEC v Ripple; August 25 Meet and Confer-Revised List
**Importance:** High