# Exhibit B



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

August 27, 2021

**VIA ELECTRONIC MAIL**

Reid M. Figel, Esq.
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036

Re:     *SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Mr. Figel:

The SEC respectfully writes in response to your August 20, 2021 letter regarding the SEC's responses to certain of Defendants' interrogatories (the "Letter"). We are available to meet and confer on the issues discussed herein and in your Letter, at your convenience.

Your Letter first claims the SEC's interrogatory responses are "evasive" and "incomplete." The SEC disagrees. Rather, the SEC's responses satisfy its obligations under Rules 26 and 33. The SEC further notes that its interrogatory responses are no more evasive or incomplete than Defendants' responses. To that end, the SEC observes that in response to the SEC's interrogatories, Defendants have lodged objections and made responses similar to those you contend renders the SEC's responses evasive and incomplete. Examples include:

- Ripple's General Objection 6 to the SEC's First Set of Interrogatories ("Ripple objects to each Interrogatory and to each Definition and Instruction to the extent they seek information already in the possession, custody or control of Plaintiff or is obtainable from public sources"); *see also* Ripple's Response to Interrogatory Nos. 15, 16, 17 and Garlinghouse Objection to Interrogatory No. 1 (lodging similar objection);

- Ripple's General Objection 3 to the SEC's Second Set of Interrogatories ("Ripple will identify the material facts upon which it presently intends to rely, but does not represent that its responses and objections exhaustively list all facts, documents, or other evidence that may be offered at summary judgment or at trial."); *see also* Ripple's Response to Interrogatory No. 13 (lodging similar objection);

- Ripple's Response to Interrogatory No. 1 (objecting to the extent the interrogatory "calls for an analysis applying law to facts" and "asks Ripple to explain or analyze how facts support its defenses and Answer"); *see also* Ripple's Response to Interrogatory No. 8 (lodging similar objection);

- Ripple's Response to Interrogatory No. 8 ("Ripple also objects to this Interrogatory insofar as it seeks "every fact and piece of evidence [defendant] may wish to offer concerning" the stated contentions. *Phillies v. Harrison/Erickson, Inc.*, 2020 WL

6482882, at *2 (S.D.N.Y. Nov. 4, 2020) (Netburn, M.J.). Ripple further objects to the Interrogatory's request for "particularity," as a party "is not required to describe *in detail* the factual basis for its contention." *Id.* at *3 (emphasis in original)."); *see also* Ripple's Reponses to Interrogatory Nos. 10-13 (lodging similar objections);

- Larsen General Objection 4 to the SEC's First Set of Interrogatories ("Larsen objects to the Interrogatories to the extent they call for responses better suited for depositions."); and

- Larsen Response to Interrogatory No. 1 ("Larsen objects to the Interrogatory to the extent it requires a legal conclusion").

The SEC also notes that for certain interrogatories, Ripple did not offer a substantive response, and instead referred the SEC to its own document *requests* (as opposed to identifying documents that Ripple contends answers the interrogatory). *See* Ripple Responses to Interrogatory Nos. 1, 5. The SEC likewise observes that for certain of its interrogatories, Ripple failed to provide any substantive response whatsoever. *See* Ripple Responses to Interrogatory Nos. 14, 15.

Your Letter further alleges that the SEC improperly responded to certain interrogatories by incorporating its responses to other interrogatories. But Defendants engaged in the very same practice. *See* Ripple's Responses to Interrogatory No. 8 ("Ripple incorporates by reference its response to Interrogatory No. 12…"); No. 10 ("Ripple incorporates by reference its response to Interrogatory No. 11.").

Given Defendants' responses to the SEC's interrogatories, Defendants should not now complain that the SEC 1) improperly limited its responses by lodging objections similar to those made by Defendants to qualify their own interrogatory responses; 2) failed to sufficiently answer interrogatories when Ripple itself failed to provide substantive answers to various interrogatories; and 3) improperly incorporated responses to other interrogatory answers, when Ripple did the same thing. Nevertheless, the SEC responds to the specific items referenced in your Letter as follows:

**Ripple Interrogatory No. 2:** That interrogatory asked the SEC to identify all terms of any "investment contract" the SEC contends created an "expectation of profits" by the purchaser of XRP. In response, the SEC noted that "investment contracts" under *Howey* need not contain the same written provisions or "terms" as actionable agreements under traditional contract law. The SEC then identified numerous public statements by Ripple personnel, as well as the economic realities of Defendants' XRP offers and sales, that would lead XRP purchasers to expect profits. While you contend that these responses are insufficient, and that SEC must "identify the specific provisions in Ripple's contracts" creating an expectation of profits, the SEC need not provide such additional detail. *See* Ripple's Response to Interrogatory No. 1 (objecting to the extent the interrogatory "calls for an analysis applying law to facts" and "asks Ripple to explain or analyze how facts support its defenses and Answer"); *see also* Ripple's Response to Interrogatory No. 8 (lodging similar objection). Moreover, because the information Ripple seeks is not relevant to any claim or defense, no additional response is required. *See* Ripple's Response to Interrogatory 1 (objecting on relevance grounds); Ripple's Response to Interrogatory 14 (refusing to substantively answer, citing relevancy). Your complaint about the SEC's response to Ripple Interrogatory No. 2 appears based on your contention that the term "investment contract" requires the existence of a common law

"contract." But, disagreement over the meaning of a legal term—one of the core issues for the Court in this case to resolve—is not the basis to object to the SEC's response. Our contention remains that Ripple's sales of XRP were a series of "transactions, schemes, or contracts" under *Howey*. Accordingly, the SEC stands by its response to this interrogatory. The SEC further notes that, to the extent you seek the SEC to identify terms of common law contracts, any of those contracts entered by Ripple are already in Ripple's possession.

**Ripple Interrogatory No. 6:** That interrogatory sought the SEC to declare whether it contends Bitcoin and Ether are "securities" within the meaning of the Securities Act. The SEC responded that the interrogatory is "is vague and ambiguous, because it is unclear at what point in time Defendant seeks to discover the SEC's position as to the status of offers and sales of Bitcoin or Ether under the Securities Act, and because it fails to identify whose or what offers and sales of Bitcoin or Ether the Interrogatory seeks to discover information about." Your Letter's suggestion that the SEC must affirmatively state whether it considers Bitcoin and Ether to be "securities," in a vacuum, shows a miscomprehension of how the SEC operates as well as the application of the *Howey* test and Section 5 of the Securities Act. As we have repeatedly stated in multiple court filings, the SEC does not typically decide whether any particular financial instrument, without additional context, qualifies as a security *per se*. Rather, the SEC typically determines, *inter alia*, whether it considers certain offers, sales, or transactions of financial instruments to violate the federal securities laws. Consistent with its original response to the interrogatory, the SEC reaffirms that the interrogatory is improper because it asks for the SEC's position as to Bitcoin and Ether in a vacuum, without any of the necessary factual context surrounding any particular offer or sale of those digital assets. Subject to the foregoing and its original responses and objections, the SEC supplements its response by referring to its responses to Defendants' RFA Nos. 20-23 (seeking admissions that Bitcoin and Ether are not and previously were not "securities").

**Ripple Interrogatory No. 11:** That interrogatory asked whether the SEC contends any efforts by Ripple were necessary to "affect any increase in the price of XRP" and, if so, to identify the factual basis for that contention. The SEC responded that, under *Howey*, the relevant inquiry is whether investors expected to profit based on Ripple's efforts, not whether Ripple's efforts were necessary to effect XRP price increases. The SEC further responded by identifying a variety of ways in which Ripple's efforts led XRP purchasers reasonably to expect profits. Because the information Ripple seeks is not relevant to any claim or defense, no additional response is required. *See* Ripple's Response to Interrogatory 1 (objecting on relevance grounds); Ripple's Response to Interrogatory 14 (refusing to substantively answer, citing relevancy). Subject to the foregoing and its original responses and objections, the SEC supplements its response by citing the following non-exhaustive examples reflecting Ripple's beliefs that its efforts were necessary to achieve XRP price increases and related efforts: RPLI_SEC 0364717-41 (observing that increases in XRP's liquidity and volume cause increases in XRP's price and that "while it is possible for XRP to become a universal bridge currency, it absolutely CAN NOT happen without Ripple Lab's assistance"); Zagone Dep. Tr. at 103 (Ripple made efforts to create liquid trading market in XRP); Birla Dep. Tr. at 180-81 (same); RPLI_SEC 0352731-32 (suggesting that Ripple could increase XRP's price by decreasing XRP's supply); RPLI_SEC 0026664 (noting an objective of Ripple's escrow announcement was to "create a second wave of excitement…amongst speculators"); RPLI_SEC 00951567-82 (observing that the value of XRP would appreciate with increased use of the Ripple protocol); RPLI_SEC 0049845-55 ("Ripple's [XRP] distribution strategy, including the timing, volume and pace of distribution, will impact the supply and ultimately value of XRP…Ripple aims to distribute XRP is a way that supports a stable or strengthening value of XRP."); RPLI_SEC 0346934-45 (containing similar

representations); RPLI_SEC 0915999-6000 (observing that Ripple implemented its escrow program to prevent Ripple from dumping its XRP holdings into the market); Zagone Dep. Tr. at 89-91 (describing purpose of escrow program as preventing Ripple from dumping large amount XRP into market and recognizing that large-scale XRP dumping would negatively affect XRP's price).

**Ripple Interrogatory No. 17:** That interrogatory asked the SEC to identify any enterprise or venture in which XRP purchasers acquired a stake by virtue of their XRP purchases. The SEC responded that, under *Howey*, the relevant inquiry is whether investors invested money in a common enterprise. The SEC further responded by identifying a variety of ways in which XRP holders were invested in Ripple's efforts to create a use and demand for XRP. Because the information Ripple seeks is not relevant to any claim or defense, no additional response is required. *See* Ripple's Response to Interrogatory 1 (objecting on relevance grounds); Ripple's Response to Interrogatory 14 (refusing to substantively answer, citing relevancy). Subject to the foregoing and its original responses and objections, the SEC further references its responses to Defendants' RFA Nos. 57-63, 71-72, and 75-78.

**Ripple Interrogatory No. 19:** That interrogatory asked the SEC to identify evidence supporting the contention that XRP holders had a right to future payments from Ripple resulting from their XRP purchases. The SEC responded that, under *Howey*, the relevant inquiry is whether investors invested money in a common enterprise with a reasonable expectation of profit based on the efforts of others. The SEC further responded by referring to several of its interrogatory responses identifying evidence supporting the relevant *Howey* factors. Because the information Ripple seeks is not relevant to any claim or defense, no additional response is required. *See* Ripple's Response to Interrogatory 1 (objecting on relevance grounds); Ripple's Response to Interrogatory 14 (refusing to substantively answer, citing relevancy). Subject to the foregoing and its original responses and objections, the SEC supplements its response by noting its responses to Defendants' RFA No. 57, which you cite in your Letter, and RFA Nos. 58, 59, 60, 70, 73, and 74.

**Ripple Interrogatories Nos. 3, 7, 18, 22, 23, 24:** Your Letter complains that the SEC improperly responded to these interrogatories by incorporating its responses to other interrogatories. The SEC responds that its responses satisfy the requirements of Rule 26 and 33. *See, e.g., United States v. R.J. Zavoral & Sons, Inc.*, 2014 U.S. Dist. LEXIS 200974, *22-37 (D. Minn. Apr. 23, 2014) (denying motion to compel government to supplement interrogatory responses where it had incorporated responses to other interrogatories); *Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 560 (N.D. Cal. 2003) (denying similar motion to compel); *Graco, Inc. v. PMC Global, Inc.*, 2011 U.S. Dist. LEXIS 30980, *99-100 (D.N.J. Mar. 23, 2011) (allowing interrogatory response to incorporate by reference other responses). And, as noted above, Ripple engaged in the very same practice when responding to the SEC's interrogatories. *See* Ripple's Responses to Interrogatory No. 8 ("Ripple incorporates by reference its response to Interrogatory No. 12…"); No. 10 ("Ripple incorporates by reference its response to Interrogatory No. 11."). For the foregoing reasons, the SEC will not supplement its responses to these interrogatories. Subject to the foregoing, to the extent Ripple seeks specific information beyond what is contained in the incorporated responses, the SEC is willing to further meet and confer on these interrogatories.

**Larsen Interrogatory No. 4:** Your Letter complains that the SEC improperly responds to this interrogatory by incorporating its responses to other interrogatories. The SEC responds that its responses satisfy the requirements of Rule 26 and 33. *See, e.g., United States v. R.J. Zavoral & Sons, Inc.*, 2014 U.S. Dist. LEXIS 200974, *22-37 (D. Minn. Apr. 23, 2014) (denying motion to compel

government to supplement interrogatory responses where it had incorporated responses to other interrogatories); *Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 560 (N.D. Cal. 2003) (rejecting similar motion to compel); *Graco, Inc. v. PMC Global, Inc.*, 2011 U.S. Dist. LEXIS 30980, *99-100 (D.N.J. Mar. 23, 2011) (allowing interrogatory response to incorporate by reference other responses). And, as noted above, Ripple engaged in the very same practice. *See* Ripple's Responses to Interrogatory No. 8 ("Ripple incorporates by reference its response to Interrogatory No. 12…"); No. 10 ("Ripple incorporates by reference its response to Interrogatory No. 11."). Subject to the foregoing and its original responses and objections, the SEC supplements its response by referencing the above response regarding Ripple's Interrogatory No. 11.

**Larsen Interrogatory No. 5:** That interrogatory asked the SEC to identify the date by which the SEC contends the XRP ledger became "fully functional." In response, the SEC noted that "whether and when the XRP Ledger became 'fully functional' is irrelevant under *Howey*." The SEC stands by that contention. The SEC further objected to the term "fully functional," given that the creation and development of distributed networks "are iterative processes without clearly demarcated end points" and that the term cannot be defined "without identifying parameters to measure functionality or the person from whose perspective functionality is being measured." That objection remains valid. The SEC further notes that Mr. Larsen's counsel had the opportunity to question Mr. Schwartz, Director Hinman, Mr. Birla, and others about their views as to the XRP Ledger's functionality, but declined to do so. *See* Larsen General Objection 4 to the SEC's First Set of Interrogatories ("Larsen objects to the Interrogatories to the extent they call for responses better suited for depositions.") Subject to the foregoing, to the extent Mr. Larsen provides sufficient additional detail to describe what he means by "fully functional" in this context, the SEC is willing to further meet and confer on this interrogatory.

*        *        *

As noted above, we are available to meet and confer on the issues discussed herein and in your Letter, at your convenience.

/s/ Benjamin Hanauer

cc: Counsel for All Defendants (*via* email)

5