# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **20 Civ. 10832 (AT) (SN)** |
| **-against-** | |
| **RIPPLE LABS, INC., CHRISTIAN A. LARSEN, and BRADLEY GARLINGHOUSE,** | |
| **Defendants.** | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS
## TO DEFENDANT RIPPLE LABS, INC.'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure ("Federal Rules") 26 and 33, Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") hereby responds to Defendant Ripple Labs, Inc.'s ("Ripple") Second Set of Interrogatories to Plaintiff Securities and Exchange Commission (the "Interrogatories"). The SEC's responses and objections to the Interrogatories are made to the best of its present knowledge, information, or belief. These responses and objections are made without prejudice to the SEC's right to revise or supplement its responses and objections as appropriate and to rely upon and produce witnesses or evidence at trial or at any proceeding, particularly given that discovery is ongoing. The SEC does not waive any applicable privilege, protection, doctrine, or right by providing these responses. The SEC also provides these responses without prejudice to its right to produce or object to evidence, witnesses, facts, writings, or documents that are identified either in these responses or in any later supplements or amendments. The SEC does not necessarily represent or agree, by virtue of providing a response, that any of the information identified below is relevant or admissible.

1

**GENERAL OBJECTIONS**

1.      The SEC objects to the Interrogatories on the ground that they are not

"proportional to the needs of the case" to the extent they call for answers that are premature given

that the parties have neither completed document discovery and depositions, nor expert discovery.

Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 33(b) ("An interrogatory is not objectionable merely because

it asks for an opinion or contention that relates to fact or the application of law to fact, but the court

may order that the interrogatory need not be answered until designated discovery is complete.");

*County of Suffolk v. Lilco*, No. 87 CV 0646 (JBW), 1988 WL 69759, at *1–2 (E.D.N.Y. June 13, 1988)

("Contention interrogatories such as those propounded by the defendant here are generally not

favored in the early stages of discovery…. [F]orcing the plaintiffs to answer these interrogatories is

not justified when balancing the burden imposed upon the plaintiffs in responding to these requests

against the likelihood that useful information will be produced."); *Roth v. Bank of Commonwealth*, No.

CIV-79-36E, 1988 WL 43963, at *4 (W.D.N.Y. May 4, 1988) (contention interrogatories include

"those that ask the adverse party to state all the *facts* or all the *evidence* upon which he *bases* some

specific contention" (emphases in original)).

The SEC faces a heavy burden in identifying and listing each and every fact underlying

various mixed legal and factual allegations in the Complaint when Individual Defendants Christian

A. Larsen and Bradley Garlinghouse have yet to answer the Complaint and when Defendants have

not made complete productions in response to the SEC's document requests, and the parties have

not completed depositions.  Furthermore, it is unlikely that any responses to the Interrogatories will

be substantially more useful than the information Ripple already has or soon will have.  Specifically,

the Complaint (D.E. 46) provides a summary of certain key factual allegations underlying each of the

SEC's claims, the SEC has produced to Ripple its entire non-privileged investigative file, and much

of the information sought for by the Interrogatories is public (such as public statements by Ripple) or is in Ripple's possession and therefore more easily accessible to Ripple.

2.      The SEC further objects to the Interrogatories on the ground that they are not "proportional to the needs of the case" because they are overly broad, regardless of their timing. Fed. R. Civ. P. 26(b)(1); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome…. [They] should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("The Court, however, does find [an interrogatory] to be overly broad and unduly burdensome on its face to the extent it asks Allstate to state 'all' facts that support each defense.").

3.      The SEC objects to Defendant's Definition No. 11, "Securities and Exchange Commission," "Plaintiff," "SEC," "You," or "Your," to the extent that it means each of the Commission's Divisions and Offices, and each current or former SEC Commissioner, staff member or employee, because it is overly broad and not proportional to the needs of the case. Accordingly, unless expressly stated otherwise, the SEC has limited its inquiry to information in the possession, custody, or control of the Division of Enforcement, as further limited by the other general and specific objections herein, as noted herein.

4.      The SEC objects to Defendant's Definitions Nos. 9 and 12 to the extent they assume that the digital asset known as "XRP" functions as a medium of exchange or a store of value, or was ever offered or sold for either of those purposes.

3

5.      The SEC objects to the Interrogatories to the extent they are duplicative of Ripple's

First Set of Interrogatories to the SEC, to which the SEC responded on July 1, 2021.

## SPECIFIC RESPONSES AND OBJECTIONS

### Interrogatory No. 12

State whether You contend that every unit of XRP is per se a security. If that is Your contention,
state the characteristics of a unit of XRP that supports Your contention and Identify when units of
XRP first became securities and Identify all evidence You intend to rely on to support that
contention. If that is not Your contention, state the facts and circumstances (e.g., Defendants'
specific conduct, or particular statements made by Defendants) that You contend resulted in XRP
being a security when offered or sold by any of the Defendants and Identify all evidence You intend
to rely on to support that contention.

### Response and Objections to Interrogatory No. 12

The Commission incorporates the General Objections above in its response to Interrogatory

No. 12. The Commission objects to this Interrogatory because, when combining the interrogatories,

their subparts, and the separate pieces of information sought by the definitions and their subparts,

the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil

Procedure 33. This Interrogatory is overbroad, oppressive, and unduly burdensome, to the extent

that Ripple seeks identification of "the facts and circumstances" and "all evidence" the SEC intends

"to rely on" to support a contention.

To the extent that the Interrogatory would require the Commission to review and parse the

testimony taken and the over 93,000 documents gathered during the investigation that preceded this

case or the tens of thousands of documents collected in discovery, and any publicly available

documents, and locate every testimony phrase or document that in any way forms part of what the

Commission "contend[s]," doing so would be unreasonably burdensome and would invade the

attorney work product doctrine. The Commission is not required to compile and correlate the

evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each

and every one of the many facts or identify every one of the many documents or witnesses that may

support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case. To the extent this Interrogatory requires the Commission to identify statements which involve the offer or sale or distribution of XRP by Ripple or any of its subsidiaries, agents, or affiliates (including specifically XRP II, LLC) to a third party, Ripple is in possession of such information and can identify it. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and do nothing but waste time.

The Commission also objects to this Interrogatory as premature. Discovery on the issue of Ripple's offers and sales of XRP is ongoing—in particular, depositions are still ongoing. To the extent this Interrogatory seeks to obtain information that upcoming deponents may testify to, it is premature. The Commission specifically reserves the right to supplement its answer to this Interrogatory at the appropriate time.

Finally, the Commission objects to this Interrogatory to the extent it seeks evidence that is not relevant to any claim or defense in this case insofar as it relies on an incorrect understanding of the meaning of the term "investment contract" as that term is used in the Securities Act of 1933 ("Securities Act") at least as applied to digital assets.

Subject to and without waiving the foregoing objections, the Commission responds as follows: The Commission does not contend "that every unit of XRP is per se a security." We contend that every offer, sale and distribution of XRP by Ripple, Larsen, and Garlinghouse (and

their agents, affiliates, subsidiaries, underwriters, conduits, brokers, and dealers) during the Relevant

Period, was the offer, sale, or distribution of an investment contract under *SEC v. W.J. Howey Co.*,

238 U.S. 293 (1946). Such transactions include, but are not limited to, Ripple's market and

institutional sales of XRP; Ripple's sales of XRP on behalf of RippleWorks; Ripple's sales of XRP to

certain entities that exercised options to buy XRP; Larsen's and Garlinghouse's XRP sales; and

Ripple's distributions of XRP to (i) executives as compensation, (ii) entities associated with its

xRapid product, and (iii) entities associated with xPring. We contend that every unit of XRP

offered, sold and distributed by Ripple, Larsen, and Garlinghouse constitutes one aspect of those

investment contracts, and the method by which an investor's interests are made manifest. *Howey*,

238 U.S. at 300.

To the extent this Interrogatory asks for "Defendants' specific conduct, or particular

statements made by Defendants" that made their offers and sales of XRP the offers and sales of

investment contracts, the Commission refers you to its Responses and Objections to Interrogatories

Nos. 1-5, 7-8, 10-11.

**Interrogatory No. 13**

State whether You contend that the XRP sold by Ripple "directly to money transmitters specifically
for effecting money transfers through ODL" (Complaint at ¶ 372) resulted in an investment
contract with Ripple. If that is Your contention, Identify with particularity the basis for, and all
evidence You intend to rely on to support, that contention.

**Response and Objections to Interrogatory No. 13**

The Commission incorporates the General Objections above in its response to Interrogatory

No. 13. The Commission further objects to Interrogatory No. 13 as premature, harassing, and

oppressive, and as contrary to the requirements of Rule 26 of the Federal Rules of Civil Procedure.

The Commission objects to this Interrogatory because, when combining the interrogatories, their

subparts, and the separate pieces of information sought by the definitions and their subparts, the

Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil

Procedure 33. This Interrogatory is overbroad, oppressive, and unduly burdensome, to the extent that Ripple seeks identification of "the basis for, and all evidence You intend to rely on to support" a particular contention.

To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents collected in discovery, and any publicly available documents, and locate every testimony phrase or document that in any way forms part of what the Commission "contend[s]," doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and would do nothing but waste time.

The Commission also objects to this Interrogatory as premature. Discovery on the issue of Ripple's offers and sales of XRP is ongoing—in particular, depositions are still ongoing and depositions relating to Ripple's sales of XRP to money transmitters have not occurred. To the extent this Interrogatory seeks to obtain information that upcoming deponents may testify to, it is

premature. The Commission specifically reserves the right to supplement its answer to this Interrogatory at the appropriate time.

Subject to and without waiving the foregoing objections, the Commission responds as follows: The Commission contends that Ripple's sales of XRP to money transmitters for effecting money transfers through ODL were securities transactions to the extent that the money transmitters sold, directly or indirectly, the XRP purchased from Ripple into the public markets. In such instances, the money transmitters acted as conduits or underwriters for such sales in that the money transmitters purchased XRP with the intention of distributing those units of XRP into the public markets, in exchange for compensation from Ripple for doing so.

## Interrogatory No. 14

State whether You contend that sales of XRP by Co-Founder (as that term is defined in the ¶ 20 of the Complaint) resulted in an investment contract between any purchaser and Ripple. If that is Your contention, Identify with particularity the basis for, and all evidence You intend to rely on to support, that contention.

## Response and Objections to Interrogatory No. 14

The Commission incorporates the General Objections above in its response to Interrogatory No. 14. The Commission objects to this Interrogatory because, when combining the interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. This Interrogatory is overbroad, oppressive, and unduly burdensome, to the extent that Ripple seeks identification of "the basis for, and all evidence You intend to rely on to support" a particular contention.

To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents collected in discovery, and any publicly available documents, and locate every testimony phrase or document that in any way forms part of what the

Commission "contend[s]," doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and would do nothing but waste time.

Subject to and without waiving the foregoing objections, the Commission responds that it considers sales of XRP by Co-Founder to be securities transactions to the extent Ripple or its predecessor provided XRP to Co-Founder with the expectation that he would distribute it into the public markets.

## Interrogatory No. 15

In the four-year period ending immediately before the SEC commenced this lawsuit on December 22, 2020, the market price of XRP (as reported on coinmarketcap.com, https://coinmarketcap.com/currencies/xrp/historical-data/) fluctuated between less than $0.01 to approximately $3.80. Identify with particularity the factors that You contend caused each material change in the market price of XRP during that time period.

## Response and Objections to Interrogatory No. 15

The Commission incorporates the General Objections above in its response to Interrogatory No. 15. The Commission further objects to Interrogatory No. 15 as premature, harassing, vague,

and oppressive, and as contrary to the requirements of Rule 26 of the Federal Rules of Civil Procedure. The Commission objects to this Interrogatory because, when combining the interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 15 is vague and ambiguous, because it is unclear what the undefined terms "factors" and "caused" mean in the context of this Interrogatory.

The Commission further objects to this Interrogatory as premature. Discovery on the issue of the changes in price of XRP is ongoing, as expert discovery has not yet begun. Ripple has yet to respond to all of the SEC's requests for production of documents that relate to this issue, and depositions are still ongoing. To the extent this Interrogatory seeks to obtain information about what the Commission's experts are expected to testify to, it is improper. The Commission specifically reserves the right to supplement its answer to this Interrogatory at the appropriate time.

This Interrogatory is also overbroad, oppressive, and unduly burdensome, to the extent that Ripple seeks identification of all "factors" that caused a change in market prices. To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents collected in discovery, and any publicly available documents, and locate every testimony phrase or document that in any way forms part of what "caused" price movements, doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any

research on behalf of Defendant.  Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review.  Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case.  To the extent this Interrogatory requires the Commission to identify information about a publicly available distributed ledger, such information is equally available to Ripple and Ripple can identify it.  Further, the Commission objects to this Interrogatory to the extent it incorrectly assumes that the Commission contends that particular factors "caused" price changes in XRP, incorrectly assumes that the Commission is required to contend or prove anything about changes in the price of XRP, and incorrectly assumes that anything in particular with respect to movements in the price of XRP is required to prove the Commission's allegations.  The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product.

The Commission also objects to this Interrogatory to the extent it seeks evidence that is not relevant to any claim or defense in this case insofar as it relies on an incorrect understanding of the meaning of the term "investment contract" as that term is used in the Securities Act.  There is no requirement under *Howey* that an issuer or promoter of an investment contract's efforts actually result in "material changes" to the price of the instrument that represents or underlies the investment contract.

## Interrogatory No. 16

Identify with particularity (by date, speaker, publication or medium, parties, and/or docket number, as appropriate, along with specific excerpts or quotations) all information that You contend was sufficient, singularly or collectively, to provide market participants with fair notice that offers or sales of XRP could not be made absent registration under Section 5, or pursuant to an exemption, of the Securities Act of 1933.

**Response and Objections to Interrogatory No. 16**

The Commission incorporates the General Objections above in its response to Interrogatory No. 16. The Commission further objects to Interrogatory No. 16 as premature, harassing, vague, and oppressive, and as contrary to the requirements of Rule 26 of the Federal Rules of Civil Procedure. The Commission objects to this Interrogatory because, when combining the interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 16 is vague and ambiguous, because it is unclear what the undefined terms "provide" and "fair notice" mean in the context of this Interrogatory.

This Interrogatory is also overbroad, oppressive, and unduly burdensome, to the extent that Ripple seeks identification of "all information" that provided fair notice. To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents collected in discovery, and any publicly available documents, and locate every testimony phrase or document that in any way forms part of what provided fair notice as to a certain question of law, doing would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review.

The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product.

The Commission also objects to this Interrogatory to the extent it seeks evidence that is not relevant to any claim or defense in this case insofar as it relies on an incorrect understanding of the requirements of the Due Process Clause of the U.S. Constitution, and of any applicable vagueness or "fair notice" defense. There is no requirement under any principle of law that the Commission warn Ripple or give "notice" to Ripple that its offers and sales of XRP may constitute securities transactions before Section 5 of the Securities Act of 1933 applies to such conduct.

Finally, the Commission objects to this Interrogatory as premature. Discovery on the issue of fair notice is ongoing, including depositions. To the extent this Interrogatory seeks to obtain information about what the Commission's experts or witnesses are expected to testify to, it is improper. The Commission specifically reserves the right to supplement its answer to this Interrogatory at the appropriate time.

Subject to and without waiving the foregoing objections, the Commission avers that the Supreme Court's decision in *Howey* and the decades of case law interpreting and applying *Howey* to a variety of facts and circumstances provide all the fair notice that is constitutionally or legally required, to the extent any is required. Moreover, various Commission actions over the course of many years, including but not limited to those referenced in pages 9-13 of the Commission's Memorandum of Law in Support of its Motion to Strike Ripple's Fourth Affirmative Defense, in Exhibit 1 to the Commission's Reply brief in further support of its Motion to Strike Ripple's Fourth Affirmative Defense, the various legal and non-legal advice that Ripple received since 2012 regarding its offers and sales of XRP vis-à-vis the securities laws, certain public statements and speeches by SEC officials regarding the applicability of the securities laws to transactions in digital assets,

Ripple's awareness of the SEC staff's nonpublic investigation that preceded this lawsuit, and the various statements by SEC staff to Ripple's representatives to the effect that the SEC staff believed that Ripple's offers and sales of XRP were likely securities transactions, all provided Ripple notice that it could not conduct its offers and sales of XRP without registration under Section 5 of the Securities Act of 1933.

**Interrogatory No. 17**

Identify the enterprise(s) or venture(s), if any, in which You contend XRP holders acquired a stake in by virtue of their purchase of XRP from Defendants, and all evidence on which You intend to rely to support that contention.

**Response and Objections to Interrogatory No. 17**

The Commission incorporates the General Objections above in its response to Interrogatory No. 17. The Commission objects to this Interrogatory because, when combining the interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 17 is vague and ambiguous, because it is unclear what the undefined terms "acquired a stake" means in the context of this Interrogatory.

This Interrogatory is overbroad, oppressive, and unduly burdensome, to the extent that Ripple seeks identification of "all evidence" on which the SEC intends to "rely to support" a particular contention. To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents collected in discovery, and any publicly available documents, and locate every testimony phrase or document that in any way forms part of what the Commission "conten[ds]," doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each

and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and would do nothing but waste time.

The Commission further objects to this Interrogatory to the extent it relies on an incorrect understanding of the meaning of "investment contract" under *Howey* and the cases applying it. There is no requirement under the law that the purchaser "acquire a stake" in an "enterprise or venture" in order for that purchaser to have purchased an investment contract. Instead, an investment contract exists when, based upon the totality of the circumstances, the representations and statements made by the promoter, and the economic realities of the transaction, a purchaser invested money in a common enterprise with a reasonable expectation of profit based upon the efforts of others.

Subject to and without waiving the foregoing objections, the Commission responds that it alleges that XRP holders were invested in Ripple's efforts to create a use for and demand for XRP. XRP holders hoped to profit from a potential increase in the value of XRP based on Ripple's efforts to create a use for XRP and develop the XRP "ecosystem," potentially increasing demand for the token. The Commission further refers Defendant to the Commission's answers to Interrogatories 2,

8, 10-11, which are incorporated by reference herein, for additional information about some of the evidence that the Commission intends to rely on in this case.

**Interrogatory No. 18**

Describe all uses, functionality, features, or other characteristics of Bitcoin, Ether, or XRP that You contend distinguish Bitcoin or Ether from XRP with respect to the registration requirements of Section 5 of the Securities Act of 1933.

**Response and Objections to Interrogatory No. 18**

The Commission incorporates by reference its responses and objections to Interrogatory No. 6.

**Interrogatory No. 19**

Identify with particularity any evidence (including any Documents relied upon) that You contend demonstrates that any XRP holder has or had any right, as a result of his or her purchase of XRP in the unregistered distribution of securities alleged in the Complaint, to receive any future payment directly from Ripple, in any form, at any time, or for any purpose (including but not limited to any fiat currency, XRP, or any other Digital Asset or commodity, or any other form of consideration).

**Response and Objections to Interrogatory No. 19**

The Commission incorporates the General Objections above in its response to Interrogatory No. 19. The Commission further objects to Interrogatory No. 19 as premature, harassing, and oppressive, and as contrary to the requirements of Rule 26 of the Federal Rules of Civil Procedure. The Commission objects to this Interrogatory because, when combining the interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 19 is vague and ambiguous, because it is unclear what the undefined terms "receive," "payment" or "purpose" mean in the context of this Interrogatory.

This Interrogatory is overbroad, oppressive, and unduly burdensome, to the extent that Ripple seeks identification of "any evidence" and "any Document relied upon" for a particular

contention, or the extent it asks for "any" payment "in any form" "at any" time and "for any purpose." To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents collected in discovery, and any publicly available documents, and locate every testimony phrase or document that in any way forms part of what the Commission "contend[s]," doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and would do nothing but waste time.

The Commission also objects to this Interrogatory as premature. Discovery on the issue of Ripple's offers and sales of XRP is ongoing. To the extent this Interrogatory seeks to obtain information that upcoming deponents may testify to, it is premature. The Commission specifically reserves the right to supplement its answer to this Interrogatory at the appropriate time.

Subject to and without waiving the foregoing objections, the Commission responds as follows: Whether the purchaser had a right to receive payments from Ripple is irrelevant. The

relevant inquiry is whether a purchaser invested money in a common enterprise with a reasonable expectation of profit based upon the efforts of others. The Commission refers Defendant to its answer to Interrogatories Nos. 1-5, 7-8, 10-12 for some of the evidence the Commission will rely on to support this contention. The Commission further notes that the Securities Act of 1933 creates rights, under certain circumstances, to receive payments from issuers of securities offered and sold without meeting the Act's registration requirements.

**Interrogatory No. 20**

Identify each Digital Asset that the SEC has determined is not a security under U.S. law.

**Response and Objections to Interrogatory No. 20**

The Commission incorporates the General Objections above in its response to Interrogatory No. 20. The Commission further objects to Interrogatory No. 20 as harassing, vague, and oppressive, and as contrary to the requirements of Rule 26 of the Federal Rules of Civil Procedure. The Commission also objects to this Interrogatory because, when combining the interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 20 is vague and ambiguous, because it is unclear what the undefined term "determined" means in the context of this Interrogatory.

The Commission further objects to this Interrogatory to the extent it would require the Commission to review and parse the tens of thousands of documents the SEC has produced and any publicly available documents, because such requirement would be unreasonably burdensome, disproportional to the needs of the case, and require the production of information equally available to Defendants based on such documents. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence, nor is it required to organize the evidence in this matter for Defendant. Further, to the extent this

Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and would do nothing but waste time.

The Commission further objects to the extent that this Interrogatory requires that the Commission, under Defendant's Definition No. 11, make representations as to all employees' (both current and former), Commissioners' (both current and former), Offices' or Divisions' meetings held from January 1, 2012 to December 22, 2020. Such a requirement is unduly burdensome and impossible to respond to. The Commission has thousands of employees. The Commission cannot reasonably inquire and determine each and every meeting between each and every Commission employee and any possible third party. The Commission further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client and governmental deliberative process privileges and the work product doctrine. To the extent the Commission responds to this Interrogatory, it refers only to the "Commission" as that term is defined under the United States securities laws.

Subject to and without waiving the foregoing, the Commission responds that it has not voted on any recommendations or issued any orders or opinions that any particular offer or sale of a digital asset by any particular person was not a securities transaction.

**Interrogatory No. 21**

Identify each Digital Asset that the SEC has determined is a security under U.S. law.

**Response and Objections to Interrogatory No. 21**

The Commission incorporates the General Objections above in its response to Interrogatory No. 21. The Commission further objects to Interrogatory No. 21 as harassing, vague, and oppressive, and as contrary to the requirements of Rule 26 of the Federal Rules of Civil Procedure. The Commission also objects to this Interrogatory because, when combining the interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 20 is vague and ambiguous, because it is unclear what the undefined term "determined" means in the context of this Interrogatory.

The Commission further objects to this Interrogatory to the extent it would require the Commission to review and parse the tens of thousands of documents the SEC has produced and any publicly available documents, because such requirement would be unreasonably burdensome, disproportional to the needs of the case, and require the production of information equally available to Defendants based on such documents. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence, nor is it required to organize the evidence in this matter for Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and would do nothing but waste time.

The Commission further objects to the extent that this Interrogatory requires that the Commission, under Defendant's Definition No. 11, make representations as to all employees' (both

current and former), Commissioners' (both current and former), Offices' or Divisions' meetings held from January 1, 2012 to December 22, 2020. Such a requirement is unduly burdensome and impossible to respond to. The Commission has thousands of employees. The Commission cannot reasonably inquire and determine each and every meeting between each and every Commission employee and any possible third party. The Commission further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client and governmental deliberative process privileges and the work product doctrine. To the extent the Commission responds to this Interrogatory, it refers only to the "Commission" as that term is defined under the United States securities laws.

Subject to and without waiving the foregoing, the Commission responds that it has authorized enforcement actions alleging that the particular offers and sales of the digital assets in the enforcement actions listed in Exhibit 1 to the Reply Brief in Further Support of the Commission's Motion to Strike were securities transactions.

**Interrogatory No. 22**

Identify with particularity any evidence (including any Documents relied upon) that You contend demonstrates that any Defendant pooled the funds from any XRP purchaser with those from any other XRP purchaser.

**Response and Objections to Interrogatory No. 22**

The Commission incorporates by reference its Responses and Objections to Interrogatory No. 10.

**Interrogatory No. 23**

Identify with particularity any evidence (including any Documents relied upon) that You contend supports the allegation that "the fortunes of XRP purchasers were and are tied to one another, and each depend on the success of Ripple's XRP Strategy," as alleged in ¶ 291 of the Complaint.

**Responses and Objections to Interrogatory No. 23:**

The Commission incorporates by reference its Responses and Objections to Interrogatories Nos. 2, 8, 10-11.

**Interrogatory No. 24**

Identify with particularity the factual basis (including any statements or Documents on which You intend to rely) to support Your contention that XRP is a security, and that Ripple's distributions, transfers or sales of XRP are investment contracts, as those terms are construed under the federal securities laws and *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), and its progeny

**Responses and Objections to Interrogatory No. 24:**

The Commission incorporates by reference its Responses and Objections to Interrogatories Nos. 1-5, 7-8, 10-12.

Dated: New York, New York
      July 20, 2021

SECURITIES AND EXCHANGE COMMISSION

By: _____
      Jorge G. Tenreiro
      Mark R. Sylvester
      Robert S. Moye
      Benjamin Hanauer
      Daphna A. Waxman
      Jon A. Daniels
      Ladan F. Stewart
      Securities and Exchange Commission
      New York Regional Office
      200 Vesey Street, Suite 400
      New York, NY 10281
      (212) 336-9145 (Tenreiro)

      *Attorneys for Plaintiff*

**Verification for Responses to Interrogatories 12 Through 24**

I declare under penalty of perjury, that the factual statements made above are true to the best of my knowledge, information, and belief. Executed in Washington, District of Columbia on this 20th Day of July 2021.

*A. Kristina Littman*

A. Kristina Littman
Division of Enforcement