# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    -against-<br><br>RIPPLE LABS, INC.,<br>CHRISTIAN A. LARSEN, and<br>BRADLEY GARLINGHOUSE,<br><br>        Defendants. | 20 Civ. 10832 (AT) (SN) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANT CHRISTIAN A. LARSEN'S FIRST SET OF INTERROGATORIES**

    Pursuant to Federal Rules of Civil Procedure ("Federal Rules") 26 and 33, Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") hereby responds to Defendant Christian A. Larsen's ("Larsen" or "Defendant")) First Set of Interrogatories to Plaintiff Securities and Exchange Commission (the "Interrogatories"). The SEC's responses and objections to the Interrogatories are made to the best of its present knowledge, information, or belief. These responses and objections are made without prejudice to the SEC's right to revise or supplement its responses and objections as appropriate and to rely upon and produce witnesses or evidence at trial or at any proceeding, particularly given that discovery is ongoing. The SEC does not waive any applicable privilege, protection, doctrine, or right by providing these responses. The SEC also provides these responses without prejudice to its right to produce or object to evidence, witnesses, facts, writings, or documents that are identified either in these responses or in any later supplements or amendments. The SEC does not necessarily represent or agree, by virtue of providing a response, that any of the information identified below is relevant or admissible.

1

## GENERAL OBJECTIONS

1.      The SEC objects to the Interrogatories on the ground that they are not "proportional to the needs of the case" to the extent they call for answers that are premature given that the parties have neither completed document discovery and depositions, nor expert discovery, and discovery specifically related to Defendant Larsen has yet to commence. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 33(b) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete."); *County of Suffolk v. Lilco*, No. 87 CV 0646 (JBW), 1988 WL 69759, at *1–2 (E.D.N.Y. June 13, 1988) ("Contention interrogatories such as those propounded by the defendant here are generally not favored in the early stages of discovery…. [F]orcing the plaintiffs to answer these interrogatories is not justified when balancing the burden imposed upon the plaintiffs in responding to these requests against the likelihood that useful information will be produced."); *Roth v. Bank of Commonwealth*, No. CIV-79-36E, 1988 WL 43963, at *4 (W.D.N.Y. May 4, 1988) (contention interrogatories include "those that ask the adverse party to state all the *facts* or all the *evidence* upon which he *bases* some specific contention" (emphases in original)).

The SEC faces a heavy burden in identifying and listing each and every fact underlying various mixed legal and factual allegations in the Complaint when Individual Defendants Larsen and Bradley Garlinghouse have yet to answer the Complaint, and when Defendants, including Defendant Ripple Labs, Inc. ("Ripple"), have not made complete productions in response to the SEC's document requests, and the parties have not completed depositions. Furthermore, it is unlikely that any responses to the Interrogatories will be substantially more useful than the information Larsen already has or soon will have. Specifically, the Amended Complaint (D.E. 46) provides a summary of certain key factual allegations underlying each of the SEC's claims, the SEC

2

has produced to Larsen its entire non-privileged investigative file, and much of the information sought for by the Interrogatories is public (such as public statements by Ripple and Larsen) or is in Larsen's possession and therefore more easily accessible to Larsen.

2. The SEC further objects to the Interrogatories on the ground that they are not "proportional to the needs of the case" because they are overly broad, regardless of their timing. Fed. R. Civ. P. 26(b)(1); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome…. [They] should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("The Court, however, does find [an interrogatory] to be overly broad and unduly burdensome on its face to the extent it asks Allstate to state 'all' facts that support each defense….").

3. The SEC objects to Defendant's Definition No. 10, "Securities and Exchange Commission," "Plaintiff," "SEC," "You," or "Your," to the extent that it means each of the Commission's Divisions and Offices, and each current or former SEC Commissioner, staff member, or employee, because it is overly broad and not proportional to the needs of the case. Accordingly, unless expressly stated otherwise, the SEC has limited its inquiry to information in the possession, custody, or control of the Division of Enforcement, as further limited by the other general and specific objections herein, as noted herein.

4. The SEC objects to Defendant's Definitions Nos. 9 and 11 to the extent they assume that the digital asset known as "XRP" functions as a medium of exchange or a store of value, or was ever offered or sold for either of those purposes.

3

5.      The SEC objects to the Interrogatories to the extent they are duplicative of Ripple's Interrogatories, defined as Ripple's First Set of Interrogatories to the SEC, to which the SEC responded on July 1, 2021, and of Ripple's Second Set of Interrogatories to the SEC, to which the SEC is responding concurrently herewith.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1**

Identify with particularity the factual and legal basis (including any statements or Documents relied upon) for Your contention that Plaintiff has extraterritorial authority over the offers and sales of XRP alleged in the Complaint that were settled outside the United States and/or were made on foreign exchanges.

**Response and Objections to Interrogatory No. 1**

The Commission incorporates the General Objections above in its response to Interrogatory No. 1. The Commission objects to this Interrogatory because, when combining Ripple's Interrogatories and these Interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 1 is vague and ambiguous, because it is unclear what the undefined terms "settled" or "made" mean in the context of this Interrogatory and in the context of transactions in digital assets that are represented on distributed ledgers that exist on networks of computers all over the world.

This Interrogatory is also overbroad, oppressive, and unduly burdensome, to the extent that Defendant seeks identification of "the factual and legal basis (including any statements or Documents relied upon)" for a particular contention. To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents collected in discovery, and any publicly available documents, and locate every testimony phrase or document that in any way forms part of what the Commission contends or has "authority" over,

4

doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents, or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case or to any cognizable or relevant defense. To the extent this Interrogatory requires the Commission to identify statements which involve the offer or sale or distribution of XRP by Larsen or any of his agents to a third party, Larsen is in possession of such information and can identify it. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and do nothing but waste time.

The Commission also objects to this Interrogatory as premature. Discovery on the issue of Larsen's offers and sales of XRP is ongoing—in particular, depositions are still ongoing, and Larsen has not yet answered the Amended Complaint. To the extent this Interrogatory seeks to obtain information that upcoming deponents may testify to, it is premature. The Commission specifically reserves the right to supplement its answer to this Interrogatory at the appropriate time.

Finally, the Commission objects to this Interrogatory to the extent it seeks evidence that is not relevant to any claim or defense in this case insofar as it relies on an incorrect understanding of the claims at issue in this case, particularly to the extent it incorrectly assumes that the Commission seeks to exert "extraterritorial authority over the offers and sales of XRP" alleged in the Complaint.

Subject to and without waiving the foregoing objections, the Commission directs Defendant Larsen to Commission's Brief in Opposition of the Individual Defendants' Motion to Dismiss (D.E. 183), principally the Statement of Facts and the Argument § 2, for the factual and legal basis that the Commission has so far developed in support of its claim that Larsen's offers and sales of XRP were domestic transactions in securities subject to the Securities Act of 1933.

**Interrogatory No. 2**

Identify all Documents and Communications that You contend show injury or damage to individual members of the public that resulted from the "Offering," as defined in the Complaint.

**Response and Objections to Interrogatory No. 2**

The Commission incorporates the General Objections above in its response to Interrogatory No. 2. The Commission objects to this Interrogatory because, when combining Ripple's Interrogatories and these Interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 2 is vague and ambiguous, because it is unclear what the undefined terms "injury" or "damage" mean in the context of this Interrogatory.

The Commission objects to this Interrogatory to the extent it rests on a misstatement of the claims at issue in this case and the elements required to prove them. The Commission claims that Defendant violated Section 5 of the Securities Act of 1933, and that he aided and abetted Ripple's violations of that provision. To prove a violation of Section 5, the SEC must show: (1) that no registration statement was filed or in effect as to the transaction, and (2) that the defendant directly or indirectly sold or offered to sell the securities (3) through interstate commerce. To prove aiding and abetting a violation of Section 5, the SEC must show: (1) a primary violation of Section 5 by Ripple, (2) that Larsen substantially assisted the violation, and (3) that Larsen acted knowingly or recklessly. No proof of "damage" or "injury" is required.

6

This Interrogatory is also overbroad, oppressive, and unduly burdensome, to the extent that Defendant seeks identification of "all Documents and Communications" for a particular contention. To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents collected in discovery, and any publicly available documents, and locate every testimony phrase or document that in any way forms part of what the Commission contends, doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents, or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case or to any cognizable or relevant defense. To the extent this Interrogatory requires the Commission to identify documents and statements which involve the offer or sale or distribution of XRP by Larsen or any of his agents to a third party, Larsen is in possession of such information and can identify it. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and do nothing but waste time.

The Commission also objects to this Interrogatory as premature. Discovery on the issue of Larsen's offers and sales of XRP is ongoing—in particular, depositions are still ongoing, and Larsen

7

has not yet answered the Amended Complaint. To the extent this Interrogatory seeks to obtain information that upcoming deponents may testify to, it is premature. The Commission specifically reserves the right to supplement its answer to this Interrogatory at the appropriate time.

Subject to and without waiving any of the foregoing, the Commission further avers that the fact of Larsen's failure to register his offers and sales of XRP, and the resulting failure to disclose information required by the federal securities laws, demonstrates the injury suffered by members of the public from Larsen's offers and sales of XRP. The registration regime imposed by the Securities Act of 1933 requires the offer or sale of securities to the public to be accompanied by full and fair disclosure afforded by a registration statement filed with the SEC and the delivery of a statutory prospectus, providing potential purchasers with the information essential to an informed investment decision. *See SEC v. Cavanagh*, 1 F. Supp.2d 337, 360 (S.D.N.Y. 1998), *aff'd*, 155 F.3d 129 (2d Cir. 1998); *SEC v. Aaron*, 605 F.2d 612, 618 (2d Cir. 1979)), vacated on other grounds, 446 U.S. 680 (1980). The registration statement is "central to the Act's comprehensive scheme for protecting public investors." *Aaron*, 605 F.2d at 618. Larsen's failure to provide that statement injured public investors and public markets by depriving them of the material information required to be disclosed in the offer and sale of securities.

**Interrogatory No. 3**

Identify all third parties that provided any comments or analyses to the SEC concerning the SEC's authority to regulate or its position regarding the regulation of Digital Assets, including Bitcoin, Ether, or XRP, at any point between the July 25, 2017 DAO Report and December 22, 2020.

**Response and Objections to Interrogatory No. 3**

The Commission incorporates the General Objections above in its response to Interrogatory No. 3. The Commission objects to this Interrogatory because, when combining Ripple's Interrogatories and these Interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of

8

interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 3 is vague and ambiguous, because it is unclear what the undefined terms "authority to regulate" mean in the context of this Interrogatory.

This Interrogatory is also overbroad, oppressive, and unduly burdensome, to the extent that Defendant seeks identification of "all third parties" that engaged in certain conduct. To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents it has already produced to Defendants, and any publicly available documents, and locate every testimony phrase or document, doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses that may support its contentions, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents, or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case or to any cognizable or relevant defense. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and do nothing but waste time.

The Commission further objects to this Interrogatory as premature, as the Commission is still in the process of providing documents to Defendants in discovery, depositions by Defendants

9

have not yet begun, and the Commission has provided this information in response to Ripple's Interrogatories.

Subject to and without waiving the foregoing, the Commission, having reviewed a limited number of documents beyond those in the possession of the Division of Enforcement, refers Defendant to emails the Commission received at the inboxes fintech@sec.gov and finhub@sec.gov, which the Commission has produced or in short order will produce to Defendants, no-action letter requests and responses, documents from the 20 custodians responsive to Defendants' document requests, and publicly available requests for rulemaking posted on the SEC's website pursuant to Rule 192 of the Commission's Rules of Practice (at https://www.sec.gov/rules/petitions.htm). The Commission further notes that other persons and entities that have made comments to the SEC regarding the regulation of digital assets include the persons and entities identified in the Commission's response to Ripple Interrogatory No. 9.

### Interrogatory No. 4

Identify with particularity all efforts by Ripple that You contend were made in order to generate profits for any Person who purchased XRP from Ripple.

### Response and Objections to Interrogatory No. 4

The Commission incorporates by reference its responses and objections to Ripple's Interrogatories Nos. 2, 8, and 10-11.

### Interrogatory No. 5

State whether You contend that the XRP Ledger was not fully functional before the start of the ongoing securities offering alleged in the Complaint. If that is Your contention, Identify when You contend the XRP Ledger did become fully functional (if ever) and what actions or efforts resulted in making the XRP Ledger fully functional, and all evidence You intend to rely on to support that contention.

### Response and Objections to Interrogatory No. 5

The Commission incorporates by reference its responses and objections to Ripple's Interrogatory No. 4, including specifically to note that whether and when the XRP Ledger became "fully functional" is irrelevant under *Howey* and cases applying it.

In addition, the Commission further objects to this Interrogatory as vague, to the extent the term "fully functional" means in the context of this Interrogatory or in the context of distributed networks, the creation and development of which are iterative processes without clearly demarcated end points, and that discussing whether a distributed, open-source network is "fully functional" is nonsensical in this context without identifying parameters to measure functionality or the person from whose perspective functionality is being measured. This Interrogatory is premature for the additional reason that discovery into the XRP Ledger is still ongoing, including depositions and expert discovery. Subject to and without waiving the foregoing, the Commission further avers that the investigative and deposition testimony of David Schwartz, among other things, establishes that Ripple engaged a team of people working on improving the XRP Ledger throughout the period at issue in this case, and certain documents produced by Ripple to the Commission show examples of Ripple continuing to make efforts to develop, improve, and modify the functioning of the XRP Ledger.

**Interrogatory No. 6**

Identify each and every voluntary Document production, voluntary interview, or voluntary testimony You have requested, received, or taken related to this action and/or any investigation of Ripple, XRP, Bradley Garlinghouse, or Christian A. Larsen.

**Response and Objections to Interrogatory No. 6**

The Commission incorporates the General Objections above in its response to Interrogatory No. 6. The Commission objects to this Interrogatory because, when combining Ripple's Interrogatories and these Interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of

11

interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 6 is vague and ambiguous, because it is unclear what the undefined terms "voluntary" and "interview" mean in the context of this Interrogatory.

This Interrogatory is also overbroad, oppressive, and unduly burdensome, to the extent that Defendant seeks identification of "each and every" person the Commission and its employees may have spoken to in connection with its investigation of this matter, and to the extent it purports to seek discovery beyond the filing of this action. Moreover, to the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents it has already produced to Defendants, and any publicly available documents, and locate every testimony phrase or document, doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents, or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, the Commission objects to this request to the extent it requires disclosure of information protected by the attorney work product doctrine, the attorney client privilege, the deliberative process privilege, the law enforcement privilege, or common interest protections. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case or to any cognizable or relevant defense. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an

endeavor would simply describe the Commission counsel's mental impressions and related work-product and do nothing but waste time.

Subject to and without waiving the foregoing, the Commission directs Defendant to the Commission's privilege log dated July 9, 2021, for a list of the non-United States-based securities regulators from which the SEC sought voluntary information, the Commission's Initial Disclosures dated March 8, 2021, and Supplemental Initial Disclosures, and the documents the Commission has produced from its investigative file of this matter, for the information that Defendant seeks and notes that it has discussed this matter on a voluntary basis with the following persons (among others) and their representatives: certain plaintiffs in the class action related to this case in the Northern District of California, certain U.S.-based digital asset trading platforms that list or listed XRP, Tetragon Financial Group, Jed McCaleb, Jesse Powell, Julia Ko, Cryptosystems, GSR, The Hatch Agency, Antoinette O'Gorman, Route 66, Ryan Gaylor, MoneyGram International, and R3.

**Interrogatory No. 7**

Identify every joint industry group, task force, or other similar body in which the SEC participated relating to the regulation of Digital Assets, and state when the SEC joined.

**Response and Objections to Interrogatory No. 7**

The Commission incorporates the General Objections above in its response to Interrogatory No. 7. The Commission objects to this Interrogatory because, when combining Ripple's Interrogatories and these Interrogatories, their subparts, and the separate pieces of information sought by the definitions and their subparts, the Interrogatories exceed the allowable number of interrogatories under Federal Rule of Civil Procedure 33. Furthermore, Interrogatory No. 7 is vague and ambiguous, because it is unclear what the undefined terms "joint industry group," "task force," or "other similar body" mean in the context of this Interrogatory.

This Interrogatory is also overbroad, oppressive, and unduly burdensome, to the extent that Defendant seeks identification of "every" group that SEC employees may have participated in. Such

a requirement is unduly burdensome and impossible to respond to. The Commission has thousands of employees. The Commission cannot reasonably inquire and determine each and every meeting between each and every Commission employee and any possible third party. To the extent that the Interrogatory would require the Commission to review and parse the testimony taken and the over 93,000 documents gathered during the investigation that preceded this case or the tens of thousands of documents it has already produced to Defendants, and any publicly available documents, and locate every testimony phrase or document, doing so would be unreasonably burdensome and would invade the attorney work product doctrine. The Commission is not required to compile and correlate the evidence, nor to provide a narrative of its entire case, nor to marshal the evidence or to state each and every one of the many facts or identify every one of the many documents or witnesses, nor is it required to organize the evidence in this matter for Defendant, nor is it required to conduct any research on behalf of Defendant. Further, to the extent this Interrogatory seeks to require the Commission to review testimony, documents, or public information that is, or has been made, available to Defendant, Defendant is equally capable of conducting any such review. Further, the Commission objects to this request to the extent it requires disclosure of information protected by the attorney work product doctrine, the attorney client privilege, the deliberative process privilege, the law enforcement privilege, or common interest protections. Further, requesting the Commission to do so imposes a significant burden on the Commission, which is not a percipient witness to any of the facts in the case or to any cognizable or relevant defense. The results of this unduly burdensome review would not translate into the "discovery" of actual facts; at most, such an endeavor would simply describe the Commission counsel's mental impressions and related work-product and do nothing but waste time.

Subject to and without waiving the foregoing, the Commission, having reviewed a limited number of documents beyond those in the possession of the Division of Enforcement, avers that

certain of its employees participate informally in calls organized by the Blockchain Alliance, that certain of its employees participate and/or have participated in federal and international joint task forces, including but not limited to IOSCO, Financial Stability Board, CPMP-IOSCO, Financial Action Task Force, OECD, PWG (Presidential Working Group on Financial Markets), and FSOC's Distributed Ledger Technology Task Force, and that certain of its employees participate and/or have participated in and attend and/or attended symposia, conferences, and chats organized by colleges and universities regarding the regulation of digital assets. The Commission additionally refers Defendant to documents the Commission has produced or shortly will produce related to non-privileged Commission communications with third parties.

Dated: New York, New York
July 20, 2021

                                        SECURITIES AND EXCHANGE COMMISSION

By: _____
    Jorge G. Tenreiro
    Mark R. Sylvester
    Robert S. Moye
    Benjamin Hanauer
    Daphna A. Waxman
    Jon A. Daniels
    Ladan F. Stewart
    Securities and Exchange Commission
    New York Regional Office
    200 Vesey Street, Suite 400
    New York, NY 10281
    (212) 336-9145 (Tenreiro)

*Attorneys for Plaintiff*

**Verification for Responses to Larsen Interrogatories 1 Through 7**

I declare under penalty of perjury, that the factual statements made above are true to the best of my knowledge, information, and belief. Executed in Washington, District of Columbia on this 20th Day of July 2021.

*A. Kristina Littman*

A. Kristina Littman
Division of Enforcement