

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

September 7, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY  10007

**Re:  SEC v. Ripple Labs Inc., et al., No. 20-cv-10832(AT) (SN) (S.D.N.Y.)**

Dear Judge Netburn:

We write on behalf of Defendant Ripple Labs Inc. ("Ripple") in response to the SEC's August 30, 2021 letter seeking an order compelling Ripple to produce recordings of certain internal meetings, outlined in Exhibit A of their letter.  *See* ECF Nos. 319 & 320 ("Motion to Compel").  Contrary to the SEC's claim that the parties are at an impasse about those recordings, prior to the SEC even filing its Motion to Compel, Ripple had already agreed to the SEC's request and has already begun producing such recordings.[1]  In fact, we expect Ripple's production to be substantially complete before this motion is fully briefed.

The only unresolved matter is whether the SEC can continue to issue demands for additional recordings now that the fact discovery phase has ended.  Rather than meet and confer on that remaining point, the SEC chose to burden this court with ill-conceived motion practice concerning an issue that is not even ripe for adjudication.  As there are no outstanding requests for recordings currently in dispute, the Court should deny the SEC's motion as moot and defer consideration of any future requests by the SEC for additional recordings until the parties have reached a genuine impasse.

### I.   The SEC's Belated Recordings Request

The SEC's claim that its first request for recorded meetings was issued on January 25, 2021 is not accurate.  The SEC did not specifically request recordings until *August 5, 2021*—more than three years after the start of the SEC investigation and less than four weeks before the end of fact discovery.  *See* Motion to Compel, Ex. J.  Before August 5, the SEC had only included "tape recordings" and "sound recordings" in its overbroad definition of "Documents" in its Requests for Production ("RFPs"), but not in any of the RFPs themselves.[2]  In its responses and objections to the

---

[1]  Indeed, based on its agreement to review and produce all requested recordings, to the extent they exist, Ripple was surprised by the SEC's filing and disappointed that its efforts to compromise by giving the SEC everything it had requested nevertheless resulted in an unnecessary burden imposed on this Court.

[2]  *See e.g.,* Ex. A, Plaintiff's First Set of Document Requests to Defendant Ripple Labs Inc., Definition No. 7 ("'Document' shall include, but is not limited to, any written, printed, or typed matter including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping

SEC's RFPs, Ripple objected to the SEC's unreasonably broad definition of "Document," as it is plainly burdensome and disproportionate to have to search and collect dozens of different document types for responsiveness to the 125 RFPs issued by the SEC to Ripple.[3] Further, the SEC knows how to specifically identify certain categories of documents in its RFPs and has routinely done so during this litigation—issuing RFPs seeking, *inter alia*, Slack communications, text messages, spreadsheets, ledgers, calendar invitations, and notes[4]—but the SEC never once issued an RFP specifically seeking recordings or otherwise raised the issue of recordings in any of our numerous meet and confers.

The SEC also claims that Ripple has not reviewed any recordings and "never informed the SEC that Ripple routinely recorded staff meetings" until Antoinette O'Gorman's deposition on August 4, 2021. Motion to Compel at 3. This is also inaccurate. *First*, the SEC was on notice about the existence of recordings well before this litigation, yet waited until a few weeks ago to issue its first request for recordings. For example, the SEC asked Ms. O'Gorman during her deposition about a recording referenced in an exhibit that Ripple produced to the SEC on *November 19, 2019*. *See* Motion to Compel, Ex. E, O'Gorman Tr. at 332:21–340:16; RPLI_SEC 0083483. The SEC showed this same document to Miguel Vias during his deposition on June 28, 2021, and to Ryan Zagone during his deposition on July 20, 2021. *See* Ex. C, Vias Tr. at 193:9–198:3; Ex. D, Zagone Tr. at 149:16–151:15. Ripple has produced numerous other documents referencing recorded meetings. *See, e.g.*, Ex. E, RPLI_SEC 0099518 (referencing recording of meeting about On-Demand Liquidity; produced on November 15, 2019); Ex. F, RPLI_SEC 0520978 (referencing recording of RippleX meeting; produced on May 14, 2021).

*Second*, Ripple began collecting and reviewing recordings even before the SEC's August 5, 2021 request. As one example, in July 2021, Ripple collected and reviewed a recording that the SEC had identified as potentially relevant and that Ripple determined to be privileged. *See* Motion to Compel, Ex. D.

*Third*, while the SEC cites to testimony from three different witnesses to establish that various meetings took place at Ripple during the relevant period, the SEC concedes that these witnesses "did not specifically testify about recordings," and the SEC had an opportunity to confirm with these witnesses whether the meetings were recorded but chose not to do so. Motion to Compel at 3.

---

documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, telephone messages, text messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizations indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.").

[3] *See e.g.,* Ex. B, Defendant Ripple Labs Inc.'s Objections and Responses to Plaintiff's First Set of Requests for Production.

[4] *See e.g.,* Ex. A at Request No. 1 (requesting "all Slack communications"); *id*. at Request No. 7 (requesting "all spreadsheets prepared by Ripple's Finance Department"); *id*. at Request No. 24 (requesting "Ripple's general ledger"); *id*. at Request No. 30 (requesting "any meeting or calendar invitations, schedules, journals, timetables, and/or calendar invitation acceptances").

In sum, it is simply not the case that Ripple's prior actions in discovery in connection with production of recordings have been deficient or otherwise improper.

### II. Ripple's Good-Faith Attempts to Meet and Confer Concerning the SEC's Recordings Requests

Notwithstanding the SEC's belated request for recordings, and the extensive discovery the SEC has obtained to date—nearly 200,000 documents and more than one million pages from Ripple alone—Ripple met and conferred several times with the SEC to resolve this dispute.

The SEC's initial request for recordings was tremendously overbroad, seeking *all* "[r]ecordings (video or audio) of internal Ripple meetings" over an eight-year period, without *any* limitation by custodian, subject matter, date, or potential responsiveness. Motion to Compel, Ex. I. Ripple objected to the SEC's "unduly burdensome and disproportionate" request for "all internal Ripple meetings," explaining that the request would "require that Ripple prepare transcriptions of thousands of internal meetings and review many hours of recordings." Motion to Compel, Ex. J. Undeterred, the SEC at first declined to narrow the request. *See* Ex. G, J. Tenreiro email dated Aug. 10, 2021.

In an effort to resolve the matter or at least narrow the issues in dispute, on August 12, Ripple invited the SEC to identify particular categories of recordings it was interested in, while reiterating that it would "not review all of the thousands of company recordings over an eight-year period without any limitations as to topic or search parameters." Motion to Compel, Ex. B. On August 13, the SEC agreed to narrow its request, asking Ripple to search and produce four categories of recordings and to submit a list of all recorded meetings or a description of the categories of recorded meetings so that the SEC could make further requests or refine its request. *See* Motion to Compel, Ex. K.

Ripple agreed to search for and review the meetings that the SEC specifically identified in its August 13 request, while noting that certain regularly-scheduled meetings the SEC appeared to be most focused on—such as meetings of the XRP Markets and XRP Sales teams—were not recorded. *See* Ex. H, E. Gulay email dated Aug. 17, 2021. Ripple also proactively undertook a comprehensive search of *all* recorded meetings to identify additional recordings that were potentially responsive. As Ripple explained to the SEC, "[b]ased on a search of all recorded meetings by custodian and meeting name, Ripple identified a set of potentially responsive recordings in addition to the ones you specifically identified in your email of Aug. 13. Ripple agrees to review this set of potentially responsive recordings…." Ex. I, E. Gulay email dated Aug. 20, 2021.

The only remaining issue in contention as of August 20 was the scope of Ripple's review of all-hands meetings. Ripple explained that "reviewing all 'all-hands' meetings would be unduly burdensome as there are hundreds of such recordings during the relevant period, with no way of knowing what was discussed in the recording without listening to each recording."[5] Motion to

---

[5] Audio and video recordings pose unique discovery challenges because the data is not susceptible to searches in the same way as text-based data like email. Often, the only metadata that exists for video recordings is the file name, date, and custodian, which means that each and every recording would need to be manually reviewed for potential responsiveness, a burdensome and costly endeavor.

Compel, Ex. L.  Further, many "all-hands" meetings are, on their face, very unlikely to be relevant to this litigation; for example, there are dozens of all-hands meetings of the Engineering, RippleNet, and other teams that focus on technical issues such as software engineering and product development and are unlikely to contain information relevant to the issues in this case.  In light of the volume of all-hands meeting recordings, including many that are of questionable relevance, Ripple asked the SEC to identify "specific all-hands meetings that you think may be relevant and/or responsive to the SEC's RFPs based on the documents already produced."  *Id.*  The SEC agreed to identify specific meetings, sending to Ripple on August 26 the Exhibit A list of recordings, which identifies specific all-hands meetings along with certain other meetings.  *See* Motion to Compel, Ex. A.

Even though the Exhibit A proposal was burdensome—necessitating a manual review for responsiveness and privilege of dozens of hours of recordings and the potential application of redactions to the recordings—Ripple largely accepted the SEC's proposal.  Ripple wrote that it "agrees to search for the meetings identified in your August 26 email — to the extent recordings exist … on the condition that the SEC agree that this resolves the parties' discovery-related disputes concerning Ripple's recordings and that the SEC will agree not to seek the production of additional recordings from Ripple or the individuals in this case."  Motion to Compel, Ex. M.  Ripple included this condition in an effort to achieve a measure of finality about the scope of the SEC's recordings requests in light of the August 31 close of fact discovery, particularly given the SEC's long delay in seeking such recordings.  Ripple also wanted to preclude a scenario where the SEC might significantly expand its request despite the parties' prior agreement—a circumstance that has occurred a number of times during this litigation.[6]

### III.    The SEC's Motion to Compel Is Not Ripe for Judicial Determination Because Ripple Has Agreed to Review the Exhibit A Recordings

In sum, Ripple had already agreed to search for and produce: (1) a list of recordings the SEC specifically identified in an email of August 13, 2021; (2) a set of recordings identified by Ripple as potentially responsive based on a comprehensive search of all recorded meetings by the custodians of such meetings, meeting name, and other criteria; and (3) the recordings identified by the SEC in Exhibit A of their Motion to Compel.  Together, these represent a substantial undertaking by Ripple to search for and produce recordings that are responsive to the SEC's RFPs, since the recordings—some of which are over two hours long—must be reviewed manually for responsiveness, privilege,

---

[6]  Take, for example, the parties' discussions concerning the SEC's RFP 2.33, which seeks, "[a]ll Documents and Communications Concerning the promotion or marketing of XRP or Ripple, including, but not limited to, communications with the ▨▨▨▨▨▨▨▨."  After meeting and conferring on March 17, the parties agreed to limit the scope of RFP 2.33 to documents and communications concerning "XRP and projects related to XRP."  *See* Ex. J, Ripple Meet and Confer Letter dated Mar. 26, 2021 at 4 ("As discussed during our March 17 meet and confer, Ripple accepts your proposal to limit this Request to 'all documents and communications with the ▨▨▨▨▨▨ concerning announcements as to XRP or Ripple projects related to XRP.").  Just a few weeks later, the SEC suddenly reneged on that agreement, informing Ripple that "[w]e disagree with your position that discovery of ▨▨▨ documents should be limited to documents concerning XRP or Ripple projects related to XRP."  *See* Ex. K, D. Waxman email dated Apr. 23, 2021.  After meeting and conferring on May 11, the SEC finally agreed that its suddenly enlarged request was in derogation of the parties' prior agreement.  *See* Ex. L, Ripple Meet and Confer Letter dated May 13, 2021 ("[W]e acknowledge your agreement on SEC's RFP No. 2.33 to limit the scope of this request to documents and communications concerning 'XRP and projects related to XRP,' which we had previously agreed to.").

and possible redaction.[7]  Also, together, these recordings represent all recordings requested by the SEC for review.

Without any ripe issue in dispute regarding the SEC's recordings request, this Court should deny the SEC's motion and defer decision on any potential additional requests—if such requests are made—after the parties have had an opportunity to meet and confer.

Respectfully submitted,

Andrew J. Ceresney
(ajceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Erol Gulay
Christopher S. Ford
Anna Gressel
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000
*Attorneys for Defendant Ripple Labs Inc.*

cc:        All parties (via ECF)

---

[7] Adding to the burden is the fact many of the requested recordings are maintained by third-party videoconferencing platforms like BlueJeans and Zoom and are not in the Company's possession, contrary to the SEC's assertion that "the internal recordings are in the sole possession of Ripple." Motion to Compel at 4.