# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | No. 20 CV 10832 (AT) |
| RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN, | |
| Defendants. | |

## DEFENDANT RIPPLE LABS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York, Defendant Ripple Labs, Inc. ("Ripple"), by and through its undersigned counsel, hereby objects and responds to the First Set of Requests for Production (each individually a "Request"), dated January 25, 2021, issued by Plaintiff Securities and Exchange Commission ("SEC," and, collectively with Ripple, the "Parties"). Subject to the following general and specific objections, and to the agreements reached during the Parties' meet and confer on February 12, 2021, as well as the Parties' meet and confer on February 23, 2021, Ripple will produce to Plaintiff, on a rolling basis pursuant to a schedule to be agreed upon by the Parties, copies of non-privileged, responsive documents and communications within its possession, custody, or control.

These responses are based on information currently available to Ripple. Ripple reserves the right to amend, supplement and/or modify its responses and objections at any time in the event that it obtains additional or different information.

## INTRODUCTORY STATEMENT

Nothing in Ripple's responses and objections herein shall be construed as a waiver of Ripple's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility or any other proper grounds to the use of any information provided in response to these First Set of Requests for Production, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to these First Set of Requests for Production or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine and/or any other applicable privilege, immunities, or protections against disclosure.

All of the General Objections and Objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Objections and Responses to the individual Requests set forth below and have the same force and effect as if fully set forth therein. Without waiving any of the General Objections to the extent they apply to each of the individual Requests, Ripple may specifically refer to certain General Objections in responding to a particular Request. Any objection or lack of an objection to any portion of an individual Request shall not be deemed an admission that Ripple maintains documents within its possession, custody, or control sought in such Request.

## GENERAL OBJECTIONS

1.     Ripple objects to each Request and to each Instruction and Definition to the extent that they seek the production of documents or things that are neither relevant to the claims or defenses asserted in this action nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the Parties' relative access to relevant information, the Parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.      Ripple objects to each Request and to each Instruction and Definition to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure.  Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.  Ripple specifically reserves the right to demand the return of any documents that inadvertently may be produced during discovery.

3.      Ripple objects to each Request and to each Instruction and Definition on grounds that they are vague, unduly burdensome and/or overly broad, to the extent that they seek production of "all" documents, especially used in conjunction with the terms "concerning," "including but not limited to" or depicting "each and every."  Ripple will produce documents that can be located through reasonable diligence, that directly and specifically concern the First Set of Requests for Production, and that are relevant to the claims or defenses asserted in this action and proportional to the needs of this case.

4.      Ripple objects to each Request and to each Instruction and Definition to the extent that they are unreasonably cumulative, duplicative or seek information or documents obtainable from some other source that is more convenient, less burdensome or less expensive than the efforts it would take for Ripple to provide the information or documents.  Where a document or

information is responsive to more than one Request, Ripple will produce the document only once.

5.      Ripple objects to each Request and to each Instruction and Definition to the extent that they seek information or documents that are not in the possession, custody or control of Ripple, on the grounds that such discovery is overly broad, unduly burdensome and in excess of Rule 34 of the Federal Rules of Civil Procedure.

6.      Ripple objects to each Request and to each Instruction and Definition to the extent they seek documents and/or information available to Plaintiff from its own files, from files within its control or from public sources.

7.      Ripple objects to each Request and to each Instruction and Definition to the extent they seek production of documents containing the confidential information of third parties.

8.      The failure of Ripple to object to any specific Request or Instruction or Definition on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s).  Ripple reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

9.      Ripple does not concede the relevance, materiality or admissibility of any information or documents sought in the Requests.  Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose or any other ground to the use of any information or documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

10.      These objections and responses do not constitute, and shall not be interpreted as Ripple's agreement with, or admission as to the truth or accuracy of, any legal or factual

characterization or allegation stated or implied in Plaintiff's Definitions, Instructions or in any of the individual Requests.

11.     Ripple objects to each Request and to each Instruction and Definition to the extent they seek to impose obligations on Ripple that go beyond the requirements set forth in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York.

12.     The uniform definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

13.     Ripple objects to Plaintiff's Definitions and Instructions No. 1 defining "Ripple" to the extent it refers to persons or entities other than Ripple Labs, Inc. on the grounds that such interpretation would render the Requests overbroad and unduly burdensome.

14.     Ripple objects to Plaintiff's Definition and Instruction No. 4 defining "XRP" as "tokens" or "coins," as it incorporates potentially misleading characterizations, assumptions and unsupportable legal conclusions.

15.     Ripple objects to Plaintiff's Definitions No. 5, 6, 7, 8, 9, 10, 11, 12, and 13 to the extent that they are broader than or purport to require more than Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 require.  Ripple will respond to the Requests using the definitions in the Federal and Local Rules.

16.     Ripple objects to Plaintiff's Instructions No. 11, 12, 13, 14, 16, and 18 to the extent that they are broader than or purport to require more than Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 require.  Ripple will respond to the Requests in accordance with the requirements of the Federal Rules and Local Rules.

**RESPONSE NO. 38**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Request on the grounds that it is vague and confusing, as Plaintiff fails to define, identify or otherwise indicate the meaning of the term "speaking appearance."  Ripple objects to this Request to the extent it purports to require Ripple to generate or produce materials that are not kept in the ordinary course of business.  Ripple objects to this Request on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses in this case and is unlikely to lead to the disclosure of relevant evidence.  Ripple further objects to this Request to the extent it seeks documents or other information not within Ripple's possession, control, or custody.  Ripple further objects to this Request to the extent it seeks information that is publicly available.

Subject to and without waiving the foregoing objections, Ripple will conduct a reasonably diligent search for responsive documents and will produce non-duplicative, non-privileged documents in its possession, custody or control, if any, that are responsive to this Request.

Dated: New York, New York
       February 24, 2021

DEBEVOISE & PLIMPTON LLP

By: /s/ *Andrew J. Ceresney*

Mary Jo White
Andrew J. Ceresney
Lisa Zornberg
Christopher S. Ford
Joy Guo

919 Third Avenue
New York, NY 10022
212-909-6000