# Exhibit G

| | |
|---|---|
| **From:** | Tenreiro, Jorge <tenreiroj@SEC.GOV> |
| **Sent:** | Tuesday, August 10, 2021 1:17 PM |
| **To:** | Gulay, Erol; Waxman, Daphna A.; Zornberg, Lisa; Guo, Joy; 'Levander, Samuel'; 'Tatz, Nicole'; 'mflumenbaum@paulweiss.com'; 'mgertzman@paulweiss.com'; 'Dearborn, Meredith (mdearborn@paulweiss.com)'; 'Linsenmayer, Robin (rlinsenmayer@paulweiss.com)'; ''Bunting, Kristina' (kbunting@paulweiss.com)'; 'mkellogg@kellogghansen.com'; 'rfigel@kellogghansen.com'; 'Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com> (boppenheimer@kellogghansen.com)'; 'Pfeffer, Eliana M. (epfeffer@kellogghansen.com)'; ''White, Collin R.' (cwhite@kellogghansen.com)'; Gressel, Anna; Ford, Christopher S.; Ceresney, Andrew J.; 'Solomon, Matthew'; 'Janghorbani, Alexander'; 'Bamberger, Nowell D.' |
| **Cc:** | Daniels, Jon; Moye, Robert M.; Hanauer, Benjamin J.; Stewart, Ladan F; Guerrier, Pascale; Sylvester, Mark |
| **Subject:** | RE: SEC v Ripple; August 5 Meet and Confer |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Erol:

1. We requested recordings in our first request for production, issued on January 25, 2021. We were not aware of the extensive breadth of recordings until last week—but you were. The contemporaneous recordings are the best evidence of what occurred at Ripple during the time in question, particularly given your witnesses' inability to recall important facts. Please confirm today that Ripple refuses to review *any* internal meeting recordings, so that we may supplement our motion to compel. Moreover, as you know, the SEC has agreed to requests made by you that the SEC search additional repositories as a result of information you found in discovery.
2. Our request was for all documents relating to the policies. Page 71 of RPLI SEC 968833 shows that employees were required to submit trading plans pursuant to those policies, and we have not received those. We request that you produce those plans or confirm that you will refuse to do so.
3. As a compromise, we request that you inquire as to hard copy notes, and search and produce responsive ones, for the 14 Ripple deponents.
4. Our request is not that you produce all of the Confluence database. Our request is that you confirm that you have in fact searched it for responsive documents. Your response to our requests is suggests that Ripple limited its search to emails and Google Documents (plus some Slack and text messages), which would be insufficient under the Rules. Please confirm that the Confluence database was one of the repositories searched for documents responsive to our various RFPs and, if not, whether you will do so. It is not our responsibility to identify for you all potential repositories of data that may have documents responsive to our RFPs. The Rules place that burden squarely on you.
5. Your suggestion that you limit your search to current databases is not acceptable given that Llyr is not one of your document custodians. We request that you search Llyr's external emails with digital asset platforms only to ensure that all communications are covered (alternatively, we are willing to discuss another way of discovery what Llyr told which exchanges and when, about Ripple's view as to the regulatory status of XRP, but it seems like the emails are the fastest way to do this unless she did not communicate over email).

We'd like to discuss an additional request:

6. Please provide us with a list of Ripple custodians (from the list of 33) that used the Messaging Application Signal and the dates they did so (and, again, we reiterate our request for data retention policies). Documents you have recently produced suggest that some Ripple employees switched from Slack to the disappearing messages app, Signal, after we sent Ripple a data preservation letter in April of 2018.

Talk to you at 3.

Jorge