# Exhibit K

**From:** Waxman, Daphna A. [mailto:WaxmanD@SEC.GOV]
**Sent:** Friday, April 23, 2021 17:09
**To:** Zornberg, Lisa; Ceresney, Andrew J.; 'Solomon, Matthew'; 'mflumenbaum@paulweiss.com'; 'Bunting, Kristina'; 'Janghorbani, Alexander'; 'Figel, Reid M.'; 'mgertzman@paulweiss.com'; Guo, Joy; 'slevander@cgsh.com'; 'Bamberger, Nowell D.'; 'Kellogg, Michael K.'
**Cc:** Daniels, Jon; Bliss, Dugan; Tenreiro, Jorge; Stewart, Ladan F
**Subject:** SEC v. Ripple Labs - Response to Apr. 19 Letter

Andrew:

We write in response to certain issues raised in your April 19 letter. As you know, we filed a letter with the Court on Wednesday to request relief relating to Judge Netburn's April 6 Order including issues raised in points 2 and 3 of your letter, so we will not address those points here.

With respect to point 4 of your letter, relating to Ripple's RFPs:

- **Ripple Second RFP Nos. 27 & 28**: The SEC will not produce internal policies concerning SEC staff's ownership and trading of digital assets. Contrary to the suggestion in your letter, we don't believe anything in Judge Netburn's order requires the production of such documents, and as we have told you in our meet and confers, we believe these documents are wholly irrelevant to this litigation and are not likely to lead to the discovery of admissible evidence.

- **Ripple Second RFP No. 29**: Your "understanding" of our April 1 email that "the SEC would log the DERA documents regardless of any agreement we may reach on the issue of privilege logs more broadly related to documents created or collected in the context of the investigation" is incorrect and contrary to the words of our April 1 email that "the DERA documents you request that we log are covered by the various privileges and protections that apply in our investigations and would be logged under whatever proposal we agree to." To reiterate, we do not agree that the DERA documents are somehow different than other documents in our investigative file. Once again, we suggest that the parties meet and confer on this issue.

- **Ripple Second RFP No. 33**: We ask that you clarify the relevance of documents relating to nodes purportedly run on behalf of the SEC in 2019. We were hoping to discuss this issue on Wednesday's meet and confer, but in light of your decision to cancel our scheduled meeting, please provide a response in writing.

With respect to point 8 in your letter, relating to the SEC's second set of RFPs:

- **SEC Second RFP No. 2**: Your letter appears to reference a prior formulation of this request. Please clarify whether Ripple continues to object to the modification proposed in our March 26th letter, which requested "[a]ll

1

Communications with digital asset trading platforms concerning any *potential* sale, offer, transfer, distribution, or exchange of XRP by Ripple *and its affiliates or agents*."

- **SEC Second RFP No. 7**: Per the request in your letter, below is a list of digital assets that are the subject of previous SEC enforcement actions. We request that you search for and produce all documents and communications concerning any comparison of XRP to each of these digital assets:

    1. Kin
    2. Gram
    3. PLX
    4. REcoin
    5. MUN
    6. BAR
    7. TOM or Tomahawkcoins
    8. AirTokens (on eth blockchain)
    9. PRG
    10. Centra or CTR (on eth blockchain)
    11. GLA
    12. Health Cash or HLTH
    13. VERI
    14. Bitqy and BitqyM
    15. Shopin
    16. BCOT
    17. OPP
    18. ENG
    19. B2G
    20. Meta 1 Coin
    21. DROP
    22. CAT or Consumer Activity Tokens
    23. Boon Coins
    24. FLiK
    25. UKG or UnikoinGold
    26. SCRL or XD
    27. SHIP
    28. TNT or Teirion Network Token
    29. WRL or Wireline
    30. B2G
    31. CSD

- **SEC Second RFP No. 20**: Per the request in your letter, we propose limiting the scope of this request as follows: "All Documents and Communications Concerning (1) the market impact of XRP sales originating from Ripple or Ripple's "XRP-O" program and (2) the "XRP inflation framework" referenced in RPLI_SEC 0187027."

- **SEC Second RFP No. 33**: We disagree with your position that discovery of ▮▮▮▮ documents should be limited to documents concerning XRP or Ripple projects related to XRP. We are entitled to discover the nature and scope of ▮▮▮▮ relationship with, and services provided to, Ripple, and do not agree to limit our discovery to XRP. These documents may lead to the discovery of admissible evidence and as such we are entitled to them. Nor is it relevant to your discovery obligations whether we may receive certain documents from ▮▮▮▮. Please confirm that you continue to refuse to produce these documents so that we can determine whether to raise the issue with the Court.

We also want to address your April 15 letter where you take the position that a purportedly privileged document was inadvertently produced. As outlined in our April 15 letter and noted in our meet and confer last week, we do not agree

2

that this document is privileged and reserve our right to challenge Ripple's privilege assertion. For the time being, however, we will substitute the document with a redacted version as requested in your letter.

Thank you, and we look forward to continuing our discussions at our next meet and confer.

Daphna