

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Lisa Zornberg
Partner
lzornberg@debevoise.com
Tel   +1 212 909 6945

September 7, 2021

**By ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

*Re: SEC* v. *Ripple Labs Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (together, the "Defendants") respectfully submit this reply letter in further support of their motion to compel the SEC's production of aggregated and anonymized information relating to trading preclearance decisions as to XRP, bitcoin, and ether.  The SEC's opposition letter filed on September 3, 2021 (ECF No. 335) ignores or misstates key issues relevant to the Court's consideration of the motion, necessitating a brief response.

*First*, the SEC's claim that the motion constitutes an intrusion of privacy for SEC employees ignores that Defendants do not seek any particularized information relating to SEC employees.  Defendants seek production only of aggregate, completely anonymized information of a narrow scope and for a limited period of time.  There is no Privacy Act obstacle to the Court ordering production of this information.

*Second*, the SEC's opposition letter makes no attempt to substantiate their passing claim of "burden of production."  (*Id.* at 5.)  There is no basis to believe that the information sought — records of preclearances that should be kept in the normal course and presumably are not extensive — is burdensome.  Indeed, our understanding is that these records for XRP span only a little more than a year.  During a meet-and-confer, SEC counsel orally indicated that SEC employees could not trade XRP after the formal order of investigation was issued as to Ripple on March 9, 2019.  That counsel was able to make this oral representation strongly suggests that the SEC has already done the work on this issue, thereby undermining its burden objection.  Yet the SEC refuses to confirm its oral statement in writing or in any usable evidentiary form, and it refuses to state how many SEC employees requested and/or received permission to trade XRP *after* January 2018 (when preclearance was first required) but *before* March 9, 2019.

*Third*, the SEC's familiar claim that the materials are "irrelevant" because only its public "external statements" can possibly bear on the merits of its claims mischaracterizes the Defendants' defenses and has already been considered and rejected by this Court on multiple occasions.  *See* ECF No. 112, Transcript of Proceedings dated April 6, 2021 at 52:25-53:13; ECF

Hon. Sarah Netburn                                                    September 7, 2021

No. 163, Order dated May 6, 2021 at 6; ECF No. 210, Opinion & Order dated May 30, 2021 at 7; ECF No. 249, Order dated June 15, 2021 at 2.  Evidence that the SEC permitted XRP purchases and sales by its own employees — without any restriction until January 2018 (as the SEC concedes), and likely through preclearances from January 2018 through at least March 2019 (which the SEC refuses to confirm) — directly undermines the SEC's claims that *since 2013* (1) Individual Defendants acted recklessly with respect to Ripple's XRP sales because it was so obvious that XRP was a security such that they must have been aware of it, (2) Ripple had fair notice that selling XRP was a Section 5 violation, and (3) XRP was an investment contract under *Howey*.

Equally unavailing is the SEC's argument that since preclearance is an "ethics" office process it has no possible relevance.  Even accepting that the SEC's Office of Ethics Counsel (OEC) does not endorse or sanction particular assets when making preclearance determinations, the OEC is responsible for deciding whether to prohibit employee trades in securities and digital assets, which presumably must be based on some assessment of the advisability of SEC staff trading in these assets, and █████████████████████████████████████████ ██████████.[1]  There is an obvious tension between the SEC's broad theory in this case — that "every offer, sale and distribution of XRP" by Defendants since 2013 constituted an investment contract and that the Individual Defendants recklessly disregarded the law — and the fact (which we seek to confirm) that the SEC's own employees were permitted to trade in XRP as late as March 9, 2019, and possibly thereafter.

The SEC will be free to argue how much probative value a factfinder should accord to the trading preclearance evidence.  But under the "low bar for relevance" established by Federal Rule of Evidence 401 and already recognized by this Court as having been met in connection with the SEC's trading policies (ECF No. 253), Defendants are entitled to this information in discovery.  Accordingly, the Court should grant the relief sought by this motion and order the SEC to produce the information Defendants seek in aggregated and anonymized form.

---

[1]     A January 2014 OEC guidance document pertaining to bitcoin stated: ███████ ██████████████████████████████████████████████████████████████████ ██████████████████████ (*See* Ex. A, emphasis added.)  This "ethics" document shows that the SEC was uncertain about whether to regulate digital assets in 2014. Yet the SEC produced it only after the Court granted Defendants' motion to compel the production of trading policies.

Hon. Sarah Netburn                                          September 7, 2021

Respectfully submitted,

/s/ Lisa Zornberg                          /s/ Martin Flumenbaum
Lisa Zornberg                              Martin Flumenbaum
DEBEVOISE & PLIMPTON LLP                   PAUL, WEISS, RIFKIND, WHARTON
*Counsel for Defendant Ripple Labs Inc.*   & GARRISON LLP
                                           *Counsel for Defendant Christian A.*
                                           *Larsen*


/s/ Michael K. Kellogg                     /s/ Matthew C. Solomon
Michael K. Kellogg                         Matthew C. Solomon
KELLOGG, HANSEN, TODD, FIGEL,              CLEARY GOTTLIEB STEEN &
& FREDERICK PLLC                           HAMILTON LLP
*Counsel for Defendant Ripple Labs Inc.*   *Counsel for Defendant Bradley*
                                           *Garlinghouse*


cc:     All Counsel of Record (via ECF)

3