

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

September 7, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: SEC v. Ripple Labs Inc., et al., No. 20-cv-10832(AT) (SN) (S.D.N.Y.)**

Dear Judge Netburn:

Pursuant to Rule III.F of this Court's Individual Practices and Paragraph 15 of the Stipulation and Protective Order the Court entered in this case (the "Protective Order," ECF No. 53), Defendant Ripple Labs Inc. ("Ripple") respectfully submits this letter-motion to seal: (*i*) redacted portions of the SEC's August 30, 2021 letter-motion to compel certain recordings of internal Ripple meetings (the " Motion to Compel," ECF No. 319); (*ii*) the exhibits the SEC filed under seal in support thereof (ECF Nos. 319-1–319-4); (*iii*) the redacted portions of Ripple's September 7, 2021 letter in response to the Motion to Compel (the "Opposition Letter," ECF No. 339); and (*iv*) the exhibits filed under seal in support thereof (ECF Nos. 339-1 – 339-8).

The SEC informed Ripple on September 3, 2021 by email that it disagreed with Ripple's proposed redactions in the Motion to Compel and Ripple's request to keep the corresponding exhibits filed under seal. The SEC has not taken a position with respect to Ripple's redaction requests for its Opposition Letter and the attached exhibits filed under seal.

**SEC Motion to Compel and Exhibits**

Exhibits E-H (ECF Nos. 319-1–319-4) of the Motion to Compel are excerpts of non-public deposition testimony from this litigation that have been designated Confidential pursuant to the Protective Order. These documents do not meet the standard to remain accessible to the public articulated under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006), because they are not "judicial documents," or documents "relevant to the performance of the judicial function and useful in the judicial process." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14 Civ. 09764, 2018 WL 739580, at *18 (S.D.N.Y. Jan. 10, 2018) (internal quotation marks omitted) (Netburn, J.). As explained below, these documents are not material to the resolution of the SEC's latest motion to compel. Instead, these exhibits are "discovery materials filed with the court in connection with discovery-related disputes," and therefore not judicial documents and not entitled to a presumption of public access. *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *see also Winfield v. City of New York*, No. 15 Civ. 05236 (LTS) (KHP), 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (noting there is "good reason" to exclude documents filed in connection with pre-trial discovery disputes from the definition of judicial documents, because "[m]any documents exchanged in discovery, even if relevant, may never be admitted in trial or in connection with a dispositive motion").

Hon. Sarah Netburn                                2                                September 7, 2021

Even if the Court were to hold that these exhibits were judicial documents, any weight assigned to the presumption of access should be minimal given that the Motion to Compel does not rely on them to any significant degree. The SEC only cites this testimony for issues that are not in dispute—that certain internal meetings at Ripple occurred or that certain meetings were recorded. Ripple does not dispute either proposition, and in fact has already agreed to search for and review the recordings the SEC has requested, rendering the Motion to Compel effectively moot.

In any event, Ripple's strong interest in maintaining the confidentiality of these non-public documents outweighs any potential presumption of public access. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378 (PKC), 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) ("Established factors and values that can outweigh the presumption of public access include legal privilege, business secrecy, and privacy interests.") (internal citations omitted). The cited deposition testimony concerns non-public, competitively sensitive discussions about Ripple's business and regulatory strategies during internal meetings, which should remain sealed. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting defendant's motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). For example, Antoinette O'Gorman's cited testimony addresses nonpublic and competitively sensitive information concerning internal meetings and communications involving Ripple's legal department. In addition, three of the four witnesses are third parties (former employees) who are entitled to a greater level of protection from unnecessary disclosure of their confidential testimony.

Therefore, except for the cover pages of these transcript excerpts, Ripple respectfully requests that these exhibits remain under seal and that substantive references to these exhibits in the Motion to Compel remain redacted, as reflected in the version of the Motion to Compel that was filed publicly.

**Ripple's Opposition Letter and Exhibits**

In addition, the exhibits filed under seal in support of Ripple's Opposition Letter are not judicial documents, nor are they entitled to a presumption of public access. Similarly, there is no benefit to the public in unsealing these documents at this stage of the proceedings and no prejudice to the SEC or to the public in these documents remaining sealed.

- Exhibits E, F (ECF Nos. 339-4, 339-5) are internal emails summarizing developments relating to Ripple's products and business units, which have been designated Confidential. Ripple cites these emails for the proposition that the company produced numerous documents to the SEC referencing recorded meetings. The substance of these emails reflect a private company's proprietary, internal business development and marketing strategies, analyses, impressions, and concerns on a range of sensitive topics that have never been made public. Since the parties do not dispute that certain Ripple meetings were recorded, and as there are no pending disputes concerning the SEC's recording requests for the Court to adjudicate, neither email is dispositive to the resolution of the Motion to Compel, and therefore Ripple respectfully requests that they remain sealed.

- Exhibits C, D (ECF Nos. 339-2, 339-3) are excerpts of non-public deposition testimony from this litigation that have been designated Confidential pursuant to the Protective Order. Ripple only cites this testimony to establish that the SEC was on notice about the existence

Hon. Sarah Netburn 3 September 7, 2021

of meeting recordings well in advance of its August 5, 2021 request. These documents are not dipositive to the resolution of the Motion to Compel and Ripple therefore requests that they remain sealed.

- Exhibits A, J, K, L (ECF Nos. 339-1, 339-6, 339-7, 339-8) each reflect discovery requests and communications between Ripple and the SEC related to discovery disputes concerning Ripple's communications with a third-party public relations firm, which is a non-party to this litigation. Ripple respectfully requests that all references to the third-party public relations firm in these exhibits, as well as any references in the Opposition Letter, are redacted to protect the firm's privacy interests. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (finding that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir. 1990))). Certain of these documents also reference other third parties and Ripple requests that these references also remain redacted, as reflected in the versions of the exhibits that were filed publicly (ECF No. 340).

Ripple further requests that the portions of the Opposition Letter in which references to the third-party public relations firm have been redacted remain redacted, as reflected in the version of the Opposition Letter that was filed publicly (ECF No. 340).

Should this Court determine that there is no basis for sealing any of these documents in their entirety, Ripple respectfully asks for an opportunity to propose specific redactions be made to the documents.

Respectfully submitted,

Andrew J. Ceresney
(ajceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Erol Gulay
Christopher S. Ford
Anna Gressel
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000
*Attorneys for Defendant Ripple Labs Inc.*

cc: All parties (via ECF).