# EXHIBIT A

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

August 20, 2021

*Via Electronic Mail*

Jorge G. Tenreiro
Daphna Waxman
U.S. Securities and Exchange Commission
Division of Enforcement
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281

      Re:    *SEC v. Ripple Labs, Inc., et al.*, 20-cv-10832 (S.D.N.Y.) (AT) (SN)

Dear Counsel:

      We write on behalf of Defendants Ripple Labs, Inc. and Christian Larsen regarding the SEC's objections and responses to Ripple's First and Second Sets of Interrogatories, and Mr. Larsen's First Set of Interrogatories. Several of the SEC's responses are incomplete and inadequate. We therefore request that you supplement your responses to the interrogatories outlined below no later than August 27, 2021. We are available to meet and confer on this issue at your convenience.

**I.**      **Ripple's First and Second Sets of Interrogatories**

      **A.**      **Evasive and Incomplete Responses**

      Under Rule 33, each interrogatory, whether seeking facts or contentions, must be answered "separately and fully." Fed. R. Civ. P. 33(a)(3). For an answer to be adequate, "it must be a complete response to the interrogatory, specific as possible and not evasive." *Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010). Several of the SEC's responses to Ripple's interrogatories are evasive or incomplete and, therefore, "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).[1]

---

[1] We also note that in General Objection No. 3, the SEC purported to "limit[]" its responses to "information in the possession . . . of the Division of Enforcement." That limitation is improper. *See, e.g., SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 418 (S.D.N.Y. 2009)

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jorge G. Tenreiro, et al.
August 20, 2021
Page 2

**Interrogatory No. 2.** "For each contract You listed in response to Interrogatory No. 1, Identify all terms of the contract that You contend created an 'expectation of profits' (as that term is used in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946)) by the purchaser of XRP, stating with particularity the factual basis, and citing any Documents or Communications relied upon, for that contention."

The SEC's response to this interrogatory points only to "public statements by Ripple and its affiliates, agents, and executives, Ripple and the Individual Defendants." It does not identify *any* "terms" of Ripple's contracts – such as those with market makers, over-the-counter purchasers, or institutional purchasers – that the SEC contends created an expectation of profits with the meaning of *Howey*. While you object to the word "term" to the extent the term "suggests that the investment contracts alleged in the Complaint necessarily contain explicit or written provisions, or 'terms' in the contract law sense," your dispute as to the legal relevancy of the information sought by the interrogatory is not a sufficient basis to provide an incomplete response. *See Shim-Larkin v. City of New York*, 2018 WL 3187327, at *12 (S.D.N.Y. June 28, 2018) (an interrogatory may relate to any matter that may be inquired into under Rule 26(b)(1)). We ask that you supplement your response to identify the specific provisions in Ripple's contracts that you contend explicitly or implicitly created an expectation of profits, or to state that you do not contend any such terms exist. *E.g.*, *Harris v. Bronx Parent Hous. Network, Inc.*, 2020 WL 763740, at *3 (S.D.N.Y. Feb. 14, 2020) ("If Defendant cannot identify any documents concerning the interactive process between Defendant and Plaintiff, Defendant must state so.").

**Interrogatory No. 6.** "State whether You contend that Bitcoin and/or Ether are securities within the meaning of Section 2 of the 1933 Securities Exchange Act, and Identify with particularity the evidence (including any Documents) on which You rely for that contention."

The SEC has refused to respond to this interrogatory beyond its objections, asserting that "[t]he legal status of . . . Bitcoin and Ether are not relevant to this case." That is a highly disputed contention, but in any event does not provide a basis for the SEC to refuse to respond to the interrogatory. More importantly, the Court has already held that discovery about the SEC's views of Bitcoin and Ether is relevant. *See*, *e.g.*, Tr. of Apr. 6, 2021 Hrg. at 51:11-19 ("I think that the discovery related to Bitcoin and Ether is relevant. I think it is relevant to the Court's

---

(rejecting the SEC's unilateral limitation of "its search to 'centralized compilations' in three selected divisions," and noting that the SEC is "not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action"); *see also Dietrich v. Bauer*, 2000 WL 1171132, at *3 (S.D.N.Y. Aug. 16, 2000) ("'Control' has been construed broadly by the courts as the legal right, authority, or practical ability to obtain [information or] materials sought upon demand."). To the extent the SEC has any responsive information outside of the Division of Enforcement, it should supplement its responses accordingly.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Jorge G. Tenreiro, et al.
August 20, 2021
Page 3

eventual analysis with respect to the *Howey* factors, but I also think it is relevant as to the objective review of defendants' understanding in thinking about the aiding and abetting charge or aiding and abetting count.  I also think it is relevant to the fair notice defense that Ripple is raising.  So, for all of those reasons, I think discovery into Bitcoin and Ether is appropriate and I am going to authorize it.").  The SEC's arguments regarding relevance on this point cannot excuse its failure to respond substantively to the interrogatory.

**Interrogatory No. 11**.  "State whether You contend that efforts by Ripple were necessary to affect any increase in the price of XRP.  If that is Your contention, Identify with particularity the factual basis (including any Documents relied on) for that contention."

The SEC's response to this interrogatory states that "Ripple has engaged in efforts that led XRP purchasers to reasonably expect profit based on Ripple's efforts."  This response is evasive, and does not answer the interrogatory, which asks whether the SEC contends that Ripple's efforts *were necessary* to affect any increase in the price of XRP.  Regardless of your view that "[t]here is no requirement that a defendant's efforts be 'necessary to affect any increase in the price,'" Ripple is entitled to a response to the interrogatory it served.  We therefore ask that you amend your response to state clearly whether the SEC contends that Ripple's efforts were necessary to affect any increase in the price of XRP and, if so, to identify the basis for that contention.

**Interrogatory No. 17**.  "Identify the enterprise(s) or venture(s), if any, in which You contend XRP holders acquired a stake in by virtue of their purchase of XRP from Defendants, and all evidence on which You intend to rely to support that contention."

The SEC's response to this interrogatory states that the SEC "alleges that XRP holders were invested in Ripple's efforts to create a use for and demand for XRP.  XRP holders hoped to profit from a potential increase in the value of XRP based on Ripple's efforts to create a use for XRP and develop the XRP 'ecosystem,' potentially increasing demand for the token."  However, this interrogatory asks you to identify the particular enterprise(s) or venture(s) in which you contend XRP holders acquired a stake.  Your response does not do so, and it remains unclear what common enterprise (if any) the SEC contends XRP holders invested in by virtue of their purchase of XRP.  This information is critical for Defendants' preparation of a defense.  *See*, *e.g.*, *Trueman*, 2010 WL 681341, at *2 ("There are many purposes for interrogatories but the general aims are to expeditiously narrow the scope of litigation, reduce the element of surprise.").  Please supplement your response to specify the common enterprise in which you contend XRP holders made an investment of money.

**Interrogatory No. 19**.  "Identify with particularity any evidence (including any Documents relied upon) that You contend demonstrates that any XRP holder has or had any right, as a result of his or her purchase of XRP in the unregistered distribution of securities alleged in the Complaint, to receive any future payment directly from Ripple, in any form, at any

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jorge G. Tenreiro, et al.
August 20, 2021
Page 4

time, or for any purpose (including but not limited to any fiat currency, XRP, or any other Digital Asset or commodity, or any other form of consideration)."

The SEC responds that, "[w]hether the purchaser had a right to receive payments from Ripple is irrelevant. The relevant inquiry is whether a purchaser invested money in a common enterprise with a reasonable expectation of profit based upon the efforts of others." Again, reliance on a disputed legal proposition does not excuse your obligation to provide a response. We ask that you provide a complete and non-evasive response to the interrogatory – one that specifically answers the interrogatory and identifies the evidence on which the SEC will rely to support a claim that an XRP holder has or had any right, as a result of his or her purchase of XRP, to receive any future payment directly from Ripple, or that you amend your response to state that no such evidence exists. *See*, *e.g.*, SEC Response to RFA No. 57 ("the Commission admits that purchasing XRP on the open market typically does not convey any right, based solely on their status as a holder of XRP, to receive payment directly from Ripple in any form.").

**B.     Inappropriate References to Other Interrogatory Answers**

The SEC's responses to Interrogatory Nos. 3, 7, 18, 22, 23, and 24 merely incorporate by reference the SEC's responses to other interrogatories. However, an answer to an interrogatory must be "completed within itself, and it should be in a form that may be used at trial." *Harris*, 2020 WL 763740, at *2; *see also Int'l Mining Co., Inc. v. Allen & Co., Inc.*, 567 F. Supp. 777, 787 (S.D.N.Y. 1983). For this reason, answers to interrogatories that merely reference other answers to the interrogatories are improper and unresponsive. *E.g.*, *Bernstein v. Mafcote, Inc.*, 2014 WL 3579418, at *3 (D. Conn. July 21, 2014) (ordering party to "state with specificity the portions of his response to interrogatory 5 that are responsive to interrogatory 11").

Please supplement your answers to Interrogatory Nos. 3, 7, 18, 22, 23, and 24 to specify the particular information that is responsive to each interrogatory.

**II.     Larsen's First Set of Interrogatories**

The SECs responses to Mr. Larsen's First Set of Interrogatories suffer similar flaws.

*First*, your response to Interrogatory No. 4 merely "incorporates by reference [the] responses and objections to Ripple's Interrogatories Nos. 2, 8, and 10-11." This is improper for the reasons above, and it is unclear which portions of your responses to these other interrogatories – which seek different information – are responsive to Interrogatory No. 4. Please amend your response to specify this information.

*Second*, Interrogatory No. 5 asks whether "You contend that the XRP Ledger was not fully functional before the start of the ongoing securities offering alleged in the Complaint." The SEC's response fails to answer the interrogatory, and instead states only that "Ripple engaged a

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jorge G. Tenreiro, et al.
August 20, 2021
Page 5

team of people working on improving the XRP Ledger throughout the period at issue in this case," and that certain (unspecified) documents "show examples of Ripple continuing to make efforts to develop, improve, and modify the functioning of the XRP Ledger." Again, your view that "whether and when the XRP Ledger became 'fully functional' is irrelevant under *Howey*" does not permit you to provide an evasive and incomplete response to the interrogatory. Please supplement your response to state whether the SEC's contention is that the XRP Ledger was not fully functional before the start of the alleged offering and, if so, the basis for that contention.

\* \* \*

We appreciate your attention to these deficiencies and are available to meet and confer regarding these issues at your convenience.

*/s/ Reid M. Figel*

Reid M. Figel
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900

*Counsel for Defendant Ripple Labs Inc.*

cc: Martin Flumenbaum, Counsel for Defendant Christian A. Larsen
Matthew Solomon, Counsel for Defendant Bradley Garlinghouse