# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :

    :

                       **Plaintiff,**    :        20 Civ. 10832 (AT) (SN)

    :

        - against -         :        ECF Case

    :

RIPPLE LABS, INC.,    :
BRADLEY GARLINGHOUSE, and    :
CHRISTIAN A. LARSEN    :

    :

                  **Defendants,**    :

    :

------------------------------------------------------------------------x

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to Rules 26

and 36 of the Federal Rules of Civil Procedure, answers and objects to the Defendants' First Set of

Requests for Admission as follows:

## GENERAL OBJECTIONS

The Commission's answers and objections to these Requests for Admission are made to the

best of its present knowledge, information, or belief.  These responses and objections are made

without prejudice to the Commission's right to correct, revise or supplement its answers and

objections as appropriate, and in so doing the Commission may rely upon documents, testimony,

admissions or any other evidence at trial or at any hearing or other proceeding.  Further, by

providing the answers and objections set forth below, the Commission does not intend to waive any

applicable privilege against disclosure.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The Commission objects to Defendants' Definitions to the extent that any of them differ

from the way those terms are used in the Securities Act of 1933, the Federal Rules of Civil

Procedure, or in the Commission's First Amended Complaint.

The Commission objects to Defendants' Instructions to the extent that any of them purport to impose greater obligations on the Commission than the Federal Rules of Civil Procedure.

## DEFENDANTS' REQUESTS

**Request for Admission No. 1.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "note" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a note under Section 2 of the Securities Act.

**Request for Admission No. 2.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "stock" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "stock" under Section 2 of the Securities Act.

**Request for Admission No. 3.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "treasury stock" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "treasury stock" under Section 2 of the Securities Act.

**Request for Admission No. 4.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "security future" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that XRP is a "security future" under Section 2 of the Securities Act.

**Request for Admission No. 5.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "security-based swap" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "security-based swap" under Section 2 of the Securities Act.

**Request for Admission No. 6.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "bond" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "bond" under Section 2 of the Securities Act.

**Request for Admission No. 7.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "debenture" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "debenture" under Section 2 of the Securities Act.

**Request for Admission No. 8.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, "evidence of indebtedness" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is "evidence of indebtedness" under Section 2 of the Securities Act.

**Request for Admission No. 9.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "certificate of interest or participation in any profit-sharing agreement" under Section 2 of the Securities Act.

**Request for Admission No. 10.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "collateral-trust certificate" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "collateral-trust certificate" under Section 2 of the Securities Act.

**Request for Admission No. 11.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "preorganization certificate or subscription" under Section 2 of the Securities Act.

**Request for Admission No. 12.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "transferable share" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "transferable share" under Section 2 of the Securities Act.

**Request for Admission No. 13.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "voting-trust certificate" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "voting-trust certificate" under Section 2 of the Securities Act.

**Request for Admission No. 14.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "certificate of deposit for a security" under Section 2 of the Securities Act.

**Request for Admission No. 15.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "fractional undivided interest in oil, gas, or other mineral rights" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not

asserting that a unit of XRP is a "fractional undivided interest in oil, gas, or other mineral rights" under Section 2 of the Securities Act.

**Request for Admission No. 16.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this case it is not asserting that a unit of XRP is a "put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities" under Section 2 of the Securities Act.

**Request for Admission No. 17.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "put, call, straddle, option, or privilege on any national securities exchange relating to foreign currency" under Section 2 of the Securities Act.

**Request for Admission No. 18.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, an "interest or instrument commonly known as a 'security'" as that term is used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission denies this request.  The Commission has alleged that XRP was offered and sold as an investment contract, which is an interest "commonly known as a 'security'" under Section 2 of the Securities Act.

**Request for Admission No. 19.**  Admit that the SEC is not asserting in this action that a unit of XRP is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase" any of the various terms described above in Requests No. 1 through 18, as those terms are used in Section 2 of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  Subject to all of the foregoing objections, the Commission admits that in this action it is not asserting that a unit of XRP is a "certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase" under Section 2 of the Securities Act.  The Commission also incorporates its answers to Requests No. 1 through 18.

**Request for Admission No. 20.**  Admit that bitcoin is not a security.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  The Commission also objects that this request is vague as to the period of time and the particular offers and sales of bitcoin which are referenced.  Further, the Commission objects that it would be inappropriate to comment, in this case, on the current legal status of another digital asset or investment contract.  Subject to all of the foregoing objections, the Commission admits that as an entity it has not made any public statements, or taken any action, as to the legal status of any person's offers or sales of bitcoin under the U.S. securities laws, although certain members of its staff may have done so.

**Request for Admission No. 21.**  Admit that bitcoin has never been a security.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  The Commission also objects that this request is vague as to the period of time and the

particular offers and sales of bitcoin which are referenced.  Further, the Commission objects that it would be inappropriate to comment, in this case, on the historical legal status of another digital asset or investment contract.  Subject to all of the foregoing objections, the Commission admits that as an entity it has not made any public statements, or taken any actions, as to the legal status of any person's offers or sales of bitcoin under the U.S. securities laws, although certain members of its staff may have done so.

**Request for Admission No. 22.**  Admit that ether is not a security.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  The Commission also objects that this request is vague as to the period of time and the particular offers and sales of ether which are referenced.  Further, the Commission objects that it would be inappropriate to comment, in this case, on the current legal status of another digital asset or investment contract.  Subject to all of the foregoing objections, the Commission admits that as an entity it has not made any public statements, or taken any actions, as to the legal status of any person's offers or sales of ether under the U.S. securities laws, although certain members of its staff may have done so.

**Request for Admission No. 23.**  Admit that ether has never been a security.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  The Commission also objects that this request is vague as to the period of time and the particular offers and sales of ether which are referenced.  Further, the Commission objects that it would be inappropriate to comment, in this case, on the historical legal status of another digital asset or investment contract.  Subject to all of the foregoing objections, the Commission admits that as an entity it has not made any public statements, or taken any actions, as to the legal status of any

person's offers or sales of ether under the U.S. securities laws, although certain members of its staff

may have done so.

**Request for Admission No. 24.**  Admit that there exist units of XRP that were never sold, distributed, or otherwise transferred by Defendants.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission can prevail in this case even if this requested fact is true.

Subject to all of the foregoing objections, and after reasonable inquiry, the information known or

readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this

request.

**Request for Admission No. 25.**  Admit that no specific unit of XRP has any unique identifier or other method of differentiation from any other specific unit of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission can prevail in this case even if this requested fact is true.

Subject to all of the foregoing objections, and based on the information currently known, the

Commission admits this request.

**Request for Admission No. 26.**  Admit that no specific unit of XRP can be identified as having been owned by any Person at any given time.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission can prevail in this case even if this requested fact is true.

Subject to all of the foregoing objections, and after reasonable inquiry, the information known or

readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this

request.

**Request for Admission No. 27.**  Admit that the XRP Ledger's consensus protocol requires a supermajority of trusted XRP Ledger Validators to validate a transaction before it can be added to the XRP Ledger.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term

"supermajority" is vague and this request is irrelevant because the Commission can prevail in this

case even if this requested fact is true.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that the XRP Ledger's consensus protocol requires 80% or more of trusted validators to validate a transaction before it can be added to the XRP Ledger, from the perspective of any particular node.

**Request for Admission No. 28.**  Admit that Ripple need not operate or exist for XRP to exist.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "operate" is vague, this request is improperly hypothetical and, to the extent it refers to future events, is irrelevant because the Commission can prevail in this case even if the requested fact is true.  The Commission also objects that this request assumes facts not in evidence and calls for speculation.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 29.**  Admit that the fair market value of a unit of XRP could increase even if Ripple ceases operations.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly hypothetical and, to the extent it refers to future events, irrelevant because the Commission need not prove anything about future events in order to prevail in this case.  The Commission also objects that this request assumes facts not in evidence and calls for speculation. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 30.**  Admit that the fair market value of a unit of XRP could decrease even if Ripple expends substantial good faith efforts on Ripple's business and endeavors.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly hypothetical and, to the extent it refers to future events, irrelevant because the

Commission need not prove anything about future events in order to prevail in this case.  The

Commission also objects that this request assumes facts not in evidence and calls for speculation.

Subject to all of the foregoing objections, and based on information currently known, the

Commission admits that the fair market value of a unit of XRP could decrease while Ripple pursued

its chosen course of business.

      **Request for Admission No. 31.**  Admit that the fair market value of a unit of XRP could

increase even if Ripple reduces efforts in business endeavors related to XRP.

      **Answer:**  In addition to the foregoing objections, the Commission objects that this request

is improperly hypothetical and, to the extent it refers to future events, irrelevant because the

Commission need not prove anything about future events in order to prevail in this case.  The

Commission also objects that this request assumes facts not in evidence and calls for speculation.

Subject to all of the foregoing objections, and based on information currently known, the

Commission admits that the fair market value of a unit of XRP could increase while Ripple reduces

its XRP-related business efforts.

      **Request for Admission No. 32.**  Admit that some XRP holders may experience realized or
unrealized losses on the fair market value of their XRP holdings even if Ripple's financial
performance, as determined based on the application of U.S. GAAP, results in positive net income.

      **Answer:**  In addition to the foregoing objections, the Commission objects that this request

is compound, improperly hypothetical, and, to the extent it refers to future events, irrelevant because

the Commission need not prove this requested fact or anything about the future in order to prevail

in this case.  The Commission also objects that this request assumes facts not in evidence and calls

for speculation.  Subject to all of the foregoing objections, and based on information currently

known, the Commission admits that some XRP holders may experience losses on the fair market

value of their XRP holdings during periods when Ripple has claimed positive income.

      **Request for Admission No. 33.**  Admit that some XRP holders may experience realized or
unrealized losses on the fair market value of their XRP holdings even if the fair market value of the

equity on Ripple's balance sheet, as determined based on the application of U.S. GAAP, increases.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly hypothetical and irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  The Commission also objects that this request assumes facts not in evidence and calls for speculation.  Subject to all of the foregoing objections, and based on information currently known, the Commission admits that some XRP holders may experience losses on the fair market value of their XRP holdings during periods when the fair market value of Ripple's equity has increased.

**Request for Admission No. 34.**  Admit that some XRP holders may experience realized or unrealized gains on the value of their XRP holdings even if Ripple's financial performance, as determined based on the application of U.S. GAAP, results in negative net income.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly hypothetical and irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  The Commission also objects that this request assumes facts not in evidence and calls for speculation.  Subject to all of the foregoing objections, and based on information currently known, the Commission admits that some XRP holders may experience gains on the value of their XRP holdings during periods when Ripple experienced negative income.

**Request for Admission No. 35.**  Admit that some XRP holders may experience realized or unrealized gains on the fair market value of their XRP holdings even if the fair market value of Ripple's common stock decreases.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly hypothetical and irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  The Commission also objects that this request assumes facts not in evidence and calls for speculation because Ripple's common stock is not traded.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily available is not sufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 36.**  Admit that some XRP holders may experience increases in the fair market value of their holdings irrespective of Ripple's activities.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly hypothetical and irrelevant because the Commission need not prove this requested fact in order to prevail in this case.  The Commission also objects that this request assumes facts not in evidence and calls for speculation.  Subject to the foregoing objections, and after reasonable inquiry, the information known or readily available is not sufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 37.**  Admit that the price of bitcoin affects the price of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true.  The Commission also objects that this request is vague as to when the requested facts may have occurred in the past and calls for speculation to the extent that this request refers to future events.  Subject to all of the foregoing objections, the Commission admits that, at various times in the past, the price of digital assets, as an asset class, appears to have affected the price of XRP.  However, the Commission denies that the price of bitcoin always affects the price of XRP.

**Request for Admission No. 38.**  Admit that news about bitcoin affects the price of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "news" is vague and that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true.  The Commission also objects that this request is vague as to when the requested facts may have occurred in the past and calls for speculation to the extent that this request refers to future events.  Subject to all of the foregoing objections, the Commission admits that, at various times in the past, news about other digital assets may have affected the price of XRP. However, the Commission denies that news about bitcoin always affects the price of XRP, and

denies having sufficient information at this time to admit or deny the nature, direction, or amount of any such effect.

**Request for Admission No. 39.**  Admit that the price of ether affects the price of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "news" is vague and this request is irrelevant because the Commission can prevail in this case even if this requested fact is true.  The Commission also objects that this request is vague as to when the requested facts may have occurred in the past and calls for speculation to the extent that this request refers to future events.  Subject to all of the foregoing objections, the Commission admits that, at various times in the past, the price of digital assets, as an asset class, appears to have affected the price of XRP.  However, the Commission denies that the price of ether always affects the price of XRP.

**Request for Admission No. 40.**  Admit that news about ether affects the price of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "news" is vague and this request is irrelevant because the Commission can prevail in this case even if this requested fact is true.  The Commission also objects that this request is vague as to when the requested facts may have occurred in the past and calls for speculation to the extent that this request refers to future events.  Subject to all of the foregoing objections, the Commission admits that, at various times in the past, news about other digital assets appears to have affected the price of XRP. However, the Commission denies that news about ether always affects the price of XRP.

**Request for Admission No. 41.**  Admit that news about the blockchain industry affects the price of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "news" is vague and this request is irrelevant because the Commission can prevail in this case even if this requested fact is true.  The Commission also objects that this request is vague as to the term "blockchain industry," and as to when the requested facts may have occurred in the past.  Further,

14

this request calls for speculation to the extent that it refers to future events. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily available to the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 42.** Admit that a loss in trust in fiat currency affects the price of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. The Commission also objects that this request is vague as to the term "loss in trust in fiat currency," and as to when the requested facts may have occurred in the past. Further, this request calls for speculation to the extent that it refers to future events. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 43.** Admit that at no time did any of the Defendants have, directly or indirectly, the ability to dispose, or direct the acquisition or disposition of, units of XRP owned by other Persons.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 44.** Admit that none of the units of XRP that were sold by Arthur Britto were investment contracts with Ripple.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 45.** Admit that none of the sales of XRP made by Arthur Britto were sold as an investment contract with Ripple.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 46.** Admit that none of the units of XRP sold by Arthur Britto were securities within the meaning of Section 2 of the Securities Act of 1933.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request for Admission No. 47.**  Admit that none of the units of XRP that were sold by David Schwartz were investment contracts with Ripple.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 48.**  Admit that none of the sales of XRP made by David Schwartz were sold as an investment contract with Ripple.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 49.**  Admit that none of the units of XRP sold by David Schwartz were securities within the meaning of Section 2 of the Securities Act of 1933.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 50.**  Admit that holders of XRP that acquired XRP through any Market Makers, or on the open market, were free to determine, in their unilateral discretion and without the knowledge, consent, approval, or authorization of the Defendants, whether and when to buy, continue to hold, or to sell any unit of XRP at any time.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and assumes facts not in evidence.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that certain purchasers enjoyed unrestricted discretion to buy, sell, or hold their XRP.  However, the Commission denies that all purchasers of XRP were so situated.

**Request For Admission No. 51.**  Admit that a holder of XRP has the ability to sell, assign, hypothecate, or transfer his or her holdings of XRP without recording such transactions on the XRP Ledger.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and assumes facts not in evidence.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that some holders have the ability to sell, assign, hypothecate or transfer their XRP without recording those transactions on the XRP Ledger.  However, after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny that all holders of XRP have this ability.

**Request for Admission No. 52.**  Admit that any unit of XRP held by any person other than Ripple may be sold, assigned, hypothecated, or transferred without the prior knowledge, consent, or approval of Ripple.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and assumes facts not in evidence.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that certain holders of XRP, other than Ripple, may sell, assign, or transfer their XRP without the involvement of Ripple.  However, after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny that all holders of XRP have this ability.

**Request for Admission No. 53.**  Admit that any unit of XRP held by any person other than Christian Larsen may be sold, assigned, hypothecated, or transferred without the prior knowledge, consent, or approval of Christian Larsen.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and assumes facts not in evidence.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that certain holders of XRP, other than Christian Larsen, may sell, assign, or transfer their XRP without the involvement of Larsen.  However, after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny that all holders of XRP have this ability.

**Request for Admission No. 54.**  Admit that any unit of XRP held by any person other than Bradley Garlinghouse may be sold, assigned, hypothecated, or transferred without the prior knowledge, consent, or approval of Bradley Garlinghouse.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and assumes facts not in evidence.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that certain holders of XRP, other than Bradley Garlinghouse, may sell, assign, or transfer their XRP without the

involvement of Garlinghouse.  However, after reasonable inquiry, the information known or readily

obtainable by the Commission is insufficient to enable the Commission to admit or deny that all

holders of XRP have this ability.

**Request for Admission No. 55.**  Admit that that you do not allege in the Complaint that
XRP distributed under the Bounty Program (as defined in the Complaint) constituted an
unregistered sale of securities.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the facts supporting such a claim are outside the applicable statute of

limitations; the Bounty program may constitute an underwriting or distribution of securities; and the

Commission need not prove a violation regarding the Bounty Program in order to prevail in this

case.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 56.**  Admit that recipients of units of XRP that were
distributed under the Bounty Program (as defined in the Complaint) did not pay money or property
to Ripple in exchange for that XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the facts supporting such a claim are outside the applicable statute of

limitations; the Bounty program may constitute an underwriting or distribution of securities; and the

Commission need not prove a violation regarding the Bounty Program in order to prevail in this

case.  Subject to all of the foregoing objections, and based on the information currently known, the

Commission admits that the recipients of XRP in the Bounty Program did not pay money or

property to Ripple.  However, the recipients of XRP in the Bounty Program provided services to

Ripple, and Ripple provided them XRP with the expectation that they would assist in the creation of

a secondary market by reselling.

**Request for Admission No. 57.**  Admit that no holder of XRP has any right, based solely
on their status as a holder of XRP, to receive payment directly from Ripple in any form, including
but not limited to fiat currency, XRP, or any other digital asset or commodity at any time or for any
purpose.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that purchasing XRP on the open market typically does not convey any right, based solely on their status as a holder of XRP, to receive payment directly from Ripple in any form.

**Request for Admission No. 58.**  Admit that Ripple is not obligated to pay to any XRP holder, based solely on his or her status as a holder of XRP, fiat currency, XRP, or any other digital asset or commodity at any time or for any purpose.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that Ripple is not obligated to pay fiat currency, XRP, or any other digital asset or commodity to any XRP holder, based solely on his or her status as a holder of XRP.

**Request for Admission No. 59.**  Admit that no holder of XRP is entitled to receive any return of principal, dividend, interest, rent, royalties, license payments, lease payments, or any other payment or consideration from Ripple, based solely on their status as a holder of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that holders of XRP are not entitled to receive any return of principal, dividend, interest, rent, royalties, license payments, lease payments, or any other payment or consideration from Ripple, based solely on their status as a holder of XRP.

**Request for Admission No. 60.**  Admit that Ripple is not obligated to share any return of principal, dividend, rent, royalties, license payments, lease payments, or any other payment or consideration to any holder of XRP, based solely on his or her status as a holder of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections,

and based on the information currently known, the Commission admits that Ripple is not obligated to share any return of principal, dividend, rent, royalties, license payments, lease payments, or any other payment or consideration to any holder of XRP, based solely on his or her status as a holder of XRP.

**Request for Admission No. 61.**  With respect to any holder of XRP that purchased XRP directly or indirectly in a transaction in which any Defendant was the seller, admit that following the settlement of the purchase of XRP, no such holder of XRP had any right to participate, directly or indirectly, in managing the affairs, or conducting the operations, of Ripple.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, the Commission admits that buying a unit of XRP in the open market does not typically entitle a buyer to dividends, rents, return of capital, or the right to participate in managing the affairs of Ripple or to inspect its books and records.  However, the Commission denies that this request is true for all XRP holders.  The Commission notes that certain holders of XRP, who purchased XRP directly or indirectly from Ripple, are officers of Ripple and participate in managing its affairs and conducting its operations.

**Request for Admission No. 62.**  Admit that no holder of XRP has any right, based solely on his or her status as a holder of XRP, to receive or participate, directly or indirectly, in Ripple's revenues, net income, assets, or operating performance.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that XRP holders do not receive or directly participate in Ripple's revenues, income, assets or performance.  The Commission denies the remainder of this request.  XRP holders have commonality with Ripple, and indirectly participate in Ripple's operating performance, to the extent that Ripple's performance and efforts create or support a ready market allowing XRP holders to sell their XRP.

**Request for Admission No. 63.**  Admit that Ripple has no obligation to permit any holder of XRP, based solely on their status as a holder of XRP, to receive or participate, directly or indirectly, in Ripple's revenues, net income, assets, or operating performance.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that Ripple has no obligation to permit any holder of XRP, based solely on their status as a holder of XRP, to receive or participate, directly or indirectly, in Ripple's revenues, net income, assets, or operating performance.

**Request for Admission No. 64.**  Admit that no holder of XRP has any right, based solely on his or her status as a holder of XRP, to cause Ripple to repurchase, redeem, or exchange their XRP for any reason or for any purpose.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that no holder of XRP has any right, based solely on his or her status as a holder of XRP, to cause Ripple to repurchase, redeem, or exchange their XRP for any reason or for any purpose.

**Request for Admission No. 65.**  Admit that Ripple has no obligation to repurchase, redeem, or exchange an XRP holder's XRP, based solely on his or her status as a holder of XRP, for any reason or for any purpose.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 66.**  Admit that Ripple does not owe any fiduciary or other duties to any holder of XRP based solely on their status as a holder of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound, is vague as to the term "other duties," and calls for a legal conclusion.

Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that Ripple does not owe fiduciary duties to holders of XRP. The Commission denies the remainder of this request.

**Request for Admission No. 67.** Admit that Ripple owes fiduciary and other duties to the holders of common stock of Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is improperly compound, is vague as to the term "other duties," and calls for a legal conclusion. Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 68.** Admit that no purchaser of XRP, based solely on his or her status as a holder of XRP, becomes a creditor of Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects that this request calls for a legal conclusion. Subject to all of the foregoing objections, and based on the information currently known, the Commission denies this request. There is a class of XRP holders who claim that Ripple is liable to them and, if they prevail, Ripple will be a judgment creditor with respect to those purchasers.

**Request for Admission No. 69.** Admit that, in the event of an insolvency, bankruptcy, termination, liquidation, dissolution, or winding up of Ripple, no holder of XRP has any right, statutory or otherwise, to receive a distribution of Ripple's assets net of liabilities, based solely on their status as a holder of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion. Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 70.** Admit that, in the event of an insolvency, bankruptcy, termination, liquidation, dissolution, or winding up of Ripple, Ripple has no obligation to distribute its assets net of liabilities to any holder of XRP based solely on their status as a holder of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 71.**  Admit that no holder of XRP has any right, based solely on their status as a holder of XRP, to compel Ripple, or to vote or otherwise participate in any effort to require Ripple, to perform or refrain from performing any action with respect to managing the affairs, or conducting the operations, of Ripple.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 72.**  Admit that no holder of XRP, based solely on their status as a holder of XRP, acquired or obtained any right or power to direct, influence, or control the manner in which Ripple utilized the proceeds of Ripple's sales of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 73.**  Admit that no holder of XRP, based solely on their status as a holder of XRP, has any expectation that they would receive a profit on their holdings of XRP in the form of any direct or indirect payment from Ripple.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission denies this request.

**Request for Admission No. 74.**  Admit that Ripple is not obligated to distribute any profits in the form of any direct or indirect payments to any holder of XRP, based solely on their status as a holder of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission denies this request.

**Request for Admission No. 75.**  Admit that no holder of XRP has any right, based solely on their status as a holder of XRP, to elect Ripple's directors.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 76.**  Admit that no holder of XRP has any right, based solely on their status as a holder of XRP, to amend Ripple's bylaws.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 77.**  Admit that no holder of XRP has any right, based solely on their status as a holder of XRP, to inspect Ripple's books and records.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 78.**  Admit that no holder of XRP has any right, based solely on their status as a holder of XRP, to propose initiatives for a shareholder vote that Ripple must include on its proxy under the conditions specified in 17 C.F.R. § 240.14a-8.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 79.**  Admit that no person who purchased, directly or indirectly, any XRP that was offered or sold by Defendants as part of the alleged unlawful distribution of unregistered securities described in the Complaint, could, at the time of their purchase expect to receive profits from Ripple in the future as a result of their holdings of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections,

and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 80.**  Admit that no person who purchased XRP in a transaction on an Exchange that was purportedly part of the alleged distribution of unregistered securities described in the Complaint knew that their counterparty in the XRP transaction was Ripple.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request calls for a legal conclusion.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 81.**  Admit that no purchaser of XRP that was offered or sold by Defendants as part of the alleged unlawful distribution of unregistered securities described in the Complaint had any expectation that Ripple would return any or all of the proceeds of that transaction back to that purchaser.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is improperly compound and calls for a legal conclusion.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 82.**  Admit that Ripple had no duty or obligation to any XRP holder, based solely on their status as an XRP holder, to make any effort, or take any action, to increase the value of any unit of XRP that it sold as part of the alleged unlawful distribution of unregistered securities described in the Complaint.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true, and this request calls for a legal conclusion.  Subject to all of the foregoing objections, the Commission denies this request.  Stating further, XRP purchasers had a reasonable expectation of profits and, as a matter of economic reality, Ripple had incentives to make such efforts.

**Request for Admission No. 83.**  Admit that Ripple had no duty or obligation to promote the value of any unit of XRP that it sold as part of the alleged unlawful distribution of unregistered securities described in the Complaint.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true, and this request calls for a legal conclusion.  Subject to all of the foregoing objections, the Commission denies this request.  Stating further, XRP purchasers had a reasonable expectation of profits and, as a matter of economic reality, Ripple had incentives to make such efforts.

**Request for Admission No. 84.**  Admit that Ripple has no duty or obligation to make any effort, or take any action, in order to increase the fair market value of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true, and this request calls for a legal conclusion.  Subject to all of the foregoing objections, the Commission denies this request.  Stating further, XRP purchasers had a reasonable expectation of profits and, as a matter of economic reality, Ripple had incentives to make such efforts.

**Request for Admission No. 85.**  Admit that Ripple does not have access to information sufficient to permit it to create or maintain a list, roster, or other index Identifying all holders of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 86.**  Admit that a purchaser of XRP does not expect that the consideration paid for XRP will be pooled with the consideration paid for XRP by other XRP purchasers.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 87.**  Admit that Ripple does not maintain a separate account of proceeds from sales of XRP by Persons other than Ripple.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true.

26

Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 88.** Admit that Ripple does not maintain separate records of sales of XRP by Persons other than Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, and based on the information currently known, the Commission admits this request.

**Request for Admission No. 89.** Admit that Ripple is not obligated to spend the proceeds of any of its sales of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail even if this requested fact is not true. Subject to all of the foregoing objections, the Commission admits that Ripple is not obligated to spend the proceeds of any of its sales of XRP when it has not contracted to pay rebates and incentives. The Commission denies the remainder of this request.

**Request for Admission No. 90.** Admit that Ripple's sales of XRP alone do not obligate it to do anything other than transfer the XRP it has sold to the purchaser.

**Answer:** Subject to all of the foregoing objections, the Commission admits that Ripple is only required to transfer the XRP it sells to purchasers, unless it has not contracted to pay rebates and incentives. The Commission denies the remainder of this request.

**Request for Admission No. 91.** Admit that Ripple does not use the proceeds from the sale of XRP by Persons other than Ripple for any purpose.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 92.** Admit that no sale of units of XRP by a Person other than Ripple involved a contract with Ripple.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 93.**  Admit that a currency can be a store of value even if that currency is not backed by gold or some other commodity.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, and to the extent that the term "currency" means the fiat currency of a central bank, the Commission admits this request.

**Request for Admission No. 94.**  Admit that a holder of currency can trade that currency for goods and services at some time in the future.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, and to the extent that the term "currency" means the fiat currency of a central bank, the Commission admits this request.

**Request for Admission No. 95.**  Admit that sellers of cryptocurrency can and do accept XRP as a means of payment.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, the Commission admits that sellers of cryptocurrency accept XRP as a means of payment for that cryptocurrency.

**Request for Admission No. 96.**  Admit that some sellers of fiat currencies accept XRP as a means of payment.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, and based on the information currently known, the Commission admits that some sellers of fiat currency accept XRP as a means of payment for that fiat currency.

**Request for Admission No. 97.**  Admit that XRP can be utilized in place of fiat currency by some services that process payment transactions.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or reasonable obtainable is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 98.**  Admit that prior to the initiation of this proceeding, third parties have inquired of the SEC whether the SEC considers XRP to be a security.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.  However, the Commission's staff generally cannot comment on such matters, especially given the underlying investigation.

**Request for Admission No. 99.**  Admit that prior to the initiation of this proceeding, in response to inquiries by third parties described in Request No. 99 above, the SEC has never informed a third party that it considers XRP to be a security.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true. Subject to all of the foregoing objections, the Commission admits that before the filing of this case certain third parties inquired about the legal status of XRP.  However, the Commission did not state a view one way or the other in response.

**Request for Admission No. 100.**  Admit that transactions can be executed over the XRP Ledger more quickly than transactions executed over the bitcoin blockchain.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or

readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 101.**  Admit that transactions can be executed over the XRP Ledger more quickly than transactions executed over the ether blockchain.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 102.**  Admit that it is less expensive to execute transactions using the XRP Ledger than for transactions executed using the bitcoin blockchain.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 103.**  Admit that it is less expensive to execute transactions using the XRP Ledger than for transactions executed using the ether blockchain.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 104.**  Admit that executing transactions using the XRP Ledger requires the use of less electricity than executing transactions using the bitcoin blockchain.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 105.**  Admit that executing transactions using the XRP Ledger requires the use of less electricity than executing transactions using the ether blockchain.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail even if the requested fact is true.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 106.**  Admit that, unless he or she has applied for and received an exemption from the SEC, any broker, dealer, or exchange that effects or reports transactions in securities by means of the mails or by any means or instrumentality of interstate commerce is required to be registered with the SEC as national securities exchanges pursuant to Sections 5 and 6 of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78e, 78f.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if this requested fact is true.  The SEC also objects that this request is improperly compound and seeks a legal conclusion.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 107.**  Admit that website hosting services can be purchased from HostMeNow using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 108.**  Admit that postage can be purchased from CryptoPostage using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 109.**  Admit that shipping labels can be purchased from ExpressBitcoinPostage.com using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 110.**  Admit that sailing vacation packages in Croatia from TheYachtBreak can be purchased using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 111.**  Admit that hotels bookings on Travala can be paid for using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or

readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 112.**  Admit that rental cars can from QEEQ.com can be paid for using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 113.**  Admit that in-game equipment can be purchased in the online multiplayer game Asteidus using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 114.**  Admit that car parts can be purchased from Wrecky Car Wreckers in Melbourne, Australia using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 115.**  Admit that carpets and flooring can be purchased from My Way Carpet in New Jersey using XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 116.**  Admit that Wirex offers a credit card backed by Visa that permits its users to spend XRP and exchange XRP for fiat currency.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this case even if the requested fact is true. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to enable the Commission to admit or deny this request.

Dated: July 16, 2021

Jorge G. Tenreiro
Mark R. Sylvester
Daphna A. Waxman
Jon A. Daniels
Ladan Stewart
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
   COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022
tenreiroj@sec.gov
212 336 9145 (Tenreiro)

Robert M. Moye
Benjamin J. Hanauer
SECURITIES AND EXCHANGE
   COMMISSION
Chicago Regional Office
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois  60604

34

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, I served a copy of Plaintiff Securities and Exchange Commission's Answers and Objections to Defendants First Set of Requests for Admission by electronic mail upon the following:

Andrew J. Ceresney
Lisa Zornberg
Christopher S. Ford
Erol Gulay
Joy Guo
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

*Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
Alexander J. Janghorbani
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037

*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

*Attorneys for Defendant Christian A. Larsen*

Jorge G. Tenreiro