

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

September 10, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, N.Y. 10007

Re:   *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

The SEC respectfully requests that the Court deny Defendant Ripple Labs, Inc.'s letter motion to seal (i) redacted portions of the SEC's letter motion to compel recordings of certain internal documents and (ii) the corresponding deposition excerpts submitted as exhibits to the motion. *See* Dkt. 343.[1]  The SEC also opposes in part the sealing of the redacted portions of Ripple's motion that reference certain deposition testimony and corresponding exhibits.  The documents at issue are relevant to the judicial process in that they would reasonably have the tendency to influence the Court's ruling on the discovery dispute before it, and no countervailing business or privacy interests outweigh their disclosure to the public.

**Documents in Support of SEC's Motion to Compel**

Ripple seeks to seal the deposition excerpts at issue on the basis that they are "not material" to the resolution of the SEC's motion.  *See* Dkt. 343 at 1.  But that is not the standard that must be met for filing documents under seal.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Under *Lugosch*, the Court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document.  *Id.* at 119-20.

To be classified as a judicial document, material "must be relevant to the performance of the judicial function and useful in the judicial process."  *See Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  "A document is thus 'relevant to the performance of the

---

[1] On September 10, 2021, the Court granted Ripple's motion to seal (Dkt. 343) "on an interim basis." *See* Dkt. 347.  The Court also denied as moot the SEC's motion to compel production of certain recordings (Dkt. 319) to which Ripple's motion to seal relates.  *See* Dkt. 348.  Because "the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon," *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019), the SEC submits this opposition to Ripple's motion to seal notwithstanding the Court's denial of the SEC's motion to compel recordings as moot.

judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Brown*, 929 F.3d at 49. Here, the SEC submitted redacted deposition excerpts to the Court for consideration in its determination of whether Ripple should be compelled to produce its recordings of internal meetings. The excerpts include ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Dkt. 319-1–319-4.

The deposition excerpts are useful to the Court in determining whether recordings of these meetings are relevant to any claims and defenses in the case, including the SEC's *Howey* analysis and Ripple's fair notice defense, and would reasonably have the tendency to influence the Court's decision on the scope of discovery regardless of the Court's reliance on them. *See Brown*, 929 F.3d at 50 ("[A] court's authority to oversee discovery and control the evidence introduced at trial surely constitutes an exercise of judicial power [that] is ancillary to the court's core role in adjudicating a case."). The documents are, therefore, judicial documents subject to a presumption of public access. *See Brown*, 929 F.3d at 50, 53 (finding that while the presumption applied to non-dispositive motions, such as motions to compel, "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions," non-dispositive motions are subject to "a lesser—but still substantial—presumption of public access") (citation omitted).

The balancing of "countervailing factors" also weighs in favor of public access. *See Lugosch*, 435 F.3d at 120. While countervailing factors that can outweigh the presumption of public access include legal privilege, *id.* at 125, business secrecy, *see* U*nited States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995), and privacy interests, *see id.*, the documents at issue contain no such information. In fact, ██████████████████████████████████████████████████████████████████████████████████████████. *See* Dkt. 319-1. Similarly, ████████████████████████████████████████████████████████████████████████████████████████████████, *see* Dkt. 319-3, and neither ██████████████████████████████████. *See* Dkt. 319-2, 319-4. In other words, contrary to Ripple's claims, the redacted portions of the letter motion and corresponding deposition excerpts are void of any "non-public, competitively sensitive discussions about Ripple's business and regulatory strategies during internal meetings," *see* Dkt. 343 at 2, that would justify their continued sealing.[2]

---

[2]The cases Ripple cites in support of its argument for sealing are inapposite. *See, e.g. United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *Winfield v. City of New York*, No. 15 Civ. 05236 (LTS) (KHP), 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017). The documents at issue in those cases played either a negligible role or no role at all in the performance of the court's Article III duties, and the cases predate the Second Circuit's clarification in *Brown* that discovery material may have the tendency to influence a court's ruling on a motion. 929 F.3d at 49-50, 53. Likewise, the cases Ripple cites in support of its "countervailing interest" argument include documents that contained sensitive business information. S*ee, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.,* 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011). As explained above, the deposition excerpts at issue do not contain details of Ripple's business or regulatory strategies.

**Ripple's Opposition Letter and Exhibits**

Ripple has also failed to articulate any compelling reasons for sealing the documents it filed in support of its motion. *See Lugosch*, 435 F.3d at 119-21.[3] Nonetheless, to narrow the issues, the SEC only objects to Ripple's efforts to seal the deposition excerpts ▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Dkt. 339-2–339-3. Specifically, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Dkt. 339-2, 339-3. Their testimony reasonably has the tendency to influence the Court's ruling on whether the recordings at issue are relevant and should be produced to the SEC. *See Brown*, 929 F.3d at 50. Disclosure also is merited because the documents contain no specific details regarding Ripple's internal business or regulatory strategies. Indeed, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

For the reasons stated, Ripple's motion should be denied.

        Respectfully submitted,

        /s/ Pascale Guerrier
        Pascale Guerrier

cc: All parties (via ECF)

.

---

[3] *See, e.g.,* Ex. A ▓▓▓▓▓▓▓▓▓▓▓▓▓, Dkt. 339-1; Ex. J ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Dkt. 339-6; Ex. K ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Dkt. 339-7; Ex. L ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Dkt. 339-8.