# Exhibit A

L8UKSECCCORRECTED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

            v.                         20 CV 10832 (AT)(SN)
                                       Remote Conference
RIPPLE LABS INC., et al.,

                    Defendants.

------------------------------x
                                       New York, N.Y.
                                       August 31, 2021
                                       12:16 p.m.

Before:

                    HON. SARAH NETBURN,

                                           Magistrate Judge

                          APPEARANCES

SECURITIES AND EXCHANGE COMMISSION
BY:  JORGE G. TENRERIRO

CLEARY GOTTLIEB STEEN & HAMILTON LLP
     Attorneys for Defendant Garlinghouse
BY:  MATTHEW C. SOLOMON

PAUL WEISS RIFKIND WHARTON & GARRISON LLP
     Attorneys for Defendant Larsen
BY:  MARTIN FLUMENBAUM

DEBEVOISE & PLIMPTON LLP
     Attorneys for Defendant Ripple Labs, Inc.
BY:  MICHAEL K. KELLOGG

L8UKSECCCORRECTED

1    defendants, and let me explain why.

2           First of all, Ripple's fair notice defense is not that

3    *Howey* is unconstitutionally vague as applied to

4    cryptocurrencies — that was the argument made in *Zaslavskiy*,

5    it's not being made here — and the individual defendants are

6    not raising that argument at all.

7           THE COURT:  That's also the argument made before Judge

8    Hellerstein in the *Kik* case, I believe; is that correct?

9           MR. SOLOMON:  That's exactly right, your Honor.

10   That's exactly right.  That decision concerned a different

11   issue.  The defendants in *Kik* wanted discovery into why the SEC

12   chose to bring that action.  That's not what we're looking for

13   here.  What we're looking for is whether the SEC acknowledged

14   that market participants did not understand that offers and

15   sales of XRP would be treated as securities either because the

16   SEC itself wasn't certain or because their communications with

17   market participants made that clear.  So, that's exactly right.

18   That is one distinguishing feature.

19          Now, in terms of the individual defendant's scienter

20   argument, the one that you just focused on, the SEC argues, or

21   tries to argue, that only its external conduct is relevant.

22   But as I just explained in the context of aiding and abetting,

23   and particularly the recklessness prong of aiding and abetting,

24   the internal memos we're seeking are relevant to showing

25   whether it would have been obvious to anyone — anyone — that

L8UKSECCCORRECTED

1   XRP was a security, particularly the SEC.  As your Honor has

2   already noted correctly, the documents we're seeking are highly

3   probative, we believe, of the scienter element of this

4   unprecedented aiding and abetting charge the SEC chose to bring

5   here.  By contrast, bringing it back to *Zaslavskiy*, he did not

6   raise a *mens rea* argument at all in his motion to dismiss the

7   indictment.

8           There's a few other distinguishing features, your

9   Honor, because this is a case the SEC cites to frequently, it

10  is a case that Mr. Tenreiro argued, and he argued it well, but,

11  again, it's a very different case.  That case also involved,

12  your Honor, an ICO and a fraud, neither of which are present

13  here.  Specifically, the defendant in *Zaslavskiy* had an ICO for

14  a virtual currency it hadn't even created yet that he claimed

15  was backed by reinvestments, and these are investments he never

16  secured.  He promised particular returns — 10 to 15 percent, I

17  believe it was.  That promise is what's so glaringly absent in

18  this case.  That's why this is not an ICO case, unlike

19  *Zaslavskiy*, and it's not a fraud case.

20          And then just thinking about the facts in light of the

21  three *Howey* prongs, your Honor, because your Honor has found

22  the internal memoranda and position papers we're seeking to be

23  relevant on the basis of fair notice, on the basis of *Howey*,

24  and also on the basis of scienter, I think it's fair to say

25  when you look at the *Zaslavskiy* case, that criminal case, it's

L8UKSECCCORRECTED

1  if one looks at Appendix A, there's drafts, there's a

2  hodgepodge, there's some documents that suggest they can get

3  the evidence elsewhere, there's drafts, there's one that

4  talks -- I think two that talk about XRP maybe.  So that was

5  sort of my response, is that I just don't think it's needed in

6  this case, but if the Court wants us to do that, we will.

7         THE COURT:  Okay, good.  Thank you.  I do.

8         So let's talk about how to move forward.  What I would

9  like is to have the SEC send to me in camera the documents

10  logged on Appendix A, and then I'm going to give both parties

11  an opportunity to submit to me targeted letter briefs on those

12  documents, and with respect to the SEC, I'm going to allow it

13  to file certain portions of that letter redacted.  I will ask

14  the SEC to be as limiting as possible so that the defendants

15  have as much opportunity to respond, but I recognize, again,

16  that the privilege has not been waived, and I'm not going to

17  ask the SEC to do that in the context of defending its

18  position.  So what I'd like is the documents and a letter brief

19  from the SEC filed on the public record with redactions, as

20  limited as possible, and made available fully to me, and then

21  I'll give the defendants an opportunity to respond — I don't

22  think I need a reply brief here — and then I'll be able to

23  issue a ruling with respect to these privileged documents and

24  give the parties some guidance.  And if I conclude that certain

25  documents should be produced, it will give some guidance for

L8UKSECCCORRECTED

1    the SEC to review other assertions and see if there are other

2    documents that should be produced, and if I conclude that the

3    SEC has properly asserted the privilege, that means that

4    similar documents of that category also don't need to be

5    produced.

6            So let's set a schedule for that.  Today is the

7    Tuesday before Labor Day weekend.  Mr. Tenreiro, when would you

8    like to file your letter brief?  And I'd like it to be, let's

9    say, about 10 pages, I think, seems like a reasonable --

10   10 single-spaced or 20 double-spaced pages to address these

11   specific documents.

12           MR. TENREIRO:  Your Honor, may we have two weeks?

13           THE COURT:  Sure.

14           So that will get you to September 14th.

15           MR. TENREIRO:  Right.

16           THE COURT:  Mr. Solomon, I will have you speak on

17   behalf of your team.  When do you want to file any opposition

18   letter?

19           MR. SOLOMON:  Your Honor, if we could take two weeks

20   after that, and we'll try to get it to you as quickly as we

21   can, so it may be less than two weeks, but two weeks would be

22   good.

23           THE COURT:  Okay.  So that will get you to

24   September 28.

25           So, on the 14th, I'd like Mr. Tenreiro not only to