# Exhibit B

```
L465secC
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES and EXCHANGE
COMMISSION,

            Plaintiff,

        v.                              20 Civ. 10832 (AT)(SN)
                                        Remote Proceeding

RIPPLE LABS, INC., et al.,

            Defendants.

------------------------------x
                                        New York, N.Y.
                                        April 6, 2021
                                        2:00 p.m.
Before:

                    HON. SARAH NETBURN,

                                        U.S. Magistrate Judge


                         APPEARANCES


SECURITIES and EXCHANGE COMMISSION
     Attorneys for Plaintiff SEC
BY:  JORGE G. TENREIRO
     DUGAN BLISS
     DAPHNA A. WAXMAN
     JON A. DANIELS
     LADAN STEWART

CLEARY GOTTLIEB STEEN & HAMILTON, LLP
     Attorneys for Defendant Bradley Garlinghouse
BY:  MATTHEW SOLOMON

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
     Attorneys for Defendant Christian A. Larsen
BY:  MARTIN FLUMENBAUM
     MICHAEL GERTZMAN
     MEREDITH DEARBORN
```

1    I am just looking at the actual requests themselves.  I know we

2    have been talking about requests 4, 7, 8, 11, and 14.  Search

3    all of the relevant repositories for documents and discovery

4    related to communications to third-parties.  In addition, I am

5    ordering that discovery be conducted of all 19 custodians.  I

6    don't think that the SEC's arguments, as set forth within their

7    letters and again today, are a legitimate basis given the

8    relevancy standard to preclude discovery here.  19 custodians

9    for an incredibly high-stakes, high-value litigation is not

10   unreasonable, and given the three different categories of

11   grounds not to produce documents, I don't think that that is a

12   legitimate basis so I am going to direct that the SEC search

13   all 19 custodians for relevant and responsive documents.

14          I am going to deny in part the request for discovery

15   that is internal, and specifically internal, for instance

16   e-mail communications between what I will call the SEC staff to

17   SEC staff.  I think that that communication both is less

18   relevant as it goes to how the outside world -- how the market

19   is considering XRP and how the individual defendants, how it

20   affects their reasonable belief, and I also think that there

21   are likely to be extensive privilege issues there and I think

22   it has the potential to seriously chill government

23   deliberations and so I am not going to require communications

24   to be produced that are internal e-mail communications within

25   the agency.  If you want the parties to meet and confer -- and