**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

September 16, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs, Inc.* et al., No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Rule III.F of this Court's Individual Practices and Paragraph 15 of the Protective Order entered in this case (ECF No. 53), Defendant Ripple Labs, Inc. respectfully submits this letter-motion to seal limited excerpts of two exhibits (ECF Nos. 344-1 and 344-2) that the SEC filed under seal in support of its September 8, 2021 letter (ECF No. 345). Ripple's proposed redactions are reflected in Exhibits 1 and 2.

These exhibits (Exhibits B and C) are "discovery materials filed with the court in connection with discovery-related disputes." *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013). Specifically, Exhibit B (ECF No. 344-1) is Ripple's objections and responses to the SEC's third set of interrogatories, and Exhibit C (ECF No. 344-2) is Ripple's objections and responses to the SEC's second set of interrogatories. These materials – which have been designated Confidential under the Protective Order – are not judicial documents and, therefore, are not entitled to a presumption of public access. *See id.*; *see also Nichols v. Noom Inc.*, 2021 WL 857352, at *1 (S.D.N.Y. Mar. 8, 2021) (holding that documents "merely filed in order to advise the court and 'tee up' certain discovery disputes between the parties that required judicial intervention" were not judicial documents).

In addition, neither of these documents is relevant, much less material, to the merits of the SEC's letter response, which concerns the *SEC's* responses to *Defendants'* interrogatories. *See* ECF No. 352 at 2 & n.1. Accordingly, there is no presumptive public access to these documents and, even if there were, the public's interest in them would be minimal. *See In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018) ("Although there is a presumption in favor of public access to judicial documents, in reaching its decisions above the Court did not need to reference or otherwise rely on the sealed exhibits or the redacted portions of Petitioners' application and memorandum of law. At best, therefore, the weight of any presumption is limited."), *aff'd*, 791 F. App'x 247 (2d Cir. 2019).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Sarah Netburn
September 16, 2021
Page 2

      There is also a strong interest in maintaining the confidentiality of the narrowly tailored excerpts that Ripple proposes to seal.  These excepts contain competitively sensitive business information regarding Ripple's contracts and work orders with third-party customers, *e.g.*, Ex. C at 15, as well as non-public memoranda concerning the SEC's lack of digital asset guidance, *e.g.*, Ex. C at 29-30, 36-38; *see also Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (allowing sealing of parties' "competitively sensitive business information").  In addition, the excerpts reference the identities of third-party customers.  *See* Ex. B at 9-30; Ex. C at 41.  This information is not "relevant to the performance of the judicial function [or] useful in the judicial process," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation omitted), and courts routinely recognize that such information is properly sealable, *see, e.g., Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021); *Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (permitting redactions of clients' identities because the clients' privacy interests "outweigh[ed] the presumption of access, as the clients' identities have no bearing on this case."); *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *2-4 (S.D.N.Y. Jan. 07, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is low" and thus permitting redactions).

      The limited non-public and competitively sensitive information that Ripple proposes to redact in Exhibits B and C should thus remain sealed, particularly because it is irrelevant to the SEC's letter.  Indeed, to the extent the SEC even references these exhibits, the SEC does not reference the information Ripple seeks to seal.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael K. Kellogg | /s/ Andrew J. Ceresney |
| Michael K. Kellogg | Andrew J. Ceresney |
| (mkellogg@kellogghansen.com) | (aceresney@debevoise.com) |
| Reid M. Figel | Lisa Zornberg |
| Bradley E. Oppenheimer | Christopher S. Ford |
| KELLOGG, HANSEN, TODD, FIGEL, | DEBEVOISE & PLIMPTON LLP |
| & FREDERICK PLLC | 919 Third Avenue |
| Sumner Square | New York, NY 10022 |
| 1615 M Street, NW, Suite 400 | +1 (212) 909-6000 |
| Washington, DC 20036 | |
| +1 (202) 326-7900 | |

*Attorneys for Defendant Ripple Labs Inc.*