# **Exhibit 1**

# REDACTED

# Public Version
# of ECF No. 344-1

# EXHIBIT B

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., BRADLEY GARLINGHOUSE,<br>and CHRISTIAN A. LARSEN,<br><br>Defendants. | No. 20 CV 10832 (AT) (SN) |

## DEFENDANT RIPPLE LABS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Ripple Labs Inc. ("Ripple" or "Defendant"), by and through its undersigned counsel, hereby objects and responds to Plaintiff's Third Set of Interrogatories to Defendant Ripple Labs, Inc. ("Plaintiff's Third Set of Interrogatories," each individually an "Interrogatory") dated July 30, 2021.

Ripple's responses are made without waiving or intending to waive any objections as to relevancy, privilege, or admissibility of any information provided in response to Plaintiff's Third Set of Interrogatories. A partial answer to any Interrogatory to which Ripple has objected, in whole or in part, is not intended to be a waiver of the objection.

These responses are based on the information currently available to Ripple. Ripple reserves the right to amend, supplement, or modify its responses and objections at any time in the event that it obtains additional or different information, pursuant to Fed. R. Civ. P. 26(e)(1)(A).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

The information supplied in these responses is not based solely upon the knowledge of the executing party, but includes the knowledge of the party, its agents, representatives, and attorneys, unless privileged.

## INTRODUCTORY STATEMENT

Nothing in Ripple's responses and objections herein shall be construed as a waiver of Ripple's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility or any other proper grounds to the use of any information provided in response to Plaintiff's Third Set of Interrogatories, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to this Third Set of Interrogatories or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection against disclosure.

All of the General Objections and Objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Objections and Responses to the individual Interrogatories set forth below and have the same force and effect as if fully set forth therein. Without waiving any of the General Objections to the extent they apply to each of the individual Interrogatories, Ripple may specifically refer to certain General Objections in responding to a particular Interrogatory. Any objection or lack of an objection to any portion of an individual Interrogatory shall not be deemed an admission that Ripple can identify information in response to such Interrogatory.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## GENERAL OBJECTIONS

1.      Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information that is neither relevant to the claims or defenses asserted in this action nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.      Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure.  Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.

3.      Ripple objects to each Interrogatory and to each Definition and Instruction on grounds that they are vague, unduly burdensome and/or overly broad, to the extent that they ask for the identification of "all documents," "any efforts," "any statements or documents," "any statements and documents," and similarly overbroad information.  Ripple will identify the material facts upon which it presently intends to rely, but does not represent that its responses and objections exhaustively list all facts, documents, or other evidence that may be offered at summary judgment or at trial.  Ripple specifically reserves the right to rely on additional facts not included in these responses and objections.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

4.      Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they are unreasonably cumulative, duplicative or seek information or documents obtainable from some other source that is more convenient, less burdensome or less expensive than the efforts it would take for Ripple to provide the information or documents.

5.      Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information that are not in the possession, custody or control of Ripple, on the grounds that such discovery is overly broad, unduly burdensome and in excess of Rule 34 of the Federal Rules of Civil Procedure.

6.      Ripple objects to each Interrogatory and to each Definition and Instruction to the extent they seek information already in the possession, custody or control of Plaintiff or is obtainable from public sources.

7.      Ripple objects to the Interrogatories to the extent they exceed the twenty-five (25) written interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1), including subparts in the Interrogatories asking discrete questions.  *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010).  The SEC has previously served at least twenty-two (22) interrogatories inclusive of subparts: Interrogatory Nos. 1-12 and 14-17 (sixteen interrogatories)[1] plus a six-subpart Interrogatory No. 13.[2]  Indeed, the SEC itself separately numbered those subparts.  Therefore, the SEC was entitled to serve only three more interrogatories pursuant to Rule 33(a)(1).  Accordingly, Ripple has provided

---

[1]    In addition, Interrogatories Nos. 5 and 6 are compound and have two and three subparts, respectively.  Ripple does not waive any right to object these Interrogatories should be counted by their discrete subparts.

[2]    Interrogatory No. 13, subpart (6) further has two sub-subparts.  Ripple does not waive any right to object these discrete subparts should be counted seperately.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

responses to the first three Interrogatories in the SEC's Third Set of Interrogatories but has no obligation to provide responses to the remainder.

8.      The failure of Ripple to object to any specific Interrogatory or Definition and Instruction on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s).  Ripple reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

9.      Ripple does not concede the relevance, materiality or admissibility of any information or documents sought in the Interrogatories.  Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose or any other ground to the use of any information or documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

10.     These objections and responses do not constitute, and shall not be interpreted as Ripple's agreement with, or admission as to the truth or accuracy of, any legal or factual characterization or allegation stated or implied in Plaintiff's Definitions and Instructions or in any of the individual Interrogatories.

11.     Ripple objects to each Interrogatory to the extent that it calls for disclosure of evidence to be presented by any expert, including through an expert report or testimony, in advance of the deadline for disclosure of such evidence, and Ripple will not make such premature disclosures.  Ripple reserves the right to rely on any appropriate evidence presented by any expert, including in connection with subjects relating to any Interrogatory.

12.     Ripple objects to each Interrogatory and to each Definition and Instruction to the extent they seek to impose obligations on Ripple that go beyond the requirements set forth in the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Federal Rules of Civil Procedure and the Local Rules, including Local Civil Rule 33.3 of the Local Rules.

13.     The uniform definitions and rules of construction set forth in Local Civil Rule 26.3 of the Local Rules are incorporated by reference as if fully set forth herein.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

14.     Ripple objects to the Definitions and Instructions insofar as they depart from the requirements of the Federal Rules of Civil Procedure and the Local Rules.  Ripple will respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules.

15.     Ripple objects to Definition and Instruction No. 10, to the extent it states the relevant time period for the Interrogatories extends beyond the date of the filing of the Complaint in this action.  Events subsequent to the filing of the Complaint on December 22, 2020, are not relevant to any claim or defense, and therefore Definition and Instruction No. 10 is overly broad, unduly burdensome, not proportionate to the needs of this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  *See* Order, June 15, 2021 at 2 (ECF No. 249) (denying SEC's motion to compel production of documents post-dating the Complaint).

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 18

Identify the person or persons possessing the information or understanding on which you base your denials as to the authenticity of documents in your responses to Plaintiff's Second Set of Requests for Admission to Ripple Labs, Inc., specifically Response Nos. 247-260, 262, 267-268, 270-308, 310-342, 344-352, 613.

## RESPONSE NO. 18

Ripple incorporates by reference the objections stated in the Responses and Objections of

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Defendant Ripple Labs Inc. to Plaintiff's Second Set of Requests for Admission, which speak for themselves.  Ripple further objects to this Interrogatory as misleading insofar as it suggests that Ripple denied Plaintiff's Requests for Admission ("RFAs") Nos. 251, 254, and 282.  Subject to and without waiving the foregoing general and specific objections, Ripple states that it did not and does not dispute the authenticity of documents it has produced to the SEC and did not base its denials to the Requests for Admission identified in this Interrogatory on a dispute over the authenticity of any document.  To the extent Ripple denied any of the RFAs identified in this Interrogatory, it did so based solely on the fact that the SEC's RFAs mischaracterize the documents on their face, and not based on any information possessed by any particular person.  Ripple refers to its response to Interrogatory No. 19 for a description of the ways in which the SEC's RFAs mischaracterize the documents.

**INTERROGATORY NO. 19**

> For each of the following requested admissions in which you denied the authenticity of documents (Request Nos. 247-260, 262, 267-268, 270-308, 310-342, 344-352, 613) in your response to Plaintiff's Second Set of Requests for Admission to Ripple Labs, Inc., please explain the basis for your denial, and identify any testimony, testimony exhibits or other documents you relied upon.

**RESPONSE NO. 19**

Ripple incorporates by reference the objections stated in the Responses and Objections of Defendant Ripple Labs Inc. to Plaintiff's Second Set of Requests for Admission, which speak for themselves.  Ripple further objects to this Interrogatory as misleading insofar as it suggests that Ripple denied Plaintiff's RFA Nos. 251, 254, and 282.  Subject to and without waiving the foregoing general and specific objections, Ripple states that it did not and does not dispute the authenticity of documents it has produced to the SEC and did not base its denials to the RFAs identified in this Interrogatory on the grounds that any document Ripple produced to the SEC is inauthentic.  To the extent Ripple denied any of the RFAs identified in this Interrogatory, it did

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

so based solely on the fact that the SEC's RFAs mischaracterize the documents on their face. Subject to the foregoing objections, Ripple states that these mischaracterizations included, but were not limited to, the following:[3]

- The SEC's RFA included a Bates number, range, or prefix that did not correspond to a document in Ripple's production.

  o RFA No. 262 requested an admission concerning "the document bearing bates numbers SEC-████████-E-000651914 – 25."  To the best of Ripple's knowledge, no such Bates numbered document exists; accordingly, the admission the SEC sought was unjustified.

  o RFA No. 267 requested an admission concerning "the document bearing bates numbers SEC-████████-E-0217826 – 38."  To the best of Ripple's knowledge, no such Bates numbered document exists; accordingly, the admission the SEC sought was unjustified.

  o RFA No. 271 requested an admission concerning "the document bearing bates numbers RPLI_SEC 001010 – 25."  To the best of Ripple's knowledge, no such Bates numbered document exists; accordingly, the admission the SEC sought was unjustified.

  o RFA No. 296 requested an admission concerning "the document bearing bates numbers RPLI_SEC 0507292 – 75."  To the best of Ripple's knowledge, no such Bates numbered document exists; accordingly, the admission the SEC sought was unjustified.

---

[3]  Several of the SEC's RFAs fell into more than one of the categories described below. Ripple's identification of the SEC's RFAs in these categories is not intended to indicate that such category or specified mischaracterization was the exclusive reason why the SEC's requested admission was unjustified.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- The SEC's description in the RFA was unrelated to the document corresponding to the referenced Bates number.

  o RFA No. 247 requested an admission "that the document bearing bates numbers RPLI_SEC 0609517 – 21 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated September 16, 2014." But on its face, the document bearing those Bates numbers is not an agreement at all, and certainly not the agreement the SEC described.

- The Bates range identified by the SEC did not correspond to a complete document (either because it included only a portion of a document or because it combined portions of multiple different documents), but the SEC's description in the RFA purported to reference a single, complete document.

  o RFA No. 250 requested an admission "that the document bearing bates numbers RPLI_SEC 0000629 - 31 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated June 9, 2016." But the Bates range in the RFA omits pages of that document, so the pages the SEC identified do not constitute a true and correct copy of the document.

  o RFA No. 268 requested an admission "that the document bearing bates number RPLI-SEC 0430214 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated August 5, 2018." But the Bates range in the RFA omits pages of that document, so the pages the SEC identified do not constitute a true and correct copy of the document. Moreover, independently, the document the SEC identified is not dated August 5, 2018. Still moreover, independently, to the best of Ripple's

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

knowledge the Bates number the SEC identified is incorrect.

o   RFA No. 308 requested an admission "that the document bearing bates numbers ████████ SEC00000482 – 84 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated June 5, 2020." But on its face, this document is listed as "Appendix D," indicating that there is additional content to the document that the SEC did not include in its request.

- The SEC's description of an agreement inaccurately identified the parties to that agreement.

    o   RFA No. 248 requested an admission "that the document bearing bates numbers SEC-LIT-EPROD-000070622 – 30 is a true and correct copy of an agreement between XRP II, LLC and ████ dated March 31, 2014." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

    o   RFA No. 249 requested an admission "that the document bearing bates numbers ████00007322 – 31 is a true and correct copy of an agreement between XRP II, LLC and ████████████████ dated January 1, 2015." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

    o   RFA No. 252 requested an admission "that the document bearing bates numbers RPLI_SEC 0507307 – 13 is a true and correct copy of an agreement between XRP II, LLC and ████████████████ dated February 14, 2017." But on the face of that document, XRP II, LLC is not a party to the

10

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 253 requested an admission "that the document bearing bates numbers ████00017429 – 35 is a true and correct copy of an agreement between XRP II, LLC and ██████████████ dated June 2, 2017." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 255 requested an admission "that the document bearing bates numbers RPLI_SEC 0503128 – 29 is a true and correct copy of an agreement between XRP II, LLC and ██████████ dated December 12, 2017." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 256 requested an admission "that the document bearing bates numbers RPLI_SEC 0346552 – 55 is a true and correct copy of an agreement between Ripple Labs Inc. and █████ dated June 2, 2017." But on the face of that document, Ripple Labs Inc. is not a party to the agreement and the document is unsigned by all parties; accordingly, the admission the SEC sought was unjustified.

o RFA No. 257 requested an admission "that the document bearing bates numbers ███████ SEC00014655 – 66 is a true and correct copy of an agreement between XRP II, LLC and █████████████ dated December 22, 2017." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 258 requested an admission "that the document bearing bates

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

numbers █████████ SEC00009094 – 96 is a true and correct copy of an agreement between XRP II, LLC and █████████ dated December 22, 2017." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 259 requested an admission "that the document bearing bates numbers RPLI_SEC 0503186 – 99 is a true and correct copy of an agreement between XRP II, LLC and █████████ dated December 12, 2017." But on the face of that document, neither XRP II, LLC nor █████████ is a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 260 requested an admission "that the document bearing bates numbers █████████ SEC 00009082 – 93 is a true and correct copy of an agreement between XRP II, LLC and █████████ dated December 22, 2017." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified. Moreover, independently, to the best of Ripple's knowledge the Bates number the SEC identified is incorrect.

o  RFA No. 270 requested an admission "that the document bearing bates numbers ███000643 – 59 is a true and correct copy of an agreement between XRP II, LLC and █████████ dated November 8, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 272 requested an admission "that the document bearing bates

12

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

number RPLI_SEC 0075265 – 92 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated December 20, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 273 requested an admission "that the document bearing bates numbers RPLI_SEC 0075479 – 84 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated December 31, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 274 requested an admission "that the document bearing bates numbers RPLI_SEC 0075464 – 78 is a true and correct copy of an agreement between XRP II, LLC and ██████████ dated December 31, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 275 requested an admission "that the document bearing bates numbers RPLI_SEC 0075060 – 75 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated December 31, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 276 requested an admission "that the document bearing bates numbers RPLI_SEC 0318399 – 400 is a true and correct copy of an agreement between XRP II, LLC and █████████ dated December 30, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

accordingly, the admission the SEC sought was unjustified.

o   RFA No. 277 requested an admission "that the document bearing bates numbers RPLI_SEC 0195777 – 79 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated December 31, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 278 requested an admission "that the document bearing bates numbers RPLI_SEC 0503130 – 50 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated March 4, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 279 requested an admission "that the document bearing bates numbers RPLI_SEC 0503182 – 83 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated March 4, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 280 requested an admission "that the document bearing bates numbers SEC-UKFCA-E-0001524 – 30 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated May 16, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 281 requested an admission "that the document bearing bates numbers RPLI_SEC 0273727 – 35 is a true and correct copy of an agreement

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

between XRP II, LLC and ██████████ dated May 24, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 283 requested an admission "that the document bearing bates numbers ████████ SEC00000101 – 115 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated June 27, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 284 requested an admission "that the document bearing bates number ████████ SEC00000189 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated June 27, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 285 requested an admission "that the document bearing bates numbers ████████ SEC00000190 – 206 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated June 27, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 286 requested an admission "that the document bearing bates numbers SEC-████████-E-0000907 – 22 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated July 26, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

o   RFA No. 287 requested an admission "that the document bearing bates numbers RPLI_SEC 0423634 – 53 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated August 9, 2019."  But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 288 requested an admission "that the document bearing bates numbers RPLI_SEC 0423601 – 02 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated August 21, 2019."  But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 289 requested an admission "that the document bearing bates numbers ███00000988 – 1002 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated September 6, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 290 requested an admission "that the document bearing bates numbers ███ SEC-LIT-EPROD-000070633 – 49 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated September 9, 2019."  But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.  Moreover, independently, to the best of Ripple's knowledge the Bates prefix the SEC identified is incorrect.

o   RFA No. 291 requested an admission "that the document bearing bates

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

number ███ 00012105 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated November 1, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 292 requested an admission "that the document bearing bates numbers SEC-UKFCA-E-0027191 – 92 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated November 10, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 293 requested an admission "that the document bearing bates numbers RPLI_SEC 0423532 – 45 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated November 21, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 294 requested an admission "that the document bearing bates numbers RPLI_SEC 0503184 – 85 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated December 6, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 295 requested an admission "that the document bearing bates numbers ████████ SEC_0016803 – 26 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated December 31, 2019." But on the face of that document, XRP II, LLC is

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 297 requested an admission "that the document bearing bates numbers SEC-LIT-EPROD-000633771 – 774 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated December 18, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 298 requested an admission "that the document bearing bates numbers RPLI_SEC 0503168 – 73 is a true and correct copy of an agreement between XRP II, LLC and ██████ dated December 4, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 299 requested an admission "that the document bearing bates numbers SEC-UKFCA-E-0001464 – 68 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated December 17, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified. Moreover, independently, the document the SEC identified is not dated December 17, 2019.

o   RFA No. 300 requested an admission "that the document bearing bates numbers RPLI_SEC 0423655 – 56 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated January 30,

18

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

2020." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 301 requested an admission "that the document bearing bates numbers SEC-UKFCA-E-0028163 – 66 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated March 19, 2020." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 302 requested an admission "that the document bearing bates number ████00009409 is a true and correct copy of an agreement between XRP II, LLC and █████████ dated April 28, 2020." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 303 requested an admission "that the document bearing bates number SEC-UKFCA-E-0001498 is a true and correct copy of an agreement between XRP II, LLC and ██████████ dated April 4, 2020." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 304 requested an admission "that the document bearing bates numbers RPLI_SEC 0300993 – 1007 is a true and correct copy of an agreement between XRP II, LLC and ██████████ dated May 1, 2020." But on the face of that document, XRP II, LLC and ██████████ are not the only parties to the agreement, making the SEC's description of the document incomplete; accordingly, the admission the SEC sought was unjustified.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

    o   RFA No. 305 requested an admission "that the document bearing bates number █████ 00000639 is a true and correct copy of an agreement between XRP II, LLC and █████████████ dated September 9, 2029." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified. Moreover, independently, the document the SEC identified is not dated September 9, 2029.

    o   RFA No. 306 requested an admission "that the document bearing bates numbesr █████████ SEC00013519 – 33 is a true and correct copy of an agreement between XRP II, LLC and ███████████████ dated May 26, 2020." But on the face of that document, XRP II, LLC and ███████████ ██████████ are not the only parties to the agreement, making the SEC's description of the document incomplete; accordingly, the admission the SEC sought was unjustified.

    o   RFA No. 307 requested an admission "that the document bearing bates numbers █████ 00000494 – 501 is a true and correct copy of an agreement between XRP II, LLC and █████████████ dated July 3, 2020." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

    o   RFA No. 310 requested an admission "that the document bearing bates number █████ 00000513 is a true and correct copy of an agreement between XRP II, LLC and █████████████ dated December 15, 2020." But on the face of that document, XRP II, LLC is not a party to the agreement;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

accordingly, the admission the SEC sought was unjustified.

o   RFA No. 311 requested an admission "that the document bearing bates numbers RPLI_SEC 0075251 – 64 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated December 20, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 312 requested an admission "that the document bearing bates numbers SEC-UKFCA-E-0001470 – 74 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated December 17, 2020." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified. Moreover, independently, to the best of Ripple's knowledge the Bates number the SEC identified is incorrect.

o   RFA No. 313 requested an admission "that the document bearing bates numbers RPLI_SEC 0078639 – 45 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated May 16, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 314 requested an admission "that the document bearing bates numbers RPLI_SEC 0074864 – 66 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated April 1, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

21

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

o  RFA No. 315 requested an admission "that the document bearing bates numbers RPLI_SEC 0269623 – 43 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated December 26, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 316 requested an admission "that the document bearing bates numbers RPLI_SEC 0074891 – 907 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated June 28, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 317 requested an admission "that the document bearing bates numbers ████00000505 – 08 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated June 17, 2020." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 318 requested an admission "that the document bearing bates numbers RPLI_SEC 0180025 – 42 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated September 11, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 319 requested an admission "that the document bearing bates numbers RPLI_SEC 0264538 – 41 is a true and correct copy of an agreement between XRP II, LLC and ███████████████ dated

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

April 10, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 320 requested an admission "that the document bearing bates numbers RPLI_SEC 0075005 –09 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated June 28, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 321 requested an admission "that the document bearing bates numbers RPLI_SEC 0268692 – 97 is a true and correct copy of an agreement between XRP II, LLC and █████████ dated June 27, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 322 requested an admission "that the document bearing bates numbers RPLI_SEC 0075029 – 30 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated July 22, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 323 requested an admission "that the document bearing bates numbers RPLI_SEC 0075010 – 15 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated October 18, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 324 requested an admission "that the document bearing bates

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

numbers RPLI_SEC 0075053 – 59 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated March 27, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 325 requested an admission "that the document bearing bates numbers RPLI_SEC 0140419 – 40 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated June 3, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 326 requested an admission "that the document bearing bates numbers RPLI_SEC 0075076 – 79 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated April 23, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 327 requested an admission "that the document bearing bates numbers RPLI_SEC 0269072 – 75 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated March 4, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 328 requested an admission "that the document bearing bates numbers RPLI_SEC 0075080 – 86 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated December 31, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement;

24

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

accordingly, the admission the SEC sought was unjustified.

- o RFA No. 329 requested an admission "that the document bearing bates numbers ███00000640 – 56 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated September 9, 2019." But on the face of that document, XRP II, LLC and ███████████ are not the only parties to the agreement, making the SEC's description of the document incomplete; accordingly, the admission the SEC sought was unjustified.

- o RFA No. 330 requested an admission "that the document bearing bates numbers RPLI_SEC 0075128 – 35 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated September 26, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

- o RFA No. 331 requested an admission "that the document bearing bates numbers SEC-LIT-EPROD-000771968 – 75 is a true and correct copy of an agreement between XRP II, LLC and ███████████████ dated September 4, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

- o RFA No. 332 requested an admission "that the document bearing bates numbers RPLI_SEC 0075110 -- 13 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated March 20, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

accordingly, the admission the SEC sought was unjustified.

o   RFA No. 333 requested an admission "that the document bearing bates numbers RPLI_SEC 0075143 – 45 is a true and correct copy of an agreement between XRP II, LLC and ███████████████████ dated January 10, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 334 requested an admission "that the document bearing bates numbers RPLI_SEC 0233510 – 16 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated September 4, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 335 requested an admission "that the document bearing bates numbers RPLI_SEC 0239684 – 98 is a true and correct copy of an agreement between XRP II, LLC and ████████████████ dated June 17, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o   RFA No. 336 requested an admission "that the document bearing bates numbers ████████_SEC_0000658 – 81 is a true and correct copy of an agreement between XRP II, LLC and ██████████████ dated December 31, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

o  RFA No. 337 requested an admission "that the document bearing bates numbers ███████████_SEC_0005825 – 26 is a true and correct copy of an agreement between XRP II, LLC and █████████████████████ dated June 16, 2020."  But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 338 requested an admission "that the document bearing bates number SEC-LIT-EPROD-000928287 is a true and correct copy of an agreement between XRP II, LLC and ██████████ dated June 21, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 339 requested an admission "that the document bearing bates numbers RPLI_SEC 0264904 – 08 is a true and correct copy of an agreement between XRP II, LLC and ██████████ dated June 27, 2019."  But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 340 requested an admission "that the document bearing bates number ██████████_SEC_0005812 is a true and correct copy of an agreement between XRP II, LLC and ████████████████ dated September 26, 2019."  But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o  RFA No. 341 requested an admission "that the document bearing bates

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

numbers RPLI_SEC 0232982 – 88 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated May 9, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 342 requested an admission "that the document bearing bates numbers RPLI_SEC 0256610 – 13 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated August 14, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 344 requested an admission "that the document bearing bates numbers RPLI_SEC 0254877 – 78 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated January 25, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 345 requested an admission "that the document bearing bates numbers NY-9875_T_00008240 – 45 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated December 18, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 346 requested an admission "that the document bearing bates numbers RPLI_SEC 0075296 – 97 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated October 19, 2018." But on

28

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 347 requested an admission "that the document bearing bates numbers RPLI_SEC 0233518 – 24 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated September 13, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 348 requested an admission "that the document bearing bates numbers RPLI_SEC 0074795 – 828 is a true and correct copy of an agreement between XRP II, LLC and ██████ dated February 23, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 349 requested an admission "that the document bearing bates numbers RPLI_SEC 0075376 – 82 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated March 22, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 350 requested an admission "that the document bearing bates numbers RPLI_SEC 0233015 – 19 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated May 9, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

o RFA No. 351 requested an admission "that the document bearing bates

29

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

numbers RPLI_SEC 0233390 – 93 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated November 30, 2018." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

    o   RFA No. 352 requested an admission "that the document bearing bates numbers RPLI_SEC 0075426 – 31 is a true and correct copy of an agreement between XRP II, LLC and ████████ dated March 22, 2019." But on the face of that document, XRP II, LLC is not a party to the agreement; accordingly, the admission the SEC sought was unjustified.

• The SEC's description of an agreement inaccurately identified the date of that agreement.

    o   RFA No. 613 requested an admission "that the document bearing the bates numbers RPLI_SEC 0069937 — 48 is a true and correct copy of an agreement between Ripple and ████████ dated July 28, 2018." But on its face, the document states that it was "entered into as of July 19, 2018" and was signed by both parties as of July 25, 2018; accordingly, the admission the SEC sought was unjustified.

**INTERROGATORY NO. 20**

For each of the following requested admissions in which you denied the authenticity of documents (Request Nos. 247-260, 262, 267-268, 270-308, 310-342, 344-352, 613) in your response to Plaintiff's Second Set of Requests for Admission to Ripple Labs, Inc., please identify by bates number the document you contend is the correct, authentic version of the document referenced in those requests for admission.

**RESPONSE NO. 20**

Ripple incorporates by reference the objections stated in the Responses and Objections of

30

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Defendant Ripple Labs Inc. to Plaintiff's Second Set of Requests for Admission, which speak for themselves.  Ripple further objects to this Interrogatory as misleading insofar as it suggests that Ripple denied Plaintiff's Requests for Admission ("RFAs") Nos. 251, 254, and 282.  Ripple further objects to this Interrogatory insofar as it purports to require Ripple to identify 99 documents with particularity based solely on inaccurate and/or incomplete descriptions provided by the SEC in Plaintiff's Second Set of Requests for Admission, and to the extent it seeks to call for the production of documents in the context of an Interrogatory.  Subject to and without waiving the foregoing general and specific objections, Ripple states that it did not dispute the authenticity of documents it has produced to the SEC and did not base its denials to the Requests for Admission identified in this Interrogatory on a dispute over the authenticity of any document.  To the extent Ripple denied any of the RFAs identified in this Interrogatory, it did so based solely on the fact that information that appears on the face of each document contradicted the SEC's characterization of that document in the relevant RFA.  Ripple cannot identify "authentic" versions of the documents the SEC has misdescribed because, to the best of Ripple's knowledge, no document matching the SEC's description exists, as explained in Ripple's response to Interrogatory No. 19.

**INTERROGATORY NO. 21**

> Identify the person or persons possessing the information or understanding on which you base your denials as to the requested financial information in your responses to Plaintiff's First Set of Requests for Admission to Ripple Labs, Inc., specifically Response Nos. 27-28, 139-157, 158-160.

**RESPONSE NO. 21**

Ripple incorporates by reference the objections stated in the Responses and Objections of Defendant Ripple Labs Inc. to Plaintiff's First Set of Requests for Admission, which speak for themselves.  Ripple further objects to this Interrogatory because Plaintiff has exceeded the

number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal

Rules of Civil Procedure.  *See* General Objection No. 7.  In light of the foregoing objections, no

response is required.

**INTERROGATORY NO. 22**

For each of the following requested admission regarding financial information (Request Nos. 27-28, 139-157, 158-160) which you denied in your response to Plaintiff's First Set of Requests for Admission to Ripple Labs, Inc., please explain the basis for your denial, and identify any testimony, testimony exhibits or other documents you relied upon.

**RESPONSE NO. 22**

Ripple incorporates by reference the objections stated in the Responses and Objections of

Defendant Ripple Labs Inc. to Plaintiff's First Set of Requests for Admission, which speak for

themselves.  Ripple further objects to this Interrogatory because Plaintiff has exceeded the

number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal

Rules of Civil Procedure.  *See* General Objection No. 7.  In light of the foregoing objections, no

response is required.

**INTERROGATORY NO. 23**

For each of the following requested admission regarding financial information (Request Nos. 27-28, 139-157, 158-160) which you denied in your response to Plaintiff's First Set of Requests for Admission to Ripple Labs, Inc., please provide the amount, number or financial figure referenced in the request for admission that you contend is the most correct or accurate.

**RESPONSE NO. 23**

Ripple incorporates by reference the objections stated in the Responses and Objections of

Defendant Ripple Labs Inc. to Plaintiff's First Set of Requests for Admission, which speak for

themselves.  Ripple further objects to this Interrogatory because Plaintiff has exceeded the

number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Rules of Civil Procedure.  *See* General Objection No. 7.  In light of the foregoing objections, no response is required.

## INTERROGATORY NO. 24

For each of the following requested admissions (Request Nos. 99, 103-104, 109-110, 113, 163, 165, 425) which you denied, declined to respond or claimed to lack sufficient information to respond, in your responses to Plaintiff's First and Second Set of Requests for Admission to Ripple Labs, Inc., please explain the basis for your response, and identify any testimony, testimony exhibits or other documents you relied upon.

## RESPONSE NO. 24

Ripple incorporates by reference the objections stated in the Responses and Objections of Defendant Ripple Labs Inc. to Plaintiff's First Set of Requests for Admission, which speak for themselves.  Ripple further incorporates by reference the objections stated in the Responses and Objections of Defendant Ripple Labs Inc. to Plaintiff's Second Set of Requests for Admission, which speak for themselves.  Ripple further objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  *See* General Objection No. 7.  In light of the foregoing objections, no response is required.

Dated:        August 30, 2021
              New York, New York

As to objections:

DEBEVOISE & PLIMPTON LLP

By: _____
Andrew Ceresney
Lisa Zornberg
Christopher S. Ford
Joy Guo
919 Third Avenue
New York, NY 10022
212-909-6000

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC

Michael K. Kellogg
Reid M. Figel
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
202-326-7900

*Attorneys for Defendant Ripple Labs Inc.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## VERIFICATION

I declare under penalty of perjury that the factual statements set forth in the responses of

Ripple Labs Inc. to Plaintiff's Interrogatories Nos. 18–24 are true to the best of my knowledge,

information, and belief.

Dated:          August 30, 2021


_Deborah McCrimmon_

_____
Deborah McCrimmon
Vice President of Litigation

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## **CERTIFICATE OF SERVICE**

I, Christopher S. Ford, hereby certify that on August 30, 2021, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to Plaintiff's Second Set of Interrogatories by electronic mail upon the following:

Dated: August 30, 2021

Jorge G. Tenreiro
Richard Best
Daphna Waxman
Jon Daniels
Ladan Stewart
Robert Moye
Benjamin Hanauer
Mark Sylvester
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-9145
*Attorneys for Plaintiff Securities and*
*Exchange Commission*

Matthew C. Solomon
Alexander J. Janghorbani
Nowell D. Bamberger
Samuel Levander
Lucas Hakkenberg
Nicole Tatz
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1680
*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
Meredith R. Dearborn
Robin Linsenmayer
Kristina A. Bunting
Justin D. Ward
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
*Attorneys for Defendant Christian*
*A. Larsen*

/s/ Christopher S. Ford
Christopher S. Ford