UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,                        20-CV-10832 (AT)(SN)

        -against-                                        ORDER

RIPPLE LABS, INC., et al.,

                              Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      The Defendants move to compel the SEC to produce documents relating to the SEC's trading policies governing digital assets. See ECF No. 314. Specifically, Defendants seek production of (1) either anonymized or aggregated documents reflecting the SEC's trading preclearance decisions with respect to its employees' transactions in bitcoin, ether, or XRP, and (2) either redacted or aggregated annual certifications concerning SEC employees' XRP holdings. The motion is denied.

      The Court previously ordered the SEC to produce trading policies regarding digital assets. See ECF No. 253. Accordingly, the SEC produced a January 16, 2018 memorandum that provided ethics guidance to SEC employees on digital assets. See ECF No. 314 Ex. A. Defendants represent, and the SEC does not dispute, that before the issuance of this memorandum, the SEC had no trading policy regarding digital assets. See ECF No. 314 at 1. Four months later, on April 13, 2018, XRP was added to the SEC's "Watch List," a list of entities potentially subject to supplemental ethics rules. See id. at 2; ECF No. 335 at 4. Defendants further represent that SEC counsel stated during a meet and confer on August 25,

2021, that, after the formal order of investigation was issued as to Ripple on March 9, 2019, SEC employees could no longer trade XRP. ECF No. 314 at 3. According to Defendants, the SEC has refused to produce any documents bearing on this statement. Id.

Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs of the case, considering a list of factors including "the importance of the discovery in resolving the issues[] and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendants argue that individual trading decisions will, at a minimum, expose the lack of clarity regarding XRP's status and whether the SEC believed XRP to be a security. Such evidence arguably would undermine the SEC's allegations that the Individual Defendants acted recklessly and would bolster the Defendants' fair notice defense. Defendants contend that they are entitled to know whether the SEC permitted its employees to sell, buy, and hold XRP "as market participants" during the relevant period. The SEC responds that the preclearance decision process does not involve any determination by SEC Ethics Counsel that a trade complies with the securities laws; indeed, the produced policy expressly confirms as much in bold. ECF No. 314 Ex. A at 1. The SEC further contends that its employees' trading activity reports are presumptively confidential.

Because the preclearance process does not consider whether an asset is a security, Defendants have not shown that such individual trading decisions bear on the issues in this case. Although the SEC's policies (or absence of policies) may provide relevant evidence related to fair notice or recklessness, how an Ethics Counsel viewed a trading decision is more likely to cause confusion or create collateral litigation disputes.

Moreover, because the data related to Ethics Counsel's preclearance decisions is not sufficiently probative, it cannot justify the intrusion into SEC employees' financial conduct, even if anonymized or aggregated. The Privacy Act protects information retrieved directly or indirectly from a system of records like the SEC's Personal Trading Compliance System. While such information "may be released pursuant to court order, in making a decision to release such information, 'the court must accord proper weight to the policies underlying . . . statutory protections, and . . . compare them with the factors supporting discovery in a particular lawsuit.'" Pascal Abidor, Nat'l Ass'n of Crim. Def. Laws. v. Johnson, No. 10-cv-4059 (ERK), 2016 WL 3102017, at *7 (E.D.N.Y. June 2, 2016) (quoting Lohrenz v. Donnelly, 187 F.R.D. 1, 8 (D.D.C. 1999)). As discussed above, Defendants have not shown that such disclosure is justified here, especially since the SEC's financial disclosure policies and 2018 memorandum apply to all SEC employees and their immediate family. See ECF No. 335 at 5 n.5; ECF No. 314 Ex. A at 1–2.

As to the annual certifications that Defendants seek, Congress has presumptively prohibited disclosure of such financial information through federal privacy statutes and regulations in order to maintain government employees' privacy. See 5 U.S.C. App'x 4 § 107(a)(2) (financial disclosures by executive branch employees less senior than public filers "shall be confidential and shall not be disclosed to the public"); 5 C.F.R. § 2634.901(a)–(b) (describing goals and contours of confidential financial reporting system). "Section 107(a) leaves no discretion on this issue with the agencies." 5 C.F.R. § 2634.901(d). Both the forms filed by government employees, see 5 C.F.R. part 2634, Subpart I, Form 450, and information obtained from those forms are protected, see Seife v. Nat'l Institutes of Health, 874 F. Supp. 2d 248, 254 (S.D.N.Y. 2012) (information transferred from Form 450 to another form confidential under 5

U.S.C. App'x 4 § 107(a)(2)). Defendants are not entitled to SEC employees' annual certifications of XRP purchases, sales, and holdings.

Defendants' request for documents reflecting the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and annual certifications concerning SEC employees' XRP holdings is DENIED. The SEC is directed to provide Defendants any documentation supporting SEC counsel's statement during the August 25, 2021 meet and confer that, after the formal order of investigation was issued as to Ripple on March 9, 2019, SEC employees could no longer trade XRP.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         September 21, 2021