# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1680
msolomon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

September 24, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *SEC v. Ripple Labs Inc. et al.,* No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

We write on behalf of Defendants Bradley Garlinghouse, Christian Larsen and Ripple Labs Inc. ("Defendants") in connection with the Court's *in camera* review of documents identified on Appendix A to Defendants' motion filed on August 10, 2021. *See* ECF No. 289-11. The documents identified on Appendix A represent a sample of entries from the SEC's privilege logs submitted as of the date of that filing that, based on the descriptions provided by the SEC, appeared to be most relevant to the claims and defenses in this case. The Court held oral argument on this motion on August 31, 2021, and ordered the SEC to provide the Court with the documents listed in Appendix A for *in camera* inspection. Two days *after* the hearing and the Court's order, on September 2, 2021, the SEC provided Defendants with an eighth privilege log with 19 new entries. We respectfully request that the Court add three of those new entries to the body of documents Your Honor will review *in camera*.

The descriptions of three of these documents from the belatedly produced privilege log suggest they may be highly relevant to this case. Two relate to meetings the SEC had with law firms to discuss the unprecedented confusion in the market regarding the SEC's view on the status of digital assets under the federal securities laws. The third is an email chain concerning discussions with a third party whom Defendants understand received guidance from the SEC to analyze its digital asset under the framework set forth in Director William Hinman's June 14, 2018 speech. Had this privilege log been provided before Defendants filed its motion on August 10, 2021, Defendants would have included all three documents in Appendix A. Indeed, if the SEC had provided this privilege log any time in advance of the August 31 hearing, Defendants would have asked the Court to include these three documents in its *in camera* inspection. Instead, Defendants had to ask the SEC voluntarily to include the documents in its September 14 submission to the Court. The SEC filed its brief (ECF No. 355) without responding to this request. The next day, the SEC indicated that it would not submit these documents for the

Court's *in camera* review "absent a specific directive from the Court." Sept. 15, 2021 Letter from Elizabeth Goody to Defendants.

Accordingly, Defendants respectfully ask the Court to order the SEC to submit these three additional documents for *in camera* review.

Respectfully submitted,

| | |
|---|---|
| */s/ Matthew C. Solomon* <br> Matthew C. Solomon <br> (msolomon@cgsh.com) <br> CLEARY GOTTLIEB STEEN & HAMILTON <br> 2112 Pennsylvania Avenue NW <br> Washington, DC 20037 <br> +1 (202) 974-1680 <br><br> *Attorneys for Defendant Bradley Garlinghouse* | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP <br> 1285 Avenue of the Americas <br> New York, NY 10019 <br> +1 (212) 373-3000 <br><br> *Attorneys for Defendant Christian A. Larsen* |
| KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC <br> Sumner Square <br> 1615 M Street, NW, Suite 400 <br> Washington, DC 20036 <br> +1 (202) 326-7900 | DEBEVOISE & PLIMPTON LLP <br> 919 Third Avenue <br> New York, NY 10022 <br> +1 (212) 909-6000 |

*Attorneys for Defendant Ripple Labs Inc.*