

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

September 27, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York

Re:   SEC v. Ripple Labs, Inc. et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

The SEC respectfully submits this letter in response to Defendants' September 24, 2021 letter (D.E. 358) requesting that the Court conduct *in camera* review of three additional documents withheld by the SEC on privilege grounds. These documents are not responsive to the Court's prior orders, and the SEC placed the documents on a privilege log only in an (apparently futile) attempt to avoid unnecessary disputes. In any event, the type of deliberations reflected in these additional documents are similar to the type of deliberations reflected in several of the documents the SEC has already submitted for *in camera* review.

On July 27, 2021—after the parties had exchanged privilege logs—Defendants requested that the SEC collect and produce additional documents relating to certain meetings between SEC staff and third parties that were reflected in documents already produced by the SEC, including information about who attended those meetings and what was discussed. Even though the meetings related to digital assets *other than* XRP, Bitcoin, or Ether—the three digital assets that were the subject of the Court's April 6 and May 6, 2021 discovery orders—the SEC agreed to search for such documents in an effort to avoid further litigation. Then, in a good-faith effort to respond to Defendants' follow-up requests, the SEC collected, produced, and logged certain *internal* SEC emails that reflected discussions at these meetings—even though such informal communications are outside the scope of the Court's orders for the production of formal position papers and internal memoranda. (*See* D.E. 351 at 2–3; D.E. 163 at 6.) The SEC provided its privilege log containing these additional documents, including the three documents for which Defendants now demand *in camera* review, to Defendants on September 2, 2021.

Meanwhile, on August 10, 2021, Defendants moved to compel production of documents listed on the SEC's original privilege logs, with a list of certain such documents in Appendix A. (D.E. 289.) On August 31, 2021, the Court ordered the SEC to submit the documents listed on Appendix A for *in camera* review and afforded the SEC the opportunity to set forth in detail the basis for its privilege assertions for each document. On September 14, 2021, in accordance with that order, the SEC submitted 29 documents for *in camera* review. (D.E. 351.)

The three additional documents listed on the SEC's September 2 privilege log for which Defendants now seek *in camera* review are not responsive to the Court's prior orders, reflect deliberations by SEC staff, and have therefore been redacted or withheld pursuant to the deliberative process privilege (the "Privilege"). The deliberations reflected in these documents are similar to the deliberations reflected in several of the documents already submitted *in camera* relating to SEC staff meetings with third-parties, including Appendix A Entries 1(C)–1(G), 1(I)–1(K), and

1(N).  If the Court determines that those Appendix A documents are appropriately covered by the Privilege (as it should for the reasons set forth in the SEC's September 14 submission), then there would be no need for the Court to review the three additional documents.  If, on the other hand, the Court determines that it is appropriate to pierce the Privilege for some or all of those Appendix A documents, then the Court can order *in camera* review of these three additional documents at that time.  If the Court orders *in camera* review of these additional documents, the SEC respectfully requests that it be afforded the opportunity to make a submission explaining its privilege assertions for each of these documents, just as the Court did for the documents the SEC has already submitted *in camera*.

The Court should therefore deny Defendants' request because requiring the SEC to submit the additional documents and briefing now is an unnecessary waste of the Court's resources.

Respectfully submitted,

/s Ladan F. Stewart

Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)