u
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      -against-

RIPPLE LABS, INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

                Defendants,

and

JORDAN DEATON, JAMES LAMONTE,
TYLER LAMONTE, MYA LAMONTE,
MITCHELL MCKENNA, KRISTIANA
WARNER and ALL SIMILARLY SITUATED
XRP HOLDERS,

                Proposed
                Intervenors.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/2021

20 Civ. 10832 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Before the Court is Jordan Deaton, James Lamonte, Tyler Lamonte, Mya Lamonte, Mitchell Mckenna, and Kristiana Warner's ("Movants") motion to intervene as defendants in this action pursuant to Federal Rule of Civil Procedure 24. ECF No. 122. For the reasons stated below, Movants' motion is DENIED, but Movants shall be permitted to proceed in their individual capacities as amici curiae.

## BACKGROUND

On December 22, 2020, the Securities and Exchange Commission (the "SEC") initiated this action, alleging that Defendants Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen have been engaging in the unlawful offer and sale of securities in violation of § 5(a) and § 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77e(a), (c). ECF No. 1; FAC ¶ 9, ECF No. 46. Specifically, the SEC alleges that XRP, a digital asset originally created

by Defendants, *id*. ¶¶ 45–47, is a security, and thus, Defendants are in violation of the Securities Act when they offer and sell XRP without prior registration. FAC ¶¶ 1, 9, 230–31, 430–40. As part of these allegations, the SEC contends that Defendants created a "secondary market" wherein individuals who purchased XRP from Defendants resold XRP to others (together, as all purchasers or holders of XRP not directly affiliated with Defendants, "XRP Holders"), including on independent trading platforms, *id*. ¶¶ 89, 154–55, 263–69, 321, and that XRP Holders invested in the "common enterprise" of increasing XRP's value with Defendants, *id*. ¶¶ 290–314. The SEC also alleges that that Defendants do not sell XRP for "use" or as "currency," and reasonable XRP Holders have viewed XRP solely as an investment. *Id*. ¶¶ 69, 88, 353–91.

Movants contend that the complaint "directly attack[s] XRP Holders" through mischaracterizations of XRP Holders' use of XRP and XRP's connection to Defendants. Movants Mem. at 7, ECF No. 123. Movants argue that the SEC's claim that "the very 'nature of XRP itself' makes it a security," leads to the conclusion that "'every individual in the world who is selling XRP would be committing a Section 5 violation,'" and so the XRP Holders' XRP will be affected by the outcome of this litigation. *Id*. at 9 (first quoting FAC ¶¶ 293, 353; then quoting ECF No. 94 at 44:7–9).

On January 1, 2021, Movants, six XRP Holders moving on behalf of all similarly situated XRP Holders, filed a petition for a writ of mandamus in the District of Rhode Island to compel the SEC to amend the complaint to exclude from its claims XRP owned and utilized by XRP Holders. *Id*.; *Deaton v. SEC*, No. 21 Civ. 1 (D.R.I. Jan. 1, 2021), ECF No. 1. On March 14, 2021, Movants withdrew their petition and instead moved to intervene in this action. ECF No. 65; *Deaton v. SEC*, No. 21 Civ. 1, ECF No. 13. The Court denied Movants' motion without prejudice to renewal for failure to comply with the Court's Individual Practices, ECF No. 68, and Movants properly filed their motion to intervene on April 19, 2021, ECF No. 122.

**DISCUSSION**

I. <u>Motion to Intervene</u>

A. Legal Standard

Rule 24 of the Federal Rules of Civil Procedure provides the criteria that a putative intervenor must meet to intervene either as of right or permissively. Under Rule 24(a), intervention as of right is granted when all four of the following factors are met:

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

Rule 24(b) sets out the standard for permissive intervention: "On a timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Under Rule 24(b), a court "considers the same factors that it considers for intervention as of right." *MASTR Adjustable Rate Mortgs. Tr. 2006-OA3 v. UBS Real Est. Sec.*, No. 12 Civ. 7322, 2013 WL 139636, at *2 (S.D.N.Y. Jan. 11, 2013). "[P]ermissive intervention is wholly discretionary with the trial court." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). However, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *Brennan*, 579 F.2d at 191.

B. Analysis

Movants argue they should be permitted to intervene as defendants as of right or, in the alternative, they should be permitted to intervene permissively, because their property—XRP—is at "the heart of this case," and they are not properly represented by either the SEC or Defendants.

3

Movants Mem. at 1.  Movants contend that the complaint, which they argue alleges that the XRP they hold and exchange are securities, effectively bring claims against them.  *Id*. at 11.  They concede, however, that intervention as a class, as initially proposed, would likely unduly delay the action.  Movant Reply at 14, ECF No. 186.  The SEC argues that Movants are statutorily barred from intervening insofar as they purport to bring claims against the SEC and constitutionally barred from intervention as defendants, and, if the Court concludes Movants are not barred, they should not be permitted to intervene either as of right or permissively.  SEC Opp'n at 10–12, ECF No. 153.  Defendants contend that Movants have an interest in the litigation and are not statutorily barred from intervention, but advocate for limited participation as either "amici-plus" or limited intervenors in order not to delay the case.  Def. Mem. at 12, ECF No. 152.

The Court concludes that Movants are barred from intervening, but will permit Movants to participate as amici curiae.  Initially, the Court agrees with Movants and the parties that § 21(g) of the Securities Exchange Act of 1934, which prohibits parties from "consolidat[ing] or coordinat[ing]" private claims with enforcement actions brought by the SEC in which equitable relief is sought, does not *per se* bar intervention in SEC enforcement actions.  *See* 15 U.S.C. § 78u(g); Movant Mem. at 11–13; SEC Opp'n at 13–14; Def. Mem. at 13.  Rather, this provision bars "claims for damages by non-SEC parties . . . (without the SEC's consent) in the enforcement action to which they purport to relate."  *SEC v. Caledonian Bank, Ltd.*, 317 F.R.D. 358, 367–68 (S.D.N.Y. 2016).  It does not bar intervention for purposes other than adding claims to an enforcement action.  *See SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 457, 466 (S.D.N.Y. 2000).  Therefore, insofar as Movants intend to institute claims against the SEC—which they do not do in their proposed answer, ECF No. 124-1—§ 21(g) bars that intervention.

Movants are, however, separately barred from intervening as defendants in the action at the merits stage. Under the Supreme Court's decision in *Heckler v. Chaney*, 470 U.S. 821 (1985), courts have held that they cannot review the SEC's decision not to take enforcement action against individuals or entities. *See, e.g.*, *Block v. SEC*, 50 F.3d 1078, 1085–86 (D.C. Cir. 1995); *see also Chaney*, 470 U.S. at 832 (holding that courts presumptively have no jurisdiction to review agency decisions "not to prosecute or enforce, whether through civil or criminal process").

There is no case law that addresses the specific circumstances presented here, where unrelated individuals seek to intervene as defendants, effectively requesting that the Court compel the SEC to take enforcement action against them. Although the Second Circuit has not weighed in, persuasive authority, including courts in this Circuit, have held that parties to an enforcement action cannot force the SEC to join other individuals or entities as defendants through Federal Rule of Civil Procedure 19, or a motion to dismiss for failure to join a necessary party under Rule 12(b)(7). *See SEC v. Laura*, No. 18 Civ. 5075, 2020 WL 1434114, at *3 (E.D.N.Y. Mar. 24, 2020) (collecting cases); *see also SEC v. Norstra Energy Inc.*, No. 15 Civ. 4751, 2016 WL 4530893, at *1 (S.D.N.Y. Jan. 19, 2016). If defendants cannot compel the SEC to join other individuals or entities as additional defendants, it follows that intervenors cannot compel the SEC to join *them* as defendants.

Even if the allegations in the complaint are as far-reaching as Movants contend, Movants are not currently defendants in this action: the SEC has brought claims against Defendants, not Movants, and no direct liability can attach to Movants. FAC ¶¶ 430–40. The Court cannot alter this exercise of discretion by the SEC. *SEC v. Princeton Econ. Int'l Ltd.*, No. 99 Civ. 9667, 2001 WL 102333, *1 (S.D.N.Y. Feb. 7, 2001). And, although this presumption of unreviewability can be rebutted by a showing that the SEC's refusal to take an enforcement action was "so extreme

as to amount to an abdication of its statutory responsibilities," *Chaney*, 470 U.S. at 833 & n.4, no such showing has been made here.

The cases cited by Movants do not contradict this conclusion. *Heckler v. Chaney* bears only on the limited circumstances where intervention would effectively compel the SEC to take enforcement action against the potential intervenors. It does not impact intervention in SEC enforcement actions in other capacities, such as objection to specific orders which affect the potential intervenors. *See, e.g.*, *SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001) (permitting intervention to object to discovery rulings that impacted movant); *SEC v. First Jersey Sec., Inc.*, 843 F.2d 74 (2d Cir. 1988) (same); *State of New York v. Scalia.*, No. 20 Civ. 1689 (S.D.N.Y. June 29, 2020), ECF No. 99 (permitting intervention in non-enforcement action); *Caledonian Bank, Ltd.*, 317 F.R.D. at 368 (permitting the possibility of intervention to object to a consent decree); *SEC v. Founding Partners Capital Mgmt. Co*. No. 09 Civ. 229, 2009 WL 10671823, at *1 (M.D. Fla. Aug. 28, 2009) (permitting intervention to object to a court order freezing assets held in part by movant); *Credit Bancorp, Ltd.,* 194 F.R.D. at 457 (permitting intervention where movants sought to assert claims against possessions in a receivership); *SEC v. Navin*, 166 F.R.D. 435 (N.D. Cal. 1995) (permitting intervention where movants sought to assert claims against defendants). In Movants' remaining case, *SEC v. Flight Transportation Corp.*, the Eighth Circuit, in addition to allowing intervention to assert a claim against a defendant, permitted a woman to intervene as a defendant in an SEC enforcement action brought against her estranged husband to protect her interest in marital property. 699 F.2d 943, 948–52 (8th Cir. 1983). That case, however, was decided before *Heckler v. Chaney*, and, regardless, is not binding on this Court.

Moreover, the Court concludes that intervention would not be merited in this instance. Intervention as of right is not necessary here: despite their assertions, Defendants can adequately

represent Movants' interest in this case, thus failing the fourth prong of the intervention as of right test. "[T]he burden to demonstrate inadequacy of representation is generally speaking minimal." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001) (quotation marks and citations omitted). However, where there is an "an identity of interest," a presumption of adequate representation by a party already in the action arises, which a movant must rebut. *Id*. A movant can effect this rebuttal by demonstrating "evidence of collusion, adversity of interest, nonfeasance, or incompetence" regarding the existing party. *Id.* at 180.

Here, Movants and Defendants have an identity of interest because they share the identical ultimate objective. *E. End Eruv Ass'n, Inc. v. Town of Southampton*, No. 13 Civ. 4810, 2014 WL 4773989, at *6 (E.D.N.Y. Sept. 24, 2014) (applying the presumption where movants and the party had the same "ultimate objective," even if they had different strategies and motives for achieving that objective). Both Movants and Defendants seek the same outcome: a holding that XRP, particularly XRP currently being traded, is not a security. *Compare* Movant Mem. at 15–22, *with* Ripple Labs Ans. at 7–8, ECF No. 43.

Movants contend that Defendants are "incompetent" to represent their interest because they do not have access to the information that Movants have. Movant Reply at 11–12. The Second Circuit has not given a precise definition of adequacy of representation. However, in its discussion in *Butler*, the Second Circuit cited *United States v. International Business Machines*, which viewed competence as "relating to the ability, both legally and practically, of an existing party to represent an interest of a proposed intervenor." 62 F.R.D. 530, 538 n.20 (S.D.N.Y. 1974). Here, there are no legal or practical constraints preventing Defendants from asserting the arguments Movants put forth regarding XRP and obtaining the relevant facts through discovery—for instance, by deposing Movants. *Id.* Although Defendants may not stress certain arguments to the extent Movants desire, disagreement as to litigation strategy is not inadequacy.

7

*St. John's Univ., New York v. Bolton*, No. 08 Civ. 5039, 2010 WL 5186823, at *3 (E.D.N.Y. Dec. 10, 2010) ("[The party's] representation is not inadequate simply because they have different ideas about how best to achieve [their mutual] goals." (quoting *United States v. City of New York*, 190 F.3d 360, 367 (2d Cir.1999))), *aff'd*, 450 F. App'x 81 (2d Cir. 2011). Because Defendants can adequately represent Movants, Movants are not entitled to intervention as of right.

Similarly, permissive intervention is inappropriate here. The Second Circuit has noted that permissive intervention in SEC enforcement actions is disfavored. *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972). Here, the threshold of Rule 24(b) is met because there are common questions of law and fact between Movants' and Defendants' assertions regarding the status of XRP. However, intervention is nevertheless not warranted because it would "unduly delay or prejudice the adjudication of the rights of" the SEC and Defendants. *Id.* at 1239.

"[W]here a grant of a motion to intervene would require further discovery, a court may properly deny the motion for prejudicing the existing parties due to delay." *Trs. of Nat'l Ret. Fund v. Fireservice Mgmt. LLC*, 384 F. Supp. 3d 412, 420 (S.D.N.Y. 2019) (quotation marks and citation omitted). And, both Defendants and Movants have stressed the need for quick resolution of this case. Def. Mem. at 12; Movant Reply at 14; *see also* ECF No. 234. Although Movants say that they do not intend to seek further discovery, Movant Mem. at 14, the SEC states that, should the Court grant intervention, it would seek discovery from Movants, SEC Opp'n at 22. Discovery in this action has already been extended, ECF No. 246, and the Court is not inclined to permit further delay by granting intervention and prolonging discovery when, as discussed *infra*, other avenues are available for Movants to inform the Court of their views.

Accordingly, Movants' motion to intervene is DENIED.

II.    Amici Curiae

Movants shall, however, be permitted to act as amici curiae.[1] "There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court," and so deciding whether to permit an individual to act as amicus curiae lies in the "firm discretion" of the district court. *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (quotation marks and citation omitted). Usually, an amicus brief should be allowed in the following circumstances:

> when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997)).

The Court concludes that amici status strikes a proper balance between permitting Movants to assert their interest in this case and allowing the parties to remain in control of the litigation. *See Waste Mgmt. of Penn., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("The named parties should always remain in control, with the amicus merely responding to the issues presented by the parties. An amicus cannot initiate, create, extend, or enlarge issues. Further, an amicus has no right to appeal or dismiss issues."). Movants may view XRP differently from Defendants and thus may stress different arguments, and so, even if intervention

---

[1] Because all parties oppose Movants' class certification, Def. Mem. at 15, Gov't Opp'n at 22, and Movants concede it would delay the action, Movant Reply at 14, the Court shall consider only whether to grant Movants amici status in their individual capacities.

9

is unavailable, they will provide the Court with a meaningful perspective, and will help ensure "complete and plenary presentation of difficult issues so that the [C]ourt may reach a proper decision." *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (citation omitted); *see also Portland Pipe Line Corp. v. City of S. Portland*, No. 15 Civ. 54, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017) ("[T]he Court views the amici briefs as desirable because they represent third parties whose particular interests may be affected by the Court's ruling and whose particular interests are echoed in broader public interests.").

However, in order to maintain the balance between parties and amici, the Court will not permit Movants, as amici, to offer evidence or present witnesses. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) ("An amicus who argues facts should rarely be welcomed."). Defendants have the opportunity and motive to acquire the evidence Movants would offer, and so permitting Movants to present it instead would result in "an end run around court-imposed limitations on the parties, including discovery restrictions [and] the rules of evidence." *Portland Pipe Line Corp.*, 2017 WL 79948, at *5.

The SEC argues that amici status is inappropriate because Movants are not neutral parties. SEC Reply at 7–8, ECF No. 189. However, courts have accepted that "by the nature of things an amicus is not normally impartial," *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991) (quoting *Strasser*, 432 F.2d at 569), and so "there is no rule . . . that amici must be totally disinterested," *Concerned Area Residents for the Environment v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)); *see also Club v. Federal Emergency Management Agency*, No. 07 Civ. 608, 2007 WL 3472851, at *1–2 (S.D. Tex. Nov. 14, 2007) (discussing the variety of ways courts have handled partisan amici). Therefore, although the Court notes Movants' partiality, that bias does not bar their participating as amici. *See Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136–37, 137

n.6 (D.D.C. 2008) (permitting the movant to act as amicus to assist with "significant legal issues," although acknowledging the movant's "highly partisan position"). Moreover, by not permitting Movants to present evidence, the Court will limit their participation to legal as opposed to factual issues, preventing prejudice to the SEC.

Accordingly, Movants, in their individual capacities, shall be permitted to act as amici curiae in this action. As such, Movants shall be allowed to assist the Court by briefing legal issues relevant to the case as approved in advance by the Court. The Court contemplates that such assistance will be most beneficial during briefing on dispositive motions, but may exercise its discretion to request or deny further applications as appropriate.

## CONCLUSION

For the reasons stated above, Movants' motion to intervene is DENIED. Movants shall be permitted to act as amici curiae, as described in this order.

The Clerk of Court is directed to terminate the motion at ECF No. 122.

SO ORDERED.

Dated: October 4, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge