

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

October 7, 2021

**By ECF**
Hon. Analisa Torres
U.S. District Court
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT) (SN)

Dear Judge Torres:

In light of a decision on Monday by the United States Court of Appeals for the Second Circuit, Plaintiff Securities and Exchange Commission respectfully submits this notice of supplemental authority in further support of its opposition (D.E. 182 & 183) to Defendants Bradley Garlinghouse's and Christian A. Larsen's ("Individual Defendants") pending motions to dismiss the SEC's First Amended Complaint (D.E. 105–114).

In their motions, the Individual Defendants argue that *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010), warrants dismissal of the SEC's claims against them on extraterritoriality grounds. (D.E. 106 at 22–28 (Larsen); D.E. 111 at 21–30 (Garlinghouse).) In *Morrison*, the Supreme Court decided the proper standard for assessing when Section 10(b) of the Securities Exchange Act of 1934, an anti-fraud provision, applies to domestic purchases and sales of securities such that Section 10(b)'s application is not impermissibly extraterritorial. 561 U.S. at 266–71. The Individual Defendants contend that the *Morrison* test applies to the SEC's claims here under the registration provisions of Section 5 of the Securities Act of 1933, which governs *offers* and sales of securities. (*E.g.*, D.E. 106 at 22 (Larsen); D.E. 111 at 20, 22 (Garlinghouse).) Meanwhile, the SEC's opposition explains why the *Morrison* test does *not* apply to Section 5 claims. (D.E. 183 at 3, 36–51.)

On Monday, the Second Circuit issued an opinion in *Barron v. Helbiz, Inc.*, __ Fed. App'x __, 2021 WL 4519887 (2d Cir. Oct. 4, 2021) (summary order), addressing *Morrison*'s scope. The court held: "The *Morrison* Court, in analyzing the federal securities claim at issue there, did *not* assert that its analysis applied to claims that are not brought under Section 10(b) of the Securities Exchange Act, such as the state law claims made here." *Id.* at *3 (emphasis added) (vacating the district court's dismissal of plaintiffs' claims and remanding). The Second Circuit thus recognized that *Morrison* on its own terms did not apply beyond Section 10(b) of the Securities Exchange Act, as the SEC has argued Individual Defendants are attempting to expand its application in their motions to dismiss.

Respectfully submitted,

/s/ Mark R. Sylvester
Mark R. Sylvester

cc:   All counsel of record (by ECF)