# Exhibit A

**From:** Oppenheimer, Bradley E.
**Sent:** Monday, September 27, 2021 7:48 AM
**To:** 'Moye, Robert M.' <MoyeR@sec.gov>; 'Levander, Samuel' <slevander@cgsh.com>; Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com' <egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>; mflumenbaum@paulweiss.com; 'aceresney@debevoise.com' <aceresney@debevoise.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; mgertzman@paulweiss.com; Tatz, Nicole <ntatz@cgsh.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Goody, Elizabeth <GoodyE@SEC.GOV>; Chan, Raymond R. <ChanR@SEC.GOV>
**Subject:** RE: SEC v. Ripple Labs, Inc.

Rob,

Your email misrepresents the record in significant respects. To take just one example: your email below complains that "until last night, [Defendants] had offered no compromise which would prioritize the 5th set of RFAs ahead of the other two." That is simply untrue. My September 15 email in this same thread offered "to prioritize [the RFAs] as follows: 30 days to respond to the Fifth Set; 60 days to respond to the Fourth Set; and 75 days to respond to the Sixth Set." As you know and as the parties discussed, the Fifth Set deals with *Morrison*/foreign exchange issues that are relevant to expert discovery, which is why Defendants prioritized the SEC's timely response. To catalog more examples of the SEC's misrepresentations in the email below would be an inefficient use of time. It seems clear that the SEC is unwilling to entertain any of the multiple, reasonable approaches we have offered and that the SEC simply wants to avoid complying with its discovery obligations.

Brad

---

**From:** Moye, Robert M. <MoyeR@sec.gov>
**Sent:** Friday, September 24, 2021 6:05 PM
**To:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>; 'Levander, Samuel' <slevander@cgsh.com>; Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com' <egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>; mflumenbaum@paulweiss.com; 'aceresney@debevoise.com' <aceresney@debevoise.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; mgertzman@paulweiss.com; Tatz, Nicole <ntatz@cgsh.com>; Dearborn,

1

Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Goody, Elizabeth <GoodyE@SEC.GOV>; Chan, Raymond R. <ChanR@SEC.GOV>
**Subject:** [EXTERNAL] RE: SEC v. Ripple Labs, Inc.

Brad:

Thank you for your letter. We have considered your proposal for a compromise on the 4th an 5th sets of RFAs, and it is not close to being acceptable. Among other things:

- The extensions previously offered by defendants did not reduce the unreasonable burden of responding to more than 29,000 interrogatories.
- We do not agree that "many" of the RFAs "confirm[] exculpatory facts" and "narrow[] the issues for trial." To the contrary, many of those requests are either contested or not within the SEC's knowledge, and also are subject to other objections, including relevance, hearsay, completeness and foundation.
- It is unreasonable to expect the SEC to respond to more than 300 requests in the Defendants' 5th Set of RFAs by September 30th. Defendants have been on notice since Sept. 2nd that Defendants 4th, 5th, and 6th sets of RFAs were issued in violation of the FRCP and, until last night, had offered no compromise which would prioritize the 5th set of RFAs ahead of the other two. In fact, one of your previous proposals offered the SEC 60 days to respond to the 5th set of RFAs.
- As Mark Sylvester indicated during our last M&C, the SEC remains interested in finalizing a stipulation with Defendants regarding the authenticity of documents. However, there is no court order or deadline that would require such a stipulation to be finalized now.
- The SEC is not presently prepared to stipulate to the authenticity of all 163 documents proposed by Defendants. More importantly, any stipulation entered into by the parties should be mutual, and the SEC has not shared a list of proposed documents to be stipulated to by the Defendants.
- Finally, it is unclear why a stipulation regarding the authenticity of 163 documents would allow the Defendants to reduce and reissue the number of requests in their 4th Set of RFAs by 426 requests – unless that set currently contains at least 263 irrelevant, redundant or objectionable requests.

Despite the parties' good faith efforts to consider and propose potential compromises, those efforts have been unsuccessful. Unless Defendants accept the SEC's proposal to respond to 500 RFAs selected by Defendants within 90 days of the agreement, by Monday, then we are at impasse.

2

The SEC is not willing to consider any additional proposals for compromise, or to continue negotiating about prior proposals, because doing so would impact significantly our ability to seek the Court's assistance in resolving this dispute. Accordingly, the SEC intends to prepare and file a motion for a protective order regarding all three sets of RFAs, and defendants can respond as they think best.

Please let me know if you have any questions, or wish to discuss this further.

Rob

---

**From:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Sent:** Thursday, September 23, 2021 9:38 PM
**To:** Moye, Robert M. <MoyeR@sec.gov>; 'Levander, Samuel' <slevander@cgsh.com>; Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com' <egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>; mflumenbaum@paulweiss.com; 'aceresney@debevoise.com' <aceresney@debevoise.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; mgertzman@paulweiss.com; Tatz, Nicole <ntatz@cgsh.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Goody, Elizabeth <GoodyE@SEC.GOV>; Chan, Raymond R. <ChanR@SEC.GOV>
**Subject:** RE: SEC v. Ripple Labs, Inc.

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Rob,

Thank you for your email. In light of the SEC's unwillingness to identify the particular contractual provisions on which it may rely, we are unable to offer a stipulation in lieu of the Sixth Set of RFAs and appear to be at impasse as to those.

As to the Fourth and Fifth Sets of RFAs, I believe the parties may still be able to reach a compromise. Please see the attached correspondence for Defendants' proposal in that regard.

Best regards,
Brad

---

**From:** Moye, Robert M. [mailto:MoyeR@sec.gov]
**Sent:** Thursday, September 23, 2021 7:15 PM
**To:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>; 'Levander, Samuel'

3

<slevander@cgsh.com>; Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com' <egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>; mflumenbaum@paulweiss.com; 'aceresney@debevoise.com' <aceresney@debevoise.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; mgertzman@paulweiss.com; Tatz, Nicole <ntatz@cgsh.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Goody, Elizabeth <GoodyE@SEC.GOV>; Chan, Raymond R. <ChanR@SEC.GOV>
**Subject:** [EXTERNAL] RE: SEC v. Ripple Labs, Inc.

Brad:

Thank you for clarifying Ripple's request about potential stipulations regarding the XRP sales contracts. By way of response:

First, under the *Howey* test, the SEC is not limited to offering the actual provisions of any particular sales agreements between Ripple and Market Makers or other parties to prove that Ripple engaged in the offer and/or sale of securities. The SEC can rely on other evidence, including but not limited to Ripple's emails, public statements and internal documents, as well as expert analysis, to show that Ripple engaged in efforts relevant to the *Howey* analysis.

Second, to the extent that defendants' request for stipulations seeks to limit the SEC's ability to present documentary or other evidence, at trial or on summary judgment, the SEC objects that such an effort is premature and inappropriately asks the SEC to reveal its work product or trial strategy. We remain willing to consider any particular stipulation that Defendants may propose. But we don't think that discussing stipulations in the abstract is very helpful, and we are uncertain whether the effort to craft acceptable stipulations ultimately would be worthwhile.

Third, at this point the SEC is not willing to stipulate to the particular provisions of XRP contracts that the SEC will rely upon, or will not rely upon, in support of its claims against defendants. However, Defendants should understand that the SEC may refer to Ripple's imposition of restrictions on its transfers or sales of XRP, including the use of "Lockup Periods" and "Daily Sale Limitations, in support of its claims.

Please be advised that the SEC reserves all of its rights to point to the express or implied provisions of particular contracts in order to present its claims and/or respond to arguments raised by the defendants, including during trial or on summary judgment.

Rob

4

**From:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Sent:** Tuesday, September 21, 2021 8:02 PM
**To:** Moye, Robert M. <MoyeR@sec.gov>; 'Levander, Samuel' <slevander@cgsh.com>; Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com' <egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>; mflumenbaum@paulweiss.com; 'aceresney@debevoise.com' <aceresney@debevoise.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; mgertzman@paulweiss.com; Tatz, Nicole <ntatz@cgsh.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Goody, Elizabeth <GoodyE@SEC.GOV>; Chan, Raymond R. <ChanR@SEC.GOV>
**Subject:** RE: SEC v. Ripple Labs, Inc.

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Rob,

Thank you for your email. We will confer with our client about your proposal. In the meantime, however, we wish to note that our proposal during our last meet and confer was not for the SEC "to take another look at Defendants' 6th set of RFAs and determine whether there were any of the repeated sets of questions about documents that [the SEC] would be willing to answer." The SEC is obligated to answer all of the RFAs, absent an agreement by the parties to the contrary.

Rather, we asked whether the SEC will inform Defendants which contractual provisions, if any, the SEC intends to rely on when claiming that Defendants' sales or offers of XRP constituted investment contracts pursuant to the federal securities laws. We explained that if the SEC is willing to identify such provisions, Defendants will consider a stipulation that may obviate the need for many, or perhaps even all, of the RFAs in Defendants' Sixth Set.

Will the SEC identify the contractual provisions it intends to rely upon so that we may pursue this option?

Regards,
Brad

---

**From:** Moye, Robert M. <MoyeR@sec.gov>
**Sent:** Tuesday, September 21, 2021 5:17 PM
**To:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>; 'Levander, Samuel' <slevander@cgsh.com>; Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com' <egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>;

5

mflumenbaum@paulweiss.com; 'aceresney@debevoise.com' <aceresney@debevoise.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; mgertzman@paulweiss.com; Tatz, Nicole <ntatz@cgsh.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Goody, Elizabeth <GoodyE@SEC.GOV>; Chan, Raymond R. <ChanR@SEC.GOV>
**Subject:** [EXTERNAL] RE: SEC v. Ripple Labs, Inc.

Counsel:

As you know, during last week's M&C the SEC declined to accept your proposed compromise(s) about the pending 4th, 5th, and 6th sets of Requests for Admissions ("RFAs"). However, you also asked us to take another look at Defendants' 6th set of RFAs and determine whether there were any of the repeated sets of questions about documents that we would be willing to answer.

Having done so, without an agreement to withdraw any of defendants' other RFAs there is no subset of the 6th set of requests that the SEC is willing to answer. Even the requests about the authenticity of XRP agreements (which may never be used as evidence), would require the SEC to review and prepare responses to approximately 1,700 separate requests. Given the time that would be required to respond, and the minimal benefit to the parties, the burden of defendants' requests are disproportionate in the context of this case.

However, in the interests of resolving this dispute the SEC would be willing to respond to 500 RFAs, selected by defendants from the 4th 5th and 6th sets of RFAs, within 90 days of an agreement by the parties. Please let us know by Friday if this is acceptable. If the parties cannot reach an agreement, the SEC intends to file a motion for a protective order with the Court.

Thank you.

Rob Moye

---

**From:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Sent:** Wednesday, September 15, 2021 5:15 PM
**To:** 'Levander, Samuel' <slevander@cgsh.com>; Moye, Robert M. <MoyeR@sec.gov>
**Cc:** Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com' <egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>; 'aceresney@debevoise.com' <aceresney@debevoise.com>; mflumenbaum@paulweiss.com; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Daniels, Jon

<danielsj@SEC.GOV>; Goody, Elizabeth <GoodyE@SEC.GOV>; Chan, Raymond R. <ChanR@SEC.GOV>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Tatz, Nicole <ntatz@cgsh.com>; mgertzman@paulweiss.com; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>
**Subject:** RE: SEC v. Ripple Labs, Inc.

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

We write to offer a proposal in advance of our meet and confer on Friday. Defendants served these three sets of RFAs on August 31, 2021.  The SEC has objected to the RFAs based on volume.  In light of our discussion last week, we propose that the parties proceed as  follows:

*First*, to address the concerns raised by the SEC about the 30-day deadlines for the RFAs not being feasible given their breadth, Defendants will agree to extend the SEC's time to respond to the RFAs and to prioritize them as follows: 30 days to respond to the Fifth Set; 60 days to respond to the Fourth Set; and 75 days to respond to the Sixth Set.

*Second*, as to the Fourth set and as we expressed last week, if the SEC agrees to our proposed stipulation of authenticity, we can withdraw the RFAs in this set that go to authenticity issues.

*Third*, for the avoidance of doubt, Defendants' proposal does not involve the withdrawal or reissuance of any of the RFAs in the Sixth Set. As the SEC acknowledged during our discussion last week, the SEC may rely on contractual terms to support its claims that Defendants offered or sold investment contracts. Defendants are entitled to establish undisputed facts about the contents of those contracts in support of their defenses.

Best regards,
Brad

---

**From:** Levander, Samuel <slevander@cgsh.com>
**Sent:** Wednesday, September 8, 2021 5:10 PM
**To:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>; 'MoyeR@sec.gov' <MoyeR@sec.gov>
**Cc:** Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com' <egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>; 'aceresney@debevoise.com' <aceresney@debevoise.com>; mflumenbaum@paulweiss.com; 'Tenreiro, Jorge' <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; 'HanauerB@sec.gov' <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; 'guerrierp@sec.gov' <guerrierp@sec.gov>; Daniels, Jon <danielsj@SEC.GOV>; 'GoodyE@sec.gov' <GoodyE@sec.gov>; 'ChanR@sec.gov' <ChanR@sec.gov>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander

<ajanghorbani@cgsh.com>; Tatz, Nicole <ntatz@cgsh.com>; mgertzman@paulweiss.com; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>
**Subject:** [EXTERNAL] RE: SEC v. Ripple Labs, Inc.

Dear Rob,

We write separately to address Defendants' fifth set of RFAs, which are neither unreasonable, burdensome, nor disproportionate.

Defendants' fifth set of RFAs are plainly relevant to the SEC's burden under *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), of showing that Defendants' sales or offers occurred in the United States. The U.S. securities laws do not apply to sales or offers on foreign exchanges. *Id.* at 267-68 ("We know of no one who thought that the Act was intended to 'regulat[e]' *foreign* securities exchanges.") (emphasis in original); see *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 532-33 (S.D.N.Y. 2011) (dismissing claims of American shareholders who purchased shares on a foreign exchange, reasoning that *Morrison* "clearly sought to bar claims based on purchases and sales of foreign securities on foreign exchanges").

Defendants' fifth set of RFAs call for the SEC to admit whether it will assert that certain digital asset trading platforms are located in the United States and the basis for any such assertion. These 309 RFAs consist of nine requests each related to the 34 digital asset trading platforms on which Defendants sold XRP, as well as three requests confirming that the SEC does not assert the Defendants sold XRP on any other digital asset trading platforms. These RFAs are designed to narrow the issues in this case, focus the parties' briefing on summary judgment, and reduce trial time. By clarifying which of these digital asset trading platforms the SEC does not assert are located within the United States, these RFAs will reduce the number of contested facts related to the Defendants' *Morrison* defenses. In turn, such narrowing would relieve the parties from the costs and burden from seeking document discovery abroad and the depositions of foreign nationals located outside the United States.

We are available to meet and confer regarding this set of RFAs on Friday.

Best regards,
Sam

---

**Samuel Levander**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mdigiaro@cgsh.com
One Liberty Plaza, New York NY 10006

slevander@cgsh.com | clearygottlieb.com

---

**From:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Sent:** Wednesday, September 8, 2021 1:26 PM
**To:** 'MoyeR@sec.gov' <MoyeR@sec.gov>
**Cc:** Zornberg, Lisa <lzornberg@debevoise.com>; 'egulay@debevoise.com'

8

<egulay@debevoise.com>; Solomon, Matthew <msolomon@cgsh.com>; Figel, Reid M. <rfigel@kellogghansen.com>; Ford, Christopher S. <csford@debevoise.com>; 'aceresney@debevoise.com' <aceresney@debevoise.com>; mflumenbaum@paulweiss.com; 'Tenreiro, Jorge' <tenreiroj@SEC.GOV>; Sylvester, Mark <sylvesterm@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; 'HanauerB@sec.gov' <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; 'guerrierp@sec.gov' <guerrierp@sec.gov>; Daniels, Jon <danielsj@SEC.GOV>; 'GoodyE@sec.gov' <GoodyE@sec.gov>; 'ChanR@sec.gov' <ChanR@sec.gov>
**Subject:** RE: SEC v. Ripple Labs, Inc.

Dear Rob:

Thank you for your email. Defendants disagree with your contention that their Fourth, Fifth, and Sixth Sets of RFAs are unreasonable and unduly burdensome. We will address the Fourth and Sixth Sets below, and understand that counsel for the individual defendants will write separately regarding the Fifth Set.

Defendants' Fourth Set of RFAs include approximately 775 requests focused primarily on the SEC's communications and meetings with third parties. This set also includes RFAs relating to public statements by SEC staff about digital assets, SEC trading policies relating to digital assets, and public statements by market participants and other federal agencies concerning the regulation of digital assets and the lack of clarity. Approximately 50 of the 775 RFAs in this set relate to authenticating documents and oral statements; if Defendants and the SEC can agree within the next week to an authenticity stipulation covering that material, then the SEC need not respond to those 50 or so RFAs, which will reduce the volume of RFAs in this set to be answered to approximately 675.

This fourth set is appropriate under Rules 1, 26, and 36 and proportionate to the needs of the case. These RFAs are highly relevant to the SEC's claims and Defendants' defenses – including the market's understanding of the treatment of XRP under *Howey*, defenses to the SEC's allegations of recklessness by the individual defendants, and Ripple's lack of fair notice defense. The RFAs are also efficient. They will confirm and put to bed basic facts relevant to the SEC's external communications that Defendants believe are genuinely undisputed but that cannot be established from the SEC's document production relating to its meetings and communications with third parties.

To the extent the SEC takes issue with the number or scope of these RFAs, that is an issue of the SEC's own making in bringing a case covering eight years of conduct to which the SEC's external communications with third parties are important, as is evidence establishing the SEC's own conduct, knowledge and awareness of substantial uncertainty regarding whether or how US securities laws applied to digital assets including XRP, ether and Bitcoin. We also dispute that the SEC will be burdened in responding to these RFAs, most of which implicate the SEC's own statements and conduct, and thus should not be difficult to answer.

As to the Sixth Set of RFAs, assuming the SEC is familiar with the evidence related to the sweeping allegations in its own Complaint, any burden on the SEC is minimal. In particular, and as previously noted in our cover email, we direct your attention to Instructions 8 and 9, and to the first 13 RFAs in the Sixth Set (numbered 1,340 to 1,352). Even a cursory review of the written contracts associated

9

with Ripple's distributions of XRP to third parties demonstrates that these contracts do not themselves contain any provisions that impose *any* obligations on Defendants with respect to critical factors in the *Howey* test. Instructions 8 and 9, and RFAs 1,340 to 1,352, are carefully crafted to enable the SEC to admit to what we believe are undisputed facts obvious from the text of the written contracts, such that the admissions sought in RFAs 1,340 to 1,352 as to the provisions (or absence of provisions) in the relevant agreements will substantially narrow the legal issues, and factual disputes, at trial – and will obviate the need for the SEC to respond to the remainder of the RFAs in this set once it admits these first 13 RFAs. Similarly, Instructions 8 and 9 permit the SEC to identify specific contracts as exceptions to admissions on RFAs 1,340 to 1,352, and then to provide responses only to those RFAs that relate to those specific contracts. Thus, your suggestion that the Sixth Set of RFAs imposes unreasonable burdens on the SEC is unfounded.

Moreover, the burden, if any, in answering Defendants' Sixth Set of RFAs results from the SEC's own litigation tactics in this case. The SEC could have pursued this litigation on a far narrower basis – by relying on a limited number of transactions that purportedly resulted in the offering of an "investment contract" by Ripple. Instead, the SEC elected, as it admits in response to Ripple's Interrogatory No. 1, to allege that "every offer, sale and distribution of XRP by Ripple, Larsen, and Garlinghouse" constituted an investment contract. SEC's Resps. & Objs. to Ripple's First Set of Interrogs. at 6. Yet despite Defendants' repeated requests, the SEC has never stated with specificity whether evidence relevant to the *Howey* test is found in specific provisions of the written agreements – including but not limited to whether Ripple's written contracts created duties on Ripple to increase the price of XRP, and the identity of the common enterprise to which Ripple would apply its managerial and entrepreneurial efforts from which a purchaser of XRP could expect to receive future profits. *See*, *e.g.*, Ripple Interrogatories Nos. 1 and 2 (asking the SEC to "[i]dentify each contract" and to "[i]dentify all terms of the contract that you contend created an 'expectation of profit' (as that term is used in *SEC v. Howey*)"); Letter from B. Hanauer to R. Figel at 3 (Aug. 27, 2021) ("Our contention remains that Ripple's sales of XRP were a series of 'transactions, schemes, *or* contracts' under *Howey*." (emphasis added)).

Even at this late date, when almost all fact discovery has been completed, the SEC still refuses to state whether some, all, or none of the contracts pursuant to which Ripple offered or sold XRP include specific provisions relevant to the application of *Howey* to this litigation. If the SEC *is willing to admit* in RFA Nos. 1,340 to 1,352, as we believe it must, that none of these contracts include terms and provisions supporting the particular *Howey* issues identified in the RFAs, then separate responses to RFA Nos. 1,353 to 29,574 would be unnecessary. If the SEC *is unwilling to admit* RFA Nos. 1,340 to 1,352, and thereby continues to assert that some unspecified number of Ripple's contracts include provisions supporting those *Howey* issues, the SEC cannot fairly complain that complying with its obligations under Rules 26 and 36 is unduly burdensome or unreasonable. This is particularly true because, as noted above, the SEC has made clear that it contends that "every offer, sale and distribution of XRP" constitutes an investment contract, and that SEC will seek disgorgement and damages based on each such transaction. *See* First Am. Compl. 78-79, ECF No. 46 (seeking a judgment ordering Defendants "to disgorge all ill-gotten gains obtained within the statute of limitations" and "to pay civil money penalties"). The identification of the specific contracts, and the specific provisions of each such contract, that create rights and expectations of an XRP purchaser, or duties on Ripple, are clearly "relevant" "matters" within the scope of those rules;

indeed, they are some of the most relevant matters in this case. Responses to these RFAs are therefore essential to promote the "just, speedy, and inexpensive determination of [this] action" under Rule 1, and will eliminate litigation over undisputed facts, or identify disputed facts, thereby clarifying and narrowing the issues at trial.

Whatever burden would be imposed on the SEC in responding to these RFAs is vastly outweighed by reducing the burdens on the Court, jurors, and Defendants of deciding, on a contract-by-contract basis, the relevance of the more than 1,700 contracts at issue in this case. *See Pasternak v. Dow Kim*, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) (holding that although "the RFAs [propounded were] extensive and cover[ed] a significant range of issues presented in the case, that [was] entirely appropriate, since the purpose of Requests for Admissions is not necessarily to obtain information but to narrow issues for trial" (internal quotation marks and citation omitted)); *Best Med. Int'l, Inc. v. Accuray, Inc.*, 2013 WL 3305478, at *3 (W.D. Pa. July 1, 2013) ("The sheer number of requests does not violate the Rules of Civil Procedure, because requests for admissions are designed to narrow the issues for trial, and thereby advance the just, speedy and inexpensive determination of the case."). As the Advisory Committee notes to Rule 36 explain, "a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process.........In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal." Fed R. Civ. P. 36, Advisory Committee Notes to 1970 Amendment.

Absent an admission to Defendants' Sixth Set of RFAs, Defendants must assume that the SEC intends to rely on various provisions in each of the contacts related to Defendants' sales or distribution of XRP from 2013 through the present. Indeed, Defendants propounded these RFAs because many of your prior statements suggest that the SEC believes that the terms of these contracts support its *Howey* theory. For instance, you have never identified how many units of XRP you allege Defendants have sold or distributed in violation of the registration requirements of Section 5, nor the value in U.S. dollars that Defendants allegedly received in exchange for those transfers – issues that are clearly relevant to the defense of this case. *See*, *e.g.,* First Am. Compl. ¶ 1, ECF No. 46 (alleging that "[f]rom at least 2013 through the present, Defendants sold *over* 14.6 billion units of a digital asset security called 'XRP,' in return for cash or other consideration worth *over* $1.38 billion" (emphases added)); *id.* ¶ 5 ("Ripple was able to raise *at least* $1.38 billion by selling XRP" without filing a registration statement (emphasis added)); *see also* Letter from B. Hanauer to R. Figel at 3 (Aug. 27, 2021). Without responses to Defendants' RFAs that clarify which of the specific contracts, and which provisions of those contracts, support your theory of Defendants' alleged violation of the federal securities laws, Defendants must take your prior statements at face value, and assume that you intend to prove that every sale or distribution of XRP violated Section 5, and thus that every document under which such a transaction occurred contains evidence that would be relevant at trial.

We disagree with your hyperbolic suggestion that it would take an SEC attorney 104 days to respond the Sixth Set of RFAs. To begin with, you offer no basis for your estimate that it would take five minutes to respond to each RFA. The SEC is undoubtedly familiar with the terms of the contracts that allegedly support its claimed violation, and each set of RFAs relate to a specifically-identified contract that has been produced in discovery. Many of these are form contracts with identical provisions, which the SEC presumably does not believe differ in legal or economic substance. As

11

stated in Instruction 9, the SEC is also permitted to identify each of the contracts for which you believe a denial is appropriate for RFAs 1,340 to 1,352, and only to respond specifically to the RFAs associated with that particular contract, so long as you admit that Ripple did not make such a promise in other contracts. *See Gen. Elec. Co. v. Prince*, 2007 WL 86940, at *2 (S.D.N.Y. Jan. 10, 2007) (although defendant had propounded hundreds of RFAs regarding documents related to customer orders, "that figure [was] very misleading" where "it [was] obvious that plaintiff [could] readily answer all 573 requests in a summary fashion, and the burden [would] be minimal"). The RFAs are extensive mainly because – given the vagueness of your allegations – Defendants may be forced to prepare defenses as to more than 1,700 contracts. *See Sequa Corp. v. Gelmin*, 1993 WL 350029, at *1 (S.D.N.Y. Sept. 7, 1993) ("Although it is true that the requests encompass many separate items, this is a function of the fact that the issues in this case encompass a large number of discrete financial transactions."); *Gen. Elec. Co.*, 2007 WL 86940, at *2 (holding that "the actual substance of the requests demonstrate[d] that they [were] reasonable in light of the issues posed [in the case], which cover[ed] a very large number of orders for which plaintiff's contractual performance [was] at least in question").

Your complaint that service of these RFAs on the last day of fact discovery is inappropriate and "disappoint[ing]" is unfounded. It is exactly *because* fact discovery was largely complete that it was necessary for Defendants to serve these RFAs. At no point during fact discovery – not in your interrogatory responses, nor in prior RFA responses, nor in your many depositions of current and former Ripple employees – have you clearly articulated which of Ripple's contracts, if any, are investment contracts, or which of those contracts include provisions that support the particular *Howey* factors to which the RFAs are addressed. *See Pasternak*, 2011 WL 4552389, at *5 (stating that RFAs "are extremely useful tools, particularly at the conclusion of discovery, because their sole purpose is to streamline the presentation of evidence at trial" (internal quotation marks and citation omitted)).

Defendants are available to meet and confer on Friday as you have requested.

Regards,
Brad


**From:** "Moye, Robert M." <MoyeR@sec.gov>
**Date:** September 7, 2021 at 4:08:38 PM PDT
**To:** "Zornberg, Lisa" <lzornberg@debevoise.com>, "Gulay, Erol" <egulay@debevoise.com>, msolomon@cgsh.com, rfigel@kellogghansen.com, "Ford, Christopher S." <csford@debevoise.com>, "Ceresney, Andrew J." <aceresney@debevoise.com>, mflumenbaum@paulweiss.com
**Cc:** "Tenreiro, Jorge" <tenreiroj@sec.gov>, "Sylvester, Mark" <sylvesterm@sec.gov>, "Stewart, Ladan F" <stewartla@sec.gov>, "Hanauer, Benjamin J." <HanauerB@sec.gov>, "Waxman, Daphna A." <WaxmanD@sec.gov>, "Guerrier, Pascale" <guerrierp@sec.gov>, "Daniels, Jon" <danielsj@sec.gov>, "Goody, Elizabeth" <GoodyE@sec.gov>, "Chan, Raymond R." <ChanR@sec.gov>
**Subject: RE: SEC v. Ripple Labs, Inc.**


Counsel:

12

I know there has been a lot going on. But we would still appreciate a response to this email.

Since our meet and confer has moved to Friday, we will also plan to discuss this issue then.

Thanks. Rob

---

**From:** Moye, Robert M.
**Sent:** Thursday, September 02, 2021 5:50 PM
**To:** Zornberg, Lisa <lzornberg@debevoise.com>; Gulay, Erol <egulay@debevoise.com>; Guo, Joy <jguo@debevoise.com>; 'msolomon@cgsh.com' <msolomon@cgsh.com>; 'rfigel@kellogghansen.com' <rfigel@kellogghansen.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Sylvester, Mark <SylvesterM@SEC.GOV>; Stewart, Ladan F <stewartla@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Goody, Elizabeth <GoodyE@SEC.GOV>; Chan, Raymond R. <ChanR@SEC.GOV>
**Subject:** SEC v. Ripple Labs, Inc.

Lisa, Matt and Reid:

We were disappointed to receive, on the very last day of fact discovery, an enormous number of RFAs served on behalf of all defendants, which pursuant to Rule 36 require responses within 30 days. These include:

Defendants' Fourth Set of RFAs – 775 requests (100 pages)
Defendants' Fifth Set of RFAs – 308 requests (33 pages)
Defendants' Sixth Set of RFAs – 28,861 requests (4,922 pages, plus a 40 page appendix)
**Totals: 29,944 requests (5,095 pages)**

Defendants' service of these interrogatories is inappropriate under Rules 1, 26, and 36. Requiring the SEC to review, let alone respond to, nearly 30,000 requests for admission is patently unreasonable, burdensome, and disproportionate. Even if it were proper for Defendants to have served the SEC with so many requests for admission, given the resources available to the SEC on this case, it is far too burdensome to respond to these interrogatories – let alone to do so within the time permitted under the FRCP.

By way of example, if it took only an SEC attorney only 5 minutes to read, consider, verify and answer or object to each request, without breaks or sleep, it would require nearly 104 days to respond to these requests. And if 3 SEC attorneys worked on these requests, and nothing else, at the same pace for 8 hours every day – it would still take nearly 104 days to respond to these requests.

Moreover, if the SEC admitted every request, which is unlikely, we do not expect that Defendants would ever attempt to offer into evidence, or burden the court's docket, with more than 5,000 pages of responses in order to prove all of the admissions requested yesterday.

13

Under the circumstances, Defendants' requests for admission appear to be unreasonable, disproportionate and an abuse of Rule 36. Accordingly, we are asking that you withdraw all but a reasonable number of these requests, limited to topics of current relevance and value to this litigation, and that you propose a reasonable schedule within which the SEC can serve its answers and objections.

We would like to meet and confer with you all, early next week, about all three sets of RFAs. Please let us know if you are available to do so.

Thank you. Rob

Robert M. Moye
Senior Trial Counsel
U.S. Securities and Exchange Commission
Chicago Regional Office
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois 60604

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

# Exhibit A-1

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

September 23, 2021

*Via Electronic Mail*

Robert Moye
U.S. Securities and Exchange Commission
Division of Enforcement
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281

      Re:    *SEC v. Ripple Labs Inc.,* et al., No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Mr. Moye:

      We write regarding the parties' ongoing discussions regarding Defendants' Fourth and Fifth Sets of Requests for Admissions ("RFAs").

      The SEC has raised concerns about the number of RFAs at issue and argued that they are unduly burdensome. We previously offered to extend the SEC's deadline to respond to the Fourth Set of RFAs, but the SEC declined and stated that it would not consider an extension of any length unless Defendants also withdraw a majority of the RFAs. Considering the scope and complexity of this case — in which the SEC alleges an unlawful offering of securities spanning eight years despite the lack of any clear regulatory guidance throughout that period — the RFAs are not only reasonable, but admissible and central to the defenses we intend to present at trial. We explain below why these RFAs are relevant and admissible, and set forth a compromise proposal.

      The Fourth Set currently includes 776 requests focused primarily on the SEC's communications and meetings with third parties, public statements by SEC staff about digital assets, SEC trading policies relating to digital assets, and public statements by market participants and other federal agencies concerning the regulation of digital assets and the lack of clarity. These RFAs will provide evidence supporting Defendants' fair notice and scienter defenses, as well as evidence that is directly relevant to the *Howey* test. We view many of these RFAs as confirming exculpatory facts and thereby significantly narrowing the issues for trial.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Robert Moye
September 23, 2021
Page 2

We note that after serving these RFAs, we sent you on September 13th a proposed authenticity stipulation and advised that if the SEC agrees to that stipulation, we can reduce the RFAs in the Fourth Set. To date, the SEC has not provided a response on the proposed stipulation. We believe we can substantially reduce the number of RFAs in the Fourth Set if the SEC agrees to the proposed authenticity stipulation. For example, the first paragraph of the proposed stipulation provides a reciprocal agreement that documents produced to a party to this action by another party, or by a third party in response to compulsory process, is authentic for purposes of this lawsuit absent good cause. The SEC's prompt agreement to the proposed stipulation will resolve the need for many RFAs in the Fourth Set that seek to establish baseline (and, to our knowledge, uncontested) facts about the SEC's receipt of inquiries and submissions from various third parties and the dates of meetings and participants by the SEC and third parties as reflected in those documents. Defendants could withdraw additional RFAs from the Fourth Set if the SEC stipulates to the authenticity of various statements made by SEC Staff and Commissioners found in publicly available YouTube videos, news interviews, videotaped panel presentations, speeches and the like. We set out our compromise proposal in this regard in greater detail below.

The Fifth Set of RFAs is also highly relevant and addresses the SEC's burden of demonstrating that Defendants' sales or offers of XRP occurred in the United States. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010). The registration requirements of the Securities Act do not apply to offers and sales outside of the United States, and the SEC must prove that Defendants' offers and sales were domestic. Accordingly, the Fifth Set of RFAs seeks nine admissions about each of the 34 platforms on which Defendants traded XRP that would establish that the platforms are located outside of the United States, plus three admissions to establish that Defendants did not trade on any other platforms. These admissions will significantly narrow the case for trial by establishing the undisputed fact that a substantial portion of Defendants' offers and sales occurred outside of the United States, thereby removing those sales and offers from the case and extinguishing Defendants' possible liability as to them. As Defendants indicated in their previous proposals, we believe that the Fifth Set of RFAs should be answered within the ordinary 30-day deadline, and we do not believe that it would be unreasonable or unduly burdensome for the SEC to do so.[1]

Defendants propose to narrow the scope of, and extend the time for the SEC to respond to, the Fourth and Fifth Sets of RFAs as follows. The SEC must provide responses to the 309 RFAs in the Fifth Set by their original deadline of September 30, 2021. If the SEC agrees to Defendants' proposed authenticity stipulation, which we circulated on September 13, 2021, Defendants will agree to re-issue the Fourth Set of RFAs in reduced number of no more than

---

[1] We do not suggest that the scope of the SEC's discovery dictates what is reasonable or appropriate for Defendants to request. However, we note that, accounting for extensions, the SEC's First and Second Sets of RFAs to Ripple together required Ripple to respond to 613 RFAs within a total of 46 days. Requiring the SEC to respond to these 309 RFAs in 30 days is less burdensome than that.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Robert Moye
September 23, 2021
Page 3

350.   We will also agree that the SEC can respond to the re-issued Fourth Set within 30 days of when you receive them.

                      Sincerely,

                      */s/ Bradley E. Oppenheimer*

                      Bradley E. Oppenheimer