# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

           v.

RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,

                    Defendants.

No. 20 CV 10832 (AT)

---

## **DEFENDANTS' SIXTH SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure 36, Defendants Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen hereby propound this Sixth Set of Requests for Admission to Plaintiff Securities and Exchange Commission ("SEC"). The Definitions and Instructions that follow are an integral part of these Requests for Admission and must be read in conjunction with them. It is expected that the Definitions and Instructions set forth herein will be followed in responding to these Requests for Admission.

### **DEFINITIONS**

The following definitions shall apply to the Requests that follow:

A.   "Complaint" is defined as the First Amended Complaint filed by the SEC at ECF No. 46 on February 18, 2021.

B.   "Partial" means containing some, but not all, of the pages of a longer document.

C.   "Payment" means a transfer of fiat currency pursuant to a contractual obligation.

D.   "Person" is defined according to the definition in Local Civil Rule 26.3 of the Local Rules.

E.   "Promised" means that a person has agreed to a legally enforceable duty or obligation.

F. "Ripple" means Ripple Labs, Inc., any of its affiliates or subsidiaries and any predecessors thereof, and any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf, including, without limitation, XRP II LLC, XRP Markets Inc., XRP Payments Inc., and XRP Services Inc.

G. "Unexecuted" means lacking the signature of one or more parties.

H. "XRP" means the digital asset referenced in Paragraph 1 of the Complaint, previously known as "NewCoin," "Ripple Credits," or "Ripples."

I. "XRP Contract" means each of the contracts listed on Exhibit A hereto.

J. "XRP Ledger" means the cryptographic blockchain technology for which XRP is the native digital asset.

K. The word "you" refers to the plaintiff in this action, as defined according to the definition in Local Civil Rule 26.3 of the Local Rules. For the avoidance of doubt, that definition encompasses each of the Divisions and Offices of the SEC, including the Division of Enforcement, the Division of Corporation Finance, the Office of the Chief Accountant, and the Division of Economic and Risk Analysis, and any current or former SEC Commissioner, staff member, officer, or employee.

L. The term "above-referenced document" means the most immediate previously referenced document, identified in italics with an accompanying range of Bates numbers, that precedes a specific Request for Admission. For the avoidance of doubt, the term "above-referenced document" refers only to the document produced at the aforementioned Bates number, without regard to whether that document modifies or amends another document,

      states that it modifies or amends another document, or makes reference to another document.

M.     The terms "all," "any," and "each" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Local Rules.

N.     The connectives "and" and "or" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Local Rules.

O.     The past tense shall include the present tense and vice versa.

P.     The use of the singular or plural forms of any word shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Local Rules.

## INSTRUCTIONS

In addition to the specific instructions enumerated below, the instructions set forth in Rule 36 of the Federal Rules of Civil Procedure are incorporated herein by reference.

1. Each Request shall be admitted or denied in writing, unless you assert that you cannot truthfully admit or deny a Request, in which case you must state in detail why you cannot truthfully admit or deny the Request.  If you cannot respond fully to a Request, you must admit or deny the Request to the extent you are able to do so truthfully and state whatever information is available concerning the unanswered portion.

2. If only a part of a Request is admitted, you must specify the part admitted and either qualify or deny the rest.  If an objection is made to a Request or to a part of Request, the specific ground for the objection shall be set forth clearly.  To the extent you assert that you cannot truthfully admit or deny part of a Request, you must admit or deny the remainder of the Request.

3. Each of these Requests shall be construed independently and shall not be limited by any other Request.

4. These Requests shall be construed to require answers based upon the knowledge of, and information available to, you as well as your agents and representatives.

5. If, in answering these Requests, you claim that any Request, or a Definition or Instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather set forth as part of the response the language you claim is ambiguous and the interpretation you have used to respond to the individual Request.

6. For the purposes of these Requests, whenever necessary to ensure completeness or accuracy, words importing the masculine gender include the feminine and neuter, words importing the neuter gender include the masculine and feminine and words importing the singular include the plural, and vice-versa.

7. These Requests shall be deemed continuing in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. If, after responding to the Requests, you obtain or become aware of any further information responsive to these Requests, you are required to supplement your responses.

8. If you admit each and every one of Request for Admission Nos. 1,340 to 1,352 in full and without qualification, you need not provide responses to Request for Admission Nos. 1,353 to 29,574.

9. If you cannot admit one or more of Request for Admission Nos. 1,340 to 1,352 on the ground that the admission does not apply to certain XRP Contracts, admit that specific Request for Admission as to all other XRP Contracts and identify each XRP Contract (by Bates number) to which the admission does not apply. Then respond to the particularized Requests for Admission that pertain to each specifically identified XRP Contract.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1,340**

Admit that no XRP Contract includes any provision in which Ripple promised to engage in any efforts to increase the price of XRP.

**Request for Admission No. 1,341**

Admit that no XRP Contract includes any provision in which Ripple promised to engage in any efforts, directly or indirectly, to develop the XRP "ecosystem," as that term is used by you in your Response and Objections to Ripple's Interrogatory No. 17.

**Request for Admission No. 1,342**

Admit that no XRP Contract includes any provision in which Ripple promised to engage in any efforts, directly or indirectly, to improve, support, or enhance the functionality of XRP.

**Request for Admission No. 1,343**

Admit that no XRP Contract includes any provision in which Ripple promised to engage in any efforts to develop or improve the XRP Ledger.

**Request for Admission No. 1,344**

Admit that no XRP Contract includes any provision in which Ripple promised to engage in any efforts to develop or improve any payment system or settlement system, including without limitation On-Demand Liquidity ("ODL").

**Request for Admission No. 1,345**

Admit that no XRP Contract includes any provision in which Ripple promised to engage in any efforts, directly or indirectly, to improve or enhance the liquidity of XRP.

**Request for Admission No. 1,346**

Admit that no XRP Contract includes any provision in which Ripple promised to engage in any efforts, directly or indirectly, to reduce the volatility of the market price of XRP.

**Request for Admission No. 1,347**

Admit that no XRP Contract includes any provision that entitles the counterparty or counterparties to such contract to share, directly or indirectly, in Ripple's profits or net income.

**Request for Admission No. 1,348**

Admit that no XRP Contract includes any provision that entitles the counterparty or counterparties to such contract to share, directly or indirectly, in the future profits or net income of any person or enterprise.

**Request for Admission No. 1,349**

Admit that no XRP Contract includes any provision stating that a purpose of such contract is to enable the counterparty or counterparties to the contract to secure any increase in the price or value of XRP.

**Request for Admission No. 1,350**

Admit that no XRP Contract includes any provision in which Ripple promised to compensate the counterparty or counterparties to such contract for any decrease in the price, or diminution in value, of XRP.

**Request for Admission No. 1,351**

Admit that no XRP Contract includes any provision that imposes on Ripple any fiduciary or agency duty, or any duty of care, to act for the benefit of the counterparty or counterparties to such contract or any other person.

**Request for Admission No. 1,352**

Admit that no XRP Contract includes any provision creating any agency, partnership, or joint venture relationship between or among Ripple and any other person.