

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

October 8, 2021

<u>VIA ECF</u>

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, NY 10007

*SEC v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

We write on behalf of Defendant Ripple Labs Inc. ("Ripple") in response to the SEC's letter-motion seeking an order compelling Ripple to conduct a "reasonable search" for recordings of internal meetings. *See* ECF No. 369 ("Motion to Compel").

The SEC's motion should be denied. *First*, the parties are now well past the fact discovery deadline and the SEC actually agreed to the search protocol that Ripple used to identify recordings. In fact, in its prior motion to compel recordings, the SEC informed the Court that future recording requests would only be made if the recordings were referenced in the forthcoming depositions of the Individual Defendants or in documents produced by Defendants after the end of fact discovery. The present motion ignores that prior representation and vastly exceeds this scope. The SEC should not be permitted at this late date to renege on its prior positions. *Second*, Ripple already undertook a comprehensive and reasonable search for recordings, and has therefore met its obligations. *Third,* there is no way to search for additional recordings beyond the reasonable search Ripple has already undertaken without reviewing *each and every one* of the more than 4,000 total recordings, many of which are more than one hour in length. The SEC's boil-the-ocean demand is flatly incompatible with the Federal Rules, and given the massive amount of material already produced in discovery, the SEC's request is disproportionate.

I. **The SEC's Position Reneges on its Prior Agreement to Narrow the Scope of its Recordings Request**

After the SEC made a blanket request for all recordings of internal Ripple meetings near the end of fact discovery, the parties negotiated in good faith and reached a compromise under which the SEC agreed to narrow its request and Ripple agreed to undertake a reasonable search for potentially responsive recordings.[1] In the SEC's first motion to compel the production of recordings filed on August 30, the SEC represented to the Court that it had agreed to compromise on the scope of its original request, and

---

[1] *See* ECF No. 319 (Aug. 30 Motion to Compel) at 1 n.1 ("At Ripple's request, the SEC identified specific categories of meetings from Ripple's document production to help it narrow the search parameters for the recordings, including 'all-hands' meetings, town hall meetings and fireside chats."); *id*. at 2 ("In an effort to streamline Ripple's search and lessen its burden, the SEC significantly narrowed its request to the categories of meetings, described in Exhibit A, most likely to be relevant."); ECF No. 320-11 (Ex. K, Email from J. Tenreiro dated Aug. 13, 2021); ECF No. 320-12 (Ex. L, Email from E. Gulay dated Aug. 23, 2021); ECF No. 320-13 (Ex. M, Email from E. Gulay dated Aug. 30, 2021).

the Court acknowledged that agreement when it denied the SEC's motion as moot on September 10. *See* ECF Nos. 319 and 348. Yet now—four weeks after the close of fact discovery—the SEC comes to the Court seeking to reopen a highly burdensome new phase of discovery.

The SEC's motion completely ignores the three agreements reached between the parties concerning the SEC's recording requests. *First*, on August 13, the SEC agreed to narrow its blanket request "[t]o try to reach a compromise," asking Ripple to search for and produce a specific set of recorded meetings. *See* ECF No. 320-11 (Ex. K, Email from J. Tenreiro dated Aug. 13, 2021). Ripple accepted the SEC's offer and has since completed its production of recordings responsive to the August 13 request.

*Second*, Ripple affirmatively undertook a search for responsive recordings using metadata provided by Ripple's video conferencing providers, BlueJeans and Zoom—including the meeting name, date, and custodian—to identify potentially responsive recordings. *See* ECF No. 320-12 (Ex. L, Email from E. Gulay dated Aug. 23, 2021). Ripple also made clear that "Ripple is not reviewing recordings that are not responsive to the SEC's RFPs, as determined by a review of the meeting name, custodian name, and additional diligence to determine the subject matter of the recordings." *See id*. The SEC did not object to Ripple's search protocol; nor did it propose that Ripple make any changes to the search process. Ripple has since produced all responsive recordings identified during its search.

*Third*, the SEC agreed to further narrow the scope of its request to quarterly all-hands meetings and certain other meetings the SEC identified in previously produced documents. *See* Ex. A, Email from P. Guerrier dated Aug. 26, 2021. Ripple has since produced all responsive recordings identified by the SEC in its August 26 request to the extent the recordings exist, including all responsive quarterly all-hands meetings.

Despite that agreement, the SEC moved to compel based on its August 26 request, which the Court later denied as moot. *See* ECF Nos. 319 and 348. Notably, the SEC did not move at that time to compel the production of a broader universe of recordings; nor did the SEC object to the scope of Ripple's search protocol, which the SEC was fully aware of at the time. Instead, the SEC explained that it was seeking to preserve its "right to seek to obtain any relevant and responsive recordings that the SEC may *later learn about*, including from the September depositions of [the] Individual Defendants … or from any *additional documents* Ripple or the Individual Defendants produce in this litigation." *See* Aug. 30 Motion to Compel at 1 (emphasis added).

The parties have since reached agreement on two additional recording requests made by the SEC even though the requested recordings were referenced in documents produced to the SEC well-before the close of fact discovery, the recordings did not fall within the scope of any of the SEC's prior recording requests, and none of the 33 agreed custodians were custodians of the recordings. *See* ECF No. 369-1 (Ex. A, Email from P. Guerrier dated Sept. 8, 2021); Ex. B, Email from P. Guerrier dated Sept. 21, 2021. Nevertheless, in a good faith effort to reach a compromise without further burdening the Court, Ripple agreed to search for and review the recordings and has since produced the recordings. *See* Ex. C, Email from E. Gulay dated Sept. 9, 2021; *id*. Email from E. Gulay dated Sept. 28, 2021.[2]

---

[2] Contrary to the SEC's claim, the fact that these two recordings were not previously identified by Ripple did not mean that Ripple's search methodology was defective. Rather, there are unique discovery challenges associated with recordings, since they cannot be searched using keywords like emails or Slack messages can. *See, e.g.*, *Ruggles v. WellPoint, Inc.*, 2010 WL 11570681, at *10 (N.D.N.Y. Dec. 28, 2010) (observing that recordings are "[not] searchable and a person has to actively listen to both in real time," "[l]istening in real time generates a substantial burden for both the responding and

Hon. Sarah Netburn                                    3                                    October 8, 2021

Despite this history, during a September 17 meet and confer, the SEC raised a number of questions about Ripple's search protocol, and Ripple explained that Ripple had been transparent about its search process and the SEC had already agreed to narrow the scope of its recording request.  When the SEC asked if Ripple would produce the BlueJeans and Zoom lists of recording metadata, Ripple refused on the ground that Ripple already conducted a thorough search of the lists, and because Ripple's search was sufficient and in accordance with its discovery obligations.[3]

Given this history, and the expiration of fact discovery, the SEC should not be able to retreat on its prior positions and seek to impose an unreasonable demand for a manual review of essentially all recordings.

### II.     Ripple's Search for Responsive Recordings was Reasonable

Far from being deficient, Ripple's search was reasonable and highly effective.  The SEC's complaints about Ripple's search significantly misstate the scope of Ripple's discovery efforts.  *First*, the SEC claims that Ripple's definition of "custodian" does not take into account who spoke at or attended the meeting.  *See* Motion to Compel at 1.  The SEC is mistaken.  The recording metadata lists generated by BlueJeans and Zoom identified a custodian for most recorded meetings—which was the employee who either hosted or recorded the meeting—and Ripple reviewed that data to identify potentially responsive custodial recordings, similar to how custodial emails and Slack messages were collected.  There are a few recordings, however, where the custodian is not a Ripple employee but instead a generic name, like "Ripple VC," and Ripple reviewed such recordings to the extent other contextual information suggested the recording could be responsive.  Aside from these efforts, there is no way to figure out every person "who spoke at or attended the meeting" short of reviewing each recording in its entirety, which would be unduly burdensome.[4]  Motion to Compel at 1.  Finally, Ripple did not identify recordings based solely on whether the custodian of the meeting was among the 33 agreed custodians.  Instead, Ripple considered multiple factors to determine the potential relevance of a recording, including meeting name and other contextual clues, such as the dates of known all-hands meetings and other categories of meetings.  *See* ECF No. 320-12.  In other words, Ripple has already conducted a search broader than the 33 custodians.

*Second*, the SEC asserts that where the file name of the recorded meeting is generic—for example, "Ripple's Meeting"—Ripple has "refused to search the recording's content."  Motion to Compel at 1, 2.  Not so.  Ripple has reviewed and produced meetings with generic meeting titles after a review of other metadata and contextual clues suggested that the meeting was potentially responsive.  *See* ECF No. 320-12.  Nor does the SEC propose how Ripple can "search" recordings with generic meeting

---

requesting party," and "the cost to produce and review is inordinately onerous").  Therefore, when the SEC made specific recording requests, Ripple reviewed and produced the recordings after conducting an affirmative review of all meeting names and additional diligence—well beyond the previously agreed-to 33 Ripple custodians—to determine potentially relevant recordings.

[3] Further, many of the meeting names do not reflect the content of the meeting, which significantly undercuts the utility of the SEC's request for the recording lists.  *See, e.g., Aguilar v. Immig. & Customs Enf.*, 255 F.R.D. 350, 360 (S.D.N.Y. 2008) (declining to compel production of metadata where it was "far from clear that even the most exhaustive retracing of steps would yield useful information beyond that which the Plaintiffs already have").  To the extent the meeting name indicated that the meeting was potentially responsive, Ripple collected and reviewed the recording.

[4] Even if one were to review all such recordings, it may still be impossible to determine who attended such meetings—as the SEC now demands—unless that person (1) spoke at the meeting and their voice could be identified; or (2) happened to sit in a frame captured by a potential video of the meeting.

names—of which there are over 200—to determine their potential responsiveness short of reviewing each one. Finally, setting aside the issue of generic meeting names, Ripple's search process was able to identify all quarterly all-hands meetings and other all-hands meetings specifically requested by the SEC, to the extent recordings of such meetings existed.

The SEC also complains that "Ripple has only produced 85 recordings to date," and leaps to the conclusion that this is "presumably due to its failure to conduct a reasonable search for responsive recordings." Motion to Compel at 4 n.1. That does not follow. The responsiveness rate for recordings is approximately 2%, which is consistent with the responsiveness rates for Ripple's emails and Slack messages. As has now been demonstrated consistently across different document formats, a vast majority of documents Ripple maintained are simply not responsive to the SEC's RFPs.

### III.    SEC's Recordings Request is Disproportionate

The SEC's demand that Ripple review every single recording in the BlueJeans and Zoom databases for responsiveness and privilege is plainly disproportionate under Rule 26(b)(1), and collapses the distinction between a "search" for responsive content and a wholesale review of every recording. *See, e.g.*, *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (noting that litigants are not required to "examine every scrap of paper in [their] potentially voluminous files in order to comply with [their] discovery obligations"). We address the Rule 26(b)(1) factors in turn.

*First*, the burden of the SEC's demand greatly outweighs any potential benefit. The SEC's request is tantamount to a demand that Ripple review every single one of the more than 4,000 recordings in the BlueJeans and Zoom databases, which will require thousands of hours of review. Given how inherently burdensome it is to review recordings, courts have denied motions to compel seeking review of far fewer recordings. *See, e.g.*, *Ad Astra Recovery Servs., Inc. v. Heath*, 2019 WL 4466903, at *4 (D. Kan. Sept. 18, 2019) (denying in part motion to compel production of recordings of 40 of the 50 requested customers where production of all recordings would require "200+ hours" of downloading, listening, and editing and where movant "has already obtained much discovery" on the issue). In light of the sheer volume, the recordings are "not reasonably accessible because of undue burden or cost." *See* Rule 26(b)(2)(B); *see also Ruggles*, 2010 WL 11570681, at *6 (observing that "voice-mail cannot be searched like emails" and "100 hours of voice-mails requires 100 hours to review").

*Second*, the SEC's claim that the unproduced recordings bear directly on "whether Ripple's offers and sales of XRP are investment contracts and therefore securities under *Howey*" is sheer conjecture. Motion to Compel at 4. Assuming *arguendo* that any unproduced recordings pertain to that issue—which is purely speculative—the SEC's request remains "unreasonably cumulative or duplicative" of prior discovery concerning that topic. *See* Rule 26(b)(2)(C)(i). In addition to recordings, Ripple has produced more than 170,000 documents and one million pages that hit on responsive search terms. Ripple's prior productions include hundreds of documents that reveal the substance of many internal meetings, including meeting agendas, slide deck presentations with detailed speaker notes, and summaries and discussions of the meetings. *See* ECF No. 320-13. Any potentially responsive unproduced recordings are duplicative of these documents. The SEC may wish to boil the ocean to guarantee there is not a single other recording out there potentially relevant to the issues in this case, but that is not what Rule 26 allows.[5]

---

[5] The SEC also overstates the relevance of recording evidence. While claiming that the recordings are the "best, unadulterated evidence of Ripple's and the Individual Defendants' contemporaneous views, treatment, and marketing of

*Third,* Ripple does not dispute that some of the produced recordings are responsive—that is why they were produced in the first place.[6] Indeed the fact that Ripple has produced recordings that may be relevant reinforces that Ripple's search protocol was effective, not deficient. The SEC also argues that these recordings are a trove of evidence for them by selectively cherry-picking one-off statements,



Yet whether the previously produced recordings are relevant is beside the point. The inquiry under Rule 26 focuses on whether the burden of the SEC's proposed discovery outweighs its likely benefit. *See In re Morgan Stanley Pass-Through Certificates Litig.*, 2013 WL 4838796, at *2 (S.D.N.Y. Sept. 11, 2013) (Netburn, J.) ("Plaintiffs do not need, and are not entitled under the rules of proportionality, to every single document" relevant to their case). Because Ripple's prior search for responsive recordings was reasonable and effective, and Ripple accommodated the SEC's specific requests, including requests made after the close of discovery, it is highly unlikely that the number of any additional responsive recordings is large enough—or would provide non-cumulative discovery—to justify the substantial burden of collection and review of thousands of internal recordings. *See, e.g.*, *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) (describing plaintiff's contention that "*every* communication and work product related to the regulatory investigations is 'likely' to contain additional relevant information" as the "sort of conclusory claim [that] is insufficient to support such an expansive discovery request").

In short, Ripple undertook a comprehensive search for potentially responsive recordings and agreed to each and every one of the SEC's supplemental demands for additional recordings. Ripple's discovery efforts were plainly reasonable and have proven highly effective in identifying potentially relevant recordings. Rule 26 does not call for more. The SEC's highly disproportionate demand that Ripple now—more than a month after the expiration of fact discovery—review every single recording ever made over the last eight years should be denied.

---

XRP during the relevant time period," the SEC does not explain why internal recordings are more probative than contemporaneous emails, text messages, Slack messages, and meeting materials. Motion to Compel at 1.

[6] The SEC also mischaracterizes the content of recordings it claims contain "highly relevant evidence." *See* Motion to Compel at 3–4. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Motion to Compel, at Ex. H at 3–4. In any event, all these recordings are internal and none were ever shared externally with purchasers of XRP.

Respectfully submitted,

Andrew J. Ceresney
(ajceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Erol Gulay
Christopher S. Ford
Anna Gressel
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Attorneys for Defendant Ripple Labs Inc.*


cc: All parties (via ECF)