

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

October 8, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: SEC v. Ripple Labs Inc., et al., No. 20-cv-10832(AT) (SN) (S.D.N.Y.)**

Dear Judge Netburn:

Pursuant to Rule III.F of this Court's Individual Practices and Paragraph 15 of the Stipulation and Protective Order the Court entered in this case (the "Protective Order," ECF No. 53), Defendant Ripple Labs Inc. ("Ripple") respectfully submits this letter-motion to seal: (*i*) redacted portions of the SEC's October 1, 2021 letter-motion to compel certain recordings of internal Ripple meetings (the "Motion to Compel," ECF No. 369); (*ii*) the exhibits the SEC filed under seal in support thereof (ECF Nos. 369-1–369-9); (*iii*) the redacted portions of Ripple's October 8, 2021 letter in response to the Motion to Compel (the "Opposition Letter," ECF No. 378); and (*iv*) the exhibits filed under seal in support thereof (ECF Nos. 378-1–378-3).

The SEC informed Ripple on October 8, 2021 by email that it disagreed with Ripple's proposed redactions to the Motion to Compel and Ripple's request to keep the corresponding exhibits filed under seal.[1] The SEC has not taken a position with respect to Ripple's redaction requests for its Opposition Letter and the attached exhibits filed under seal.

**SEC Motion to Compel and Exhibits**

Exhibits F through L (ECF Nos. 369-2–369-8) of the Motion to Compel are excerpts of transcripts from Ripple's recorded internal meetings, each of which have been produced to the SEC and designated as Highly Confidential pursuant to the Protective Order. These documents do not meet the standard to remain accessible to the public articulated under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006), because they are not "judicial documents," or documents "relevant to the performance of the judicial function and useful in the judicial process." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14 Civ. 09764, 2018 WL 739580, at *18 (S.D.N.Y. Jan. 10, 2018) (internal quotation marks omitted) (Netburn, J.). As explained below, these documents are not material to the resolution of the Motion to Compel. Instead, these exhibits are "discovery materials filed with the court in connection with discovery-related disputes," and therefore not judicial documents and not entitled to a presumption of public access. *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *see also Nichols v. Noom Inc.*, No. 20-CV-3677, 2021 WL 857352, at *1 (S.D.N.Y. Mar. 8, 2021) (holding that documents "merely filed in order to

---

[1] The SEC has agreed to Ripple's proposal to unseal the first page of Exhibit A (ECF No. 369-1) and the cover page of Exhibit M (ECF No. 369-9).

www.debevoise.com

Hon. Sarah Netburn                                    2                                October 8, 2021

advise the court and 'tee up' certain discovery disputes between the parties that required judicial intervention" were not judicial documents).

Even if the Court determined that these exhibits were judicial documents, any weight assigned to the presumption of access should be minimal. These exhibits were submitted to the Court for the narrow issue of determining whether *other* documents sought by the SEC should be produced, as opposed to documents submitted in connection with the adjudication of a dispositive motion. *See Lugosch*, 435 F.3d at 121. Indeed, the SEC cites these exhibits for issues that are not in dispute—that certain internal meetings at Ripple were recorded or that certain previously produced recordings may be relevant to the parties' claims and defenses. But the inquiry is not whether the previously produced recordings were relevant but whether the burden of the SEC's proposed discovery outweighs its likely benefit. None of these documents are therefore material to the resolution of the Motion to Compel.

In any event, Ripple's strong interest in maintaining the confidentiality of these non-public documents outweighs any potential presumption of public access. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378 (PKC), 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) ("Established factors and values that can outweigh the presumption of public access include legal privilege, business secrecy, and privacy interests.") (internal citations omitted). The cited statements in these recordings concern non-public, competitively sensitive discussions about Ripple's business, regulatory, and marketing strategies during internal meetings, which should remain sealed. *See Royal Park*, 2018 WL 739580, at *19 (noting that certain documents placed under seal by the parties in connection with a class certification motion were "strategic in nature" and reflected "sensitive business information that the parties could reasonably wish to remain confidential"). Moreover, if the Court decides not to seal these exhibits in their entirety, Ripple respectfully requests that all references to third-party business partners in these exhibits are redacted to protect these non-parties' privacy interests. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (finding that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir. 1990))).

Exhibits A and M to the Motion to Compel (ECF Nos. 369-1, 369-9) should also remain sealed. Exhibit A is an email from Brad Garlinghouse to Ripple's Board of Directors, the substance of which reflects highly sensitive and confidential information with respect to Ripple's business strategies and financial position. Exhibit M is an excerpt of Mr. Garlinghouse's non-public deposition testimony from this litigation that has been designated Confidential pursuant to the Protective Order. The SEC references these documents merely for the unremarkable proposition that certain meetings occurred and were recorded, not for the substance of the discussions at these meetings. As the substance of these documents is neither material to the pending Motion to Compel nor in dispute, public disclosure is not justified.

Therefore, except for the cover pages of Exhibits A and M, Ripple respectfully requests that these exhibits remain under seal and that substantive references to these exhibits in the Motion to Compel remain redacted, as reflected in the version of the Motion to Compel that was filed publicly.

Hon. Sarah Netburn					3					October 8, 2021

**Ripple's Opposition Letter and Exhibits**

In addition, the exhibits filed under seal in support of Ripple's Opposition Letter are not judicial documents, nor are they entitled to a presumption of public access. Similarly, there is no benefit to the public in unsealing these documents at this stage of the proceedings and no prejudice to the SEC or to the public in these documents remaining sealed.

- Exhibit A (ECF No. 378-1) is an email from the SEC to Ripple related to the SEC's recordings request. Ripple respectfully requests that all references to the third-parties in this exhibit are redacted to protect these non-parties' privacy interests. *See, e.g.*, *In re SunEdison, Inc. Sec. Litig.*, No. 16-CV-7917 (PKC), 2019 WL 126069, at *2–*4 (S.D.N.Y. Jan. 7, 2019) (noting that the "[t]he public interest in the names of the [entities and individuals] is low" and thus permitting redactions).

- Exhibits D and E (ECF Nos. 378-2, 378-3) are excerpts of transcripts from Ripple's recorded internal meetings, both of which have been designated as Highly Confidential pursuant to the Protective Order. These documents are not dispositive to the resolution of the Motion to Compel and Ripple therefore requests that they remain sealed.

Ripple further requests that the portions of the Opposition Letter that reference the contents of internal meetings—the recordings of which were produced with the Highly Confidential designation—remain redacted, as reflected in the version of the Opposition Letter that was filed publicly (ECF No. 379).

Should this Court determine that there is no basis for sealing any of these documents in their entirety, Ripple respectfully asks for an opportunity to propose specific redactions be made to the documents.

Respectfully submitted,

/s/ Andrew J. Ceresney

Andrew J. Ceresney
(ajceresney@debevoise.com)
Mary Jo White
Lisa Zornberg
Erol Gulay
Christopher S. Ford
Anna Gressel
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000
*Attorneys for Defendant Ripple Labs Inc.*

cc:	All parties (via ECF).