

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

October 14, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, N.Y. 10007

Re:   *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

The SEC respectfully requests that the Court deny Defendant Ripple Labs, Inc.'s ("Ripple") Letter Motion (Dkt. 380) to seal transcripts of audio and video-taped recordings the SEC filed in support of its recent letter motion to compel Ripple to conduct a reasonable search for recordings of internal Ripple meetings in a manner designed to identify meetings where Defendants Bradley Garlinghouse ("Garlinghouse") and Christian A. Larsen ("Larsen") and other key employees spoke on relevant topics ("the Motion"). *See* Dkt. 369-370. The documents have the tendency to influence the Court's ruling on the discovery dispute before it, and no countervailing business or privacy interests outweigh their disclosure to the public.

**I.     Relevant Factual Background**

On August 30, 2021, the SEC filed a motion to compel the production of certain audio and video-taped recordings after it learned that Ripple had failed to disclose them during discovery. *See* Dkt. 319-320. In response, Ripple agreed to produce the requested recordings and "search all recorded meetings by the custodians of such meetings, meeting name, and other criteria," for responsive documents. *See* Dkt. 340 at 4. In its reply, the SEC notified the Court that it would seek the Court's assistance in the event that the parties could not resolve an ongoing dispute regarding Ripple's search criteria for the recordings at issue. *See* Dkt. 346.[1]

On October 1, 2021, the SEC filed the Motion, seeking an order to compel Ripple to conduct a reasonable search to identify additional responsive recordings of meetings at which the agreed-upon custodians spoke, regardless of the name of the electronic folder in which such recordings are stored

---

[1] Ripple limited its definition of "custodian" to the employee who hosted or recorded the meeting or the electronic location in which a recorded meeting was stored—for example, "Ripple videoconference"—rather than the relevant employees who spoke at or attended the meeting. Additionally, where the file name of the recorded meeting provides no information as to whether responsive topics were addressed at the meeting—for example, "Ripple's meeting"— Ripple refused to search the recording's content. *See* Dkt. 369 at 2-3.

or the titles of their file names. To demonstrate the relevance of these recordings to the key issues in this case, the SEC submitted to the Court transcripts of a sample of audio and video-taped recordings, which Ripple seeks to seal.

These transcripts contain statements by Garlinghouse and other key Ripple employees that bear directly on whether Ripple's offers and sales of XRP are "investment contracts" and therefore securities under *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946), and whether Garlinghouse and Larsen had the requisite scienter for purposes of the SEC's aiding-and-abetting claims. The transcripts include statements concerning: (i) ████████████████████████████████ ████████████████████████████████████████; (ii) ████████████████████████████; (iii) ████████████; and (iv) Garlinghouse's beliefs ████████████████████████████████ ████████████████████████████████████████████████████████. *See* Dkt. 369-2–369-8.

Ripple also seeks to seal excerpts of Garlinghouse's deposition testimony about the frequency of "all-hands" meetings and an email where Garlinghouse ████████████████████████ ████████████████████. *See* Dkt. 369-1, 369-9. Ripple has submitted additional excerpts of recordings and letter exhibits in support of its motion to seal the recordings at issue. *See* Dkt. 378-1–378-3, 379.

## II. The Transcripts of Recordings Are Judicial Materials that Should be Disclosed.

In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the Second Circuit enumerated the factors for determining whether a document is subject to sealing: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) any countervailing factors or higher values that might outweigh the right of public access to that judicial document.

To be classified as a judicial document, material "must be relevant to the performance of the judicial function and useful in the judicial process." *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Id.*

Here, the recording transcripts meet the first *Lugosch* factor. They were submitted to the Court in support of the Motion and would reasonably have the tendency to influence the Court's decision in determining whether the underlying audio and video-taped recordings are relevant to the SEC's *Howey* analysis and Ripple's fair notice defense, the Individual Defendants' scienter relating to the SEC's aiding-and-abetting claims, and ultimately on the scope of discovery. *See Brown*, 929 F.3d at 50 ("[A] court's authority to oversee discovery and control the evidence introduced at trial surely constitutes an exercise of judicial power [that] is ancillary to the court's core role in adjudicating a case."). Contrary to Ripple's contention, the transcripts are judicial documents, regardless of whether they "are material to the resolution of the Motion to Compel." *Id.* ("Insofar as the District Court held that these materials are not judicial documents because it did not rely on them in

adjudicating a motion, this was legal error…the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon"). *See also Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399, 2020 U.S. Dist. LEXIS 180622, at *5 (S.D.N.Y. Sept. 29, 2020).

The recording transcripts are also entitled to a presumption of public access under the second *Lugosch* factor. *See Brown*, 929 F.3d at 50, 53 (finding that non-dispositive motions such as a motion to compel are subject to "a lesser—but still substantial—presumption of public access") (citation omitted). Indeed, the recording transcripts may be used as part of the Court's analysis of relevance, a necessary factor in evaluating the SEC's burden under a motion to compel discovery. *See* Fed. R. Civ. P. 26(b)(1). Therefore, "the public would likely need access to the information…in order to understand the issues before the Court and evaluate the Court's reasoning." *See ACBF Industria De Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581, 2021 U.S. Dist. LEXIS 172220, at *6 (S.D.N.Y. Sept. 10, 2021) (citations omitted).

Finally, the third *Lugosch* factor, the balancing of "countervailing factors," also weighs in favor of public access. *See Lugosch*, 435 F.3d at 120. Established factors and values that can outweigh the presumption of public access include legal privilege, business secrecy and privacy interests. *See Echo Bay, LLC v. Torrent Pharma, Inc.*, No. 20-cv-6345, 2020 U.S. Dist. LEXIS 169479, at *4 (S.D.N.Y. Sept. 16, 2020) (internal citations omitted). Generally, the types of sensitive business information that may merit sealing include: (i) "specific financial metrics or proprietary analysis that would cause commercial harm if disclosed," *Hanks*, 2020 U.S. Dist. LEXIS 180622, at *10; (ii) "internal analyses, business strategies, or customer negotiations," *SEC v. Telegram Grp. Inc.*, No. 19-CV-9439, 2020 U.S. Dist. LEXIS 106592, at *8 (S.D.N.Y. June 17, 2020) (collecting cases); and (iii) "documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500, 2021 U.S. Dist. LEXIS 62974, at *9 (S.D.N.Y. Mar. 31, 2021).

The transcripts at issue here do not meet any of the above criteria, nor has Ripple identified any specific statement that it deems a sensitive business interest in its letter motion. Statements regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ do not equate to the sensitive business information that courts tend to protect from disclosure. And, even assuming the transcripts contained business information that was once sufficiently sensitive to merit sealing, Ripple has failed to establish that, with the passage of time, its employees' statements from some four years ago still meet that standard. Likewise, Garlinghouse's personal beliefs ▮▮▮▮ or his deposition testimony about the frequency of "all-hands" meetings are also not business secrets. Therefore, disclosure of the documents at issue would not result in such commercial harm to Ripple as to outweigh the public's right of access.[2]

---

[2] For these reasons, Ripple's opposition exhibits that reference recordings of internal meetings should also be unsealed. *See* Dkt. 378-1–378-3, 379. However, while the SEC does not believe that they are the types of sensitive information entitled to sealing, the SEC does not object to the redaction and sealing of third-party customer names included in Ripple's submissions in support of its sealing motion or to third-party customer names contained in the exhibits to the SEC's Motion in order to narrow the issues before the Court.

Hon. Sarah Netburn
October 14, 2021
Page 4

                                        Respectfully submitted,

                                        */s/ Pascale Guerrier*

                                        Pascale Guerrier

cc: All parties (via ECF).