

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

October 15, 2021

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

The SEC respectfully submits that the three additional documents (the "Additional Documents") ordered by the Court to be submitted for *in camera* review (D.E. 377) are predecisional and deliberative and therefore protected by the deliberative process privilege ("DPP").  On September 14, 2021, the SEC submitted for *in camera* review the documents referenced in Appendix A of Defendants' motion to compel (D.E. 289), along with a brief outlining the bases for the SEC's privilege assertions (the "SEC Brief," D.E. 351).  Defendants then requested, and the Court ordered, that the SEC submit the Additional Documents for *in camera* review.

As with the documents on Appendix A, the Additional Documents are protected by the DPP, and the compelled release of these documents would discourage meaningful deliberations among SEC staff relating to regulatory activities in the digital asset space.  Moreover, like the Appendix A documents, the Additional Documents are wholly irrelevant to the SEC's claims or the Defendants' proposed defenses.  Two of the documents reflect SEC staff's deliberations on the structure of meetings with third parties, and the third reflects staff deliberations on whether transactions in a different digital asset, not XRP, were subject to the federal securities laws.  None of these documents even comes close to addressing whether Defendants' offerings of XRP are securities transactions.  The Court should not pierce the SEC's privilege under these circumstances.[1]

---

[1] We have included as Attachment 1 to this brief a summary chart listing each of the Additional Documents as well as a summary of the privilege basis for each document.

I.  **The DPP Protects the Additional Documents**

   A.  **Additional Document 1 (December 2018 Email):  Protected by DPP**

Additional Document 1 consists of an email chain among staff of the Commission's Divisions of Investment Management, Trading and Markets, and Enforcement discussing a future public forum hosted by the SEC relating to digital assets.  The document attaches a memorandum prepared by two law firms entitled "background information and proposed discussion points" (the "Law Firm Memo").  Additional Document 1 was included in a privilege log by the SEC for the purpose of responding to Defendants' request that the SEC identify all instances where the Law Firm Memo was distributed to SEC staff.[2]  While internal, informal SEC emails that attach the Law Firm Memo are not strictly responsive to the Court's April 6 and May 6, 2021 orders (D.E. 163), the SEC agreed to provide this information to Defendants in an effort to avoid further litigation.  The SEC withheld Additional Document 1 and noted in its privilege log that Additional Document 1 attaches the Law Firm Memo.

Additional Document 1 is predecisional and deliberative because it reflects predecisional thoughts and analyses by SEC staff about how to structure the program for a public forum the SEC would be hosting relating to digital assets, including the SEC staff who would be speaking at the forum as well as potential outside speakers from the industry who would be suitable panelists.  In the email exchange, different SEC staff share their views on whether particular industry participants would be appropriate panelists.  In addition to being entirely irrelevant to the issues involved in this litigation, the disclosure of internal discussions by SEC staff about how to structure a forum the SEC intends to use to communicate with industry participants would "reveal [the SEC staff's] mode of formulating or exercising policy-implicating judgment."  *Petroleum Info. Corp. v. U.S. Dep't of the*

---

[2] The Law Firm Memo is responsive to the Court's order that the SEC produce communications between the SEC and external parties relating to the regulatory status of Bitcoin, Ether, or XRP.  While the Law Firm Memo discusses Bitcoin and Ether, it does not address XRP or Defendants' sales of XRP.

*Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992) (internal quotations omitted) ("Inquiring whether the requested materials can reasonably be said to embody an agency's policy-informed or -informing judgmental process therefore helps us answer the 'key question' in these cases: whether disclosure would tend to diminish candor within an agency.").[3]  Additional Document 1 is therefore protected by the DPP.  *See Competitive Enter. Inst. v. EPA*, 12 F. Supp. 3d 100, 117–18 (D.D.C. 2014) (where scheduling documents "involved decisions about whether to hold, and who to send to, meetings on topics of pending legislation, rulemakings, and other discussions," the documents "were appropriately withheld under the deliberative-process privilege").

### B.  Additional Document 2 (2018 Email Chain):  Protected by DPP

Additional Document 2 consists of an October 25, 2018 email chain among staff of the Commission's Divisions of Corporation Finance and Investment Management regarding a planned meeting between SEC staff and two law firms.  The email attaches the Law Firm Memo.  The email chain and attachment have been produced to Defendants but one paragraph of the email chain containing the SEC's internal communications has been redacted based on DPP.  As with Additional Document 1, this document was produced to Defendants, not because the document appears to be within the scope of the Court's prior orders or has any relevance to the issues in this litigation, but because the SEC was trying to respond to Defendants' request that it identify all recipients of the Law Firm Memo in order to avoid further litigation.

The redacted portion of Additional Document 2 is predecisional and deliberative because it reflects predecisional thoughts on the regulation of digital assets from Jennifer McHugh, a senior

---

[3] In *Petroleum Info. Corp.*, then-Judge Ruth Bader Ginsburg ultimately found that the information at issue—data containing geopolitical information compiled by the Bureau of Land Management about land, such as location, relevant political units, acreage, and survey data—was not deliberative because the court "d[id] not see in the data elements, codes, and format choices," the types of "candid or personal decisions that, if revealed prematurely, would be likely to stifle honest and frank communications within the agency."  976 F.2d at 1438–39 (internal quotations omitted).  Here, by contrast, the deliberations reflected in Additional Document 1 (and Additional Document 2 discussed below) involve the type of "candid and personal decisions" the court in *Petroleum Info. Corp.* concluded would be protected by the DPP.

3

official in the Division of Investment Management. In the redacted text, Ms. McHugh analyzes whether attendance at the meeting by staff of the Division of Investment Management could be useful to the staff's deliberations regarding the SEC's regulatory approach to digital assets. As with Additional Document 1, the redacted portion of Additional Document 2 is protected by the DPP because it "bear[s] on the formulation or exercise of agency policy-oriented *judgment*." *Petroleum Info.*, 976 F.2d at 1435 (emphasis in original); *see also Competitive Enter.*, 12 F. Supp. 3d at 117.

### C. Additional Document 3 (September 2019 Email Chain): Protected by DPP

Additional Document 3 consists of a September 5, 2019 email to staff of the SEC's Division of Corporation Finance by counsel for a distributed ledger technology firm (the "Firm") seeking possible no-action relief from the SEC regarding transactions in certain digital assets other than bitcoin, ether, and XRP; SEC staff forwarded the email internally to other SEC staff on September 9, 2019.[4] While the SEC produced the external email, the SEC redacted the internal deliberations of SEC staff. The redacted text consists of notes by Michael Reedich embedded in the September 5 email (but not sent outside the SEC), as well as a September 9 email by Mark Vilardo—both senior staff members in the Division of Corporation Finance.

Additional Document 3 was produced in response to Defendants' request that the SEC produce documents relating to meetings with the Firm.[5] Although internal, informal SEC emails are not subject to the Court's prior orders, the SEC agreed to Defendants' request, again in an attempt to spare the Court from further litigation. Defendants now seek to pierce the privilege on the SEC's

---

[4] In response to a specific request by a market participant, SEC staff may issue a "no-action letter" indicating that, based on the facts and circumstances represented by the market participant in its request, the conduct described to the SEC staff would not violate particular provisions of the securities laws. *See, e.g.,* https://www.sec.gov/corpfin/corpfin-no-action-letters#subject. In this case, the Firm was in discussions with staff of the Division of Corporation Finance about a possible no-action letter involving its transactions in certain digital assets. As the SEC has previously noted, Ripple did *not* seek no-action relief from SEC staff in connection with its offerings or sales of XRP.

[5] The SEC had previously produced documents relating to the SEC staff's communications with the Firm, as those external communications referenced the regulatory status of Bitcoin and Ether.

4

internal—and plainly deliberative—communications.

The redacted portion is predecisional and deliberative because it reflects predecisional thoughts and analyses by SEC staff on the request for possible no-action relief by the Firm, including deliberations on whether the digital asset in question is subject to the federal securities laws. *See Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 80 (2d Cir. 2002) ("A document is predecisional when it is prepared in order to assist an agency decisionmaker in arriving at his decision" (internal quotations omitted)). The redactions are therefore protected by the DPP.

## II. There Is No Justification to Override the DPP

For the same reasons detailed in the SEC Brief (D.E. 351 at Section III), the factors governing the potential piercing of the government's DPP heavily favor nondisclosure. *See Export-Import Bank v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 109 (S.D.N.Y. 2005) (among the factors governing disclosure are the relevance of the privileged evidence and the possibility of future timidity by government employees). The Additional Documents have no relevance to the *Howey* analysis or to the aiding-and-abetting claims. Two of the documents do not even relate to particular digital assets, much less XRP, but more generally to the structure of and attendance at external meetings, and the third document reflects SEC staff's predecisional analyses of a different digital asset pursuant to a request for possible no-action relief. These documents have no relevance whatsoever to Defendants' offers and sales of XRP. Moreover, and crucially, the compelled release of these documents will have a chilling effect on future deliberations by SEC staff. *Citizens Union of City of New York v. Attorney General of New York*, 269 F. Supp. 3d 124, 170 (S.D.N.Y. 2017) ("[O]pen dialogue … would be chilled if … preliminary opinions and considerations are potentially subject to public disclosure.").

*   *   *   *

For these reasons, and the reasons outlined in the SEC Brief, the SEC respectfully submits that the Court should conclude that all of the Additional Documents submitted for *in camera* review are protected by the DPP.

Respectfully submitted,

/s Ladan F. Stewart
Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)

**ATTACHMENT 1**

**SUMMARY CHART OF ADDITIONAL DOCUMENTS SUBMITTED BY SEC FOR *IN CAMERA* REVIEW**

| Additional Document | Document Description | Attorney Work Product | Attorney-Client Comm. | Deliberative Process Privilege | Deliberations |
|---|---|---|---|---|---|
| 1 | January 28, 2019 email chain re: SEC forum on digital assets. | | | ☑ | Deliberations re: structure of SEC digital assets forum and industry participants. |
| 2 | October 25, 2018 email chain re: meeting between SEC staff and industry participants on digital assets. [REDACTED] | | | ☑ | Deliberations re: relevance of meeting about digital assets. |
| 3 | September 9, 2019 email chain re: [REDACTED] | | | ☑ | Deliberations re: distributed ledger technology firm's request for possible no action relief. |