John E. Deaton ᐃ

# DEATONLAWFIRM, LLC

450 North Broadway, East Providence, Rhode Island 02914

ᐃ Admitted in RI, MA, CT & IA

-*VIA ECF AND EMAIL-*

October 19, 2021

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   *SEC v. Ripple Labs Inc., et al.,* **No. 1:20-cv-10832-AT-SN (SDNY)**

Dear Judge Torres,

     After significant deliberation and hesitation, coupled with the fear of annoying this Honorable Court on the heels of the Court's order granting Movants ("XRP Holders") amici curiae status (ECF No. 372), I respectfully request the Court consider the perspective of XRP Holders as it relates to the Securities and Exchange Commission's ("SEC") request for a two-month extension. SEC Letter, ECF No. 389. Pursuant to this Honorable Court's order, XRP Holders shall be allowed to assist the Court "by briefing legal issues relevant to the case as approved in advance by the Court." ECF No. 372 at 11. Although Your Honor made clear that the Court contemplated that "such assistance will be most beneficial during briefing on dispositive motions," it was noted that the Court may also "exercise its discretion to request or deny further applications as appropriate." *Id.* XRP Holders respectfully request an application for the Court to consider their "meaningful perspective" to aid the Court in "reach[ing] a proper decision." ECF No. 372 at 10. Due to the time-sensitive nature of the SEC Letter requesting a two-month extension, please accept this letter to serve as both the application for XRP Holders to offer their perspective, as well as an offer of proof of said perspective. Accepting our limited role and participation, XRP Holders waited until Defendant Ripple Labs Inc. ("Ripple") submitted its response to the SEC's extension request. ECF No. 390. XRP Holders will not repeat any arguments or statements offered by Ripple and will be concise in offering our unique, yet vital perspective for the Court's potential consideration.

     Prior to the Court's October 4, 2021 order denying intervention but granting amici curiae, XRP Holders proposed intervention as a class. Class certification was opposed by both the SEC (ECF No. 153 at 22) and Ripple (ECF No. 152 at 15). Both parties argued class certification would delay the case. Based on Ripple and the SEC's objections, XRP Holders conceded that "any attempt to certify a class of defendants may cause such a delay." ECF No. 186 at 14; ECF No. 372 at 1 n.1. This concession was significant for XRP Holders[1] but a major argument offered by the SEC in its opposition to the motion to intervene was that intervention would "hopelessly delay this action." ECF 153 at 32. Now that intervention has been denied, the SEC seeks a two-month delay.

---

[1] At the time of filing XRP Holders' motion to intervene (ECF No. 122), over 12,600 XRP Holders had contacted counsel for Movants. As of October 19, 2021, more than 50,000 XRP Holders have contacted the undersigned counsel asking to be part of the putative class.

Tel. (401) 351-6400 • Fax (401) 351-6401 • www.deatonlawfirm.com • all-deaton@deatonlawfirm.com

In opposing the SEC's request for this delay, Ripple's argument focuses on how the "freezing" of XRP markets within the United States impacts Ripple. The negative impact on XRP Holders is even more profound. As the Court is aware, "nearly every digital asset exchange in the United States" has de-listed or suspended trading of XRP. ECF No. 152 at 6. In addition to owning XRP on those exchanges, many XRP Holders hold XRP in retirement brokerage accounts. The XRP in these retirement accounts have also been "frozen" due to the SEC enforcement action alleging XRP to be an unregistered security. The lack of liquidity within the United States, coupled with the mass de-listings prevents XRP Holders from trading, selling, transferring, or converting their XRP. It is because of this de facto in place seizure of their property that XRP Holders took the extraordinary step to seek intervention as defendants, "effectively requesting that the Court compel the SEC to take enforcement action against them." ECF No. 372 at 5. Any delay in the underlying action marks yet another day XRP Holders do not have access to their funds.

I wish to re-emphasize my hesitation in writing this letter out of fear that I may be stepping outside of my limited role, and I certainly do not wish to aggravate this Honorable Court in any manner. With that being said, as this case proceeds to the merits, I hope, even if the Court denies consideration of this request, the Court will understand why I was compelled to submit this request.

Respectfully Submitted,

John E. Deaton, Esq.
Counsel for Amici Curiae

Cc: All counsel (via ECF and email)