UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                              **Plaintiff,**

      -against-

**RIPPLE LABS, INC., et al.,**

                              **Defendants.**

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/2021

20-CV-10832 (AT)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      This order addresses two pending motions. First, Defendants Ripple and Christian Larsen move to compel the SEC to supplement its responses to eleven of Ripple's interrogatories and two of Larsen's. See ECF No. 326. Second, the SEC moves for a protective order to relieve it of the obligation to respond to 29,947 separate requests for admission. See ECF No. 367. Because the discovery sought overlaps in certain respects, these applications are resolved together. Both motions are granted in part and denied in part.

      The SEC brings claims against the Defendants under Section 5 of the Securities Act of 1933 for the offer for sale of unregistered securities. The SEC alleges that the Defendants' transactions in XRP were investment contracts under SEC v. W.J. Howey Co., 328 U.S. 293 (1946). The Defendants' discovery requests seek information regarding the SEC's theories of liability and in further support of their defenses, including a "fair notice" defense and an extra-territorial defense.

I.     **Motion to Compel Responses to Interrogatories**

Contention interrogatories are "designed to assist parties in narrowing and clarifying the disputed issues and reducing the possibility of surprise at trial." Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya, 248 F.R.D. 126, 157 (S.D.N.Y. 2007) (quoting Wechsler v. Hunt Health Sys., Ltd., 94-cv-8294 (PKL), 1999 WL 672902, at *1 (S.D.N.Y. Aug. 27, 1999)). Parties are required to answer contention interrogatories "truthfully and completely," Wechsler, 1999 WL 672902, at *2 (quoting Weiss v. Chrysler Motors Corp., 515 F.2d 449, 456 (2d Cir. 1975)), and responses must be provided "separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3) ("Rule 33(b)(3)"). "Answers to interrogatories that incorporate other documents by reference are strongly disfavored." Trueman v. N.Y. State Canal Corp., 09-cv-049 (LEK)(RFT), 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010). Answers "should be in a form that may be used at trial." Id. at *2 (citing Int'l Mining Co., Inc. v. Allen & Co., Inc., 567 F. Supp. 777, 787 (S.D.N.Y. 1983)).

Defendants seek binding representations from the SEC related to the application of Howey to this case, as well as identification of the factual support for those representations. The parties' dispute is largely rooted in their disagreement over the application of the controlling legal standards. As both parties emphasize, however, a discovery dispute is not the proper forum to determine how Howey should apply in this case. At a minimum, the contested issues are central to this action; the discovery Defendants seek cannot be deemed irrelevant because it is inconsistent with the SEC's interpretation of the law. Accordingly, the Court takes no position on these legal issues in resolving this motion and evaluates each disputed interrogatory considering its purpose and the potential concerns raised.

*First*, Ripple moves to compel the SEC to identify "all terms of the contract that [the SEC] contend[s] created an 'expectation of profits'" for each contract the SEC listed in response to a previous interrogatory. Ripple Interrogatory No. 2. The SEC opposes on the grounds that the interrogatory assumes (by its lights) an incorrect reading of applicable law, and that the contours of "investment contracts" under Howey need not come from "contracts" alone. The SEC's legal theory is not an excuse to avoid responding to Defendants' factual inquiry. Nor is it a basis to answer a different question than posed. Ripple's interrogatory is relevant (and precise) and will clarify whether the SEC contends that the terms of any contract identified in response to Ripple's Interrogatory No. 1 created an expectation of profits by the purchaser of XRP. Accordingly, Defendants' motion regarding Ripple Interrogatory No. 2 is GRANTED, and the SEC must supplement its response to Interrogatory No. 2 to identify any specific contractual terms and not just "implicit and explicit promises" as previously identified.

*Second*, Ripple moves to compel the SEC to state whether it contends that "Bitcoin and/or Ether are securities within the meaning of Section 2 of the 1933 Securities Exchange Act." Ripple Interrogatory No. 6. The SEC opposes on the grounds that the interrogatory is vague and ambiguous, and that it misapprehends the SEC's decision-making process, which generally does not make determinations as to specific financial instruments' status. To the extent that the SEC relies on previous unsworn admissions to respond to this interrogatory, the SEC is directed to supplement its response so that it complies with Rule 33(b)(3). The Court does not otherwise find the SEC's response evasive or incomplete; the SEC has explained to Ripple that it does not typically determine whether a particular financial instrument is or is not a security. Defendants' motion regarding Ripple Interrogatory No. 6 is GRANTED only insofar as the SEC is ordered to supplement its response to comply with Rule 33(b)(3).

*Third*, Ripple moves to compel the SEC to state whether *it* contends that "efforts by Ripple were necessary to affect any increase in the price of XRP." Ripple Interrogatory No. 11. The SEC opposes on the grounds that the interrogatory is premised on an incorrect reading of the controlling precedent. The SEC responded by identifying ways that demonstrate *Ripple's* belief that its efforts were necessary to achieve XRP price increases. As discussed with respect to Interrogatory No. 2, the parties' conflict over the application of Howey and its progeny does not render Ripple's interrogatory improper. Defendants' motion regarding Ripple Interrogatory No. 11 is GRANTED.

*Fourth*, Ripple moves to compel the SEC to identify "the enterprise(s) or venture(s), if any, in which [the SEC] contend[s] XRP holders acquired a stake in [sic] by virtue of their purchase of XRP from Defendants." Ripple Interrogatory No. 17. The SEC opposes on the grounds that the interrogatory is predicated on an incorrect reading of the law, and that the SEC has supplemented its responses by citing prior interrogatory responses and responses to Requests for Admission. To the extent that the SEC's response contains contentions previously not stated in its sworn interrogatory responses, the SEC is directed to supplement its response to include those contentions. The SEC is also directed to supplement its response to comply with Rule 33(b)(3) and to respond to Ripple's interrogatory separately without incorporating or referring to unverified statements or incorporating by reference its responses to other interrogatories. Defendants' motion regarding Ripple Interrogatory No. 17 is GRANTED only insofar as the SEC is ordered to supplement its response to comply with Rule 33(b)(3).

*Fifth*, Ripple moves to compel the SEC to identify "any evidence . . . that [the SEC] contend[s] demonstrates that any XRP holder has or had any right, as a result of his or her purchase of XRP in the unregistered distribution of securities alleged in the Complaint, to

4

receive any future payment directly from Ripple . . . ." Ripple Interrogatory No. 19. The SEC opposes on similar grounds as to Ripple Interrogatory No. 17. Again, the SEC is directed to supplement its response to comply with Rule 33(b)(3) and to respond to Ripple's interrogatory separately without incorporating or referring to unverified statements or incorporating by reference its responses to other interrogatories. Defendant's motion regarding Ripple Interrogatory No. 19 is GRANTED only insofar as the SEC is ordered to supplement its response to comply with Rule 33(b)(3).

*Sixth*, Larsen moves to compel the SEC to contend whether "the XRP Ledger was not fully functional before the start of the ongoing securities offering alleged in the Complaint," and if that is the SEC's contention, identify "when [the SEC] contend[s] the XRP did become fully functional (if ever) and what actions or efforts resulted in making the XRP Ledger fully function." Larsen Interrogatory No. 5. The SEC opposes on the grounds that the information sought is irrelevant, and that the term "fully functional" cannot be defined without parameters for "functionality" and clarification of the perspective of the person measuring functionality. Defendants counter that the SEC's own public-facing website states that whether a digital asset "is not fully functional at the time of the offer or sale" is relevant in a Howey analysis. The Court agrees that this interrogatory seeks relevant information. But Defendants' interrogatory is too vague for the reasons identified by the SEC. The parties are ORDERED to meet and confer in good faith to further clarify the terms of Larsen Interrogatory No. 5 and facilitate resolution of this dispute. Defendants' motion regarding Larsen Interrogatory No. 5 is DENIED without prejudice.

*Seventh*, Defendants move to compel the SEC to supplement its responses to Ripple Interrogatories Nos. 3, 7, 18, 22, 23, and 24, and to Larsen Interrogatory No. 4, on the grounds

that the SEC's responses incorporate by reference its responses to other interrogatories. The SEC opposes on the grounds that Defendants have done the same, and that its responses are adequate. Defendants' purported noncompliance does not excuse the SEC's obligations under Rule 33. See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) ("[I]t is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations as retaliation for another party's discovery violations.").[1] The SEC is directed to supplement its responses to comply with Rule 33(b)(3) and to respond to Defendants' interrogatories separately without incorporating or referring to unverified statements, or incorporating by reference its responses to other interrogatories. Defendant's motion regarding Ripple Interrogatories Nos. 3, 7, 18, 22, 23, and 24, and Larsen Interrogatory No. 4 is GRANTED only insofar as the SEC is ordered to supplement its response to comply with Rule 33(b)(3).

## II.     Motion for a Protective Order

Both parties have relied extensively on the use of requests for admission. On the last day of fact discovery, Defendants served the SEC with three additional separate sets of requests for admission. The Fourth Set contains 776 requests and are primarily concerned with Defendants' "fair notice" defense. The Fifth Set contains 309 requests and are primarily concerned with Defendants' extra-territorial defense. The Sixth Set contains 28,862 requests (and is, itself, 4,923 pages long). It seeks admissions concerning more than 1,500 contracts. The SEC moves for a

---

[1] With respect to Larsen Interrogatory No. 4, the SEC argues that Larsen Interrogatory No. 4 and Ripple Interrogatory No. 11 are sufficiently identical to permit the SEC to respond using incorporation by reference. The Court is not persuaded that these two interrogatories are as similar as the SEC makes them out to be—Larsen's asks about all efforts made by Ripple in order to generate profits, while Ripple's asks about whether Ripple's efforts were necessary to affect any increase in the price of XRP. One looks to the purpose of Ripple's actions, the other to the need for Ripple's actions. The SEC's response is inadequate. Cf. United States v. R.J. Zavoral & Sons, Inc., 12-cv-668 (MJD)(LIB), 2014 WL 12756821, at *15 (D. Minn. Apr. 23, 2014) (holding that incorporation by reference is appropriate where two interrogatories are "virtually identical").

protective order to be relieved of its obligation to respond to these 29,947 requests on the grounds that they are unreasonably burdensome. The SEC posits that if one staff attorney spent only five minutes reviewing and answering each request, without breaks or sleep, it would require nearly 104 days to respond. Defendants respond that the number of requests for admission is "proportional to the needs of the case" and not a basis to object; and in any event, the count is over-stated because *if* the SEC offers an unqualified admission to the first 13 requests of the Sixth Set, then it will not have to respond to the remaining 28,849 requests.

Apparently, more than 400 requests from the Fourth Set (and potentially other requests from other sets) seek to authenticate documents for admissibility. See ECF 367 at 4 n.3. Rule 36(a)(1)(B) specifically contemplates the use of requests for admission to establish the authenticity or genuineness of a document. To the extent the SEC can authenticate certain documents after a reasonable inquiry, it is ORDERED to do so.

On the merits, the SEC objects in part to the Fourth Set of Requests related to Defendants' "fair notice" defense on the grounds that they are "'irrelevant, disputed or address events the SEC cannot admit because it lacks any direct knowledge." ECF No. 383 at 3. As discussed above, disputes over interpretations of law are not a proper objection to a request for admission; rather, the responding party must admit or deny the statement presented. If the SEC lacks sufficient information to do so, it must make a "reasonable inquiry" to secure such information "as are readily obtainable." Rule 36, Advisory Comm. Notes, 1970 Amendment. Accordingly, the motion for a protective order is DENIED with respect to the Fourth Set of requests. Because the SEC argues that these requests may become moot if its motion to strike Defendants' "fair notice" defense is granted, the time to respond is adjourned until 30 days after a decision on that motion.

The SEC objects to the Fifth Set of Requests as legally irrelevant and unduly limiting. These objections are without merit. Defendants adequately establish that these requests relate to their defense under Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247 (2010), and are substantively reasonable. Accordingly, the motion for a protective order is DENIED with respect to the Fifth Set of requests.

Lastly, the Sixth Set of Requests returns us to the disputed issue of whether Defendants' sales of XRP constitute "investment contracts" under Howey. Defendants ask the SEC to consider over 1,500 contracts and answer 13 preliminary questions. Unless an unqualified admission is provided—which the SEC represents it cannot do—the SEC must respond to the subsequent 28,849 requests. Despite the Defendants' protestations that this volume of requests is reasonable and will narrow the issues for trial, it is hard to view this stunt as anything more than theater. The motion for a protective order is GRANTED on burden grounds. Having granted the motion to compel a response to Ripple's Interrogatory No. 2, the protective order is also GRANTED as cumulative and duplicative of another form of admissible evidence.

## CONCLUSION

Defendants' motion to compel is granted as to Ripple Interrogatory Nos. 2 and 11 and denied without prejudice as to Larsen Interrogatory No. 5. As to the rest of the interrogatories at issue, Defendants' motion is granted insofar as the SEC is ordered to supplement any responses that are unverified because they incorporate or refer to unverified statements, and to supplement any responses that incorporate by reference its responses to other interrogatories in accordance with Rule 33(b)(3). The SEC's motion for a protective order is granted as to the Sixth Set of Requests and denied as to the Fourth and Fifth Sets of Requests. Unless otherwise provided in this Order, the SEC must respond to these discovery demands within 45 days.

The Clerk of Court is respectfully requested to grant in part and deny in part the motions at ECF No. 326 and 367.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         October 21, 2021