# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202.974.1680
msolomon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

**VIA ECF**  October 22, 2021
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: *SEC v. Ripple Labs Inc. et al.,* No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Rule III.F of this Court's Individual Practices and Paragraph 15 of the Stipulation and Protective Order the Court entered in this case, *see* ECF No. 53 (the "Protective Order"), we write on behalf of Bradley Garlinghouse, Christian Larsen and Ripple Labs Inc. (collectively, "Defendants") to respectfully request leave to file under seal Exhibits A and B to Defendants' October 22, 2021 letter response (the "Letter") to the Securities and Exchange Commission's ("SEC") October 15, 2021 filing in connection with its submission of three additional documents for *in camera* review.  *See* ECF Nos. 377 & 388.

Defendants have conferred with the SEC and understand that it does not object to filing these materials under seal, pending the SEC's opportunity to review the submitted materials and evaluate whether to ultimately request sealing.  Pursuant to Paragraph 15 of the Protective Order, and in accordance with this Court's Individual Practices, Defendants are contemporaneously filing a redacted copy of the Letter, as well as unredacted copies highlighted for redaction, under seal.  Defendants are also filing copies of Exhibits A and B under seal.

While Defendants do not presently take a position on the ultimate confidentiality of these materials, Exhibits A and B are part of "discovery materials filed with the court in connection with discovery-related disputes," that were designated as Confidential by the producing party; they are therefore not judicial documents and are not entitled to a presumption of public access.  *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach[.]").  Exhibits A and B are part of the discovery materials exchanged between the parties through "compulsory process to facilitate orderly preparation for trial, not to

educate or titillate the public." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

  Exhibit A is a privilege log, dated September 2, 2021 and revised on September 15, 2021, submitted in this litigation and designated as Confidential by the SEC. Exhibit B is a document produced in this litigation and designated as Confidential by the SEC pursuant to the Protective Order.

  Pursuant to Paragraph 15 of the Protective Order, the SEC as the party that designated these materials as Confidential in the first instance and the opposing party in this litigation, should file within three days a letter explaining the need to seal or redact the materials, if any.

        Respectfully Submitted,

        */s/ Matthew C. Solomon*

        Matthew C. Solomon

        *Counsel for Defendant Bradley Garlinghouse*

cc: All Counsel of Record (via ECF)