

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

January 6, 2022

**By ECF**
Hon. Analisa Torres
U.S. District Court
Southern District of New York

Re:     *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT) (SN)

Dear Judge Torres:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this notice of supplemental authority in further support of the SEC's pending Motion to Strike Defendant Ripple Labs, Inc.'s ("Ripple") fourth affirmative defense (D.E. 131, "Motion to Strike"), in which Ripple asserts that "Ripple did not have, and Plaintiff failed to provide, fair notice that its conduct was in violation of law, in contravention of Ripple's due process rights." (D.E. 51, at 97-99). On December 20, 2021, a Northern District of Illinois court issued the attached opinion denying defendants' motion to dismiss in *SEC v. Fife*, No. 20-cv-5227, 2021 WL 5998525 (N.D. Ill.) (Exhibit A). *Fife* rejected, at the pleadings stage, the same "fair notice" argument Ripple asserts in this case and that the SEC has moved to strike.

*Fife* involves the "broad" statutory term "dealer." 2021 WL 5998525, at *4, 7. Like Ripple's arguments here regarding a different and similarly "flexible" statutory term, "investment contract," *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946), the *Fife* defendants contended "they did not have fair notice of the [SEC's] 'novel interpretation' of [the statutory term] 'dealer'" when "they engaged in the conduct about which the SEC now complains." *Fife*, 2021 WL 5998525, at *7. The *Fife* defendants specifically argued that the "SEC's regulatory guidance…not only lulled [d]efendants into thinking that their conduct was appropriate, but actually encouraged that conduct." *Id.* Rejecting the defendants' argument, the *Fife* court agreed with the SEC that, for purposes of assessing fair notice and due process, "[t]he standard against which the SEC seeks to measure [d]efendants' conduct is the statute itself, the language of which [d]efendants and all others even arguably involved in securities transactions plainly have had notice." *Id.* The court accepted the same argument the SEC has advanced in this case (Motion to Strike at 16-18), concluding: "[I]t is for the courts—not the parties—to determine whether particular conduct falls within the scope of the statute." *Id.*

Indeed, *Fife* rejected the defendants' "fair notice" defense at the motion to dismiss stage despite acknowledging the lack of "binding authority" construing the term "dealer." *Id.* at *5. In Ripple's case, binding authority construing the term "investment contract" has existed since 1946. *W.J. Howey Co.*, 328 U.S. at 298–99. Thus, *Fife* provides additional authority for striking Ripple's fourth affirmative defense.

                                                            Respectfully submitted,



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

                                                                              /s/ Mark R. Sylvester

cc:    All counsel of record (by ECF)