KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:

(202) 326-7999

January 10, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:      *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

We write on behalf of Defendant Ripple Labs Inc. ("Ripple") to respond to the SEC's letter (ECF No. 408) notifying the Court of the out-of-circuit decision in *SEC v. Fife*, No. 20-cv-5227, 2021 WL 5998525 (N.D. Ill. Dec. 20, 2021).

*Fife* does not support the SEC's motion to strike Ripple's affirmative defense that it lacked adequate notice that XRP was an investment contract.  The court in *Fife* determined only that it would not, at the pleading stage, dismiss the SEC's adequately pleaded *complaint* on the basis of the defendants' due process challenge.  The question before this Court arises in a completely different procedural posture:  whether Ripple's *Answer* plausibly sets forth a cognizable legal theory for its affirmative defense, such that it should be permitted to develop evidence and present the defense on a more complete record.  *See* ECF No. 171 at 9-10.  That is clearly the case here:  Ripple's fair notice defense is firmly rooted in binding Second Circuit precedent.  *See Upton v. SEC*, 75 F.3d 92 (2d Cir. 1996); ECF No. 171 at 11-12.

Unlike in *Fife*, Ripple is not relying on its fair notice defense to preclude the SEC from taking discovery and proceeding to merits adjudication.  Indeed, factual discovery is now complete.  Ripple is simply asking that it not be precluded from presenting its legally cognizable defense on a full record.

The law in this Circuit is clear that an affirmative defense to a claim may only be struck where "there is *no* question of law which might allow the defense to succeed."  *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (emphasis added) (quoting *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)).  Under that appropriately demanding

Hon. Analisa Torres
January 10, 2022
Page 2


standard, *any* "disputed or substantial issue[ ] of law" requires denial of such a motion.  *See* ECF No. 171 at 10 & n.5 (collecting cases).  Even if *Fife* – an out-of-circuit decision that is not binding on this Court – supported the SEC's position (and it does not), that still would do no more than create a "disputed or substantial issue[ ] of law" requiring denial of the SEC's motion to strike.


Respectfully submitted,


*/s/ Michael K. Kellogg*
Michael K. Kellogg

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*