

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

January 21, 2022

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York

Re:  SEC v. Ripple Labs, Inc. et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter motion to request: (1) an extension of the SEC's deadline to file a motion ("Motion") for partial reconsideration of the Court's January 13, 2022 order (D.E. 413, the "Order") until February 17, 2022; (2) leave to file a 20-page (double-spaced) letter brief in connection with the Motion; and (3) leave to submit documents for *in camera* review in connection with the Motion. The parties met and conferred today, and Defendants object to this motion.

The SEC seeks partial reconsideration of only a single aspect of the Order, relating to drafts and emails in connection with a June 14, 2018 speech by Director Bill Hinman (the "Speech"). The SEC seeks partial reconsideration in part because the lone document related to the Speech identified by Defendants for *in camera* review was not a representative sample of the SEC's internal documents related to the Speech and fails to provide the necessary context for the Court to evaluate the SEC's assertion of the deliberative process privilege.

Specifically, the only document related to the Speech provided for *in camera* review was Entry 9 of Appendix A to Defendants' motion to compel, which is a forward of an email from Director Hinman to counsel for the then-SEC Chair, as well as officials in various SEC offices and divisions, seeking review of and comment on a draft of the Speech. In addition to Entry 9, the SEC has logged approximately 66 other documents that include drafts of the Speech, the vast majority of which reflect substantive input on the draft Speech by officials and staff across the agency—including staff in the Office of General Counsel, the Division of Trading and Markets, the Division of Investment Management, and the Division of Corporation Finance. These materials, including Entry 9, reflect deliberations of SEC staff in connection with SEC policies. The 66 documents were the subjects of Defendants' motion to compel and reflected in the privilege logs Defendants submitted to the Court in connection with their motion. (D.E. 289-1, 289-2, 289-4.) However, because the Court ordered the SEC to submit for *in camera* review only the documents identified by Defendants in Appendix A to their motion, the Court did not have the opportunity to review the input provided by officials across the agency on the Speech as reflected in these additional documents.

The SEC respectfully submits that these additional documents clarify the truly deliberative nature of the discussions surrounding the Speech across the SEC, and show that the Speech was not "merely peripheral to actual policy formulation," but was in fact an "'essential link' in the SEC's deliberative process with respect to Ether" and other digital assets. (Order at 14–15.) The SEC therefore seeks leave to submit for *in camera* review the entire set of the 66 documents or, if the

Court prefers, a representative subset of documents that reflect the scope and breadth of the agency's deliberations reflected in the documents the Court has not yet had the opportunity to review.

The SEC further seeks leave to file a 20-page (double-spaced) brief in connection with the Motion, with the privileged portions of the brief redacted in the publicly-filed version and submitted to the Court for *in camera* review.  The SEC believes the additional pages would allow it to adequately describe the documents as well as the circumstances surrounding the Speech.

Finally, the SEC requests that the Court extend the deadline for the SEC to file the Motion, which is currently due on January 27, 2022, by three weeks, to February 17, 2022.  This short extension is appropriate given that the parties are in the midst of expert discovery (with eight expert depositions to be completed in February), and because there are no upcoming deadlines that would be affected by the extension.

Finally, no Defendant will be prejudiced by the extension.  As the Court has held, the internal SEC materials subject to the Motion are not relevant to Ripple's "fair notice" defense. (Order at 18).  While the Court has found that such material could be relevant to the Individual Defendants' scienter-based defenses, the Individual Defendants' motions to dismiss the SEC's claims remain pending, and they will be entitled to an additional discovery period if Judge Torres denies their motions to dismiss.

Respectfully submitted,

/s Ladan F. Stewart

Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)