# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1680
msolomon@cgsh.com

MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL
SILICON VALLEY

January 24, 2022

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *SEC v. Ripple Labs, Inc. et al.,* No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

On behalf of Bradley Garlinghouse, Chris Larsen and Ripple Labs Inc. ("Defendants"), we write in opposition to the SEC's request for an extension of time to file more documents attached to an oversized motion for partial reconsideration of the Court's January 13, 2022 Order. ECF No. 416 ("Motion"). The SEC requests (1) four weeks to file its motion for reconsideration where Local Rule 6.3 provides for two, (2) leave to file another twenty-page brief, where Court practices allow only five, and (3) leave to submit "approximately" 66 more documents to the Court for *in camera* inspection that could have been provided by the SEC prior to this Court's already extensive review and that the SEC now claims support a new argument. The SEC's attempt to inject delay and reargue its position based on additional materials and new arguments is improper. See *In re CRM Holdings, Ltd. Sec. Litig.*, No. 10 CIV 00975 RPP, 2013 WL 787970, at *3 (S.D.N.Y. Mar. 4, 2013) ("[R]econsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.") (internal quotation marks omitted).

Defendants have sought the documents covered by the Court's Order for almost a year. In the meantime, fact discovery has passed, 17 fact witnesses have been deposed, and expert reports have been filed. As this case approaches a new phase of motions practice, Defendants are entitled to review these documents to prepare their defenses to the SEC's claims. Any further delay to allow the SEC to present new or additional evidence or to raise new arguments that are plainly not appropriate on a motion for reconsideration would only prejudice Defendants.

The SEC has had plenty of time and opportunity to put before the Court whatever arguments or documents it wished. The SEC already filed declarations in support of its privilege assertions that this Court already considered, in addition to substantial briefing and oral argument.

Nothing the SEC proposes to submit now is new or intervening.  Nor does the SEC seem to assert that the Court "overlooked important 'matters or controlling decisions' 'that might reasonably be expected to alter the conclusion reached by the court.'"  *Ramgoolie v. Ramgoolie*, No. 16-CV-3345 (VEC)(SN), 2020 WL 6135056, at *1 (S.D.N.Y. Oct. 16, 2020) (Netburn, J.) (citation omitted).  Instead, the SEC apparently seeks re-argument on the basis of dozens of self-selected documents it logged months before the Court issued its January 13, 2022 Order.  ECF No. 413.

What's more, the SEC apparently intends to argue—contrary to its repeated assertions and sworn statements that Director Bill Hinman's June 2018 speech represented only his personal views—that Entry 9 of Appendix A and similar documents were "an 'essential link in the SEC's deliberative process with respect to Ether' and other digital assets."  ECF No. 416 at 1.  This is a reversal of the SEC's litigation position to date.  Before the Court's Order the SEC argued that these documents were protected by the deliberative process privilege because they reflected internal agency communications on "what [Director Hinman's June 2018] speech should say."  ECF No. 351 at 13.  Despite having the opportunity to argue in its prior briefing and argument that Entry 9 and similar documents related to agency deliberations about the regulation of Ether or digital assets more broadly, it did not.  It cannot do so now.  *See Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("[A] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court.")

The SEC should not benefit from its "wait-and-see" approach to continue delaying the production of potentially exculpatory documents Defendants have been seeking for the better part of a year.  The Local Rules and the Court's practices prescribe ample time and space for the SEC to articulate its position on the "single aspect" of the Court's Order that it intends to challenge.  The Motion should be denied.

Respectfully submitted,


*/s/ Matthew C. Solomon*
Matthew C. Solomon
(msolomon@cgsh.com)
CLEARY GOTTLIEB STEEN &
HAMILTON
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Attorneys for Defendant Bradley
Garlinghouse*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Attorneys for Defendant Christian A.
Larsen*


KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Attorneys for Defendant Ripple Labs Inc.*