

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

January 27, 2022

**By ECF**
Hon. Analisa Torres
U.S. District Court
Southern District of New York

Re: *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT) (SN)

Dear Judge Torres:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this notice of supplemental authority in further support of the SEC's pending Motion to Strike Defendant Ripple Labs, Inc.'s ("Ripple") fourth affirmative defense (D.E. 131), in which Ripple asserts that it lacked "fair notice that its conduct was in violation of law, in contravention of Ripple's due process rights." (D.E. 51, at 97-99). On January 21, 2022, a Southern District of Florida court issued the attached opinion granting the SEC's motion for summary judgment in *SEC v. Keener*, No. 20-cv-21254, 2022 WL 196283 (Exhibit A). The court concluded that the defendant unlawfully failed to register as a securities "dealer" as required by the Securities Exchange Act of 1934 ("Exchange Act"). In doing so, *Keener* rejected the same "fair notice" argument Ripple asserts in this case and that the SEC has moved to strike, holding that the defense fails *as a matter of law*. *Id.* at *13-14.

Like Ripple's arguments regarding the application of the statutory term "investment contract" to its offers and sales of XRP, the *Keener* defendant contended he had "no fair notice that his conduct could be unlawful" because he lacked notice his conduct could make him a "dealer" as defined in the Exchange Act. *Keener*, 2022 WL 196283, at *7, 13. The *Keener* defendant argued: "(1) 'the statutory language [of the Exchange Act] is not transparent, which is why the SEC has issued so many interpretations of it over the years[;]' (2) '[the SEC's] position in this litigation *directly contradicts* its prior guidance' which Defendant reasonably relied upon in determining that he is not a dealer; and (3) 'whether [Defendant] had fair notice of the new way in which the Exchange Act definition of "dealer" would be applied is a factual question that must be decided by the jury.'" *Id.* at *14.

In rejecting the "fair notice" defense "as a matter of law" and awarding the SEC summary judgment, *Keener* held that the "Defendant had notice that his conduct could be unlawful based upon 'the express language of the Exchange Act, decisions from this circuit applying the definition of "dealer," and [SEC guidance] itself.'" *Keener*, 2022 WL 196283, at *14 (citations omitted). *Keener* further held: "To the extent Defendant contends that [the SEC] was required to set forth guidance specifically on [the investment products at issue], the Court is unaware of, and Defendant has failed to cite to, any authority requiring [the SEC] to issue precise guidance on the regulations it enforces." *Id.* (citations omitted).

Accordingly, *Keener* provides additional authority for striking Ripple's fourth affirmative defense.

Respectfully submitted,

/s/ Mark R. Sylvester
Mark R. Sylvester

*Counsel for Plaintiff Securities and Exchange Commission*