UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

-against-

RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,

               Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2022
```

20 Civ. 10832 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendants Ripple Labs, Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen seek an order sealing from public access certain documents submitted in connection with three pending motions: (1) Larsen's motion to dismiss the amended complaint, ECF No. 105; (2) Garlinghouse's motion to dismiss the amended complaint, ECF No. 110; and (3) the SEC's motion to strike Ripple's fourth affirmative defense, ECF No. 128. *See* Larsen Sealing Mot. I, ECF No. 104; Ripple Sealing Mot., ECF No. 170; Larsen Sealing Mot. II, ECF No. 221; Garlinghouse Sealing Mot., ECF No. 225. Additionally, Ripple requests leave to file a sur-reply in connection with the SEC's motion to strike. Ripple Sur-Reply Mot., ECF No. 229. For the reasons stated below, the motions are GRANTED in part, and DENIED in part.

    I.     Sealing

    "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Documents are considered "judicial documents" if they are "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted). Moreover, the "relevance" of a specific

document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id*. Rather, what is important is whether a document "would reasonably have the *tendency* to influence a district court's ruling on a motion." *Id*. (emphasis in original). Furthermore, the presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion. *Id*. at 50.

After finding that documents are judicial documents to which the common law presumption of access attaches, courts must "balance competing considerations against" that presumption. *Lugosch*, 435 F.3d at 120 (citation omitted). The sealing of judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124. Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, *see SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), "conclusory statements that documents contain confidential business information" are insufficient to justify sealing, *United States v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). Rather, the moving party must make a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Id*. (citation omitted). Moreover, the Court shall not permit sealing of documents merely because information contained therein is subject to a stipulated protective order because "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

### A. Legal Memoranda and Associated Briefing

Larsen requests that the Court seal the memorandum of law submitted in support of his motion to dismiss the amended complaint (the "Larsen Memo"), Larsen Mem., ECF No. 106, his reply memorandum of law (the "Larsen Reply"), Larsen Reply, ECF No. 222, and Exhibits A and B

filed in support of his motion to dismiss, Legal Mems. I, ECF Nos. 108-1, 108-2. *See* Larsen Sealing Mot. I; Larsen Sealing Mot. II.  Larsen argues that Exhibits A and B, two legal memoranda (the "Legal Memos") provided to him in his capacity as Ripple's CEO, *see* Legal Mems. I,[1] should be filed under seal because (1) they "have been designated as Confidential by [Ripple] pursuant to the Stipulation and Protective Order entered by the Court, *see* [Protective Order, ECF No. 53]," and (2) they "reflect the proprietary internal business strategies, analyses, impressions, and concerns of a private company and its founder on a range of sensitive topics that have never been made public to date."  Larsen Sealing Mot. I at 1–2.  Larsen also contends that the references to the Legal Memos made in the Larsen Memo, the Larsen Reply, and the SEC's memorandum of law in opposition to Larsen's motion (the "SEC Opposition"), SEC Opp., ECF No. 183, should be redacted for the same reasons.  *See* Larsen Sealing Mot. II at 2; Larsen Sealing Mot. I.

In opposition to the SEC's motion to strike its fourth affirmative defense, Ripple seeks to seal the Legal Memos, Legal Mems. II, ECF Nos. 130-1, 130-2, and requests that the Court permit redactions of references to the Legal Memos in both the SEC's memorandum of law in support of its motion to strike (the "SEC Memo"), SEC Mem., ECF No. 131, and Ripple's opposition to the motion (the "Ripple Opposition"), Ripple Opp., ECF No. 172.  *See* Ripple Sealing Mot.  Ripple argues that the Legal Memos should be sealed because they "discuss aspects of Ripple's business planning that are non-public and competitively sensitive" and they "are not material to the case." *Id.* at 1.

The Court holds that sealing of the Legal Memos and redaction of the associated briefing is unjustified.  The Legal Memos and the briefing are "unquestionably judicial documents" because they were submitted to the Court as "supporting material" in connection with two dispositive motions.  *Lugosch*, 435 F.3d at 121, 123.  The Legal Memos are relied on heavily in the amended

---

[1] In the amended complaint, the SEC alleges that the Legal Memos were provided to Larsen.  *See* Amend. Compl. ¶¶ 52, 56, ECF No. 46.

complaint, *see* Amend. Compl. ¶¶ 51–60, and are discussed extensively in briefing on the motions to dismiss and the motion to strike, *see* Larsen Mem. at 4–6; Larsen Reply at 5–7; SEC Opp. at 6–11; SEC Mem. at 4–7; Ripple Opp. at 18–19.  Indeed, Larsen, Ripple, and the SEC urge the Court to review the Legal Memos in full when considering the parties' respective positions.  *See, e.g.*, Larsen Reply at 6; Ripple Opp. at 18–19; SEC Mem. at 3 n.1, 4–7.  The Court determines, therefore, that the Legal Memos and the associated briefing are judicial documents to which a high presumption of public access attaches because they are relevant to dispositive motions.  *Brown*, 929 F.3d at 50.

Moreover, the Court concludes that Larsen and Ripple have not made a "particular and specific" factual demonstration of the harm that would result from disclosure.  *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *2, *4 (S.D.N.Y. Oct. 21, 2014) (citation omitted).  And, even if disclosure of some of the information in the Legal Memos could injure Ripple's business interests, it does not justify sealing the Legal Memos in their entirety; rather, it supports redacting those portions of the Legal Memos that relate to those potential harms, and leaving in public view those portions relating to the relevant legal advice Ripple and Larsen allegedly relied upon, which is discussed at length in the parties' briefing.  *See Lugosch*, 435 F.3d at 124.  Additionally, it is immaterial that the Legal Memos are subject to the parties' stipulated protective order because "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernstein*, 307 F. Supp. 3d at 168.  The SEC has proposed specific redactions that address these concerns.  *See* ECF Nos. 178-1, 178-2.

Accordingly, the motions to seal the Legal Memos and the associated briefing are DENIED.

      B.  <u>Exhibit E and Associated Briefing</u>

Larsen requests that the Court seal a copy of an email attached as an exhibit in support of the SEC Opposition ("Exhibit E"), ECF No. 179-3, and redact those portions of the SEC Opposition that quote the email, ECF No. 183.  Larsen Sealing Mot. II at 2.  Exhibit E is quoted and discussed in the

4

SEC Opposition, *see* SEC Opp. at 10, 40, and the amended complaint, *see* Amend. Compl. ¶¶ 56–57. Larsen provides no justification for sealing Exhibit E and redacting the SEC Opposition. *See* Larsen Sealing Mot. II.

Again, the Court finds that Exhibit E and the SEC Opposition are judicial documents because they are relevant to the Court's ruling on a dispositive motion. *See Brown*, 929 F.3d at 50. Accordingly, the request is DENIED.

      C.  Exhibits K, L, and M

Garlinghouse requests redactions to three exhibits filed in support of his motion to dismiss. *See* Garlinghouse Sealing Mot. These exhibits consist of two internal Ripple communications ("Exhibit K" and "Exhibit M"), ECF Nos. 226-1, 226-3, and one communication between third parties discussing information obtained from Ripple ("Exhibit L"), ECF No. 226-2. Garlinghouse explains that Exhibits K, L, and M "reflect Ripple's proprietary internal business strategies, analyses, impressions, and concerns on a variety of sensitive topics that remain confidential, including, for example Ripple's business relationships, product development, and legal and regulatory developments, risks, and requirements." Garlinghouse Sealing Mot. at 2. He contends that they "contain irrelevant and sensitive information concerning human resources and employee issues, and the identities of third-party customers and prospective investors." *Id*. Garlinghouse cites Exhibits K, L, and M in his reply memorandum of law to provide context for certain quotations in the amended complaint. *See* ECF No. 224 at 7–8. The amended complaint also refers to these documents. Amend. Compl. ¶¶ 407–08, 420.

The Court finds that Exhibits K, L, and M are judicial documents for the reasons discussed above. *See Brown*, 929 F.3d at 50. But, Garlinghouse sets forth specific facts justifying redaction, *see Wells Fargo Bank*, 2015 WL 3999074, at *4; *Telegram*, 2020 WL 3264264, at *3, and his

proposed redactions protect any potentially sensitive information while leaving unobstructed the language relevant to the Court's decision on his motion to dismiss, *see Lugosch*, 435 F.3d at 120.

Accordingly, Garlinghouse's request to redact Exhibits K, L, and M is GRANTED.

### D. Sealed Documents Not Addressed by the Parties

Both Ripple and the SEC filed documents under seal in anticipation that the other party would request to seal them. *See* Ripple Sealing Mot. at 1–2; ECF No. 178 at 2 n.2. These requests were not made. Accordingly, the Court shall direct the Clerk of Court to unseal those documents.

## II. Sur-Reply

Ripple requests leave to file a sur-reply in response to the SEC's reply memorandum of law in support of the SEC's motion to strike Ripple's fourth affirmative defense ("SEC Reply"), ECF No. 205. *See* Ripple Sur-Reply Mot. Ripple argues that the SEC Reply raises new arguments related to the Court's ability to take judicial notice of information contained in a report produced by a private consulting firm. *See id*. at 1. In its proposed sur-reply, Ripple argues that the Court should not take judicial notice of this report and disputes the conclusions that the Court should draw from this report if the Court decides to the contrary. *Id*. at 1–2.

Motions for leave to file a sur-reply "are subject to the sound discretion of the court." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (citation omitted). Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief. *See*, *e.g.*, *Stepski v. M/V Norasia Alya*, No. 06 Civ. 1694, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010). Ripple has provided good cause for the Court to grant its request to file a sur-reply because the sur-reply is directed to arguments the SEC raises for the first time in its reply. *See id*.

Accordingly, Ripple's motion for leave to file a sur-reply is GRANTED.

**CONCLUSION**

For the foregoing reasons, Defendants' motions are GRANTED in part, and DENIED in part. Specifically,

1) Larsen's and Ripple's motions to seal the Legal Memos are DENIED.  By **February 17, 2022**, Larsen and Ripple shall propose specific redactions that comply with the Court's Order.  If they have not done so by that date, the Court shall direct the Clerk of Court to (a) unseal the legal memorandum at ECF Nos. 108-1, 130-1, and 179-1 and replace it with the redacted version at ECF No. 178-1, and (b) unseal the legal memorandum at ECF Nos. 108-2, 130-2, and 179-2 and replace it with the redacted version at 178-2.

2) Larsen's motion to seal Exhibit E is DENIED.  By **February 17, 2022**, Larsen shall submit a letter to the Court explaining why Exhibit E should be sealed and propose specific redactions that comply with the Court's Order.  If he has not done so by that date, the Court shall direct the Clerk of Court to unseal Exhibit E at ECF No. 179-3.

3) Larsen's motion to file redacted versions of the Larsen Memo, Larsen Reply, and SEC Opposition is DENIED.  By **February 17, 2022**, Larsen shall propose specific redactions that comply with the Court's Order.  If he has not done so by that date, the Court shall direct the Clerk of Court to unseal the Larsen Memo, ECF No. 106, the Larsen Reply, ECF No. 222, and the SEC Opposition, ECF No. 183.

4) Ripple's motion to file redacted versions of the Ripple Opposition and the SEC Memo is DENIED.  By **February 17, 2022**, Ripple shall propose specific redactions that comply with the Court's Order.  If it has not done so by that date, the Court shall direct the Clerk

of Court to unseal the Ripple Opposition, ECF No. 127, and the SEC Memo, ECF No. 131.

5) Garlinghouse's motion to seal Exhibits K, L, and M is GRANTED.

6) The Clerk of Court is directed to unseal the documents at ECF Nos. 172-1, 179-4, and 179-5.

7) Ripple's motion for leave to file a sur-reply is GRANTED. By **February 9, 2022**, Ripple shall file its sur-reply.

8) The Clerk of Court is directed to terminate the motions at ECF Nos. 104, 170, 221, 225, and 229.

SO ORDERED.

Dated: February 3, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge