# Exhibit C

CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| NEW YORK | 2112 Pennsylvania Avenue, NW | ROME |
| PARIS | Washington, DC 20037-3229 | MILAN |
| BRUSSELS | T: +1 202 974 1500 | HONG KONG |
| LONDON | F: +1 202 974 1999 | BEIJING |
| FRANKFURT | clearygottlieb.com | BUENOS AIRES |
| COLOGNE | | SÃO PAULO |
| MOSCOW | D: +1 202 974 1680 | ABU DHABI |
| | msolomon@cgsh.com | SEOUL |

**VIA EMAIL**                                                                  January 28, 2022
Mark R. Sylvester, Esq.
U.S. Securities and Exchange Commission
200 Vesey Street, Suite 400
New York, NY 10281
SylvesterM@sec.gov

*Re: SEC v. Ripple Labs Inc. et al.,* No. 20-cv-10832 (AT) (S.D.N.Y.)

Dear Mr. Sylvester:

We write on behalf of defendants Bradley Garlinghouse, Christian A. Larsen and Ripple Labs Inc. ("Defendants") in response to your January 20, 2022 letter to Andrew Ceresney and latest privilege log of the same date listing two additional documents logged almost 5 months after the close of fact discovery in this case, and nearly 10 months after the Court first ordered the SEC to produce or log them.

As we indicated during our January 21 meet and confer, the timing and circumstances surrounding this belated identification and logging of highly relevant and potentially exculpatory documents calls into question the reasonableness and diligence of the SEC's search for documents responsive to the Court's orders and Defendants' discovery requests. This is particularly troubling in light of our many discussions in which we urged the SEC to conduct a comprehensive search for such materials. You rebuffed our questions concerning the adequacy of your search and instead assured us that your search was diligently being conducted and that you were employing "reasonable, good faith, and extensive efforts" to locate responsive documents. Letter from M. Sylvester, dated June 2, 2021. After all of that, and following months of litigation around Defendants' need for these documents, we understand from your representations that the SEC learned – only on January 11, 2022 – of "[a]ttorney notes reflecting meeting with Commissioner Roisman and Bradley Garlinghouse" taken by Matthew Estabrook because Mr. Estabrook was only now reviewing his files in connection with his departure from the Commission. That he identified these materials now, but not in connection with a search responsive to Defendants' document requests, strongly suggests that the SEC's document collection efforts have been inadequate and reinforces our concern that other materials may likewise have been missed in the SEC's document collection. We will assume, unless you tell us otherwise, that Mr. Estabrook never before searched his SEC office for responsive documents.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

Mark Sylvester, Esq.
January 28, 2022

As we noted in our January 21 email to you, in light of the belated disclosure of these notes, we request that the SEC redouble its efforts to ensure that nothing else was missed. Specifically:

- We ask that you reconfirm from all potentially relevant custodians that there are no additional notes in existence of the meeting that also occurred on November 9, 2018 between Mr. Garlinghouse and Commissioner Hester Peirce.

- For each of the current and former SEC employees from whom you sought to collect documents in response to Defendants' document requests, we ask that you reconfirm that each has conducted a complete review of his or her files for responsive materials, including specifically a review of files that exist both in their SEC and home offices (if applicable).

With respect to the documents that are logged on the SEC's January 20, 2022 Privilege Log, we write today to ask the SEC to reconsider its position with respect to the notes of the November 9, 2018 meeting between Commissioner Roisman and Mr. Garlinghouse. Those notes fall squarely within the scope of what Judge Netburn has ordered be produced, and outside the scope of what her January 13, 2022 Order, ECF No. 413 (the "DPP Order"), permits the SEC to withhold. Moreover, insofar as the notes reflect the SEC's own record of a meeting that bears directly on the SEC's allegations that Mr. Garlinghouse knew or recklessly disregarded that XRP sales were a securities offering, the notes are highly relevant and potentially exculpatory.

We do not agree with your position as articulated on the meet and confer call that these notes are privileged for the following reasons:

*First*, notes taken by SEC staff in the context of fact-gathering do not fall within the scope of the DPP, even if the information gathered may later be relied on for future policymaking. Judge Netburn's DPP Order is clear that such "[f]act-gathering from third parties is not an inherently privileged activity." DPP Order at 8. The position that Mr. Estabrook's notes were taken for purposes of ultimately advising the Commission on policy is both unsupported and, ultimately, irrelevant.

*Second*, the November 9, 2018 notes – in contrast to certain others Judge Netburn addressed in her DPP Order – are not privileged merely because a Ripple executive was present at the meeting. As you conceded during our January 21, 2022 call, neither Mr. Roisman nor Mr. Estabrook participated in this meeting in connection with the investigation of Ripple or Mr. Garlinghouse, nor would it have been appropriate for them to have done so. Accordingly, there is no risk that disclosure of these notes would "reveal to Defendants the SEC's internal thought processes" regarding potential "deliberations" about how to proceed with respect to the investigation of Ripple. DPP Order at 8. *Cf. S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 416 (S.D.N.Y. 2009) (the SEC must show "whether the document . . . formed an essential link in a specified consultative process"). Nor can the SEC demonstrate that these notes bear on any

Mark Sylvester, Esq.
January 28, 2022

deliberation about Ripple, as distinguished from fact gathering and discussions with a third party about crypto regulation generally. The notes likely do, however, bear directly on what Mr. Garlinghouse said and was told, and thus took away, from a meeting directly with an SEC Commissioner – facts that go to the heart of the SEC's allegations that, among other things, Defendants failed to contact the SEC to "obtain clarity about the legal status of XRP" before engaging in sales. *See e.g.*, Am. Compl. ¶ 59.

*Third*, the SEC does not claim that these notes are subject to any additional privilege, such as the attorney/client privilege or work product doctrine, and for good reason. *Cf*. DPP Order at 13 (distinguishing a presentation from Valerie Szczepanik in her capacity as attorney to then-Commissioner Piwowar on "regulatory issues in the digital asset market" as protected by the attorney-client privilege). These notes relate to a meeting with Mr. Garlinghouse, a third party, and as you acknowledged during our call on January 21, were not taken in anticipation of litigation.

*Finally*, the SEC's selective use of its notes of certain meetings *involving Mr. Garlinghouse* while withholding others fatally undermines any privilege that could conceivably attach to these notes. As you know, the SEC *affirmatively* used internal notes of a meeting between Mr. Garlinghouse and former Chairman Clayton and Director of the Division of Corporation Finance Bill Hinman during the deposition of Mr. Hinman. *See* Hinman Depo. Exh. 41. The SEC cannot selectively disclose only those materials that it believes support its claims, while claiming privilege over like materials that may defeat them. We doubt a neutral fact-finder will endorse this litigation tactic.

Please provide us with your position on our document collection confirmation request and on the November 9, 2018 notes by January 31, 2022, so that we may seek relief from the Court, if needed.

Sincerely,

*/s/ Matthew C. Solomon*
Matthew C. Solomon

Cc: All counsel of record