# Exhibit D

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

February 2, 2022

**VIA EMAIL ONLY**
Matthew Solomon, Esq.
Cleary, Gottlieb, Steen & Hamilton LLP
212 Pennsylvania Ave. NW
Washington, DC 20037

Re:   *SEC v. Ripple Labs, Inc.,* et al., No. 20-cv-10832 (AT) (S.D.N.Y.)

Dear Matt:

Thank you for your letter of January 28, 2022, concerning the SEC's recent discovery of internal notes taken by Commissioner Roisman's then-counsel, Matthew Estabrook, at a November 9, 2018 meeting between Commissioner Roisman and Defendant Bradley Garlinghouse, and our production of a privilege log asserting the deliberative process privilege over these meeting notes and notes of a related call between Mr. Estabrook and Ripple's counsel, Andrew Ceresney.

As set forth in my January 20, 2022 letter enclosing the privilege log: the SEC's litigation team discovered the existence of these notes on Tuesday, January 11, 2022, received a copy of the notes on Friday, January 14, and produced a related privilege log on Thursday, January 20.

First, as stated in my January 20 letter and during our January 21 meet and confer, and contrary to your puzzling suggestion otherwise, Mr. Estabrook previously had searched for notes of Commissioner Roisman's meeting with Mr. Garlinghouse. He had inadvertently overlooked them when conducting his previous search, but notified the litigation team of their existence when he discovered them in preparing his files for departure from the SEC.

We reiterate our previous statement that we have undertaken "reasonable, good faith, and extensive efforts" to locate responsive documents. That a single employee located responsive documents he had previously inadvertently overlooked provides no basis to conclude that the SEC's search for responsive documents was generally ineffective. Accordingly, there is no need to undertake the time-consuming and burdensome effort to "reconfirm" our search for documents with each document custodian, nor is any such confirmation required under the Federal Rules of Civil Procedure or the Local Rules of the Court. Although Mr. Estabrook's recent discovery has no bearing on the merits of our entire search process, we are willing to undertake the task of "reconfirming" that the SEC has not identified any notes of a November 9, 2018 meeting between Commissioner Peirce and Mr. Garlinghouse and will advise you when that process is complete.

We also note that Defendants' own discovery efforts have fallen far short of perfection. To provide one example, Defendants claimed their production of Slack documents was complete until, after repeated inquiry from the SEC, Defendants discovered a "vendor error" in the collection process

that ultimately resulted in the production of thousands of additional relevant documents. In addition, Defendants have never provided any explanation as to why their search utterly missed an entire category of responsive documents—recordings of Ripple meetings, including many of Mr. Garlinghouse speaking on topics relevant to this case—until the deposition testimony of a former Ripple employee during the last month of fact discovery. Ripple has since produced hundreds of responsive recordings.[1]

Second, we decline to reconsider our position with respect to the two documents listed on our January 20, 2022 privilege log.

Both documents fall squarely within Judge Netburn's January 13, 2022 Opinion and Order (D.E. 413, the "Order") denying in relevant part Defendants' motion to compel production of notes of a meeting between SEC staff and Ripple (Entry 1, Part O) and notes of a meeting between Commissioner Peirce and Ripple's shareholder, SBI Holdings (Entry 1, Part Q). Notwithstanding the Court's observation that "[f]act-gathering from third parties is not an *inherently* privileged activity," D.E. 413 at 8 (emphasis added), Judge Netburn nevertheless held that the privilege did apply as to two sets of notes reflecting SEC meetings with Ripple and its business partner (collectively, the "Ripple Meeting Notes").

In the Order, the Court articulated two reasons for concluding that the deliberative process privilege protected the Ripple Meeting Notes: (1) Defendants' need for notes as to meetings at which they were present is "significantly reduced" and (2) the SEC's "notes could reveal to Defendants the SEC's internal thought processes during the meetings" and the privilege applies "to avoid the risk of revealing any such deliberations." D.E. 413 at 8.

Both of the bases underlying Judge Netburn's denial of Defendants' motion to compel production of the Ripple Meeting Notes apply with equal force to the two documents on the SEC's January 20 privilege log. Because Ripple or its counsel was present at the meetings to which the notes pertain, Defendants' need for these meeting notes is "significantly reduced." D.E. 413 at 8. And Judge Netburn did not limit her ruling that the "notes could reveal to Defendants the SEC's internal thought processes during the meetings" to meetings pertaining only to the Enforcement Division's investigation of Ripple. *See* D.E. 413 at 8. To the extent the existence of the investigation is relevant, there is no dispute that there was an open Enforcement investigation of Ripple at the time of Mr. Garlinghouse's meeting with Commissioner Roisman.

You suggest that the SEC should disregard its privilege assertion because Mr. Estabrook's notes of the meeting between Commissioner Roisman and Mr. Garlinghouse "bear directly on what Mr. Garlinghouse said and was told, and thus took away" from the meeting. But Defendants do not need the notes to discover any of these things—Mr. Garlinghouse was at the meeting. *See* D.E. 413 at 8. Indeed, Mr. Garlinghouse testified at length during his deposition about the contents of this

---

[1] We note that in both cases, the SEC was forced to move to compel production of these relevant, responsive documents, and production of the latter category (recordings) is not yet complete despite the SEC's request for these documents approximately a year ago.

Matthew Solomon, Esq.
February 2, 2022
Page 3

meeting.[2]  *See* Transcript of Deposition of Bradley Garlinghouse at 53-54, 56-62, 68-69, 72-73, 77-80, 89, 92-93.

Finally, as noted on our January 21 meet and confer, you have again mischaracterized Hinman Deposition Exhibit 41, which is not "notes," but rather a memorandum prepared and signed by then-Chairman Clayton's staff regarding his meeting with Mr. Garlinghouse and Ripple's Chief Technology Officer.  As we have previously explained and as is evident from reviewing the document, these are not meeting notes reflecting the author's selection of facts pertinent to a decision or decision-making process.  Rather, the memorandum recounts in relevant part Mr. Garlinghouse's attempt to raise with Chairman Clayton the topic of the open Enforcement investigation into Ripple, and Chairman Clayton's repudiation of Mr. Garlinghouse's efforts.

Regards,

/s/ Mark R. Sylvester
Mark R. Sylvester

cc: Counsel for Defendants (via email)

---

[2] To the extent your letter suggests that Mr. Garlinghouse intends to assert that he somehow "obtain[ed] clarity about the legal status of XRP" during his meeting with Commissioner Roisman, this argument puts at issue what Mr. Garlinghouse was told by his counsel regarding the reasonableness of relying on any single Commissioner's views to obtain any such "clarity" during the pendency of an open Enforcement investigation.