# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                           Plaintiff,        :     20 Civ. 10832 (AT) (SN)
                                             :
             - against -                     :     ECF Case
                                             :
RIPPLE LABS, INC., BRADLEY GARLINGHOUSE,     :
and CHRISTIAN A. LARSEN,                     :
                                             :
                           Defendants.       :
                                             :
-----------------------------------------------------------------------x

## DECLARATION OF MELINDA HARDY

I, Melinda Hardy, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Assistant General Counsel in the Office of the General Counsel of the Securities and Exchange Commission ("Commission" or "SEC"). I coordinate the assertion of governmental privileges, including the deliberative process privilege, by the Office of the General Counsel; I issue decisions on administrative appeals of decisions to withhold documents requested under the Freedom of Information Act ("FOIA"), including decisions to withhold under the deliberative process privilege; and I provide advice to staff throughout the Commission on issues relating to privileges and the FOIA. I have been employed by the Commission in this capacity since December 1998.

2. I have reviewed the documents on the SEC's privilege logs that were the subject of Defendants' motion to compel and that were described as emails attaching drafts of a June 14, 2018 speech ("Speech") by Bill Hinman, who was at that time the director of the SEC's Division of Corporation Finance ("Corp Fin"). Those documents contain early drafts of the Speech and comments and edits on the Speech from staff in Corp Fin as well as comments

and edits from staff in other SEC divisions and offices, including the Office of the Chairman, Division of Trading and Markets ("TM"), Division of Investment Management ("IM"), and Office of the General Counsel ("OGC").

3. The emails show that David Fredrickson, the Chief Counsel for Corp Fin, circulated a document titled, ███████████████████████████ on May 3, 2018 to Mr. Hinman and others in Corp Fin. The document appears to be a rough list of cases and legal principles relevant to ███████████████████████████████████████████████████ ███████████████████████████████████████. About two weeks later, on May 21, 2018, Mr. Fredrickson sent a "first, rough draft" to Michael Seaman, Mr. Hinman's counsel. Between May 21, 2018 and June 4, 2018, Mr. Fredrickson, Mr. Seaman, Mr. Hinman, and Valerie Szczepanik (Assistant Director in Enforcement's Cyber Unit until June 9, 2018 and then Senior Advisor for Digital Assets and Innovation and an Associate Director in Corp Fin) all provided substantive comments and edits. Several of the emails, including ones regarding substantive changes, did not include Mr. Hinman. Nothing in the emails suggests that any of the staff working on the Speech viewed the Speech as something separate or distinct from their duties as SEC employees. In addition, Mr. Hinman's comments in emails and on drafts of the Speech suggest that he was preparing the Speech to reflect the views and practices of Corp Fin; in one email in which he circulated some edits, he said, "I need to get this back to you guys to see if you agree with the additions and where I took this."

4. On June 4, 2018, Mr. Hinman circulated a draft to staff in the SEC's Office of the Chairman, TM, IM, Enforcement, and OGC. In the hours leading up to the circulation of the Speech, the emails indicate that Mr. Fredrickson, Ms. Szczepanik, and Mr. Seaman were making changes to the Speech and addressing decisions that needed to be made, and the

privilege log does not contain any emails from Mr. Hinman commenting on these issues in those final hours. At 10:50 am on June 4, Mr. Seaman sent Mr. Hinman a clean version of the Speech and a suggested distribution list. At 11:10 am on June 4, Mr. Hinman sent the Speech to the people Mr. Seaman recommended (with the exception of one person who had recently announced his retirement).

    5.    Emails on the privilege log show that staff from TM, IM, and OGC all provided substantive edits and comments on the Speech. These comments raised a variety of issues, including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    6.    Staff in TM, IM, and OGC provided their comments to Corp Fin staff, and Corp Fin staff worked with Mr. Hinman to incorporate those comments. The drafts show that Corp Fin staff carefully considered the comments and incorporated many of them into a new draft.

    7.    On June 11, 2018, Mr. Hinman sent a new draft to the people on the June 4, 2018 distribution list as well as to some additional people who had been included in emails providing the first round of comments. Staff in TM, IM, and OGC continued to provide substantive edits that staff in Corp Fin continued to consider and incorporate.

    8.    The documents on the privilege log do not reveal what considerations went into the decision to share drafts of the Speech with many staff throughout the SEC, but the sharing as well as the comments provided indicate that staff in Corp Fin, TM, IM, and OGC recognized

that the Speech was providing guidance that would indicate to the public how staff throughout the SEC would handle issues relating to digital assets. Indeed, the Speech recognizes that it could have an impact on parts of the SEC other than Corp Fin:

> [W]e recognize that there are numerous implications under the federal securities laws of a particular asset being considered a security. For example, our Divisions of Trading and Markets and Investment Management are focused on such issues as broker-dealer, exchange and fund registration, as well as matters of market manipulation, custody and valuation.

Speech at 4.

9. Corp Fin, TM, IM, and Enforcement all have discrete responsibilities, but the guidance one division provides can have a significant impact on others. The descriptions of the divisions in the Code of Federal Regulations provide evidence of the overlapping responsibilities of the divisions.

   a. The description of Corp Fin lists many matters for which Corp Fin is responsible but states that Corp Fin is not responsible for those matters to the extent they "pertain[] to investment companies registered under the Investment Company Act of 1940." 17 C.F.R. § 200.18.

   b. IM is responsible for "[a]ll matters arising under the Securities Act of 1933 . . . arising from or pertaining to material filed pursuant to the requirements of that Act by investment companies registered under the Investment Company Act of 1940." 17 C.F.R. § 200.20b(b).

   c. TM has responsibility for the "[a]dministration of all matters arising under the Securities Exchange Act of 1934" except for several matters for which Corp Fin has responsibility. 17 C.F.R. § 200.19a.

   d. Enforcement is responsible for "supervising and conducting all

enforcement activities under the acts administered by the Commission," so it brings actions based on the conduct that other divisions are overseeing. 17 C.F.R. § 200.19b.

  e. OGC has responsibilities that relate to the work of all of the divisions and offices in the SEC, and its duties include "the review and clearance of the form and content of . . . prepared speeches and addresses by members of the staff relating to the Commission or to the statutes and rules administered by the Commission. The General Counsel also is responsible for coordinating and reviewing the interpretive positions of the various divisions and offices." 17 C.F.R. § 200.21.

10. By sharing the Speech with TM, IM, OGC, Enforcement, and the Chairman's Office, Corp Fin staff, including Mr. Hinman, were able to receive input that helped ensure the Speech would not interfere with or contradict positions or actions of other Commission staff.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 17, 2022 in Arlington, Virginia.

                _/s/ Melinda Hardy_
                Melinda Hardy