February 22, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:     <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Plaintiff Securities and Exchange Commission ("SEC") respectfully requests the Court's permission to file the attached three-page sur-sur-reply to Defendant Ripple Labs, Inc.'s ("Ripple") sur-reply in opposition to the SEC's motion to strike Ripple's fourth affirmative defense ("Sur-Reply"). *See* D.E. 128, 132 (SEC Motion & brief in support); D.E. 172 (Ripple opposition); D.E. 205 (SEC reply); D.E. 422 (Order granting Ripple leave to file Sur-Reply); D.E. 423 (Sur-Reply).

Courts have discretion to and frequently consider sur-sur-replies when there is good cause to do so. *E.g.*, *Stalwart Cap. v. Warren Str. Partners*, No. 11 Civ. 5249, 2012 WL 1533637, at *2 n.4 (D.N.J. Apr. 30, 2012) (good cause includes need to consider full evidentiary and legal record); *C & J Spec Rent Servs. v. Learn Drilling Sys.*, No. 19 Civ. 00079, 2019 WL 3017379, at *1 (E.D. Tex. July 10, 2019) (same). Here, the Court should exercise its discretion to consider the SEC's proposed sur-sur-reply so that the SEC can (1) present to the Court highly relevant recent authority that directly refutes the arguments Ripple makes in its Sur-Reply and (2) respond to arguments Ripple makes for the first time in its Sur-Reply.

Specifically, Ripple's Sur-Reply argues the Court cannot consider the SEC's public enforcement actions in the digital asset space filed before this lawsuit. On February 7, 2022, a New Hampshire district court granted the SEC's motion for judgment on the pleadings, and struck an affirmative defense similar to Ripple's, in a case solely alleging unregistered offers and sales of digital assets. *SEC v. LBRY, Inc.*, Case No. 21-cv-260-PB, 2022 U.S. Dist. LEXIS 21619 (D.N.H. Feb. 7, 2022). While styled as a "selective enforcement" defense, the *LBRY* affirmative defense alleged the SEC "treated LBRY differently from other similar blockchain companies with no rational basis for the difference in treatment." *Id.* at *5. In striking the defense, the court observed: "the SEC has brought at least 42 failure to register claims against other digital currency creators, with at least 19 of those actions asserting registration violations without accompanying allegations of fraud." *Id.* at *7. The court concluded that LBRY had not presented a valid reason to disregard those other enforcement actions and held: "LBRY's admission that the SEC has been pursuing enforcement actions against multiple other digital currency creators dooms its selective enforcement defense." *Id.* at *9. *LBRY* thus refutes Ripple's Sur-Reply contention that the Court cannot consider the SEC's prior digital asset cases. *LBRY* likewise dispels Ripple's argument that the SEC's history of digital asset enforcement actions does not justify striking Ripple's "fair notice" defense *at the pleadings stage*.

Beyond providing support for the SEC's request to take judicial notice of its prior enforcement cases, *LBRY* refutes Ripple's Sur-Reply argument that its fair notice defense should not be stricken because this case does not involve fraud allegations or an Initial Coin Offering. *LBRY* rejected a similar defense, at the pleadings stage, even though that case, like Ripple's, did not involve an ICO and only contained allegations of unregistered offers and sales.

The SEC's proposed Sur-Sur Reply elaborates on the above discussion of *LBRY* and contains additional authority that responds to arguments Ripple raises for the first time in its Sur-Reply. Accordingly, good cause exists to grant this motion and allow the SEC's proposed Sur-Sur Reply, which is attached hereto as Exhibit 1.

                                                Respectfully submitted,

                                                /s/ Benjamin Hanauer

cc: Counsel for All Defendants (*via* ECF)