UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
:
                                      Plaintiff,  :         20 Civ. 10832 (AT) (SN)
:
              - against -  :         ECF Case
:
RIPPLE LABS, INC., BRADLEY GARLINGHOUSE,  :
and CHRISTIAN A. LARSEN,  :
:
                                  Defendants.  :
:
------------------------------------------------------------------------x

**PLAINTIFF SEC'S SUR-SUR-REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT RIPPLE LABS, INC.'S FOURTH AFFIRMATIVE DEFENSE**

In Ripple's sur-reply (Dkt. 423), Ripple argues that the Court should neither take judicial notice of nor consider the more than 70 publicly filed SEC enforcement actions related to digital assets cited in the Cornerstone Research report attached to the SEC's reply brief (Dkt. 205-1). Ripple claims that those enforcement actions cannot establish, at the pleadings stage, that Ripple had sufficient "fair notice" that the SEC would consider Ripple's XRP's distributions to constitute the offer or sale of securities. (Dkt. 423, at 2).

New case law further supports the SEC's position. On February 7, 2022, a New Hampshire district court granted the SEC's motion for judgment on the pleadings, and struck an affirmative defense similar to Ripple's in a case alleging unregistered offers and sales of digital assets, *but not fraud*. *SEC v. LBRY, Inc.*, Case No. 21-cv-260-PB, 2022 U.S. Dist. LEXIS 21619 (D.N.H. Feb. 7, 2022). While styled as a "selective enforcement" defense, the *LBRY* affirmative defense alleged the SEC "treated LBRY differently from other similar blockchain companies with no rational basis for the difference in treatment." *Id.* at *5. In denying the defense, the court observed: "the SEC has brought at least 42 failure to register claims against other digital currency creators, with at least 19 of those actions asserting registration violations without accompanying allegations of fraud." *Id.* at *7.

The court concluded that *LBRY* had not presented a valid reason to disregard those other SEC actions and held: "LBRY's admission that the SEC has been pursuing enforcement actions against multiple other digital currency creators dooms its selective enforcement defense." *Id.* at *9.[1]

As in *LBRY*, Ripple does not and cannot dispute that the SEC publicly filed the digital asset enforcement actions cited in the Cornerstone Research report. *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute…"). Nor does Ripple claim that Cornerstone Research misstates the statutory violations charged in those lawsuits. Thus, *LBRY* provides additional authority for this Court to consider the enforcement actions cited in the Cornerstone Report and to rely on those actions to strike Ripple's affirmative defense at the pleadings stage. *See also United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER") (citing Fed. R. Evid. 201(b)).

The SEC's history of enforcement actions in the digital asset space is similarly fatal to Ripple's affirmative defense. Nevertheless, while imploring the Court not to consider those actions, Ripple argues they were insufficient to provide Ripple fair notice that its unregistered offers and sales of XRP could be illegal. Namely, Ripple argues that many of those SEC actions involved allegations regarding Initial Coin Offerings ("ICOs"), as opposed to Ripple's offers and sales of, in its words, "an established digital asset." (Dkt. 423, at 2-3, 6).

This argument is based on an incorrect characterization of the "fair notice" defense. Ripple's argument boils down to this: because none of the SEC's prior digital asset cases involve facts *identical* to those in *this* case, Ripple lacked sufficient fair notice, such that it cannot be liable for

---

[1] *LBRY*'s pleadings-stage dismissal of an affirmative defense similar to Ripple's is consistent with two other recent decisions the SEC brought to the Court's attention that rejected "fair notice" defenses in SEC enforcement actions. *See* Dkt. 408 (citing *SEC v. Fife*, No. 20 Civ. 5227, 2021 WL 5998525 (N.D. Ill. Dec. 20, 2021)) and Dkt. 420 (citing *SEC v. Keener*, No. 20 Civ. 21254, 2022 WL 196283 (S.D. Fla. Jan. 21, 2022)).

violating Section 5's strict liability provisions. But fair notice does not require such exact factual correspondence, and Ripple cites no case that suggests anything to the contrary. Rather, the "abundance of caselaw interpreting and applying [*SEC v. W.J.*] *Howey* [*Co.*, 328 U.S. 293 (1946),] at all levels of the judiciary, as well as related guidance issued by the SEC as to the scope of its regulatory authority and enforcement power, provide all the notice that is constitutionally required." *United States v. Zaslavskiy*, No. 17 Cr. 647, 2018 WL 4346339, at *8-9 (E.D.N.Y. Sept. 11, 2018) (rejecting *criminal* defendant's contention that "the United States securities laws are unconstitutionally vague ('void for vagueness') as applied to cryptocurrencies").

Moreover, Ripple's contention, that the SEC's earlier actions alleging illegal sales of digital assets were limited to the ICO context, is factually incorrect. For instance, in *SEC v. Telegram Grp.*, the SEC alleged unregistered offers and sales, but not fraud, in a *private offering* of digital assets only to "175 entities and high net worth individuals." 448 F. Supp. 3d 352, 361, 364 (S.D.N.Y. 2020). Similarly, *SEC v. Kik Interactive* involved *both* an ICO and a private sale of digital assets, but none of Judge Hellerstein's application of *Howey* depended or changed based on which part of the unregistered offering was at issue. *See SEC v. Kik Interactive*, 492 F. Supp. 3d 169 (S.D.N.Y. 2020).[2]

Here, *Howey* and its progeny's "flexible rather than … static principle," 328 U.S. at 299, would be nullified by a ruling that a "fair notice" defense can defeat any claim involving offers and sales of an investment product that are not identical to those previously deemed to involve a security. The Court should reject the invitation to issue such a ruling.

Dated: February 22, 2022                                     Respectfully submitted

                                                             /s/ Benjamin J. Hanauer

---

[2] *LBRY*'s pleadings-stage dismissal of defendant's affirmative defense likewise took place in a case that, rather than involving an ICO, alleged a continuous unregistered offering running from 2016 to 2021. *See* https://www.sec.gov/litigation/complaints/2021/comp25060.pdf.

Mark R. Sylvester
Pascale Guerrier
Robert M. Moye
Benjamin J. Hanauer
Daphna A. Waxman
Jon A. Daniels
Ladan F. Stewart

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281
(312) 353-8642 (Hanauer)
hanauerb@sec.gov

4