KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

February 22, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

    We write on behalf of Defendant Ripple Labs Inc. ("Ripple") to respond to the SEC's letter (ECF No. 431) seeking leave to submit a "sur-sur-reply" in support of its motion to strike Ripple's fair notice defense based on yet another out-of-circuit decision, *SEC v. LBRY, Inc.*, Case No. 21-cv-260-PB, 2022 U.S. Dist. LEXIS 21619 (D.N.H. Feb. 7, 2022).  The SEC's application should be denied.

    The SEC's supposed "sur-sur-reply" is anything but.  It only nominally addresses Ripple's sur-reply, which pointed out the flaws in the SEC's attempt to introduce in its reply brief a list of enforcement actions as evidence supposedly bearing on Ripple's fair notice defense.  Instead, the SEC attempts to introduce a new – and irrelevant – argument based on a recently decided case.  A "sur-sur-reply" is not the place for new material.

    In any event, the SEC's latest case does not help it.  The *LBRY* decision says nothing about fair notice.  In *LBRY*, the court granted judgment on the pleadings on LBRY's selective enforcement defense.  Contrary to the SEC's claim (at 1), this defense is not "similar" to Ripple's fair notice defense; it is much harder to prove and much easier to strike.  *See*, *e.g.*, *Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013) (setting out elements).  Indeed, LBRY separately pled a fair notice defense that the SEC did not even ask the court to strike, and which remains pending in that case.  The SEC's omission of this fact from its "sur-sur-reply" application is remarkable.

    As we have previously noted, *e.g.*, ECF No. 421, in this Circuit, the SEC cannot prevail on its motion to strike without identifying controlling authority that would extinguish Ripple's fair notice defense as a matter of law.  It has not done so, because none exists.  The SEC cannot fill that gap with out-of-circuit cases, and it certainly cannot do it with *LBRY*, which addressed a different defense.

Hon. Analisa Torres
February 22, 2022
Page 2

Respectfully submitted,

*/s/ Michael K. Kellogg*
Michael K. Kellogg

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*