Case 1:20-cv-10832-AT-SN   Document 434   Filed 02/24/22   Page 1 of 4

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

February 24, 2022

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

The SEC respectfully submits this opposition to the motion for a Local Rule 37.2 conference (D.E. 424, "Motion") by Bradley Garlinghouse ("Garlinghouse") challenging the SEC's assertion of the deliberative process privilege ("DPP") over handwritten notes taken by attorney Matthew Estabrook, counsel to then-SEC Commissioner Elad Roisman, of a 2018 meeting (the "Meeting") between Commissioner Roisman and Garlinghouse (the "Notes"). Pursuant to the Court's February 11, 2022 order (D.E. 427), the SEC hereby submits the Notes for *in camera* review. The Notes are no different from SEC notes this Court has already held are protected by the DPP.

Just weeks after the Court issued its January 13, 2022 order (D.E. 413, the "Order") rejecting all but two aspects of Defendants' broad challenge to the SEC's privilege assertions, Garlinghouse filed his Motion challenging another of the SEC's privilege assertions. In the Order, the Court found that the DPP protected notes taken by Richard Gabbert, counsel to SEC Commissioner Hester Peirce, at a meeting with a Ripple shareholder to memorialize information Mr. Gabbert deemed relevant to future Commission decisions. Order at 8. The Court held that the presence of Ripple's shareholder at the meeting meant that Defendants' "need for the [notes] is significantly reduced." *Id.* Similarly, as to the Notes now at issue, Mr. Estabrook, counsel to Commissioner Roisman, attended the Meeting with Garlinghouse and memorialized those aspects of the Meeting that Mr. Estabrook believed could relate to future Commission decisions. Accordingly, the Notes are pre-decisional and deliberative, and piercing the SEC's privilege is unwarranted because Garlinghouse's "need for the [notes] is significantly reduced" given his presence at the Meeting. *Id.* As such, the Notes are protected by the DPP.

**I.   The Notes Reflected Matters Mr. Estabrook Believed Were Important and Could Relate to Future Commission Decisions.**

As Mr. Estabrook explains in his accompanying declaration (attached as Exhibit A), in October 2018, he had a phone call with Andrew Ceresney, counsel to Ripple then and now, about setting up a meeting with Garlinghouse and Commissioner Roisman. Ex. A ¶ 2. Mr. Ceresney assured Mr. Estabrook that the meeting would *not* relate to the open investigation of Ripple by the SEC's Division of Enforcement ("Enforcement"). *Id.* The meeting requested by Mr. Ceresney ultimately took place on November 9, 2018. *Id.* ¶ 3.

Mr. Estabrook did not write down everything that was said at the Meeting. *Id.* Instead, he took notes of certain statements made at the Meeting on matters that he believed were important and could relate to future Commission decisions, including potential rulemaking regarding the

regulation of digital asset offerings. *Id.* ¶¶ 3–4. The information Mr. Estabrook chose to memorialize was intended to allow him to provide advice to Commissioner Roisman on any future rulemaking proposal. *Id.* ¶ 4.

Mr. Estabrook discovered the Notes in January 2022, as he was preparing his files for his departure from the SEC. *Id.* ¶ 5.

## II.    The Notes Are Protected as DPP Pursuant to the Court's Order Protecting Notes of Meetings Involving Ripple and Its Associates.

The Court has already ruled that the DPP protects two sets of relevant notes: (1) notes of a 2018 meeting that Garlinghouse and Mr. Ceresney had with staff from Enforcement and the Division of Corporation Finance in connection with Enforcement's investigation of Ripple (the "Ripple Meeting Notes"); and (2) notes of a 2019 meeting between Ripple's shareholder, SBI Holdings, Inc. ("SBI"), and Commissioner Peirce (the "SBI Meeting Notes"). Order at 8.[1]

Garlinghouse argues that the Notes are distinguishable from the Ripple Meeting Notes (Motion at 2), but is *entirely silent* on the SBI Meeting Notes. Pointing to the Ripple Meeting Notes, he claims that the Order set "an exception . . . for notes of meetings between Commission staff and Ripple and its lawyers" that "were arguably related to (or at least conceivably could have borne on) the SEC's investigation" of Ripple. *Id.* at 2. But that is not what the Court ruled. The Court held that, "[w]hile these two sets of notes are similar in kind to the other notes taken during non-agency meetings, because Ripple or its shareholder (with whom Ripple has a close business relationship) was present, the need for the documents is significantly reduced." Order at 8. The Court concluded that, "[b]ecause these notes could reveal to Defendants the SEC's internal thought processes during the meetings with Ripple and SBI Holdings, to avoid the risk of revealing any such deliberations, I find that the privilege applies." *Id.*

Nowhere did the Court suggest that its ruling was premised on discussion at the meetings of Enforcement's investigation of Ripple. To the contrary, the Court's ruling was expressly based on the question of "whether the deliberative process privilege should yield to the need for discovery" which, the Court found, "depends in part on the availability of other evidence." *Id.* (citing *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 155, 166 (S.D.N.Y. 2017)). Because Ripple or its shareholder were present at the two meetings in question, the Court ruled that "other evidence" of the meetings was available to Defendants and therefore that the SEC's privilege should not yield to Defendants' claimed need for discovery of the meeting notes. Order at 8.

The Court's reasoning applies equally here. Indeed, not only was Garlinghouse present at the Meeting with Commissioner Roisman, but Garlinghouse's Motion *actually cites* to other evidence of the Meeting, including his own deposition testimony and "contemporaneous records" of the Meeting that have already been produced. Motion at 2 (citing Ex. E and Ex. F to Motion).

Moreover, even accepting Garlinghouse's (incorrect) argument that the Court's ruling as to the Ripple Meeting Notes was somehow related to discussion of the SEC staff's investigation of Ripple, no such suggestion can extend to the SBI Meeting Notes. Garlinghouse argues that, because "Mr. Estabrook and Commissioner Roisman were not involved in the investigation [ ] there is no danger [ ] of the meeting notes revealing the SEC's thought processes about the investigation."

---

[1] The SEC submitted the Ripple Meeting Notes and SBI Meeting Notes for *in camera* review as Entries 1(O) and 1(Q), respectively. D.E. 351.

Motion at 2.  But the same was true of Commissioner Peirce and her counsel with respect to the SBI Meeting Notes.  They, too, were not involved in Enforcement's investigation, and therefore the SBI Meeting Notes would not reveal their thought processes about the investigation.  The SEC has not argued otherwise, and the Court did not suggest otherwise.

Indeed, Garlinghouse cannot make a credible distinction between the two sets of notes and has not even attempted to do so.  To the contrary, the Notes Mr. Estabrook took of Commissioner Roisman's meeting with Garlinghouse are no different than the notes Mr. Gabbert took of Commissioner Peirce's meeting with SBI.  Both sets of notes reflect information that counsel for an SEC Commissioner deemed relevant to formulating a position as to a future Commission decision.  Commissioner Peirce's counsel memorialized information he "deemed relevant to formulating a position as to whether offers and sales of XRP constitute offers and sales of securities; that position was relevant to Commissioner Peirce's vote on any later Enforcement recommendation to file a lawsuit against Ripple."  D.E. 351 at 8.  Similarly, Commissioner Roisman's counsel memorialized information relevant to a potential future rulemaking proposal regarding the regulation of digital asset offerings.  Ex. A ¶¶ 3–4.   Just as the Court held that the SBI Meeting Notes could reveal "the SEC's internal thought processes during the meeting[] with . . . SBI" (Order at 8), so too could disclosure of the Notes reveal Mr. Estabrook's thought processes during the Meeting with Garlinghouse.

As Mr. Estabrook states in his declaration, he took the Notes to gather "information that would allow [him] to provide advice to Commissioner Roisman" on a potential future proposal by the Commission of a rule regarding the regulation of digital asset offerings.  Ex. A ¶¶ 3–4.  Mr. Estabrook was selective in what he chose to memorialize and wrote down information on "the matters discussed at the meeting that [he] believed were important and that could relate to future Commission decisions."  *Id.* ¶ 3.  The Notes thus reflect Mr. Estabrook's "exercise of judgment" and were prepared to help a member of the SEC "formulate [his] position" on a future Commission decision.  *See* Order at 7 (internal quotation marks omitted).  The Notes are therefore pre-decisional and deliberative.  *See N.Y. Public Interest Research Grp. v. EPA*, 249 F. Supp. 2d 327, 338 (S.D.N.Y. 2003) (DPP protects EPA official's notes from an external meeting because notes reflected official's "priorities and interest in particular topics or statements" made during meeting); Ex. B (Declaration of Vanessa Countryman) ¶¶ 3–4.

Moreover, piercing the SEC's privilege is not warranted.  *See Citizens Union*, 269 F. Supp. 3d at 155 (factors relevant to piercing DPP include "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable" (internal quotation marks omitted)).  These factors weigh heavily against disclosure of the Notes.

First, the Court has already ruled that the need for privileged meeting notes is "significantly reduced" where "other evidence" can be obtained from representatives or associates of Defendants who were present at the meetings.  Order at 8.  There can be no question that information reflected in the Notes is available from other sources—sources that Garlinghouse expressly cites in the Motion, including his own testimony and contemporaneous records of the Meeting.  Motion at 2 (citing Ex. E and Ex. F to Motion).  Garlinghouse ignores the Court's prior ruling and argues instead that the information in the Notes "is [ ] available from no other source" because he "is the defendant in this case."  Motion at 3.  But the Court has already found that Garlinghouse's presence

on Ripple's behalf at the 2018 meeting with SEC staff means that Garlinghouse is a source of "other evidence"—notwithstanding that he and Ripple are also defendants in this case. Order at 8.

Second, Garlinghouse's sole argument as to why the Notes are relevant is based on the scienter-based claim against him, which is the subject of an outstanding motion to dismiss. Since it is not yet clear if the scienter-based claim against Garlinghouse will proceed (and, if it does, Garlinghouse will be able to take discovery on that claim), the Court should not pierce the DPP at this time based on the purported relevance of the Notes.

Third, disclosure of deliberative notes taken by counsel to an SEC Commissioner to assist in advising the Commissioner on agency decisions could chill future deliberations of other agency employees as they make judgments about which matters to memorialize and which to forgo memorializing out of fear that their thought processes may be subject to disclosure. Garlinghouse argues that meetings between Commissioners and market participants "are not free-wheeling, informal, internal discussions where a shield is necessary to promote candor in policy-making." Motion at 3. But he ignores the central issue—that Mr. Estabrook and other SEC employees should feel free to record information on matters that they deem important to agency decisionmaking. Whether they are meeting internally or with external parties, SEC staff's internal thoughts should not be subject to disclosure. And this is especially so where, as here, "the need to promote candor to improve agency decisionmaking is critical" "[g]iven the importance in having the SEC 'get it right' on the highly consequential decisions of how (or whether) to regulate digital assets." Order at 22.

Finally, the Court should reject Garlinghouse's attempt to equate the Notes with a memorandum-to-file that the SEC has produced in this litigation relating to a 2018 meeting among then-SEC Chair Clayton, Garlinghouse, and Ripple's Chief Technology Officer, David Schwartz. That memorandum, which Garlinghouse appends to his Motion as Exhibit G (D.E. 424-7), was prepared by Chair Clayton's Deputy Chief of Staff and Senior Policy Advisor, both of whom signed the document. As is clear from its face, the memorandum was prepared to memorialize an improper attempt by Garlinghouse to discuss Enforcement's open investigation of Ripple with Chair Clayton. The memorandum states that, in response, Chair Clayton "immediately stated that the meeting was not the proper forum for a discussion about that topic" and asked "Garlinghouse to 'back up' from that issue." D.E. 424-7. The memorandum, which is just two paragraphs long, also notes that the meeting lasted approximately 50 minutes and that "Garlinghouse and Schwartz spent the meeting discussing Ripple's business and technology" and that "[r]epresentatives from the Chairman's Office occasionally interjected with questions," but does not provide any additional details about these discussions. *Id.* This memorandum contains no deliberations by SEC staff and is thus not subject to the DPP. And the memorandum has no relevance to multiple pages of contemporaneous notes taken by Mr. Estabrook in order to assist him in advising Commissioner Roisman on future agency decisions.

For the foregoing reasons, the SEC respectfully submits that the Notes are protected by the DPP and that the Court should not order their disclosure.

Respectfully submitted,

/s Ladan F. Stewart

Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)