# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| NEW YORK | 2112 Pennsylvania Avenue, NW | ROME |
| PARIS | Washington, DC 20037-3229 | MILAN |
| BRUSSELS | T: +1 202 974 1500 | HONG KONG |
| | F: +1 202 974 1999 | BEIJING |
| LONDON | clearygottlieb.com | BUENOS AIRES |
| FRANKFURT | | SÃO PAULO |
| COLOGNE | D: +1 202.974.1680 | ABU DHABI |
| MOSCOW | msolomon@cgsh.com | SEOUL |

**VIA ECF**                                                              February 28, 2022

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: *SEC v. Ripple Labs Inc. et al.,* No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Netburn:

Defendant Bradley Garlinghouse writes in response to the SEC's opposition (ECF No. 434) to Mr. Garlinghouse's motion (ECF No. 424) seeking the disclosure of notes of a November 9, 2018 meeting between Commissioner Roisman and Mr. Garlinghouse (the "Estabrook Notes").

Virtually all of the SEC's Opposition is spent trying to equate the Estabrook Notes with those taken during a 2019 meeting between a third party—SBI Holdings, Inc.—and Commissioner Peirce (the "SBI Notes"). But the SEC ignores the central reason that Mr. Garlinghouse seeks disclosure of the Estabrook notes: they are likely to corroborate his account of a discussion that *he* had with a Commissioner of the SEC regarding the regulation of digital assets, an issue that goes to the core of the SEC's "knowledge or recklessness" allegations against him. The SEC is silent on this point—and notably does not dispute its intent, at trial, to seek to undermine Mr. Garlinghouse's credibility regarding his recollection of that meeting and others. *Compare* ECF No. 434 with ECF No. 424 at 3.

The SEC's argument that Mr. Garlinghouse was "present at the Meeting" and therefore knows what was said there misses the point. The only participants in the meeting were Mr. Garlinghouse and representatives of the SEC. There is *no other available evidence that could corroborate Mr. Garlinghouse's recollection* that he took comfort from the meeting with Commissioner Roisman. That, too, distinguishes the SBI Notes—as to which the SEC pointed to the availability of alternative evidence, namely, SBI's recollection of the meeting. *See* ECF No. 351 at 8.

Nor has the SEC borne its burden of proof to show that disclosure of the Estabrook Notes would invade the Commission's policy-making process.  The SEC broadly and loosely claims that a purpose of the notes was to allow Mr. Estabrook to "provide advice to Commissioner Roisman on a potential future proposal by the Commission of a rule regarding the regulation of digital asset offerings."  ECF No. 434 at 3.  But the SEC has never proposed any such rule, or even suggested that such a rule was in contemplation, and in any event that is the same argument this Court rejected when it required the production of other notes of meetings with third parties.  ECF No. 413 at  5-8.  The only distinction is that these are notes of a meeting with Mr. Garlinghouse, which makes them more relevant and potentially exculpatory not less, and heightens the justification for requiring their production.

Finally, the SEC's attempt to defend its sword-and-shield tactics is unconvincing. It is plain that the SEC viewed the "memorandum-to-file" of Mr. Garlinghouse's 2018 meeting with Chair Clayton as helpful to its case so it produced it.[1]  With the Estabrook Notes—also a record of a contemporaneous meeting between a Commissioner and Mr. Garlinghouse—the SEC has evidently concluded the document does not support its case and so it is withholding it.  The SEC should not be permitted to engage in such tactics.

Mr. Garlinghouse's motion should be granted.

Respectfully submitted,

*/s/ Matthew C. Solomon*

Matthew C. Solomon

*/s/ Nowell D. Bamberger*

Nowell D. Bamberger

*Counsel for Defendant Bradley Garlinghouse*

cc:  All Counsel of Record (via ECF)

---

[1]     That memorandum is in fact exculpatory insofar as it corroborates Mr. Garlinghouse's impression that the SEC understood the legal "purgatory" created by the lack of regulatory clarity and encouraged him to discuss the issue with the "Division of Corporation Finance."