

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

March 14, 2022

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York

Re:   <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

In light of Judge Torres' order denying Individual Defendants' motions to dismiss (the "Order," D.E. 441), Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter supplementing its (i) motion for partial reconsideration and clarification of the Court's January 13, 2022 Opinion & Order as applied to drafts of former Director Hinman's speech and related internal communications (D.E. 429) and (ii) opposition to Defendant Garlinghouse's motion challenging the SEC's assertion of the deliberative process privilege ("DPP") (D.E. 434). For the reasons set forth below, the Order answers any question as to whether the SEC's internal documents are relevant to the Individual Defendants' scienter. They are not. Accordingly, the Order merits resolution of the two pending motions in the SEC's favor, regardless of whether the DPP applies to the documents (as it does, for the reasons described in the SEC's briefs on these motions).

As this Court recognizes, the parties have long disputed what the SEC must establish to prove that Defendants possessed "the necessary state of mind" to prevail on the aiding and abetting claims. *See, e.g.*, D.E. 413 at 19 ("The parties again spar over the recklessness standard…."). The Individual Defendants have maintained that, to prevail on the aiding and abetting claims against them, the SEC must show that they knew or recklessly disregarded the legal status of XRP under *Howey*. *E.g.*, D.E. 111 at 8 (urging dismissal of aiding and abetting claims because the SEC had not pled "that Mr. Garlinghouse knew or recklessly disregarded that XRP was an investment contract" (emphasis omitted)). The SEC, by contrast, has argued that, to establish aiding and abetting a strict liability violation like the one at issue here, it need only show that the Individual Defendants knew or recklessly disregarded *the facts* underlying the primary violator's offense. *E.g.*, D.E. 299 at 1-2 (SEC's opposition to motion to compel DPP documents, summarizing this dispute).

The Individual Defendants have consistently relied on their incorrect formulation of the aiding-and-abetting scienter standard to seek discovery. *E.g.*, D.E. 364 at 2 (motion to compel DPP documents, arguing that "the SEC must show the status of XRP as a security throughout the entire charged period…was 'so obvious that [the Individual Defendants] must have been aware of it'"); D.E. 424 at 2-3 (motion to compel production of meeting notes, arguing that the meeting with Commissioner Roisman left Garlinghouse believing that

XRP was in "legal 'purgatory'"). Indeed, counsel for Garlinghouse acknowledged that Defendants' motion to compel production of internal SEC documents (as to which the SEC asserted the DPP) is premised upon the argument that the SEC must prove that Individual Defendants knew or recklessly disregarded that Ripple's conduct was illegal, and he acknowledged the key role that this argument has played in discovery throughout this case. *See* Hearing Tr. (Aug. 31, 2021) at 4-5 (excerpt attached hereto as Exhibit A) ("[I]f the underlying law was unclear at the time even to the SEC, then the alleged violation could not have been 'so obvious, that the defendant must have been aware of it.' It's that 'so obvious' point…that is really one of the key linchpins for why we've been arguing since April, and your Honor has accepted, that the SEC's internal documents and the way the SEC was looking at the issue of XRP, Bitcoin and Ether, and whether, to the SEC, there was certainty, there was clarity, about whether or not those digital assets were securities because of the objective recklessness standard.").[1]

In denying Individual Defendants' motion to dismiss the aiding and abetting claims, Judge Torres expressly rejected Individual Defendants' proposed scienter standard and resolved this dispute in the SEC's favor. First, Judge Torres held that the SEC does not need to prove that Individual Defendants knew or recklessly disregarded that Ripple's offers and sales of XRP violated Section 5 of the Securities Act of 1933. *See* D.E. 441 at 15-16 ("Notably, the SEC need not demonstrate that the Individual Defendants were aware that Ripple's scheme *was* illegal" (emphasis in original)). Second, Judge Torres rejected the argument that "the SEC must show that they knew or recklessly disregarded that Ripple's actions were somehow otherwise 'improper.'" *Id.* at 16-18. Instead, Judge Torres ruled that, to prove the necessary mental state for aiding-and-abetting liability, the SEC must simply show that Individual Defendants knew or recklessly disregarded *the facts* that constitute a Section 5 violation. *See id.* at 15 ("Knowledge means awareness of the *underlying facts*, not the labels that the law places on those facts." (emphasis added) (quoting *SEC v. Falstaff Brewing Corp.*, 629 F.2d 62, 77 (D.C. Cir. 1980))). The Court applied that standard in holding that the SEC had alleged sufficient facts to plead Individual Defendants' state of mind for the aiding-and-abetting claims. *See* D.E. 441 at 18 ("[T]he SEC has plausibly alleged that the Individual Defendants had knowledge of or recklessly disregarded *the facts* that allegedly made Ripple's sale of XRP amount to the unregistered sale of securities….") (emphasis added)).

In light of Judge Torres' Order, it is clear that the SEC's internal documents—reflecting its staff's thinking about XRP, Bitcoin, Ether, or any other digital asset—have no relevance to the Individual Defendants' scienter. Nonpublic SEC documents cannot shed any light on whether Individual Defendants knew or consciously disregarded *the facts* that constitute Ripple's alleged violation. The only relevant facts to discover as to the Individual Defendants' scienter are facts showing their "general awareness of their overall role in Ripple's illegal scheme." D.E. 441 at 15. The drafts of Director Hinman's speech, related communications, and Commissioner Roisman's counsel's meeting notes—internal

---

[1] *See also* D.E. 103 at 3, 9 & Hearing Tr. (Apr. 6, 2021) at 51 (excerpt attached hereto as Exhibit B), as clarified by D.E. 163 at 6 (discovery orders relying on Individual Defendants' formulation of the applicable scienter standard, as explained by Garlinghouse's counsel).

documents reflecting deliberations by SEC staff regarding the application of the securities laws to digital asset offerings—are irrelevant to this question.

      The Court should not order the production of the SEC's internal documents—regardless of whether they are protected by DPP, as the SEC's briefs and supporting papers on the pending motions show they are—where Defendants cannot show that the internal documents are relevant to any of their defenses.[2] For these additional reasons, the SEC respectfully requests that the Court grant its motion for partial reconsideration and clarification (D.E. 429) and deny Garlinghouse's motion challenging the SEC's DPP assertion (D.E. 434).

                                                  Respectfully submitted,

                                                  /s/ Mark R. Sylvester

                                                  Mark R. Sylvester

cc: Counsel for All Defendants (*via* ECF)

---

[2] Judge Torres' order denying the SEC's motion to strike Ripple's fair notice defense reaffirms this Court's conclusion that the SEC's internal documents have no relevance to the fair notice defense. *See* D.E. 440 at 10 n.5 (Judge Torres stating that "the evaluation of any fair notice defense is objective"); D.E. 413 at 18 (this Court explaining same).