# EXHIBIT A

L8UKSECCCORRECTED

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

       v.                                20 CV 10832 (AT)(SN)
                                         Remote Conference
RIPPLE LABS INC., et al.,

               Defendants.

------------------------------x
                                         New York, N.Y.
                                         August 31, 2021
                                         12:16 p.m.

Before:

                     HON. SARAH NETBURN,

                                         Magistrate Judge

                         APPEARANCES

SECURITIES AND EXCHANGE COMMISSION
BY:  JORGE G. TENRERIRO

CLEARY GOTTLIEB STEEN & HAMILTON LLP
     Attorneys for Defendant Garlinghouse
BY:  MATTHEW C. SOLOMON

PAUL WEISS RIFKIND WHARTON & GARRISON LLP
     Attorneys for Defendant Larsen
BY:  MARTIN FLUMENBAUM

DEBEVOISE & PLIMPTON LLP
     Attorneys for Defendant Ripple Labs, Inc.
BY:  MICHAEL K. KELLOGG
```

1    regarding the SEC's assertion primarily of the deliberative

2    process privilege, and I have reviewed the SEC's response

3    letter filed on August 17th and the reply letter by the

4    defendants filed on August 23rd.

5             I know that there is also a motion pending in

6    connection with the Slack messaging.  I don't intend to address

7    that today.  And I believe another motion was recently filed by

8    the defendants, which I don't believe is fully briefed, and so

9    we will certainly not be addressing that either.

10            Why don't I begin.  Mr. Solomon, will you be taking

11   the lead on behalf of your team?

12            MR. SOLOMON:  Yes, I will, your Honor.

13            THE COURT:  Let me ask you a pointed question, and

14   I'll ask the same question to Mr. Tenreiro as well:  In your

15   opinion — I want to focus first on the aiding and abetting

16   charge against the individual defendants — is the standard for

17   that charge an objective standard or a subjective standard?

18   Meaning is the question whether or not your client was

19   objectively reckless or is the question whether your client was

20   subjectively reckless?  And if you could point to the law that

21   you think supports your position, I would appreciate it.

22            MR. SOLOMON:  Of course, your Honor.

23            The standard is, for recklessness, one of objective,

24   not subjective.  And in our motion to dismiss, we cited a lot

25   of law on that.  I think *Apuzzo* is the formative Second Circuit

1    case on that, and there are numerous other cases in the
2    Southern District of New York that also apply that same
3    objective standard.  The Dodd-Frank Act, again, amended aiding
4    and abetting, which originally required knowledge, and now it
5    requires knowledge and recklessness.  Another case that I would
6    cite for that proposition that aiding and abetting -- reckless
7    aiding and abetting is an objective standard is *Novak v.*
8    *Kasaks*, and that's 216 F.3d 300 — that's a Second Circuit case
9    from 2000 — and that's the case, again, that stands for the
10   proposition that if the underlying law was unclear at the time
11   even to the SEC, then the alleged violation could not have been
12   "so obvious, that the defendant must have been aware of it."
13   It's that "so obvious" point, your Honor, that we've been
14   coming to the Court with, and we came to Judge Torres on the
15   motion to dismiss, that is really one of the key linchpins for
16   why we've been arguing since April, and your Honor has
17   accepted, that the SEC's internal documents and the way the SEC
18   was looking at the issue of XRP, Bitcoin and Ether, and
19   whether, to the SEC, there was certainty, there was clarity,
20   about whether or not those digital assets were securities
21   because of the objective recklessness standard.  That means it
22   is relevant, highly relevant, and ultimately highly probative,
23   that we get discovery into the SEC's thinking on that, because,
24   as a key market participant, the SEC's views go into the
25   objective analysis.  And, again, I would commend your Honor to