

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

DIVISION OF
ENFORCEMENT

March 21, 2022

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

  Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this motion to request that the Court permit a brief extension, until no later than one week after the Individual Defendants file their Answers, to inform the Court of whether the SEC intends on conducting any additional discovery. Defendants do not consent to this motion and have indicated that they will file their response with the Court today.

  Pursuant to the Court's March 14, 2022 Order (Dkt. 444), the parties met and conferred on March 17, 2022 to determine whether additional discovery is necessary. During the meeting, counsel for the Individual Defendants advised that they do not seek to conduct liability-related discovery now, but want to reserve their ability to conduct remedies-related discovery until after summary judgment motions are decided.[1] The Individual Defendants further requested, to which the SEC consents, an extension of the March 25, 2022 deadline to file their Answers until April 8, 2022. Although the SEC does not anticipate requesting any additional liability-related discovery, the SEC is unable to commit to a position until after it has had an opportunity to review the Individual Defendants' Answers, including any affirmative defenses that they may assert and facts they plead in support. The SEC would promptly review the Answers, and advise the Court of its position on discovery within a week of their filing. Accordingly, the SEC respectfully requests that the Court allow this brief extension to determine whether any discovery is required, and if so, to submit a proposed schedule to this effect.[2]

---

[1] The SEC believes that it is premature to agree to a remedies-related discovery schedule until after receiving the Individual Defendants' Answer, after which the parties may propose a schedule to conclude all discovery. Moreover, as Individual Defendants have not explained the extent of remedies-related discovery they wish to take, the SEC cannot yet take a position as to whether any such discovery is necessary.

[2] Defendants also proposed a summary judgment schedule with opening briefs and related filings due in mid-May. The Individual Defendants also indicated that they would proceed with briefing despite the pending discovery-related motions. (*See* Dkt. 429, 434). The SEC believes that such a briefing schedule is premature, given that the Individual Defendants have yet to answer the Complaint and plead affirmative defenses, and respectfully requests that the Court direct the parties to meet and confer regarding a summary judgment schedule once the SEC has advised the Court of its position on the need for additional discovery.

Hon. Sarah Netburn
March 21, 2022
Page 2

Respectfully submitted,

*/s/ Pascale Guerrier*
Pascale Guerrier

cc: All parties (via ECF)