KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
───
(202) 326-7900

FACSIMILE:
(202) 326-7999

March 24, 2022

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *SEC v. Ripple Labs Inc.* et al., No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Netburn:

  Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen (collectively, "Defendants") respectfully submit this reply in support of their March 11 request for a Local Rule 37.2 conference. ECF No. 439. This dispute involves a straightforward application of the Federal Rules of Civil Procedure. Dr. Metz failed to present "a complete statement of all opinions" that he intended to "express and the basis and reasons for them" in his initial report, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(2)(B)(i). When a party fails to make a necessary disclosure under Federal Rule of Civil Procedure 26(a), "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

  The SEC has not met its burden to prove that its violation was either substantially justified or harmless. *See Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013). There is no "genuine dispute" concerning the SEC's need to comply with Rule 26(a). *Henrietta D. v. Giuliani*, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001) ("The test of substantial justification is satisfied if 'there exists a genuine dispute concerning compliance.'") (quotation omitted); *Preuss v. Kolmar Lab'ys, Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (defining "substantial justification" as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.") (quotation omitted). And Defendants have described the severe prejudice they will face if discovery is reopened, resources are reallocated to deal with Dr. Metz's new report, and the ultimate resolution of this case is further delayed. *See* ECF No. 439 at 4; *see also Preuss*, 970 F. Supp. 2d at 175 (defining harmlessness as a lack of prejudice).

  The SEC's response offers three reasons why the Court should deny Defendants the relief Rule 37 requires. All three are baseless.

  First: the SEC incorrectly asserts that only Judge Torres can adjudicate this issue. That is incorrect. A violation of Rule 26 presents a discovery dispute. Judge Torres has referred all discovery disputes to this Court. *See* ECF No. 47. Thus, Judge's Torres' rule for deciding motions

March 24, 2022
Page 2

"[p]ursuant to Rules 702–705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)," *see* Judge Torres' Individual Practices in Civil Cases, Rule III.L, is inapplicable. Defendants have properly submitted this discovery dispute to this Court under S.D.N.Y. Local Civil Rule 37.2.

Second: the SEC claims (at 1, 2) that it would somehow "unfair[ly] advantage" Defendants if the SEC had to abide by the Federal Rules permitting each side to file only the expert reports contemplated by Judge Torres's scheduling order in this case. *See* Fed. R. Civ. P. 26(a)(2)(D) ("A party must make [expert] disclosures at the times and in the sequence that the court orders."). Not so. Just like the SEC, Defendants were unable to offer reply reports to any of the SEC's rebuttal reports. Defendants' experts prepared a complete statement of all the opinions they planned to offer when they filed their initial reports in compliance with the limitations of expert discovery. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). In contrast, the SEC acknowledges (at 2-3) that Dr. Metz failed to comply with this Rule; he did not present "a complete statement of all opinions" that he intended to "express and the basis and reasons for them" in his initial report. *Id*. Instead, after Dr. Marais and Professor Fischel critiqued Dr. Metz's initial report for, among other things, failing to demonstrate whether XRP price movements were primarily driven by news about Ripple, Dr. Metz took over three months to engineer a new, unauthorized reply impermissibly adding new opinions found nowhere in his earlier analysis.[1] Defendants did no such thing in response to any of the SEC's rebuttal reports. Thus, if anything, the SEC is the party seeking to "unfair[ly] advantage" itself by filing an additional reply report when Judge Torres permitted none.

Third: as Defendants noted in their March 11 letter, courts routinely strike late-filed expert reports under similar circumstances. *See* ECF No. 439 at 4 (collecting cases). Defendants have asked for narrowly tailored relief: an order precluding Dr. Metz from relying on his brand new, late-filed analysis at either summary judgment or at trial. *E.g.*, *In re CIL Ltd.*, 2019 WL 1750909, at *15 (Bankr. S.D.N.Y. Apr. 8, 2019). All of the cases that the SEC cites to argue the contrary are inapposite. *See In re Specialist & Other Vessel Owner Limitation Actions*, 2020 WL 8665287, at *2-3 (S.D.N.Y. June 30, 2020) (discovery had not yet closed and the only prejudice alleged was the "abbreviated time available for rebuttal," but more than four months remained to respond to the new expert opinions); *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 2008 WL 4911440, at *5 (E.D.N.Y. Nov. 13, 2008) (denying motion to strike rebuttal report where the Court's scheduling order did not specify "deadlines for the identification of new expert witnesses").

And none of the four *Balsamico* factors cited in Defendants' opening letter (at 4) support permitting this late-filed report to stand:

(1) Dr. Metz's failure to anticipate a criticism of his inadequate opening report did not implicitly invite the SEC to file an untimely reply report. The SEC cites (at 1) *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, as evidence that Defendants somehow invited the new report, but the defense attorney in *Cedar Petrochemicals*

---

[1] The SEC asserts that the fact that Defendants' experts merely pointed out flaws in Dr. Metz's work somehow entitles Dr. Metz to "fill the gaps in his original report" to account for their critiques. *Canales v. United States*, 2021 WL 1588809, at *4 (E.D.N.Y. Apr. 22, 2021), *aff'd*, 2021 WL 5830765 (E.D.N.Y. Dec. 8, 2021). The SEC cites no case law to support this position — and for good reason. *See* ECF No. 448 at 2-3 (collecting cases stating that a Rule 26(e) report must rely on information previously unknown or unavailable to the expert).

    (2)  explicitly suggested, during an expert deposition, that the expert leave a "space . . . in the deposition transcript" where he could later "fill in" technical references, and the expert's supplemental report did just that. 769 F. Supp. 2d 269, 277-78 (S.D.N.Y. 2011). Nothing of the sort happened here.

    (2)  The importance of Dr. Metz's report "only serves to underscore the inexcusable quality of its delayed submission." *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 31, 41 (S.D.N.Y.), *objections overruled*, 301 F.R.D. 47 (S.D.N.Y. 2014); *see also Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (affirming preclusion of an affidavit despite its "obvious importance for [plaintiff]'s claim"). The SEC's citation to *SEC v. McGinnis*, is unavailing; there, the new report was arguably a proper supplement under Rule 26(e), discovery had not yet closed, and depositions had not yet concluded. 2018 WL 1633592, at *5 (D. Vt. Apr. 3, 2018).

    (3)  Defendants would face great prejudice if this litigation – which has placed their business in limbo – is further delayed by reopening discovery. Defendants would need to marshal additional resources to address Dr. Metz's newly-filed reply report when the parties ought instead to be focused on summary judgment practice, and the SEC would again be rewarded by further delaying resolution of the ultimate issues in this case. The SEC's citation to *Assoc. Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Grp., Inc.*, is inapposite; the court there determined that the expert's supplemental report was a proper Rule 26(e) correction to a "mistake" in the expert's earlier calculations. 2013 WL 4456640, at *4 (D. Conn. Aug. 16, 2013). Acknowledging that even this "mistake, although unintentional, cause[d] prejudice to [the] defendant," the court required "plaintiff to bear the cost of the [continued] depositions, including defendant's reasonable attorney's fees incurred in preparing for and taking the additional deposition." *Id.*

    (4)  A continuance would reward the SEC for its gamesmanship, and further prejudice Defendants. The SEC has already asked the Court for numerous extensions in this case that Defendants have vigorously opposed. *E.g.*, ECF Nos. 217, 389, 449.[2]

The SEC's decision to wait until after the very last deposition scheduled in this case to file Dr. Metz's new reply report necessitates sanctions. Rule 37 sanctions specifically serve several important purposes, such as ensuring that "a party will not benefit from its own failure to comply" and serving as "a general deterrent effect on the case at hand and on other litigation." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010). Both rationales apply here. And district courts are "not required to exhaust possible lesser sanctions" if a harsher remedy "is appropriate on the overall record." *Shcherbakovskiy v. Seitz*, 450 F. App'x 87, 88 (2d Cir. 2011) (quotation omitted).

---

[2] If the Court does grant a continuance, it ought to award Defendants their reasonable fees and costs for litigating the SEC's failure to comply with Rule 26 and for re-opening discovery as to Dr. Metz's new report. *See, e.g.*, *SEC v. Happ*, 392 F.3d 12, 35 (1st Cir. 2004) (affirming award of a defendant's reasonable expenses and attorney's fees under Rule 37(c)(2)); *SEC v. Sells*, 2013 WL 5442393, at *1 (N.D. Cal. Sept. 30, 2013) (awarding fees and costs pursuant to Rule 37(a)(5)(A)); *SEC v. Blinder, Robinson & Co.*, 126 F.R.D. 61, 63 (D. Colo. 1989) (awarding fees and costs for SEC's failure to comply with discovery obligations pursuant to Rule 37(b)(2)).

March 24, 2022
Page 4

Respectfully submitted,

| | |
|---|---|
| */s/ Michael K. Kellogg* | */s/ Andrew J. Ceresney* |
| Michael K. Kellogg | Andrew J. Ceresney |
| (mkellogg@kellogghansen.com) | (aceresney@debevoise.com) |
| Reid M. Figel | Lisa Zornberg |
| Bradley E. Oppenheimer | Christopher S. Ford |
| KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC | DEBEVOISE & PLIMPTON LLP |
| Sumner Square | 919 Third Avenue |
| 1615 M Street, NW, Suite 400 | New York, NY 10022 |
| Washington, DC 20036 | +1 (212) 909-6000 |
| +1 (202) 326-7900 | |

*Attorneys for Defendant Ripple Labs Inc.*

| | |
|---|---|
| */s/ Matthew C. Solomon* | */s/ Martin Flumenbaum* |
| Matthew C. Solomon | Martin Flumenbaum |
| (msolomon@cgsh.com) | (mflumenbaum@paulweiss.com) |
| CLEARY GOTTLIEB STEEN & HAMILTON | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 2112 Pennsylvania Avenue NW | 1285 Avenue of the Americas |
| Washington, DC 20037 | New York, NY 10019 |
| +1 (202) 974-1680 | +1 (212) 373-3000 |
| | |
| *Counsel for Defendant Bradley Garlinghouse* | *Counsel for Defendant Christian A. Larsen* |