

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/11/2022

March 23, 2022

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Courtroom 219
New York, N.Y. 10007

Re:   *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to the Court's Opinion and Order of January 13, 2022, (Dkt. 413, the "Order"), Plaintiff Securities and Exchange Commission (the "SEC") respectfully requests leave to redact portions of the handwritten notes taken by SEC staff who attended certain meetings between the SEC and third parties because these portions are protected by the deliberative process privilege ("DPP"). The handwritten portions in question expressly reflect either (1) the authors' thoughts regarding subject matters discussed during meetings and/or (2) deliberations among SEC staff during meetings.[1]

### I.   Background

The Court's Order granted in part and denied in part Defendants' motion to compel, which challenged the SEC's assertion of the DPP, among other privileges, as to the documents referenced in Appendix A of Defendants' motion. (Dkt. 289). Of relevance here, the Court held that the DPP did not shield from production certain sets of notes of meetings between SEC staff and third parties unrelated to Ripple. (Dkt. 413). However, the Court also ruled that the SEC may seek leave to redact "any portions of the notes [which] expressly reflect the authors' own thinking or reflect deliberations or communications among SEC staff during the meeting." (*Id.*). Based upon the Court's Order, the SEC seeks leave to redact the four sets of notes described below.

---

[1] Although the notes are not relevant for the reasons set forth in the SEC's letter of March 14, 2022 (Dkt. 445), the SEC does not plan to move for reconsideration of this narrow issue in order to conserve the Court's and the parties' resources. The SEC therefore respectfully seeks leave to redact the portions of the notes reflecting the authors' thoughts or deliberations among SEC Staff during meetings before producing them to Defendants and is prepared to submit the notes in camera if the Court so requests.

## II. Proposed Redactions

*Valerie Szczepanik's Notes of a February 2014 Meeting.* Ms. Szczepanik headed the SEC's Distributed Ledger Technology Working Group ("DLTWG") from 2013 to June 2018. Among other things, the DLTWG coordinated efforts among the SEC's divisions and offices in the digital asset space. On February 14, 2014, Ms. Szczepanik attended a meeting with Stanford Law School Professor Joseph Grundfest, then-SEC Commissioner Daniel Gallagher, and others. Professor Grundfest had requested the meeting to discuss his views regarding the legal characterization of Bitcoin. The SEC seeks permission to redact portions of Ms. Szczepanik's handwritten notes reflecting her personal reactions to information contained in a Power Point presentation entitled, "Bitcoin: A Context Contingent Security," which Professor Grundfest submitted to SEC staff prior to the meeting. *See* Declaration of Valerie Szczepanik ("Szczepanik Decl.") at ¶¶ 3-4.

*Ms. Szczepanik's Notes of a June 2018 Meeting.* From approximately June 2018 through December 2020, Ms. Szczepanik headed the SEC's Strategic Hub for Innovation and Financial Technology Office ("FinHub") while it was housed in the Division of Corporation Finance ("Corp Fin"). During this period, she was the Senior Advisor for Digital Assets and Innovation and an Associate Director in Corp Fin. On June 20, 2018, Ms. Szczepanik attended a telephonic meeting with representatives from Coin Center, which purports to be a non-profit research and advocacy center focused on cryptocurrencies. Coin Center had requested the meeting to share its insights concerning "Initial Coin Offerings" and related matters with the SEC. Ms. Szczepanik took handwritten notes during the meeting. The SEC seeks permission to redact a personal notation Ms. Szczepanik made in her notes regarding other information contained in her notes. *See* Szczepanik Decl. at ¶¶ 1-2, 5-6.

*Michael Seaman's Notes of an April 2018 Meeting.* Mr. Seaman was the Senior Special Counsel to the Director of Corp Fin from May 2016 to May 2021. On April 6, 2018, Mr. Seaman attended a telephonic meeting with Massachusetts Institute of Technology Professor Christian Catalini and several SEC staff regarding a digital asset. Mr. Seaman attended the meeting to obtain factual information about the digital asset in order to assist Corp Fin in formulating its position regarding the status of the digital asset. The SEC seeks permission to redact portions of Mr. Seaman's handwritten notes that include internal communications among SEC staff during the meeting that Professor Catalini was not a party to. *See* Declaration of Michael Seaman at ¶¶ 2-6.

*Jonathan Ingram's Notes of the Same Meeting.* Mr. Ingram has been the Deputy Chief Counsel in Corp Fin's Office of Chief Counsel from 2004 through October 2018 and from December 2020 through the present. On April 6, 2018, Mr. Ingram also attended the telephonic meeting with Professor Catalini and several SEC staff. The SEC seeks permission to redact portions of Mr. Ingram's handwritten notes that reflect his personal observations regarding matters discussed during the meetings. The SEC also seeks permission to redact portions of the notes that reflect communications and deliberations among SEC staff during the meeting. *See* Declaration of Jonathan Ingram at ¶¶ 1-6.

For the reasons stated, the SEC respectfully requests that the Court permit the proposed redactions.

Respectfully submitted,

*/s/ Pascale Guerrier*
Pascale Guerrier

cc: All parties (via ECF)

---

The Court has reviewed the SEC's proposed redactions. The SEC's request is GRANTED.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: April 11, 2022
        New York, New York