

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

**Division of
Enforcement**

April 15, 2022

**VIA ECF**
Hon. Analisa Torres
U.S. District Court
Southern District of New York

      Re:    <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

      Plaintiff Securities and Exchange Commission ("SEC") respectfully requests an extension of the deadline to file an objection to Magistrate Judge Netburn's January 13, 2022 Opinion & Order (D.E. 413, the "January Order") and April 11, 2022 Opinion & Order (D.E. 465, the "April Order") from April 25, 2022, to 14 days from a ruling on the SEC's forthcoming application renewing its privilege assertions as to certain internal documents related to a speech given by a former SEC official (the "Speech Documents"). The SEC seeks this extension to avoid the prospect of piecemeal objections related to Defendants' challenges to the SEC's privilege assertions, including the deliberative process privilege and the attorney-client privilege. This is the SEC's second request for an extension of the deadline to object to the January Order and first request for an extension to object to the April Order. The Court granted in part the SEC's first request for an extension to object to the January Order (D.E. 417), extending the deadline until 14 days from Magistrate Judge Netburn's ruling on the SEC's motion to reconsider the January Order. D.E. 419. Defendants do not consent to this request on the ground that they wish to avoid delay in this Court's resolution of this issue.

      In her January Order granting in part and denying in part Defendants' motion challenging the SEC's privilege assertions as to certain documents, Magistrate Judge Netburn invited the SEC to "renew a privilege assertion, where appropriate, for any document where the deliberative process privilege is found not to apply." D.E. 413 at 2 n.1. In her April Order denying the SEC's motion for partial reconsideration of, and granting the SEC's motion for clarification of, her January Order, Magistrate Judge Netburn ordered production of certain documents as to which the SEC had claimed the deliberative process privilege. However, she reiterated that "the SEC may renew a privilege assertion, where appropriate, for any document where the deliberative process privilege is found not to apply," and further invited the SEC to seek leave to redact portions of the Speech Documents on deliberative process privilege grounds. D.E. 465 at 10 & n.4 (stating the SEC may seek leave to redact "communications between staff discussing the Speech in the context of how it implicates other, separate agency deliberations—not deliberations about the content of the speech"). Because the SEC asserted the attorney-client privilege in addition to the

deliberative process privilege as to many of the documents that are the subject of the April Order, the SEC intends to file a motion renewing its assertion of the attorney-client privilege, as well as seeking leave to redact certain portions of the Speech Documents on deliberative process privilege grounds, by April 29, 2022.

There are no case management deadlines that would be affected by this extension request. The parties are to submit a proposed summary judgment schedule on April 22, 2022, and, after meeting and conferring with Defendants, the SEC understands that they do not object to proceeding to summary judgment without final resolution of their motion challenging certain of the SEC's privilege assertions.

In order to preserve judicial efficiency and present any and all objections to Magistrate Judge Netburn's rulings regarding the SEC's privilege assertions as to the Speech Documents in a single brief to this Court, the SEC respectfully requests an extension of time to object to the January and April Orders until 14 days after Magistrate Judge Netburn rules on its forthcoming privilege applications.

Respectfully submitted,

/s/ Mark R. Sylvester

Mark R. Sylvester

cc: Counsel for All Defendants (*via* ECF)