```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/19/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff,

      -against-

RIPPLE LABS, INC., et al.,

                         Defendants.

-----------------------------------------------------------------X

20-CV-10832 (AT) (SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      By letter motion, Defendant Bradley Garlinghouse seeks an order compelling the Securities and Exchange Commission ("SEC") to produce notes taken by Matthew Estabrook, then-counsel to Commissioner Roisman, while attending a 2018 meeting with Commissioner Roisman and Garlinghouse. See ECF No. 424. The SEC asserts that these notes are protected by the deliberative process privilege (the "privilege").

      On January 13, 2022, the Court granted in part and denied in part a similar motion the Defendants in this case made with respect to 13 other documents. See ECF No. 413. The January 13, 2022 Order described the broad contours of the privilege, id. at 2-5, as well its application to notes taken by government officials during meetings with other agencies or third parties, id. at 5-8. The parties' familiarity with the Order is assumed.

      As the Court noted previously, determining whether the privilege applies is necessarily "dependent upon the individual document and the role it plays in the administrative process." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 867 (D.C. Cir. 1980). To prevail on its claim of privilege, the SEC must show that the notes reflect an "exercise of judgment,"

Mapother v. Dep't of Just., 3 F.3d 1533, 1539 (D.C. Cir. 1993), or "the give-and-take of the consultative process," Wolfe v. Dep't of Health & Hum. Servs., 839 F.2d 768, 774 (D.C. Cir. 1988) (citation omitted). See N.Y. Pub. Int. Rsch. Grp. v. U.S. E.P.A., 249 F. Supp. 2d 327, 338 (S.D.N.Y. 2003) (protecting notes of EPA official who "emphasized points of major concern with marks such as asterisks and underlining, and included his personal observations and commentary"). The burden of proof is on the party objecting to the discovery request. Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 314 F.R.D. 85, 87 (S.D.N.Y. 2016).

The notes at issue were taken by Estabrook during a 2018 meeting between Commissioner Roisman and Garlinghouse not related to the SEC's investigation of Ripple. In a sworn declaration, Estabrook explains that the notes "reflect the matters discussed at the meeting that [he] believed were important and that could relate to future Commission decisions," and do not reflect everything said at the meeting. ECF No. 434 Ex. A (Estabrook Decl.) ¶ 3. He took the notes "believ[ing] the Commission could propose a rule regarding the regulation of digital asset offerings, and [he] was seeking information that would allow [him] to provide advice to Commissioner Roisman on such a proposal." Id. ¶ 4.

The Court previously held that two sets of notes made by SEC officials during meetings with Ripple representatives and a Ripple shareholder were protected by the privilege. ECF No. 413 at 8. The need for the documents was significantly reduced because Ripple or its shareholder was present, see Citizens Union of City of New York v. Att'y Gen. of N.Y., 269 F. Supp. 3d 124, 155, 166 (S.D.N.Y. 2017) (whether the deliberative process privilege should yield to the need for discovery depends in part on the availability of other evidence), and the notes could reveal the SEC's internal thought processes during the meetings.

Garlinghouse attempts to distinguish Estabrook's notes from those other sets of notes because those notes were for meetings involving Ripple's counsel and were arguably related to the SEC's investigation of Ripple. Because neither Estabrook nor Commissioner Roisman were involved in the SEC's investigation of Ripple, he argues, there is no danger of Estabrook's notes revealing the SEC's thought processes about the investigation. He emphasizes that Estabrook's notes may corroborate his account of the discussion with Commissioner Roisman, and that there is no other available evidence to substantiate his recollection.

The Court disagrees. Estabrook's notes are no different from the notes the Court previously found to be protected by the privilege. Garlinghouse's need for the notes is significantly reduced in light of his presence at the meeting, just as Defendants' need for the notes previously considered was significantly reduced by Ripple's and its shareholder's presence at those meetings. The SEC's fact-gathering from third parties is not an inherently privileged activity, but having reviewed Estabrook's notes, I find that they could reveal to Garlinghouse the SEC's internal thought processes during his meeting with Commissioner Roisman. The privilege applies.

The privilege is qualified, but as discussed at length in the January 13, 2022 Order, the notes' relevance, availability of other evidence, seriousness of the litigation, and role of the government in the litigation do not outweigh the possibility of future timidity by government employees. See ECF No. 413 at 18-22; Citizens Union, 269 F. Supp. 3d at 159; Rodriguez v. Pataki, 280 F. Supp. 2d 89, 101 (S.D.N.Y. 2003). Just like the notes the Court previously found protected by the privilege—which were also taken during meetings between "[s]itting members of the Commission and their staffs . . . [and] third parties," ECF No. 424 at 3—the factors do not support overcoming the privilege.

## CONCLUSION

Garlinghouse's motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 424.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: April 19, 2022
       New York, New York