**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: __ 4/19/2022  _      │
└─────────────────────────────────┘
```

**SECURITIES AND EXCHANGE COMMISSION,**

                              **Plaintiff,**              **20-CV-10832 (AT)(SN)**

              **-against-**                               **ORDER**

**RIPPLE LABS, INC., et al.,**

                              **Defendants.**

----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        By letter motion, Defendants move to strike a supplemental report filed by one of the

SEC's experts. See ECF No. 439. Defendants' motion is denied.

        The SEC brings claims against the Defendants under Section 5 of the Securities Act of

1933 for the offer for sale of unregistered securities. The SEC alleges that the Defendants'

transactions in XRP were investment contracts under SEC v. W.J. Howey Co., 328 U.S. 293

(1946). Discovery in this case has proceeded at pace and volume. All expert discovery was

originally slated to end on August 16, 2021. ECF No. 48. That deadline was extended to January

14, 2022, ECF No. 396, then to February 28, 2022, ECF No. 411. The Court-issued discovery

schedule contemplated opening and rebuttal expert reports but did not discuss supplemental

reports.

        On February 28, 2022, the last day of expert discovery, the SEC served Defendants with

a new, supplemental expert report by one of its experts, Dr. Albert Metz. See ECF No. 439-1.

The report was served months after opening and rebuttal expert reports had been served.

Defendants assert, and the SEC does not dispute, that Dr. Metz's supplemental report does not

cite information previously unknown or unavailable to him and does not correct either his opening or rebuttal report. In fact, as the SEC explains, the supplemental report was prepared explicitly in response to the reports of two of Defendant Ripple's rebuttal experts: it provides a new empirical analysis (of previously compiled data) that Ripple's experts claimed was missing from his initial report.

Defendants argue that Dr. Metz's supplemental report does not meet the requirements of Rule 26(e) of the Federal Rules of Civil Procedure, and that it is therefore not a legitimate supplemental report and should be excluded pursuant to Rule 37(c)(1). The SEC retorts that Defendants' motion is actually a motion to exclude expert testimony that must be brought before Judge Torres, and that even under Rule 37, striking the report would be inappropriate. Instead, the SEC suggests that expert discovery be briefly reopened to allow for additional deposition questioning of Dr. Metz and/or the issuance of additional reports by Ripple's rebuttal experts.

As an initial matter, the SEC is wrong that Defendants should have brought their motion before Judge Torres. Judges in this District regularly resolve similar motions under the broad umbrella of Rules 26 and 37.[1] See, e.g., In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig., 263 F. Supp. 3d 446, 451-53 (S.D.N.Y. 2017); Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., 769 F. Supp. 2d 269, 278-79 (S.D.N.Y. 2011). As such, the Court considers this motion pursuant to its supervision over pretrial matters.

"[E]xperts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions." Sandata Techs., Inc. v. Infocrossing, Inc., Nos. 05-cv-9546, 06-cv-1896 (LMM)(THK), 2007 WL 4157163, at *6 (S.D.N.Y. Nov. 16, 2007). If an expert's report "does

---

[1] The Court takes no position on the reliability or eventual admissibility of Dr. Metz's supplemental report.

not rely [on] any information that was previously unknown or unavailable to him," it is not an appropriate supplemental report under Rule 26. Lidle v. Cirrus Design Corp., No. 08-cv-1253 (BSJ)(HBP), 2009 WL 4907201, at *6 (S.D.N.Y. Dec. 18, 2009). However, "preclusion of an expert report can be a harsh sanction." Sandata Techs., Inc., 2007 WL 4157163, at *7. "In determining whether preclusion is appropriate, courts must consider: (1) the reasons for the delay in providing the evidence; (2) the importance of the evidence precluded; (3) the prejudice to the opposing party from having to address the new evidence; and (4) the possibility of a continuance" (the Softel factors). Cedar Petrochemicals, Inc., 769 F. Supp. 2d at 278 (citing Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997)). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988).

The Softel factors yield mixed results. The first factor, the SEC's stated reason for the delay in serving Defendants with Dr. Metz's supplemental report, supports striking the report. The SEC claims that Dr. Metz "could not have anticipated" Ripple's rebuttal experts' criticism and completed his additional analysis after he learned of the experts' argument. The SEC's explanation does not address *why* Dr. Metz could not have anticipated such a critique, or the SEC's failure to give Defendants notice that its expert planned to prepare a supplemental report. The second factor, the importance of Dr. Metz's testimony, supports allowing the report. I take no position on the report's evidentiary value but credit the SEC's claim that it is important to the case. The third factor, the prejudice to Defendants from having to address the report, does not lean strongly in either party's favor. Defendants are correct that some courts in this Circuit have found reopening discovery to constitute prejudice sufficient to preclude a report. See, e.g.,

Morritt v. Stryker Corp., No. 07-cv-2319 (RRM)(RER), 2011 WL 3876960, at *7 (E.D.N.Y. Sept. 1, 2011). But given that discovery in this case has proceeded relatively rapidly and that no deadline has been set for dispositive motions (let alone a trial date), Defendants have not demonstrated that re-deposing Dr. Metz on his additional analysis and potentially filing their own supplemental reports would constitute, as they put it, "overwhelming" prejudice. Cf. Sandata Techs., Inc., 2007 WL 4157163, at *8 (precluding supplemental report in part because the court "explicitly" prohibited reply expert reports). For similar reasons, the fourth factor, the possibility of a continuance, does not lean in either party's favor.

Overall, given the harshness of preclusion, I decline to strike Dr. Metz's supplemental report. Instead, expert discovery is reopened until May 13, 2022, for the limited purpose of: (1) re-deposing Dr. Metz regarding the analysis in his supplemental report, limited to four hours, and (2) at Defendants' discretion, filing a supplemental report responding to the new analysis. However, the SEC has conducted itself improperly by serving an unauthorized supplemental report on the last day of discovery. Accordingly, pursuant to Rule 37 and the Court's inherent powers, the SEC is ordered to pay Defendants' reasonable expenses in filing their motion to strike and re-deposing Dr. Metz. The parties' prior agreement that each side shall cover the costs of their own expert's time shall control; accordingly, the SEC shall also cover the costs of Dr. Metz's time.

## CONCLUSION

Defendants' motion to strike Dr. Metz's supplemental report is DENIED. Expert discovery is reopened until May 13, 2022, to re-depose Dr. Metz as to the analysis in his supplemental report and to permit the filing of any supplemental report by Defendants

responding to Dr. Metz's report. The SEC is ordered to pay Defendants for reasonable expenses incurred in filing their motion to strike and re-deposing Dr. Metz.

The parties are ordered to meet and confer and reach agreement on a reasonable fee award. If the parties cannot reach agreement, Defendants may accept 10 hours at the average hourly rate for counsel who worked on this motion after removing the highest and lowest hourly rate, plus four hours for Dr. Metz's deposition. In the alternative, any motion for attorneys' fees shall be filed by May 13, 2022.

The Clerk of Court is respectfully directed to deny the motion at ECF No. 439.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      April 19, 2022
            New York, New York