# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202.974.1680
msolomon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

May 3, 2022

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: *SEC v. Ripple Labs Inc. et al.,* No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Netburn:

      We write on behalf of Bradley Garlinghouse, Christian Larsen and Ripple Labs Inc. (collectively, "Defendants") to oppose the SEC's request to file an additional brief in support of its assertions that internal documents related to a speech given by a former SEC official are protected from disclosure by the attorney-client privilege.  ECF No. 476.

      The SEC requests leave to file what they term a "reply," but in fact this would be at least the SEC's 6th *filing* in opposition to Defendants' August 10, 2021 motion to compel.  *See, e.g.*, ECF Nos. 300, 351, 404, 429, 445.  It is therefore, at best, a sur-reply.  The SEC's request to file such a sur-reply, unsupported by any justification and before even seeing Defendants' response to their latest filing, is both inappropriate and premature.  *See Ramon v. Corp. City of New York*, 2019 WL 1306061, at *7 (E.D.N.Y. Mar. 21, 2019) (citations omitted) (denying plaintiff's request to file a sur-reply where plaintiff failed to show good cause and failed to establish that defendants raised a new issue for the first time on reply, as the decision to grant a sur-reply is left to the "sound discretion of the court.").

      Since Defendants filed this motion to compel nearly nine months ago, ECF No. 289, the Court has twice overruled the SEC's improper deliberative process privilege objections.  Notwithstanding that, and the close of fact and expert discovery, the SEC continues to withhold *all* documents related to a former SEC official's June 14, 2018 speech.  The SEC now claims, in effect, that the last year of briefing, oral argument, the Court's decisions, and their motion for reconsideration, were all an academic exercise because it turns out that the documents (every single one of them) are actually privileged attorney-client communications.

Hon. Sarah Netburn, p. 2

At this point, the SEC has had more than ample opportunity to assert and support its various privilege assertions. Discovery closed months ago, and the parties are on the eve of filing motions for summary judgment. Further delay is prejudicial to Defendants. Defendants will respond to the SEC's latest round of arguments, and at that point Defendants respectfully submit that this issue will be ripe for final resolution.

At a minimum, the SEC should be required to justify its demand for further briefing after it reviews Defendants' responsive filing. Defendants accordingly respectfully submit that the Court should deny the SEC's request made in ECF No. 476.

Respectfully Submitted,

*/s/ Matthew C. Solomon*
Matthew C. Solomon