# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**SECURITIES AND EXCHANGE COMMISSION,**     :
                                            :
                                **Plaintiff,**     :          **20 Civ. 10832 (AT) (SN)**
                                            :
            - against -                      :          **ECF Case**
                                            :
**RIPPLE LABS, INC.,**                       :
**BRADLEY GARLINGHOUSE, and**                :
**CHRISTIAN A. LARSEN**                      :
                                            :
                                **Defendants,**     :
------------------------------------------------------------------------ x

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR ADMISSION

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Court's Order of October 21, 2021 (D.E. 397), answers and objects to the Defendants Fourth Set of Requests for Admission as follows:

### GENERAL OBJECTIONS

The Commission's answers and objections to these Requests for Admission are made to the best of its present knowledge, information, or belief. These responses and objections are made without prejudice to the Commission's right to correct, revise or supplement its answers and objections as appropriate, and in so doing the Commission may rely upon documents, testimony, admissions or any other evidence at trial or at any hearing or other proceeding. Further, by providing the answers and objections set forth below, the Commission does not intend to waive any applicable privilege against disclosure. The Commission further objects that these Requests for Admission are irrelevant because the Commission need not prove the requested facts in order to prevail in this case, and the requested facts do not establish a defense to the Commission's claims.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The Commission objects to Defendants' Definitions to the extent that any of them differ from the way those terms are used in the Securities Act of 1933, the Federal Rules of Civil Procedure, or in the Commission's First Amended Complaint.  The Commission objects to Defendants' Instructions to the extent that any of the purport to impose greater obligations on the Commission than the Federal Rules of Civil Procedure or the local Rules of the Southern District of New York.

## SPECIFIC OBJECTIONS AND ADMISSIONS

**Request for Admission No. 255:** Admit that the Memorandum issued by the SEC's Office of the Ethics Counsel ("SEC Ethics Office"), dated January 16, 2018 and titled "Ethics Guidance Regarding Digital Assets" (hereinafter the "January 16, 2018 Guidance"), was the first guidance issued by the SEC to its employees that categorically extended 5 C.F.R. § 4401.102 to digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 256:** Admit that the January 16, 2018 Guidance applied only as to digital asset holdings or transactions on or after January 19, 2018.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 257:** Admit that the January 16, 2018 Guidance did not apply retroactively to selling, buying, or trading of digital assets by SEC Representatives prior to January 19, 2018.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 258:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their purchases of digital assets with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document bearing the bates number SEC-LIT-EPROD-001462924 speaks for itself.  Subject to all of the foregoing objections, the Commission admits that the document bearing the bates number SEC-LIT-EPROD-001462924 states, "Accordingly, effective Jan. 19, 2018, SEC employees and members are required to preclear digital asset

2

transaction in PTCS prior to purchasing or selling a digital asset."  The remainder of the Request is denied.

**Request for Admission No. 259:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their sales of digital assets with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document bearing the bates number SEC-LIT-EPROD-001462924 speaks for itself.  Subject to all of the foregoing objections, the Commission admits that the document bearing the bates number SEC-LIT-EPROD-001462924 states, "Accordingly, effective Jan. 19, 2018, SEC employees and members are required to preclear digital asset transaction in PTCS prior to purchasing or selling a digital asset."  The remainder of the Request is denied.

**Request for Admission No. 260:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's purchase of digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request.  Subject  to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 261:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's sale of digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous vague and ambiguous as used in this request.  Subject  to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 262:** Admit that, prior to January 19, 2018, no SEC policy required annual certification of any SEC Representative's holding of digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request.  Subject  to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 263:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their purchases of XRP with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 264:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their sales of XRP with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 265:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's purchase of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 266:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's sale of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 267:** Admit that, prior to January 19, 2018, no SEC policy required annual certification of any SEC Representative's holding of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 268:** Admit that the January 16, 2018 Guidance did not include an opinion as to whether any particular digital asset was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document referenced in this request speaks for itself.  The Commission further objects that "opinion" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 269:** Admit that the January 16, 2018 Guidance did not offer guidance as to whether any particular digital asset was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000454510 speaks for itself.  The Commission further objects that "guidance" is vague and

Commission further objects that "decided" is vague and ambiguous as used in this request.   Stating further, the Commission does not typically decide whether any particular financial instrument, without additional context, qualifies as a security per se. Rather, the Commission typically determines, inter alia, whether it considers certain offers, sales, or transactions of financial instruments to violate the federal securities laws.   Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 273:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative's purchase of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 274:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative's sale of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 275:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative from holding XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications

concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021

Order (D.E. 354).

**Request for Admission No. 276:** Admit that, on November 9, 2018, the SEC's Ethics Office issued a policy, to take effect on November 13, 2018, requiring SEC Representatives to indicate whether a pre- trade request concerned digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 277:** Admit that, prior to November 13, 2018, no SEC policy required SEC Representatives to indicate whether a pre-trade request concerned digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 278:** Admit that, on November 15, 2018, the SEC's Ethics Office issued a notice requiring SEC Representatives who transacted in digital assets as of and since January 19, 2018 to upload documentation about those assets as part of the SEC's annual certification of holdings.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document bearing the bates number SEC-SEC-E-0004484

speaks for itself.  Subject to all of the foregoing objections, the Commission admits that the

document bearing the bates number SEC-SEC-E-0004484, which was issued by the SEC's Ethics

Office, states in part: "If you have securities holdings and/or transactions of digital assets (e.g.,

digital coins, tokens, cryptocurrencies) as of and since Jan. 19, 2018 (the effective date of the SEC

Ethics Guidance Regarding Digital Assets ... you will be required to upload documentation about

those assets as part of the Annual Certification of Holdings early next year."  The remainder of the

request is denied.

**Request for Admission No. 279:** Admit that, prior to November 15, 2018, the SEC did not require any SEC Representative to disclose his or her holdings of digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 280:** Admit that, prior to November 15, 2018, the SEC did not require any SEC Representative to certify his or her holdings of digital assets.

known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 291:** Admit that bitcoin never appeared on the Watch List.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "bitcoin" as used in this Request is vague and ambiguous.  Subject to all of the foregoing objections, the Commission admits this Request.

**Request for Admission No. 292:** Admit that ether never appeared on the Watch List.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "ether" as used in this Request is vague and ambiguous.  Subject to all of the foregoing objections, the Commission admits this Request.

**Request for Admission No. 293:** Admit that, on April 13, 2018, the SEC issued a document preservation notice to Ripple in connection with its investigation of Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document referenced in the request speaks for itself.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 294:** Admit that XRP never appeared on the Watch List before April 13, 2018.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 295:** Admit that, prior to April 13, 2018, the SEC never prohibited any SEC Representative from purchasing XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications

limited to prohibitions against providing legal advice or opinions or revealing nonpublic information.  The remainder of the request is denied.

**Request for Admission No. 318:** Admit that, prior to December 22, 2020, the OIEA received requests from multiple market participants ("OIEA Requests") that asked whether XRP was a security within the meaning of the federal securities laws.

**Answer:** In addition to the foregoing objections, the  Commission objects that "market participants" is vague and ambiguous as used in this request. The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted OIEA is any such "market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 319:** Admit that, prior to December 22, 2020, the OIEA received multiple OIEA Requests asking the SEC's view of whether or not XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "OIEA Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted OIEA is any such "market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 320:** Admit that the SEC did not state that XRP was a security in response to any OIEA Request it received prior to December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that "OIEA Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted OIEA is any

such "market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 321:** Admit that, in responding to OIEA Requests prior to December 22, 2020, the SEC declined to comment on whether XRP is a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "OIEA Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted OIEA is any such "market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 322:** Admit that, on or about August 21, 2018, in a response to a query by an "XRP enthusiast," the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an inquiry by "XRP Enthusiast" on or about August 21, 2018.  The Commission denies the remainder of this Request.

**Request for Admission No. 323:** Admit that, on August 10, 2018, in a response to a query by ▮▮▮▮▮ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an August 10, 2018 reply to ███████████ The Commission denies the remainder of this Request.

**Request for Admission No. 324:** Admit that, on August 16, 2018, in a response to a query by ██████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an August 16, 2018 reply to "███████████ The Commission denies the remainder of this Request.

**Request for Admission No. 325:** Admit that, on January 30, 2019, in a response to a query by ██████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a January 30, 2019

reply to ███████████ The Commission denies the remainder of this Request.

**Request for Admission No. 326:** Admit that, on February 5, 2019, in a response to a query by ███████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a February 5, 2019

reply to ███████████ The Commission denies the remainder of this Request.

**Request for Admission No. 327:** Admit that, on March 4, 2019, in a response to a query by ███████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a March 4, 2019 reply

to ███████████ The Commission denies the remainder of this Request.

**Request for Admission No. 328:** Admit that, on March 12, 2019, in a response to a query by ███████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a March 12, 2019 reply to ██████████ The Commission denies the remainder of this Request.

**Request for Admission No. 329:** Admit that, on May 20, 2019, in a response to a query by ██████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a May 20, 2019 reply to ██████████ The Commission denies the remainder of this Request.

**Request for Admission No. 330:** Admit that, on July 22, 2019, in a response to a query by ██████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a July 19, 2019 reply to ██████████ The Commission denies the remainder of this Request.

**Request for Admission No. 331:** Admit that, on July 23, 2019, in a response to a query by ▇▇▇▇▇▇ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a July 23, 2019 reply to ▇▇▇▇▇▇ The Commission denies the remainder of this Request.

**Request for Admission No. 332:** Admit that, on August 7, 2019, in a response to a query by ▇▇▇▇▇▇ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an August 7, 2019 reply to ▇▇▇▇▇▇ The Commission denies the remainder of this Request.

**Request for Admission No. 333:** Admit that, on October 10, 2019, in a response to a query by ▇▇▇▇▇▇ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in an October 10, 2019

reply to ██████████The Commission denies the remainder of this Request.

**Request for Admission No. 334:** Admit that, on May 4, 2020, in a response to a query by

██████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC

viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a May 4, 2020 reply

to ██████████The Commission denies the remainder of this Request.

**Request for Admission No. 335:** Admit that, on June 19, 2020, in a response to a query by

██████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC

viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a June 19, 2020 reply

to ██████████The Commission denies the remainder of this Request.

**Request for Admission No. 336:** Admit that, on August 18, 2020, in a response to a query

by ██████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC

viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an August 18, 2020 reply to ████████ The Commission denies the remainder of this Request.

**Request for Admission No. 337:** Admit that, on October 1, 2020, in response to a query by ████████ asking whether the SEC had determined whether XRP was a security, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an October 1, 2020 reply to an  inquiry from ████████ The Commission denies the remainder of this Request.

**Request for Admission No. 338:** Admit that the SEC launched its Strategic Hub for Innovation and Financial Technology ("FinHub") on or about October 18, 2018.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 339:** Admit that, at all times from October 18, 2018 to December 22, 2020, FinHub invited members of the public to request assistance from FinHub relating to financial technology ("FinTech") issues arising under the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that that the term "assistance from FinHub relating to financial technology ('FinTech') issues arising under the federal securities laws" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that  FinHub invited inquiries from members of the public but denies that FinHub was authorized to provide, offered to provide, or provided to third parties any legal advice or opinion or nonpublic or privileged information.  The Commission denies the remainder of this request.

**Request for Admission No. 340:** Admit that, at all times from October 18, 2018 to December 22, 2020, FinHub was authorized to respond to questions it received from members of the public.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to the foregoing objections, the Commission admits that  FinHub was authorized to respond to inquiries from members of the public but denies that FinHub was authorized to provide, offered to provide, or provided to third parties any legal advice or opinion or nonpublic or privileged information in response to any inquiries received.  The Commission denies the remainder of this request.

**Request for Admission No. 341:** Admit that, prior to December 22, 2020, FinHub received requests from multiple XRP market participants (each, a "FinHub Request") that asked whether XRP is a security within the meaning of the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that "XRP market participants" is vague and ambiguous in the context of this request.  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted FinHub is any such "XRP market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 342:** Admit that, prior to December 22, 2020, FinHub received multiple FinHub Requests asking whether the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "FinHub Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "XRP market participants." The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted FinHub is any such "XRP market participant." Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 343:** Admit that, prior to December 22, 2020, the SEC did not state in response to any FinHub Request that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "FinHub Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "XRP market participants." The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted FinHub is any such "XRP market participant." Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 344:** Admit that, prior to December 22, 2020, the SEC did not state in response to any FinHub Request that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "FinHub Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "XRP market participants." The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted FinHub is any such "XRP market participant." Subject to all of the foregoing objections, and after reasonable

inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

     **Request for Admission No. 345:** Admit that, in response to a November 5, 2018 query by ███████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

     **Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to the foregoing objections, the Commission admits that FinHub did not state that the SEC viewed XRP as a security in a reply to a November 5, 2018 inquiry from ███████████ The Commission denies the remainder of this Request.

     **Request for Admission No. 346:** Admit that, in response to a November 7, 2018 query by ███████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

     **Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a November 5, 2018 query by ███████████ The Commission denies the remainder of this Request.

     **Request for Admission No. 347:** Admit that, on December 19, 2018, at least one SEC Representative spoke with ███████████ (hereinafter the "December 19 SEC-███ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 348:** Admit that one of the topics discussed during the December 19 SEC-▮ Meeting was XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 349:** Admit that, during the December 19 SEC-▮ Meeting, no SEC attendee expressed the view that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to the foregoing objections, the Commission admits that during the December 19 SEC-▮ Meeting no SEC attendee expressed the view that XRP was a security. The Commission denies the remainder of this Request.

**Request for Admission No. 350:** Admit that, during the December 19 SEC-▮ Meeting, no SEC attendee expressed the view that XRP might be a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to the foregoing objections, the Commission admits that during the December 19 SEC-▮ Meeting no SEC attendee expressed the view that XRP might be a security. The Commission denies the remainder of this Request.

**Request for Admission No. 351:** Admit that the SEC has not produced in discovery in this Action any notes from the December 19 SEC-■■ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 352:** Admit that, in response to an April 3, 2019 query by ■■ ■■ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to the foregoing objections, the Subject to the foregoing objections, the Commission admits that FinHub did not state that the SEC viewed XRP as a security  in a reply to an April 3, 2019 query by ■■■ The Commission denies the remainder of this request.

**Request for Admission No. 353:** Admit that, in response to an April 3, 2019 query by ■■■ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 3, 2019 inquiry by ■■■ The Commission denies the remainder of this Request.

**Request for Admission No. 354:** Admit that, in response to an April 3, 2019 query by ■■■ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 3, 2019 inquiry by ███████████ The Commission denies the remainder of this Request.

**Request for Admission No. 355:** Admit that, in response to an April 3, 2019 query by ███████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 3, 2019 inquiry by ███████████ The Commission denies the remainder of this Request.

**Request for Admission No. 356:** Admit that, in response to an April 14, 2019 query by ███████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 14, 2019 inquiry by ████████████  The Commission denies the remainder of this Request.

**Request for Admission No. 357:** Admit that, in response to a May 30, 2019 query by "Joe" asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a May 30, 2019 inquiry by "Joe."  The Commission denies the remainder of this Request.

**Request for Admission No. 358:** Admit that, in response to a May 31, 2019 query by ████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a May 31, 2019 query by ████████  The Commission denies the remainder of this Request.

**Request for Admission No. 359:** Admit that, in response to an August 21, 2019 query by ████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is

true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to

third parties any legal advice or opinion regarding the application of the securities laws to offers or

sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an August

21, 2019 inquiry by ███████████   The Commission denies the remainder of this Request.

**Request for Admission No. 360:** Admit that Jay Clayton never responded to the June 14,
2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS-000440877.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to  the June 14, 2018

email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000440877.  The Commission denies the remainder of this Request.

**Request for Admission No. 361:** Admit that no SEC Representative ever responded to the
June 14, 2018 email from ██████████ reflected in the document bearing Bates number SEC-
LIT- EMAILS-000440877.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 362:** Admit that no SEC Representative responded to the June
14, 2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS- 000440877 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this

request is irrelevant because the Commission can prevail in this matter even if the requested fact is

true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to

third parties any legal advice or opinion regarding the application of the securities laws to offers or

sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a June 14,

2018 email from  reflected in the document bearing Bates number SEC-LIT-EMAILS- 000440877.  The Commission denies the remainder of this Request.

**Request for Admission No. 363:** Admit that Jay Clayton never responded to the June 15, 2018 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380715.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply  to the June 15, 2018 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380715.  The Commission denies the remainder of this request.

**Request for Admission No. 364:** Admit that no SEC Representative ever responded to the June 15, 2018 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380715.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 365:** Admit that no SEC Representative responded to the June 15, 2018 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380715 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a June 15, 2018 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380715.  The Commission denies the remainder of this Request.

**Request for Admission No. 366:** Admit that Jay Clayton never responded to the June 18, 2018 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380889.

35

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the June 18, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380889.  The Commission denies the remainder of this request.

**Request for Admission No. 367:** Admit that no SEC Representative ever responded to the June 18, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380889.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the June 18, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380889.  The Commission denies the remainder of this request.

**Request for Admission No. 368:** Admit that no SEC Representative responded to the June 15, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380889 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the June 18, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380889.  The Commission denies the remainder of this Request.

**Request for Admission No. 369:** Admit that Jay Clayton never responded to the July 1, 2018 email from "███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380721.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 1, 2018 email from "███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380721. The Commission denies the remainder of this request.

**Request for Admission No. 370:** Admit that no SEC Representative ever responded to the July 1, 2018 email from "███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380721.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the July 1, 2018 email from "███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380721. The Commission denies the remainder of this request.

**Request for Admission No. 371:** Admit that no SEC Representative ever responded to the July 1, 2018 email from "███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380721 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply



to the July 1, 2018 email from "<span style="background:black">     </span>reflected in the document bearing Bates number SEC-LIT-EMAILS-000380721.  The Commission denies the remainder of this Request.

**Request for Admission No. 372:** Admit that Jay Clayton never responded to the July 6, 2018 email from <span style="background:black">    </span>reflected in the document bearing Bates number SEC-LIT-EMAILS-000440863.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 6, 2018 email from <span style="background:black">    </span>reflected in the document bearing Bates number SEC-LIT-EMAILS-000440863.  The Commission denies the remainder of this request.

**Request for Admission No. 373:** Admit that no SEC Representative ever responded to the July 6, 2018 email from <span style="background:black">    </span>reflected in the document bearing Bates number SEC-LIT-EMAILS- 000440863.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 374:** Admit that no SEC Representative ever responded to the July 6, 2018 email from <span style="background:black">    </span>reflected in the document bearing Bates number SEC-LIT-EMAILS- 000440863 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in reply to a July 6, 2018 email from <span style="background:black">    </span>reflected in the document bearing Bates number SEC-LIT-EMAILS-000440863.  The Commission denies the remainder of this request.

**Request for Admission No. 375:** Admit that Jay Clayton never responded to the July 10, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451348.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 10, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451348.  The Commission denies the remainder of this request.

**Request for Admission No. 376:** Admit that no SEC Representative ever responded to the July 10, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451348.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the July 10, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451348.  The Commission denies the remainder of this request.

**Request for Admission No. 377:** Admit that no SEC Representative ever responded to the July 10, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451348 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the July 10, 2018 email from ███████████ reflected in the document bearing

Bates number SEC-LIT-EMAILS-000451348.  The Commission denies the remainder of this

Request.

**Request for Admission No. 378:** Admit that Jay Clayton never responded to the June 7, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451346.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the June 7, 2018

email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000451346.  The Commission denies the remainder of this request.

**Request for Admission No. 379:** Admit that no SEC Representative ever responded to the June 7, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451346.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that SEC Representatives did not reply to the June 7, 2018 email

from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000451346.  The Commission denies the remainder of this request.

**Request for Admission No. 380:** Admit that no SEC Representative ever responded to the June 7, 2018 email from ████████ reflected in the document bearing Bates SEC-LIT-EMAILS-000451346 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"responded" is vague and ambiguous in the context of this request.  The Commission further

objects that this request is irrelevant because the Commission can prevail in this matter even if the

requested fact is true.  Stating further, the Commission asserts that SEC employees are not

authorized to provide to third parties any legal advice or opinion regarding the application of the

securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing

40

objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a

security in a reply to the June 7, 2018 email from ███████████ reflected in the document bearing

Bates number SEC-LIT-EMAILS-000451346.  The Commission denies the remainder of this

Request.

**Request for Admission No. 381:** Admit that Jay Clayton never responded to the July 19,
2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS-000380735.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 382:** Admit that no SEC Representative ever responded to the
July 19, 2018 email from ███████████ reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000380735.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 383:** Admit that no SEC Representative ever responded to the
July 19, 2018 email from ███████████ reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000380735 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee ever responded to the July 19, 2018 email from ███████████

reflected in the document bearing Bates number SEC-LIT-EMAILS-000380735 by stating that the

SEC viewed XRP as a security.  The Commission denies the remainder of this Request.

**Request for Admission No. 384:** Admit that Jay Clayton never responded to the July 20,
2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS- 000380735.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the July 20, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380735.  The Commission denies the remainder of this request.

**Request for Admission No. 385:** Admit that no SEC Representative ever responded to the July 20, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380735.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the July 20, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380735.  The Commission denies the remainder of this request.

**Request for Admission No. 386:** Admit that no SEC Representative ever responded to the July 20, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380735 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the July 20, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380735.  The Commission denies the remainder of this Request.

**Request for Admission No. 387:** Admit that Jay Clayton never responded to the July 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451347.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451347.  The Commission denies the remainder of this request.

**Request for Admission No. 388:** Admit that no SEC Representative ever responded to the July 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451347.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the July 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451347.  The Commission denies the remainder of this request.

**Request for Admission No. 389:** Admit that no SEC Representative ever responded to the July 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451347 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the July 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451347.  The Commission denies the remainder of this Request.

**Request for Admission No. 390:** Admit that Jay Clayton never responded to the July 26, 2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 26, 2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357.  The Commission denies the remainder of this request.

**Request for Admission No. 391:** Admit that no SEC Representative ever responded to the July 26, 2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 392:** Admit that no SEC Representative ever responded to the July 26, 2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a July 26, 2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357.  The Commission denies the remainder of this Request.

**Request for Admission No. 393:** Admit that Jay Clayton never responded to the September 6, 2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000433002.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the September 6, 2018 email from █████████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000433002.  The Commission denies the remainder of this request.

**Request for Admission No. 394:** Admit that no SEC Representative ever responded to the September 6, 2018 email from █████████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000433002.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the September 6, 2018 email from █████████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000433002.  The Commission denies the remainder of this request.

**Request for Admission No. 395:** Admit that no SEC Representative ever responded to the September 6, 2018 email from █████████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000433002 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the September 6, 2018 email from █████████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000433002.  The Commission denies the remainder of this Request.

**Request for Admission No. 396:** Admit that Jay Clayton never responded to the September 10, 2018 email from █████████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451340.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the September 10, 2018 email from ▆▆▆▆▆▆ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451340.  The Commission denies the remainder of this request.

**Request for Admission No. 397:** Admit that no SEC Representative ever responded to the September 10, 2018 email from ▆▆▆▆▆▆ reflected in the document bearing Bates number SEC-LIT- EMAILS-000451340.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the September 10, 2018 email from ▆▆▆▆▆▆ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451340.  The Commission denies the remainder of this request.

**Request for Admission No. 398:** Admit that no SEC Representative ever responded to the September 10, 2018 email from ▆▆▆▆▆▆ reflected in the document bearing Bates number SEC-LIT- EMAILS-000451340 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the September 10, 2018 email from ▆▆▆▆▆▆ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451340.  The Commission denies the remainder of this Request.

**Request for Admission No. 399:** Admit that Jay Clayton never responded to the November 29, 2018 email from ▆▆▆▆▆▆ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000406895.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

46

objections, the Commission admits that Chairman Jay Clayton did not reply to the November 29, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000406895.  The Commission denies the remainder of this request.

**Request for Admission No. 400:** Admit that no SEC Representative ever responded to the November 29, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000406895.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the November 29, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000406895.  The Commission denies the remainder of this request.

**Request for Admission No. 401:** Admit that no SEC Representative ever responded to the November 29, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000406895 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a November 29, 2018 email from ████████ The Commission denies the remainder of this Request.

**Request for Admission No. 402:** Admit that Jay Clayton never responded to the April 6, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000412001.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the April 6, 2019

email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000412001.  The Commission denies the remainder of this request.

**Request for Admission No. 403:** Admit that no SEC Representative ever responded to the
April 6, 2019 email from ███████████ reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000412001.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 404:** Admit that no SEC Representative ever responded to the
April 6, 2019 email from ███████████ reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000412001 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this

request is irrelevant because the Commission can prevail in this matter even if the requested fact is

true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to

third parties any legal advice or opinion regarding the application of the securities laws to offers or

sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the April 6,

2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-

EMAILS- 000412001.  The Commission denies the remainder of this Request.

**Request for Admission No. 405:** Admit that Jay Clayton never responded to the April 20,
2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS- 000380708.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the April 20, 2019

email from  reflected in the document bearing Bates number SEC-LIT-EMAILS-000380708.  The Commission denies the remainder of this request.

**Request for Admission No. 406:** Admit that no SEC Representative ever responded to the April 20, 2019 email from █████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380708.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the April 20, 2019 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380708.  The Commission denies the remainder of this request.

**Request for Admission No. 407:** Admit that no SEC Representative ever responded to the April 20, 2019 email from █████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380708 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the April 20, 2019 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380708.  The Commission denies the remainder of this Request.

**Request for Admission No. 408:** Admit that Jay Clayton never responded to the April 24, 2019 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000440200.

49

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the April 24, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000440200.  The Commission denies the remainder of this request.

**Request for Admission No. 409:** Admit that no SEC Representative ever responded to the April 24, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000440200.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 410:** Admit that no SEC Representative ever responded to the April 24, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000440200 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 24, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000440200.  The Commission denies the remainder of this Request.

**Request for Admission No. 411:** Admit that Jay Clayton never responded to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS- 000380710.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the May 1, 2019

email from  reflected in the document bearing Bates number SEC-LIT-EMAILS-000380710.  The Commission denies the remainder of this request.

**Request for Admission No. 412:** Admit that no SEC Representative ever responded to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380710.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380710.  The Commission denies the remainder of this request.

**Request for Admission No. 413:** Admit that no SEC Representative ever responded to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380710 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380710.  The Commission denies the remainder of this Request.

**Request for Admission No. 414:** Admit that Jay Clayton never responded to the October 12, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380697.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the October 12, 2020

email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000380697.  The Commission denies the remainder of this request.

**Request for Admission No. 415:** Admit that no SEC Representative ever responded to the
October 12, 2020 email from █████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS- 000380697.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 416:** Admit that no SEC Representative ever responded to the
October 12, 2020 email from █████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS- 000380697 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an October

12, 2020 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000380697.  The Commission denies the remainder of this Request.

**Request for Admission No. 417:** Admit that Jay Clayton never responded to the
November 12, 2020 email from █████████ reflected in the document bearing Bates number
SEC-LIT-EMAILS- 000380709.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the November 12,

2020 email from reflected in the document bearing Bates number SEC-LIT-EMAILS-000380709.  The Commission denies the remainder of this request.

    **Request for Admission No. 418:** Admit that no SEC Representative ever responded to the November 12, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380709.

    **Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the November 12, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380709.  The Commission denies the remainder of this request.

    **Request for Admission No. 419:** Admit that no SEC Representative ever responded to the November 12, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380709 by stating that the SEC viewed XRP as a security.

    **Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the November 12, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380709.  The Commission denies the remainder of this Request.

    **Request for Admission No. 420:** Admit that no SEC Representative ever responded to the August 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the August 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000397052.  The Commission denies the remainder of this Request.

**Request for Admission No. 421:** Admit that no SEC Representative ever responded to the August 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the August 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000397052.  The Commission denies the remainder of this Request.

**Request for Admission No. 422:** Admit that no SEC Representative ever responded to the September 3, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the September 3, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052.  The Commission denies the remainder of this Request.

**Request for Admission No. 423:** Admit that no SEC Representative ever responded to the September 3, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the September 3, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000397052.  The Commission denies the remainder of this Request.

**Request for Admission No. 424:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000162004.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000162004.  The Commission denies the remainder of this request.

**Request for Admission No. 425:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000162004 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  The Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a

security in reply to the October 16, 2020 email from ███████reflected in the document

bearing Bates number SEC-LIT-EMAILS-000162004.  The Commission denies the remainder of

this request.

**Request for Admission No. 426:** Admit that no SEC Representative ever responded to the
October 16, 2020 email from ███████reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000162003.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that SEC Representatives did not reply to the October 16, 2020

email from ███████reflected in the document bearing Bates number SEC-LIT-EMAILS-

000162003.  The Commission denies the remainder of this request.

**Request for Admission No. 427:** Admit that no SEC Representative ever responded to the
October 16, 2020 email from ███████reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000162003 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  The Commission further

objects that this request is irrelevant because the Commission can prevail in this matter even if the

requested fact is true.  Stating further, the Commission asserts that SEC employees are not

authorized to provide to third parties any legal advice or opinion regarding the application of the

securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing

objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a

security in a reply to the October 16, 2020 email from ███████reflected in the document

bearing Bates number SEC-LIT-EMAILS- 000162003.  The Commission denies the remainder of

this Request.

**Request for Admission No. 428:** Admit that no SEC Representative ever responded to the
October 16, 2020 email from ███████reflected in the document bearing Bates number
SEC-LIT- EMAILS-000307961.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the  October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000307961.  The Commission denies the remainder of this request.

**Request for Admission No. 429:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000307961 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the  October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000307961.  The Commission denies the remainder of this Request.

**Request for Admission No. 430:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000308206.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000308206.  The Commission denies the remainder of this request.

**Request for Admission No. 431:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000308206 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000308206.  The Commission denies the remainder of this Request.

**Request for Admission No. 432:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000308204.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000308204.  The Commission denies the remainder of this request.

**Request for Admission No. 433:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000308204 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in reply to the October 16, 2020 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000308204. The Commission denies the remainder of this request.

**Request for Admission No. 434:** Admit that no SEC Representative ever responded to the October 17, 2020 email from "Crypto Clown" reflected in the document bearing Bates number SEC-LIT- EMAILS-000308006.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 17, 2020 email from "Crypto Clown" reflected in the document bearing Bates number SEC-LIT- EMAILS-000308006. The Commission denies the remainder of this request.

**Request for Admission No. 435:** Admit that no SEC Representative ever responded to the October 17, 2020 email from "Crypto Clown" reflected in the document bearing Bates number SEC-LIT- EMAILS-000308006 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the

requested fact is true.  Stating further, the Commission asserts that SEC employees are not

authorized to provide to third parties any legal advice or opinion regarding the application of the

securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing

objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a

security in a reply to the October 17, 2020 email from "Crypto Clown" reflected in the document

bearing Bates number SEC-LIT- EMAILS-000308006.  The Commission denies the remainder of

this Request.

      **Request for Admission No. 436:** Admit that no SEC Representative ever responded to the
October 18, 2020 email from ████████reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000308205.

      **Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that SEC Representatives did not reply to the October 18, 2020

email from ████████reflected in the document bearing Bates number SEC-LIT-EMAILS-

000308205.  The Commission denies the remainder of this request.

      **Request for Admission No. 437:** Admit that no SEC Representative ever responded to the
October 18, 2020 email from ████████reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000308205 by stating that the SEC viewed XRP as a security.

      **Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  The Commission further

objects that this request is irrelevant because the Commission can prevail in this matter even if the

requested fact is true.  Stating further, the Commission asserts that SEC employees are not

authorized to provide to third parties any legal advice or opinion regarding the application of the

securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing

objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a

security in a reply to  the October 18, 2020 email from ████████reflected in the document

bearing Bates number SEC-LIT-EMAILS- 000308205.  The Commission denies the remainder of this Request.

**Request for Admission No. 438:** Admit that no SEC Representative ever responded to the October 19, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000175054.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 19, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000175054.  The Commission denies the remainder of this request.

**Request for Admission No. 439:** Admit that no SEC Representative ever responded to the October 19, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000175054 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the October 19, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000175054.  The Commission denies the remainder of this Request.

**Request for Admission No. 440:** Admit that the SEC formed the Digital Currency Working Group, made up of SEC Representatives, in 2013.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

**Request for Admission No. 465:** Admit that, prior to April 3, 2019, the SEC never issued a no-action letter relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 466:** Admit that the April 3, 2019 no-action letter published as to ████████████ was the first time the SEC issued any no-action letter relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 467:** Admit that, in 2012, no person or entity sought no-action relief from the SEC relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 468:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2012.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 469:** Admit that, in 2013, no person or entity sought no-action relief from the SEC relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 470:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2013.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 471:** Admit that, in 2014, no person or entity sought no-action relief from the SEC relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 472:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2014.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 473:** Admit that, in 2015, one or more entities whose business or potential business involved digital assets requested a no-action letter from the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects to "entities whose business or potential business involved digital assets" as vague, ambiguous, and overbroad as used in

this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this

request.

**Request for Admission No. 474:** Admit that the SEC did not grant any no-action letter

request relating to a digital asset in 2015.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all

of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 475:** Admit that, on November 23, 2015, ███████████

████████ ("████ submitted a letter requesting no-action relief, a true and correct copy of

which bears Bates number SEC-LIT-EPROD-001463240 (hereinafter the "2015 ████ No-Action

Letter Request").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 476:** Admit that, apart from the 2015 ████ No-Action Letter

Request, the SEC did not receive in 2015 any no-action letter requests pertaining to digital assets

that were submitted to the SEC in 2015.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to

all of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 477:** Admit that, apart from the 2015 ████ No-Action Letter

Request, the SEC has not produced in discovery in this Action any no-action letter requests

pertaining to digital assets that were submitted to the SEC in 2015.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to

all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 478:** Admit that, in 2016, one or more entities whose business or potential business involved digital assets requested a no-action letter from the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects to "entities whose business or potential business involved digital assets" as vague, ambiguous, and overbroad as used in this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 479:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2016.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 480:** Admit that, on June 16, 2016, ███████submitted a supplemental letter concerning its request for no-action relief, a true and correct copy of which bears Bates number SEC- LIT-EPROD-001463255 (hereinafter the "2016 ██████No-Action Letter Supplement").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 481:** Admit that, on October 28, 2016, ██████submitted a second supplemental letter concerning its request for no-action relief, a true and correct copy of which bears Bates number SEC-LIT-EPROD-001463237 (hereinafter the "2016 ██████No-Action Letter Second Supplement").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 482:** Admit that, apart from the 2016 ████ No-Action Letter
Supplement and the 2016 ████ No-Action Letter Second Supplement, the SEC did not receive in
2016 any no-action letter requests pertaining to digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to

all of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 483:** Admit that, apart from the 2016 ████ No-Action Letter
Supplement and the 2016 ████ No-Action Letter Second Supplement, the SEC has not produced
in discovery in this Action any no-action letter requests pertaining to digital assets that were
submitted to the SEC in 2016.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to

all of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 484:** Admit that, in 2017, one or more entities whose business
or potential business involved digital assets requested a no-action letter from the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects to "entities whose

business or potential business involved digital assets" as vague, ambiguous, and overbroad as used in

this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this

request.

**Request for Admission No. 485:** Admit that the SEC did not receive any no-action letter
requests pertaining to digital assets in 2017.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "pertaining to digital assets" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 486:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2017.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 487:** Admit that has not produced in discovery in this Action any no-action letter requests pertaining to digital assets that were submitted to the SEC in 2017.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "pertaining to digital assets" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 488:** Admit that, in 2018, one or more entities whose business or potential business involved digital assets requested a no-action letter from the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects to "entities whose business or potential business involved digital assets" as vague, ambiguous, and overbroad as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 489:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2018.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 490:** Admit that Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013 (hereinafter the "Ripple October 2013 Presentation").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that representatives of Ripple met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013. After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 491:** Admit that the Ripple October 2013 Presentation took place at the offices of the U.S. Department of the Treasury in Washington, D.C.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 492:** Admit that at least one SEC Representative attended the Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the accuracy  of the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 493:** Admit that during the Ripple October 2013 Presentation, Christian Larsen shared with U.S. regulators, including the SEC, Ripple's vision for a global payments system and cross-border payments based on blockchain technology.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 494:** Admit that during the Ripple October 2013 Presentation, Ripple representatives shared a slide deck with U.S. regulators, a true and correct copy bears Bates number RPLI_SEC 0530422 (hereinafter the "October 2013 Deck").

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 495:** Admit that the October 2013 Deck expressed that "existing payment rails [were] inefficient."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "October 2013 Deck" is vague and ambiguous as used in this request because it incorporates the definition of "Ripple October 2013 Presentation," which was defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 496:** Admit that the October 2013 Deck expressed Ripple's view of XRP and the XRP Ledger's "benefits as a payment protocol."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "October 2013 Deck" is vague and ambiguous as used in this request because it incorporates the definition of "Ripple October 2013 Presentation," which was defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 497:** Admit that the October 2013 Deck informed regulators that Ripple's "distribution of XRP on-going."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "October 2013 Deck" is vague and ambiguous as used in this request because it incorporates the definition of "Ripple October 2013 Presentation," which was defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 498:** Admit that during the Ripple October 2013 Presentation, Christian Larsen shared a deck with U.S. regulators that called XRP a "new currency."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 499:** Admit that, following the Ripple October 2013 Presentation, the SEC never told Ripple or Mr. Larsen in 2013 that they needed to register sales of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to ascertain whether each and every one of the thousands of employees it had in 2013 did or did not communicate with Ripple and/or Mr. Larsen.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 500:** Admit that, following the Ripple October 2013 Presentation, the SEC never told Ripple or Mr. Larsen in 2014 that they needed to register sales of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to ascertain whether each and every one of the thousands of employees it had in 2014 did or did not communicate with Ripple and/or Mr. Larsen.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 501:** Admit that, following the Ripple October 2013 Presentation, the SEC never told Ripple or Mr. Larsen in 2013 that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to ascertain whether each and every one of the thousands of employees it had in 2013 did or did not communicate with Ripple and/or Mr. Larsen. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 502:** Admit that, following the Ripple October 2013 Presentation, the SEC never told Ripple or Mr. Larsen in 2014 that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to ascertain whether each and every one of the thousands of employees it had in 2014 did or did not communicate with Ripple and/or Mr. Larsen. Subject to all of the foregoing

objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 503:** Admit that the SEC has produced no records in this Action reflecting that it gave any feedback to Ripple in connection with the Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. The Commission further objects that "gave any feedback to Ripple in connection with the Ripple October 2013 presentation" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 504:** Admit that the SEC never gave any feedback to Ripple in connection with the Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. The Commission further objects that "gave any feedback to Ripple in connection with the Ripple October 2013 presentation" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after

reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 505:** Admit that the SEC has produced no records in this Action reflecting that it gave any feedback to Mr. Larsen in connection with the Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  The Commission further objects that "gave any feedback to Ripple in connection with the Ripple October 2013 presentation" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 506:** Admit that the SEC never gave any feedback to Mr. Larsen in connection with the Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  The Commission further objects that "gave any feedback to Mr. Larsen in connection with the Ripple October 2013 presentation" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after

reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 507:** Admit that on or about February 14, 2014, former SEC Commissioner Joe Grundfest met with one or more SEC Commissioners to discuss possible approaches to the SEC regulating Bitcoin (hereinafter the "February 14 SEC Commissioners' Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that on or about February 14, 2014, former SEC Commissioner Joe Grundfest met with one SEC Commissioner.  After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 508:** Admit that as of February 14, 2014, the SEC was in the early stages of evaluating whether to regulate Bitcoin.

**Answer:** In addition to the foregoing objections, the Commission further objects that the terms "early stages" and "evaluating whether to regulate Bitcoin" are vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 509:** Admit that as of February 14, 2014, the SEC was in the early stages of evaluating how to regulate Bitcoin, if at all.

**Answer:** In addition to the foregoing objections, the Commission further objects that the terms "early stages" and "evaluating whether to regulate Bitcoin" are vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

admits that prior to the filing of this Enforcement action on December 22, 2020, the Commission

never publicly stated that it considered transactions in XRP to involve securities.  The Commission

denies the remainder of this Request.

**Request for Admission No. 560:** Admit that, prior to December 22, 2020, no SEC official
publicly stated that the SEC considered transactions in XRP to involve securities.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects to "SEC official" as vague and ambiguous as used in this request.

Stating further, the Commission makes statements to the public in limited ways, including through

the filing of Enforcement actions.  Subject to all of the foregoing objections, the Commission

admits that prior to the filing of this Enforcement action on December 22, 2020, the Commission

never publicly stated that it considered transactions in XRP to involve securities.  The Commission

denies the remainder of this Request.

**Request for Admission No. 561:** Admit that, in his April 26, 2018 testimony before the
House Committee on Appropriations, Jay Clayton, then-Chairman of the SEC, did not state that the
SEC considered transactions in XRP to involve securities.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 562:** Admit that, on June 6, 2018, Jay Clayton, then-Chairman
of the SEC, was interviewed on CNBC (hereinafter the "June 6, 2018 CNBC Interview").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 563:** Admit that
https://www.cnbc.com/video/2018/06/06/sec-chairman-on-investing- cryptocurrencies.html is a
recording of the June 6 2018 CNBC Interview (hereinafter the "June 6, 2018 CNBC Interview
Recording").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 564:** Admit that June 6, 2018 CNBC Interview Recording is authentic.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 565:** Admit that the SEC has no basis to challenge the authenticity of the June 6, 2018 CNBC Interview Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 566:** Admit that the statements by Jay Clayton during the June 6, 2018 CNBC Interview Recording truthfully and accurately depict the statements made by Clayton during the June 6, 2018 CNBC Interview.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 567:** Admit that Jay Clayton has publicly stated that bitcoin was decided not to be a security by the SEC before he became SEC Chairman on May 4, 2017.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 568:** Admit that, on December 8, 2017 in a document bearing Bates number SEC-LIT- EMAILS-000340327, Amy Starr of the SEC received a link to a securities law framework from ConsenSys titled the "Coinbase Securities Law Framework for Tokens," a risk scoring framework and model regarding the application of securities law to digital assets that was developed by Coinbase and other stakeholders.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

**Request for Admission No. 645:** Admit that at the time of the May 13, 2019 Panel, Amy Starr held the title of Chief of the Office of Capital Markets Trends in the Division of Corporation Finance.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 646:** Admit that a videotaped recording of the May 13, 2019 Panel is available at https://www.youtube.com/watch?v=1-7Qyfkpe60 (hereinafter the "May 13 Panel Videotape").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or

deny this request.

**Request for Admission No. 647:** Admit that May 13 Panel Videotape is authentic.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 648:** Admit that the SEC has no basis to challenge the authenticity of the May 13 Panel Videotape.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 649:** Admit that the statements by Dorothy Dewitt during the May 13, 2019 Panel Videotape truthfully and accurately depict the statements made by Dewitt during the May 13 Panel.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 650:** Admit that Dewitt's statements depicted in the May 13, 2019 Panel Videotape were made within the earshot of Amy Starr.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 651:** Admit that the statements by Amy Starr during the May 13, 2019 Panel Videotape truthfully and accurately depict the statements made by Starr during the May 13 Panel.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 652:** Admit that, while speaking on the May 13, 2019 Panel, Dewitt stated that, by engaging and meeting with the SEC, Coinbase has "been able to help the SEC understand the marketplace."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 653:** Admit that, while speaking on the May 13, 2019 Panel, Dewitt stated: "We [Coinbase] feel like we've done as robust a job as we can to work within a quickly evolving industry and identify tokens that we can list, and using that framework we have also rejected tokens. So we have done both. And we have been transparent about that framework and the process – you know – with our actual and potential regulators."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 654:** Admit that at the time of the May 13, 2019 Panel, XRP was listed on Coinbase.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 926:** Admit that the Black Cactus S-1 states, "Neither the SEC nor the CFTC has formally asserted regulatory authority over any particular blockchain network. The CFTC has publicly taken the position that certain blockchain assets are commodities, but the SEC has not officially taken the position all blockchain assets are securities; rather, it is a facts and circumstances test" (hereinafter referred to as the "Black Cactus S-1 Disclosure").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 927:** Admit that, as of the date of the Black Cactus S-1, the Black Cactus S-1 Disclosure was an accurate statement.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 928:** Admit that no SEC Representative challenged the accuracy of the Black Cactus S- 1 Disclosure.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "challenged the accuracy" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 929:** Admit that https://www.youtube.com/watch?v=5j9Pu9JQuTQ is a recording of Robert Jackson speaking to an audience at the Future of Fintech conference on or about June 13, 2019 (hereinafter the "June 13, 2019 Future of Fintech Conference").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 930:** Admit that on June 13, 2019, Robert Jackson was a Commissioner of the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 931:** Admit that the recording at https://www.youtube.com/watch?v=5j9Pu9JQuTQ (hereinafter the "June 13, 2019 Future of Fintech Conference Recording") is authentic.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 932:** Admit that the SEC has no basis to challenge the authenticity of the June 13, 2019 Future of Fintech Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 933:** Admit that the statements depicted in the June 13, 2019 Future of Fintech Conference Recording were in fact statements made by Robert Jackson on June 13, 2019 at the June 13, 2019 Future of Fintech Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 934:** Admit that, during the June 13, 2019 Future of Fintech Conference, Commissioner Jackson stated during an interview, "[W]e have to take principles that are 80 years old, and 90 years old, and apply them to this brand-new technology. And we often disagree about exactly how to do that."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 935:** Admit that, during the June 13, 2019 Future of Fintech Conference, Commissioner Jackson characterized William Hinman's Gary Plastic Speech as something that had "moved the market forward a great deal."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 936:** Admit that https://www.youtube.com/watch?v=1IYNVf3sKPc is a recording of Robert Jackson speaking to

188

an audience at the Asian Financial Society 2019 Fintech Conference on or about November 19, 2019 (hereinafter the "November 19, 2019 AFS Fintech Conference").

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

    **Request for Admission No. 937:** Admit that the recording at https://www.youtube.com/watch?v=1IYNVf3sKPc (hereinafter the "November 19, 2019 AFS Fintech Conference Recording") is authentic.

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

    **Request for Admission No. 938:** Admit that the SEC has no basis to challenge the authenticity of the November 19, 2019 AFS Fintech Conference Recording.

    **Answer:** Subject to all of the foregoing objections, the Commission denies this request.

    **Request for Admission No. 939:** Admit that the statements depicted in the November 19, 2019 AFS Fintech Conference Recording were in fact statements made by Robert Jackson on November 19, 2019 at the November 19, 2019 AFS Fintech Conference.

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

    **Request for Admission No. 940:** Admit that Robert Jackson held the position of SEC Commissioner when he attended and spoke at November 19, 2019 AFS Fintech Conference.

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to the foregoing objections, the Commission admits that Robert Jackson held the position

of SEC Commissioner on November 19, 2019.  After reasonable inquiry, the information known

and currently available is not sufficient to enable the Commission to admit or deny the remainder of

this request.

**Request for Admission No. 941:** Admit that
https://www.youtube.com/watch?v=pOIM0y4Hti4 is an authentic recording of Robert Jackson
speaking to an audience at the New York Financial Writers' Association on or about April 15, 2019
(hereinafter the "April 15, 2019 NYFWA Conference").

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

    **Request for Admission No. 942:** Admit that the recording at
https://www.youtube.com/watch?v=pOIM0y4Hti4 (hereinafter the "April 15, 2019 NYFWA
Conference Recording") is authentic.

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

    **Request for Admission No. 943:** Admit that the SEC has no basis to challenge the
authenticity of the April 15, 2019 NYFWA Conference Recording.

    **Answer:** Subject to all of the foregoing objections, the Commission denies this request.

    **Request for Admission No. 944:** Admit that the statements depicted in the April 15, 2019
NYFWA Conference Recording were in fact statements made by Robert Jackson on April 15, 2019
at the April 15, 2019 NYFWA Conference.

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

    **Request for Admission No. 945:** Admit that Robert Jackson held the position of SEC
Commissioner when he attended and spoke at the April 15, 2019 NYFWA Conference.

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to the foregoing objections, the Commission admits that Robert Jackson held the position

of SEC Commissioner on April 15, 2019.  After reasonable inquiry, the information known and

**Request for Admission No. 989:** Admit that
https://www.youtube.com/watch?v=AKoNpc0ihDE is an authentic recording of Hinman speaking
at the November 5, 2018 Fintech Week Conference (hereinafter the "November 5, 2018 Fintech
Week Conference Recording").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or

deny this request.

**Request for Admission No. 990:** Admit that the SEC has no basis to challenge the
authenticity of the November 5, 2018 Fintech Week Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 991:** Admit that the statements of William Hinman depicted in
the November 5, 2018 Fintech Week Conference Recording were in fact statements made by
William Hinman on or about November 5, 2018 at the November 5, 2018 Fintech Week
Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 992:** Admit that, during the November 5, 2018 Fintech Week
Conference, William Hinman stated the following about the Gary Plastic Speech: "The speech got a
lot of attention because it was the first time we had expressed to the world that we didn't view Ether
as a security."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or

deny this request.

**Request for Admission No. 993:** Admit that, on or about June 25, 2019, Hester Peirce
participated in a panel at the Heritage Foundation entitled "The SEC, Entrepreneurship, FinTech
and the Economy" (hereinafter the "June 25, 2019 Heritage Conference").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 994:** Admit that
https://www.youtube.com/watch?v=F72eN_zN8R0 is an authentic recording of Peirce speaking at the June 25, 2019 Heritage Conference (hereinafter the "June 25, 2019 Heritage Conference Recording").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 995:** Admit that the SEC has no basis to challenge the authenticity of the June 25, 2019 Heritage Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 996:** Admit that the statements of Hester Peirce depicted in the June 25, 2019 Heritage Conference Recording were in fact statements made by Hester Peirce on or about June 25, 2019 at the June 25, 2019 Heritage Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 997:** Admit that Hester Peirce held the position of SEC Commissioner when she attended and spoke at the June 25, 2019 Heritage Conference.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 998:** Admit that on or about November 22, 2019,
███████████ Inc. sent the SEC a letter seeking pre-clearance of its accounting treatment related to certain payments ██████████ received from Ripple in connection with ██████████ use of Ripple's On- Demand Liquidity ("ODL") product (hereinafter "the ████ Preclearance Letter").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true. The

Commission further objects that the document referenced in the request speaks for itself.  Subject to

all of the foregoing objections, the Commission admits that  on or about November 22, 2019,

███████████ Inc. sent the SEC's Office of the Chief Accountant a letter in which it "requests pre-

Dated:  April 11, 2022

*/s/ Mark R. Sylvester*

Mark R. Sylvester
Pascale Guerrier
Daphna A. Waxman
Jon A. Daniels
Ladan Stewart
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street
New York, New York 10004
(212) 336-0159 (Sylvester)
sylvesterm@sec.gov (Sylvester)

Robert M. Moye
Benjamin J. Hanauer
SECURITIES AND EXCHANGE COMMISSION
Chicago Regional Office
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois  60604

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I served a copy of Plaintiff Securities and Exchange Commission's Answers and Objections to Defendants' Fourth Set of Requests for Admission by electronic mail upon the following:

Andrew J. Ceresney
Lisa Zornberg
Christopher S. Ford
Erol Gulay
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

*Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
Alexander J. Janghorbani
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037

*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

*Attorneys for Defendant Christian A. Larsen*

*/s/ Mark R. Sylvester*
**Mark R. Sylvester**