John E. Deaton ᐃ
Garrett L. Boatright°

# DEATONLAWFIRM, LLC

450 North Broadway, East Providence, Rhode Island 02914

ᐃ Admitted in RI, MA, CT & IA  ° Admitted in RI

-**VIA ECF AND EMAIL**                                                                                       May 21, 2022

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re: Amici curiae in *SEC v. Ripple Labs Inc.,* et al., No. 1:20-cv-10832-AT-SN (SDNY)**

Dear Judge Torres:

      Your Honor previously granted amici status to six individual XRP holders.[1] Amici respectfully request leave to file an Amicus Brief regarding the opinions of Plaintiff's expert, Patrick B. Doody. *Daubert* concerns related to Mr. Doody's opinions represent the precise nature of the difficult issues envisioned by the Court when it granted amici status and held:

> [Amici] will provide the Court with a meaningful perspective and will help ensure complete and plenary presentation of difficult issues so that the Court may reach a proper decision.

ECF No. 372 at 10. Counsel for amici recently became aware of Mr. Doody's report regarding the conduct of individual XRP holders, such as amici. Candidly, there may not exist a more singular and relevant issue necessitating amici's meaningful participation than the legal issues surrounding the opinions and testimony of Mr. Doody.[2]

      Pursuant to the Court's order: "[amici] shall be allowed to assist the Court by briefing legal issues relevant to the case as **approved in advance** by the Court." ECF No. 372 at 11 (emphasis added). On April 28, 2022, Your Honor issued an order establishing a deadline for *Daubert* Challenges on July 12, 2022, with replies due August 30, 2022. ECF No. 472 at 1.

---

[1] ECF No. 372. On April 19, 2021, six XRP holders filed a motion to intervene (ECF No. 122) representing a putative class of users, investors, holders, developers, content providers and small businesses utilizing the digital asset XRP and the XRP Ledger. At that time, proposed intervenors had been contacted by more than 12,600 XRP holders respectfully requesting to be named co-Defendants and wishing to join the proposed intervention. ECF No. 122 at n. 1. Today, the putative class has astonishingly grown to more than 67,300 XRP holders. Because all parties opposed class certification and due to concerns over delay, the Court granted amici status to the XRP holders in their individual capacities. ECF No. 372 *9 at n.1. Although the public interest in this case, embodied by the 67,300 holders of XRP, cannot be overstated, amici continues to seek leave acting in their individual capacities.

[2] Considering that the *Daubert* case itself reached the Supreme Court with 22 amicus briefs in tow, challenges related to expert opinions are not uncommon for participation by amici. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

On April 27, 2022, undersigned counsel sent a letter to all counsel of record in a good faith attempt to acquire information regarding the legal issues appropriate for amici's participation. *See* **Exhibit 1.** Because amici are not privy to non-public disclosures, the purpose behind Exhibit 1 was to outline legal issues *potentially* relevant and germane for amici's participation. Exhibit 1 is admittedly broad but was primarily designed to cause the parties to help narrow the focus for amici's participation and avoid disturbing the Court. Amici became aware of Mr. Doody's opinions after receiving a reply letter from Defense Counsel. Prior to receiving the Defendant's reply, the SEC responded that without Court approval the SEC would not share any discovery material not yet filed on the public docket. *See* **Exhibit 2.** Defense Counsel's reply, however, indicated that the Defendants were willing to share Mr. Doody's report, noting:

> [T]he SEC did not designate Mr. Doody's report (Dated October 4, 2021) as Confidential [and thus] there is no restriction on the parties sharing it with [amici] and no court approval [is] required[.]

*See* **Exhibit 3.** After receiving Defense Counsel's letter, counsel for amici replied, copying the SEC, affirming that Mr. Doody's report would be utilized solely for litigation purposes. *See* **Exhibit 4.** Considering the SEC had not designated Mr. Doody's report as Confidential and based on Defense Counsel's determination that Court approval was not required, amici was optimistic Court intervention would be unnecessary. Counsel for amici could review Mr. Doody's report in a timely manner and submit a request for leave to file a non-duplicative *Daubert* Amicus Brief at a later date.

On May 10, 2022, undersigned counsel sent a letter to all counsel inquiring whether amici would receive Mr. Doody's report. *See* **Exhibit 5.** On May 11, 2022, counsel for the SEC sent an email to Defense Counsel, copying amici, indicating that the SEC was in fact:

> [D]esignating all expert reports submitted on behalf of the SEC as 'Confidential' except for the opening, supplemental and rebuttal expert reports of Dr. Metz, which were filed on the Court's public docket (Dkt 439).

*See* **Exhibit 6**. The SEC also sent a letter to counsel indicating that because amici had "not obtained the Court's permission to submit an amicus brief" nor "obtained such permission to participate in *Daubert* motion practice" the SEC would not agree to share Mr. Doody's report. *See* **Exhibit 7**. The SEC also made clear that it will oppose:

> [Amici's] request to participate in Daubert motion practice and reserves its rights to seek an extension of time for Daubert briefing should [amici's] proposed participation require additional time to respond. *Id.*

Thus, amici respectfully request leave to submit a brief related to the opinions of Patrick B. Doody. Additionally, amici respectfully request the Court grant access to Mr. Doody's report and deposition testimony solely related to his opinions regarding XRP holders and users who acquired XRP in the secondary market. Amici intends to limit participation to matters **solely** related to XRP holders who have acquired XRP in the secondary market. Amici will offer no

position regarding Mr. Doody's opinions, if any, related to Ripple investors, customers, partners, or any purchasers of XRP who acquired XRP directly from Ripple or its executives. But when considering opinions related to the users or purchasers of XRP in the secondary market independent of the Defendants, it is quite difficult to imagine a more relevant and pertinent issue justifying amici's participation.

According to Defense Counsel, Mr. Doody "has offered views on the conduct of reasonable XRP purchasers." **Exhibit 3**. Hence, Mr. Doody's opinions, if accepted by the Court, could prove critical in the Court's ultimate analysis of whether XRP acquired in the secondary market constitutes an investment contract under *Howey*. *SEC v. W.J. Howey Co.,* 328 U.S. 293 (1946). In the *Telegram* case, Mr. Doody offered opinions regarding purchasers who acquired Gram tokens. *See* Expert Report of Patrick B. Doody, *SEC v. Telegram Group Inc.*, No. 1:19-cv-09439-PKC (S.D.N.Y. Dec. 20, 2019), ECF No. 81-10 at 4. **Exhibit 8**. Although *Telegram* involved an Initial Coin Offering (ICO), with very dissimilar facts, Mr. Doody's report was cited seven times in the Court's decision granting summary judgment in favor of the SEC. Hence, Mr. Doody's opinions, if accepted by the Court, could have a devastating impact on the present and future interests of amici and the public at large. Amici strongly believe they will provide the Court with a "meaningful perspective" unique from Defendants. Apparently, Defendants agree:

> [Amici] may be able to offer the unique perspective of users and holders of XRP who purchased XRP in the secondary market.

**Exhibit 3**. Defense Counsel's above assertion is consistent with the very reason the Court granted amici status. The Court astutely acknowledged: "[amici] may view XRP differently from Defendants and thus may stress different arguments." ECF No. 372 at 9.[3]

Amici and the public's interests in this case cannot be overstated because the SEC's position on XRP is not limited in scope to the Defendants' offer and sale of XRP. The SEC has broadly asserted that today's XRP, including XRP traded in the secondary market, independent of Ripple, also represent investment contracts with Ripple. In the SEC's own words:

> The XRP traded, even in the secondary market, is the embodiment of those facts, circumstances, promises, and expectations and today represents that investment contract.

ECF No. 153 at 24. The SEC is endeavoring to brand all XRP, including XRP traded today, in the secondary market, independent of the Defendants, as investment contracts with Ripple. The "promises" and "expectations" referenced in the SEC's sweeping statement above includes sales of XRP sold by XRP holders, including amici, who acquired XRP in the secondary market with no connection to Ripple. The Court itself has recognized and commented on the SEC's extraordinary claim that **all** XRP constitute securities. During the first hearing, Magistrate Judge

---

[3] The Court's perception is accurate. For example, the Amended Complaint alleges Defendant Garlinghouse stated he doesn't consider Bitcoin or XRP as currencies because he doesn't "go down to Starbucks and buy a coffee with Bitcoin [or XRP]". AC ¶ 386. Amici, however, use XRP as currency to purchase coffee - including at Starbucks.

Hon. Sarah Netburn addressed the SEC's sweeping across-the-board theory regarding XRP:

> THE COURT: Presumably, under this theory then, every individual in the world who is selling XRP would be committing a Section 5 violation based on what you just said.

*Hr'g. Tr. 44:7-9* (Mar. 19, 2021). It appears Mr. Doody is being offered in an effort to support the SEC's far-reaching and all-inclusive theory that XRP itself is a security *per se*. Amici are the reasonable users, holders, developers, purchasers and acquirers that Mr. Doody opines about. Mr. Doody's opinions and the litigation surrounding those opinions are precisely the type of difficult legal issues Your Honor envisioned when the Court determined amici's participation desirable.[4]

Amici respectfully request the Court grant access to Mr. Doody's report and deposition testimony. Amici respectfully propose an Amicus Brief be submitted by August 15, 2022. The SEC indicated it may "seek an extension of time for *Daubert* briefing should [amici's] participation require additional time to respond." **Exhibit 7**. An Amicus Brief filed by August 15, 2022, will allow the parties time to reply without impacting the current schedule. No prejudice to the parties will result by permitting amici to review Mr. Doody's report and deposition testimony or to participate by filing an Amicus Brief on the matter. The SEC did not originally designate Mr. Doody's report as Confidential. The report and deposition testimony will ultimately be filed on the Court's public docket. There is no prejudice because the parties are aware of the matters framing the basis underlying amici's perspective. Pursuant to the Court's order, amici cannot "offer evidence or present witnesses." ECF No. 372 at 10. Yet, the Court reasoned that "there are no legal or practical constraints preventing Defendants from asserting the arguments [amici] put forth regarding XRP and obtaining the relevant facts." *Id* at 7. Knowing amici is excluded from presenting facts and evidence to the Court, counsel for amici provided the parties with the relevant facts and evidence amici would present, if allowed.[5] Considering the parties are in possession of the facts providing the framework and foundation that forms amici's perspective, there is no prejudice or a need to alter the timeline.

Allowing amici to brief legal issues surrounding the opinions of Mr. Doody epitomizes the type of assistance the Court contemplated when it granted amici status and stated: "such assistance will be most beneficial during briefing on dispositive motions, but may exercise its discretion to request or deny further applications as appropriate." ECF no. 372 at 11. Motions related to Mr. Doody's opinions could prove dispositive when applied to the SEC's sweeping allegations regarding the XRP acquired in today's secondary market. Amici's participation will help ensure the complete and plenary presentation of these difficult issues and will aid the Court in its gatekeeping function.

---

[4] ECF 372 at 10. (citation omitted) ("The Court views the amicus briefs as **desirable** because they represent third parties whose particular interests are echoed in broader public interests.") (emphasis added).

[5] The parties have been provided with 3,252 affidavits from XRP holders from the United States and abroad attesting to matters including but not limited to: acquiring XRP for non-investment purposes; acquiring XRP without knowledge or awareness of Defendants; use of XRP and the XRP Ledger; use of the XRP Ledger's decentralized exchange (DEX); and the ability of XRP holders to utilize XRP for financial benefit independent of the efforts of Defendants.

Respectfully submitted,

/s/ John E. Deaton
John E. Deaton
The Deaton Law Firm
450 North Broadway
East Providence, RI 02914
+1 (401) 351-6400

*Counsel for Amici Curiae*