# EXHIBIT 5

John E. Deaton ᐃ
Garrett L. Boatright°

# DEATONLAWFIRM, LLC

450 North Broadway, East Providence, Rhode Island 02914

---

ᐃ Admitted in RI, MA, CT & IA   ° Admitted in RI

**VIA EMAIL**                                                                 May 10, 2022

| | |
|---|---|
| Jorge G. Tenreiro | Martin Flumenbaum |
| Mark R. Sylvester | Michael E. Gertzman |
| Daphna A. Waxman | PAUL, WEISS, RIFKIND |
| Ladan Stewart | WHARTON & GARRISON LLP |
| Pascale Guerrier | 1285 Avenue of the Americas |
| SECURITIES AND EXCHANGE COMMISSION | New York, NY 10019-6064 |
| New York Regional Office | *Attorneys for Defendant Christian A. Larsen* |
| Brookfield Place | |
| 200 Vesey Street, Suite 400 | Matthew C. Solomon |
| New York, New York 10281-1022 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| *Attorneys for Plaintiff Securities and Exchange Commission* | 2112 Pennsylvania Avenue NW Washington, DC 20037 |
| Lisa R. Zornberg | *Attorney for Defendant Bradley Garlinghouse* |
| Andrew J. Ceresney | |
| DEBEVOISE & PLIMPTON LLP | |
| 919 Third Avenue | |
| New York, NY 10022 | |

Michael K. Kellogg
Reid Mason Figel
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK PLLC
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036

*Attorneys for Defendant Ripple Labs Inc.*

Re: Amicus Curiae in *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Counsel,

On May 5, 2022, Attorney Zornberg responded to my April 27, 2022 letter indicating that Ripple does not object to providing amici with Patrick Doody's expert report, with the proviso that it be used for litigation purposes only. As expressed in my letter response to Attorney Zornberg and counsel of record shortly thereafter, I have agreed to that condition. Attorney Zornberg indicated:

May 10, 2022
Page 2 of 2

> "[T]he SEC did not designate Mr. Doody's report (dated October 4, 2021) as Confidential, such that there is no restriction on the parties sharing it with [amici] and no court approval would be required."

Despite not designating the report confidential, it is unclear whether the SEC objects to amici being provided with a copy of the report and testimony. According to Attorney Zornberg's letter, Mr. Doody "has offered views on the conduct of reasonable XRP purchasers." Accordingly, Mr. Doody's opinions and testimony directly relate to the interests, motives, and conduct of amicus curiae.

Mr. Doody's opinions and testimony epitomize the very issue contemplated by Judge Torres when she granted amicus status. The Court acknowledged that amici "may view XRP differently from Defendants and thus may stress different arguments and so . . . will provide the Court with a meaningful perspective." ECF 372 at 9-10.

Although I requested additional information in my April 27, 2022 letter and one could argue that it was overly broad, it is difficult to imagine a more singular and relevant issue for amici's meaningful participation than the opinions and testimony of Mr. Doody. The relevance and need for amici's participation in this case is even more significant when considering the SEC is not relying on similar expert testimony in other digital asset token cases, such as SEC v. LBRY (*U.S. Sec. & Exch. Comm'n v. LBRY, Inc.*, 21-cv-260-PB (D.N.H. Feb. 7, 2022)).

The deadline for *Daubert* challenges is fast approaching. Without being privy to Mr. Doody's opinions and testimony, it is difficult for amici to provide the Court with the meaningful perspective it requested. Before making a decision on whether to seek permission from the Court, I respectfully request that the parties simply indicate whether amici will be provided access to Mr. Doody's report and testimony.

It is my hope that the parties can agree to the sharing of this information without Court intervention. Thank you for your time and consideration.

Sincerely,

John E. Deaton