

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

June 7, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Pursuant to Rule IV(A)(ii) of this Court's Individual Rules, Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court order the sealing of the SEC's letter brief ("Opposition Brief") in opposition to the motion by six XRP investors ("Movants") to file a brief regarding the opinions of one of the SEC's experts (D.E. 489, "Motion"). Defendants have advised the SEC that they oppose this sealing motion.

In light of the circumstances outlined in the Opposition Brief, the SEC submits that additional public filings on this issue will further exacerbate the troubling developments in this matter. "In determining whether to grant a motion to seal, a court must weigh the presumption in favor of public access to judicial documents against 'higher values' which may include witness safety." *See Walker v. City of N.Y.*, 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) (sealing motion for summary judgment because "the safety of the complaining witness and his family constitutes a 'higher value' which should be protected," quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)); *see also In re Awan*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) ("protect[ing] witness safety and privacy" is basis to seal); *Barcher v. N.Y. Univ. School of Law*, 993 F. Supp. 177, 181 (S.D.N.Y. 1998) ("endangering of a witness's safety [is] an example of an appropriate basis for which to seal a record") (citing *Gannett Co. v. Burke*, 551 F.2d 916 (2d Cir. 1977)). The SEC thus respectfully requests that the Court order the sealing of its Opposition Brief and all exhibits thereto.

Given the serious concerns identified in the Opposition Brief, and because Movants are not parties in this litigation, the SEC will respectfully await the Court's decision on this motion to seal before providing Movants with a copy of its Opposition Brief. Because the Court's Individual Rules do not allow reply briefs in connection with pre-motion letters, Movants will not be prejudiced by any delay in accessing the Opposition Brief. The SEC requests that as part of its decision on this motion, the Court specifically orders Movants and their attorney, John Deaton, to refrain from publicly disclosing the Opposition Brief or any of the contents thereof.

Respectfully submitted,

/s/ Ladan F. Stewart

Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)