KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

June 9, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

      We write on behalf of Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (collectively, "Defendants") in opposition to the SEC's letter dated June 7, 2022 (ECF No. 498) requesting an order sealing the SEC's opposition letter (ECF No. 499) in response to the motion for leave to file an *amicus* brief.[1]

      There is a presumption of public access to court records.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  That presumption can be overridden in certain circumstances to seal documents.  *See id.* at 120 (documents may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest").  When the SEC sought Defendants' position on its sealing request, however, it did not explain what its opposition letter would include that would justify sealing.  Defendants asked the SEC to provide further information about why the filing should be sealed; the SEC declined to do so, which is why Defendants did not consent in advance to sealing.

      Now that the SEC has filed its opposition letter, the sealing request is manifestly overbroad and should be narrowed.  The SEC's justification for sealing is a perceived safety issue regarding one of the SEC's experts.  We take safety concerns seriously.  But the bulk of the SEC's filing does not implicate those concerns.  There is no personally identifiable information in the letter.  In addition, four of the five arguments made in the opposition are unrelated to the safety concerns underpinning their sealing request.  Redaction and sealing is warranted only for a single line from that letter, in which the SEC quotes (at 3, quoting from Exhibit O) confidential discovery material that must be sealed under the Protective Order (ECF No. 53, ¶ 15).  The rest of the letter should be publicly filed.  Exhibits A, I, J, and K include no confidential information and do not warrant sealing; indeed, Exhibit A has been publicly filed on the docket previously,

---

[1] Pursuant to this Court's Order (ECF No. 491), Defendants intend to file a separate letter responding to the SEC's opposition letter on its merits no later than June 10, 2022.

Hon. Analisa Torres
June 9, 2022
Page 2

and Exhibit I is merely a transcript of a public hearing from this case. Exhibits B and D can also be minimally redacted to exclude the expert's name while leaving the remainder of those exhibits in the public record.

      Defendants do not oppose redactions that are narrowly tailored to serve the safety interests the SEC has identified. We also agree that certain other exhibits or portions thereof should be redacted pursuant to the Protective Order. But the SEC's proposal to redact the entirety of its filing is overbroad.[2] The Court should deny the SEC's motion and order the SEC to propose appropriately tailored redactions.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael K. Kellogg | CLEARY GOTTLIEB STEEN & HAMILTON |
| Michael K. Kellogg | 2112 Pennsylvania Avenue NW |
| KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC | Washington, DC 20037 |
| Sumner Square | +1 (202) 974-1680 |
| 1615 M Street, NW, Suite 400 | |
| Washington, DC 20036 | *Counsel for Defendant Bradley Garlinghouse* |
| +1 (202) 326-7900 | |
| | |
| DEBEVOISE & PLIMPTON LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 919 Third Avenue | 1285 Avenue of the Americas |
| New York, NY 10022 | New York, NY 10019 |
| +1 (212) 909-6000 | +1 (212) 373-3000 |
| *Counsel for Defendant Ripple Labs Inc.* | *Counsel for Defendant Christian A. Larsen* |

---

[2] None of the cases cited by the SEC warrant sealing the entirety of their submission. In every case the SEC cites, the court either ordered the redaction of witness names only or denied the application outright. *See Walker v. City of N.Y.*, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) (permitting redactions of complaining witness name); *In re United States for Material Witness Warrant*, 2020 WL 3959208, at *4-5 (S.D.N.Y. July 13, 2020) (ordering full disclosure of affidavit except for redactions of affiant and witness names); *Barcher v. N.Y. Univ. Sch. of L.*, 993 F. Supp. 177, 181 (S.D.N.Y. 1998) (declining to seal record of case that dealt with "allegedly scandalous" matters) *aff'd*, 172 F.3d 37 (2d Cir. 1999).