

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

June 10, 2022

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Netburn:

Plaintiff Securities and Exchange Commission (the "SEC") respectfully requests that the Court order the sealing of selected portions of Exhibit A to Defendants' letter motion challenging the sufficiency of the SEC's responses to Defendants' Fourth Set of Requests for Admissions ("RFA").  D.E. 486, 486-1.  Specifically, the SEC only seeks to seal the identities of non-parties whose privacy interests outweigh any public interest in disclosure.[1]  Defendants do not object to the SEC's sealing request.

In determining whether a document is subject to sealing, courts in this Circuit examine: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) any countervailing factors or higher values that might outweigh the right of public access to that judicial document.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  A judicial document "must be relevant to the performance of the judicial function and useful in the judicial process."  *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted).  A document is relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers.  *Id.*

Here, Exhibit A is a judicial document in that it would reasonably have the tendency to influence the Court's ruling on the pending motion.  *See Brown,* 929 F.3d at 49.  Exhibit A is also entitled to a presumption of public access under the second *Lugosch* factor.  *Id.* at 50, 53 (finding that non-dispositive motions such as a motion to compel are subject to "a lesser—but still substantial—presumption of public access") (citation omitted).  However, the identities of third parties are *not* relevant to the Court's decision regarding Defendants' motion.  Indeed, the privacy interest of "innocent third parties . . . should weigh heavily" when balancing the presumption of disclosure.  *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).  *See also In re SunEdison, Inc. Sec. Litig.*, No. 16 Civ. 7917 (PKC), 2019 U.S. Dist. LEXIS 237566, at *33-35 (S.D.N.Y. Jan. 7, 2019) (permitting sealing of portions of documents revealing identities of individuals and entities where the public interest in such information was low).  Accordingly, the identities of those non-parties identified in Exhibit A should be protected from disclosure.

---

[1] The SEC seeks to seal first names and surnames instead of nicknames or monikers.

Hon. Sarah Netburn
June 10, 2022
Page 2

                                              Respectfully submitted,

                                              /s/ Pascale Guerrier
                                                 Pascale Guerrier

cc: Counsel for All Defendants (*via* ECF)