

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

June 14, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Pursuant to the Court's June 9, 2022 order (D.E. 502), the SEC respectfully submits proposed redactions of its brief filed under seal on June 7, 2022 (D.E. 499, "Opposition Brief") in opposition to the motion by six XRP investors ("Movants") to file a brief regarding the opinions of one of the SEC's experts (the "Expert") (D.E. 489). The SEC further seeks to seal 11 of the 17 exhibits attached to the Opposition Brief.[1]

After meeting and conferring, the SEC and Defendants agree that Exhibits A, B, I, J, and K attached to the Opposition Brief can be filed on the public docket, with one redaction to Exhibit B as noted in footnote 1. The SEC respectfully seeks to file under seal Exhibits C, D, E, F, G, H, L, M, N, P, and Q. Defendants do not object to sealing Exhibits C, L, M, N, and Q. Defendants have informed the SEC that they will await the instant application before determining their position on the proposed sealing of Exhibits D–H, as well as the proposed redactions to the Opposition Brief. Defendants have further informed the SEC that they will seek to keep sealed Exhibit O and the reference to Exhibit O in the Opposition Brief. The SEC has included Exhibit O among the proposed sealed exhibits in this application but reserves the right to object to the sealing of Exhibit O once Defendants make a further application on that one exhibit.

The SEC submits that the proposed redactions to the Opposition Brief and sealing of 11 exhibits are narrowly tailored to serve the "higher value" of protecting witness safety in light of the likelihood that past harassment and threats will continue in the absence of such steps. *See Walker v. City of N.Y.*, 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) (sealing motion for summary judgment because "the safety of the complaining witness and his family constitutes a 'higher value' which should be protected," quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F3d 110, 119–20 (2d Cir. 2006)); *see also In re Awan*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) ("protect[ing] witness safety and privacy" is basis to seal); *Barcher v. N.Y. Univ. School of Law*, 993 F. Supp. 177, 181 (S.D.N.Y. 1998) ("endangering of a witness's safety [is] an example of an

---

[1] Pursuant to the Court's direction to file a redacted version of the Opposition Brief and exhibits under seal (D.E. 502), the SEC is concurrently filing under seal the Opposition Brief with proposed redactions highlighted in yellow, as well as Exhibits A through Q. The cover sheet of each exhibit the SEC proposes to file under seal in its entirety (as well as Exhibit O, which Defendants seek to seal), includes the notation, "Filed Under Seal." The SEC seeks to redact the reference to the Expert's name from the final page of Exhibit B but proposes to file the redacted document on the public docket; Defendants consent to this proposal.

Hon. Analisa Torres
June 14, 2022
Page 2

appropriate basis for which to seal a record"). For that reason, while some information the SEC seeks to seal has already been publicized by Movants' counsel, John Deaton, the SEC seeks to seal this and other material to prevent further threats to and harassment of the SEC's Expert. Introducing evidence and arguments about the effects of such harassment and threats into the public record could signal that such acts have accomplished their purpose, risking further future efforts to harass and threaten participants in this high-profile case—one that the press and public closely scrutinize.

Exhibits C, L, M, N, and Q are not already part of the public record, and Defendants do not object to the sealing of these exhibits. Exhibits M and N are excerpts from two of Defendants' expert reports, the entirety of which have been designated by Defendants as Confidential under the Protective Order (D.E. 53). Exhibit H, which is also not in the public record, is an excerpt of the Expert's deposition transcript, and the entire transcript has likewise been designated as Highly Confidential by the SEC under the Protective Order. Defendants do not consent to the sealing of Exhibit H even though they maintain that excerpts from their experts' reports should remain under seal. Given Deaton's and others' past public statements, publishing portions of the Expert's testimony could inflame the discourse and result in further harassment and intimidation of the Expert. The SEC respectfully submits that the Expert's deposition transcript should remain sealed in order to limit additional threats and harassment of the Expert.

Exhibits D, E, F, G, and P are part of the public record. Exhibit F is a compilation of tweets prepared by SEC counsel, and the remaining exhibits reflect tweets and other public statements made by Deaton and other individuals about the Expert. We recognize that this information (as well as information reflected in some of the proposed redactions in the Opposition Brief) is already on Twitter, YouTube or other third-party websites. The SEC's sole purpose in seeking to seal this information is to avoid rebroadcasting it. Consolidating and republishing threats and personally identifiable information on the public docket of a closely-followed litigation affirms that these specific intimidation tactics against the SEC's Expert were successful and provides a roadmap for further harassment and intimidation of the Expert. While the SEC recognizes that some courts have been reluctant to order sealing of information that has already been made public, the intense interest in and scrutiny of this litigation and the nature of the anonymous threatening postings on social media targeting a particular individual (often termed "doxing") distinguish those rulings from the case at hand.[2] For example, in *Washington Post v. Robinson*, 935 F.2d 282, 291–92 (D.C. Cir. 1991), the court found that witness safety concerns were not sufficient to justify sealing a plea agreement because newspaper articles had already publicized the witness's cooperation in the case. Here, on the other hand, though Deaton has already put the Expert's involvement in this case into the public domain, additional information about the Expert, including information about the ensuing harassment, will only serve to highlight the opportunity to continue the threats and harassment, therefore raising new and additional witness safety concerns. *Cf. Application of the Herald Co.*, 734 F.2d 93, 101 (2d Cir. 1984) (risk of additional local dissemination of information that had already

---

[2] *See Greer v. Carlson*, No. 20 Civ. 5484, 2020 WL 6064167, at *2 n.5 (S.D.N.Y. Oct. 14, 2020) (Aaron, M.J.) (describing "doxing" as a practice of using the Internet to source out and collect someone's personal and private information and then publicly releasing that information online, including with the goal of retribution, harassment or humiliation) (citing *Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 852 (E.D. Mich. 2019); Julia MacAllister, *The Doxing Dilemma: Seeking a Remedy for the Malicious Publication of Personal Information*, 85 Fordham L. Rev. 2451, 2557–58 (Apr. 2017) (describing "punching down" doxing, a practice of publishing a subject's personal information "for purely malicious reasons, such as revenge, harassment, stalking or 'for the lulz' (meaning 'laughter at the expense or the misfortune of others'")).

been publicized by a national newspaper is a ground that could justify closing a hearing to the public).

Expert witnesses understand that their opinions may be challenged by the opposing party and may even expect public challenges to their opinions in high-profile cases. But no expert witness should expect to be subjected to a campaign of humiliation, harassment, or threats simply by agreeing to act as an expert witness. We respectfully submit that any additional disclosure about the Expert or his opinions, including disclosure of material that is already in the public domain, will lead to additional threats and harassment of the Expert. The SEC thus respectfully requests that the Court order the sealing of redacted portions of its opposition brief, as well as Exhibits C, D, E, F, G, H, L, M, N, P, and Q thereto. The SEC will await Defendants' briefing on Exhibit O before it takes a position on that exhibit.

Respectfully submitted,

/s/ Ladan F. Stewart

Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)