

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Andrew J. Ceresney
Partner
aceresney@debevoise.com
Tel   +1 212 909 6947

June 15, 2022

<u>VIA ECF</u>

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SEC v. Ripple Labs Inc., et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

   We write on behalf of Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen ("Defendants") regarding the SEC's submission of proposed redactions to their letter opposing Movants' motion to file an *amicus* brief regarding one of the SEC's experts (the "Expert"). *See* D.E. 489, D.E. 508, D.E. 509. The SEC's submission comes after this Court denied the SEC's motion to seal the opposition letter and exhibits in their entirety and ordered the SEC to submit "narrowly tailored" redactions that are "consistent with the presumption in favor of public access to judicial documents." *See* D.E. 502.

   As indicated in the SEC's sealing motion, Defendants do not object to sealing Exhibits C, L, M, N, and Q in their entirety. *See* D.E. 508 at 1. As for the remainder of the exhibits the SEC seeks to seal (Exhibits D-H) and the SEC's proposed redactions to its opposition letter (D.E. 509), Defendants believe that the SEC has not satisfied the standard for sealing documents in the Second Circuit, where there is a "substantial … presumption of public access" for materials submitted in connection with non-dispositive motions. *See Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019). As we explained to the SEC during the parties' meet and confer, Defendants do not oppose the sealing of identifying information about the Expert for purposes of this motion. But the SEC's proposed redactions sweep much broader, encompassing portions of their legal argument as well as documents already in the public domain. Moreover, in some instances (such as the bottom of page 3; D.E. 509 at 3), the SEC has requested redaction of passages that demonstrate the weakness of the Expert's analysis. These passages do not appear to pose any safety risk, but instead appear to be targeting information that would reflect weaknesses in the SEC's case. Particularly given the strong public interest in this unprecedented government enforcement action, that is not a proper, narrowly tailored use of redactions. *See, e.g.*, *United States v. Samia*, No. 13-CR-521 (RA), 2017 WL 11441518, at *1 (S.D.N.Y. Oct. 6, 2017) (holding, as to witnesses who were "likely to testify about an alleged murder performed on behalf of an international criminal organization with an extensive history of violent activities" and "reasonably fear[ed] that they could face reprisal," that "redacting

only the names and contact information of the Philippines Witnesses, *without sealing any documents* or closing the courtroom during their testimony, is a narrowly tailored means to protect these witnesses' safety") (emphasis added); *MacNamara v. City of New York*, No. 04 Civ. 9216 (KMK) (JCF), 2007 WL 1169204, at *9 (S.D.N.Y. Apr. 20, 2007), *adopted as modified*, 249 F.R.D. 70 (S.D.N.Y. 2008) (ordering unredaction of documents with detailed physical security analysis, and permitting redactions only as to the identity of specific "locations considered to be potential terrorist targets").

With regard to Exhibit H—an excerpt of the Expert's deposition transcript—the SEC seeks sealing even though the Court is considering a motion by Movants to file a brief *concerning the opinion testimony of the Expert*. Indeed, the content of Exhibit H squarely concerns the issues raised by Movants. Exhibit H is therefore a "judicial document" that is relevant to resolving the motion and it enjoys a higher presumption of access by the public. This distinguishes Exhibit H from other exhibits attaching excerpts of expert reports which are completely unrelated to Movants' pending motion.

While witness safety is a factor courts weigh when addressing sealing applications, the cases cited by the SEC are inconsistent with the SEC's disproportionate sealing requests. *See Walker v. City of N.Y.*, No. 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) (permitting redactions of complaining witness name); *In re United States for Material Witness Warrant*, No. 19 Misc. 447, 2020 WL 3959208, at **4–5 (S.D.N.Y. July 13, 2020) (ordering full disclosure of affidavit except for redactions of affiant and witness names); *Barcher v. N.Y. Univ. Sch. of L.*, 993 F. Supp. 177, 181 (S.D.N.Y. 1998) (declining to seal record of case that dealt with "allegedly scandalous" matters) *aff'd*, 172 F.3d 37 (2d Cir. 1999).[1]

Finally, Exhibit O should be sealed because it was designated by Defendants as "Confidential" under the Protective Order (D.E. 53) and contains sensitive and confidential business information. As we indicated in our June 9 letter (D.E. 501) and reiterate here, Exhibit O and the SEC's reference to it on page 3 of their opposition letter should be sealed for two reasons. *First*, Exhibit O is not material to the resolution of the Movants' motion and therefore is not a "judicial document" entitled to a presumption of public access. *See Maxwell*, 929 F.3d at 49 (2d Cir. 2019) (non-judicial documents are those that do not "reasonably have the *tendency* to influence a district court's ruling on a motion."). *Second*, Ripple's strong interest in maintaining the confidentiality of this non-public document outweighs any potential presumption of public access. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) ("Established factors and values that can outweigh the presumption of public access include . . . business secrecy") (internal citations omitted). Exhibit O contains a non-public, competitively sensitive discussion—referred to contemporaneously in the document itself as "confidential"— about Ripple's business, regulatory, and marketing strategy, which should remain sealed. This

---

[1] The SEC also cites no authority for the assertion that "doxing" warrants heightened sealing measures, and Defendants are aware of none. *See Jean v. U.S. Equal Employment Opportunity Commission*, No. 20-CV-9773, 2020 WL 10313877, at *2 (S.D.N.Y. Nov. 25, 2020) (denying sealing request despite "doxing" claim and noting that "litigant's concern that information contained in court documents will bring her adverse publicity or negatively impact her are insufficient reasons for a court to seal documents").

Hon. Analisa Torres 3 June 15, 2022

Court has previously granted Defendants' similar requests to seal "internal Ripple communications" that "reflect Ripple's proprietary internal business strategies, analyses, impressions, and concerns." D.E. 422 at 5–6; *see also Royal Park Invest. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-CV-09764, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (granting motions to seal documents that were "strategic in nature" and reflected "sensitive business information that the parties could reasonably wish to remain confidential"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealing defendant's proprietary material).

Should this Court determine that there is no basis for sealing Exhibit O in its entirety, Ripple respectfully asks for an opportunity to propose specific redactions be made to the document.

Respectfully submitted,

*/s/ Andrew J. Ceresney*

Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
*Counsel for Defendant Ripple Labs Inc.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC
*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Counsel for Defendant Bradley Garlinghouse*

cc:    All Counsel of Record (via ECF)