

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

June 17, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

The SEC respectfully opposes Defendants' June 15, 2022 application (D.E. 510) to seal Exhibit O to the SEC's June 7, 2022 brief (D.E. 499, "Amicus Opposition Brief") opposing the motion by six XRP investors ("Movants") to file a brief regarding the opinions of one of the SEC's experts (the "Expert") (D.E. 489). The SEC opposes Defendants' request to seal Exhibit O and the reference to that document in the Amicus Opposition Brief because Defendants' conclusory assertion that Exhibit O contains "sensitive and confidential business information" is not sufficient to warrant sealing. Defendants can offer no genuine support for their assertion because Exhibit O does not contain any confidential business information. Instead, Defendants' attempt to seal Exhibit O is an effort to shield from public disclosure a document that calls into question Defendants' motives and their position in this litigation. The fact that a document makes a party look bad or hurts a party on the merits of the case is not a legally valid justification for sealing.

First, Defendants argue that "Exhibit O should be sealed because it was designated by Defendants as 'Confidential' under the Protective Order (D.E. 53)." D.E. 510 at 2. But as this Court has already held, "the Court shall not permit sealing of documents merely because information contained therein is subject to a stipulated protective order because 'bargained-for confidentiality does not overcome the presumption of access of judicial documents.'" D.E. 422 at 2 (quoting *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018)).

Next, Defendants argue that Exhibit O is not a judicial document because it is "not material to the resolution of the Movants' motion." D.E. 510 at 2. But the SEC submitted Exhibit O as evidence of the common interest between Defendants and Movants. Exhibit O is therefore relevant to the Court's determination of whether, given this commonality of interest, any rebuttal of the Expert's report by Movants would be duplicative of Defendants' efforts. Pursuant to the Court's prior ruling, Exhibit O is "'unquestionably [a] judicial document[]' because [it was] "submitted to the Court as 'supporting material' in connection with" the SEC's opposition to Movants' motion. D.E. 422 at 3 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121, 123 (2d Cir. 2006)).

Finally, Defendants argue that "Exhibit O contains a non-public, competitively sensitive discussion—referred to contemporaneously in the document itself as 'confidential'—about Ripple's business, regulatory, and marketing strategy." D.E. 422 at 2. But a review of Exhibit O makes clear that there is no "competitively sensitive information" in the document. And while the portion of the document the SEC cites in its Amicus Opposition Brief is unhelpful to Defendants' litigation

Hon. Analisa Torres
June 17, 2022
Page 2

position, that does not render it "competitively sensitive information." Indeed, as with prior documents they have sought to seal, Defendants "have not made a particular and specific factual demonstration of the harm that would result from disclosure" of Exhibit O. D.E. 422 at 4 (internal quotation omitted). Nor can they.[1]

Accordingly, the SEC respectfully requests that the Court deny Defendants' application to seal Exhibit O and the corresponding reference in the Amicus Opposition Brief.

Respectfully submitted,

/s/ Ladan F. Stewart

Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)

---

[1] By contrast, the SEC has made a particular and specific factual demonstration of harm that would result from the disclosure of the documents and information the SEC seeks to seal in connection with the Amicus Opposition Brief—namely, the continuation and likely intensification of a public campaign of intimidation and harassment of the Expert. *See* D.E. 508. For this reason, Defendants' objection to sealing a portion of the Expert's deposition transcript (Exhibit H) and the reference in the Amicus Opposition Brief to Exhibit H (at p. 3) is especially troubling—particularly in light of Defendants' position that *their own expert reports should be sealed*. Placing the substance of the Expert's deposition testimony into the public record provides additional fodder for the individuals who have already engaged in this public harassment campaign and is inappropriate under the circumstances.