

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Andrew J. Ceresney
Partner
aceresney@debevoise.com
Tel  +1 212 909 6947

June 27, 2022

VIA ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SEC v. Ripple Labs Inc., et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

      Defendants respectfully submit this response to the SEC's proposed redactions (D.E. 515) to a letter recently submitted by Defendants (D.E. 504) concerning potential *amicus* participation in this case.

      The extensive redactions proposed by the SEC cannot be granted "without seriously undermining the tradition of an open judicial system." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 n.5 (2d Cir. 2006). Even when sealing documents on the grounds of safety concerns, courts have allowed only narrow redactions, such as the names and locations of witnesses. *See, e.g., United States v. Samia*, No. 13-CR-521 (RA), 2017 WL 11441518, at *1 (S.D.N.Y. Oct. 6, 2017) ("redacting only the names and contact information" of witnesses); *MacNamara v. City of New York*, No. 04 Civ. 9216 (KMK) (JCF), 2007 WL 1169204, at *9 (S.D.N.Y. Apr. 20, 2007), *adopted as modified*, 249 F.R.D. 70 (S.D.N.Y. 2008) (unredacting all but specific "locations considered to be potential terrorist targets").

      The SEC's proposed redactions have nothing to do with purported safety concerns. Defendants' letter does not pose any meaningful risk; it does not even mention the expert's name. Rather, the SEC asks to seal: (1) a description of an obvious flaw in the expert's "methodology" (D.E. 515, Ex. A at 1 n.1); (2) an argument highlighting an important inconsistency in the SEC's position regarding its sealing request (*id.* at 2–3 & n.4); and (3) two substantive arguments about the impropriety of the SEC's position (*id.* at 3). None of these proposed redactions reveals any sensitive facts about the expert. They are, on their face, about shielding the SEC from public criticism.

      The SEC insists that "publishing the substance of the Expert's testimony" should not be allowed because it could "inflame the discourse." D.E. 515 at 1. That argument is antithetical to the right of the public to have access to substantive legal arguments in a case of widespread interest. It is not a proper basis for sealing and the Court should reject the SEC's request.

Hon. Analisa Torres                          2                          June 27, 2022

                                         Respectfully submitted,

*/s/ Andrew J. Ceresney*_____
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
*Counsel for Defendant Ripple Labs Inc.*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
*Counsel for Defendant Bradley Garlinghouse*

cc:      All Counsel of Record (via ECF)