

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**Andrew J. Ceresney**
Partner
aceresney@debevoise.com
Tel   +1 212 909 6947

July 10, 2022

VIA ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SEC v. Ripple Labs Inc., et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

  The parties are scheduled to file their *Daubert* motions on Tuesday, July 12, 2022. Defendants write to seek an expedited briefing schedule on the extreme position taken by the U.S. Securities and Exchange Commission ("SEC") that the names of its experts and any substantive criticism of their reports should be kept from public view.

  As the Court is aware, there is a pending SEC request to seal information identifying one of the SEC's experts ("Expert 1") and the substance of his testimony. *See* D.E. 498, 508 at 2-3, 512 at n.1. The SEC has informed Defendants that they will seek to extend that relief to three additional experts ("Experts 2-4"). For those three experts, the SEC has insisted not only that their names and identifying information be withheld, but also that any mention of the substance of their reports or deposition testimony should also be sealed until the motion concerning Expert 1 is resolved. Since the whole point of a *Daubert* motion is to call into question the reliability and admissibility of an expert's report and testimony, this effectively means that the entire *Daubert* motions for Experts 1-4 would have to be filed and kept under seal.

  The report of Expert 5, including his name and affiliation, has already been filed on the public record by the SEC. The SEC nonetheless insists that Defendants redact even Expert 5's name and any identifying information from its *Daubert* motion and the exhibits thereto, including his report (which is already public).

  The existing factual record in the pending SEC request (as to Expert 1) does not support the extraordinary relief the SEC seeks even as to Expert 1, let alone as to its other experts. The SEC's attempt to shield the identities and opinions of its experts from any public scrutiny is both unprecedented and unsupported by any evidence of need. It is antithetical to the right of the public to have access to substantive materials that will be critical to this Court's upcoming rulings on the parties' *Daubert* motions. The "substantial" presumption of public access is strongest where, as

Hon. Analisa Torres                                    2                                    July 10, 2022

here, materials filed with the Court go to the merits. *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019).

The SEC's attempt to suppress public criticisms of its experts' opinions is particularly egregious given that none of the SEC's expert reports is likely to contain *SEC* confidential information. The only confidential information in the expert reports is internal information about Ripple itself and third parties. The SEC is abusing the Protective Order (D.E. 53) in an effort to prevent criticism of its experts from reaching the public. To give one example, one of the SEC's expert reports is based on a review of public open-source code with no conceivable confidentiality. Yet, the SEC maintains that it would be a violation of the Protective Order for Defendants to publicly file on July 12 any references to that expert's report or testimony, or to his name or identity.

For the past five days, Defendants endeavored in earnest to find some temporary compromise with the SEC that would allow at least some of the *Daubert* motions to be filed publicly on July 12. Those efforts were unsuccessful.[1]

Given the SEC's confidentiality designations, Defendants have no choice but to file four of their five *Daubert* motions and exhibits under seal pending a court ruling on the SEC's position. The *Daubert* motion as to Expert 5 will be filed (at the SEC's insistence) provisionally sealing that expert's name and other identifying information. Defendants accordingly request that the Court establish the following expedited schedule to resolve these issues:

| | |
|---|---|
| July 12 | *Daubert* motions and exhibits (with the limited sealing as to Expert 5) are filed under seal. |
| July 18 | Parties identify to each other any *Daubert* material that they contend should be redacted and filed under seal. |
| July 20 | Parties meet and confer on proposed redactions. |
| July 22 | Parties seeking redactions that have not been agreed to file motion(s) to seal with the Court. |
| July 25 | Parties file oppositions to redactions that have not been agreed to. |

---

[1] Because the reports of Experts 2-4 are unlikely to contain any information that the SEC has a basis to deem confidential, Defendants asked the SEC to identify any such information for redaction, which would allow Defendants to file those *Daubert* motions publicly. The talks derailed on Saturday, July 9, when the SEC for the first time insisted that Defendants identify all confidential information in the reports and deposition transcripts of ten of their expert witnesses. Since that covers thousands of pages full of detailed information about Ripple's business and the Individual Defendants, it was impractical for Defendants to attempt to do so prior to July 12, as the SEC fully understood.

Hon. Analisa Torres 3 July 10, 2022

Respectfully submitted,

*/s/ Andrew J. Ceresney*
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
*Counsel for Defendant Ripple Labs Inc.*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
*Counsel for Defendant Bradley
Garlinghouse*

cc: All Counsel of Record (via ECF)