

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

July 11, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

The SEC respectfully writes in response to Defendants' July 10, 2022 motion (D.E. 527) seeking expedited briefing of sealing motions in connection with the parties' motions to exclude expert testimony to be filed tomorrow, July 12. Defendants did not meet and confer with the SEC on their proposed schedule, which bears a striking resemblance to what the SEC proposed to Defendants last week. The SEC does not object to Defendants' proposed briefing schedule, but responds further below to the remainder of Defendants' contentions.

Since last week and through this past weekend, the parties engaged in extensive negotiations relating to the confidentiality designations of expert materials under the Protective Order (D.E. 53). The SEC proposed a schedule similar to what Defendants have now proposed to the Court but Defendants rejected the schedule, and insisted on filing their motions on the public docket on July 12. Defendants requested that the SEC provide proposed confidentiality redactions to its experts' reports and transcripts, but refused to reciprocate by providing proposed redactions to their own experts' reports and transcripts. Contrary to Defendants' bald assertion that the SEC is seeking to "prevent criticism of its experts from reaching the public" (D.E. 527 at 2), the SEC simply sought a few additional days to allow the parties to conduct a thorough review of the hundreds of pages of briefing, reports, and transcripts that will be filed on July 12. Defendants apparently now believe this is the appropriate course. The SEC respectfully submits that the schedule proposed by Defendants—in which the parties would file their motions (with the exception of one defense motion) under seal on July 12 and then move to seal any confidential material by July 22, at which time redacted versions of the parties' briefing would also be filed on the public docket—is appropriate under the circumstances.

It is the SEC's hope that the parties will be able to agree on a majority of the proposed sealing requests. However, the SEC expects it will require the Court's guidance with respect to one discrete issue that Defendants' motion makes clear they intend to oppose.

To preview this issue, the Court currently has before it two related applications by the SEC (D.E. 508 & 514) to seal information related to the testimony of one of the SEC's experts (the "Expert") who has been the subject of extensive harassment and threats to his safety since his name was publicized by counsel for *amici*. In light of the harassment and threats identified in the SEC's prior filings (D.E. 499), and as outlined in the SEC's applications with respect to the Expert, the SEC submits that sealing the substance of the Expert's proffered testimony is narrowly tailored to serve

Hon. Analisa Torres
July 11, 2022
Page 2

the "higher value" of protecting witness safety in light of the likelihood that past harassment and threats will continue in the absence of such steps. *See Walker v. City of N.Y.*, 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) (sealing motion for summary judgment because "the safety of the complaining witness and his family constitutes a 'higher value' which should be protected," *quoting Lugosch v. Pyramid Co. of Onondaga*, 435 F3d 110, 119–20 (2d Cir. 2006)); *see also In re Awan*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) ("protect[ing] witness safety and privacy" is basis to seal); *Barcher v. N.Y. Univ. School of Law*, 993 F. Supp. 177, 181 (S.D.N.Y. 1998) ("endangering of a witness's safety [is] an example of an appropriate basis for which to seal a record"). Because the Expert's identity is already in the public domain, the disclosure of any additional information about the substance of the Expert's opinions risks further future efforts to harass and threaten the Expert.

Similarly, in light of this harassment and the safety issues experienced by the Expert stemming from *amici* counsel's public statements identifying the Expert, as well as harassment of another SEC expert whose identity has been publicly disclosed (*see, e.g.*, D.E. 499, Ex. C), the SEC respectfully submits that it is imperative that the identities of the SEC's remaining experts be protected. The SEC expects that Defendants' motions to exclude these experts' testimony will strongly criticize the experts' conclusions, methodologies, and qualifications. If the SEC's experts are publicly identified in Defendants' motions (by name or through other identifying information), it is almost certain that they will be subject to harassment, perhaps even beyond what the Expert experienced as a result of the *amici* counsel's release of only his name and a general description of his expert opinion.

If the Court has not ruled on the SEC's pending applications before July 22 (the proposed deadline for the parties' motions to seal), the SEC intends to move to provisionally seal Defendants' motion relating to the Expert as well the names and identifying information of the SEC's other experts. At such time that the Court rules on the pending applications, the SEC submits that the parties, with the benefit of the Court's guidance on these issues, meet and confer and, to the extent they have disagreements about the impact of the Court's ruling on the sealing issues discussed herein, seek further relief from the Court.

Respectfully submitted,

/s/ Ladan F. Stewart

Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)