UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES AND EXCHANGE COMMISSION,

                     Plaintiff,

-against-

RIPPLE LABS, INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

                     Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/11/2022_

20 Civ. 10832 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, the Securities and Exchange Commission (the "SEC"), seeks an order directing the sealing and redaction of certain documents submitted by the parties in response to six individual XRP holders' ("Movants") joint request to file an amicus brief regarding the opinions of one of the SEC's experts. *See* SEC Mot. I, ECF No. 498; SEC Mot. II, ECF No. 508; SEC Mot. III, ECF No. 514. The documents include (1) the SEC's opposition to Movants' request (the "SEC Letter"), ECF No. 509, (2) Defendants' response to the SEC Letter (the "Defendants' Letter"), ECF No. 503, (3) and exhibits submitted in support of both letters, ECF Nos. 509-1–17; 503-1. Defendants seek an order directing the sealing of an exhibit to the SEC Letter and the redaction of a passage in the SEC Letter that discusses that exhibit. *See* Defs. Mot., ECF No. 510. For the reasons stated below, the motions are GRANTED in part, and DENIED in part.

    I.      Legal Standard

    "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Documents are considered "judicial documents" if they are "relevant to the performance of the judicial function and useful in the judicial process." *Brown v.*

*Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted). Moreover, the "relevance" of a specific document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id*. (citation omitted). Rather, what is important is whether a document "would reasonably have the *tendency* to influence a district court's ruling on a motion." *Id*. (citation omitted) (emphasis in original). Furthermore, the presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion. *Id*. at 50 (citation omitted).

After finding that documents are judicial documents to which the common law presumption of access attaches, courts must "balance competing considerations against" that presumption. *Lugosch*, 435 F.3d at 120 (citation omitted). The sealing of judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124 (citation omitted). Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, *see SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), "conclusory statements that documents contain confidential business information" are insufficient to justify sealing, *United States v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). Rather, the moving party must make a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Id*. (citation omitted). Additionally, the interests in favor of non-disclosure can include "the danger of impairing law enforcement or judicial efficiency," "the privacy interests of those resisting disclosure," *see In re United States for Material Witness Warrant*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) (citations omitted), and concerns for witness safety, *Walker v. City of New York*, No. 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017). Moreover, the Court shall not permit sealing of documents merely

because information contained therein is subject to a stipulated protective order because "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

II.     Application

    A.  The SEC's Requests

The SEC requests that the Court allow (1) redactions of the SEC Letter, (2) redactions of the Defendants' Letter, and (3) the sealing of certain exhibits to both letters.[1] *See* SEC Mot. I; SEC Mot. II; SEC Mot. III; SEC Letter; Defs. Letter.  The SEC contends that one of the SEC's experts (the "Expert") has been threatened and harassed by the public and argues that these redactions and sealing are necessary to "serve the higher value of protecting witness safety in light of the likelihood that past harassment and threats will continue in the absence of such steps." SEC Mot. II at 1 (quotation marks omitted).  The SEC also contends that "[i]ntroducing evidence and arguments about the effects of such harassment and threats into the public record could signal that such acts have accomplished their purpose, risking further future efforts to harass and threaten participants in this high-profile case." *Id*. at 2.

With respect to the SEC Letter, the Court finds the SEC's proposed redactions to be proper and shall permit them.  *See* SEC Letter.  These redactions are narrowly tailored to prevent the disclosure of arguments and evidence related to the harassment of the Expert, and the Court agrees that public dissemination of this information may increase the likelihood of future threatening behavior, implicating concerns of witness safety and "the danger of impairing . . . judicial efficiency."

---

[1] Initially, the SEC requested the sealing of its opposition in full.  SEC Mot. I.  The Court ordered it to provide proposed redactions because the Court did "not believe sealing the brief in its entirety [was] warranted."  ECF No. 502.

*In re United States for Material Witness Warrant*, 2020 WL 3959208, at *3 (citations omitted)*; see also Walker*, 2017 WL 2799159, at *6.

These same concerns justify the SEC's proposed redactions to the Defendants' Letter, with the exception of the redaction of footnote one. *See* Defs. Letter; SEC Letter II at 1. With respect to the redaction of footnote one, the SEC contends that this footnote, which "includes information about the substance of the Expert's report," could "inflame the discourse and result in further harassment and intimidation of the Expert." SEC Mot. III at 1. The Court disagrees that the public should be prevented from accessing information based on concerns that it will provoke strong feelings.

Accordingly, the Court GRANTS the SEC's request to redact the SEC Letter and GRANTS in part and DENIES in part its request to redact the Defendants' Letter.

Next, the Court shall address the SEC's request to seal and redact certain exhibits to the letters. The SEC states that both parties agree to the sealing of Exhibits C, L, M, N, and Q to the SEC Letter. SEC Mot. II at 2. But, the SEC does not explain why these exhibits should be filed under seal. *See id.* Rather, the SEC states that "Defendants do not object to the sealing of these exhibits" and asserts that Exhibits M and N "have been designated by Defendants as Confidential under the Protective Order." *Id.* As the Court has previously stated, "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten*, 307 F. Supp. 3d at 168. Therefore, the Court finds that the SEC has not properly justified the sealing of these exhibits.

Furthermore, with respect to Exhibit H to the SEC Letter, which contains an excerpt of the Expert's deposition transcript, the SEC again argues that it should be maintained under seal because it has been designated as "Highly Confidential" under the Protective Order. SEC Mot. II at 2. The SEC also contends that publishing portions of the Expert's testimony "could inflame the discourse and result in further harassment and intimidation of the Expert." *Id.* Here too, the Court does not

4

defer to the parties' "bargained-for confidentiality," *Bernsten*, 307 F. Supp. 3d at 168, and does not find that concerns of "inflaming the discourse" justify the sealing of judicial documents.

However, the Court does find that the SEC has properly justified the sealing of Exhibits D, E, F, G, and P to the SEC Letter.  These exhibits consist of a series of tweets and other public statements made about the Expert that include threats to and harassment of the Expert as well as the Expert's personal identifying information.  SEC Mot. II at 2.  The Court agrees with the SEC that republication of these materials "will only serve to highlight the opportunity to continue the threats and harassment." *Id*.  And, the Court also determines that the SEC's proposed redactions to Exhibit B and Exhibit 1 of the Defendants' Letter are narrowly tailored to serve interests of witness safety. *See id*. at 1; ECF No. 515-1.

Accordingly, the Court GRANTS in part, and DENIES in part, the SEC's request to seal and redact exhibits to the letters.

### B.  Defendants' Request

Defendants ask the Court to seal Exhibit O to the SEC Letter and redact a corresponding discussion of the exhibit in the SEC Letter because the exhibit "was designated by Defendants as 'Confidential' under the Protective Order and contains sensitive and confidential business information," specifically, non-public information related to "Ripple's business, regulatory, and marketing strategy."  Defs. Mot. at 2 (citation omitted).

The Court finds that Defendants have not justified the sealing of Exhibit O or the redaction of the SEC Letter.  The portion of Exhibit O quoted in the SEC Letter is a judicial document because it may support a finding that there is a common interest between Defendants and Movants, and it, therefore, has a tendency to influence the Court's ruling on Movants' request. *See Brown*, 929 F.3d at 49.  And, the reasons provided by Defendants are insufficient to justify sealing of Exhibit O in its entirety because "bargained-for confidentiality does not overcome the presumption of access to

judicial documents," *Bernsten*, 307 F. Supp. 3d at 168, and "conclusory statements that documents contain confidential business information" are insufficient to justify sealing or redactions, *Wells Fargo Bank*, 2015 WL 3999074, at *4. Accordingly, the Court DENIES Defendants' request to seal Exhibit O and redact the SEC Letter.

## CONCLUSION

For the foregoing reasons, the parties' motions are GRANTED in part, and DENIED in part. Specifically,

1) The SEC's request to redact language in the SEC Letter is GRANTED, and Defendants' request to redact the citation to Exhibit O in the SEC Letter is DENIED.

2) The SEC's request to redact language in the Defendants' Letter, with the exception of the redaction of footnote one, is GRANTED. The SEC's request to redact footnote one is DENIED.

3) The SEC's request to seal Exhibits D, E, F, G, and P to the SEC Letter and redact Exhibit B to the SEC Letter and Exhibit 1 to the Defendants' Letter is GRANTED. The SEC's request to seal Exhibits C, H, L, M, N, and Q to the SEC Letter is DENIED. Defendants' request to seal Exhibit O to the SEC Letter is DENIED. By **July 15, 2022**, the parties may propose narrowly tailored redactions to Exhibits C, H, L, M, N, O, and Q, along with an explanation justifying their redactions.

The Clerk of Court is directed to terminate the pending motions at ECF Nos. 498 and 508.

SO ORDERED.

Dated: July 11, 2022
New York, New York

ANALISA TORRES
United States District Judge