

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Andrew J. Ceresney
Partner
aceresney@debevoise.com
Tel  +1 212 909 6947

July 15, 2022

VIA ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SEC v. Ripple Labs Inc., et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

      We write on behalf of Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen, and pursuant to Section IV(A)(ii) of Your Honor's Individual Practices in Civil Cases.

      In its July 11, 2022 Order (ECF No. 529) ("Order"), this Court denied Defendants' motion to seal in its entirety Exhibit O to the SEC Letter (ECF No. 509-15), but invited "narrowly tailored redactions." *See* Order at 5–6. Defendants move now only for the very limited, narrow redaction of the e-mail addresses that appear in Exhibit O of two Ripple employees, both of whom are non-parties. A copy of Exhibit O with Defendants' proposed redactions has been submitted under seal for the Court's consideration.

      The Court determined that "the portion of Exhibit O quoted in the SEC Letter" is a judicial document entitled to a presumption of access by the public, *see* Order at 5 (citing *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)), although the Court did not rule that all of Exhibit O was a judicial document, or that Exhibit O had to be unsealed in its entirety. Even if all of Exhibit O were a judicial document entitled to a presumption of public access, the Court must "balance competing considerations against" that presumption, Order at 2 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)), including "[t]he privacy interests of innocent third parties . . . [which] should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (quoting *Gardner v. Newsday, Inc.* (*In re Newsday, Inc.*), 895 F.2d 74, 79–80 (2d Cir. 1990)).

      Defendants request narrowly tailored redactions of the employee e-mail addresses that appear in Exhibit O. *First*, these employees are not parties to this suit and, indeed, one of the employees left Ripple well before the SEC even filed its complaint. In addition, neither employee has been deposed in this litigation nor identified by the parties as potential witnesses. These non-

Hon. Analisa Torres 2 July 15, 2022

parties therefore have significant privacy interests and are entitled to a greater level of protection to prevent unnecessary disclosure of their identities. *See, e.g.*, *In re Google Digit. Advert. Antitrust Litig.*, No. 21-CV-6841, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (Castel, J.) (permitting redaction of "the names, job titles and e-mail addresses of Google employees" and finding that "non-parties to an action may have 'significant privacy interests' that favor redaction of identifying information"). This is particularly true here, where Exhibit O makes clear that the two employees believed they were engaging in a "confidential[]" discussion. *See* Ex. A at 1.

*Second*, these employees' identities are not included in "the portion of Exhibit O quoted in the SEC Letter" that the Court deemed to be a judicial document and are not relevant to the motion before the Court. *See* Order at 5. The Court's ultimate findings as to whether there is a common interest between Defendants and Movants will not depend at all on the identities of these employees. Nor does the SEC contend otherwise in its submissions to the Court. Any public interest in the disclosure of their identities is therefore minimal. *See, e.g.*, *Whittaker v. MHR Fund Mgmt. LLC*, No. 20-cv-7599, 2021 WL 4441524, at *2, *3 (S.D.N.Y. Sept. 28, 2021) (Torres, J.) (upholding redaction of non-party names to protect "the privacy interests of innocent third parties," and explaining that "courts in this Circuit have expressly recognized privacy interests . . . particularly where there is no evidence that the identities . . . directly affect the adjudication" (internal quotation marks omitted)); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (Woods, J.) (allowing Microsoft to redact "the personally identifiable information (e-mail addresses) of its employees" and determining that the "personal information of non-parties, including e-mail addresses, is not relevant to the adjudication of the motions at hand"); *In re SunEdison, Inc. Sec. Litig.*, No. 16-CV-7917, 2019 WL 126069, at *2–*4 (S.D.N.Y. Jan. 7, 2019) (Castel, J.) (granting redactions of "e-mail addresses and the identities of senders and recipients to the e-mails" where "[t]he public interest in the names of the specific senders and recipients in these e-mails is low.").

*Third,* for these same reasons, Defendants' previous requests to protect the privacy interests of non-parties have been granted in this action. *See* ECF No. 422 at 5–6 (Torres, J.) (granting motion to redact, among other things, identities of non-parties from internal Ripple communications, despite finding that they were judicial documents); ECF No. 412 (Netburn, J.) (granting Defendants' motion to redact references to non-parties); ECF No. 393 (Netburn, J.) (same).

Defendants do not propose any redactions to Exhibits C, H, L, M, N, or Q to the SEC Letter, and support them being unsealed in their entirety. As to Exhibit L, which is an excerpt of a rebuttal report prepared by one of Defendants' experts in response to the SEC Expert's testimony, we note that the Court has already denied the SEC's request to redact portions of its Expert's testimony, *see* Order at 4–5; by the same logic, the Court should unseal Exhibit L even though it contains information about the SEC Expert's report.

Hon. Analisa Torres                                3                                July 15, 2022

Respectfully submitted,

/s/ Andrew J. Ceresney
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
*Counsel for Defendant Ripple Labs Inc.*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
*Counsel for Defendant Bradley Garlinghouse*

cc:    All Counsel of Record (via ECF)