

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**Andrew J. Ceresney**
Partner
aceresney@debevoise.com
Tel +1 212 909 6947

June 10, 2022

**VIA ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

  We respectfully write on behalf of Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (collectively, "Defendants") in response to the motion by Movants, certain XRP holders, for leave to file an *amicus* brief (D.E. 489) and the SEC's opposition thereto ("Ltr.," D.E. 499). The SEC's letter asks the Court to exclude John Deaton and the court-approved *amici* he represents from all proceedings in this case based on its contention that Mr. Deaton's participation has led to threats or harassment of a government expert.[1] For the reasons discussed below, the SEC's request should be denied.

  Threats against litigants, witnesses or their counsel have no place in this or any case, and Defendants denounce in the strongest possible terms threats of any kind. Unfortunately, the Individual Defendants and their families have received anonymous threats directed at them since the SEC filed this litigation, some of them quite serious.

  While threats should be taken seriously, they cannot result in improper efforts to cloak public proceedings in secrecy or to gain a litigation advantage. There is strong public interest in this case. The SEC's sweeping theory is that every unit of XRP constitutes an investment contract with Ripple and is an unregistered security—even if bought and sold on the secondary market by persons unrelated and unknown to Ripple.[2] The filing of the SEC's suit has hurt countless XRP users. *$15 billion* in XRP value was erased overnight when the SEC filed this suit just before Christmas 2020. The SEC's action has caused nearly every digital asset exchange in the United States to delist XRP. Many exchanges outside the United States have

---

[1] For context, the expert in question has offered opinions regarding the conduct and knowledge of reasonable XRP purchasers, despite his not having interviewed a single person who purchased XRP.
[2] The SEC's latest letter once again communicates this position. It says only that secondary market sales "could" potentially qualify for an exemption under Section 4 of the Securities Act. Ltr. at 4 n.2. In other words, the SEC has publicly stated its view that secondary market sales are sales of unregistered securities, and it has offered only the cold comfort that well-advised XRP holders might be able to claim an exemption to defend against a potential SEC enforcement action in the future.

Hon. Analisa Torres
June 10, 2022
Page 2

also acted to prohibit U.S. citizens from trading XRP because of the SEC's suit, rendering XRP effectively unsellable in the United States. Some of those XRP holders petitioned to make their views known to the Court. The Court granted them *amici* status, recognizing that they have a unique perspective. *See* D.E. 372 at 11 (holding that Movants' involvement is likely to be "most beneficial during briefing on dispositive motions").

Defendants take no position on whether Movants should be permitted to file an *amicus* brief at the *Daubert* stage, but must oppose the SEC's request to exclude them entirely from the remainder of the case. Nothing presented by the SEC warrants a reversal of this Court's decision to allow their participation: as *amici*, XRP holders should at least be allowed to present their unique perspective at the dispositive motions stage, without delay to the schedule already set by the Court.

Defendants make three additional points:

*First*, any suggestion by the SEC that Defendants or their counsel acted improperly by "disclos[ing]" the name of an SEC expert to Movants' counsel is baseless. Ltr. at 1. Until June 7, 2022, when it filed its sealing motion, the SEC never once suggested that the identity of its expert should be withheld from the public record. It did not even mark the expert's report as "Confidential" under the Protective Order in this case. Nor had the SEC expressed any sensitivity about the public disclosure of the expert's name, which occurs as a matter of course in practically all cases that progress through the expert stage. Accordingly, on May 5, 2022, in response to an inquiry from Movants' counsel (in which Movants' counsel agreed to be bound by the Protective Order in this case), Ripple's counsel wrote that it had no objection to Movants having access to the expert's report given that it was not designated as confidential and contains opinions regarding the conduct of reasonable XRP purchasers—on whose behalf the *amici* Movants speak.[3]

Only then did the SEC first claim that the report should be designated as "Confidential" under the Protective Order, stating that its "failure to mark it confidential was an oversight," and asking Defendants to hold off on sharing it with Mr. Deaton. Ripple's counsel of course complied, confirming receipt of the SEC's request within minutes. *See* Ex. 1 (email exchange between Ripple's counsel and SEC's counsel). ███████████████████████

███████████████████████████████████████ Ltr. at 2. ███

---

[3] The letter, which copied the SEC, stated in relevant part: "Defendants also have no objection to you having access to the expert report of [expert's name] that has been offered in this case by the SEC. We note that the SEC did not designate [expert's name]'s report (dated October 4, 2021) as Confidential, such that there is no restriction on the parties sharing it with you and no court approval would be required. We would, however, expect you to agree to use the report for litigation purposes only. Judge Torres's Order dated October 4, 2021, acknowledged that, as *amicus curiae*, you may be able to offer the unique perspective of users and holders of XRP who purchased XRP in the secondary market. We believe the opinions offered by [expert name] in this case could be relevant for your consideration in that he has offered views on the conduct of reasonable XRP purchasers."

Hon. Analisa Torres
June 10, 2022
Page 3

███████████████████████████████████████[4]

      The SEC now implies that Ripple nonetheless gave Mr. Deaton a copy of "the Expert's report or deposition transcript." Ltr. at 3. This allegation makes no sense since it was *Defendants* who called to the SEC's attention that the agency had failed to mark the report as "Confidential" in the first place. And it is false; Defendants affirm that they have never given Deaton (or anyone connected with him) a copy of the expert's report or deposition transcript. The SEC has no basis for its potentially damaging insinuation that Ripple and its counsel contributed to efforts to harass and intimidate a witness. That accusation is utterly unwarranted and false.



      Defendants respectfully submit that Your Honor should not reverse your order granting *amici* status to the XRP holders.

---

[4] ███████████████████████████████████████████████████████████████████████

Hon. Analisa Torres
June 10, 2022
Page 4

                                  Respectfully submitted,

*/s/ Andrew J. Ceresney*
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
*Counsel for Defendant Ripple Labs Inc.*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
*Counsel for Defendant Bradley Garlinghouse*

cc:    Counsel for the SEC (via ECF)