

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**Andrew J. Ceresney**
Partner
aceresney@debevoise.com
Tel  +1 212 909 6947

July 22, 2022

<u>VIA ECF</u>

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SEC v. Ripple Labs Inc., et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

   On behalf of Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen, and pursuant to Section IV(A)(ii) of Your Honor's Individual Practices in Civil Cases and the Court's July 12, 2022 order (ECF No. 530), Defendants propose narrowly-tailored redactions to a limited number of exhibits attached to the motions to exclude expert testimony ("*Daubert* Motions") that were filed on July 12 by Defendants and the SEC (collectively, the "Parties"). *See* ECF Nos. 532-549. Copies of these exhibits with the proposed redactions highlighted have been submitted under seal along with this Letter-Motion. *See* Exs. A-O; *see also* Letter-Motion App'x A (identifying *Daubert* Motion exhibits for which Defendants propose redactions).

   Defendants do not propose *any* redactions at all to *any* of the *Daubert* briefs filed by the SEC and Defendants, nor seek *any* redactions to 74 of the 94 *Daubert* Motion docket entries. The limited redactions that Defendants request are narrowly tailored to protect Ripple's highly confidential business information, limited personal identifying information of the Individual Defendants, and the legitimate privacy interests of third parties.[1]

---

[1] Pursuant to Section IV(A)(ii) of Your Honor's Practice Rules, the Parties have provided notice to all third parties whose confidential discovery material produced pursuant to the Protective Order (ECF No. 53) is cited in the *Daubert* Motions and have received responses from most of them. A limited number of affected third parties have either not responded or have not yet consented to the proposed redactions of their confidential material. On July 22, 2022, the Parties filed a joint letter with the Court proposing a deadline of July 28, 2022 for these remaining third parties to submit letters, if any, proposing additional or different redactions. *See* ECF No. 559.

Hon. Analisa Torres                                    2                                    July 22, 2022

I. **Legal Standard**

There is a presumption of public access to judicial documents, *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019), but, when dealing with non-dispositive motions, such as motions *in limine*, that presumption is "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* at 50. Courts must "balance competing considerations against" that presumption. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). "Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (reiterating that "the privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation")). Such considerations also include "the protection of sensitive, confidential, or proprietary business information." *See* Order, ECF No. 422 (Torres, J.) (citing *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020)). These interests establish a "venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051.

II. **Defendants' Proposed Redactions to the *Daubert* Motions**

A. **Certain Information from Ripple's Nonpublic Audited Financial Statements**

Defendants seek redactions of limited materials reflecting highly confidential information from its nonpublic audited financial statements, including from Ripple's confidential balance sheet, earnings, revenue and expense information of its business lines, and other confidential business information. *See* Declaration of Kristina Campbell, Chief Financial Officer, Ripple Labs Inc. ("Decl.") ¶¶ 6-9 (attached hereto at Exhibit P); *id.* at App'x A (identifying redactions).

The requested redactions in this category should be granted for three reasons. *First*, as a private company, Ripple's financial statements have never been publicly released and Ripple undertakes significant measures to safeguard their confidentiality, only sharing them under select circumstances and always on a confidential basis. *See* Ex. P, Decl. ¶ 7; *see also Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motion to redact "confidential … accounting and financial information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (permitting redaction of "financial metrics (such as pricing, costs, revenue, and profits)" and "business information of its active business units, such as … financial metrics"). *Second*, public disclosure of this information would be highly detrimental because it would reveal detailed information about Ripple's financial condition, long term business plans, revenue streams, and expense structures to the marketplace, including Ripple's competitors, business partners, customers, and prospective customers. *See* Ex. P, Decl. ¶ 8; *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales" and "specific revenue amounts from certain offerings"). *Third*, Defendants' limited redactions leave the substance of the expert reports and testimony undisturbed, while protecting only the most narrow set of information that would be detrimental for Ripple's business and partnerships and irrelevant to the Rule 702, Rule 403, and *Daubert* factors the Court must resolve. *Fourth* and finally, narrowly-tailored redactions of such highly confidential financial information are regularly granted, particularly with respect to private companies. *See, e.g.,*

Hon. Analisa Torres                          3                          July 22, 2022

*Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (redacting "non-public financial statements" that could "advantage … competitors and harm their businesses").

### B. Confidential Financial Terms of Ripple's Business Relationships

Defendants also seek limited redactions to information about its confidential business relationships and commercial strategies, including the negotiated financial terms of its contractual agreements with certain third-party business partners and proprietary information about its sales, marketing, and pricing strategies. *See* Ex. P, Decl. ¶¶ 10-19; *id.* at App'x A (identifying redactions). Defendants discriminately approached this set of redactions with a scalpel—to redact only the specific financial and pricing terms (such as commission rates, fee amounts, and incentive structures) that Ripple and certain of its past or existing counterparties negotiated. These proposed redactions do not touch the relevant substantive language from contractual provisions cited in the expert materials. Thus, while redaction is very important to Ripple's business interests, the redactions will not affect the public's ability to access any substantive material pertaining to the merits of the *Daubert* motions. The redactions are narrowly drawn and warranted in light of their sensitive nature and the highly detrimental effect on Ripple's business that would result from public disclosure.[2] *See* Ex. P, Decl. ¶¶ 12-18.

*First*, disclosure of this information—which has never before been made public—would be highly detrimental to Ripple's competitive standing in the fintech marketplace and its business relationships with current and prospective partners. *See* Ex. P, Decl. ¶¶ 14-17. Revelation of the financial terms of its contracts with counterparties and customers, for instance, would reveal the individually negotiated terms obtained by many of its counterparties, which could result in serious damage to Ripple's negotiating position with future counterparties, and would cause competitors to adjust their sales plans and pricing policies to the detriment of Ripple's standing in the marketplace.[3] *See* Ex. P, Decl. ¶¶ 14-17. Ripple's competitors could also leverage this information to undermine Ripple's existing partnerships and future business opportunities by offering Ripple's existing or prospective counterparties more attractive financial terms. *See* Ex. P, Decl. ¶ 16; *see also Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts...."). Many of the redactions pertain to

---

[2] Defendants also seek narrow redactions of the compensation terms of one of its employment contracts (Ex. F ¶ 71 (ECF Nos. 545-4, 548-21)), *see Valassis*, 2020 WL 2190708, at *4 (granting motion to redact information about "compensation and bonuses received by individual Valassis employees."), and the financial terms of certain confidential settlement agreements (Ex. A ¶¶ 188–205 (ECF No. 548-9)), *see Kewazinga*, 2021 WL 1222122, at *5 (permitting redactions of "information regarding settlement agreements with third parties, which include confidentiality obligations to those third parties.").

[3] As part of the meet and confer process that preceded the filing of this Letter-Motion, ten third parties given notice under the Protective Order consented to and affirmatively supported Defendants' proposed redactions of the confidential financial terms of their contractual relationships with Ripple, explaining that these terms are highly sensitive commercial information not only for Ripple but also for them and their businesses.

Hon. Analisa Torres 4 July 22, 2022

confidential financial terms with Ripple's *current* business partners, which makes it even more likely that public disclosure would injure such relationships and be exploited by Ripple's competitors. *See Valassis*, 2020 WL 2190708, at *3 (granting redactions of "sensitive business information related to its ongoing businesses").

*Second*, Defendants' limited redactions target the financial terms of contracts and leave the remaining substantive terms, and the experts' analyses of such contracts, almost entirely unredacted, which will allow the public to access all materials having a "tendency to influence" the Court's rulings on whether the experts are qualified to offer testimony on the issues relevant to this case. *Brown*, 929 F.3d at 49; *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 Fed. Appx. 615, at *2 (2d Cir. 2009) (upholding "redaction of only the financial data in the IRS correspondence").

*Finally*, courts regularly grant narrow redactions of confidential contractual terms, and Your Honor has previously done so in this case. *See* Order (ECF No. 422) (Torres. J.) (redacting "Ripple's proprietary internal business strategies, analyses, impressions, and concerns on a variety of sensitive topics . . ., including, for example Ripple's business relationships"); *see also Graczyk v. Verizon Commc'ns, Inc.,* 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (redacting "[t]he financial information in [Verizon's] contracts," which "had no bearing on this Court's treatment" of the motions at issue); *Syntel*, 2021 WL 1541385, at *3 (granting redactions of "sensitive customer contract information"); *Valassis*, 2020 WL 2190708, at *3 (redacting "specific contracts terms").

### C. Identities of Certain Non-Party Financial Institutions, Business Partners, and Customers

Defendants also seek to protect the identities of certain non-party entities—such as Ripple customers or business associates—whose privacy interests "should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (citations omitted); *see also* Ex. P, Decl. ¶ 13; *id.* at App'x A (identifying redactions). Many of the affected third parties have expressed to Defendants their strong desire for, and consent to, such redactions, to protect their privacy interests.

The Court should grant these redactions for several reasons. *First*, the identities of these non-parties have no bearing at all on the *Daubert* Motions and therefore their privacy interests outweigh the presumption of public access. *See Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (redacting the identity of specific clients where those redactions were "narrowly tailored to conceal the clients' identity" and the clients' identities had "no bearing" on the case); *Syntel*, 2021 WL 1541385, at *3 (granting motions to redact "names of and information regarding Syntel's clients"). This is entirely different than the SEC asking to hide the identity of its expert witnesses, whom the SEC retained for the purpose of offering public opinions in this case and whose background qualifications are critical to the Court's adjudication of the *Daubert* Motions.

*Second*, disclosure would be detrimental to these business partners' legitimate privacy interests and Ripple's commercial relationships with them. *See* Ex. P, Decl. ¶¶ 10, 13. Public disclosure of their identities and past or ongoing business relationships with Ripple might cause reputational or commercial harm to those non-parties were they to be revealed in the context of a high-profile SEC litigation; in fact, Ripple's relationships with these business partners has already

Hon. Analisa Torres                          5                          July 22, 2022

been challenged by the SEC's case. *See* Ex. P, Decl. ¶ 13. Publication of their identities and the scope of their business relationships with Ripple risks damaging Ripple's partnerships and will potentially chill future business opportunities.[4] Courts have expressly recognized privacy interests in situations where disclosure could "embarrass or harm third party individuals while offering little value to the monitoring of the federal courts." *Whittaker v. MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *4 (S.D.N.Y. Sept. 28, 2021) (Torres, J.) (citations omitted).

*Third*, the requested redaction of third-party names is consistent with prior rulings in this case. *See* Order, ECF No. 554 (Torres, J.) (granting motion to redact e-mail addresses of non-parties); Order, ECF No. 422 (Torres, J.) (granting motion to redact documents reflecting "the identities of third-party customers and prospective investors"); Order, ECF No. 412 (Netburn, J.) (granting motion to redact references to non-parties); Order, ECF No. 393 (Netburn, J.) (same).

### D.      Identities of Certain Non-Party Former Ripple Employees

Defendants request narrowly tailored redactions of the names of certain former Ripple employees that appear in the *Daubert* Motions.[5] *First*, these employees' identities are not relevant to the *Daubert* Motions before the Court, nor does the SEC contend otherwise in its submissions. Any public interest in the disclosure of their identities is therefore minimal. *See, e.g.*, *Whittaker*, 2021 WL 4441524, at *2 (upholding redaction of non-party names "where 'there is no evidence that the identities . . . directly affect the adjudication'") (citation omitted). *Second*, these employees are not parties to this suit and have not been deposed in this litigation. These non-parties therefore have significant privacy interests and are entitled to a greater level of protection to prevent unnecessary disclosure of their identities. *See, e.g.*, *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (permitting redaction of "the names, job titles and e-mail addresses of Google employees"). *Finally*, the Court has previously granted Defendants' requests to redact the identities of former Ripple employees, including recently. *See, e.g.*, Order, ECF No. 554 (Torres, J.) (granting motion to redact e-mail addresses of Ripple employees).

---

[4] The SEC's case has spawned enormous public and regulatory pressure on Ripple's former and current business partners. Just this week, United States Representative Brad Sherman, Chairman of the House Subcommittee that has oversight authority over the SEC's Enforcement Division, declared that the SEC "has determined that XRP is a security and is going after XRP" and urged the SEC to "go[] after the [digital asset] exchanges" where "tens of thousands of illegal securities transactions were occurring." *See Oversight of the SEC's Division of Enforcement: Hearing Before the H. Subcomm. on Inv. Protection, Entrepreneurship, Cap. Mkts.*, 117 Cong. (July 19, 2022) (statement of Rep. Brad Sherman, Chairman, H. Subcomm. on Inv. Protection, Entrepreneurship, Cap. Mkts.).

[5] *See* **Ex. M** ¶ 113 n.188; *id.* at 91 n.249; *id.* at 112 (ECF No. 545-6); **Ex. N** ¶ 113 n.189; *id.* at 91 n.250; *id.* at 112 (ECF Nos. 545-7, 548-3); **Ex. J** ¶¶ 17, 22, 30, 30 n.28, 35, 35 n.43; *id.* at 55 (ECF Nos. 539-1, 548-1); **Ex. K** ¶ 75; *id.* ¶ 75 n.100; *id.* at 62 (ECF No. 548-32); **Ex. L** at 146:7 (ECF No. 539-2).

Hon. Analisa Torres                                6                               July 22, 2022

### E. Personal Identifiable Information

Defendants propose a limited number of redactions of sensitive information that must be redacted pursuant to Fed. R. Civ. P. 5.2(a) and Rule IV(A)(i) of Your Honor's Individual Practices in Civil Cases. These include dates of birth, personal contact information, and other sensitive personal identifiable information that do not pertain to the merits of the *Daubert* Motions. *See* Ex. A at 66 (ECF No. 548-9); Ex. J at 43 (ECF Nos. 539-1, 548-1); Ex. K at 50 (ECF No. 548-32).

Defendants also seek redactions of bank account numbers, *see* Ex. M ¶ 125; *id.* at 80 (ECF No. 545-6); Ex. N. ¶ 125; *id.* at 80 (ECF No. 545-7, 548-3), which is traditionally considered private and is a countervailing factor to the presumption of public access. *See Amodeo*, 71 F.3d at 1051; *Telegram*, 2020 WL 3264264, at *5-6; *Strauss v. Credit Lyonnais, S.A*, 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011).

Defendants also propose redactions of digital wallet addresses for the Individual Defendants and others. *See* Ex. G at 46 (ECF No. 539-4, 548-22); Ex. I at 326 (ECF No. 548-24); Ex. J ¶ 62; *id.* at App'x D (ECF No. 539-1, 548-1); Ex. M at 88 (ECF No. 545-6). Wallet addresses are analogous to bank account information, such as routing numbers, because they identify where cryptocurrency deposits should go to or be sent from. Bank account numbers and similar types of financial information are regularly redacted or filed under seal, not only because of what they reveal about their holders but also to lessen any risk of financial fraud as a result of publication. *See Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 377 (S.D.N.Y. 2007); *Telegram*, 2020 WL 3264264, *5-6. For these reasons, Defendants propose narrowly tailored redactions to protect wallet addresses associated with the Individual Defendants, which are plainly irrelevant to the *Daubert* motions before the Court.

                                    Respectfully submitted,

*/s/ Andrew J. Ceresney*
Andrew J. Ceresney                          PAUL, WEISS, RIFKIND, WHARTON &
DEBEVOISE & PLIMPTON LLP                    GARRISON LLP
*Counsel for Defendant Ripple Labs Inc.*    *Counsel for Defendant Christian A. Larsen*


KELLOGG, HANSEN, TODD, FIGEL,               CLEARY GOTTLIEB STEEN &
& FREDERICK PLLC                            HAMILTON LLP
*Counsel for Defendant Ripple Labs Inc.*    *Counsel for Defendant Bradley Garlinghouse*


cc:    All Counsel of Record (via ECF)