# Exhibit P
# Declaration of Kristina Campbell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,<br><br>Defendants. | Case No. 20-CV-10832 (AT) (SN) |

## DECLARATION OF KRISTINA CAMPBELL

I, Kristina Campbell, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Chief Financial Officer ("CFO") of Ripple Labs Inc. ("Ripple" or the "Company") and have held this position since April 2021. I submit this Declaration in support of Ripple's Letter-Motion to Seal (the "Motion") certain exhibits to the parties' motions to exclude expert testimony ("*Daubert* Motions"). The facts stated herein are true to the best of my knowledge.

2. I have over 20 years of experience in finance operations and business strategy with a focus on fintech and payments.

3. In my capacity as Ripple's CFO, I am the Company's most senior financial officer. I report to Ripple's Chief Executive Officer ("CEO") and I advise the CEO and Board of Directors on the Company's financial condition and financing efforts. I oversee a team of finance and accounting professionals, who report to me. As CFO, I am primarily responsible for, among other things, preparing reports of the Company's financial condition, including balance

sheets and cash flow statements; generating financial forecasts and models of anticipated revenues and expenses; securing financing from equity and debt investors; investor relations; and reporting information to Ripple's independent auditors to prepare the Company's annual audited financial statements.

4. I have been provided and reviewed the Motion and exhibits thereto. I submit this declaration to support those redactions Ripple proposes that fall into two categories: (*i*) certain financial figures in or derived from Ripple's non-public audited financial statements; and (*ii*) highly sensitive and confidential financial terms of Ripple's contracts with third parties.

5. Ripple is a private company. Ripple undertakes significant efforts to protect the confidentiality of its sensitive and proprietary business information. Based on my review and my personal knowledge and experience as Ripple's CFO and as a professional for over 20 years, I attest that the information Ripple seeks to redact is highly sensitive and highly confidential business and proprietary information. Its disclosure to the public would be detrimental to Ripple's business relationships with customers and other counterparties and harm Ripple's competitive standing in the marketplace.

A. <u>Information Derived from Ripple's Non-Public Audited Financial Statements</u>

6. The portions of the Motion and exhibits thereto that I have reviewed reveal highly confidential financial information derived from and related to Ripple's audited financial statements. Specifically, the documents at issue reveal Ripple's confidential balance sheet, revenue and expense figures, pricing, costs, revenue, and profit information about Ripple's prior and existing business lines, investments in third party entities, unrelated litigation expenses and settlements, and other non-public financial and business information.

7.      As a private company, Ripple's financial statements are confidential and the Company takes substantial measures to safeguard its audited financial statements from public disclosure. The company does not disclose this information to third parties, except under limited circumstances, such as for fundraising and investment purposes. Indeed, Ripple only provides these financial statements to certain large shareholders, who are bound by confidentiality agreements, as well as to select prospective investors, major vendors conducting necessary due diligence, or insurance underwriters, pursuant to non-disclosure agreements to protect the confidential nature of these materials.

8.      Disclosure of the redacted financial terms in the *Daubert* Motions would be highly detrimental to Ripple's business because it would reveal detailed information about Ripple's financial condition, long term business plans, and revenue streams and expense structures, to the marketplace, including Ripple's competitors, business partners, customers and prospective customers, and the public. The revelation of this material may also damage relationships with Ripple's existing or prospective investors who may similarly want to maintain the confidentiality of these figures.

9.      Therefore, Ripple seeks to narrowly redact certain references to Ripple's financial statements in the *Daubert* Motions as identified in **Appendix A** hereto.

B.      Information Concerning Ripple's Contracts with Third Parties

10.     The proposed redactions in this category are limited to redacting the names of certain counterparties and certain negotiated contractual terms that are confidential and highly sensitive. Those terms and counterparty names are not already in the public realm. Rather this is proprietary information regarding Ripple's relationships with existing customers and business partners, and regarding Ripple's pricing and business strategies.

11. Ripple regards the financial terms in its contracts with third parties as highly confidential and takes several measures to safeguard this information from public disclosure. For example, Ripple's contracts with third parties contain confidentiality provisions; the information is not known outside of Ripple; the information was never disclosed to third parties, except pursuant to agreements to keep such informational confidential; and Ripple prohibits employees from disseminating such information externally and instructs its employees to maintain this information on a "need to know" basis within the company.

12. Revealing the specific information to which Ripple has narrowly proposed redaction would allow Ripple's competitors to use it to their advantage and Ripple's detriment, thus harming Ripple's competitive standing. Ripple has not proposed broad redactions of the contract terms, but rather has proposed narrow redactions just of particular terms (such as an interest rate, or the specific amount of XRP) that are business-sensitive.

13. I also know from my role as CFO that Ripple's relationships with existing and prospective customers and business partners have already been challenged by the SEC's enforcement action. Publicizing those counterparty names and specific deal terms may further challenge those relationships and potentially chill future business opportunities.

14. Ripple's existing business relationships and competitive standing could also be seriously harmed by revealing to the marketplace the specific financial and pricing terms that Ripple and certain of its past or existing counterparties negotiated. Public disclosure of the confidential financial terms of Ripple's contracts with third parties would reveal confidential sales and pricing information and uncover Ripple's sales, marketing, and pricing strategies, which are highly confidential and proprietary business information. This information, if made

public, would imperil Ripple's existing and prospective business relationship with these counterparties.

15. The financial terms of Ripple's contracts with third parties and the sales, marketing, and pricing strategies they reflect, are valuable to Ripple because they were developed at substantial cost using significant resources. For example, these contracts were heavily negotiated by Ripple's business and legal professionals, including outside counsel, and reflect efforts by sales and marketing professionals to procure and develop business relationships with customers and other partners. If this information were made public, potential counterparties may approach future negotiations with Ripple with full knowledge of Ripple's bargaining positions in its rival business relationships, thus giving these counterparties an unfair advantage over Ripple, which they might leverage to seek, for example, more favorable terms that Ripple provided to other counterparties.

16. Disclosure of the financial terms of Ripple's contracts would also be detrimental to Ripple's competitive standing in the marketplace. Ripple competes with other companies in the fintech space to secure and develop business partnerships with financial institutions, payment providers, market makers, equity investors, and digital asset exchanges. If the financial terms of Ripple's contracts became public, Ripple's competitors in the marketplace could leverage this information to undercut Ripple in future negotiations with Ripple's existing and prospective counterparties by offering such counterparties more attractive financial terms than what Ripple offers to its counterparties. Ripple's competitors may also use this information to adjust their business plans, pricing policies, and sales and marketing efforts to gain a competitive advantage over Ripple in the marketplace.

17. The disclosure of the financial terms of Ripple's contracts with third parties may significantly harm Ripple's commercial reputation. If counterparties (such as customers and investors) do not trust Ripple's ability to maintain the confidentiality of their non-public commercial and financial information, these parties may be unwilling to provide Ripple with sensitive information in future negotiations, or simply transact with one of Ripple's competitors.

18. Ripple's competitive standing would be significantly harmed if confidential information about the revenues, costs, and expenses associated with its business lines were disclosed. For example, I understand that the expert materials discuss highly confidential information about the costs and expenses incurred by Ripple in connection with its On-Demand Liquidity ("ODL") product. This information is highly sensitive and, if revealed, would harm Ripple's relationships with existing and prospective ODL partners and allow Ripple's competitors in the cross-border payment marketplace to adjust their business plans and pricing policies and gain a competitive advantage over Ripple.

19. For these reasons, the proposed redactions to the names of certain counterparties and certain negotiated contractual terms identified in **Appendix A** hereto are critical to Ripple's business partnerships and competitive standing.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: July 21, 2022
Los Angeles, CA

By: _/s/ Kristina Campbell_____
Kristina Campbell

RIPPLE LABS INC.