**Debevoise & Plimpton**

| **Debevoise & Plimpton LLP** | **Andrew J. Ceresney** |
|---|---|
| 919 Third Avenue | **Partner** |
| New York, NY 10022 | aceresney@debevoise.com |
| +1 212 909 6000 | +1 212 909 6947 |

July 25, 2022

<u>VIA ECF</u>

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

**SEC v. Ripple Labs Inc., et al., No. 20 CV 10832 (AT) (SN)**

Dear Judge Torres:

Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen (together, "Defendants") write to oppose the SEC's request to impose an unprecedented level of secrecy on these proceedings by sealing all identifying information in the *Daubert* Motions regarding its five proffered expert witnesses.  The SEC's application should be denied subject to the very limited exceptions set forth below.

The SEC's proposed redactions are the opposite of narrowly tailored: they would completely obscure the identity, educational background, employment history, publications, and professional affiliations of all of the SEC's proffered experts from public view despite such information being central to the resolution of the parties' *Daubert* Motions, and despite some of that information already being public.  The SEC cites no case, and Defendants are aware of none, where a court sealed the identity and qualifications of an expert witness in the context of deciding a *Daubert* motion.  This Court should decline the invitation to become the first.

The SEC claims this extreme step of sealing its experts' identities is needed as a prophylactic measure to protect their safety, and relies entirely on this Court's prior ruling sealing certain information about SEC Experts 1 and 5 in connection with a motion by *amici* to access SEC Expert 1's report.  But this motion to seal is distinguishable from the prior motion, given the importance of the *Daubert* determinations in this matter.  And the SEC provides no basis, other than speculation, for finding that disclosure of the experts' identities would trigger consequences that should override the substantial presumption of public access to these documents.  Indeed, the available evidence suggests that disclosure of the experts' identities would not have the consequences the SEC suggests.  For example, the SEC fails to acknowledge that the identity, reports, and deposition transcript of SEC Expert 5 have all been publicly available since at least March 2022.  The SEC has not presented any evidence of conduct toward Expert 5 since that public filing in March (four months ago) that now justifies sealing swaths of the Defendants' *Daubert* motion and Expert 5's *already public* reports and testimony.

### A.   Legal Standard

The SEC does not contest that the expert reports and deposition transcripts at issue are judicial documents.  These documents were filed in connection with motions to exclude the testimony of these experts, and it would be impossible for the Court to rule on those motions without reference to the experts' qualifications, reports, and testimony.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process") (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

Because all of the documents the SEC seeks to seal are judicial documents that were submitted in connection with a non-dispositive motion, they are entitled to a "substantial presumption of public access" under both common law and the First Amendment.  *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019) (cleaned up).  Although this presumption of access is somewhat lower than with dispositive motions, *id.*, redactions still must be "narrowly tailored to serve" whatever purpose justifies the redaction, *Lugosch*, 435 F.3d at 119–20.  As this Court has stated, "the sealing of judicial documents 'may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values.'" (D.E. 529, at 2) (quoting *Lugosch*, 435 F.3d at 120).  The burden is on "the moving party" (here, the SEC) to make the necessary "particular and specific demonstration of fact showing that the disclosure would result in an injury sufficiently serious to warrant protection."  (*Id.*) (quoting *United States v. Wells Fargo Bank, N.A.*, No. 12 CV 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015)).

### B.   Discussion

For all five of its proffered experts, the SEC speculates that the potential for threats or future online harassment justifies sealing their identities in the *Daubert* Motions as a prophylactic measure.  The SEC's expressed concerns are not supported by the kind of specific, compelling facts necessary to justify such an extraordinary sealing request.

- **SEC Experts 2, 3, and 4:**  The SEC has made no showing at all relating to these experts to justify its extensive proposed redactions.

- **SEC Expert 5:**  This expert's identity is already publicly known and has been for several months.  His reports and deposition transcript have been filed on the public docket since March (and his deposition transcript was publicly filed *by the SEC itself*).  The SEC has made no showing justifying sealing information that is already public.  At most, they have identified a single, non-threatening text message from three months ago that shows only that someone reached out to the expert via text message to say that his report was "very flawed." (D.E. 499, Ex. C.)  That sort of straightforward criticism does not suggest any danger to the expert and cannot justify sealing the expert's identity.

- **SEC Expert 1:**  SEC Expert 1's identity and high-level substance of his proffered opinion are already publicly known—and indeed the name of SEC Expert 1 appears in the docket entries for two of the SEC's own filings in this case to this day.  At this point, the

SEC's redactions would be effectively futile. The public will easily be able to identify SEC Expert 1's identity and his reports and deposition transcripts based on what is already public on the docket and known about his opinions.

This Court's prior approval of certain redactions related to SEC Expert 1 (which Defendants did not oppose at the time, as to the expert's name) should not dictate a similar result here. That request arose in a substantially different context and was based on a significantly different showing. At that time, the Court was solely considering a request by *amici* to access the expert's report, and the identity and qualifications of the expert were of only ancillary relevance to the issue of access. (*See* D.E. 529.) The Court's ruling was narrow, granting the redactions only "to prevent the disclosure of arguments and evidence *related to the harassment of the Expert*," and pointedly not extending such redactions to "information *about the substance* of the Expert's report." (*Id.* at 4 (emphasis added).) Notably, in rejecting the SEC's proposed redactions of the Expert's report, the Court "disagree[d] that the public should be prevented from accessing information based on concerns that it will provoke strong feelings." (*Id.*) Here, by contrast, the Court is considering whether the SEC's experts' opinions are admissible, and in order to do, must evaluate those experts' qualifications and experience. *See* Fed. R. Evid. 702 (requiring that an expert witness be qualified "by knowledge, skill, experience, training, or education" in order to testify).

That an expert's opinion or qualifications to render an opinion may be subject to criticism in the public square is obviously not a basis for sealing, even if the expert in question finds such criticism to be uncomfortable. The SEC's experts are paid professionals whose opinions the SEC is leveraging in a public enforcement action against Defendants with wide-reaching potential consequences for them and for their industry. The SEC must offer more than its unsupported, conclusory assertion that the redaction of *all* information about the identities of *all* of its proffered experts is "narrowly tailored to serve the interests of witness safety." (D.E. 565, at 2.) Rather, "the sealing of judicial documents 'may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values.'" (D.E. 529, at 2 (citation omitted).) The SEC has made no such showing here.

The only redactions the SEC seeks that are appropriate are those that actually protect sensitive, non-public personal or financial information. Defendants accordingly do not object to the redaction of the identity of a non-party affiliated with SEC Expert 1 (D.E. 548-44, at pp. 97–98), details of a personal incident experienced by SEC Expert 4 (D.E. 542-2, at pp. 11–12), and specific financial information about SEC Expert 4 (D.E. 542-2, at 48:19).

None of the other redactions the SEC seeks should be allowed. Having chosen to bring this case, the SEC cannot litigate it behind a veil of secrecy. The parties will very shortly be briefing summary judgment, and will surely discuss potential expert testimony, at which time the presumption of public access will be "of the highest." *Lugosch*, 435 F.3d at 123. And were this case to proceed to trial, serious issues of judicial administration and public access would arise were the SEC to insist on closed-door testimony of all of its proffered expert witnesses (and many of Defendants' witnesses, who would offer rebuttal testimony).

Hon. Analisa Torres                                 4                           July 25, 2022

Respectfully submitted,

/s/ Andrew J. Ceresney                          PAUL, WEISS, RIFKIND, WHARTON &
Andrew J. Ceresney                              GARRISON LLP
DEBEVOISE & PLIMPTON LLP
                                                *Counsel for Defendant Christian A. Larsen*
KELLOGG, HANSEN, TODD, FIGEL, &
FREDERICK PLLC                                  CLEARY GOTTLIEB STEEN &
                                                HAMILTON LLP
*Counsel for Defendant Ripple Labs Inc.*
                                                *Counsel for Defendant Bradley
                                                Garlinghouse*


cc          All Counsel of Record (via ECF)