

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

July 25, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:     *SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Pursuant to the Court's July 12, 2022 Order (D.E. 530), Plaintiff Securities and Exchange Commission ("SEC") respectfully submits its opposition to Defendants' sealing motion (D.E. 562). Defendants seek to file under seal 5 categories of information submitted in connection with the parties' motions to exclude the testimony of expert witnesses, including: (1) certain financial data from Defendant Ripple Labs, Inc.'s ("Ripple") financial statements; (2) financial terms of certain contracts between Ripple and third parties; (3) identities of non-parties; (4) identities of former Ripple employees; and (5) certain personal identifiable information ("PII"). The SEC does not oppose sealing the third, fourth, and fifth categories. With respect to the first two categories, Defendants cannot overcome the substantial presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court should therefore deny Defendants' motion to file this information under seal.

### I.     Financial Data from Ripple's Financial Statements

Defendants seek permission to seal certain sales revenue, earnings, expense and similar dollar figures from Ripple's nonpublic audited financial statements. D.E. 562 at 2, D.E. 562-4-7, 562-11, 562-16 (Exs. C-F, J, O). Defendants assert that the proposed redactions are necessary to protect their confidential and proprietary business information. D.E. 562 at 2; 561-2. The SEC does not object to the redaction of the full financial statements identified in D.E. 562-4 (Ex. C, ¶¶ 49, 53), but objects to the redaction of general non-specific financial sales data, revenue, and expense figures identified in the documents at issue. The Court should not permit these redactions for three reasons.

First, the information is highly relevant to the performance of the judicial function. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). For example, Defendants argue that one SEC expert's opinions regarding Defendants' trading activity should be excluded because it is not supported by sufficient facts and data. D.E. 538 at 5. Defendants' revenues and other sales figures were cited by the expert in support of his opinions. D.E. 548-1. The financial documents are judicial documents that may assist the Court in evaluating whether the expert's opinions are methodologically sound.

Second, Ripple has already selectively disclosed the types of dollar figures that it now seeks to redact. Specifically, Ripple has publicly disclosed these types of figures in quarterly "Markets Reports" that Ripple provided to the public to "share…quarterly sales, commentary on previous-quarter market

developments and Ripple company-related announcements."[1] For instance, for the fourth quarter of 2017, Ripple publicly stated that it "sold $71.5 million worth of XRP programmatically as a small percentage of overall exchange volume," which "represented 0.075 percent…of the total $95.4 billion [] traded — a decrease from Q3 2017's 0.20 percent (20 basis points)." Similarly, for the fourth quarter of 2020, Ripple reported that "three billion XRP were released out of escrow…in line with prior quarters…[and] 2.6 billion XRP were returned and subsequently put into new escrow contracts."[2] Meanwhile, the proposed redactions consist largely of similar financial data and do not implicate any sensitive business information or detailed information about Ripple's financial condition, revenue streams and expenses beyond what Ripple has itself revealed to the public when it suited Ripple's interests.[3] Therefore this financial information should not be sealed. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (confidential settlement amount that was publicly disclosed could not remain confidential) (citing *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F.Supp.2d 1002, 1008 (N.D. Ill. 2003) (Posner, J., sitting by designation) (declining to seal portions of an agreement containing confidential information that had already been disclosed in the court's opinion)).

Third, the financial information at issue—dollar figures and other dollar amounts excerpted from Ripple's complete financial statements—"lack the specificity necessary to advantage a commercial rival." *See Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16 Civ. 6399 (PKC), 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 29, 2020). The information does not reveal any specific financial and pricing terms or any particular sales, pricing or market strategy that would place Defendants at a competitive disadvantage. Thus, Defendants' desire to protect this information does not outweigh the presumption of public access.

## II. Contract Terms and Business Information

Defendants' proposed redactions in this category include "commission rates, fee amounts, and incentive structures" contained in contracts with third parties for the offer, sale, and distribution of XRP. D.E. 562 at 3. Defendants assert that this information includes confidential business relationships and commercial strategies that would cause competitive harm if disclosed, but Defendants do not seek to redact "the relevant substantive language from contractual provisions" or the experts' analyses of these contracts. *Id.* The Court should deny Defendants' motion to redact their proposed redactions.

First, the Court should give significant weight to the strong presumption of public access that applies here because the information Defendants seek to redact is relevant to the resolution of the pending motions. *Lugosch*, 435 F.3d at 119, 121. The SEC seeks to exclude Defendants' expert's opinions concerning these contracts on grounds of relevance and improper legal opinions. Defendants will presumably contend that the contracts are relevant, having proffered the expert's interpretation of the contracts' terms as helpful to the jury. To the extent the Court reviews the

---

[1] https://ripple.com/insights/q4-2017-xrp-markets-report/

[2] https://ripple.com/insights/q4-2020-xrp-markets-report/

[3] *See, e.g.*, D.E. 548-17 n.63, n.71 (XRP sales figures); D.E. 548-17 ¶ 64; 562-6 (total outstanding options to purchase XRP); D.E. 548-17 ¶¶ 64-65 (total derivative liabilities). Defendants also seek to redact references to these figures in expert reports and depositions. D.E. 562-6; 562-11 ¶¶ 45-47.

Hon. Analisa Torres
July 25, 2022
Page 3

contract terms discussed in the expert reports to decide this dispute, the contract terms are judicial documents.

Balanced against the strong presumption of public access, Defendants cannot point to any compelling countervailing factors justifying sealing. Standing alone, "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *See, e.g.*, Order, D.E. 529 at 3 (Torres, J.) (citation omitted). Nor can Defendants point to any meaningful competitive harm disclosing the contractual information would have, particularly if the Court permits Defendants to redact the identities of Ripple's business partners, to which the SEC does not object. Indeed, redaction would eliminate any risk of competitive harm and render the documents neutral on their face. *Kulick v. Gamma Real Estate LLC*, No. 20 Civ. 03582 (MKV), 2020 U.S. Dist. LEXIS 153277, at *1-2 (S.D.N.Y. Aug. 24, 2020) (finding that the purported harm in disclosing the contracts was largely limited to disclosing the identities of investors and partners, which gave insight into confidential business transactions, but that that harm was remedied by redaction of those individuals' identities). Moreover, some of these contracts date back to 2013, further diminishing any supposed business harm to Ripple now, more than eight years later. *See Dawson v. Merck & Co.*, No. 12 Civ. 1876 (BMC)(PK), 2021 WL 242148, at *8 (E.D.N.Y. Jan. 24, 2021) ("Stale business records cannot support the necessary finding of harm, and therefore 'cannot overcome the public's strong interest in disclosure.'") (internal quotation marks and citations omitted). Finally, Ripple itself has made repeated public statements about the relationships it had with some of these third parties. *E.g.*, https://twitter.com/bgarlinghouse/status/951461582424358912 (Defendant Garlinghouse tweeting about MoneyGram partnership in 2018). Thus, Defendants' countervailing interests are not substantial enough to overcome the presumption of public access to this information. *See Osram Sylvania, Inc. v. Ledvance LLC*, No. 20 Civ. 9858 (RA), 2021 WL 412241, at *2 (S.D.N.Y. Feb. 5, 2021) (denying request to redact documents after weighing the high presumption of access against the important, but lesser, interests of litigants in maintaining their competitive standing).

For the reasons stated, the SEC respectfully requests that the Court deny Defendants' motion to seal information in the two categories described above.

                                        Respectfully submitted,

                                        /s/ Pascale Guerrier
                                        Pascale Guerrier

cc: Counsel for All Defendants (*via* ECF)