# Exhibit A
# Proposed Reply Letter

**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Andrew J. Ceresney
Partner
aceresney@debevoise.com
Tel  +1 212 909 6947

July 26, 2022

VIA ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SEC v. Ripple Labs Inc., et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

  Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen respectfully submit this reply letter to respond to mischaracterizations in the SEC's letter opposing Defendants' sealing motion. *See* ECF No. 570 ("Opp.").

  *First*, the SEC argues that Ripple released some financial figures in its XRP Markets Reports and therefore should not be permitted to redact financial figures in the *Daubert* Motions. *See* Opp. at 1-2. That argument relies on a factually mistaken premise. Defendants were careful to redact only those figures that have not been made public, where release of the information would be detrimental to Ripple's business. The SEC does not and cannot point to a single instance where Ripple proposed to redact information that already appears in an XRP Markets Report. It is appropriate and not at all uncommon for a private company like Ripple to propose redactions to highly confidential business information, while choosing to disclose other types of information to the public—particularly where, as here, those prior disclosures were not made in the context of litigation. That is perfectly reasonable and in keeping with the applicable sealing standard. *See, e.g., Whittaker v. MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021) (Torres, J.) (redactions are appropriate where "disclosure would result in an injury sufficiently serious to warrant protection").

  *Second*, the SEC wrongly contends that redacting contract terms is unnecessary and that redacting counterparty names alone would be sufficient. *See* Opp. at 3. Not so. As Ripple's CFO explained in her declaration, disclosing the financial terms of these contracts would cause harm to Ripple's business and relationships with third parties. *See* Campbell Decl. ¶¶ 10-18 (ECF No. 561-2). This is a separate issue from the redaction of third-party names for privacy reasons. That is why 11 of these third parties communicated to Defendants their full support for the proposed redactions of the specific financial terms, expressing that it is their proprietary business information as well. To be clear, Defendants agree that the contract terms referenced in the *Daubert* Motions are judicial documents, which is why Defendants proposed surgical redactions of the numerical figures only, which are not pertinent to the experts' opinions or the pending motions, while leaving the actual substance of the contract terms completely unredacted.

Hon. Analisa Torres                                           2                                     July 26, 2022

     *Third*, pointing to a single tweet, the SEC argues that Ripple's relationship with certain third parties is already public. *See* Opp. at 3. But that one tweet is about Ripple's partnership with MoneyGram and Defendants do not propose *any* redactions relating to MoneyGram.

                                                                         Respectfully submitted,

| | |
|---|---|
| */s/ Andrew J. Ceresney* | |
| Andrew J. Ceresney | PAUL, WEISS, RIFKIND, WHARTON & |
| DEBEVOISE & PLIMPTON LLP | GARRISON LLP |
| *Counsel for Defendant Ripple Labs Inc.* | *Counsel for Defendant Christian A. Larsen* |
| | |
| KELLOGG, HANSEN, TODD, FIGEL, | CLEARY GOTTLIEB STEEN & |
| & FREDERICK PLLC | HAMILTON LLP |
| *Counsel for Defendant Ripple Labs Inc.* | *Counsel for Defendant Bradley Garlinghouse* |

cc:      All Counsel of Record (via ECF)