

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jessica Ann Masella
jessica.masella@dlapiper.com
T   212.335.4829

July 28, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *SEC v. Ripple Labs, Inc. et al., No. 1:20-cv-10832 (AT) (SN) (S.D.N.Y.)*

Dear Judge Torres:

      We represent MoneyGram International, Inc. ("MoneyGram"), a third party in connection with the above-referenced matter.  Pursuant to the Court's July 22, 2022 order (ECF No. 564), MoneyGram respectfully submits this letter-motion to seal certain portions of the parties' July 12, 2022 filings in connection with the parties' motions to exclude expert testimony.  The limited redactions that MoneyGram requests are narrowly tailored to protect its highly confidential business information.  *See Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (reiterating that "the privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation")); *see also* Order, ECF No. 422 (Torres, J.) (citing *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (protecting sensitive, confidential, or proprietary business information militate in favor of sealing)).

The proposed redactions are limited to a few lines from a deposition transcript of an officer of MoneyGram, which contain nonpublic information related to MoneyGram's sensitive financial information and business strategies and operations.  Indeed, public disclosure of this information would be highly detrimental because it would reveal to the public and MoneyGram's competitors detailed information about MoneyGram's internal and confidential business operations and strategic matters.

Accordingly, the Court should redact such confidential and highly sensitive business information. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motion to redact "confidential … accounting and financial information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (permitting redaction of "financial metrics (such as pricing, costs, revenue, and profits)" and "business information of its active business units"); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales" and "specific revenue amounts from certain offerings"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp.

3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit).

A copy of the relevant excerpts from the transcript with the proposed redactions highlighted are being submitted under seal along with this letter-motion as Exhibit A. The parties do not oppose these proposed redactions.

                                          Sincerely,

                                          **DLA Piper LLP (US)**

                                          Jessica Ann Masella
                                          Partner

cc:      All Counsel of Record (via ECF)