# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

MICHAEL A. HANIN
DIRECT DIAL: (212) 506-1788
DIRECT FAX: (212) 835-5058
MHANIN@KASOWITZ.COM

July 28, 2022

**Via ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Securities and Exchange Commission v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.) ("Action"): Third-Party Application to Seal

Dear Judge Torres:

      Pursuant to the Court's July 22, 2022 Order (Dkt. 564) and Section IV(A)(ii) of Your Honor's Individual Practices in Civil Cases, we write on behalf of Third-Party A[1] to propose a limited number of targeted redactions – supplemental to those proposed by Defendants to the Action – to certain exhibits attached to Defendants' *Daubert* Motions filed on July 12, 2022. *See* Dkts. 532-549. The additional redactions proposed (the "Proposed Redactions") are identified in the sealed exhibits to this Letter-Motion. *See* Exhibits A-G.[2]

**The Proposed Redactions**

      The Proposed Redactions constitute a *de minimis* and non-substantive portion of the exhibits to the *Daubert* Motions, and are narrowly tailored to protect Third-Party A's confidential business information and to protect the legitimate privacy interests of Third-Party A's current and former representatives and employees. Third-Party A also seeks to redact certain references to Third-Party A to avoid needless and unfair prejudice.

---

[1]    Third-Party A is a pseudonym referring to a non-party subpoenaed for documents and testimony in the Action.

[2]    All parties approved providing counsel for Third-Party A, on an "attorney's eyes only" basis, the exhibits to the *Daubert* Motions that referenced Third-Party A and/or materials produced by Third-Party A pursuant to the Protective Order. Redactions proposed by Defendants are highlighted in yellow; the additional redactions proposed by Third-Party A are highlighted in red. *See* Exhibits A-G. Defendants do not oppose the Proposed Redactions.

KASOWITZ BENSON TORRES LLP

Hon. Analisa Torres
July 28, 2022
Page 2

      A court considering whether to seal documents must: *first*, determine whether the documents at issue are "judicial documents" to which a presumption of public access applies; *second*, determine the applicable weight of the presumption that may apply; and *third*, balance "countervailing factors" against the presumption, including the "privacy interests" of non-parties. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

      As a non-party to this case, Third-Party A's privacy interests are entitled to considerable weight. *See, e.g.*, *Doe v. City of New York*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("In the redaction analysis, courts take the privacy interests of third-parties seriously."); *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) ("[T]he privacy interests of third parties carry great weight in the balancing of interests."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Although there is a presumption of public access to judicial documents, *Brown v. Maxwell,* 929 F.3d 41, 49 (2d Cir. 2019), when dealing with non-dispositive motions, that presumption is "generally somewhat lower." *Id.* at 50.

### The Proposed Redactions Are Not A "Judicial Document"

      Judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119; *see also U.S. v. Amodeo*, 71 F. 3d 1044, 1050 (2d Cir. 1995) ("[D]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond" the presumption of public access); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (determining that the documents were non-judicial because they "played no role in [the] Court's adjudication of the parties' respective motions" and "were immaterial to the analysis"), *aff'd*, 776 F.3d 126 (2d Cir. 2015). Where information is not "judicial," "there is no presumption of public access" to overcome, and thus the movant must "only make a baseline showing of good cause" to justify maintaining the documents under seal. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 73 (S.D.N.Y. 2007), *aff'd*, 347 F. App'x. 615 (2d Cir. 2009). Under a good cause standard, even a "minimal showing of possible harm from disclosure" of the information sought to be sealed is sufficient to meet this burden and "trigger a sealing order." *Dorsett*, 762 F. Supp. 2d at 519.

      The *de minimis* portions of the exhibits to the *Daubert* Motions represented by the Proposed Redactions have no bearing on the outcome of the *Daubert* Motions and are therefore not judicial documents to which the presumption of public access attaches. *See Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d Cir. 2019) (redaction of "two names" from an otherwise publicly filed document that were "not relevant to any issue in the underlying appeal," was "not a 'judicial document' within the meaning of the decisions requiring unsealing of documents filed with a court.")

KASOWITZ BENSON TORRES LLP

Hon. Analisa Torres
July 28, 2022
Page 3

### The Proposed Redactions Are Warranted Even If A "Judicial Document"

Even assuming the Proposed Redactions are or implicate Judicial Documents, the balancing of interests overwhelmingly favors imposing the Proposed Redactions to protect Third-Party A's privacy interests and confidential business information from disclosure.

*First*, Third-Party A seeks surgical redactions of the financial terms included in certain of its contracts that would (among other things) divulge Third-Party A's operations and impact Third-Party A's negotiations with current and future counterparties. *See* Exhibits A and B. Courts routinely redact such information for the benefit of a non-party. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing."); *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (sealing information that "could alter the Firm's competitive position in the consulting market"); *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (redacting "[t]he financial information in [Verizon's] contracts," which "had no bearing on this Court's treatment" of the motions at issue); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting redactions of "sensitive customer contract information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (redacting "specific contracts terms").[3]

*Second*, Third-Party A seeks to redact in full certain digital wallet address information that Defendants proposed redacting only in part. *See* Exhibit B. The confidentiality and privacy interests at stake are manifest, and should be redacted fully. Indeed, because wallet addresses are akin to financial account numbers, they are properly redacted as of right pursuant to Section IV(A)(i) of Your Honor's Individual Practices in Civil Cases.

*Third*, Third-Party A seeks to redact references to the identities of current and former employees of Third-Party A and other representatives of Third-Party A. *See* Exhibits B, C, D, and E. The balancing of interests weighs heavily against disclosing the identities of these third-party individuals. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that "non-parties' interests in privacy outweighs the public's right to access certain judicial documents because "[p]ublic disclosure of the non-parties' identities and specific identifiable information … provid[es] little value to the monitoring of the federal courts"); *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *2-4 (S.D.N.Y. Jan. 7, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is low"); *Matter of New York*

---

[3] Third-Party A understands that the SEC has taken the position that "redacting contract terms is unnecessary and that redacting counterparty names alone would be sufficient." Dkt. 578 at 1. To the extent the Court adopts this position and Third-Party A's confidential contract terms are made public, the need to protect the identity of Third-Party A and its representatives is even greater.

KASOWITZ BENSON TORRES LLP

Hon. Analisa Torres
July 28, 2022
Page 4

*Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (finding "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *see also Cohen v. Gerson Lehrman Grp. Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (allowing redactions that were "narrowly tailored to conceal clients' identit[ies]").

    *Fourth*, Third-Party A seeks to redact references to *its* identity in those instances (and only those instances) where Defendants propose to redact the identity of other similarly-situated third parties and, as a result, afford Third-Party A undue prominence. *See* Exhibits A, C, F and G. In other words, while Third-Party A is not seeking to remain anonymous in all (or even most circumstances), Third-Party A's identity should be redacted in instances where the identity of other similarly-situated third-parties is being redacted in the same or adjacent paragraphs. The disproportionate exposure of Third-Party A's identity in such circumstances would be unfairly prejudicial, and the identity of Third-Party A has no bearing on the *Daubert* Motions. *See Collado v. City of New York*, 193 F. Supp. 3d 286, 292 (S.D.N.Y. 2016) (approving redactions on basis of prejudice.). The additional redactions are therefore warranted.

    We thank the Court for its consideration of these matters.

                                                                     Respectfully submitted,

                                                                    */s/ Michael A. Hanin*
                                                                         Michael A. Hanin

Enclosures

cc:    All counsel of record (via ECF)