

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**Lisa Zornberg**
Partner
lzornberg@debevoise.com
Tel  +1 212 909 6945

August 3, 2022

<u>VIA ECF</u>

The Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**SEC v. Ripple Labs Inc., et al., No. 20-cv-10832-AT-SN (S.D.N.Y.)**

Dear Judge Netburn:

  Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen respectfully request permission to serve two non-party subpoenas for the limited purpose of obtaining copies of seven video recordings for authentication consistent with the Court's July 19, 2022 order.  *See* ECF No. 557 (the "Order").  The SEC has not consented to this request.

  The Order directed the parties to meet and confer about Requests for Admission ("RFAs") asking the SEC to authenticate the seven specified videos in which SEC officials made public remarks, and Your Honor specifically noted in the Order that "such agreement might entail creating downloaded versions of the remarks for purposes of authentication and preservation."[1]  *Id.*  The parties met and conferred on July 27, 2022.  The SEC has agreed it will seek to authenticate the remarks once Defendants provide them with downloaded copies of the videos (the content of which is already available on the video platforms at the hyperlinks provided).  The recordings are hosted on two video platforms and are subject to those platforms' terms of service, which based on Defendants' due diligence prohibit end users from downloading their own copies without prior consent.  Defendants have thus sought consent from both platforms.  Both platforms, in response, have asked Defendants to serve a subpoena, in response to which they will provide the video content.  Accordingly, in order to effectuate the parties' agreement on a process for authenticating the seven videos, as contemplated by the Order, Defendants seek permission to serve subpoenas on

---

[1] The RFAs at issue are RFA Nos. 563–566, 646–648, 650–651, 929, 931–933, 936–939, 941–943, 989–991, 994–996.  *See* ECF No. 486 at 6–7; ECF No. 486-1.

both video platforms for the limited purpose of obtaining the videos in question without violating the platforms' terms of service. We will then provide the videos to the SEC for authentication.

       The SEC has not consented to this request. Specifically, the SEC has communicated to Defendants that it would consent only if Defendants agree to reopen discovery so that *the SEC* could now serve its own set of subpoenas to obtain copies of unspecified recordings in support of its claims, and only if Defendants further agree to waive any authenticity and procedural objections to the unknown SEC videos. The SEC's attempt to bootstrap such conditions onto compliance with the Order is wholly improper. The SEC did not serve any authenticity RFAs during discovery, and Defendants strongly object to any attempt by the SEC to reopen discovery. In contrast, the two subpoenas Defendants now seek Court permission to serve are not a reopening of discovery and pose no timeliness issue; they relate back to RFAs that Defendants served before the end of fact discovery, on August 31, 2021, and are needed to effectuate the Order.

                                                           Respectfully submitted,

*/s/ Lisa Zornberg*
Lisa Zornberg
DEBEVOISE & PLIMPTON LLP
*Counsel for Defendant Ripple Labs Inc.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC
*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Counsel for Defendant Bradley Garlinghouse*

cc:      All Counsel of Record (via ECF)