# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :
                                      :
                        Plaintiff,    :        20 Civ. 10832 (AT) (SN)
                                      :
            - against -               :        ECF Case
                                      :
RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, :
and CHRISTIAN A. LARSEN,              :
                                      :
                        Defendants.   :
                                      :
------------------------------------------------------------------------x

## DECLARATION OF WILLIAM H. HINMAN
## IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH
## DEFENDANTS' DEPOSITION SUBPOENA

I, William H. Hinman, pursuant to 28 U.S.C. § 1746, declare as follows:

1.   I am a member of the New York bar.

2.   On May 10, 2017, I was appointed by the then-Chairman of the Securities and Exchange Commission ("Commission") to serve as the Director of the Commission's Division of Corporation Finance (the "Division").  I served in that capacity until December 11, 2020.

3.   In my role as Division Director, I was responsible for overseeing the work of approximately 400 Division staff, including attorneys, accountants, analysts and other employees located in Washington, D.C.

4.   The Division supports the Commission's mission to protect investors, maintain fair, orderly, and efficient markets, and facilitate capital formation.  The Division seeks to ensure that investors are provided with material information in order for them to make informed investment and voting decisions when companies offer and sell securities to the public, and on an ongoing basis as they continue to provide information to the public.

1

5.      While I was Division Director, the staff of the Commission's Division of Enforcement conducted a non-public investigation into the activities of Ripple Labs, Inc. ("Ripple") and its current and former CEOs, Christian Larsen and Bradley Garlinghouse.

6.      I am aware that, after I left the Commission on December 11, 2020, the Commission authorized the filing of a lawsuit against Ripple, Larsen and Garlinghouse arising out of the staff's investigation of their offers and sales of XRP ("Litigation") and that the Litigation was filed on December 22, 2020.

7.      I have no first-hand knowledge of the facts underlying the Commission's claims in the Litigation. I did not participate directly or indirectly in any offers or sales of XRP, or directly or indirectly observe any offers and sales of XRP.

8.      Anything I know about the facts alleged by the Commission in the Litigation, or which might support the Commission's claims, I learned from communications with the Division of Enforcement staff who conducted the investigation (or from Division staff who were assisting Enforcement staff in the investigation), meetings with representatives of Ripple, Larsen and Garlinghouse, and the written submissions of their legal counsel.

9.      Between 2018 and 2020, I attended meetings with Commission staff and Ripple's employees and attorneys, which I understand were part of the Division of Enforcement's fact-gathering in connection with its investigation.

10.     Between 2018 and 2020, I was also involved in a number of internal Commission meetings with attorneys from the Division of Enforcement regarding their investigation of Ripple, Larsen, and Garlinghouse. These meetings provided me with information from the Commission's investigation so that I could assist the Division of Enforcement in making decisions about its recommendations to the Commission.

11. On June 14, 2018, I delivered a public speech entitled "*Digital Asset Transactions: When Howey Met Gary (Plastic)*" (the "Speech"). I began the speech with the following disclaimer: "My remarks are mine alone, not necessarily those of the Commission, the Commissioners, or the staff." The text of the Speech, which is publically available on the Commission's website, contains a similar disclaimer: "The Securities and Exchange Commission disclaims responsibility for any private publication or statement of any SEC employee or Commissioner. This speech expresses the author's views and does not necessarily reflect those of the Commission, the Commissioners or other members of the staff."

12. I did not reference Ripple or its digital asset, XRP, in my remarks. Instead, my Speech expressed my view that "current offers and sales of Ether are not securities transactions." My view was "based on my understanding of the present state of Ether, the Ethereum network and its decentralized structure."

13. The Speech was intended to express my own personal views. During my preparation of the Speech, I discussed my thoughts with other Commission employees, as part of the Commission's ongoing deliberations about whether offers and sales of Ether constituted securities transactions. To the best of my knowledge, the Commission had not taken at that time, and still has not taken, any position or expressed a view as to whether offers and sales of Ether constituted offers and sales of securities.

14. During my time with the Division, I did not discuss with anyone outside the Commission (other than Ripple's representatives and attorneys as part of the investigation that preceded the Litigation) the question of whether the offers and sales of XRP by Ripple, Larsen, or Garlinghouse constituted securities transactions. I did have discussions on this issue with Commissioners and Commission employees.

3

15. During my time with the Division, I did not discuss the Commission's investigation of Ripple, Larsen, and Garlinghouse or the legal status of offers and sales of XRP under the securities laws with anyone outside the Commission (other than with Ripple's representatives and attorneys).

I declare under penalty of perjury that the foregoing is true and correct. Executed on this __23rd__ day of June, 2021, in Warrenton, Virginia.

_____
William H. Hinman

4