# Exhibit N

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 21-cv-00260 |
| LBRY, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

### DECLARATION OF WILLIAM H. HINMAN
### IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH
### DEFENDANTS' DEPOSITION SUBPOENA

I, William H. Hinman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the New York bar.

2. On May 10, 2017, I was appointed by the then-Chairman of the Securities and Exchange Commission ("Commission") to serve as the Director of the Commission's Division of Corporation Finance (the "Division"). I served in that capacity until December 11, 2020.

3. In my role as Division Director, I was responsible for overseeing the work of approximately 400 Division staff, including attorneys, accountants, analysts and other employees located in Washington, D.C.

4. The Division supports the Commission's mission to protect investors, maintain fair, orderly, and efficient markets, and facilitate capital formation. The Division seeks to ensure that investors are provided with material information in order for them to make informed investment and voting decisions when companies offer and sell securities to the public, and on an ongoing basis as they continue to provide information to the public.

1

5. While I was Division Director, the staff of the Commission's Division of Enforcement was conducting a non-public investigation into the activities of LBRY, Inc. ("LBRY"), but I do not recall having ever been made aware of that investigation while I was Division Director.

6. I first became aware this lawsuit against LBRY (the "Litigation") in October 2021 after being contacted by a member of the Commission staff about a subpoena directed to me in connection with the case.

7. I have no first-hand knowledge of the facts underlying the Commission's claims in the Litigation. I did not participate directly or indirectly in any offers or sales of LBRY's digital asset (LBC), or directly or indirectly observe any offers and sales of LBC. I have not analyzed LBRY's offer and sale of LBC under the securities laws, including the *Howey* test, nor have I been retained by any party in an expert capacity to conduct such analysis.

8. Anything I know about the facts alleged by the Commission in the Litigation, or which might support the Commission's claims, I learned from communications with the Division of Enforcement staff.

9. On June 14, 2018, I delivered a public speech entitled "*Digital Asset Transactions: When Howey Met Gary (Plastic)*" (the "Speech"). I began the speech with the following disclaimer: "My remarks are mine alone, not necessarily those of the Commission, the Commissioners, or the staff." The text of the Speech, which is publicly available on the Commission's website, contains a similar disclaimer: "The Securities and Exchange Commission disclaims responsibility for any private publication or statement of any SEC employee or Commissioner. This speech expresses the author's views and does not necessarily reflect those of the Commission, the Commissioners or other members of the staff."

10. I did not reference LBRY or its digital asset, LBC, in my remarks. Instead, my Speech expressed, among other things, my view that "current offers and sales of Ether are not securities transactions." My view was "based on my understanding of the present state of Ether, the Ethereum network and its decentralized structure."

11. The Speech was intended to express my own personal views. During my preparation of the Speech, I discussed my thoughts with other Commission employees, as part of the staff's ongoing deliberations about whether offers and sales of Ether constituted securities transactions. To the best of my knowledge, the Commission had not taken at that time, and still has not taken, any position or expressed a view as to whether offers and sales of Ether constituted offers and sales of securities.

12. I do not recall discussing with anyone, when working at the Commission, the question of whether the offers and sales of LBC by LBRY constituted securities transactions. I know none of the facts about LBRY or LBC to form my personal view how the Supreme Court's *Howey* "investment contract" test applies to LBRY and LBC.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this __4th__ day of November, 2021.

                                                                          William H. Hinman

3