

| | |
|---|---|
| Debevoise & Plimpton LLP | Andrew J. Ceresney |
| 919 Third Avenue | Partner |
| New York, NY 10022 | aceresney@debevoise.com |
| +1 212 909 6000 | Tel   +1 212 909 6947 |

August 19, 2022

<u>VIA ECF</u>

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SEC v. Ripple Labs Inc., et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

Pursuant to Section IV(A)(ii) of this Court's Individual Practices, we write on behalf of Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen to propose narrowly-tailored redactions to a limited number of exhibits to the briefs filed by the parties in opposition to the motions to exclude expert testimony. *See* ECF Nos. 589-598 ("*Daubert* Responses"). Copies of these exhibits with the proposed redactions highlighted have been submitted under seal along with this Letter-Motion.[1] *See* Exs. A-I. The limited redactions that Defendants request are narrowly tailored to protect the legitimate privacy interests of third parties.

### I.   <u>Legal Standard</u>

The presumption of public access to judicial documents in the context of non-dispositive motions is "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). When balancing competing considerations against this presumption, "[f]oremost among the competing concerns . . . is 'the privacy interest of the person resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

---

[1]   Many of the exhibits to the *Daubert* Responses are duplicates of exhibits to the parties' *Daubert* motions. Redactions proposed by Defendants in connection with their July 22 sealing motion would apply to these duplicate exhibits and are not separately addressed in this Letter-Motion. *See* ECF No. 562. These exhibits are identified in Appendix A.

Hon. Analisa Torres                            2                          August 19, 2022

## II.   <u>Defendants' Proposed Redactions</u>

### A.   Identities of Non-Parties

Defendants seek to protect the identities of certain non-party entities—including, among others, digital asset market participants and Ripple's business partners—whose privacy interests "should weigh heavily in a court's balancing equation."[2]  *Amodeo*, 71 F.3d at 1050 (citations omitted); *see also* ECF No. 561-2 at ¶ 13.  Many of the affected third parties have expressed to Defendants their strong desire for such redactions to protect their privacy interests.[3]

The Court should grant these redactions for all of the reasons articulated by Defendants in their July 22 sealing motion, which sought similar redactions.  *See* ECF No. 561 at 4-5.  Those arguments apply with equal force here.  *First*, the identities of these non-parties have no bearing at all on the *Daubert* Responses.  *Second*, disclosure would be detrimental to these non-parties' legitimate privacy interests and Ripple's commercial relationships with them.  *See* ECF No. 561-2 ¶¶ 10, 13.  *Third*, the proposed redactions are consistent with prior rulings in this case.  *See, e.g.,* Order, ECF No. 554 (Torres, J.).  *Finally*, though not a dispositive factor, the SEC has previously indicated that it does not oppose the redaction of non-party names.  *See* ECF Nos. 565 at 2; 570 at 1.

### B.   Identities of Certain Ripple Employees

For the same reasons set forth in Defendants' July 22 sealing motion, *see* ECF No. 561 at 5, Defendants seek to redact the names and contact information of certain Ripple employees that appear in the *Daubert* Responses.[4]  *First*, these employees' identities are not relevant to the *Daubert* Responses and any public interest in the disclosure of their identities is therefore minimal.  *Second*, these employees are not parties to this suit and therefore have significant privacy interests and are entitled to a greater level of protection to prevent unnecessary disclosure of their identities.  *Third*, the Court has previously granted Defendants' requests to redact the identities of non-party Ripple employees.  *See, e.g.,* Order, ECF No. 554 (Torres, J.).  *Finally*, the SEC has previously indicated that it does not oppose the redaction of Ripple employee names.  *See* ECF No. 570 at 1.

---

[2]    The proposed redactions appear in Ex. A (ECF No. 598-6), Ex. B (ECF No. 597), Ex. C (ECF No. 592), Ex. D (ECF No. 592-1), Ex. E (ECF No. 592-2), Ex. F (ECF No. 592-3), Ex. G (ECF No. 592-4), Ex. H (ECF No. 592-5), Ex. I (ECF No. 592-6).

[3]    Defendants' proposed redactions include redactions of the identity of Third-Party A consistent with the sealing motion filed by Third-Party A on July 28, 2022 (ECF No. 581), which Defendants did not oppose, and after meeting and conferring with Third-Party A.

[4]    The proposed redactions appear in Ex. A (ECF No. 598-6), Ex. B (ECF No. 597), Ex. C (ECF No. 592), Ex. D (ECF No. 592-1), Ex. E (ECF No. 592-2), Ex. F (ECF No. 592-3), Ex. G (ECF No. 592-4), Ex. H (ECF No. 592-5), Ex. I (ECF No. 592-6).

Hon. Analisa Torres                            3                    August 19, 2022

### C.        Personal Financial Information

Defendants also seek narrow redactions of information pertaining to the personal financial holdings of a Ripple employee.  *See* Ex. D (ECF No. 592-1).  Such information is not relevant to the *Daubert* Responses, pertains to private holdings apart from that individual's Ripple compensation, and implicates significant privacy interests.  *See, e.g., City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021) (allowing redaction of third parties' personal financial information when such information was "essentially irrelevant to the summary judgment motion").


                                                    Respectfully submitted,


*/s/ Andrew J. Ceresney*
Andrew J. Ceresney                             PAUL, WEISS, RIFKIND, WHARTON &
DEBEVOISE & PLIMPTON LLP                        GARRISON LLP
*Counsel for Defendant Ripple Labs Inc.*        *Counsel for Defendant Christian A. Larsen*



KELLOGG, HANSEN, TODD, FIGEL,                   CLEARY GOTTLIEB STEEN &
& FREDERICK PLLC                                HAMILTON LLP
*Counsel for Defendant Ripple Labs Inc.*        *Counsel for Defendant Bradley Garlinghouse*



cc:      All Counsel of Record (via ECF)

**Appendix A**

**Proposed Redactions to Duplicate Exhibits to *Daubert* Responses**

| *Daubert* Response Exhibit | Defendants' Proposed Redactions to Duplicate Exhibit |
|---|---|
| 598-1 | 562-2 |
| 598-2 | 562-3 |
| 598-4 | 562-7 |
| 598-5 | 562-10 |
| 598-7 | 562-16 |
| 598-8 | 562-11 |
| 598-9 | 562-12 |
| 598-11 | 562-8 |
| 598-12 | 562-13 |
| 598-13 | 562-9 |
| 598-22 | 562-4 |
| 598-23 | 562-6 |
| 598-24 | 562-5 |