

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

August 19, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Pursuant to the Court's August 9, 2022 order (D.E. 586), the SEC respectfully submits this motion to seal certain portions of the parties' August 9, 2022 filings in connection with motions to exclude expert testimony (the "Exclusion Motions").

On July 22, 2022, the SEC filed a motion to seal certain portions of the Exclusion Motions (D.E. 565, "July 22 Sealing Motion"). The SEC now seeks to seal certain portions of the parties' oppositions to the Exclusion Motions that contain information identifying the SEC's expert witnesses (the "SEC Experts") and the personal financial information of one of the SEC Experts, as follows: the SEC's briefs in opposition to Defendants' Exclusion Motions (D.E. 589, 591, 593, 595, 597) and supporting declarations (D.E. 590, 592, 594); and Defendants' brief in opposition to the SEC's Exclusion Motion (D.E. 596), supporting declaration (D.E. 598), and Exhibit 38 to the declaration (D.E. 598-38). In addition, the SEC seeks to have references to a non-party and its representatives redacted in one document (D.E. 598-6). Each of the documents the SEC now seeks to have filed under seal is attached as an exhibit to this motion with the SEC's proposed redactions highlighted in yellow.

With two exceptions (discussed below), the SEC's proposed redactions are intended to protect the identities of the SEC Experts, and are appropriate for the reasons set forth in the July 22 Sealing Motion. The Court previously granted a similar application to redact the names of two SEC Experts and held that such redaction is "narrowly tailored to serve interests of witness safety." D.E. 529 at 5; *see also* D.E. 554 (redaction of names of two SEC Experts is "'narrowly tailored' to preserve the 'higher values' identified by the parties") (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)).

The SEC is also submitting two proposed redactions to D.E. 591 (p. 9) to prevent disclosure of an SEC Expert's personal financial information. The redactions are appropriate for the reasons outlined in the July 22 Sealing Motion.

Moreover, the SEC seeks to have the names of a non-party and its representatives redacted from Exhibit 6 to the declaration supporting Defendants' opposition brief (D.E. 598-6). This redaction is appropriate to protect the identity of this non-party, whose privacy interest "should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (internal

quotation marks and citation omitted). The identity of this non-party has no bearing on the Exclusion Motions. Indeed, Defendants do not even cite to the portion of Exhibit 6 naming this non-party in their brief. D.E. 596 at 28 (citing to SEC's response to Interrogatory 11, and not Interrogatory 9 which contains the proposed redactions). As such, the privacy interest of the non-party outweighs the presumption of public access. *See Cohen v. Gerson Lehman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011). The Court has previously allowed similar redactions. D.E. 422 (granting motion to seal documents reflecting "the identities of third-part[ies]"). And Defendants moved for similar redactions in connection with the Exclusion Motions. D.E. 562 at 4–5.

Finally, Defendants attach as exhibits to the declaration in support of their Exclusion Motion (D.E. 598) documents that the SEC sought to exclude in the July 22 Sealing Motion. The SEC is not re-attaching those documents here, but respectfully requests that they be sealed for the same reasons outlined in the July 22 Sealing Motion. For the Court's convenience, the SEC provides below a chart of each exhibit to D.E. 598 along with the corresponding docket entry for the SEC's proposed redactions to that document:

| Defense Exhibit | SEC Proposed Redaction | Defense Exhibit | SEC Proposed Redaction |
|---|---|---|---|
| D.E. 598-5 | D.E. 565-16 | D.E. 598-19 | D.E. 565-24 |
| D.E. 598-7 | D.E. 565-21 | D.E. 598-20 | D.E. 565-23 |
| D.E. 598-8 | D.E. 565-3 | D.E. 598-21 | D.E. 565-25 |
| D.E. 598-9 | D.E. 565-18 | D.E. 598-23 | D.E. 565-12 |
| D.E. 598-10 | D.E. 565-4 | D.E. 598-24 | D.E. 565-13 |
| D.E. 598-11 | D.E. 565-14 | D.E. 598-27 | D.E. 565-17 |
| D.E. 598-12 | D.E. 565-37 | D.E. 598-32 | D.E. 565-10 |
| D.E. 598-13 | D.E. 565-15 | D.E. 598-33 | D.E. 565-11 |
| D.E. 598-14 | D.E. 565-8 | D.E. 598-34 | D.E. 565-9 |
| D.E. 598-15 | D.E. 565-6 | D.E. 598-35 | D.E. 565-26 |
| D.E. 598-16 | D.E. 565-19 | D.E. 598-36 | D.E. 565-28 |
| D.E. 598-17 | D.E. 565-20 | D.E. 598-37 | D.E. 565-27 |
| D.E. 598-18 | D.E. 565-22 | | |

Respectfully submitted,

/s/ Ladan F. Stewart

Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)