UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.

RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,

        Defendants.

Case No. 1:20-cv-10832

---

## MEMORANDUM OF LAW OF THE CHAMBER OF DIGITAL COMMERCE IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Lilya Tessler
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Email: ltessler@sidley.com

*Attorney for Amicus Curiae*
*The Chamber of Digital Commerce*

September 14, 2022

The Chamber of Digital Commerce (the "Chamber") respectfully submits this memorandum of law in support of its motion for leave to file a brief as *amicus curiae* in the above-captioned matter. A copy of the Chamber's proposed *amicus curiae* brief is attached as Exhibit A to the accompanying Declaration of Lilya Tessler.

## INTERESTS OF PROPOSED *AMICUS CURIAE*

The Chamber is a not-for-profit trade association formed in 2014 to promote the acceptance and use of digital assets and blockchain-based technologies. It represents more than 200 companies that are investing in and innovating with blockchain-based technologies, including global financial institutions, emerging technology companies, software developers, consultancies, investment firms, and law firms.[1] The Chamber's leadership team and Board of Advisors includes policy and legal experts, industry pioneers, and former regulators, including two former Chairs and a Commissioner of the U.S. Commodity Futures Trading Commission ("CFTC"), and a former Commissioner of the U.S. Securities and Exchange Commission ("SEC").

Through education, advocacy, and working closely with policymakers, regulatory agencies, and industry, the Chamber seeks to develop an environment that fosters responsible innovation, job creation, and investment. The Chamber's commitment to compliance is deeply rooted in its organizational culture and was one of the key purposes of its creation. Like all new technologies, blockchain has been abused by nefarious actors. The founding members of the Chamber came together to launch this organization to provide dedicated resources to work with government and address policy and regulatory considerations to ensure efficient and successful

---

[1] This memorandum reflects the view of the Chamber and does not reflect the views of any individual member of the Chamber. Ripple Labs, Inc. is a member of the Chamber, but did not contribute to or participate in the preparation of the *amicus curiae* brief.

functioning of the market. One of the Chamber's first initiatives was the formation of the Blockchain Alliance, a resource for law enforcement agencies.[2] In addition, our members provide cutting-edge analytics tools to help governments and businesses identify and mitigate risk of criminal activity and enable companies to alert law enforcement to such risks.[3] With respect to federal securities laws, the Chamber invests significant resources to promote industry compliance and provide education and technical assistance to policy makers. In 2017, when there was a significant spike in token distribution events, the Chamber launched the Token Alliance to issue a series of tools for industry and policy makers to make informed decisions when engaging in tokenized networks and applications.[4]

The Chamber's role in promoting the development of blockchain technology and digital assets gives it a strong interest in the central issue in this case: how the analysis of whether a transaction is an investment contract, and thus a "security," is applied to transactions involving digital assets. Although the Chamber does not have a view on whether the offer and sale of XRP is a securities transaction, the Chamber has an interest in ensuring that the legal framework applied to digital assets underlying an investment contract is clear and consistent. Maintaining this distinction is critical to developing a predictable legal environment through a technology-neutral precedent, which this Court has the power to do.

---

[2] The Blockchain Alliance provides education and technical assistance and hosts information sharing sessions to support law enforcement objectives. Today, there are more than 100 governmental and commercial members of the Blockchain Alliance worldwide, including the SEC's Division of Enforcement. The Blockchain Alliance's mission is to combat criminal use of blockchain technology. *See* BLOCKCHAIN ALLIANCE, https://blockchainalliance.org/ (last visited Aug. 30, 2022).

[3] One of the Chamber's members, Chainalysis, provided vital assistance to law enforcement in shutting down a child pornography website. *See* Chainalysis Team, Chainalysis in Action: DOJ Announces Shutdown of Largest Child Pornography Website, CHAINALSYIS BLOG (Oct. 30, 2019), https://blog.chainalysis.com/reports/chainalysis-doj-welcome-to-video-shutdown (last visited Aug. 30, 2022).

[4] The Token Alliance is an initiative of the Chamber co-chaired by former SEC and CFTC regulators dedicated to fostering best practices for the responsible growth of tokenized networks and applications. *See* Token Alliance, CHAMBER OF DIGITAL COMMERCE, https://digitalchamber.org/initiatives/token-alliance/ (last visited Aug. 30, 2022) for resources devoted to appropriately growing the token economy.

## ARGUMENT

"District courts have broad discretion in deciding whether to accept *amicus* briefs." *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (citation omitted). "An *amicus* brief should normally be allowed when ... the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc. v. Port Authority of N.Y. & N.J.*, No. 11-cv-6746-RJH, 2011 U.S. Distr. LEXIS 135391 *2 (S.D.N.Y. Nov. 22, 2011) (internal quotations omitted). "The court is most likely to grant leave to appear as an *amicus curiae* in cases involving matters of the public interest." *Andersen v. Leavitt*, No. 3-cv-6115-DRH-ARL, 2007 U.S. Dist. LEXIS 59108, *7 (E.D.N.Y. Aug. 13, 2007).

The Chamber respectfully requests the Court to grant leave to file an *amicus curiae* brief in this case. As demonstrated by the Chamber's Token Alliance initiative and leadership, the Chamber has extensive experience in addressing application of the securities laws to blockchain networks and digital assets. In addition, the Chamber occupies a unique position as representative of the blockchain technology industry which is not represented by the parties in this case. The parties necessarily focus their arguments on the facts in the case, while the Chamber's proposed brief sets forth the legal standard and implications of the Court's decision in setting a precedent for the entire industry. This Court has an opportunity to apply the federal securities laws to distinguish the subject of an investment contract (such as a digital asset) with the securities transaction associated with it. Therefore, the Chamber believes its *amicus curiae* brief can be of assistance to the Court.

## CONCLUSION

For the foregoing reasons, the Chamber respectfully requests that this Court grant its motion for leave to file in this case the *amicus* brief attached as Exhibit A to the accompanying Declaration of Lilya Tessler.

Dated: Dallas, Texas
September 14, 2022

Respectfully submitted,

By: */s/ Lilya Tessler*
Lilya Tessler
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Email: ltessler@sidley.com

*Attorney for Amicus Curiae*
*The Chamber of Digital Commerce*

4