

555 California Street　　　415.875.2300
12th Floor　　　　　　　　Fenwick.com
San Francisco, CA 94104

Katherine Marshall
kmarshall@fenwick.com | 415.875.2090

September 16, 2022

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:　Securities and Exchange Commission v. Ripple Labs, Inc., et al., No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.):  Third-Party Application to Seal

Dear Judge Torres:

Pursuant to Section IV(A)(ii) of Your Honor's Individual Practices in Civil Cases and the Court's July 22, 2022 Order (Dkt. 564) in the above-captioned matter ("Action") we write on behalf of Third Party B[1] to respectfully request a limited number of targeted redactions ("Proposed Redactions") to the declaration of Third Party B ("Declaration") filed by the Securities and Exchange Commission ("SEC") on September 13, 2022 as an attachment to the SEC's motion for summary judgment ("Motion").  The Proposed Redactions, which are narrowly tailored to protect the identity and legitimate privacy interests of Third Party B and its employee and constitute a *de minimis* and non-substantive portion of the Declaration, are identified in the sealed exhibit to this letter.  *See* Exhibit A.[2]

In the Second Circuit, district courts apply a three-part analysis to determine whether to place the documents under seal.  First, the Court considers whether the documents to be sealed are "judicial documents."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Second, if the Court determines that the documents are "judicial documents," the Court must determine the weight of the presumption of public access to the judicial documents.  *Id.*  Third, the Court "must balance competing considerations" against the presumption, including the third-party's privacy interests.  *Id.*

While there is a presumption of public access to judicial documents, a third party's privacy interest "carr[ies] great weight[.]" *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011); *See, e.g.*, *Doe v. City of New York*, 2019 WL 4392533, at *2

---

[1] Third Party B is a pseudonym referring to a non-party subpoenaed for documents and testimony in the Action.
[2] Redactions proposed by Third Party B are highlighted in yellow.  *See* Exhibit A.  The SEC does not oppose the Proposed Redactions.

The Honorable Analisa Torres
September 16, 2022
Page 2

(S.D.N.Y. Sept. 13, 2019) ("In the redaction analysis, courts take the privacy interests of third-parties seriously.").

I. **The Proposed Redactions Do Not Constitute a "Judicial Document" and Good Cause for Sealing Exists**

First, the Proposed Redactions do not constitute a "judicial document" because the information proposed to be redacted has no bearing on the outcome of the Motion. Judicial documents are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119; *see also U.S. v. Amodeo*, 71 F. 3d 1044, 1050 (2d Cir. 1995). In other words, such documents "play[] a role in [the] Court's adjudication of the parties' respective motions" and are material to the analysis. *See Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013), *aff'd*, 776 F.3d 126 (2d Cir. 2015). Here, the Proposed Redactions redact only the name of Third Party B and its employee, and identifying details that would reveal the entity of Third Party B and its employee. The information contained in Paragraph 3 of the Declaration describing Third Party B's business is identifying information because it is copied word-for-word from Third Party B's marketing materials. The Proposed Redactions do not cover any substantive information conveyed in the Declaration relating to trading in XRP, and the information contained in the Proposed Redactions is not material to the analysis of the Motion. Accordingly, the Proposed Redactions are not a "judicial document."

Where material sought to be sealed does not constitute a judicial document, there is no presumption of public access, and only a "baseline showing of good cause" is required to keep the material under seal. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 73 (S.D.N.Y. 2007), *aff'd*, 347 F. App'x. 615 (2d Cir. 2009). Under a good cause standard, "even a minimal showing of possible harm from disclosure should trigger a sealing order unless an interested party…can demonstrate a legitimate interest in preventing such sealing." *Dorsett*, 762 F. Supp. 2d at 519. Here, there is a substantial likelihood of harm to Third Party B if the information contained in the Proposed Redactions is made public.

II. **Even if the Proposed Redactions Constitute a Judicial Document, Third-Party Privacy Interests Weigh in Favor of Sealing**

Even if the Court were to determine that the Proposed Redactions constitute a judicial document, Third Party B's privacy interests outweigh the limited value of the public access to the information. Third Party B seeks to redact references to Third Party B's identity and the identity of Third Party B's employee, as well as certain identifying details that would reveal the identities of Third Party B and its employee. *See* Exhibit A.

While there is limited value in public access to the identity of Third Party B and Third Party B's employee, there is a substantial likelihood of harm to Third Party B and Third Party B's employee if the information is made public, which weighs heavily in favor

The Honorable Analisa Torres
September 16, 2022
Page 3

of sealing the documents.  *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) (finding that "the disclosure of the identities and specific identifiable information of [the non-party]…would provide little value…and, as such, that the privacy interests [] outweighs the public's right of access to certain of the relevant materials."); *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("[T]he privacy interests of innocent third parties… should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted.").

    We thank the Court for its consideration of Third Party B's request.

                                                Respectfully submitted,

                                                FENWICK & WEST LLP

                                                */s/ Katherine A. Marshall*

                                                Katherine A. Marshall