KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

September 20, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs Inc. et al.*, No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Torres:

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen respectfully submit this letter in response to the Chamber of Digital Commerce's motion for leave to file an *amicus curiae* brief, ECF No. 632, and the SEC's response thereto, ECF No. 644.

Defendants take no position on the Chamber of Digital Commerce's motion. We write, however, to address the SEC's suggestion (ECF No. 644 at 1) that it intends to seek additional time for its opposition and additional pages if other *amici curiae* submit briefs. This is yet another transparent attempt to further delay resolution of this case and the Court should reject it.

It is no surprise that multiple *amici curiae* seek to submit briefs in this case, given that the SEC's novel and overbroad theory threatens an unwarranted expansion of its regulatory authority beyond what Congress permitted. Indeed, that was clear long before the Court set the summary judgment briefing schedule (ECF No. 472) in this action. *See*, *e.g.*, ECF No. 372 (granting five individuals permission to participate as *amici curiae*); ECF No. 324 (counsel for *amicus curiae* Chamber of Digital Commerce moving for admission *pro hac vice*); *see also*, *e.g.*, ECF Nos. 101, 125 (noting enormous public interest in this litigation). It was clear long before the parties proposed (and the Court set) page limits for their briefs as well.

Courts do not ordinarily grant parties additional pages to respond to arguments made by *amici*, even in cases with significant *amicus* interest. *See*, *e.g.*, Sup. Ct. R. 37 (providing no allowance for extensions to respond to *amicus* briefs); Fed. R. App. P. 29 (same). The SEC is free to use the already-allocated space in its opposition and reply briefs to address arguments raised by *amici*, and to do so on the already-established briefing schedule, just as Defendants are. The Court should not countenance the SEC's request.[1]

---

[1] To the extent the SEC suggests that any extension or additional pages should be granted to the SEC alone, Defendants strongly object to that suggestion as improper. No change is required, but should the Court grant any change to its briefing order, it should apply equally to both sides.

Hon. Analisa Torres
September 20, 2022
Page 2

Respectfully submitted,

/s/ Michael K. Kellogg
Michael K. Kellogg
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Counsel for Defendant Bradley Garlinghouse*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Counsel for Defendant Christian A. Larsen*