UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

              -against-

RIPPLE LABS, INC., BRADLEY GARLINGHOUSE,
and CHRISTIAN A. LARSEN,

                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2022

20 Civ. 10832 (AT) (SN)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, the Securities and Exchange Commission (the "SEC"), brings this action against

Defendants Ripple Labs, Inc. ("Ripple"), and two of its senior leaders, Bradley Garlinghouse and

Christian A. Larsen (together, the "Individual Defendants"), alleging that Defendants engaged in

the unlawful offer and sale of securities in violation of Section 5 of the Securities Act of 1933, 15

U.S.C. §§ 77e(a) and (c).  *See* Amend Compl. ¶ 9, ECF No. 46.  The SEC also alleges that the

Individual Defendants aided and abetted Ripple's Section 5 violations.  *Id.*

On August 10, 2021, Defendants requested a Local Rule 37.2 conference to address the

SEC's assertions of privilege, primarily the deliberative process privilege ("DPP"), with respect

to certain documents Defendants requested during discovery.  ECF No. 290.  After receiving

briefing on this issue and conducting an *in camera* review of exemplar documents, on January 13,

2022, the Honorable Sarah Netburn issued an order that, as is relevant here, found that emails and

drafts concerning a June 14, 2018 speech given by William Hinman, the then-Director of the SEC's

Division of Corporation Finance, (the "Internal Speech Documents") are not protected by the DPP

("Order I").  Order I at 13–15, ECF No. 413; *see also* William Hinman, Dir., Div. Corp. Fin., SEC,

*Digital Asset Transactions: When Howey Met Gary (Plastic)*, Remarks at the Yahoo Finance All

Markets Summit: Crypto (June 14, 2018), *in* https://www.sec.gov/news/speech/speech-hinman-

061418.

On February 17, 2022, the SEC moved for reconsideration or clarification of Order I with respect to Judge Netburn's holding regarding the Internal Speech Documents. ECF No. 429. After reviewing additional documents submitted to the Court for *in camera* review, on April 11, 2022, Judge Netburn denied the SEC's motion for reconsideration and granted its motion for clarification ("Order II"). *See* Order II at 1, ECF No. 465.

Then, on April 29, 2022, the SEC "renew[ed] its assertion that the attorney-client privilege protects" the Internal Speech Documents. ECF No. 473 at 1. On July 12, 2022, Judge Netburn, after reviewing additional documents *in camera*, found that the attorney-client privilege does not protect the Internal Speech Documents and ordered their production ("Order III"). Order III, ECF No. 531.

On July 26, 2022, the SEC filed objections to Order I, Order II (together, the "DPP Orders"), and Order III (collectively, "the Orders"). SEC Objs., ECF No. 573. For the reasons stated below, the SEC's objections are OVERRULED.

## DISCUSSION

### I.    Legal Standard

A district court may reconsider a magistrate judge's ruling on any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A decision is 'clearly erroneous' when the [c]ourt is, upon review of the entire record, left with the definite and firm conviction that a mistake has been committed." *Martinez v. New York Police Dep't*, No. 19 Civ. 9885, 2021 WL 4206944, at *2 (S.D.N.Y. Aug. 9, 2021) (quotation marks and citation omitted); *see also Edmonds v. Seavey*, No. 08 Civ. 5646, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) ("A showing that reasonable minds may differ on the wisdom of granting the defendant's motion is not sufficient to overturn a

magistrate judge's decision." (quotation marks and citation omitted)).  And, "[i]t is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Martinez*, 2021 WL 4206944, at *2 (quotation marks and citation omitted).  Thus, "the party seeking to overturn a magistrate judge's decision carries a heavy burden." *Edmonds*, 2009 WL 2150971, at *2.

II.    Application

The SEC objects to the Orders, arguing that Judge Netburn erred in: (1) determining that the Internal Speech Documents are relevant to any claim or defense in the case, (2) finding that the DPP does not protect the Internal Speech Documents, and (3) concluding that the attorney-client privilege does not protect the Internal Speech Documents.  *See* SEC Objs.  The Court shall address these objections in turn.

A.  Relevance

The SEC contends that the Internal Speech Documents are not relevant to Section 5 liability because the "evaluation of any fair notice defense is objective," *see id*. at 9 (quoting ECF No. 440 at 10 n.5), and the SEC need only show that the Individual Defendants disregarded the "facts that made Ripple's scheme illegal" to establish aiding-and-abetting liability under Section 5, *id*. at 10 (quoting ECF No. 441 at 15) (emphasis omitted).

The Court agrees with the SEC that non-public documents like the Internal Speech Documents are not directly relevant to any claims or defenses in this case.  Internal documents do not bear on the notice parties received or whether the Individual Defendants knew certain facts about Ripple's offers and sales of XRP.  But, Judge Netburn did not find that these documents are directly relevant to these issues.  Instead, in Order II, Judge Netburn "declin[ed] to take . . . a

3

narrow view of relevance in the context of discovery" and found that these documents are relevant under the "extremely broad" concept of relevance used to resolve discovery motions.  Order II at 2 n.1.

The Court holds that Judge Netburn's conclusions regarding the relevance of the Internal Speech Documents are not clearly erroneous or contrary to law.  As she noted in Order II, "relevance, for purposes of discovery, is an extremely broad concept."  Order II at 2 n.1 (quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)); *see also Strike 3 Holdings, LLC v. Doe*, No. 19 Civ. 2552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019) ("Relevance is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." (quotation marks and citation omitted)).  A showing of "any possibility of relevance" is sufficient to shift the burden to the opposing party to show that discovery is improper.  *Condit*, 225 F.R.D. at 106 (quotation marks and citation omitted).

Here, Defendants argue that the Internal Speech Documents are relevant because they "may be used to obtain potential impeachment evidence or to impeach witnesses at trial," including Hinman, should he testify.  Def. Resp. at 11, ECF No. 587.  Because the Court agrees that the Internal Speech Documents might be relevant for this purpose, it is not "left with the definite and firm conviction that a mistake has been committed."  *Martinez*, 2021 WL 4206944 at *2 (quotation marks and citation omitted); *see also Judd v. Take-Two Interactive Software, Inc.*, No. 07 Civ. 7932, 2009 WL 361958, at *1 (S.D.N.Y. Feb. 4, 2009).

Therefore, the SEC's objections to Judge Netburn's findings with respect to the relevance of the Internal Speech Documents are OVERRULED.

### B.  Deliberative Process Privilege

In addition, the SEC objects to Judge Netburn's determination in the DPP Orders that: (1)

4

the Internal Speech Documents are not protected because they reflect Hinman's personal views, and (2) the speech was peripheral to SEC policy formation.  SEC Objs. at 11–17.

The DPP "is a form of executive privilege" that "shields from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."  *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021) (quotation marks and citation omitted).  The DPP applies to documents that are "predecisional" and "deliberative."  *Id.* at 785–86.  Documents are "predecisional if they were generated before the agency's final decision on the matter, and they are deliberative if they were prepared to help the agency formulate its position."  *Id.* at 786 (quotation marks omitted).

Judge Netburn determined that the DPP does not apply to the Internal Speech Documents because those documents were intended to facilitate the communication of Hinman's own opinions regarding the application of the securities laws to digital asset offerings and not the opinions of the SEC.  Order I at 14; Order II at 5–7.  The SEC argues that Judge Netburn's conclusion constitutes an error of law because Second Circuit precedent states that "subjective documents which reflect the personal opinions of the writer rather than the policy of the agency" are protected by the DPP.  *See* SEC Objs. at 13 (quoting *Tigue v. U.S. Dep't of Just.*, 312 F.3d 70, 80 (2d Cir. 2002)) (emphasis omitted).  But this argument fails to recognize that documents reflecting such personal opinions are protected only when they relate to some form of *agency* position, decision, or policy.  *Cf. Sierra Club, Inc.*, 141 S. Ct. at 785.  Because Judge Netburn determined that the Internal Speech Documents did not relate to an agency position, decision, or policy, Order I at 14; Order II at 5–6, her conclusion is not contrary to law.

The Court also finds that Judge Netburn did not err in determining that the Internal Speech

Documents were peripheral to any agency deliberations concerning the SEC's policy with respect to the regulation of digital asset offerings.  First, the SEC contends that Judge Netburn's conclusions are contrary to law because they "rel[y] on the fact that the SEC itself has not reached a conclusion about how to regulate [E]ther to hold that [the Internal Speech Documents are] not protected."  SEC Objs. at 14–15.  Although Order I mentions that the SEC has not articulated a position with respect to its regulation of digital asset offerings, Judge Netburn did not rely on that fact when concluding that the Internal Speech Documents are not predecisional or deliberative.  *See* Order I at 14–15; Order II at 8–9.  Rather, after reviewing the Internal Speech Documents, Judge Netburn found that, to the extent they concern the SEC's deliberations about agency policy as opposed to deliberations about Hinman's personal views, they "merely mention[] such deliberations or [are] otherwise relevant to them but not an 'essential link.'"  Order II at 8 (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)).

Second, the SEC argues that Judge Netburn erred by "incorporat[ing] a requirement that the product of the deliberations relate to a statement of agency policy" and contends that, based on its interpretation of two cases from outside this Circuit, she should have considered "whether the potentially privileged documents are primarily factual or primarily about potential courses of action with respect to issues within the agency's purview."  *See* SEC Objs. at 14.  The Court disagrees that the decisions cited by the SEC stand for this proposition.  *See Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248 (4th Cir. 1994); *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1436 (D.C. Cir. 1992).  And, even if these cases do support the SEC's interpretation of the DPP, they do not warrant a finding that the DPP Orders are contrary to law because "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority."  *Fritz v. LVNV Funding, LLC*, No. 19 Civ. 05255, 2022 WL 610585, at *4 (E.D.N.Y. Feb. 28, 2022) (citation

omitted).

Third, the SEC contends that Judge Netburn misapplied the Second Circuit's recent decision in *NRDC v. EPA*, 19 F.4th 177 (2d Cir. 2021) because she did not consider whether the Internal Speech Documents related to "a specific decision or a *specific decisionmaking process*." SEC Objs. at 18 (quoting *NRDC*, 19 F.4th at 192) (emphasis in original).  But, the Court finds that Judge Netburn applied an appropriately broad formulation of the DPP that encompasses documents related to a specific decisionmaking process.  She considered whether the Internal Speech Documents contain "agency deliberations concerning the regulation of digital asset offerings," and not just deliberations concerning a specific identifiable agency policy.  *See* Order II at 8; *see also id*. at 10.  And, Judge Netburn found the Internal Speech Documents not worthy of protection because the documents are primarily concerned with the personal views of an agency employee and are not an "essential link" in agency deliberations regarding the regulation of digital asset offerings.  *Id*. at 8, 10.  Judge Netburn did not deny protection because the Internal Speech Documents do not relate to a specific agency decision.

Moreover, Judge Netburn did not err by not considering the "key question" of "whether disclosure would tend to diminish candor within an agency."  SEC Objs. at 18 (quoting *NRDC*, 19 F.4th at 185).  As *NRDC* makes clear, this "key question" applies "when assessing the application of the deliberative process privilege to an *agency* record."  *NRDC*, 19 F.4th at 184 n. 4 (emphasis added).  As stated above, Judge Netburn found that the Internal Speech Documents are not agency records; rather, they are records that relate, primarily, to the creation of a speech intended to communicate Hinman's personal views.  Order I at 14; Order II at 5–7.  Thus, Judge Netburn need not have considered whether their disclosure would diminish candor within the SEC.

Finally, the Court finds that Judge Netburn did not err in determining that the Internal

Speech Documents relate to the communication of Hinman's own opinions for the purpose of deciding whether the DPP applies or in otherwise making factual determinations about the Internal Speech Documents' contents.  Her conclusions were based on prior representations the SEC made in this litigation, *see* Order I at 14, the text of the speech and disclaimer, *see* Order II at 6–7, and applicable regulations, *id*. at 7.  After reviewing the relevant materials and the arguments advanced by the SEC and considering Judge Netburn's familiarity with the materials and the record in this case, *see U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007), the Court finds that the SEC has not carried its "heavy burden" of showing that Judge Netburn's determination was clearly erroneous, *Edmonds*, 2009 WL 2150971, at *2.

Therefore, the SEC's objections to Judge Netburn's findings with respect to the SEC's assertions of the DPP are OVERRULED.

### C.  Attorney-Client Privilege

The SEC objects to Judge Netburn's holding in Order III with respect to the SEC's assertions of attorney-client privilege on the grounds that Judge Netburn erred in: (1) requiring that the advice given be "'intended to assist the agency in making decisions or acting lawfully,' as opposed to informing . . . Hinman's conduct," SEC Objs. at 19 (quoting Order III at 8) (emphasis omitted), and (2) "characterizing the communications between SEC attorneys and . . . Hinman as 'policy advice' or 'communication advice'" instead of legal advice, *id*. at 20 (quoting Order III at 7–8).

As to the first objection, Judge Netburn did not conclude that the attorney-client privilege does not apply because the advice was given to inform Hinman's conduct, as opposed to the SEC's conduct.  Judge Netburn correctly noted that "[p]rivileged legal advice must be intended 'to guide

future conduct or to assess past conduct.'"  Order III at 7 (quoting *In re Cty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)).  And, she concluded that the advice Hinman received from the SEC's lawyers was intended to "inform [him] about the law" so that he could draft an accurate speech which addressed legal issues, and to provide him with policy and communication advice.  *Id*. at 8.

With respect to the second objection, the Court finds that Judge Netburn did not clearly err in her characterization of the advice contained in the Internal Speech Documents.  Documents are protected by the attorney-client privilege if "the predominant purpose of the communications is to render or solicit legal advice."  *In re Cty. of Erie*, 473 F.3d at 420.  After reviewing the relevant documents and considering the SEC's arguments, the Court is not "left with the definite and firm conviction," *Martinez*, 2021 WL 4206944, at *2, that the Internal Speech Documents contain communications with the predominant purpose of "interpret[ing] and apply[ing] legal principles to guide future conduct or assess past conduct," *In re Cty. of Erie*, 473 F.3d at 419.

Therefore, the SEC's objections to Judge Netburn's findings with respect to the SEC's assertions of attorney-client privilege are OVERRULED.

The Court has reviewed the remainder of the thorough and well-reasoned Orders for clear error and finds none.  Accordingly, the Court OVERRULES the SEC's objections and directs the SEC to comply with the Orders.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the SEC's objections and directs the SEC to comply with the Orders.

SO ORDERED.

Dated: September 29, 2022
        New York, New York

_____
ANALISA TORRES
United States District Judge

9