**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN.<br><br>　　　　　　　Defendants. | Case No. No. 20 Civ. 10832 (AT) |

**MEMORANDUM OF LAW IN SUPPORT OF I-REMIT, INC.'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

　
ARENTFOX SCHIFF LLP
Brian Farkas, Esq.
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
(212) 492-3297
brian.farkas@afslaw.com

Karen Ellis Carr, Esq.
(not admitted in S.D.N.Y.)
1717 K Street NW
Washington, DC 20006
(202) 715-8531
Karen.Carr@afslaw.com

*Attorneys for Amicus Curiae I-Remit, Inc.*

I-Remit, Inc., ("I-Remit") respectfully submits this Memorandum of Law in support of its Motion for Leave to File a Brief as *Amicus Curiae* in the above-captioned matter in support of the Motion for Summary Judgment filed by Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (collectively, "Defendants"). A copy of I-Remit's proposed *Amicus Curiae* Brief is attached as **Exhibit A** to the accompanying Declaration of Brian Farkas, Esq.

## INTERESTS OF I-REMIT, INC. AS *AMICUS CURIAE*

Founded in 2001, I-Remit is a global payment remittance company that is headquartered in the Philippines. It functions as an intermediary that connects senders of money abroad to recipients of that money in the Philippines. I-Remit is publicly listed on the Philippine Stock Exchange and serves individuals and businesses around the world.

One of the chief mechanisms that I-Remit employs to facilitate money transfers is the "RippleNet" software product. RippleNet, developed by Defendant Ripple Labs, Inc. ("Ripple"), allows customers to clear and settle cross-border financial transactions in a variety of ways. One of those ways is through a software product called On Demand Liquidity ("ODL"), which uses a virtual currency called XRP. XRP, in turn, runs on the "XRP Ledger," an open-source technology that can securely record international transactions almost instantaneously.

As a major ODL customer, I-Remit is interested in the outcome of this lawsuit because of its heavy reliance on XRP and the XRL Ledger. I-Remit has deep knowledge of these technologies that will aid the Court's evaluation of the arguments advanced by the U.S. Securities and Exchange Commission ("SEC").

## LEGAL STANDARDS

District courts have broad discretion to permit leave to file a brief as *amicus curiae*. *See, e.g.*, *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935, 2014

WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (decision to grant leave is in the district court's "firm discretion"); *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (same).

In district courts, as opposed to the circuit courts of appeal, "[t]here is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an amicus brief[.]" *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 Civ. 9848, 2022 WL 2829691, at *1 (S.D.N.Y. Apr. 27, 2022) (quoting *Onandaga Indian Nation v. State of New York*, No. 97 Civ. 445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)) (internal citations omitted).

Courts will freely permit the filing of *amicus* briefs when they would be helpful to the court's decision-making. "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999). Among a court's considerations are "whether the proposed *amici* provide a point of view that is not available to the Court from the parties to the action." *New York SMSA Ltd. P'ship v. Town of Bedford*, No. 21 Civ. 03742, 2022 WL 718641, at *3 (S.D.N.Y. Mar. 10, 2022) (citing *S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03 Civ. 02937, 2003 WL 22000340, at *5-6 (S.D.N.Y. Aug. 25, 2003).

## ARGUMENT

I-Remit respectfully requests that the Court grant it leave to file an *amicus curiae* brief in this case. The Court's adjudication of Ripple's pending Motion for Summary Judgment will have broad implications for the large and rapidly growing cryptocurrency industry.

I-Remit is a major participant in that industry. While the parties necessarily focus their arguments on the narrow facts of the case, I-Remit offers the Court a different perspective from a market participant about how ODL and XRP technologies are actually used on the ground.

I-Remit is one of many customers of Ripple's ODL technology. It was an early adopter of

ODL in 2019, and continues to use that technology to this day. ODL is useful for I-Remit because XRP and the XRP Ledger (used by ODL) lower the cost of real-time payments and allow greater customer access to currency markets with a high level of security.

In this lawsuit, the SEC has taken the position that Ripple's distribution of XRP should be considered the trading of an "unregistered security" and that XRP distribution functions as an "investment contract" within the meaning of the Securities Act of 1933—thus subjecting XRP to federal securities regulation. This position badly misunderstands how XRP is actually used. Indeed, the SEC seems to misconstrue important aspects of the large and growing international cryptocurrency industry, seeking to expand its regulatory authority over markets that have no relationship to its traditional scope of authority.

Through its proposed *amicus* brief, I-Remit offers the Court an important perspective: that of an actual ODL customer that uses XRP. Simply put, market participants like I-Remit do not use XRP as an "investment" of any kind. Rather, it is used as a *tool* for payment transfers. It is used because of its speed, efficiency, and security—not because of any expectation that its inherent value will increase over time. The way in which I-Remit uses ODL (which, in turn, uses XRP and the XRP Ledger) demonstrate that these are not, in fact, "securities" in any sense of that word.

In sum, I-Remit's perspective as an ODL customer will aid the Court in its consideration of the SEC's lawsuit and Defendants' Motion for Summary Judgment.

## CONCLUSION

For the forgoing reasons, I-Remit respectfully quests that the Court grant its motion for leave to file in this case the *Amicus Curiae Brief* attached as **Exhibit A** to the accompanying Declaration of Brian Farkas.

Dated:   September 30, 2022
         New York, New York

                                         ARENTFOX SCHIFF LLP

                                         */s/ Brian Farkas*
                                         Brian Farkas, Esq.
                                         1301 Avenue of the Americas, 42nd Floor
                                         New York, NY 10019
                                         (212) 492-3297
                                         brian.farkas@afslaw.com

                                         Karen Ellis Carr, Esq.
                                         (not admitted in S.D.N.Y.)
                                         1717 K Street NW
                                         Washington, DC 20006
                                         (202) 715-8531
                                         Karen.Carr@afslaw.com

                                         *Attorneys for Amicus Curiae I-Remit, Inc.*