**STRATFORD LAW FIRM, LLC**
401 EAST LAS OLAS BLVD.; SUITE 1400
FORT LAUDERDALE, FLORIDA  33301

954-995-5400
DEBRA@SLGFL.COM

Debra L. Feit, Esq.

Honorable Judge Analisa Torres
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

September 26, 2022

Re: Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment; SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen; Southern District of New York Case No. 20-Civ-10832

Dear Judge Torres:

My Firm, Stratford Law Firm, LLC, represents nonparty, and proposed *amicus curiae*, TapJets, Inc. ("TapJets"), a for-profit company organized under the laws of Texas. TapJets provides its customers ("Travelers") with private jet charter, logistics, and aircraft management services (similar to Uber or Lyft). TapJets is an uninterested party to the above referenced litigation and has no existing relationship with the Defendants, financial or otherwise. I write pursuant to section I.B of Your Honor's Individual Practices in Civil Cases to request leave to file an *amicus* brief in support of the Defendant Ripple Labs, Inc.'s Motion for Summary Judgment in the above captioned matter.

TapJets interest in this case is as a business that accepts crypto currency, including XRP, in exchange for its services as a fiat-currency substitute. For TapJets, the acceptance of XRP as payment for services is vital in some instances: TapJets' refers to this as the "Friday Night Problem". The Friday Night Problem, explained in detail in the (Proposed) Motion below, exists

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 2 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc.,
Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

2

when a Traveler wishes to book immediate travel but is unable to tender payment using traditional currency, usually because the booking occurs outside of normal banking hours. When banks are closed, money transfers via wires cannot be sent. The costs of private jet charters can reach hundreds of thousands of dollars per single flight, and given transactional limitations and risks of accepting credit card payments, money transfers via wires are a frequent payment choice for Travelers using TapJets' services. Because of nature of TapJets' business requires immediacy in payment, Travelers who can only rely upon money transfers via wires are unable to avail themselves of TapJets' services. Because the inherent nature of cryptocurrencies circumvents the Friday Night Problem, TapJets accepts cryptocurrencies.

Given the wide variety of cryptocurrencies, TapJets' CEO Eugene Kesselman conducted a poll on Twitter (https://twitter.com/tapjets/status/997512392115343360) in May of 2018, giving TapJets' Travelers the ability to choose the cryptocurrency that TapJets would accept as a form of payment. Over 57,000 votes were cast in the public forum directed at TapJets customers; 43% voted for XRP as a choice of digital currency to pay for their flights.. As a result, TapJets has adopted XRP, invested in technology to accept, process, and account for this digital currency, and now has an interest in the outcome of this litigation. TapJets rightfully fears that by losing the ability to accept XRP, TapJets business will suffer losses, both financial as well as a loss of good will with thousands of clients who use XRP as a form of digital currency/payment.

TapJets is a significant disruptor in the aircraft technology and charter services sector. TapJets is the *only* platform in the world that is capable of and provides instant travel booking and confirmation of private jet charter flights. Thus, by its nature, TapJets must offer the capability for its Travelers with a private jet service with as little as one hour notice, and, often, with little or no lead time between booking and departure.

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 3 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

3

TapJets requires payment at the time of booking. For Travelers booking and paying contemporaneously with the time of the flight, TapJets requires its Traveler's payment to be received and processed *before* travel. For some Travelers, this requirement would create an impediment to use of services if the Traveler were only to rely upon traditional wire payment or credit card methods. Payment through the transfer of XRP assures an almost-instantaneous payment with good, secured, and, available funds enabling TapJets to provide services to its Travelers in real time. As explained below, this immediacy of use of services is a central element of TapJets' business model.

**Legal Standard**

This court has "broad discretion" to allow third parties to file *amicus curiae* briefs. *Auto. Club of N.Y. v. Port Auth. of N.Y. and N.J.*, 2011 U.S. Dist. LEXIS 135391, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011). "A court may grant leave to appear as an *amicus* if the information offered is 'timely and useful,'" *Andersen v. Leavitt*, 2007 U.S. Dist. LEXIS 59108, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (quoting *Long v. Coast Resorts, Inc.*, 49 F.Supp. 2d 1171, 1178 (D. Nev. 1999). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Commonwealth of the N. Mariana Islands v. United States*, 2009 U.S. Dist. LEXIS 125427, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Bell Tel. Co.*, 339 F. 3d 542, 545 (7th Cir. 2003)). Courts have permitted third parties to submit *amicus* briefs when they "are of age to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F.Supp. 955, 957 n. 1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case." *District of Columbia v. Potomac Elec. Power Co.*, 826 F.Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 4 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

4

assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Examiners*, 74 F.Supp. 2d 349, 351 (S.D.N.Y. 1999).

**Identify of the *Amicus***

TapJets' corporate mission is to disrupt the traditional aviation and air travel industry through the use of proprietarily-developed AI logistics technology, designed to provide instant booking, confirmation, and dispatch of private jet flights . TapJets' technology identifies prices, and dispatches private jet aircraft by using a mobile or web application making the booking of the jet as easy as getting an Uber ride. Similar to taxi dispatch, TapJets facilitates instant booking, collection of payment, and dispatch of private jets on a moment's notice.  By being able to facilitate the entire process in a secure manner and to ensure that all parties' charter companies, fuel companies, brokers, and others involved in each flight are secured in payment for the flights, TapJets' model allows smaller private jet companies to effectively compete with large operators who solve their own Friday Night Problem by forcing their clients to deposit large sums of money into "jet card" accounts.

**Interest of the *Amicus***

TapJets accepts and spends XRP and other digital currencies as a fiat currency alternative. By offering digital currency as a solution to the Friday Night Problem, among other things, TapJets meets is corporate mission goals while serving the Travelers. For fiscal year 2021, 48% of TapJets' total bookings were paid by digital currency, including XRP. TapJets projects that the revenue from digital currencies will continue to grow each year at a rate of 10% and is increasing over fiscal year 2022. TapJets believes that this *amicus* brief will provide the court with important context regarding the use of XRP as fiat currency substitute in everyday life and XRP's vitality in commerce and industry, as well as provide the Court with the view that TapJets' use of XRP for

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 5 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

5

facilitating payment for private jet bookings is similar to Bitcoin and Ethereum. XRP is nothing more than a form of digital currency accepted by TapJets. TapJets does not hold XRP as a security or have any other interest in XRP as a company (such as a stock) - and issue that is very important to the resolution of the pending motion for summary judgment.

**Conclusion**

In order to provide this court with further information and context regarding an important issue relating to accept as currency under site to the case law, TapJets respectfully requests that this Court grant leave for it to submit an *amicus* brief in this matter. TapJets is conditionally filing its proposed *amicus* brief as an attachment to this letter-motion.

Respectfully,

/s/ Debra L. Feit

Debra L. Feit, Esq.
for the firm

## BRIEF OF AMICI CURIAE TAPJETS, INC. IN SUPPORT OF DEFENDANT RIPPLE LABS, INC.

**Table of Contents**

**TABLE OF AUTHORITIES** ................................................................................................. 5
**INTEREST OF *AMICI CURIAE*** ......................................................................................... 6
**INTRODUCTION AND SUMMARY OF ARGUMENT** ..................................................... 10
    Legal Argument ..................................................................................................................... 11
        Introduction – The "Howey" Test .................................................................................... 11
        The "Character in Commerce" Test ................................................................................ 11
    **CONCLUSION** ................................................................................................................... 13

**TABLE OF AUTHORITIES**

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 6 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

6

## CASES

*Andersen v. Leavitt*, 2007 U.S. Dist. LEXIS 59108, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) .................. 3
*Commonwealth of the N. Mariana Islands v. United States*, 2009 U.S. Dist. LEXIS 125427, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) ..................................................................... 3
*District of Columbia v. Potomac Elec. Power Co.*, 826 F.Supp. 2d 227, 237 (D.D.C. 2011) ...................................... 4
*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230 (2nd Cir. 1985) .......... 12
*Marine Bank v. Weaver*, 455 U.S. 551 (1982) ..................................................................... 12
*Russell v. Bd. of Plumbing Examiners*, 74 F.Supp. 2d 349, 351 (S.D.N.Y. 1999) ..................................................... 4
*SEC v. C. M. Joiner Leasing Corp.*, 320 U.S. 344 (1943) ..................................................................... 11
*SEC v. W. J. Howey Co.*, 328 U.S. 293 (1946) ..................................................................... 10, 11
*Tcherepnin v. Knight*, 389 U.S. 332 (1967) ..................................................................... 11
*United Hous. Found, Inc. v. Forman*, 421 U.S. 837 (1975) ..................................................................... 12
*United States v. El-Gabrowny*, 844 F.Supp. 955, 957 n. 1 (S.D.N.Y. 1994) ..................................................................... 3

## INTEREST OF *AMICI CURIAE*

TapJets, Inc ("TapJets") is a private jet charter service that distinguishes itself within the industry by developing and operating a digital platform that includes proprietary technology. TapJets is the company in the world that allows for instant booking and dispatch of private jet flights in North America and Europe. TapJets is a for-profit Corporation duly organized under the laws of the state of Texas on December 8, 2015, whose principal address is 3707 Cypress Creek Parkway, Suite 103, Houston, Texas 77068. TapJets is also registered as a foreign for-profit corporation in the state of Florida. Eugene Kesselman is the director of TapJets. Neither TapJets nor Kesselman has any connection, financial or otherwise, to any of the Defendants. No other person or entity other than TapJets or its counsel has funded any part of this *Amicus* Brief. TapJets' counsel has authored this brief in its entirety. TapJets' sole interest in this litigation is the preservation of the use of XRP as a fiat currency substitute when the limitations inherent in the banking system under which fiat currency operates and fiat currency itself fails; if TapJets loses its ability to accept XRP as a fiat currency substitute, TapJets will lose significant income, incuding

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 7 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

7

but not limited to, investment in technology developed to accept XRP as a form of instant payment for the flights, significant business growth opportunities, as well as good will.

TapJets' mission is to change the way people book and utilize private jets for their personal and business needs. This mission is accomplished by returning the power of flight to the air traveler through the development of innovative technology, including the ability to instantly book a private jet anywhere in the world to anywhere in the world. TapJets operates by connecting Travelers with the nearest suitable private jet aircraft that is operated by a FAR Part 135 certified air carrier. Before TapJets innovated in this area, the process to book private jet travel required the travel facilitator to obtain quotes, negotiate and coordinate back and forth amongst brokers, operators, travelers, airports, handlers, and all others involved in the process. With TapJets technology, this process is now reduced to an instant on-line booking that is as easy as "calling an Uber". One of the most significant improvements in the process is that the traveler has the ability to book a flight and head to the private airport for their departure within minutes of booking.

However, TapJets' innovation in selling immediate air travel creates a business dilemma for TapJets: by anyone's definition, TapJets sells an expensive service. A cross country flight on a private jet can cost upwards of $60,000 USD with transatlantic flights costs reaching in hundreds of thousands of dollars.

It is standard practice in the industry that all parties involved in facilitating the flight, service, aircraft, fuel, and the like are paid *before* the flight takes off. And in turn, TapJets requires immediate payment and <u>clearing of the funds</u> before TapJets will confirm the booking of the travel to the customer. Generally, during bank hours i.e. Monday through Friday from 9am to 5pm, a transfer of funds via wire transfer is possible and an acceptable form of payment; if travel is booked after or before normal banking hours or merely too late in the business day, traditional fiat currency

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 8 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

8

may not be available to secure the booking. Many banks settle wire transfers once a day, generally, at the end of the day. Thus, a Traveler wishing to book a 3pm flight earlier on the same day to be paid by a wire transfer, most likely will not be able to complete the purchase because of the bank's delay in the completion of the wire transfer. Moreover, some banks require the individual account holder to complete the wire transfer in the bank in person. This means that the Traveler must first present themselves at a bank branch that offers wire transfers, provide acceptable identification, and complete the order for the wire before the bank will queue the wire transfer for completion at some time in the future. Given that TapJets will only book the Traveler's flight after payment is received, the banking policies regarding wire transfers is a major obstacle for TapJets.

TapJets calls this the "Friday Night Problem" because the limitations in fiat currency and the banking system become most problematic when a Traveler wishes to book weekend travel, such as on Friday night. The inherent limitations in sending a wire transfer simply does not accommodate the Friday night Traveler. Significantly, the Friday Night Problem has become more apparent in recent months now that the commercial airlines have become so grossly unreliable, with often delayed and cancelled flights. There are Travelers who have to be at their intended destination. When commercial airlines fail, many travelers turn to TapJets for alternative transportation. For many, the limits in the fiat currency system is a barrier to entry.

Not insignificant is the role TapJets plays in medical transport. First, TapJets plays a role in transporting deceased persons from the location of the death to the location of the selected final resting place. For many reasons, commercial airlines may not be convenient for this, but the need is the most prevalent among those whose religious needs and beliefs require immediate burial. Second, TapJets immediacy in the booking and completing travel is vital when the Traveler is transporting organs, including blood, intended to be used in human organ transplants or donor

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 9 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

9

transportation on short notice. Conversely, TapJets services are also vital when the individual is traveling for medical procedures.

Cryptocurrency, including XRP, is the solution to the Friday Night Problem. XRP is a time-proven and trusted form of cryptocurrency that is preferred by TapJets' customer base (see below). XRP offers travelers the ability to pay for the air travel instantly, solving the Friday Night Problem. When a Traveler tenders XRP for travel, TapJets treats these funds as it would fiat currency – TapJets then uses these funds as it would fiat currency to pay its vendors for services rendered. The technology developed and employed by XRP is fast, safe, and secure to be used as an instant form of payment and is trusted to be stable enough to complete high dollar transactions.

In response to the Friday Night Problem and the cryptocurrency solution, on May 15, 2018, TapJets' director Eugene Kesselman asked TapJets' Twitter followers to choose the forms of cryptocurrency that TapJets would accept.[1] TapJets' Twitter Poll received a total of 57,054 votes while the poll was live, with an overwhelming majority, 43.9% of the votes, or 25,046 unique, recorded votes, in favor of XRP. XRP overwhelmingly received the most votes with the next form of cryptocurrency, which garnered significantly less votes than XRP. Moreover, since XRP offers streamlined cross-border payments, XRP simplifies a major limitation inherent in the traditional banking systems, which serves to create a barrier to cross-border purchases, such as charter air travel. Since TapJets offers international flights, the ability to offer simplied cross-border payments is vital to TapJets' services and upholds its business mission.

---

[1] The Twitter poll and its results can be viewed here: https://twitter.com/tapjets/status/997512392115343360.

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 10 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

10

Thus, TapJets' acceptance of XRP is based solely upon its traveler's preferences as a fiat currency substitute solving a problem created by the limitations of the traditional banking system. TapJets' acceptance of XRP is based solely on XRP's simplification of services and transparency in payment as compared to other forms of currency, fiat or otherwise. The acceptance cryptocurrencies, including XRP has become vital to TapJets ongoing business.

In essence, TapJets disrupts the aviation industry by implementing advanced technology, including the use of XRP as a fiat currency equivalent when the limitations imposed on fiat currency by a central banking system would otherwise prevent TapJets from engaging in commerce. For fiscal year 2021, 48% of TapJets' total bookings were paid by digital currency including XRP. TapJets projects that the revenue from digital currencies will continue to grow each year at a rate of 10% and is increasing over fiscal year 2022. The benefit in XRP lies in the immediacy of the payment, stability of the payment platform, and ease of use of XRP protocol for integration with TapJets', or other software, platforms.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

TapJets relies upon the acceptance of XRP to facilitate commercial transactions when fiat currency or credit card transactions are inadequate or impossible. XRP is the fiat currency substitute of choice of those individuals consuming TapJets' services. XRP enables low-cost, instantaneous transfer of funds from the traveler to TapJets or TapJets to its vendors. The choice to accept XRP is based solely on organic market demand – as evidenced by the Twitter Poll. Once TapJets is paid in XRP, TapJets does not hold the XRP as in investment, but rather uses the XRP as it would fiat currency as a form of payment in exchange for goods and services from other like-

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 11 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

11

minded vendors, or converts it to fiat currency on a qualified exchange.. Accordingly, TapJets has no expectation of a profit in its acceptance of XRP. *SEC v. W. J. Howey Co.*, 328 U.S. 293 (1946).

Legal Argument

*Introduction – The "Howey" Test*

Under the test announced in *SEC v. W. J. Howey Co.*, 328 U.S. 293 (1946), an "investment contract" exists when: "(i) an investment of money, (ii) in a common enterprise, (iii) with profits to be derived solely from the efforts of others." *Tcherepnin v. Knight,* 389 U.S. 332 (1967). TapJets writes this *amicus* brief because the third prong of the *Howey* Test is not satisfied given TapJets' use of XRP as a fiat currency substitute. TapJets uses XRP in the same way it uses fiat currency; (1) TapJets does not make and investment of money, instead it receives XRP as a form of payment of it's product and services; (2) TapJets is not in common enterprise with Ripple Laps or XRP, the use of protocol or technology is limited to being able to accept the payment in the form of XRP; (3) TapJets has no expectations of profit in XRP by its acceptance of XRP. Specifically, the ease of use of XRP protocol and underlying technology reduces TapJets' cost revelated to accepting the payment. The cost of processing XRP payment is approximately 0.3% of the transaction cost, where similar fees charged by banks and credit card processors are in 2.5% range. Accordingly, and as explained herein, TapJets accepts XRP as a fiat currency substitute and at no time relies upon XRP as an investment for which TapJets expects future returns.

*The "Character in Commerce" Test*

Rather, the dispositive argument lies in the test announced in *SEC v. C. M. Joiner Leasing Corp.*, 320 U.S. 344 (1943): "[T]he test rather is what character the instrument is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out to the prospect." *Id.* at 352-53. (articulating the "character in commerce test").

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 12 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

12

TapJets sells aviation travel. Travelers consume the air travel. Travelers who use XRP to pay for aircraft services are motivated by a desire to use or consume air travel. TapJets, in turn, uses XRP to pay its vendors for goods or services and is motivated by a desire to use or consumer the item or service purchased. "When a purchaser is motivated by a desire to use or consume the item purchased… the securities laws do not apply." *United Hous. Found, Inc. v. Forman*, 421 U.S. 837 (1975). TapJets' Travlers are motivated by a desire to use or consume air travel: TapJets is motivated by a desire to sell its services and grow its company. Under the holding of *Forman*, the securities laws do not apply to the TapJets' transactions.

TapJets accepts XRP without consideration of risk of loss in XRP after acceptance. *Marine Bank v. Weaver*, 455 U.S. 551 (1982) (limiting the *Howey* test where the "investor" must assume a risk of loss for the asset to be a security). The case of *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230 (2nd Cir. 1985) is instructive. In *Gary Plastic*, the issue before the court was whether an investment program in certificates of deposit ("CD Program") sold by Merrill Lynch was a security under the law. Gary Plastic appealed summary judgment in favor of Merrill Lynch. In the summary judgment, the court held that the CD Program was not a security. In reversing the summary judgment, the appellate court stated:

> investors such as Gary Plastic expect profits derived solely from the efforts of Merrill Lynch and the banks. Plaintiff's investment in the CD program was motivated by the expectation of a return of cash investment….

*Id.* at 240. The court held that the CD Program was a security under the *Howey* Test because the gravamen in the issue was **the expectation of Gary Plastics** (and others similarly situated) when investing in the CD Program and **not** the intent of Merrill Lynch in its selling of the CD Program: "The Plaintiff's decision to invest is obviously made in reliance upon the efforts, knowledge and skill of Merrill Lynch." *Id.* at 241.

Case 1:20-cv-10832-AT-SN   Document 656   Filed 09/30/22   Page 13 of 14

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

13

Here, TapJets is not investing in XRP. Tapjets is not holding XRP for long- or short-term capital gains. TapJets' acceptance of XRP as payment for its services is not "made in reliance upon the efforts, knowledge or skill" of any issuer of XRP. TapJets is not motivated by (or even "bank on") the expectation of a return of cash investment on their acceptance of XRP. TapJets' use of XRP does not satisfy the third prong of the *Howey* test. Indeed, the third prong of the *Howey* Test cannot be satisfied. Moreover, under the terms that TapJets accepts XRP, XRP's character in commerce is not akin to a security, under whatever definition of security is applied.

**CONCLUSION**

As explained above, TapJets accepts cryptocurrencies, including XRP, because this form of payment offers flexibility, convenience, security, and ease of use to Travelers that traditional forms of fiat currency inherently cannot offer. TapJets in turn uses XRP in exchange for goods and services offered by its vendors or converts the XRP into fiat currency. TapJets does not hold XRP for investment purposes with the expectation that the value of XRP will increase over time based upon the actions or skill of any third party. TapJets will suffer irreparable damages if it is no longer able to accept XRP as payment in exchange for its services.

RESPECTFULLY SUBMITTED this 26th Day of September, 2022

/s/ Debra L. Feit
Debra L. Feit, Esq.
Florida Bar No.: 104452
*Counsel for Amicus Curiae TapJets, Inc.*
401 East Las Olas Blvd.; Suite 1400
Fort Lauderdale, FL  3301
T: 954-995-5400
debra@slgfl.com

Letter-Motion of Proposed Amicus Curiae TapJets, Inc. for Leave to File Brief Amicus Curiae in Support of Defendant Ripple Labs, Inc., Motion for Summary Judgment;
SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen;
Southern District of New York Case No. 20-Civ-10832

14

## CERTIFICATE OF SERVICE

I HEREBY certify that I have filed the foregoing brief with the Clerk of the Court for the Southern District of New York via the CM/ECF system this 26th day of September, 2022, to be served on all counsel of record via ECF.

/s/ Debra L. Feit
Debra L. Feit, Esq.
Florida Bar No.: 104452
*Counsel for Amica TapJets, Inc.*
401 East Las Olas Blvd.; Suite 1400
Fort Lauderdale, FL  3301
T: 954-995-5400
debra@slgfl.com