

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

October 4, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

The SEC respectfully submits this response to motions filed by two purported *amici curiae*, I-Remit, Inc. ("I-Remit") and TapJets, Inc. ("TapJets") (together, "Movants"), for leave to file briefs in support of Defendants' motion for summary judgment (D.E. 653, 656). The SEC opposes both motions because the proposed briefs constitute improper attempts by Movants to offer evidence outside the constraints of discovery restrictions, the rules of evidence, and this Court's prior order.

Without any evidentiary support, Movants propose offering through their briefs factual evidence on their purported use of XRP. For example, I-Remit purports to offer "living proof" that "countless similar companies…use XRP for cross-border fund transfer on a daily basis," and claims that it "does not use XRP 'to speculate on it' nor does it consider XRP to be an 'investment' whose inherent value is expected to increase over time." D.E. 655-1 at 2. TapJets claims that "if TapJets loses its ability to accept XRP as a fiat currency substitute, TapJets will lose significant income, including but not limited to, investment in technology developed to accept XRP as a form of instant payment for the flights, significant business growth opportunities, as well as good will." D.E. 656 at 6–7. Because Movants do not support their briefs with any evidence, the SEC would be prejudiced by being unable to evaluate the factual veracity of their claims or show that Movants' "facts" are disputed.

Putting aside that evidence cannot be properly presented through arguments by lawyers, Movants' proposed attempt to present evidence through their purported *amicus* briefs is also improper because "'[a]n amicus who argues facts should rarely be welcomed.'" D.E. 372 at 10 (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)). This Court already declined to permit other third parties "as amici, to offer evidence or present witnesses" because "Defendants have the opportunity and motive to acquire the evidence Movants would offer, and so permitting Movants to present it instead would result in 'an end run around court-imposed limitations on the parties, including discovery restrictions [and] the rules of evidence." *Id.* (quoting *Portland Pipe Line Corp. v. City of S. Portland*, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017). The Court thus found that the purported *amici*'s participation should be limited to "legal as opposed to factual issues." *Id.* at 11.

Here too, Movants' participation should properly be limited to legal as opposed to factual issues. Instead, I-Remit seeks to offer evidence based on its supposed "deep knowledge" of Ripple's On-Demand Liquidity product. D.E. 655-1 at 2. And TapJets seeks to "provide the court with important context regarding the use of XRP as fiat currency substitute in everyday life." D.E. 656 at

Hon. Analisa Torres
October 4, 2022
Page 2

4. As with the earlier attempts at third-party participation in this case, there is no valid reason why Defendants, whose position the Movants expressly support, could not have adduced the facts Movants now seek to proffer. Nothing prevented Defendants from seeking declarations, deposition testimony, or other evidence from Movants.

Finally, Movants offer no support for their purported primary justification for advocating Defendants' position: Movants' belief that a win for the SEC would harm their businesses due to their purported use of XRP. Indeed, Movants do not and cannot explain how Defendants being required to *register* their XRP distributions—the outcome the SEC is seeking to enforce—would prevent Movants from using XRP or otherwise impact Movants' businesses.

Accordingly, the SEC respectfully requests that the Court deny Movants' motions for leave to file their proposed briefs.

                                            Respectfully submitted,

                                            /s/ Ladan F. Stewart

                                            Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)