KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 5, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs Inc. et al.*, No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Torres:

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen respectfully submit this letter in response to the motions for leave to file amici curiae briefs by I-Remit, Inc. ("I-Remit") and TapJets, Inc. ("TapJets"), ECF Nos. 653, 656, and the SEC's response thereto, ECF No. 657.

The SEC mischaracterizes both the briefs and the law when it claims (at 1) that the proffered amicus briefs of I-Remit and TapJets "constitute improper attempts by Movants to offer evidence outside the constraints of discovery restrictions, the rules of evidence, and this Court's prior order."

I-Remit and TapJets are independent third parties, otherwise unconnected with this litigation. They seek permission to file briefs to offer the Court their important perspective on whether industry participants invested in XRP, whether they expected profits from Defendants' efforts, and how the SEC's theory of this case (if adopted by the Court) would adversely impact their businesses. They provide the Court with information concerning their business operations and industries to support their perspectives. There is nothing wrong with that. Indeed, the main purpose of amicus briefs is not to repeat legal arguments made by the parties but to provide the Court with a broader industry perspective. *See, e.g., Kluge v. Brownsburg Cmty. Sch. Corp.*, 548 F. Supp. 3d 814, 833 (S.D. Ind. 2021) (courts deciding to permit amicus briefs "should consider," among other things, "whether the brief will assist the judges by presenting . . . *facts[] or data* that are not to be found in the parties' briefs" (emphasis added) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *see also Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 2005 WL 878602, at *3-4 (D. Or. Apr. 8, 2005) (finding "no authority" for the "broad proposition" that amici cannot "present evidence because they are not formal parties to the litigation" and permitting amicus brief to present factual material at summary judgment); *Oneida Indian Nation of N.Y. v. City of Sherrill, N.Y.*, 337 F.3d 139, 168 (2d Cir. 2003) (noting that amici below—at summary judgment—"submitted voluminous evidence . . . which the District Court fully considered"), *rev'd on unrelated grounds City of*

Hon. Analisa Torres
October 5, 2022
Page 2

*Sherrill, N.Y. v. Oneida Indian Nation of N.Y.*, 544 U.S. 197 (2005); *Kadel v. Folwell*, 2022 WL 1046313, at *2 (M.D.N.C. Apr. 7, 2022) (permitting amici presenting factual background on gender dysphoria and rejecting argument that the briefs would be improper because they presented facts; "evidence supplied by amici may be considered [at summary judgment], so long as it would be admissible at trial").

The SEC cites only two cases in support of its opposition, both of which are inapposite. In *Strasser v. Doorley*, the First Circuit (questioning the wisdom of the court proactively inviting the participation of a particular amici) held that, where a district court lacks "joint consent of the parties," only an amicus with "a special interest" may file briefs. 432 F.2d 567, 569 (1st Cir. 1970). That is not the rule in the Second Circuit, where "[t]he usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011). And in *Portland Pipe Line Corp. v. City of S. Portland*, the court rejected the exact argument the SEC presents here. 2017 WL 79948, at *6 (D. Me. Jan. 9, 2017) (allowing amicus brief—despite the party's concern that the evidence amici presented would not be subjected to Federal Rule of Civil Procedure 56).

Finally, the SEC remarkably suggests (at 1) that it would be prejudiced by its inability to "evaluate the factual veracity of their claims or show that Movants' 'facts' are disputed." The SEC has sought summary judgment based on what it erroneously claims are undisputed facts that every purchase of XRP is an "investment" and that every XRP purchaser expects profits from Ripple's efforts. Nothing could be more to the point than these two amicus briefs refuting (or at least disputing) both points. If the SEC cannot evaluate the veracity of such claims then it had no business bringing this litigation in the first place.

Respectfully submitted,

*/s/ Michael K. Kellogg*
Michael K. Kellogg
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Counsel for Defendant Bradley Garlinghouse*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Counsel for Defendant Christian A. Larsen*