

1(212) 318-6920
aviweitzman@paulhastings.com

October 18, 2022

**VIA ECF AND EMAIL**

The Honorable Analisa N. Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

Re:   *SEC v. Ripple Labs Inc., et al.*, No. 1:20-cv-10832-AT-SN

Dear Judge Torres:

I write as counsel for Phillip Goldstein and the Investor Choice Advocates Network ("ICAN") to respectfully request the Court's permission to file an amicus brief addressing the defendants' motion for summary judgment in the above-referenced action.  A copy of the amicus brief is attached hereto as Exhibit A.

This Court has broad discretion in deciding whether to accept amicus briefs and may allow such briefs where the brief would help "insure a complete and plenary presentation of potentially difficult issues so that the court may reach a proper decision."  *Automobile Club of N.Y., Inc. v. Port Auth. Of N.Y. and N.J.*, No. 11-cv-6746, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (quotations and alterations omitted). Among other things, an amicus brief should be allowed when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (internal quotations omitted).

Both Mr. Goldstein and ICAN satisfy these criteria: Mr. Goldstein is a sophisticated businessman and investor, who currently serves as a manager at Bulldog Investors and has previously litigated against the United States Securities and Exchange Commission ("SEC").  ICAN is a nonprofit, public interest law firm focused on expanding access to markets by underrepresented investors and entrepreneurs.  Both Mr. Goldstein and ICAN are actively involved market participants or represent the interests of market participants. They, therefore, have a significant interest in assisting this Court's determination of the scope of the regulatory power of the SEC and in this Court's interpretation and application of the Securities Act of 1933 to digital assets.

Further, the impact of the Court's decision in this case will not be isolated to the named defendants alone; instead, the questions presented here will have far-reaching implications on countless individuals and organizations that participate in the digital assets industry.  Allowing *amici* to provide briefing on the relevant legal issues would ensure the Court is provided with their unique and meaningful perspective, and that the Court will be presented with the views of third-party interests that may be affected by its decision in this case.  Any alleged partiality or bias in defendants' favor is alone insufficient to "bar their participating as *amici*".   See *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (AT), 2021 WL 4555352, at *6 (S.D.N.Y. Oct. 4, 2021) (holding that movants' partiality was not reason to prohibit them from participating as *amici* because courts have accepted an amicus is generally not impartial).



The Honorable Analisa N. Torres
October 18, 2022
Page 2

For the foregoing reasons, Mr. Goldstein and ICAN respectfully request that this Court allow them to submit the attached amicus brief on the issues presented.

Respectfully submitted,

 */s/ Avi Weitzman*
of PAUL HASTINGS LLP

AW

Cc: All Counsel of Record (via ECF)