# katten

50 Rockefeller Plaza
New York, NY 10020-1605
+1.201.940.6405 tel
katten.com

JONATHAN ROTENBERG
Jonathan.rotenberg@katten.com
+1.201.940.6405 direct
+1.201.294.7846 fax

October 19, 2022

**VIA ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs, Inc. et al.*, No. 1:20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

We represent Third-Party C[1] in connection with the above-referenced matter. Pursuant to Section IV(A)(ii) of Your Honor's Individual Practices in Civil Cases and the Court's July 22, 2022 Order (ECF #564), Third-Party C respectfully requests a limited number of targeted redactions ("Proposed Redactions") to the declaration of Third-Party C's officer ("Declaration") filed by the Securities and Exchange Commission ("SEC") on September 13, 2022, as an attachment to the SEC's Motion for Summary Judgment ("Motion")  (ECF #640).

Third-Party C seeks to redact narrowly tailored portions of the Declaration to prevent the disclosure of: (i) the identity of Third-Party C's officer as well as certain identifying details that would reveal the officer's identity; and (ii) Third-Party C's identity and sensitive business information. The Proposed Redactions are intended to protect the identity and legitimate privacy interests of Third-Party C and its officer. The Proposed Redactions also constitute a *de minimis,* non-substantive portion of the Declaration.

In the Second Circuit, a court considering whether to seal documents must: <u>first</u>, determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches; <u>second</u>, if the Court determines the documents are "judicial documents," it must determine the applicable weight of the presumption that may apply; and <u>third</u>, the Court must balance "countervailing factors" against the presumption, including the third-party's privacy interests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

---

[1] Third-Party C is a pseudonym referring to a third-party subpoenaed for documents in the above captioned matter.

**Katten**

October 19, 2022
Page 2

As to the Proposed Redactions, little weight should be afforded to any presumption of public access because of the negligible, if any, role that the Proposed Redactions play in the performance of any Article III function. *Amodeo*, 71 F.3d at 1050 ("[W]here . . . documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low . . . ."); *GoSMiLE*, 2012 WL 1382557, at *1 (noting that even if documents found to be "immaterial" to the court's analysis were "viewed as judicial documents, the presumption of access is slight") (emphasis added).

Second, as a non-party to this case, Third-Party C's privacy interests, and the privacy interests of its officer, are entitled to great weight. *See, e.g., Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dorsett*, 762 F. Supp. 2d at 521 ("[T]he privacy interests of third parties carry great weight in the balancing of interests."). The Second Circuit has recognized that "the privacy interests of those resisting disclosure" are a valid factor countervailing the right of public access. *Lugosch*, 435 F.3d at 120 (internal citations omitted); *see also Cooksey v. Digital*, No. 14-cv-7146, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (finding that protecting reputational and privacy interests "constitute[s] sufficiently substantial interests so as to overcome a presumption of access").

As set forth more fully below, the Proposed Redactions are justified under controlling legal precedent.

**I.  The Proposed Redactions Do Not Constitute A "Judicial Document" and Should Remain Sealed because the Redacted Information has No Bearing on the Outcome of the Motion.**

Judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119; *see also U.S. v. Amodeo*, 71 F. 3d 1044, 1050 (2d Cir. 1995) ("[D]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond" the presumption of public access); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (determining that the documents were non-judicial because they "played no role in [the] Court's adjudication of the parties' respective motions" and "were immaterial to the analysis"), aff'd, 776 F.3d 126 (2d Cir. 2015). Where information is not "judicial," "there is no presumption of public access" to overcome, and thus the movant must "only make a baseline showing of good cause" to justify maintaining the documents under seal. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 73 (S.D.N.Y. 2007), aff'd, 347 F. App'x. 615 (2d Cir. 2009). Under a good cause standard, even a "minimal showing of possible harm from disclosure" of the information sought to be sealed is sufficient to meet this burden and "trigger a sealing order." *Dorsett*, 762 F. Supp. 2d at 519.

October 19, 2022
Page 3

 

Third-Party C's identity, and the identity of its officer, are not judicial documents. Third-Party C's identity has not been relied upon by any party for any purpose and has no relevance to the outcome of SEC's Motion for Summary Judgment. Further, the *de minimis* portions of the Declaration represented by the Proposed Redactions have no bearing on the outcome of the filing and are therefore not judicial documents to which the presumption of public access attaches. *See Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d Cir. 2019) (redaction of "two names" from an otherwise publicly filed document that were "not relevant to any issue in the underlying appeal," was "not a 'judicial document' within the meaning of the decisions requiring unsealing of documents filed with a court.") The disclosure of Third-Party C's identity and the related details in the Proposed Redactions would result in the corresponding disclosure of Third-Party C's sensitive proprietary business information, including investment strategies and sensitive internal business determinations. This Court should protect Third-Party C from such an inequitable result and permit the Proposed Redactions to remain under seal. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing.").

## II. The Balancing of Interests Overwhelmingly Favors Sealing the Proposed Redactions to Protect Third-Party C's privacy Interests and Confidential Business Information.

As noted above, Third-Party C seeks to redact narrowly tailored portions of the document to prevent the disclosure of: (i) the identity of Third-Party C's officer and such officer's educational background; (ii) Third-Party C's identity; and (iii) Third-Party C's sensitive business information. The Proposed Redactions are narrowly tailored to protect the identify and legitimate privacy interests of Third-Party C and its officer.

First, Third-Party C seeks to redact references to the identity of a current officer of Third-Party C as well as certain identifying details that would reveal the officer's identity. The balancing of interests weighs heavily against disclosing the identities of this third-party individual. *See, e.g., SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that "non-parties' interests in privacy outweighs the public's right to access certain judicial documents because "[p]ublic disclosure of the non-parties' identities and specific identifiable information … provid[es] little value to the monitoring of the federal courts"); *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *2-4 (S.D.N.Y. Jan. 7, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is low"); *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (finding "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *see also Cohen v. Gerson Lehrman Grp. Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (allowing redactions that were "narrowly tailored to conceal clients' identit[ies]").

# Katten

October 19, 2022
Page 4

      Second, Third-Party C also seeks to redact references to its identity and certain sensitive business information. (*See* ECF #92). The disproportionate exposure of Third-Party C's identity would be unfairly prejudicial, and the identity of Third-Party C has no bearing on the SEC's Motion. *See Collado v. City of New York*, 193 F. Supp. 3d 286, 292 (S.D.N.Y. 2016) (approving redactions on basis of prejudice.). If publicized, the Proposed Redactions related to Third-Party C's business operations could be exploited by competitors who may seek to mimic, undermine, or strategize against Third-Party C's approach, causing Third-Party C competitive injury. It is therefore among the quintessential types of information held to be appropriately sealed. *See, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (information concerning "trading strategies, objectives and transactions" overcomes the presumption of confidentiality even when cited in summary judgment.). Accordingly, the Court should permit redaction of Third-Party C's identity as well as its confidential and highly sensitive business information. *See Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (permitting redaction of "financial metrics (such as pricing, costs, revenue, and profits)" and "business information of its active business units"); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit).

      As such, Third-Party C respectfully requests that, this Court approve the redactions of the portions of the Declaration highlighted in yellow in Attachment A, submitted under seal along with this letter-motion.

Sincerely,

*s/Jonathan Rotenberg*

cc: All Counsel of Record (via ECF)