John E. Deaton ᐃ

# DEATONLAWFIRM, LLC

450 North Broadway, East Providence, Rhode Island 02914

---

ᐃ Admitted in RI, MA, CT & IA

-VIA ECF AND EMAIL-                                              October 31, 2022

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re: Amici curiae in SEC v. Ripple Labs Inc., et al., No. 1:20-cv-10832-AT-SN (SDNY)**

Dear Judge Torres,

Your Honor previously granted amici curiae status to six individual XRP holders. ECF 372. Amici respectfully requests leave to file an Amicus Brief in opposition to the SEC's motion for summary judgment. A copy of the Amicus Brief is attached hereto as Exhibit A.

**I.       AMICI CURIAE'S INTEREST**

**A.  Amici's Interest.** This Court determined that six XRP holders, representing a broader public interest, "shall be permitted to act as amici curiae in this action." *Id*. at 11. Your Honor "contemplate[d] that such assistance [would] be most beneficial during briefing on dispositive motions." *Id.* Thus, this Court held that amici curiae have a significant interest in the outcome of this case. *Id.* In fact, this Court "**views the amici briefs as desirable** because [amici] represent third parties whose particular interests may be affected by the Court's ruling and whose particular interests are echoed in broader public interests." *Id*. at 10 (emphasis added).

**B.  Section 4 Exemptions Do Not Protect Amici's Interests and Shifts the Burden on Amici.** When the Court questioned the SEC over its theory that every individual in the world was violating the law (*Hr'g Tr*. 44:7-9 (Mar. 19, 2021)), the SEC did not dispute the premise of the Court's question. *Id.* at 44:10-24 ("That's not quite correct, your Honor…Section 4 specifically exempts these transactions"). But Section 4 exemptions *only* apply to a security subject to registration. *SEC v. C.M. Joiner Leasing Corp.,* 320 U.S. 344 (1943) at n.3 ("They had to be securities to be exempt securities under the Act." (citing 15 U.S.C. Sec.77c)). In short, when the SEC didn't dispute Judge Netburn's comment, but instead, cited Section 4 exemptions, it confirmed that - regardless of the seller or circumstances surrounding the sale - *XRP is always a security*, including the XRP owned by amici. If this Court rules in favor of the SEC, "the burden shifts to [amici] to show that the securities [are] exempt." *S.E.C. v. Cavanagh*, 155 F.3d 129, 133 (2d Cir. 1998). If successful, the SEC would have the authority to regulate a vast number of non-parties, including digital asset exchanges, developers, market makers, and retail users and holders of XRP, including amici. This would dramatically affect the entire secondary market for XRP and possibly, the entire cryptocurrency market - which may explain the SEC's motive.

II.     **THIS COURT ALREADY DETERMINED THAT AMICI PROVIDE A MEANINGFUL PERSPECTIVE**

**A. Amici's Perspective is Different**. Your Honor determined that "[amici] may view XRP differently from Defendants and thus may stress different arguments…and…will provide the Court with a meaningful perspective and will help ensure 'complete and plenary presentation of difficult issues so that the [C]ourt may reach a proper decision.'" ECF 372 at 9-10. The SEC's motion for summary judgment (ECF 640) highlights the need to grant amici's application. For example, the SEC writes: "And Ripple specifically *did not target* those who might view XRP as a currency." ECF 640 at 57 (original emphasis). The SEC emphasizes: "As Garlinghouse explained in multiple public interviews: '[T]hese aren't currencies…. I can't buy coffee with XRP.'" *Id*. Yet, amici, and millions of others, use XRP as a form of currency, including to buy coffee. *See e.g., Introducing the XRP MasterCard Debit Card*, available at https://medium.com/global-id/introducing-the-xrp-mastercard-debit-card-827c0b37445b; *UpHold's New Debit Card Lets You Pay With XRP,* available at, https://cointelegraph.com/news/upholds-new-debit-card-lets-you-pay-with-bitcoin-xrp-and-gold; *and*, *FTX Partners With Visa To Offer XRP and BTC To Millions*, available at, https://procoinnews.com/ftx-partners-with-visa-to-offer-xrp-and-btc-to-millions-of-users/. The fact that Ripple did not target those who view XRP as a currency, demonstrates the need for amici's perspective. XRP debit cards, provided by MasterCard and Visa, would not exist if XRP was not considered a currency or medium of exchange. The SEC should have alleged violations related to *specific transactions* related to **those targeted by Ripple**. Instead, the SEC asserts *every* purchase of XRP is an investment into a common enterprise and that every XRP purchaser expects profits from Ripple's efforts. ECF 640 at 2. The Garlinghouse coffee comment is cited *twice* in the SEC's brief (ECF 640 at 43, 57), yet provides a perfect example of why this Court ruled: "[Amici] may view XRP differently from Defendants and thus may stress different arguments." ECF 372 at 9. Although Ripple may not have targeted amici and others like amici, the SEC's breathtakingly overbroad theory does.

**B. The Perspective of a Decentralized XRP User.** Amici offer the perspective of the decentralized user with no knowledge or connection related to the Defendants. ECF 665-1-26. Amici offer the perspective of the user who does not rely on Ripple to achieve a financial profit or benefit. *Id.* Amici offer the unique perspective of both investors and users. *Id.* Many do not view XRP as an investment but acquired XRP for consumptive use. *Id.* Amici also offer the perspective of the XRP Ledger (XRPL) user with its Decentralized Exchange (DEX). *Id.* When utilizing the XRPL, XRP is used as a tool for payment transfers or serves as a bridge currency. *Id.* Ironically, the Chairman of the SEC, prior to becoming Chairman, publicly described XRP as a "bridge currency." *See* Gary Gensler Comments, *at Peterson Institute for International Economics,* September 26, 2018, *available at* https://youtu.be/v0zAadukczY at 1:29. For amici, the only difference between Bitcoin (not considered a security) and XRP, is that XRP is a better version of Bitcoin and thus, should be treated no differently under U.S. securities laws.

III.    **THE SEC ARGUES XRP WAS, IS, AND ALWAYS WILL BE A SECURITY**

**A. Amici: Friend of the Court**. Over a year ago, this Court granted amicus status. ECF 372. Amici's involvement places amici in a great position to serve as a friend of the Court and "assist

the Court in reaching **the right decision** in a case affected with the **interest of the general public**." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) (emphasis added). The SEC's theory is that, regardless of the seller or circumstances of the sale, XRP is *per se* an investment contract and therefore a security *per se*. ECF 640 at 49. Admittedly, the SEC does not phrase its XRP theory in those precise words, yet it argues the equivalent. At summary judgment, the SEC continues to argue that XRP was, is and always will be a security, and therefore that every offer, sale, or transaction involving XRP was and is subject to registration or must qualify for a Section 4 exemption. *See* ECF 640 at 49-50 ("a purchase of XRP **was** an investment of money into a common enterprise with other XRP investors and with Defendants") (emphasis added); ECF 640 at 2 ("a purchase of XRP **is** an investment in a common enterprise with other XRP holders and with Ripple.") (emphasis added); *and* ECF 556 at n.2 (stating "Section 4 could exempt investors in the market from registration."). Hence, the SEC's argument covers all past and present sales of XRP, without limiting those sales to Ripple, its executives or affiliates. The SEC supports its theory by arguing that "[a]ll units of XRP are fungible with each other, and the price of all units of XRP rise or fall equally." ECF 640 at 2. That same principle applies to holders of almost every commodity or fiat currency, including every holder of the U.S. Dollar. If the Court were to agree with the SEC, or fail to distinguish secondary market sales, the SEC could claim amici, who never acquired XRP from Ripple, are violating securities laws if they sell or transfer their tokens. This issue is exactly what caused Judge Netburn, early in the case, to comment: "Presumably under this theory then, every individual in the world who is selling XRP would be committing a Section 5 violation based on what you just said." *H*r'g Tr. 44:7-9 (Mar. 19, 2021).

**B. Defendants' Sales and Statements are Not Enough.** The SEC argues that because Ripple sold XRP as an investment and undertook efforts to promote XRP, all Howey prongs are met. *See* ECF 640 at 49 ("Defendants do not dispute that they offered and sold XRP in exchange for 'money'… Defendants' statements and efforts as to XRP…establish the other aspects of the *Howey* test as a matter of law.") (citations omitted). Hence, the SEC asks this Court to assume that the statements made by the Defendants led amici to purchase XRP and expect profits from Ripple's efforts. But as the proposed Amicus Brief demonstrates, the SEC offers statements and marketing materials from a decade ago, given to a handful of people, and suggests that those statements led present day XRP purchasers to acquire XRP in the secondary market. At summary judgment, it is only fair that amici be allowed to provide their unique perspective.

**C. The SEC Claims Amici Entered Into a Common Enterprise.** The SEC writes: "There can be no genuine dispute that XRP purchasers invested 'in a common enterprise.'" ECF 640 at 50. Notably missing from that statement is a citation to any evidence supporting such a conclusion. The SEC argues that XRP represents an investment contract. ECF 153 at 24 ("The XRP traded, even in the secondary market…*represents* that investment contract."). Incredibly, the SEC also argues that XRP *represents* the common enterprise. ECF 640 at 63 ("Ripple offered and sold XRP, for money, as a common enterprise"). According to the SEC, since it represents both, any purchase of XRP automatically satisfies all prongs of *Howey*. ECF 640 at 49. Considering that the SEC is arguing that amici's property (XRP) represents both an investment contract and a common enterprise, amici's perspective regarding that property will help ensure "complete and plenary presentation of difficult issues so that the [C]ourt may reach a proper decision." ECF 372 at 9-10.

### IV.    DEFENDANTS DO NOT ADEQUATELY ADDRESS AMICI'S INTERESTS

**A. The Defendants Are Not in a Position to Provide Amici's Unique Perspective.** The Defendants must potentially defend a decade of sales (and offers) and whether those transactions required registration or qualified for an exemption. Amici's focus is solely on secondary market sales. As stated, the SEC makes a big deal about the fact that "Ripple specifically *did not target* those who might view XRP as a currency." ECF 640 at 57 (original emphasis). Therefore, Ripple is not in a position to provide this Court with amici's perspective. The parties' 56.1 statements and supporting exhibits remain sealed. ECF 620. Simply put, amici are not privy to the full evidentiary and factual record. Although the Defendants reference XRP Purchaser affidavits (ECF 665-1-26) in their opposition brief (Ex. 167 of ECF 675), they fail to adequately address amici's interests regarding secondary market sales, independent of Ripple. For example, there is no discussion regarding how amici utilize their XRP to generate a financial benefit independent of Ripple. Amici's proposed brief demonstrates how XRP holders utilize XRP as collateral to obtain financing for a fiat loan and how they "stake" (i.e. loan) their XRP and earn interest. *See e.g.*, *Binance Earn*, available at https://www.binance.com/en/earn/xrp (offering XRP holders yield on their XRP); *Get a Loan Backed By Your XRP,* available at https://coinloan.io/crypto-backed-loans/xrp-loan/ (allowing XRP holders to borrow cash at 4.9% annually).

**B. The SEC's Breathtaking Theory Includes Non-Investment Acquisition of XRP**. Even more alarming, the SEC's argument for summary judgment includes any person who acquires XRP – even if it was not purchased. Amici and others have received XRP as a gratuity or tip for providing content on platforms like Twitter and YouTube. In fact, for years there existed an XRP TipBot allowing the transfer of XRP from person to person. *See XRP TipBot,* available at https://www.xrparcade.com/news/the-xrp-tipbot-lives-on-through-uphold/. Thousands of vendors, like Time Magazine, accept XRP as a form of payment or medium of exchange. *See Time Magazine Will Accept Cryptocurrencies,* available at https://www.theblock.co/linked/102166/time-magazine-bitcoin-digital-subscription-payments; *see also Pay With XRP,* available at https://cryptwerk.com/pay-with/xrp/ (listing 1,500 plus companies accepting XRP as a payment; helping users "[f]ind where to spend [their] XRP.").

### V.    THE SEC'S OBJECTION

**A. The Court's Ruling in ECF 372.** Although the SEC purportedly filed this case to protect amici and other XRP holders, the SEC has opposed amici at every turn. ECF 85, 153, 556. Despite the 56.1 statements and all supporting evidence being sealed, the SEC may still object, claiming this Court barred amici from arguing facts. *See* ECF 657. The Court, however, made no such bar. Your Honor stated that the Court would not allow amici "to offer evidence or present witnesses" (ECF 372 at 10) because amici had sought intervention as a party (ECF 123). This Court acknowledged the extraordinary nature of amici's intervention. ECF 372 at 5 ("There is no case law that addresses the specific circumstances presented here, where unrelated individuals seek to intervene as defendants, effectively requesting that the Court compel the SEC to take enforcement action against them."). When the Court stated amici would not be allowed to "offer evidence or present witnesses," the Court was simply striking "a proper balance between permitting [amici] to assert their interest in this case and allowing the parties to remain in control of the litigation." *Id*. at 9 (citation omitted). Your Honor was placing a justified limitation on

amici from disrupting the discovery process or, if the case proceeded to trial, disallowing amici from presenting witnesses. *Id*. The SEC's attempt to prevent any amici curiae from referencing facts, let alone indisputable, easily provable facts, **at summary judgment**, nonetheless, is designed to shield the Court from important truths. **ALL** facts alluded to in amici's proposed brief are *indisputable.* In fact, almost all the facts alluded to in amici's proposed brief are the type of well-known or indisputable facts, typically subject to judicial notice, such as the 2014 *GAO*, *Virtual Currencies Report,* listing XRP as a virtual currency within a decentralized payment system (available at, https://www.gao.gov/assets/gao-14-496.pdf). Also, the SEC cannot claim unfair prejudice because amici points out that Visa and MasterCard offer XRP debits cards, or that Time Magazine and many others accept XRP as a form of payment.

**B. The SEC Misunderstands Decentralized Networks.** The SEC has suggested that the Court disregard any facts not offered by the Defendants. *See* ECF 657 at 1 ("proposed [amicus] briefs constitute improper attempts by Movants to offer evidence outside the constraints of discovery restrictions, the rules of evidence, and this Court's prior order."). The SEC fundamentally misunderstands or is intentionally ignoring the very nature of an open permission-less distributed ledger blockchain technology. It is impossible for the Defendants to offer all relevant and applicable insights, many that are unknown to the Defendants. In fact, during this case, in a sworn interrogatory, Ripple admitted this impossibility by confirming that it "does not have knowledge of all current and potential 'uses' and 'functions' of XRP, and such information is outside of Ripple's possession, custody or control." ECF 165-4. In sum, the SEC asked Ripple to list all known use cases for XRP and Ripple responded, in part, by referring the SEC to a letter motion put forward by counsel for amici. *Id*. (Citing a Letter from John Deaton on behalf of XRP Holders to Judge Analisa Torres re: Intention to Intervene (Mar. 19, 2021) (D.E. 75) at 4 (Noting "literally hundreds of developers using XRP and the XRPL[, where] **the vast majority of these developers have never had any contact with Ripple or its executives**" among a list of eight uses for XRP, a "few examples of how XRP Holders utilize XRP **without Ripple's knowledge or input**") (original emphasis). Shielding the Court from indisputable truths is a win at all costs strategy and another example of the SEC "adopting its litigation positions to further its desired goal, and not out of a faithful allegiance to the law."). ECF 531 at 6. Adopting the SEC's argument would nullify the Court's reasoning for granting amicus status in the first place. At summary judgment it is common for amicus curiae to "offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011). "The primary role of the amicus is to assist the Court in reaching ***the right decision*** in a case affected with the **interest of the general public**." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) (emphasis added).

## VI. CONCLUSION

Amici curiae respectfully requests that the Court grant leave to file the amicus brief attached hereto as Exhibit A.

Respectfully Submitted,

_____
John E. Deaton (*admitted pro hac vice*)
Deaton Law Firm LLC
450 North Broadway
East Providence, RI 02914
Tel.: +1 (401) 351-6400
Email: all-deaton@deatonlawfirm.com
*Attorney for Amicus Curiae, XRP Holders*