# WILMERHALE

October 31, 2022

**Robert L. Boone**

+1 212 295 6314 (t)
+1 212 230 8888 (f)
robert.boone@wilmerhale.com

**Via Electronic Filing and Email**

Hon. Analisa N. Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

**Re:** **Letter Motion of the Crypto Council for Innovation for Leave to File Brief *Amicus Curiae*, *SEC v. Ripple Labs, Inc. et al.*, No. 1:20-CV-10832 (AT) (SN)**

Dear Judge Torres,

I write as counsel for the Crypto Council for Innovation ("CCI") to respectfully request the Court's permission to file a brief *amicus curiae* in support of Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment in the above-captioned matter. A copy of the proposed brief is attached as Exhibit A.

"[T]he decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court." *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014). The Court has recognized that where, as here, "'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide,'" an amicus brief "[u]sually … should be allowed[.]" *SEC v. Ripple Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (quoting *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)). Indeed, "[t]he primary reason to allow *amicus curiae* briefing is that the *amicus curiae* 'offer insights not available from the parties,' thereby aiding the Court." *Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (quoting *Citizens Against Gambling*, 471 F. Supp. 2d at 311). The role of an amicus is then "to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Board of Plumbing Examiners of Cnty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see also Automobile Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011).

CCI respectfully requests that the Court exercise its discretion to grant leave to file the proposed brief because CCI has a unique perspective to share with the Court that will aid the Court in resolving the cross-motions for summary judgment. CCI is an alliance of crypto industry leaders with a mission to communicate the opportunities presented by crypto (i.e.,

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

WILMERHALE

October 31, 2022
Letter Motion of the Crypto Council for Innovation for Leave to File Brief *Amicus Curiae*
Page 2


digital assets) and demonstrate its transformational promise. CCI members span the crypto ecosystem; its membership includes nine of the leading global companies and investors operating in the industry. *The Alliance*, Crypto Council for Innovation, https://tinyurl.com/bde699am (last visited Oct. 31, 2022). CCI thus represents the views of industry veterans with significant experience and substantial expertise in issues affecting the crypto space.

CCI also has a strong interest in the resolution of this action, which will have wide-ranging implications for digital asset holders, as well as for the developers, operators, and investors that are building the crypto ecosystem. Digital assets represent one of the most significant innovations in finance—and beyond—in many years, with the potential to alter ownership structures, commercial applications, cross border payments, transaction processing and settlement, access to capital, investment opportunities, and much more. CCI members share the goal of encouraging the responsible global regulation of crypto to unlock economic potential, improve lives, foster financial inclusion, protect national security, and disrupt illicit activity. But achieving these goals requires informed, evidence-based policy decisions realized through collaborative engagement. CCI therefore believes that it is vital to share its expertise and its views with the Court as the Court considers this enforcement action by the SEC against an actor in the digital asset ecosystem.

CCI is filing this amicus brief now in support of Defendants' opposition to the SEC's cross-motion for summary judgment, a corrected public version of which was filed on October 21, 2022 (ECF No. 675). The SEC will have a full and fair opportunity to respond to CCI's amicus brief in its Reply, which is currently due on November 15, 2022.

For the foregoing reasons, CCI respectfully requests that the Court allow it to submit the attached proposed brief.

Respectfully submitted,

*/s/ Robert L. Boone*

Robert L. Boone

cc: All Counsel of Record (via ECF)