

Eileen T. Budd
77 Water Street, Suite 2100
New York, New York 10005
Eileen.Budd@lewisbrisbois.com
Direct: 212.232.1368

LEWIS BRISBOIS BISGAARD & SMITH LLP

November 2, 2022

*VIA ELECTRONIC FILING AND EMAIL*

Hon. Analisa N. Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
Email: Torres_NYSDChambers@nysd.uscourts.gov

    Re:    **Letter Motion of Cryptillian Payment System, LLC for Leave to File Brief *Amicus Curiae*, *SEC v. Ripple Labs, Inc., et al.* No. 1:20-CV-10832 (AT) (SN)**

Dear Judge Torres:

    We are the attorneys for non-party Cryptillian Payment System, LLC ("Cryptillian") and submit this letter application pursuant to Your Honor's rules to respectfully request the Court's permission to file a brief *amicus curiae* in support of Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment in the above-captioned matter.

    Cryptillian is a non-affiliated party and has no relationship, financial or otherwise, with the Defendants. Cryptillian is a for-profit company organized under the laws of Delaware. Cryptillian provides online digital wallet services to retail customers ("Cardholders") and commercial wallet services to commercial retail establishments ("Merchants"), together ("Customers"), and the ability to transfer digital asset crypto currency ("Crypto") between the two by swiping a card, similar is practice to using a traditional credit, debit or stored value card for purchases.

    Cryptillian's interest in the case stems from the fact that one of the six digital assets that it allows its Cardholders to store and transfer to its Merchants is the token XRP. Cryptillian has invested significant time, effort and financial resources to allow the processing of XRP transaction on its platform in a manner that is indistinguishable from normal card purchases. Cryptillian has implemented this using the XRP ledger, blockchain technology, without knowledge of and/or assistance from Defendants. The SEC in this action seeks to define XRP as an unregistered security asset and has, in fact, taken the position in this matter that transfers of XRP even if not between the Defendants are also violations of the Securities and Exchange act of 1934. Since Cryptillian activated

Hon. Analisa N. Torres
November 2, 2022
Page 2

its platform for testing in September of 2021, Cryptillian has processed hundreds of transactions representing tens of thousands of XRP tokens between its Cardholders and Merchants. In fact, XRP is the second most popular token among Cryptillian's Customers.

"[T]he decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court." *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014). The Court has recognized that where, as here, "'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide,'" an amicus brief "[u]sually ... should be allowed[.]"*SEC v. Ripple Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (quoting *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)). Indeed, "[t]he primary reason to allow *amicus curiae* briefing is that the *amicus curiae* 'offer insights not available from the parties,' thereby aiding the Court." *Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (quoting *Citizens Against Gambling*, 471 F. Supp. 2d at 311). The role of an amicus is then "to assist the Court in reaching the right decisionin a case affected with the interest of the general public." *Russell v. Board of Plumbing Examiners of Cnty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see also Automobile Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011).

Should the SEC prevail in the instant action, not only will it significantly hamper Cryptillian's business but it would retroactively make many of its customer unwitting violators of the Act. Cryptillian respectfully requests that the Court exercise its discretion to grant leave to file the proposed brief because Cryptillian has a unique perspective to share with the Court that will aid the Court in resolving the cross-motions for summary judgment. Cryptillian has a strong interest in outcome of this matter, both as a developer of digital asset technology and as a provider of Crypto services that do not involve trading, speculation or investment. Further, Cryptillian is uniquely positioned to offer the Court real world data on the use of Crypto on a daily basis, by average Americans and non-online retail and service establishments, again in a manner that does not involve -or inconsistent with- Securities related activities. The SEC will have a full and fair opportunity to respond to Cryptillian's amicus brief in its Reply, which is currently due on November 15, 2022 and will suffer no prejudice if this request for relief is granted. Accordingly, Cryptillian respectfully requests that the Court allow it to submit an amicus brief in this action.

Respectfully submitted,

*Eileen Budd*

Eileen T. Budd of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

Hon. Analisa N. Torres
November 2, 2022
Page 3

ETB:mr
cc:    All Counsel of Record (via ECF)