

# KENNYHERTZ PERRY
## ATTORNEYS AT LAW

November 3, 2022

Benjamin L. Tompkins
ben@kennyhertzperry.com
Direct Dial: (816) 527-9443

**VIA CM/ECF AND EMAIL**

The Honorable Analisa N. Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

Re:   *SEC v. Ripple Labs Inc., et al.*, Case No. 1:20-cv-10832-AT-SN

Dear Judge Torres:

I write as counsel for Veri DAO, LLC ("**Veri DAO**") to respectfully request the Court's permission to file an *amicus* brief addressing the Defendants' motion for summary judgment in the above-referenced action. A copy of the amicus brief is attached as Exhibit A.

"District courts have broad discretion in deciding whether to accept *amicus* briefs." *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (citation omitted). "An *amicus* brief should normally be allowed when ... the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc. v. Port Authority of N.Y. & N.J.*, No. 11-cv-6746-RJH, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (internal quotations omitted). "The court is most likely to grant leave to appear as an *amicus curiae* in cases involving matters of the public interest." *Andersen v. Leavitt*, No. 3-cv-6115-DRH-ARL, 2007 2007 WL 2343672, *7 (E.D.N.Y. Aug. 13, 2007).

Veri DAO can satisfy the applicable criteria. In short, Veri DAO is a Wyoming limited liability company and decentralized autonomous organization composed of media personalities, small business owners, engineers, entrepreneurs, retirees, and coders who are passionate about the potential of peer-to-peer capital markets and the disintermediating of financial systems for the benefit of inventors and innovators. The individuals involved in Veri DAO originally convened in 2019 during the fallout of the Securities Exchange Commission's (**"SEC"**) action against Reginald Middleton, Vertiaseum, Inc., and Veritaseum, LLC in relation to the Veritaseum digital assets (collectively the "**VERI**

The Honorable Analisa N. Torres
November 3, 2022

**Tokens**"). *See SEC v. Reginald Middleton, et al.*, Case No. 1:19-cv-04625-CBA-RER (E.D.N.Y. Aug. 12, 2019).

Out of the 20,000 or more existing cryptocurrencies in circulation, the Veri Tokens are just one of a few that have involved an SEC action against the centrally involved persons. XRP is now another one. The members of Veri DAO have the unique experience of being downstream, unaffiliated, and secondary holders of a digital asset in which certain central persons were sued by the SEC. The fallout of such SEC action has left downstream, unaffiliated holders of VERI Tokens with no confidence or guidance on what they can legally do with their digital assets. Because downstream, unaffiliated holders of the VERI Tokens, like those of XRP, do not have a common enterprise with the issuer and do not share in any profits of the issuer, such holders must look to their own use and trade of their digital assets to obtain value or profits. However, the regulatory cloud of uncertainty caused by the SEC entering the digital assets space, coupled with their unwillingness to provide clarity when clarity is sought (as explained in the *amicus curiae* brief of Veri DAO), has chilled the use and trade of VERI Tokens by downstream, unaffiliated holders. Consequently, the ability of these holders to obtain the intended utility and value from their digital assets has been hampered.

There has been much discussion in the summary judgment pleadings and other *amicus* filings before this Court about the larger effect on holders of digital assets from a negative securities ruling against the centrally-involved persons of such digital asset. This decision will impact the downstream holders of XRP, as well as potentially the downstream holders of other cryptocurrencies. Veri DAO, by and through its *amicus curiae* brief, is here to tell that story and assist the Court in understanding the broader implications of its decision on those involved with cryptocurrency. Thus, Veri DAO's *amicus curiae* brief will provide a concrete, real world example of the "chilling effect" on market participants discussed in the abstract sense by the Chamber of Digital Commerce in its amicus curiae brief submitted to this Court. (Doc. 649; *see also* Doc. 647 (Order granting motion to file *amicus*).

For the foregoing reasons, Veri DAO respectfully requests that this Court grant its motion for leave to file in this case the amicus brief attached as Exhibit A hereto.

Sincerely,

Benjamin L. Tompkins

Cc: Counsel of Record (via ECF)
    Jeff Donoho