# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE )
COMMISSION, )
)
)
Plaintiff, )
)
vs. ) Case No. 1:20-cv-10832
)
RIPPLE LABS, INC., et al., )
)
Defendants. )

### DECLARATION OF LLOYD G. CUPP

I, Lloyd G. Cupp, declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of eighteen (18). I have personal knowledge of the facts stated herein and can testify competently concerning the same. I make this declaration in support of the proposed *amicus curiae* brief of Veri DAO, LLC.

2. I am a member of Veri DAO, LLC ("**Veri DAO**").

3. Veri DAO is a Wyoming limited liability company and decentralized autonomous organization.

4. Veri DAO is a diverse community composed of media personalities, small business owners, engineers, entrepreneurs, retirees, and coders who are passionate about the potential of peer-to-peer capital markets and the disintermediating of financial systems for the benefit of inventors and innovators.

5. The individuals involved in Veri DAO originally convened in 2019 during the fallout of the Securities Exchange Commission's ("**SEC**") action against Reginald Middleton, Veritaseum, Inc., and Veritaseum, LLC (collectively the "**VERI Central Persons**") in relation to the Veritaseum digital assets (collectively the "**VERI Tokens**").

1

6. None of the VERI Central Persons are members of Veri DAO.

7. The VERI Central Persons conducted an initial sale and distribution in April and May of 2017 of the VERI Tokens.

8. The VERI Token is not a network (blockchain).

9. The VERI Token is a token on the Ethereum blockchain.

10. As I understand it, the VERI Tokens were intended to serve as a utility token in order to: (i) gain access to the Veritaseum platform, and (ii) function as pre-paid licensing for patented software services from the Veritaseum platform (similar to a subscription service from other technology companies).

11. There have been public statements made by the VERI Central Persons that the VERI token may be given future utility, as originally intended by the VERI Central Persons for the Veritaseum platform, as a discount mechanism for licensure of the intellectual property held by Veritaseum Capital, LLC.

12. Currently, there are approximately 2.15 million VERI Tokens held in more than 24,000 wallets.

13. In the summer of 2019, the SEC brought action against the VERI Central Persons alleging that the VERI Tokens were securities (the "**Veritaseum Lawsuit**").

14. Neither Veri DAO nor any members of Veri DAO were named as defendants or were subject to the terms of the final judgment in the Veritaseum Lawsuit.

15. After the final judgment in the Veritaseum Lawsuit, several individuals involved with Veri DAO were confused about whether the Veritaseum Lawsuit meant that the VERI Tokens were securities and whether they could trade or sell the VERI Tokens without violating securities laws.

16. With the goal of obtaining clarity, individuals involved with Veri DAO engaged in and supported various efforts to elicit more information from the SEC regarding its position on the VERI Tokens and the ability of holders to trade the VERI Tokens.

17. Individuals involved with Veri DAO attempted to obtain more information through Freedom of Information Act requests made to the SEC, but such requests failed to elicit any information from the SEC.

18. Individuals involved with Veri DAO also supported the efforts of LGC Financial Trust, for itself and as representative of other holders of VERI Tokens ("**VERI Holders**"), in requesting a No-Action Letter from the SEC.

19. This request for a No-Action Letter was submitted to the SEC on May 13, 2021.

20. This request for a No-Action Letter regarded, among other items, the legality of: (1) the use of the VERI Tokens in the possession of VERI Holders, as non-issuer holders, for "peer to peer" digital asset transfers, and (2) the sale and trade of VERI Tokens in the possession of VERI Holders as non-issuer holders.

21. The SEC refused to provide a No-Action Letter.

22. The SEC did not provide any formal response to the request for a No-Action Letter.

23. Instead of providing a formal response to the request for a No-Action Letter, the SEC's attorneys, during a telephone conference with counsel for the VERI Holders, advised that the VERI Tokens would be treated as securities and refused to comment on the application of any exemptions.

24. This refusal by the SEC to provide clarity has frozen much of the use and trade of VERI Tokens.

25. Veri DAO is unaware of any domestic exchange in the United States that currently allows for transactions in VERI Tokens.

26. Without a domestic exchange in the United States, transactions in VERI Tokens must take place either via peer-to-peer transactions or on foreign exchanges.

27. Over 97 million VERI Tokens were frozen as a result of the resolution of the Veritaseum Lawsuit between the SEC and the VERI Central Persons.

28. On information and belief, there are no other VERI Tokens being produced.

29. Veritaseum Capital LLC is separate and unaffiliated from Veri DAO.

30. There is no common ownership between Veritaseum Capital LLC and Veri DAO.

31. Veri DAO has no interest or any license in any patent being litigated in the lawsuit between Veritaseum Capital LLC and Coinbase Global Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 2, 2022.

_____
LLOYD G. CUPP