hodl law cali #decentralizedjustice

27762 Antonio Parkway
Suite L-1, No. 232
Ladera Ranch, California 92694

Frederick A. Rispoli, Esq. | Fred@HodlLaw.org
*Admitted in Arizona, California & the Supreme Court of the United States*

Office | 602.284.5520

*SENT VIA ECF AND EMAIL*
*(Torres_NYSDChampers@nysd.uscourts.gov)*

November 9, 2022

The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 1007-1312

RE:   Letter Motion of Proposed Amicus Curiae, Reaper Financial, for Leave to File Amicus Curiae Brief in Support of Defendant Ripple Labs, Inc.'s Motion for Summary Judgment
Case No. 20-cv-10832

Dear Judge Torres,

I represent Reaper Financial, LLC, and respectfully request the Court's permission to allow Reaper Financial to appear as amicus curiae in this action. In accordance with Section I.B. of the Court's Individual Practices In Civil Cases (9/15/22), Reaper Financial, LLC seeks leave to file an amicus brief in support of Defendant Ripple Labs, Inc.'s Motion for Summary Judgment, attached as **Exhibit A**. Reaper Financial's proposed brief is not duplicative or cumulative of prior amici briefs. Although multiple amici briefs have been filed (or have sought permission from the Court to file), Reaper Financial utilizes the XRP Ledger ("XRPL") and its native digital currency unit, XRP, for a purpose yet to be addressed by current amici. Briefly, Reaper Financial created its own native token, RPR, on the XRPL to serve as the decentralized voting mechanism through which Reaper Financial executes its purpose. Reaper Financial has no connection to Ripple Labs and, in fact, one of the primary functions of the company is to reduce the circulating supply of digital currency units by destroying (aka "burning") them.

**Legal Standard**

"An *amicus* brief should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc. v. Port Authority of N.Y. & N.J.*, 2011 WL 5865296 at *2 (S.D.N.Y. Nov. 22, 2011) (internal quotations omitted). Under Fed. R. App. P. 29, an amicus curiae must file a motion for leave to file a brief, include the proposed brief, state the movant's interest and the reason why an amicus brief is desirable and relevant to the disposition of the case. *See* Fed. R. App. P. 29. "District courts are not bound by Rule 29, but sometimes look to it for guidance when reviewing a request to file an amicus brief." *Automobile Club N.Y. Inc.*, 2011 WL 5865296 at *1 n.1.

hodl law cali #decentralizedjustice

**Movant's Identity**

Reaper Financial is an Austin, Texas-based limited liability company founded in October 2021 by U.S. Army Medic Patrick L. Riley. The company's primary mission is to act as a reaper of assets by purchasing and subsequently destroying them. Though it seeks to expand the categories of assets reaped, currently Reaper Financial targets digital asset tokens existing on various blockchains including, but not limited to, the XRPL. Digital assets are selected through a decentralized voting mechanism that requires the XRPL to function. Specifically, Reaper Financial created the RPR token on top of the XRPL, and holders of RPR tokens vote in "Reapings" in proportion to their RPR holdings. At the conclusion of a voting round, the targeted assets are purchased and then destroyed.

Reaper Financial utilizes the XRPL because it is—compared to other blockchains—more decentralized in nature, has the lowest transaction fees, and has the fastest transaction speed. Every vote conducted to select assets for destruction generates tens-of-thousands of transactions on the XRPL where each transaction costs near-infinitesimal fractions of XRP. Ultimately, Reaper Financial will also include XRP itself to be voted for destruction in future Reapings. The company, like many others, also has created non-fungible tokens ("NFTs") on the XRPL, which are commonly known to be akin to digital art but also can function as membership or community credit tokens.

**Movant's Interest**

While Reaper Financial does not take a position with respect to the SEC's allegations regarding Ripple Labs' marketing of XRP (aside from the fact that the company never once marketed XRP to Reaper Financial), it is greatly concerned with the SEC's years-long position that the computer code that comprises the XRPL is itself a security/investment contract along with XRP. The XRPL is simply software code that acts as a mechanism to verify transactions and maintain transactional history. Germane to Reaper Financial, "assets other than XRP can be represented in the XRP Ledger as **tokens**." *See* "Tokens," XRPLedger.org, *available at* https://xrpl.org/tokens.html (last accessed on Nov. 9, 2022) (emphasis in original). Types of tokens issued upon the XRPL vary widely and can include stablecoins backed by tangible assets, fiat digital tokens, and community credit. *Id.*

Reaper Financial must use XRP in order to issue a fungible token on the XRPL. <u>Any project</u> wishing to issue tokens on the XRPL requires funded XRPL accounts <u>and</u> a certain amount of XRP. *See* "Issue a Fungible Token," XRPLedger.org, *available at* https://xrpl.org/issue-a-fungible-token.html (last accessed Nov. 9, 2022). Every time an RPR holder votes to burn/destroy another digital currency unit, because RPR is hosted on the XRPL, the vote must utilize minute fractions of XRP for each vote to be validated. For example, when RPR holders vote in a Reaping, they must sign a transaction to vote, which typically costs roughly 0.000012 XRP. Under the SEC's legal theories, every RPR holder is engaging in an unregistered purchase, transaction and sale of XRP during every vote even though the US dollar amount of the XRP "sale" is approximately $0.0000055344 (where 1 XRP = $0.46). Subjecting the thousands of <u>global</u> users of RPR holders, and Reaper Financial, to the SEC's reporting requirements for such use of the XRPL and XRP is simply not the purpose or function of the Exchange Act (or its Blue Sky predecessors).

**Relief Requested**

Given the critically important implications of the Court's upcoming ruling on Defendants' Motion for Summary Judgment regarding the nature of the XRPL and XRP, and XRP's use in the

secondary market, Reaper Financial seeks leave to file its attached amicus brief. Reaper Financial presents a unique perspective of an XRPL and XRP user apart from the parties and previous amici and there respectfully requests the Court grant its motion for leave to file its amicus brief.

Very truly yours,

*/s/ Frederick A. Rispoli*

Frederick A. Rispoli

Attachments/

    **Exhibit A**, Proposed Brief Of Amicus Curiae Reaper Financial, LLC In Support OF Defendant Ripple Labs, Inc.

## CERTIFICATE OF SERVICE

I HEREBY certify that I have filed the foregoing brief with the Clerk of the Court for the Southern District of New York via the CM/ECF systems this 9th day of November 2022, to be served on all counsel of record via ECF

    HODL LAW CALI, APC

    By: */s/ Frederick A. Rispoli*

    Frederick A. Rispoli (Cal. Bar No. 321794)
    *Pro Hac Vice application pending*
    Fred@hodllaw.org
    27762 Antonio Parkway
    Suite L-1, No. 232
    Ladera Ranch, CA 92694
    Telephone: (602) 284-5520

    *Counsel for Reaper Financial, LLC*