

Eileen T. Budd
77 Water Street, Suite 2100
New York, New York 10005
Eileen.Budd@lewisbrisbois.com
Direct: 212.232.1368

November 11, 2022

**VIA ELECTRONIC FILING AND EMAIL**

Hon. Analisa N. Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
Email: Torres_NYSDChambers@nysd.uscourts.gov

    Re:    **Letter Motion of Cryptillian Payment System, LLC for Leave to File Brief *Amicus Curiae*, *SEC v. Ripple Labs, Inc., et al.* No. 1:20-CV-10832 (AT) (SN)**

Dear Judge Torres:

    We are the attorneys for non-party Cryptillian Payment System, LLC ("Cryptillian") and submit this letter application pursuant to Your Honor's rules and this Court's Order dated November 4, 2022 (ECF 695) in further support of Cryptillian's application for this Court's permission to file a brief *amicus curiae* and with declaration of Vincent Bono in support of Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment in the above-captioned matter.  A copy of Cryptillian's proposed *amicus curiae* brief and declaration in support are annexed hereto.

    As previously stated, Cryptillian is a non-affiliated party and has no relationship, financial or otherwise, with the Defendants. Cryptillian's interest in the case stems from the fact that one of the six digital assets that it allows its Cardholders to store and transfer to its Merchants is the token XRP. The SEC in this action seeks to define XRP as an unregistered security asset and has, in fact, taken the position in this matter that transfers of XRP- even if not between the Defendants -are also violations of the Securities and Exchange act of 1934.  Since Cryptillian activated its platform for testing in September of 2021, Cryptillian has processed hundreds of transactions representing tens of thousands of XRP tokens between its Cardholders and Merchants. In fact, XRP is the second most popular token among Cryptillian's Customers. It is beyond dispute that Cryptillian "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide,'" an amicus brief "[u]sually … should be allowed[.]"*SEC v. Ripple Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (quoting *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)).

Hon. Analisa N. Torres
November 11, 2022
Page 2

      Should the SEC prevail in the instant action, not only will it significantly hamper Cryptillian's business, but it would retroactively make many of its customer unwitting violators of the Act. Cryptillian respectfully requests that the Court exercise its discretion to grant leave to file the proposed brief because Cryptillian has a unique perspective to share with the Court that will aid the Court in resolving the cross-motions for summary judgment. Cryptillian has a strong interest in outcome of this matter, both as a developer of digital asset technology and as a provider of Crypto services that do not involve trading, speculation or investment. The SEC will have a full and fair opportunity to respond to Cryptillian's amicus brief in its Reply, which is currently due on November 30, 2022, and will suffer no prejudice if this request for relief is granted since the parties to the action consented to permit the filing of amicus briefs no later than November 11, 2022. Accordingly, Cryptillian respectfully requests that the Court grant its request to submit an amicus brief in this action. Thank you in advance for your consideration of this request.

      Respectfully submitted,

      */s/ Eileen Budd*

      Eileen T. Budd of
      LEWIS BRISBOIS BISGAARD &
      SMITH LLP

ETB:mr
cc:    All Counsel of Record (via ECF)