1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

**JENNER&BLOCK** LLP

November 11, 2022

Kayvan Sadeghi
Tel +1 212 891 1652
KSadeghi@jenner.com

**By Electronic Filing and Email**
The Honorable Analisa N. Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York
Torres_NYSDChambers@nysd.uscourts.gov

Re:     *SEC v. Ripple Labs Inc.,* No. 1:20-cv- 10832-AT-SN

Dear Judge Torres:

I write as counsel for Paradigm Operations LP ("Paradigm") to respectfully request the Court's permission to file an amicus brief addressing the parties' motions for summary judgment. A copy of the proposed amicus brief is attached hereto as Exhibit A.

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc. v. Port Authority of N.Y. and N.J.*, No. 11-cv-7646 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (citations omitted). In this litigation, this Court has granted amicus participation where amici "will provide the Court with a meaningful perspective, and will help ensure complete and plenary presentation of difficult issues so that the Court may reach a proper decision." *SEC v. Ripple Labs, Inc.*, 2021 WL 4555352, *5 (S.D.N.Y. Oct. 4, 2021) (quotation marks omitted).

Paradigm is an investment firm that supports innovative crypto and web3 companies and protocols, offering them a range of technical and operational services to help them reach their full potential. The disposition of the parties' summary judgment motions could affect the design and operation of the projects Paradigm funds, and thus affect Paradigm's business.

Paradigm offers a perspective that will assist the Court in resolving the parties' motions for summary judgment. Its proposed amicus brief focuses on a subtle but significant distinction that will define the impact of this case on the broader market for crypto assets, but that neither party

November 11, 2022
Page 2

addresses directly.  Paradigm also brings to the Court's attention a substantial body of appellate law that bears on the subject and that has not been fully addressed by the parties' or other *amici*.

For the foregoing reasons, Paradigm respectfully moves for leave to file its proposed amicus brief.

                        Respectfully submitted,

                        */s/ Kayvan B. Sadeghi*

                        Kayvan B. Sadeghi

cc: All Counsel of Record (via ECF)