UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

RIPPLE LABS, INC., BRADLEY
GARLINGHOUSE, and CHRISTIAN A.
LARSEN,

Defendants.

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 12/19/2022 |

20 Civ. 10832 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, the Securities and Exchange Commission (the "SEC"), seeks an order directing the sealing and redaction of certain documents submitted by the parties in connection with their motions to exclude expert testimony (the "*Daubert* Motions"). *See* ECF Nos. 565, 603, 617. The SEC states that its proposed redactions are intended to "protect the identities of [its] expert witnesses," those expert witnesses' personal information, and the identity of a non-party and its representatives. *See* ECF Nos. 565 at 1, 603 at 1.[1] Defendants Ripple Labs, Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen also seek an order directing the redaction of portions of certain exhibits submitted by the parties in connection with their *Daubert* Motions. *See* ECF Nos. 561, 601. Defendants state that their proposed redactions are intended to "protect Ripple's highly confidential business information, limited personal identifying information of the [i]ndividual [d]efendants, and the legitimate privacy interests of third parties." ECF No. 561 at 1.[2] Lastly, non-parties MoneyGram International, Inc. ("MoneyGram") and

---

[1] Specifically, the SEC seeks the sealing or redaction of ECF Nos. 532–34, 534-1–534-2, 536–49, 539-1–539-4, 542-1–542-2, 542-7, 545-1–545-3, 545-6–545-7, 548-1–548-7, 548-12–548-13, 548-16, 548-18, 548-22–548-24, 548-30, 548-32–548-39, 548-42–548-44, 549-1–549-7, 589–98, 598-5–598-21, 598-23–598-24, 598-27, 598-32–598-38, 608–15.

[2] Specifically, Defendants seek redaction of ECF Nos. 539-1–539-2, 539-4, 545-4, 545-6–545-7, 549-2, 548-1, 548-3, 548-8–548-9, 548-16–548-18, 548-21–24, 548-32, 548-35, 549-2, 592, 592-1–592-6, 597, 598-1–598-2, 598-4–598-9, 598-11–598-13, 598-22–598-24.

Third-Party A[3] separately request the redaction of portions of certain documents to protect their own confidential business information and privacy interests. *See* ECF Nos. 579, 581.[4] For the reasons stated below, the SEC's motions are GRANTED in part and DENIED in part, Defendants' motions are GRANTED, and the non-parties' motions are GRANTED.

I.  Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Documents are considered "judicial documents" if they are "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted). The relevance of a specific document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id*. Rather, what is important is whether a document "would reasonably have the *tendency* to influence a district court's ruling on a motion." *Id*. When dealing with non-dispositive motions, such as motions *in limine*, the presumption of public access is "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* at 50.

After finding that documents are judicial documents to which the common law presumption of access attaches, courts must "balance competing considerations against" that presumption. *Lugosch*,

---

[3] Third-Party A is a pseudonym referring to a non-party subpoenaed for documents and testimony in this action.
[4] MoneyGram seeks the redaction of the deposition transcript of one of its officers. ECF No. 579. Third-Party A requests the redaction of seven documents of which Defendants also seek redaction. ECF No. 581.

435 F.3d at 120 (citation omitted).  The sealing of judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."  *Id*. at 124.  The interests in favor of non-disclosure can include "the danger of impairing law enforcement or judicial efficiency," "the privacy interests of those resisting disclosure," *In re United States for Material Witness Warrant*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) (citations omitted), and concerns for witness safety, *Walker v. City of New York*, No. 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017).  And, although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, *see SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), "conclusory statements that documents contain confidential business information" are insufficient to justify sealing, *United States v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015).  Rather, the moving party must make a "particular and specific demonstration of factshowing [sic] that disclosure would result in an injury sufficiently serious to warrant protection."  *Id*. (citation omitted).

II.   Application

A.  The SEC's Requests

The majority of the SEC's sealing and redaction requests are intended "to protect the identities of [its] expert witnesses."  ECF No. 565 at 1.  The SEC also seeks redaction to "prevent disclosure of personal information, including financial information," of its experts, *id.* at 2, and to protect the identity of a non-party and its representatives, ECF No. 603 at 1.  The SEC contends that one of its experts "was subjected to extensive threats and harassment after that individual's name was publicly disclosed," and redactions are necessary to serve the interest of witness safety.  ECF No. 565 at 1–2 (citing *Walker*, 2017 WL 2799159, at *6); *see also* ECF No. 498.  Therefore, the SEC proposes the redaction of expert names, contact information, educational and employment history, publications, and affiliations.  ECF

No. 565 at 1–2.  The SEC also requests the redaction of the names of consulting expert firms that assisted the experts and the identities of those firms' employees.  *Id.*  As to the proposed redaction of the experts' personal and financial information and the non-party's information, the SEC argues that the redactions will protect "significant privacy interests," and the presumption of access is lower for this information because it is "not relevant to the adjudication of the *Daubert* Motions."  ECF Nos. 565 at 2; 603 at 1–2.

As a threshold matter, the documents the SEC seeks to seal are judicial documents because they are relevant to the Court's decisions on the *Daubert* Motions.  *See Brown*, 929 F.3d at 49.  These documents include legal briefs, expert reports, and deposition transcripts filed in connection with the parties' *Daubert* Motions which may have the tendency to influence the Court's decision on those motions.  *See id.*  Because the documents were submitted in connection with a non-dispositive motion, they are "subject to a lesser—but still substantial—presumption of public access."  *Id.* at 53.

As the Court has previously held, public dissemination of information about the SEC's experts "may increase the likelihood of future threatening behavior, implicating concerns of witness safety and 'the danger of impairing . . . judicial efficiency.'"  ECF No. 529 at 3 (quoting *In re United States for Material Witness Warrant*, 2020 WL 3959208, at *3) (alteration in original).  Here, the Court finds that most of the SEC's proposed redactions are proper and "necessary to preserve higher values," thus overcoming the substantial presumption of public access.  *Lugosch*, 435 F.3d at 124.  The redaction of expert names and identifying information are narrowly tailored to preserve the higher values of witness safety and judicial efficiency.[5]  *See* ECF. No. 554.  However, with respect to the names of the consulting firms that assisted the SEC's experts, the Court finds that the SEC has not properly justified the

_____

[5] The SEC proposes sealing the entirety of two documents, which are publications by its expert witnesses: ECF Nos. 539-3 and 542-7.  The Court finds these proposed sealings proper because the experts can be identified by their publications.

redaction of this information.  The SEC has not explained how redacting the names of consulting firms would promote witness safety or judicial efficiency because the identity of each expert witness cannot be gleaned from this information.[6]

With respect to the experts' personal and financial information and the names of the non-party and its representatives, the Court finds that privacy interests justify the redaction of this information. *See Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).  The Court agrees with the SEC that its proposed redactions are narrowly tailored to serve this interest and that the information has minimal relevance to the Court's decisions on the *Daubert* Motions.  *See Amodeo*, 71 F.3d at 1050; *City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021).

Accordingly, the Court DENIES the SEC's request to redact the names of the consulting firms that assisted its expert witnesses, and otherwise GRANTS the SEC's requests to redact the documents submitted in connection with the *Daubert* Motions.

B.   Defendants' Requests

Defendants seek redaction of five categories of information: (1) Ripple's nonpublic audited financial statements, (2) confidential financial terms of Ripple's business relationships, (3) identities of certain non-parties, (4) identities of former and current Ripple employees, and (5) personal identifying and financial information.  ECF Nos. 561 at 2–6; 601 at 2–3.  As to categories (1) and (2), Defendants contend that the redactions are necessary to prevent the disclosure of private financial information that has never been publicly released, the disclosure of which "would be highly detrimental [to Ripple] because it would reveal detailed information about Ripple's financial condition, long term business plans, revenue streams, and expense structures to the marketplace."  ECF No. 561 at 2. Defendants also argue that the disclosure "could result in serious damage to Ripple's negotiating

---

[6] The Court does find the redaction of the firms' employees' names to be proper in light of those individuals' significant privacy interests. *See Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020).

position with future counterparties, and would cause competitors to adjust their sales plans and pricing policies to the detriment of Ripple's standing in the marketplace." *Id.* at 3.  Regarding categories (3), (4), and (5), Defendants argue that the Court should grant the redactions because privacy interests outweigh the presumption of public access to this information, which is not relevant to the Court's determination of the *Daubert* Motions.  *Id.* at 4–6.

The financial documents Defendants seek to redact are judicial documents because they are relevant to the performance of the judicial function.  *See Brown*, 929 F.3d at 49.  The financial documents may assist the Court when resolving the pending *Daubert* Motions, which involves evaluating whether the parties' expert opinions are methodologically sound.  Therefore, these documents are subject to a substantial presumption of public access.  *Id.* at 53.

Although "conclusory statements that documents contain confidential business information" are insufficient to justify sealing, *Wells Fargo Bank*, 2015 WL 3999074, at *4, here, Defendants have provided a "particular and specific demonstration of factshowing [sic] that disclosure would result in an injury sufficiently serious to warrant protection."  *Id*. (citation omitted).  In her declaration dated July 21, 2022, Kristina Campbell, Ripple's Chief Financial Officer, sets forth particular facts which support Ripple's contention that disclosure of its non-public audited financial statements and financial information in its contracts "would be highly detrimental to Ripple's business."  ECF No. 561-2 ¶¶ 8, 12–18.  And, Defendants' proposed redactions are narrowly tailored to exclude only limited financial information, leaving unsealed the substantive terms of the financial documents as well as the expert witnesses' analyses of these documents.  The Court, therefore, agrees with Defendants that the redaction of information in categories (1) and (2) is narrowly tailored to preserve higher values and overcome the substantial presumption of public access.  *See Lexington Furniture Indus., Inc. v. Lexington Co., AB,* No. 19 Civ. 6239, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021); *see also* ECF No. 422 at 5–6.

The Court also finds that privacy interests justify the redaction of the information in categories (3), (4), and (5). *See Matter of N.Y. Times Co*., 828 F.2d at 116. This information has minimal relevance to the Court's decisions on the *Daubert* Motions, and the strong privacy interests of those resisting disclosure outweigh the presumption of public access. *See City of Almaty, Kazakhstan*, 2021 WL 1177737, at *2; *In re United States for Material Witness Warrant*, 2020 WL 3959208, at *3; ECF No. 422 at 5–6; *see also* ECF No. 554.

Accordingly, the Court GRANTS Defendants' request to redact the documents submitted in connection with the *Daubert* Motions.

### C.  Non-parties' Requests

MoneyGram seeks redaction of a few lines from the deposition transcript of one of its officers. ECF No. 579 at 1. MoneyGram argues that its proposed redactions are "narrowly tailored to protect its highly confidential business information," and the "public disclosure of this information would be highly detrimental [to MoneyGram] because it would reveal to the public and MoneyGram's competitors detailed information about MoneyGram's internal and confidential business operations and strategic matters." *Id.* Third-Party A requests the redaction of the financial terms in its contracts, digital wallet address information, references to its current and former employees and representatives, and references to its own identity in certain instances. ECF No. 581 at 3–4. Third-Party A contends that the redactions are necessary to protect its "confidential business information" and "the legitimate privacy interests" of its employees and representatives. *Id.* at 1.

"[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" when deciding whether to seal certain materials. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1050) (alteration in original). The Court agrees with MoneyGram and Third-Party A that their privacy interests outweigh the presumption of public access to the information they seek to redact, which has minimal relevance to the Court's decisions on the *Daubert*

Motions.  Further, the proposed redactions are narrowly tailored to achieve the non-parties' interests. *Lugosch*, 435 F.3d at 124.

Accordingly, the Court GRANTS MoneyGram and Third-Party A's requests to redact the documents submitted in connection with the *Daubert* Motions.

## CONCLUSION

For the foregoing reasons, the SEC's motions are GRANTED in part and DENIED in part, the Defendants' motions are GRANTED, MoneyGram's motion is GRANTED, and Third-Party A's motion is GRANTED.[7]  The Clerk of Court is directed to terminate the pending motions at ECF Nos. 527, 550, 561, 565, 579, 581, 601, 603, and 617.

SO ORDERED.

Dated:  December 19, 2022
        New York, New York

_____
ANALISA TORRES
United States District Judge

---

[7] The Court emphasizes that its order today does not hold that the same categories of information should be sealed or redacted for summary judgment briefing because the presumption of public access is at its strongest when the material is relevant to a court's decision on a motion for summary judgment.  *See Brown*, 929 F.3d at 53.

8