

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

December 22, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Pursuant to the Court's November 4, 2022 order (D.E. 695), the SEC respectfully submits this motion ("Motion") to seal certain portions of the parties' filings in connection with their motions for summary judgment. The SEC's requests for sealing relate to three categories of information: (1) names and other identifying information of the SEC's experts and XRP investor declarants; (2) personal and financial information; and (3) internal SEC documents reflecting debate and deliberation by SEC officials.[1] The proposed redactions and sealing requests are appropriate because they are "necessary to preserve higher values" and are "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

**Category 1: Witness Names and Other Identifying Information**

The SEC seeks to redact names and other identifying information of (1) SEC expert witnesses (the "SEC Experts") and (2) certain XRP investors who submitted declarations in connection with the SEC's summary judgment motion (the "Investor Declarants"). These limited redactions are appropriate in order to protect the identities of these witnesses.

As the Court is aware, one of the SEC Experts was subjected to extensive threats and harassment after his name was publicly disclosed. (*See* D.E. 498.) The Court thus held, in connection with the parties' motions to exclude expert testimony, that "[t]he redaction of expert names and identifying information are narrowly tailored to preserve the higher values of witness safety and judicial efficiency." (D.E. 737 at 4.)

---

[1] Appendix 1 to this Motion is a chart outlining the SEC's proposed redactions for each of these three categories. Each document referenced in Appendix 1 is attached as an exhibit to this Motion with the SEC's proposed redactions highlighted in yellow, with one exception: the SEC is not re-attaching as exhibits to this Motion the expert reports and deposition transcripts and instead refers in Appendix 1 to the proposed redactions previously filed in connection with the SEC's prior motion to seal. (D.E. 565 & 566.) The Court has ruled on these proposed redactions in connection with the parties' motion to exclude expert testimony (D.E. 737) and, as explained herein, the SEC believes redactions in line with the Court's order are appropriate here too. The SEC thus seeks to redact names and other identifying information of SEC Experts and of individuals who worked with consulting firms that assisted the SEC Experts. (*See* D.E. 737 at 4–5 & n.6.)

The SEC respectfully submits that information identifying the SEC Experts should likewise be sealed in connection with the summary judgment motions in order to protect the identities of those witnesses. In light of the significant harassment an SEC Expert was subjected to when his name was publicly disclosed, and the ongoing high profile of this litigation, these limited redactions continue to be necessary to serve the interests of witness safety. *See Walker v. City of N.Y.*, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) (sealing motion for summary judgment because "the safety of the complaining witness and his family constitutes a 'higher value' which should be protected") (quoting *Lugosch*, 435 F.3d at 119–20); *see generally United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (privacy interests of third party witnesses is a countervailing factor in favor of sealing).

Although "the presumption of public access is at its strongest when the material is relevant to a court's decision on a motion for summary judgment" (D.E. 737 at 8, n.7), these redactions are appropriate at the summary judgment stage because the *identity* of the SEC Experts has no relevance to the Court's decision on summary judgment. And the substance of the SEC Experts' opinions, which may be relevant to the Court's decision, will be part of the public record. The proposed redactions are thus narrowly tailored and appropriate. *See Lugosch*, 435 F.3d at 120.

For the same reasons, the identities of the Investor Declarants should be sealed. *See SEC v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (granting motion to seal identity of third party investors in connection with motion for preliminary injunction). A substantial risk exists that these individuals, if identified, will be subject to threats and harassment for having filed declarations in support of the SEC's summary judgment motion. As with the SEC Experts, only the substance of the Investor Declarants' statements, and not their identities, is relevant to the Court's summary judgment decision. The safety of these nonparty witnesses thus constitutes a higher value which should be protected. *See Amodeo*, 71 F.3d at 1051.

**Category 2: Personal and Financial Information**

The SEC is also submitting proposed limited redactions in order to prevent disclosure of personal information, including financial information, of Defendants and certain third-parties. This includes bank account numbers, blockchain wallet addresses, and mobile telephone numbers.

These proposed redactions are appropriate because personal and financial information implicates "significant privacy interests" and is not relevant to the adjudication of the summary judgment motions. *City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (allowing redaction of third parties' personal financial information when such information was "essentially irrelevant to the summary judgment motion"); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low."); *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (finding "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); Fed. R. Civ. P. 5.2(a)(4) (requiring redaction of financial account numbers).

The Court allowed similar redactions in connection with the motions to exclude expert testimony (D.E. 737 at 5–7) and the SEC submits that, even with the stronger presumption of public access at the summary judgment stage, the sealing of this information, which is of no relevance to the parties' motions, is appropriate.[2]

---

[2] The SEC has attached to its papers certain of Ripple's bank statements: PX 296 & PX 753–763 (D.E. 631-95 & D.E. 670-105–670-115). The SEC expects Defendants will move to fully or

Hon. Analisa Torres
December 22, 2022
Page 3

**Category 3: Internal Deliberations of SEC Officials**

Finally, the SEC seeks to seal internal SEC documents (and references to those documents in Defendants' papers) that reflect nonpublic deliberations by SEC officials in connection with Director Bill Hinman's June 2018 speech (the "Hinman Speech Documents").[3] The SEC produced these internal documents after this Court denied the SEC's Objections to Magistrate Judge Netburn's findings that these documents were not protected by the deliberative process or attorney client privileges. (D.E. 652.) The SEC respectfully maintains that the Hinman Speech Documents are protected by these privileges. But if these documents were to become part of the public record, the SEC would be foreclosed from making any such argument in the future (on appeal in this litigation or in other litigation), which would be highly prejudicial to the SEC. *See generally Lugosch*, 435 F.3d at 125 (finding attorney-client privilege "might well be…a compelling reason" to overcome the presumption of access); *see also Rattner v. Netburn*, 1989 WL 223059, at *9 (S.D.N.Y. June 20, 1989) ("If a party withholds a document from disclosure on the basis of privilege and, on motion of its adversary, the Court holds that the document is not privileged, the resulting disclosure of the document will not be deemed a waiver of the privilege for purposes of other lawsuits.").

Moreover, "the weight to be given to the presumption of access must be governed by the role of the material at issue" and "the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo*, 71 F.3d at 1049). Here, this Court has already found that the Hinman Speech Documents "are not directly relevant to any claims or defenses in this case." D.E. 652 at 3. These documents thus cannot have any relevance to the summary judgment motions.

The clear lack of relevance of these documents to the summary judgment motions should be weighed against the impact that release of the documents would have on the SEC's ongoing deliberations on a wide variety of issues if these documents were made public. The Hinman Speech Documents reflect internal discussions and deliberations by numerous SEC officials. Regardless of whether these documents reflect *agency* deliberations that should be protected by the deliberative process privilege, they unquestionably reflect confidential deliberations. SEC officials repeatedly express their views and positions on issues of programmatic significance to the SEC. The ability of agency officials to debate and collaborate with openness and candor would be hampered by the public dissemination of these documents. *See, e.g.*, *U.S. Fish and Wildlife Service v. Sierra Club*, 141 S. Ct. 777, 785 (2020) (noting "'the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news'" (quoting *Dept. of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8–9 (2001)). This potential harm to the

---

partially seal these documents. While the SEC does not believe the documents should be sealed in their entirety, partial sealing (including redaction of bank account numbers) may be appropriate. The SEC will consider Defendants' position and respond as part of its opposition brief.

[3] The Hinman Speech Documents were filed by Defendants as Exhibits 150, 151, 152, 153, 155, 156, and 157 (D.E. 664-44, 664-45, 664-46, 664-47, 664-49, 664-50, 664-51), and Exhibits 209, 210, 211, 262, and 277 (D.E. 665-68, 665-69, 665-70, 665-121, 665-136). Because the SEC seeks to seal the Hinman Speech Documents in their entirety, it has not included the documents as entries in Appendix 1. The SEC also seeks to redact references to these documents from Defendants' opposition and reply briefs, as well as their Rule 56.1 statements of facts, as reflected in Appendix 1.

Hon. Analisa Torres
December 22, 2022
Page 4

SEC's mission outweighs the public's right to access documents that have no relevance to the Court's summary judgment decision.

Finally, in considering whether sealing is appropriate, "an important consideration is, of course, whether the information sought to be kept confidential is already public." *United States v. Avenatti*, 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) (citations omitted). The SEC has never publicized these or similar documents, and the documents remain non-public.

Accordingly, the SEC respectfully requests that the Hinman Speech Documents be sealed in their entirety, and that all references thereto be redacted from Defendants' papers.

                                        Respectfully submitted,

                                        /s/ Ladan F. Stewart

                                        Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)

**Appendix 1: SEC Proposed Redactions to Summary Judgment Motion Papers**

| Docket Entry (D.E.)[4] | Exhibit Number(s) | Document Description | Sealing Category/Description of Redaction |
|---|---|---|---|
| 622 | N/A | Defendants' Summary Judgment Opening Brief | Category 1: Identifying information of SEC Experts |
| 623 | N/A | Defendants' Rule 56.1 Statement | Category 1: Identifying information of SEC Experts |
| 624 | N/A | Declaration of Michael M. Kellogg | Category 1: Identifying information of SEC Experts |
| *624-12* | DX 12 | Rebuttal Expert Report of Defendants' Expert Allen Ferrell | Category 1: Identifying information of SEC Experts. Redactions proposed in D.E. 566-14 |
| *624-74* | PX 500; DX 74 | Amended Expert Report of SEC Expert 5 | Category 1: Identifying information of SEC Experts. Redactions proposed in D.E. 566-6 |
| *624-104* | DX 104 | Expert Report of SEC Expert 1 | Category 1: Identifying information of SEC Experts. Redactions proposed in D.E. 566-4 |
| *624-105* | PX 13; DX 105 | Expert Rebuttal Report of SEC Expert 1 | Category 1: Identifying information of SEC Experts. Redactions proposed in D.E. 566-55 |
| *624-106* | PX 621; DX 106 | Second Amended Expert Rebuttal Report of SEC Expert 1 | Category 1: Identifying information of SEC Experts. Redactions proposed in D.E. 566-5 |

---

[4] Documents with docket entry numbers that are italicized have not been included as exhibits to this Motion. Instead, the SEC has included references to the docket entry number for the SEC's prior proposed redactions which, as explained in the Motion, the SEC seeks to apply here in line with the Court's December 19, 2022 order (D.E. 737).

| | | | |
|---|---|---|---|
| 627 | N/A | Declaration of Jorge G. Tenreiro | Category 1: Identifying information of SEC Experts and Investor Declarants |
| 627-9 | PX 411; DX 273 | Trading platform account/transaction documents | Category 2: Personal/financial information |
| 627-10 | PX 412 | Instant messages dated January 27, 2020 | Category 2: Personal/financial information |
| 627-11 | PX 413 | Text messages dated June 25, 2020 | Category 2: Personal/financial information |
| 627-14 | PX 416 | Chats dated January 16, 2020 | Category 2: Personal/financial information |
| 627-45 | PX 447 | Investor Declaration | Category 1: Identifying information of Investor Declarant |
| 627-61 | PX 465 | Email dated April 10, 2016 | Category 2: Personal/financial information |
| 627-85 | PX 489 | Email dated July 22, 2019 | Category 2: Personal/financial information |
| 627-95 | PX 510 | Declaration of SEC Expert 2 | Category 1: Identifying information of SEC Experts |
| 627-96 | PX 511 | Declaration of SEC Expert 1 | Category 1: Identifying information of SEC Experts |
| 627-97 | PX 513 | Declaration of SEC Expert 4 | Category 1: Identifying information of SEC Experts |
| 627-98 | PX 514 | Declaration of SEC Expert 3 | Category 1: Identifying information of SEC Experts |
| 627-109 | PX 542 | Investor Declaration | Category 1: Identifying information of Investor Declarant |
| 627-110 | PX 543 | Investor Declaration | Category 1: Identifying information of Investor Declarant |

| 627-111 | PX 544 | Investor Declaration | Category 1: Identifying information of Investor Declarant |
|---|---|---|---|
| 628 | N/A | SEC's Summary Judgment Opening Brief | Category 1: Identifying information of Investor Declarants |
| 629 | N/A | SEC's Rule 56.1 Statement | Category 1: Identifying information of SEC Experts and Investor Declarants |
| 630 | N/A | Declaration of Ladan F. Stewart | Category 1: Identifying information of SEC Experts |
| 630-9 | PX 9 | Email dated January 23, 2018 | Category 2: Personal/financial information |
| *630-12* | PX 12 | Expert Report of SEC Expert 4 | Category 1: Identifying information of SEC Experts<br><br>Redactions proposed in D.E. 566-9 |
| 630-64 | PX 64 | Text message dated October 8, 2017 | Category 2: Personal/financial information |
| 630-120 | PX 121 | Text message dated May 16, 2017 | Category 2: Personal/financial information |
| 630-121 | PX 122 | Text message dated December 7, 2017 | Category 2: Personal/financial information |
| 630-138 | PX 139 | Text message dated November 3, 2013 | Category 2: Personal/financial information |
| 630-139 | PX 140 | Email dated August 10, 2017 | Category 2: Personal/financial information |
| 630-143 | PX 144 | Email dated January 11, 2018 | Category 2: Personal/financial information |
| 631 | N/A | Declaration of Mark R. Sylvester | Category 1: Identifying information of SEC Experts |
| *631-2* | PX 202 | Amended Expert Report of SEC Expert 3 | Category 1: Identifying information of SEC Experts<br><br>Redactions proposed in D.E. 566-3 |

| 631-4 | PX 204 | Email dated May 7, 2017 | Category 2: Personal/financial information |
|---|---|---|---|
| 631-5 | PX 205 | Email dated May 24, 2017 | Category 2: Personal/financial information |
| 631-7 | PX 207 | Email dated June 4, 2017 | Category 2: Personal/financial information |
| 631-8 | PX 208 | Email dated June 7, 2017 | Category 2: Personal/financial information |
| 631-9 | PX 209 | Email dated June 18, 2017 | Category 2: Personal/financial information |
| 631-10 | PX 210 | Email dated July 8, 2017 | Category 2: Personal/financial information |
| 631-13 | PX 213 | Email dated August 19, 2017 | Category 2: Personal/financial information |
| 631-14 | PX 214 | Email dated August 21, 2017 | Category 2: Personal/financial information |
| 631-16 | PX 216 | Email dated August 27, 2017 | Category 2: Personal/financial information |
| 631-17 | PX 217 | Email dated September 1, 2017 | Category 2: Personal/financial information |
| 631-19 | PX 219 | Email dated September 30, 2017 | Category 2: Personal/financial information |
| 631-20 | PX 220 | Email dated October 7, 2017 | Category 2: Personal/financial information |
| 631-22 | PX 222 | Email dated October 20, 2017 | Category 2: Personal/financial information |
| 631-23 | PX 223 | Email dated November 20, 2017 | Category 2: Personal/financial information |
| 631-24 | PX 224 | Email dated December 5, 2017 | Category 2: Personal/financial information |
| 631-25 | PX 225 | Email dated December 5, 2017 | Category 2: Personal/financial information |
| 631-26 | PX 226 | Email dated December 5, 2017 | Category 2: Personal/financial information |

| 631-27 | PX 227 | Email dated December 11, 2017 | Category 2: Personal/financial information |
|---|---|---|---|
| 631-28 | PX 228 | Email dated January 3, 2018 | Category 2: Personal/financial information |
| 631-29 | PX 229 | Email dated January 6, 2018 | Category 2: Personal/financial information |
| 631-30 | PX 230 | Email dated January 12, 2018 | Category 2: Personal/financial information |
| 631-31 | PX 231 | Email dated January 12, 2018 | Category 2: Personal/financial information |
| 631-32 | PX 232 | Email dated January 14, 2018 | Category 2: Personal/financial information |
| *631-38* | PX 238 | Expert Report of SEC Expert 1 | Category 1: Identifying information of SEC Experts Redactions proposed in D.E. 566-32 to -34 |
| 631-43 | PX 243 | Email dated November 8, 2012 | Category 2: Personal/financial information |
| 631-87 | PX 288 | Sale invoice dated January 30, 2015 | Category 2: Personal/financial information |
| 631-94 | PX 295 | Sale invoice dated June 26, 2015 | Category 2: Personal/financial information |
| 631-99 | PX 300 | Sale invoice dated June 9, 2016 | Category 2: Personal/financial information |
| 631-100 | PX 301 | Sale invoice dated July 12, 2016 | Category 2: Personal/financial information |
| 631-102 | PX 303 | Sale invoice dated August 8, 2018 | Category 2: Personal/financial information |
| 631-104 | PX 305 | Sale invoice dated April 2, 2018 | Category 2: Personal/financial information |
| 631-105 | PX 306 | Sale invoice dated June 20, 2017 | Category 2: Personal/financial information |
| 631-106 | PX 307 | Sale invoice dated February 12, 2018 | Category 2: Personal/financial information |
| 631-107 | PX 308 | Email dated August 3, 2017 | Category 2: Personal/financial information |

| 631-112 | PX 313 | Chat dated August 2, 2018 to February 20, 2021 | Category 2: Personal/financial information |
| --- | --- | --- | --- |
| 631-113 | PX 314 | Subscription Agreement | Category 2: Personal/financial information |
| 631-114 | PX 315 | Chat (undated) | Category 2: Personal/financial information |
| 631-115 | PX 316 | Sale invoice dated August 9, 2018 | Category 2: Personal/financial information |
| 631-124 | PX 325 | Sale invoice dated September 27, 2017 | Category 2: Personal/financial information |
| 631-125 | PX 326 | Sale invoice dated September 28, 2017 | Category 2: Personal/financial information |
| 631-126 | PX 327 | Sale invoice dated September 29, 2017 | Category 2: Personal/financial information |
| 631-129 | PX 330 | Sale invoice dated May 26, 2020 | Category 2: Personal/financial information |
| 631-130 | PX 331 | Sale invoice dated May 27, 2020 | Category 2: Personal/financial information |
| 631-132 | PX 333 | XRP transaction history | Category 2: Personal/financial information |
| 631-136 | PX 337 | Sale invoice dated May 29, 2020 | Category 2: Personal/financial information |
| 631-137 | PX 338 | Sale invoice dated May 26, 2020 | Category 2: Personal/financial information |
| 631-158 | PX 359 | Email dated February 18, 2017 | Category 2: Personal/financial information |
| 631-163 | PX 364 | Email dated August 18, 2012 | Category 2: Personal/financial information |
| 631-170 | PX 371 | Email dated December 6, 2018 | Category 2: Personal/financial information |
| 631-183 | PX 384 | Tax and financial information | Category 2: Personal/financial information |
| 631-186 | PX 387 | Email dated April 10, 2016 | Category 2: Personal/financial information |

| | | | |
|---|---|---|---|
| 631-193 | PX 394 | Trading platform account/transaction documents | Category 2: Personal/financial information |
| 631-200 | PX 545 | Email dated November 18, 2017 | Category 2: Personal/financial information |
| 662 | N/A | Defendants' Summary Judgment Opposition Brief | Category 1: Identifying information of SEC Experts<br>Category 3: SEC officials' internal deliberations |
| 663 | N/A | Defendants' Rule 56.1 Counter-Statement | Category 1: Identifying information of SEC Experts<br>Category 3: SEC officials' internal deliberations |
| 664 | N/A | Declaration of Christopher Ford | Category 1: Identifying information of SEC Experts |
| *664-34* | DX 140 | Deposition Transcript of SEC Expert 2 | Category 1: Identifying information of SEC Experts<br>Redactions proposed in D.E. 566-35 |
| *665-30* | DX 171 | Expert Report of Defendants' Expert Peter Easton | Category 1: Identifying information of SEC Experts<br>Redactions proposed in D.E. 566-12 |
| *665-82* | DX 223 | Rebuttal Expert Report of Defendants' Expert Peter Adriaens | Category 1: Identifying information of SEC Experts<br>Redactions proposed in D.E. 566-11 |
| 668 | N/A | SEC's Rule 56.1 Counter-Statement | Category 1: Identifying information of SEC Experts |
| 669 | N/A | Declaration of Ladan F. Stewart | Category 1: Identifying information of SEC Experts |
| *669-8* | PX 505 | Supplemental Expert Report of SEC Expert 5 | Category 1: Identifying information of SEC Experts<br>Redactions proposed in D.E. 566-8 |
| *669-9* | PX 525 | Expert Rebuttal Report of SEC Expert 5 | Category 1: Identifying information of SEC Experts<br>Redactions proposed in D.E. 566-7 |

| | | | |
|---|---|---|---|
| 669-47 | PX 581 | Email dated January 23, 2018 | Category 2: Personal/financial information |
| 669-56 | PX 590 | Email dated October 2, 2016 | Category 2: Personal/financial information |
| 669-59 | PX 593 | Email dated May 22, 2017 | Category 2: Personal/financial information |
| 669-72 | PX 606 | Email dated January 1, 2018 | Category 2: Personal/financial information |
| 670-40 | PX 686 | Trading platform account/transaction documents | Category 2: Personal/financial information |
| 723 | N/A | Defendants' Summary Judgment Reply Brief | Category 3: SEC officials' internal deliberations |
| 724 | N/A | Defendants' Rule 56.1 Counter-Statement | Category 1: Identifying information of SEC Experts |
| 727 | N/A | SEC's Response to Defendants' Rule 56.1 Statement | Category 1: Identifying information of SEC Experts |
| 728 | N/A | Declaration of Mark R. Sylvester | Category 1: Identifying information of SEC Experts |
| *728-1* | PX 248 | Rebuttal Expert Report of SEC Expert 3 | Category 1: Identifying information of SEC Experts  Redactions proposed in D.E. 566-18 |
| 728-6 | PX 671 | Chats dated January 13, 2018 | Category 2: Personal/financial information |