

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 8537
AHASBROUCK@SIDLEY.COM

January 4, 2023

**Via ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10017

> Re: *SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832, Letter Motion to Redact Declaration PX 447 in Support of SEC's Motion for Summary Judgment

Dear Judge Torres:

    We write on behalf of non-party Investment Banker Declarant[1] with respect to the above-referenced matter. Pursuant to Section IV.A.ii of Your Honor's Individual Practices in Civil Cases, Investment Banker Declarant respectfully submits this letter motion to redact additional portions of his declaration submitted in support of Plaintiff SEC's Motion for Summary Judgment (ECF No. 627-45, PX 447). The SEC has informed us that it does not oppose this letter motion. Defendant Ripple Labs, Inc. has informed us that it does not oppose redaction of the email addresses described below, but does not consent to Investment Banker Declarant's other proposed redactions. Defendants Bradley Garlinghouse and Christian A. Larsen have informed us that they oppose this letter motion.

    Investment Banker Declarant submitted his declaration, on behalf of his employer, to facilitate the SEC's investigation of Defendants. As the Court is aware, a prior non-party declarant in this matter experienced extensive threats and harassment after his name was publicly disclosed. *See, e.g.*, ECF No. 745 at 1. Accordingly, in order to protect Investment Banker Declarant's privacy interests as a non-party declarant, the SEC moved to redact certain individually identifying portions of Investment Banker Declarant's declaration. *See id.* In light of the significant threats already levied against non-party declarants, however, Investment Banker Declarant seeks

---

[1] In conformity with Section IV.A.ii of Your Honor's Individual Practices in Civil Cases, this letter motion refers to our client—the signatory of Declaration PX 447 (ECF No. 627-45)—as "Investment Banker Declarant" so as to avoid revealing the confidential information that this letter motion seeks to redact.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

The Honorable Analisa Torres
January 4, 2023
Page 2

additional redactions, including of his own identity on Exhibit A to his declaration, and of the identities and email addresses of his co-workers—other non-parties who are not even present in this action to defend their interests. These redactions are necessary in order to protect these non-parties' privacy and safety interests, which are substantially at risk. Investment Banker Declarant also moves to redact the identity of his employer, which serves similar privacy interests and is irrelevant to any factual or legal issue at stake in this matter.

The Second Circuit has articulated a three-step process for determining whether sealing is appropriate. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, a court must determine whether a presumption of access attaches. *Id.* at 119. Here, because Investment Banker Declarant's declaration was submitted in connection with the SEC's summary judgment motion, it is a judicial document and a presumption of access applies. *Id.* at 121. Second, the court must determine the weight of the presumption of access based on how central the material is to the litigation. *Id.* at 119. Here, only the substance of Investment Banker Declarant's declaration is relevant for purposes of evaluating the SEC's summary judgment motion. There is therefore a low presumption of access to identifying information contained in Investment Banker Declarant's declaration. *See SEC v. Ripple Labs, Inc.*, 2022 WL 17751466, at *4 (S.D.N.Y. Dec. 19, 2022) (granting redaction of third party identifying information in this matter where that information "ha[d] minimal relevance to the Court's decision[]").

Finally, and critically, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Lugosch*, 435 F.3d at 120. As this Court and other courts have already held, "'[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' when deciding whether to seal certain materials." *Ripple Labs*, 2022 WL 17751466, at *4 (quoting *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020)); *see also, e.g.*, *SEC v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (granting motion to seal identity of third party investors based on countervailing privacy interests); *Royal Park Invs. SA/NV v. Deutsch Bank Nat'l Tr. Co.*, 2017 WL 1331288, at *11 (S.D.N.Y. Apr. 4, 2017) (holding that non-parties' privacy interests can be sufficient to overcome the presumption of access where the requested sealing and proposed redactions are limited in scope and "narrowly tail[or]ed to serve [such] interest[s]").

Disclosure of Investment Banker Declarant's identity, that of his employer, and that of his fellow employees and his and their email addresses would create a risk of harassment of precisely the kind that justifies sealing. *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 232–33 (D. Conn. 2019) (noting the "significant and weighty interest" of a non-party employer in "ensuring that its employees do not fear reprisal or retaliation . . . as a result of their participation" in an investigation); *Doe v. City of N.Y.*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) (holding that where non-redaction "could expose the identities of those who cooperated" and "deter future cooperation," "[t]hese concerns are legitimate and the Court will err on the side of caution to protect the interests of innocent third parties"); *see also Cardwell v. Davis Polk &*

# SIDLEY

The Honorable Analisa Torres
January 4, 2023
Page 3

*Wardwell LLP*, 2022 WL 17175759, at *2 (S.D.N.Y. Nov. 23, 2022) (granting motion to seal as to "third-party names and identifying information" in light of "the privacy interests of the innocent third parties [that] substantially counsel against disclosure of the information"). Further, the identity of Investment Banker Declarant's employer is irrelevant to any issue in the case; the only relevant fact is that Ripple considered seeking investment banking services in connection with a possible IPO, not the identity of the institutions from which it sought these services. *See generally* ECF No. 627-45.

For these reasons, Investment Banker Declarant believes that his identifying information as a witness and the identities of his coworkers and employer should be redacted. Pursuant to the Court's Individual Practices in Civil Cases, copies of the relevant document with proposed redactions to effectuate this request are attached.[2] We thank the Court for its attention to this request.

Respectfully submitted,

*/s/ Alyssa M. Hasbrouck*
Alyssa M. Hasbrouck

Enclosure

cc: Counsel of Record (via ECF)
W. Hardy Callcott, Sidley Austin LLP, hcallcott@sidley.com

---

[2] Investment Banker Declarant's proposed redactions are highlighted in bright yellow. The SEC's existing proposed redactions (*see generally* ECF No. 745) are highlighted in a slightly more orange color. For the avoidance of doubt, Investment Banker Declarant seeks redaction of all of the highlighted text.