

# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                    pryorcashman.com

**Scott Schirick**

Direct Tel: 212-326-0141
Direct Fax: 212-326-0806
SSchirick@PRYORCASHMAN.com

January 4, 2023

**<u>VIA FIRST CLASS MAIL</u>**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:    Securities and Exchange Commission v. Ripple Labs, Inc., et. al., No. 20 Civ.
              <u>10832 (AT) (SN) (S.D.N.Y.) (the "Action"): Non-Party Application to Seal</u>

Dear Judge Torres:

      Pursuant to the Court's December 12, 2022 Order (Dkt. 732) and Section IV(A)(ii) of Your

Honor's Individual Practices in Civil Cases, we write on behalf of Non-Party D[1] to propose a

limited number of targeted redactions to certain exhibits attached to the summary judgment papers

filed by Plaintiff Securities and Exchange Commission ("SEC") on September 13, 2022 (the

"Summary Judgment Materials"). *See* Dkts. 625-631. The redactions proposed (the "Proposed

Redactions") are identified in the sealed exhibits to this Letter-Motion. *See* Exhibits A-G.

      The SEC does not oppose the Proposed Redactions.

---

[1] "Non-Party D" is a pseudonym referring to the non-party whose confidential documents are
appended to Plaintiff's summary judgment papers.



**PRYOR CASHMAN LLP**

Hon. Analisa Torres
January 4, 2023
Page 2

The Proposed Redactions constitute a *de minimis* and non-substantive portion of the exhibits, and are narrowly tailored to protect Non-Party D's confidential business information and to protect the legitimate privacy interests of Non-Party D's current and former representatives and employees, and as well as those of Non-Party D's limited partner ("Limited Partner A"). Non-Party D also seeks to redact certain references to Non-Party D and to Limited Partner A to avoid needless and unfair prejudice.

A court considering whether to seal documents must: first, determine whether the documents at issue are "judicial documents" to which a presumption of public access applies; second, determine the applicable weight of the presumption that may apply; and third, balance "countervailing factors" against the presumption, including the "privacy interests" of non-parties. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

As a non-party to this case, Non-Party D's privacy interests are entitled to considerable weight. *See, e.g.*, *Doe v. City of New York*, No. 15-117, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("In the redaction analysis, courts take the privacy interests of third-parties seriously."); *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) ("[T]he privacy interests of third parties carry great weight in the balancing of interests."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013).



**PRYOR CASHMAN LLP**

Hon. Analisa Torres
January 4, 2023
Page 3

### The Proposed Redactions Are Warranted

The balancing of interests overwhelmingly favors imposing the Proposed Redactions to protect Non-Party D's privacy interests and confidential business information from disclosure.

*First*, Non-Party D seeks surgical redactions of the financial terms that would (among other things) divulge Non-Party D's operations and impact Non-Party D's negotiations with current and future limited partners and counterparties. See Exhibits B-G. Courts routinely redact such information for the benefit of *parties*, much less non-parties. *See Nixon v. Warner Commc'ns*, Inc., 435 U.S. 589, 598 (1978) (courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing."); *Ramirez v. Temin & Co., Inc.*, No. 20-6258, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (sealing information that "could alter [Temin & Company, Inc.]'s competitive position in the consulting market"); *Graczyk v. Verizon Commc'ns, Inc.*, No. 18-6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (redacting "[t]he financial information in [Verizon's] contracts," which "had no bearing on this Court's treatment" of the motions at issue); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15-211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (redacting Syntel's "confidential contractual, accounting and financial information"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (redacting News Corp.'s "financial metrics (such as pricing, costs, revenue, and profits), specific contracts terms, and other similar information"); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (redacting "Microsoft's sources of revenue and the


PRYOR CASHMAN LLP

Hon. Analisa Torres
January 4, 2023
Page 4

amounts of its revenue and sales" and "specific revenue amounts from certain offerings"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting redactions "limited to [Louis Vuitton's] specific business information and strategies").

*Second*, Non-Party D seeks to redact in full certain bank account and digital wallet address information. *See* Exhibits B, D, E-G. The confidentiality and privacy interests at stake are manifest, and should be redacted fully. Bank account numbers should be redacted as of right pursuant to Section IV(A)(i) of Your Honor's Individual Practices in Civil Cases, which clearly and unequivocally protects "financial account numbers." Moreover, because wallet addresses are akin to financial account numbers, they are also properly redacted as of right pursuant to Section IV(A)(i) of Your Honor's Individual Practices in Civil Cases.

*Third*, Non-Party D seeks to redact references to the identities of current and former employees and other representatives of Non-Party D and Limited Partner A. *See* Exhibits A-B, D-G. The balancing of interests weighs heavily against disclosing the identities of these third-party individuals. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, No. 19-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that "non-parties' interests in privacy outweighs the public's right to access certain judicial documents because "[p]ublic disclosure of the non-parties' identities and specific identifiable information . . . provid[es] little value to the monitoring of the federal courts"); *In re SunEdison, Inc. Sec. Litig.*, Nos. 16-2742 & 16-cv-7917, 2019 WL 126069, at *2-4 (S.D.N.Y. Jan. 7, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is



Hon. Analisa Torres
January 4, 2023
Page 5

low"); *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (finding "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation").

*Fourth*, Non-Party D seeks to redact references to its identity, and the identity of Limited Partner A. *See* Exhibits A-G. "Public disclosure of the[se] non-parties' identities . . . reveals private investment decisions while providing little value to the monitoring of the federal courts," while "[p]rotecting such private financial dealings is a recognized and protectable privacy interest." *Telegram Grp. Inc.*, 2020 WL 3264264, at *3; *cf. Syntel Sterling Best Shores Mauritius Ltd.*, 2021 WL 1541385, at *3 (granting redactions of "information regarding Syntel's clients" and "sensitive customer contract information"); *Cohen v. Gerson Lehrman Grp. Inc.*, No. 09-4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (allowing redactions that were "narrowly tailored to conceal clients' identit[ies]"). Moreover, the identification of these non-parties "could qualify as 'embarrassing conduct with no public ramifications'" given Plaintiff's enforcement action against Defendants. *See Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (citation omitted). Further, given that it is unclear that any other third party's identity will be exposed, the exposure of Non-Party D and Limited Partner A's identities would be unfairly prejudicial, and, additionally, would have no bearing on the Plaintiff's summary judgment motion. *See Collado v. City of New York*, 193 F. Supp. 3d 286, 292 (S.D.N.Y. 2016) (approving redactions on basis of prejudice.).



Hon. Analisa Torres
January 4, 2023
Page 6

We thank the Court for its consideration of these matters.

Very truly yours,

__/s/ E. Scott Schirick____
E. Scott Schirick
Partner

Enclosure

cc:   All counsel of record (via ECF)