

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jessica Ann Masella
jessica.masella@dlapiper.com
T   212.335.4829

January 4, 2023

u>VIA ECF</u>
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**    *SEC v. Ripple Labs, Inc. et al., No. 1:20-cv-10832 (AT) (SN) (S.D.N.Y.)*

Dear Judge Torres:

We represent MoneyGram International, Inc. ("MoneyGram"), a third party in connection with the above-referenced matter.  Pursuant to the Court's December 12, 2022 order (ECF No. 732), MoneyGram respectfully submits this letter-motion to seal certain portions of the parties' Summary Judgment Materials.  The limited redactions that MoneyGram requests are narrowly tailored to protect its highly confidential business information, as well as the identity of its employees.  *See Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (reiterating that "the privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation")); *see also* Order, ECF No. 422 (Torres, J.) (citing *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (protecting sensitive, confidential, or proprietary business information militate in favor of sealing)).

The proposed redactions are limited to a few lines from a deposition transcript of an officer of MoneyGram and dollar amounts, percentages, and related numbers from a work order, which contain nonpublic information related to MoneyGram's sensitive financial information and business strategies and operations.  Indeed, public disclosure of this information would be highly detrimental because it would reveal to the public and MoneyGram's competitors detailed information about MoneyGram's internal and confidential business operations and strategic matters.  MoneyGram also seeks to redact a handful of references to identifying information of its employees to protect their legitimate privacy interests.

In the Second Circuit, a court considering whether to seal documents must: first, determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches; second, if the Court determines the documents are "judicial documents," it must determine the applicable weight of the presumption that may apply; and third, the Court must balance "countervailing factors" against the presumption, including the third-party's privacy interests.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

As to the proposed redactions, little weight should be afforded to any presumption of public access because of the negligible, if any, role that they play in the performance of any Article III function. *Amodeo*, 71 F.3d at 1050 ("[W]here . . . documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low . . . ."); *see Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d Cir. 2019) (redaction of "two names" from an otherwise publicly filed document that were "not relevant to any issue in the underlying appeal," was "not a 'judicial document' within the meaning of the decisions requiring unsealing of documents filed with a court.").

Next, the balancing of interests overwhelming favors sealing the proposed redactions of employee identifying information. As the company and its employees are non-parties to this case, the privacy interests of the employees are entitled to great weight. *See, e.g.*, *Amodeo*, 71 F.3d at 1050. The balancing of interests weighs heavily against disclosing the identities of this third-party individual. *See, e.g.*, *Telegram Grp. Inc.*, 2020 WL 3264264, at *3 ("[p]ublic disclosure of the non-parties' identities and specific identifiable information … provid[es] little value to the monitoring of the federal courts"); *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *2-4 (S.D.N.Y. Jan. 7, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is low").

Further, the balance leans towards sealing the confidential and highly sensitive business information, which could be exploited by competitors and cause competitive injury. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motion to redact "confidential … accounting and financial information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (permitting redaction of "financial metrics" and "business information of its active business units"); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales" and "specific revenue amounts from certain offerings"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit).

Accordingly, the Court should allow for the redaction of identifying information of employees and confidential and highly sensitive business information of the company. A copy of the transcript (PX 624; DX 624-28; DX 669-89) with the proposed redactions highlighted is being submitted under seal along with this letter-motion as Exhibit A. A copy of the work order (PX 629) with the proposed redactions highlighted is being submitted under seal along with this letter-motion as Exhibit B.

Sincerely,

**DLA Piper LLP (US)**

Jessica Ann Masella
Partner

cc:     All Counsel of Record (via ECF)