

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

January 4, 2023

Eva Ciko Carman
T +1 212 596 9039
eva.carman@ropesgray.com

**BY ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *SEC v. Ripple Labs, Inc. et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.); Investor A's Letter Motion to Seal

Dear Judge Torres:

    We write on behalf of non-party Investor A[1] pursuant to the Court's December 12, 2022 Order (ECF No. 732) and Your Honor's Individual Practice Section IV(A)(ii) to request that seven summary judgment exhibits be sealed or partially redacted. Specifically, Investor A seeks to seal two categories of information: (i) Investor A's research and investment analyses in PX 695, 696, 697, and 698, which are highly confidential and proprietary and among Investor A's most competitively sensitive business information, and (ii) identifying information for Investor A in PX 651, 657, and 748 (the "Proposed Sealed Materials").[2] Defendants' Letter Motion to Seal or Redact Certain Summary Judgment Materials (ECF No. 744) seeks to seal or redact these same seven documents, and Investor A understands that the SEC does not oppose Investor A's sealing request.[3]

---

[1] Investor A is a pseudonym referring to the third party that produced PX 651, 657, 695, 696, 697, 698, and 748 to the SEC's Rule 56.1 Counter-Statement for its summary judgment filings (ECF Nos. 668–670).

[2] The proposed redactions to PX 651, 657, and 748 are either highlighted in yellow or indicated in translucent boxes in the enclosed exhibits that are being provided to the parties and submitted to the Court.

[3] The difference between Defendants' sealing request and Investor A's sealing request is that: (i) Investor A proposes redacting identifying information from PX 651, 657, and 748 rather than sealing them in their entirety, and (ii) Investor A is seeking to seal PX 697 and 698 in their entirety, while Defendants proposed redactions. Both Investor A and Defendants are requesting to seal PX 695 and 696.

ROPES & GRAY LLP

January 4, 2023

In an effort to facilitate public review of judicial documents, Investor A does not seek to seal any portion of any party's briefs or Rule 56.1 statements or counter-statements. It simply proposes to narrowly seal or redact certain limited highly confidential, and irrelevant, information that is included in seven of the more than one thousand exhibits submitted by the parties. As a non-party to this case, Investor A's privacy interests and the protection of Investor A's confidential and proprietary business information are entitled to great weight, including in the determination of sealing applications for summary judgment filings. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, No. 19-CV-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that "non-parties' interests in privacy and the protection of proprietary business information" outweigh the public's right to access certain summary judgment exhibits because "[p]ublic disclosure of the non-parties' identities and specific identifiable information reveals private investment decisions while providing little value to the monitoring of the federal courts"); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.").

Investor A is in the business of investing client capital pursuant to confidential and proprietary investment procedures and protocols. Unrestricted public access to the Proposed Sealed Materials would injure Investor A's privacy interests and disclose its proprietary and confidential information, including by causing Investor A significant competitive injury. As set forth more fully below, the sealing of the Proposed Sealed Materials is justified under controlling legal precedent, including the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

**I.    The Proposed Sealed Materials Are Not "Judicial Document(s)"**

Under the three-part inquiry laid out by the Second Circuit in *Lugosch*, a court considering whether to seal documents must *first*, determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches; *second*, determine the applicable weight of the presumption that may apply; and *third*, after determining such weight, balance "countervailing factors" against it, including the "privacy interests" of interested parties. *See id.* at 119–20.

Judicial documents are *only* those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. As the Court previously held, the critical question is "whether a document 'would reasonably have the tendency to influence a district court's ruling on a motion.'" *See Order*, ECF No. 422 (citing *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)). As the *Lugosch* court acknowledged, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch*, 435 F.3d at 119; *see also Amodeo*, 71 F.3d 1044 at 1050 ("[D]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond" the presumption of public access); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, No. 13-cv-6073, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (determining that the documents were non-judicial because they "played no role in [the] Court's adjudication of the parties' respective motions" and "were immaterial to the

ROPES & GRAY LLP

January 4, 2023

analysis"), *aff'd*, 776 F.3d 126 (2d Cir. 2015); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, No. 10-cv-8663, 2012 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012) (same).

The Proposed Sealed Materials are not "judicial documents" because they would not reasonably have the tendency to influence the Court's ruling on the pending motions.

*First*, although PX 696 was filed, it is not—to Investor A's knowledge—quoted, cited, or even referred to in any brief or either party's Rule 56.1 statements or counter-statements. *See In re IBM Arb. Agreement Litig.*, No. 21-CV-6296, 2022 WL 3043220, at *3 (S.D.N.Y. Aug. 2, 2022) (finding that summary judgment materials that were "never considered by the Court" are "not judicial documents subject to a presumption of public access"); *Citigroup*, 2013 WL 6171315, at *7 (holding that certain documents filed with the court "do not constitute judicial documents for the purposes of *Lugosch*" because they were "immaterial to the analysis and outcome of the [Court's] Memorandum and Order").

*Second*, the identifying information that Investor A seeks to redact from PX 651, 657, and 748 has likewise not been relied upon by any party for any purpose in their summary judgment filings and has no relevance to the outcome of summary judgment. *See Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d Cir. 2019) ("two names" in a document that were "not relevant to any issue in the underlying appeal" were "not a 'judicial document' within the meaning of the decisions requiring unsealing of documents filed with a court").

*Third*, although PX 695 is generically cited in a single one of the hundreds of paragraphs in the SEC's Rule 56.1 Counter-Statement in relation to a general point (ECF No. 668, ¶ 119), it cannot be said to reasonably have the tendency to influence the Court's rulings on the outcome of motion given its, at most, very tangential relevance to the issues being litigated. Likewise, PX 697 and 698 are cited in two paragraphs in the SEC's Rule 56.1 Counter-Statement to support identical arguments, and, in order to facilitate public review, Investor A is *not* seeking to redact the citations in the counter-statement itself. *See GoSMiLE*, 2012 WL 1382557, at *1 (certain exhibits were not judicial documents because they were "immaterial to the motions" despite being cited by the Plaintiff to refute defendants' peripheral contention); *Trump v. Deutsche Bank AG*, 940 F.3d at 151 (filed information do not qualify as "judicial documents" where the briefs "did not indicate … [the information] was relevant to any issue [the Court] needed to decide").

As such, the Proposed Sealed Materials are not "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Where documents are not judicial, "there is no presumption of public access" to overcome and thus the movant must "only make a baseline showing of good cause" to justify maintaining the documents under seal. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 73 (S.D.N.Y. 2007), *aff'd*, 347 F. App'x. 615 (2d Cir. 2009). Under a good cause standard, even a "minimal showing of possible harm from disclosure" of the information sought to be sealed is sufficient to meet this burden and "trigger a sealing order." *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 519

ROPES & GRAY LLP

January 4, 2023

(E.D.N.Y. 2011). Here, unfettered public disclosure of the Proposed Sealed Materials would result in the corresponding disclosure of Investor A's sensitive proprietary business information, including Investor A's investment strategies and internal processes for evaluating potential investments. Investor A's competitors could improperly exploit this information to Investor A's disadvantage. This Court should protect Investor A from such an inequitable result. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (despite the presumption of public access, courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing").

## II.    Investor A's Privacy Interests Outweigh Any Presumption of Public Access

Assuming, *arguendo*, that the Proposed Sealed Materials are "judicial documents," they are still appropriately sealed because any presumption of public access is strongly outweighed by Investor A's significant privacy interests.

*First*, little weight should be afforded to any presumption of public access because of the "negligible role" that the Proposed Sealed Materials play in the performance of any Article III function. *Amodeo*, 71 F.3d at 1050 ("[W]here . . . documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low . . . ."); *GoSMiLE*, 2012 WL 1382557, at *1 (noting that even if documents found to be "immaterial" to the court's analysis *were* "viewed as judicial documents, the presumption of access is slight") (emphasis added).

*Second*, as a non-party to this litigation, Investor A's privacy interests are entitled to great weight, as held by this and other courts making sealing decisions. *See, e.g.*, *Order*, ECF No. 737 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" when deciding whether to seal certain materials) (quoting *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020)); *Dorsett*, 762 F. Supp. 2d at 521 ("[T]he privacy interests of third parties carry great weight in the balancing of interests."). *Lugosch* recognizes that "the privacy interests of those resisting disclosure" are a valid factor countervailing the right of public access. *Lugosch*, 435 F.3d at 120 (internal citations omitted); *see also Cooksey v. Digital*, No. 14-cv-7146, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (finding that protecting reputational and privacy interests "constitute[s] sufficiently substantial interests so as to overcome a presumption of access").

*Third,* PX 695, 696, 697, and 698 directly implicate Investor A's "sensitive business information" that was confidentially shared with the SEC. *See Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.,* No. 14-CV-09764 (KPF) (SN), 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (approving sealing of "sensitive business information from nonparties . . . obtained . . . via subpoena" in the context of core judicial documents). PX 695 and 696 consist of Investor A's internal investment memorandum and board updates and describe in detail Investor A's investment processes, the rationale of its investment decisions, and its methods in analyzing, evaluating, and monitoring the investment. PX 697 and 698 are Investor A's confidential email communications concerning Investor A's investment approach and diligence process. If publicized, this information could be exploited by competitors who may seek to mimic, undermine, or strategize against

ROPES & GRAY LLP

January 4, 2023

Investor A's approach, causing Investor A competitive injury.[4]  Such information is among the quintessential types of information held to be appropriately sealed.  *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (granting the sealing of "proprietary internal analyses of [the] investment opportunity" in summary judgment exhibits because the public's right to access was outweighed by "non-parties interests in privacy and the protection of proprietary business information"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (information concerning "trading strategies, objectives and transactions" overcomes the presumption of public disclosure even when cited in summary judgment).

*Fourth,* Investor A's identifying information, even if constituting a judicial document, is still appropriately sealed.  Courts have repeatedly granted the sealing of identity information in similar situations, including from exhibits filed with summary judgment papers.  *See SEC v. Telegram Grp. Inc.,* 2020 WL 3264264, at *3 ("[T]he Court finds that the disclosure of the identities and specific identifiable information of non-party investors in Telegram's offering of Grams would provide little value to the monitoring of the federal courts and, as such, that the privacy interests of these non-party investors outweighs the public's right of access to certain of the relevant materials."); *see also Cohen v. Gerson Lehrman Grp. Inc.*, No. 09-cv-4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (allowing redactions that were "narrowly tailored to conceal clients' identit[ies]"); *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-7917, 2019 WL 126069, at *2–4 (S.D.N.Y. Jan. 07, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is low"); *MacroMavens, LLC v. Deutsche Bank Sec., Inc.*, No. 09-cv-7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (granting the application of redactions to customer information that was "not material" to the motion and noting that customer identities may be "replaced with designations such as 'Customer # 1'").

In short, disclosure of the Proposed Sealed Materials would harm Investor A's privacy interests and convey information about Investor A's proprietary approach to evaluating investments and diligence processes.  Allowing public disclosure of Investor A's identity and its sensitive business information, including to Investor A's business competitors, would unfairly harm Investor A.  Therefore, we respectfully submit that sealing is appropriate.  *See Nixon*, 435 U.S. at 598.

\*    \*    \*

For the foregoing reasons, non-party Investor A respectfully requests that the Court grant its application to seal PX 695, 696, 697, and 698 and to redact identifying information from PX 651, 657, and 748 as set forth in the enclosed exhibits.  In the event the Court declines to seal PX 697

---

[4] If the Court would find it helpful, Investor A can elaborate on the potential competitive injury it would suffer from disclosure of these documents in a non-public setting, as including additional details in this Letter Motion risks disclosing one of the two things Investor A seeks to seal:  its identity.

-5-

ROPES & GRAY LLP

January 4, 2023

and 698 in their entirety, they should—at a minimum—be redacted consistent with Defendants' sealing application.

Respectfully submitted,

*/s/ Eva Ciko Carman*
Eva Ciko Carman

Enclosure

cc (by email):

Jorge G. Tenreiro, Esq. (counsel for Plaintiff)
Andrew J. Ceresney, Esq. (counsel for Defendant Ripple Labs Inc.)
Matthew Solomon, Esq. (counsel for Defendant Bradley Garlinghouse)
Martin Flumenbaum, Esq. (counsel for Defendant Christian A. Larsen)