# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

MICHAEL A. HANIN
DIRECT DIAL: (212) 506-1788
DIRECT FAX: (212) 835-5058
MHANIN@KASOWITZ.COM

January 4, 2023

**Via ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Securities and Exchange Commission v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.) ("Action"):  Third-Party Application to Seal

Dear Judge Torres:

      Pursuant to the Court's December 12, 2022 Order (Dkt. 732) and Section IV(A)(ii) of Your Honor's Individual Practices in Civil Cases, we write on behalf of Third-Party A[1] to propose a limited number of targeted redactions – in addition to those proposed by Defendants – to the memoranda of law in support of the parties' motions for summary judgment and certain exhibits filed in support thereof.  *See* Dkts. 621-631, 662-665, 667-670, 723-728 (the "Summary Judgment Materials").  The additional redactions proposed (the "Proposed Redactions") are identified in the sealed exhibits to this Letter-Motion.  *See* Exhibits A-LL.[2]

## The Proposed Redactions

      The Proposed Redactions are *de minimis*, impact non-substantive portions of the Summary Judgment Materials, and are narrowly tailored to protect Third-Party A's confidential business information and the legitimate privacy interests of Third-Party A's current and former personnel.  Further, the nature and scope of the Proposed Redactions are consistent with the redactions requested by Third-Party A (*see* Dkt. 582) in connection with the parties' *Daubert* Motions, a request that this Court granted in full on December 19, 2022.  *See* Dkt. 737 at 7-8.

      A court considering whether to seal documents must:  *first*, determine whether the documents at issue are "judicial documents" to which a presumption of public access applies; *second*, determine the applicable weight of the presumption that may apply; and *third*, balance

---

[1]    Third-Party A refers to a non-party subpoenaed in the Action.

[2]    Redactions proposed by Defendants are highlighted in yellow; the additional redactions proposed by Third-Party A are highlighted in red.  *See* Exhibits A-LL.

# Kasowitz Benson Torres LLP

Hon. Analisa Torres
January 4, 2023
Page 2

"countervailing factors" against the presumption, including the "privacy interests" of non-parties. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). As a non-party to the action, Third-Party A's privacy interests are entitled to considerable weight. *See, e.g.*, *Doe v. City of New York*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("In the redaction analysis, courts take the privacy interests of third-parties seriously."); *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) ("[T]he privacy interests of third parties carry great weight in the balancing of interests."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013).

## The Proposed Redactions Are Not A "Judicial Document"

Judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119; *see also U.S. v. Amodeo*, 71 F. 3d 1044, 1050 (2d Cir. 1995) ("[D]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond" the presumption of public access); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (determining that the documents were non-judicial because they "played no role in [the] Court's adjudication of the parties' respective motions" and "were immaterial to the analysis"), *aff'd*, 776 F.3d 126 (2d Cir. 2015). Where information is not "judicial," "there is no presumption of public access" to overcome, and thus the movant must "only make a baseline showing of good cause" to justify maintaining the documents under seal. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 73 (S.D.N.Y. 2007), *aff'd*, 347 F. App'x. 615 (2d Cir. 2009). Under a good cause standard, even a "minimal showing of possible harm from disclosure" of the information sought to be sealed is sufficient to meet this burden and "trigger a sealing order." *Dorsett*, 762 F. Supp. 2d at 519.

The *de minimis* portions of the Summary Judgment Materials represented by the Proposed Redactions have no bearing on the outcome of the Summary Judgment Motions and are not judicial documents to which the presumption of public access attaches. *See Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d Cir. 2019) (redaction of "two names" from an otherwise publicly filed document that were "not relevant to any issue in the underlying appeal," was "not a 'judicial document' within the meaning of the decisions requiring unsealing of documents filed with a court.")

## The Proposed Redactions Are Warranted Even If A "Judicial Document"

Even assuming the Proposed Redactions are or implicate Judicial Documents, the balancing of interests overwhelmingly favors imposing the Proposed Redactions to protect Third-Party A's privacy interests and confidential business information.

*First*, Third-Party A seeks surgical redactions of the financial terms included in certain of its contracts and the details of the manner in which its business operates that would (among other things) divulge Third-Party A's negotiations with current and future counterparties and expose

KASOWITZ BENSON TORRES LLP

Hon. Analisa Torres
January 4, 2023
Page 3

its operations. *See* Exhibits C, D, S, U, W, X, LL. Courts routinely redact such information for the benefit of a non-party; indeed, this Court has already done so here. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing."); *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (sealing information that "could alter the Firm's competitive position in the consulting market"); *Graczyk v. Verizon Commc'ns, Inc.,* 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (redacting "[t]he financial information in [Verizon's] contracts," which "had no bearing on this Court's treatment" of the motions at issue); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting redactions of "sensitive customer contract information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (redacting "specific contracts terms"); Dkt. 737 at 7-8.

*Second*, Third-Party A seeks to redact references to the identities and residences of current and former employees of Third-Party A and other representatives of Third-Party A. *See* Exhibits A, B, D-T, V, Y-KK. The balancing of interests weighs heavily against disclosing such identifiable information. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that "non-parties' interests in privacy outweighs the public's right to access certain judicial documents because "[p]ublic disclosure of the non-parties' identities and specific identifiable information … provid[es] little value to the monitoring of the federal courts"); *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *2-4 (S.D.N.Y. Jan. 7, 2019) (finding that the "[t]he public interest in the names of the [entities and individuals] is low"); *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (finding "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *see also Cohen v. Gerson Lehrman Grp. Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (allowing redactions that were "narrowly tailored to conceal clients' identit[ies]"). This Court concurs. *See* Dkt. 737.

*Third*, Third-Party A seeks to redact certain digital wallet address information. *See* Exhibits F,Q, DD, FF, GG, JJ. The confidentiality and privacy interests at stake with such materials are manifest. Wallet addresses are akin to financial account numbers, and are properly redacted as of right pursuant to Section IV(A)(i) of Your Honor's Individual Practices in Civil Cases.

We thank the Court for its consideration of these matters.

Respectfully submitted,

/s/ Michael A. Hanin
Michael A. Hanin

Enclosures

cc:   All counsel of record (via ECF)