**PerkinsCoie**

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T +1.212.262.6900
F +1.212.977.1649
PerkinsCoie.com

January 4, 2023

James Q. Walker
JamesWalker@perkinscoie.com
D. +1.212.261.6864
F. +1.212.399.8070

**VIA ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

On behalf of non-party Cryptocurrency Exchange and pursuant to this Court's December 12, 2022 order (ECF No. 732), Cryptocurrency Exchange submits this motion to seal portions of the SEC's Summary Judgment Materials (ECF No. 627, PX 411; ECF No. 631, PX 394; ECF No. 670, PX 686 and 732) and Defendants' Bradley Garlinghouse, Christian A. Larsen, and Ripple Labs Inc. ("Defendants") Summary Judgment Materials (ECF No. 624, Ex. 31, 51, 91; ECF No. 664, Ex. 147; ECF No. 665, Ex. 272-73) to redact references identifying or providing contact information for Cryptocurrency Exchange or Cryptocurrency Exchange's employees. A copy of the SEC's and Defendants' Summary Judgment Materials with proposed redactions has been submitted under seal along with this motion. Importantly, Cryptocurrency Exchange's proposed redactions are narrowly tailored to protect its privacy and business interests and only affect a few of the numerous documents submitted in support of the parties' motions for summary judgment.

I. **Legal Standard**

While there is a presumption of public access to judicial documents, courts must balance that presumption "against competing considerations such as the privacy interests of those resisting disclosure." *See U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d. Cir. 2016). Further, the "privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation." *See Amodeo*, 44 F.3d at 1050-51 (noting that such interests "are a venerable common law exception to the presumption of access."). Documents can be sealed if necessary to "preserve higher values" and if the redactions are "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

January 4, 2023
Page 2

## II. Argument

The Court should grant Cryptocurrency Exchange's narrow sealing request for three reasons. *First*, Cryptocurrency Exchange is not a party to this action and its identity and contact information have no effect on the Court's resolution of the parties' motions for summary judgment. *Lugosch*, 435 F.3d at 121 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low and amounts to little more than a prediction of public access absent a countervailing reason."). Further, Cryptocurrency Exchange's privacy interest is "foremost among the competing concerns that a court weighing disclosure must consider[.]" *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020). Because the presumption of public access carries little weight when information is irrelevant to a court's Article III duties, Cryptocurrency Exchange's privacy interest strongly supports its narrowly tailored redactions. *See Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (holding that the privacy interests of non-parties outweighed the presumption of public access because their identities had no bearing on the case); *Caxton Intern. Ltd., v. Reserve Intern. Liquidity Fund, Ltd.*, 2009 WL 2365246 (S.D.N.Y. 2009) (holding that redactions should be applied to protect the identities of non-party investors because there was no evidence that their identities directly affected the adjudication).

*Second*, Cryptocurrency Exchange has a legitimate business interest in not being associated with an ongoing SEC investigation. Cryptocurrency Exchange's business and customer relationships may be harmed if the public learns that its name is involved in a federal lawsuit filed by the SEC. Courts have recognized that the disclosure of information that could "embarrass or harm third party individuals while offering little value in the monitoring of federal courts" tips the scale in favor of sealing that information. *Valassis Communications, Inc. v. News Corporation*, 2020 WL 2190708 at *4 (S.D.N.Y. 2020). This is precisely the situation at hand—the disclosure of Cryptocurrency Exchange's identity and contact information has a high likelihood of harming the company and provides no value to the resolution of the case.

*Third*, as Defendants identified in their motion to seal (ECF No. 744), granting Cryptocurrency Exchange's motion to seal is entirely consistent with the Court's previous rulings in this case where it granted motions to seal the identities and contact information for non-parties. *See* ECF Nos. 393, 412, 422, 554, and 737. In addition, the SEC has not objected to previous applications to redact the identities of third parties. *See* ECF No. 565 at 2; ECF No. 570 at 3. Thus, the Court should similarly grant Cryptocurrency Exchange's motion to seal its identity and contact information.

## III. Conclusion

For the foregoing reasons, Cryptocurrency Exchange respectfully requests that the Court grant its narrowly tailored motion to seal portions of the parties' Summary Judgment Materials to preserve Cryptocurrency Exchange's legitimate privacy and business interests.

January 4, 2023
Page 3

                                                                         Respectfully submitted,

*/s/ James Q. Walker*
James Q. Walker
PERKINS COIE LLP
*Counsel for Non-Party Cryptocurrency Exchange*


cc:     All Counsel of Record (via ECF)