

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**Andrew J. Ceresney**
Partner
aceresney@debevoise.com
+1 212 909 6947

January 9, 2023

VIA ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

      Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen (together, "Defendants"), write to oppose the SEC's Letter-Motion to seal certain documents filed in connection with the parties' cross-motions for summary judgment (the "Summary Judgment Materials"). As the Court has recognized, now that this case has proceeded to the summary judgment stage, the presumption of public access to judicial documents is at its strongest. The SEC has nonetheless persisted in seeking to shield from public view the names and identifying information of witnesses whose testimony the SEC intends to rely upon to prove its case, without identifying any compelling interest suggesting that secrecy is necessary. Further, in seeking to seal documents relating to former SEC Director of Corporation Finance William Hinman's June 2018 speech (the "Hinman Speech Documents"), the SEC seeks to keep from the public documents of intense public interest upon which the Court ordered discovery and which Defendants have used to support parts of their summary judgment motion. Whether or not the Court ultimately determines those documents are relevant is besides the point; they are part of the summary judgment record and there is no compelling basis to keep them sealed. The SEC's motion should be denied.[1]

**I.    Legal Standard**

      All of the documents the SEC seeks to seal were submitted for the Court's consideration in connection with motions for summary judgment, and are accordingly judicial documents entitled to a "strong presumption of access" under both the common law and the First Amendment. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435

---

[1] Defendants generally do not oppose the SEC's proposed redactions of personal information of Defendants and certain third-parties, and refer the Court to Defendants' proposed redactions set out in Defendants' omnibus letter brief dated December 22, 2022. *See* ECF No. 744, App'x A. Defendants note, however, that contrary to the SEC's position, *see* ECF No. 745, at 2–3 n.2, Defendants have requested to seal Ripple's bank account statements in their entirety, due to the highly sensitive and confidential nature of these records. *See* ECF No. 744, at 5–6 (discussing PX 296 (ECF No. 631-95) and PX 753–763 (ECF Nos. 670-105 – 670-115)).

Hon. Analisa Torres                                                2                                           January 9, 2023

F.3d 110, 121 (2d Cir. 2006)).  Such documents should not be sealed "absent the most compelling reasons."  *Lugosch*, 435 F.3d at 121.

As this Court recently explained, the burden is on the SEC as "the moving party" to make the necessary "*particular and specific* demonstration of facts[ s]howing that the disclosure would result in an injury sufficiently serious to warrant protection."  Order, ECF No. 737, at 3 (emphasis added) (quoting *United States v. Wells Fargo Bank, N.A.*, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015)).  Proposed redactions must be "narrowly tailored to serve" the purpose that justifies the redaction.  *Lugosch* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  "The sealing of judicial documents 'may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values.'"  Order, ECF No. 737, at 3 (quoting *Lugosch*, 435 F.3d at 124).

## II. Discussion

### A. The SEC has not met its heavy burden to support its request to seal witness names and affiliations.

The SEC's request for an order sealing the names and identifying information of the SEC's own fact and expert witnesses at the summary judgment stage should be denied.  While this Court granted the SEC's request to seal the names of its experts at the non-dispositive *Daubert* motion stage, in doing so the Court explicitly recognized that the SEC's renewed request at the summary judgment phase must be evaluated under a different – and more demanding – standard, because "the presumption of public access is [now] at its strongest."  Order, ECF No. 737, at 8 n.7.  Despite the Court's admonition, the SEC's motion contains no new facts or argument.

The SEC's "Category 1" request asks this Court to seal the names and other identifying information of two sets of witnesses: (1) all of the SEC's disclosed expert witnesses (the "SEC Experts"), and (2) a number of the SEC's proffered fact witnesses, each of whom voluntarily submitted a declaration in connection with the SEC's motion for summary judgment, and whom the SEC broadly and inaccurately lumps together as "Investor Declarants."  ECF No. 745, at 1–2.  The SEC's request to seal the identities and affiliations of fact and expert witnesses whose testimony is demonstrably relevant to the Court's decision-making at summary judgment is not supported by the kind of specific, compelling facts necessary to justify such an extraordinary sealing request, and should be denied.

*First*, the SEC repeats its prior request to redact the names and identifying information of SEC Experts prophylactically, out of a concern for their safety.  Yet the SEC fails to differentiate between the circumstances of each of the different SEC Experts.  The identities of three of the SEC's experts are already publicly known, and a brief period of criticism directed towards one of those experts does not justify blanket sealing of these already-public names.  Beyond that, the SEC claims in support of sealing that the identities of its experts have no relevance to the Court's decision on summary judgment.  ECF No. 745 at 2.  But of course the identities and experience of expert witnesses are key to the weight that the Court may decide to assign to their opinions.  *See, e.g.*, *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995) (expert's academic training relevant to "his testimony's weight and credibility"); *Lidle ex rel. Lidle v. Cirrus Design Corp.*, 2010 WL 2674584, at *5 (S.D.N.Y. July 6, 2010) (expert's experience relevant to weight to accord

Hon. Analisa Torres 3 January 9, 2023

his testimony). Under the more demanding scrutiny required at the summary judgment stage, the SEC's generalized arguments do not hold water.

That an expert's opinion or qualifications may be subject to public criticism should not be a sufficient basis to seal their identity in connection with summary judgment motions, and the SEC has made no showing of any real physical danger to these experts. The SEC's experts are paid professionals whose testimony the SEC has offered in a public enforcement action against Defendants with substantial potential consequences for an entire industry. To rebut the strong presumption of public access, the SEC must offer more than an unsupported blanket assertion that the redaction of all information about the identities of all of its proffered experts is "narrowly tailored and appropriate." ECF No. 745 at 2.

*Second*, the SEC seeks to redact the identities of so-called "Investor Declarants."[2] Each of these witnesses affirmatively drafted and submitted testimony for this Court to consider when resolving the SEC's motion for summary judgment on its merits. That renders them judicial documents subject to the highest presumption of public access. *Lugosch,* 435 F.3d at 123. The SEC's only support for its extraordinary request to keep the identities of these witnesses secret is a district court decision approving the redaction of third-party names mentioned in exhibits to a motion for a preliminary injunction. *See SEC v. Telegram Group Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). That decision in no way supports sealing the names of witnesses who submitted declarations in support of a summary judgment motion. Indeed, in reaching its holding, the *Telegram* Court specifically noted that these proposed redactions were for "passive non-party investors" who might be embarrassed to have their historical conduct associated with an enforcement action, *id.*, which is unlike the declarants here who have chosen to offer new, sworn testimony in support of the SEC's motion and play an active role in this litigation at the summary judgment stage.[3] *See, e.g.*, *King v. Whitmer*, 2021 WL 2885810, at *1 (E.D. Mich. July 9, 2021) (denying motion to seal identifying information in non-party affidavits submitted with a complaint, where plaintiffs "offer[ed] mere speculation and conclusory statements of possible harm" that might befall "unspecified affiants" if the affiants' identities were made public).

The SEC's generic, conclusory assertion that these redactions are appropriate to "protect the identities of these witnesses," ECF No. 745 at 1, does not provide a specific or particularized basis to overcome the strong presumption of public access to judicial materials at this stage.

---

[2] The SEC erroneously refers to all of these witnesses as "XRP investors" despite the fact that the declarant at PX 447 (ECF No. 627-45) was an investment banker advising Ripple who does not claim to have ever purchased XRP. On January 4, 2023, that non-party "Investment Banker Declarant" filed a motion to redact additional portions of this declaration. *See* ECF No. 751. Defendants will respond to the sealing requests articulated in that motion in due course.

[3] Defendants have requested that this Court redact the identities of certain passive non-party entities, such as Ripple's investors, customers, and business partners, to protect their privacy interests. None of these investors, customers, and business partners were declarants. *See* ECF No. 744.

Hon. Analisa Torres 4 January 9, 2023

> **B. The Hinman Speech Documents are judicial documents relevant to the Court's consideration of the parties' summary judgment motions, and the SEC has not overcome the strong presumption of public access.**

The Court should reject the SEC's request to seal the Hinman Speech Documents (the "Category 3" documents in the SEC's motion).

At the outset, the SEC's suggestion that the Hinman Speech Documents are not judicial documents or carry a lesser presumption of public access is incorrect. Defendants relied on these documents in their briefs in support of their summary judgment arguments, meaning that they "may have the tendency to influence the Court's decision" on the summary judgment motions. Order, ECF No. 737 at 4. While the Court has previously suggested the Hinman Speech Documents may have only narrow admissibility at trial, that decision was based on an incomplete record; at the time, Defendants had not yet reviewed the documents to develop or set forth their arguments about their potential relevance to the SEC's claims and their defenses. The Court now has the benefit of Defendants' views regarding the considerable relevance of statements contained within the Hinman Speech Documents to rebut the SEC's claim that Defendants' sales of XRP constitute investment contracts under the *Howey* test, support Defendants' fair notice defense, and rebut the individual defendants' alleged recklessness.

But even if the Court ultimately determines that these documents are not admissible, or does not rely on these documents in ruling on the parties' summary judgment motions, the Second Circuit has made clear that documents do not receive "different weights of presumption based on the extent to which they were relied upon in resolving [a] motion." *Lugosch*, 435 F.3d at 123. The SEC's argument that the Hinman Speech Documents are deserving of a lower presumption because of the Court's prior discussion cites to *Lugosch*, but misreads that case. There, the Second Circuit made clear that "the contested documents—by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment—are unquestionably judicial documents." *Id.* The *Lugosch* Court rejected the view the SEC articulates, that documents are entitled to differing levels of protection based on *ex ante* arguments about their relevance to the Court's ultimate decision. *Id.* Thus, regardless of the Court's ultimate ruling, the Hinman Speech Documents are judicial documents that "should not remain under seal *absent the most compelling reasons*." *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

The SEC has failed to establish any such compelling reasons. The SEC argues that the Hinman Speech Documents must be kept under seal to protect "confidential deliberations" and "openness and candor" within the agency. ECF No. 745 at 3. But Magistrate Judge Netburn rejected the application of deliberative process privilege to these documents because they did not reflect agency deliberations, and so protecting these documents could not be necessary to ensure openness and candor within the agency. Order, ECF No. 413 at 13-15; Order, ECF No. 465. And the Second Circuit just last month rejected substantively identical concerns as a basis for sealing, reversing a district court decision that had sealed internal Department of Justice documents. In *Gannett Media Corp. v. United States*, the Second Circuit rejected the notion that "generalized privacy concerns" or the need to "protect the robust and candid functioning of the Department of Justice's internal processes" were sufficient to support a sealing request from the DOJ in connection with a criminal proceeding, given the "strong presumption" in favor of disclosure. 2022 WL 17818626, at *3-4 (2d Cir. Dec. 20, 2022) (summary order) (internal quotation marks omitted). In

Hon. Analisa Torres 5 January 9, 2023

addition, there is no question that there is significant public interest in the content of these documents, which weighs heavily against sealing.

The SEC also argues that the Court should keep the Hinman Speech Documents sealed so that the SEC can, in the future, argue that the documents are privileged. But the authority it cites does not support that relief. The *Lugosch* Court nowhere suggested, and the SEC cites no authority suggesting, that documents should remain sealed despite a ruling that the privilege did not apply. It is therefore unsurprising that courts in this District have historically denied requests to seal documents after concluding that they were not privileged, even before the parties had an opportunity to appeal those privilege rulings or to assert the privilege in other litigation. *See, e.g.*, *Allen v. City of New York*, 420 F. Supp. 2d 295, 298, 303 (S.D.N.Y. 2006) (denying request to seal documents that the Court determined were not protected by the deliberative process or law enforcement privilege); *New York v. Mayorkas*, 2021 WL 2850631, at *11 (S.D.N.Y. July 8, 2021) (denying request to seal documents after finding deliberative process privilege was overcome).[4]

* * *

Defendants respectfully request that the Court deny the SEC's request to seal the identities of its fact and expert witnesses ("Category 1" in the SEC's motion) and the Hinman Speech Documents and corresponding references to these documents in Defendants' summary judgment papers ("Category 3" in the SEC's motion).

Respectfully submitted,

/s/ Andrew J. Ceresney
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
*Counsel for Defendant Ripple Labs Inc.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
*Counsel for Defendant Christian A. Larsen*

KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK PLLC
*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Counsel for Defendant Bradley Garlinghouse*

cc: All Counsel of Record (via ECF)

---

[4] Likewise, the holding regarding privilege in *Rattner v. Netburn*, 1989 WL 223059 (S.D.N.Y. June 20, 1989), *aff'd*, 1989 WL 231310 (S.D.N.Y. Aug. 23, 1989) – which did not address sealing at all – does not help the SEC. The language the SEC itself quotes explains precisely why unsealing the Hinman Speech Documents would not affect privilege were the SEC to assert it later – the public disclosure of those documents pursuant to the Court's ruling does not waive privilege for other purposes. *Id.* at *9 ("If a party withholds a document from disclosure on the basis of privilege and, on motion of its adversary, the Court holds that the document is not privileged, the resulting disclosure of the document will not be deemed a waiver of the privilege for purposes of other lawsuits.").