UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :

    :

                     Plaintiff,    :        20 Civ. 10832 (AT) (SN)

    :

         - against -    :        ECF Case

    :

RIPPLE LABS, INC., BRADLEY GARLINGHOUSE,  :
and CHRISTIAN A. LARSEN,

    :

                 Defendants.    :

    :

-------------------------------------------------------------------------x

## DECLARATION OF LADAN F. STEWART IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF ███████████

I, Ladan F. Stewart, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I represent Plaintiff Securities and Exchange Commission (the "SEC") as counsel in this action.

2. I respectfully submit this declaration and the attachment hereto in support of the SEC's Brief in Opposition to Defendants' Motion to Exclude the Testimony of ███████████

3. Attached hereto as Exhibit 1 is a true and correct copy of an e-mail chain, dated February 8, 2022–May 13, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
      August 9, 2022

                                  /s Ladan F. Stewart
                                  Ladan F. Stewart

| From: | Oppenheimer, Bradley E. |
|---|---|
| To: | Sylvester, Mark |
| Cc: | "Ford, Christopher S."; Goody, Elizabeth; Guerrier, Pascale; Hanauer, Benjamin J.; Moye, Robert M.; Stewart, Ladan F; Waxman, Daphna A.; Kellogg, Michael K.; Figel, Reid M.; White, Collin R.; Pfeffer, Eliana M.; "mflumenbaum@paulweiss.com"; "mgertzman@paulweiss.com"; "Dearborn, Meredith"; "Bunting, Kristina"; "Prostko, Sarah J"; "Solomon, Matthew"; "Bamberger, Nowell D."; "Janghorbani, Alexander"; "Levander, Samuel"; "Tatz, Nicole"; "Robertson, Caleb J."; "Brune, Jackie M."; "Chermak, Kyle"; Ceresney, Andrew J.; Zornberg, Lisa |
| Subject: | RE: SEC v. Ripple - ▮▮▮▮▮▮ |
| Date: | Friday, May 13, 2022 12:09:46 PM |

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Mark,

Mr. ▮▮▮▮▮ improper refusal to answer the questions asked in his deposition made it obvious that he would not have answered the others that Defendants have asked for responses to.  If the SEC's position is that Mr. ▮▮▮▮ would have answered questions that provide information similar or equivalent to the ones he refused to answer – such as the value of ▮▮▮▮▮ liabilities and equity, which together would equal the amount of its assets – then that only underscores the impropriety of his refusals.

The SEC has yet to provide a single authority justifying Mr. ▮▮▮▮ conduct (because there is no such authority) and it has not provided any authority stating that Defendants were obligated to waste time asking Mr. ▮▮▮▮ an extended series of questions he would improperly refuse to answer after he clearly indicated that he would engage in such improper refusals for the entire subject area.

We remain at impasse and Defendants continue to reserve all rights.

Regards,
Brad

---

**From:** Sylvester, Mark <sylvesterm@SEC.GOV>
**Sent:** Wednesday, May 11, 2022 10:13 PM
**To:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Cc:** 'Ford, Christopher S.' <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Figel, Reid M. <rfigel@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; 'mflumenbaum@paulweiss.com' <mflumenbaum@paulweiss.com>; 'mgertzman@paulweiss.com' <mgertzman@paulweiss.com>; 'Dearborn, Meredith' <mdearborn@paulweiss.com>; 'Bunting, Kristina' <kbunting@paulweiss.com>; 'Prostko, Sarah J' <sprostko@paulweiss.com>; 'Solomon, Matthew' <msolomon@cgsh.com>; 'Bamberger, Nowell D.' <nbamberger@cgsh.com>; 'Janghorbani, Alexander' <ajanghorbani@cgsh.com>; 'Levander, Samuel' <slevander@cgsh.com>; 'Tatz, Nicole' <ntatz@cgsh.com>; 'Robertson, Caleb J.' <cjrobertson@cgsh.com>; 'Brune, Jackie M.'

<jabrune@cgsh.com>; 'Chermak, Kyle' <kechermak@debevoise.com>; Ceresney, Andrew J. <aceresney@debevoise.com>; Zornberg, Lisa <lzornberg@debevoise.com>
**Subject:** [EXTERNAL] RE: SEC v. Ripple - ████████

Brad,

Thanks for your email.  You have not accurately characterized our position.  As stated in my 4/21 email, to resolve this dispute, Mr. ████ is willing to obtain a release from his NDA to answer the single question he declined to answer at his deposition on the basis of the NDA's terms.

You have not provided any authority suggesting that you should be permitted to essentially reopen the deposition via writing to ask a series of questions you could have but did not ask.  We are unwilling to consent to such a reopening of Mr. ████ deposition but again reiterate our willingness to resolve the dispute as to the question you did ask, as set forth in detail in my 4/21 email.

Thanks,
Mark

---

**From:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Sent:** Monday, April 25, 2022 3:35 PM
**To:** Sylvester, Mark <sylvesterm@SEC.GOV>
**Cc:** 'Ford, Christopher S.' <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Figel, Reid M. <rfigel@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; 'mflumenbaum@paulweiss.com' <mflumenbaum@paulweiss.com>; 'mgertzman@paulweiss.com' <mgertzman@paulweiss.com>; 'Dearborn, Meredith' <mdearborn@paulweiss.com>; 'Bunting, Kristina' <kbunting@paulweiss.com>; 'Prostko, Sarah J' <sprostko@paulweiss.com>; 'Solomon, Matthew' <msolomon@cgsh.com>; 'Bamberger, Nowell D.' <nbamberger@cgsh.com>; 'Janghorbani, Alexander' <ajanghorbani@cgsh.com>; 'Levander, Samuel' <slevander@cgsh.com>; 'Tatz, Nicole' <ntatz@cgsh.com>; 'Robertson, Caleb J.' <cjrobertson@cgsh.com>; 'Brune, Jackie M.' <jabrune@cgsh.com>; 'Chermak, Kyle' <kechermak@debevoise.com>; Ceresney, Andrew J. <aceresney@debevoise.com>; Zornberg, Lisa <lzornberg@debevoise.com>
**Subject:** RE: SEC v. Ripple - ████████

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mark,

Thanks for your response.  We do not agree with the SEC's proposal, and we disagree in particular

with the SEC's assertion that there is no obligation to provide the information that Mr. ██████ improperly refused to disclose.  We note that the SEC has not provided any authority to support its position, in contrast to the substantial legal authority supporting Defendants' position.

In any event, we appear to be at impasse as to this issue.  Defendants reserve all rights.

Regards,
Brad

---

**From:** Sylvester, Mark [mailto:sylvesterm@SEC.GOV]
**Sent:** Thursday, April 21, 2022 8:48 PM
**To:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Cc:** 'Ford, Christopher S.' <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Figel, Reid M. <rfigel@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; 'mflumenbaum@paulweiss.com' <mflumenbaum@paulweiss.com>; 'mgertzman@paulweiss.com' <mgertzman@paulweiss.com>; 'Dearborn, Meredith' <mdearborn@paulweiss.com>; 'Bunting, Kristina' <kbunting@paulweiss.com>; 'Prostko, Sarah J' <sprostko@paulweiss.com>; 'Solomon, Matthew' <msolomon@cgsh.com>; 'Bamberger, Nowell D.' <nbamberger@cgsh.com>; 'Janghorbani, Alexander' <ajanghorbani@cgsh.com>; 'Levander, Samuel' <slevander@cgsh.com>; 'Tatz, Nicole' <ntatz@cgsh.com>; 'Robertson, Caleb J.' <cjrobertson@cgsh.com>; 'Brune, Jackie M.' <jabrune@cgsh.com>; 'Chermak, Kyle' <kechermak@debevoise.com>
**Subject:** [EXTERNAL] RE: SEC v. Ripple - ██████████

Brad,

Following up on the below –

If Defendants agree that this will resolve the dispute, Mr. ████ is willing to obtain a release from his NDA limited to providing an answer, in writing, to the single question he refused to answer at his deposition on the basis of the NDA.  That question was "How much money does ██████████ have under management today?"  Tr. 100:3-4.

We have carefully reviewed the deposition transcript, and the remainder of the information you seek is outside the scope of questions asked at Mr. ██████ deposition.  There is no basis to provide such information after the conclusion of the deposition.

Please let us know if you are amenable to resolution of this issue as described above.

Thanks,
Mark

**From:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Sent:** Monday, February 28, 2022 2:01 PM
**To:** Sylvester, Mark <sylvesterm@SEC.GOV>
**Cc:** 'Ford, Christopher S.' <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>;
Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert
M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A.
<WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Figel, Reid M.
<rfigel@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Pfeffer, Eliana M.
<epfeffer@kellogghansen.com>; 'mflumenbaum@paulweiss.com'
<mflumenbaum@paulweiss.com>; 'mgertzman@paulweiss.com' <mgertzman@paulweiss.com>;
'Dearborn, Meredith' <mdearborn@paulweiss.com>; 'Bunting, Kristina' <kbunting@paulweiss.com>;
'Prostko, Sarah J' <sprostko@paulweiss.com>; 'Solomon, Matthew' <msolomon@cgsh.com>;
'Bamberger, Nowell D.' <nbamberger@cgsh.com>; 'Janghorbani, Alexander'
<ajanghorbani@cgsh.com>; 'Levander, Samuel' <slevander@cgsh.com>; 'Tatz, Nicole'
<ntatz@cgsh.com>; 'Robertson, Caleb J.' <cjrobertson@cgsh.com>; 'Brune, Jackie M.'
<jabrune@cgsh.com>; 'Chermak, Kyle' <kechermak@debevoise.com>
**Subject:** RE: SEC v. Ripple - ███████████

> **CAUTION:** This email originated from outside of the organization. Do not click links or open
> attachments unless you recognize the sender and know the content is safe.

Mark,

As you know, today is the last day of expert discovery.  We are willing to work around your
scheduling conflict but we are not willing to give up our right to file a motion to compel.
Accordingly, we ask that the SEC confirm that, in the event we are unable to resolve this dispute, the
SEC will not object to a motion to compel as untimely.  Provided the SEC gives that confirmation, we
are willing to agree to wait on Mr. ███████ response.

Regards,
Brad

---

**From:** Sylvester, Mark <sylvesterm@SEC.GOV>
**Sent:** Monday, February 28, 2022 1:19 PM
**To:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Cc:** 'Ford, Christopher S.' <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>;
Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert
M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A.
<WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Figel, Reid M.
<rfigel@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Pfeffer, Eliana M.
<epfeffer@kellogghansen.com>; 'mflumenbaum@paulweiss.com'
<mflumenbaum@paulweiss.com>; 'mgertzman@paulweiss.com' <mgertzman@paulweiss.com>;
'Dearborn, Meredith' <mdearborn@paulweiss.com>; 'Bunting, Kristina' <kbunting@paulweiss.com>;
'Prostko, Sarah J' <sprostko@paulweiss.com>; 'Solomon, Matthew' <msolomon@cgsh.com>;
'Bamberger, Nowell D.' <nbamberger@cgsh.com>; 'Janghorbani, Alexander'

<ajanghorbani@cgsh.com>; 'Levander, Samuel' <slevander@cgsh.com>; 'Tatz, Nicole'
<ntatz@cgsh.com>; 'Robertson, Caleb J.' <cjrobertson@cgsh.com>; 'Brune, Jackie M.'
<jabrune@cgsh.com>; 'Chermak, Kyle' <kechermak@debevoise.com>
**Subject:** [EXTERNAL] RE: SEC v. Ripple - ████████████

Brad,

Thanks for your email. I'm handling this issue and unavailable to meet and confer today because I'm
attending the Fischel deposition. I have conveyed the proposal you provided on Friday night to Mr.
████ and will provide his response when we have it.

Thanks,
Mark

**From:** Oppenheimer, Bradley E. <boppenheimer@kelloghansen.com>
**Sent:** Monday, February 28, 2022 11:15 AM
**To:** Sylvester, Mark <sylvesterm@SEC.GOV>
**Cc:** 'Ford, Christopher S.' <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>;
Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert
M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A.
<WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kelloghansen.com>; Figel, Reid M.
<rfigel@kelloghansen.com>; White, Collin R. <cwhite@kelloghansen.com>; Pfeffer, Eliana M.
<epfeffer@kelloghansen.com>; 'mflumenbaum@paulweiss.com'
<mflumenbaum@paulweiss.com>; 'mgertzman@paulweiss.com' <mgertzman@paulweiss.com>;
'Dearborn, Meredith' <mdearborn@paulweiss.com>; 'Bunting, Kristina' <kbunting@paulweiss.com>;
'Prostko, Sarah J' <sprostko@paulweiss.com>; 'Solomon, Matthew' <msolomon@cgsh.com>;
'Bamberger, Nowell D.' <nbamberger@cgsh.com>; 'Janghorbani, Alexander'
<ajanghorbani@cgsh.com>; 'Levander, Samuel' <slevander@cgsh.com>; 'Tatz, Nicole'
<ntatz@cgsh.com>; 'Robertson, Caleb J.' <cjrobertson@cgsh.com>; 'Brune, Jackie M.'
<jabrune@cgsh.com>; 'Chermak, Kyle' <kechermak@debevoise.com>
**Subject:** RE: SEC v. Ripple - ████████████

**CAUTION:** This email originated from outside of the organization. Do not click links or open
attachments unless you recognize the sender and know the content is safe.

Counsel,

We still have not received a substantive response from the SEC on the threshold question that has
been outstanding since the 18th and would like to meet and confer on this issue today. Please let us
know your availability. I am free 2-3pm and 4pm onward.

Regards,
Brad

**From:** Oppenheimer, Bradley E.

**Sent:** Friday, February 25, 2022 10:36 PM
**To:** 'Sylvester, Mark' <sylvesterm@SEC.GOV>
**Cc:** Ford, Christopher S. <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Figel, Reid M. <rfigel@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; mflumenbaum@paulweiss.com; mgertzman@paulweiss.com; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>; Prostko, Sarah J <sprostko@paulweiss.com>; Solomon, Matthew <msolomon@cgsh.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Tatz, Nicole <ntatz@cgsh.com>; Robertson, Caleb J. <cjrobertson@cgsh.com>; Brune, Jackie M. <jabrune@cgsh.com>; Chermak, Kyle <kechermak@debevoise.com>
**Subject:** RE: SEC v. Ripple - ████████████

Mark,

Thanks for your response.  We disagree with your points below.  We do not need to belabor the point, but in short, ████████████ is the core basis for Mr. ██████ supposed expertise in this case, and Mr. ██████ refused to disclose a range of important information about ████████████ on the basis of an NDA.

As to why we would like Mr. ██████ to obtain a release, the reason is that we still want to obtain the information of the sort that Mr. ██████ refused to provide during his deposition.  Ripple has the right to seek a court order compelling those answers.  *See* Fed. R. Civ. P. 37(a)(3)(B)-(C) (party may move to compel if "a deponent fails to answer a question asked" at deposition, including after deposition ends).  We would prefer to avoid burdening the Court with such a motion, but the necessary first step in a negotiated resolution would be Mr. ██████ obtaining the release.  If he refuses to do so, then there is no negotiated resolution that the parties could reach.

We would propose that Mr. ██████ obtain his NDA release and then provide written confirmation as to the information we were unable to obtain at the deposition, including: (1) Mr. ██████ percentage ownership interest in ████████████, (2) the amount of any distributions (including salary, services payments, profit distributions, and any other outlays) that Mr. ██████ has received from ████████████ each year since 2019, (3) the dollar amount of funds that Mr. ██████ has contributed to ████████████ and (4) the dollar value ████████████ assets, liabilities, and equity.  We note that this proposal is intended as a compromise to avoid litigation proceedings, and Defendants reserve all rights (including the right to seek information beyond that listed here) in the event we are forced to seek relief from the Court.

We ask that you let us know your position as soon as possible.  The threshold question of whether Mr. ██████ will request this release has been outstanding for a week, with no indication that the SEC has even asked Mr. ██████ about it in the first instance.

Regards,
Brad

---

**From:** Sylvester, Mark <sylvesterm@SEC.GOV>
**Sent:** Thursday, February 24, 2022 9:48 AM
**To:** Oppenheimer, Bradley E. <boppenheimer@kelloghhansen.com>
**Cc:** Ford, Christopher S. <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kelloghhansen.com>; Figel, Reid M. <rfigel@kelloghhansen.com>; White, Collin R. <cwhite@kelloghhansen.com>; Pfeffer, Eliana M. <epfeffer@kelloghhansen.com>; mflumenbaum@paulweiss.com; mgertzman@paulweiss.com; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>; Prostko, Sarah J <sprostko@paulweiss.com>; Solomon, Matthew <msolomon@cgsh.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Tatz, Nicole <ntatz@cgsh.com>; Robertson, Caleb J. <cjrobertson@cgsh.com>; Brune, Jackie M. <jabrune@cgsh.com>; Chermak, Kyle <kechermak@debevoise.com>
**Subject:** [EXTERNAL] RE: SEC v. Ripple - ██████████

Brad,

Thanks for your email.  We're reviewed your authority and note that none of the cases you cite directly address this circumstance, where an expert witness testified extensively about his qualifications but declined to answer a handful of specific questions on the same topic based on a NDA.  Further, as you are of course aware, you elicited expansive testimony from Mr. ███ on the topic of his trading background, including but not limited to the following (page cites are to the rough transcript):

- Conventional asset trading: 7, 8, 9, 10
- Digital asset trading: 30, 31, 32
- Digital asset arbitrage: 33, 34, 35, 36, 37, 38, 39
- Digital asset considerations: 40, 41
- Trading on digital asset platforms/on-ledger: 55, 56, 57, 58, 59
- Digital assets owned: 60, 61, 62, 63
- Consideration of regulatory risk: 64, 65
- Asset holding period: 66, 67, 68, 69, 70, 71
- ██████ returns: 98, 99
- ██████ evaluation of regulatory risk: 108, 109, 110, 111
- ██████ past purchases: 168, 169, 170, 171
- Considering terms of contracts involving other holders when trading: 177, 178
- Forex trading: 272, 273, 274

In light of the breadth of this testimony, we fail to see how the few additional questions Mr. ███ declined to answer are "central" to his qualifications.  Also, could you please explain why you want him to obtain a release at this point, after the conclusion of his deposition?  If there is a specific

proposal you'd like him to consider, please let us know.  Without making any representations on behalf of Mr. ████ perhaps there is a path to a negotiated resolution on this point.

Thanks,
Mark

---

**From:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Sent:** Friday, February 18, 2022 4:18 PM
**To:** Sylvester, Mark <sylvesterm@SEC.GOV>
**Cc:** Ford, Christopher S. <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Figel, Reid M. <rfigel@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; mflumenbaum@paulweiss.com; mgertzman@paulweiss.com; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>; Prostko, Sarah J <sprostko@paulweiss.com>; Solomon, Matthew <msolomon@cgsh.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Tatz, Nicole <ntatz@cgsh.com>; Robertson, Caleb J. <cjrobertson@cgsh.com>; Brune, Jackie M. <jabrune@cgsh.com>; Chermak, Kyle <kechermak@debevoise.com>
**Subject:** RE: SEC v. Ripple - ████

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mark,

There are a large number of cases that have routinely held that NDAs do not provide a basis to refuse to answer questions or respond to discovery requests – particularly where, as here, there is a protective order in place in the litigation.  To cite just a few, we direct you to the following: *In re Subpoena Duces Tecum Served on Bell Commc'ns Rsch., Inc.*, No. MA-85, 1997 WL 10919, at *3 (S.D.N.Y. Jan. 13, 1997), modified, No. M8-85, 1997 WL 16747 (S.D.N.Y. Jan. 17, 1997) ("[allowing] individuals and corporations [to] use confidentiality agreements to avoid discovery" "would clearly impede the truth-seeking function of discovery in federal litigation") (collecting cases); *Winfield v. City of New York*, No. 15CV05236LTSKHP, 2018 WL 716013, at *16 (S.D.N.Y. Feb. 1, 2018), *set aside in part sub nom. Noel v. City of New York*, No. 15 CV 5236-LTS-KHP, 2018 WL 6786238 (S.D.N.Y. Dec. 12, 2018) ("Plaintiffs are entitled to discovery of all nonprivileged and responsive documents, including documents that may be subject to a third-party confidentiality agreement or understanding."); *Jelso v. Eclipse Aviation Corp.*, No. CV 03-1327 JH/RLP, 2004 WL 7337625, at *4 (D.N.M. Aug. 11, 2004) (compelling second deposition after witness improperly refused to answer questions on the basis of a confidentiality agreement).

We also note that it is the SEC's burden to justify Mr. ████ refusal to respond.  *See Jelso*, 2004 WL

7337625, at *4.  Accordingly, if the SEC has any authority justifying an expert's withholding information central to his purported qualifications on the claimed basis of a non-disclosure agreement, we request that the SEC provide it promptly.

Regards,
Brad

---

**From:** Sylvester, Mark [mailto:sylvesterm@SEC.GOV]
**Sent:** Friday, February 18, 2022 12:20 PM
**To:** Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com>
**Cc:** Ford, Christopher S. <csford@debevoise.com>; Goody, Elizabeth <GoodyE@SEC.GOV>; Guerrier, Pascale <guerrierp@SEC.GOV>; Hanauer, Benjamin J. <HanauerB@sec.gov>; Moye, Robert M. <MoyeR@sec.gov>; Stewart, Ladan F <stewartla@SEC.GOV>; Waxman, Daphna A. <WaxmanD@SEC.GOV>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Figel, Reid M. <rfigel@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; mflumenbaum@paulweiss.com; mgertzman@paulweiss.com; Dearborn, Meredith <mdearborn@paulweiss.com>; Bunting, Kristina <kbunting@paulweiss.com>; Prostko, Sarah J <sprostko@paulweiss.com>; Solomon, Matthew <msolomon@cgsh.com>; Bamberger, Nowell D. <nbamberger@cgsh.com>; Janghorbani, Alexander <ajanghorbani@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Tatz, Nicole <ntatz@cgsh.com>; Robertson, Caleb J. <cjrobertson@cgsh.com>; Brune, Jackie M. <jabrune@cgsh.com>; Chermak, Kyle <kechermak@debevoise.com>
**Subject:** [EXTERNAL] Re: SEC v. Ripple ███████████

Brad,

Thanks for your email. Could you please provide any authority supporting your belief articulated below that Mr. ███████ response "was and is improper"?

Thanks,
Mark



Sent from my iPhone

> On Feb 18, 2022, at 11:21 AM, Oppenheimer, Bradley E. <boppenheimer@kellogghansen.com> wrote:
>
> > **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Mark,

We write to follow up on the ████ deposition.  Mr. ████ refused to answer certain questions on the basis of an NDA between himself and ████████.  We believe that refusal was and is improper.  However, Mr. ████ also testified that he would "consider having [a] conversation" with ████████ to obtain a release from the NDA for purposes of this litigation.  Please let us know whether Mr. ████ will request that release and, if so, when he obtains it.

Defendants reserve all rights.

Regards,

**Bradley E. Oppenheimer**
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036
Tel: 202-326-7968 | Fax: 202-326-7999

NOTICE:  This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distr bution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.  Thank you.