

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

January 18, 2023

VIA ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

      Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen (together, "Defendants") oppose the Letter-Motion by "Investment Banker Declarant" (hereafter "Declarant"), ECF No. 751, which seeks to redact his declaration to shield from public view his name, position, and the name of his employer. Declarant, on behalf of his employer, *voluntarily* submitted this declaration in support of the SEC's motion for summary judgment. Having done so, Declarant has no compelling basis to now ask the Court to conceal his name, position, and employer's name, particularly at the merits briefing stage when the presumption of public access to judicial documents is strongest. For the reasons set forth below and in Defendants' opposition to the SEC's motion to seal certain summary judgment materials, *see* ECF No. 765 at 2–3, the Court should order that Declarant's declaration be publicly filed.[1]

      It is undisputed that the declaration is a judicial document entitled to a "strong presumption of access" under both the common law and the First Amendment. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). Declarant signed and dated the declaration on September 8, 2022, and five days later the SEC filed it with the Court as part of its summary judgment motion. ECF No. 627-45. The declaration should not and cannot be sealed absent compelling reasons justified by "specific, on-the-record findings that sealing is necessary to preserve higher values." Order, ECF No. 737 at 3 (quoting *Lugosch*, 435 F.3d at 124). Such compelling reasons for sealing are absent here.

---

[1] Defendants do not object to Declarant's proposed redactions to Exhibit A to PX 447, which is a 2019 email containing numerous email addresses of bank employees and Ripple employees. Unlike Declarant's voluntarily submitted declaration, that email was produced pursuant to subpoena and the protective order entered in this case, and Defendants have consented to the redaction of third-party names and email addresses in such third party-produced documents covered by the protective order. Defendants consider such production documents to be categorically distinct from the voluntary witness testimony in support of the SEC's summary judgment motion that is contained in Declarant's sworn statement.

Hon. Analisa Torres                                           2                                    January 18, 2023

*First*, the factual circumstances surrounding this declaration support its public filing. Declarant and his employer were not compelled to provide the declaration. Indeed, they were not deposed by either party during discovery, and were not even identified as potential witnesses in the SEC's initial disclosures. Rather, Declarant provided this declaration to the SEC voluntarily and following the close of discovery. *See* ECF No. 662 at 54 n.24 (noting that SEC submitted this never-produced declaration (and others) in violation of the Federal Rules of Civil Procedure). Putting the SEC's violation aside, Declarant's affirmative provision of this sworn statement for the Court's consideration in reaching a merits decision militates heavily in favor of it being made public given the high presumption of public access on summary judgment. *Lugosch*, 435 F.3d at 123.

*Second*, Declarant's generalized claim of a "risk of harassment" should his and his employer's names be publicly accessible is too vague and conclusory to support sealing. Declarant cites only to prior briefing by the SEC regarding alleged harassment of a particular SEC expert (Expert 1) in May and June 2022; but not only are the SEC's arguments regarding "harassment" of Expert 1 not a compelling basis for sealing of *Expert 1's* identity at the summary judgment stage (and the SEC has presented no evidence of any alleged harassment of Expert 1 since June 2022, notwithstanding that Expert 1's identity is already publicly known), but there is also no basis to equate Expert 1's circumstances with those of Declarant, and Declarant does not try to do so. Whereas Expert 1 was criticized in social media by certain XRP holders for having opined on what "reasonable purchasers" of XRP would do but without having ever interviewed an XRP purchaser, Declarant's declaration merely concerns potential business discussed between the bank and Ripple years ago. Declarant has set forth no specific basis to believe he would be at risk in any way. *See, e.g., King v. Whitmer*, 2021 WL 2885810, at *1 (E.D. Mich. July 9, 2021) (denying motion to seal identifying information in non-party affidavits where plaintiffs "offer[ed] mere speculation and conclusory statements of possible harm" that might befall "unspecified affiants" if the affiants' identities were made public).

*Finally*, the cases Declarant cites to support sealing are inapposite. *See* ECF No. 751 at 2–3. None granted sealing for a declarant who voluntarily submitted a sworn statement at the summary judgment stage. Rather, a few cases permitted certain redactions of the identities of third parties named in underlying documentary exhibits or the court's opinion, but had no occasion to consider sealing witness declarations. *See Cardwell v. Davis Polk & Wardwell LLP*, 2022 WL 17175759, at *2 (S.D.N.Y. Nov. 23, 2022); *SEC v. Telegram Group Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *Doe v. City of N.Y.*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019). The remaining cases cited by Declarant were not summary judgment cases subject to the standard the Court must apply here and also did not consider sealing witness declarations. *See Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 231, 233 (D. Conn. 2019); *Royal Park Invs. SA/NV v. Deutsch Bank Nat'l Tr. Co.*, 2017 WL 1331288, at *11 (S.D.N.Y. Apr. 4, 2017).

For these reasons and those set out in Defendants' opposition to the SEC's motion to seal, *see* ECF No. 765, at 2–3, Declarant's application to redact the declaration should be denied.

Hon. Analisa Torres	3	January 18, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Andrew J. Ceresney* | |
| Andrew J. Ceresney | PAUL, WEISS, RIFKIND, WHARTON & |
| DEBEVOISE & PLIMPTON LLP | GARRISON LLP |
| *Counsel for Defendant Ripple Labs Inc.* | *Counsel for Defendant Christian A. Larsen* |
| | |
| KELLOGG, HANSEN, TODD, FIGEL, | CLEARY GOTTLIEB STEEN & |
| & FREDERICK PLLC | HAMILTON LLP |
| *Counsel for Defendant Ripple Labs Inc.* | *Counsel for Defendant Bradley Garlinghouse* |

cc:   All Counsel of Record (via ECF)