

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

January 18, 2023

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re: <u>SEC v. Ripple Labs, Inc. et al.</u>, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

The SEC respectfully submits this omnibus response to motions by six third-parties to seal portions of the parties' filings in connection with the motions for summary judgment (D.E. 751, 754, 756, 758, 759, 762). The SEC does not oppose the requested sealing or redactions by four of the third-parties as reflected in D.E. 752, 754, 756, and 758. The SEC partially opposes the sealing requests by the other two third-parties, as described below.

"Third Party A," whose identity has already been made public in this case, has proposed redactions to 38 of the parties' summary judgment filings. (D.E. 759 & 761.) The SEC opposes just one set of redactions by Third Party A: certain of the proposed redactions to the deposition transcript of Third Party A's employee. (D.E. 761-4.) The SEC does not oppose Third Party A's request to redact the name and identifying information of the deponent or other third-parties referenced in the deposition transcript. But the SEC does oppose three categories of proposed redactions:

*First*, the SEC opposes Third Party A's (and Defendants') motion to redact all references to Third Party A as an entity. As noted previously by the SEC (D.E. 766 at 4), Third Party A's identity and extensive role in Defendants' XRP distributions have already been publicly detailed, without redaction, in the parties' summary judgment briefs. (D.E. 674 at 9-11, 22, 31, 58-66, 73; D.E. 730 at 49; D.E. 729 at 19, 40-5). Neither Defendants nor Third Party A offer any credible argument why Third Party A's identity should now be sealed after its repeated public disclosure.

*Second*, the SEC opposes proposed redactions by Third Party A (and Defendants) to the names of public crypto asset trading platforms for the reasons outlined below and in the SEC's opposition to Defendants' sealing motion. (D.E. 766 at 5.)

*Third*, the SEC opposes the redaction of information in the deposition transcript relating to the economics of Ripple's ODL product and Third Party A's role in distributing and monetizing Defendants' XRP holdings. (*See, e.g.*, D.E. 761-4 at Tr. 15, 18-22, 27-30, 42-43, 51, 68-69, 73, 115, 117-21, 140, 143-44, 146-47, 252-53, 288, 290, 292, 312-14.) While Third Party A's motion does not specifically address these proposed redactions, they appear to fall into the category of information that Third Party A claims could "expose its operations." But this information is relevant to ODL, which Defendants have put at the center of this litigation (*see* D.E. 766 at 3), as well as to Defendants' arguments on summary judgment that XRP transactions on certain trading platforms did not occur in the United States. Indeed, certain of the phrases Third Party A seeks to redact

Hon. Analisa Torres
January 18, 2023
Page 2

from the deposition transcript are included in the SEC's publicly-filed summary judgment opposition brief addressing Defendants' domesticity arguments. (*Compare* D.E. 674 at 10, 59, 62 *with* D.E. 761-4 at 312-14.) And Third Party A has made no "particular and specific demonstration of fact showing disclosure would result in an injury sufficiently serious to warrant protection." *Kulig v. Midland Funding, LLC*, 2014 WL 8060586, at *1 (S.D.N.Y. Aug. 13, 2014) (denying motion to seal information party alleged would be valuable to industry competitors) (internal quotation marks and citation omitted)). This is especially true at the summary judgment stage where "the presumption of public access is at its strongest." (D.E. 737 at 8 n.7.)

The SEC also partially opposes the motion filed by a crypto asset trading platform. (D.E. 762.) While the SEC does not oppose the request to redact references to the trading platform's employees' identities and certain personal financial information, the SEC opposes the request to redact references to the entity name of the trading platform. Defendants likewise moved to seal references to this entity and all other crypto asset trading platforms from the summary judgment papers. As outlined in the SEC's opposition to Defendants' motion to seal (D.E. 766 at 5), such redactions are improper including because they would impede the public's understanding of issues that Defendants have made central to the summary judgment motions: (a) whether XRP transactions on certain trading platforms occurred in the United States; and (b) whether platforms' decisions to allow XRP trading supports the "fair notice" defense. Moreover, with respect to this particular trading platform, that entity's name has already been included in the parties' publicly-filed summary judgment briefs (D.E. 674 at 10-11, 59, 64; D.E. 675 at 74), and the platform's public website currently discloses that it allows XRP trading for non-U.S. customers. The declaration submitted by the trading platform that public disclosure of the entity's name would "cause significant harm" to its "business and customer relationships" (D.E. 764) is far too vague and general to constitute a "particular and specific demonstration of fact showing disclosure would result in an injury sufficiently serious to warrant protection." *Kulig*, 2014 WL 8060586, at *1. This is especially true when the entity's role in the matters underlying this litigation is already in the public record.

For the foregoing reasons, the Court should deny in part the motions submitted as D.E. 759 and 762.

        Respectfully submitted,

        /s/ Ladan F. Stewart

        Ladan F. Stewart

cc: Counsel for All Defendants (*via* ECF)