

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 8537
AHASBROUCK@SIDLEY.COM

January 25, 2023

**Via ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10017

    Re:    *SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832, Reply in Support of Letter Motion to Redact PX 447 in Connection With SEC's Motion for Summary Judgment

Dear Judge Torres:

    We write to reply to Defendants' letter partially opposing Investment Banker Declarant's motion to seal his declaration in the above-referenced matter. None of Defendants' arguments overcome Investment Banker Declarant's strong privacy and safety interests in permitting the narrowly tailored redactions.

    As a preliminary matter, Defendants' lead argument—that Investment Banker Declarant, an employee of an SEC-regulated entity, submitted his declaration to the SEC "voluntarily"—offers no real basis for denying leave to redact. Investment Banker Declarant works at an SEC-registered broker-dealer, and as such (as the sophisticated defense counsel in this case well know) was not in a position to decline a request from the SEC—his firm's primary regulator—for a declaration. Had Investment Banker Declarant declined to provide a statement, the SEC's alternative was to compel his testimony to authenticate the document at issue. It is self-evident that where a witness's only options are to provide a declaration or to testify, there is no truly voluntary "choice" to be made.

    Even if there were, voluntariness is simply not a factor in the redaction analysis, and Defendants cite no case to the contrary. If anything, precedent firmly establishes that when there are compelling reasons to redact—particularly the privacy and safety of third parties to the litigation—those concerns outweigh other considerations. *See, e.g.*, *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Doe v. City of N.Y.*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("In the redaction analysis, courts take the privacy interests of third-parties seriously."); *In*

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

The Honorable Analisa Torres
January 25, 2023
Page -2-

*re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *2 (S.D.N.Y. Jan. 7, 2019) ("The public interest in the names of the specific senders and recipients in these e-mails is low, as is the identities of certain entities referenced within the e-mails.").

Defendants identify no controlling precedent suggesting that Investment Banker Declarant's privacy and safety concerns relating to names and email addresses are in any way invalid. This Court has already recognized that the risks to witnesses in this matter are sufficient to warrant redaction of identifying information. *SEC v. Ripple Labs, Inc.*, 2022 WL 17751466, at *2 (S.D.N.Y. Dec. 19, 2022) ("[P]ublic dissemination of information about the SEC's experts 'may increase the likelihood of future threatening behavior, implicating concerns of witness safety[.]'"). As a publicly-named witness in this high-profile matter, Investment Banker Declarant and his co-workers would face similar risks. *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) ("[E]ven though [movants] have not provided specific examples of harm to Gristede's employees, . . . the harm that would result from the disclosure of [nonparties'] undisputedly personal information . . . establishes a 'particular need for protection.'").

Finally, taken to their logical conclusions, Defendants' arguments would burden future government investigations. Investigators rely heavily on the cooperation of persons who may want or need confidentiality. "If that confidentiality cannot be assured, cooperation will not be forthcoming." *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[Although] compulsory process [is] available to compel the giving of evidence or the production of documents, cooperation is also often essential to [investigatory] efficiency. If release [of information] is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *See id.*; *see also In re City of N.Y.*, 607 F.3d 923, 941 (2d Cir. 2010) (discussing the importance of "preserv[ing] the confidentiality of sources" and "safeguard[ing] the privacy of individuals involved in an investigation"). Here, that burden weighs strongly in favor of granting Investment Banker Declarant's modest proposed redactions.

Respectfully submitted,

*/s/ Alyssa M. Hasbrouck*
Alyssa M. Hasbrouck

cc:   Counsel of Record (via ECF)
      W. Hardy Callcott, Sidley Austin LLP, hcallcott@sidley.com