KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

March 3, 2023

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs Inc. et al.*, No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Torres:

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian Larsen respectfully submit this notice of supplemental authority relevant to their Opposition to the SEC's Motion for Summary Judgment (ECF No. 675).

On February 28, 2023, the Supreme Court decided *Bittner v. United States*, No. 21-1195. In an opinion by Justice Gorsuch, the Court reversed a decision by the Fifth Circuit that had held that the Bank Secrecy Act authorized a $10,000 penalty for each foreign account that an individual failed to disclose, rather than for each report that the individual failed to file. In a section on behalf of himself and Justice Jackson, Justice Gorsuch elaborated on the requirement under the Due Process Clause for the government to provide fair notice of what is prohibited:

> [T]he rule [of lenity] exists in part to protect the Due Process Clause's promise that "a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed." . . . And *the government's current theory poses a serious fair-notice problem*. The relevant provisions of the BSA nowhere discuss per-account penalties for nonwillful violations.  *A number of the government's own public guidance documents have seemingly warned of per-report, not per-account, penalties for non-willful violations*. . . .  We are even told that, until 2008 and 2009, when the government began aggressively enforcing FBAR penalties, "many experienced tax professionals and return preparers were not aware of the FBAR reporting obligations," let alone aware of the government's current theory about the scope of penalties for non-willful violations. . . .  *If many experienced accountants were unable to anticipate the government's current theory, we do not see how "the common world" had fair notice of it.*

Slip Op. at 15 (citations omitted) (emphasis added).

Hon. Analisa Torres
March 3, 2023
Page 2

      This opinion strongly supports Defendants' fair notice defense.  As in *Bittner*, the relevant statutory provisions (here, the definition of "security" in 15 U.S.C. § 77b) provide no discussion specific to the facts of this case.  As in *Bittner*, the government's prior guidance appears to contradict its present litigating position.  *See* ECF No. 675 at 47-52.  And as in *Bittner*, many experienced securities law practitioners and industry participants were unable to anticipate the government's current theory.  *See id*. at 47 (digital asset exchanges), 49 & n.39 (academics, securities lawyers, and other third parties), 52 (market participants).[1]  Accordingly, as in *Bittner*, "the government's current theory poses a serious fair-notice problem."  Slip. Op. at 15.

      A copy of the Supreme Court's decision in *Bittner* is attached as Exhibit A for the Court's convenience.  We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Michael K. Kellogg
Michael K. Kellogg
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON
2112 Pennsylvania Avenue NW
Washington, DC 20037
+1 (202) 974-1680

*Counsel for Defendant Bradley Garlinghouse*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Counsel for Defendant Christian A. Larsen*

---

[1] The SEC previously argued that the views of third parties "are irrelevant."  ECF No. 730 at 40-42.  *Bittner* squarely rejects that argument by emphasizing confusion among third-party practitioners.