

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

April 11, 2023

**By ECF**
Hon. Analisa Torres
U.S. District Court
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT) (SN)

Dear Judge Torres:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this notice of supplemental authority in further support of its pending Motion for Summary Judgment (D.E. 625, 640). On April 7, 2023, a District of Massachusetts court issued an opinion granting the SEC's motion for summary judgment, and denying defendant's cross-motion for summary judgment. *SEC v. Commonwealth Equity Servs., LLC*, No. 1:19-cv-11655, 2023 WL 2838691 (D. Mass. Apr. 7, 2023) (attached as Exhibit 1). In *Commonwealth*, the court found that defendant violated negligence-based provisions of the Investment Advisers Act of 1940 ("Advisers Act") relating to its failures to disclose certain conflicts of interest. In doing so, the court rejected a due process affirmative defense alleging "that the SEC failed to provide [defendant] with fair notice of the disclosure obligations asserted in the complaint." *Id.* at *9

Like the Defendants here, the *Commonwealth* defendant premised its "fair notice" defense on *Upton v. SEC*, 75 F.3d 92 (2d Cir. 1996). *Commonwealth*, 2023 WL 2838691, at *9. Invoking *Upton*, the *Commonwealth* fair notice defense alleged that the SEC had long been aware of defendant's practices at issue, "expressed concerns…and considered rulemaking relating to" such practices, but never adopted specific rules requiring the types of disclosures at issue. *Id.* The court correctly distinguished *Upton*, observing that *Upton*'s defendant had "complied with the literal terms of the [SEC] Rule at all times." *Id.* (citing *Upton*, 75 F.3d at 94). The *Commonwealth* court held that, unlike in *Upton*, its defendant received fair notice by virtue of 50-year old Supreme Court precedent regarding Advisers Act disclosure obligations. *Id.* (discussing *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180 (1963)).

*Commonwealth* supports the SEC's summary judgment motion for various reasons. First, its holding that longstanding Supreme Court precedent can provide fair notice is identical to the SEC's position in this case: that *Howey* and its progeny provided Defendants with sufficient fair notice to defeat their constitutional defense. *See* D.E. 640 at 70-71. Next, *Commonwealth* adds another link to the unbroken chain of district court decisions rejecting fair notice defenses, on summary judgment, in SEC enforcement actions. *See* D.E. 640 at 71-73; D.E. 730 at 28-30. Further, *Commonwealth* rejected a fair notice defense, on summary judgment, even where the undisputed facts showed that the SEC had "been aware of [the practices at issue] for over two decades," and had not adopted rules addressing that specific conduct. *Commonwealth*, 2023 WL 2838691, at *9.

Accordingly, *Commonwealth* provides additional authority for rejecting Defendants' fair notice defense and granting the SEC's motion for summary judgment.

    Respectfully submitted,

    /s/Benjamin J. Hanauer

    Benjamin J. Hanauer
    *Counsel for Plaintiff Securities and Exchange Commission*