KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 13, 2023

**VIA ECF**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Defendants Ripple Labs Inc., Bradley Garlinghouse, and Christian A. Larsen (collectively "Defendants") respectfully respond to the SEC's notice of supplemental authority, which asserts that *SEC v. Commonwealth Equity Servs., LLC*, No. 1:19-cv-11655, 2023 WL 2838691 (D. Mass. Apr. 7, 2023), an out-of-circuit, unpublished district court opinion, provides "additional authority" for rejecting Defendants' fair notice defense. *See* ECF No 817 at 2.  It does not.

In *Commonwealth*, the defendant adduced no contemporaneous evidence supporting its defense that market participants lacked fair notice of an obligation to disclose economic conflicts of interest under the Investment Advisers Act of 1940.  It merely quoted SEC guidance and presented a paid expert who opined that he believes (in retrospect) that the guidance did not require certain disclosures.  *See Commonwealth*, 2023 WL 2838691, at *9. Here, by contrast, there is abundant evidence – including extensive factual evidence from the SEC's own files and its communications with third parties – showing that reasonable market participants, trying to understand what the SEC would permit or prohibit, concluded that Defendants' offers and sales of XRP were not "investment contracts," and told the SEC so.  *See* ECF No. 675 at 45-46.  There is also abundant evidence that the SEC was not only aware of this widespread regulatory confusion, but helped to sow it by repeatedly offering (and then disclaiming) vague guidance that differed from the *Howey* test.  *See id.* at 47-48.  The "clear directive" from *Commonwealth*, 2023 WL 2838691, at *9, is absent here.

Moreover, in *Commonwealth*¸ there was no dispute that the Investment Advisers Act applied to the defendant's conduct and required the defendant to disclose economic conflicts of

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

April 13, 2023
Page 2

interest. In this case, the threshold issue – and source of widespread regulatory uncertainty – is whether the Securities Act even applies to Defendants' offers and sales of XRP (it does not).

    The SEC's boast of the "unbroken chain of district court decisions rejecting fair notice defenses, on summary judgment, in SEC enforcement actions" is irrelevant. ECF No. 817 at 1. The Court has already rejected the SEC's reliance on these cases. *See* ECF No. 440 at 9 & n.4. None of those other cases dealt with XRP and the facts Defendants adduced in support of their fair notice defense. The closest case, *Upton* – which the SEC excludes from its list because it is an appellate decision – is binding precedent, and ruled in favor of the defendant's fair notice defense. This Court should do the same, and *Commonwealth* does not change that.

Respectfully submitted,

*/s/ Michael K. Kellogg*
Michael K. Kellogg
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
+1 (202) 974-1680

*Counsel for Defendant Bradley Garlinghouse*

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Counsel for Defendant Christian A. Larsen*

cc:    All Counsel of Record (via ECF)