| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                     Plaintiff,<br>    -against-<br><br>RIPPLE LABS, INC., BRADLEY<br>GARLINGHOUSE, and CHRISTIAN A.<br>LARSEN,<br><br>                     Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _5/16/2023_<br><br>20 Civ. 10832 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

      Plaintiff, the Securities and Exchange Commission (the "SEC"), moves to seal certain portions of the parties' filings in connection with their cross-motions for summary judgment, *see* ECF Nos. 621–31, 662–65, 667–70, 723–28 (the "Summary Judgment Materials"). SEC Mot., ECF No. 745. The SEC states that its proposed redactions are "necessary to preserve higher values and are narrowly tailored to achieve that aim." *Id.* at 1 (quotation marks and citation omitted). Defendants Ripple Labs, Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen also move to seal certain portions of the Summary Judgment Materials. Defs. Mot., ECF No. 744. Defendants state that their proposed redactions "are reasonable, narrowly tailored to protect highly confidential business information and the legitimate privacy interests of . . . third parties," and consistent with redaction requests that the Court has granted in previous orders. *Id.* at 1–2.

      Further, pursuant to the Court's December 12, 2022 Order, ECF No. 732, and Rule IV(A)(ii) of the Court's Individual Practices in Civil Cases, a number of non-parties move to seal certain portions of the Summary Judgment Materials: Third-Party A, ECF Nos. 635–36, 759, 761; Third-Party B, ECF Nos. 637–38; Third-Party C, ECF Nos. 671–72; Investment Banker Declarant, ECF Nos. 751–52; Non-Party D, ECF Nos. 754–55; Investor A, ECF No. 758; Cryptocurrency Exchange,

ECF Nos. 762–64; and MoneyGram International, Inc. ("MoneyGram"), ECF Nos. 756–57.[1] The SEC opposes in part the redaction requests of Third-Party A and Cryptocurrency Exchange. ECF No. 806. Defendants oppose in part the redaction requests of Investment Banker Declarant. ECF No. 805. Lastly, non-party Roslyn Layton moves to intervene to file an opposition to the SEC's motion to seal. ECF Nos. 811–12.

For the reasons stated below, the parties' motions are GRANTED in part and DENIED in part, and the non-parties' motions are GRANTED in part and DENIED in part.

I. Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Documents are considered "judicial documents" if they are "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted). The relevance of a specific document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id.* Rather, what is important is whether a document "would reasonably have the *tendency* to influence a district court's ruling on a motion." *Id.* Further, the presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion, such as a motion for summary judgment. *Id.* at 50.

After finding that documents are judicial documents to which the common law presumption of access attaches, courts must "balance competing considerations against" that presumption. *Lugosch*, 435 F.3d at 120 (citation omitted). The sealing of judicial documents "may be justified only with

---

[1] All non-party names, except for MoneyGram, are pseudonyms.

specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124. The interests in favor of non-disclosure can include "the danger of impairing law enforcement or judicial efficiency," *id.* at 120, "the privacy interests of those resisting disclosure," *In re United States for Material Witness Warrant*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) (citations omitted), and concerns for witness safety, *Walker v. City of New York*, No. 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017). And, although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, *see SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), "conclusory statements that documents contain confidential business information" are insufficient to justify sealing, *United States v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). Rather, the moving party must make a "particular and specific demonstration of fact[ ]showing that disclosure would result in an injury sufficiently serious to warrant protection." *Id*. (citation omitted).

II. <u>Application</u>

A. The SEC's Requests

The SEC seeks redaction of three categories of information: (1) "names and other identifying information of the SEC's experts and XRP investor declarants"; (2) "personal and financial information"; and (3) "internal SEC documents reflecting debate and deliberation by SEC officials" (the "Hinman Speech Documents"). SEC Mot. at 1. Defendants oppose the SEC's motion as to categories (1) and (3). Defs. Opp. at 1, 5, ECF No. 765.

As a threshold matter, the Summary Judgment Materials that the SEC seeks to redact are judicial documents because they are relevant to the Court's decision on the cross-motions for summary judgment. *See Brown*, 929 F.3d at 49. These documents, which include legal briefs, Rule

3

56.1 statements, declarations, and other exhibits submitted in connection with the parties' motions for summary judgment, may have the tendency to influence the Court's decision on those motions. *See id.* Because the documents were "submitted in connection with a motion for summary judgment," they "are subject to a strong presumption of public access." *Id.* at 53; *see id.* at 50.

      First, the SEC contends that the names and other identifying information of its expert witnesses and investor declarants should be redacted to "protect the identities of these witnesses." SEC Mot. at 1. As the Court has previously discussed, one of the SEC's expert witnesses was subjected to extensive threats and harassment after his name was publicly disclosed. *See* ECF No. 737 at 3. Given the substantial public interest in this case, public dissemination of the identities of the SEC's expert witnesses and investor declarants "may increase the likelihood of future threatening behavior, implicating concerns of witness safety and the danger of impairing judicial efficiency." *Id.* at 4 (cleaned up); *see In re United States for Material Witness Warrant*, 2020 WL 3959208, at *3.

      Therefore, although the Summary Judgment Materials are subject to a strong presumption of public access, the Court finds that limited, narrowly tailored redactions are "necessary to preserve higher values" of witness safety and judicial efficiency. *Lugosch*, 435 F.3d at 124. And, the Court concludes that the SEC's proposed redaction of names and identifying information is narrowly tailored to achieve these aims. *See id.*; *see also* ECF No. 737 at 4–5. The vast majority of the SEC's expert reports and investor declarants' statements—including all material relevant to the Court's decision on the motions for summary judgment—will be part of the public record.

      Second, with respect to the personal and financial information of Defendants and certain third parties, *see* SEC Mot. at 2, the Court finds that privacy interests justify narrowly tailored redactions. *See Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Personal and financial information implicate "significant privacy interests" that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision on the summary judgment motions.

*City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021); *see Amodeo*, 71 F.3d at 1050. The Court agrees with the SEC that its proposed redactions are narrowly tailored to serve this interest. *See* ECF No. 737 at 5.

Third, the SEC moves to seal, in their entirety, the Hinman Speech Documents, which reflect nonpublic deliberations by SEC officials in connection with former Director of the SEC's Division of Corporation Finance Bill Hinman's June 2018 speech. SEC Mot. at 3. On September 29, 2022, the Court overruled the SEC's objections to the Honorable Sarah Netburn's findings that the Hinman Speech Documents are not protected by the deliberative process or attorney client privileges. ECF No. 652. The SEC argues that the documents should be sealed because of the "clear lack of relevance of these documents to the summary judgment motions" and because their disclosure "would be highly prejudicial to the SEC." SEC Mot. at 3.

The Court disagrees. Regardless of whether the Court ultimately determines that the Hinman Speech Documents are admissible, or whether the Court relies on the documents in ruling on the summary judgment motions, they are judicial documents subject to a strong presumption of public access because they are "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (citation omitted). The Hinman Speech Documents "would reasonably have the *tendency* to influence [the Court's] ruling on a motion." *Id.* Documents do not receive "different weights of presumption based on the extent to which they were relied upon in resolving [a] motion." *Lugosch*, 435 F.3d at 123.

The Court also rejects the SEC's argument that sealing is necessary to preserve "openness and candor" within the SEC. SEC Mot. at 3. As Judge Netburn found in her order dated January 13, 2022, the Hinman Speech Documents are not protected by the deliberative process privilege because they do not relate to an agency position, decision, or policy. ECF No. 413 at 13–15; *see also* ECF No. 652 at 5. Therefore, sealing these documents would not be related to preserving "openness and

5

candor" within the agency, nor would such an interest be substantial enough to outweigh the strong presumption of public access. *See Gannett Media Corp. v. United States*, No. 22-2160, 2022 WL 17818626, at *3–4 (2d Cir. Dec. 20, 2022) (summary order). Likewise, the Court rejects the SEC's argument that the Court should seal the Hinman Speech Documents because the SEC may in the future (on appeal or in other litigation) argue that the documents are privileged, *see* SEC Mot. at 3, notwithstanding the Court's holding that the asserted privileges do not apply. The SEC cites no authority in support of this prophylactic approach, and courts routinely deny motions to seal documents that they conclude are not privileged. *See, e.g.*, *New York v. Mayorkas*, Nos. 20 Civ. 1127, 20 Civ. 1142, 2021 WL 2850631, at *11 (S.D.N.Y. July 8, 2021); *Allen v. City of New York*, 420 F. Supp. 2d 295, 298, 303 (S.D.N.Y. 2006).

Accordingly, the SEC's motion to seal is DENIED as to the Hinman Speech Documents, and GRANTED as to the names and other identifying information of the SEC's experts and investor declarants, and personal and financial information.

### B. Defendants' Requests

Defendants seek redaction of eleven categories of information: (1) highly confidential financial information; (2) confidential financial terms of Ripple's contractual agreements; (3) the identities of certain non-party financial institutions, business partners, and customers; (4) the identities of certain non-party Ripple employees; (5) non-party contact information; (6) employee compensation information; (7) employment history; (8) confidential settlement agreements; (9) personal familial information, personal financial information, and personal financial holdings; (10) personal identifiable information; and (11) other requests, including "highly confidential and

proprietary investment memos" and Ripple's Wells submission to the SEC.[2]  Defs. Mot.  The SEC opposes Defendants' motion as to categories (1), (2), (3), (6), and (9).  SEC Opp. at 1, ECF No. 766.

For the reasons stated above, the Summary Judgment Materials Defendants seek to redact are judicial documents because they are relevant to the performance of the judicial function.  *See Brown*, 929 F.3d at 49.  The documents may assist the Court when resolving the pending summary judgment motions, which involves evaluating Ripple's financial information and contracts with third parties.  Therefore, these documents are subject to a strong presumption of public access.  *Id.* at 53.

First, Defendants move to seal or redact Ripple's audited financial statements and confidential internal financial reports and forecasts.  Defs. Mot. at 3.  As to the audited financial statements, *see, e.g.*, ECF Nos. 670-98–670-103, Defendants contend that the redactions are necessary to prevent the disclosure of private financial information that has never been publicly released, the disclosure of which "would be highly detrimental [to Ripple] because it would reveal detailed information about Ripple's financial condition, long-term business plans, revenue streams, and expense structures to the marketplace."  Defs. Mot. at 3–4.  The SEC does not oppose Defendants' sealing of Ripple's most-current financial statements from 2020 but opposes the sealing of earlier financial statements.  SEC Opp. at 1.

Here, Defendants have provided a "particular and specific demonstration of fact[ ]showing that disclosure" of the financial statements, including past statements, "would result in an injury sufficiently serious to warrant protection."  *Wells Fargo Bank*, 2015 WL 3999074, at *4 (citation omitted).  In her declaration dated December 19, 2022, Kristina Campbell, Ripple's Chief Financial Officer, sets forth particular facts which support Ripple's contention that disclosure of its non-public

---

[2] A Wells submission is a response filed by a prospective defendant that receives an SEC Wells notice, which is "a notification issued by regulators to inform individuals or companies of completed investigations where infractions have been discovered." Adam Hayes, *Wells Notice*, Investopedia (Apr. 26, 2022), https://www.investopedia.com/terms/w/wellsnotice.asp/ (last visited May 16, 2023).

audited financial statements "would be highly detrimental to Ripple's business."  Campbell Decl. ¶¶ 6–8, ECF No. 744-2.  Audited financial statements, including past financial statements, contain Ripple's confidential balance sheet, revenue and expense figures, pricing, costs, revenue, profit information about past and present business lines, investments in third parties, litigation expenses and settlements, and other information that could result in sufficiently serious injury to Ripple if publicly disclosed.  *Id.* ¶ 6.  And, Defendants' proposed redactions are narrowly tailored to exclude only limited financial information, leaving unsealed the substantive terms of the financial statements that are relevant to the Court's decision on summary judgment.  *See Amodeo*, 71 F.3d at 1050.

Likewise, although "conclusory statements that documents contain confidential business information" are insufficient to justify sealing, *Wells Fargo Bank*, 2015 WL 3999074, at *4, Defendants have provided particular and specific facts demonstrating that sealing certain internal financial reports and forecasts is "necessary to preserve higher values."  *Lugosch*, 435 F.3d at 124.  For instance, Campbell explains that disclosure of these internal documents "would cause material harm to Ripple's business, competitive standing, relationships with investors, and ability to compete for and secure business partnerships and customers."  Campbell Decl. ¶ 22.  The Court finds that the Summary Judgment Materials concerning Ripple's costs, expenses, deal terms, market analyses, and proposed business plans relating to its On-Demand Liquidity ("ODL") product should be redacted.  *See, e.g.*, ECF 669-91.  ODL is one of Ripple's main lines of business, and public disclosure of internal business and financial documents about ODL "would harm Ripple's relationships with existing and prospective ODL partners and allow Ripple's competitors in the cross-border payment marketplace to adjust their business plans and pricing policies and gain a competitive advantage over Ripple."  Campbell Decl. ¶ 24.  Similarly, the Court determines that Ripple's bank statements, *see, e.g.*, ECF Nos. 670-105–670-115, should be sealed in their entirety because "Ripple's business and investor relationships would be substantially harmed" by the public disclosure of the financial

8

information in those statements, Campbell Decl. ¶ 26. *See Telegram Grp. Inc.*, 2020 WL 3264264, at *5–6; *Strauss v. Credit Lyonnais, S.A.*, Nos. 06 Civ. 702, 07 Civ. 914, 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011).

However, the Court agrees with the SEC that Defendants' proposed redactions of references to financial information in the parties' Rule 56.1 statements are overbroad. For instance, Defendants seek to redact references linking Ripple's revenues with XRP sales. *See, e.g.*, SEC Counter Rule 56.1 at 157, ECF No. 668; ECF No. 630-2 at 268:8-14. Defendants also seek to redact the compensation that Ripple offered to trading platforms to list XRP. *See* SEC Rule 56.1 ¶ 499, ECF No. 629. And, Defendants seek to redact the amount of Ripple's XRP sales targeted at investors through programmatic and institutional sales. *See id.* ¶¶ 647, 716. The Court concludes that these redactions are overbroad, and Defendants have not provided "particular and specific demonstration of fact[]" showing that disclosure of these past XRP financial figures would have a detrimental effect on Ripple's current or future business. *Wells Fargo Bank*, 2015 WL 3999074, at *4. Conclusory statements that this material constitutes "confidential business information" do not justify sealing. *Id.* Further, this financial data, which is related to Ripple's XRP sales and payment to third parties to list XRP, directly pertains to the *Howey* analysis,[3] a central issue in the parties' summary judgment motions. *See Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 166–67 (2d Cir. 2013). Therefore, Defendants have failed to demonstrate that their proposed redactions are "narrowly tailored" to "preserve higher values" that outweigh the strong presumption of public access at the summary judgment stage. *Lugosch*, 435 F.3d at 120, 124.

Second, Defendants move to seal or redact information about Ripple's business relationships, including the negotiated financial terms of its contractual agreements with third parties. Defs. Mot. at

---

[3] In *SEC v. W.J. Howey Co.*, the Supreme Court held that the test for an investment contract under the Securities Act of 1933 is whether the scheme "involves [(1)] an investment of money [(2)] in a common enterprise [(3)] with profits to come solely from the efforts of others." 328 U.S. 293, 301 (1946); *see also SEC v. Edwards*, 540 U.S. 389, 393 (2004).

6. The SEC does not object to the redaction of the names of Ripple's counterparties or to the redaction of certain contractual terms such as discount or commission rates, but the SEC "does not believe any further sealing or redaction of the contractual terms is appropriate." SEC. Opp. at 4.

Here, the Court finds that Defendants have proffered particular and specific facts to demonstrate that disclosure of certain negotiated financial terms in Ripple's contracts would be highly detrimental to Ripple's competitive standing and business relationships with current and prospective partners. *See* Campbell Decl. ¶¶ 14–19. Public disclosure of these contractual terms could give counterparties "an unfair advantage over Ripple" in future negotiations and could allow Ripple's competitors to "leverage this information to undercut Ripple in future negotiations with Ripple's existing and prospective counterparties." *Id.* ¶¶ 17–18.[4] Further, Defendants' redaction requests are narrowly tailored and limited to the financial terms of the contracts. The substantive terms of the contracts, and the parties' arguments about the contracts in their legal briefs and Rule 56.1 statements, will remain part of the public record. *See* Defs. Mot. at 7.

In a few circumstances, Defendants request to seal certain contracts in their entirety, *see e.g.*, ECF Nos. 670-7, 670-9, 670-88, where those contracts "reflect[] an ongoing contractual relationship with one of Ripple's current business partners and contain[] confidentiality provisions preventing disclosure." Campbell Decl. ¶ 12. Although "bargained-for confidentiality does not overcome the presumption of access to judicial documents," *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018), the Court agrees that these contracts should be sealed because Ripple's business relationships and interests, and the privacy interests of non-parties, would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private. *See* Campbell Decl. ¶ 12.

---

[4] The Court rejects the SEC's argument that the "amount of money exchanged between Ripple and the counterparty in paragraph 796" of the SEC's Rule 56.1 statement should not be sealed. SEC Opp. at 3 n.1. For the reasons stated above, the Court finds that Defendants' redaction request is narrowly tailored to protect higher values.

Third, Defendants seek to redact the identities of certain non-parties, including Ripple's investors, customers, and business partners. Defs. Mot. at 7. For substantially the same reasons discussed above regarding the SEC's request, the Court finds that non-party privacy interests justify narrowly tailored redactions, with a few exceptions. *See N.Y. Times Co.*, 828 F.2d at 116. "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" when deciding whether to seal certain materials. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1050) (alteration in original). For the most part, the Court finds that the identities of third parties should be sealed because their "significant privacy interests" overcome the strong presumption of public access, and the third parties' identities have minimal relevance to the Court's decision on the summary judgment motions. *City of Almaty*, 2021 WL 1177737, at *2; *see Amodeo*, 71 F.3d at 1050.

However, Defendants have not justified sealing the names GSR[5] or Bitstamp in the Summary Judgment Materials, both of which are unredacted in public filings, including the parties' public summary judgment briefs. *E.g.*, ECF No. 674 at 9–11, 58–66; ECF No. 729 at 40–51 (GSR); ECF No. 674 at 10–11, 59, 64 (Bitstamp); *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). As such, Defendants have not identified a "significant privacy interest[]" that would be implicated by disclosure of these names, which are already public and referenced throughout the parties' Summary Judgment Materials. *City of Almaty*, 2021 WL 1177737, at *2. Nor have Defendants provided particular and specific facts for redacting the names of trading platforms that make XRP available for trading. *See, e.g.*, SEC Rule 56.1 ¶¶ 238, 240, 351, 483, 485, 489–92, 622– 24, 871, 891, 1196, 1199. These platforms publicly make XRP available for trading, *see Gambale*, 377 F.3d at 144, and, here, the trading platforms' identities are relevant to the Court's analysis of the

---

[5] For the reasons already stated, the Court rejects the SEC's argument that the contract terms of Defendants' agreements with GSR should not be sealed. *See* SEC Opp. at 4 n.3.

11

SEC's *Howey* arguments, *see* SEC Opp. at 5.  Lastly, the Court agrees with the SEC that the names Coil Technologies, Inc. and the XRP Ledger Foundation should not be sealed because these two entities are publicly affiliated with Ripple.  Ripple created and funded Coil Technologies, and the XRP Ledger Foundation is closely associated with Ripple.  Therefore, Defendants have not demonstrated that Coil Technologies and the XRP Ledger Foundation have a "significant privacy interest[]" that would be substantially implicated by the disclosure of their names in the Summary Judgment Materials.  *City of Almaty*, 2021 WL 1177737, at *2.

Fourth and fifth, Defendants move to seal the identities of certain non-party Ripple employees and non-party contact information, including email addresses.  Defs. Mot. at 8–9.  For the reasons stated in the Court's previous orders, *see, e.g.*, ECF No. 737 at 7, the Court finds that third-party privacy interests justify the redaction of this private information.  *See Matter of N.Y. Times Co.*, 828 F.2d at 116.  This information has minimal relevance to the Court's summary judgment decision, and the strong privacy interests of those resisting disclosure outweigh the presumption of public access. *See City of Almaty*, 2021 WL 1177737, at *2; *In re United States for Material Witness Warrant*, 2020 WL 3959208, at *3.

Sixth, Defendants move to redact "documents and testimony that reflect information about non-party employees' compensation and bonuses."  Defs. Mot. at 9.  Defendants contend that the information should be sealed because it "is not relevant to the issues raised by the [p]arties' summary judgment motions" and "the affected non-parties have a strong privacy interest in keeping such compensation details confidential."  *Id.*  Defendants also move to redact certain Summary Judgment Materials that contain information about Garlinghouse's compensation from Ripple.  *Id.*; *see, e.g.*, SEC Rule 56.1 ¶¶ 218, 844–45, 847; Defs. Counter Rule 56.1 ¶¶ 218, 844–45, 847, ECF No. 663.

The Court agrees that third-party privacy interests outweigh the presumption of public access to this compensation information.  *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378,

2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015). And, as to Garlinghouse's compensation, although Garlinghouse is a party to this action, the Court finds that both Ripple's "business secrecy interest" and Garlinghouse's "personal privacy interest[]" justify narrowly tailored redactions to his compensation information, which is minimally relevant to the Court's decision on the summary judgment motions. *Valassis*, 2020 WL 2190708, at *4.

Seventh and eighth, Defendants move to redact the employment histories of certain non-parties and confidential settlement agreements between Ripple and third parties. The Court finds that third-party privacy interests justify sealing highly sensitive and personal biographical information about these non-parties. *See Dodona I, LLC*, 119 F. Supp. 3d at 156. And, the Court agrees that the confidential settlement agreements should be sealed because the contents of these settlement agreements have minimal relevance to the summary judgment motions, and Ripple's confidentiality obligations to non-parties implicate a competing interest that overcomes the presumption of public access to these documents. *See Adler v. Solar Power, Inc.*, No. 16 Civ. 1635, 2019 WL 13214943, at *2 (S.D.N.Y. Aug. 22, 2019).

Ninth, Defendants seek redaction of personal familial and financial information of non-parties. Defs. Mot. at 10. Specifically, Defendants seek to redact personal and financial information about Larsen's wife, children, and other family members, and Larsen's and Garlinghouse's financial holdings, tax returns, account information, bank account information, and account statements with a digital asset exchange. *Id.* at 10–13. As the Court has previously held, *see* ECF No. 737 at 7, here, personal and financial information implicates privacy interests that overcome the presumption of public access. *See Matter of N.Y. Times Co.*, 828 F.2d at 116; *Amodeo*, 71 F.3d at 1051. Defendants' proposed redactions are narrowly tailored to protect this sensitive familial and financial information,

and the substantive terms of the redacted Summary Judgment Materials that are relevant to the Court's decision will be available on the public docket.[6]

Tenth and eleventh, Defendants move to seal personal identifiable information and miscellaneous private documents, including investment memos prepared by one of Ripple's potential investors and Ripple's Wells submission to the SEC. Defs. Mot. at 13–14. The Court finds that these materials are minimally relevant to the summary judgment motions, and the sealing of these documents is necessary to preserve higher values that overcome the presumption of public access, including Ripple's privacy, proprietary, and business interests, *see Dodona I, LLC*, 119 F. Supp. 3d at 156, and the need for recipients of SEC subpoenas and document requests to communicate with the agency to resolve matters, *see Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16 Civ. 6399, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020).

Accordingly, Defendants' motion to seal is DENIED as to: references linking Ripple's revenues with XRP sales, *see, e.g.*, SEC Counter Rule 56.1 at 157; ECF No. 630-2 at 268:8-14, the amount of compensation that Ripple offered to trading platforms to list XRP, SEC Rule 56.1 ¶ 499, and the amount of Ripple's XRP sales targeted at investors through programmatic and institutional sales, *id.* ¶¶ 647, 716; and the names GSR, Bitstamp, Coil Technologies, Inc., the XRP Ledger Foundation, and the platforms that publicly make XRP available for trading, *see, e.g.*, SEC Rule 56.1 ¶¶ 238, 240, 351, 483, 485, 489–92, 622–24, 871, 891, 1196, 1199. The remainder of Defendants' requests are GRANTED.

---

[6] The Court rejects the SEC's argument that certain of the Defendants' account statements with a trading platform should not be fully sealed. SEC Opp. at 6. Larsen's and Garlinghouse's digital asset exchange records and account statements are financial records analogous to traditional bank account statements. Defendants have a significant privacy interest in these financial documents, which overcomes the presumption of public access. *See Telegram Grp. Inc.*, 2020 WL 3264264, at *5.

C. Non-parties' Requests

Pursuant to the Court's December 12, 2022 Order and Rule IV(A)(ii) of the Court's Individual Practices in Civil Cases, several non-parties also move to seal portions of the Summary Judgment Materials. First, Third-Party A moves to redact certain financial terms, references to the identities and residences of its current and former employees and representatives, and digital wallet address information in the Summary Judgment Materials. ECF No. 759 at 1–3; *see also* ECF No. 635. Second, Third-Party B seeks redaction of its declaration, which was filed by the SEC, to "protect the identity and legitimate privacy interests of Third[-]Party B and its employees." ECF No. 637 at 1. Third, Third-Party C requests redaction of the declaration of its officer, which was filed by the SEC, to prevent the disclosure of its officer's identity and "Third-Party C's identity and sensitive business information." ECF No. 671 at 1. Fourth, Investment Banker Declarant moves to redact identifying information in his declaration submitted in support of the SEC's motion for summary judgment. ECF No. 751 at 1. Fifth, Non-Party D moves to redact certain Summary Judgment Materials to protect its confidential business information and "protect the legitimate privacy interests of Non-Party D's current and former representatives and employees, as well as those of Non-Party D's limited partner[.]" ECF No. 754 at 1–2. Sixth, Investor A moves to seal or redact certain Summary Judgment Materials related to its research and investment analyses and identifying information. ECF No. 758 at 1. Seventh, Cryptocurrency Exchange moves to seal portions of the Summary Judgment Materials to redact "references identifying or providing contact information for Cryptocurrency Exchange or Cryptocurrency Exchange's employees." ECF No. 762 at 1. And, eighth, MoneyGram moves to redact portions of the Summary Judgment Materials to "protect its highly confidential business information, as well as the identity of its employees." ECF No. 756 at 1.

As an initial matter, the Court rejects Third-Party A, Third-Party B, Third-Party C, and Investor A's argument that the documents they seek to redact or seal are not "judicial documents."

*See, e.g.*, ECF No. 759 at 2; ECF No. 637 at 2; ECF No. 671 at 3; ECF No. 758 at 2.  For the reasons discussed above, the Summary Judgment Materials are judicial documents because they are relevant to the Court's decision on the cross-motions for summary judgment.  *See Brown*, 929 F.3d at 49.  Even if the specific information that a non-party seeks to seal is minimally relevant to the motions, the documents nonetheless have a tendency to influence the Court's decision on the summary judgment motions.  *See id.*  Therefore, the Summary Judgment Materials that the non-parties seek to seal are judicial documents and "subject to a strong presumption of public access." *Id.* at 53.

As to Third-Party A's requests, the Court agrees that financial information (including contract terms and information related to Ripple's ODL product), the identities and personal information of Third-Party A's employees and representatives, and digital wallet information should be sealed because the balance of interests weighs against the disclosure of this personal and private non-party information.  *See Telegram Grp. Inc.*, 2020 WL 3264264, at *3.  But, for the reasons previously discussed, the Court denies Third-Party A's request to redact its own name (GSR) and identifying information, which is unredacted throughout the parties' public filings.  *See, e.g.*, ECF No. 674 at 9–11, 58–66; ECF No. 729 at 40–51.  The Court also denies Third-Party A's request to redact the names of public cryptocurrency trading platforms because, as discussed above, this information is publicly available, and the trading platforms' identities are directly relevant to the Court's *Howey* analysis.

Likewise, for the same reasons, the Court grants Cryptocurrency Exchange's request to seal its employees' identities and personal information, but denies the request to seal its name. Cryptocurrency Exchange's relationship to Ripple and its role in the underlying litigation are public information, and its conclusory statement that disclosure of its name would cause harm to its "business and customer relationships," ECF No. 764 at 2, is not supported by a "particular and specific demonstration of fact[ ]showing that disclosure" of its name "would result in an injury

sufficiently serious to warrant protection," *Wells Fargo Bank*, 2015 WL 3999074, at *4 (citation omitted).

Further, for the reasons stated above, the Court grants Investment Banker Declarant's request to redact his identifying information, other non-parties' personal information, and the name of his employer. *See* ECF No. 751 at 2. Investment Banker Declarant's identity is minimally relevant to the Court's summary judgment decision, and the substantial interests in witness safety and judicial efficiency overcome the presumption of public access to this information, particularly where one of the SEC's expert witnesses was previously subjected to extensive threats and harassment after his name was publicly disclosed. ECF No. 737 at 3; *see In re United States for Material Witness Warrant*, 2020 WL 3959208, at *3.

As to the remaining non-parties' motions to seal, the Court finds that third-party privacy interests justify the requested sealing and redaction of certain private information. *See Matter of N.Y. Times Co.*, 828 F.2d at 116. The proposed redactions are narrowly tailored and seal only information that has minimal relevance to the Court's summary judgment decision. As such, the strong privacy interests of those resisting disclosure outweigh the presumption of public access. *See City of Almaty*, 2021 WL 1177737, at *2

Lastly, Layton moves to intervene to oppose the SEC's motion to seal the Hinman Speech Documents. ECF No. 812 at 1. For the reasons discussed above, the Court denies the SEC's request to seal the Hinman Speech Documents. Therefore, the Court denies Layton's motion to intervene as moot.

Accordingly, the Court DENIES Third-Party A and Cryptocurrency Exchange's requests to redact their identities and the names of public cryptocurrency trading platforms, DENIES Layton's motion to intervene as moot, and GRANTS the remaining requests of the non-parties.

## CONCLUSION

For the foregoing reasons, the SEC's motion is GRANTED in part and DENIED in part, Defendants' motion is GRANTED in part and DENIED in part, and the non-parties' motions are GRANTED in part and DENIED in part. Specifically:

1. The SEC's motion to seal is DENIED as to the Hinman Speech Documents, and GRANTED as to the reminder of its requests.

2. Defendants' motion to seal is DENIED as to references linking Ripple's revenues with XRP sales, the amount of compensation that Ripple offered to trading platforms to list XRP, and the amount of Ripple's XRP sales targeted at investors through programmatic and institutional sales; and as to the names GSR, Bitstamp, Coil Technologies, Inc., the XRP Ledger Foundation, and the platforms that publicly make XRP available for trading; and GRANTED as to the remainder of their requests.

3. Third-Party A and Cryptocurrency Exchange's motions to redact their identities and the names of public cryptocurrency trading platforms are DENIED, Layton's motion to intervene is DENIED as moot, and the remainder of the third-parties' motions are GRANTED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 635, 637, 638, 671, 744, 745, 751, 754, 756, 758, 759, 762, 811, and 812.

SO ORDERED.

Dated: May 16, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge