# Exhibit 66

CONFIDENTIAL                                      EXECUTION COPY



## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "*Agreement*") is entered into as of the Effective Date by and among █████████ ("███████████") and ██████, f/k/a ████████ (together with ███████, "██"), on the one hand, and Ripple Labs Inc. and XRP II, LLC (collectively, "*Ripple*"), on the other hand. ████████████, f/k/a ████████, Ripple Labs Inc. and XRP II LLC are collectively referred to herein as the "*Parties*."

WHEREAS, the Parties are involved in a dispute (the "*Dispute*") arising out of a Technology Provider Agreement dated August 16, 2016 (the "*TPA*") and an Option to purchase XRP issued to ████████ on September 26, 2016 (the "*Option*"), which has resulted in the filing of multiple lawsuits: ███████ *v. Ripple Labs, Inc. et al.*, C.A. No. █ (Delaware Court of Chancery); ████████ *v. Ripple Labs Inc. et al.*, Index No. ███████ (New York Supreme Court, New York County); and *Ripple Labs Inc. et al. v.* ██████ *et al.*, Case No. ███████████ (California Superior Court, San Francisco County), and appeals therefrom;

WHEREAS, XRP II, LLC granted the Option in connection with the TPA;

WHEREAS, ████████ believes that it has valid causes of action against Ripple Labs Inc. and XRP II, LLC related to the ●ption;

WHEREAS Ripple Labs Inc. and XRP II, LLC believe that they have valid causes of action against ████████ and ██████ related to the TPA and the Option;

WHEREAS, ██ and Ripple each deny the other has a valid cause of action, and each maintains that it has valid defenses to any claims that could be asserted by the other; and

WHEREAS, in order to avoid the costs and uncertainty of litigation, the Parties have agreed to settle all disputes and disagreements they may have between them, including fully and completely settling the Dispute.

NOW, THEREF●RE, in consideration of the covenants, promises, and releases set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree, on behalf of themselves and any and all of their predecessors, successors, affiliates, assigns, insurers, and any other parties or persons claiming by, through, or under any of the Parties hereto, as follows:

**I.    Definitions**

For purposes of this Agreement, the following Definitions will apply:

A.    ████ Released Parties: The "*Released Parties*" are ████████, ████████ and their affiliates, collectively, together with their respective current and former employees, officers, directors, agents, consultants, counsel, insurers, parents, predecessors, successors, assigns, heirs, executors, administrators, and legal and/or authorized representatives, including without limitation ████████ (f/k/a ████████).

1

CONFIDENTIAL                                                        EXECUTION COPY

B.    Ripple Released Parties:  The *"Ripple Released Parties"* are Ripple Labs Inc., XRP II,
      LLC and their affiliates, collectively, together with their respective current and former
      employees, officers, directors, agents, consultants, counsel, insurers, parents,
      predecessors, successors, assigns, heirs, executors, administrators, and legal and/or
      authorized representatives.

C.    Effective Date.  The *"Effective Date"* of this Agreement is the later of the day that ███
      executes and delivers this Agreement to Ripple, and the day that Ripple executes and
      delivers this Agreement to ██.

D.    Released   Claims.   The  *"Released   Claims"*  are  any  and  all  complaints,
      claims/counterclaims,    demands,    liabilities,    obligations,    promises,    agreements,
      controversies, actions, causes of action, suits, rights, damages, costs, losses, debts,
      charges, and expenses (including attorneys' fees and disbursements of counsel and other
      professionals) of any and every nature whatsoever, whether in law or in equity, whether
      currently known or unknown, suspected or unsuspected, liquidated or unliquidated,
      vested or contingent, whether arising under the law of contract, tort, statutory breach or
      any other legal right or duty, and whether they be directly, indirectly, nominally, or
      beneficially possessed or claimed by any Party that such Party, or any person or entity
      claiming through such Party or by right in respect of such Party has had, now has, or
      hereafter can, shall, or may have against any of the Ripple Released Parties or ███
      Released Parties, as the case may be, from the beginning of the world to the Effective
      Date arising out of or relating in any way to: the Dispute, the TPA, or the Option.  The
      Released Claims do not include any claims relating to the enforcement of this Settlement
      or the Amended and Restated Option (as defined below).

II.   Terms

A.    Settlement Payment.  Ripple shall pay or cause to be paid the sum of U.S. $ ████████
      ████████████████████████████ U.S. dollars) to ████████, with U.S.
      $ ████████████ U.S. dollars) due by wire transfer within seven (7) business
      days of the Effective Date (the *"First Settlement Payment"*), and the balance of U.S.
      $ ████████████ U.S. dollars) due by wire
      transfer on December 3, 2018.  Such payments by wire transfer shall be made to:

            ████████
            Bank name: **HSBC Bank USA, N.A.**
            Bank address: **452 5th Avenue, New York, NY 10018**
            Account Name: █████████
            Account Number: ████████████
            Routing Number: ████████
            SWIFT Code: ████████████

B.    The Amended and Restated Option.  The Option is hereby amended and restated in its
      entirety in the form attached hereto as Exhibit 1 (the *"Amended and Restated Option"*),
      which shall be executed by each party at the time of execution of this Agreement.  By
      issuance of the Amended and Restated Option, the Option is rendered null and void.

99998-76910/10387417.1

HIGHLY CONFIDENTIAL                                                     RPLI_SEC 0576505

**CONFIDENTIAL**                                         **EXECUTION COPY**

C.   <u>Dismissals.</u>   Within five (5) business days of the First Settlement Payment, ▮ shall file a dismissal with prejudice of the New York Action in the form attached hereto as Exhibit 2. Within five (5) business days of the First Settlement Payment, Ripple shall file a dismissal with prejudice of the California Action in the form attached hereto as Exhibit 3.

D.   <u>Notices.</u>   All notices to be sent hereunder shall be in writing and shall be deemed to have been duly given (a) upon receipt, if hand delivered, or (b) one (1) business day after pick up if sent by UPS or Federal Express, or another similar overnight express service, with written verification of receipt, or (c) upon confirmed receipt, if sent by electronic mail transmission, provided that an original of such notice is also delivered by one of the methods set forth in clauses (a) and (b), above, and in any case addressed to the parties at their respective addresses set forth below:

If to ▮ to it at:          Margaret A. Keeley
                            Williams & Connolly LLP
                            725 Twelfth Street, NW
                            Washington, DC 20005
                            mkeeley@wc.com

If to Ripple, to it at:     David M. Grable
                            Quinn Emanuel Urquhart & Sullivan, LLP
                            865 S. Figueroa St., 10th Floor
                            Los Angeles, CA 90017
                            davegrable@quinnemanuel.com

E.   <u>Technology Summary.</u>   ▮ will undertake the development set forth in the Technology Summary attached as Exhibit 4 (the "***Technology Summary***"), and complete that development by December 17, 2018.

F.   <u>Release by</u> ▮, ▮, on behalf of themselves and, to the fullest extent they have the authority to do so, on behalf of their affiliates, and their and their affiliates' respective current and former employees, officers, directors, consultants, agents, counsel, insurers, parents, predecessors, successors, assigns, heirs, executors, administrators, and legal and/or authorized representatives, including without limitation ▮ (f/k/a ▮ ) (the "▮ ***Releasors***"), fully release and discharge each Ripple Released Party from any and all Released Claims.

G.   <u>Covenants by</u> ▮, ▮ covenants and agrees that:

1.   It will not aid or assist any third party in any way in investigating, initiating, or pursuing any action, suit or cause of action, including any class action suit or derivative claim, in respect of any Released Claim against any Ripple Released Party, including by sharing of experts and/or their reports or by providing testimony unless required to do so by legal process.

3

HIGHLY CONFIDENTIAL                                         RPLI_SEC 0576506

CONFIDENTIAL                                      EXECUTION COPY

    2.      Each Ripple Released Party may plead this Agreement as a complete defense and bar to any Released Claim brought in contravention hereof.

    3.      In the event ▮ or any of the ▮ Releasors brings, causes to bring, or assists in bringing a Released Claim or any contribution or indemnification claim against any Ripple Released Party, ▮ shall indemnify, defend and hold harmless any Ripple Released Party against which or whom such Released Claim or contribution or indemnification claim is brought from and against any and all costs, fees, liabilities, expenses, damages, judgments, interest, debts, or losses incurred or suffered in connection therewith, including fees and disbursements of counsel and other professionals and court costs incurred in connection with enforcing the terms of this indemnification provision.

H.      <u>Release by Ripple.</u> Ripple, on behalf of themselves and, to the fullest extent they have the authority to do so, on behalf of their respective affiliates, and their and their affiliates' respective current and former employees, officers, directors, consultants, agents, counsel, insurers, parents, predecessors, successors, assigns, heirs, executors, administrators, and legal and/or authorized representatives (the "***Ripple Releasors***"), fully release and discharge each ▮ Released Party from any and all Released Claims.

I.      <u>Covenants by Ripple.</u> Ripple covenants and agrees that:

    1.      It will not aid or assist any third party in any way in investigating, initiating, or pursuing any action, suit or cause of action, including any class action suit or derivative claim, in respect of any Released Claim against any ▮ Released Party, including by sharing of experts and/or their reports or by providing testimony unless required to do so by legal process.

    2.      Each ▮ Released Party may plead this Agreement as a complete defense and bar to any Released Claim brought in contravention hereof.

    3.      In the event Ripple or any of the Ripple Releasors brings, causes to bring, or assists in bringing a Released Claim or any contribution or indemnification claim against any ▮ Released Party, Ripple shall indemnify, defend and hold harmless any ▮ Released Party against which or whom such Released Claim or contribution or indemnification claim is brought from and against any and all costs, fees, liabilities, expenses, damages, judgments, interest, debts, or losses incurred or suffered in connection therewith, including fees and disbursements of counsel and other professionals and court costs incurred in connection with enforcing the terms of this indemnification provision.

J.      <u>Release of Unknown or Unsuspected Claims.</u> It is understood and agreed that this is a full and final release covering all known, unknown, anticipated and unanticipated injuries, debts, claims, or damages to ▮ Releasors on the one hand, or to Ripple Releasors on the other hand, which may have arisen or may be connected with the subject matter of the Dispute or any other act or omission in connection therewith through the Effective Date. The Parties understand that they may hereafter discover facts different from what

99998-769|0/103874|7.1

HIGHLY CONFIDENTIAL                                      RPLI_SEC 0576507

CONFIDENTIAL                                              EXECUTION COPY

they now believe to be true, which if known, could have materially affected this Agreement, but they nevertheless waive any claims or rights based on different or additional facts. The Parties hereby waive any and all rights or benefits which they may now have, or in the future may have, under the terms of Section 1542 of the California Civil Code, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

In that regard, the Parties realize and acknowledge that they may have sustained damages or other losses which are presently unknown or unsuspected, and that such damages and other losses if sustained could give rise to additional complaints, actions, causes of action, claims, demands, and debts in the future. Nevertheless, the Parties acknowledge that this Agreement has been agreed upon in light of this realization, that they have consulted legal counsel, and that, being fully aware of this situation, intend hereby to release and forever discharge one another from any and all such unknown claims, including damages that are unknown or unanticipated, other than claims arising out of the breach of the promises and covenants in this Agreement or the Amended and Restated Option.

K.   Non-Admission of Liability.   The Parties each agree that they have entered into this Agreement in compromise of disputed claims and that entry into this Agreement is not an admission of any liability or wrongdoing on the part of any of the Parties.

L.   Confidentiality/Communications to Third Parties.

1.   The negotiations and discussions leading up to this Agreement, as well as its terms and conditions, are all strictly confidential (collectively "**Confidential Information**"), and no Party will (A) disclose Confidential Information to any other entity or individual (including its officers, employees or consultants) except as follows: (a) to the Party's board members and board observers for purposes of obtaining approval of the Settlement Agreement; (b) to the Party's (i) executive officers, and (ii) their internal and external legal, compliance, regulatory, finance, accounting, and tax personnel, in each case solely to the extent necessary for them to carry out their duties on behalf of the Party; and (c) as necessary in any legal proceeding to enforce its rights under this Agreement (although any disclosure of Confidential Information in connection with such enforcement efforts shall include reasonable efforts to file documents containing or constituting Confidential Information under seal), provided, in each above case, that each recipient of such Confidential Information shall be subject to a contractual or legal obligation to preserve the confidentiality of such Confidential Information that is at least as protective of such Confidential Information as set forth in this Section II.L (the parties identified in Sections (a)-(c) collectively referred to as "Representatives") or (B) use Confidential Information for any purpose other than enforcing such Party's rights under this Agreement. For the sake of clarity, this

5

HIGHLY CONFIDENTIAL                                              RPLI_SEC 0576508

CONFIDENTIAL                                          EXECUTION COPY

Section II.L does not prevent the Parties from sharing the terms of the Amended and Restated ⬤ption as provided in that document's Confidentiality provision. Any Confidential Information furnished to a Representative shall be labeled "Confidential." Each Party shall be responsible for any breach of the terms and conditions of this Section II.L by its Representatives.

2.     Notwithstanding the foregoing, either Party shall be permitted to disclose Confidential Information in the event that such Party or its accounting or legal advisors are requested or required by GAAP, law, regulation of governmental, regulatory or self-regulatory authority or legal process (including by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to disclose such Confidential Information; provided that, to the extent permitted by applicable law, such Party and/or its representatives will provide the other Party with prompt written notice of such request, order or advice so that such other Party may seek a protective order or other appropriate remedy (at such other Party's cost and expense). If, in the absence of a protective order or other remedy, the other Party is nonetheless requested, required or advised to disclose the Confidential Information, the Party and/or its accounting or legal advisors, as the case may be, may, without liability hereunder, disclose only that portion of the Confidential Information which is required to be disclosed. In any such event, the Party shall, and shall ensure that its accounting and legal advisors shall, use commercially reasonable best efforts to ensure that all Confidential Information that is so disclosed will be afforded confidential treatment to the extent permitted under applicable law, rules or regulations.

3.     Notwithstanding the foregoing, the Parties agree that subsequent to the filing of the first Notice of Dismissal, they may issue a press release or disclose publicly the following statement, verbatim: "███████████, ██████, Ripple Labs Inc. and XRP II, LLC announce that they have reached a settlement of all outstanding litigation between the parties. The terms of the agreement will remain confidential and both sides look forward to putting these disputes behind them." For the sake of clarity, the Parties shall make no statements regarding any Confidential Information to any person or entity (other than a Representative to the extent permitted above) beyond this agreed-upon statement.

4.     The Parties agree that disclosure of Confidential Information by a Party or its Representatives to any third party that is not permitted to receive Confidential Information under this Section II.L would constitute a material breach of this Agreement, that damages resulting therefrom would be difficult to precisely quantify, and that in the event of such a breach, the non-breaching Party (for the sake of clarity, ████ or Ripple, as the case may be) will be entitled to a ██████████ ███████████ payment from the breaching Party (for the sake of clarity, ███ or Ripple, as the case may be) (in addition to attorneys' fees pursuant to this Agreement and any other available remedies), which amount is not a penalty, but rather a reasonable estimate of likely damages.

99998-76910/10387417.1

HIGHLY CONFIDENTIAL                                          RPLI_SEC 0576509

CONFIDENTIAL                                    EXECUTION COPY

M.    <u>Entire Agreement; Modification.</u> This Agreement constitutes the entire agreement between the Parties and overrides and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about the subject matter hereof. No modification of this Agreement will be valid unless it is in writing identified as an Amendment to the Agreement and is signed by all Parties hereto. This provision does not override or impact the Amended and Restated ●ption, which shall also remain in effect and force once executed, except that the Parties agree that a material breach of this Agreement by ■ (as defined herein) or by Ripple (as defined herein) shall constitute a material breach of the Amended and Restated Option by Holder or the Company, respectively, as those titles are defined in the Amended and Restated Option.

N.    <u>Choice of Law and Forum Selection.</u> This Agreement shall be governed by and construed under the laws of the State of New York. Disputes related to this Agreement may be litigated, at the election of the Party filing, in (i) the federal or state courts of California or New York, or (ii) an arbitration before a pre-designated, single arbitrator from a panel of potential arbitrators agreed upon by the Ripple and ■, which panel shall be the same panel identified in connection with the Amended and Restated ●ption (the *"**Designated Arbitrator**"*). Ripple and ■ agree to submit to the jurisdiction of California and New York state and federal courts, as well as to arbitration before the Designated Arbitrator, in connection with such an action, and waive any objection such Party may have to litigation proceeding in such forum. The Parties shall agree to invest the Designated Arbitrator with the power to grant injunctive relief, including the power to issue emergency, interim injunctive relief. This provision does not limit any Party's right to pursue any and all other remedies available in the event of a breach or threatened breach, including, but not limited to recovery of damages.

O.    <u>Fees and Costs.</u> If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing Party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements in addition to any other relief to which such Party may be entitled.

P.    <u>Construction.</u> No provision of this Agreement shall be interpreted or construed against any Party because that Party or its legal representative drafted that provision. The captions and headings of the Sections of this Agreement are for convenience of reference only and are not to be considered in construing this Agreement. Unless the context of this Agreement clearly requires otherwise:   (a) references to the plural include the singular, the singular the plural, and the part the whole, (b) references to one gender include all genders, (c) "or" has the inclusive meaning frequently identified with the phrase "and/or," (d) "including" has the inclusive meaning frequently identified with the phrase "including but not limited to" or "including without limitation," (e) references to "hereunder," "herein" or "hereof" relate to this Agreement as a whole, and (f) the terms "dollars" and "$" refer to United States dollars. Section, subsection, exhibit, and paragraph references are to this Agreement as originally executed unless otherwise specified. Any reference herein to any statute, rule, regulation, or agreement, including this Agreement, shall be deemed to include such statute, rule, regulation, or agreement as it may be modified, varied, amended, or supplemented from time to time. Any reference

7

HIGHLY CONFIDENTIAL                                               RPLI_SEC 0576510

**CONFIDENTIAL**                                                    **EXECUTION COPY**

herein to any person shall be deemed to include the heirs, personal representatives, successors, and permitted assigns of such person.

Q.   <u>Counterparts.</u> This Agreement may be executed in multiple counterparts (including via facsimile or electronic mail), which shall be deemed an original but all of which together shall constitute one and the same instrument.

R.   <u>Binding Effect.</u> Upon execution by all Parties, this Agreement is binding upon and shall inure to the benefit of the Parties, their successors, assigns, heirs, executors, legal representatives, and administrators.

S.   <u>Representations and Warranties.</u> Each Party represents and warrants that:

    1.   It has the full legal right and capacity to enter into this Agreement and perform its obligations hereunder, and the individual executing this Agreement on behalf of each Party has the authority to bind such Party to the terms of this Agreement. This Agreement has been duly and validly executed and delivered by such Party and, assuming due authorization, execution, and delivery by the other Party, constitutes a legal, valid, and binding obligation of such Party, enforceable against such Party in accordance with its terms, subject to laws of general application relating to bankruptcy, insolvency, and the relief of debtors and rules of law governing specific performance, injunctive relief, or other equitable remedies.

    2.   Before executing this Agreement, it had the opportunity to consult with its legal counsel and became fully informed of the terms, contents, conditions, and effect of this Agreement; it entered into this Agreement freely, by its own choice and judgment based on its own determination of the facts and circumstances, and without duress or other influence; it has not relied on any representation or statement made by any other Party in reaching the settlement set forth in this Agreement; and no promise of any kind has been made except as is expressly stated in this Agreement.

    3.   There has been no assignment of any of the Released Claims.

    4.   It is not aware of any claim it has against any other Party, except for the Released Claims.

T.   ███ <u>Representation and Warranty.</u> ███ represents and warrants that ███ a party to the TPA, changed its name after entering into the TPA to ███ but did not change its corporate form, such that ███ is the same legal entity as ███ simply with a different name;

    (Signatures appear on next page)

99998-76910/10387417.1

CONFIDENTIAL                                                    EXECUTION COPY

**IN WITNESS WHEREOF,** the Parties sign this Agreement with the intent to be bound by its terms and conditions.

███████████████

BY: _____        Date _____
ITS:

███████████████

BY: _____        Date _____
ITS:

**RIPPLE LABS INC.**

████████████████████

BY:   Brad Garlinghouse                               Date 9/3/18
ITS:   Chief Executive Officer


**XRP II, LLC**

████████████████████

BY:   Brad Garlinghouse          9/3/18
ITS:   Manager                   Date

9

99998-76910/10387417.1

HIGHLY CONFIDENTIAL                                                    RPLI_SEC 0576512

**IN WITNESS WHEREOF,** the Parties sign this Agreement with the intent to be bound by its terms and conditions.

BY

ITS:

9/3/18
Date

ITS:

9/3/18
Date

**RIPPLE LABS INC.**

BY:   Brad Garlinghouse                          Date
ITS:   Chief Executive Officer

**XRP II, LLC**

BY:   Brad Garlinghouse                          Date
ITS:   Manager

9

99998-76910/10387417.1

HIGHLY CONFIDENTIAL

RPLI_SEC 0576513



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



RPLI_SEC 0576521



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



RPLI_SEC 0576529



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



RPLI_SEC 0576545



HIGHLY CONFIDENTIAL
RPLI_SEC 0576546



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL

RPLI_SEC 0576558



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL

HIGHLY CONFIDENTIAL

RPLI_SEC 0576561



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL

CONFIDENTIAL

Address: _____
(Please Print)

Dated: _____

Signature: _____

Email Address: _____

Holder's Signature: _____

99998-76910/10387417.1

HIGHLY CONFIDENTIAL

RPLI_SEC 0576567

CONFIDENTIAL

## Exhibit 2
### Form of dismissal with prejudice of the New York Action

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ██████████, | Index No. ████████ |
| Plaintiffs, | Hon. Eileen Bransten |
| | Part 3 |
| v. | |
| RIPPLE LABS, INC. and XRP II LLC, | **STIPULATION OF DISCONTINUANCE WITH PREJUDICE** |
| Defendants. | |
| | |
| RIPPLE LABS, INC. and XRP II LLC, | |
| Counterclaim Plaintiffs, | |
| v. | |
| ████████████, | |
| Counterclaim Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by plaintiff ████████ LLC, counterclaim defendant ████████ and defendants and counterclaimants Ripple Labs Inc. and XRP II, LLC, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, that the above-entitled action, together with all claims, counterclaims, and defenses, be and the same

99998-76910/10387417.1

CONFIDENTIAL

hereby is discontinued with prejudice and without costs to any party, and that this stipulation may be filed with the Clerk of Court without further notice.

Dated: New York, NY
       September __, 2018

Daniel P. D'Alessandro
McCarter & English, LLP
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019
Tel.: (212) 609-6800
Email: ddalessandro@mccarter.com
  -and-
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel.: (973) 622-4444

-and-

Margaret A. Keeley, Esq. (admitted *pro hac vice*)
Daniel P. Shanahan, Esq. (admitted *pro hac vice*)
Joseph Q. Wood, Esq. (admitted *pro hac vice*)
Andrew P. Lemens, Esq. (admitted *pro hac vice*)
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
Email: mkeeley@wc.com
      dshanahan@wc.com
      jwood@wc.com
      alemens@wc.com

*Attorney for Plaintiff and Counterclaim Defendants*

David M. Grable
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
Email: davegrable@quinnemanuel.com

-and-

Emily Kapur, Esq. (admitted *pro hac vice*)
555 Twin Dolphin Drive, 5th Floor
Tel.: (650) 801-5000
Fax: (650) 801-5100
Email: emilykapur@quinnemanuel.com

-and-

Julia Beskin, Esq.
Sophia Qasir, Esq. (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.: (212) 849-7000
Fax: (212) 849-7100
Email: juliabeskin@quinnemanuel.com

      sophiaqasir@quinnemanuel.com

*Attorneys for Defendants and Counterclaimants*

99998-76910/10387417.1

RPLI_SEC 0576569

CONFIDENTIAL

**Exhibit 3**
Form of dismissal with prejudice of the California Action

No. ▮▮▮▮▮

# IN THE COURT OF APPEAL FOR THE STATE OF CALIFORNIA
# FIRST APPELLATE DISTRICT
## Division 4

RIPPLE LABS, INC., ET AL., APPELLANTS

*v.*

▮▮▮▮ ET AL., RESPONDENTS

*FROM THE SUPERIOR COURT FOR THE COUNTY OF SAN
FRANCISCO
(CASE NO. CGC-17-561205) (THE HONORABLE NEWTON LAM, J.)*

## JOINT NOTICE OF SETTLEMENT OF APPEAL

David M. Grable (No. 237765)*
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
   *865 South Figueroa St., 10th Floor*
   *Los Angeles, CA, 90017*
   *(213) 443-3000*
   *davegrable@quinnemanuel.com*

Daniel H. Bromberg (No. 242659)
Emily Kapur (No. 306724)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
   *555 Twin Dolphins Dr., 5th Floor*
   *Redwood Shores, CA, 94065*
   *(650) 801-5000*
   *danbromberg@quinnemanuel.com*

*Counsel for Appellants Ripple Labs Inc. and
XRP II, LLC*

Margaret A. Keeley (No. 181552)*
Daniel P. Shanahan
   (admitted *pro hac vice*)
Williams T. Marks
   (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
   *725 Twelfth Street, N.W.*
   *Washington, DC 20005*
   *(202) 434-5000*
   *mkeeley@wc.com*

Edward W. Swanson (No. 159859)
August Gugelmann (No. 240544)
SWANSON & MCNAMARA LLP
   *300 Montgomery St., Suite 1100*
   *San Francisco, CA 94104*
   *(415) 477-3800*
   *ed@smllp.law*

*Counsel for Respondents* ▮▮▮▮ *and*
▮▮▮▮▮▮▮▮▮▮

99998-76910/10387417.1

RPLI_SEC 0576570

CONFIDENTIAL

## JOINT NOTICE OF SETTLEMENT OF APPEAL

The above-captioned appeal has been settled as a whole to the satisfaction of all parties. Therefore, the parties stipulate through their respective counsel that this appeal should be dismissed without costs awarded to either party, and that the dismissal and remittitur be issued immediately. A request for dismissal has been filed concurrently with this notice of settlement.

Dated: **                                Respectfully Submitted,

/s/ **                                    /s/ **

David M. Grable (No. 237765)*            Margaret A. Keeley (No.
QUINN EMANUEL URQUHART &                 181552)*
  SULLIVAN, LLP                          Daniel P. Shanahan
  *865 South Figueroa St., 10th*           (*admitted pro hac vice*)
  *Floor*                                William T. Marks
  *Los Angeles, CA, 90017*                 (*admitted pro hac vice*)
  *(213) 443-3000*                       WILLIAMS & CONNOLLY LLP
  *davegrable@quinnemanuel.com*            *725 Twelfth Street, N.W.*
                                           *Washington, DC 20005*
Daniel H. Bromberg (No. 242659)            *(202) 434-5000*
                                           *mkeeley@wc.com*
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP                          Edward W. Swanson (No.
  *555 Twin Dolphins Dr., 5th Floor*     159859)
  *Redwood Shores, CA, 94065*            August Gugelmann (No.
  *(650) 801-5000*                       240544)
  *danbromberg@quinnemanuel.com*         SWANSON & MCNAMARA LLP
                                           *300 Montgomery St., Suite*
*Counsel for Appellants Ripple Labs*       *1100*
*Inc. and XRP II, LLC*                     *San Francisco, CA 94104*
                                           *(415) 477-3800*
                                           *ed@smllp.law*

                                         *Counsel  for  Respondents* ▮▮▮▮
                                         ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL