# Exhibit 69

Date of Issuance:                                                      Void After:

September 26, 2016                                       September 26, 2019

## RIPPLE LABS INC.
## OPTION TO PURCHASE XRP

This Option (this "*Option*") is issued for good and valid consideration, the receipt and sufficiency of which is hereby acknowledged, to ▮▮▮▮▮▮▮▮▮▮ (the "*Holder*") by XRP II LLC ("*XRP II*"), a South Carolina limited liability corporation (the "*Company*"), being the wholly owned subsidiary of Ripple Labs, Inc., a Delaware corporation ("*Ripple*") in connection with that certain Technology Provider Agreement regarding Project Xenon and Potential Commercial Venture, dated as of August 16th, 2016 (the "*TPA*"), by and between Ripple and the Holder. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the TPA. "*XRP*" means units of the digital asset that is native to the Ripple Consensus Ledger.

1.      Purchase of XRP.

        (a)      Number of XRP. Subject to the terms and conditions set forth herein, the Holder is entitled, upon surrender of this Option at the principal office of the Company (or at such other place as the Company shall notify the Holder in writing), to purchase from the Company up to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ XRP.

        (b)      Exercise Price. The exercise price for the XRP issuable pursuant to this Section 1 shall be ▮▮▮▮ per unit of XRP (the "*Exercise Price*").

2.      Exercise Period. This Option shall be exercisable, in whole or in part, during the term commencing on the date hereof and ending at 5:00 p.m. Pacific time on September 14, 2019 (the "*Exercise Period*").

3.      Method of Exercise.

        (a)      While this Option remains outstanding and exercisable in accordance with Section 2 above, the Holder may exercise, in whole or in part, the purchase rights evidenced hereby. Such exercise shall be effected by:

        (i)      the surrender of the Option, together with a duly executed copy of the Notice of Exercise attached hereto, to the Company, c/o Ripple (attn.: General Counsel) at Ripple's principal office (or at such other place as the Company shall notify the Holder in writing); and

        (ii)      the payment to the Company of an amount equal to the aggregate Exercise Price for the number of XRP being purchased.

        (b)      Each exercise of this Option shall be deemed to have been effected as soon as practicable after receipt of the surrender of the Option, but in no case later than the close

CONFIDENTIAL                                                                                               RPLI_SEC 0609222

of business on the day on which this Option is surrendered to the Company as provided in Section 3(a)(i) above. At such time, the person or persons in whose name or names the XRP shall be issuable upon such exercise as provided in Section 3(c) below shall be deemed to have become the holder or holders of record of such XRP.

(c) As soon as practicable after the exercise of this Option in part, the Company at its expense will cause to be issued in the name of, and delivered to, the Holder, or as such Holder (upon payment by such Holder of any applicable transfer taxes) may direct a new option or options (dated the date hereof) of like tenor, calling in the aggregate on the face or faces thereof for the number of XRP equal to the number of XRP described in this Option minus the number of XRP purchased by the Holder upon all exercises made in accordance with Section 3(a) above.

4. <u>Representations and Warranties of the Company.</u> In connection with the transactions provided for herein, the Company hereby represents and warrants to the Holder that:

(a) <u>Organization, Good Standing, and Qualification.</u> The Company is a limited liability company duly organized, validly existing, and in good standing under the laws of the State of South Carolina and has all requisite limited liability company power and authority to carry on its business as now conducted. The Company is duly qualified to transact business and is in good standing in each jurisdiction in which the failure to so qualify would have a material adverse effect on its business or properties.

(b) <u>Authorization.</u> Company represents that is has full power and authority to enter into this Option. This Option constitutes the Company's valid and legally binding obligation, enforceable in accordance with its terms, except as may be limited by (i) applicable bankruptcy, insolvency, reorganization, or similar laws relating to or affecting the enforcement of creditors' rights and (ii) laws relating to the availability of specific performance, injunctive relief or other equitable remedies.

(c) <u>Status.</u> Company represents that it is an Eligible Contract Participant as defined in Section 1a(18) of the Commodity Exchange Act ("***CEA***") (7 U.S.C. § 1a(18)), as presently in effect ("***ECP***"). Company further represents that it is neither a Swap Dealer as defined in Section 1a(49) of the CEA (7 U.S.C. § 1a(49)) ("***SD***"), as presently in effect, nor a Major Swap Participant as defined in Section 1a(33) of the CEA (7 U.S.C. § 1a(33)) ("***MSP***"), as presently in effect.

(d) Neither the issuance of this Option nor the Company's sale of XRP to Holder upon Holder's exercising of the option violates or will violate applicable law.

5. <u>Representations and Warranties of the Holder.</u> In connection with the transactions provided for herein, the Holder hereby represents and warrants to the Company that:

(a) <u>Authorization.</u> Holder represents that it has full power and authority to enter into this Option. This Option constitutes the Holder's valid and legally binding obligation, enforceable in accordance with its terms, except as may be limited by (i) applicable bankruptcy, insolvency, reorganization, or similar laws relating to or affecting the enforcement of creditors'

CONFIDENTIAL                                                                                          RPLI_SEC 0609223

rights and (ii) laws relating to the availability of specific performance, injunctive relief or other equitable remedies.

(b) Status. Holder represents that it is an ECP. Holder further represents that it is neither an SD nor an MSP.

6. Reporting of the Transaction of this Option. The Holder shall be responsible for reporting this Option pursuant to the CEA. Should the parties to this Option change as a result of an assignment or novation, the new parties to the Option will choose who among them will be responsible for reporting. This Section 6 does not in any way serve to limit the liability of the non-reporting counterparty under applicable reporting regulations and the Holder does not, under this Section 6, assume liability of the non-reporting counterparty under such reporting regulations.

7. Limitations on Disposition of XRP.

(a) For each day of the week, the Holder hereby agrees not to sell any portion of the XRP purchased upon the exercise of this Option in excess of ▮ of the Average Daily Volume. Notwithstanding the foregoing, the Holder shall be permitted to sell any portion of the XRP purchased upon the exercise of this Option without any quantity limits to the extent such sale is conducted in private off-exchange transactions; *provided* that (i) the price per XRP sold in such transaction is within ▮ of the market price paid for XRP on the Ripple Consensus Ledger and Third Party Exchanges on the day of such transaction and (ii) the purchaser of the XRP sold by the Holder in such transaction has agreed in writing for the benefit of the Company to be bound by the terms of this Section 7. For the avoidance of doubt, there is no rollover of XRP sales, such that if the permitted limit for any given day is not reached, the amount of XRP that could have been but was not sold cannot be used to increase any future Average Daily Volume limits.

(b) For purposes of this Section 7:

(i) "*Average Daily Volume*" shall mean, the average of the daily trading volume for the prior three days of XRP on exchange.

(ii) "*Third Party Exchanges*" shall mean third-party exchanges off the Ripple Consensus Ledger (other than Kraken or BTC 38).

8. Transfer of Option. Subject to compliance with applicable laws and any other contractual restrictions between the Holder and the Company, on the one hand, and the Holder, on the other hand, contained herein, this Option and all rights hereunder are transferable in whole or in part by the Holder to any person or entity upon written notice to the Company. Within a reasonable time after the Company's receipt of an executed Assignment Form in the form attached hereto, the transfer shall be recorded on the books of the Company upon the surrender of this Option, properly endorsed, to the Company, c/o Ripple (attn.: General Counsel) at its principal offices, and the payment to the Company of all transfer taxes and other governmental charges imposed on such transfer. In the event of a partial transfer, the Company shall issue to the new holders one (1) or more appropriate new options. If Holder transfers part of this Option

CONFIDENTIAL    RPLI_SEC 0609224

to one or more transferees, the limitations on disposition of XRP set forth in Section 7 above shall apply to the combined sales of Holder and such transferees.

9.  Governing Law.  This Option shall be governed by and construed under the laws of the State of New York as applied to agreements among New York residents, made and to be performed entirely within the State of New York.

10. Successors and Assigns.  The terms and provisions of this Option shall inure to the benefit of, and be binding upon, the Company and the holders hereof and their respective successors and assigns.

11. Counterparts.  This Option may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12. Titles and Subtitles.  The titles and subtitles used in this Option are used for convenience only and are not to be considered in construing or interpreting this Option.

13. Notices.  All notices and other communications given or made pursuant hereto shall be in writing and shall be deemed effectively given: (a) upon personal delivery to the party to be notified, (b) when sent by confirmed electronic mail or facsimile if sent during normal business hours of the recipient, and if not so confirmed, then on the next business day, (c) five (5) days after having been sent by registered or certified mail, return receipt requested, postage prepaid, or (d) one (1) day after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt. All communications shall be sent to the respective parties at the following addresses (or at such other addresses as shall be specified by notice given in accordance with this Section 13):

>If to the Company:
>
>XRP II LLC
>c/o Ripple Labs, Inc.
>300 Montgomery Street
>San Francisco, CA 94104
>Attention: General Counsel
>
>If to Holder:
>
>At the address shown on the signature page hereto.

14. Expenses.  If any action at law or in equity is necessary to enforce or interpret the terms of this Option, the prevailing party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

15. Entire Agreement; Amendments and Waivers.  This Option and any other documents delivered pursuant hereto constitute the full and entire understanding and agreement between the parties with regard to the subjects hereof and thereof. Nonetheless, any term of this Option may be amended and the observance of any term of this Option may be waived (either

CONFIDENTIAL                                                           RPLI_SEC 0609225

generally or in a particular instance and either retroactively or prospectively), with the written consent of the Company and the Holder; or if this Option has been assigned in part, by the holders or rights to purchase a majority of the XRP originally issuable pursuant to this Option.

16.  Severability.  If any provision of this Option is held to be unenforceable under applicable law, such provision shall be excluded from this Option and the balance of the Option shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms.

*[Remainder of Page Intentionally Left Blank]*

CONFIDENTIAL                                                                 RPLI_SEC 0609226

IN WITNESS WHEREOF, the parties have executed this Option as of the date first written above.

**COMPANY:**

XRP II, LLC

By: 
Name: Christian Larsen
Title: Chief Executive Officer

*ACKNOWLEDGED AND AGREED:*

**HOLDER:**



By: _____
Name:
Title:   Chief Executive Officer

Address:

CONFIDENTIAL

RPLI_SEC 0609227

## NOTICE OF EXERCISE

**XRP II, LLC**
c/o Ripple Labs, Inc.
Attention: General Counsel

  The undersigned hereby elects to purchase _____ XRP pursuant to the terms of the attached Option, and tenders herewith payment in cash of the Exercise Price of such XRP in full, together with all applicable transfer taxes, if any.

  The undersigned hereby represents and warrants that Representations and Warranties in Section 5 hereof are true and correct as of the date hereof, and hereby covenants agrees to comply with Section 7 of the Option.

### HOLDER:

Date:_____       By: _____

            Address: _____
                   _____
                   _____

Name in which XRP should be registered:

_____

GDSVF&H\2531743.4

CONFIDENTIAL                            RPLI_SEC 0609228

## ASSIGNMENT FORM

(To assign the foregoing Option, execute this form and supply required information. Do not use this form to purchase XRP.)

**FOR VALUE RECEIVED**, the foregoing Option and all rights evidenced thereby are hereby assigned to:

Name: _____  _____
(Please Print)

Address: _____  _____
(Please Print)

Dated: _____

Holder's
Signature: _____

Holder's
Address: _____

**NOTE**: The signature to this Assignment Form must correspond with the name as it appears on the face of the Option. Officers of corporations and those acting in a fiduciary or other representative capacity should provide proper evidence of authority to assign the foregoing Option.

GDSVF&H\2531743.4

CONFIDENTIAL                                                                                                    RPLI_SEC 0609229