# Exhibit 80

## Ripple Labs Inc
## Notice of XRP Ledger Address Award

You ("**Grantee**") have been granted the following Award (the "**Award**") representing rights to receive certain addresses on the XRP Ledger by Ripple Labs Inc. (the "**Company**"), and the XRP contained therein, on the following terms:

| | |
|---|---|
| Name: | Bradley Garlinghouse |
| Grant: | 15 XRP Ledger Addresses (each an "Address" and collectively "the Addresses") as specified in Appendix 1 to this Award, containing an aggregate of ███ units of XRP (the "Contents"). |
| Date of Grant: | May 29, 2019 |
| Date of Transfer: | May 29, 2019 |
| Vesting Commencement Date: | June 01, 2019 |
| Expiration Date: | May 29, 2023 |
| Transfer: | On the terms and conditions set forth in this Notice (as defined below), the Agreement (as defined below) and the Plan (as defined below), the Company agrees to transfer to the Grantee the Addresses, including the Contents contained therein. The transfer shall occur on the Date of Transfer set forth above. At this date, all risk of loss for the Addresses and Contents will transfer to the Grantee. |
| Consideration: | The Grantee and the Company agree that the Addresses are being issued to the Grantee as consideration Grantee providing Service as Chief Executive Officer of the Company (the "**CEO**") on a full-time basis. |
| Forfeiture Condition: | Until they vest as provided below, all Addresses, including the Contents contained therein, shall be subject to forfeiture to the Company (the "**Forfeiture Condition**") and shall be referred to as "**Restricted Addresses**". The Grantee covenants and agrees that he shall not transfer, assign, encumber or otherwise dispose of any Restricted Address, the Contents therein or any |

|  |  |
|---|---|
|  | interest in such Restricted Address or Contents without the Company's written consent. Notwithstanding the foregoing, the Grantee may transfer a Restricted Address to one or more members of the Grantee's Family, provided that the transferee agrees in writing on a form prescribed by the Company to be bound by all provisions of this Notice and the Agreement. If a transferee transfers any Restricted Address, then this Notice and the Agreement shall apply to the subsequent transferee to the same extent as to the transferee |
| Vesting: | The Forfeiture Condition shall lapse and each Address, and Contents contained therein, shall vest as the Grantee provides continuous Service as CEO on a full-time basis until the Vesting Date for such Address set forth in Appendix 1 to this agreement. |
| Execution of Forfeiture: | The Forfeiture Condition shall be applicable with respect to a Restricted Address, and the Contents contained therein, only if the Grantee's continuous Service as CEO terminates for any reason, with or without cause, including (without limitation) death or Permanent Incapacity, before such Restricted Addresses vests as provided above. If Grantee's Service as CEO terminates for any reason, Grantee shall take all actions reasonably requested by the Company to transfer to the Company all Restricted Addresses, and the Contents contained therein, at the time of termination. The Company shall make no payment for any Restricted Address, or the Contents contained therein, that is forfeited and transferred to the Company, and the Grantee shall have no further rights with respect to such Restricted Address. In case of any dispute as to whether your Service as CEO on a full-time basis has terminated (and the Forfeiture Condition applies), the Company shall have sole discretion to determine whether such termination has occurred and the effective date of such termination. |

GDSVF&H

CONFIDENTIAL

FOIA CONFIDENTIAL TREATMENT REQUESTED BY BRAD GARLINGHOUSE

GARL00000003
SEC-LIT-EPROD-000070408
RPLI_01708775

By signing below, you and the Company agree that this Award is granted under and governed by the terms and conditions of the Company's XRP Plan (the "**Plan**"), this Notice of XRP Ledger Address Award (the "**Notice**") and the XRP Ledger Address Award Agreement (the "**Agreement**") attached to this Notice, all of which are made a part of this document. For purposes of applying the Plan to this Notice and the Agreement, this Notice shall be deemed to constitute a "XRP Unit Bonus Award" within the meaning of the Plan and the Agreement shall constitute a "XRP Unit Bonus Award Agreement" within the meaning of the Plan. Capitalized terms not otherwise defined herein or in the XRP Ledger Address Award Agreement shall have the meaning set forth in the Plan.

You hereby acknowledge that the Vesting of the Award pursuant to this Notice is conditioned on the satisfaction, on or before the Final Expiration, of the Service Requirement in the sequence described above and in Appendix 1.

You further agree to accept by email all documents relating to the Company, the Plan or this Award and all other documents that the Company is required to deliver to Plan Participants (including, without limitation, disclosures that may be required by the United States Securities and Exchange Commission).

**Grantee:**                                                **Ripple Labs Inc.**

[redacted]                                                  By: [redacted]

Address:                                                    Title: [redacted]

Appendix 1

| XRP Ledger Address | XRP Units in Address at Date of Transfer | Vesting Date |
|---|---|---|
| Redacted | Redacted | 6/1/2019 |
| | | 6/1/2019 |
| | | 6/1/2020 |
| | | 9/1/2020 |
| | | 12/1/2020 |
| | | 3/1/2021 |
| | | 6/1/2021 |
| | | 9/1/2021 |
| | | 12/1/2021 |
| | | 3/1/2022 |
| | | 6/1/2022 |
| | | 9/1/2022 |
| | | 12/1/2022 |
| | | 3/1/2023 |
| | | 6/1/2023 |

GDSVF&H

CONFIDENTIAL

FOIA CONFIDENTIAL TREATMENT REQUESTED BY BRAD GARLINGHOUSE

GARL00000005
SEC-LIT-EPROD-000070410
RPLI_01708777

# RIPPLE LABS INC. XRP PLAN

## XRP Ledger Bonus Award Agreement

### SECTION 1. GRANT OF ADDRESSES.

(a)     **Grant**.  On the terms and conditions set forth in the Notice and this Agreement, the Company grants to you on the Date of Transfer the Addresses, including the Contents contained therein, as provided in the Notice.  The transfer shall be effected as specified in Section 3 below.

(b)     **Nature of Addresses**.  XRP Ledger Addresses represent discrete locations on the XRP Ledger, which may contain various assets, including units of XRP.  All Addresses and Contents thereof are restricted prior to vesting in accordance with Section 4.

(c)     **Plan and Defined Terms**.  Your Addresses are granted pursuant to the Plan, a copy of which you acknowledge having received.  The provisions of the Plan and the details set forth in the Notice are incorporated into this Agreement by this reference.  Capitalized terms not otherwise defined in the Plan, the Notice or in the text of this Agreement are defined in Section 8 of this Agreement.

### SECTION 2. VESTING.

(a)     **Generally**.  The Addresses shall Vest in accordance with the Vesting provisions set forth in the Notice.  You will receive a benefit with respect to an Address only if the Forfeiture Condition lapses for such Address, and Contents contained therein, as provided in the Notice.

(b)     **Part-Time Employment and Leaves of Absence**.  If you commence working as CEO on a part-time basis or serves in some other capacity as an Employee, then the Company may adjust the vesting schedule set forth in the Notice.  If the Grantee goes on a leave of absence, then, to the extent permitted by applicable law, the Company may adjust or suspend the vesting schedule set forth in the Notice.  Except as provided in the preceding sentence, Service shall be deemed to continue while the Transferee is on a *bona fide* leave of absence approved by the Company in writing.  Service shall be deemed to terminate when such leave ends, unless the Transferee immediately returns to active work when such leave ends.

### SECTION 3. SETTLEMENT OF ADDRESSES.

(a)     **Transfer**.  On the Date of Transfer Date, the Company will set the regular key each Address to an XRP Ledger Address specified by you.  Upon receipt of each Address through setting this regular key, you agree to immediately disable the master key for said Address.

(b)     **Limitation of Liability**.  Notwithstanding the foregoing, no Addresses shall be transferred or issued to you upon settlement unless and until the Company has determined that you and the Company have taken any actions required to perfect such transfer of Address under applicable law.  The Company shall have no liability to transfer Addresses under the Award unless it is able to do so in compliance with such applicable laws.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY BRAD GARLINGHOUSE

GARL00000006
SEC-LIT-EPROD-000070411
RPLI_01708778

## SECTION 4. TAXES.

(a) **Withholding Taxes.** Upon the Vesting Date and/or Date of Transfer for the Addresses, the Fair Market Value of such Addresses may be treated as income subject to withholding by the Company and/or your employing Company Affiliate (as applicable, your "**Employer**") for the payment of all applicable income and employment withholding taxes which arise in connection with the vesting or transfer of the Addresses (the "**Withholding Taxes**"). No consideration will be paid to you in respect of this Award unless you have made arrangements satisfactory to the Company to satisfy the Withholding Taxes. To the extent that you fail to make such arrangements with respect to an Address, then you will permanently forfeit such Address. At the discretion of the Company, these arrangements may include (i) withholding from other compensation or amounts that are owed to you by your Employer, (ii) payment in cash, (iii) withholding an Address that otherwise would be issued or transferred to you when the Addresses are settled with a Fair Market Value equal to the applicable statutory amount required to be withheld, or (iv) any other method permitted by the Company. If the Withholding Taxes are satisfied pursuant to clause (iii), you will be deemed to have been issued the full value of the Addresses subject to the Award and the Fair Market Value of the withheld Addresses, determined as of the date when taxes otherwise would have been withheld in cash, will be applied to the Withholding Taxes and such amount will be remitted to appropriate tax authorities by the Company or your Employer. The Company will not withhold fractional portions of Addresses pursuant to clause (iii), so if the Withholding Taxes are satisfied pursuant to clause (iii), you hereby authorize the Company or your Employer to withhold the amount of any remaining Withholding Taxes from your wages or other cash compensation. **Section 409A**. The settlement of these Addresses is intended to be exempt from the application of Code Section 409A pursuant to the "short-term deferral exemption" in Treasury Regulation 1.409A-1(b)(4) and shall be administered and interpreted in a manner that complies with such exemption. Without limiting the foregoing, you acknowledge and agree that the Company shall pay [REDACTED] in Withholding Taxes attributable to the Award pursuant to the Note and that you shall satisfy such Withholding Taxes by (i) the Company withholding, and not transferring it to you pursuant to the Notice, Address rB6By8tVCyKJhLqzmmgQG2f4GPrvHSgMqJ and (ii) you executing and delivering to the Company on the Date of Transfer the Full-Recourse Note in the form attached hereto as Exhibit A (the "**Note**").

(b) **Acknowledgements.** You acknowledge that there may be tax consequences upon Vesting and/or Settlement of the Addresses and/or disposition of the Addresses or Contents, if any, received hereunder, and you should consult a tax adviser regarding your tax obligations prior to such event. You acknowledge that the Company is not providing any tax, legal, or financial advice, nor is the Company making any recommendations regarding your participation in the Plan or you acquisition of Addresses subject to this Award. You are hereby advised to consult with your own personal tax, legal, and financial advisors regarding your participation in the Plan. You further acknowledge that the Company (i) makes no representations or undertakings regarding the tax treatment of the award of XRP Addresses, including, but not limited to the grant, vesting, or settlement of the Addresses, the subsequent disposition of Contents acquired pursuant to this Award; and (ii) does not commit to and is under no obligation to structure the terms of the grant of the Award to reduce or eliminate your tax liability or achieve any particular tax result. You agree that the Company does not have a duty to design or administer the Addresses, Contents, or the Plan or its other compensation programs in a manner

that minimizes your tax liability. You shall not make any claim against the Company or members of its Board, officers, or employees related to tax matters arising from this award or your other compensation.

**SECTION 5. RESTRICTIONS APPLICABLE TO UNITS AND XRP.**

(a) **Legal Restrictions.** Regardless of whether the grant, offering, purchase, sale or transfer of interests in Addresses or Contents under the Plan have been registered under applicable securities laws or have been registered or qualified under any applicable securities laws or rules governing any currency or virtual currency exchanges, the Company at its discretion may impose restrictions upon the sale, disposition, pledge, hypothecation or other transfer of the Addresses (including the placement of appropriate legends or notations on physical or electronic representations of XRP, or the imposition of stop-transfer instructions) if, in the judgment of the Company, such restrictions are necessary or desirable in order to achieve compliance with applicable law. You (or the recipient of your Addresses or Contents in the event of your death or your personal representative in the event of your incapacity) shall deliver to the Company any representations or other documents or assurances as the Company may deem necessary or reasonably desirable to ensure compliance with all applicable legal and regulatory requirements.

(b) **Investment Intent at Grant.** You represent and agree that you are acquiring the interests in Addresses and Contents being granted to you hereunder for investment purposes, and not with a view to the sale or distribution thereof.

(c) **Administration.** Any determination by the Company and its counsel in connection with any of the matters set forth in this Section 6 shall be conclusive and binding on you and all other persons.

**SECTION 6. MISCELLANEOUS PROVISIONS.**

(a) **Successors and Assigns.** Except as otherwise expressly provided to the contrary, the provisions of this Agreement shall inure to the benefit of, and be binding upon, the Company and its successors and assigns and be binding upon you and your legal representatives, heirs, legatees, distributees, assigns and transferees by operation of law, whether or not any such person has become a party to this Agreement or has agreed in writing to join herein and to be bound by the terms, conditions and restrictions hereof.

(b) **Notice.** Any notice required by the terms of this Agreement shall be given in writing or pursuant to electronic notice as specified in the Notice of XRP Ledger Address Award. It shall be deemed effective upon (i) personal delivery, or (ii) deposit with an international courier service, with shipping charges prepaid. Notice shall be addressed to the Company at its principal executive office and to you at the address that you most recently provided to the Company in accordance with this Section 7(b).

(c) **Entire Agreement.** The Notice, this Agreement and the Plan constitute the entire understanding between you and the Company regarding the subject matter hereof. They supersede any other agreements, representations or understandings (whether oral or written and whether express or implied) that relate to the subject matter hereof.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY BRAD GARLINGHOUSE

GARL00000008
SEC-LIT-EPROD-000070413
RPLI_01708780

## SECTION 7. DEFINITIONS.

(a) "**Addresses**" means the Addresses subject to the Award granted to you by the Company under the Plan as set forth in the Notice.

(b) "**Agreement**" means this XRP Ledger Address Award Agreement between you and the Company.

(c) "**Cause**" means (a) the unauthorized use or disclosure of the Company's confidential information or trade secrets, which use or disclosure causes material harm to the Company, (b) material breach of any agreement between the Purchaser and the Company, (c) a material failure to comply with the Company's written policies or rules, (d) a conviction of, or plea of "guilty" or "no contest" to, a felony under the laws of the United States or any State, (e) gross negligence or willful misconduct, (f) continuing failure to perform assigned duties after receiving written notification of the failure from the Company or (g) failure to cooperate in good faith with a governmental or internal investigation of the Company or its directors, officers or employees, if the Company has requested the Purchaser's cooperation.

(d) "**Contents**" means the contents on the date of Transfer of any Address subject to the Award, including XRP.

(e) "**Expiration Date**" means the expiration date of the Award as set forth in the Notice.

(f) "**Final Expiration**" means the earlier of the Expiration Date and the date on which the Units expire pursuant to Section 2(b).

(g) "**Permanent Incapacity**" with respect to a Grantee means that such Grantee is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment for a period of at least six consecutive months.

(h) "**XRP Ledger**" means the decentralized cryptographic ledger powered by a network of peer-to-peer servers in which XRP is the native asset.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY BRAD GARLINGHOUSE

GARL00000009
SEC-LIT-EPROD-000070414
RPLI_01708781