# Exhibit 83

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**SECURITIES AND EXCHANGE COMMISSION,**          :
                                                 :
                                   **Plaintiff,** :          **20 Civ. 10832 (AT) (SN)**
                                                 :
                        **- against -**          :          **ECF Case**
                                                 :
**RIPPLE LABS, INC.,**                           :
**BRADLEY GARLINGHOUSE, and**                    :
**CHRISTIAN A. LARSEN**                          :
                                                 :
                                 **Defendants,** :
------------------------------------------------------------------------ x

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIFTH SET OF REQUESTS FOR ADMISSION

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, answers and objects to the Defendants Fifth Set of Requests for Admission as follows:

## GENERAL OBJECTIONS

The Commission's answers and objections to these Requests for Admission are made to the best of its present knowledge, information, or belief. These responses and objections are made without prejudice to the Commission's right to correct, revise or supplement its answers and objections as appropriate, and in so doing the Commission may rely upon documents, testimony, admissions or any other evidence at trial or at any hearing or other proceeding. Further, by providing the answers and objections set forth below, the Commission does not intend to waive any applicable privilege against disclosure. The Commission further objects that these Requests for Admission are irrelevant because the Commission need not prove the requested facts in order to prevail in this case, and the requested facts do not establish a defense to the Commission's claims.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The Commission objects to Defendants' Definitions to the extent that any of them differ from the way those terms are used in the Securities Act of 1933, the Federal Rules of Civil Procedure, or in the Commission's First Amended Complaint.  The Commission objects to Defendants' Instructions to the extent that any of the purport to impose greater obligations on the Commission than the Federal Rules of Civil Procedure or the local Rules of the Southern District of New York.

## SPECIFIC OBJECTIONS AND ADMISSIONS

**Request For Admission No. 1031**: Admit that the SEC is not asserting in this Action that Binance Holdings Ltd. ("Binance") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, for purposes of responding to Requests 1031-1039, the Commission defines "Binance" as "Binance Holdings Limited."  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Binance was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1032**: Admit that the SEC is not asserting in this Action that Binance is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Binance is domiciled in the United States, but reserves the right to correct, revise, or

supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Binance's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1033**: Admit that the SEC is not asserting in this Action that Binance's books and records are located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1034**: Admit that the SEC is not asserting in this Action that Binance has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous. The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Binance has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Binance's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1035:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Binance (the "Binance Trading Platform") is located in the United States.[1]

---

[1] For avoidance of doubt, the Binance Trading Platform refers to the trading platform commonly referred to as Binance (available at binance.com), not the trading platform commonly referred to as Binance.US (available at binance.us).

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1036:** Admit that the Binance Trading Platform is not located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing internet-based, blockchain-based trading services.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1037**: Admit that the SEC is not asserting in this Action that the Binance Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Binance Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a  registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Binance Trading Platform in other matters based on any additional evidence discovered.

4

**Request For Admission No. 1038**: Admit that the Binance Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Binance Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1039:** Admit that Binance has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Binance has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1040**: Admit that the SEC is not asserting in this Action that Bitbank Co., Ltd. ("Bitbank") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitbank was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1041**: Admit that the SEC is not asserting in this Action that Bitbank is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitbank is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitbank's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1042**: Admit that the SEC is not asserting in this Action that Bitbank's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1043**: Admit that the SEC is not asserting in this Action that Bitbank has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitbank has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitbank's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1044:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Bitbank (the "Bitbank Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1045:** Admit that the Bitbank Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1046**: Admit that the SEC is not asserting in this Action that the Bitbank Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Bitbank Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Bitbank Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1047**: Admit that the Bitbank Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Bitbank Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1048:** Admit that Bitbank has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous. To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information. For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Bitbank has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1049:** Admit that the SEC is not asserting in this Action that iFinex Inc. ("BitFinex") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BitFinex was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1050**: Admit that the SEC is not asserting in this Action that BitFinex is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BitFinex is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to BitFinex's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1051**: Admit that the SEC is not asserting in this Action that BitFinex's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1052**: Admit that the SEC is not asserting in this Action that BitFinex has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BitFinex has its principal place of business in the United States, but

reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to BitFinex's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1053:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by BitFinex (the "BitFinex Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1054:** Admit that the BitFinex Trading Platform is not located in the United States.

**Answer**: In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1055**: Admit that the SEC is not asserting in this Action that the BitFinex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct,

revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting

in this Action that the BitFinex Trading Platform is a "domestic exchange," as that term is used in

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities

exchange. This admission is limited to the Commission's allegations in this Action and does not limit

the Commission's ability to make allegations or assertions relating to the BitFinex Trading Platform

in other matters based on any additional evidence discovered.

**Request For Admission No. 1056**: Admit that the BitFinex Trading Platform was not
registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between
January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the BitFinex Trading Platform was

not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1057:** Admit that BitFinex has not been the subject of any
regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that BitFinex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1058**: Admit that the SEC is not asserting in this Action that Noah Trade Ltd. ("BitForex") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BitForex was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1059**: Admit that the SEC is not asserting in this Action that BitForex is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BitForex is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or

assertions relating to BitForex's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1060**: Admit that the SEC is not asserting in this Action that BitForex's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.    Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1061**: Admit that the SEC is not asserting in this Action that BitForex has its principal place of business in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BitForex has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to BitForex's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1062:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by BitForex (the "BitForex Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1063:** Admit that the BitForex Trading Platform is not located in the United States.

**Answer**: In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1064**: Admit that the SEC is not asserting in this Action that the BitForex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the BitForex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the BitForex Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1065**: Admit that the BitForex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the BitForex Trading Platform was

not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1066:** Admit that BitForex has not been the subject of any
regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission need not prove this requested fact in order to prevail in this

case, and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that BitForex has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1067**: Admit that the SEC is not asserting in this Action that
BGH One Ltd. ("Bithumb") was incorporated in the United States between January 1, 2013, and
December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that Bithumb was incorporated in the United States

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1068**: Admit that the SEC is not asserting in this Action that
Bithumb is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that Bithumb is domiciled in the United States, but reserves the right to correct, revise, or

supplement its answer if and as appropriate. This admission is limited to the Commission's

allegations in this Action and does not limit the Commission's ability to make allegations or

assertions relating to Bithumb's domicile in other matters based on any additional evidence

discovered.

**Request For Admission No. 1069**: Admit that the SEC is not asserting in this Action that
Bithumb's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term

"books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after

reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1070**: Admit that the SEC is not asserting in this Action that
Bithumb has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"principal place of business" is vague and ambiguous.  The definition of the term "principal place of

business" depends on the context in which it is used and the term is undefined in these Requests.

Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bithumb has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bithumb's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1071:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Bithumb (the "Bithumb Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1072:** Admit that the Bithumb Trading Platform is not located in the United States.

**Answer**: In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1073**: Admit that the SEC is not asserting in this Action that the Bithumb Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis

applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case.

Subject to all of the foregoing objections, based on publicly available information obtained after

conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct,

revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting

in this Action that the Bithumb Trading Platform is a "domestic exchange," as that term is used in

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities

exchange. This admission is limited to the Commission's allegations in this Action and does not limit

the Commission's ability to make allegations or assertions relating to the Bithumb Trading Platform

in other matters based on any additional evidence discovered.

**Request For Admission No. 1074**: Admit that the Bithumb Trading Platform was not
registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between
January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the Bithumb Trading Platform was

not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1075:** Admit that Bithumb has not been the subject of any
regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that Bithumb has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1076**: Admit that the SEC is not asserting in this Action that
Bitlish Ltd. ("Bitlish") was incorporated in the United States between January 1, 2013, and
December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that Bitlish was incorporated in the United States

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1077**: Admit that the SEC is not asserting in this Action that
Bitlish is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that Bitlish is domiciled in the United States, but reserves the right to correct, revise, or

supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitlish's domicile in other matters based on any additional evidence discovered.

    **Request For Admission No. 1078**: Admit that the SEC is not asserting in this Action that Bitlish's books and records are located in the United States.

    **Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitlish's books and records are located in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

    **Request For Admission No. 1079**: Admit that the SEC is not asserting in this Action that Bitlish has its principal place of business in the United States.

    **Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitlish has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitlish's principal place of business in other matters based on any additional evidence discovered.

    **Request For Admission No. 1080:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Bitlish (the "Bitlish Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term

"primary" is vague and ambiguous.  The Commission further objects that the term "located" is

vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject

to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1081:** Admit that the Bitlish Trading Platform is not located
in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading

service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission

denies this request.

**Request For Admission No. 1082:** Admit that the SEC is not asserting in this Action that
the Bitlish Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl.
Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission need not prove this requested fact in order to prevail in this

case, and the requested fact is not a defense to the Commission's claims, because among other

reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis

applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case.

Subject to all of the foregoing objections, based on publicly available information obtained after

conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct,

revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting

in this Action that the Bitlish Trading Platform is a "domestic exchange," as that term is used in

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities

exchange. This admission is limited to the Commission's allegations in this Action and does not limit

the Commission's ability to make allegations or assertions relating to the Bitlish Trading Platform in

other matters based on any additional evidence discovered.

**Request For Admission No. 1083:** Admit that the Bitlish Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Bitlish Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1084:** Admit that Bitlish has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Bitlish has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

23

**Request For Admission No. 1085:** Admit that the SEC is not asserting in this Action that GBM Foundation Company Ltd. ("BitMart") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BitMart was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1086:** Admit that the SEC is not asserting in this Action that BitMart is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BitMart is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to BitMart's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1087:** Admit that the SEC is not asserting in this Action that BitMart's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1088:** Admit that the SEC is not asserting in this Action that BitMart has its principal place of business in the United States.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1089:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by BitMart (the "BitMart Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1090:** Admit that the BitMart Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1091:** Admit that the SEC is not asserting in this Action that the BitMart Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct,

revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting

in this Action that the BitMart Trading Platform is a "domestic exchange," as that term is used in

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities

exchange. This admission is limited to the Commission's allegations in this Action and does not limit

the Commission's ability to make allegations or assertions relating to the BitMart Trading Platform

in other matters based on any additional evidence discovered.

**Request For Admission No. 1092:** Admit that the BitMart Trading Platform was not
registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between
January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the BitMart Trading Platform was

not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1093:** Admit that BitMart has not been the subject of any
regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that BitMart has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1094:** Admit that the SEC is not asserting in this Action that BMXDM Technology Pte. Ltd. ("AscendEX")[2] was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that AscendEX was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1095:** Admit that the SEC is not asserting in this Action that AscendEX is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that AscendEX is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's

---

[2] AscendEX was formerly called "BitMax." For avoidance of doubt, AscendEX, as used herein, refers to both AscendEX and BitMax.

allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to AscendEX's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1096:** Admit that the SEC is not asserting in this Action that AscendEX's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1097:** Admit that the SEC is not asserting in this Action that AscendEX has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that AscendEX has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to AscendEX's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1098:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by AscendEX (the "AscendEX Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is

vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1099:** Admit that the AscendEX Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1100:** Admit that the SEC is not asserting in this Action that the AscendEX Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the AscendEX Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the AscendEX Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1101:** Admit that the AscendEX Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the AscendEX Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1102:** Admit that AscendEX has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that AscendEX has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1103:** Admit that the SEC is not asserting in this Action that Bitrue Singapore Pte. Ltd. ("Bitrue") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitrue was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1104:** Admit that the SEC is not asserting in this Action that Bitrue is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitrue is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitrue's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1105:** Admit that the SEC is not asserting in this Action that Bitrue's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1106:** Admit that the SEC is not asserting in this Action that Bitrue has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitrue has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitrue's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1107:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Bitrue (the "Bitrue Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1108:** Admit that the Bitrue Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1109:** Admit that the SEC is not asserting in this Action that the Bitrue Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission need not prove this requested fact in order to prevail in this

case, and the requested fact is not a defense to the Commission's claims, because among other

reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis

applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case.

Subject to all of the foregoing objections, based on publicly available information obtained after

conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct,

revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting

in this Action that the Bitrue Trading Platform is a "domestic exchange," as that term is used in

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities

exchange. This admission is limited to the Commission's allegations in this Action and does not limit

the Commission's ability to make allegations or assertions relating to the Bitrue Trading Platform in

other matters based on any additional evidence discovered.

**Request For Admission No. 1110:** Admit that the Bitrue Trading Platform was not
registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between
January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the Bitrue Trading Platform was not

registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between

January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its

answer if and as appropriate.

**Request For Admission No. 1111:** Admit that Bitrue has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Bitrue has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1112:** Admit that the SEC is not asserting in this Action that Bitstamp Ltd. ("Bitstamp") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitstamp was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1113:** Admit that the SEC is not asserting in this Action that Bitstamp is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitstamp is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitstamp's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1114:** Admit that the SEC is not asserting in this Action that Bitstamp's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1115:** Admit that the SEC is not asserting in this Action that Bitstamp has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitstamp has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is

limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitstamp's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1116:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Bitstamp (the "Bitstamp Trading Platform") is located in the United States.[3]

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1117:** Admit that the Bitstamp Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1118:** Admit that the SEC is not asserting in this Action that the Bitstamp Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after

---

[3] For avoidance of doubt, the Bitstamp Trading Platform does not refer to the trading platform operated by Bitstamp USA, Inc. (https://www.bitstamp.net/terms-of-use/inc/).

conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Bitstamp Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Bitstamp Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1119:** Admit that the Bitstamp Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Bitstamp Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1120:** Admit that Bitstamp has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous. To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information. For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that Bitstamp has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1121:** Admit that the SEC is not asserting in this Action that
Bitstamp Europe S.A. ("Bitstamp Europe") was incorporated in the United States between January
1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that Bitstamp Europe was incorporated in the United

States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1122:** Admit that the SEC is not asserting in this Action that
Bitstamp Europe is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that Bitstamp Europe is domiciled in the United States, but reserves the right to correct,

revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's

allegations in this Action and does not limit the Commission's ability to make allegations or

assertions relating to Bitstamp Europe's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1123:** Admit that the SEC is not asserting in this Action that Bitstamp Europe's books and records are located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1124:** Admit that the SEC is not asserting in this Action that Bitstamp Europe has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bitstamp Europe has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bitstamp Europe's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1125:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Bitstamp Europe (the "Bitstamp Europe Trading Platform") is located in the United States.[4]

---

[4] For avoidance of doubt, the Bitstamp Europe Trading Platform does not refer to the trading platform operated by Bitstamp USA, Inc. (https://www.bitstamp.net/terms-of-use/inc/).

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1126:** Admit that the Bitstamp Europe Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1127:** Admit that the SEC is not asserting in this Action that the Bitstamp Europe Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Bitstamp Europe Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Bitstamp Trading Platform in other matters based on any additional evidence discovered.

40

**Request For Admission No. 1128**: Admit that the Bitstamp Europe Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Bitstamp Europe Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1129**: Admit that Bitstamp Europe has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Bitstamp Europe has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

41

**Request For Admission No. 1130:** Admit that the SEC is not asserting in this Action that Bittrex Global GmbH ("Bittrex Global") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bittrex Global was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1131:** Admit that the SEC is not asserting in this Action that Bittrex Global is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bittrex Global is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Bittrex Global's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1132:** Admit that the SEC is not asserting in this Action that Bittrex Global's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1133:** Admit that the SEC is not asserting in this Action that Bittrex Global has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous. The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1134:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Bittrex Global (the "Bittrex Global Trading Platform") is located in the United States.[5]

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1135:** Admit that the Bittrex Global Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1136:** Admit that the SEC is not asserting in this Action that the Bittrex Global Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this

---

[5] For avoidance of doubt, the Bittrex Global Trading Platform refers to the trading platform commonly referred to as Bittrex Global (available at global.bittrex.com), not the trading platform commonly referred to as Bittrex (available at bittrex.com).

case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Bittrex Global Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Binance Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1137**: Admit that the Bittrex Global Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Bittrex Global Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1138**: Admit that Bittrex Global has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that Bittrex Global has not been the subject of any regulatory action

by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct,

revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1139:** Admit that the SEC is not asserting in this Action that
Bittrex, Inc. ("Bittrex") was incorporated in the United States between January 1, 2013, and
December 22, 2020.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

Commission denies this request.

**Request For Admission No. 1140:** Admit that the SEC is not asserting in this Action that
Bittrex is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1141:** Admit that the SEC is not asserting in this Action that
Bittrex's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1142:** Admit that the SEC is not asserting in this Action that Bittrex has its principal place of business in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1143:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Bittrex (the "Bittrex Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1144:** Admit that the Bittrex Trading Platform is not located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1145:** Admit that the SEC is not asserting in this Action that the Bittrex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Bittrex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Bittrex Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1146:** Admit that the Bittrex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Bittrex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

47

**Request For Admission No. 1147:** Admit that Bittrex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous. To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information. For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Bittrex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1148:** Admit that the SEC is not asserting in this Action that BW was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BW was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1149:** Admit that the SEC is not asserting in this Action that BW is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous. The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BW is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to BW's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1150:** Admit that the SEC is not asserting in this Action that BW's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1151:** Admit that the SEC is not asserting in this Action that BW has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that BW has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to BW's principal place of business in other matters based on any additional evidence discovered.

49

**Request For Admission No. 1152:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by BW (the "BW Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1153:** Admit that the BW Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1154:** Admit that the SEC is not asserting in this Action that the BW Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the BW Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit

50

the Commission's ability to make allegations or assertions relating to the BW Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1155:** Admit that the BW Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the BW Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1156:** Admit that BW has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that BW has not been the subject of any regulatory action by the SEC

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1157:** Admit that the SEC is not asserting in this Action that Coinbase Singapore Pte. Ltd. ("Coinbase SG") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Coinbase SG was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1158:** Admit that the SEC is not asserting in this Action that Coinbase SG is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous. The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Coinbase SG is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Coinbase SG's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1159:** Admit that the SEC is not asserting in this Action that Coinbase SG's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1160:** Admit that the SEC is not asserting in this Action that Coinbase SG has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Coinbase SG has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Coinbase SG's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1161:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Coinbase SG (the "Coinbase SG Trading Platform") is located in the United States.[6]

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1162:** Admit that the Coinbase SG Trading Platform is not located in the United States.

---

[6] For avoidance of doubt, the Coinbase SG Trading Platform does not refer to the trading platform operated by Coinbase, Inc. (https://www.coinbase.com/legal/user_agreement/united_states).

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1163:** Admit that the SEC is not asserting in this Action that the Coinbase SG Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Coinbase SG Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Coinbase SG Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1164:** Admit that the Coinbase SG Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Coinbase SG Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1165:** Admit that Coinbase SG has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous. To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information. For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Coinbase SG has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1166:** Admit that the SEC is not asserting in this Action that Coinbase, Inc. ("Coinbase") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1167:** Admit that the SEC is not asserting in this Action that Coinbase is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1168:** Admit that the SEC is not asserting in this Action that Coinbase's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1169:** Admit that the SEC is not asserting in this Action that Coinbase has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1170:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Coinbase (the "Coinbase Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1171:** Admit that the Coinbase Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1172:** Admit that the SEC is not asserting in this Action that the Coinbase Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Coinbase Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Coinbase Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1173:** Admit that the Coinbase Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the Coinbase Trading Platform was

not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

  **Request For Admission No. 1174:** Admit that Coinbase has not been the subject of any
regulatory action by the SEC between January 1, 2013, and December 22, 2020.

  **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that Coinbase has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

  **Request For Admission No. 1175:** Admit that the SEC is not asserting in this Action that
CoinBene Limited Vanuatu ("CoinBene") was incorporated in the United States between January 1,
2013, and December 22, 2020.

  **Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that CoinBene was incorporated in the United States

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

      **Request For Admission No. 1176:** Admit that the SEC is not asserting in this Action that
CoinBene is domiciled in the United States.

      **Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that CoinBene is domiciled in the United States, but reserves the right to correct, revise, or

supplement its answer if and as appropriate. This admission is limited to the Commission's

allegations in this Action and does not limit the Commission's ability to make allegations or

assertions relating to CoinBene's domicile in other matters based on any additional evidence

discovered.

      **Request For Admission No. 1177:** Admit that the SEC is not asserting in this Action that
CoinBene's books and records are located in the United States.

      **Answer:**  In addition to the foregoing objections, the Commission objects that the term

"books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after

reasonable inquiry, the Commission denies this request.

      **Request For Admission No. 1178:** Admit that the SEC is not asserting in this Action that
CoinBene has its principal place of business in the United States.

      **Answer:** In addition to the foregoing objections, the Commission objects that the term

"principal place of business" is vague and ambiguous.  The definition of the term "principal place of

business" depends on the context in which it is used and the term is undefined in these Requests.

Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that CoinBene has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to CoinBene's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1179:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by CoinBene (the "CoinBene Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1180:** Admit that the CoinBene Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1181:** Admit that the SEC is not asserting in this Action that the CoinBene Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis

applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the CoinBene Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the CoinBene Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1182:** Admit that the CoinBene Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the CoinBene Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1183:** Admit that CoinBene has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that CoinBene has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1184:** Admit that the SEC is not asserting in this Action that
Coinone Inc. ("Coinone") was incorporated in the United States between January 1, 2013, and
December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that Coinone was incorporated in the United States

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1185:** Admit that the SEC is not asserting in this Action that
Coinone is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that Coinone is domiciled in the United States, but reserves the right to correct, revise, or

Case 1:20-cv-10832-AT-SN   Document 827-83   Filed 06/13/23   Page 64 of 125

supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Coinone's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1186:** Admit that the SEC is not asserting in this Action that Coinone's books and records are located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1187:** Admit that the SEC is not asserting in this Action that Coinone has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous. The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Coinone has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Coinone's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1188:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Coinone (the "Coinone Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is

vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1189:** Admit that the Coinone Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1190:** Admit that the SEC is not asserting in this Action that the Coinone Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Coinone Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Coinone Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1191:** Admit that the Coinone Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Coinone Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1192:** Admit that Coinone has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Coinone has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1193:** Admit that the SEC is not asserting in this Action that DigiFinex Ltd. ("DigiFinex") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that DigiFinex was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1194:** Admit that the SEC is not asserting in this Action that DigiFinex is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that DigiFinex is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to DigiFinex's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1195:** Admit that the SEC is not asserting in this Action that DigiFinex's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1196:** Admit that the SEC is not asserting in this Action that DigiFinex has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that DigiFinex has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to DigiFinex's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1197:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by DigiFinex (the "DigiFinex Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1198:** Admit that the DigiFinex Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1199:** Admit that the SEC is not asserting in this Action that the DigiFinex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the DigiFinex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the DigiFinex Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1200:** Admit that the DigiFinex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the DigiFinex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1201:** Admit that DigiFinex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous. To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information. For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that DigiFinex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1202:** Admit that the SEC is not asserting in this Action that Hit Tech Solutions Development Ltd. ("HitBTC") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that HitBTC was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1203**: Admit that the SEC is not asserting in this Action that HitBTC is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous. The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that HitBTC is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to HitBTC's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1204:** Admit that the SEC is not asserting in this Action that HitBTC's books and records are located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1205:** Admit that the SEC is not asserting in this Action that HitBTC has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous. The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that HitBTC has its principal place of business in the United States, but

reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to HitBTC's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1206:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by HitBTC (the "HitBTC Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1207:** Admit that the HitBTC Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1208:** Admit that the SEC is not asserting in this Action that the HitBTC Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct,

revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting

in this Action that the HitBTC  Trading Platform is a "domestic exchange," as that term is used in

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities

exchange. This admission is limited to the Commission's allegations in this Action and does not limit

the Commission's ability to make allegations or assertions relating to the HitBTC Trading Platform

in other matters based on any additional evidence discovered.

**Request For Admission No. 1209:** Admit that the HitBTC  Trading Platform was not
registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between
January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the HitBTC  Trading Platform was

not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1210:** Admit that HitBTC has not been the subject of any
regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that HitBTC has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1211:** Admit that the SEC is not asserting in this Action that Huobi Global Ltd. ("Huobi") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Huobi was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1212:** Admit that the SEC is not asserting in this Action that Huobi is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Huobi is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Huobi's domicile in other matters based on any additional evidence discovered.

73

**Request For Admission No. 1213:** Admit that the SEC is not asserting in this Action that Huobi's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1214:** Admit that the SEC is not asserting in this Action that Huobi has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Huobi has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Huobi's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1215:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Huobi (the "Huobi Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1216:** Admit that the Huobi Trading Platform is not located in the United States.

74

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1217:** Admit that the SEC is not asserting in this Action that the Huobi Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Huobi Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Huobi Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1218:** Admit that the Huobi Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

75

objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Huobi Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1219:** Admit that Huobi has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Huobi has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1220:** Admit that the SEC is not asserting in this Action that Korbit, Inc. ("Korbit") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Korbit was incorporated in the United States

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1221:** Admit that the SEC is not asserting in this Action that Korbit is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Korbit is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Korbit's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1222:** Admit that the SEC is not asserting in this Action that Korbit's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1223:** Admit that the SEC is not asserting in this Action that Korbit has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is

not asserting in this Action that Korbit has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Korbit's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1224:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Korbit (the "Korbit Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1225:** Admit that the Korbit Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1226:** Admit that the SEC is not asserting in this Action that the Korbit Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after

conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Korbit Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Korbit Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1227:** Admit that the Korbit Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Korbit Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1228:** Admit that Korbit has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that Korbit has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1229:** Admit that the SEC is not asserting in this Action that Payward, Inc. ("Kraken") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

Commission denies this request.

**Request For Admission No. 1230:** Admit that the SEC is not asserting in this Action that Kraken is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1231:** Admit that the SEC is not asserting in this Action that Kraken's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term

"books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after

reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1232:** Admit that the SEC is not asserting in this Action that Kraken has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"principal place of business" is vague and ambiguous.  The definition of the term "principal place of

business" depends on the context in which it is used and the term is undefined in these Requests.

Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this

request.

**Request For Admission No. 1233:** Admit that the SEC is not asserting in this Action that
the primary digital asset trading platform operated by Kraken (the "Kraken Trading Platform") is
located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term

"primary" is vague and ambiguous.  The Commission further objects that the term "located" is

vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject

to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1234:** Admit that the Kraken Trading Platform is not located
in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading

service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission

denies this request.

**Request For Admission No. 1235:** Admit that the SEC is not asserting in this Action that
the Kraken Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl.*
*Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission need not prove this requested fact in order to prevail in this

case, and the requested fact is not a defense to the Commission's claims, because among other

reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis

applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case.

Subject to all of the foregoing objections, based on publicly available information obtained after

conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Kraken Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Kraken Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1236:** Admit that the Kraken Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Kraken Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1237:** Admit that Kraken has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that Kraken has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1238:** Admit that the SEC is not asserting in this Action that
Aux Cayes FinTech Co. Ltd. ("OKEx") was incorporated in the United States between January 1,
2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that OKEx was incorporated in the United States

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1239:** Admit that the SEC is not asserting in this Action that
OKEx is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that OKEx is domiciled in the United States, but reserves the right to correct, revise, or

supplement its answer if and as appropriate. This admission is limited to the Commission's

allegations in this Action and does not limit the Commission's ability to make allegations or

assertions relating to OKEx's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1240:** Admit that the SEC is not asserting in this Action that OKEx's books and records are located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1241:** Admit that the SEC is not asserting in this Action that OKEx has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous. The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that OKEx has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to OKEx's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1242:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by OKEx (the "OKEx Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1243:** Admit that the OKEx Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1244:** Admit that the SEC is not asserting in this Action that the OKEx Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the OKEx Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the OKEx Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1245:** Admit that the OKEx Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the OKEx Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1246:** Admit that OKEx has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that OKEx has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1247:** Admit that the SEC is not asserting in this Action that Poloniex, LLC ("Poloniex") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1248:** Admit that the SEC is not asserting in this Action that Poloniex is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous. The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1249:** Admit that the SEC is not asserting in this Action that Poloniex's books and records are located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1250:** Admit that the SEC is not asserting in this Action that Poloniex has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous. The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1251:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Poloniex (the "Poloniex Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1252:** Admit that the Poloniex Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1253:** Admit that the SEC is not asserting in this Action that the Poloniex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Poloniex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Poloniex Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1254:** Admit that the Poloniex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Poloniex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1255:** Admit that Poloniex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Poloniex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1256:** Admit that the SEC is not asserting in this Action that Upbit Singapore Pte. Ltd. ("Upbit")[7] was incorporated in the United States between January 1, 2013, and December 22, 2020.

---

[7] For avoidance of doubt, Upbit, as used herein, refers to both Upbit Singapore Pte. Ltd. and its parent company, Dunamu Inc.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Upbit was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1257:** Admit that the SEC is not asserting in this Action that Upbit is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Upbit is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Upbit's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1258:** Admit that the SEC is not asserting in this Action that Upbit's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1259:** Admit that the SEC is not asserting in this Action that Upbit has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of

business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Upbit has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Upbit's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1260:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Upbit (the "Upbit Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1261:** Admit that the Upbit Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1262:** Admit that the SEC is not asserting in this Action that the Upbit Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other

reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis

applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case.

Subject to all of the foregoing objections, based on publicly available information obtained after

conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct,

revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting

in this Action that the Upbit Trading Platform is a "domestic exchange," as that term is used in

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities

exchange. This admission is limited to the Commission's allegations in this Action and does not limit

the Commission's ability to make allegations or assertions relating to the Upbit Trading Platform in

other matters based on any additional evidence discovered.

**Request For Admission No. 1263:** Admit that the Upbit Trading Platform was not
registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between
January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the Upbit Trading Platform was not

registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between

January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its

answer if and as appropriate.

**Request For Admission No. 1264:** Admit that Upbit has not been the subject of any
regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that Upbit has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1265:** Admit that the SEC is not asserting in this Action that
ZillionByte Limited ("ZB") was incorporated in the United States between January 1, 2013, and
December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that ZB was incorporated in the United States between

January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its

answer if and as appropriate.

**Request For Admission No. 1266:** Admit that the SEC is not asserting in this Action that
ZB is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests.  For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that ZB is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to ZB's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1267:** Admit that the SEC is not asserting in this Action that ZB's books and records are located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1268:** Admit that the SEC is not asserting in this Action that ZB has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that ZB has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to ZB's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1269:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by ZB (the "ZB Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is

vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1270:** Admit that the ZB Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1271:** Admit that the SEC is not asserting in this Action that the ZB Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the ZB Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the ZB Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1272:** Admit that the ZB Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the ZB Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1273:** Admit that ZB has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that ZB has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

96

**Request For Admission No. 1274:** Admit that the SEC is not asserting in this Action that Zillion biz Global Limited ("ZBG") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1275:** Admit that the SEC is not asserting in this Action that ZBG is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous. The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1276:** Admit that the SEC is not asserting in this Action that ZBG's books and records are located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1277:** Admit that the SEC is not asserting in this Action that ZBG has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous. The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1278:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by ZBG (the "ZBG Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1279:** Admit that the ZBG Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1280:** Admit that the SEC is not asserting in this Action that the ZBG Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the ZBG Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the ZBG Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1281:** Admit that the ZBG Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the ZBG Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1282:** Admit that ZBG has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous. To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information. For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that ZBG has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1283:** Admit that the SEC is not asserting in this Action that GateHub Ltd. ("GateHub") was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that GateHub was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1284:** Admit that the SEC is not asserting in this Action that GateHub is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that GateHub is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to GateHub's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1285:** Admit that the SEC is not asserting in this Action that GateHub's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

100

**Request For Admission No. 1286:** Admit that the SEC is not asserting in this Action that GateHub has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous. The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that GateHub has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to GateHub's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1287:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by GateHub (the "GateHub Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1288:** Admit that the GateHub Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1289**: Admit that the SEC is not asserting in this Action that the GateHub Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the GateHub Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the GateHub Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1290**: Admit that the GateHub Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the GateHub Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1291:** Admit that GateHub has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous. To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information. For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that GateHub has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1292:** Admit that the SEC is not asserting in this Action that Mr. Exchange, Inc. ("Mr. Exchange")[8] was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Mr. Exchange was incorporated in the United States

---

[8] Mr. Exchange was also known as "Mr. Ripple" and Crypted Vault, Co., Ltd. For avoidance of doubt, Mr. Exchange, as used herein, refers to Mr. Exchange, Mr. Ripple, and Crypted Vault, Co., Ltd.

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1293**: Admit that the SEC is not asserting in this Action that Mr. Exchange is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that Mr. Exchange is domiciled in the United States, but reserves the right to correct, revise,

or supplement its answer if and as appropriate. This admission is limited to the Commission's

allegations in this Action and does not limit the Commission's ability to make allegations or

assertions relating to Mr. Exchange's domicile in other matters based on any additional evidence

discovered.

**Request For Admission No. 1294**: Admit that the SEC is not asserting in this Action that Mr. Exchange's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term

"books and records" is vague and ambiguous  Subject to all of the foregoing objections, and after

reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1295**: Admit that the SEC is not asserting in this Action that Mr. Exchange has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"principal place of business" is vague and ambiguous.  The definition of the term "principal place of

business" depends on the context in which it is used and the term is undefined in these Requests.

Subject to all of the foregoing objections, based on publicly available information obtained after

conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Mr. Exchange has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Mr. Exchange's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1296:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Mr. Exchange (the "Mr. Exchange Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this this request.

**Request For Admission No. 1297:** Admit that the Mr. Exchange Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this this request.

**Request For Admission No. 1298:** Admit that the SEC is not asserting in this Action that the Mr. Exchange Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis

applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Mr. Exchange Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Mr. Exchange Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1299:** Admit that the Mr. Exchange Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Mr. Exchange Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1300:** Admit that Mr. Exchange has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that Mr. Exchange has not been the subject of any regulatory action by

the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise,

or supplement its answer if and as appropriate.

**Request For Admission No. 1301:** Admit that the SEC is not asserting in this Action that
Rippex  was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that Rippex was incorporated in the United States

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1302:** Admit that the SEC is not asserting in this Action that
Rippex is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context

in which it is used and the term is undefined in these Requests. For purposes of responding to this

Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the

foregoing objections, based on publicly available information obtained after conducting a reasonable

inquiry and the record in this case to date, the Commission admits that it is not asserting in this

Action that Rippex is domiciled in the United States, but reserves the right to correct, revise, or

supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Rippex's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1303:** Admit that the SEC is not asserting in this Action that Rippex's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1304:** Admit that the SEC is not asserting in this Action that Rippex has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Rippex has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Rippex's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1305:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Rippex (the "Rippex Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is

vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1306:** Admit that the Rippex Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1307:** Admit that the SEC is not asserting in this Action that the Rippex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Rippex Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Rippex Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1308**: Admit that the Rippex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Rippex Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1309**: Admit that Rippex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information.  For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Rippex has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

110

**Request For Admission No. 1310:** Admit that the SEC is not asserting in this Action that RippleFox  was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that RippleFox was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1311:** Admit that the SEC is not asserting in this Action that RippleFox is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that RippleFox is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to RippleFox's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1312:** Admit that the SEC is not asserting in this Action that RippleFox's books and records are located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

111

**Request For Admission No. 1313:** Admit that the SEC is not asserting in this Action that RippleFox has its principal place of business in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that RippleFox has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to RippleFox's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1314:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by RippleFox (the "RippleFox Trading Platform") is located in the United States.

**Answer:**  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1315:** Admit that the RippleFox Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1316:** Admit that the SEC is not asserting in this Action that the RippleFox Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the RippleFox Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the RippleFox Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1317:** Admit that the RippleFox Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the RippleFox Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1318**: Admit that RippleFox has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist,

or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly

available information obtained after conducting a reasonable inquiry and the record in this case to

date, the Commission admits that RippleFox has not been the subject of any regulatory action by the

SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1319**: Admit that the SEC is not asserting in this Action that RippleChina was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information

obtained after conducting a reasonable inquiry and the record in this case to date, the Commission

admits that it is not asserting in this Action that RippleChina was incorporated in the United States

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1320**: Admit that the SEC is not asserting in this Action that RippleChina is domiciled in the United States.

**Answer**: In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that RippleChina is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to RippleChina's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1321**: Admit that the SEC is not asserting in this Action that RippleChina's books and records are located in the United States.

**Answer**:  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1322**: Admit that the SEC is not asserting in this Action that RippleChina has its principal place of business in the United States.

**Answer**: In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that RippleChina has its principal place of business in the United States,

but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to RippleChina's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1323:** Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by RippleChina (the "RippleChina Trading Platform") is located in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous. The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1324:** Admit that the RippleChina Trading Platform is not located in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1325:** Admit that the SEC is not asserting in this Action that the RippleChina Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct,

revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting

in this Action that the RippleChina Trading Platform is a "domestic exchange," as that term is used

in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities

exchange. This admission is limited to the Commission's allegations in this Action and does not limit

the Commission's ability to make allegations or assertions relating to the RippleChina Trading

Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1326:** Admit that the RippleChina Trading Platform was not
registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between
January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing

objections, based on publicly available information obtained after conducting a reasonable inquiry

and the record in this case to date, the Commission admits that the RippleChina Trading Platform

was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f,

between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or

supplement its answer if and as appropriate.

**Request For Admission No. 1327:** Admit that RippleChina has not been the subject of any
regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims.  The Commission further

objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous.  To the

extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC

objects that the Request seeks the disclosure of privileged and statutorily protected information.  For

purposes of responding to this Request, the Commission defines "subject of any regulatory action

by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that RippleChina has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1328:** Admit that the SEC is not asserting in this Action that Tokyo JPY was incorporated in the United States between January 1, 2013, and December 22, 2020.

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Tokyo JPY was incorporated in the United States between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1329:** Admit that the SEC is not asserting in this Action that Tokyo JPY is domiciled in the United States.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "domicile" is vague and ambiguous.  The definition of the term "domicile" depends on the context in which it is used and the term is undefined in these Requests. For purposes of responding to this Request, the Commission defines "domicile" as place of incorporation.  Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Tokyo JPY is domiciled in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or

assertions relating to Tokyo JPY's domicile in other matters based on any additional evidence discovered.

**Request For Admission No. 1330**: Admit that the SEC is not asserting in this Action that Tokyo JPY's books and records are located in the United States.

**Answer**:  In addition to the foregoing objections, the Commission objects that the term "books and records" is vague and ambiguous.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1331**: Admit that the SEC is not asserting in this Action that Tokyo JPY has its principal place of business in the United States.

**Answer**: In addition to the foregoing objections, the Commission objects that the term "principal place of business" is vague and ambiguous.  The definition of the term "principal place of business" depends on the context in which it is used and the term is undefined in these Requests. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Tokyo JPY has its principal place of business in the United States, but reserves the right to correct, revise, or supplement its answer if and as appropriate. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to Tokyo JPY's principal place of business in other matters based on any additional evidence discovered.

**Request For Admission No. 1332**: Admit that the SEC is not asserting in this Action that the primary digital asset trading platform operated by Tokyo JPY (the "Tokyo JPY Trading Platform") is located in the United States.

**Answer**:  In addition to the foregoing objections, the Commission objects that the term "primary" is vague and ambiguous.  The Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

119

**Request For Admission No. 1333**: Admit that the Tokyo JPY Trading Platform is not located in the United States.

**Answer**: In addition to the foregoing objections, the Commission further objects that the term "located" is vague and ambiguous when describing an internet-based, blockchain-based trading service.  Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1334**: Admit that the SEC is not asserting in this Action that the Tokyo JPY Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

**Answer**:  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims, because among other reasons, *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) governs the territoriality analysis applicable to violations of Section 10(b) of the Exchange Act, which are not at issue in this case. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, and reserving its right to correct, revise or supplement its answer if and as appropriate, the Commission admits that it is not asserting in this Action that the Tokyo JPY Trading Platform is a "domestic exchange," as that term is used in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), meaning a registered national securities exchange. This admission is limited to the Commission's allegations in this Action and does not limit the Commission's ability to make allegations or assertions relating to the Tokyo JPY Trading Platform in other matters based on any additional evidence discovered.

**Request For Admission No. 1335**: Admit that the Tokyo JPY Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020.

**Answer**: In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case,

and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that the Tokyo JPY Trading Platform was not registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f, between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1336:** Admit that Tokyo JPY has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "subject of any regulatory action by the SEC" is vague and ambiguous. To the extent the Request includes nonpublic activity by the SEC within "regulatory action," the SEC objects that the Request seeks the disclosure of privileged and statutorily protected information. For purposes of responding to this Request, the Commission defines "subject of any regulatory action by the SEC" as having been a respondent or defendant in a public administrative, cease and desist, or civil enforcement proceeding. Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that Tokyo JPY has not been the subject of any regulatory action by the SEC between January 1, 2013, and December 22, 2020, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1337:** Admit that the SEC is not asserting in this Action that Bradley Garlinghouse sold XRP on any digital asset trading platforms other than Binance, Bitfinex, BitForex, Bithumb, Bitlish, BitMart, AscendEX, Bitrue, Bitstamp, Bitstamp Europe, Bittrex Global, Bittrex, Coinbase SG, Coinbase, CoinBene, Coinone, HitBTC, Huobi, Korbit, Kraken, OKEx, Poloniex, Upbit, ZB, and ZBG.

121

**Answer:** Subject to all of the foregoing objections, based on publicly available information obtained after conducting a reasonable inquiry and the record in this case to date, the Commission admits that it is not asserting in this Action that Bradley Garlinghouse sold XRP between January 1, 2013, and December 22, 2020 on any digital asset trading platforms other than Binance, Bitfinex, BitForex, Bithumb, Bitlish, BitMart, AscendEX, Bitrue, Bitstamp, Bitstamp Europe, Bittrex Global, Bittrex, Coinbase SG, Coinbase, CoinBene, Coinone, HitBTC, Huobi, Korbit, Kraken, OKEx, Poloniex, Upbit, ZB, and ZBG, but reserves the right to correct, revise, or supplement its answer if and as appropriate.

**Request For Admission No. 1338:** Admit that the SEC is not asserting in this Action that Christian A. Larsen sold XRP on any digital asset trading platforms other than Binance, Bitfinex, BitForex, Bithumb, Bitlish, BitMart, AscendEX, Bitrue, Bitstamp, Bitstamp Europe, Bittrex Global, Bittrex, Coinbase SG, Coinbase, CoinBene, Coinone, HitBTC, Huobi, Korbit, Kraken, OKEx, Poloniex, Upbit, ZB, ZBG, GateHub, Mr. Exchange, Rippex, RippleFox, RippleChina, and Tokyo JPY.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

**Request For Admission No. 1339:** Admit that the SEC is not asserting in this Action that Ripple sold XRP on any digital asset trading platforms other than Binance, Bitbank, Bitfinex, BitForex, Bithumb, Bitlish, BitMart, AscendEX, Bitrue, Bitstamp, Bitstamp Europe, Bittrex Global, Bittrex, BW, Coinbase SG, Coinbase, CoinBene, Coinone, DigiFinex, HitBTC, Huobi, Korbit, Kraken, OKEx, Poloniex, Upbit, ZB, and ZBG.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the Commission denies this request.

Dated**:** December 6, 2021

/s/ Mark R. Sylvester
Mark R. Sylvester
Pascale Guerrier
Daphna A. Waxman
Jon A. Daniels
Ladan Stewart
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
    COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0159 (Sylvester)
sylvesterm@sec.gov (Sylvester)


Robert M. Moye
Benjamin J. Hanauer
SECURITIES AND EXCHANGE
    COMMISSION
Chicago Regional Office
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois  60604

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2021, I served a copy of Plaintiff Securities and Exchange Commission's Answers and Objections to Defendants Fifth Set of Requests for Admission by electronic mail upon the following:

Andrew J. Ceresney
Lisa Zornberg
Christopher S. Ford
Erol Gulay
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

*Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
Alexander J. Janghorbani
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037

*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

*Attorneys for Defendant Christian A. Larsen*

     */s/ Mark R. Sylvester*
        *Mark R. Sylvester*