# Exhibit 86



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF
INTERNATIONAL AFFAIRS

Matthew B. Greiner
Assistant Director
Tel: 202551-4526
Email: GreinerM@sec.gov

**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021

**BY ENCRYPTED EMAIL ONLY (** ▮▮▮▮▮▮▮▮ **)**

▮▮▮▮▮▮▮▮
Deputy Director, Capital Market Investigation Unit
Financial Services Commission
209 Saejondaero, Jonno-gu, Seoul, 03171
REPUBLIC OF KOREA

***Expedited Treatment Requested***

Re:   **In the Matter of Ripple Labs, Inc. (NY-9875),** *SEC v. Ripple Labs, Inc.,* **et al., No. 20 Civ.**
      **10832 (S.D.N.Y.) (AT)**
      **OIA File No. 2021-00506-004**

Dear ▮▮▮▮▮▮▮▮▮ :

        The staff of the United States Securities and Exchange Commission ("SEC") respectfully
requests the assistance of the Financial Services Commission of the Republic of Korea ("FSC"),
pursuant to the IOSCO Multilateral Memorandum of Understanding ("MMoU"), to which both
the SEC and FSC are signatories, in connection with the above-referenced non-public confidential
investigation of potential violations of the U.S. federal securities laws.  The SEC makes this request
in connection with the above-referenced investigation and civil action concerning violations of
the U.S. federal securities laws.  Specifically, as described more fully below, SEC staff requests
the assistance of the FSC in obtaining documents from the following digital asset trading
platforms based in South Korea:  Upbit, Bithumb, Coinone, and Korbit. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ .

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021
Page 2 of 6

## I.   DESCRIPTION OF THE MATTER

On December 22, 2020, the SEC filed a civil injunctive action in the United States District Court for the Southern District of New York, alleging that Ripple and its current and former CEOs (Brad Garlinghouse ("Garlinghouse") and Christian Larsen ("Larsen")) violated Section 5 of the Securities Exchange of 1933 ("Securities Act"), 15 U.S.C. s 77e ("Section 5"). The SEC alleges, among other things, that the Defendants violated Section 5 by offering and selling digital asset securities known as "XRP" without a registration statement being filed or in effect as to such offers and sales (the "Civil Action").



## II.   PURPOSE FOR WHICH INFORMATION IS SOUGHT



## III.   LEGAL PROVISIONS PERTAINING TO THE SUBJECT MATTER OF THIS REQUEST



---

2

**PRIVILEGED AND CONFIDENTIAL**

## IV.   ASSISTANCE REQUESTED

### A.  Business Records

SEC staff seeks the assistance of the FSC in obtaining the below records from Upbit, Bithumb, Coinone, and Korbit (the "Relevant Entities") for the time period from July 1, 2016 to present:

1. All documents and communications concerning XRP, including, not limited to: a) sales of XRP by Ripple, Garlinghouse, and/or Larsen.

2. All documents and communications concerning any agreement or potential agreement between each of the Relevant Entities and Ripple regarding XRP.

3. All documents and communications concerning any consideration, including but not limited to XRP or cash, received by the Relevant Entities in connection with any agreement identified in paragraph 2.

4. All documents sufficient to identify all amounts provided to the Relevant Entities under any agreement between the Relevant Entities and Ripple, including the amount paid (in USD or XRP), the disbursement date, and the identity of the ultimate beneficiary.

5. All documents and communications regarding the legal or regulatory status of XRP, including but not limited to, documents concerning whether XRP is a "security" within the meaning of the U.S. securities laws and/or the application of the U.S. securities laws to the offer, purchase or sale of any XRP.

6. All documents sufficient to identify all accounts at the Relevant Entities held individually, jointly, or otherwise, in the name or for the benefit of, or controlled by:

    a. Ripple
    b. Ripple Labs Singapore PTE. Ltd
    c. Ripple Markets Inc.
    d. Ripple Services Inc.
    a. Garlinghouse
        i. DOB: ████
        ii. Address: ████████
        iii. Email: ████████
        ████████
    b. Larsen
        i. DOB: ████
        ii. Address: ████████



**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021
Page 4 of 6

      iii.  Email: ███████████████████████

    c.  GSR Holdings Ltd., GSR Markets Ltd., or Global Software Research 2015
       i.  Address: 18 Harbour Road, Wanchai, Hong Kong
      ii.  E-mail: ██████████████████████████

    d.  ████████████████████
       i.  ████████████████████████
      ii.  Email ███████████████████████

7. For each account identified in connection with item 6:

    a.  All KYC and account details, including, but not limited to:
       i.  Account ID;
      ii.  Date account created;
     iii.  Customer name/entity name;
     iv.  Address; and
      v.  Email.

    b.  All trades in all trading pairs involving XRP, including:
       i.  Account ID;
      ii.  Trading pair;
     iii.  Date and time of trade;
     iv.  Price of trade;
      v.  Volume traded; and
     vi.  Order type (market/limit/etc).

    c.  All deposits and withdrawals, including all blockchain related data to identify
       each transaction, including, but not limited to:
       i.  Type of digital asset (e.g., BTC, ETH, etc.);
      ii.  Date and time of transaction;
     iii.  Transaction amount;
     iv.  Blockchain transaction hash; and
      v.  Any other identifying information/metadata on the transaction.

    d.  All deposits and withdrawals of fiat currencies, including all information about
       the transaction, including, but not limited to:
       i.  Type of fiat (e.g., USD, EUR, JPY, etc.);

PRIVILEGED AND CONFIDENTIAL

March 17, 2021
Page 5 of 6

    ii.    Date and time of transaction;

    iii.    Transaction amount;

    iv.    Name of institution from where deposit came or to where; withdrawal went; and

    v.    Any other identifying information/metadata on the transaction.

### B.  Document Certifications

SEC staff also requests the assistance of the FSC in having Upbit, Bithumb, Coinone, and Korbit authenticate the documents produced in response to this request (the "**Relevant Entity Documents**"). SEC staff seeks the ability to introduce the Relevant Entity Documents as evidence in a possible future U.S. court proceeding. In order for SEC staff to be positioned to introduce the Relevant Entity Documents as evidence, we need to obtain a sworn certificate of authenticity of business records ("Certificate") that the documents were made and kept by each Relevant Entity in the ordinary course of business. The Certificate should include a specific description of the documents being produced and be signed by an individual(s) who has knowledge of the procedures for maintaining records at each Relevant Entity. Enclosed please find a sample Certificate to be executed by a records custodian or other qualified person at each Relevant Entity.

*     *     *

**We ask that you send any records produced in electronic format to the following email addresses: Foreign.Requests@sec.gov; CC: OIA_DocumentProductions@sec.gov, and** ▮▮▮▮▮▮▮**. If the electronic records are more than 12 MB, please contact us for additional instructions. Please send any records produced in hard copy to: 100 F Street NE, Washington, DC 20549-1004.**

### V.    CONFIDENTIALITY

This letter is confidential and privileged under U.S. law and Article 11 of the MMOU. Pursuant to Securities Exchange Act Subsection 24(f)(1), the SEC does not waive any privileges (including, but not limited to, work product, deliberative process, and law enforcement privileges) in transferring the information to or permitting the information to be used by the FSC. We ask that this letter and its contents, except for Section IV and the attachment, not be communicated to any third party without the authorization of SEC staff. We also ask that you notify us of any legally enforceable demand for this letter and that you assert any appropriate legal exemptions or privileges with respect to this letter as may be appropriate. If the FSC is required to notify any third party about this request, we would respectfully ask that you discuss such notice requirement with us before communicating with the third party.

So that the SEC may seek to protect your response, please notify us on an ongoing basis if communications and information that you share with us in connection with this matter contain

**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021
Page 6 of 6


or may contain:  (1) privileged information (and, if so, identify the privileges that apply) and/or (2) records, which if publicly disclosed, would violate the laws applicable to your agency.  See Securities Exchange Act, Subsections 24(f)(2) and 24(d).


     Thank you in advance for your assistance on this matter.  If you have any questions, please contact Owen A. Granke, Senior Counsel in the SEC's Office of International Affairs at ███████████ or at +1-202-551-███, or me.


Sincerely,



Matthew Greiner


Enclosures:     Sample Authentication Certificate

**DECLARATION OF** _____
**CERTIFYING RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, _____, declare that:
            [print name]

1.      I am employed by the _____ as _____ and by

        reason of my position am authorized and qualified to make this declaration. I am

        familiar with the firm's recordkeeping practices and systems.

2.      I further certify that the documents attached hereto are true copies of records that
        were:

        (a) made at or near the time of the occurrence of the matters set forth therein, by,
            or from information transmitted by, a person with knowledge of those matters;

        (b) kept in the course of regularly conducted business activity; and

        (c) made by the regularly conducted business activity as a regular practice.

3.      I understand that a false statement in this declaration could subject me to criminal
        penalty under the laws of the Republic of Korea.

Executed on _____ at _____.
              [date]                          [place]

                    _____
                          [Signature]

**CONFIDENTIAL**                              **NYRO_RIPPLE_RFA_000117**