# Exhibit 88



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF
INTERNATIONAL AFFAIRS

Matthew B. Greiner
Assistant Director
Tel: 202551-4526
Email: GreinerM@sec.gov

**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021

BY EMAIL ONLY ██████████████████████)

████████████
Manager, Law, Policy & International
Financial Conduct Authority
12 Endeavour Square
London E20 1JN
UNITED KINGDOM

***Expedited Treatment Requested***

Re:   **In the Matter of Ripple Labs, Inc. (NY-9875), *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (S.D.N.Y.) (AT)**
      **OIA File No. 2021-00506-006**

Dear ████████████ :

    The staff of the United States Securities and Exchange Commission ("SEC") respectfully requests the assistance of the United Kingdom Financial Conduct Authority ("FCA") pursuant to the IOSCO Enhanced Multilateral Memorandum of Understanding and the Administrative Arrangement signed by the FCA and the SEC, in connection with the above-referenced investigation and civil action concerning possible violations of the U.S. federal securities laws.

    Specifically, SEC staff seeks the assistance of the FCA to obtain documents and information from UK-based Bitlish, a digital asset trading platform,[1] as described below. ████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████

---

[1] Bitlish is located at Suite 14056, 43 Bedford Street, London, England, WC2E 9HA.
[2] Ripple Labs Singapore PTE Ltd., Ripple Markets Inc., and Ripple Services Inc. are affiliates of Ripple Labs, Inc.

**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021
Page 2 of 6

## I.   DESCRIPTION OF THE MATTER

On December 22, 2020, the SEC filed a civil injunctive action in the United States District Court for the Southern District of New York, alleging that Ripple and its current and former CEOs (Brad Garlinghouse ("Garlinghouse") and Christian Larsen ("Larsen")) violated Section 5 of the Securities Exchange of 1933 ("Securities Act"), 15 U.S.C. s 77e ("Section 5"). The SEC alleges, among other things, that the Defendants violated Section 5 by offering and selling digital asset securities known as "XRP" without a registration statement being filed or in effect as to such offers and sales (the "Civil Action").



Accordingly, SEC staff seeks the assistance of the FCA in obtaining records from Bitlish outlined in Part IV.

## II.   PURPOSE FOR WHICH INFORMATION IS SOUGHT



## III.   POSSIBLE VIOLATIONS OF U.S. FEDERAL SECURITIES LAWS



## IV.   ASSISTANCE REQUESTED[3]

SEC staff respectfully seeks the assistance of the FCA in obtaining copies of the following:

---

[3] 

**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021
Page 3 of 6

### A.  Records from Bitlish[4]

1.  All documents and communications concerning XRP, including, not limited to: a) sales of XRP by Ripple, Garlinghouse, and/or Larsen.

2.  All documents and communications concerning any agreement or potential agreement between Bitlish and Ripple regarding XRP.

3.  All documents and communications concerning any consideration, including but not limited to XRP or cash, received by Bitlish in connection with any agreement identified in paragraph 2.

4.  All documents sufficient to identify all amounts provided to Bitlish under any agreement between Bitlish and Ripple, including the amount paid (in USD or XRP), the disbursement date, and the identity of the ultimate beneficiary.

5.  All documents and communications regarding the legal or regulatory status of XRP, including but not limited to, documents concerning whether XRP is a "security" within the meaning of the U.S. securities laws and/or the application of the U.S. securities laws to the offer, purchase or sale of any XRP.

6.  All documents sufficient to identify all accounts at Bitlish held individually, jointly, or otherwise, in the name or for the benefit of, or controlled by:

    a.  Ripple
    b.  Ripple Labs Singapore PTE. Ltd
    c.  Ripple Markets Inc.
    d.  Ripple Services Inc.
    e.  Garlinghouse
        i.   DOB: █████████
        ii.  Address: ████████████████
        iii. Email: ████████████████████
        ██████████████████

    f.  Larsen
        i.   DOB: █████████;
        ii.  Address: █████████████████████
        iii. Email: █████████████████

    g.  GSR Holdings Ltd., GSR Markets Ltd., or Global Software Research 2015
        i.   Address: 18 Harbour Road, Wanchai, Hong Kong
        ii.  E-mail: ████████████████████████

---

[4] SEC staff seeks certain documents and information as of July 1, 2016.

**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021
Page 4 of 6

    h. ████████████████████
          i.  Address: ████████████████
          ii.  Email: ██████████████████
               ████████████████████

7. For each account identified in connection with item 6:

    a. All KYC and account details, including, but not limited to:
       i.   Account ID;
       ii.  Date account created;
       iii.  Customer name/entity name;
       iv.  Address; and
       v.  Email.

    b. All trades in all trading pairs involving XRP, including:
       i.   Account ID;
       ii.  Trading pair;
       iii.  Date and time of trade;
       iv.  Price of trade;
       v.  Volume traded; and
       vi.  Order type (market/limit/etc).

    c. All deposits and withdrawals, including all blockchain related data to identify each transaction, including, but not limited to:
       i.   Type of digital asset (e.g., BTC, ETH, etc.);
       ii.  Date and time of transaction;
       iii.  Transaction amount;
       iv.  Blockchain transaction hash; and
       v.  Any other identifying information/metadata on the transaction.

    d. All deposits and withdrawals of fiat currencies, including all information about the transaction, including, but not limited to:
       i.   Type of fiat (e.g., USD, EUR, JPY, etc.);
       ii.  Date and time of transaction;
       iii.  Transaction amount;
       iv.  Name of institution from where deposit came or to where; withdrawal went; and
       v.  Any other identifying information/metadata on the transaction.

**We ask that you send any records produced in electronic format to the following email addresses: Foreign.Requests@sec.gov; cc: OIA_DocumentProductions@sec.gov; and**

PRIVILEGED AND CONFIDENTIAL

█████████

March 17, 2021
Page 5 of 6

████████████   **If the electronic records are more than 12 MB, please contact us for additional instructions.  Please send any records produced in hard copy to the address on this letterhead.**

In addition, please do not identify the SEC as the requesting party when seeking documents and information from Bitlish.

B. <u>Authentication</u>

SEC staff also requests the assistance of the FCA in having Bitlish authenticate the documents produced in response to this request (the "Requested Documents").  SEC staff seeks the ability to introduce the Requested Documents as evidence in a U.S. court proceeding.  In order for SEC staff to introduce the Requested Documents as evidence, we need to obtain a sworn certificate of authenticity of business records ("Certificate") that the documents were made and kept by Bitlish in the ordinary course of business.  The Certificate should include a specific description of the documents being produced and be signed by an individual who has knowledge of the procedures for maintaining records at Bitlish.  **We ask the FCA to attach its appropriate Certificate when issuing a notice of requirement to Bitlish.**  If Bitlish may not be compelled to provide a Certificate, we ask that FCA staff request one voluntarily from Bitlish.

V. <u>CONFIDENTIALITY</u>

This letter is confidential and privileged under U.S. law.  Pursuant to Securities Exchange Act Subsection 24(f)(1), the SEC does not waive any privileges (including, but not limited to, work product, deliberative process, and law enforcement privileges) in transferring the information to, or permitting the information to be used by, FCA.  We ask that this letter and its contents not be communicated to any third party without the authorization of SEC staff.  We also ask that you notify us of any legally enforceable demand for this letter and that you assert any appropriate legal exemptions or privileges with respect to this letter as may be appropriate.  If FCA is required to notify any third party about this request, we would respectfully ask that you discuss such notice requirement with us before communicating with the third party.

So that the SEC may seek to protect your response, please notify us on an ongoing basis if communications and information that you share with us in connection with this matter contain or may contain:  (1) privileged information (and, if so, identify privileges that apply) and/or (2) records, which if publicly disclosed, would violate the laws applicable to your agency.  See Securities Exchange Act, Subsections 24(f)(2) and 24(d).

**PRIVILEGED AND CONFIDENTIAL**

March 17, 2021
Page 6 of 6

      Thank you in advance for your assistance in this matter.  If you have any questions, please contact me or Owen A. Granke by email at ███████████ or by telephone at (202) 551-███.

Sincerely,

Matthew Greiner