# Exhibit 89



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF
INTERNATIONAL AFFAIRS

Matthew B. Greiner
Assistant Director
Tel: 202-551-4526
Email: GreinerM@sec.gov

**PRIVILEGED AND CONFIDENTIAL**

March 22, 2021

**VIA SECURE EMAIL** ██████████████████

██████████████

Managing Director
Cayman Islands Monetary Authority
SIX, Cricket Square
PO Box 10052
Grand Cayman KY1-1001
Cayman Islands

**\*\*\*Expedited Treatment Requested\*\*\***

**Re:    In the Matter of Ripple Labs, Inc. (NY-9875),** *SEC v. Ripple Labs, Inc.,* **et al., No. 20 Civ.**
**10832 (S.D.N.Y.) (AT)**
**OIA File No. 2021-00506-007**

Dear ██████████ :

   The staff of the United States Securities and Exchange Commission ( "SEC") respectfully
requests the assistance of the Cayman Islands Monetary Authority "CIMA") pursuant to the May
2002 IOSCO Multilateral Memorandum of Understanding ("MMOU"), to which both the SEC and
CIMA are signatories.  This request is submitted in connection with the above-captioned
investigation and civil action concerning possible violations of the United States federal securities
laws.

   As described more fully below, SEC staff seeks CIMA's assistance in obtaining business
records and communications from BitMart, a digital asset exchange platform and company
incorporated in the Cayman Islands. ████████████████████████████
████████████████████████████████████████████████
██████████████

██████████████████████████████████████████████████

---

1 ████████████████████████████████████████████████



March 22, 2021
Page 2 of 6

**PRIVILEGED AND CONFIDENTIAL**

## I.   DESCRIPTION OF THE MATTER

On December 22, 2020, the SEC filed a civil injunctive action in the United States District Court for the Southern District of New York, alleging that Ripple and its current and former CEOs (Brad Garlinghouse ("Garlinghouse") and Christian Larsen ("Larsen")) violated Section 5 of the Securities Exchange of 1933 ("Securities Act"), 15 U.S.C. s 77e ("Section 5"). The SEC alleges, among other things, that the Defendants violated Section 5 by offering and selling digital asset securities known as "XRP" without a registration statement being filed or in effect as to such offers and sales (the "Civil Action").



## II.   PURPOSE FOR WHICH THE INFORMATION IS SOUGHT



## III.   POSSIBLE VIOLATIONS OF U.S. FEDERAL SECURITIES LAWS



## IV.   ASSISTANCE REQUESTED

### A. Business Records

SEC staff respectfully seeks the assistance of CIMA in obtaining the following records from BitMart, located at 23 Lime Tree Bay Avenue, Grand Cayman, Cayman Islands KY1-1110, KY, for the time period July 1, 2016 to the present:

**PRIVILEGED AND CONFIDENTIAL**

1.  All documents and communications concerning XRP, including, not limited to: a) sales of XRP by Ripple, Garlinghouse, and/or Larsen.

2.  All documents and communications concerning any agreement or potential agreement between BitMart and Ripple regarding XRP.

3.  All documents and communications concerning any consideration, including but not limited to XRP or cash, received by BitMart in connection with any agreement identified in paragraph 2.

4.  All documents sufficient to identify all amounts provided to BitMart under any agreement between BitMart and Ripple, including the amount paid (in USD or XRP), the disbursement date, and the identity of the ultimate beneficiary.

5.  All documents and communications regarding the legal or regulatory status of XRP, including but not limited to, documents concerning whether XRP is a "security" within the meaning of the U.S. securities laws and/or the application of the U.S. securities laws to the offer, purchase or sale of any XRP.

6.  All documents sufficient to identify all accounts at BitMart held individually, jointly, or otherwise, in the name or for the benefit of, or controlled by:

    a.  Ripple
    b.  Ripple Labs Singapore PTE. Ltd
    c.  Ripple Markets Inc.
    d.  Ripple Services Inc.
    e.  Garlinghouse
        i.   DOB:
        ii.  Address:
        iii. Email:

    f.  Larsen
        i.   DOB:
        ii.  Address:
        iii. Email

    g.  GSR Holdings Ltd., GSR Markets Ltd., or Global Software Research 2015
        i.  Address: 18 Harbour Road, Wanchai, Hong Kong
        ii. E-mail:

    h.

████████████                                              **PRIVILEGED AND CONFIDENTIAL**

March 22, 2021
Page 4 of 6

         i.  Address: ████████████████████████████

        ii.  Email ████████████████████████████████

████████████████████████

7.  For each account identified in connection with item 6:
    a.  All KYC and account details, including, but not limited to:
        i.    Account ID;
        ii.   Date account created;
        iii.  Customer name/entity name;
        iv.   Address; and
        v.    Email.
    b.  All trades in all trading pairs involving XRP, including:
        i.    Account ID;
        ii.   Trading pair;
        iii.  Date and time of trade;
        iv.   Price of trade;
        v.    Volume traded; and
        vi.   Order type (market/limit/etc.).
    c.  All deposits and withdrawals, including all blockchain related data to identify
        each transaction, including, but not limited to:
        i.    Type of digital asset (e.g., BTC, ETH, etc.);
        ii.   Date and time of transaction;
        iii.  Transaction amount;
        iv.   Blockchain transaction hash; and
        v.    Any other identifying information/metadata on the transaction.
    d.  All deposits and withdrawals of fiat currencies, including all information about
        the transaction, including, but not limited to:
        i.    Type of fiat (e.g., USD, EUR, JPY, etc.);
        ii.   Date and time of transaction;
        iii.  Transaction amount;
        iv.   Name of institution from where deposit came or to where; withdrawal
              went; and
        v.    Any other identifying information/metadata on the transaction.

**B.  Document Certifications**

      SEC staff also requests assistance in having Bitmart authenticate the documents produced
in response to this request (the "Requested Documents").  SEC staff seeks the ability to introduce
the Requested Documents as evidence in a U.S. court proceeding.  In order for SEC staff to be

**PRIVILEGED AND CONFIDENTIAL**

positioned to introduce the Requested Documents as evidence in court, we need to obtain a sworn certificate of authenticity of business records ("Certificate") that the documents were made and kept in the ordinary course of business.  The Certificate should include a specific description of the documents being produced and be signed by individuals who have knowledge of the procedures for maintaining records.  Enclosed please find a sample Certificate to be executed by records custodians or other qualified persons associated with Bitmart.

*   *   *

**We ask that you send any records produced in electronic format to the following email addresses: Foreign.Requests@sec.gov; cc: OIA_DocumentProductions@sec.gov; and** ▮▮▮▮▮▮▮▮▮▮**.  If the electronic records are more than 12 MB, please contact us for additional instructions.  Please send any records produced in hard copy to:  100 F Street NE, Washington, DC 20549-1004.**

In addition, please do not identify the SEC as the requesting party when seeking documents and information from BitMart.

## V.      **CONFIDENTIALITY**

This letter is confidential and privileged under U.S. law.  Pursuant to Securities Exchange Act Subsection 24(f)(1), the SEC does not waive any privileges (including, but not limited to, work product, deliberative process, and law enforcement privileges) in transferring the information to, or permitting the information to be used by, CIMA.  We ask that this letter and its contents not be communicated to any third party without the authorization of SEC staff.  We also ask that you notify us of any legally enforceable demand for this letter and that you assert any appropriate legal exemptions or privileges with respect to this letter as may be appropriate.  If CIMA is required to notify any third party about this request, we would respectfully ask that you discuss such notice requirement with us before communicating with the third party.

So that the SEC may seek to protect your response, please notify us on an ongoing basis if communications and information that you share with us in connection with this matter contain or may contain: (1) privileged information (and, if so, identify privileges that apply) and/or (2) records, which if publicly disclosed, would violate the laws applicable to your agency.  See Securities Exchange Act, Subsections 24(f)(2) and 24(d).

███████████                                    **PRIVILEGED AND CONFIDENTIAL**
March 22, 2021
Page 6 of 6


      SEC staff appreciates your cooperation and attention to this matter.  If you have any questions, please contact me or Owen Granke by email at ████████████ or by telephone at (202) 551-████



      Sincerely,

      Matthew Greiner


Encl.   Sample Certification

**DECLARATION OF** _____ **CERTIFYING RECORDS**
**OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, _____, declare that:
                           [print name]

1.      I am employed by the _____ as
_____ and by reason of my position am authorized and
qualified to make this declaration. I am familiar with _____'s
recordkeeping practices and systems.

2.      I further certify that the documents attached hereto are true copies of records that
were:

      (a) made at or near the time of the occurrence of the matters set forth therein, by,
           or from information transmitted by, a person with knowledge of those matters;

      (b) kept in the course of regularly conducted business activity; and

      (c) made by the regularly conducted business activity as a regular practice.

3.      I understand that a false statement in this declaration could subject me to criminal
penalty under the laws of the Cayman Islands.

Executed on _____ at _____.
               [date]                                   [place]

_____
[Signature]

**CONFIDENTIAL**                  **NYRO_RIPPLE_RFA_000136**