# Exhibit 90



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549**

OFFICE OF
INTERNATIONAL AFFAIRS

Matthew B. Greiner
Assistant Director
Tel: 202-551-4526
Email: GreinerM@sec.gov

**PRIVILEGED AND CONFIDENTIAL**

March 18, 2021

**Via Secure Email:** ▌

▌

Director & Head, Enforcement Department (Enforcement Policy & Legal Division)
Monetary Authority of Singapore
10 Shenton Way MAS Building
Singapore 079117

***Expedited Treatment Requested***

Re:   In the Matter of Ripple Labs, Inc. (NY-9875), *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (S.D.N.Y.) (AT)
OIA File No. 2021-00506-005

Dear ▌:

The staff of the United States Securities and Exchange Commission ("SEC") respectfully requests the assistance of the Monetary Authority of Singapore ("MAS") pursuant to the IOSCO Enhanced Multilateral Memorandum of Understanding ("EMMOU"), to which both the SEC and MAS are parties, in connection with the above-referenced investigation and civil action concerning possible violations of the U.S. federal securities laws.

As described more fully below, SEC staff seeks MAS's assistance in obtaining business records and communications from the following digital asset trading platforms based in Singapore: Bitmax, Bitrue, and Coinbene. ▌

1 ▌

<span style="float:right">**PRIVILEGED AND CONFIDENTIAL**</span>

March 18, 2021
Page 2

## I.   DESCRIPTION OF THE MATTER

On December 22, 2020, the SEC filed a civil injunctive action in the United States District Court for the Southern District of New York, alleging that Ripple and its current and former CEOs (Brad Garlinghouse ("Garlinghouse") and Christian Larsen ("Larsen")) violated Section 5 of the Securities Exchange of 1933 ("Securities Act"), 15 U.S.C. s 77e ("Section 5"). The SEC alleges, among other things, that the Defendants violated Section 5 by offering and selling digital asset securities known as "XRP" without a registration statement being filed or in effect as to such offers and sales (the "Civil Action").



Accordingly, SEC staff seeks the assistance of MAS in obtaining records from Bitmax, Bitrue, and Coinbene outlined in Part IV.

## II.   PURPOSE FOR WHICH INFORMATION SOUGHT



## III.   POTENTIAL VIOLATIONS OF U.S. FEDERAL SECURITIES LAWS



## IV.   ASSISTANCE REQUESTED

SEC staff respectfully seeks the assistance of MAS in obtaining the following records from **Bitmax** (located at 114 Lavender Street, Number 09-88, Ct Hub 2, Singapore, 338729), **Bitrue** (located at 8 Wilkie Road, #03-01 Wilkie Edge, Singapore, 228095), and **Coinbene** (located at 1 Coleman St., Singapore, 179803) (collectively, the "Relevant Entities") for the period from July 1, 2016 to the present:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **PRIVILEGED AND CONFIDENTIAL**

March 18, 2021
Page 3

1. All documents and communications concerning XRP, including, not limited to: a) sales of XRP by Ripple, Garlinghouse, and/or Larsen.

2. All documents and communications concerning any agreement or potential agreement between each of the Relevant Entities and Ripple regarding XRP.

3. All documents and communications concerning any consideration, including but not limited to XRP or cash, received by the Relevant Entities in connection with any agreement identified in paragraph 2.

4. All documents sufficient to identify all amounts provided to the Relevant Entities under any agreement between the Relevant Entities and Ripple, including the amount paid (in USD or XRP), the disbursement date, and the identity of the ultimate beneficiary.

5. All documents and communications regarding the legal or regulatory status of XRP, including but not limited to, documents concerning whether XRP is a "security" within the meaning of the U.S. securities laws and/or the application of the U.S. securities laws to the offer, purchase or sale of any XRP.

6. All documents sufficient to identify all accounts at the Relevant Entities held individually, jointly, or otherwise, in the name or for the benefit of, or controlled by:

    a. Ripple
    b. Ripple Labs Singapore PTE. Ltd
    c. Ripple Markets Inc.
    d. Ripple Services Inc.
    e. Garlinghouse
        i. DOB: ▮▮▮
        ii. Address: ▮▮▮
        iii. Email: ▮▮▮.com; ▮▮▮.com; ▮▮▮.com; ▮▮▮.org
    f. Larsen
        i. DOB: ▮▮▮
        ii. Address: ▮▮▮
        iii. Email: ▮▮▮.com; ▮▮▮.com; ▮▮▮.com; ▮▮▮.com
    g. GSR Holdings Ltd., GSR Markets Ltd., or Global Software Research 2015
        i. Address: 18 Harbour Road, Wanchai, Hong Kong
        ii. E-mail: ▮▮▮.io; ▮▮▮.io; ▮▮▮.io; ▮▮▮.io; ▮▮▮.io
    h. ▮▮▮
        i. Address: ▮▮▮
        ii. Email: ▮▮▮.com; ▮▮▮.com; ▮▮▮.com

March 18, 2021
Page 4

7. For each account identified in connection with item 6:
    a. All KYC and account details, including, but not limited to:
        i. Account ID;
        ii. Date account created;
        iii. Customer name/entity name;
        iv. Address; and
        v. Email.

    b. All trades in all trading pairs involving XRP, including:
        i. Account ID;
        ii. Trading pair;
        iii. Date and time of trade;
        iv. Price of trade;
        v. Volume traded; and
        vi. Order type (market/limit/etc).

    c. All deposits and withdrawals, including all blockchain related data to identify each transaction, including, but not limited to:
        i. Type of digital asset (e.g., BTC, ETH, etc.);
        ii. Date and time of transaction;
        iii. Transaction amount;
        iv. Blockchain transaction hash; and
        v. Any other identifying information/metadata on the transaction.

    d. All deposits and withdrawals of fiat currencies, including all information about the transaction, including, but not limited to:
        i. Type of fiat (e.g., USD, EUR, JPY, etc.);
        ii. Date and time of transaction;
        iii. Transaction amount;
        iv. Name of institution from where deposit came or to where; withdrawal went; and
        v. Any other identifying information/metadata on the transaction.

In addition, please do not identify the SEC as the requesting party when seeking documents and information from Bitmax, Bitrue, or Coinbene.

SEC staff also requests the assistance of MAS in having Bitmax, Bitrue, and Coinbene authenticate the documents produced in response to this request (the "Requested Documents"). SEC staff seeks the ability to introduce the Requested Documents as evidence in a U.S. court proceeding. In order for SEC staff to be positioned to introduce the Requested Documents as evidence in court, we need to obtain a sworn certificate of authenticity of business records ("Certificate") that the documents were made and kept by each of the relevant firms in the ordinary course of business. The Certificate should include a specific description of the documents being

PRIVILEGED AND CONFIDENTIAL

produced and be signed by individuals who have knowledge of the procedures for maintaining records at each of the relevant firms. Enclosed please find a sample Certificate to be executed by records custodians or other qualified persons at each of the firms.

**We ask that you send any records produced in electronic format to the following email addresses: Foreign.Requests@sec.gov**; cc: **OIA_DocumentProductions@sec.gov**; and ▮. **If the electronic records are more than 12 MB, please contact us for additional instructions. Please send any records produced in hard copy to: 100 F Street NE, Washington, DC 20549-1004.**

V.   CONFIDENTIALITY

This letter is confidential and privileged under U.S. law. Please consider this letter, its contents, and any related matters, including any consultation between SEC staff and the MAS staff, to be also confidential and privileged under paragraph 11 of the MMOU. Pursuant to Securities Exchange Act Subsection 24(f)(1), the SEC does not waive any privileges (including, but not limited to, work product, deliberative process, and law enforcement privileges) in transferring the information to or permitting the information to be used by the MAS.

Unless required by Singaporean law, we ask that this letter and its contents, except for Section IV, not be communicated to any third party without the authorization of SEC staff. If the MAS is required to notify any third party about this request, we would respectfully ask that you discuss such notice requirement with us before communicating with the third party. We also ask that you notify us of any legally enforceable demand for this letter and that you assert any appropriate legal exemptions or privileges with respect to this letter as may be appropriate.

So that the SEC may seek to protect your response, please notify us on an ongoing basis if communications and information that you share with us in connection with this matter contain or may contain: (1) privileged information (and, if so, identify privileges that apply) and/or (2) records, which if publicly disclosed, would violate the laws applicable to your agency. See Securities Exchange Act, Subsections 24(f)(2) and 24(d).

We appreciate your continued assistance in this matter. If you have any questions regarding this request, please do not hesitate to contact me or Owen Granke by email at ▮ or by telephone at (202) 551-▮. My contact information is located on the front page of this letter.

Sincerely,

*Matthew Greiner* (signature)

Matthew Greiner

Enclosure:   Sample Authentication Certificate

**DECLARATION OF _____ CERTIFYING RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, _____, declare that:
                                                            [print name]

1. I am employed by the _____ as _____ and by reason of my position am authorized and qualified to make this declaration. I am familiar with _____'s recordkeeping practices and systems.

2. I further certify that the documents attached hereto are true copies of records that were:

   (a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

   (b) kept in the course of regularly conducted business activity; and

   (c) made by the regularly conducted business activity as a regular practice.

3. I understand that a false statement in this declaration could subject me to criminal penalty under the laws of Singapore.

Executed on _____ at _____.
                       [date]                                [place]

_____
[Signature]

**CONFIDENTIAL**     NYRO_RIPPLE_RFA_000129