# Exhibit 93



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF
INTERNATIONAL AFFAIRS

**Matthew B. Greiner**
Assistant Director
Tel: 202-551-4526
Email: GreinerM@sec.gov

**PRIVILEGED AND CONFIDENTIAL**

May 21, 2021

BY EXPRESS MAIL AND SECURE EMAIL ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮
Head & Deputy General Manager
Enforcement Planning and Management Department
Securities Commission of Malaysia
3 Persiaran Bukit Kiara
Bukit Kiara
50490 Kuala Lumpur
MALAYSIA

***Expedited Treatment Requested***

Re:   In the Matter of Ripple Labs, Inc. (NY-9875), *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (S.D.N.Y.) (AT)
OIA File No. 2021-00506-013

Dear ▮▮▮▮▮▮▮▮:

    The staff of the U.S. Securities and Exchange Commission ("SEC") requests the assistance of the Securities Commission of Malaysia ("SCM") pursuant to the May 2002 IOSCO Multilateral Memorandum of Understanding ("MMOU"), to which the SEC and SCM are parties. We make this request in connection with the above-referenced civil action concerning possible violations of the U.S. federal securities laws.

    Specifically, SEC staff requests the assistance of the SCM to obtain documents and information from Okex, a digital asset trading platform with offices in Malaysia, as described below. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## I. DESCRIPTION OF THE FACTS AND PURPOSE FOR WHICH THE ASSISTANCE IS SOUGHT

On December 22, 2020, the SEC filed a civil injunctive action in the United States District Court for the Southern District of New York, alleging that Ripple and its current and former CEOs (Brad Garlinghouse ("Garlinghouse") and Christian Larsen ("Larsen")) violated Section 5 of the Securities Exchange of 1933 ("Securities Act"), 15 U.S.C. s 77e ("Section 5"). The SEC alleges, among other things, that the Defendants violated Section 5 by offering and selling digital asset securities known as "XRP" without a registration statement being filed or in effect as to such offers and sales (the "Civil Action").



## II. LAWS AND REGULATIONS THAT MAY HAVE BEEN VIOLATED

## IV. ASSISTANCE REQUESTED

SEC staff respectfully seeks the assistance of the SCM in obtaining the following documents from Okex (located at 18th Floor, Menara TA One 22, Jalan P. Ramlee, Kuala Lumpur 50250), for the time period July 1, 2016 to the present:

1. All documents and communications concerning XRP, including, not limited to: a) sales of XRP by Ripple, Garlinghouse, and/or Larsen.

2. All documents and communications concerning any agreement or potential agreement between Okex and Ripple regarding XRP.

3. All documents and communications concerning any consideration, including but not limited to XRP or cash, received by Okex in connection with any agreement identified in paragraph 2.

██████████                                                    PRIVILEGED AND CONFIDENTIAL

May 21, 2021
Page 3

4. All documents sufficient to identify all amounts provided to Okex under any agreement between Okex and Ripple, including the amount paid (in USD or XRP), the disbursement date, and the identity of the ultimate beneficiary.

5. All documents and communications regarding the legal or regulatory status of XRP, including but not limited to, documents concerning whether XRP is a "security" within the meaning of the U.S. securities laws and/or the application of the U.S. securities laws to the offer, purchase or sale of any XRP.

6. All documents sufficient to identify all accounts at Okex held individually, jointly, or otherwise, in the name or for the benefit of, or controlled by:

    a. Ripple
    b. Ripple Labs Singapore PTE. Ltd
    c. Ripple Markets Inc.
    d. Ripple Services Inc.
    e. Garlinghouse
        i. DOB: ████████;
        ii. Address: ████████
        iii. Email: ████████.com; ████████.com; ████████.com; ████████.org
    f. Larsen
        i. DOB: ████████;
        ii. Address ████████
        iii. Email: ████████.com; ████████.com; ████████.com; ████████.com
    g. GSR Holdings Ltd., GSR Markets Ltd., or Global Software Research 2015
        i. Address: 18 Harbour Road, Wanchai, Hong Kong
        ii. E-mail: ████████.io; ████████.io; ████████.io; ████████.io; ████████.io
    h. ████████
        i. Address: ████████
        ii. Email: ████████.com; ████████.com; ████████.com.

7. For each account identified in connection with item 6:

    a. All KYC and account details, including, but not limited to:
        i. Account ID;
        ii. Date account created;
        iii. Customer name/entity name;
        iv. Address; and
        v. Email.

▆▆▆▆▆▆▆▆▆▆                                           **PRIVILEGED AND CONFIDENTIAL**
May 21, 2021
Page 4

  b. All trades in all trading pairs involving XRP, including:
     i. Account ID;
     ii. Trading pair;
     iii. Date and time of trade;
     iv. Price of trade;
     v. Volume traded; and
     vi. Order type (market/limit/etc).

  c. All deposits and withdrawals, including all blockchain related data to identify each transaction, including, but not limited to:
     i. Type of digital asset (e.g., BTC, ETH, etc.);
     ii. Date and time of transaction;
     iii. Transaction amount;
     iv. Blockchain transaction hash; and
     v. Any other identifying information/metadata on the transaction.

  d. All deposits and withdrawals of fiat currencies, including all information about the transaction, including, but not limited to:
     i. Type of fiat (e.g., USD, EUR, JPY, etc.);
     ii. Date and time of transaction;
     iii. Transaction amount;
     iv. Name of institution from where deposit came or to where; withdrawal went; and
     v. Any other identifying information/metadata on the transaction.

SEC staff also requests the assistance of the SCM in having Okex authenticate the documents produced in response to this request (the "Requested Documents"). SEC staff seek the ability to introduce the Requested Documents as evidence in a U.S. court proceeding. In order for SEC staff to introduce the Requested Documents as evidence, we need to obtain a sworn certificate of authenticity of business records ("Certificate") that the documents were made and kept by Okex in the ordinary course of business. The Certificate should include a specific description of the documents being produced and be signed by an individual who has knowledge of the procedures for maintaining records at Okex, respectively. Attached please find a sample Certificate to be executed by a records custodian or other qualified person at Okex.

**We ask that you send any records produced in electronic format to the following email addresses: Foreign.Requests@sec.gov; cc: OIA_DocumentProductions@sec.gov; and** ▆▆▆▆▆▆▆▆▆▆ **If the electronic records are more than 12 MB, please contact us for additional instructions. Please send any records produced in hard copy to the address on this letterhead.**

▇▇▇▇▇▇   PRIVILEGED AND CONFIDENTIAL
May 21, 2021
Page 5

## V.   CONFIDENTIALITY

This letter is confidential and privileged under U.S. law.  Pursuant to Securities Exchange Act Subsection 24(f)(1), the U.S. SEC does not waive any privileges (including, but not limited to, work product, deliberative process, and law enforcement privileges) in transferring the information to or permitting the information to be used by the SCM.  We ask that this letter and its contents not be communicated to any third party without the authorization of SEC staff.  We also ask that you notify us of any legally enforceable demand for this letter and that you assert any appropriate legal exemptions or privileges with respect to this letter as may be appropriate.  If the SCM is required to notify any third party about this inquiry, we would respectfully ask that you discuss such notice requirements with us before communicating with the third party.

So that the SEC may seek to protect your response, please notify us on an ongoing basis if communications and information you share with us in connection with this matter contain or may contain: (1) privileged information (and, if so, identify privileges that apply) and/or (2) records, which if publicly disclosed, would violate the laws applicable to your agency.  See Exchange Act Sections 24(f)(2) and 24(d).

Thank you in advance for your assistance in this matter.  If you have any questions, please contact me or Owen Granke by email at ▇▇▇▇▇▇ or by telephone at (202) 551-▇▇▇.

Sincerely,

Matthew Greiner

Enclosure:  Sample Authentication Certificate

**DECLARATION OF** _____ **[Name of Entity] CERTIFYING RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

    I, the undersigned, _____, declare that:
                                                     [print name]

1.     I am employed by_____ as _____
                                 [name of entity]              [job title]        and by reason of my position am authorized and qualified to make this declaration. I am familiar with the recordkeeping practices and systems of _____ [name of entity].

2.     I further certify that the documents attached hereto, which are labeled as _____ [*provide bates numbers and/or a specific description of the documents produced*], are true copies of records that were:

    (a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

    (b) kept in the course of regularly conducted business activity; and

    (c) made by the regularly conducted business activity as a regular practice.

3.     I understand that a false statement in this declaration could subject me to criminal penalty under the laws of Malaysia.

    Executed on _____ at_____.
                              [date]                      [place]

                                                              _____
                                                                   [Signature]