# Exhibit 95



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF
INTERNATIONAL AFFAIRS

Matthew B. Greiner
Assistant Director
Tel: 202-551-4526
Email: GreinerM@sec.gov

**PRIVILEGED AND CONFIDENTIAL**

March 2, 2021

**VIA SECURE EMAIL** ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮
Gibraltar Financial Services Commission
P.O. Box 940
Suite 3, Ground Floor
Atlantic Suites
Europort Avenue
GX11-1AA Gibraltar

***Expedited Treatment Requested***

Re: **In the Matter of Ripple Labs, Inc. (NY-9875)**, *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (S.D.N.Y.) (AT)
OIA File No. 2021-00506-003

Dear ▮▮▮▮,

The staff of the U.S. Securities and Exchange Commission ("SEC") requests the assistance of the Gibraltar Financial Services Commission ("GFSC") pursuant to the IOSCO Multilateral Memorandum of Understanding ("MMOU"), to which the SEC and the GFSC are signatories. The SEC makes this request in connection with the above-referenced investigation and civil action concerning violations of the U.S. federal securities laws. Specifically, SEC staff requests the assistance of the GFSC in obtaining documents from Bitso, a Mexico-based digital asset trading platform that we understand is regulated by the GFSC as The Badger Technology Limited (registration number 117775 with license number FSC1348B), trading name Bitso International ("Bitso"). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### I. DESCRIPTION OF THE MATTER

On December 22, 2020, the SEC filed a civil injunctive action in the United States District Court for the Southern District of New York, alleging that Ripple and its current and

PRIVILEGED AND CONFIDENTIAL

March 2, 2021
Page 2

former CEOs (Brad Garlinghouse ("Garlinghouse") and Christian Larsen ("Larsen")) violated Section 5 of the Securities Exchange of 1933 ("Securities Act"), 15 U.S.C. s 77e ("Section 5"). The SEC alleges, among other things, that the Defendants violated Section 5 by offering and selling digital asset securities known as "XRP" without a registration statement being filed or in effect as to such offers and sales (the "Civil Action").



## II. GENERAL PURPOSE FOR WHICH INFORMATION IS SOUGHT



## III. POTENTIAL VIOLATIONS OF U.S. FEDERAL SECURITIES LAW



## IV. ASSISTANCE REQUESTED

### A. Bitso Records

SEC staff respectfully seeks the GFSC's assistance in obtaining the below documents from Bitso (located at 1.02 World Trade Center 6 Bayside Road Gibraltar GX111AA and Campos Eliseos 400 Int 601-13, Polanco II, Miguel Hidalgo, 11530, Mexico City, Mexico, which recently purchased the Gibraltar-based crypto derivatives platform, Quedex), for the time period January 1, 2014 through the present:

███████████                                              PRIVILEGED AND CONFIDENTIAL

March 2, 2021
Page 3

1. All documents and communications with or concerning Ripple, Garlinghouse, and/or Larsen, including, but not limited to, Ripple's investment in Bitso.

2. All documents and communications concerning XRP, including, not limited to: a) sales or giveaways of XRP by Ripple, Garlinghouse, and/or Larsen, and (b) the trading or potential trading of XRP on Bitso.

3. All documents relating to any financial analysis performed by Bitso or any of its affiliates or representatives, concerning Ripple and/or XRP.

4. All documents and communications concerning any agreement or potential agreement between Bitso and Ripple regarding XRP.

5. All documents and communications concerning any consideration, including but not limited to XRP or cash, received by Bitso in connection with any agreement identified in paragraph 3.

6. All documents sufficient to identify all amounts provided to Bitso under any agreement between Bitso and Ripple, including the amount paid (in USD or XRP), the disbursement date, and the identity of the ultimate beneficiary.

7. All documents sufficient to identify all Bitso accounts held individually, jointly, or otherwise, in the name or for the benefit of, or controlled by:

    a. Ripple

    b. GSR Holdings Ltd., GSR Consulting Ltd., GSR Markets Ltd., or Global Software Research (Address: 18 Harbour Road, Wanchai, Hong Kong; E-mail: ███████@gsr.io)

8. All documents concerning account opening documents or user information for each account identified in connection with item 7.

9. For each account identified in item 7 above, all documents sufficient to identify the account's transaction history (including any transactions which were reversed or failed in processing), including, without limitation, for each transaction, documents sufficient to identify the:

    a. Bitso account;
    b. Date and time;
    c. Transaction identification number(s);
    d. Assets exchanged;
    e. Volume;
    f. Price(s);
    g. Total transaction amount(s);

      h. Linked digital asset address(es) for the origination to, or destination from, Bitso;

      i. Linked financial institutions, if any, including their names and addresses, and their routing and account number(s) for the origination to, and destination from, Bitso; and

      j. Instructions, or memo line or description, associated with the transaction.

10. For each account identified in item 7, all documents and communications concerning that account including internal Bitso memoranda, notes, or reports and communications between the account holder and Bitso.

11. All documents and communications concerning ODL, including but not limited to: (a) Ripple's promotion of ODL to Bitso; (b) Bitso's use of ODL; (c) any payment, fees, rebates, line of credit, or incentives offered to Bitso by Ripple relating to ODL; and (d) any trading of XRP on Bitso in connection with ODL.

12. Documents sufficient to identify all offers and sales of XRP by Bitso in connection with any ODL transaction, including the account, date, amount of XRP, and price of any such offer or sale, and the digital asset platform or other venue (if any) on which any such offer or sale was made.

## B. AUTHENTICATION OF RECORDS

SEC staff also requests the assistance of the GFSC in having Bitso authenticate the documents produced in response to this request that qualify as business records kept and maintained in the ordinary course of business. SEC staff seeks the ability to introduce the business records produced as evidence in a possible future U.S. court proceeding. In order for SEC staff to be able to introduce the business records as evidence, SEC staff need to obtain a sworn certificate of authenticity of business records ("Certificate") that the documents were made and kept by the producing party in the ordinary course of business. The Certificate completed should include a specific description of the business records being produced and be signed by an individual who has knowledge of the procedures for maintaining business records at the producing entity. Enclosed please find a draft Certificate. The producing entity may execute this certificate (or a similar version) through a records custodian or other qualified person at the producing entity.

**We ask that you send any records produced in electronic format to the following email addresses: Foreign.Requests@sec.gov; cc: OIA_DocumentProductions@sec.gov; and** ▬▬▬▬▬▬▬ **. If the electronic records are more than 12 MB, please contact us for additional instructions. Please send any records produced in hard copy to: 100 F Street NE, Washington, DC 20549-1004.**

## V. CONFIDENTIALITY

This letter is confidential and privileged under U.S. law. Pursuant to Securities Exchange Act Subsection 24(f)(1), the SEC does not waive any privileges (including, but not

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓                                          PRIVILEGED AND CONFIDENTIAL

March 2, 2021
Page 5

limited to, work product, deliberative process, and law enforcement privileges) in transferring the information to or permitting the information to be used by the GFSC. We ask that this letter and its contents not be communicated to any third party without the authorization of SEC staff. We also ask that you notify us of any legally enforceable demand for this letter and that you assert any appropriate legal exemptions or privileges with respect to this letter as may be appropriate.

So that the SEC may seek to protect your response, please notify us on an ongoing basis if communications and information that you share with us in connection with this matter contain or may contain: (1) privileged information (and, if so, identify privileges that apply) and/or (2) records, which if publicly disclosed, would violate the laws applicable to your agency. *See* Exchange Act, Subsections 24(f)(2) and 24(d).

We appreciate your assistance in this matter. If you have any questions or need additional information, please contact Owen A. Granke ▓▓▓▓▓▓▓▓▓▓; (202) 551-▓▓▓ or me. My contact information is at the top of the first page of this letter.

Sincerely,

*Matthew Greiner*

Matthew Greiner

Attachment: Business Records Certification

## CERTIFICATE OF AUTHENTICITY OF BUSINESS RECORDS

I, the undersigned, <u>*(name, position held)*</u> confirm that to the best of my knowledge and belief:

(1)     The records produced <u>*under cover of letter or email on (date*</u> [1], are true and accurate copies of originals in the custody of the business;

(2)     The records are produced in compliance with a Notice of Requirement dated <u>*(date of Notice of Requirement)*</u> for <u>*(GFSC reference number, if provided)*</u> which was served on <u>*(name of bank/firm*</u>) by the Gibraltar Financial Services Commission ("GFSC");

(3)     The business made or kept the originals in the ordinary course of business and as a regular business practice;

(4)     The originals were made at, or near, the time of the occurrence of the transactions they record, by a person who either had knowledge of those transactions or received the information from a person with such knowledge; and

(5)     This Certificate is provided in response to a Notice of Requirement under section 165(1) of the Financial Services and Markets Act 2000 (FSMA) in accordance with section 165(6) of the same. I understand that providing false or misleading information to the GFSC in response to a Notice of Requirement is an offence as set out in sections 177(4) and (5) of FSMA, with penalties that include, for a breach of s.177(4) (provision of false or misleading information), on summary conviction, a fine or up to six months' imprisonment; or, on conviction on indictment, a fine or up to two years' imprisonment or both.

_____                          _____
(Name)                                                                    (Date)

---

[1] For paragraphs 1 and 2 please amend wording and delete brackets as required.