# Exhibit 96



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF
INTERNATIONAL AFFAIRS

**Matthew B. Greiner**
Assistant Director
Telephone: (202) 551-4526
Email: GreinerM@sec.gov

**PRIVILEGED AND CONFIDENTIAL**

May 21, 2021

Via Email: ▮

▮
Commission de Surveillance du Secteur Financier
283, Route d'Arlon
L-2991 LUXEMBOURG

**\*\*\* Expedited Assistance Requested \*\*\***

Re:  In the Matter of Ripple Labs, Inc. (NY-9875), *SEC v. Ripple Labs, Inc.*, et al., No. 20 Civ. 10832 (S.D.N.Y.) (AT)
OIA File No. 2021-00506-012

Dear ▮:

The staff of the United States Securities and Exchange Commission ("SEC") respectfully requests the assistance of the Commission de Surveillance du Secteur Financier ("CSSF"), pursuant to the IOSCO Multilateral Memorandum of Understanding and the Administrative Arrangement signed by the CSSF and the SEC, in connection with the above-referenced civil action which concerns possible violations of the U.S. federal securities laws.

As described more fully below, SEC staff seeks the CSSF's assistance in obtaining certain records from Luxembourg-based ▮ ).
▮

**PRIVILEGED AND CONFIDENTIAL**

## I. DESCRIPTION OF THE MATTER

On December 22, 2020, the SEC filed a civil injunctive action in the United States District Court for the Southern District of New York, alleging that Ripple Labs, Inc. ("Ripple")[1] and its current and former CEOs (Brad Garlinghouse and Christian Larsen ("Larsen")) violated Section 5 of the Securities Exchange of 1933 ("Securities Act"), 15 U.S.C. s 77e ("Section 5"). The SEC alleges, among other things, that the Defendants violated Section 5 by offering and selling digital asset securities known as "XRP" without a registration statement being filed or in effect as to such offers and sales (the "Civil Action").

## II. PURPOSE FOR WHICH INFORMATION IS SOUGHT



**PRIVILEGED AND CONFIDENTIAL**

### III. POTENTIAL VIOLATIONS OF U.S. FEDERAL SECURITIES LAWS

[REDACTED]

### IV. ASSISTANCE REQUESTED

#### A. Records

SEC staff respectfully requests the CSSF's assistance in obtaining, from [REDACTED], 9 Rue Du Laboratoire, L-1911 Luxembourg, the following records, for the time period January 1, 2013 through the present:

1. Documents sufficient to identify any agreement or potential agreement between [REDACTED] and Ripple[2] concerning the trading of XRP.

2. Documents sufficient to identify any consideration, including but not limited to XRP or cash, received by [REDACTED] in connection with any agreement identified in paragraph 1.

3. Documents sufficient to identify all amounts provided to [REDACTED] under any agreement between [REDACTED] and Ripple, including any amount paid (in USD or XRP), the disbursement date, and the identity of the ultimate beneficiary.

4. Documents sufficient to identify all accounts at [REDACTED], held individually, jointly, or otherwise, in the name or for the benefit of, or controlled by:

    a. Ripple
    b. Ripple Labs Singapore PTE. Ltd
    c. Ripple Markets Inc.
    d. Ripple Services Inc.
    e. Larsen
        i. DOB: [REDACTED];
        ii. Address [REDACTED]
        iii. Email: [REDACTED]

5. For each account identified in connection with item 4:

    a. All KYC and account details, including, but not limited to:
        i. Account ID;
        ii. Date account created;

---

[2] As used herein, "Ripple" includes Ripple Labs, Inc., Ripple Labs Singapore PTE Ltd., Ripple Markets Inc., and Ripple Services Inc.

**PRIVILEGED AND CONFIDENTIAL**

      iii. Customer name/entity name;
      iv. Address; and
      v. Email.

  b. All trades in all trading pairs involving XRP, including:
      i. Account ID;
      ii. Trading pair;
      iii. Date and time of trade;
      iv. Price of trade;
      v. Volume traded; and
      vi. Order type (market/limit/etc).

  c. All deposits and withdrawals, including all blockchain related data to identify each transaction, including, but not limited to:
      i. Type of digital asset (e.g., BTC, ETH, etc.);
      ii. Date and time of transaction;
      iii. Transaction amount;
      iv. Blockchain transaction hash; and
      v. Any other identifying information/metadata on the transaction.

  d. All deposits and withdrawals of fiat currencies, including all information about the transaction, including, but not limited to:
      i. Type of fiat (e.g., USD, EUR, JPY, etc.);
      ii. Date and time of transaction;
      iii. Transaction amount;
      iv. Name of institution from where deposit came or to where; withdrawal went; and
      v. Any other identifying information/metadata on the transaction.

**B. Business Records Certification**

SEC staff also respectfully requests the assistance of the CSSF in having SnapSwap International S.A. authenticate the documents produced in response to this request (the "Requested Documents"). SEC staff seeks the ability to introduce the Requested Documents as evidence in a U.S. court proceeding. In order for SEC staff to be positioned to introduce the Requested Documents as evidence, we need to obtain a sworn certificate of authenticity of business records ("Certificate") that the documents were made and kept by the above entities in the ordinary course of business. The Certificate should include a specific description of the documents being produced and be signed by an individual(s) who has knowledge of the procedures for maintaining records for the entity. Enclosed please find a sample Certificate to be executed by a records custodian or other qualified person.

**PRIVILEGED AND CONFIDENTIAL**

We ask that you send any records produced in electronic format to the following email address **Foreign.Requests@sec.gov**; cc: **OIA_DocumentProductions@sec.gov**; and ▉▉▉▉▉▉▉▉. If the electronic records are more than 12 MB, please contact us for additional instructions. Please send any records produced in hard copy to: 100 F Street NE, Washington, DC 20549-1004.

## V.    CONFIDENTIALITY

This letter is confidential and privileged under U.S. law. Pursuant to Securities Exchange Act Subsection 24(f)(1), the SEC does not waive any privileges (including, but not limited to, work product, deliberative process, and law enforcement privileges) in transferring the information to or permitting the information to be used by the CSSF. We ask that this letter and its contents not be communicated to any third party without the authorization of SEC staff. We also ask that you notify us of any legally enforceable demand for this letter and that you assert any appropriate legal exemptions or privileges with respect to this letter as may be appropriate. If the CSSF is required to notify any third party about this inquiry, we would respectfully ask that you discuss such notice requirement with us before communicating with the third party.

So that the SEC may seek to protect your response, please notify us on an ongoing basis if communications and information that you share with us in connection with this matter contain or may contain: (1) privileged information (and, if so, identify privileges that apply) and/or (2) records, which if publicly disclosed, would violate the laws applicable to your agency. *See* Securities Exchange Act, Subsections 24(f)(2) and 24(d).

SEC staff appreciates your attention to this matter and we would be pleased to discuss this request further. If you have any questions regarding this request, please do not hesitate to contact me, or Owen Granke at 202-551-▉▉▉ or ▉▉▉▉▉▉▉▉.

Sincerely,

*[signature]*

Matthew Greiner

Enclosure:    Sample Authentication Certificate

**DECLARATION OF** _____ **CERTIFYING RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, _____, declare that:
[print name]

1. I am employed by the _____ as _____ and by reason of my position am authorized and qualified to make this declaration. I am familiar with _____'s recordkeeping practices and systems.

2. I further certify that the documents attached hereto are true copies of records that were:

    (a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

    (b) kept in the course of regularly conducted business activity; and

    (c) made by the regularly conducted business activity as a regular practice.

3. I understand that a false statement in this declaration could subject me to criminal penalty under the laws of Luxembourg.

Executed on _____ at _____.
    [date]                    [place]

_____
[Signature]

**CONFIDENTIAL**                    NYRO_RIPPLE_RFA_000162