evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1502.  As indicated in PX 508.24, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.24 on or about the dates listed for each such statement in PX 508.24.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1502, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1503.  As indicated in PX 508.25, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.25 on or about the dates listed for each such statement in PX 508.25.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1503,

including because this paragraph is not cited in the SEC's memorandum of law in support of

its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the

document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph includes statements

that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on

its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion

that statements made by individuals in their personal capacity in an online forum represent

the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple

or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1504.  As indicated in PX 508.26, Defendants, Ripple's representatives, or Ripple's
> employees made the statements listed in PX 508.26 on or about the dates listed for
> each such statement in PX 508.26.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1504.

Defendants further dispute that the exhibit referenced in this paragraph contains a complete

or accurate representation of the original source in which it appears, because the document

includes the SEC's own annotations and characterizations and because it selectively quotes

from the website it purports to reflect.  Defendants further dispute the assertion within this

paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their responses to Paragraphs 332 and 445.

1505. As indicated in PX 508.27, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.27 on or about the dates listed for each such statement in PX 508.27.

**Response:** Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1505, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1506.  As indicated in PX 508.28, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.28 on or about the dates listed for each such statement in PX 508.28.

**Response:**   Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1506, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.  Defendants incorporate by reference their responses to Paragraphs 273 and 275.

1507.  As indicated in PX 508.29, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.29 on or about the dates listed for each such statement in PX 508.29.

**Response:**   Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1507, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1508.   As indicated in PX 508.30, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.30 on or about the dates listed for each such statement in PX 508.30.

**Response:**      Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1508, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1509.   As indicated in PX 508.31, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.31 on or about the dates listed for each such statement in PX 508.31.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1509, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1510.  As indicated in PX 508.32, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.32 on or about the dates listed for each such statement in PX 508.32.

**Response:**    Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1510, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1511.  As indicated in PX 508.33, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.33 on or about the dates listed for each such statement in PX 508.33.

**Response:**    Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1511. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their response to Paragraph 347.

> 1512. As indicated in PX 508.34, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.34 on or about the dates listed for each such statement in PX 508.34.

**Response:**  Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1512, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it

777

selectively quotes from the website it purports to reflect. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their responses to Paragraphs 394 and 395.

> 1513. As indicated in PX 508.35, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.35 on or about the dates listed for each such statement in PX 508.35.

**Response:**         Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1513. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their responses to Paragraphs 272 and 394.

> 1514. As indicated in PX 508.36, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 508.36 on or about the dates listed for each such statement in PX 508.36.

**Response:**          Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1514, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.  Defendants incorporate by reference their response to Paragraph 394.

> 1515.  As indicated in PX 509.01, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.01 on or about the dates listed for each such statement in PX 509.01.

**Response:**          Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1515. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this

paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their responses to Paragraphs 83, 381, 382, and 388.

> 1516.  As indicated in PX 509.02, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.02 on or about the dates listed for each such statement in PX 509.02.

**Response:**        Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1516, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1517.  As indicated in PX 509.03, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.03 on or about the dates listed for each such statement in PX 509.03.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1517, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1518.  As indicated in PX 509.04, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.04 on or about the dates listed for each such statement in PX 509.04.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1518.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.  Defendants incorporate by reference their response to Paragraph 425.

1519. As indicated in PX 509.05, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.05 on or about the dates listed for each such statement in PX 509.05.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1519, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1520. As indicated in PX 509.06, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.06 on or about the dates listed for each such statement in PX 509.06.

783

**Response:**       Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1520, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1521.  As indicated in PX 509.07, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.07 on or about the dates listed for each such statement in PX 509.07.

**Response:**       Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1521, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1522. As indicated in PX 509.08, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.08 on or about the dates listed for each such statement in PX 509.08.

**Response:**       Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1522, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1523.   As indicated in PX 509.09, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.09 on or about the dates listed for each such statement in PX 509.09.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1523. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its

face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their response to Paragraph 439.

1524. As indicated in PX 509.10, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.10 on or about the dates listed for each such statement in PX 509.10.

**Response:** Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1524, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's

787

employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1525.  As indicated in PX 509.11, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.11 on or about the dates listed for each such statement in PX 509.11.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1525, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1526. As indicated in PX 509.12, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.12 on or about the dates listed for each such statement in PX 509.12.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1526, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1527.  As indicated in PX 509.13, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.13 on or about the dates listed for each such statement in PX 509.13.

**Response:**       Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1527, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1528.  As indicated in PX 509.14, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.14 on or about the dates listed for each such statement in PX 509.14.

790

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1528, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1529.   As indicated in PX 509.15, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.15 on or about the dates listed for each such statement in PX 509.15.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1529, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1530.  As indicated in PX 509.16, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.16 on or about the dates listed for each such statement in PX 509.16.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1530, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1531.  As indicated in PX 509.17, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.17 on or about the dates listed for each such statement in PX 509.17.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1531, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1532. As indicated in PX 509.18, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.18 on or about the dates listed for each such statement in PX 509.18.

**Response:**       Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1532, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1533.  As indicated in PX 509.19, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.19 on or about the dates listed for each such statement in PX 509.19.

**Response:**       Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1533. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their response to Paragraph 381.

 1534.   As indicated in PX 509.20, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.20 on or about the dates listed for each such statement in PX 509.20.

**Response:**   Disputed.   This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.   Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.   Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1534, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.   Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.   Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.   Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.   Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.   The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1535. As indicated in PX 509.21, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.21 on or about the dates listed for each such statement in PX 509.21.

**Response:**       Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1535, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1536. As indicated in PX 509.22, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.22 on or about the dates listed for each such statement in PX 509.22.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1536, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1537.   As indicated in PX 509.23, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.23 on or about the dates listed for each such statement in PX 509.23.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

798

any statement of material fact is contained in, or can be ascertained from, Paragraph 1537, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1538. As indicated in PX 509.24, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.24 on or about the dates listed for each such statement in PX 509.24.

**Response:**        Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1538, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1539.  As indicated in PX 509.25, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.25 on or about the dates listed for each such statement in PX 509.25.

**Response:**       Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1539. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its

face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their responses to Paragraphs 381 and 386.

1540.  As indicated in PX 509.26, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.26 on or about the dates listed for each such statement in PX 509.26.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1540, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1541.  As indicated in PX 509.27, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.27 on or about the dates listed for each such statement in PX 509.27.

**Response:**         Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1541, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1542.  As indicated in PX 509.28, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.28 on or about the dates listed for each such statement in PX 509.28.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1542, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1543.   As indicated in PX 509.29, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.29 on or about the dates listed for each such statement in PX 509.29.

**Response:**          Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1543, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1544.   As indicated in PX 509.30, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.30 on or about the dates listed for each such statement in PX 509.30.

804

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1544, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1545.   As indicated in PX 509.31, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.31 on or about the dates listed for each such statement in PX 509.31.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1545, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1546.  As indicated in PX 509.32, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.32 on or about the dates listed for each such statement in PX 509.32.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1546. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document

includes the SEC's own annotations and characterizations and because it selectively quotes

from the website it purports to reflect. Defendants further dispute the assertion within this

paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its

face does not support the SEC's assertion. Defendants further dispute the assertion within

this paragraph because the exhibit cited in this paragraph includes statements that were not

made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does

not support the SEC's assertion. Defendants further dispute the SEC's assertion that

statements made by individuals in their personal capacity in an online forum represent the

views of Ripple or the Individual Defendants. The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple

or the Individual Defendants in connection with the exhibit cited in this paragraph.

Defendants incorporate by reference their response to Paragraph 92.

> 1547. As indicated in PX 509.33, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.33 on or about the dates listed for each such statement in PX 509.33.

**Response:**        Disputed. This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court. Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1547,

including because this paragraph is not cited in the SEC's memorandum of law in support of

its motion. Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the

document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect. Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]"

any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1548. As indicated in PX 509.34, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.34 on or about the dates listed for each such statement in PX 509.34.

**Response:**        Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1548, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion.  Defendants further dispute

the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a

representative of Ripple or the Individual Defendants in connection with the exhibit cited in

this paragraph.

> 1549.  As indicated in PX 509.35, Defendants, Ripple's representatives, or Ripple's
> employees made the statements listed in PX 509.35 on or about the dates listed for
> each such statement in PX 509.35.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1549.

Defendants further dispute that the exhibit referenced in this paragraph contains a complete

or accurate representation of the original source in which it appears, because the document

includes the SEC's own annotations and characterizations and because it selectively quotes

from the website it purports to reflect.  Defendants further dispute the assertion within this

paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its

face does not support the SEC's assertion.  Defendants further dispute the assertion within

this paragraph because the exhibit cited in this paragraph includes statements that were not

made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does

not support the SEC's assertion.  Defendants further dispute the SEC's assertion that

statements made by individuals in their personal capacity in an online forum represent the

views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple

or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their response to Paragraph 437.

    1550.  As indicated in PX 509.36, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.36 on or about the dates listed for each such statement in PX 509.36.

    **Response:**    Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1550, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1551. As indicated in PX 509.37, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.37 on or about the dates listed for each such statement in PX 509.37.

**Response:**          Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1551, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1552. As indicated in PX 509.38, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.38 on or about the dates listed for each such statement in PX 509.38.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1552, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1553. As indicated in PX 509.39, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.39 on or about the dates listed for each such statement in PX 509.39.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1553. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1554.  As indicated in PX 509.40, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.40 on or about the dates listed for each such statement in PX 509.40.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1554, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1555. As indicated in PX 509.41, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.41 on or about the dates listed for each such statement in PX 509.41.

**Response:** Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1555. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not

814

made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does

not support the SEC's assertion. Defendants further dispute the SEC's assertion that

statements made by individuals in their personal capacity in an online forum represent the

views of Ripple or the Individual Defendants. The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple

or the Individual Defendants in connection with the exhibit cited in this paragraph.

Defendants incorporate by reference their responses to Paragraphs 440 and 462.

> 1556. As indicated in PX 509.42, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.42 on or about the dates listed for each such statement in PX 509.42.

**Response:**        Disputed. This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court. Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1556,

including because this paragraph is not cited in the SEC's memorandum of law in support of

its motion. Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the

document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect. Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]"

any "dates," so on its face does not support the SEC's assertion. Defendants further dispute

the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion. Defendants further dispute

the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1557.   As indicated in PX 509.43, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.43 on or about the dates listed for each such statement in PX 509.43.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1557, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a

representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

    1558.  As indicated in PX 509.44, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.44 on or about the dates listed for each such statement in PX 509.44.

**Response:**    Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1558, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1559.  As indicated in PX 509.45, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.45 on or about the dates listed for each such statement in PX 509.45.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1559, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1560.  As indicated in PX 509.46, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.46 on or about the dates listed for each such statement in PX 509.46.

**Response:**          Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1560, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1561.   As indicated in PX 509.47, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.47 on or about the dates listed for each such statement in PX 509.47.

**Response:**          Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

819

any statement of material fact is contained in, or can be ascertained from, Paragraph 1561, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1562. As indicated in PX 509.48, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.48 on or about the dates listed for each such statement in PX 509.48.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1562, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1563.  As indicated in PX 509.49, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.49 on or about the dates listed for each such statement in PX 509.49.

**Response:**      Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1563, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1564.   As indicated in PX 509.50, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.50 on or about the dates listed for each such statement in PX 509.50.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1564, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1565. As indicated in PX 509.51, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.51 on or about the dates listed for each such statement in PX 509.51.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1565, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1566.   As indicated in PX 509.52, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.52 on or about the dates listed for each such statement in PX 509.52.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1566, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a

representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1567.   As indicated in PX 509.53, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.53 on or about the dates listed for each such statement in PX 509.53.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1567, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1568.  As indicated in PX 509.54, Defendants, Ripple's representatives, or Ripple's
employees made the statements listed in PX 509.54 on or about the dates listed for
each such statement in PX 509.54.

**Response:**          Disputed.  This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1568,

including because this paragraph is not cited in the SEC's memorandum of law in support of

its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the

document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]"

any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute

the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion.  Defendants further dispute

the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a

representative of Ripple or the Individual Defendants in connection with the exhibit cited in

this paragraph.

1569.  As indicated in PX 509.55, Defendants, Ripple's representatives, or Ripple's
employees made the statements listed in PX 509.55 on or about the dates listed for
each such statement in PX 509.55.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1569, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1570.   As indicated in PX 509.56, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 506.56 on or about the dates listed for each such statement in PX 506.56.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1570, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1571. As indicated in PX 509.57, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.57 on or about the dates listed for each such statement in PX 509.57.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1571, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1572.  As indicated in PX 509.58, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.58 on or about the dates listed for each such statement in PX 509.58.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1572, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1573.  As indicated in PX 509.59, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.59 on or about the dates listed for each such statement in PX 509.59.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1573, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1574. As indicated in PX 509.60, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.60 on or about the dates listed for each such statement in PX 509.60.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1574. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their response to Paragraph 389.

1575.   As indicated in PX 509.61, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.61 on or about the dates listed for each such statement in PX 509.61.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1575, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

832

1576. As indicated in PX 509.62, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.62 on or about the dates listed for each such statement in PX 509.62.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1576, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1577. As indicated in PX 509.63, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.63 on or about the dates listed for each such statement in PX 509.63.

833

**Response:**         Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1577, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1578.   As indicated in PX 509.64, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.64 on or about the dates listed for each such statement in PX 509.64.

**Response:**         Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

834

any statement of material fact is contained in, or can be ascertained from, Paragraph 1578, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1579.   As indicated in PX 509.65, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.65 on or about the dates listed for each such statement in PX 509.65.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1579, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1580.  As indicated in PX 509.66, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.66 on or about the dates listed for each such statement in PX 509.66.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1580, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion. Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants. The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1581. As indicated in PX 509.67, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.67 on or about the dates listed for each such statement in PX 509.67.

**Response:**        Disputed. This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court. Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above. Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1581, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion. Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1582.  As indicated in PX 509.68, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.68 on or about the dates listed for each such statement in PX 509.68.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1582, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a

representative of Ripple or the Individual Defendants in connection with the exhibit cited in

this paragraph.

> 1583.   As indicated in PX 509.69, Defendants, Ripple's representatives, or Ripple's
> employees made the statements listed in PX 509.69 on or about the dates listed for
> each such statement in PX 509.69.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1583,

including because this paragraph is not cited in the SEC's memorandum of law in support of

its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the

document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]"

any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute

the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion.  Defendants further dispute

the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a

representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.  Defendants incorporate by reference their response to Paragraph 348.

    1584.   As indicated in PX 509.70, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.70 on or about the dates listed for each such statement in PX 509.70.

    **Response:**       Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1584, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1585.  As indicated in PX 509.74, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.74 on or about the dates listed for each such statement in PX 509.74.

**<u>Response:</u>**          Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1585, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1586.  As indicated in PX 509.75, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.75 on or about the dates listed for each such statement in PX 509.75.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1586, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1587.   As indicated in PX 509.76, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.76 on or about the dates listed for each such statement in PX 509.76.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1587, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1588.   As indicated in PX 509.77, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.77 on or about the dates listed for each such statement in PX 509.77.

**Response:**          Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1588, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

    1589.   As indicated in PX 509.78, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.78 on or about the dates listed for each such statement in PX 509.78.

**Response:**     Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1589. Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its

face does not support the SEC's assertion.  Defendants further dispute the assertion within

this paragraph because the exhibit cited in this paragraph includes statements that were not

made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does

not support the SEC's assertion.  Defendants further dispute the SEC's assertion that

statements made by individuals in their personal capacity in an online forum represent the

views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed

evidence to establish that any speaker was acting in a capacity as a representative of Ripple

or the Individual Defendants in connection with the exhibit cited in this paragraph.

Defendants incorporate by reference their response to Paragraph 464.

> 1590.  As indicated in PX 509.79, Defendants, Ripple's representatives, or Ripple's
> employees made the statements listed in PX 509.79 on or about the dates listed for
> each such statement in PX 509.79.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1590,

including because this paragraph is not cited in the SEC's memorandum of law in support of

its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the

document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]"

any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute

the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion.  Defendants further dispute

the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a

representative of Ripple or the Individual Defendants in connection with the exhibit cited in

this paragraph.

> 1591.  As indicated in PX 509.80, Defendants, Ripple's representatives, or Ripple's
> employees made the statements listed in PX 509.80 on or about the dates listed for
> each such statement in PX 509.80.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1591,

including because this paragraph is not cited in the SEC's memorandum of law in support of

its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the

document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]"

any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute

the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion.  Defendants further dispute

the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1592. As indicated in PX 509.83, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.83 on or about the dates listed for each such statement in PX 509.83.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1592, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1593. As indicated in PX 509.84, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.84 on or about the dates listed for each such statement in PX 509.84.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1593, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1594. As indicated in PX 509.85, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.85 on or about the dates listed for each such statement in PX 509.85.

848

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1594, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1595.    As indicated in PX 509.86, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.86 on or about the dates listed for each such statement in PX 509.86.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1595, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1596.  As indicated in PX 509.87, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.87 on or about the dates listed for each such statement in PX 509.87.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1596, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

1597.  As indicated in PX 509.88, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.88 on or about the dates listed for each such statement in PX 509.88.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1597.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its

851

face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's employees," so on its face does not support the SEC's assertion.  Defendants further dispute the SEC's assertion that statements made by individuals in their personal capacity in an online forum represent the views of Ripple or the Individual Defendants.  The SEC has not put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph. Defendants incorporate by reference their responses to Paragraphs 345, 349, and 360.

1598.   As indicated in PX 509.89, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.89 on or about the dates listed for each such statement in PX 509.89.

**Response:**        Disputed.  This paragraph does not comply with Local Rule 56.1 and should be disregarded by the Court.  Defendants incorporate by reference their Global Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that any statement of material fact is contained in, or can be ascertained from, Paragraph 1598, including because this paragraph is not cited in the SEC's memorandum of law in support of its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains a complete or accurate representation of the original source in which it appears, because the document includes the SEC's own annotations and characterizations and because it selectively quotes from the website it purports to reflect.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph does not "list[]" any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute the assertion within this paragraph because the exhibit cited in this paragraph includes statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion.  Defendants further dispute

the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a

representative of Ripple or the Individual Defendants in connection with the exhibit cited in

this paragraph.

> 1599.  As indicated in PX 509.90, Defendants, Ripple's representatives, or Ripple's employees made the statements listed in PX 509.90 on or about the dates listed for each such statement in PX 509.90.

**Response:**       Disputed.  This paragraph does not comply with Local Rule 56.1

and should be disregarded by the Court.  Defendants incorporate by reference their Global

Response to and Dispute of Paragraphs 1222-1599, set forth above.  Defendants dispute that

any statement of material fact is contained in, or can be ascertained from, Paragraph 1599,

including because this paragraph is not cited in the SEC's memorandum of law in support of

its motion.  Defendants further dispute that the exhibit referenced in this paragraph contains

a complete or accurate representation of the original source in which it appears, because the

document includes the SEC's own annotations and characterizations and because it

selectively quotes from the website it purports to reflect.  Defendants further dispute the

assertion within this paragraph because the exhibit cited in this paragraph does not "list[]"

any "dates," so on its face does not support the SEC's assertion.  Defendants further dispute

the assertion within this paragraph because the exhibit cited in this paragraph includes

statements that were not made by "Defendants, Ripple's representatives, or Ripple's

employees," so on its face does not support the SEC's assertion.  Defendants further dispute

the SEC's assertion that statements made by individuals in their personal capacity in an

online forum represent the views of Ripple or the Individual Defendants.  The SEC has not

put forward undisputed evidence to establish that any speaker was acting in a capacity as a representative of Ripple or the Individual Defendants in connection with the exhibit cited in this paragraph.

> 1600.   Defendants offered and sold XRP through interstate commerce. PX 80 (Ripple Ans.) ¶¶ 14, 392; PX 86 (Garlinghouse RFA Responses) No. 210; PX 370.

**Response:**      Undisputed that certain of Defendants' offers and sales took place in interstate commerce.  Defendants dispute the SEC's allegation in Paragraph 1600 to the extent it implies that all of Defendants' offers and sales took place in interstate commerce, as that is not established by the cited evidence.  *See* Defs.' 56.1 ¶¶ 169-170; Defs.' MSJ at 58-74.

> 1601.   Defendants never took any steps to determine whether their offers and sales of XRP were exempt. PX 86 (Garlinghouse RFA Responses) Nos. 216-17; PX 94 (Ripple RFA Responses) Nos. 706, 708-09, 711-13, 715-17, 722-23.

**Response:**      Disputed.  Defendants dispute the SEC's characterizations of the cited documents, which do not support the SEC's broad, vague, and unqualified allegations in Paragraph 1601.  Defendants' offers and sales of XRP were not subject to the securities laws because XRP was not and is not a security.  *See* PX 94, Nos. 700–715.

## III.   DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED OR AS TO WHICH THERE MAY BE NO DISPUTE BUT THAT REQUIRE DENIAL OF SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56.1(b)

In opposition to the SEC's motion for summary judgment, and in accordance with Rule 56.1(b) of the Local Civil Rules of the Southern District of New York, Defendants Ripple Labs Inc. ("Ripple"), Bradley Garlinghouse, and Christian A. Larsen submit the following statement of additional material facts as to which there are genuine issues of material fact to be tried or for which no dispute exists but that require the denial of summary judgment.

854

A.      **Additional Material Facts Relevant to Opposing the SEC's *Howey*
Arguments**

1602.   Jed McCaleb had the original idea for the XRP Ledger's consensus mechanism.
Ex. 1, D. Schwartz Tr. 118:11-20.

1603.   Ripple made no commitments in exchange for the 80 billion units of XRP it
received from Ripple's founders.   Ex. 1, D. Schwartz Tr. 275:17-21 (explaining Ripple was
"gifted" its XRP and "didn't have to spend capital or other types of funds in order to acquire it");
Ex. 15, O'Gorman Dep. Ex. AO-26, RPLI_SEC 0624327 at -331 ("[T]he creators of XRP gifted
much of [the original 100 billion] XRP to the Company."); Ex. 8, Larsen Tr. 165:24-166:3 (Ripple
was gifted 80 billion XRP).

1604.   Many XRP purchasers bought XRP for use as a form of payment for goods and
services.  *See* Ex. 167 (collection of more than 3,000 affidavits by individual XRP purchasers,
more than 700 of which state:  "I have acquired XRP . . . [a]s a form of currency for payment for
goods and/or services I provided; and/or . . . [a]s a substitute for fiat currency, utilized as a store
of value, and/or to purchase everyday items such as food, clothing, and other retail purchases");
Ex. 168 (explanatory declarations describing this collection).

1605.   Many XRP purchasers, including users of Ripple's On-Demand Liquidity ("ODL")
product, bought XRP for consumptive use rather than as an investment.  *See* Ex. 167 (collection
of more than 3,000 affidavits by individual XRP purchasers, more than 300 of which state:  "I first
acquired XRP for its utility . . . to transfer other digital assets, currencies, and/or send value to
others utilizing the XRPL.  Digital assets like Bitcoin and Ethereum are too slow and/or too
expensive to utilize as a bridge or transfer asset."); Ex. 168 (explanatory declarations describing
this collection).

1606.   Many XRP purchasers were completely unaware of Ripple's existence when they purchased XRP.  *See* Ex. 167 (collection of more than 3,000 affidavits by individual XRP purchasers, more than 1,300 of which state that the affiant was "completely unaware of a company called Ripple" at the time the affiant purchased XRP); Ex. 168 (explanatory declarations describing this collection).

1607.   Around the time it was founded, Ripple issued millions of shares of common stock. Ex. 11, Ferrell Rep. ¶ 25 & n.30 (citing Ripple Labs, Inc., Consolidated Financial Statements, December 31, 2014 (RPLI_SEC 0090938, at 957)).

1608.   Ripple's shares of common stock entitle holders to dividends if and when declared by Ripple's board.  Ex. 11, Ferrell Rep. ¶ 26.

1609.   Ripple has also issued convertible notes, preferred stock, and a warrant, each of which grants Ripple's counterparty certain rights against Ripple.  Ex. 11, Ferrell Rep. ¶¶ 27-32.

1610.   Purchasing XRP on the open market does not convey any right, based solely on their status as a holder of XRP, to receive payment directly from Ripple in any form.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 57.

1611.   Ripple is not obligated to pay fiat currency, XRP, or any other digital asset or commodity to any XRP holder, based solely on his or her status as a holder of XRP.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 58.

1612.   Holders of XRP are not entitled to receive any return of principal, dividend, interest, rent, royalties, license payments, lease payments, or any other payment or consideration from Ripple, based solely on their status as a holder of XRP.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 59.

1613.   Ripple is not obligated to share any return of principal, dividend, rent, royalties, license payments, lease payments, or any other payment or consideration to any holder of XRP, based solely on his or her status as a holder of XRP.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 60.

1614.   Buying a unit of XRP in the open market does not entitle a buyer to dividends, rents, return of capital, or the right to participate in managing the affairs of Ripple or to inspect its books and records.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 61.

1615.   XRP holders do not receive any of or participate in Ripple's revenues, income, assets or performance solely on the basis of their status as XRP holders.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 62.

1616.   Ripple has no obligation to permit any holder of XRP, based solely on their status as a holder of XRP, to receive or participate, directly or indirectly, in Ripple's revenues, net income, assets, or operating performance.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 63.

1617.   No holder of XRP has any right, based solely on his or her status as a holder of XRP, to cause Ripple to repurchase, redeem, or exchange their XRP for any reason or for any purpose.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 64.

1618.   Ripple does not owe fiduciary duties to holders of XRP.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 66.

1619.   In the event of an insolvency, bankruptcy, termination, liquidation, dissolution, or winding up of Ripple, no holder of XRP has any right, statutory or otherwise, to receive a

distribution of Ripple's assets net of liabilities, based solely on their status as a holder of XRP. Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 69.

1620.   No holder of XRP has any right, based solely on their status as a holder of XRP, to compel Ripple, or to vote or otherwise participate in any effort to require Ripple, to perform or refrain from performing any action with respect to managing the affairs, or conducting the operations, of Ripple.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 71.

1621.   No holder of XRP, based solely on their status as a holder of XRP, acquired or obtained any right or power to direct, influence, or control the manner in which Ripple utilized the proceeds of Ripple's sales of XRP.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 72.

1622.   No holder of XRP has any right, based solely on their status as a holder of XRP, to elect Ripple's directors.  Ex. 23, Pl.'s Answers & Objs. to Defs.' First Set of Reqs. for Admis., SEC Answer to RFA No. 75.

1623.   XRP appears on Ripple's balance sheet as an intangible asset, not debt or equity (unlike how securities are treated).  Ex. 171, Expert Report of Peter Easton (Oct. 4, 2021) ¶ 10 ("Ripple, and other companies holding cryptocurrencies (including XRP), account for those holdings as indefinite-lived intangible assets); *id.* ¶ 88 ("There is no balance sheet entry to record a liability or equity associated with the sale of XRP as a company would record upon issuing debt or equity securities.").

1624.   Ripple has conducted sales of XRP through exchanges located outside of the United States.  Ex. 11, Ferrell Report ¶ 49 (citing RPLI_SEC 0809256); Ex. 25, █ Tr. 158:14-159:7,

302:8-305:12 (with the exception of four exchanges on which Ripple sold XRP that have some

ties to the United States, "the rest of the exchanges [on which Ripple sold XRP] are located outside

of the United States"); Ex. 41, Yadav Rep. ¶ 109 & Tbl. A.

1625.   Ripple and its employees repeatedly disclaimed any obligations owed by Ripple to

XRP holders.  *See, e.g.*, Ex. 172, RPLI_SEC 0579742 ("there is no [] agreement with Ripple and

holders of XRP:  we have never promised any profits or returns to holders of XRP"; "you don't

have a contract with anyone simply by owning XRP.  You can't sue Ripple if you're unhappy

about the price of XRP."); Ex. 112, Bitcoin Forum ("I think we've been pretty clear that we are

not making any promises to manage XRP as a currency with any particular target value. . . .  We

absolutely make no promises or representations about the value of XRP to the world in general.");

Ex. 40, Expert Report of Alan Schwartz (Oct. 4, 2021) ¶¶ 11-17, 29-31, 33-35, 41-42, 54-55

(noting the disclaimers or absence of obligations owed by Ripple in Ripple's contracts); Defs.'

56.1 ¶¶ 99-109, 112-114, 117-118 (identifying sample contracts containing such disclaimers).

1626.   Ripple sold XRP through distinct subsidiaries with distinct bank accounts and

distinct business efforts.  Ex. 170, Declaration of Kristina Campbell (Dated Oct. 16, 2022) ¶ 4.

## B.     Additional Material Facts Precluding Summary Judgment on Defendants' Fair Notice Defense

1627.   At no time prior to December 22, 2020 (or at any time to date) did the SEC issue

any regulations concerning whether or when digital assets, or the sale of digital assets, constitute

"investment contracts" under the federal securities laws.  *See, e.g.*, Ex. 158, SEC Answers to RFA

Nos. 447-449 (admitting the SEC never engaged in rulemaking, proposed rules, or promulgated

rules regarding whether digital assets would be considered securities); Ex. 173 (Oct. 4, 2022 law

firm analysis identifying no SEC regulations or proposed regulations regarding whether digital

assets would be considered securities); Ex. 174 (Sept. 2022 Bloomberg column noting that SEC

"has not issued any rules, or proposed any rules, or put anything on its rulemaking agenda, about adapting the securities disclosure rules to crypto projects"); Ex. 175 (Oct. 13, 2022 letter from Sen. Hickenlooper to Chair Gensler stating that "formal regulatory process is needed now" for digital assets and "urg[ing] the SEC to issue regulations for digital asset securities through a transparent notice-and-comment regulatory process").

1628.   At no time prior to December 22, 2020 (or at any time to date) did the SEC propose regulations concerning whether or when digital assets, or the sale of digital assets, constitute "investment contracts" under the federal securities laws.  *See* Ex. 158, SEC Answer to RFA No. 448.

1629.   The SEC issued no written, public regulatory guidance addressing whether or when the sale of digital assets constitutes securities until July 2017.  *See, e.g.*, Ex. 158, SEC Answer to RFA No. 442; PX 245 (Feb. 2015 legal memo from Paul Hastings to Ripple stating, "[t]o date, the Securities and Exchange Commission has not taken a public position on whether virtual currencies are securities within the meaning of federal securities law"); Ex. 176 (Dec. 3, 2016 academic article recognizing that SEC had not addressed whether virtual currencies are securities); Ex. 177 (Aug. 9, 2017 analysis by well-respected law firm noting that DAO Report "marks the first time the regulator has found blockchain tokens sold in a public sale can be securities" although SEC still "did not draw a 'line in the sand' that defines which tokens are securities and which are not"); Ex. 178 (July 27, 2017 analysis by well-respected law firm noting that DAO Report was "the first time" SEC deemed a digital asset a security).

1630.   In a July 2013 investor alert titled, "Ponzi Schemes Using Virtual Currencies" ("July 2013 Investor Alert"), the SEC referred to bitcoin as a virtual currency, stating that: "[v]irtual currencies, such as Bitcoin, have recently become popular and are intended to serve as a

type of money.  They may be traded on online exchanges for conventional currencies, including the U.S. dollar, or used to purchase goods or services, usually online." Ex. 179 at 1.

1631.   The July 2013 Investor Alert did not refer to bitcoin or other virtual currencies as being securities. *Id.*

1632.   On October 29, 2013, Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies, and presented on Ripple's vision for a global payments system and cross-border payments based on blockchain technology ("October 29, 2013 Ripple Presentation to Regulators").  In addition to the SEC, representatives were present from the Federal Reserve Board, Federal Deposit Insurance Corporation, National Credit Union Administration, Consumer Financial Protection Bureau, Internal Revenue Service, Conference of State Bank Supervisors, Federal Trade Commission, FinCEN, Office of Foreign Asset Control, Federal Bureau of Investigation, and the U.S. State Department. *See* Ex. 158, SEC Answer to RFA No. 490; Ex. 159, SEC Answers to RFA Nos. 491–492; Ex. 180, RPLI_SEC 0530419; Ex. 181, RPLI_SEC 0344268; Ex. 169, Declaration of Christian A. Larsen (Dated Oct. 18, 2022) ("SJ Opp. Larsen Decl.") ¶ 4.

1633.   The presentation deck used during the October 29, 2013 Ripple Presentation to Regulators referred to XRP as a "new currency" and a "virtual currency"; explained that Ripple was a "venture-backed company that contributes code and promotes the Ripple protocol"; and outlined Ripple's planned next steps, including "[b]uilding team, utility and liquidity." Ex. 180 at RPLI_SEC 0530423-24, -42; Ex. 169, SJ Opp. Larsen Decl. ¶ 4.

1634.   Following the October 29, 2013 Ripple Presentation to Regulators, an SEC staff member contacted Ripple to request a copy of the deck, which was provided. Ex. 180, RPLI_SEC 0530419.

1635.   During and after the October 29, 2013 Ripple Presentation to Regulators, the SEC did not provide any feedback or otherwise reach out to Ripple about the content of the presentation. Ex. 169, SJ Opp. Larsen Decl. ¶ 4.

1636.   In 2013, public understanding, including by law firms, was that the SEC had not taken a public position regarding whether it possessed jurisdiction to regulate the sale of bitcoin or other virtual currencies like XRP.  *See, e.g.*, Ex. 182 (May 3, 2013 article by technology company noting that SEC declined to respond to questions regarding whether "it had jurisdiction over Bitcoin trading," adding, "[t]he silence may be due to the fact that the SEC can exert little regulatory control over Bitcoin"); Ex. 183 (Dec. 3, 2013 CNN Money article stating that "payments [in bitcoin] are not . . . subject to regulation"); PX 243 at 0099466, -478 (Oct. 2012 Perkins Coie legal memo to Ripple noting the "lack of applicable case law" and pointing to the "small" risk that the SEC might "disagree[] with [its] analysis" that XRP "should not be considered securities."); Ex. 184 (Dec. 31, 2013 article by well-respected law firm stating that no federal regulators other than FinCEN had "issued guidance on the treatment of Bitcoins").

1637.   On January 15, 2014, the SEC Office of Ethics Counsel ("OEC") circulated an internal document to SEC Staff stating that "[p]ursuant to discussions with the Divisions of Trading and Markets and Corporation Finance, the OEC *has been informed that the status of Bitcoin as either currency or securities is undetermined* at this time," and noting the existence of a "working group at the SEC that is making recommendations or exploring positions regarding *whether or how* to regulate bitcoin."  Ex. 185, SEC-LIT-EPROD-001345799 (emphasis added); Ex. 158, SEC Answers to RFA Nos. 310-312, 314.

1638.   On May 29, 2014, the Government Accountability Office ("GAO") submitted a report to the U.S. Congress on virtual currencies ("GAO Report"), in which it stated that "federal

agencies' responsibilities with respect to virtual currency are still being clarified." Ex. 144 at RPLI_SEC 1080005.

1639.   The GAO Report was publicly released on June 26, 2014.   GAO, *Virtual Currencies: Emerging Regulatory, Law Enforcement, and Consumer Protection Challenges*, https://www.gao.gov/products/gao-14-496.

1640.   The GAO Report described XRP as "[o]ne of the more prominent examples" of a virtual currency, and stated that it "is used within a decentralized payment system . . . [that] allows users to make peer-to-peer transfers in any currency.  A key function of XRP is to facilitate the conversion of one currency to another."  Ex. 144 at RPLI_SEC 1080004.

1641.   The GAO Report described both bitcoin and the XRP Ledger as "decentralized" systems.  *Id.* at RPLI_SEC 1079998, RPLI_SEC 1080004.

1642.   The GAO consulted the SEC in connection with preparing the GAO Report, and the SEC reviewed a draft of the report before it was finalized and sent to Congress.  Ex. 158, SEC Answers to RFA Nos. 513–516; Ex. 144 at RPLI_SEC 1079996.

1643.   In May 2015, in a jointly issued Statement of Facts issued in connection with the settlement with Ripple, FinCEN, and the U.S. Department of Justice ("DOJ") wrote that XRP was a "virtual currency," that Ripple "provided virtual currency exchange transaction services," and that XRP II, LLC "engaged in sales of virtual currency to third parties."  Ex. 186, DOJ, Settlement Agreement, Attachment A (May 5, 2015); Ex. 187, FinCEN, "Assessment of Civil Money Penalty" (May 5, 2015), SEC-LIT-EPROD-000958592 ("Ripple Labs acted as a money services business" in its sales of XRP).

1644.   The 2015 Settlement Agreement with the DOJ and FinCEN noted that Ripple was a money services business ("MSB") under FinCEN's regulations and expressly permitted future

sales and distributions of XRP, including in secondary markets, provided they were conducted by a money services business registered with FinCEN and in compliance with federal laws and regulations applicable to money services businesses.  Ex. 186.

1645.   The SEC was aware of Ripple's settlement with the DOJ and FinCEN.  *See, e.g.*, Ex. 188, SEC-LIT-EMAILS-000337960.

1646.   At a November 9, 2015 conference organized by the Federal Reserve Bank of San Francisco, attendees of which included Chris Larsen, Jennifer Shasky (the head of FinCEN at the time), representatives from the SEC, and staff from other regulators, Ms. Shasky spoke about how the settlement with the DOJ and FinCEN had made Ripple a more regulatory-compliant company and the SEC representatives did not object or provide any comment.  Ex. 8 (Larsen Dep. Tr.) at 294:16–295:11.

1647.   In September 2015, the CFTC stated in a public order that "Bitcoin and other virtual currencies are encompassed in the definition and properly defined as commodities."  Ex. 189, In the Matter of Coinflip, Inc. et al., CFTC Docket No. 15-29 (Sept. 17, 2015) ("Coinflip Order").

1648.   The Coinflip Order received press attention and contributed to market participants and observers believing that virtual currencies were not securities.  *See, e.g.*, Ex. 190 (law professor observing in Sept. 17, 2015 article that "[t]he [Coinflip] action puts to rest any notion that virtual currencies qualify as securities.  Otherwise, the Securities and Exchange Commission would be bringing this action, not the CFTC."); Ex. 176 (Dec. 2016 law review article observing that CFTC was "at the forefront" among U.S. regulators "interested in regulating … virtual currencies"); Ex. 191 (Sept. 2015 news article observing that CFTC had "declar[ed] that virtual currencies are deemed 'commodities' covered under existing law").

1649.   In March 2017, an entity in the blockchain industry formally petitioned the SEC to propose and issue rules for the regulation of digital assets and blockchain technology, because of "the lack of regulatory clarity."   The SEC never acted on that petition.   Ex. 192, SEC-LIT-EMAILS-000339669 at -000339674; Ex. 158, SEC Answers to RFA Nos. 450-451.

1650.   On July 25, 2017, the SEC issued the DAO Report along with a press release, an investor bulletin on "Initial Coin Offerings," and a joint statement by the Divisions of Corporation Finance and Enforcement.   Ex. 193, *Rep. of Investigation Pursuant to Section 21(a) of the Sec. Exch. Act of 1934: The DAO*, Release No. 81207 (SEC July 25, 2017) ("DAO Report"); Ex. 141, Press Release, "SEC Issues Investigative Report Concluding DAO Tokens, a Digital Asset, Were Securities" (July 25, 2017); Ex. 142, "Investor Bulletin: Initial Coin Offerings" (July 25, 2017); Ex. 143, Statement by the Divisions of Corporation Finance and Enforcement on the Report of Investigation on The DAO (July 25, 2017).

1651.   All four public documents referred to in Paragraph 1650 discussed the offers and sales of digital assets to raise capital or "fund development of a digital platform, software, or other projects," and referred to those offers, sales, or distributions as "Initial Coin Offerings."   *See, e.g.*, Ex. 142.

1652.   The DAO Report was perceived by market participants as focused on capital-raising efforts by Decentralized Autonomous Organizations ("DAO"), in which purchasers of DAO tokens receive voting rights and sometimes certain other rights in assets held by a DAO. Market participants did not perceive the DAO Report as being focused on well-established digital assets like bitcoin, ether, or XRP.   SEC officials subsequently made public statements about the DAO Report that contributed to this public perception.   *See* Ex. 194 at RPLI_SEC 1093343-44 (Dec. 2017 public statement by Chair Clayton posing "[a] key question for all ICO market

participants: 'Is the coin or token a security?'" and noting that a significant concern that makes digital assets appear to be securities is when the asset offers "interests in a yet-to-be-built" system); Ex. 195 at RPLI_SEC 1096585-86 (Apr. 2018 Congressional testimony by Chair Clayton distinguishing between digital assets that are a "pure medium of exchange," which "has been determined by most people to not be a security," and "tokens, which are used to finance projects"); Ex. 196, SEC Division of Examinations, SEC Statement Urging Caution Around Celebrity Backed ICOs (Nov. 2017 SEC statement describing the DAO report as "warn[ing] that virtual tokens or coins sold in ICOs may be securities, and those who offer and sell securities in the United States must comply with the federal securities laws"); Ex. 197, Jay Clayton, *Chairman's Testimony on Virtual Currencies: The Roles of the SEC and CFTC* (Feb. 6, 2018) (Feb. 2018 Chair Clayton testimony that "there are cryptocurrencies that, at least as currently designed, promoted and used, do not appear to be securities"); PX 241 at ECF p.3 (June 2017 Hinman Speech distinguishing between ICOs promising "to create an innovative application of blockchain technology," which are likely securities, and sales of cryptocurrencies "once the network is up and running" after drawing initial funding from traditional sources, which are likely not securities); Ex. 198 (July 2018 article by well-respected law firm describing DAO Report as a meaningful step in the SEC's oversight "of the rapidly expanding ICO market"); Ex. 199 (Oct. 2017 article by well-respected law firm describing DAO report as the SEC "sharpening [its] focus on the rapidly developing market for ICOs").

1653.  Following the DAO Report, there was uncertainty and confusion among market participants and observers about when, if ever, a particular digital token would be regulated as a security by the SEC, particularly if that token was well-established or not part of a DAO or ICO. *See, e.g.*, Ex. 200 at SEC-SEC-E-0000120 (SEC-LIT-EMAILS-000470683) (Dec. 2017 letter

from Sen. Ron Wyden to Chair Clayton urging "clear and consistent guidance"); Ex. 201 at SEC-LIT-EMAILS-000342985 ("SEC Meeting Memo") (Oct. 2018 memo to SEC Staff from securities lawyers citing "largely unprecedented" confusion, such that "lawyers, law firms and other gatekeepers" advising "cryptocurrency markets" often disagree on "whether the federal securities laws apply at all, or what the analysis is for determining whether instruments are securities"); Ex. 202 at SEC-LIT-EMAILS-000342644 (June 2018 letter to SEC by counsel for fintech company asserting that "the current U.S. regulatory environment does not provide clarity necessary to definitively determine which virtual currencies will be deemed securities by the SEC – or more importantly, which will not.").

1654.   Some third-parties developed their own securities law "frameworks" to evaluate the risk of whether a particular digital asset was a security under *Howey*, and some of those frameworks were shared with the SEC.  Ex. 203 at SEC-LIT-EPROD-000959298-99 (Dec. 2017 emails from a blockchain software technology company to SEC sharing "Coinbase Securities Law Framework for Tokens" in advance of meeting); Ex. 204 at SEC-LIT-EPROD-000959456-62 (Dec. 2017 slide deck from blockchain software technology company highlighting the Coinbase "Framework"); Ex. 158, SEC Answer to RFA No. 568; Ex. 205 at SEC-LIT-EMAILS-000340369-70 (Dec. 8, 2017 email sharing "Coinbase Securities Law Framework for Tokens" with SEC); Ex. 274 (Sept. 2019 announcement by a well-respected law firm of third-party securities law framework developed because "industry participants have struggled when applying existing laws to the unique nature and characteristics of digital assets").

1655.   On December 11, 2017, in a publicly issued statement, Chair Clayton stated that "there are cryptocurrencies that do *not* appear to be securities," but did not name any.  Ex. 194 at RPLI_SEC 1093342 (emphasis added).

1656.   In 2017, the CFTC publicly issued a "Primer on Virtual Currencies," which stated that "virtual currencies are commodities."   Ex. 206 at SEC-LIT-EMAILS-000340302, -05; Ex. 158, SEC Answer to RFA No. 524.

1657.   By the end of 2017, more than 60 digital asset exchanges listed XRP.  *See* PX 500.20.

1658.   Not one of the more than 60 digital asset exchanges that listed XRP by the end of 2017 was registered with the SEC for the purpose of facilitating trading in digital assets.  Ex. 158, SEC Answer to RFA No. 570.

1659.   Prior to 2018, the SEC "had no trading policy regarding digital assets" that restricted SEC employees from buying and selling XRP and other digital assets.  *See, e.g.*, Order, Sept. 21, 2021 (Netburn, J.), ECF No. 354 at 1; Ex. 207 at SEC-LIT-EPROD-001345801 (Jan. 16, 2018 memo to SEC employees from SEC Office of the Ethics Counsel stating that all digital asset transactions must be precleared and reported).

1660.   On January 16, 2018, the SEC instituted an internal policy for its employees, which would take effect on January 19, 2018, requiring SEC employees to "preclear" with SEC administrators all transactions in digital assets prior to purchase or sale.  Ex. 207 at SEC-LIT-EPROD-001345801; Ex. 158, SEC Answers to RFA Nos. 263–264.

1661.   On February 6, 2018, Chair Clayton testified before Congress that "there are cryptocurrencies that, at least as currently designed, promoted and used, *do not appear to be* securities," but did not identify any such cryptocurrencies by name.  Ex. 197, Jay Clayton, *Virtual Currencies: The Roles of the SEC and CFTC* (Feb. 6, 2018) (emphasis added).

1662.   In his February 6, 2018 testimony, Clayton also stated that "many of the U.S.-based cryptocurrency trading platforms have elected to be regulated as money-transmission services.

Traditionally, from an oversight perspective, these predominantly state-regulated payment services had not been subject to direct oversight by the SEC or the CFTC." Clayton did not say that any digital asset exchange listing XRP or any other virtual currency needed to register with the SEC as a broker-dealer or national securities exchange. *Id.*; *see also* 15 U.S.C. § 780 (broker-dealer registration); 15 U.S.C. § 78l (national securities exchange registration).

1663.   On June 14, 2018, Hinman, then-Director of the SEC's Division of Corporation Finance, gave a public speech titled "Digital Asset Transactions: When *Howey* Met *Gary* (*Plastic*)" (the "Hinman Speech").  PX 241.

1664.   In the Hinman Speech, Hinman stated that transactions in a digital asset on a "sufficiently decentralized" network would not qualify as securities transactions.  He did not define "sufficiently decentralized."  PX 241 at ECF p. 4.

1665.   The term "sufficiently decentralized" used in the Hinman Speech did not previously appear in any of the laws or regulations within the SEC's jurisdiction, any court decisions applying the *Howey* standard, or any public SEC guidance, and the SEC has never offered a definition of "sufficiently decentralized."  PX 241 at ECF p. 4; *see also* Ex. 208, Petition for Rulemaking – Digital Asset Securities Regulation Submitted by Coinbase Global, Inc. (July 21, 2022) at 12 (July 2022 Petition for Rulemaking requesting clarity about "[w]hat constitutes 'sufficient decentralization'" as that phrase was used in the Hinman Speech).

1666.   Hinman also stated in the Hinman Speech that whether "the application [is] fully functioning or in early stages of development" is relevant to whether a digital asset is an investment contract.  PX 241 at ECF p. 6.

1667.   Hinman also stated in the Hinman Speech that whether a "person or group retained a stake or other interest in the digital asset such that it would be motivated to expend efforts to

cause an increase in value in the digital asset" was relevant to the investment contract analysis. PX 241 at ECF p. 5.

1668.  Hinman also stated in the Hinman Speech that "putting aside the fundraising that accompanied the creation of Ether, based on my understanding of the present state of Ether, the Ethereum network and its decentralized structure, current offers and sales of Ether are not securities transactions.  And, as with Bitcoin, applying the disclosure regime of the federal securities laws to current transactions in Ether would seem to add little value."  PX 241 at ECF p. 4.

1669.  Prior to Hinman's delivery of the Hinman Speech, various SEC officers and staff had provided comments and feedback to Hinman on drafts of the speech, including, among others:

(a) On May 3, 2018, David Fredrickson sent an email to Hinman and others attaching a document titled, "When does a security stop being a security," which stated that "[l]ock-ups for developers/promoters" were an "indicia of a non-security digital asset." Ex. 277 at SEC-LIT-EMAILS-000470972.

(b) On May 25, 2018, Valerie Szczepanik, an associate director of the Division of Corporation Finance, wrote regarding the draft speech, "I almost think the less detail the better," and "[t]his is introducing a concept, that will probably generate much discussion, and so leaving room for that discussion is good I think."  Ex. 209 at SEC-LIT-EMAILS-000470992.

(c) On June 6, 2018, the SEC's Division of Trading and Markets ("TM") asked Hinman to "please consider tying these factors more closely and explicitly to the *Howey* analysis."  Ex. 155 at SEC-LIT-EMAILS-000471133.

(d) Commenting on one of the draft speech's factors, which read "Has this person or group retained a stake or other interest in the digital asset such that it would be motivated to expend efforts to cause an increase in value in the digital asset," TM wrote: "Why is this factor relevant and how would it be applied?" *Id*.

(e) On June 6, 2018, commenting on the draft speech's application of the federal securities laws to digital assets, TM wrote: "the relevant question . . . is whether a digital asset meets the legal standards of a security, not whether it warrants regulation as a security." *Id.* at SEC-LIT-EMAILS-000471131.

(f) On June 8, 2018, the SEC Office of General Counsel ("OGC") wrote, concerning the discussion of Ethereum in the Hinman Speech, "We are still discussing this internally.  We also want to hear what CF [Corporation Finance] learns from its anticipated conversation with [Ethereum co-founder Vitalik] Buterin."  Ex. 156 at SEC-LIT-EMAILS-000471184, -190.

(g) The OGC proposed deleting one of the "factors to consider in assessing whether a digital asset is offered as an investment contract," commenting that it "does not seem relevant."  Ex. 156 at SEC-LIT-EMAILS-000471192.

(h) On June 12, 2018, Brett Redfearn, then-Director of the SEC's Division of Trading and Markets, wrote to Hinman, "because the list of factors is so extensive – and appears to include things that go beyond the typical *Howey* analysis (*e.g.*, hoarding) – we have concerns this might lead to greater confusion on what is a security."  Ex. 157 at SEC-LIT-EMAILS-000471315; Ex. 211, SEC-LIT-EMAILS-000471316 at 8.

(i) On June 12, 2018, the OGC wrote:  "While we agree that a central purpose of the Securities Act is to address an information asymmetry, I think we worry that it does not

follow that there is no longer an asymmetry once a network becomes decentralized . . . .
The fact that tokens on a sufficiently decentralized network are no longer securities – and
no longer are required to register, with all the benefits to investors of registration – seems
to point out what might be considered the 'regulatory gap' that exists in this space."  Ex.
152 at SEC-LIT-EMAILS-000471395, SEC-LIT-EMAILS-000471403.

(j) On June 12, 2018, the OGC proposed deleting the speech's references to ether,
writing, "[w]e still have reservations about including a statement directly about Ether in
the speech," in part because the statement would make it "difficult for the agency to take a
different position on Ether in the future."  Ex. 152 at SEC-LIT-EMAILS-000471404.

(k) The OGC's June 12 comments also proposed changes to the "factors to consider
in assessing whether a digital asset is offered as an investment contract," proposing to
delete one of the factors because "[t]he SEC has rejected" the view reflected in that factor.
Ex. 152 at SEC-LIT-EMAILS-000471406.

(l) The OGC's June 12 comments stated, with regard to the application of *Howey*
to digital assets: "only the purchase of land and service contract was the purchase of a
security (those who bought land only had not purchased a security)."  Ex. 152 at SEC-LIT-
EMAILS-000471399.

1670.  Market participants and observers regarded the Hinman Speech as announcing a
new "sufficiently decentralized" test by the SEC for digital assets.  *See, e.g.*, Ex. 212 at RPLI_SEC
1093406 (Jan. 2019 Blockchain Association article discussing the "sufficiently decentralized"
SEC "standard" set forth in the speech); Ex. 202 at SEC-LIT-EMAILS-000342653-54 (June 2018
letter from well-respected law firm on behalf of digital asset company to SEC Staff evaluating
digital asset under the "analytical framework" articulated in the Hinman Speech); Ex. 213 at SEC-

LIT-EPROD-001748211-12 (Aug. 2018 submission by well-respected law firm to SEC Staff on behalf of digital asset company stating that "*as requested* [the digital asset company] re-examined Director Hinman's *Gary Plastic* speech and other statements of the Staff" and is providing a memo summarizing how "Director Hinman's speech is applied to the … platform and tokens") (emphasis added); Ex. 214 at SEC-LIT-EMAILS-000466545-46, Ex. 215 at SEC-LIT-EMAILS-000466557-58 (Nov. 2018 communications from company to SEC Staff explaining why virtual currency not a security under Hinman Speech); Ex. 216 at 1 (Mar. 2019 letter from Chair Clayton to Rep. Ted Budd pointing to Hinman Speech as evidence that "the Commission has been transparent with the criteria used to determine whether a digital asset is . . . an investment contract"); Ex. 217 at SEC-LIT-EPROD-001463104 (Oct. 31, 2018 legal analysis submitted to SEC Staff by well-respected law firm on behalf of digital asset company in response to SEC staff "request[ing] that we provide a supplemental memorandum analyzing [digital asset] within the rubric of the factors outlined by [the Hinman Speech]."); Ex. 218, Jay Clayton, *Testimony on "Oversight of the U.S. Securities and Exchange Commission"* (June 21, 2018) at 14 (June 21, 2018 Chair Clayton Congressional testimony that the "[SEC] Corporation Finance Division Director recently further outlined the approach staff takes to evaluate whether a digital asset is a security").

1671.   As of the date of the Hinman Speech, the XRP Ledger was decentralized.  Ex. 1 (Schwartz Dep. Tr.) at 27:23–28:5, 101:18–102:8.

1672.   After the Hinman Speech, many market participants and observers concluded that XRP was not a security.  *See, e.g.*, Ex. 219, SEC-LIT-EPROD-000038987 (Feb. 2019 Coinbase email to SEC officials stating that Coinbase had decided to list XRP after identifying "credible arguments" that XRP was not a security); Ex. 116 (Feb. 2019 Coinbase blog post announcing that "Starting today, Coinbase supports XRP"); Ex. 220, SEC-LIT-EMAILS-000460257 (April 2019

legal memo from well-respected law firm to digital asset investment company determining that XRP was not a security); Ex. 221 at RPLI_SEC 0978762 (June 2020 article from former CFTC Commissioner assessing that XRP not a security); Ex. 149 (Sept. 2018 press release noting that digital asset exchange OKCoin listed five new cryptocurrencies, including XRP, described as "[a]n independent, decentralized digital asset.").

1673.    As of the date of the Hinman Speech, there was no consensus in the scientific community as to how to define or measure "decentralization" within blockchain systems.  Ex. 222, Neha Narula (@neha) (Director of the Digital Currency Initiative at the MIT Media Lab), TWITTER (July 15, 2018); *see also* Ex. 223 (Rebuttal Expert Report of Peter Adriaens) at 3-11; Ex. 224, A.R. Sai et al., *Taxonomy of Centralization in Public Blockchain Systems: A Systematic Literature Review*, 58 INFO. PROCESS & MGMT. 1, 3, 30 (2021).

1674.    On June 15, 2018, one day after the Hinman Speech, Neha Narula, Director of the Digital Currency Initiative at the MIT Media Lab, tweeted that she was "a little worried people from government agencies are throwing around the word 'decentralization' like we know what it means or how to evaluate it."  Ex. 222.

1675.    The Hinman Speech created uncertainty and confusion for market participants.  *See, e.g.*, Ex. 225 at SEC-LIT-EMAILS-000335178 (Oct. 2018 email from general counsel of blockchain company outlining proposed questions to Hinman at upcoming event, including the observation that "[E]very GC in this room can tell you the same story about an uncertain area of law.  You call 10 different law firms and they give you 10 different answers…. It's like the white light of your speech went through a prism and came out in 10 different colors of legal advice."); Ex. 201 at SEC-LIT-EMAILS-000342985 ("SEC Meeting Memo") (Oct. 23, 2018) (Oct. 2018 memo from securities lawyers to SEC a few months after Hinman Speech citing "largely

unprecedented" confusion in the market about whether or when digital assets constituted securities); Ex. 208 at 12 (July 2022 Petition for Rulemaking by Coinbase requesting clarity about "[w]hat constitutes 'sufficient decentralization'" as that phrase was used in the Hinman Speech).

1676.   On or about November 1, 2018, a group of securities lawyers, speaking on behalf of themselves as legal practitioners and not on behalf of any client, met in person with multiple senior SEC officials to discuss the "extremely unusual" and "largely unprecedented" level of confusion in the cryptocurrency markets that they noted in the SEC Meeting Memo, which they sent to the SEC on October 23, 2018.  Ex. 158, SEC Answers to RFA Nos. 851-854, 856-858; Ex. 201 at SEC-LIT-EMAILS-000342982.

1677.   The securities lawyers who met with SEC officials on November 1, 2018, included one former SEC lawyer whom Hinman testified at his deposition was "a respected member of the securities bar."  PX 258 at 180:5–9.

1678.   The SEC Meeting Memo stated in part:

> Token issuers can speak to two different well-regarded, experienced law firms, and get *diametrically opposite views on the current and future applicability of the federal securities laws*. … Law firms as a whole, and even lawyers within law firms, often disagree about the application in practice of particular securities law provisions (*e.g.*, does a company need to disclose a particular fact, does a particular activity cause a person to become an unregistered broker-dealer, etc.)  *Lawyers, law firms and other gatekeepers, however, do not typically disagree on, for example, whether the federal securities laws apply at all, or what the analysis is for determining whether instruments are securities.  That, however, is the state of play among gatekeepers in the cryptocurrency markets today.*

Ex. 201 at SEC-LIT-EMAILS-000342985 (emphasis added); Ex. 158, SEC Answers to RFA Nos. 851–854, 856–858, 865–880.

1679.   Under a header reading "**Confusion in the Token Markets**" (bolded in original), the SEC Meeting Memo observed that "the vast majority of those [prior enforcement] cases have

involved 'garden variety' *fraud* cases" and were inadequate to answer questions that securities

lawyers were "often" asked by market participants, such as "[H]as the SEC in effect determined

to grandfather tokens that are widely traded and held, much as the Staff has apparently decided

that Bitcoin and Ether are not securities?" and "Has the SEC, especially after Director Hinman's

Gary Plastics Speech, determined that many tokens are in fact not securities?"  Ex. 201 at SEC-

LIT-EMAILS-000342992-93 (emphasis added).

1680.   Until April 3, 2019, the SEC had never granted no-action relief relating to the offer

or sale of a digital asset, although it was requested to do so.  Ex. 159, SEC Answer to RFA No.

465; Ex. 158, SEC Answer to RFA Nos. 475, 480, 481; *see also* Ex. 140 ( ▮▮▮▮ Dep. Tr.) at

174:22–185:5 (SEC's own purported expert witness repeatedly casting doubt on the viability of

no-action relief prior to 2019 during testimony).

1681.   On April 3, 2019, the SEC's Strategic Hub for Innovation and Financial

Technology issued a written framework "for analyzing whether a digital asset has the

characteristics of one particular type of security – an 'investment contract.'"  Ex. 226, SEC,

*Framework for 'Investment Contract' Analysis of Digital Assets* (Apr. 3, 2019), at 1

("Framework").

1682.   The Framework stated that a digital asset is less likely to be considered a security

if the "distributed ledger network and digital asset are fully developed and operational," if

"[h]olders of the digital asset are immediately able to use it for its intended functionality on the

network," and "if it can immediately be used to make payments in a wide variety of contexts, or

acts as a substitute for real (or fiat) currency."  *Id*. at 7-8.

1683.   At the time the Framework was published in 2019, and for years prior, XRP and

the XRP Ledger were fully developed and operational.  *See* Ex. 2, D. Schwartz Decl. ¶ 4.

1684.   At the time the Framework was published in 2019, and for years prior, holders of XRP could immediately use it for its intended functionality on the XRP Ledger.  *See* Ex. 2, D. Schwartz Decl. ¶ 4.

1685.   At the time the Framework was published in 2019, and for years prior, XRP could be immediately used to make payments in a wide variety of contexts and could act as a substitute for fiat currencies.  Ex. 221 at RPLI_SEC 0978762; PX 6 at 242:18–243:1; Ex. 167 (collection of more than 3,000 affidavits by individual XRP purchasers, more than 700 of which state:  "I have acquired XRP . . . [a]s a form of currency for payment for goods and/or services I provided; and/or . . . [a]s a substitute for fiat currency, utilized as a store of value, and/or to purchase everyday items such as food, clothing, and other retail purchases"); Ex. 3, Osler Rep. ¶¶ 13, 42 ("XRP can be used to pay for physical goods through online platforms including Bitcoin Superstore and Shopify and travel through Travala."); Ex. 5, Adriaens Rep. ¶ 130 (XRP can be used to pay for travel), App'x C (XRP can be used to pay for TOCA Coffee and Beliani Furniture); Ex. 9, Birla Tr. at 257:21-259:2 (using an early Ripple product, "in essence, you could go to this cafe next door and pay for your coffee in," among others, "XRP"); Ex. 20, Long Decl. ¶ 7 (several major charities currently do or have accepted XRP for donations); Ex. 2, D. Schwartz Decl. ¶ 9; ECF No. 124 (proposed intervenors' non-exhaustive list of publicly available use cases for XRP); Ex. 3, Osler Rep. ¶ 42 (noting that ODL has been commercially available since 2019); Affidavit of Eugene Kesselman in Support of Amicus Brief, Oct. 14, 2022, ECF No. 661-1 ¶¶ 18-19, 21 (TapJets Founder and CEO explaining that TapJets began accepting XRP as payment after May 2018); Brief of Amicus Curiae TapJets, Inc. In Support of Defendant Ripple Labs, Inc. Motion for Summary Judgment, Oct. 14, 2022, ECF No. 661 at ECF pp. 4-5, 7-8 (same).

1686.   The differences between the Framework and the Hinman Speech added to confusion and the lack of regulatory clarity among market participants and observers.  PX 241 at ECF p. 4 (Hinman Speech containing "sufficiently decentralized" standard); Ex. 226 (Framework containing no mention of term "sufficiently decentralized"); Ex. 227 (Sept. 2019 CNBC column reporting that the Framework sent "conflicting signals" and created "uncertainty").

1687.   Between June 2017 and December 2020, sophisticated market participants— including digital asset exchanges, financial institutions, investment firms, and digital asset market makers—reached the conclusion that XRP was likely not a security.  *See, e.g.*, Ex. 228 at SEC-LIT-EPROD-000738402, -8422 (Dec. 2017 letter from global asset management firm to SEC based on legal analysis from well-respected law firm concluding that XRP was not a security); Ex. 229 at SEC-LIT-EPROD-000038987 (Feb. 2019 email from Coinbase to SEC sharing legal assessment concluding XRP was likely not a security); Ex. 220 at SEC-LIT-EMAILS-000460257 (Apr. 2019 legal memo from well-respected law firm for investment firm concluding that XRP was not a security); Ex. 230 at RPLI_SEC 1094857 (Nov. 2019 legal memo for digital asset market maker concluding that XRP was likely not a security).

1688.   Some market participants shared with the SEC their legal analysis concluding that XRP was likely not a security.  *See, e.g*., Ex. 228 at SEC-LIT-EPROD-000738402, -8422 (Dec. 2017 letter from global asset management firm to SEC based on legal analysis from well-respected law firm concluding that XRP was not a security); Ex. 229 at SEC-LIT-EPROD-000038987 (Feb. 2019 email from Coinbase to SEC sharing legal assessment concluding XRP likely was not a security); Ex. 158, SEC Answers to RFA Nos. 677, 678 (Apr. 2019 legal opinion from well-respected law firm for digital asset investment firm provided to SEC); Ex. 230 at RPLI_SEC

1094857 (digital asset market maker provided Nov. 2019 legal opinion to SEC concluding that XRP likely not a security).

1689.  In December 2017, representatives from a global asset management firm met in person with SEC staff members concerning a new "investment fund that holds a market-weighted group of digital assets, initially bitcoin, ether, and XRP," and shared with the SEC its legal analyses supporting the conclusion that XRP is not a security.  Ex. 228 at SEC-LIT-EPROD-000738402 (Dec. 15, 2017 letter to SEC concluding "that none of bitcoin, ether or XRP should be considered an investment contract and none should therefore be treated as a security"); Ex. 158, SEC Answers to RFA Nos. 760, 773; Ex. 231 at SEC-LIT-EPROD-000738360 (Dec. 2017 memo from well-respected law firm concluding XRP should not be treated as security because, *inter alia*, "ownership of XRP, like ownership of BTC and ETH, does not involve a 'common enterprise with profits to come solely from the efforts of others.'"); Ex 278 at SEC-LIT-EPROD-000738336 (April 16, 2018 letter to SEC staff from well-respected law firm on behalf of global asset management firm stating: "XRP is designed to have primarily consumptive uses, rather than serve as an investment vehicle.").

1690.  During the December 2017 meeting referenced in Paragraph 1689, no one from the SEC told the global asset management firm that XRP was a security.  Ex. 158, SEC Answers to RFA Nos. 766, 767.

1691.  Subsequent to the meeting with the SEC in 2017 referenced in Paragraph 1689, the global asset management firm purchased XRP from Ripple.  *See, e.g.*, Ex. 232, RPLI_SEC 0102900.

1692.  On February 14, 2019, Coinbase, a major U.S.-based digital asset exchange, sent its legal analysis concluding that XRP was not a security under the federal securities laws to SEC

officials in advance of listing XRP on its trading platform.   Ex. 229, SEC-LIT-EPROD-000038987-88.   In a cover email to the SEC summarizing the legal analysis, a Coinbase representative wrote: "Our review process also identified, in consultation with outside counsel, credible arguments that XRP is not a security and thus may permissibly be listed on our U.S. trading platform." *Id.* at SEC-LIT-EPROD-000038987.

1693.   On February 28, 2019, Coinbase listed XRP on its U.S. trading platform.   Ex. 116.

1694.   The SEC did not inform Coinbase that it considered transactions in XRP to involve securities.   Ex. 158, SEC Answer to RFA No. 619.

1695.   Coinbase continued to list XRP on its U.S. trading platform through the end of 2020, and de-listed XRP only after the filing of the complaint in this action.   Ex. 233, *Coinbase will suspend trading in XRP on January 19*, COINBASE BLOG (December 28, 2020).

1696.   On or about March 6, 2018, a digital asset investment company launched an investment trust that managed XRP holdings ("XRP Investment Trust").   Ex. 234.

1697.   Between 2018 and 2020, the SEC was aware that the digital asset investment company referenced in Paragraph 1696 had an investment vehicle that transacted in XRP.   Ex. 158, SEC Answer to RFA No. 693.

1698.   On April 8, 2019, the digital asset investment company referenced in Paragraph 1696 obtained a legal opinion from a well-respected law firm in connection with the XRP Investment Trust that concluded that there were "reasonable grounds to conclude that XRP does not satisfy all the elements of the *Howey* Analysis and is therefore not a 'security' for purposes of the federal securities laws."   Ex. 220, SEC-LIT-EMAILS-000460257.

1699.   The legal opinion referenced in Paragraph 1698 was authored by a lawyer whom Hinman testified was a respected member of the securities bar.  PX 258 (Hinman Dep. Tr.) at 205:1-3.

1700.   The SEC received a copy of the legal opinion referenced in Paragraph 1698 and advising that XRP was not a security.  Ex. 158, SEC Answer to RFA Nos. 677, 678.

1701.   On or about November 22, 2019, MoneyGram, Inc. ("MGI"), a cross-border payments and money transfer firm, submitted a letter to the SEC seeking pre-clearance of its accounting treatment of certain payments MGI received from Ripple in XRP in connection with MGI's use of ODL.  Ex. 158, SEC Answer to RFA No. 998.

1702.   The MGI letter explained that MGI would receive certain payments from Ripple to support its use of XRP in certain transactions, that MGI would transact in XRP daily, and that the payments would vary depending on the volume of MGI's XRP transactions.  Ex. 158, SEC Answers to RFA Nos. 999–1001.

1703.   The MGI letter attached the agreements that MGI had at that time entered with Ripple with respect to its use of the ODL product.  Ex. 158, SEC Answer to RFA No. 1002.

1704.   In and after November 2019, MGI continued to communicate with SEC staff members about the accounting treatment of the payments described in its initial letter.  Ex. 158, SEC Answer to RFA No. 1004.

1705.   MGI's proposed accounting treatment of XRP did not treat XRP as a security.  Ex. 171, Expert Report of Peter Easton (Oct. 4, 2021) ¶¶ 77–79.

1706.   The SEC never objected to MGI's accounting treatment of XRP as presented in MGI's filings with the SEC, and it never informed MGI that XRP was a security or that MGI was

violating the federal securities laws by engaging in transactions in XRP.  Ex. 158, SEC Answers to RFA Nos. 1006–1007.

1707.   After November 2019, MGI continued to receive certain payments from Ripple to support its use of XRP in certain transactions and continued to transact in XRP in connection with its use of the ODL product.  *See* Ex. 235, Team Ripple, *Bitso and Ripple Are Delivering Friction-Free Exchange Across Latin America*, RIPPLE INSIGHTS (Mar. 5, 2020).

1708.   Bittrex is a digital asset exchange that listed XRP on its platform as of January 29, 2018.  Ex. 275, SEC Answer to RFA No. 248.

1709.   On or about January 29, 2018, representatives from Bittrex met with SEC officials for an in-person discussion ("Bittrex-SEC Meeting").  Ex. 236, SEC v. Ripple RL-B-0000027; Ex. 275, SEC Answer to RFA No. 238.

1710.   During the Bittrex-SEC Meeting, none of the SEC attendees expressed the view that XRP was a security, nor did any SEC attendee express the view that Bittrex should de-list XRP or consider de-listing XRP.  Ex. 275, SEC Answer to RFA No. 250-253.

1711.   After the January 29, 2018 meeting with the SEC, Bittrex continued to list XRP until after the filing of the complaint in this action.  Ex. 237, Bittrex, *XRP market removal 01/15/2021*, BITTREX ZENDESK.

1712.   The SEC received at least 57 unique inquiries from market participants between 2018 and 2020 about the regulatory status of XRP and never indicated in response to any of them that XRP was a security.  Ex. 159, SEC Answers to RFA Nos. 319–320, 343-344; Ex. 158, SEC Answers to RFA Nos. 322–337, 342, 345–439; *see also* Ex. 158, SEC Answer to RFA No. 560 (admitting that, prior to December 22, 2020, the SEC never publicly stated that it considered transactions in XRP to involve securities).

1713.   On or about February 18, 2020, the SEC Division of Enforcement informed Ripple and Brad Garlinghouse, in written correspondence, that its pending investigation into Ripple "does not mean that we have concluded that anyone has violated the law."  ECF No. 172-1 at ECF p. 4.

1714.   As late as October 21, 2020, the SEC informed market participants in written correspondence that it had not made "a determination on whether the cryptocurrency XRP is a security" and would not comment on "whether the SEC will make a determination as to whether XRP is a security."  Ex. 165; *see also* Ex. 238, RPLI_SEC 0580037 (Aug. 2019 email from Ripple business partner to Larsen and Garlinghouse reporting on meeting with Commissioner Peirce and her counsel, in which Peirce was asked "whether XRP is defined as coins or securities," and Peirce responded "that it will take a very long time for SEC to make this decision").

1715.   As of December 2020, none of the more than 200 digital asset exchanges that listed XRP was registered with the SEC for the purpose of facilitating trading in digital assets.  *See* PX 81 at 300:23-25; Ex. 158, SEC Answer to RFA No. 570; Ex. 239, Team Ripple, *Q4 2020 XRP Markets Report*, RIPPLE INSIGHTS (Feb. 5, 2021).

1716.   SEC Commissioners have acknowledged the lack of regulatory clarity provided by the SEC regarding digital assets, including the following:

(a) On November 24, 2018, Commissioner Peirce stated, "One thing that I really would like to emphasize is that I think we're bringing enforcement actions, but we also need to provide some guidance that doesn't come in the form of enforcement.  And so I'm eager for us to maybe provide some guidance that comes in the form of guidance, not actually in enforcement action because I don't think that's the best way for people to understand our thinking."  Ex. 240, What Bitcoin Did podcast (Nov. 24, 2018),

https://www.whatbitcoindid.com/podcast/the-secs-hester-peirce-on-regulating-cryptocurrencies.

(b) In April 2019, Commissioner Robert Jackson spoke publicly to an audience at the New York Financial Writers' Association and asked an audience member the following question about the SEC's position on the status of digital assets under the U.S. securities laws: "Do you think we've been clear enough about that?"   The audience member responded, "No," and Jackson said, "Yeah, yeah, I expected you'd say that."  Ex. 241 at RPLI_SEC 1141319.

(c) In June 2019, Commissioner Jackson publicly stated, "we have to take principles that are 80 years old, 90 years old, and apply them to this brand-new technology. And we often disagree about exactly how to do that."  Ex. 242 at RPLI_SEC 1141366-67.

(d) In March 2021, Commissioner Peirce stated that "one of the main questions posed to the SEC [is] when is a digital asset a security?  Despite the frequency with which this question is asked, clear answers are rare.  The breadth of our statutory definition of the term 'security' and the complexity of the guidance the Commission has provided contribute to this lack of clarity. . . . The SEC staff has provided guidance to help people make these determinations, but the guidance is difficult to apply. . . ."  Ex. 244, Hester M. Peirce, Paper, Plastic, Peer-to-Peer, SEC (March 15, 2021).

(e) In July 2021, Commissioners Peirce and Roisman wrote that "[t]here is a decided lack of clarity for market participants around the application of the securities laws to digital assets and their trading[.]"  Ex. 245, Commissioner Hester M. Peirce and Elad Roisman, In the Matter of Coinschedule, SEC (July 14, 2021).

(f) In October 2021, Commissioner Peirce gave a speech in which she stated: "A fundamental area of conflict between the SEC and the public is how much legal clarity there is around digital assets …. The idea that there is clarity as to when crypto assets are securities must come as a surprise to the lawyers advising crypto projects that have struggled with this issue for years." *See* Ex. 246, Hester M. Peirce, Lawless in Austin, SEC (Oct. 8, 2021).

(g) In March 2022, Commissioner Peirce stated: "The Commission has refused, despite many pleas over many years, to provide regulatory guidance about how our rules apply to crypto-assets, so some of the responsibility for the lack of legal and regulatory clarity lies at our doorstep."  Ex. 247, Commissioner Hester M. Peirce, Response to Staff Accounting Bulletin No. 121, SEC (Mar. 31, 2022).

(h) In September 2022, Commissioner Uyeda stated: "Today, one big, difficult, and complex issue that is conspicuously absent from the Commission's published regulatory agenda is how to regulate crypto assets and related services.  Market participants have expressed significant concerns regarding the lack of regulatory guidance in this space. There is a widespread concern that the lack of predictability with regard to our regulation may encourage crypto firms to relocate to other jurisdictions."  Ex. 243, Commissioner Mark T. Uyeda, "Remarks at the 'SEC Speaks' Conference 2022."

1717.   Members of Congress have spoken about the lack of regulatory clarity regarding digital assets.  *See, e.g.*, Ex. 248 (U.S. Rep. Tom Emmer stating in March 2021 that "[w]e just need more clarity, period … There's just an unreasonable level of uncertainty with the way the federal securities laws should be applied to transactions involving the sale of blockchain-based tokens."); Ex. 200 at SEC-SEC-E-0000120 (SEC-LIT-EMAILS-000470683) (Dec. 2017 letter

from Sen. Ron Wyden to Chair Clayton urging "clear and consistent guidance"); Ex. 175 (Oct.

2022 letter from Sen. Hickenlooper to Chair Gensler stating that a "formal regulatory process is

needed now" for digital assets and "urg[ing] the SEC to issue regulations for digital asset securities

through a transparent notice-and-comment regulatory process.").

1718.   Foreign regulators have concluded that XRP is not a security or is unlikely to be a

security.  *See* Ex. 249 (Jan. 2021 article observing that Japan's securities regulator, the FSA, "has

confirmed . . . that it views XRP as a cryptocurrency and not as security."); Ex. 250, Monetary

Authority of Singapore, A Guide to Digital Token Offerings (May 26, 2020) (May 2020 non-

binding guidance from Singapore explaining that "XRP would likely not be treated as a security").

1719.   Numerous U.S. federal agencies have publicly stated that XRP is a virtual currency.

*See* Ex. 144 at RPLI_SEC 1080005 (GAO Report calling XRP a "prominent example[]" of a

"virtual currenc[y] … not based on the bitcoin protocol"); Ex. 186 (FinCEN and DOJ calling XRP

a "virtual currency").

1720.   From 2013 through 2020, XRP was not considered a security under U.S. accounting

principles.  *See* Ex. 171, Expert Report of Peter Easton (Oct. 4, 2021) ¶ 84 ("XRP does not have

the characteristics of a security as defined by U.S. GAAP"); *id.* ¶ 91 ("it would be improper for

Ripple to account for sales and transactions involving XRP as the offer and sale of securities under

U.S. GAAP").

1721.   From 2013 through 2020, XRP was not considered a security for purposes of U.S.

tax law.  *See* Ex. 251, Expert Report of Bradley Borden (Oct. 4, 2021) ¶ 33 ("reasonable buyers

and sellers of virtual currency such as XRP would not expect such currency to come within a

federal income tax definition of securities").

C.     **Additional Material Facts Precluding Summary Judgment on the SEC's Aiding and Abetting Claim Against Larsen**

1722.    Larsen was Chief Executive Officer of Ripple from September 2012 through December 2016.  Ex. 8 at 49:16-18.

1723.    On November 1, 2016, Larsen announced he had decided to "transition to executive chairman of the board."  Ex. 75, RPLI_SEC 0042736.  In the announcement, Larsen stated that he was "look[ing] forward to moving beyond day-to-day operations to focus [his] energy on continuing to lead Ripple's strategic direction."  *Id.*  Larsen transitioned out of the CEO role because he wanted to spend more time with his two young sons, ███████████████. *Id.*

1724.    Employees who had previously reported to Larsen stopped reporting to him when he became Executive Chairman.  Ex. 27 at 19:28-20:23 (Griffin stopped reporting to Larsen in 2015 or 2016); Ex. 24 at 29:21-30:7 (Long reported to Garlinghouse once he was CEO); Ex. 9 at 18:11-20:25 (Birla only reported to Larsen when he was CEO); PX 18 (A. O'Gorman Tr.) at 33:9-21 (O'Gorman stopped reporting to Larsen when he stepped down as CEO).

1725.    After he stepped down as CEO, Larsen no longer attended the XRP Sales Meetings on a regular basis.  Ex. 38 at 35:22-36:11 (regarding the XRP Sales Meetings, "Chris [Larsen] was there every week in the beginning for about the first year or so and then would attend periodically."); Ex. 118, LARSEN-SEC-LIT-00003195 ("XRP sale call, join or skip?"); Ex. 119, LARSEN-SEC-LIT-00003196 ("Skip"); Ex. 120, LARSEN-SEC-LIT-00003197; Ex. 121, LARSEN-SEC-LIT-00003198 (same); Ex. 122, LARSEN-SEC-LIT-00003203; Ex. 123, LARSEN-SEC-LIT-00003204 (same); Ex. 124, LARSEN-SEC-LIT-00003241; Ex. 125, LARSEN-SEC-LIT-00003242 (same); Ex. 126, LARSEN-SEC-LIT-00003254; Ex. 127, LARSEN-SEC-LIT-00003255 (same); Ex. 128, LARSEN-SEC-LIT-00003274; Ex. 129,

LARSEN-SEC-LIT-00003275 (same); Ex. 130, LARSEN-SEC-LIT-00003276; Ex. 131, LARSEN-SEC-LIT-00003277 (same).

1726.  Even when Larsen attended the XRP Sales Meetings, Larsen was not an active participant.  Ex. 10 at 57:11-22 (describing Chris as a "listener" who "might ask a question or two.").

1727.  Larsen's approval was not necessary for the XRP Markets team to operate.  Ex. 10, at 55:6-22 ("Did you need him to either approve or endorse anything that the XRP [] markets team did? A. No.").

1728.  Outside of his periodic attendance at XRP Sales Meetings, employees had infrequent interactions with Larsen.  Ex. 10 at 54:4-7 (Vias had infrequent contact with Larsen); PX 23 (R. Will Tr.) at 88:19-89:3 (outside of Board meetings, he interacted with Chris "infrequently," "maybe once a month," and the exchange was typically "pleasantries in the hallways"); Ex. 21 at 50:15-18 ("My interactions with Larsen were infrequent and generally giving him a high-level perspective on what we were doing with the Xpring initiative").

1729.  When he became Executive Chairman, Larsen attended Board meetings, but he no longer had day-to-day operational responsibility for the company.  Ex. 18 at 396:2-17 (Larsen "shows up as a board member at board meetings, but his day-to-day responsibility was dropped").

1730.  Larsen understood that Ripple took specific steps to ensure compliance with the advice in the October 2012 Perkins Coie memorandum.  Ex. 8 at 252:19-253:15.

1731.  Between 2012 and the issuance of the DAO Report in 2017, Larsen was aware that the SEC did not express any concern with XRP or Ripple's activities.  Ex. 169, SJ Opp. Larsen Decl. ¶ 6.

1732.   Between 2012 and the issuance of the DAO Report, Larsen understood that the SEC had not issued any public guidance on digital assets.  Ex. 169, SJ Opp. Larsen Decl. ¶ 6.

1733.   Before the SEC issued the DAO Report, Larsen learned that FinCEN and the U.S. Treasury Department issued guidance on cryptocurrencies.  Based on that guidance, Larsen believed it was clear that FinCEN and Treasury were going to be the "key regulator" for cryptocurrency.  Ex. 8 at 275:7-24.

1734.   Larsen understood Ripple's 2015 settlement with FinCEN and the Department of Justice as an "official United States government declaration that XRP is a currency" and therefore "exempt from the securities laws."  Ex. 8 at 290:21-24, 291:11-15; Ex. 169, SJ Opp. Larsen Decl. ¶ 5.

1735.   Shortly after the FinCEN settlement in 2015, Larsen and SEC personnel both attended a conference that discussed Ripple's experience with FinCEN.  During that conference, a representative from FinCEN stated that the settlement made Ripple "more regulatory compliant," and the SEC did not correct or challenge that statement.  Ex. 8 at 293:16-294:11.

1736.   Between 2012 and the filing of the Complaint, Larsen understood that XRP operated as a store of value.  Ex. 8 at 233:7-21.

1737.   Between 2012 and the filing of the Complaint, Larsen understood that XRP operated as a medium of exchange.  Ex. 8 at 233:7-21.

1738.   Between 2012 and the filing of the Complaint, Larsen understood that XRP operated as a unit of account.  Ex. 8 at 233:7-21.

1739.   Between 2012 and the filing of the Complaint, Larsen understood that "that people are involved in the – these currency markets as medium of exchange, for store value, unit of

account, all the reasons that people would be interested in cryptocurrency markets." Ex. 8 at 90:3-7.

1740.   Between 2012 and the filing of the Complaint, Larsen was aware that XRP could be used to purchase goods and services.  Ex. 8 at 201:9-12, 203:12-16, 205:15-18 (describing business expenses Ripple paid for with XRP).  Larsen himself used XRP to purchase goods and services on occasion.  Ex. 8 at 93:6-8 (Larsen used XRP to purchase goods or services).

1741.   Between 2012 and the filing of the Complaint, Larsen understood that bitcoin and (after its launch) ether were the two digital assets that were most similar to XRP.  Ex. 8 at 182:22-183:14 (XRP "had exactly the utility Bitcoin had, Ethereum later had" when it was created), 233:7-21; Ex. 169, SJ Opp. Larsen Decl. ¶ 7.

1742.   Larsen understood from the 2018 speech by the then-Director of the SEC Division of Corporation Finance, Bill Hinman, that neither bitcoin nor ether were securities.  Ex. 169, SJ Opp. Larsen Decl. ¶ 8.

1743.   Because Larsen considered bitcoin and ether to be the digital assets most similar to XRP, Hinman's declaration that bitcoin and ether were not securities reinforced Larsen's view that XRP was not a security.  Ex. 169, SJ Opp. Larsen Decl. ¶ 8.

1744.   Larsen understood that multiple foreign regulators had determined that XRP was not a security.  *See* Ex. 8 at 312:9-13 ("It is crystal clear what the regulation is in enormous markets of Japan, Singapore, United Kingdom, Switzerland, UAE, who have made it crystal clear that XRP is a currency.").

1745.   Between 2012 and the filing of the Complaint, Larsen understood that XRP holders did not have a right to Ripple's profits based on their ownership of XRP.  Ex. 169, SJ Opp. Larsen Decl. ¶ 9.

1746.   Before the filing of the Complaint, Larsen understood that XRP holders did not have a right to Ripple's earnings based on their ownership of XRP.  Ex. 169, SJ Opp. Larsen Decl. ¶ 9.

1747.   Between 2012 and the filing of the Complaint, Larsen understood that Ripple had no contractual or other obligations to XRP holders.  Ex. 169, SJ Opp. Larsen Decl. ¶ 10.

1748.   Between 2012 and the filing of the Complaint, Larsen understood that the proceeds from his personal sales of XRP were not combined with Ripple's corporate accounts.  Ex. 169, SJ Opp. Larsen Decl. ¶ 11.

1749.   Between 2012 and the filing of the Complaint, Larsen understood that the proceeds from other individuals' XRP sales were not combined with Ripple's corporate accounts.  Ex. 169, SJ Opp. Larsen Decl. ¶ 11.

1750.   Between 2012 and the filing of the Complaint, Larsen understood that Ripple did not manage, operate, or control all parts of the XRP Ledger or any broader "XRP ecosystem."  Ex. 169, SJ Opp. Larsen Decl. ¶ 12; Ex. 8, Larsen Tr. 398:2-6 ("The XRP Ledger is open-source permissionless so anybody can integrate to it," just like the Bitcoin or Ethereum decentralized ledgers).

1751.   Between 2012 and the filing of the Complaint, Larsen understood that other individuals may have wanted the price of XRP to increase, but he was also aware that simply wanting a higher price was true for a number of non-security assets. Ex. 169, SJ Opp. Larsen Decl. ¶ 13.

1752.   Between 2012 and the filing of the Complaint, Larsen understood that the price of XRP was associated with other cryptocurrencies, mainly bitcoin and ether, not with any particular action by Ripple.  Ex. 169, SJ Opp. Larsen Decl. ¶ 14.

1753.   Between 2012 and the filing of the Complaint, Larsen understood that if Ripple ceased to exist, XRP would continue to exist.  Ex. 169, SJ Opp. Larsen Decl. ¶ 15.

1754.   Between 2012 and today, Larsen has maintained that XRP is a currency.  Ex. 8 at 16:24-17:5 ("All currencies are assets.  [XRP] is a currency."); 148:19-21 ("[XRP is] a currency, and it has all the attributes of a currency."); 179:3-9 ("XRP was a currency, currencies are assets, so currencies would be under the classification of assets on a balance sheet."); Ex. 169, SJ Opp. Larsen Decl. ¶ 16.

1755.   Between 2012 and today, Larsen has maintained that XRP is not a security.  Ex. 169, SJ Opp. Larsen Decl. ¶ 16.

### D.    Additional Material Facts Precluding Summary Judgment on the SEC's Aiding and Abetting Claim Against Garlinghouse

1756.   In 2015, when Garlinghouse joined Ripple as COO, Ripple had already been developing products that used XRP.  ECF 46, Am. Compl. ¶ 17; Ex. 9, (Birla Dep. Tr.), at 22:7-11, 40:2-23 (reflecting that Birla joined Ripple in 2015 and "[s]ince [he] started at Ripple, [he has] developed products at Ripple, some of which leverage XRP"); Ex. 8 (Larsen Tr.) at 185:21-186:10 (Q: "… in the fall of 2013, was Ripple making any efforts to create applications that used XRP? A: "Yes").

1757.   By that time, there was a use case for XRP as a bridge currency.  Ex. 1 (Schwartz Dep. Tr.) at 41:22-42:10 (Q: "When did that use case as bridge currency come into existence, if at all? A: "I think … the use as sort of intermediary asset on the ledger was a very early idea, early 2013.").

1758.   By approximately 2014, XRP had started being used as a form of payment by third parties.  Ex. 1 (Schwartz Dep. Tr.) at 39:13-22 ("Roughly 2014, XRP started being used essentially as a means of payment.").

1759.   One of Garlinghouse's areas of focus when he joined Ripple in 2015 was to ensure Ripple was complying with its settlement with FinCEN and DOJ.  Ex. 252, RPLI_SEC 0221653.

1760.   Based on this settlement, Garlinghouse understood that XRP was regulated as a currency.   Ex. 253, SEC-LIT-EPROD-000615887 ("XRP should be regulated as a currency. FinCEN and the DOJ confirmed this in 2015"); PX 81 (Garlinghouse Dep. Tr.) at 278:14-279:25 (testifying that he found out about the FinCEN settlement "within the first few weeks of my tenure at Ripple" and "I think any time a government is speaking authoritatively thought a court system and describing something in a certain way, it provides a certain level of clarity … that the government has said they view XRP as a virtual currency").

1761.   Throughout his time at Ripple, Garlinghouse has spoken both publicly and privately about the regulatory status of XRP with stakeholders, Ripple investors, Ripple colleagues, Ripple employees, and friends.   *See, e.g.*, Ex. 253,  SEC-LIT-EPROD-000615887 (email from Garlinghouse to Ripple investors and advisors discussing, in part, the regulatory status of XRP); Ex. 254, SEC-LIT-EPROD-000615905 (email from Garlinghouse to Ripple "shareholders, advisors, and friends" discussing the regulatory status of XRP); Ex. 255, RPLI_SEC 0460887 (email from Garlinghouse to Ripple employees discussing the same); PX 503.25 at 18:24-19:13 (interview transcript of Garlinghouse discussing, in part, the same); PX 36 (Garlingouse Inv. Tr.) at 43:20-44:1 (Garlinghouse explaining that he views regulators as "part of the stakeholder group.").  Garlinghouse has never stated in any forum that he believed XRP is a security.  *Id.*

1762.   Garlinghouse has continuously expressed his view that XRP was not a security. *See, e.g.*, Ex. 256, RPLI_SEC 0065738 (explaining in 2018 letter to Coinbase why XRP is not a security); Ex. 257, RPLI_SEC 0054426 ("I've never said I don't 'believe' [XRP is] a security. I've said that it's NOT a security.  There is an important difference there."); Ex. 258, RPLI_SEC 0626650 (stating in 2018 email that he "continue[s] to gather evidence that the SEC (and those tangential to the SEC) do NOT believe that XRP is a security."); Ex. 259, RPLI_SEC 0491179 (telling Ripple shareholders in 2019 that "it's very clear to me that XRP is not a security").

1763.  Ripple's   Chief   Compliance   Officer,   Antoinette   O'Gorman,   never   told Garlinghouse that XRP was a security or that she believed XRP to have "securities-type characteristics."  Rather, O'Gorman told Garlinghouse that in a meeting with ███████ when discussing "Ripple's position that XRP is not a security," a meeting participant raised that XRP "certainly has some 'securities-type' characteristics."  PX 252; PX 18 (O'Gorman Dep. Tr.) at 229:7-230:25 (Q: "Who if anyone at the meeting with ████████ said that XRP certainly has some securities-type characteristics?" A "I don't know specifically whether it was ████ or whether it was ████ from ███████."  … Q "So one of the gentlemen from ████████ told you and Zagone at the meeting that XRP has some securities-type characteristics?"  A "It appeared that it may have certain securities-type characteristics.").

1764.  But O'Gorman herself did not agree that XRP had securities-type characteristics. PX 18 (O'Gorman Dep. Tr.) at 229:7-231:17 (Q: "Did you come away from the meeting with ████████ ████ agreeing that XRP had securities-type characteristics?" A: "I didn't come away from the meeting with ████████ on that, but I – no.  I didn't come away from the meeting with that."). O'Gorman said "we do need to hone our playbook / messaging" for Ripple "to be more clear in [its] language."  PX 252; PX 18 (O'Gorman Dep. Tr.) at 234:2-21.

1765.  O'Gorman clarified that there was no "certainty" about XRP having "securities-type characteristics."  PX 18 (O'Gorman Dep. Tr.) at 231:1-3 ("I used the word 'certainly.'  That's what I wrote here.  But as I say, there was no certainty around it.  I don't know why I used that word.").

1766.  O'Gorman understood that XRP was not a security.  PX 18 (O'Gorman Dep. Tr.) at 217:23-218:3 ("Q: Did you take a position at the meeting with ████████ about whether or not XRP should be classified as a security?  A: I didn't say it should be classified as a security, no."); 218:12-14 ("A: … That was my view. Q: That XRP was not a security? A: That's right.").

1767.  O'Gorman informed Garlinghouse only that there was a risk, without opining on the magnitude or likelihood of such risk, that XRP could be deemed a security due to an absence of guidance from the SEC.  PX 18 (O'Gorman Dep. Tr.) at 235:17-20 (O'Gorman testified that she "raised there was always the potential.  There was a risk.  And absent guidance from the SEC, there was always going to be that risk.").

1768.  Garlinghouse's view that XRP was not a security was based in part on his knowledge that XRP had never been offered through an ICO, which was a common attribute of the entities that had been subject to prior SEC enforcement actions regarding digital assets.  Ex. 260, "ICO = IPO" Blog post, https://ripple.com/insights/icoipo-sec-right-regulate-initial-coin-offerings/ ("This culling of the herd should not affect utilitarian assets like XRP, which can be used by payment providers and banks to enable faster, more efficient cross-border payments.  The SEC ruling implies that digital assets whose value is based on established use cases and not ambiguous promises, are distinguishable from ICO tokens."); PX 503.06 at 7:18-22 ("ICOs, these initial coin offerings where people are issuing tokens that are really more like securities than actually have a token that has utility the way, you know, XRP solves a problem, it has utility in

solving a payments problem."); Ex. 261, Brad Garlinghouse and Cory Johnson, *Ripple Live: Ask Me Anything with Brad Garlinghouse and Cory Johnson (2018)*, YouTube (Apr. 27, 2018), https://www.youtube.com/watch?v=6d3Czi4dgn0 ("I think what you're seeing is an appropriate conversation because a lot of the activity in this space—these are ICOs where the token has no utility, and I think you're going to find that the vast, vast, vast, vast majority of them are, in fact, going to be deemed securities. For me, nothing has really changed, and I think it's clear that XRP should not be viewed as a security").

1769. After reviewing then-Director of Corporation Finance Bill Hinman's June 2018 speech "Digital Asset Transactions: When Howey Met Gary (Plastic)," Garlinghouse viewed XRP as being sufficiently decentralized so as not to be a security. PX 241 (Director Hinman's June 2018 speech); Ex. 172, RPLI_SEC 0579742 ("On decentralization, Bill noted that where a network is sufficiently decentralized, purchasers cannot reasonably expect a third party to conduct essential managerial or entrepreneurial efforts. … in many ways, XRP's network is even more decentralized than Bitcoin and Ether" and proceeds to explain why); Ex. 163, RPLI_SEC 0905225 ( "[W]e should be emphasizing that (particularly in light of the statements from the SEC on BTC and ETH) it's very clear XRP is more decentralized that [sic] either BTC or ETH and that (amongst other evidence) makes it clear that XRP is not a security."); PX 81 (Garlinghouse Dep. Tr.) at 51:7-18 ("[T]he director of corporate (sic) finance, Bill Hinman, had given an in-depth speech. One of the topics he covered in that was that … ETH was not a security and, in large part, because of the decentralization of ETH, which I viewed – and I think others viewed as well – XRP in many ways is more decentralized than ETH. And if decentralization was an important component of the SEC's determination that ETH was not a security, that seemed like a positive indicator for how the SEC may view XRP.").

1770.   In the speech, then-Director Hinman stated that "current offers and sales of Ether are not securities transactions.  And, as with Bitcoin, applying the disclosure regime of the federal securities laws to current transactions in Ether would seem to add little value."  PX 241.

1771.   In 2018, the SEC itself was struggling with how to determine how to apply the federal securities laws to digital assets in drafts and internal correspondence surrounding the speech.  *See, e.g.,* Ex. 209, SEC-LIT-EMAILS-000470992 (May 25, 2018 email from Val Szczepanik to Frederickson and Seaman commenting on the initial draft, "I like the tone, and I almost think the less detail the better.  This is introducing a concept, that will probably generate much discussion, and so leaving room for that discussion is good I think."); Ex. 151, SEC-LIT-EMAILS-000470685 (June 4, 2018 email from Hinman to others at the SEC attaching draft speech "which suggests that we do not need to see a need to regulate Ether, as it is currently offered, as a security.  That language is in brackets and would be used if we all are in agreement.  We also have a call with Buterin [founder of Ethereum] later this week to confirm our understanding of how the Ethereum Foundation operates."); Ex. 262, SEC-LIT-EMAILS-000471185 (June 8, 2018 comments from OGC, including "[w]e also want to hear what CF learns from its anticipated conversation with Buterin," and proposing to delete as a framework factor "[h]as this person or group retained a stake or other interest in the digital asset such that it would be motivated to expend efforts to cause an increase in value in the digital asset" because it "does not seem relevant"); Ex. 211, SEC-LIT-EMAILS-000471315, SEC-LIT-EMAILS-000471316 (June 12, 2018 draft markup from Brett Redfearn with comment, "We thought you were going to say that you don't believe ETH is a security.  We think that is a helpful message.  This statement, on the other hand, appears likely to create more confusion about the status of ETH.").

1772.   Garlinghouse proactively met with regulators in the United States to discuss Ripple and XRP's regulatory status, and these meetings further solidified his belief that XRP was not a security.  Ex. 138, SEC-LIT-EMAILS-000456558 (memorandum from a meeting between then-Chair Clayton, Director Hinman, and Garlinghouse); Ex. 263, RPLI_SEC 0235167 (email from Garlinghouse indicating that "my meetings in DC went very well and I continue to gather evidence that the SEC (and those tangential to the SEC) do NOT believe that XRP is a security."); PX 81 (Garlinghouse Dep. Tr.) at 46:22-47:2; 54:7-20; 55:1-14; 83:6-13; 213:9-12 (testifying that he met with "senior officials at governments around the world," and in the U.S. met with the Secretary of the Treasury, SEC Commissioners, the SEC Chair, and Congressional representatives).

1773.   Garlinghouse sought to meet with U.S. regulators, and SEC officials in particular, because he wanted to confirm his understanding that XRP was not a security, in light of Director Hinman's speech and other known enforcement actions to date.  PX 81 (Garlinghouse Dep. Tr.) at 97:24-98:10 ("Many people in the XRP community were concerned about the lack of clarity, including myself and felt that it was – given the clarity that had been provided to bitcoin and Ether . . . we felt that it was only a step of responsibility – to the extent the SEC's mission is around orderly markets, I felt like the SEC should seek to provide that clarity.").

1774.   Garlinghouse met with SEC officials between 2018 and 2019, including Chair Clayton, Commissioner Roisman, Commissioner Peirce, Commissioner Jackson, and Director Hinman.  PX 81 (Garlinghouse Dep. Tr.) at 46:22-47:2; 54:7-20; 55:1-14 (testifying that he had met with these SEC officials).

1775.   None of these SEC officials ever told Garlinghouse that XRP was a security, which solidified Garlinghouse's understanding that XRP was not a security.  PX 81 (Garlinghouse Dep.

Tr.) at 56:25-57:16. ("In none of these meetings did … anyone ever say they viewed that XRP was a security.").

1776.   In his August 2018 meeting with then-Chair Clayton and Director Hinman, Garlinghouse stated that Ripple was in "purgatory" because the SEC had not made any explicit statement about the status of XRP, but had made statements that bitcoin and ether were not securities.  Ex. 276, SEC-LIT-EMAILS-000456558.  Chair Clayton "immediately stated that the meeting was not a proper forum for discussion about that topic" and "encourage[ed] the Ripple executives to continue its ongoing discussions with the staff of the Division of Corporation Finance." Ex. 276, SEC-LIT-EMAILS-000456558.

1777.   Despite Garlinghouse asking that question, neither Chair Clayton nor Director Hinman told Garlinghouse at the time that they considered XRP to be a security.  Ex. 276, SEC-LIT-EMAILS-000456558.   In addition, neither Chair Clayton nor Director Hinman referred Garlinghouse to the Enforcement Division.  Ex. 276, SEC-LIT-EMAILS-000456558.

1778.   Garlinghouse also met with Commissioner Roisman in November 2018 and recalls "Commissioner Roisman very specifically saying 'I'm sorry you've even had to come here.'"  PX 81 (Garlinghouse Dep. Tr.) at 56:11-16; 78:17-23; 79:12-22.

1779.   Garlinghouse understood Commissioner Roisman apologizing to him that he "even had to come here" to mean that Commissioner Roisman did not believe XRP was a security.  PX 81 (Garlinghouse Dep. Tr.) at 56:5-16 ("I think that the confusion about the status of XRP he viewed as not healthy for the market.").

1780.   In the years since the filing of this lawsuit, SEC Commissioners Roisman and Peirce have publicly acknowledged that "[t]here is a decided lack of clarity for market participants around the application of the securities laws to digital assets and their trading[.]"  Ex. 245, *In the*

*Matter of Coinschedule*, SEC (July 14, 2021), https://www.sec.gov/news/public-statement/peirce-roisman-coinschedule.  Commissioner Peirce has also said "Given how slow we have been in determining how regulated entities can interact with crypto, market participants may understandably be surprised to see us to come onto the scene now with our enforcement guns blazing" and "[t]he Commission has refused, despite many pleas over many years, to provide regulatory guidance about how our rules apply to crypto-assets, so some of the responsibility for the lack of legal and regulatory clarity lies at our doorstep."  Ex. 264, Commissioner Hester M. Peirce, *In the Matter of Poloniex, LLC*, SEC (Aug. 9, 2021), https://www.sec.gov/news/public-statement/pierce-statement-poloniex-080921; Ex. 247, Commissioner Hester M. Peirce, Response to Staff Accounting Bulletin No. 121, SEC (Mar. 31, 2022), https://www.sec.gov/news/statement/peirce-response-sab-121-033122.

1781.   As has Commissioner Uyeda, who stated, "Today, one big, difficult, and complex issue that is conspicuously absent from the Commission's published regulatory agenda is how to regulate crypto assets and related services.  Market participants have expressed significant concerns regarding the lack of regulatory guidance in this space.  There is a widespread concern that the lack of predictability with regard to our regulation may encourage crypto firms to relocate to other jurisdictions."  Ex. 243, Commissioner Mark T. Uyeda, Remarks at the "SEC Speaks" Conference 2022, SEC (Sept. 9, 2022), https://www.sec.gov/news/speech/uyeda-speech-sec-speaks-090922.

1782.   Garlinghouse's view that XRP was not a security was also informed by his discussions with and actions taken by foreign regulators, such as the United Kingdom and Japan, who had come to the same conclusion.  Ex. 265, @bgarlinghouse, Twitter (July 11, 2019, 6:23 PM), https://twitter.com/bgarlinghouse/status/1149444241686327296 ("applauding UK regulator,

@TheFCA, for providing clarity and leadership on the classifications of digital assets. They recognize ETH has the features of a hybrid exchange / utility token (not a security token) and call out the similarities between ETH and XRP."); PX 503.25 at 18:24-19:4 ("It's very clear to me that XRP's not a security… other consequential regulatory bodies like the UK's … regulators of consequence have said that.  In Japan, they say that.  And Singapore."); PX 81 (Garlinghouse Dep. Tr.) at 63:1-9 (Q "You said 'other governments around the world have taken express clarifying views that XRP was a currency.'  As of the time you were having conversations with the SEC?" A "I think that's right, yes.  I believe so." Q "Can you recall which ones?" A "Well, certainly the UK, Japan, and Singapore would all come to mind.").

1783.  Throughout his tenure at Ripple, Garlinghouse has met with foreign regulators. *See, e.g.*, Ex. 266, RPLI_SEC 0053629 ("In Q1, we hosted nearly 30 government briefings globally, including meetings with the European Commission, U.S. Senate and House leadership, and several Treasury ministries."); PX 81 (Garlinghouse Dep. Tr.) at 83:9-13 (Garlinghouse testifying that he met with "senior officials at governments around the world").

1784.  Garlinghouse was aware that XRP holders had no right to share in Ripple's revenue or profit and that owning XRP did not equate to any ownership in Ripple, which he repeatedly explained both privately and publicly.  Ex. 253, SEC-LIT-EPROD-000615887 ("For XRP to be a security … it would have to represent ownership in a company, which it does not.); Ex. 256, RPLI_SEC0065738 (Letter to Coinbase signed by Garlinghouse explaining that "XRP does not represent a stake in any company, including Ripple.  As described above, XRP was created before Ripple the company was formed.  Thus, the value of XRP is separate from the profits, risks, or success of Ripple."); Ex. 172, RPLI_SEC 0579742 ("Securities are contracts: they're agreements between a company and its investors to provide ROI in exchange for the investor's capital.  By

contrast, there is no such agreement with Ripple and holders of XRP: we have never promised any profits or returns to holders of XRP . . . you don't have a contract with anyone simply by owning XRP."); Ex. 267, Brad Garlinghouse, *CB Insights Future of Fintech Ripple Brad Garlinghouse*, YouTube (June 21, 2018), https://www.youtube.com/watch?v=VfTuccTTbyc ("… is if you buy XRP, they don't think they're buying shares of Ripple.  There's a company called Ripple.  We are a private company.  We have investors.  People have bought shares of Ripple the company, but buying an XRP doesn't give you shares of Ripple. It doesn't give you access to dividends or profits that may come from Ripple.").

1785.   Garlinghouse also knew that Ripple had its own equity shareholders.  Ex. 253, SEC-LIT-EPROD-000615887 (email from Garlinghouse to Ripple investors and advisors discussing, in part, the regulatory status of XRP); Ex. 256, RPLI_SEC0065738 (Letter to Coinbase signed by Garlinghouse explaining that "XRP does not represent a stake in any company, including Ripple.  As described above, XRP was created before Ripple the company was formed.  Thus, the value of XRP is separate from the profits, risks, or success of Ripple."); PX 503.20 at 5:6-8 ("…Ripple is a private company.  We have our shareholders."); Ex. 267, Brad Garlinghouse, *CB Insights Future of Fintech Ripple Brad Garlinghouse*, YouTube (June 21, 2018), https://www.youtube.com/watch?v=VfTuccTTbyc ("… [I]f you buy XRP, they don't think they're buying shares of Ripple.").

1786.   Garlinghouse knew that none of Ripple's proceeds from XRP sales were pooled with others.  Ex. 17, Garlinghouse Decl.

1787.  Garlinghouse was also aware that Ripple owed no obligations, including contractual ones, to XRP holders. Ex. 172, RPLI_SEC0579742 ("Securities are contracts: they're agreements between a company and its investors to provide ROI in exchange for the investor's

capital. By contrast, there is no such agreement with Ripple and holders of XRP: we have never promised any profits or returns to holders of XRP . . . you don't have a contract with anyone simply by owning XRP."); Ex. 256, RPLI_SEC0065738 (Letter to Coinbase signed by Garlinghouse explaining that "XRP does not represent a right for the holder to make any demand on any company, including Ripple.").

1788.   Garlinghouse acknowledged that Ripple had XRP holdings and therefore from a capitalist perspective, an increase in XRP's price was in both Ripple's and its shareholders' interest.   *See, e.g.*, PX 81 (Garlinghouse Dep. Tr.) at 382:16-20 ("I won't pretend not to be a capitalist. And if you own something, then you wanted the value of that to increase.").

1789.   In explaining how Garlinghouse thinks about XRP in relation to Ripple, he likens it to an "asset" that Ripple owns, just as Exxon owns oil and makes money by selling it.   PX 503.19 44:24-45:3 ("[XRP] is an asset [Ripple] own[s] in the same way, you know, look Exxon owns a lot of oil. Exxon's selling some of that oil and making money from doing that.").

1790.   Garlinghouse also understood, however, that an alignment of incentives created by a company owning an asset does not mean that the underlying asset is a security.  PX 503.18 at 19:8-15 ("If you're a gold mining company you care about – you have a lot of reserves.  You care about the value of gold. If you're Exxon, you care about the value of oil.  So you know, we sell software to banks, we think about how to create value, both in that context, but also in the overall context of what's the value of the gold we have in the ground."); Ex. 268, Frank Chaparro and Brad Garlinghouse, *Brad Garlinghouse explains how regulatory uncertainty around XRP has affected Ripple*, The Block (Nov. 13, 2020), https://www.theblock.co/post/84550/brad-garlinghouse-podcast-xrp-ripple ("I mean, there are lots of commodities—lots of companies that have a commodity underlining: gold mining; oil companies; even diamonds, you know.  So, look,

we are using XRP to solve a customer's problems and we think we are doing it well, and the business is growing quickly, and we're signing up customers; and we're signing up customers because we're solving a real problem.  Do we think about—It would be silly to not acknowledge do we care about the overall value of XRP.  Do we care about the overall health of the XRP market?  Of course we do. It would be silly to try to pretend otherwise.  That being said … I think about it similarly as I think about Exxon and oil.  Exxon cares about the price of oil, for sure, but if you want… You could go by exposure, as an investor.  You could go by exposure to the price of oil, or you could choose to buy a security of Exxon's common stock.").

1791.   Garlinghouse's actions were aimed at developing Ripple's products, focusing on Ripple's customers and expanding Ripple's business for the benefit of Ripple's shareholders. *See, e.g.*, Ex. 269, RPLI_SEC 0556099 (Ripple investor and advisor update email from Garlinghouse indicating updates about "customer momentum" and "product momentum"); Ex. 259, RPLI_SEC 0491179 (Garlinghouse telling Ripple's shareholders that Ripple's "charter would be to enable the world to move value like it already moves information – enabling an Internet of Value" and that "[i]n pursuit of this charter and to return shareholder value, we identified and have been executing two strategies" consisting of building RippleNet and Xpring).

1792.   This work involved thinking about Ripple's strategy and focusing its resources to sign up new customers and "to have clarity on what problem we were going to solve for our customers."  PX 36 (Garlinghouse Inv. Tr.) 34:7-15.

1793.   In doing so, Garlinghouse's focus was not solely on XRP.  Rather, he considered "the most important metric" for measuring Ripple's success to be "bookings of software and services."  Ex. 270, SEC-SEC-E-0010269 at 22:18-22.   Garlinghouse explained to Ripple

employees that "we can't let the XRP markets be a constant reflection of how we think we are performing." Ex. 271, SEC-SEC-E-0010519 at 5:19-21.

1794.   In fact, on one occasion when the price of XRP was rallying, Garlinghouse met with Ripple employees and acknowledged the activity in the XRP markets but explained that he did not think "what's going on in the XRP markets is a direct reflection of everything going on at Ripple," and reminded them that Ripple "ha[s] customers.  We have products that need to ship," and that XRP's rally is "distract[ing] us from the mission."  Ex. 271, SEC-SEC-E-0010519 at 3:9-11; 5:5-10.

1795.   Garlinghouse was also aware that the value of XRP was not tied to Ripple's success in that XRP's value can decrease even when Ripple had a successful quarter.  Ex. 266, RPLI_SEC 0053629 (email from Garlinghouse indicating that Ripple had its "best quarter ever" while "the entire crypto market, including XRP, was down over 70 percent").

1796.   The SEC has admitted that "the fair market value of a unit of XRP could decrease while Ripple pursued its chosen course of business."  Ex. 23, SEC Response to Ripple's First Set of RFAs No. 30.

1797.   The SEC has also admitted that "the fair market value of a unit of XRP could increase while Ripple reduces its XRP-related business efforts."  Ex. 23, SEC Response to Ripple's First Set of RFAs No. 31.

1798.   Garlinghouse was aware that, since at least 2018, the price of XRP is highly correlated with the "overall crypto market."  PX 36 (Garlinghouse Inv. Tr) at 219:25-220:7 ("the price of XRP then and continues to be highly correlated with what's going on in the overall crypto market, and the performance tends to be much, much more correlated with what the rest of the crypto market is doing"); Ex. 172, RPLI_SEC 0579742 ("I think it's very clear that the price of

XRP is much more correlated with the prices of other virtual currencies, like Bitcoin and Ether, than with any news about Ripple.").

1799.   Garlinghouse did not know why any XRP purchasers decided to buy XRP.  PX 81 (Garlinghouse Dep. Tr.) at 372:4-373:13.

1800.   Garlinghouse was aware that third parties could develop additional use cases for XRP utilizing the XRP Ledger, and that Ripple was not the only entity doing so.  PX 503.11 at 16:17-17:4 (Garlinghouse also discusses "invest[ing] in support and partner[ing] with companies going after those other vertical use cases" for the XRP Ledger, such that Ripple is not the only participant in the "XRP ecosystem."); *see also* Amicus Brief of TapJets, Inc., ECF No. 661 (explaining XRP's use as currency in exchange for services).

1801.   Larsen and Garlinghouse's accounts were migrated from a U.K.-based to a U.S.-based Bitstamp USA account in April 2020.  Ex. 272, BS-LTD-00000005 at 011.  Garlinghouse did not make a withdrawal from his Bitstamp USA account until August 4, 2020.  Ex. 273, Bitstamp USA_00000001 at 09-10.

1802.   Defendants incorporate by reference their Local Rule 56.1 statement submitted in connection with their motion for summary judgment, the facts in which demonstrate why the SEC is not entitled to summary judgment (and why Defendants are entitled to summary judgment).  *See* ECF No. 623.


*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Date:  October 18, 2022

*/s/ Michael K. Kellogg*
Michael K. Kellogg
Reid M. Figel
Gregory G. Rapawy
Bradley E. Oppenheimer
Bethan R. Jones
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900
mkellogg@kellogghansen.com
rfigel@kellogghansen.com
grapawy@kellogghansen.com
boppenheimer@kellogghansen.com
bjones@kellogghansen.com

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

Respectfully submitted,

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
+1 (202) 974-1680

*Counsel for Defendant Bradley Garlinghouse*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
+1 (212) 373-3000

*Counsel for Defendant Christian A. Larsen*