# Exhibit 145



U.S. Attorneys » Northern District of California » News

**Department of Justice**

U.S. Attorney's Office

Northern District of California

FOR IMMEDIATE RELEASE                                                                  Tuesday, May 5, 2015

# Ripple Labs Inc. Resolves Criminal Investigation

SAN FRANCISCO – Ripple Labs Inc., and its wholly-owned subsidiary, XRP II, LLC (formerly XRP Fund II, LLC), have agreed to resolve a criminal investigation in exchange for a Settlement Agreement calling for a series of substantial remedial measures, including a migration of a portion of Ripple's virtual currency business to a separate entity; the company's ongoing cooperation in other investigations; an extensive remedial framework to ensure future compliance with federal laws; and forfeiture and penalties totaling $700,000, announced United States Attorney Melinda Haag, U.S. Treasury Department Financial Crimes Enforcement Network ("FinCEN") Director Jennifer Shasky Calvery, and Internal Revenue Service Criminal Investigation Division Chief Richard Weber.  The agreement will resolve allegations that Ripple and its subsidiary failed to follow the law while engaging in the exchange of virtual currency and that the entities failed to establish and maintain an appropriate anti-money laundering program.

Ripple Labs Inc. is headquartered in San Francisco and developed and sold virtual currency known as "XRP."  As of 2015, the currency of the Ripple network, XRP, is the second-largest digital currency by market capitalization.

The agreement formalizes the steps Ripple and its subsidiary must take to bring its virtual currency operation within the existing regulatory framework for money services businesses.  The agreement consists of a Settlement Agreement, an agreed Statement of Facts, and a Remedial Framework for the company going forward.  Aside from monetary penalties in the form of forfeiture, the Remedial Framework requires the migration of any component of Ripple's business that is engaged in the exchange of virtual currency into an entity registered with FinCEN.  In addition, the agreement calls for continued enhancements to the company's anti-money laundering (AML) controls and training program.  Further, the Remedial Framework calls for external audits through the year 2020, enhancements to the Ripple Protocol, increased transaction monitoring, and an extensive review of historical activity.

"By these agreements, we demonstrate again that we will remain vigilant to ensure the security of, and

prevent the misuse of, the financial markets," said U.S. Attorney Melinda Haag. "Ripple Labs Inc. and its wholly-owned subsidiary both have acknowledged that digital currency providers have an obligation not only to refrain from illegal activity, but also to ensure they are not profiting by creating products that allow would-be criminals to avoid detection.  We hope that this sets an industry standard in the important new space of digital currency."

The agreement is the culmination of a criminal investigation conducted by U.S. Attorney's office and the Internal Revenue Service's Criminal Investigation Division.  FinCEN joined the investigation with a parallel civil enforcement action.  In that action, Ripple Labs and XRP II have agreed to pay a $700,000 civil penalty, $450,000 of which will be designated a forfeiture to settle issues raised in the U.S. Attorney's investigation.  "Virtual currency exchangers must bring products to market that comply with our anti-money laundering laws," said FinCEN Director Jennifer Shasky Calvery.  "Innovation is laudable but only as long as it does not unreasonably expose our financial system to tech-smart criminals eager to abuse the latest and most complex products."

"Federal laws that regulate the reporting of financial transactions are in place to detect and stop illegal activities, including those in the virtual currency arena," said Richard Weber, Chief, IRS Criminal Investigation, "Unregulated, virtual currency opens the door for criminals to anonymously conduct illegal activities online, eroding our financial systems and creating a Wild West environment where following the law is a choice rather than a requirement."

Ripple described itself as an exchanger of virtual currency in a December 2013, filing made in San Francisco federal court in an unrelated case.  As an exchanger, Ripple was required to register with FinCEN and to comply with applicable federal laws and regulations.  Yet Ripple sold XRP even though it had not registered with FinCEN, effectuating sales of over approximately $1.3 million U.S. dollars in April 2013 alone.  Ripple also failed to establish and maintain an appropriate AML program, and failed to have policies, procedures, and internal controls to ensure compliance with the Bank Secrecy Act and anti-money laundering laws.  In July 2013, Ripple incorporated a subsidiary, now known as XRP II, that replaced Ripple as the seller of XRP.  Although XRP II registered with FinCEN, it failed to have an effective AML program or to file appropriate suspicious activity reports.   In late 2013, for example, it negotiated a $250,000 transaction with an individual who had prior felony convictions for dealing in explosive devices and had been sentenced to prison, failing to follow its own internal "know your customer" requirements.

Assistant U.S. Attorneys Kathryn R. Haun and Arvon J. Perteet handled the matter on behalf of the U.S. Attorney's Office with the assistance of Daniel Charlier-Smith and Leslie Cook.  The Settlement Agreement with Ripple Labs was the result of a coordinated effort by the United States Attorney's Office and IRS Criminal Investigation, working in tandem with FinCEN.

**Attachment(s):**
Download ripple_labs_assessment.pdf
Download Ripple Labs Settlement Agreement

**Component(s):**
USAO - California, Northern

Updated September 1, 2015