# Exhibit 158

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**SECURITIES AND EXCHANGE COMMISSION,**           :
                                                  :
                                      **Plaintiff,**    :       **20 Civ. 10832 (AT) (SN)**
                                                  :
                      - against -                 :       **ECF Case**
                                                  :
**RIPPLE LABS, INC.,**                            :
**BRADLEY GARLINGHOUSE, and**                     :
**CHRISTIAN A. LARSEN**                           :
                                                  :
                                  **Defendants,**  :
------------------------------------------------------------------------x

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR ADMISSION

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to Rules 26

and 36 of the Federal Rules of Civil Procedure and the Court's Order of October 21, 2021 (D.E.

397), answers and objects to the Defendants Fourth Set of Requests for Admission as follows:

### GENERAL OBJECTIONS

The Commission's answers and objections to these Requests for Admission are made to the

best of its present knowledge, information, or belief.  These responses and objections are made

without prejudice to the Commission's right to correct, revise or supplement its answers and

objections as appropriate, and in so doing the Commission may rely upon documents, testimony,

admissions or any other evidence at trial or at any hearing or other proceeding.  Further, by

providing the answers and objections set forth below, the Commission does not intend to waive any

applicable privilege against disclosure.   The Commission further objects that these Requests for

Admission are irrelevant because the Commission need not prove the requested facts in order to

prevail in this case, and the requested facts do not establish a defense to the Commission's claims.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The Commission objects to Defendants' Definitions to the extent that any of them differ from the way those terms are used in the Securities Act of 1933, the Federal Rules of Civil Procedure, or in the Commission's First Amended Complaint. The Commission objects to Defendants' Instructions to the extent that any of the purport to impose greater obligations on the Commission than the Federal Rules of Civil Procedure or the local Rules of the Southern District of New York.

## SPECIFIC OBJECTIONS AND ADMISSIONS

**Request for Admission No. 255:** Admit that the Memorandum issued by the SEC's Office of the Ethics Counsel ("SEC Ethics Office"), dated January 16, 2018 and titled "Ethics Guidance Regarding Digital Assets" (hereinafter the "January 16, 2018 Guidance"), was the first guidance issued by the SEC to its employees that categorically extended 5 C.F.R. § 4401.102 to digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 256:** Admit that the January 16, 2018 Guidance applied only as to digital asset holdings or transactions on or after January 19, 2018.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 257:** Admit that the January 16, 2018 Guidance did not apply retroactively to selling, buying, or trading of digital assets by SEC Representatives prior to January 19, 2018.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 258:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their purchases of digital assets with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EPROD-001462924 speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document bearing the bates number SEC-LIT-EPROD-001462924 states, "Accordingly, effective Jan. 19, 2018, SEC employees and members are required to preclear digital asset

transaction in PTCS prior to purchasing or selling a digital asset." The remainder of the Request is denied.

**Request for Admission No. 259:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their sales of digital assets with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EPROD-001462924 speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document bearing the bates number SEC-LIT-EPROD-001462924 states, "Accordingly, effective Jan. 19, 2018, SEC employees and members are required to preclear digital asset transaction in PTCS prior to purchasing or selling a digital asset." The remainder of the Request is denied.

**Request for Admission No. 260:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's purchase of digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 261:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's sale of digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 262:** Admit that, prior to January 19, 2018, no SEC policy required annual certification of any SEC Representative's holding of digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request.  Subject  to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 263:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their purchases of XRP with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 264:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their sales of XRP with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 265:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's purchase of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 266:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's sale of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 267:** Admit that, prior to January 19, 2018, no SEC policy required annual certification of any SEC Representative's holding of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 268:** Admit that the January 16, 2018 Guidance did not include an opinion as to whether any particular digital asset was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in this request speaks for itself. The Commission further objects that "opinion" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 269:** Admit that the January 16, 2018 Guidance did not offer guidance as to whether any particular digital asset was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000454510 speaks for itself. The Commission further objects that "guidance" is vague and

ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 270:** Admit that the SEC has never decided that all digital assets are securities.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "decided" is vague and ambiguous as used in this request.  Stating further, the Commission does not typically decide whether any particular financial instrument, without additional context, qualifies as a security per se. Rather, the Commission typically determines, inter alia, whether it considers certain offers, sales, or transactions of financial instruments to violate the federal securities laws.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 271:** Admit that the SEC has never decided that all transactions in digital assets are securities transactions.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "decided" and "transactions" are vague and ambiguous as used in this request.   Stating further, the Commission does not typically decide whether any particular financial instrument, without additional context, qualifies as a security per se. Rather, the Commission typically determines, inter alia, whether it considers certain offers, sales, or transactions of financial instruments to violate the federal securities laws.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 272:** Admit that the SEC has never decided that all sales of digital assets are securities transactions.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that "decided" is vague and ambiguous as used in this request.   Stating further, the Commission does not typically decide whether any particular financial instrument, without additional context, qualifies as a security per se. Rather, the Commission typically determines, inter alia, whether it considers certain offers, sales, or transactions of financial instruments to violate the federal securities laws.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 273:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative's purchase of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 274:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative's sale of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 275:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative from holding XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications

concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021

Order (D.E. 354).

**Request for Admission No. 276:** Admit that, on November 9, 2018, the SEC's Ethics Office issued a policy, to take effect on November 13, 2018, requiring SEC Representatives to indicate whether a pre- trade request concerned digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 277:** Admit that, prior to November 13, 2018, no SEC policy required SEC Representatives to indicate whether a pre-trade request concerned digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 278:** Admit that, on November 15, 2018, the SEC's Ethics Office issued a notice requiring SEC Representatives who transacted in digital assets as of and since January 19, 2018 to upload documentation about those assets as part of the SEC's annual certification of holdings.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document bearing the bates number SEC-SEC-E-0004484

speaks for itself.  Subject to all of the foregoing objections, the Commission admits that the

document bearing the bates number SEC-SEC-E-0004484, which was issued by the SEC's Ethics

Office, states in part: "If you have securities holdings and/or transactions of digital assets (e.g.,

digital coins, tokens, cryptocurrencies) as of and since Jan. 19, 2018 (the effective date of the SEC

Ethics Guidance Regarding Digital Assets ... you will be required to upload documentation about

those assets as part of the Annual Certification of Holdings early next year."  The remainder of the

request is denied.

**Request for Admission No. 279:** Admit that, prior to November 15, 2018, the SEC did not require any SEC Representative to disclose his or her holdings of digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 280:** Admit that, prior to November 15, 2018, the SEC did not require any SEC Representative to certify his or her holdings of digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 281:** Admit that, prior to November 15, 2018, the SEC did not require any SEC Representative to disclose his or her holdings in XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 282:** Admit that, prior to November 15, 2018, the SEC did not require any SEC Representative to certify his or her holdings in XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021 Order (D.E. 354).

**Request for Admission No. 283:** Admit that, from 2012 to December 22, 2020, the SEC Ethics Office maintained a list of prohibited holdings pertaining to securities falling within 5 C.F.R. § 4401.102(c)(1) (hereinafter the "Prohibited Holdings List").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the SEC Ethics Office's "Prohibited Holdings List" only includes entities regulated directly by the SEC, see 5 C.F.R. § 4401.102(c)(1), such as broker-dealers or national securities exchanges, which are registered with the SEC. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 284:** Admit that no digital asset has appeared on the Prohibited Holdings List.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the SEC Ethics Office's "Prohibited Holdings List" only includes entities regulated directly by the SEC, see 5 C.F.R. § 4401.102(c)(1), such as broker-dealers or national securities exchanges, which are registered with the SEC. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 285:** Admit that bitcoin never appeared on the Prohibited Holdings List.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the SEC Ethics Office's "Prohibited Holdings List" only includes entities regulated directly by the SEC, see 5 C.F.R. § 4401.102(c)(1), such as broker-dealers or national securities exchanges, which are registered with the SEC. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 286:** Admit that ether never appeared on the Prohibited Holdings List.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the SEC Ethics Office's "Prohibited Holdings List" only includes entities regulated directly by the SEC, see 5 C.F.R. § 4401.102(c)(1), such as broker-dealers or national securities exchanges, which are registered with the SEC. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 287:** Admit that XRP did not appear on the Prohibited Holdings List prior to December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the SEC Ethics Office's "Prohibited Holdings List" only includes entities regulated directly by the SEC, see 5 C.F.R. § 4401.102(c)(1), such as broker-dealers or national securities exchanges, which are registered with the SEC. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 288:** Admit that XRP never appeared on the Prohibited Holdings List.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the SEC Ethics Office's "Prohibited Holdings List" only includes entities regulated directly by the SEC, see 5 C.F.R. § 4401.102(c)(1), such as broker-dealers or national securities exchanges, which are registered with the SEC. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 289:** Admit that, from 2012 to December 22, 2020, the SEC Ethics Office maintained a list of certain tickers and names of entities designated by the SEC Division of Enforcement as potentially relevant to an investigation falling within 5 C.F.R. § 4401.102(c)(7) (hereinafter the "Watch List").

**Answer:** In addition to the foregoing objections, the Commission objects that "maintained" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 290:** Admit that, at the time the SEC Ethics Office received a preclearance request from an individual for a security that appeared on the Watch List, the SEC Ethics Office conducted a case-by-case analysis of whether that individual could transact in the security.

**Answer:** In addition to the foregoing objections, the Commission objects that the request is overbroad and unduly burdensome because it seeks information as to every preclearance request ever submitted to the SEC's Ethics Office by any of the thousands of current and former SEC employees.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 291:** Admit that bitcoin never appeared on the Watch List.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "bitcoin" as used in this Request is vague and ambiguous. Subject to all of the foregoing objections, the Commission admits this Request.

**Request for Admission No. 292:** Admit that ether never appeared on the Watch List.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "ether" as used in this Request is vague and ambiguous. Subject to all of the foregoing objections, the Commission admits this Request.

**Request for Admission No. 293:** Admit that, on April 13, 2018, the SEC issued a document preservation notice to Ripple in connection with its investigation of Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in the request speaks for itself. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 294:** Admit that XRP never appeared on the Watch List before April 13, 2018.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 295:** Admit that, prior to April 13, 2018, the SEC never prohibited any SEC Representative from purchasing XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this Request as improperly seeking information regarding the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications

12

concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021
Order (D.E. 354).

    **Request for Admission No. 296:** Admit that, prior to April 13, 2018, the SEC never prohibited any SEC Representative from selling XRP.

    **Answer:** In addition to the foregoing objections, the Commission further objects to this
Request as improperly seeking information regarding the SEC's trading preclearance decisions with
respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications
concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021
Order (D.E. 354).

    **Request for Admission No. 297:** Admit that, prior to April 13, 2018, the SEC never prohibited any SEC Representative from holding XRP.

    **Answer:** In addition to the foregoing objections, the Commission further objects to this
Request as improperly seeking information regarding the SEC's trading preclearance decisions with
respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications
concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021
Order (D.E. 354).

    **Request for Admission No. 298:** Admit that, on March 4, 2019, the SEC issued an Order
Directing Private Investigation and Designating Officers to Take Testimony in connection with its
investigation of Ripple.

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is
irrelevant because the Commission can prevail in this matter even if the requested fact is true.
Subject to all of the foregoing objections, the Commission admits this request.

    **Request for Admission No. 299:** Admit that, prior to March 4, 2019, the SEC never prohibited any SEC Representative from purchasing XRP.

    **Answer:** In addition to the foregoing objections, the Commission further objects to this
Request as improperly seeking information regarding the SEC's trading preclearance decisions with
respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications

concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021

Order (D.E. 354).

**Request for Admission No. 300:** Admit that, prior to March 4, 2019, the SEC never prohibited any SEC Representative from selling XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this

Request as improperly seeking information regarding the SEC's trading preclearance decisions with

respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications

concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021

Order (D.E. 354).

**Request for Admission No. 301:** Admit that, prior to March 4, 2019, the SEC never prohibited any SEC Representative from holding XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects to this

Request as improperly seeking information regarding the SEC's trading preclearance decisions with

respect to SEC employees' transactions in bitcoin, ether, or XRP, and/or annual certifications

concerning SEC employees' XRP holdings, in contravention of the Court's September 21, 2021

Order (D.E. 354).

**Request for Admission No. 302:** Admit that the guidance issued by the SEC Ethics Office, dated January 15, 2014 and titled "Do You Own Bitcoin? Think a Bit About Ethics Conflicts" (hereinafter the "January 15, 2014 Guidance"), applied only to bitcoin and not other digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 303:** Admit that the January 15, 2014 Guidance did not restrict any SEC Representative from holding XRP.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 304:** Admit that the January 15, 2014 Guidance did not restrict any SEC Representative from buying XRP.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 305:** Admit that the January 15, 2014 Guidance did not restrict any SEC Representative from selling XRP.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 306:** Admit that the January 15, 2014 Guidance applied to members of a particular SEC working group, and not to all SEC Representatives.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 307:** Admit that the first block of the bitcoin blockchain was mined in 2009.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 308:** Admit that as of January 2014, the SEC had not decided whether to regulate bitcoin.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "whether to regulate bitcoin" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 309:** Admit that as of January 2014, the SEC had not decided whether to regulate any digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "whether to regulate any digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 310:** Admit that in or about January 2014, the SEC Ethics Office was told by the SEC's Division of Trading and Markets that the status of bitcoin as currency was undetermined at that time.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that the January 15, 2014

Guidance states: "Bitcoin is covered by this financial conflict statute the same way any other asset is

covered. Pursuant to discussions with the Divisions of Trading and Markets and Corporation

Finance, the OEC has been informed that the status of Bitcoin as either currency or securities is

undetermined at this time."  After reasonable inquiry, the information known and currently available

is not sufficient to enable the Commission to admit or deny the remainder of this request.

     **Request for Admission No. 311:** Admit that in or about January 2014, the SEC Ethics
Office was told by the SEC's Division of Trading and Markets that the status of bitcoin as securities
was undetermined at that time.

     **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that the January 15, 2014

Guidance states: "Bitcoin is covered by this financial conflict statute the same way any other asset is

covered. Pursuant to discussions with the Divisions of Trading and Markets and Corporation

Finance, the OEC has been informed that the status of Bitcoin as either currency or securities is

undetermined at this time."  After reasonable inquiry, the information known and currently available

is not sufficient to enable the Commission to admit or deny the remainder of this request.

     **Request for Admission No. 312:** Admit that in or about January 2014, the SEC Ethics
Office was told by the SEC's Division of Corporation Finance that the status of bitcoin as currency
was undetermined at that time.

     **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that the January 15, 2014

Guidance states: "Bitcoin is covered by this financial conflict statute the same way any other asset is

covered. Pursuant to discussions with the Divisions of Trading and Markets and Corporation

Finance, the OEC has been informed that the status of Bitcoin as either currency or securities is

16

undetermined at this time."  After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 313:** Admit that in or about January 2014, the SEC Ethics Office was told by the SEC's Division of Corporation Finance that the status of bitcoin as securities was undetermined at that time.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that the January 15, 2014 Guidance states:  "Bitcoin is covered by this financial conflict statute the same way any other asset is covered. Pursuant to discussions with the Divisions of Trading and Markets and Corporation Finance, the OEC has been informed that the status of Bitcoin as either currency or securities is undetermined at this time."  After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 314:** Admit that the SEC's statement in the January 15, 2014 Guidance that "[p]ursuant to discussions with the Divisions of Trading and Markets and Corporation Finance, the OEC has been informed that the status of Bitcoin as either currency or securities is undetermined at this time" was true at the time it was written.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document referenced in this request speaks for itself.  Subject to all of the foregoing objections, the Commission admits that the following statement contained within the January 15, 2014 Guidance was true at the time it was written:  "Bitcoin is covered by this financial conflict statute the same way any other asset is covered. Pursuant to discussions with the Divisions of Trading and Markets and Corporation Finance, the OEC has been informed that the status of Bitcoin as either currency or securities is undetermined at this time."  The Commission denies the remainder of this request.

**Request for Admission No. 315:** Admit that, at all times relevant to this action, the SEC's Office of Investor Education and Advocacy ("OIEA") invited members of the investing public to ask questions of the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits the SEC's Office of Investor Education and Advocacy ("OIEA") invited members of the investing public to ask questions of OIEA. The remainder of the request is denied.

**Request for Admission No. 316:** Admit that, at all times relevant to this action, the OIEA was authorized by the SEC to respond to questions from members of the public.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that, at all times relevant to this action, the OIEA was authorized by the SEC to respond to questions from members of the public in accordance with 17 C.F.R. 200.24a and subject to certain obligations, including but not limited to prohibitions against providing legal advice or opinions or revealing nonpublic information. The remainder of the request is denied.

**Request for Admission No. 317:** Admit that, at all times relevant to this action, the OIEA was authorized to respond to questions from members of the public on behalf of the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "on behalf of the SEC" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits that, at all times relevant to this action, the OIEA was authorized by the SEC to respond to questions from members of the public in accordance with 17 C.F.R. 200.24a and subject to certain obligations, including but not

limited to prohibitions against providing legal advice or opinions or revealing nonpublic information.  The remainder of the request is denied.

**Request for Admission No. 318:** Admit that, prior to December 22, 2020, the OIEA received requests from multiple market participants ("OIEA Requests") that asked whether XRP was a security within the meaning of the federal securities laws.

**Answer:** In addition to the foregoing objections, the  Commission objects that "market participants" is vague and ambiguous as used in this request. The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted OIEA is any such "market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 319:** Admit that, prior to December 22, 2020, the OIEA received multiple OIEA Requests asking the SEC's view of whether or not XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "OIEA Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted OIEA is any such "market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 320:** Admit that the SEC did not state that XRP was a security in response to any OIEA Request it received prior to December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that "OIEA Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted OIEA is any

19

such "market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 321:** Admit that, in responding to OIEA Requests prior to December 22, 2020, the SEC declined to comment on whether XRP is a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "OIEA Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted OIEA is any such "market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 322:** Admit that, on or about August 21, 2018, in a response to a query by an "XRP enthusiast," the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an inquiry by "XRP Enthusiast" on or about August 21, 2018.  The Commission denies the remainder of this Request.

**Request for Admission No. 323:** Admit that, on August 10, 2018, in a response to a query by ██████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an August 10, 2018 reply to ███████████. The Commission denies the remainder of this Request.

**Request for Admission No. 324:** Admit that, on August 16, 2018, in a response to a query by "███████" asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an August 16, 2018 reply to "███████". The Commission denies the remainder of this Request.

**Request for Admission No. 325:** Admit that, on January 30, 2019, in a response to a query by ███████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a January 30, 2019

reply to "███████". The Commission denies the remainder of this Request.

     **Request for Admission No. 326:** Admit that, on February 5, 2019, in a response to a query
by ███████ asking about the regulatory status of XRP, the OIEA did not state that the SEC
viewed XRP as a security.

     **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a February 5, 2019

reply to ███████ The Commission denies the remainder of this Request.

     **Request for Admission No. 327:** Admit that, on March 4, 2019, in a response to a query
by ███████ asking about the regulatory status of XRP, the OIEA did not state that the SEC
viewed XRP as a security.

     **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a March 4, 2019 reply

to ███████. The Commission denies the remainder of this Request.

     **Request for Admission No. 328:** Admit that, on March 12, 2019, in a response to a query
by ███████ asking about the regulatory status of XRP, the OIEA did not state that the SEC
viewed XRP as a security.

     **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a March 12, 2019 reply to █████████   The Commission denies the remainder of this Request.

**Request for Admission No. 329:** Admit that, on May 20, 2019, in a response to a query by █████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a May 20, 2019 reply to █████████.   The Commission denies the remainder of this Request.

**Request for Admission No. 330:** Admit that, on July 22, 2019, in a response to a query by █████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a July 19, 2019 reply to █████████.   The Commission denies the remainder of this Request.

**Request for Admission No. 331:** Admit that, on July 23, 2019, in a response to a query by ▇▇▇▇▇ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a July 23, 2019 reply to "▇▇▇▇▇". The Commission denies the remainder of this Request.

**Request for Admission No. 332:** Admit that, on August 7, 2019, in a response to a query by ▇▇▇▇▇ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an August 7, 2019 reply to ▇▇▇▇▇.   The Commission denies the remainder of this Request.

**Request for Admission No. 333:** Admit that, on October 10, 2019, in a response to a query by ▇▇▇▇▇ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in an October 10, 2019

reply to ███████████ .  The Commission denies the remainder of this Request.

**Request for Admission No. 334:** Admit that, on May 4, 2020, in a response to a query by ████████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a May 4, 2020 reply

to ███████████.  The Commission denies the remainder of this Request.

**Request for Admission No. 335:** Admit that, on June 19, 2020, in a response to a query by ███████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a June 19, 2020 reply

to ███████████ .  The Commission denies the remainder of this Request.

**Request for Admission No. 336:** Admit that, on August 18, 2020, in a response to a query by ███████████ asking about the regulatory status of XRP, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an August 18, 2020 reply to █████████.   The Commission denies the remainder of this Request.

**Request for Admission No. 337:** Admit that, on October 1, 2020, in response to a query by █████████ asking whether the SEC had determined whether XRP was a security, the OIEA did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in an October 1, 2020 reply to an  inquiry from █████████.   The Commission denies the remainder of this Request.

**Request for Admission No. 338:** Admit that the SEC launched its Strategic Hub for Innovation and Financial Technology ("FinHub") on or about October 18, 2018.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 339:** Admit that, at all times from October 18, 2018 to December 22, 2020, FinHub invited members of the public to request assistance from FinHub relating to financial technology ("FinTech") issues arising under the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that that the term "assistance from FinHub relating to financial technology ('FinTech') issues arising under the federal securities laws" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that FinHub invited inquiries from members of the public but denies that FinHub was authorized to provide, offered to provide, or provided to third parties any legal advice or opinion or nonpublic or privileged information. The Commission denies the remainder of this request.

**Request for Admission No. 340:** Admit that, at all times from October 18, 2018 to December 22, 2020, FinHub was authorized to respond to questions it received from members of the public.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to the foregoing objections, the Commission admits that FinHub was authorized to respond to inquiries from members of the public but denies that FinHub was authorized to provide, offered to provide, or provided to third parties any legal advice or opinion or nonpublic or privileged information in response to any inquiries received. The Commission denies the remainder of this request.

**Request for Admission No. 341:** Admit that, prior to December 22, 2020, FinHub received requests from multiple XRP market participants (each, a "FinHub Request") that asked whether XRP is a security within the meaning of the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that "XRP market participants" is vague and ambiguous in the context of this request. The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted FinHub is any such "XRP market participant." Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 342:** Admit that, prior to December 22, 2020, FinHub received multiple FinHub Requests asking whether the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "FinHub Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "XRP market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted FinHub is any such "XRP market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 343:** Admit that, prior to December 22, 2020, the SEC did not state in response to any FinHub Request that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "FinHub Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "XRP market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted FinHub is any such "XRP market participant."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 344:** Admit that, prior to December 22, 2020, the SEC did not state in response to any FinHub Request that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "FinHub Requests" is vague and ambiguous as used in this request because it incorporates by definition the vague and ambiguous term "XRP market participants."  The Commission further objects that the Commission has no way of knowing or verifying that any individual who contacted FinHub is any such "XRP market participant."  Subject to all of the foregoing objections, and after reasonable

inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 345:** Admit that, in response to a November 5, 2018 query by █████████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to the foregoing objections, the Commission admits that FinHub did not state that the SEC viewed XRP as a security in a reply to a November 5, 2018 inquiry from ████████████.   The Commission denies the remainder of this Request.

**Request for Admission No. 346:** Admit that, in response to a November 7, 2018 query by █████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a November 5, 2018 query by █████████████.   The Commission denies the remainder of this Request.

**Request for Admission No. 347:** Admit that, on December 19, 2018, at least one SEC Representative spoke with █████████████ (hereinafter the "December 19 SEC-████ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 348:** Admit that one of the topics discussed during the December 19 SEC-███ Meeting was XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 349:** Admit that, during the December 19 SEC-███ Meeting, no SEC attendee expressed the view that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to the foregoing objections, the Commission admits that during the December 19 SEC-███ Meeting no SEC attendee expressed the view that XRP was a security. The Commission denies the remainder of this Request.

**Request for Admission No. 350:** Admit that, during the December 19 SEC-███ Meeting, no SEC attendee expressed the view that XRP might be a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to the foregoing objections, the Commission admits that during the December 19 SEC-███ Meeting no SEC attendee expressed the view that XRP might be a security. The Commission denies the remainder of this Request.

**Request for Admission No. 351:** Admit that the SEC has not produced in discovery in this Action any notes from the December 19 SEC-███ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 352:** Admit that, in response to an April 3, 2019 query by ███ ███asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to the foregoing objections, the Subject to the foregoing objections, the Commission admits that FinHub did not state that the SEC viewed XRP as a security  in a reply to an April 3, 2019 query by "███"  The Commission denies the remainder of this request.

**Request for Admission No. 353:** Admit that, in response to an April 3, 2019 query by ███asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 3, 2019 inquiry by "███"  The Commission denies the remainder of this Request.

**Request for Admission No. 354:** Admit that, in response to an April 3, 2019 query by ███asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 3, 2019 inquiry by "██████████████" The Commission denies the remainder of this Request.

**Request for Admission No. 355:** Admit that, in response to an April 3, 2019 query by ████████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 3, 2019 inquiry by "████████" The Commission denies the remainder of this Request.

**Request for Admission No. 356:** Admit that, in response to an April 14, 2019 query by ████████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 14, 2019 inquiry by "███████████"  The Commission denies the remainder of this Request.

**Request for Admission No. 357:** Admit that, in response to a May 30, 2019 query by "Joe" asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a May 30, 2019 inquiry by "Joe."  The Commission denies the remainder of this Request.

**Request for Admission No. 358:** Admit that, in response to a May 31, 2019 query by ███████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a May 31, 2019 query by "██████████"  The Commission denies the remainder of this Request.

**Request for Admission No. 359:** Admit that, in response to an August 21, 2019 query by ███████████ asking about the regulatory status of XRP, FinHub did not state that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is

true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to

third parties any legal advice or opinion regarding the application of the securities laws to offers or

sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an August

21, 2019 inquiry by " ███████ "  The Commission denies the remainder of this Request.

**Request for Admission No. 360:** Admit that Jay Clayton never responded to the June 14,
2018 email from ███████ reflected in the document bearing Bates number SEC-LIT-
EMAILS-000440877.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to  the June 14, 2018

email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000440877.  The Commission denies the remainder of this Request.

**Request for Admission No. 361:** Admit that no SEC Representative ever responded to the
June 14, 2018 email from ███████ reflected in the document bearing Bates number SEC-
LIT- EMAILS-000440877.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 362:** Admit that no SEC Representative responded to the June
14, 2018 email from ███████ reflected in the document bearing Bates number SEC-LIT-
EMAILS- 000440877 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this

request is irrelevant because the Commission can prevail in this matter even if the requested fact is

true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to

third parties any legal advice or opinion regarding the application of the securities laws to offers or

sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a June 14,



2018 email from ▮▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-

EMAILS- 000440877.  The Commission denies the remainder of this Request.

**Request for Admission No. 363:** Admit that Jay Clayton never responded to the June 15, 2018 email from ▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380715.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply  to the June 15, 2018

email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000380715.  The Commission denies the remainder of this request.

**Request for Admission No. 364:** Admit that no SEC Representative ever responded to the June 15, 2018 email from ▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380715.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 365:** Admit that no SEC Representative responded to the June 15, 2018 email from ▮▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380715 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this

request is irrelevant because the Commission can prevail in this matter even if the requested fact is

true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to

third parties any legal advice or opinion regarding the application of the securities laws to offers or

sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a June 15,

2018 email from ▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000380715.  The Commission denies the remainder of this Request.

**Request for Admission No. 366:** Admit that Jay Clayton never responded to the June 18, 2018 email from ▮▮▮▮@ymail.com reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380889.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the June 18, 2018 email from ███@ymail.com reflected in the document bearing Bates number SEC-LIT-EMAILS-000380889.  The Commission denies the remainder of this request.

**Request for Admission No. 367:** Admit that no SEC Representative ever responded to the June 18, 2018 email from ███@ymail.com reflected in the document bearing Bates number SEC-LIT- EMAILS-000380889.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the June 18, 2018 email from ███@ymail.com reflected in the document bearing Bates number SEC-LIT-EMAILS-000380889.  The Commission denies the remainder of this request.

**Request for Admission No. 368:** Admit that no SEC Representative responded to the June 15, 2018 email from ███@ymail.com reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380889 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the June 18, 2018 email from ███@ymail.com reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380889.  The Commission denies the remainder of this Request.

**Request for Admission No. 369:** Admit that Jay Clayton never responded to the July 1, 2018 email from "█████████" reflected in the document bearing Bates number SEC-LIT-EMAILS-000380721.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 1, 2018 email from "█████████" reflected in the document bearing Bates number SEC-LIT-EMAILS-000380721. The Commission denies the remainder of this request.

**Request for Admission No. 370:** Admit that no SEC Representative ever responded to the July 1, 2018 email from "█████████" reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380721.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the July 1, 2018 email from "█████████" reflected in the document bearing Bates number SEC-LIT-EMAILS-000380721. The Commission denies the remainder of this request.

**Request for Admission No. 371:** Admit that no SEC Representative ever responded to the July 1, 2018 email from "█████████" reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380721 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. The Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply

to the July 1, 2018 email from "█████████" reflected in the document bearing Bates number SEC-LIT-EMAILS-000380721.  The Commission denies the remainder of this Request.

**Request for Admission No. 372:** Admit that Jay Clayton never responded to the July 6, 2018 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000440863.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 6, 2018 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000440863.  The Commission denies the remainder of this request.

**Request for Admission No. 373:** Admit that no SEC Representative ever responded to the July 6, 2018 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000440863.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 374:** Admit that no SEC Representative ever responded to the July 6, 2018 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000440863 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in reply to a July 6, 2018 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000440863.  The Commission denies the remainder of this request.

**Request for Admission No. 375:** Admit that Jay Clayton never responded to the July 10, 2018 email from ▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451348.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 10, 2018 email from ▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451348. The Commission denies the remainder of this request.

**Request for Admission No. 376:** Admit that no SEC Representative ever responded to the July 10, 2018 email from ▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451348.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the July 10, 2018 email from ▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451348. The Commission denies the remainder of this request.

**Request for Admission No. 377:** Admit that no SEC Representative ever responded to the July 10, 2018 email from ▮▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451348 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the July 10, 2018 email from ▮▮▮▮▮▮ reflected in the document bearing

Bates number SEC-LIT-EMAILS-000451348.  The Commission denies the remainder of this

Request.

**Request for Admission No. 378:** Admit that Jay Clayton never responded to the June 7, 2018 email from ▓▓▓▓▓▓▓▓ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451346.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the June 7, 2018

email from ▓▓▓▓▓▓▓ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000451346.  The Commission denies the remainder of this request.

**Request for Admission No. 379:** Admit that no SEC Representative ever responded to the June 7, 2018 email from ▓▓▓▓▓▓▓ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451346.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that SEC Representatives did not reply to the June 7, 2018 email

from ▓▓▓▓▓▓▓ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000451346.  The Commission denies the remainder of this request.

**Request for Admission No. 380:** Admit that no SEC Representative ever responded to the June 7, 2018 email from ▓▓▓▓▓▓▓ reflected in the document bearing Bates SEC-LIT-EMAILS-000451346 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"responded" is vague and ambiguous in the context of this request.  The Commission further

objects that this request is irrelevant because the Commission can prevail in this matter even if the

requested fact is true.  Stating further, the Commission asserts that SEC employees are not

authorized to provide to third parties any legal advice or opinion regarding the application of the

securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing

objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a

security in a reply to the June 7, 2018 email from ██████████ reflected in the document bearing

Bates number SEC-LIT-EMAILS-000451346.  The Commission denies the remainder of this

Request.

**Request for Admission No. 381:** Admit that Jay Clayton never responded to the July 19,
2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS-000380735.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 382:** Admit that no SEC Representative ever responded to the
July 19, 2018 email from ██████████ reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000380735.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 383:** Admit that no SEC Representative ever responded to the
July 19, 2018 email from ██████████ reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000380735 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission

admits that no SEC employee ever responded to the July 19, 2018 email from ██████████

reflected in the document bearing Bates number SEC-LIT-EMAILS-000380735 by stating that the

SEC viewed XRP as a security.  The Commission denies the remainder of this Request.

**Request for Admission No. 384:** Admit that Jay Clayton never responded to the July 20,
2018 email from ██████████ reflected in the document bearing Bates number SEC-LIT-
EMAILS- 000380735.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the July 20, 2018 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380735.  The Commission denies the remainder of this request.

**Request for Admission No. 385:** Admit that no SEC Representative ever responded to the July 20, 2018 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380735.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the July 20, 2018 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380735.  The Commission denies the remainder of this request.

**Request for Admission No. 386:** Admit that no SEC Representative ever responded to the July 20, 2018 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380735 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the July 20, 2018 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380735.  The Commission denies the remainder of this Request.

**Request for Admission No. 387:** Admit that Jay Clayton never responded to the July 25, 2018 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451347.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451347. The Commission denies the remainder of this request.

**Request for Admission No. 388:** Admit that no SEC Representative ever responded to the July 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451347.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the July 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000451347. The Commission denies the remainder of this request.

**Request for Admission No. 389:** Admit that no SEC Representative ever responded to the July 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451347 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the July 25, 2018 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451347. The Commission denies the remainder of this Request.

**Request for Admission No. 390:** Admit that Jay Clayton never responded to the July 26, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the July 26, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357. The Commission denies the remainder of this request.

**Request for Admission No. 391:** Admit that no SEC Representative ever responded to the July 26, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 392:** Admit that no SEC Representative ever responded to the July 26, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a July 26, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451357. The Commission denies the remainder of this Request.

**Request for Admission No. 393:** Admit that Jay Clayton never responded to the September 6, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000433002.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the September 6, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000433002.  The Commission denies the remainder of this request.

**Request for Admission No. 394:** Admit that no SEC Representative ever responded to the September 6, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000433002.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the September 6, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000433002.  The Commission denies the remainder of this request.

**Request for Admission No. 395:** Admit that no SEC Representative ever responded to the September 6, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000433002 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the September 6, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000433002.  The Commission denies the remainder of this Request.

**Request for Admission No. 396:** Admit that Jay Clayton never responded to the September 10, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000451340.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the September 10,

2018 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000451340.  The Commission denies the remainder of this request.

**Request for Admission No. 397:** Admit that no SEC Representative ever responded to the
September 10, 2018 email from █████████ reflected in the document bearing Bates number SEC-
LIT- EMAILS-000451340.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that SEC Representatives did not reply to the September 10,

2018 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000451340.  The Commission denies the remainder of this request.

**Request for Admission No. 398:** Admit that no SEC Representative ever responded to the
September 10, 2018 email from █████████ reflected in the document bearing Bates number SEC-
LIT- EMAILS-000451340 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the

September 10, 2018 email from █████████ reflected in the document bearing Bates number SEC-

LIT-EMAILS-000451340.  The Commission denies the remainder of this Request.

**Request for Admission No. 399:** Admit that Jay Clayton never responded to the
November 29, 2018 email from █████████ reflected in the document bearing Bates number SEC-
LIT-EMAILS- 000406895.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that Chairman Jay Clayton did not reply to the November 29, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000406895.  The Commission denies the remainder of this request.

**Request for Admission No. 400:** Admit that no SEC Representative ever responded to the November 29, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000406895.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the November 29, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000406895.  The Commission denies the remainder of this request.

**Request for Admission No. 401:** Admit that no SEC Representative ever responded to the November 29, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000406895 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to a November 29, 2018 email from ███████████.  The Commission denies the remainder of this Request.

**Request for Admission No. 402:** Admit that Jay Clayton never responded to the April 6, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000412001.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the April 6, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000412001.  The Commission denies the remainder of this request.

**Request for Admission No. 403:** Admit that no SEC Representative ever responded to the April 6, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000412001.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 404:** Admit that no SEC Representative ever responded to the April 6, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000412001 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the April 6, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000412001.  The Commission denies the remainder of this Request.

**Request for Admission No. 405:** Admit that Jay Clayton never responded to the April 20, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380708.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the April 20, 2019

email from  reflected in the document bearing Bates number SEC-LIT-EMAILS-000380708.  The Commission denies the remainder of this request.

**Request for Admission No. 406:** Admit that no SEC Representative ever responded to the April 20, 2019 email from ▇▇▇▇▇▇ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380708.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the April 20, 2019 email from ▇▇▇▇▇▇ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380708.  The Commission denies the remainder of this request.

**Request for Admission No. 407:** Admit that no SEC Representative ever responded to the April 20, 2019 email from ▇▇▇▇▇▇ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380708 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the April 20, 2019 email from ▇▇▇▇▇▇ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380708.  The Commission denies the remainder of this Request.

**Request for Admission No. 408:** Admit that Jay Clayton never responded to the April 24, 2019 email from ▇▇▇▇▇▇ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000440200.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the April 24, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000440200. The Commission denies the remainder of this request.

**Request for Admission No. 409:** Admit that no SEC Representative ever responded to the April 24, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000440200.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 410:** Admit that no SEC Representative ever responded to the April 24, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000440200 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an April 24, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000440200. The Commission denies the remainder of this Request.

**Request for Admission No. 411:** Admit that Jay Clayton never responded to the May 1, 2019 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380710.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the May 1, 2019



email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380710.  The Commission denies the remainder of this request.

    **Request for Admission No. 412:** Admit that no SEC Representative ever responded to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380710.

    **Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380710.  The Commission denies the remainder of this request.

    **Request for Admission No. 413:** Admit that no SEC Representative ever responded to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380710 by stating that the SEC viewed XRP as a security.

    **Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the May 1, 2019 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380710.  The Commission denies the remainder of this Request.

    **Request for Admission No. 414:** Admit that Jay Clayton never responded to the October 12, 2020 email from ████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380697.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the October 12, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380697. The Commission denies the remainder of this request.

**Request for Admission No. 415:** Admit that no SEC Representative ever responded to the October 12, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380697.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 416:** Admit that no SEC Representative ever responded to the October 12, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380697 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to an October 12, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380697. The Commission denies the remainder of this Request.

**Request for Admission No. 417:** Admit that Jay Clayton never responded to the November 12, 2020 email from ███████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000380709.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that Chairman Jay Clayton did not reply to the November 12,

2020 email from  reflected in the document bearing Bates number SEC-LIT-EMAILS-000380709.  The Commission denies the remainder of this request.

**Request for Admission No. 418:** Admit that no SEC Representative ever responded to the November 12, 2020 email from████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380709.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the November 12, 2020 email from████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380709.  The Commission denies the remainder of this request.

**Request for Admission No. 419:** Admit that no SEC Representative ever responded to the November 12, 2020 email from████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000380709 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the November 12, 2020 email from████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000380709.  The Commission denies the remainder of this Request.

**Request for Admission No. 420:** Admit that no SEC Representative ever responded to the August 25, 2018 email from████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the August 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000397052.  The Commission denies the remainder of this Request.

**Request for Admission No. 421:** Admit that no SEC Representative ever responded to the August 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the August 25, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000397052.  The Commission denies the remainder of this Request.

**Request for Admission No. 422:** Admit that no SEC Representative ever responded to the September 3, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the September 3, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052.  The Commission denies the remainder of this Request.

**Request for Admission No. 423:** Admit that no SEC Representative ever responded to the September 3, 2018 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000397052 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the September 3, 2018 email from ████████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000397052. The Commission denies the remainder of this Request.

**Request for Admission No. 424:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000162004.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 16, 2020 email from ████████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000162004. The Commission denies the remainder of this request.

**Request for Admission No. 425:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000162004 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. The Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a

security in reply to the October 16, 2020 email from ████████ reflected in the document

bearing Bates number SEC-LIT-EMAILS-000162004.  The Commission denies the remainder of

this request.

**Request for Admission No. 426:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000162003.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing

objections, the Commission admits that SEC Representatives did not reply to the October 16, 2020

email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-

000162003.  The Commission denies the remainder of this request.

**Request for Admission No. 427:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000162003 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "responded" is vague and ambiguous in the context of this request.  The Commission further

objects that this request is irrelevant because the Commission can prevail in this matter even if the

requested fact is true.  Stating further, the Commission asserts that SEC employees are not

authorized to provide to third parties any legal advice or opinion regarding the application of the

securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing

objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a

security in a reply to the October 16, 2020 email from ████████ reflected in the document

bearing Bates number SEC-LIT-EMAILS- 000162003.  The Commission denies the remainder of

this Request.

**Request for Admission No. 428:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000307961.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000307961. The Commission denies the remainder of this request.

**Request for Admission No. 429:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000307961 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000307961. The Commission denies the remainder of this Request.

**Request for Admission No. 430:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000308206.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 16, 2020 email from ██████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000308206. The Commission denies the remainder of this request.

**Request for Admission No. 431:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000308206 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the October 16, 2020 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000308206. The Commission denies the remainder of this Request.

**Request for Admission No. 432:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT- EMAILS-000308204.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the October 16, 2020 email from ▮▮▮▮▮ reflected in the document bearing Bates number SEC-LIT-EMAILS-000308204. The Commission denies the remainder of this request.

**Request for Admission No. 433:** Admit that no SEC Representative ever responded to the October 16, 2020 email from ███████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000308204 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in reply to the October 16, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT- EMAILS-000308204. The Commission denies the remainder of this request.

**Request for Admission No. 434:** Admit that no SEC Representative ever responded to the October 17, 2020 email from "Crypto Clown" reflected in the document bearing Bates number SEC-LIT- EMAILS-000308006.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 17, 2020 email from "Crypto Clown" reflected in the document bearing Bates number SEC-LIT- EMAILS-000308006. The Commission denies the remainder of this request.

**Request for Admission No. 435:** Admit that no SEC Representative ever responded to the October 17, 2020 email from "Crypto Clown" reflected in the document bearing Bates number SEC-LIT- EMAILS-000308006 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request. The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the

requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the October 17, 2020 email from "Crypto Clown" reflected in the document bearing Bates number SEC-LIT- EMAILS-000308006.  The Commission denies the remainder of this Request.

**Request for Admission No. 436:** Admit that no SEC Representative ever responded to the October 18, 2020 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000308205.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 18, 2020 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000308205.  The Commission denies the remainder of this request.

**Request for Admission No. 437:** Admit that no SEC Representative ever responded to the October 18, 2020 email from █████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000308205 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.   Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to  the October 18, 2020 email from █████████ reflected in the document

bearing Bates number SEC-LIT-EMAILS- 000308205.  The Commission denies the remainder of this Request.

**Request for Admission No. 438:** Admit that no SEC Representative ever responded to the October 19, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000175054.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "responded" is vague and ambiguous in the context of this request.  Subject to the foregoing objections, the Commission admits that SEC Representatives did not reply to the October 19, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000175054.  The Commission denies the remainder of this request.

**Request for Admission No. 439:** Admit that no SEC Representative ever responded to the October 19, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS- 000175054 by stating that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission objects that the term "responded" is vague and ambiguous in the context of this request.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits that no SEC employee stated that the SEC viewed XRP as a security in a reply to the October 19, 2020 email from ████████ reflected in the document bearing Bates number SEC-LIT-EMAILS-000175054.  The Commission denies the remainder of this Request.

**Request for Admission No. 440:** Admit that the SEC formed the Digital Currency Working Group, made up of SEC Representatives, in 2013.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that "the SEC formed" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits that the Digital Currency Working Group, made up of SEC staff members, was formed in 2013.  The remainder of the request is denied.

**Request for Admission No. 441:** Admit that the SEC's Digital Currency Working Group has never published public guidance on whether or under what circumstances digital assets will be considered securities by the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 442:** Admit the SEC issued no written, public regulatory guidance on digital assets in 2012.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "written, public regulatory guidance" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 443:** Admit the SEC issued no written, public regulatory guidance on digital assets in 2013.

**Answer:** In addition the foregoing objections, the Commission objects that "written, public regulatory guidance" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 444:** Admit the SEC issued no written, public regulatory guidance on digital assets in 2014.

**Answer:** In addition the foregoing objections, the Commission objects that "written, public regulatory guidance" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 445:** Admit the SEC issued no written, public regulatory guidance on digital assets in 2015.

**Answer:** In addition the foregoing objections, the Commission objects that "written, public regulatory guidance" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 446:** Admit the SEC issued no written, public regulatory guidance on digital assets in 2016.

**Answer:** In addition the foregoing objections, the Commission objects that "written, public regulatory guidance" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 447:** Admit that the SEC has never engaged in rulemaking regarding whether or under what circumstances digital assets will be considered securities by the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "engaged in rulemaking" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits that the Commission has not published any proposed rule for notice and comment related to application of the securities laws to offers and sales of a digital asset.  The remainder of the request is denied.

**Request for Admission No. 448:** Admit that the SEC has never publicly proposed rules regarding whether or under what circumstances digital assets will be considered securities by the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Subject to all of the foregoing objections, the Commission admits that the Commission has not published any proposed rule for notice and comment related to application of the securities laws to offers and sales of a digital asset.  The remainder of the request is denied.

**Request for Admission No. 449:** Admit that the SEC has never promulgated rules regarding whether or under what circumstances digital assets will be considered securities by the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 450:** Admit that, on March 13, 2017, the SEC received a petition for rulemaking from Vincent R. Molinari of Ouisa Capital, LLC requesting that the SEC make rules regarding digital assets (hereinafter the "March 13, 2017 Petition").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the March 13, 2017, petition for rulemaking from Vincent R. Molinari of Ouisa Capital, LLC speaks for itself. Subject to all of the foregoing objections, the Commission admits that on March 13, 2017, the Secretary of the SEC received a petition for rulemaking from Vincent R. Molinari of Ouisa Capital, LLC. The remainder of the Request is denied.

**Request for Admission No. 451:** Admit that the SEC did not initiate any rulemaking in response to the March 13, 2017 Petition.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "initiate any rulemaking" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits that the Commission did not publish any proposed rule for notice and comment in response to the petition referenced in the request. The remainder of the request is denied.

**Request for Admission No. 452:** Admit that, on January 23, 2018, the SEC received a petition for rulemaking from Vincent R. Molinari of Liquid M Capital, Inc. and Christopher Pallotta of Templum, LLC (hereinafter the "January 23, 2018 Petition").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 453:** Admit that, in part, the January 23, 2018 Petition urged the SEC to allow issuers of Initial Coin Offerings that were conducted prior to the release of the SEC's DAO Report to remediate their illegal offerings

**Answer:** In addition to the foregoing objections, the Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 454:** Admit that the SEC did not initiate any rulemaking in response to the January 23, 2018 Petition.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "initiate any rulemaking" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits that the Commission did not publish any proposed rule for notice and comment in response to the petition referenced in the request. The remainder of the request is denied.

**Request for Admission No. 455:** Admit that, on December 12, 2018, the SEC received a petition for rulemaking from Vincent R. Molinari of Templum, Inc. and Christopher Pallotta of Templum, Inc. requesting that the SEC make rules regarding clearance and settlement in the digital asset space (hereinafter the "December 12, 2018 Petition").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that on December 12, 2018, the SEC received a petition for rulemaking from Vincent R. Molinari of Templum, Inc. and Christopher Pallotta of Templum, Inc. The remainder of the request is denied.

**Request for Admission No. 456:** Admit that the SEC did not initiate any rulemaking in response to the December 12, 2018 Petition.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "initiate any rulemaking" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits that the Commission did not publish any proposed rule for notice and comment in response to the petition referenced in the request.  The remainder of the request is denied.

**Request for Admission No. 457:** Admit that, on April 4, 2019, the SEC received a petition for rulemaking from Vincent R. Molinari of Templum, Inc. and Christopher Pallotta of Templum, Inc. requesting that the SEC make rules regarding digital asset mining (hereinafter the "April 4, 2019 Petition").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further  objects that the April 4, 2019 submission from Vincent R. Molinari of Templum, Inc. and Christopher Pallotta of Templum, Inc. speaks for itself.  Subject to all of the foregoing objections, the Commission admits that on April 4, 2019 Vincent R. Molinari of Templum, Inc. and Christopher Pallotta of Templum, Inc. submitted supplemental correspondence to a previous rulemaking petition.  The remainder of the Request is denied.

**Request for Admission No. 458:** Admit that the SEC did not initiate any rulemaking in response to the April 4, 2019 Petition.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "initiate any rulemaking" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits that the Commission did not publish any proposed rule for notice and comment in response to the petition referenced in the request.  The remainder of the request is denied.

**Request for Admission No. 459:** Admit that the SEC has never issued a no-action letter relating to the status of bitcoin under the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "the status of bitcoin under the federal securities laws" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits that SEC staff have never issued a no-action letter regarding offers or sales of bitcoin. The remainder of the request is denied.

**Request for Admission No. 460:** Admit that the SEC has never engaged in rulemaking relating to the status of bitcoin under the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "engaged in rulemaking" and "the status of bitcoin under the federal securities laws" are vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits that the Commission has not published any proposed rule for notice and comment related to application of the securities laws to offers and sales of bitcoin. The remainder of the request is denied.

**Request for Admission No. 461:** Admit that the SEC has never issued a no-action letter relating to the status of ether under the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "the status of ether under the federal securities laws" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits that SEC staff have never issued a no-action letter regarding offers or sales of ether. The remainder of the request is denied.

**Request for Admission No. 462:** Admit that the SEC has never engaged in rulemaking relating to the status of ether under the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further  objects that "engaged in rulemaking" and  "the status of ether under the federal securities laws" are vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits that the Commission has not published any proposed rule for notice and comment related to application of the securities laws to offers and sales of ether.  The remainder of the request is denied.

**Request for Admission No. 463:** Admit that the SEC has never issued a no-action letter relating to the status of XRP under the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "the status of XRP under the federal securities laws" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits that SEC staff have never issued a no-action letter regarding offers or sales of XRP.  The remainder of the request is denied.

**Request for Admission No. 464:** Admit that the SEC has never engaged in rulemaking relating to the status of XRP under the federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further  objects that "engaged in rulemaking" and  "the status of XRP under the federal securities laws" are vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits that the Commission has not published any proposed rule for notice and comment related to application of the securities laws to offers and sales of XRP.  The remainder of the request is denied.

**Request for Admission No. 465:** Admit that, prior to April 3, 2019, the SEC never issued a no-action letter relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 466:** Admit that the April 3, 2019 no-action letter published as to Turnkey Jet, Inc., was the first time the SEC issued any no-action letter relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 467:** Admit that, in 2012, no person or entity sought no-action relief from the SEC relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 468:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2012.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 469:** Admit that, in 2013, no person or entity sought no-action relief from the SEC relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 470:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2013.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 471:** Admit that, in 2014, no person or entity sought no-action relief from the SEC relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 472:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2014.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 473:** Admit that, in 2015, one or more entities whose business or potential business involved digital assets requested a no-action letter from the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects to "entities whose business or potential business involved digital assets" as vague, ambiguous, and overbroad as used in

this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this

request.

**Request for Admission No. 474:** Admit that the SEC did not grant any no-action letter
request relating to a digital asset in 2015.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all

of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 475:** Admit that, on November 23, 2015, ███████████
███████████████████ submitted a letter requesting no-action relief, a true and correct copy of
which bears Bates number SEC-LIT-EPROD-001463240 (hereinafter the "2015 ████ No-Action
Letter Request").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 476:** Admit that, apart from the 2015 ████No-Action Letter
Request, the SEC did not receive in 2015 any no-action letter requests pertaining to digital assets
that were submitted to the SEC in 2015.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to

all of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 477:** Admit that, apart from the 2015 ████No-Action Letter
Request, the SEC has not produced in discovery in this Action any no-action letter requests
pertaining to digital assets that were submitted to the SEC in 2015.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to

all of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 478:** Admit that, in 2016, one or more entities whose business
or potential business involved digital assets requested a no-action letter from the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects to "entities whose

business or potential business involved digital assets" as vague, ambiguous, and overbroad as used in

this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this

request.

**Request for Admission No. 479:** Admit that the SEC did not grant any no-action letter
request relating to a digital asset in 2016.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all

of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 480:** Admit that, on June 16, 2016, ███████ submitted a
supplemental letter concerning its request for no-action relief, a true and correct copy of which
bears Bates number SEC- LIT-EPROD-001463255 (hereinafter the "2016 ████ No-Action Letter
Supplement").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 481:** Admit that, on October 28, 2016, ███████ submitted a
second supplemental letter concerning its request for no-action relief, a true and correct copy of
which bears Bates number SEC-LIT-EPROD-001463237 (hereinafter the "2016 ████ No-Action
Letter Second Supplement").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 482:** Admit that, apart from the 2016 ████ No-Action Letter
Supplement and the 2016 ████ No-Action Letter Second Supplement, the SEC did not receive in
2016 any no-action letter requests pertaining to digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to

all of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 483:** Admit that, apart from the 2016 ████ No-Action Letter
Supplement and the 2016 ████ No-Action Letter Second Supplement, the SEC has not produced
in discovery in this Action any no-action letter requests pertaining to digital assets that were
submitted to the SEC in 2016.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to

all of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 484:** Admit that, in 2017, one or more entities whose business
or potential business involved digital assets requested a no-action letter from the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects to "entities whose

business or potential business involved digital assets" as vague, ambiguous, and overbroad as used in

this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this

request.

**Request for Admission No. 485:** Admit that the SEC did not receive any no-action letter
requests pertaining to digital assets in 2017.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 486:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2017.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 487:** Admit that has not produced in discovery in this Action any no-action letter requests pertaining to digital assets that were submitted to the SEC in 2017.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "pertaining to digital assets" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 488:** Admit that, in 2018, one or more entities whose business or potential business involved digital assets requested a no-action letter from the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects to "entities whose business or potential business involved digital assets" as vague, ambiguous, and overbroad as used in this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 489:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2018.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all

of the foregoing objections, and after reasonable inquiry, the information known and currently

available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 490:** Admit that Christian Larsen, on behalf of Ripple, met
with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013
(hereinafter the "Ripple October 2013 Presentation").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that representatives of Ripple met

with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013.  After

reasonable inquiry, the information known and currently available is not sufficient to enable the

Commission to admit or deny the remainder of this request.

**Request for Admission No. 491:** Admit that the Ripple October 2013 Presentation took
place at the offices of the U.S. Department of the Treasury in Washington, D.C.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of

Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29,

2013" is vague and ambiguous as used in this request because after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or

deny the event took place as described by the definition.  Subject to all of the foregoing objections,

and after reasonable inquiry, the information known and currently available is not sufficient to

enable the Commission to admit or deny this request.

**Request for Admission No. 492:** Admit that at least one SEC Representative attended the
Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the accuracy of the definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 493:** Admit that during the Ripple October 2013 Presentation, Christian Larsen shared with U.S. regulators, including the SEC, Ripple's vision for a global payments system and cross-border payments based on blockchain technology.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 494:** Admit that during the Ripple October 2013 Presentation, Ripple representatives shared a slide deck with U.S. regulators, a true and correct copy bears Bates number RPLI_SEC 0530422 (hereinafter the "October 2013 Deck").

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 495:** Admit that the October 2013 Deck expressed that "existing payment rails [were] inefficient."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "October 2013 Deck" is vague and ambiguous as used in this request because it incorporates the definition of "Ripple October 2013 Presentation," which was defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 496:** Admit that the October 2013 Deck expressed Ripple's view of XRP and the XRP Ledger's "benefits as a payment protocol."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "October 2013 Deck" is vague and ambiguous as used in this request because it incorporates the definition of "Ripple October 2013 Presentation," which was defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 497:** Admit that the October 2013 Deck informed regulators that Ripple's "distribution of XRP on-going."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "October 2013 Deck" is vague and ambiguous as used in this request because it incorporates the definition of "Ripple October 2013 Presentation," which was defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 498:** Admit that during the Ripple October 2013 Presentation, Christian Larsen shared a deck with U.S. regulators that called XRP a "new currency."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 499:** Admit that, following the Ripple October 2013 Presentation, the SEC never told Ripple or Mr. Larsen in 2013 that they needed to register sales of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to ascertain whether each and every one of the thousands of employees it had in 2013 did or did not communicate with Ripple and/or Mr. Larsen.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 500:** Admit that, following the Ripple October 2013 Presentation, the SEC never told Ripple or Mr. Larsen in 2014 that they needed to register sales of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to ascertain whether each and every one of the thousands of employees it had in 2014 did or did not communicate with Ripple and/or Mr. Larsen.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 501:** Admit that, following the Ripple October 2013 Presentation, the SEC never told Ripple or Mr. Larsen in 2013 that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to ascertain whether each and every one of the thousands of employees it had in 2013 did or did not communicate with Ripple and/or Mr. Larsen. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 502:** Admit that, following the Ripple October 2013 Presentation, the SEC never told Ripple or Mr. Larsen in 2014 that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to ascertain whether each and every one of the thousands of employees it had in 2014 did or did not communicate with Ripple and/or Mr. Larsen. Subject to all of the foregoing

objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 503:** Admit that the SEC has produced no records in this Action reflecting that it gave any feedback to Ripple in connection with the Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  The Commission further objects that "gave any feedback to Ripple in connection with the Ripple October 2013 presentation" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 504:** Admit that the SEC never gave any feedback to Ripple in connection with the Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition.  The Commission further objects that "gave any feedback to Ripple in connection with the Ripple October 2013 presentation" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after

reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

      **Request for Admission No. 505:** Admit that the SEC has produced no records in this Action reflecting that it gave any feedback to Mr. Larsen in connection with the Ripple October 2013 Presentation.

      **Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. The Commission further objects that "gave any feedback to Ripple in connection with the Ripple October 2013 presentation" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

      **Request for Admission No. 506:** Admit that the SEC never gave any feedback to Mr. Larsen in connection with the Ripple October 2013 Presentation.

      **Answer:** In addition to the foregoing objections, the Commission further objects that the term "Ripple October 2013 Presentation" having been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013" is vague and ambiguous as used in this request because after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. The Commission further objects that "gave any feedback to Mr. Larsen in connection with the Ripple October 2013 presentation" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after

reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 507:** Admit that on or about February 14, 2014, former SEC Commissioner Joe Grundfest met with one or more SEC Commissioners to discuss possible approaches to the SEC regulating Bitcoin (hereinafter the "February 14 SEC Commissioners' Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that on or about February 14, 2014, former SEC Commissioner Joe Grundfest met with one SEC Commissioner. After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 508:** Admit that as of February 14, 2014, the SEC was in the early stages of evaluating whether to regulate Bitcoin.

**Answer:** In addition to the foregoing objections, the Commission further objects that the terms "early stages" and "evaluating whether to regulate Bitcoin" are vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 509:** Admit that as of February 14, 2014, the SEC was in the early stages of evaluating how to regulate Bitcoin, if at all.

**Answer:** In addition to the foregoing objections, the Commission further objects that the terms "early stages" and "evaluating whether to regulate Bitcoin" are vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 510:** Admit that the SEC has not produced in discovery in this Action any notes from the February 14 SEC Commissioners' Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 511:** Admit that on May 29, 2014, the U.S. Government Accountability Office ("GAO") issued a report to the U.S. Senate Committee on Homeland Security and Government Affairs entitled: "Virtual Currencies – Emerging Regulatory, Law Enforcement and Consumer Protection Challenges" (hereinafter the "2014 GAO Report").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 512:** Admit that a true and correct copy of the 2014 GAO Report is available at https://www.gao.gov/assets/gao-14-496.pdf.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 513:** Admit that the GAO consulted the SEC in connection with preparing the 2014 GAO Report.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects to "consulted" as vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 514:** Admit that the SEC contributed information to the 2014 GAO Report.

**Answer:** In addition to the foregoing objections, the Commission further objects that "contributed information" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 515:** Admit that the SEC viewed a draft of the 2014 GAO Report before it was finalized.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 516:** Admit that the SEC viewed a draft of the 2014 GAO Report before it was sent to Congress.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 517:** Admit that the SEC viewed a draft of the 2014 GAO Report before it was made public.

**Answer:** In addition to the foregoing objections, the Commission further objects that "before it was made public" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 518:** Admit that, on or about December 10, 2014, Timothy Massad, then Chairman of the Commodity Futures Trading Commission ("CFTC"), testified before the U.S. Senate Committee on Agriculture, Nutrition and Forestry saying that virtual currencies are commodities.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that on or about December 10, 2014, Timothy Massad, then Chairman of the Commodity Futures Trading Commission ("CFTC"), testified before the U.S. Senate Committee on Agriculture, Nutrition and Forestry.  The remainder of the request is denied.

**Request for Admission No. 519:** Admit that the CFTC determined in 2015 that virtual currencies are commodities.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "determined" is vague and ambiguous in the context of this request.  Subject  to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 520:** Admit that commodities are subject to CFTC oversight.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 521:** Admit that the SEC has never publicly refuted the CFTC's statement that virtual currencies are commodities.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "publicly refuted" is vague and ambiguous in the context of this request.  The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public statement on the topic of the request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 522:** Admit that the SEC became aware that the CFTC issued a remedial order against Coinflip, Inc. on or after it was issued on September 7, 2015.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 523:** Admit that the SEC has never publicly stated that the CFTC's September 7, 2015, remedial order against Coinflip, Inc. was incorrect insofar as it stated that "Bitcoin and other virtual currencies are encompassed in the definition and properly defined as commodities."

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "publicly stated" is vague and ambiguous in the context of this request.  The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public

statement on the topic of the request.  Subject to all of the foregoing objections, and after

reasonable inquiry, the information known and currently available is not sufficient to enable the

Commission to admit or deny this request.

**Request for Admission No. 524:** Admit that the SEC became aware that the CFTC issued a Primer on Virtual Currencies on or after it was issued on October 17, 2017.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that at least one SEC staff

member became aware that the CFTC issued a Primer on Virtual Currencies on or after it was issued

on October 17, 2017.  The remainder of the Request is denied.

**Request for Admission No. 525:** Admit that the SEC has never publicly stated that the CFTC's October 17, 2017 Primer on Virtual Currencies was inaccurate insofar as it stated that "virtual currencies are commodities."

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "publicly stated" is vague and ambiguous in the context of this request.  The Commission

further objects that the request is overbroad and unduly burdensome because it would require the

Commission to determine whether thousands of its current and former employees made any public

statement on the topic of the request.  Subject to all of the foregoing objections, and after

reasonable inquiry, the information known and currently available is not sufficient to enable the

Commission to admit or deny this request.

**Request for Admission No. 526:** Admit that the SEC became aware of the CFTC's Backgrounder on Oversight of and Approach to Virtual Currency Futures Markets on or after it was issued by the CFTC on January 4, 2018.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that at least one SEC staff

member became aware of the CFTC's Backgrounder on Oversight of and Approach to Virtual

Currency Futures Markets on or after it was issued by the CFTC on January 4, 2018. The remainder of the Request is denied.

**Request for Admission No. 527:** Admit that the SEC has never publicly stated that the CFTC's January 4, 2018 Backgrounder on Oversight of and Approach to Virtual Currency Futures Markets was inaccurate insofar as it stated that "US law does not provide for direct, comprehensive Federal oversight" over Virtual Currency spot markets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "publicly stated" is vague and ambiguous in the context of this request. The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public statement on the topic of the request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 528:** Admit that then-Chairman of the CFTC Heath Tarbert gave a public interview with the news outlet Cheddar on or about January 13, 2020 (hereinafter the "January 13 Cheddar Interview").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 529:** Admit that a videotaped recording of the January 13 Cheddar Interview is available at https://twitter.com/cheddar/status/1216739497121107970?s=20 (hereinafter the "January 13 Cheddar Interview Recording").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 530:** Admit that the SEC has no basis to dispute the authenticity of the January 13 Cheddar Interview Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 531:** Admit that Heath Tarbert was the Commissioner of the CFTC at the time of the January 13 Cheddar Interview Recording.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects to "the January 13 Cheddar Interview Recording" as vague and ambiguous as used in this request because it incorporates the term "January 13 Cheddar Interview," defined as "then-Chairman of the CFTC Heath Tarbert gave a public interview with the news outlet Cheddar on or about January 13, 2020," which after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the accuracy of this definition.  Subject to the foregoing objections, the Commission admits that Heath Tarbert was a Commissioner of the CFTC on January 13, 2020.  After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 532:** Admit that the statements by Heath Tarbert during the January 13 Cheddar Interview Recording truthfully and accurately depict the statements made by Tarbert during the January 13 Cheddar Interview.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 533:** Admit that Tarbert stated during the January 13 Cheddar Interview that it was "unclear" whether XRP met the definition of a "commodity" or a "security" under federal securities laws.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 534:** Admit that Tarbert stated during the January 13 Cheddar Interview that, "If I hear anything from market participants, it's that we really need clarity. Without

clarity it's really difficult to figure out how these will eventually be regulated and how they will be traded."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 535:** Admit that the SEC became aware of Tarbert's statements during the January 13 Cheddar Interview at or about the time Tarbert made them.

**Answer:** In addition to the foregoing objections, the Commission objects to "the January 13 Cheddar Interview Recording" as vague and ambiguous as used in this request because it incorporates the term "January 13 Cheddar Interview," defined as "then-Chairman of the CFTC Heath Tarbert gave a public interview with the news outlet Cheddar on or about January 13, 2020," which after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 536:** Admit that the SEC has never publicly stated that Heath Tarbert's statements in the January 13 Cheddar Interview were incorrect insofar as Tarbert stated that it was "unclear" whether XRP met the definition of a "commodity" or a "security" under federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "publicly stated" is vague and ambiguous in the context of this request.  The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public statement on the topic of the request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 537:** Admit that the SEC has never publicly stated that Heath Tarbert's statements in the January 13 Cheddar Interview were incorrect insofar as Tarbert stated, "Part of the issue is that our jurisdiction we share with the SEC, if it's a security, it falls under their jurisdiction. If it's a commodity, it falls under ours."

**Answer:** In addition to the foregoing objections, the Commission objects that the term "publicly stated" is vague and ambiguous in the context of this request.  The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public statement on the topic of the request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 538:** Admit that the SEC has never publicly stated that Heath Tarbert's statements in the January 13 Cheddar Interview were incorrect insofar as Tarbert stated that the CFTC had been "working closely with the SEC over the last year or so to really think about which falls in what box."

**Answer:** In addition to the foregoing objections, the Commission objects that the term "publicly stated" is vague and ambiguous in the context of this request.  The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public statement on the topic of the request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 539:** Admit that the SEC does not contest the accuracy of Tarbert's statement in the January 13 Cheddar Interview that the CFTC had been "working closely with the SEC over the last year or so to really think about which falls in what box."

**Answer:** In addition to the foregoing objections, the Commission objects to the "January 13 Cheddar Interview" as vague and ambiguous as used in his request, having been defined as "CFTC Heath Tarbert gave a public interview with the news outlet Cheddar on or about January 13, 2020,"

which after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the event took place as described by the definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 540:** Admit that as of January 13, 2020, the SEC had not told the CFTC that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request improperly seeks information protected by the deliberative process privilege.

**Request for Admission No. 541:** Admit that as of January 13, 2020, the CFTC and SEC were working closely to determine which digital assets fell under the jurisdiction of each regulator.

**Answer:** In addition to the foregoing objections, the Commission objects that "which digital assets fell under the jurisdiction of which regulator" is vague and ambiguous as used in this request. The Commission further objects that this request improperly seeks information protected by the deliberative process privilege.

**Request for Admission No. 542:** Admit that the SEC became aware that the CFTC issued final interpretive guidance on "actual delivery for digital assets" on or after it was issued on March 24, 2020 (hereinafter the "March 24 CFTC Guidance").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that at least one SEC staff member became aware that the CFTC issued final interpretive guidance on "actual delivery for digital assets" on or after it was issued on March 24, 2020.  The Commission denies the remainder of this Request.

**Request for Admission No. 543:** Admit that the "March 24 CFTC Guidance" addressed questions regarding which digital asset transactions could be deemed "retail commodity transactions" under the Commodity Exchange Act.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "questions" is vague, ambiguous, and overbroad as used in this request.  Subject to all of the foregoing objections, the Commission admits that, on March 24, 2020, the CFTC issued final interpretive guidance concerning retail commodity transactions involving certain digital assets.  The remainder of the request is denied.

**Request for Admission No. 544:** Admit that the SEC became aware that the CFTC's Division of Swap Dealer and Intermediary Oversight issued CFTC Staff Letter No. 20-34 on or after it was issued on October 21, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that at least one SEC staff member became aware that the CFTC's Division of Swap Dealer and Intermediary Oversight issued CFTC Staff Letter No. 20-34 on or after it was issued on October 21, 2020. The Commission denies the remainder of this Request.

**Request for Admission No. 545:** Admit that CFTC Staff Letter No. 20-34 addressed the CFTC's views on the acceptance, holding, and reporting of Virtual Currency.

**Answer:** In addition to the foregoing objections, the Commission further objects that CFTC Staff Letter No. 20-34 speaks for itself.  Subject  to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 546:** Admit that, on August 4, 2021, CFTC Chairman Brian Quintenz wrote in a post on his Twitter page, "Just so we're all clear here, the SEC has no authority over pure commodities or their trading venues, whether those commodities are wheat, gold, oil….or #crypto assets."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that Brian Quintenz was a

Commissioner of the CFTC on August 4, 2021. After reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny the remainder of this request.

**Request for Admission No. 547:** Admit that the SEC became aware that the Financial Crimes Enforcement Network ("FinCEN") issued guidance applicable to "Persons Administering, Exchanging, or Using Virtual Currencies" on or after it was issued on March 18, 2013.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that at least one SEC staff member became aware that the Financial Crimes Enforcement Network ("FinCEN") issued guidance applicable to "Persons Administering, Exchanging, or Using Virtual Currencies" on or after it was issued on March 18, 2013. The Commission denies the remainder of this Request.

**Request for Admission No. 548:** Admit that the SEC has never publicly stated that FinCEN's March 18, 2013 guidance was inaccurate insofar as it stated that regulations implementing the Bank Secrecy Act (BSA) were applicable "to persons creating, obtaining, distributing, exchanging, accepting, or transmitting virtual currencies."

**Answer:** In addition to the foregoing objections, the Commission objects that the term "publicly stated" is vague and ambiguous in the context of this request. The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public statement on the topic of the request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 549:** Admit that the SEC has never publicly stated that FinCEN's March 18, 2013 guidance was inaccurate insofar as it stated that convertible Virtual Currency "either has an equivalent value in real currency, or acts as a substitute for real currency."

**Answer:** In addition to the foregoing objections, the Commission objects that the term "publicly stated" is vague and ambiguous in the context of this request. The Commission further

objects that the request is overbroad and unduly burdensome because it would require the

Commission to determine whether thousands of its current and former employees made any public

statement on the topic of the request. Subject to all of the foregoing objections, and after reasonable

inquiry, the information known or readily obtainable by the Commission is insufficient to allow the

Commission to admit or deny this request.

**Request for Admission No. 550:** Admit that the SEC has never publicly stated that
FinCEN's March 18, 2013 guidance was inaccurate insofar as it stated that "[t]he definition of a
money transmitter does not differentiate between real currencies and convertible virtual currencies."

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"publicly stated" is vague and ambiguous in the context of this request.  The Commission further

objects that the request is overbroad and unduly burdensome because it would require the

Commission to determine whether thousands of its current and former employees made any public

statement on the topic of the request. Subject to all of the foregoing objections, and after reasonable

inquiry, the information known or readily obtainable by the Commission is insufficient to allow the

Commission to admit or deny this request.

**Request for Admission No. 551:** Admit that the SEC has never publicly disagreed with
FinCEN's treatment of convertible virtual currencies the same as fiat currencies.

**Answer:** In addition to the foregoing objections, the Commission objects that the term

"publicly disagreed" is vague and ambiguous in the context of this request.  The Commission further

objects that the request is overbroad and unduly burdensome because it would require the

Commission to determine whether thousands of its current and former employees made any public

statement on the topic of the request. The Commission further objects that the term "FinCEN's

treatment of convertible virtual currencies the same as fiat currencies" is vague and ambiguous in

the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry,

the information known and currently available is not sufficient to enable the Commission to admit

or deny this request.

**Request for Admission No. 552:** Admit that the SEC became aware that FinCEN issued guidance on Convertible Virtual Currencies on or after it was issued on May 9, 2019.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that at least one SEC staff member became aware that FinCEN issued guidance on Convertible Virtual Currencies on or after it was issued on May 9, 2019.  The Commission denies the remainder of this Request.

**Request for Admission No. 553:** Admit that the SEC has never publicly stated that FinCEN's May 9, 2019 guidance on Convertible Virtual Currencies was inaccurate insofar as it stated that "persons accepting and transmitting value that substitutes for currency, such as virtual currency, are money transmitters."

**Answer:** In addition to the foregoing objections, the Commission objects that the term "publicly stated" is vague and ambiguous in the context of this request.  The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public statement on the topic of the request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 554:** Admit that the SEC became aware that FinCEN and the Federal Reserve Board issued a proposed rule that would amend the recordkeeping and travel rule regulations under the Bank Secrecy Act, which would apply to domestic and cross-border transactions involving digital assets that have legal tender status, on or after it was issued on October 27, 2020.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that at least one SEC staff member became aware that FinCEN and the Federal Reserve Board issued a proposed rule that would amend the recordkeeping and travel rule regulations under the Bank Secrecy Act, which

would apply to domestic and cross-border transactions involving digital assets that have legal tender

status, on or after it was issued on October 27, 2020.  The Commission denies the remainder of this

Request.

**Request for Admission No. 555:** Admit that the requirements for Money Services
Businesses ("MSBs") to register with FinCEN as described in 31 U.S.C § 5330 and 31 C.F.R. §
1022.380 are not applicable to transactions in securities.

**Answer:** In addition to the foregoing objections, Commission further objects to this

Request is not a proper Request for Admission under Federal Rule of Civil Procedure 36(a)(1).

**Request for Admission No. 556:** Admit that the sections of the Bank Secrecy Act and
corresponding regulations requiring MSBs to have an effective anti-money laundering program as
described in 31 U.S.C. § 5318(a)(2), 31 U.S.C. § 5318(h), and 31 C.F.R. § 1022.210, are not applicable
to transactions in securities.

**Answer:** In addition to the foregoing objections, Commission further objects to this

Request is not a proper Request for Admission under Federal Rule of Civil Procedure 36(a)(1).

**Request for Admission No. 557:** Admit that the MSB Suspicious Activity Report reporting
obligations as described in 31 C.F.R. § 1022.320(a)(2) are not applicable to transactions in securities.

**Answer:** In addition to the foregoing objections, Commission further objects to this

Request is not a proper Request for Admission under Federal Rule of Civil Procedure 36(a)(1).

**Request for Admission No. 558:** Admit that under 31 C.F.R. § 1010.100, FinCEN's
definition of the term "money services business" excludes "person[s] registered with, and
functionally regulated or examined by, the SEC or the CFTC

**Answer:** In addition to the foregoing objections, Commission further objects to this

Request is not a proper Request for Admission under Federal Rule of Civil Procedure 36(a)(1).

**Request for Admission No. 559:** Admit that, prior to December 22, 2020, the SEC never
publicly stated that it considered transactions in XRP to involve securities.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission makes statements to the public in limited ways, including through

the filing of Enforcement actions.  Subject to all of the foregoing objections, the Commission

admits that prior to the filing of this Enforcement action on December 22, 2020, the Commission

never publicly stated that it considered transactions in XRP to involve securities.  The Commission

denies the remainder of this Request.

**Request for Admission No. 560:** Admit that, prior to December 22, 2020, no SEC official
publicly stated that the SEC considered transactions in XRP to involve securities.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects to "SEC official" as vague and ambiguous as used in this request.

Stating further, the Commission makes statements to the public in limited ways, including through

the filing of Enforcement actions.  Subject to all of the foregoing objections, the Commission

admits that prior to the filing of this Enforcement action on December 22, 2020, the Commission

never publicly stated that it considered transactions in XRP to involve securities.  The Commission

denies the remainder of this Request.

**Request for Admission No. 561:** Admit that, in his April 26, 2018 testimony before the
House Committee on Appropriations, Jay Clayton, then-Chairman of the SEC, did not state that the
SEC considered transactions in XRP to involve securities.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 562:** Admit that, on June 6, 2018, Jay Clayton, then-Chairman
of the SEC, was interviewed on CNBC (hereinafter the "June 6, 2018 CNBC Interview").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 563:** Admit that
https://www.cnbc.com/video/2018/06/06/sec-chairman-on-investing- cryptocurrencies.html is a
recording of the June 6 2018 CNBC Interview (hereinafter the "June 6, 2018 CNBC Interview
Recording").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 564:** Admit that June 6, 2018 CNBC Interview Recording is authentic.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 565:** Admit that the SEC has no basis to challenge the authenticity of the June 6, 2018 CNBC Interview Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 566:** Admit that the statements by Jay Clayton during the June 6, 2018 CNBC Interview Recording truthfully and accurately depict the statements made by Clayton during the June 6, 2018 CNBC Interview.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 567:** Admit that Jay Clayton has publicly stated that bitcoin was decided not to be a security by the SEC before he became SEC Chairman on May 4, 2017.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 568:** Admit that, on December 8, 2017 in a document bearing Bates number SEC-LIT- EMAILS-000340327, Amy Starr of the SEC received a link to a securities law framework from ███████ titled the "Coinbase Securities Law Framework for Tokens," a risk scoring framework and model regarding the application of securities law to digital assets that was developed by Coinbase and other stakeholders.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The

Commission further objects that the document referenced in the request speaks for itself.  Subject to all of the foregoing objections, the Commission admits that a document bearing Bates number SEC-LIT-EMAILS-000340327 reflects that, on December 8, 2017, ██████████.net emailed Amy Starr, an SEC employee, a link to a document entitled "Coinbase Securities Law Framework for Tokens."  The Commission denies the remainder of this Request.

**Request for Admission No. 569:** Admit that the SEC never stated publicly that it disagreed with the characterization in the Department of Justice and FinCEN's May 5, 2015 settlement with Ripple that XRP was a "convertible virtual currency."

**Answer:** In addition to the foregoing objections, the Commission objects that the term "stated publicly" is vague and ambiguous in the context of this request.  The Commission further objects that the request is overbroad and unduly burdensome because it would require the Commission to determine whether thousands of its current and former employees made any public statement on the topic of the request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 570:** Admit that none of the exchanges on which XRP was traded prior to December 22, 2020, was registered with the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "exchanges on which XRP was traded" is vague and ambiguous as used in this request.  Subject to the foregoing objections, the Commission admits that none of the digital asset platforms on which Ripple, Garlinghouse, or Larson sold XRP prior to December 22, 2020 was registered with the SEC as a "national securities exchange," as defined in 15 U.S.C. § 78f. After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 571:** Admit that in 2016, the SEC never took an enforcement action against any exchange for listing XRP.

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects  that "an enforcement action," "exchange," and "for listing XRP" are vague and ambiguous as used in this request.  Subject to the foregoing objections, the Commission admits that it did not file any enforcement action against any digital asset platform in 2016 in which it alleged the digital asset platform listed XRP.

    **Request for Admission No. 572:** Admit that in 2017, the SEC never took an enforcement action against any exchange for listing XRP.

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects  that "an enforcement action," "exchange," and "for listing XRP" are vague and ambiguous as used in this request.  Subject to the foregoing objections, the Commission admits that it did not file any enforcement action against any digital asset platform in 2017 in which it alleged the digital asset platform listed XRP.

    **Request for Admission No. 573:** Admit that in 2018, the SEC never took an enforcement action against any exchange for listing XRP.

    **Answer:** In addition to the foregoing objections, the Commission objects that "an enforcement action," "exchange," and "for listing XRP" are vague and ambiguous as used in this request.  Subject to the foregoing objections, the Commission admits that it did not file any enforcement action against any digital asset platform in 2018 in which it alleged the digital asset platform listed XRP.

    **Request for Admission No. 574:** Admit that in 2019, the SEC never took an enforcement action against any exchange for listing XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that "an enforcement action," "exchange," and "for listing XRP" are vague and ambiguous as used in this request. Subject to the foregoing objections, the Commission admits that it did not file any enforcement action against any digital asset platform in 2019 in which it alleged the digital asset platform listed XRP.

**Request for Admission No. 575:** Admit that in 2020, the SEC never took an enforcement action against any exchange for listing XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that "an enforcement action," "exchange," and "for listing XRP" are vague and ambiguous as used in this request. Subject to the foregoing objections, the Commission admits that it did not file any enforcement action against any digital asset platform in 2020 in which it alleged the digital asset platform listed XRP.

**Request for Admission No. 576:** Admit that prior to December 22, 2020, the SEC never took enforcement action against any exchange for listing XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that "enforcement action," "exchange," and "for listing XRP" are vague and ambiguous as used in this request. Subject to the foregoing objections, the Commission admits that it did not file any enforcement action against any digital asset platform prior to December 22, 2020 in which it alleged the digital asset platform listed XRP.

**Request for Admission No. 577:** Admit that XRP's average daily trading volume for the 30-day period prior to the date the Complaint was filed was over $8.6 billion per day.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 578:** Admit that, on or about September 19, 2018, OKCoin publicly announced its listing of XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 579:** Admit that, in connection with its listing of XRP on or about September 19, 2018, OKCoin released a statement, a true and correct copy of which is available at https://www.prweb.com/releases/okcoin_lists_five_new_cryptocurrencies_trading_agains t_usd_btc_and_eth_xrp_cardano_stellar_zcash_and_0x/prweb15770395.htm (hereinafter the "OKCoin Listing Statement").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 580:** Admit that the SEC has no basis to dispute the authenticity of the OKCoin Listing Statement.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 581:** Admit that the OKCoin Listing Statement described XRP as "an independent, decentralized asset."

**Answer:** In addition to the foregoing objections, the Commission objects that "OKCoin Listing Statement" is vague and ambiguous as used in this request because this term was defined as a "listing of XRP on or about September 19, 2018, OKCoin released a statement, a true and correct copy of which is available at https://www.prweb.com/releases/okcoin_lists_five_new_cryptocurrencies_trading_agains t_usd_btc_and_eth_xrp_cardano_stellar_zcash_and_0x/prweb15770395.htm," and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny whether this definition is accurate. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 582:** Admit that, prior to December 22, 2020, SEC Representatives met with multiple XRP market participants or their representatives, other than Ripple, regarding the application of U.S. securities laws to digital assets including XRP.

**Answer:** In addition to the foregoing objections, the Commission objects to "XRP market participants or their representatives" and "regarding application of U.S. securities laws to digital assets including XRP" as vague and ambiguous. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 583:** Admit that no SEC Representative stated that XRP was a security in any of the meetings referenced in Request No. 582.

**Answer:** In addition to the foregoing objections, the Commission objects that "any of the meetings referenced in Request No. 582" is vague and ambiguous as used in this request because, after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny that such meetings occurred.   Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 584:** Admit that, prior to December 22, 2020, no SEC Representative, in any meeting with any digital exchange, stated that the exchange would be in violation of U.S. securities laws if it listed XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that "any meeting with any digital exchange" is vague, ambiguous, and overbroad as used in this request.  The Commission further objects that this request is unduly burdensome as it would require the Commission to ascertain what thousands of current and former employees may have stated to unnamed and undefined parties.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 585:** Admit that the SEC has not produced in discovery in this Action any memos by an SEC Representative sent to another SEC Representative memorializing the substance of a communication with a third party.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 586:** Admit that, on or about October 26, 2018, William Hinman, then-Director of the Division of Corporation Finance of the SEC, participated in a lunchtime keynote interview during the TechGC National Summit (hereinafter the "October 26, 2018 TechGC National Summit").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 587:** Admit that, Marvin Ammori, who then served as the general counsel for Protocol Labs, served as an interviewer during William Hinman's keynote interview during the October 26, 2018 TechGC National Summit.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 588:** Admit that, on or about October 3, 2018, ▇▇▇▇ sent the SEC's Michael Seaman a list of proposed questions for William Hinman's lunchtime keynote interview during the October 26, 2018 TechGC National Summit (hereinafter the "Proposed Questions"), a true and correct copy of which bears Bates number SEC-LIT-EMAILS- 000335177.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that, on or about October 3, 2018, ▇▇▇▇ ▇▇▇▇ sent the SEC's Michael Seaman a document entitled "TechGC National Summit, New York City, October 26," the text of which contains the phrase "Proposed Questions," a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000335177. The remainder of the request is denied.

**Request for Admission No. 589:** Admit that Michael Seaman served as William Hinman's chief of staff in October 2018.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 590:** Admit that the Proposed Questions stated in part, "[E]very GC in this room can tell you the same story about an uncertain area of law. You call 10 different law firms and they give you 10 different answers. Each of them has their own particular spin. It's like the white light of your speech went through a prism and came out in 10 different colors of legal advice."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document which bears Bates number SEC-LIT-EMAILS-000335177 contains the phrase "But every GC in this room can tell you the same story about an uncertain area of law. You call 10 different law firms and they give you 10 different answers. Each of them has their own particular spin. It's like the white light of your speech went through a prism and came out in 10 different colors of legal advice."  The remainder of the request is denied.

**Request for Admission No. 591:** Admit that the Proposed Questions stated in part, "It seems that the Corporation Finance Division has stated that it will hear facts and circumstances arguments, without publishing more direct guidance. Policy-making by rule or instead by adjudication each has strengths and weaknesses, so neither is perfect. But the stakes are high of acting without guidance, as SEC penalties after the fact can be severe and nobody knows how long or involved the no-action letter process may take before the fact, and projects going in are getting different signals."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document referenced in this request speaks for itself.  Subject to all of the foregoing objections, the Commission admits that the document bearing Bates number SEC-LIT-EMAILS-000335177 states in part, "It seems that the Corporation Finance Division has stated that it will hear facts and circumstances arguments, without publishing more direct guidance.

Policy-making by rule or instead by adjudication each has strengths and weaknesses, so neither is

perfect. But the stakes are high of acting without guidance, as SEC penalties after the fact can be

severe and nobody knows how long or involved the no-action letter process may take before the

fact, and projects going in are getting different signals." The Commission denies the remainder of

this Request.

**Request for Admission No. 592:** Admit that the Proposed Questions stated in part,
"People are afraid of inconsistent interpretations, lack of guidance, retroactive enforcement actions,
and just confusion in the market. Have you considered a more open approach where you shine
white light directly on people?"

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 593:** Admit that, on October 25, 2018 in a document bearing
Bates number SEC-LIT- EMAILS-000335282, Seaman sent ███████ edits to the Proposed
Questions that deleted the text, "You call 10 different law firms and they give you 10 different
answers. Each of them has their own particular spin. It's like the white light of your speech went
through a prism and came out in 10 different colors of legal advice."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document referenced in this request speaks for itself.  Subject

to all of the foregoing objections, the Commission admits that Michael Seaman emailed ███████

███████ on October 25, 2018, attaching a document bearing bates number SEC-LIT-EMAILS-

000335282 and the following statement is displayed in strikethrough format, "You call 10 different

law firms and they give you 10 different answers. Each of them has their own particular spin. It's

like the white light of your speech went through a prism and came out in 10 different colors of legal

advice."  After reasonable inquiry, the information known and currently available is not sufficient to

enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 594:** Admit that, on October 25, 2018 in a document bearing
Bates number SEC-LIT- EMAILS-000335282, Seaman sent ███████ edits to the Proposed
Questions that deleted text that stated, "It seems that the Corporation Finance Division has stated
that it will hear facts and circumstances arguments, without publishing more direct guidance. Policy-

making by rule or instead by adjudication each has strengths and weaknesses, so neither is perfect. But the stakes are high of acting without guidance, as SEC penalties after the fact can be severe and nobody knows how long or involved the no-action letter process may take before the fact, and projects going in are getting different signals."

      **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document referenced in this request speaks for itself.  Subject

to all of the foregoing objections, the Commission admits that Michael Seaman emailed ████

████ on October 25, 2018, attaching a document bearing bates number SEC-LIT-EMAILS-

000335282 and the following statement is displayed in strikethrough format, "It seems that the

Corporation Finance Division has stated that it will hear facts and circumstances arguments, without

publishing more direct guidance. Policy- making by rule or instead by adjudication each has

strengths and weaknesses, so neither is perfect. But the stakes are high of acting without guidance, as

SEC penalties after the fact can be severe and nobody knows how long or involved the no-action

letter process may take before the fact, and projects going in are getting different signals."  After

reasonable inquiry, the information known and currently available is not sufficient to enable the

Commission to admit or deny the remainder of this request.

      **Request for Admission No. 595:** Admit that, on October 25, 2018 in a document bearing Bates number SEC-LIT- EMAILS-000335282, Seaman sent ████████ edits to the Proposed Questions that deleted text that stated, "People are afraid of inconsistent interpretations, lack of guidance, retroactive enforcement actions, and just confusion in the market. Have you considered a more open approached where you shine white light directly on people?"

      **Answer:** Subject to all of the foregoing objections, the Commission denies this request.

      **Request for Admission No. 596:** Admit that, on or about June 14, 2018, SEC Representatives met with attorneys for Ripple (hereinafter the "June 14, 2018 SEC-Ripple Meeting").

      **Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 597:** Admit that Valerie Szczepanik of the SEC attended the June 14, 2018 SEC-Ripple Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 598:** Admit that, during the June 14, 2018 SEC-Ripple Meeting, Szczepanik asked attorneys for Ripple to submit a memorandum examining whether XRP was a security under the U.S. securities laws under the factors identified by Director Hinman during his speech, dated June 14, 2018, entitled "Digital Asset Transactions: When Howey Met Gary (Plastic)" (hereinafter the "Gary Plastic Speech").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 599:** Admit that, on or about October 12, 2017, SEC Representatives met with representatives of ███████████ (hereinafter the "October 12, 2017 SEC-███████████ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 600:** Admit that, in advance of the October 12, 2017 SEC-███████████ Meeting, the SEC asked ███████████ to identify which of the firm's holdings it considered to be a security under the U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that on October 2, 2017, SEC employee Scott Walker emailed ███████████ of ███████████ requesting, among other things, that she provide:  "b. Holdings as of today broken out by position, including: i) description of the holding (e.g., token, equity, debt instrument), ii) whether the firm considers the position to be a

'security' (under US law), and iii) how it was acquired (e.g., pre-ICO, exchange, etc.)."  The

Commission denies the remainder of the request.

**Request for Admission No. 601:** Admit that, in the document bearing Bates SEC-LIT-EMAILS-000456655, ███████████ did not state that it considered XRP to be a security.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 602:** Admit that Robert Walker of the SEC attended the October 12, 2017 SEC- ██████████ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 603:** Admit that Nadia Brannon of the SEC attended the October 12, 2017 SEC- ██████████ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 604:** Admit that Michael Didiuk of the SEC attended the October 12, 2017 SEC- ██████████ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 605:** Admit that, during the October 12, 2017 SEC- ██████████ Meeting, no SEC attendee expressed the view that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Stating further, the Commission asserts that SEC employees are not authorized to provide to third

parties any legal advice or opinion regarding the application of the securities laws to offers or sales

of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission

admits that no SEC employee stated that the SEC viewed XRP as a security during an October 12, 2017, meeting with representatives of ███████████. The Commission denies the remainder of this request.

**Request for Admission No. 606:** Admit that, during the October 12, 2017 SEC-███████████ Meeting, no SEC attendee expressed the view that XRP might be a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "the view that XRP might be a security" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 607:** Admit that the SEC has not produced in discovery in this Action any notes from the October 12, 2017 SEC-███████████ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 608:** Admit that, following the October 12, 2017 SEC-███████████ Meeting, ███████████ continued to hold XRP in its venture fund.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 609:** Admit that, on or about March 13, 2018, Coinbase supplied the House Committee on Financial Services, Subcommittee on Capital Markets, Securities, and Investment, with the written testimony of Mike Lempres, Coinbase's Chief Legal and Risk Officer in advance of a committee hearing (hereinafter the "March 13, 2018 Coinbase Testimony")

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 610:** Admit that the March 13, 2018 Coinbase Testimony was also published on Coinbase's website at https://blog.coinbase.com/coinbases-written-testimony-

for-the- subcommittee-on-capital-markets-securities-and-investment-47f8a260ce41 (hereinafter the "March 13, 2018 Coinbase Testimony Blog Post").

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

    **Request for Admission No. 611:** Admit that the SEC has no basis to dispute the authenticity of the March 13, 2018 Coinbase Testimony Blog Post.

    **Answer:** Subject to all of the foregoing objections, the Commission denies this request.

    **Request for Admission No. 612:** Admit that the March 13, 2018 Coinbase Testimony Blog Post is a true and correct copy of the March 13, 2018 Coinbase Testimony.

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

    **Request for Admission No. 613:** Admit that the March 13, 2018 Coinbase Testimony Blog Post states in part, "The absence of regulatory clarity has slowed our willingness and ability to list new assets."

    **Answer:** In addition to the foregoing objections, the Commission further objects that the term "March 13, 2018 Coinbase Testimony Blog Post" is vague and ambiguous as used in this request because it was defined as "March 13, 2018 Coinbase Testimony was also published on Coinbase's website at https://blog.coinbase.com/coinbases-written-testimony-for-the- subcommittee-on-capital-markets-securities-and-investment-47f8a260ce41," and after reasonable inquiry,  the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny the accuracy of that definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

    **Request for Admission No. 614:** Admit that the March 13, 2018 Coinbase Testimony Blog Post states in part, "Unfortunately, the current regulatory environment—in particular regulation by enforcement without enough clear guidance on what is permissible—is harming healthy innovation

in the U.S.  There is so much uncertainty about the definition of a security and the scope of regulatory control that the market is being chilled. This is bad for everyone because the technology won't stop—it will simply move overseas and we will miss out on the opportunity to cultivate the benefits in the U.S."

> **Answer:** In addition to the foregoing objections, the Commission further objects that the term "March 13, 2018 Coinbase Testimony Blog Post" is vague and ambiguous as used in this request because it was defined as "March 13, 2018 Coinbase Testimony was also published on Coinbase's website at https://blog.coinbase.com/coinbases-written-testimony-for-the-subcommittee-on-capital-markets-securities-and-investment-47f8a260ce41," and after reasonable inquiry,  the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny the accuracy of that definition.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

> **Request for Admission No. 615:** Admit that, on or about February 8, 2019, at least one SEC Representative met with Coinbase representatives (hereinafter the "February 8, 2019 SEC-Coinbase Meeting").

> **Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

> **Request for Admission No. 616:** Admit that Valerie Szczepanik of the SEC attended the February 8, 2019 SEC- Coinbase Meeting.

> **Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

> **Request for Admission No. 617:** Admit that Elizabeth Baird of the SEC attended the February 8, 2019 SEC- Coinbase Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 618:** Admit that one of the topics discussed during the February 8, 2019 SEC-Coinbase Meeting was Coinbase's plan to list XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 619:** Admit that, during the February 8, 2019 SEC-Coinbase Meeting, no SEC attendee told Coinbase that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 620:** Admit that, during the February 8, 2019 SEC-Coinbase Meeting, no SEC attendee told Coinbase that listing XRP would constitute a violation of U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits this request.

114

**Request for Admission No. 621:** Admit that the SEC has not produced in discovery in this Action any notes from the February 8, 2019 SEC-Coinbase Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 622:** Admit that, on or about February 21, 2019, at least one SEC Representative met with Coinbase representatives (hereinafter the "February 21, 2019 SEC-Coinbase Meeting").

**Answer:** In addition to the foregoing objections, the Commission further objects to the

extent that this request requires that the Commission, under Defendant's Definition Q, determine

whether to any unidentified individual SEC employee "met with Coinbase representatives."  Such a

requirement is unduly burdensome and impossible to respond to. The Commission has thousands

of employees. The Commission cannot reasonably inquire and determine the agenda of each of its

thousands of employees on February 21, 2019.  Subject to all of the foregoing objections, and after

reasonable inquiry, the information known and currently available is not sufficient to enable the

Commission to admit or deny this request.

**Request for Admission No. 623:** Admit that Jay Clayton of the SEC attended the February 21, 2019 SEC-Coinbase Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 624:** Admit that one of the topics discussed during the February 21, 2019 SEC- Coinbase Meeting was Coinbase's plan to list XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that "February 21,

2019 Coinbase Meeting" is vague and ambiguous as used in this request because it was defined as

"on or about February 21, 2019, at least one SEC Representative met with Coinbase

representatives," which after reasonable inquiry, the information known or readily obtainable by the

Commission is insufficient to allow the Commission to admit or deny the accuracy of that

definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 625:** Admit that, during the February 21, 2019 SEC-Coinbase Meeting, no SEC attendee told Coinbase that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that "February 21, 2019 Coinbase Meeting" is vague and ambiguous as used in this request because it was defined as "on or about February 21, 2019, at least one SEC Representative met with Coinbase representatives," which after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny the accuracy of that definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 626:** Admit that, during the February 21, 2019 SEC-Coinbase Meeting, no SEC attendee told Coinbase that listing XRP would constitute a violation of U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that "February 21, 2019 Coinbase Meeting" is vague and ambiguous as used in this request because it was defined as "on or about February 21, 2019, at least one SEC Representative met with Coinbase representatives," which after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny the accuracy of that definition. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 627:** Admit that the SEC has not produced in discovery in this Action any notes from the February 21, 2019 SEC-Coinbase Meeting

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 628:** Admit that, on or about February 22, 2019, SEC Representatives met with at least one Coinbase representative (hereinafter the "February 22, 2019 SEC-Coinbase Meeting").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 629:** Admit that Elizabeth Baird of the SEC attended the February 22, 2019 SEC- Coinbase Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 630:** Admit that Valerie Szczepanik of the SEC attended the February 22, 2019 SEC- Coinbase Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 631:** Admit that one of the topics discussed during the February 22, 2019 SEC- Coinbase Meeting was Coinbase's plan to list XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 632:** Admit that, during the February 22, 2019 SEC-Coinbase Meeting, no SEC attendee told Coinbase that XRP was a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 633:** Admit that, during the February 22, 2019 SEC-Coinbase Meeting, no SEC attendee told Coinbase that listing XRP would constitute a violation of U.S. securities laws.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 634:** Admit that the SEC has not produced in discovery in this Action any notes from the February 22, 2019 SEC-Coinbase Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 635:** Admit that Coinbase publicly announced its listing of XRP on or about February 28, 2019 (hereinafter the "Coinbase XRP listing").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 636:** Admit that, prior to the Coinbase XRP listing, Coinbase obtained legal advice from outside counsel that concluded that XRP was not likely to be deemed a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 637:** Admit that, prior to the Coinbase XRP listing, Coinbase shared its legal analysis of XRP with the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that "legal

analysis" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections,

the Commission denies this request.

**Request for Admission No. 638:** Admit that Coinbase continuously listed XRP from
February 28, 2019 until January 19, 2021.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or

deny this request.

**Request for Admission No. 639:** Admit that, from February 28, 2019 through December
22, 2020, no SEC Representative ever told Coinbase that it was in violation of U.S. securities laws
due to its listing of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects this

request is overbroad and unduly burdensome because responding to this request would require the

Commission to determine whether any of its thousands of employees communicated with any

unidentified Coinbase representative on the topic of this request.  Subject to all of the foregoing

objections, and after reasonable inquiry, the information known or readily obtainable by the

Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 640:** Admit that, from February 28, 2019 through December
22, 2020, no SEC Representative ever told Coinbase to stop listing XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that this

request is overbroad and unduly burdensome because responding to this request would require the

Commission to determine whether any of its thousands of employees communicated with any of

Coinbase's unnamed and unidentified employees on the topic of this request. Subject to all of the

foregoing objections, and after reasonable inquiry, the information known or readily obtainable by

the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 641:** Admit that Coinbase de-listed XRP only after the SEC filed this Action against Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects to "de-listed" and "only after" as vague and ambiguous as used in this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 642:** Admit that on May 13, 2019, the SEC's Amy Starr and Coinbase's then-General Counsel, Dorothy Dewitt, were both speakers on a panel entitled "Perspectives on SEC Engagement Concerning Digital Assets" (hereinafter the "May 13, 2019 Panel").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to the foregoing objections, the Commission admits that Amy Starr, an SEC employee, and Dorothy Dewitt, a Coinbase employee, were speakers on a panel entitled "Perspectives on SEC Engagement Concerning Digital Assets" on May 13, 2019.  After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 643:** Admit that the May 13, 2019 Panel was videotaped.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 644:** Admit that, at the time of the May 13, 2019 Panel, Amy Starr was a senior official at the SEC.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "senior official" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 645:** Admit that at the time of the May 13, 2019 Panel, Amy Starr held the title of Chief of the Office of Capital Markets Trends in the Division of Corporation Finance.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 646:** Admit that a videotaped recording of the May 13, 2019 Panel is available at https://www.youtube.com/watch?v=1-7Qyfkpe60 (hereinafter the "May 13 Panel Videotape").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 647:** Admit that May 13 Panel Videotape is authentic.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 648:** Admit that the SEC has no basis to challenge the authenticity of the May 13 Panel Videotape.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 649:** Admit that the statements by Dorothy Dewitt during the May 13, 2019 Panel Videotape truthfully and accurately depict the statements made by Dewitt during the May 13 Panel.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 650:** Admit that Dewitt's statements depicted in the May 13, 2019 Panel Videotape were made within the earshot of Amy Starr.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 651:** Admit that the statements by Amy Starr during the May 13, 2019 Panel Videotape truthfully and accurately depict the statements made by Starr during the May 13 Panel.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 652:** Admit that, while speaking on the May 13, 2019 Panel, Dewitt stated that, by engaging and meeting with the SEC, Coinbase has "been able to help the SEC understand the marketplace."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 653:** Admit that, while speaking on the May 13, 2019 Panel, Dewitt stated: "We [Coinbase] feel like we've done as robust a job as we can to work within a quickly evolving industry and identify tokens that we can list, and using that framework we have also rejected tokens. So we have done both. And we have been transparent about that framework and the process – you know – with our actual and potential regulators."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 654:** Admit that at the time of the May 13, 2019 Panel, XRP was listed on Coinbase.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 655:** Admit that at the time of the May 13, 2019 Panel, Amy Starr knew that XRP was listed on Coinbase.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 656:** Admit that, while speaking on the May 13, 2019 Panel, Dewitt stated that the SEC's approach and the law regarding digital assets was "still a fairly murky area."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 657:** Admit that, while speaking on the May 13, 2019 Panel, Dewitt stated that the SEC's no-action letter to Turnkey Jet was "not especially helpful."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 658:** Admit that on October 9, 2020, Coinbase submitted to the SEC a draft regulation statement on Form S-1 (the "Draft S-1").

**Answer:** In addition to the foregoing objections, the Commission objects that "regulation statement" and "Coinbase" are vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 659:** Admit that, as of the date Coinbase submitted the Draft S-1 to the SEC, Coinbase listed XRP on its platform.

**Answer:** In addition to the foregoing objections, the Commission objects that "Draft S-1" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 660:** Admit that Coinbase stated in its Draft S-1 that "we only permit trading on our core platform of those crypto assets that we determine with a reasonable degree of certainty are not securities."

**Answer:** In addition to the foregoing objections, the Commission objects that "Draft S-1" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 661:** Admit that one or more members of the SEC's Division of Enforcement reviewed the Draft S-1 at or about the time it was submitted.

**Answer:** In addition to the foregoing objections, the Commission objects that "Draft S-1" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 662:** Admit that the SEC responded to the Draft S-1 in a comment letter dated December 7, 2020 (hereinafter the "SEC's December 7, 2020 Comment Letter"), a true and correct copy of which is located at https://www.sec.gov/Archives/edgar/data/0001679788/000000000020011705/filename1.pdf.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "Draft S-1" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission admits that the SEC's Division of Corporation Finance sent a letter dated December 7, 2020 to the CEO of Coinbase Global, Inc. providing comments on Coinbase Global, Inc.'s Draft Registration Statement on Form S-1 submitted October 9, 2020. The remainder of the request is denied.

**Request for Admission No. 663:** Admit that the SEC's December 7, 2020 Comment Letter to Coinbase included the following statement: "Please provide us with your legal analysis as to why you believe you can conclude that the crypto assets traded on your core platform are not securities and, therefore, you are not facilitating, or causing you to engage in, transactions in unregistered securities. In your response, please specifically address how you 'determine with a reasonable degree of certainty' that crypto assets are not securities for purposes of the federal securities laws."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that "the SEC's December 7, 2020 Comment Letter" is vague and ambiguous as used in this request.  The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that the SEC's Division of Corporation Finance's letter dated December 7, 2020 to the CEO of Coinbase Global, Inc. contains the text quoted in the request. The remainder of the request is denied.

**Request for Admission No. 664:** Admit that, prior to drafting the December 7, 2020 Comment Letter, the SEC already possessed Coinbase's legal analyses of why it believed that crypto assets listed on its core platform were not securities.

**Answer:** In addition to the foregoing objections, the Commission objects that "the SEC's December 7, 2020 Comment Letter" and "legal analyses" are vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 665:** Admit that the SEC's December 7, 2020 Comment Letter to Coinbase included the following statement and request: "We note your disclosure that '[p]ublic statements by senior officials at the SEC indicate that the SEC does not intend to take the position that Bitcoin or Ether are securities (in their current form).' Please revise this risk factor to clarify that Bitcoin and Ether are the only digital assets as to which senior officials at the SEC have publicly expressed such a view, and further clarify that as to all other digital assets there is currently no certainty under the applicable legal test that such assets are not securities, notwithstanding the predictions of your scoring model."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "the SEC's December 7, 2020 Comment Letter" is vague and ambiguous as used in this request.  The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that that the SEC's Division of Corporation Finance's letter dated December 7, 2020  to the CEO of Coinbase Global, Inc., states, in part,  "We note your disclosure that '[p]ublic statements by senior officials at the SEC indicate that the SEC does not intend to take the position that Bitcoin or Ether are securities (in their current form).' Please revise this risk factor to clarify that Bitcoin and Ether

are the only digital assets as to which senior officials at the SEC have publicly expressed such a view,

and further clarify that as to all other digital assets there is currently no certainty under the applicable

legal test that such assets are not securities, notwithstanding the predictions of your scoring model."

The Commission denies the remainder of this Request.

**Request for Admission No. 666:** Admit that Coinbase submitted to the SEC an amended
Draft S-1 to the SEC on or about December 21, 2020 (hereinafter the "Amended Draft S-1"), a true
and correct copy of which is located at the following link:
https://www.sec.gov/Archives/edgar/data/1679788/000162827920000354/filename1.htm.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that Coinbase Global, Inc.

submitted to the SEC a confidential draft no. 2 registration statement on Form S-1, dated December

21, 2020, a true and correct copy of which is located at the following link:

https://www.sec.gov/Archives/edgar/data/1679788/000162827920000354/filename1.htm.  The

Commission denies the remainder of this Request.

**Request for Admission No. 667:** Admit that, in the Amended Draft S-1, Coinbase stated
in part: "Because our platform is not registered or licensed with the SEC or foreign authorities as a
broker- dealer, national securities exchange, or ATS (or foreign equivalents), and we do not seek to
register or rely on an exemption from such registration or license to facilitate the offer and sale of
crypto assets on our platform, we only permit trading on our core platform of those crypto assets
for which we determine there are reasonably strong arguments to conclude that the crypto asset is
not a security. We believe that our process reflects a comprehensive and thoughtful analysis and is
reasonably designed to facilitate consistent application of available legal guidance to crypto assets to
facilitate informed risk-based business judgment."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document referenced in this request speaks for itself. Subject to

all of the foregoing objections, the Commission admits that the document that the submission by

Coinbase Global, Inc. to the SEC of confidential draft no. 2 registration statement on Form S-1,

states in part,  "Because our platform is not registered or licensed with the SEC or foreign

authorities as a broker- dealer, national securities exchange, or ATS (or foreign equivalents), and we do not seek to register or rely on an exemption from such registration or license to facilitate the offer and sale of crypto assets on our platform, we only permit trading on our core platform of those crypto assets for which we determine there are reasonably strong arguments to conclude that the crypto asset is not a security. We believe that our process reflects a comprehensive and thoughtful analysis and is reasonably designed to facilitate consistent application of available legal guidance to crypto assets to facilitate informed risk-based business judgment." The Commission denies the remainder of this Request.

**Request for Admission No. 668:** Admit that as of December 21, 2020, when Coinbase submitted the Amended Draft S-1, Coinbase listed XRP on its platform.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 669:** Admit that on or after December 22, 2020, one or more SEC Representatives suggested to Coinbase that it delist XRP.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 670:** Admit that, after December 22, 2020, the SEC requested that Coinbase amend its S-1 statement to disclose that Coinbase had "removed XRP from trading on your platform."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that the SEC's Division of Corporation Finance sent a letter to ███████████████████, Coinbase Global, Inc., regarding Coinbase Global, Inc. Amendment No. 1 to Draft Registration statement on Form S-1 Submitted on December 21, 2020 CIK No. 0001679788, dated February 5, 2021, which states in part, regarding

the disclosure relating to a "particular crypto asset's status as a 'security,'": "Please place this risk factor in context by disclosing that you have removed XRP from trading on your platform." The Commission denies the remainder of this request.

**Request for Admission No. 671:** Admit that attorneys at  furnished a memorandum, dated April 8, 2019, to ██████████████ (hereinafter the "April 8, 2019 ██████ Memorandum").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document bearing the bates stamp SEC-LIT-EMAILS-000460257 appears to be a memorandum dated April 8, 2019 from ███████████████████████ to ██████████████████. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this Request.

**Request for Admission No. 672:** Admit that the April 8, 2019 ██████ Memorandum states that ████████ asked ████████ to analyze whether XRP should be treated as a security under the U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits  the document bearing the bates stamp SEC-LIT-EMAILS-000460257 appears to be a memorandum dated April 8, 2019 from ██████████, to ██████████████████, with the first sentence stating: "You have asked for an analysis of whether XRP should be treated as a 'security' under the federal securities laws." The Commission denies the remainder of this Request.



**Request for Admission No. 673:** Admit that the April 8, 2019 ███████ Memorandum bears the signature of ███████ partner███████.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 674:** Admit that ███████ is a respected member of the securities law bar.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "respected member of the securities law bar" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 675:** Admit that William Hinman testified on July 27, 2021 that ███████ is "a respected member of the securities bar."

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 676:** Admit that the April 8, 2019 ███████ Memorandum states that, under SEC v. W.J. Howey Co., 328 U.S. 293 (1946), XRP should not be considered a security under the U.S. federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document bearing the bates stamp SEC-LIT-EMAILS-000460257 states, among other things, the following: "Based on the above analysis, and subject to the qualifications and assumptions set forth herein, we believe as of the date of this memorandum that you have reasonable grounds to conclude that XRP does not satisfy all elements of the Howey Analysis and is therefore not a 'security' for purposes of the federal securities laws." The Commission denies the remainder of this Request.

**Request for Admission No. 677:** Admit that the SEC received and had in its possession the April 8, 2019 ███████ Memorandum.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that, as of August 23, 2019, certain SEC staff members received the document bearing the bates stamp SEC-LIT-EMAILS-000460257 by email.  The Commission denies the remainder of this Request.

**Request for Admission No. 678:** Admit that the SEC received the April 8, 2019 █████ ███ Memorandum from FINRA.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that a FINRA employee emailed the document bearing the bates stamp SEC-LIT-EMAILS-000460257 to certain SEC staff members.  The Commission denies the remainder of this Request.

**Request for Admission No. 679:** Admit that the SEC received the April 8, 2019 █████ ███ Memorandum in 2019.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that certain SEC staff members received the document bearing the bates stamp SEC-LIT-EMAILS-000460257 in 2019.   The Commission denies the remainder of this Request.

**Request for Admission No. 680:** Admit that the SEC was aware, based on its receipt of the April 8, 2019 ████████ Memorandum, that ████████ had retained outside legal counsel to analyze whether XRP was a security under the U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that "the SEC was aware" is vague, ambiguous, and overbroad as used in this request.  Subject to all of the foregoing objections, the Commission admits the document

130



bearing the bates stamp SEC-LIT-EMAILS-000460257 appears to be a memorandum dated April 8, 2019 from ████████████████, to ████████████████, with the first sentence stating: "You have asked for an analysis of whether XRP should be treated as a 'security' under the federal securities laws."  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this Request.

**Request for Admission No. 681:** Admit that the SEC was aware, based on its receipt of the April 8, 2019 ██████ Memorandum, that ██████ believed XRP likely was not a security under the U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that "the SEC was aware" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 682:** Admit that, from the date that the SEC received the April 8, 2019 ██████ Memorandum through December 22, 2020, no SEC Representative told ██████ that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to determine whether any of its thousands of employees communicated  with any unidentified ██████ representative on the topic of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 683:** Admit that, from the date that the SEC received the April 8, 2019 ██████ Memorandum through December 22, 2020, no SEC Representative told

███████ that ██████ was violating U.S. securities laws, or would violate U.S. securities laws, by engaging in transactions with XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects this request is overbroad and unduly burdensome because responding to this request would require the Commission to determine whether any of its thousands of employees communicated with any unidentified ██████ representative on the topic of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 684:** Admit that, from the date that the SEC received the April 8, 2019 ██████ Memorandum through December 22, 2020, no SEC Representative told ██████ that ██████ was violating U.S. securities laws, or would violate U.S. securities laws, by offering an investment vehicle that held or transacted in XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects this request is overbroad and unduly burdensome because responding to this request would require the Commission to determine whether any of its thousands of employees communicated with any unidentified ██████ representative on the topic of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 685:** Admit that, on August 23, 2019, at least one SEC Representative met with FINRA representatives (hereinafter the "August 23, 2019 SEC-FINRA Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 686:** Admit that Neelanjan Maitra of the SEC attended the August 23, 2019 SEC- FINRA Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 687:** Admit that Cara Bain of FINRA attended the August 23, 2019 SEC-FINRA Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 688:** Admit that Racquel Russell of FINRA attended the August 23, 2019 SEC-FINRA Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 689:** Admit that one of the topics discussed during the August 23, 2019 SEC-FINRA Meeting was XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request improperly seeks information protected by the deliberative process privilege.

**Request for Admission No. 690:** Admit that, during the August 23, 2019 SEC-FINRA Meeting, no SEC attendee stated that the SEC had determined that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request improperly seeks information protected by the deliberative process privilege.

**Request for Admission No. 691:** Admit that the SEC has not produced in discovery in this Action any notes from the August 23, 2019 SEC-FINRA Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 692:** Admit that ██████ launched the ██████ XRP Investment Trust on or about March 1, 2018.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 693:** Admit that, between 2018 and 2020, the SEC was aware that ██████ had an investment vehicle that transacted in XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that "the SEC was aware" is vague, ambiguous, and overbroad as used in this request.  Subject to all of the foregoing objections, the Commission admits that certain SEC employees became aware in 2018 that ██████ had an investment vehicle that transacted in XRP. The Commission denies the remainder of this Request.

**Request for Admission No. 694:** Admit that, between 2018 and 2020, representatives for ██████ engaged in communications and meetings with SEC Representatives related to the ██████ XRP Investment Trust.

**Answer:** In addition to the foregoing objections, the Commission objects that "communications and meetings" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 695:** Admit that, at no meeting between ██████ and the SEC from 2018 through December 22, 2020, did any SEC Representative tell ██████ that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that this request is overbroad and unduly burdensome because responding to this request would require the Commission to determine whether any of its thousands of employees communicated with any unidentified ██████ representative and what was said.  The

Commission further objects that the term "meeting" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 696:** Admit that, at no meeting between ███████ the SEC from 2018 through December 22, 2020, did any SEC Representative tell ██████ that it was violating the U.S. securities laws by transacting in XRP through the ██████ XRP Investment Trust.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects this request is overbroad and unduly burdensome because responding to this request would require the Commission to determine whether any of its thousands of employees communicated with any unidentified ██████ representative on the topic of this request.  The Commission further objects that the term "meeting" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 697:** Admit that, on November 16, 2020, representatives of ██████ met with SEC Representatives (hereinafter the "November 16, 2020 ██████ SEC Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 698:** Admit that SEC Commissioner Hester Peirce attended the November 16, 2020 ██████-SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 699:** Admit that SEC Commissioner Elad Roisman attended the November 16, 2020 ██████ SEC Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 700:** Admit that the SEC's C. Coy Garrison attended the November 16, 2020 ██████ SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 701:** Admit that the SEC's Bill Middlebrooks attended the November 16, 2020 ██████ SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 702:** Admit that the SEC's Ben Bernstein attended the November 16, 2020 ██████ SEC Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 703:** Admit that one of the topics discussed during the November 16, 2020 ██████ SEC Meeting was the ██████ XRP Investment Trust.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 704:** Admit that  attendees told the SEC Representatives who attended the November 16, 2020 -SEC Meeting that 's investment vehicles, including the XRP Investment Trust, "provides access and exposure to the digital currency asset class. products are large and widely held and traded by established institutional market participants and retail investors alike."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 705:** Admit that attendees told the SEC Representatives who attended the November 16, 2020 SEC Meeting that "would like to be a resource to the Commissioners and Staff as they continue their exploration of digital currencies and blockchain technology."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 706:** Admit that no SEC Representative who attended the November 16, 2020 -SEC Meeting told that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that at a November 16, 2020 meeting between representatives and the SEC, no SEC employee told representatives that XRP was a security. The Commission denies the remainder of this request.

**Request for Admission No. 707:** Admit that no SEC Representative who attended the November 16, 2020 ███████-SEC Meeting told ███████ that the ███████ XRP Investment Trust violated the U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that at a November 16, 2020 meeting between ███████ representatives and the SEC, no SEC employee told ███████ representatives that the ███████ XRP Investment Trust violated the U.S. securities laws. The Commission denies the remainder of this request.

**Request for Admission No. 708:** Admit that no SEC Representative who attended the November 16, 2020 ███████-SEC Meeting told ███████ that transactions in the ███████ XRP Investment Trust violated the U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that at a November 16, 2020 meeting between ███████ representatives and the SEC, no SEC employee told ███████ representatives that transactions in the ███████ XRP Investment Trust violated the U.S. securities laws. The Commission denies the remainder of this request.

**Request for Admission No. 709:** Admit that, on January 11, 2021, representatives of ███████ met with the SEC concerning the ███████ XRP Investment Trust (hereinafter the "January 11, 2021 ███████ XRP Investment Trust Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 710:** Admit that the SEC's Valerie Szczepanik attended the January 11, 2021 ███████ XRP Investment Trust Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 711:** Admit that the SEC's Jennifer McHugh attended the January 11, 2021 ███████ XRP Investment Trust Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 712:** Admit that the SEC's Jennifer McHugh  attended the January 11, 2021 ███████ XRP Investment Trust Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 713:** Admit that, during the January 11, 2021 ███████ XRP Investment Trust Meeting, representatives for ████████ stated that it planned to dissolve the ███████ XRP Investment Trust.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 714:** Admit that, during the January 11, 2021 ███████ XRP Investment Trust Meeting, representatives for ████████ stated that its plans to dissolve the ███████ XRP Investment Trust were in reaction to the SEC's decision to bring this Action.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 715:** Admit that, prior to December 22, 2020, ▆▆▆▆ did not ever tell the SEC that it planned to dissolve the ▆▆▆▆ XRP Investment Trust.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 716:** Admit that on January 13 2021, ▆▆▆▆ announced publicly that it was commencing the dissolution of the ▆▆▆▆ XRP Investment Trust.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 717:** Admit that, in announcing publicly the dissolution of the ▆▆▆▆ XRP Trust on January 13, 2021, ▆▆▆▆ cited the SEC's decision to bring this Action as the reason for its decision to do so.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 718:** Admit that, on November 15, 2018, ▆▆▆▆ sent an email to the SEC's John Guidroz concerning the regulatory status of a digital asset called "▆▆▆▆" a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000341195.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that the document which bears Bates number SEC-LIT-EMAILS-000341195 is a true and correct copy of a thread containing a

November 15, 2018 email from ████████████ to the SEC's John Guidroz.  The Commission to

denies the remainder of this Request.

**Request for Admission No. 719:** Admit that, in the document bearing Bates number SEC-
LIT-EMAILS- 000341195,█████ states that██████previously concluded that████ was not a
security under the U.S. securities laws (hereinafter "██████ November 15, 2018 Email").

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 720:** Admit that, in ██████ November 15, 2018 Email,
████████ states that █████, in concluding that █████ is not a security, "relied" on William
Hinman's Gary Plastic Speech.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 721:** Admit that, in 2018, the SEC knew that numerous
market participants relied on William Hinman's Gary Plastic Speech as a basis to evaluate whether
digital assets were securities.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 722:** Admit that the SEC, on more than one occasion, asked
market participants who were communicating with the SEC to analyze digital assets according to the
factors in Hinman's Gary Plastic Speech.

**Answer:** In addition to the foregoing objections, the Commission objects that "market

participants" is vague and ambiguous as used in this request.  Subject to all of the foregoing

objections, the Commission denies this request.

**Request for Admission No. 723:** Admit that, in ██████November 15, 2018 Email, the
SEC's John Guidroz informed ██████that he would relay ██████message to "others in the
Commission who actively work on crypto issues."

**Answer:** In addition to the foregoing objections, the Commission further objects that the

document referenced in the request speaks for itself.  Subject to all of the foregoing objections, the

Commission denies this request.

**Request for Admission No. 724:** Admit that the document bearing Bates number SEC-
LIT-EMAILS-000466545 reflects that a copy of ██████November 15, 2018 Email was
forwarded to the SEC's Amy Starr.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 725:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████'s November 15, 2018 Email was forwarded to the SEC's Valerie Szczepanik.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 726:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Jennifer McHugh.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 727:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Carol McGee.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 728:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Josephine Tao.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 729:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Natasha Greiner.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 730:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Neelanjan Maitra.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 731:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Elizabeth Baird.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 732:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Mark Wolfe.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 733:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Jonathan Ingram.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 734:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ████████ November 15, 2018 Email was forwarded to the SEC's Laura Gold.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 735:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ████████ November 15, 2018 Email was forwarded to the SEC's Cindy Oh.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 736:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ████████ November 15, 2018 Email was forwarded to the SEC's David Walz.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 737:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ████████ November 15, 2018 Email was forwarded to the SEC's Andrew Schoeffler.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 738:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ████████ November 15, 2018 Email was forwarded to the SEC's Holly Hunter-Ceci.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 739:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Parisa Haghshenas.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 740:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Thankam Varghese.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 741:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Mark Vilardo.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 742:** Admit that the document bearing Bates number SEC-LIT-EMAILS-000466545 reflects that a copy of ███████ November 15, 2018 Email was forwarded to the SEC's Michael Reedich.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 743:** Admit that, on December 17, 2018, SEC Representatives met with at least one representative of ███████████████ on behalf of ███████ ███████████ (hereinafter the "December 17, 2018 SEC ███████ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

145

**Request for Admission No. 744:** Admit that, in advance of the December 17, 2018 SEC-Grayscale Meeting, attorneys at ███████████ sent the SEC a copy of a memorandum bearing a subject line that read, "Status of ████ under the Federal Securities Laws" (hereinafter the "███████████ Memorandum").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document referenced in the request speaks for itself.  Subject to

all of the foregoing objections, the Commission admits that ████████████████████

emailed to two SEC employees a memorandum bearing the subject line that read, "Status of ████

Under the Federal Securities Laws."  The Commission to denies the remainder of this Request.

**Request for Admission No. 745:** Admit that one of the topics discussed during the December 17, 2018 SEC-████ Meeting was uncertainty regarding the application of SEC v. W.J. Howey Co., 328 U.S. 293 (1946) to digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that

"uncertainty regarding the application of SEC v. W.J. Howey Co., 328 U.S. 293 (1946) to digital

assets" is vague and ambiguous in the context of this request.  Subject to all of the foregoing

objections, and after reasonable inquiry, the information known and currently available is not

sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 746:** Admit that one of the topics discussed during the December 17, 2018 SEC-████ Meeting was the application of the factors identified Director Hinman during the Gary Plastic Speech as to whether a digital asset is a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that

"factors identified Director Hinman during the Gary Plastic Speech as to whether a digital asset is a

security" is vague and ambiguous in the context of this request.  Subject to all of the foregoing

objections, and after reasonable inquiry, the information known and currently available is not

sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 747:** Admit that the SEC has not produced in discovery in this Action any notes from the December 17, 2018 SEC-████ Meeting.

146

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 748:** Admit that, on or about August 6, 2019, SEC Representatives met with ▇▇▇▇▇▇ of ▇▇▇▇▇ (hereinafter the "August 6, 2019 SEC-▇ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 749:** Admit that Hester Peirce of the SEC attended the August 6, 2019 SEC-▇ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 750:** Admit that Richard Gabbert of the SEC attended the August 6, 2019 SEC-▇ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 751:** Admit that one of the topics discussed during the August 6, 2019 SEC-▇ Meeting was XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 752:** Admit that, during the August 6, 2019 SEC ▇ Meeting, Hester Peirce, SEC Commissioner, stated, in sum and substance, that it would take a very long time for the SEC to decide if it would consider XRP to be a coin or a security.

147

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 753:** Admit that, during the August 6, 2019 SEC-█ Meeting, no SEC attendee expressed the view that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 754:** Admit that the SEC has not produced in discovery in this Action any notes from the August 6, 2019 SEC-█Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 755:** Admit that, following the August 6, 2019 SEC-█ Meeting, █ Holdings transacted in XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 756:** Admit that SEC-LIT-EMAILS-000309825 is a true and correct copy of a comment letter dated November 29, 2017, sent by SEC Representatives to █ █) regarding █ S-1 registration statement for the █ Fund.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document bearing the bates number SEC-LIT-EMAILS-000309825 is a true and correct copy of a comment letter dated November 29, 2017, sent by an SEC employee to ████████████████ ("████████") regarding ████████ draft S-1 registration statement for the ████████████████ Fund. The Commission to denies the remainder of this Request.

**Request for Admission No. 757:** Admit that ████_0000117 is a true and correct copy of a comment letter dated March 19, 2018, sent by SEC Representatives to ████████ regarding ████████ S- 1 registration statement for the ████████████ Fund.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 758:** Admit that ████_0000005 is a true and correct copy of a letter dated April 16, 2018, sent by ████████ outside counsel ████████████ to SEC Representatives regarding the March 19, 2018 comment letter.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document bearing the bates number S████_0000005 is a true and correct copy of a letter dated April 16, 2018, sent by ████████ outside counsel ████████████ to the SEC's Sonia Gupta Barros regarding the March 19, 2018 comment letter.  The Commission to denies the remainder of this Request.

**Request for Admission No. 759:** Admit that SEC-LIT-EMAILS-000310044 is a true and correct copy of a "briefing paper" sent by ████████████████ to the SEC's Sonia Barros and Rahul Patel on December 12, 2017 in advance of a meeting on or about December 15, 2017.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document referenced in this request speaks for itself. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 760:** Admit that on December 15, 2017, at least one SEC Representative met with at least one ████████ representative (hereinafter the "December 15, 2017 SEC-████████ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 761:** Admit that the SEC's Sonia Barros attended the December 15, 2017 SEC-████████ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 762:** Admit that the SEC's Rahul Patel attended the December 15, 2017 SEC-████████ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 763:** Admit that one of the topics discussed during the December 15, 2017 SEC-████████ Meeting was ████████ inclusion of XRP as an asset in one of its funds, ████████ (hereinafter referred to as the "████████ Fund").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 764:** Admit that, during the December 15, 2017 SEC-██ ████ Meeting, at least one ████████ representative shared ████████ view that XRP is not likely a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 765:** Admit that, during the December 15, 2017 SEC-███ Meeting, a ███████ representative stated, in sum and substance, that the purchase of XRP generally does not provide the expectation of profit.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 766:** Admit that, during the December 15, 2017 SEC-███ Meeting, no SEC Representative told ███████ that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits that at a December 15, 2017 meeting between ███████ representatives and the SEC, no SEC employee told a ███████ representative that XRP was a security. The Commission denies the remainder of this request.

**Request for Admission No. 767:**  Admit that, during the December 15, 2017 SEC-███ Meeting, no SEC Representative told ███████ that including XRP as an asset in the ███████████████████████ Fund would constitute a violation of U.S. securities laws.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission

admits that at a December 15, 2017 meeting between ▮▮▮▮▮▮ representatives and the SEC, did

any SEC employee tell a ▮▮▮▮▮▮ representative that including XRP as an asset in the ▮▮▮▮▮▮

▮▮▮▮▮▮ Fund would constitute a violation of U.S. securities laws.  The Commission

denies the remainder of this request.

**Request for Admission No. 768:** Admit that the SEC has not produced in discovery in this Action any notes from the December 15, 2017 SEC-▮▮▮▮▮▮ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 769:** Admit that, following the December 15, 2017 SEC-▮▮ ▮▮ Meeting, ▮▮▮▮▮▮ included XRP in its ▮▮▮▮▮▮▮▮▮▮ Fund.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 770:** Admit that, at or after the December 15, 2017 SEC-▮▮▮▮▮▮ Meeting, the SEC asked ▮▮▮▮▮▮ to provide to the SEC a detailed analysis, in writing, explaining why ▮▮▮▮▮▮ believed XRP was not a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 771:** Admit that, at or after the December 15, 2017 SEC-▮▮ ▮▮ Meeting, the SEC asked ▮▮▮▮▮▮ to provide to the SEC a detailed analysis, in writing, explaining why ▮▮▮▮▮▮ believed ether was not a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 772:** Admit that, at or after the December 15, 2017 SEC-█████████ Meeting, the SEC asked█████████ to provide to the SEC a detailed analysis, in writing, explaining why ████████ believed bitcoin was not a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 773:** Admit that on December 28, 2017 attorneys at █████ ██████████ furnished a memorandum to the SEC on behalf of their client, ███████████ (hereinafter the "December 28, 2017 ████████ Memorandum"), a true and correct copy of which is available at SEC-LIT-EPROD-000738343.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that on December 28, 2017

██████████████████████ wrote a letter to the SEC's Sonia Gupta Barros on behalf of

its client, ██████████████████ a true and correct copy of which is available at SEC-

LIT-EPROD-000738343.  The Commission to denies the remainder of this Request.

**Request for Admission No. 774:** Admit that the December 28, 2017 ████████ Memorandum concludes that, under SEC v. W.J. Howey Co., 328 U.S. 293 (1946), XRP was not a security under the U.S. federal securities laws.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

document bearing the bates number SEC-LIT-EPROD-000738343 speaks for itself.   Subject to all

of the foregoing objections, the Commission denies this request.

**Request for Admission No. 775:** Admit that, following the SEC's receipt of the December 28, 2017 ████████ Memorandum and through December 22, 2020, no SEC Representative told ████████ that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission further objects this

request is overbroad and unduly burdensome because responding to this request would require the

Commission to determine whether any of its thousands of employees communicated with  any

unidentified ████████ representative and what was said.  Subject to all of the foregoing

objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 776:** Admit that, following the submission of the December 28, 2017 ███████ Memorandum, the ███████████████ Fund held XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 777:** Admit that on July 26, 2018, SEC Representatives met with ████████ representatives on behalf of ████████ (hereinafter the "July 26, 2018 SEC ████ Meeting").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 778:** Admit that Sonia Barros of the SEC attended the July 26, 2018 SEC ████████ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 779:** Admit that Eric McPhee of the SEC attended the July 26, 2018 SEC-████████ Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 780:** Admit that Rahul Patel of the SEC attended the July 26, 2018 SEC-████████ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 781:** Admit that Robert Telewicz of the SEC attended the July 26, 2018 SEC-████████ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 782:** Admit that, following the July 26, 2018 SEC- ███████ Meeting, the ███████████████████ Fund held XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 783:** Admit that the SEC has not produced in discovery in this Action any notes from the July 26, 2018 SEC- ███████ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 784:** Admit that on August 3, 2018, at least one SEC Representative met with at least one ███████ representative (hereinafter the "August 3, 2018 SEC- ██████ Meeting").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 785:** Admit that one of the topics discussed during the August 3, 2018 SEC ███████ Meeting was ███████ inclusion of XRP as an asset in the ██████ ███████ Fund.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 786:** Admit that ███████ shared a deck with the SEC at the August 3, 2018 SEC- ███████ Meeting (hereinafter "the August 3, 2018 Deck"), a true and correct copy of which bears Bates number SEC-LIT-EPROD-000738423.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 787:** Admit that ██████████ provided the SEC with a copy of the August 3, 2018 Deck.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 788:** Admit that during the August 3, 2018 SEC-██████████ Meeting, ██████████ shared its view with the SEC that XRP was not likely a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 789:** Admit that during the August 3, 2018 SEC-██████████ Meeting, ██████████ referred the SEC to the legal analysis that ██████████ had previously submitted in explaining why XRP was not likely a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 790:** Admit that during the August 3, 2018 SEC-██████████ Meeting, ██████████ told the SEC that there was "substantial uncertainty" as to how the SEC viewed the security status of XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 791:** Admit that the August 3, 2018 Deck mentions that there was "substantial uncertainty" as to the security status of certain digital assets, including XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the document bearing Bates number SEC-LIT-EPROD-000738423 speaks for itself.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 792:** Admit that, during the August 3, 2018 SEC ██████ Meeting, a █████████ representative stated, in sum and substance, that the ██████████████ ████████ Fund included no assets that were likely securities.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 793:** Admit that, during the August 3, 2018 SEC ███████████ Meeting, at least one SEC attendee was aware that the ██████████████████ Fund included XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 794:** Admit that, during the August 3, 2018 SEC ██████████ Meeting, no SEC attendee told ███████ that XRP was a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 796:** Admit that the SEC has not produced in discovery in this Action any notes from the August 3, 2018 SEC ██████Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 797:** Admit that, following the August 3, 2018 SEC ███████ Meeting, the ██████████████████████Fund held XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 798:** Admit that, in January 2020, Bailard Inc. submitted its Code of Ethics to the SEC (hereinafter the "Bailard Code of Ethics").

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 799:** Admit that a true and correct copy of the Bailard Code of Ethics is available at https://www.sec.gov/Archives/edgar/data/1048702/000119312521047532/ d119950dex9928p7.htm.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 800:** Admit that the Bailard Code of Ethics was a publicly available document at all times after its submission to the SEC in January 2020.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 801:** Admit that the Bailard Code of Ethics stated, "In light of the extremely complex nature of the legal analysis regarding cryptocurrencies to determine which ones are securities and which ones are not, Bailard has decided to allow investments in three cryptocurrencies – Bitcoin, Ethereum, and XRP – that are generally accepted to be currencies and are not currently subject to regulation by the SEC. These three cryptocurrencies are treated as Non-Covered Securities. Outside of these cryptocurrencies, investment in other cryptocurrencies is prohibited."

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 802:** Admit that the SEC was aware, in or around January 2020, that Bailard viewed XRP as a currency.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 803:** Admit that the SEC was aware, in or around January 2020, that Bailard viewed XRP as not subject to regulation by the SEC at that time.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 804:** Admit that, following the submission of the Bailard Code of Ethics, no SEC Representative expressed a view to any Bailard representative that XRP was a security.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 805:** Admit that, following the submission of the Bailard Code of Ethics, no SEC Representative asked Bailard to alter its statement that "In light of the extremely complex nature of the legal analysis regarding cryptocurrencies to determine which ones are securities and which ones are not, Bailard has decided to allow investments in three cryptocurrencies – Bitcoin, Ethereum, and XRP – that are generally accepted to be currencies and are not currently subject to regulation by the SEC."

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 806:** Admit that, following the submission of the Bailard Code of Ethics, no SEC Representative told Bailard that it disagreed with Bailard's decision to allow investments in Bitcoin, Ethereum, and XRP.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 807:** Admit that, on or about October 24, 2019, SEC Commissioner Hester Peirce attended the Block Tech Conference at Chicago-Kent College of Law (hereinafter the "Block Tech Conference").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 808:** Admit that Hester Peirce was interviewed at the Block Tech Legal Conference by Patrick Daugherty, a partner at Foley & Lardner LLP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that Commissioner Hester Peirce was interviewed at the Block Tech Legal Conference by Patrick Daugherty.  After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 809:** Admit that one of the topics considered for discussion during the Block Tech Conference was marketplace confusion about whether XRP was considered a security.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 810:** Admit that, during the Block Tech Conference, Commissioner Peirce did not express the view that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 811:** Admit that, on March 28, 2018, at least one SEC Representative met with representatives of entities including ████████████████████ ██████████ and ████████ (hereinafter the "March 28, 2018 ████████-SEC Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 812:** Admit that William Hinman of the SEC attended the March 28, 2018 ████████ SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 813:** Admit that one of the topics discussed during the March 28, 2018 ████████ SEC Meeting was the regulatory uncertainty concerning the status of one or more digital assets under the federal securities laws.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 814:** Admit that, in advance of the March 28, 2018 ████████ SEC Meeting, ████████████████████ managing partner and an attorney, provided to the SEC a document entitled "Venture Capital Working Group Token Sale Non-Exclusive Safe Harbor For Discussion" (hereinafter the "Discussion Document"), a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000330957.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that ████████████

████████.com, emailed SEC staff a document entitled "Venture Capital Woprking [sic] Group

Token Sale Non-Exclusive Safe Harbor For Discussion," a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000330957.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this Request.

**Request for Admission No. 815:** Admit that one or more SEC Representatives reviewed the Discussion Document.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that at least one staff member reviewed the document which  bears Bates number SEC-LIT-EMAILS-000330957.  The remainder of the request is denied.

**Request for Admission No. 816:** Admit that the Discussion Document expressed to the SEC that the law and guidance around what constitutes an investment contract should be clarified.

**Answer:** In addition to the foregoing objections, the Commission further objects that the document bearing Bates number SEC-LIT-EMAILS-000330957 speaks for itself.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 817:** Admit that the Discussion Document expressed to the SEC the belief that SEC v. W.J. Howey Co., 328 U.S. 293 (1946) and its progeny were "challenging to interpret, leading to uncertainty" as applied to digital assets.

**Answer:** In addition to the foregoing objections, the Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000330957 speaks for itself.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 818:** Admit that one of the topics discussed during the March 28, 2018 ▮▮▮▮▮▮▮ SEC Meeting was the difficulty in applying SEC v. W.J. Howey Co., 328 U.S. 293 (1946) to one or more digital assets.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 819:** Admit that one of the topics discussed during the March 28, 2018 ███████- SEC Meeting was the possibility of implementing a non-exclusive safe harbor under the federal securities laws associated with the distribution of one or more digital assets.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 820:** Admit that the SEC has not produced in discovery in this Action any notes from the March 28, 2018 ███████ SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 821:** Admit that on April 5, 2018, an attorney representing the ███████████, a company developing a blockchain, provided to the SEC a comparative analysis of Bitcoin, ether, and ███ (hereinafter the "███ Analysis"), a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000331298.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000331298 speaks for itself. Subject to all of the foregoing objections, the Commission admits that ███████ of ███████, who stated he represented ███████, emailed Amy Starr and Jonathan Ingram of the SEC a spreadsheet labeled, "Facts and Circumstances: A Comparative Analysis of Bitcoin, Ether, and ███," a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000331298. The remainder of the Request is denied.

**Request for Admission No. 822:** Admit that the ▮▮ Analysis stated in part, that "The Ethereum Foundation seems to have control over Ethereum, and the presale and founder's reward seem to act like a normal equity security. The management of the network seems to be controlled by the board of the founding, including proposed changes to mining."

    **Answer:** In addition to the foregoing objections, the Commission further objects that the document bearing Bates number SEC-LIT-EMAILS-000331298 speaks for itself.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 823:** Admit that the SEC was aware from the ▮▮ Analysis that, as of April 5 2018, certain market participants viewed the Ethereum Foundation as having control over ether.

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000331298 speaks for itself.  The Commission further objects that "the SEC was aware" is vague, ambiguous, and overbroad as used in this request.  The Commission further objects that "certain market participants" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission admits that Amy Starr and Jonathan Ingram received a document bearing the bates number SEC-LIT-EMAILS-000331298 that stated, among other things: "The Ethereum Foundation seems to have control over Ethereum ...."  After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 824:** Admit that Amy Starr received the ▮▮ Analysis.

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that Amy Starr received a document labeled  "Facts and Circumstances: A Comparative Analysis of Bitcoin, Ether, and ▮▮,"

a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000331298.  The

Commission denies the remainder of this Request.

**Request for Admission No. 825:** Admit that the SEC did not investigate the observations made in the ▇ Analysis about the Ethereum Foundation.

**Answer:** In addition to the foregoing objections, the Commission objects that this request

improperly seeks information protected by the deliberative process privilege.

**Request for Admission No. 826:** Admit that, on October 25, 2018, attorneys for ▇ ▇ requested a telephone call with at least one SEC Representative on behalf of their client, BitGo ▇ to discuss a request for interpretative guidance or no-action relief relating to Rule 206(4)- 2 under the Investment Advisers Act of 1940 ("BitGo's No-Action Letter Request").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 827:** Admit that, on October 23, 2018, ▇ submitted a draft version of BitGo's No-Action Letter Request, bearing Bates number SEC-LIT-EMAILS-000342999, which contained track changes reflecting the deletion of the following statement: "it was unclear prior to July 2017 whether RIAs must heed the Custody Rule when holding digital assets" (hereinafter the "Deleted Statement").

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 828:** Admit that the Deleted Statement was deleted at the direction of the SEC.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 829:** Admit that the Deleted Statement was deleted at the request of the SEC.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 830:** Admit that, on December 13, 2017, at least one SEC Representative met with ▇ representatives (hereinafter the "December 13, 2017 SEC-▇ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 831:** Admit that, on December 12, 2017, in advance of the December 13, 2017 SEC-███████Meeting, ██████████ provided to the SEC a slide deck (hereinafter the "December 12, 2017 Deck"), a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000340334.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that in advance of a December 13, 2017 meeting between at least one SEC employee and representatives of ██████, a ███████ representative emailed to SEC employee Amy Starr a document bearing Bates number SEC-LIT-EMAILS-000340334.  The Commission denies the remainder of this Request.

**Request for Admission No. 832:** Admit that one or more SEC Representatives reviewed the December 12, 2017 Deck.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 833:** Admit that the December 12, 2017 Deck raised to the SEC███████ "concerns about market confusion."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000340334 speaks for itself.  Subject to all of the foregoing objections, the Commission admits that the document bearing Bates number SEC-LIT-EMAILS-000340334 contains, among other things, the phrase "Concerns about Market Confusion and Consumer Protection."  The remainder of the Request is denied.

**Request for Admission No. 834:** Admit that the December 12, 2017 Deck raised to the SEC ▓▓▓▓ concern that market participants "lack guidance on how to sell tokens that should not be securities."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000340334 speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document bearing Bates number SEC-LIT-EMAILS-000340334 contains, among other things, the phrase "Entrepreneurs and Others Lack Guidance on How to Sell Tokens That Should Not Be Securities." The remainder of the Request is denied.

**Request for Admission No. 835:** Admit that Amy Starr of the SEC attended the December 13, 2017 SEC-▓▓▓▓▓ Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 836:** Admit that one of the topics discussed during the December 13, 2017 SEC-▓▓▓▓▓ Meeting was the market confusion concerning the status of one or more digital assets under the federal securities laws.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 837:** Admit that the SEC has not produced in discovery in this Action any notes from the December 13, 2017 SEC-▓▓▓▓▓ Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 838:** Admit that, on December 20, 2017, at least one SEC Representative met with ▓▓▓▓▓ representatives (hereinafter the "December 20, 2017 SEC-▓▓▓▓ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 839:** Admit that the SEC has not produced in discovery in this Action any notes from the December 20, 2017 SEC ███████ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 840:** Admit that the ███████████ (hereinafter the "████") was founded in or about September 2019.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 841:** Admit that the █████ publicly stated that its purpose was to design a framework for assessing whether a particular digital asset has characteristics that would make it more or less likely to be classified as a security under the U.S. securities laws.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 842:** Admit that, on or about September 10, 2019, SEC Representatives met with representatives of the █████ (hereinafter the "September 10, 2019 SEC-███████ Meeting").

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 843:** Admit that █████ representatives requested a meeting with the SEC prior to the ██████ public launch.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 844:** Admit that Elizabeth Baird of the SEC attended the September 10, 2019 SEC-█████ Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 845:** Admit that Amy Starr of the SEC attended the September 10, 2019 SEC █████ Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 846:** Admit that one of the topics discussed during the September 10, 2019 SEC-███ Meeting was the lack of SEC guidance around the regulatory status of digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 847:** Admit that one of the topics discussed during the September 10, 2019 SEC-███ Meeting was the industry interest in clearer guidance about whether a particular digital asset is more or less likely to be classified as a security under the U.S. securities laws.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 848:** Admit that one of the topics discussed during the September 10, 2019 SEC-███ Meeting was that ███ had formed and created its own framework for evaluating the regulatory status of digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 849:** Admit that the SEC has not produced in discovery in this Action any notes from the September 10, 2019 SEC-███ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that the SEC has not produced notes of the referenced meeting of which it has no record. The Commission denies the remainder of this Request.

**Request for Admission No. 850:** Admit that the SEC has not produced in discovery in this Action any documents showing who attended the September 10, 2019 SEC-███ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that the SEC has not produced documents of the referenced meeting of which it has no record. The Commission denies the remainder of this Request.

**Request for Admission No. 851:** Admit that, on November 1, 2018, at least one SEC Representative met with  of ███ and ███ of ███ (hereinafter the "November 1, 2018 SEC Meeting").

168

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 852:** Admit that Robert Cohen of the SEC attended the
November 1, 2018 SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 853:** Admit that, at the time of the November 1, 2018 SEC
Meeting, Robert Cohen was the Chief of the SEC's Division of Enforcement's Cyber Unit.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 854:** Admit that Jonathan Ingram of the SEC attended the
November 1, 2018 SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 855:** Admit that Elizabeth Baird of the SEC attended the
November 1, 2018 SEC Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 856:** Admit that Valerie Szczepanik of the SEC attended the
November 1, 2018 SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 857:** Admit that Holly Hunter-Ceci of the SEC attended the November 1, 2018 SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 858:** Admit that Paul Cellupica of the SEC attended the November 1, 2018 SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 859:** Admit that ███████████ is a respected lawyer.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "respected lawyer" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 860:** Admit that ███████████ is a respected lawyer.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "respected lawyer" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 861:** Admit that William Hinman testified on July 27, 2021 that ███████████ "is a respected member of the securities bar."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that on July 27, 2021, William

Hinman testified "As far as I know," in response to the question "And ███████████ is a respected

member of the securities bar, correct?"  The Commission denies the remainder of this Request.

**Request for Admission No. 862:** Admit that ███████████ previously worked at the
SEC, including in the Office of General Counsel, Division of Corporation Finance, and as counsel
to a former SEC commissioner.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 863:** Admit that, in connection with the November 1, 2018
SEC Meeting, ███████████ and ███████████ met with the SEC in their individual capacities as
lawyers in the securities bar, and not as representatives of any clients.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or

deny this request.

**Request for Admission No. 864:** Admit that, in connection with the November 1, 2018
SEC Meeting, ███████████ and ███████████ requested to meet with the SEC because of their
concerns about the lack of clarity in the SEC's regulation of digital assets.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 865:** Admit that, prior to the November 1, 2018 SEC Meeting,
███████████ and ███████████ sent to the SEC proposed discussion points outlining their concerns, a true
and correct copy of which bears Bates number SEC-LIT-EMAILS-000342983 (hereinafter the
"Gatekeeper Memo").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document referenced in this request speaks for itself.  Subject

to all of the foregoing objections, the Commission admits that prior to the November 1, 2018 SEC

Meeting, █████████ sent to  SEC employee Robert Cohen a document entitled "Background

Information and Proposed Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the

Cryptocurrency Markets," a true and correct copy of which bears Bates number SEC-LIT-EMAILS-

000342983.  The Commission denies the remainder of this Request.

**Request for Admission No. 866:** Admit that Robert Cohen shared the Gatekeeper Memo
with other SEC Representatives.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the term "shared" is vague and ambiguous in the context of this

request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent

by email to other SEC employees the document titled "Background Information and Proposed

Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets."

The Commission to denies the remainder of this Request.

**Request for Admission No. 867:** Admit that Robert Cohen shared the Gatekeeper Memo
with the SEC's Valerie Szczepanik.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further  objects that the term "shared" is vague and ambiguous in the context of this

request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent

by email the document titled "Background Information and Proposed Discussion Points for SEC

Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Valerie Szczepanik.   The

Commission denies the remainder of this Request.

**Request for Admission No. 868:** Admit that Robert Cohen shared the Gatekeeper Memo with the SEC's Kristin Snyder.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the term "shared" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent by email the document titled "Background Information and Proposed Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Kristin Snyder.   The Commission denies the remainder of this Request.

**Request for Admission No. 869:** Admit that Robert Cohen shared the Gatekeeper Memo with the SEC's Natasha Greiner.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further  objects that the term "shared" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent by email the document titled "Background Information and Proposed Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Natasha Greiner.   The Commission denies the remainder of this Request.

**Request for Admission No. 870:** Admit that Robert Cohen shared the Gatekeeper Memo with the SEC's Amy Starr.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further  objects that the term "shared" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent by email the document titled "Background Information and Proposed Discussion Points for SEC

173

Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Amy Starr.   The
Commission denies the remainder of this Request.

**Request for Admission No. 871:** Admit that Robert Cohen shared the Gatekeeper Memo
with the SEC's Jonathan Ingram.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is
irrelevant because the Commission can prevail in this matter even if the requested fact is true.   The
Commission further objects that the term "shared" is vague and ambiguous in the context of this
request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent
by email the document titled "Background Information and Proposed Discussion Points for SEC
Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Jonathan Ingram.   The
Commission denies the remainder of this Request.

**Request for Admission No. 872:** Admit that Robert Cohen shared the Gatekeeper Memo
with the SEC's Jennifer McHugh.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is
irrelevant because the Commission can prevail in this matter even if the requested fact is true.   The
Commission further objects that the term "shared" is vague and ambiguous in the context of this
request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent
by email the document titled "Background Information and Proposed Discussion Points for SEC
Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Jennifer McHugh.   The
Commission denies the remainder of this Request.

**Request for Admission No. 873:** Admit that Robert Cohen shared the Gatekeeper Memo
with the SEC's Robert (Scott) Walker.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is
irrelevant because the Commission can prevail in this matter even if the requested fact is true.   The
Commission further objects that the term "shared" is vague and ambiguous in the context of this
request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent

174

by email the document titled "Background Information and Proposed Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Robert Walker.   The Commission denies the remainder of this Request.

**Request for Admission No. 874:** Admit that Robert Cohen shared the Gatekeeper Memo with the SEC's Daphna Waxman.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the term "shared" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent by email the document titled "Background Information and Proposed Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Daphna Waxman.   The Commission denies the remainder of this Request.

**Request for Admission No. 875:** Admit that Robert Cohen shared the Gatekeeper Memo with the SEC's Neelanjan Maitra.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the term "shared" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent by email the document titled "Background Information and Proposed Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Neelanjan Maitra.   The Commission denies the remainder of this Request.

**Request for Admission No. 876:** Admit that Robert Cohen shared the Gatekeeper Memo with the SEC's Elizabeth Baird.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the term "shared" is vague and ambiguous in the context of this

request.  Subject to all of the foregoing objections, the Commission admits that Robert Cohen sent

by email the document titled "Background Information and Proposed Discussion Points for SEC

Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Elizabeth Baird.   The

Commission denies the remainder of this Request.

**Request for Admission No. 877:** Admit that the SEC's Jennifer McHugh shared the
Gatekeeper Memo with the SEC's Holly Hunter-Ceci.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the term "shared" is vague and ambiguous in the context of this

request.  Subject to all of the foregoing objections, the Commission admits that Jennifer McHugh

sent by email the document titled "Background Information and Proposed Discussion Points for

SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Holly Hunter-Ceci.

The Commission denies the remainder of this Request.

**Request for Admission No. 878:** Admit that the SEC's Jennifer McHugh shared the
Gatekeeper Memo with the SEC's Paul Cellupica.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the term "shared" is vague and ambiguous in the context of this

request.  Subject to all of the foregoing objections, the Commission admits that Jennifer McHugh

sent by email the document titled "Background Information and Proposed Discussion Points for

SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Paul Cellupica.   The

Commission denies the remainder of this Request.

**Request for Admission No. 879:** Admit that the SEC's Holly Hunter-Ceci shared the
Gatekeeper Memo with the SEC's Parisa Haghshenas.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the term "shared" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, the Commission admits that Holly Hunter-Ceci sent by email the document titled "Background Information and Proposed Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Parisa Haghshenas. The Commission denies the remainder of this Request.

**Request for Admission No. 880:** Admit that the SEC's Holly Hunter-Ceci shared the Gatekeeper Memo with the SEC's Thankam Varghese.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the term "shared" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, the Commission admits that Holly Hunter-Ceci sent by email the document titled "Background Information and Proposed Discussion Points for SEC Meeting Regarding 'Gatekeeper' Issues in the Cryptocurrency Markets" to Thankam Varghese. The Commission denies the remainder of this Request.

**Request for Admission No. 881:** Admit that multiple SEC Representatives reviewed the Gatekeeper Memo.

**Answer:** In addition to the foregoing objections, the Commission objects to "reviewed" as vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 882:** Admit that the Gatekeeper Memo was received by more than one Division or Section Head at the SEC.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Section Head" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 883:** Admit that the Gatekeeper Memo was received by one or more SEC Commissioners.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 884:** Admit that, at the November 1, 2018 SEC Meeting, ███████ and ██████████ urged the SEC to publish clearer guidance regarding the regulation of digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 885:** Admit that, at the November 1, 2018 SEC Meeting, ███████ and ███████████ communicated that there was confusion in the marketplace about when a digital asset would be viewed as a security by the SEC.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 886:** Admit that, at the November 1, 2018 SEC Meeting, ███████ and ███████████ communicated that there was confusion among securities lawyers about when a digital asset would be viewed as a security by the SEC.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 887:** Admit that ████████ and ████████████ told the SEC that the degree of uncertainty relating to the SEC's regulation of digital assets was "unprecedented" in their experience.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 888:** Admit that the SEC has not produced in discovery in this Action any notes from the November 1 SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 889:** Admit that, on June 21, 2018, attorneys for ████████████ ████████████ submitted a memorandum to the SEC regarding the application of the federal securities laws to the ████████████████ (hereinafter "███████ Letter Submission"), a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000342636.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The

Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-

000342636 speaks for itself.  Subject to all of the foregoing objections, the Commission admits that attorneys for ███████████ submitted a memorandum to the SEC re "Securities Law Analysis Regarding ███████," a true and correct copy of which bears Bates number SEC-LIT-EMAILS-000342636.  The remainder of the Request is denied.

**Request for Admission No. 890:** Admit that one or more SEC Representatives reviewed ██████ Letter Submission.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 891:** Admit that ██████ Letter Submission stated that "the current U.S. regulatory environment does not provide clarity necessary to definitively determine which virtual currencies will be deemed securities by the SEC—or more importantly, which will not."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000342636 speaks for itself.  Subject to all of the foregoing objections, the Commission admits that the document bearing Bates number SEC-LIT-EMAILS-000342636 contains the following sentence: "Based on our discussions with the ██████ team and their discussions with other industry leaders, ██████ is of the view that the current U.S. regulatory environment does not provide the clarity necessary to definitively determine which virtual currencies will be deemed securities by the SEC – or more importantly, which will not."  The remainder of the Request is denied.

**Request for Admission No. 892:** Admit that ██████ Letter Submission stated, "Though numerous regulatory actions and statements by the Staff have applied the Howey Test to various transactions, we are not aware of any judicial decisions that have applied the Howey Test to a

cryptocurrency. As a result, any legal analysis of the characteristics of a particular virtual currency must rely on a review of decisions related to financial instruments that may have little similarity to virtual currencies."

**Answer:** In addition to the foregoing objections, the Commission further objects that the document bearing Bates number SEC-LIT-EMAILS-000342636 speaks for itself. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 893:** Admit that, as of June 21, 2018, it was true that no judicial decisions had yet applied the Howey test to a cryptocurrency.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 894:** Admit that the SEC was aware from ███████ Letter Submission that ███████ and its counsel believed that the regulation of digital assets under U.S. securities laws was unclear.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000342636 speaks for itself. The Commission further objects that the phrase the "SEC was aware" is vague, ambiguous, and overbroad as used in this request. Subject to all of the foregoing objections, the Commission admits that the SEC's Valerie Szczepanik and Andrew Schoeffler received the document bearing Bates number SEC-LIT-EMAILS-000342636. The remainder of the Request is denied.

**Request for Admission No. 895:** Admit that, in or about July 2018, SEC Representatives met with at least one representative of ███████ to discuss the application of the federal securities laws to the ███████████ (hereinafter the "July 2018 SEC-███████ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 896:** Admit that Jonathan Ingram of the SEC attended the July 2018 SEC ███████ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 897:** Admit that Valerie Szczepanik of the SEC attended the July 2018 SEC-███ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 898:** Admit that Amy Starr of the SEC attended the July 2018 SEC ███ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 899:** Admit that Andrew Schoeffler of the SEC attended the July 2018 SEC ███ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 900:** Admit that one of the topics discussed during the July 2018 SEC-███ Meeting was marketplace confusion pertaining to the SEC's regulation of digital assets.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 901:** Admit that, during or after the July 2018-SEC meeting, one or more SEC Representatives asked ███ to analyze the application of the federal securities laws to ███ under the factors identified by Director Hinman during his Gary Plastic Speech.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 902:** Admit that, following the SEC's request to analyze the application of the federal securities laws to ███ under the factors identified by

Director Hinman during his Gary Plastic Speech, ▮▮▮ undertook such an analysis, a true and correct copy of which bears Bates number HH-SEC-000236.

    **Answer:** Subject to all of the foregoing objections, the Commission denies this request.

    **Request for Admission No. 903:** Admit that the SEC has not produced in discovery in this Action any notes from the July 2018 SEC ▮▮▮ Meeting.

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

    **Request for Admission No. 904:** Admit that, on October 4, 2018, attorneys and representatives for ▮▮▮ met with one or more SEC Representatives concerning their letter request for no-action relief, dated August 30, 2018, pertaining to the ▮▮▮ digital asset (hereinafter the "October 2018 SEC-▮ Meeting").

    **Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

    **Request for Admission No. 905:** Admit that, during or after the October 2018 SEC-▮ Meeting, one or more SEC Representatives asked ▮▮▮ to submit a memorandum to the SEC analyzing Dash under the factors identified by Director Hinman during his Gary Plastic Speech.

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

    **Request for Admission No. 906:** Admit that, following the SEC's request to analyze ▮▮▮ under the factors identified by Director Hinman during his Gary Plastic Speech, ▮▮▮ undertook such an analysis, a true and correct copy of which bears Bates number SEC-LIT-EPROD-001463104.

    **Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

    **Request for Admission No. 907:** Admit that the SEC has not produced in discovery in this Action any notes from the October 2019 SEC ▮▮▮ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that "October 2019 SEC-█████ meeting" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 908:** Admit that the SEC has not produced in discovery in this Action any response to █████ request for no-action relief.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 909:** Admit that, on December 10, 2020, SEC Representatives met with representatives of █████ on behalf of █████████ concerning the █████████ (hereinafter the "December 10, 2020 SEC-█████ Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 910:** Admit that Jonathan Ingram of the SEC attended the December 10, 2020 SEC-█████ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 911:** Admit that Valerie Szczepanik of the SEC attended the December 10, 2020 SEC-█████ Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 912:** Admit that Amy Starr of the SEC attended the December 10, 2020 SEC-█████ Meeting.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 913:** Admit that Mark Vilardo of the SEC attended the December 10, 2020 SEC-█████ Meeting.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 914:** Admit that Michael Reedich of the SEC attended the December 10, 2020 SEC-████████ Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 915:** Admit that in connection with the December 10, 2020 SEC-████████ Meeting, ████████ sent the SEC a deck, bearing Bates number SEC-LIT-EMAILS-000343333, stating that there was "confusion in the marketplace" regarding whether given digital assets are securities (hereinafter the "December 10, 2020 SEC-████████ Meeting Deck").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000343333 speaks for itself. Subject to all of the foregoing objections, the Commission admits that on December 11, 2020, ████████ of ████████ sent a deck, bearing Bates number SEC-LIT-EMAILS-000343333, to certain SEC employees, which, among other things, contained the sentence "There is confusion in the marketplace."   The remainder of the Request is denied.

**Request for Admission No. 916:** Admit that one of the topics discussed during the December 10, 2020 SEC-████████ Meeting was marketplace confusion pertaining to the SEC's regulation of digital assets.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 917:** Admit that the December 10, 2020 SEC-████████ Meeting Deck stated that the CRC was viewed by various market participants as the "de facto authority" on whether a given digital asset is a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000343333 speaks for itself.  Subject to all of the foregoing objections, the Commission admits  that the document bearing Bates number SEC-LIT-EMAILS-000343333 contains the following sentence:  "Misunderstanding - Based on inbound communications from by [sic] US exchanges, trading desks and US Enterprises, the Crypto Ratings Council (CRC) is viewed as the de facto authority on whether a given digital asset is a security."  The remainder of the Request is denied.

**Request for Admission No. 918:** Admit that one of the topics discussed during the December 10, 2020 SEC-████████Meeting was that, absent SEC clarity, market participants viewed the CRC as the de facto authority on whether a given digital asset is a security.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 919:** Admit that the SEC has not produced in discovery in this Action any notes from the December 10, 2020 SEC-████████Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 920:** Admit that, on or about November 29, 2017, ████████████████ spoke to at least one SEC Representative by telephone (hereinafter the "November 29, 2017 ████████Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 921:** Admit that the SEC's Mark Vilardo attended the November 29, 2017 ████████Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 922:** Admit that, during the November 29, 2017 ███ Meeting, ███ expressed the view that regulatory uncertainty prevented him, as a lawyer, from being able to conclude whether ███ would be viewed as securities under the U.S. securities laws by the SEC.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 923:** Admit that, following the November 29, 2017 ███ Meeting, ███ sent an email to Vilardo, a true and correct copy of which is available at SEC-LIT-EMAILS- 000454510 (hereinafter the "November 29, 2017 ███ Email").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 924:** Admit that, in the November 29, 2017 ███ Email, ███ stated, "As I said we genually [sic] believe ███ are not securities in light of the above, but given the regulatory uncertainty, in our opinion this is not one of those areas where a law firm can say 'If you do X, Y and Z, you will be ok.' Only the SEC can."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EMAILS-000454510 speaks for itself. Subject to all of the foregoing objections, the Commission admits that the document bearing the bates number SEC-LIT-EMAILS-000454510 contains, among other things, the quoted language in the request. The remainder of the request is denied.

**Request for Admission No. 925:** Admit that, on or about April 24, 2018, Black Cactus Global, Inc. filed a Form S- 1 with the SEC (hereinafter the "Black Cactus S-1").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 926:** Admit that the Black Cactus S-1 states, "Neither the SEC nor the CFTC has formally asserted regulatory authority over any particular blockchain network. The CFTC has publicly taken the position that certain blockchain assets are commodities, but the SEC has not officially taken the position all blockchain assets are securities; rather, it is a facts and circumstances test" (hereinafter referred to as the "Black Cactus S-1 Disclosure").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 927:** Admit that, as of the date of the Black Cactus S-1, the Black Cactus S-1 Disclosure was an accurate statement.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 928:** Admit that no SEC Representative challenged the accuracy of the Black Cactus S- 1 Disclosure.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "challenged the accuracy" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 929:** Admit that https://www.youtube.com/watch?v=5j9Pu9JQuTQ is a recording of Robert Jackson speaking to an audience at the Future of Fintech conference on or about June 13, 2019 (hereinafter the "June 13, 2019 Future of Fintech Conference").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 930:** Admit that on June 13, 2019, Robert Jackson was a Commissioner of the SEC.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 931:** Admit that the recording at https://www.youtube.com/watch?v=5j9Pu9JQuTQ (hereinafter the "June 13, 2019 Future of Fintech Conference Recording") is authentic.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 932:** Admit that the SEC has no basis to challenge the authenticity of the June 13, 2019 Future of Fintech Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 933:** Admit that the statements depicted in the June 13, 2019 Future of Fintech Conference Recording were in fact statements made by Robert Jackson on June 13, 2019 at the June 13, 2019 Future of Fintech Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 934:** Admit that, during the June 13, 2019 Future of Fintech Conference, Commissioner Jackson stated during an interview, "[W]e have to take principles that are 80 years old, and 90 years old, and apply them to this brand-new technology. And we often disagree about exactly how to do that."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 935:** Admit that, during the June 13, 2019 Future of Fintech Conference, Commissioner Jackson characterized William Hinman's Gary Plastic Speech as something that had "moved the market forward a great deal."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 936:** Admit that https://www.youtube.com/watch?v=1IYNVf3sKPc is a recording of Robert Jackson speaking to

an audience at the Asian Financial Society 2019 Fintech Conference on or about November 19, 2019 (hereinafter the "November 19, 2019 AFS Fintech Conference").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 937:** Admit that the recording at
https://www.youtube.com/watch?v=1IYNVf3sKPc (hereinafter the "November 19, 2019 AFS
Fintech Conference Recording") is authentic.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 938:** Admit that the SEC has no basis to challenge the
authenticity of the November 19, 2019 AFS Fintech Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 939:** Admit that the statements depicted in the November 19,
2019 AFS Fintech Conference Recording were in fact statements made by Robert Jackson on
November 19, 2019 at the November 19, 2019 AFS Fintech Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 940:** Admit that Robert Jackson held the position of SEC
Commissioner when he attended and spoke at November 19, 2019 AFS Fintech Conference.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to the foregoing objections, the Commission admits that Robert Jackson held the position

of SEC Commissioner on November 19, 2019.  After reasonable inquiry, the information known

and currently available is not sufficient to enable the Commission to admit or deny the remainder of

this request.

**Request for Admission No. 941:** Admit that https://www.youtube.com/watch?v=pOIM0y4Hti4 is an authentic recording of Robert Jackson speaking to an audience at the New York Financial Writers' Association on or about April 15, 2019 (hereinafter the "April 15, 2019 NYFWA Conference").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 942:** Admit that the recording at https://www.youtube.com/watch?v=pOIM0y4Hti4 (hereinafter the "April 15, 2019 NYFWA Conference Recording") is authentic.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 943:** Admit that the SEC has no basis to challenge the authenticity of the April 15, 2019 NYFWA Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 944:** Admit that the statements depicted in the April 15, 2019 NYFWA Conference Recording were in fact statements made by Robert Jackson on April 15, 2019 at the April 15, 2019 NYFWA Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 945:** Admit that Robert Jackson held the position of SEC Commissioner when he attended and spoke at the April 15, 2019 NYFWA Conference.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to the foregoing objections, the Commission admits that Robert Jackson held the position of SEC Commissioner on April 15, 2019.  After reasonable inquiry, the information known and

currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 946:** Admit that, during the April 15, 2019 NYFWA Conference, Commissioner Jackson asked an audience member the following question about the SEC's position concerning the status of digital assets under the U.S. securities laws: "Do you think we've been clear enough about that?" (hereinafter referred to as "April 15 NYFWA Conference Question").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 947:** Admit that, in response to the April 15, 2019 NYFWA Conference Question, the audience member responded "no" (hereinafter referred to as the "April 15 NYFWA Conference Audience Answer").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 948:** Admit that, in response to the April 15, 2019 NYFWA Conference Audience Answer, Commissioner Jackson stated, "Yeah, yeah, I expected you'd say that."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 949:** Admit that, on or about May 15, 2018, the SEC's Robert Cohen spoke on a panel at the Consensus Conference in New York (hereinafter the "May 15, 2018 Consensus Conference").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 950:** Admit that, at the time when he spoke at the May 15, 2018 Consensus Conference, Robert Cohen held the position of Chief of the Cyber Unit for the SEC's Division of Enforcement.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to the foregoing objections, the Commission admits that Robert Cohen held the position of Chief of the Cyber Unit for the SEC's Division of Enforcement on May 15, 2018. After reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the remainder of this request.

**Request for Admission No. 951:** Admit that Kiran Raj, who then served as the Chief Strategy Officer for Bittrex, served on the panel alongside Cohen at the May 15, 2018 Consensus Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 952:** Admit that Raj's statements while speaking on the panel at the May 15, 2018 Consensus Conference were made within earshot of Cohen.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 953:** Admit that the following article contains quotations by Robert Cohen and Kiran Raj while participating in the panel at the May 15, 2018 Consensus Conference: https://www.crowdfundinsider.com/2018/05/133465-us-regulators-on-consensus-panel- claim-their-doors-open-and-rules-clear-regarding-icos-initial-coin-offering/ (hereinafter the "May 15, 2018 Consensus Conference Article").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 954:** Admit that the SEC has no basis to dispute the authenticity of the May 15, 2018 Consensus Conference Article.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 955:** Admit that the SEC has no basis to dispute that the quotations recorded in the May 15, 2018 Consensus Conference Article belonging Kiran Raj and Robert Cohen reflect are accurate.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 956:** Admit that, during the May 15, 2018 Consensus Conference, Raj stated, "A lot in the industry feel that we need more guidance."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 957:** Admit that, during the May 15, 2018 Consensus Conference, Raj stated that "there's a lot of uncertainty" concerning the regulation of digital assets.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 958:** Admit that, on or about May 20, 2019, Circle published a blog post on its website entitled "US crypto policy needs to change" (hereinafter the "May 20, 2019 Circle Blog Post").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 959:** Admit that the May 20, 2019 Circle Blog Post is available at https://www.circle.com/blog/us-crypto-policy-needs-to-change.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 960:** Admit that the SEC has no basis to dispute the authenticity of the May 20, 2019 Circle Blog Post.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 961:** Admit that the May 20, 2019 Circle Blog Post states that Circle planned to "geofence some assets on Poloniex from the US" as a "direct result" of the SEC's "Framework for 'Investment Contract' Analysis of Digital Assets," dated April 3, 2019 (hereinafter the "April 2019 Framework").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 962:** Admit that XRP was not among the digital assets that Circle disabled on Poloniex for United States customers in May 2019.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "disabled" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 963:** Admit that, from the date when the SEC published the April 2019 Framework through December 22, 2020, Circle continued to list XRP in the United States.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "Circle continued to list XRP" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 964:** Admit that, on or about May 23, 2019, Circle published a blog post on its website entitled "Our take: Interpreting recent signals from US regulatory agencies" (hereinafter the "May 23, 2019 Circle Blog Post").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 965:** Admit that the May 23, 2019 Circle Blog Post is available at https://www.circle.com/blog/our-take-interpreting-recent-signals-from-us-regulatory- agencies.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 966:** Admit that the SEC has no basis to dispute the authenticity of the May 23, 2019 Circle Blog Post.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 967:** Admit that the May 23, 2019 Circle Blog Post states in part, "We want to highlight how recent signals from U.S. regulators are creating an uncertain environment for crypto assets, prompting us to take actions that we—and our customers and community—find deeply frustrating."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 968:** Admit that the May 23, 2019 Circle Blog Post states that the April 2019 Framework caused the "ground [to] shift[] significantly."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 969:** Admit that the May 23, 2019 Circle Blog Post states that the SEC's publication of the April 2019 Framework "represents a sea change for the U.S. crypto community on multiple fronts."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 970:** Admit that the May 23, 2019 Circle Blog Post states that the SEC's publication of the April 2019 Framework "undercuts the idea, earlier expressed by Hinman, that sufficient decentralization could show that a digital asset isn't a security."

195

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 971:** Admit that, on November 21, 2019, SFOX published a blog post entitled "The Regulatory Landscape of Bitcoin" (hereinafter the "November 21, 2019 SFOX Blog Post").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 972:** Admit that the November 21, 2019 SFOX Blog Post is available at https://www.sfox.com/blog/the-regulatory-landscape-of-bitcoin/.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 973:** Admit that the SEC has no basis to dispute the authenticity of the November 21, 2019 SFOX Blog Post.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 974:** Admit that the November 21, 2019 SFOX Blog Post states in part, "Current crypto regulations can be extremely confusing.  Much of the difficulty has to do with the number of different regulatory bodies involved."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 975:** Admit that on June 14, 2018, the SEC sent a tweet that linked to William Hinman's Gary Plastic Speech and wrote, "SEC Corp Fin Div Dir Hinman: SEC happy to help promoters & their counsel work through whether a transaction in a particular digital asset involves the sale of a security" (hereinafter the "SEC June 14, 2018 Tweet").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits that on June 14, 2018, the SEC's San Francisco Regional Office sent a tweet that linked to William Hinman's Gary Plastic Speech and wrote, "SEC Corp Fin Div Dir Hinman: SEC happy to help promoters & their counsel work through whether a transaction in a particular digital asset involves the sale of a security." The Commission denies the remainder of this Request.

**Request for Admission No. 976:** Admit that a true and correct copy of the SEC June 14, 2018 Tweet is available at https://twitter.com/SF_SEC/status/1007435036004667392.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that a true and correct copy of the SEC's San Francisco Regional Office's June 14, 2018 Tweet is available at https://twitter.com/SF_SEC/status/1007435036004667392 as of April 11, 2022. The Commission denies the remainder of this Request.

**Request for Admission No. 977:** Admit that the SEC June 14, 2018 Tweet was sent from a Twitter account controlled by an SEC Representative.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that the San Francisco Regional Office's Twitter account was controlled by an SEC employee on June 14, 2018. The Commission denies the remainder of this Request.

**Request for Admission No. 978:** Admit that the SEC has no basis to dispute the authenticity of the SEC June 14, 2018 Tweet.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 979:** Admit that, on or about October 3, 2018, Perkins Coie partner Michael Didiuk participated in a panel discussion at the Swell conference in San Francisco (hereinafter the "October 3, 2018 Swell Conference").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known and currently available is not sufficient to enable the Commission to admit or

deny this request.

**Request for Admission No. 980:** Admit that, during a period of time prior to October 2018, Michael Didiuk had worked for the SEC, including as senior counsel in the Office of Chief Counsel for the Division of Investment Management and as investment management counsel to two SEC commissioners.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 981:** Admit that Michael Didiuk is a respected member of the securities bar.

**Answer:** In addition to the foregoing objections, the Commission further objects that the

term "respected member of the securities bar" is vague and ambiguous in the context of this

request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information

known and currently available is not sufficient to enable the Commission to admit or deny this

request.

**Request for Admission No. 982:** Admit that https://www.youtube.com/watch?v=MeAUO1vIl2w is an authentic recording of Didiuk speaking at the October 3, 2018 Swell Conference (hereinafter the "October 3, 2018 Swell Conference Recording").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 983:** Admit that the SEC has no basis to challenge the authenticity of the October 3, 2018 Swell Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 984:** Admit that the statements of Michael Didiuk depicted in the October 3, 2018 Swell Conference Recording were in fact statements made by Michael Didiuk on or about October 3, 2018 at the October 3, 2018 Swell Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 985:** Admit that, during the October 3, 2018 Swell Conference, Michael Didiuk stated that he did not believe that XRP was a security under Howey.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 986:** Admit that Didiuk's statements about XRP during the October 3, 2018 Swell Conference were publicly available.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 987:** Admit that, prior to December 22, 2020, one or more SEC Representatives was aware of the public statements concerning XRP made by Didiuk at the October 3, 2018 Swell Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 988:** Admit that, on or about November 5, 2018, William Hinman participated in a panel discussion at the Institute of International Economic Law's 2nd Annual Fintech Week (hereinafter the "November 5, 2018 Fintech Week Conference").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 989:** Admit that https://www.youtube.com/watch?v=AKoNpc0ihDE is an authentic recording of Hinman speaking at the November 5, 2018 Fintech Week Conference (hereinafter the "November 5, 2018 Fintech Week Conference Recording").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 990:** Admit that the SEC has no basis to challenge the authenticity of the November 5, 2018 Fintech Week Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 991:** Admit that the statements of William Hinman depicted in the November 5, 2018 Fintech Week Conference Recording were in fact statements made by William Hinman on or about November 5, 2018 at the November 5, 2018 Fintech Week Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 992:** Admit that, during the November 5, 2018 Fintech Week Conference, William Hinman stated the following about the Gary Plastic Speech: "The speech got a lot of attention because it was the first time we had expressed to the world that we didn't view Ether as a security."

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 993:** Admit that, on or about June 25, 2019, Hester Peirce participated in a panel at the Heritage Foundation entitled "The SEC, Entrepreneurship, FinTech and the Economy" (hereinafter the "June 25, 2019 Heritage Conference").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 994:** Admit that
https://www.youtube.com/watch?v=F72eN_zN8R0 is an authentic recording of Peirce speaking at
the June 25, 2019 Heritage Conference (hereinafter the "June 25, 2019 Heritage Conference
Recording").

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 995:** Admit that the SEC has no basis to challenge the
authenticity of the June 25, 2019 Heritage Conference Recording.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 996:** Admit that the statements of Hester Peirce depicted in
the June 25, 2019 Heritage Conference Recording were in fact statements made by Hester Peirce on
or about June 25, 2019 at the June 25, 2019 Heritage Conference.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the

information known or readily obtainable by the Commission is insufficient to allow the Commission

to admit or deny this request.

**Request for Admission No. 997:** Admit that Hester Peirce held the position of SEC
Commissioner when she attended and spoke at the June 25, 2019 Heritage Conference.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true.

Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 998:** Admit that on or about November 22, 2019,
MoneyGram, Inc. sent the SEC a letter seeking pre-clearance of its accounting treatment related to
certain payments MoneyGram received from Ripple in connection with MoneyGram's use of
Ripple's On- Demand Liquidity ("ODL") product (hereinafter "the MGI Preclearance Letter").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true. The

Commission further objects that the document referenced in the request speaks for itself.  Subject to

all of the foregoing objections, the Commission admits that  on or about November 22, 2019,

MoneyGram, Inc. sent the SEC's Office of the Chief Accountant a letter in which it "requests pre-

clearance from the Office of the Chief Accountant ('OCA') of the U.S. Securities and Exchange

Commission ('SEC' or 'Commission') of [MoneyGram, Inc.'s] accounting treatment related to fees

received from Ripple Services Inc. ('Ripple') to transact in the XRP cryptocurrency."  The remainder

of the Request is denied.

**Request for Admission No. 999:** Admit that the MGI Preclearance Letter informed the
SEC that it would receive fees from Ripple to transact in the XRP cryptocurrency.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true. The

Commission further objects that the document bearing the bates number SEC-LIT-EPROD-

000086826 speaks for itself.  Subject to all of the foregoing objections, the Commission admits  that

on or about November 22, 2019, MoneyGram, Inc. sent the SEC's Office of the Chief Accountant a

letter in which it "requests pre-clearance from the Office of the Chief Accountant ('OCA') of the

U.S. Securities and Exchange Commission ('SEC' or 'Commission') of [MoneyGram, Inc.'s]

accounting treatment related to fees received from Ripple Services Inc. ('Ripple') to transact in the

XRP cryptocurrency."  The remainder of the Request is denied.

**Request for Admission No. 1000:** Admit that the MGI Preclearance Letter informed the
SEC that, in connection with its use of ODL, MoneyGram was a daily buyer and a daily seller of
XRP in each of the crypto markets in which it participated.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is

irrelevant because the Commission can prevail in this matter even if the requested fact is true. The

Commission further objects that the document bearing the bates number SEC-LIT-EPROD-

000086826 speaks for itself.  The Commission further objects that "informed the SEC" is vague,

ambiguous, and overbroad as used in this request.  Subject to all of the foregoing objections, the

Commission admits  that the bearing the bates number SEC-LIT-EPROD-000086826, sent to the

SEC's Office of the Chief Accountant, stated among other things: "MoneyGram is providing the

XRP marketplace with liquidity by executing purchases and sales of XRP on a daily basis in third-

party exchanges.  MoneyGram is being compensated by Ripple in XRP based on the amount of fiat currency transacted through the ODL platform."   The remainder of the Request is denied.

**Request for Admission No. 1001:** Admit that the MGI Preclearance Letter informed the SEC that Ripple would pay MoneyGram certain amounts of XRP depending on the volumes of XRP purchases made by MGI.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EPROD-000086826 speaks for itself.  The Commission further objects that "informed the SEC" is vague, ambiguous, and overbroad as used in this request.  Subject to all of the foregoing objections, the Commission admits  that the bearing the bates number SEC-LIT-EPROD-000086826 sent to the SEC's Office of the Chief Accountant, stated among other things: "Depending on the volume of USD equivalent purchases of XRP ('Transaction Volume') that MoneyGram transacts during the term of the Commercial Agreement, Ripple Services will pay MPSI certain amounts of XRP as set forth in the Commercial Agreement."  The remainder of the Request is denied.

**Request for Admission No. 1002:** Admit that the MGI Preclearance Letter attached the agreements MoneyGram had at that time entered with Ripple with respect to its use of the ODL product.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  The Commission further objects that the document bearing the bates number SEC-LIT-EPROD-000086826 speaks for itself.  Subject to all of the foregoing objections, the Commission admits  that the bearing the bates number SEC-LIT-EPROD-000086826 attached as exhibits: Exhibit 1 - Sample Transaction and Flow of Funds; Exhibit 2 - Master Hosted Services Agreement; Exhibit 3 - Work Order #1; and Exhibit #4 - Amendment #1.  The remainder of the Request is denied.

**Request for Admission No. 1003:** Admit that in and after November 2019, MoneyGram provided a copy of the MGI Preclearance Letter to the SEC's Division of Corporation Finance.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that the document bearing the bates number SEC-LIT-EPROD-000086826 was provided by MoneyGram to the SEC's Division of Corporation Finance in  November 2019.  The Commission to denies the remainder of this Request.

**Request for Admission No. 1004:** Admit that in and after November 2019, the SEC communicated with MoneyGram regarding the accounting treatment for certain payments MoneyGram received from Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, the Commission admits that certain SEC staff members communicated with MoneyGram regarding the accounting treatment for certain payments MoneyGram received from Ripple.  The remainder of the request is denied.

**Request for Admission No. 1005:** Admit that in and after November 2019, the SEC's Division of Corporation Finance communicated with MoneyGram regarding MoneyGram's use of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects to "regarding MoneyGram's use of XRP" as vague and ambiguous.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 1006:** Admit that at no time prior to December 22, 2020 did the SEC tell MoneyGram that XRP is a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, SEC employees are not authorized to provide to third parties any legal advice or

opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 1007:** Admit that at no time prior to December 22, 2020 did the SEC tell MoneyGram that it was violating U.S. securities laws by engaging in transactions in XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 1008:** Admit that Ripple had no contractual obligation to any XRP holder, based solely on their status as an XRP holder, to make any effort, or take any action, to increase the value of any unit of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that "contractual obligation" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1009:** Admit that Ripple had no contractual obligation to promote the value of any unit of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that "contractual obligation" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 1010:** Admit that Ripple has no contractual obligation to make any effort, or take any action, to increase the fair market value of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that "contractual obligation" is vague and ambiguous as used in this request.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 1011:** Admit that holders of XRP who received XRP through the Bounty Program did not enter into written agreements with Ripple in connection with receiving XRP through the Bounty Program.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1012:** Admit that holders of XRP who purchased XRP on cryptocurrency exchanges during the Relevant Period did not enter into written agreements with Ripple in connection with their purchases of XRP on cryptocurrency exchanges.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1013:** Admit that an individual or entity can purchase XRP on a cryptocurrency exchange without entering into a contract with Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects to "cryptocurrency exchange" and "contract with Ripple" as vague and ambiguous. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 1014:** Admit that individuals or entities who purchased XRP from Jed McCaleb did not enter into a written agreement with Ripple in connection with such purchases of XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1015:** Admit that offers or sales of XRP made by Jed McCaleb were not a part of the alleged unlawful distribution of unregistered securities by Defendants set forth in the Complaint.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 1016:** Admit that individuals or entities who purchased XRP from Arthur Britto did not enter into a written agreement with Ripple in connection with such purchases of XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1017:** Admit that at no time has Ripple owned more than 80 billion units of XRP.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 1018:** Admit that developers independent of Ripple have created use cases for XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the terms "independent of Ripple" and "use cases for XRP" are vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 1019:** Admit that actions regarding the XRP Ledger taken by developers independent of Ripple can affect the value of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the terms "actions regarding the XRP Ledger" and "developers independent of Ripple" are vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 1020:** Admit that actions regarding the XRP Ledger taken by developers independent of Ripple can affect the price of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the terms "actions regarding the XRP Ledger" and "developers independent of Ripple" are vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after

reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 1021:** Admit that when the XRP Ledger was created, a supply of 100 billion units of XRP was created simultaneously.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1022:** Admit that 100 billion units of XRP is the maximum that will ever exist, in the absence of a change in the XRP Ledger code.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1023:** Admit that XRP can be bought, sold, or consumed (in operating the XRP Ledger) in fractional units.

**Answer:** In addition to the foregoing objections, the Commission further objects that the terms "in operating the XRP Ledger" and "consumed" are vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

**Request for Admission No. 1024:** Admit that each holder of XRP who purchased units of XRP on digital asset exchanges determines whether and when to sell their units of XRP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1025:** Admit that units of XRP can be transferred electronically between any two XRP wallets, regardless of the geographic location of their owners.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1026:** Admit that there are traders on digital asset exchanges who will accept XRP in exchange for fiat currency or other digital assets (i.e., that there are traders who buy XRP on digital asset exchanges).

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1027:** Admit that the proceeds Ripple received from its sales of XRP were not comingled with the proceeds of Mr. Larsen's sales of XRP.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 1028:** Admit that the proceeds Ripple received from its sales of XRP were not comingled with the proceeds of Mr. Garlinghouse's sales of XRP.

**Answer:** Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 1029:** Admit that Ripple's financial statements for the years ending December 31, 2019 and 2020 were audited by ███████ LLP.

**Answer:** Subject to all of the foregoing objections, and after reasonable inquiry, the information known or readily obtainable by the Commission is insufficient to allow the Commission to admit or deny this request.

**Request for Admission No. 1030:** Admit that ███████ LLP is a nationally recognized accounting firm that is independent of Ripple.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "nationally recognized accounting firm" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny this request.

Dated:  April 11, 2022

*/s/ Mark R. Sylvester*
Mark R. Sylvester
Pascale Guerrier
Daphna A. Waxman
Jon A. Daniels
Ladan Stewart
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street
New York, New York 10004
(212) 336-0159 (Sylvester)
sylvesterm@sec.gov (Sylvester)

Robert M. Moye
Benjamin J. Hanauer
SECURITIES AND EXCHANGE COMMISSION
Chicago Regional Office
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois  60604

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I served a copy of Plaintiff Securities and Exchange Commission's Answers and Objections to Defendants' Fourth Set of Requests for Admission by electronic mail upon the following:

Andrew J. Ceresney
Lisa Zornberg
Christopher S. Ford
Erol Gulay
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

*Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
Alexander J. Janghorbani
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037

*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

*Attorneys for Defendant Christian A. Larsen*

_____*/s/ Mark R. Sylvester*____
*Mark R. Sylvester*