# Exhibit 159

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :
                                                              :
                                 Plaintiff,          :          20 Civ. 10832 (AT) (SN)
                                                              :
              - against -                    :          ECF Case
                                                              :
RIPPLE LABS, INC.,                                   :
BRADLEY GARLINGHOUSE, and         :
CHRISTIAN A. LARSEN                           :
                                                              :
                                 Defendants.        :
-----------------------------------------------------------------------x

## PLAINTIFF'S AMENDED ANSWERS AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR ADMISSION PURSUANT TO ORDER DATED JULY 19, 2022

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Court's Orders of October 21, 2021 (D.E. 397) and July 19, 2022 (D.E. 557), answers and objects to certain of the Defendants Fourth Set of Requests for Admission as follows:

### GENERAL OBJECTIONS

The Commission's answers and objections to these Requests for Admission are made to the best of its present knowledge, information, or belief. These responses and objections are made without prejudice to the Commission's right to correct, revise or supplement its answers and objections as appropriate, and in so doing the Commission may rely upon documents, testimony, admissions or any other evidence at trial or at any hearing or other proceeding. Further, by providing the answers and objections set forth below, the Commission does not intend to waive any applicable privilege against disclosure. The Commission further objects that these Requests for Admission are irrelevant because the Commission need not prove the requested facts in order to prevail in this case, and the requested facts do not establish a defense to the Commission's claims.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The Commission objects to Defendants' Definitions to the extent that any of them differ from the way those terms are used in the Securities Act of 1933, the Federal Rules of Civil Procedure, or in the Commission's First Amended Complaint. The Commission objects to Defendants' Instructions to the extent that any of the purport to impose greater obligations on the Commission than the Federal Rules of Civil Procedure or the local Rules of the Southern District of New York.

## SPECIFIC OBJECTIONS AND ADMISSIONS

**Request for Admission No. 263:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their purchases of XRP with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EPROD-001462924 speaks for itself. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that Request No. 263 "concerns SEC policy, not individual employee trading data; the SEC must answer what the policy was, not whether that policy was followed or whether employees were granted relief from the policy," the Commission admits the request as modified by the Court's order.

**Request for Admission No. 264:** Admit that the January 16, 2018 Guidance required SEC Representatives to preclear their sales of XRP with the SEC Ethics Office.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. The Commission further objects that the document bearing the bates number SEC-LIT-EPROD-001462924 speaks for itself. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that Request No. 264 "concerns SEC policy, not

2

individual employee trading data; the SEC must answer what the policy was, not whether that policy was followed or whether employees were granted relief from the policy," the Commission admits the request as modified by the Court's order.

**Request for Admission No. 265:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's purchase of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that Request No. 265 "concerns SEC policy, not individual employee trading data; the SEC must answer what the policy was, not whether that policy was followed or whether employees were granted relief from the policy," the Commission denies this request as modified by the Court's order.

**Request for Admission No. 266:** Admit that, prior to January 19, 2018, no SEC policy required preclearance for any SEC Representative's sale of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that Request No. 266 "concerns SEC policy, not individual employee trading data; the SEC must answer what the policy was, not whether that policy was followed or whether employees were granted relief from the policy," the Commission denies this request as modified by the Court's order.

**Request for Admission No. 267:** Admit that, prior to January 19, 2018, no SEC policy required annual certification of any SEC Representative's holding of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that Request No. 267 "concerns SEC policy, not individual employee trading data; the SEC must answer what the

policy was, not whether that policy was followed or whether employees were granted relief from the policy," the Commission denies this request as modified by the Court's order.

**Request for Admission No. 273:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative's purchase of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that Request No. 273 "concerns SEC policy, not individual employee trading data; the SEC must answer what the policy was, not whether that policy was followed or whether employees were granted relief from the policy," the Commission denies this request as modified by the Court's order.

**Request for Admission No. 274:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative's sale of XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that Request No. 274 "concerns SEC policy, not individual employee trading data; the SEC must answer what the policy was, not whether that policy was followed or whether employees were granted relief from the policy," the Commission denies this request as modified by the Court's order.

**Request for Admission No. 275:** Admit that, prior to January 19, 2018, no SEC policy restricted any SEC Representative from holding XRP.

**Answer:** In addition to the foregoing objections, the Commission further objects that the term "policy" is vague and ambiguous as used in this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that Request No. 275 "concerns SEC policy, not individual employee trading data; the SEC must answer what the policy was, not whether that policy was followed or whether employees were granted relief from the policy," the Commission denies this request as modified by the Court's order.

4

**Request for Admission No. 294:** Admit that XRP never appeared on the Watch List before April 13, 2018.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 294, with the date 'March 29, 2018' in lieu of 'April 13, 2018,'" the Commission admits this request as modified by the Court's Order.

**Request for Admission No. 319:** Admit that, prior to December 22, 2020, the OIEA received multiple OIEA Requests asking the SEC's view of whether or not XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 319-20 & 342-44 with the term 'any person' in lieu of 'market participants'" where Ripple had previously defined "OIEA Requests" as "the OIEA received requests from multiple market participants," the Commission admits this request as modified by the Court's Order.

**Request for Admission No. 320:** Admit that the SEC did not state that XRP was a security in response to any OIEA Request it received prior to December 22, 2020.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 319-20 & 342-44 with the term 'any person' in lieu of 'market

5

participants'" where Ripple had previously defined "OIEA Requests" as "the OIEA received requests from multiple market participants," the Commission admits this request as modified by the Court's Order.

**Request for Admission No. 342:** Admit that, prior to December 22, 2020, FinHub received multiple FinHub Requests asking whether the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 319-20 & 342-44 with the term 'any person' in lieu of 'market participants'" where Ripple had previously defined "FinHub Request" as "FinHub received requests from multiple XRP market participants (each, a 'FinHub Request')," the Commission admits this request as modified by the Court's Order.

**Request for Admission No. 343:** Admit that, prior to December 22, 2020, the SEC did not state in response to any FinHub Request that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 319-20 & 342-44 with the term 'any person' in lieu of 'market participants'" where Ripple had previously defined "FinHub Request" as "FinHub received requests from multiple XRP market participants (each, a 'FinHub Request')," the Commission admits this request as modified by the Court's Order.

6

**Request for Admission No. 344:** Admit that, prior to December 22, 2020, the SEC did not state in response to any FinHub Request that the SEC viewed XRP as a security.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Stating further, the Commission asserts that SEC employees are not authorized to provide to third parties any legal advice or opinion regarding the application of the securities laws to offers or sales of any digital asset, including XRP. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 319-20 & 342-44 with the term 'any person' in lieu of 'market participants'" where Ripple had previously defined "FinHub Request" as "FinHub received requests from multiple XRP market participants (each, a 'FinHub Request')," the Commission admits this request as modified by the Court's Order.

**Request for Admission No. 465:** Admit that, prior to April 3, 2019, the SEC never issued a no-action letter relating to a digital asset.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained," the Commission admits that the SEC never issued a no-action letter relating to the offer or sale of a digital asset prior to April 3, 2019. The Commission denies the remainder of this request.

**Request for Admission No. 466:** Admit that the April 3, 2019 no-action letter published as to Turnkey Jet, Inc., was the first time the SEC issued any no-action letter relating to a digital asset.

7

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained," the Commission admits that the April 3, 2019 no-action letter published as to Turnkey Jet, Inc., was the first time that SEC staff issued any no-action letter relating to the offer or sale of a digital asset. The Commission denies the remainder of this request.

**Request for Admission No. 468:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2012.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained," the Commission admits that the SEC did not grant any no-action letter request relating to the offer or sale of a digital asset in 2012. The Commission denies the remainder of this request.

**Request for Admission No. 470:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2013.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is

8

true.  In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained," the Commission admits that the SEC did not grant any no-action letter request relating to the offer or sale of a digital asset in 2013.  The Commission denies the remainder of this request.

**Request for Admission No. 472:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2014.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained," the Commission admits that the SEC did not grant any no-action letter request relating to the offer or sale of a digital asset in 2014.  The Commission denies the remainder of this request.

**Request for Admission No. 474:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2015.

**Answer:**  In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true.  In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request.  Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states

9

that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained," the Commission admits that the SEC did not grant any no-action letter request relating to the offer or sale of a digital asset in 2015. The Commission denies the remainder of this request.

**Request for Admission No. 477:** Admit that, apart from the 2015 ▮▮▮▮ No-Action Letter Request, the SEC has not produced in discovery in this Action any no-action letter requests pertaining to digital assets that were submitted to the SEC in 2015.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "pertaining to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained", the Commission admits that apart from the 2015 ▮▮▮▮ No-Action Letter Request, it has not produced in discovery in this Action any no-action letter requests pertaining to digital assets that were submitted to the SEC in 2015.

**Request for Admission No. 479:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2016.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are

10

sustained," the Commission admits that the SEC did not grant any no-action letter request relating to the offer or sale of a digital asset in 2016. The Commission denies the remainder of this request.

**Request for Admission No. 483:** Admit that, apart from the 2016 ▮▮▮ No-Action Letter Supplement and the 2016 ▮▮▮ No-Action Letter Second Supplement, the SEC has not produced in discovery in this Action any no-action letter requests pertaining to digital assets that were submitted to the SEC in 2016.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "pertaining to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained", the Commission admits that, apart from the 2016 ▮▮▮ No-Action Letter Supplement and the 2016 ▮▮▮ No-Action Letter Second Supplement, it has not produced in discovery in this Action any no-action letter requests pertaining to digital assets that were submitted to the SEC in 2016.

**Request for Admission No. 486:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2017.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are

11

sustained," the Commission admits that the SEC did not grant any no-action letter request relating to the offer or sale of a digital asset in 2017. The Commission denies the remainder of this request.

**Request for Admission No. 487:** Admit that has not produced in discovery in this Action any no-action letter requests pertaining to digital assets that were submitted to the SEC in 2017.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "pertaining to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained", the Commission admits that it has not produced in discovery in this Action any no-action letter requests pertaining to digital assets that were submitted to the SEC in 2017.

**Request for Admission No. 489:** Admit that the SEC did not grant any no-action letter request relating to a digital asset in 2018.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. In addition to the foregoing objections, the Commission further objects that the term "relating to a digital asset" is vague and ambiguous in the context of this request. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to the No-Action Letters RFAs, except it does not need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained," the Commission admits that the SEC did not grant any no-action letter request relating to the offer or sale of a digital asset in 2018. The Commission denies the remainder of this request.

**Request for Admission No. 491:** Admit that the Ripple October 2013 Presentation took place at the offices of the U.S. Department of the Treasury in Washington, D.C.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 491, 492, & 494 as amended so that the 'Ripple October 2013 Presentation' is defined as when 'Representatives of Ripple met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013'", when "Ripple October 2013 Presentation" had previously been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," the Commission admits the request as modified by the Court's order.

**Request for Admission No. 492:** Admit that at least one SEC Representative attended the Ripple October 2013 Presentation.

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 491, 492, & 494 as amended so that the 'Ripple October 2013 Presentation' is defined as when 'Representatives of Ripple met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013'", when "Ripple October 2013 Presentation" had previously been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," the Commission admits the request as modified by the Court's order.

**Request for Admission No. 494:** Admit that during the Ripple October 2013 Presentation, Ripple representatives shared a slide deck with U.S. regulators, a true and correct copy bears Bates number RPLI_SEC 0530422 (hereinafter the "October 2013 Deck").

**Answer:** In addition to the foregoing objections, the Commission further objects that this request is irrelevant because the Commission can prevail in this matter even if the requested fact is true. Subject to all of the foregoing objections, and subject to the Court Order dated July 19, 2022 (D.E. 557) which states that the "SEC is ordered to file amended responses to RFA 491, 492, & 494 as amended so that the 'Ripple October 2013 Presentation' is defined as when 'Representatives of Ripple met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013'", when "Ripple October 2013 Presentation" had previously been defined as "Christian Larsen, on behalf of Ripple, met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013," and after reasonable inquiry, the information known and currently available is not sufficient to enable the Commission to admit or deny the request request as modified by the Court's order.

Dated:  August 2, 2022          */s/ Pascale Guerrier*
                                Pascale Guerrier
                                Ladan Stewart
                                Mark R. Sylvester
                                Daphna A. Waxman
                                Jon A. Daniels
                                Attorneys for Plaintiff
                                SECURITIES AND EXCHANGE COMMISSION
                                New York Regional Office
                                100 Pearl Street
                                New York, New York 10004
                                (212) 336-5473 (Guerrier)
                                guerrierp@sec.gov

                                Robert M. Moye
                                Benjamin J. Hanauer
                                SECURITIES AND EXCHANGE COMMISSION
                                Chicago Regional Office
                                175 W. Jackson Blvd., Suite 1450
                                Chicago, Illinois 60604

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 2, 2022, I served a copy of Plaintiff Securities and Exchange Commission's Answers and Objections to Defendants' Fourth Set of Requests for Admission by electronic mail upon the following:

Andrew J. Ceresney
Lisa Zornberg
Christopher S. Ford
Erol Gulay
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

*Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
Alexander J. Janghorbani
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037

*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
PAUL, WEISS, RIFKIND WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

*Attorneys for Defendant Christian A. Larsen*

          **/s/ Pascale Guerrier**
            **Pascale Guerrier**