# Exhibit 207



# Ethics Guidance Regarding Digital Assets

## Memorandum

**To:** All SEC Employees
**From:** Office of the Ethics Counsel
**Date:** Jan. 16, 2018
**Subject:** Ethics Guidance Regarding Digital Assets

This guidance addresses several ethics issues related to digital coins, tokens, cryptocurrencies and similar assets (collectively "digital assets"), including: 1) the application of the SEC's supplemental ethics rules to transactions and holdings in digital assets, 2) restrictions on outside employment involving digital assets and 3) financial disclosure requirements. Importantly, these products and markets are evolving, and additional steps may be taken in the future. This guidance is **effective Jan. 19, 2018**.

## I. Digital Asset Holdings & Transactions – Personal Trading Compliance System (PTCS)

The current SEC Supplemental Ethics Regulations apply to digital assets. Accordingly, effective Jan. 19, 2018, SEC employees and members are required to preclear all digital asset transactions in PTCS prior to purchasing or selling a digital asset. This requirement includes any transaction where a digital asset is redeemed or exchanged in connection with obtaining goods or services. Employees and members also must provide statements or other evidence of digital asset holdings and transactions as part of their annual certification of financial holdings. **Employees and members are reminded that the fact that a transaction has been cleared by PTCS does not mean that the underlying offer, purchase or sale is being conducted in accordance with securities laws or that the SEC endorses or sanctions the particular asset.**[1] URL: (#_ftn1) Rather, clearance by PTCS simply confirms that the transaction is not prohibited by SEC ethics regulations for the purchase or sale of financial holdings.

The following rules apply to all digital asset holdings and transactions made by or on behalf of a Commission member or employee, or the member's or employee's spouse or unemancipated minor child, or any person for whom the member or employee serves as legal guardian:

**A. Prohibitions.** Commission members and employees are prohibited from:

1. Purchasing or selling a digital asset while in possession of material nonpublic information;

2. Recommending or suggesting the purchase or sale of a digital asset based  Return to Top URL: (#) information about the digital asset or which the member or employee could not purchase or sell

SEC-SEC-E-0004496
CONFIDENTIAL
SEC-LIT-EPROD-001345801
RPLI_02159502

because of the restrictions contained in the SEC's Supplemental Ethics Regulations and this guidance;

3. Purchasing a digital asset in an initial asset offering for seven calendar days after the offering is effective; and

4. Purchasing or selling any digital asset that is issued by an entity under investigation by the Commission, a party to a proceeding before the Commission or a party to a proceeding in which the Commission is a party.

**B. Holding Periods.** As a general rule, Commission members and employees must hold a digital asset purchased after joining the Commission for six months. Exceptions to this rule are enumerated at 5 C.F.R. § 4401.102(e)(2)

URL: (https://www.ecfr.gov/cgi-bin/text-idx?SID=36ebfe7cf117c36324e1985109216b31&mc=true&node=pt5.3.4401&rgn=div5#se5.3.4401_1102)

.

**C. Reporting & Preclearance.** All Commission members and employees are required to report their digital asset transactions through PTCS. In addition, Commission members and employees are required to preclear and report all proposed digital asset transactions through PTCS. *NOTE*: When preclearing a transaction in digital assets, or funds comprised of digital assets, you must note in the comment field of the request that the request pertains to digital assets or funds of digital assets.

# II. Outside Employment Restrictions on Mining Digital Assets

SEC employees and members are prohibited from mining digital assets.

# III. OGE 278 Guidance

Employees and members who file an OGE Form 278 must report digital assets on their annual report on OGE Form 278 if the value of the holding was more than $1,000 and/or the digital asset produced more than $200 of income during the reporting period. This information must be included whether the digital asset is held by the filer, the filer's spouse and/or the filer's dependent children. Please consult with the Ethics Office if you purchase, sell or exchange a digital asset for instructions about filing a periodic transaction report on OGE Form 278-T.

# IV. OGE 450 Guidance

Employees who file an OGE Form 450 must report digital assets on Part I, assets and income, of their Form 450 if the value of the holding was more than $1,000 and/or the digital asset produced more than $200 of income during the reporting period. This information must be included whether the digital asset is held by the filer, the filer's spouse and/or the filer's dependent children.

# V. General Conflict Rules

If you (your spouse or minor child) hold digital assets, please be mindful of pote    Return to Top URL: (#)
your SEC assignments and remember that you are prohibited from working on any matter that will have a

SEC-SEC-E-0004497
CONFIDENTIAL
SEC-LIT-EPROD-001345802
RPLI_02159503

direct and predictable effect on your financial interests pursuant to 18 U.S.C. § 208 URL: (https://www.govinfo.gov/content/pkg/USCODE-2016-title18/pdf/USCODE-2016-title18-partI-chap11-sec208.pdf). For example, employees and members generally may not work on matters affecting particular digital assets when in possession of those assets. In addition, it is possible that a matter concerning the issuer of one digital asset, for example, could have a follow-on effect on other digital assets. In that case, employees and members must recuse from participating in the matter even if they hold a different type of digital asset than the digital asset in question. However, each particular matter must be analyzed based on the specific facts and circumstances. Please see the following guidance on bitcoin matters URL: (/node/12706) and digital asset matters generally URL: (/node/13211), and contact the Ethics Office with any questions.

[1] URL: (#_ftnref1) The Commission issued a Section 21(a) report indicating that digital coin or token offerings may be securities subject to the registration requirements of the securities laws, and subsequently brought an enforcement action against a token issuer for offering and selling unregistered securities. See Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934 URL: (https://www.sec.gov/litigation/investreport/34-81207.pdf): The DAO (July 25, 2017); In the Matter of Munchee Inc. URL: (https://www.sec.gov/litigation/admin/2017/33-10445.pdf), Securities Act Rel. No. 10445 (Dec. 11, 2017). The Commission also recently brought an enforcement action to halt fraudulent conduct in connection with an initial coin offering. See SEC Emergency Action Halts ICO Scam URL: (https://www.sec.gov/news/press-release/2017-219) (Dec. 4, 2017). The Commission also recently issued this relevant guidance URL: (https://www.investor.gov/additional-resources/news-alerts/alerts-bulletins/investor-bulletin-initial-coin-offerings).

**Source:** Office of the Ethics Counsel

**Modified:** Jan. 16, 2018

Return to Top URL: (#)

SEC-SEC-E-0004498
CONFIDENTIAL
SEC-LIT-EPROD-001345803
RPLI_02159504