# Exhibit 275

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :

    :

                        **Plaintiff,**    :        **20 Civ. 10832 (AT) (SN)**

    :

             **- against -**    :        **ECF Case**

    :

RIPPLE LABS, INC.,    :

BRADLEY GARLINGHOUSE, and    :

CHRISTIAN A. LARSEN    :

    :

                   **Defendants,**    :

-------------------------------------------------------------------------x

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR ADMISSION

        Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, answers and objects to the Defendants Third Set of Requests for Admission as follows:

## GENERAL OBJECTIONS

        The Commission's answers and objections to these Requests for Admission are made to the best of its present knowledge, information, or belief.  These responses and objections are made without prejudice to the Commission's right to correct, revise or supplement its answers and objections as appropriate, and in so doing the Commission may rely upon documents, testimony, admissions or any other evidence at trial or at any hearing or other proceeding.  Further, by providing the answers and objections set forth below, the Commission does not intend to waive any applicable privilege against disclosure.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

        The Commission objects to Defendants' Definitions to the extent that any of them differ from the way those terms are used in the Securities Act of 1933, the Federal Rules of Civil

Procedure, or in the Commission's First Amended Complaint.  The Commission objects to Defendants' Instructions to the extent that any of the purport to impose greater obligations on the Commission than the Federal Rules of Civil Procedure or the local Rules of the Southern District of New York.

## SPECIFIC OBJECTIONS AND ADMISSIONS

**Request for Admission No. 185:**  Admit that, from December 1, 2012, to December 22, 2020, transfers of XRP recorded on the XRP Ledger were not verified by the use of a proof of work consensus mechanism.

**Answer:**  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 186:**  Admit that, from December 1, 2012, to December 22, 2020, transfers of XRP recorded on the XRP Ledger were not verified by the use of a proof of stake consensus mechanism.

**Answer:**  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 187:**  Admit that, from December 1, 2012, to December 22, 2020, no single XRP Ledger Participant could compel any other XRP Ledger Participant to accept that a proposed transaction on the XRP Ledger was valid.

**Answer:**  Subject to all of the forgoing objections, and after reasonable inquiry, the

Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 188:**  Admit that, from December 1, 2012, to December 22, 2020, no single XRP Ledger Participant could compel any other XRP Ledger Participant to determine that a proposed transaction was not valid.

**Answer:**  Subject to all of the forgoing objections, and after reasonable inquiry, the

Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 189:**  Admit that, as of March 1, 2018, there were seventy XRP Ledger Validators.

**Answer:**  Subject to all of the forgoing objections, and after reasonable inquiry, the

Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 190:**  Admit that, from August 14, 2018, to December 22, 2020, the majority of XRP Ledger Validators were not run by Ripple or Ripple affiliates.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 191:**  Admit that, from August 20, 2018, to December 22, 2020, the majority of validators on Ripple's UNL were not run by Ripple or Ripple affiliates.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 192:**  Admit that, from December 1, 2012, to December 22, 2020, each XRP Ledger Participant could change its Unique Node List at any time.

**Answer:**  Subject to all of the forgoing objections, and after reasonable inquiry, the

Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 193:**  Admit that, from December 1, 2012, to December 22, 2020, no XRP Ledger Participant could require changes to any other XRP Ledger Participant's Unique Node List.

**Answer:**  Subject to all of the forgoing objections, and after reasonable inquiry, the

Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 194:**  Admit that, from December 1, 2012, to December 22, 2020, no XRP Ledger Participant could prohibit changes to any other XRP Ledger Participant's Unique Node List.

**Answer:**  Subject to all of the forgoing objections, and after reasonable inquiry, the

Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 195:**  Admit that, from December 1, 2012 to December 22, 2020, each XRP Ledger Participant could choose not to include on their Unique Node Lists any XRP Ledger Validators run by Ripple or any Ripple affiliates.

**Answer:**  Subject to all of the forgoing objections, and after reasonable inquiry, the

Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 196:**  Admit that, as of December 22, 2020, there were more than 700 XRP Ledger Participants running stock nodes.

**Answer:**  Subject to all of the forgoing objections, and after reasonable inquiry, the

Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 197:**  Admit that rippled's source code has been open source since September 26, 2013.

**Answer:**  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 198:**  Admit that the XRP Ledger was functional at all times on and after September 17, 2012.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 199:**  Admit that the XRP Ledger was capable of processing transactions between XRP Ledger Participants at all times on and after September 17, 2012.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 200:**  Admit that the decentralized exchange feature of the XRP Ledger was functional at all times on and after September 17, 2012.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 201:**  Admit that the XRP Ledger is a decentralized platform as that term is used in footnote 6 of the DAO Report.

**Answer:**  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 202:**  Admit that not every person who owned XRP on or before December 22, 2020, had entered into an investment contract with Ripple.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 203:**  Admit that, prior to December 22, 2020, the SEC knew that XRP II, LLC received a BitLicense from the New York Department of Financial Services in June 2016.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 204:**  Admit that, on or before December 22, 2020, the SEC knew that a BitLicense from the New York Department of Financial Services was a license to engage in "Virtual Currency Business Activity."

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 205:**  Admit that, on or before December 22, 2020, the SEC knew that XRP II, LLC was the fourth entity to receive a BitLicense from the New York Department of Financial Services.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 206:**  Admit that the 2018 Cryptocurrency FSOC was established in 2018.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission denies this request.  Stating further, according to FSOC's 2018 Annual Report, FSOC established a "Digital Assets Working Group" in late 2017.

**Request for Admission No. 207:**  Admit that the 2018 Cryptocurrency FSOC included representatives from the Bureau of Consumer Financial Protection.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission admits that the FSOC "Digital Assets Working Group" included representatives of the Consumer Financial Protection Bureau.

**Request for Admission No. 208:** Admit that the 2018 Cryptocurrency FSOC included representatives from the Commodity Futures Trading Commission.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits that the FSOC "Digital Assets Working Group" included representatives of the Commodity Futures Trading Commission.

**Request for Admission No. 209:** Admit that the 2018 Cryptocurrency FSOC included representatives from the Department of the Treasury.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits that the FSOC "Digital Assets Working Group" included representatives of the Department of Treasury.

**Request for Admission No. 210:** Admit that the 2018 Cryptocurrency FSOC included representatives from the Federal Deposit Insurance Corporation.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits that the FSOC "Digital Assets Working Group" included representatives of the Federal Deposit Insurance Corporation.

**Request for Admission No. 211:** Admit that the 2018 Cryptocurrency FSOC included representatives from the Federal Reserve Bank.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the

foregoing objections, the Commission admits that the FSOC "Digital Assets Working Group" included representatives of the Board of Governors of the Federal Reserve System.

**Request for Admission No. 212:** Admit that the 2018 Cryptocurrency FSOC included representatives from the Office of the Comptroller of the Currency.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits that the FSOC "Digital Assets Working Group" included representatives of the Office of the Comptroller of the Currency.

**Request for Admission No. 213:** Admit that the 2018 Cryptocurrency FSOC included representatives from the Securities and Exchange Commission.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits that the FSOC "Digital Assets Working Group" included representatives of the Securities and Exchange Commission.

**Request for Admission No. 214:** Admit that the 2018 Cryptocurrency FSOC held its first meeting on or about March 8, 2018.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "meeting" in this request is vague as to whether it is limited to formal in-person meetings involving representatives of all relevant agencies, or would also include informal meetings and telephone conferences involving representatives of some relevant agencies which addressed issues of interest to the Working Group. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 215:** Admit that the mission of the 2018 Cryptocurrency FSOC was to "bring[] together federal financial regulators whose jurisdictions are relevant to the oversight of virtual currencies and their underlying technologies."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits that this request describes one aspect of the FSOC Digital Assets Working Group, but denies that this request is a complete statement of its mission. Stating further, in describing its Digital Assets Working Group, FSOC's 2018 Annual Report noted that: "Digital assets pose new challenges to market integrity and regulatory frameworks designed to protect investors and the public. An offering of digital assets or of assets that use a distributed ledger or blockchain can be subject to the requirements of federal securities and other laws. In the United States, initial coin offerings (ICOs) involving digital assets such as coins or tokens may be securities offerings—based on specific facts about the offerings—and may therefore fall under the federal securities laws enforced by the SEC."

**Request for Admission No. 216:** Admit that the 2018 Cryptocurrency FSOC sought to enable various federal agencies to "collaborate regarding [oversight of virtual currencies and their underlying technologies issues], including to promote consistent regulatory approaches and to identify and address potential risks."

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits that this request describes one aspect of the FSOC Digital Assets Working Group, but denies that this request is a complete statement of its mission. Stating further, in describing its Digital Assets Working Group, FSOC's 2018 Annual Report noted that: "Digital assets pose new challenges to market integrity and regulatory frameworks designed to protect investors and the public. An offering of digital assets or of assets that use a distributed

ledger or blockchain can be subject to the requirements of federal securities and other laws. In the United States, initial coin offerings (ICOs) involving digital assets such as coins or tokens may be securities offerings—based on specific facts about the offerings—and may therefore fall under the federal securities laws enforced by the SEC."

**Request for Admission No. 217:** Admit that, beginning on or about October 1, 2018, XRP could be used as a bridge asset using Ripple's On Demand Liquidity product.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "use" is vague, to the extent that it suggests that On Demand Liquidity ("ODL") was commercially viable without substantial efforts and expenditures by Ripple, including the payment of significant financial incentives to ODL "users." Subject to all of the foregoing objections, the Commission admits that, on October 1, 2018, Ripple announced that its xRapid product, through which certain entities made cross border transactions using XRP, was then "commercially available and moving into production" with at least three customers. After reasonable inquiry, the Commission lacks sufficient information to admit or deny the remainder of this request.

**Request for Admission No. 218:** Admit that, at all times prior to December 22, 2020, Ripple did not have access to information sufficient to permit it to create or maintain a list, roster, or other index Identifying all holders of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 219**: With respect to any holder of XRP that purchased XRP directly or indirectly in a transaction in which any Defendant was the seller, admit that following the settlement of the purchase of XRP, no such holder of XRP had any right, based solely on his or her status as a holder of XRP, to participate, directly or indirectly, in managing the affairs, or conducting the operations, of Ripple.

**Answer**: In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission also objects that this request is cumulative and repetitive of prior requests. Subject to all of the foregoing objections, the Commission admits the facts in this request.

**Request for Admission No. 220**: Admit that, prior to December 22, 2020, no XRP Holder had told the SEC that they had any expectation of receiving dividends from Ripple based solely on their status as a holder of XRP.

**Answer**: In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission also objects that it cannot rule out the possibility that some XRP holder made such a statement to one of the thousands of the agency's current or former employee prior to December 22, 2020. Subject to all of the foregoing objections, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 221**: Admit that, prior to December 22, 2020, no XRP Holder had told the SEC that they had a right to receive dividends from Ripple based solely on their status as a holder of XRP.

**Answer**: In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission also objects that it cannot rule out the possibility that some XRP holder made such a statement to one of the thousands of the agency's current or former employee prior to December 22, 2020. Subject to

all of the foregoing objections, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 222**: Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants expected to use XRP to purchase goods and services.

**Answer**: In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "expected to use" is vague and undefined, and the term "aware" is misleading because its only source of information on this topic was the Defendants. Subject to all of the foregoing objections, and after reasonable inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 223**: Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants had used XRP to purchase goods and services.

**Answer**: In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "aware" is misleading because its only source of information on this topic was the Defendants. Subject to all of the foregoing objections, after reasonable inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 224**: Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants expected to use XRP as a bridge asset to facilitate cross-border payments.

**Answer**: In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further

objects that the term "expected to use" is vague and undefined. Subject to all of the foregoing objections, after reasonable inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 225**: Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants had used XRP as a bridge asset to facilitate cross-border payments.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "had used" is vague and misleading, to the extent that it suggests that Defendants' ODL product was commercially viable without substantial efforts and expenditures by Ripple, including the payment of significant financial incentives to ODL "users." Subject to all of the foregoing objections, the Commission admits that prior to December 22, 2020 it was aware that certain money transmitters had used Ripple's ODL product to facilitate cross border payment transactions, and that those transactions involved XRP. The Commission denies the remainder of this request.

**Request for Admission No. 226**: Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants expected to use XRP as a store of value.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "expected to use" is vague and undefined. Subject to all of the foregoing objections, the Commission denies the facts in this request.

**Request for Admission No. 227**: Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants had used XRP as a store of value.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission denies the facts in this request.

**Request for Admission No. 228:**  Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants expected to use XRP as a medium of exchange.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission further objects that the term "expected to use" is vague and undefined.  Subject to all of the foregoing objections, after reasonable inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 229:**  Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants had used XRP as a medium of exchange.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  .  The Commission further objects that the term "had used" is vague and misleading, to the extent that it suggests that Defendants' ODL product was commercially viable without substantial efforts and expenditures by Ripple, including the payment of significant financial incentives to ODL "users."  Subject to all of the foregoing objections, the Commission admits that prior to December 22, 2020 it was aware that certain money transmitters had used Ripple's ODL product to facilitate cross border payment transactions, and that those transactions involved XRP. The Commission denies the remainder of this request.

**Request for Admission No. 230:** Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants expected to use XRP as a unit of account.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the term "expected to use" is vague and undefined. Subject to all of the foregoing objections, the Commission denies the facts in this request.

**Request for Admission No. 231:** Admit that, prior to December 22, 2020, the SEC was aware that certain XRP Holders other than Defendants had used XRP as a unit of account.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission denies the facts in this request.

**Request for Admission No. 232:** Admit that, prior to December 22, 2020, no person had told the SEC that they believed they were a party to an investment contract with Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission also objects that it cannot rule out the possibility that some person made such a statement to one of the thousands of the agency's current or former employee prior to December 22, 2020. Subject to all of the foregoing objections, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 233:** Admit that, prior to December 22, 2020, no XRP Holder had told the SEC that they believed they were a party to an investment contract with Ripple.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission also

objects that it cannot rule out the possibility that some XRP holder made such a statement to one of the thousands of the agency's current or former employee prior to December 22, 2020.  Subject to all of the foregoing objections, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 234:**  Admit that, prior to December 22, 2020, certain XRP Holders had told the SEC that they believed XRP was not an investment contract.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission admits that the Defendants had told the SEC that they believed XRP was not an investment contract.

**Request for Admission No. 235:**  Admit that, prior to December 22, 2020, certain XRP Holders had told the SEC that they believed XRP was not a security.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  Subject to all of the foregoing objections, the Commission admits that the Defendants had told the SEC that they believed XRP was not a security.

**Request for Admission No. 236:**  Admit that, prior to December 22, 2020, no XRP Holder had told the SEC that Ripple had made them an express promise to increase the price of XRP.

**Answer:**  In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims.  The Commission also objects that it cannot rule out the possibility that some XRP holder made such a statement to one of the thousands of the agency's current or former employee prior to December 22, 2020.  Subject to

15

all of the foregoing objections, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 237:** Admit that, prior to December 22, 2020, certain XRP Holders had told the SEC that they believed Ripple had made them no express promises to increase the price of XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits that the Defendants had told the SEC that Ripple had made no express promises to anyone to increase the price of XRP.

**Request for Admission No. 238:** Admit that, on January 29, 2018, representatives of Bittrex, Inc. ("Bittrex") met with members of the SEC staff (hereinafter "SEC attendees") in the SEC's office in Washington, DC (hereinafter the "Bittrex-SEC Meeting").

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 239:** Admit that Robert Cohen of the SEC attended the Bittrex-SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 240:** Admit that Daphna Waxman of the SEC attended the Bittrex-SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 241:** Admit that Valerie Szczepanik of the SEC attended the Bittrex-SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 242:** Admit that Amy Starr of the SEC attended the Bittrex-SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 243:** Admit that Tyler Raimo of the SEC attended the Bittrex-SEC Meeting.

17

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 244:** Admit that Nancy Burke-Sakow of the SEC attended the Bittrex-SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission denies this request.

**Request for Admission No. 245:** Admit that Thomas McGowan of the SEC attended the Bittrex-SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 246:** Admit that one of the topics discussed at the Bittrex-SEC Meeting was Bittrex's process for listing digital assets.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this

case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, after reasonable inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 247:** Admit that one of the topics discussed at the Bittrex-SEC Meeting was Bittrex's process for de-listing digital assets.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, after reasonable inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 248:** Admit that, at the time of the Bittrex-SEC Meeting, XRP was one of the digital assets listed on Bittrex.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request.

**Request for Admission No. 249:** Admit that, at the time of the Bittrex-SEC Meeting, one or more SEC attendees knew that XRP was listed on Bittrex.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the Commission's investigation of the Defendants

or the regulatory status of XRP. Subject to all of the foregoing objections, and after reasonable

inquiry, the Commission lacks sufficient information to admit or deny this request.

**Request for Admission No. 250:** Admit that, during the Bittrex-SEC Meeting, none of the SEC attendees expressed the view that XRP was a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission need not prove this requested fact in order to prevail in this

case, and the requested fact is not a defense to the Commission's claims. The Commission further

objects that the subject of that meeting was not the Commission's investigation of the Defendants

or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits

this request. However, given the confidential nature of the Commission's investigation of the

Defendants, and the Commission's prohibition against providing legal advice, such a statement

would have been improper.

**Request for Admission No. 251:** Admit that, during the Bittrex-SEC Meeting, none of the SEC attendees expressed the view that XRP might be a security.

**Answer:** In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission need not prove this requested fact in order to prevail in this

case, and the requested fact is not a defense to the Commission's claims. The Commission further

objects that the subject of that meeting was not the SEC's investigation of the Defendants or the

regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this

request. However, given the confidential nature of the Commission's investigation of the

Defendants, and the Commission's prohibition against providing legal advice, such a statement

would have been improper.

**Request for Admission No. 252:** Admit that, during the Bittrex-SEC Meeting, none of the SEC attendees expressed the view that Bittrex should de-list XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request

is irrelevant because the Commission need not prove this requested fact in order to prevail in this

case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the SEC's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request. However, given the confidential nature of the Commission's investigation of the Defendants, and the Commission's prohibition against providing legal advice, such a statement would have been improper.

**Request for Admission No. 253:** Admit that, during the Bittrex-SEC Meeting, none of the SEC attendees expressed the view that Bittrex should consider de-listing XRP.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. The Commission further objects that the subject of that meeting was not the SEC's investigation of the Defendants or the regulatory status of XRP. Subject to all of the foregoing objections, the Commission admits this request. However, given the confidential nature of the Commission's investigation of the Defendants, and the Commission's prohibition against providing legal advice, such a statement would have been improper.

**Request for Admission No. 254:** Admit that the SEC has not produced in discovery in this action any notes from the Bittrex-SEC Meeting.

**Answer:** In addition to the foregoing objections, the Commission objects that this request is irrelevant because the Commission need not prove this requested fact in order to prevail in this case, and the requested fact is not a defense to the Commission's claims. Subject to all of the foregoing objections, the Commission admits this request.

Dated: August 30, 2021.

/s/ *Robert M. Moye*
Jorge G. Tenreiro
Mark R. Sylvester
Daphna A. Waxman
Jon A. Daniels
Ladan Stewart
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
   COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022

Robert M. Moye
Benjamin J. Hanauer
SECURITIES AND EXCHANGE
   COMMISSION
Chicago Regional Office
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois  60604
(312) 353-1051 (Moye)
MoyeR@sec.gov (Moye)

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, I served a copy of Plaintiff Securities and Exchange Commission's Answers and Objections to Defendants Third Set of Requests for Admission by electronic mail upon the following:

Andrew J. Ceresney
Lisa Zornberg
Christopher S. Ford
Erol Gulay
Joy Guo
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

*Attorneys for Defendant Ripple Labs Inc.*

Matthew C. Solomon
Alexander J. Janghorbani
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037

*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

*Attorneys for Defendant Christian A. Larsen*

*/s/ Robert M. Moye*
Robert M. Moye