# PX 215

## MINUTES OF A REGULAR MEETING OF THE BOARD OF DIRECTORS
## OF
## RIPPLE LABS INC.

| | |
|---|---|
| **DATE:** | December 13, 2016 |
| **TIME:** | 11:00 a.m. –3:27 p.m. (Pacific Standard Time) |
| **PLACE:** | 300 Montgomery Street, 12th Floor, San Francisco, CA 94104 |
| **DIRECTORS PRESENT:** | Susan Athey<br>Doug Chertok†(resigned at meeting)<br>Brad Garlinghouse (elected at meeting)<br>Chris Larsen<br>Arjan Schütte<br>Gene Sperling* |
| **ABSENT:** | Mariano Belinky<br>Young Guo |
| **OTHERS PRESENT:** | Asheesh Birla*<br>Patrick Griffin*<br>[redacted]<br>Monica Long*<br>Antoinette O'Gorman*<br>[redacted] |

1. <u>Call to Order</u>.

A regular meeting of the Board of Directors (the "<u>Board</u>") of Ripple Labs Inc., a Delaware corporation (the "<u>Company</u>"), was held at the above date, time and place. Mr. Larsen, presiding as Chairman of the Board, called the meeting to order, confirmed that all individuals

---

* Attended for portion of the meeting.
† Attended by telephone.

could hear and be heard and announced that a quorum of directors was present and that the meeting, having been duly convened, was ready to proceed with its business. Mr. Garlinghouse introduced and reviewed the agenda. ▮ acted as Secretary of the meeting.

2. <u>Q4 Outlook</u>.

Mr. Garlinghouse provided an update on the Company's Q4 outlook. Questions were raised and discussed.

3. <u>2016 in Review</u>.

Mr. Garlinghouse and other members of management reviewed key developments at the Company in 2016 and the Company's focus, position and key initiatives entering 2017. Questions were raised and discussed.

---

▮ and Ms. O'Gorman joined the meeting during the afternoon discussion.

---

4. <u>What a Trump Presidency Means for Ripple</u>.

Mr. Larsen led a discussion of the potential impact of a Trump presidency on the Company's business, including potential changes in the regulatory and business environment. Questions were raised and discussed.

5. <u>2017 Operational Plan</u>.

Members of management reviewed the Company's 2017 operational plan, including mission, long-term objectives, key 2017 initiatives, timeline of targets and customer success objectives. Questions were raised and discussed.

6. <u>2017 Financial Plan</u>.

▮ reviewed the Company's 2017 financial plan, including key assumptions, goals and risks. She noted the plan was in nearly final form, except for a few

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.     RPLI_SEC 0046717

numbers in the plan that would be refined and submitted to the Board at an upcoming meeting. After discussion, the Board approved the plan in principle subject to reviewing any changes in the revised plan.

---

Mses. Long and ▓▓▓ and Messrs. Birla, Griffin and ▓▓▓ left the meeting.

---

7. <u>Compliance Update</u>.

Ms. O'Gorman provided a compliance update. Questions were raised and discussed.

---

All Board observers and members of management (other than Chris Larsen, Brad Garlinghouse, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ left the meeting.

---

8. <u>Approval of Option Grants</u>.

Mr. Garlinghouse reviewed a proposal to grant options to purchase an aggregate of 967,250 shares of the Company's Class A Stock to certain service providers pursuant to the Company's 2014 Stock Plan (the "Plan"). Questions were raised and discussed. Upon motion duly made, seconded and unanimously carried, the following recitals and resolutions were adopted:

    **WHEREAS**, the Board deems it appropriate at this time to grant options under the Plan;

    **WHEREAS**, the Board intends that such options have an exercise price per share equal to the fair market value per share of the Company's Common Stock on the date of grant;

    **WHEREAS**, the Board has received, reviewed and discussed a written appraisal report (the "<u>Report</u>"), dated September 30, 2016 and issued by ▓▓▓▓▓▓▓▓▓▓ (the "<u>Valuation Firm</u>"), which concluded that the Company's Common Stock had a fair market value of ▓▓▓ per share as of August 31, 2016 (the "<u>Valuation Date</u>");

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.     RPLI_SEC 0046718

**WHEREAS**, the Board has determined that the Valuation Firm is independent of the Company, that the Valuation Date is less than 12 months ago and that no developments material to the fair market value of the Company's Common Stock have occurred since the Valuation Date; and

**WHEREAS**, the Board has further taken into account the Company's capital structure, financial results and projections, business risks and other relevant considerations and determined the current fair market value per share of the Company's Common Stock to be ▮ per share.

**NOW, THEREFORE, BE IT RESOLVED**, that each individual named in Exhibit A attached hereto be, and such individual hereby is, granted an option under the Plan to acquire up to the number of shares of the Company's Class A Common Stock indicated next to such individual's name in Exhibit A. Such option shall have an exercise price per share of ▮ Such option shall be an incentive stock option under the federal tax laws or a nonstatutory stock option, as provided in Exhibit A. Such option shall have a term of 10 years from this date, subject to earlier expiration upon the termination of the optionee's service with the Company. Such option shall be evidenced by one of the forms of Stock Option Agreement approved by the Board, except as otherwise provided in Exhibit A;

**RESOLVED FURTHER**, that the shares subject to each option hereby granted shall vest as follows, except as otherwise provided in Exhibit A: one quarter of such shares shall vest when the optionee completes 12 months of continuous service after the "vesting commencement date" (as specified for the optionee in Exhibit A), and 1/48th of such shares shall vest when the optionee completes each month of continuous service thereafter. If Exhibit A provides that such option includes the "early exercise" feature, then such option shall be exercisable at any time but any unvested option shares shall be subject to the Company's right to repurchase such unvested option shares at the lower of the then-fair market value or the original exercise price in the event that the optionee's service terminates for any reason. If Exhibit A provides that such option does not include the "early exercise" feature, then such option shall not be exercisable with respect to any unvested shares;

**RESOLVED FURTHER**, that the shares purchased under each option hereby granted shall be subject to the Company's right of first refusal, exercisable in the event that the optionee proposes to sell or otherwise transfer such shares prior to the initial public offering of the Company's Class A Common Stock. The terms pursuant to which such shares may be repurchased by the Company under such right of first refusal shall be substantially as set forth in applicable form of Stock Option Agreement; and

**RESOLVED FURTHER**, that each officer of the Company be, and each such officer hereby is, authorized and directed to take all action and to prepare, execute and deliver all documents that such officer deems necessary or advisable

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.    RPLI_SEC 0046719

to carry out the intent of these resolutions and evidence the stock option grants hereby made, including (without limitation) the appropriate Stock Option Agreement for each such grant and, at the time each option is exercised, the appropriate stock certificate evidencing the purchased shares of Class A Common Stock.

9. Approval of XRP Plan.

Mr. Garlinghouse reviewed a proposal to adopt a XRP plan to provide grants of XRP or XRP units to employees, non-employee directors and consultants of the Company. He noted that 1.0 billion XRP would be reserved for grant under the plan. Questions were raised and discussed. Upon motion duly made, seconded and unanimously carried, the following recitals and resolutions were adopted:

> **WHEREAS**, the Board of the Company deems it advisable to adopt an XRP plan under which employees, non-employee directors and consultants of the Company may receive grants of XRP or XRP unit bonus awards; and
>
> **WHEREAS**, the Board deems it advisable to reserve 1.0 billion XRP for issuance under the plan.
>
> **NOW, THEREFORE, BE IT RESOLVED**, that the Ripple Labs Inc. XRP Plan (the "XRP Plan") and the Notice of XRP Unit Bonus Award (the "XRP Notice"), in the forms attached hereto as Exhibits B and C, respectively, are hereby adopted and approved;
>
> **RESOLVED FURTHER**, that the Board hereby reserves 1.0 billion XRP for issuance under the Plan;
>
> **RESOLVED FURTHER**, that the XRP Unit Bonus Award to [redacted] is approved but future grants of XRP or XRP unit bonus awards granted through the XRP Plan shall be reviewed by the Compensation Committee; and
>
> **RESOLVED FURTHER**, that each officer of the Company is hereby authorized and directed to take all actions and to prepare, execute and deliver all documents which such officer deems appropriate or advisable in order to implement the XRP Plan, including grants of XRP or XRP unit bonus awards, and to maintain the Plan and related agreements in compliance with applicable laws and regulations.

Mr. Garlinghouse left the meeting.


10. <u>Approval of XRP Grant to Brad Garlinghouse.</u>

Mr. Larsen reviewed a proposal to grant Brad Garlinghouse ▮▮▮▮▮ under the XRP Plan, noting that the units would vest upon achievement of a service requirement (25% after 12 months service and quarterly thereafter) and two market requirements (a price metric and volume metric). Upon motion duly made, seconded and unanimously carried, the following recital and resolution were adopted:

**WHEREAS**, the Board desires to grant Brad Garlinghouse a bonus of units for ▮▮▮ under the XRP Plan.

**NOW, THEREFORE, BE IT RESOLVED**, that Brad Garlinghouse is hereby granted a bonus of units for ▮▮▮ pursuant to the Notice of XRP Unit Bonus Award in the form attached hereto as <u>Exhibit D</u> (the "Garlinghouse XRP Grant"); and

**RESOLVED FURTHER**, that the Garlinghouse XRP Grant shall be subject to the service and market metric vesting conditions and other terms and conditions set forth in the Garlinghouse XRP Grant.

11. <u>Approval of Restricted Stock Sale to Brad Garlinghouse.</u>

Mr. Larsen reviewed a proposal for the Company to sell Brad Garlinghouse ▮▮▮ shares of the Company's Class A Common stock at a price of ▮▮▮ per share, noting (i) the shares would be subject to a repurchase right that would lapse based on service (25% after 12 months of continuous service and monthly thereafter), (ii) subject to a 50% double trigger following a change in control of the Company, and (iii) the shares may be purchased with a seven-year, partial-recourse note with interest at 1.47% per year, with recourse for the recourse portion of the note being the purchased shares and units of XRP.

**WHEREAS**, the Board deems it appropriate at this time to sell ▮▮▮ shares of the Company's Class A Common Stock under the Plan to Brad Garlinghouse; and

**WHEREAS**, the Board has determined that the current fair market value per share of the Company's Common Stock to be ▮▮▮ per share.

**NOW, THEREFORE, BE IT RESOLVED**, that Mr. Garlinghouse be, and he hereby is, offered the opportunity to purchase ▮▮▮ shares of the

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.        RPLI_SEC 0046721

Company's Class A Common Stock for a purchase price of ███ per share, payable in cash or promissory note. The shares shall be issued under the Plan and shall be evidenced by a Summary of Stock Grant and Stock Purchase Agreement, in substantially the form attached hereto as Exhibit E;

**RESOLVED FURTHER**, that the shares hereby approved for sale shall be subject to forfeiture upon the termination of the recipient's service with the Company prior to vesting in such shares. The forfeiture condition shall lapse with respect to the first 25% of the shares when the recipient completes 12 months of continuous service after January 1, 2017 and the forfeiture condition shall lapse with respect to an additional $1/48^{th}$ of the shares when the recipient completes each month of continuous service thereafter, subject to dual trigger acceleration of 50% of any shares subject to forfeiture upon a change in control of the Company and involuntary or constructive termination;

**RESOLVED FURTHER**, that the shares hereby approved for sale shall be subject to the Company's right of first refusal, exercisable in the event that the recipient should decide to sell or otherwise transfer any of the shares prior to the initial public offering of the Company's Common Stock. The terms pursuant to which the shares may be repurchased by the Company under the first-refusal right specified above shall be substantially as set forth in the form of Stock Grant Agreement;

**RESOLVED FURTHER**, that the shares hereby approved for sale shall be subject to a market stand-off agreement preventing the sale or disposition of the shares for a certain period after the initial public offering of the Company's Common Stock. The terms pursuant to which the shares are subject to the market stand-off agreement specified above shall be set forth in the form of Stock Grant Agreement;

**RESOLVED FURTHER**, that the shares may, at the election of Mr. Garlinghouse, be purchased at any time by delivering to the Company a Partial Recourse Promissory Note and Stock Pledge Agreement, in substantially the forms attached hereto as Exhibit F and Exhibit G. The interest rate shall be the lowest rate that avoids the imputation of income under applicable tax regulations. The principal and interest under the note shall be due upon the earlier of (w) seven (7) years from the date of the note, (x) the cessation of optionee's service for any reason, (y) the latest date required by Section 13(k) of the Securities Exchange Act of 1934, as amended or (z) the occurrence of any other events specified in the note. The recourse portion of the note shall be recourse to the number of XRP with a fair market value equal to the value of that portion of the note. In addition to being a partial recourse note, the note shall be secured by shares acquired. The Board hereby determines that the offer to Mr. Garlinghouse to purchase shares with such promissory note is reasonably determined to benefit the Company; and

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.                                   RPLI_SEC 0046722

**RESOLVED FURTHER**, that each officer (other than Mr. Garlinghouse) of the Company be, and each such officer hereby is, authorized and directed to take all action and to prepare, execute and deliver all documents which such officer deems necessary or advisable to carry out the intent of these resolutions and evidence the stock grants hereby made, including (without limitation) the appropriate Stock Grant Agreement for each such grant in a form approved by the Board and the appropriate stock certificate evidencing the shares of Class A Common Stock.

Mr. Garlinghouse rejoined the meeting, and Mr. Larsen left the meeting.

12. Amendment of Promissory Note for Purchase of Stock.

Mr. Garlinghouse reviewed a proposal to amend and restate the partial-recourse promissory note for the purchase of ▮ shares of the Company's Class B Common Stock issued to the ▮ as amended and restated on 7/3/2013, in the principal amount of ▮ He noted that the effect of the amendment would be to limit the Company's recourse for the recourse portion of the note to the purchased shares and units of XRP. Upon motion duly made, seconded and unanimously carried (with Chris Larsen abstaining), the following recitals and resolutions were adopted:

**WHEREAS**, on March 1, 2015, the ▮ as Amended and Restated on 7/3/2013 purchased ▮ shares of the Company's Class B Common Stock for ▮ per share with a partial-recourse promissory note for ▮ (the "Larsen Note");

**WHEREAS**, 51% of the Larsen Note is recourse to any and all assets of the borrower;

**WHEREAS**, the Company and the Larsen Trust now wish to modify the Larsen Note to provide that portion of the Larsen Note which is recourse shall be recourse to a certain number of XRP, rather than to any and all assets of the borrower; and

**WHEREAS**, the average of the last reported trade prices of XRP for USD on the Ripple Consensus Ledger for the five trading days ending on December 12, 2016 was 0.0067882 XRP.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.    RPLI_SEC 0046723

**NOW, THEREFORE, BE IT RESOLVED**, the fair market value of the recourse portion of the Larsen Note on the date hereof is determined to be 0.0067882 XRP; and

**RESOLVED FURTHER**, that the Larsen Note is hereby amended and restated in substantially the form attached hereto as Exhibit H.

13. Approval of Purchase of Domain Name.

Mr. Garlinghouse reviewed a proposal for the Company to purchase the domain name "ripplecharts.com" from Chris Larsen for a purchase price of (i) $10,000 in cash and (ii) a three-year promissory note for 250 million XRP. He noted the note would bear interest at .74% per year and would be secured by a first-priority security interest in the domain name and the XRP payable under the note. Upon motion duly made, seconded and unanimously carried (with Chris Larsen abstaining), the following recitals and resolutions were adopted:

**WHEREAS**, Chris Larsen acquired the domain name known as "ripplecharts.com" from ▮▮▮▮▮ for a sum of 250,000,000 XRP;

**WHEREAS**, the domain is actively used by the Company to facilitate reporting of activities on the Ripple distributed ledger;

**WHEREAS**, the Company wishes to purchase the domain from Chris Larsen for the consideration originally paid to ▮▮▮▮▮ and

**WHEREAS**, Chris Larsen wishes to sell the domain to the Company.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company is hereby authorized to purchase the domain from Chris Larsen pursuant to the Domain Name Assignment Agreement and Promissory Note in substantially the form attached hereto as Exhibits I and J, respectively.

---

Mr. Larsen rejoined the meeting.

---

14. Appointment of Secretary.

Mr. Garlinghouse reviewed a proposal to elect ▮▮▮▮▮ as Secretary of the Company effective immediately. Upon motion duly made, seconded and unanimously carried, the following recitals and resolutions were adopted:

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.　　　RPLI_SEC 0046724

**WHEREAS**, the Board wishes to elect [REDACTED] as Secretary of the Company effective immediately to replace [REDACTED]

**NOW, THEREFORE, BE IT RESOLVED**, that effective immediately the Board appoints [REDACTED] as the Secretary of the Company until her successor is duly elected or until her earlier resignation or removal.

15. <u>Appointment of Executive Chair and Chief Executive Officer.</u>

Mr. Larsen reviewed a proposal to elect himself as Executive Chair of the Company and Brad Garlinghouse as Chief Executive Officer of the Company effective as of January 1, 2017. Upon motion duly made, seconded and unanimously carried (with Chris Larsen abstaining), the following recitals and resolutions were adopted:

> **WHEREAS**, the Board wishes to appoint Chris Larsen as Executive Chair of the Company and Brad Garlinghouse Chief Executive Officer of the Company effective as of January 1, 2017.
>
> **NOW, THEREFORE, BE IT RESOLVED**, that effective January 1, 2017, the Board appoints Chris Larsen as Executive Chair of the Company (retaining his title of Chairman of the Board) and Brad Garlinghouse as Chief Executive Officer of the Company, in each case until his successor is duly elected or until his earlier resignation or removal.

---

Mr. Chertok resigned from the Board of Directors and left the meeting.

---

16. <u>Election of Director.</u>

Mr. Larsen reviewed a proposal to elect Brad Garlinghouse as a director of the Company effective immediately, to fill the vacancy resulting from Doug Chertok's resignation. The Board further discussed and agreed to accelerate the vesting of unvested options granted to Mr. Chertok during the term of his Board membership. Mr. Larsen noted Mr. Garlinghouse would serve as a common director taking the seat previously held by Arjan Schütte, who would vacate the common director seat and take the independent director seat vacated by Mr. Chertok. Upon motion duly made, seconded and unanimously carried, the following recitals and resolutions were adopted:

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.     RPLI_SEC 0046725

**WHEREAS**, Doug Chertok has resigned from the Board as a director elected by holders of a majority of the Company's outstanding Common Stock and Preferred Stock, voting together (an "Independent Director");

**WHEREAS**, on October 11, 2016, David Schwartz resigned from the Board as a director elected by holders of a majority of the Company's outstanding Common Stock (a "Common Director") and Arjan Schütte was appointed to the Board as a Common Director to fill the vacancy created by David Schwartz's resignation; and

**WHEREAS**, the Board wishes to elect Brad Garlinghouse as a Common Director holding the Board seat currently held by Arjan Schütte and appoint Arjan Schütte as an Independent Director to fill the vacancy resulting from Mr. Chertok's resignation.

**NOW, THEREFORE, BE IT RESOLVED**, that effective immediately Brad Garlinghouse is elected to the Board as a Common Director, holding the Board seat previously held by Arjan Schütte, and Arjan Schütte is elected to the Board as an Independent Director, holding the Board seat resulting from the resignation of Doug Chertok.

17. Appoint Members of Compensation Committee.

Mr. Larsen reviewed a proposal to elect Arjan Schütte and Susan Athey as independent directors and members of the Compensation Committee of the Board, along with Chris Larsen as a third member of the Compensation Committee. Upon motion duly made, seconded and unanimously carried (with Chris Larsen abstaining), the following recitals and resolutions were adopted:

**WHEREAS**, on February 23, 2016, the Board established the Compensation Committee of the Board (the "Compensation Committee"); and

**WHEREAS**, the Board now wishes to appoint at least two independent directors, as specified in the Charter of the Compensation Committee of the Board of Directors, to serve as members of the Compensation Committee.

**NOW, THEREFORE, BE IT RESOLVED**, that the following directors are hereby appointed to serve on the Compensation Committee at the direction of the Board:

- Arjan Schütte
- Susan Athey; and
- Chris Larsen


FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.       RPLI_SEC 0046726

18. <u>Amendment of Option Grants to Doug Chertok.</u>

Mr. Garlinghouse reviewed a proposal to accelerate the unvested portion of option grants to Doug Chertok in recognition of his many valuable contributions to the Company as a director. Mr. Chertok had received an option to purchase ▮▮▮ shares of Class B common stock with an exercise price of ▮▮▮ per share on November 19, 2013 and an option to purchase ▮▮▮ shares of Class A common stock with an exercise price of ▮▮▮ per share on February 24, 2105 (collectively, the "<u>Chertok Options</u>"), of which approximately ▮▮▮ shares remain unvested. Questions were raised and discussed. Upon motion duly made, seconded and unanimously carried, the following recitals and resolutions were adopted:

> **WHEREAS**, the Board, in recognition of his service to the Company, wishes to amend the Chertok Options to accelerate the vesting of the remaining unvested shares.
>
> **NOW, THEREFORE, BE IT RESOLVED**, that the remaining unvested shares under the Chertok Options are hereby accelerated with the result that such shares are fully vested; and
>
> **RESOLVED FURTHER**, that any officer of the Company is hereby authorized to execute in the name and on behalf of the Company one or more documents evidencing the amendment to the Chertok Options approved by the foregoing resolution, in a form approved by the Chief Executive Officer of the Company, in accordance with the foregoing resolutions and such other terms and conditions that the officer shall approve, such approval to be evidenced by such officer's signature on such document(s).

19. <u>Donation of XRP to RippleWorks Inc.</u>

Mr. Garlinghouse reviewed a proposal for the Company to donate 1.0 billion XRP to RippleWorks Inc. (the "<u>Foundation</u>"). He noted (i) the Board had previously approved the donation of up to 3.0 billion XRP to the Foundation and previously donated 500 million XRP to the Foundation and (ii) upon approval of the proposed donation, the Company would be authorized to donate up to an additional 1.5 billion XRP to the Foundation to match on a cumulative basis donations by Chris Larsen to the Foundation. Upon motion duly made, seconded and unanimously carried, the following recital(s) and resolution(s) were adopted:

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.     RPLI_SEC 0046727

**WHEREAS**, on October 22, 2015, the Board (i) approved the donation of 500 million XRP to RippleWorks Inc. (the "Foundation") and (ii) authorized the donation of up to an additional 3.0 billion in XRP to the Foundation in the future to match donations by Mr. Larsen; and

**WHEREAS**, the Company subsequently donated an additional 500 million XRP to the Foundation, having matched all donations by Mr. Larsen; and

**WHEREAS**, the Board now wishes the Company to donate 1.0 billion XRP to the Foundation.

**NOW, THEREFORE, BE IT RESOLVED**, that the proper officers of the Company are hereby authorized and directed on behalf of the Company to donate 1.0 billion in XRP to the Foundation as soon as reasonably practicable;

**RESOLVED FURTHER**, that the proper officers of the Company are hereby authorized and directed to donate on behalf of the Company up to an additional 1.5 billion in XRP to the Foundation, provided that at the time of any future donations the cumulative amount of XRP donated by the Company to the Foundation shall not exceed the cumulative amount of XRP donated by Mr. Larsen to the Foundation; and

**RESOLVED FURTHER**, that the authority of management of the Company to grant up to 3.0 billion in XRP to the Foundation to match grants by Mr. Larsen approved by the Board on October 22, 2015 is hereby superseded by the foregoing resolutions and of no further force and effect.

20. Approval of Investment Policy.

Mr. Garlinghouse, with ▬▬▬ reviewed a proposal to approve an investment policy for the Company's cash and cash-equivalent assets. Upon motion duly made, seconded and unanimously carried, the following recital and resolution were adopted:

**WHEREAS**, the Board desires to approve an investment policy for the Company's cash and cash-equivalent assets.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company's investment policy attached hereto as Exhibit K is hereby authorized and approved.

21. Approval of Investment Manager.

Mr. Garlinghouse, with ▬▬▬ reviewed a proposal to retain ▬▬▬  as the investment manager of the Company's cash and cash equivalent assets.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.     RPLI_SEC 0046728

Upon motion duly made, seconded and unanimously carried, the following recital and resolution were adopted:

**WHEREAS**, the Company wishes to retain ▇▇▇ as its investment manager (the "Investment Manager") to manage the Company's cash and cash-equivalent assets.

**NOW, THEREFORE, BE IT RESOLVED**, that the investment management agreement between the Company and Investment Manager in substantially the form attached hereto as Exhibit K is hereby approved, with such non-material changes thereto as may be approved by the Chief Executive Officer of the Company, his signature on any amendment of such agreement to be conclusive evidence of such approval.

22. Approval of Prior Minutes.

Mr. Garlinghouse reviewed a proposal to approve minutes of a meeting of the Board held on October 11, 2016. Discussion followed. Upon motion duly made, seconded and unanimously carried, the following recital and resolution were adopted:

**WHEREAS**, minutes of the meeting of the Board held on October 11, 2016 in the form attached hereto as Exhibit L (the "Prior Minutes"), were presented to the Board for approval.

**NOW, THEREFORE, BE IT RESOLVED**, that the Prior Minutes, as presented to the Board in the form attached hereto as Exhibit L, are hereby approved.

23. Omnibus.

**RESOLVED**, that the proper officers of the Company are, and each of them hereby is, authorized and empowered in the name and on behalf of the Company, to take such other actions and sign such other documents as may be necessary or advisable to carry out the intent of the foregoing resolutions.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.     RPLI_SEC 0046729

24. **Adjournment**.

There being no further business to come before the Board, the meeting was adjourned at 3:27 p.m. Pacific Standard Time.

Brynly Llyr
Secretary of the Meeting

Christian Larsen
Chairman of the Meeting

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.                    RPLI_SEC 0046730

# EXHIBIT A

## OPTION GRANT TABLE

| Name of Grantee | Reason for Issuance | Title | Number of Class A Common Shares | Type of Option | Exercise Price Per Share | Vesting Commencement Date | Vesting Schedule | State or Country of Domicile |
|---|---|---|---|---|---|---|---|---|
| | New Hire | | | ISO | | October 17, 2016 | 1 | CA |
| | New Hire | | | ISO | | October 17, 2016 | 1 | FL |
| | New Hire | | | ISO | | October 31, 2016 | 1 | CA |
| | New Hire | | | NSO | | November 2, 2016 | 1 | Luxembourg |
| | New Hire | | | NSO | | November 14, 2016 | 1 | UK |
| | New Hire | | | ISO | | November 28, 2016 | 1 | CA |
| | New Hire | | | ISO | | November 28, 2016 | 2 | CA |
| | New Hire | | | ISO | | November 28, 2016 | 1 | CA |
| | New Hire | | | ISO | | November 28, 2016 | 1 | CA |
| | New Hire | | | ISO | | November 28, 2016 | 1 | NY |
| | New Hire | | | ISO | | December 12, 2016 | 1 | NY |
| | New Hire | | | ISO | | December 12, 2016 | 1 | CA |
| | New Hire | | | ISO | | December 12, 2016 | 1 | CA |
| | New Hire | | | ISO | | December 12, 2016 | 1 | CA |
| | New Hire | | | NSO | | December 12, 2016 | 1 | UK |
| | | Total | 967,250 | | | | | |

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.
RPLI_SEC 0046731

GDSVF&H\2686971.1

E-1

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.

1. 1/4th of the total number of shares subject to each of the listed options shall vest and become exercisable on the one-year anniversary of the Vesting Commencement Date set forth above. An additional 1/48th of the total number of shares subject to each of the listed options shall vest and become exercisable after each full month of continuous service thereafter.

2. 1/4th of the total number of shares subject to each of the listed options shall vest and become exercisable on the one-year anniversary of the Vesting Commencement Date set forth above. An additional 1/48th of the total number of shares subject to each of the listed options shall vest and become exercisable after each full month of continuous service thereafter. Upon a Change of Control and if the optionee is either involuntary terminated without Cause or is Constructively Terminated within 12 months after such Change in Control, 50% of the then unvested number of shares subject to the option will become vested and exercisable. All defined terms referenced herein shall have the definitions set forth in such optionee's Offer Letter.

RPLI_SEC 0046732

# EXHIBIT B

# RIPPLE LABS INC. XRP PLAN

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC. RPLI_SEC 0046733

CONFIDENTIAL

# RIPPLE LABS INC.

# XRP PLAN

EFFECTIVE ON _____, 2016

GDSVF&H\2478485.5

FOIA CONFIDENTIAL TREATMENT REQUESTED BY RIPPLE LABS, INC.    RPLI_SEC 0046734