# PX 393

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>RIPPLE LABS, INC.,<br>BRADLEY GARLINGHOUSE,<br>and CHRISTIAN A. LARSEN,<br><br>        Defendants. | Case No. 20-cv-10832 (AT) |

**DEFENDANT CHRISTIAN A. LARSEN'S RESPONSES AND OBJECTIONS TO
THE SEC'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 26.2, 26.3, and 33.3 of the Local Civil Rules (the "Local Rules"), defendant Christian A. Larsen ("Larsen"), by his undersigned counsel, hereby provides the following responses and objections (the "Responses and Objections") to the U.S. Securities and Exchange Commission's ("SEC") First Set of Interrogatories dated March 24, 2021 (the "Interrogatories"), without waiver of any objections or defenses that Larsen has asserted herein, has previously asserted, or may assert. Larsen reserves the right to supplement or otherwise amend these Responses and Objections.

**GENERAL OBJECTIONS**

The following general objections apply to the Interrogatories generally, and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each specific Interrogatory. Any undertaking to search for or provide information in response to the Interrogatories remains subject to these general objections and any applicable specific

objections. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Larsen from raising that objection at a later time.

1. Larsen objects to the Interrogatories to the extent they are inconsistent with or purport to impose requirements that exceed those set forth in the Federal Rules, the Local Rules, the case law interpreting each of them, or any other laws or rules applicable to the proceedings in this Court.

2. Larsen objects to the Interrogatories to the extent they seek information in documents that were prepared in anticipation of or in connection with litigation, reflect privileged attorney-client communications, constitute work product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of Larsen, or are protected from disclosure under any other applicable legal privilege or protection. In responding and objecting to the Interrogatories, Larsen does not intend to waive, and shall not be construed as having waived, any privilege or protection, including, but not limited to, the attorney-client privilege or the work product protection.

3. Larsen objects to the Interrogatories to the extent they seek the production of trade secrets, information that is confidential, proprietary, commercially sensitive, or competitively significant, or personal information relating to Larsen, or information that is subject to protective orders, non-disclosure agreements, or confidentiality undertakings, or is protected from disclosure by legal protections governing the privacy rights of consumers or other persons. In responding and objecting to the Interrogatories, Larsen will provide information only to the extent permitted under the terms of any applicable protective orders, non-disclosure agreements, confidentiality provisions, or legal protections.

4. Larsen objects to the Interrogatories to the extent they call for responses better suited for depositions.

5. Larsen objects to the Interrogatories to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to the matters at issue in this action. These Responses and Objections are not intended to be, and should not be construed as, Larsen's agreement or concurrence with the SEC's characterization of any facts, circumstances, or legal obligations. Larsen reserves the right to contest any such characterization as inaccurate.

6. Any response to these Interrogatories should not be construed as a stipulation that the material is relevant, within the scope of permitted examination, a waiver of Larsen's general or specific objections, or a commitment that requests for similar discovery would be treated in a similar manner.

7. Larsen objects to the Interrogatories to the extent they seek information or documents that: (1) are already in possession of the SEC, including documents produced in response to the March 2, 2020 administrative subpoena issued to Larsen by the staff of the SEC in connection with the investigation entitled *In the Matter of Ripple Labs, Inc.*, NY 9875, in response to the SEC's First Request for Production issued to Larsen on January 25, 2021 (the "SEC's First RFP"), or in response to the SEC's Second Request for Production issued to Larsen on March 9, 2021 (the "SEC's Second RFP"); (2) have already been, or will be, produced by Ripple or by any other entity involved in this litigation; (3) are more easily or readily obtained from a source other than Larsen, including Ripple; or (4) are publicly available.

8. Larsen submits the responses without conceding relevance, admissibility, or materiality of the subject matter of any information provided. Larsen's responses to the

3

Interrogatories are not intended, nor should they be construed, as an acceptance of, or agreement with, any of the characterizations or purported descriptions of the parties, transactions, or events contained in the Interrogatories. Further, Larsen's objections or limitations, or lack thereof, in these Responses and Objections shall not be deemed an admission by Larsen as to the existence or nonexistence of information.

9. Larsen makes these Responses and Objections based on his current knowledge, understanding, and belief based upon the facts and information known as of the date on which these Responses and Objections are made. Larsen reserves his right at any time to supplement, amend, revise, correct, add to, or clarify the Responses and Objections as may be necessary or appropriate. Larsen also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence.

10. Larsen objects to the Interrogatories to the extent they call for information that is not relevant to a claim or defense in this action or not proportional to the needs of this action.

11. Larsen objects to the Interrogatories to the extent they call for information that is cumulative or duplicative of other discovery requests.

12. Larsen objects to the Interrogatories to the extent they impose burdens and obligations to conduct anything beyond a reasonable search for information in places it is likely to be found.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Larsen objects to the definitions to the extent they purport to extend, beyond a reasonable scope, their natural meaning or definitions, or the uniform definitions in Local Rule 26.3. Larsen will interpret the Interrogatories reasonably and in good faith in

4

accordance with common English usage as supplemented by an understanding of the common meanings of terms in the digital asset industry.

    2.    Larsen objects to the instructions to the extent they purport to impose an ongoing duty to disclose.

    3.    Larsen objects to the instruction in paragraph 8 that the Relevant Period begins on January 1, 2012. In addition to the burden and unnecessary privacy invasion of recounting Larsen's location for nearly nine years, the date range is inconsistent with the agreement reached with the SEC regarding these Interrogatories. In the March 1, 2021 meet and confer conference, the SEC stated that it sought Larsen's location from the period of September 1, 2015 onward. While maintaining an objection to the relevance of the request, Larsen agreed to respond to an interrogatory in the spirit of compromise on the understanding that the SEC had limited the date range to September 1, 2015, which the SEC views as the beginning of the five-year limitations period and represents the period for which the SEC seeks monetary relief.[1] Expanding the date range to January 2012 would result in the disclosure of information that dates prior to the period for which the SEC seeks monetary relief and, as a result, is not relevant to any claim or defense. Larsen will only provide information within the scope of the previous agreement.

---

[1] Letter from Jorge Tenreiro, SEC, to Judge Analisa Torres (Mar. 10, 2021), ECF 56.

5

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to, and without waiver of, the foregoing general objections, which are incorporated by reference into each of the following specific responses and objections, Larsen responds and objects to the Interrogatories as follows:

### INTERROGATORY NO. 1:

Identify the country (and, if within the United States, the state) you were located in, every time you made, placed, modified, changed, or delivered any offer or sale instruction with respect to, placed any offer or sell order for, or accepted any offer to buy, XRP.

### RESPONSE TO INTERROGATORY NO. 1:

Larsen objects to this Interrogatory on the ground that his location is irrelevant, as under *Morrison* v. *National Australia Bank, Ltd.*, 561 U.S. 247 (2010), the focus is on where the trades occurred and not where he was located at the time of the trades.

Larsen objects to this Interrogatory as duplicative and cumulative to the extent it asks for information that Larsen has already agreed to produce in response to the SEC's requests for production, or that is already in the possession, custody or control of the SEC, such as Larsen's trading history and trading records pertaining to transactions in XRP.

Larsen objects to the Interrogatory to the extent it requires a legal conclusion as to when he "made, placed, modified, changed, or delivered any offer or sale instruction" or "placed any offer or sell order for, or accepted any offer to buy" XRP.

Larsen objects to the Interrogatory as vague, unduly burdensome, and overly broad to the extent it requires him to identify with any precision the moment at which he crossed an international boundary or entered the jurisdiction of a foreign government.

Larsen further objects to this Interrogatory's request to identify "the state" in which Larsen was located on the grounds that it is overly broad and unduly burdensome, seeks information that is not even arguably relevant to any party's claim or defense, and is not

6

proportional to the needs of the case. The SEC has plainly acknowledged as much. In a March 3, 2021 email, the SEC stated that "the question" underlying Interrogatory No. 1 "is whether [Mr. Larsen and Mr. Garlinghouse] were in the U.S. when they transmitted orders to offer or sell XRP."[2] The SEC further stated "we do not [need] to see documents that show where exactly *within* the United States the Individual Defendants were when they placed offer and sell orders. Instead, the question is whether they were in the United States or not at those times."[3] (emphasis in original). Per the SEC's own statements, Larsen's location within the United States is not relevant to any party's claim or defense.

Larsen further objects to the Interrogatory because it is outside the scope of the Parties' agreement regarding this Interrogatory. "[I]n the spirit of compromise" and to resolve a dispute regarding SEC's First RFP No. 13, Defendants agreed to respond to an interrogatory seeking "the narrowed information" the SEC requested, which was "the dates when Mr. Larsen [] [was] outside the country, and the country" he was in, from September 1, 2015 until December 22, 2020, the filing date of the Complaint.[4] The SEC agreed to "request this information in an interrogatory" on March 9, 2021.[5] The Interrogatory is far broader than the Parties' agreed, represents a retreat from the agreement, and contradicts the SEC's own statements and compromise with the Individual Defendants.

Subject to and without waiver of the foregoing objections, Larsen will answer the Interrogatory consistent with the agreement between Larsen and the SEC on March 9, 2021, and

---

[2] Email from Jorge Tenreiro, SEC, to Meredith Dearborn, Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to Christian A. Larsen, et al. (Mar. 3, 2021 1:27 PM ET).
[3] *Id*.
[4] Email from Meredith Dearborn, Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to Christian A. Larsen, to Jorge Tenreiro, SEC, et al. (Mar. 6, 2021 9:24 PM ET).
[5] Letter from Jorge Tenreiro, SEC, to Matthew Solomon, Cleary Gottlieb Steen & Hamilton LLP, counsel to Bradley Garlinghouse, and Martin Flumenbaum, Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to Christian A. Larsen (Mar. 9, 2021).

7

accordingly provides the dates and countries for the periods that he was outside the United States between September 1, 2015 and December 22, 2020:



| Dates | Location |
|---|---|
| | |

Dated: April 23, 2021
New York, NY

                                    **PAUL, WEISS, RIFKIND,**
                                    **WHARTON & GARRISON LLP**

By: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬
      Martin Flumenbaum
      Michael E. Gertzman
      Meredith R. Dearborn
      Robin A. Linsenmayer
      Justin D. Ward
      Kristina A. Bunting

1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
mflumenbaum@paulweiss.com
mgertzman@paulweiss.com
mdearborn@paulweiss.com
rlinsenmayer@paulweiss.com
jward@paulweiss.com
kbunting@paulweiss.com

*Attorneys for Defendant Christian A. Larsen*

9

## VERIFICATION

Christian A. Larsen states pursuant to 28 U.S.C. § 1746 as follows:

I have reviewed the foregoing responses and objections to SEC's First Set of Interrogatories dated March 24, 2021, which were prepared with the assistance and advice of counsel, upon which I have relied. The answers are also necessarily limited by the records and information available and thus far discovered in the course of their preparation. Subject to these restrictions, to the best of my knowledge, information and belief, the answers set forth are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Christian A. Larsen

Dated: April 22, 2021
City, State: San Francisco, CA

10

## CERTIFICATE OF SERVICE

I, Kristina A. Bunting, hereby certify that on April 23, 2021, I served a copy of Defendant Christian A. Larsen's Responses and Objections to the SEC's First Set of Interrogatories by electronic mail upon the following:

Jorge G. Tenreiro
Dugan Bliss
Daphna A. Waxman
Jon A. Daniels
Ladan Stewart
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-9145
*Attorneys for Plaintiff Securities and Exchange Commission*

Matthew C. Solomon
Alexander J. Janghorbani
Lucas Hakkenberg
Samuel Levander
CLEARY, GOTTLIEB, STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1680
*Attorneys for Defendant Bradley Garlinghouse*

Andrew J. Ceresney
Mary Jo White
Lisa Zornberg
Christopher S. Ford
Joy Guo
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

Michael K. Kellogg
Reid M. Figel
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK PLLC
Summer Square
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900
*Attorneys for Defendant Ripple Labs, Inc.*

/s/ *Kristina A. Bunting*
Kristina A. Bunting

11