PX 84

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

      v.

RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and
CHRISTIAN A. LARSEN,

            Defendants.

No. 20 CV 10832 (AT) (SN)

---

**RESPONSES AND OBJECTIONS OF DEFENDANT RIPPLE LABS INC. TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Ripple Labs Inc. ("Ripple"), by its undersigned attorneys, hereby responds and objects to Plaintiff Securities and Exchange Commission's ("SEC's") Fourth Set of Requests for Admission to Defendant Ripple Labs Inc. (the "Requests"), dated August 4, 2021. These responses are based on the information currently available to Ripple. Ripple reserves the right to amend, supplement or modify its responses and objections at any time in the event that it obtains additional or different information.

**GENERAL OBJECTIONS**

All of the General Objections set forth herein apply to and are incorporated into each of the specific responses to the Requests set forth below and have the same force and effect as it fully set forth therein, whether or not expressly incorporated by reference in such specific responses. Without waiving any of these General Objections to the extent they apply to each of the Requests, Ripple may specifically refer to certain General Objections in responding to certain Requests.

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple objects to the SEC's Requests and the Instructions and Definitions ("Definitions") to the extent they purport to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York.

Ripple objects to each Request to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.

Ripple objects to each Request and Definition to the extent that it is oppressive, unduly burdensome, overly broad, or disproportionate to the needs of the case.

Ripple objects to each Request and Definition to the extent it is vague, ambiguous, otherwise incomprehensible, and/or not reasonably particular.

Ripple objects to each Request and Definition to the extent it seeks information that is not relevant to the claims or defenses of any party, or not reasonably calculated to lead to the discovery of admissible evidence.

Ripple objects to each Request and Definition to the extent it is cumulative or duplicative.

Unless otherwise expressly stated, no Response shall be deemed as an admission. Rather if there does not appear to be a specific Response to a Request to Admit, the Response is denied.

2

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple objects to each Request and Definition to the extent it purports to call for information that is already in the SEC's custody, possession or control, readily available to the SEC, or is attainable by the SEC from public sources.

Ripple objects to each Request to the extent that it seeks proprietary, confidential or sensitive business information of Ripple or other individuals or entities who have entrusted confidential information to Ripple, on the grounds that such production would intrude and interfere with the confidential affairs of Ripple and others. Ripple will provide responsive proprietary, confidential or sensitive business information and trade secrets only in accordance with the protective order entered by the Court.

Ripple objects to the Requests, individually and collectively, on the basis that the SEC's discovery requests, taken as a whole, are excessive, burdensome, and disproportionate to the legitimate needs of the case.

Ripple does not concede the relevance, materiality, or admissibility of any information sought in these Requests. Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose, or any other ground to the use of any documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

Ripple's Responses and Objections to the Requests do not constitute, and shall not be interpreted as, Ripple's agreement or admission as to the truth or accuracy of any legal or factual characterization or allegation stated or implied in any of the Requests.

Ripple's failure to object to the Requests on a particular ground or grounds shall not be construed as a waiver of the right to object on any additional grounds.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple specifically reserves the right to amend, supplement, or modify its responses and objections at any time in the event that it obtains additional or different information.

## **OBJECTIONS TO DEFINITIONS**

Each individual response is made subject to, and without waiver of, the following Objections to Definitions:

1.  Ripple objects to the SEC's Definitions to the extent they call for information, or purport to impose obligations, beyond what is required by the Federal Rules of Civil Procedure, including but not limited to the requirement of proportionality, or where they purport to seek information that is subject to a claim of privilege.

2.  Ripple objects to the SEC's definitions of "Defendants," "you," "your," and "Ripple" as overly broad and unduly burdensome to the extent they include any persons or entities other than Ripple and to the extent they call for Ripple to provide information on behalf of entities or individuals, including former employees and affiliates that are not within its control. Subject to these objections, Ripple will interpret these terms to include only information in the custody and control of Ripple Labs Inc., its predecessors, and its wholly-owned subsidiaries.

3.  Ripple objects to the SEC's definition of "Relevant Period" as overly broad, unduly burdensome, and irrelevant to the extent that it calls for Ripple to provide information from after the commencement of this action on December 22, 2020. Ripple further objects to the SEC's definition of "Relevant Period" as overly broad and unduly burdensome to the extent it seeks to require Ripple Labs Inc. to respond regarding a time period prior to its existence. Subject to these objections, Ripple will respond to Requests using the term "Relevant Period" based on information up to but no later than December 22, 2020.

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSES AND OBJECTIONS

**REQUEST NO. 623**

Admit that the document bearing bates numbers RPLI_SEC 086665-76 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 623**

Ripple is unable to respond to this request as phrased because the Bates range provided in the Request does not correspond to a document in Ripple's production.

**REQUEST NO. 624**

Admit that the representations in the document bearing bates numbers RPLI_SEC 086665-76 were truthful and accurate as of December 2017.

**RESPONSE NO. 624**

Ripple is unable to respond to this request as phrased because the Bates range provided in the Request does not correspond to a document in Ripple's production.

**REQUEST NO. 625**

Admit that the document bearing bates numbers RPLI_SEC 0868370-81 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 625**

Admitted.

**REQUEST NO. 626**

Admit that the representations in the document bearing bates numbers RPLI_SEC 0868370-81 were truthful and accurate as of December 2017.

5

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 626**

Ripple admits that the document referenced contains no knowing misstatements, and was truthful and accurate as to past events to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 626.

**REQUEST NO. 627**

Admit that the spreadsheet bearing bates numbers RPLI_SEC 0868382 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 627**

Admitted.

**REQUEST NO. 628**

Admit that the figures made in the spreadsheet bearing bates numbers RPLI_SEC 0868382 were truthful and accurate as of December 2017.

**RESPONSE NO. 628**

Ripple admits that the document referenced contains no knowing misstatements, and was truthful and accurate as to past events to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 628.

**REQUEST NO. 629**

Admit that the document bearing bates numbers RPLI_SEC 0269898-920 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 629**

Admitted.

**REQUEST NO. 630**

Admit that the representations made in the document bearing bates numbers RPLI_SEC 0269898-920 were truthful and accurate as of October 2018.

6

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 630**

Ripple admits that the representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 630.

**REQUEST NO. 631**

Admit that the document bearing bates numbers RPLI_SEC 0297754-75 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 631**

Admitted.

**REQUEST NO. 632**

Admit that the representations made in the document bearing bates numbers RPLI_SEC 0297754-75 were truthful and accurate as of October, 2018.

**RESPONSE NO. 632**

Ripple admits that the representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 632.

**REQUEST NO. 633**

Admit that the document bearing bates numbers RPLI_SEC 0874176-96 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 633**

Admitted.

**REQUEST NO. 634**

Admit that the representations in the document bearing bates numbers RPLI_SEC 0874176-96 were truthful and accurate as of December 2018.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 634**

Ripple admits that the document referenced contains no knowing misstatements, and was truthful and accurate as to past events to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 634.

**REQUEST NO. 635**

Admit that the document bearing bates numbers RPLI_SEC 0268845-79 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 635**

Admitted.

**REQUEST NO. 636**

Admit that the representations made in the document bearing bates numbers RPLI_SEC 0268845-79 were truthful and accurate as of April 2019.

**RESPONSE NO. 636**

Ripple admits that the representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 636.

**REQUEST NO. 637**

Admit that the document bearing bates numbers RPLI_SEC 0268033-65 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 637**

Admitted.

**REQUEST NO. 638**

Admit that the representations made in the document bearing bates numbers RPLI_SEC 0268033-65 were truthful and accurate as of July 2019.

8

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 638**

Ripple admits that the representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 638.

**REQUEST NO. 639**

Admit that the spreadsheet bearing bates numbers RPLI_SEC 0582857 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 639**

Admitted.

**REQUEST NO. 640**

Admit that the figures made in the spreadsheet bearing bates numbers RPLI_SEC 0582857 were truthful and accurate as of April 2019.

**RESPONSE NO. 640**

Ripple admits that the figures in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 640.

**REQUEST NO. 641**

Admit that the document bearing bates numbers RPLI_SEC 0546651-55 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 641**

Admitted.

**REQUEST NO. 642**

Admit that the representations made in the document bearing bates numbers RPLI_SEC 0546651-55 were truthful and accurate as of September 2019.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 642**

Ripple admits that the document referenced contains no knowing misstatements, and was truthful and accurate as to past events to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 642.

**REQUEST NO. 643**

Admit that the document bearing bates numbers RPLI_SEC 0846080-86 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 643**

Admitted.

**REQUEST NO. 644**

Admit that the representations made in the document bearing bates numbers RPLI_SEC 0846080-86 were truthful and accurate as of September 2020.

**RESPONSE NO. 644**

Ripple admits that the document referenced contains no knowing misstatements, and was truthful and accurate as to past events to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 644.

**REQUEST NO. 645**

Admit that the spreadsheet bearing bates number RPLI_SEC 0297576 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 645**

Admitted.

**REQUEST NO. 646**

Admit that the figures made in the spreadsheet bearing bates number RPLI_SEC 0297576 were truthful and accurate as of January 2019.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 646**

Ripple admits that the figures in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 646.

**REQUEST NO. 647**

Admit that the spreadsheet bearing bates number RPLI_SEC 0297577 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 647**

Admitted.

**REQUEST NO. 648**

Admit that the figures made in the spreadsheet bearing bates number RPLI_SEC 0297577 were truthful and accurate as of January 2019.

**RESPONSE NO. 648**

Ripple admits that the document referenced contains no knowing misstatements, and was truthful and accurate as to past events to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 648.

**REQUEST NO. 649**

Admit that the document bearing bates number RPLI_SEC 0269185 is a true and correct copy of a PowerPoint file that Ripple's Chief Financial Officer received from ▓▓▓▓ in January 29, 2019.

**RESPONSE NO. 649**

Ripple admits that the document referenced in the Request is a true and correct copy of a PDF file attached to an email sent from ▓▓▓▓ of ▓▓▓▓ to Ron Will, then-Chief Financial Officer of Ripple, dated January 29, 2019, and otherwise denies Request No. 649.

11

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 650**

Admit that the document bearing bates numbers RPLI_SEC 0477675-705 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 650**

Admitted.

**REQUEST NO. 651**

Admit that the representations made in the document bearing bates numbers RPLI_SEC RPLI_SEC 0477675-705 were truthful and accurate as of January 2020.

**RESPONSE NO. 651**

Ripple admits that the document bearing bates numbers RPLI_SEC 0477675-705 contained no knowing misstatements, and was truthful and accurate as to past events to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 651.

*(Continued on next page)*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Dated: New York, New York
September 3, 2021

        DEBEVOISE & PLIMPTON LLP

        By: /s/ *Andrew J. Ceresney*

        Mary Jo White
        Andrew J. Ceresney
        (aceresney@debevoise.com)
        Lisa Zornberg
        Christopher S. Ford
        Joy Guo

919 Third Avenue
New York, NY 10022
212-909-6000

KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC

        Michael K. Kellogg
        Reid M. Figel

Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
202-326-7900

*Attorneys for Defendant Ripple Labs, Inc.*

13

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Christopher S. Ford, hereby certify that on September 3, 2021, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to Plaintiff's Fourth Set of Requests for Admission by electronic mail upon the following:

Dated: September 3, 2021

Jorge G. Tenreiro
Richard Best
Daphna Waxman
Jon Daniels
Ladan Stewart
Robert Moye
Benjamin Hanauer
Mark Sylvester
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-9145
*Attorneys for Plaintiff Securities and Exchange Commission*

Matthew C. Solomon
Alexander J. Janghorbani
Nowell D. Bamberger
Samuel Levander
Nicole Tatz
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1680
*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
Meredith R. Dearborn
Robin Linsenmayer
Kristina A. Bunting
Justin D. Ward
PAUL, WEISS, RIFKIND WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
*Attorneys for Defendant Christian A. Larsen*

/s/ Christopher S. Ford
Christopher S. Ford