**PX 85**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,<br><br>Defendants. | No. 20 CV 10832 (AT) (SN) |

## RESPONSES AND OBJECTIONS OF DEFENDANT RIPPLE LABS INC. TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Ripple Labs Inc. ("Ripple"), by its undersigned attorneys, hereby responds and objects to Plaintiff Securities and Exchange Commission's ("SEC's") Second Set of Requests for Admission to Defendant Ripple Labs Inc. (the "Requests"), dated June 9, 2021. These responses are based on the information currently available to Ripple. Ripple reserves the right to amend, supplement or modify its responses and objections at any time in the event that it obtains additional or different information.

## GENERAL OBJECTIONS

All of the General Objections set forth herein apply to and are incorporated into each of the specific responses to the Requests set forth below and have the same force and effect as it fully set forth therein, whether or not expressly incorporated by reference in such specific responses. Without waiving any of these General Objections to the extent they apply to each of the Requests, Ripple may specifically refer to certain General Objections in responding to certain Requests.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple objects to the SEC's Requests and the Instructions and Definitions ("Definitions") to the extent they purport to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York.

Ripple objects to each Request to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.

Ripple objects to each Request and Definition to the extent that it is oppressive, unduly burdensome, overly broad, or disproportionate to the needs of the case.

Ripple objects to each Request and Definition to the extent it is vague, ambiguous, otherwise incomprehensible, and/or not reasonably particular.

Ripple objects to each Request and Definition to the extent it seeks information that is not relevant to the claims or defenses of any party, or not reasonably calculated to lead to the discovery of admissible evidence.

Ripple objects to each Request and Definition to the extent it is cumulative or duplicative.

Unless otherwise expressly stated, no Response shall be deemed as an admission. Rather if there does not appear to be a specific Response to a Request to Admit, the Response is denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple objects to each Request and Definition to the extent it purports to call for information that is already in the SEC's custody, possession or control, readily available to the SEC, or is attainable by the SEC from public sources.

Ripple objects to each Request to the extent that it seeks proprietary, confidential or sensitive business information of Ripple or other individuals or entities who have entrusted confidential information to Ripple, on the grounds that such production would intrude and interfere with the confidential affairs of Ripple and others. Ripple will provide responsive proprietary, confidential or sensitive business information and trade secrets only in accordance with the protective order entered by the Court.

Ripple objects to the Requests, individually and collectively, on the basis that the SEC's discovery requests, taken as a whole, are excessive, burdensome, and disproportionate to the legitimate needs of the case.

Ripple does not concede the relevance, materiality, or admissibility of any information sought in these Requests. Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose, or any other ground to the use of any documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

Ripple's Responses and Objections to the Requests do not constitute, and shall not be interpreted as, Ripple's agreement or admission as to the truth or accuracy of any legal or factual characterization or allegation stated or implied in any of the Requests.

Ripple's failure to object to the Requests on a particular ground or grounds shall not be construed as a waiver of the right to object on any additional grounds.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple specifically reserves the right to amend, supplement, or modify its responses and objections at any time in the event that it obtains additional or different information.

## OBJECTIONS TO DEFINITIONS

Each individual response is made subject to, and without waiver of, the following Objections to Definitions:

1.      Ripple objects to the SEC's Definitions to the extent they call for information, or purport to impose obligations, beyond what is required by the Federal Rules of Civil Procedure, including but not limited to the requirement of proportionality, or where they purport to seek information that is subject to a claim of privilege.

2.      Ripple objects to the SEC's definitions of "Defendants," "you," "your," and "Ripple" as overly broad and unduly burdensome to the extent they include any persons or entities other than Ripple and to the extent they call for Ripple to provide information on behalf of entities or individuals, including former employees and affiliates that are not within its control.  Subject to these objections, Ripple will interpret these terms to include only information in the custody and control of Ripple Labs Inc., its predecessors, and its wholly-owned subsidiaries.

3.      Ripple objects to the SEC's definition of "XRP" as overly broad, unduly burdensome, and not relevant to any claim or defense in this action to the extent it includes "Ripple Credits" and "Ripples."  Ripple further objects to the SEC's definition of "XRP" on the grounds that it is vague and ambiguous to the extent it includes assets "known as" XRP, information regarding which is not within Ripple's possession, custody, or control.  Ripple further objects to the SEC's definition of "XRP" to the extent that its use of the terms "tokens" and "coins" calls for a legal conclusion and to the extent that this definition creates undue confusion of the issues.  Subject to these objections, Ripple will interpret the term "XRP" to

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

mean the digital asset XRP.

4.　　Ripple objects to the SEC's definition of "XRP Blockchain" as overly broad,
unduly burdensome, vague and ambiguous to the extent it includes undefined and additional
terms such as "distributed ledger," "Ripple Consensus Ledger," and "Ripple Protocol." Subject
to these objections, Ripple will interpret these terms consistent with Ripple's ordinary use of the
terms.

5.　　Ripple objects to the SEC's definition of "Consensus Protocol" as vague and
ambiguous to the extent it refers to a "mechanism" without particularity, and vague, ambiguous,
and lacking foundation to the extent that it attributes the confirmation and validation of
transactions on the XRP Ledger to a single "mechanism."

6.　　Ripple objects to the SEC's definition of "Programmatic Sales" as overly broad
and unduly burdensome because it encompasses a significant number of distinct transactions
involving distinct factual circumstances. Ripple further objects to the term "Programmatic
Sales" on the grounds that it is vague and ambiguous because it uses the undefined terms
"indirect" and "intermediary," and because it uses the term "at times" without identifying a
specific timeframe. Ripple further objects to the SEC's definition of "Programmatic Sales"
because its use of the term "offers" calls for a legal conclusion. Subject to these objections,
Ripple is willing to meet and confer on a specific set of transactions that the SEC believes is
relevant.

7.　　Ripple objects to the SEC's definition of "Market Makers" as overly broad and
unduly burdensome because it includes "any third party that Ripple contracted with" with respect
to certain sales. Ripple further objects to the SEC's definition of "Market Makers" because it
includes the defined term "Programmatic Sales," and Ripple makes the same objections to the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

SEC's definition of "Market Makers" stated above to the definition of "Programmatic Sales." Subject to these objections, Ripple is willing to meet and confer on a specific set of third parties that the SEC believes is relevant.

8.      Ripple objects to the SEC's definition of "OTC Sales" as overly broad and unduly burdensome because it includes vague and ambiguous terms such as "persons" and "wealthy individuals." Ripple further objects to the SEC's definition of "OTC Sales" because its use of the term "offers" calls for a legal conclusion. Subject to these objections, Ripple is willing to meet and confer on a specific set of entities that the SEC believes is relevant.

9.      Ripple objects to the SEC's definition of "XRP Escrow" because it includes the vague and ambiguous term "cryptographically programmed time release." Subject to these objections, Ripple will interpret this term consistent with Ripple's ordinary use of the term.

10.     Ripple objects to the SEC's definition of "currency" to the extent its reference to the Securities Act calls for a legal conclusion. Subject to these objections, Ripple will interpret this term consistent with its common usage.

11.     Ripple objects to the SEC's definition of "use case" as overly broad and unduly burdensome because the phrase "including but not limited to," as well as the terms "speculation," "investment," "trading," and "bridge transactions" are vague and ambiguous. Ripple further objects to the SEC's definition of "use case" to the extent it purports to exclude uses of an asset that fall within the ordinary meaning of the term "use case," and to the extent the SEC's definition otherwise calls for or assumes a legal conclusion. Subject to these objections, Ripple will interpret this term consistent with its common usage.

12.     Ripple objects to the SEC's definition of "principal use case" as overly broad and unduly burdensome because the terms "primary," "most prominent," "most common," and "most

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

salient" leave this term subject to multiple interpretations. Ripple further objects to the SEC's definition of "principal use case" as vague and ambiguous because it does not specify the person or persons from whose perspective a use case is determined to be the "most salient." Subject to these objections and Ripple's objection to the incorporated term "use case" in this Definition, Ripple will interpret this term consistent with its common usage.

13.     Ripple objects to the SEC's definition of "Relevant Period" as overly broad, unduly burdensome, and irrelevant to the extent that it calls for Ripple to provide information from after the commencement of this action on December 22, 2020. Ripple further objects to the SEC's definition of "Relevant Period" as overly broad and unduly burdensome to the extent it seeks to require Ripple Labs Inc. to respond regarding a time period prior to its existence. Subject to these objections, Ripple will respond to Requests using the term "Relevant Period" based on information up to but no later than December 22, 2020.

## RESPONSES AND OBJECTIONS

### REQUEST NO. 243

Admit that the document bearing bates numbers RPLI_SEC 0259585 – 93 is a true and correct copy of an agreement between XRP II, LLC and                                      dated November 29, 2014.

### RESPONSE NO. 243

Ripple admits that the document bearing Bates numbers RPLI_SEC 0259585-92 is a true and correct copy of an agreement between XRP II, LLC and

dated November 29, 2014, and otherwise denies Request No. 243.

7

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 244**

Admit that the document bearing bates numbers RPLI_SEC 0258812 – 19 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛ dated December 28, 2015.

**RESPONSE NO. 244**

Admitted.

**REQUEST NO. 245**

Admit that the document bearing bates numbers RPLI_SEC 0092944 – 49 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛ dated September 6, 2016.

**RESPONSE NO. 245**

Admitted.

**REQUEST NO. 246**

Admit that the document bearing bates numbers RPLI_SEC 0581494 – 98 is a true and correct copy of an agreement between Ripple Markets Inc. and ⬛⬛⬛ dated May 17, 2017.

**RESPONSE NO. 246**

Admitted.

**REQUEST NO. 247**

Admit that the document bearing bates numbers RPLI_SEC 0609517 – 21 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛ dated September 16, 2014.

**RESPONSE NO. 247**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 248**

Admit that the document bearing bates numbers SEC-LIT-EPROD-000070622 – 30 is a

true and correct copy of an agreement between XRP II, LLC and GSR dated March 31, 2014.

**RESPONSE NO. 248**

Denied.

**REQUEST NO. 249**

Admit that the document bearing bates numbers GSR00007322 – 31 is a true and correct

copy of an agreement between XRP II, LLC and ████████████████████████ dated

January 1, 2015.

**RESPONSE NO. 249**

Denied.

**REQUEST NO. 250**

Admit that the document bearing bates numbers RPLI_SEC 0000629 - 31 is a true and

correct copy of an agreement between XRP II, LLC and ██████████████████ dated June

9, 2016.

**RESPONSE NO. 250**

Denied.

**REQUEST NO. 251**

Admit that the document bearing bates numbers RPLI_SEC 0000636 – 41 is a true and

correct copy of an agreement between XRP II, LLC and ████████████████ dated June

23, 2016.

**RESPONSE NO. 251**

Admitted.

9

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 252**

Admit that the document bearing bates numbers RPLI_SEC 0507307 – 13 is a true and correct copy of an agreement between XRP II, LLC and █████████ dated February 14, 2017.

**RESPONSE NO. 252**

Denied.

**REQUEST NO. 253**

Admit that the document bearing bates numbers GSR00017429 – 35 is a true and correct copy of an agreement between XRP II, LLC and GSR Holdings Limited dated June 2, 2017.

**RESPONSE NO. 253**

Denied.

**REQUEST NO. 254**

Admit that the document bearing bates numbers RPLI_SEC 0108634 - 49 is a true and correct copy of an agreement between XRP II, LLC and ████████ ated August 3, 2017.

**RESPONSE NO. 254**

Admitted.

**REQUEST NO. 255**

Admit that the document bearing bates numbers RPLI_SEC 0503128 – 29 is a true and correct copy of an agreement between XRP II, LLC and ██████ dated December 12, 2017.

**RESPONSE NO. 255**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 256**

Admit that the document bearing bates numbers RPLI_SEC 0346552 – 55 is a true and correct copy of an agreement between Ripple Labs Inc. and ███████ dated June 2, 2017.

**RESPONSE NO. 256**

Denied.

**REQUEST NO. 257**

Admit that the document bearing bates numbers ██████████ SEC00014655 – 66 is a true and correct copy of an agreement between XRP II, LLC and ███████████ dated December 22, 2017.

**RESPONSE NO. 257**

Denied.

**REQUEST NO. 258**

Admit that the document bearing bates numbers ███████ SEC00009094 – 96 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated December 22, 2017.

**RESPONSE NO. 258**

Denied.

**REQUEST NO. 259**

Admit that the document bearing bates numbers RPLI_SEC 0503186 – 99 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated December 12, 2017.

**RESPONSE NO. 259**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 260**



Admit that the document bearing bates numbers ▮▮▮▮▮ EC 00009082 – 93 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮ Corp. dated December 22, 2017.

**RESPONSE NO. 260**

Denied.

**REQUEST NO. 261**

Admit that the document bearing bates number RPLI_SEC 0138306 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮▮ dated November 26, 2018.

**RESPONSE NO. 261**

Admitted.

**REQUEST NO. 262**

Admit that the document bearing bates numbers SEC-▮▮▮▮▮-000651914 – 25 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮ dated January 4, 2018.

**RESPONSE NO. 262**

Denied.

**REQUEST NO. 263**

Admit that the document bearing bates numbers RPLI_SEC 0173808 – 26 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮ dated February 22, 2018.

**RESPONSE NO. 263**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 264**

Admit that the document bearing bates numbers GSR00018580 – 81 is a true and correct

copy of an agreement between XRP II, LLC and GSR Holdings Limited dated March 2, 2018.

**RESPONSE NO. 264**

Admitted.

**REQUEST NO. 265**

Admit that the document bearing bates numbers          _XRP_SEC0000001 – 16 is a

true and correct copy of an agreement between XRP II, LLC and

dated May 30, 2018.

**RESPONSE NO. 265**

Admitted.

**REQUEST NO. 266**

Admit that the document bearing bates numbers RPLI_SEC 0110054 – 68 is a true and

correct copy of an agreement between XRP II, LLC and          dated June 22,

2018.

**RESPONSE NO. 266**

Admitted.

**REQUEST NO. 267**

Admit that the document bearing bates numbers SEC-          E-0217826 – 38 is a

true and correct copy of an agreement between XRP II, LLC and          dated

August 6, 2018.

**RESPONSE NO. 267**

Denied.

13

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 268**

Admit that the document bearing bates number RPLI-SEC 0430214 is a true and correct

copy of an agreement between XRP II, LLC and  dated August 5, 2018.

**RESPONSE NO. 268**

Denied.

**REQUEST NO. 269**

Admit that the document bearing bates numbers ▮▮▮XRP_SEC_0000019 – 31 is a

true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮dated September 17, 2018.

**RESPONSE NO. 269**

Admitted.

**REQUEST NO. 270**

Admit that the document bearing bates numbers ▮▮▮00643 – 59 is a true and correct

copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮ated November 8, 2018.

**RESPONSE NO. 270**

Denied.

**REQUEST NO. 271**

Admit that the document bearing bates numbers RPLI_SEC 001010 – 25 is a true and

correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮dated

February 1, 2018.

**RESPONSE NO. 271**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 272**

Admit that the document bearing bates number RPLI_SEC 0075265 – 92 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ dated December 20, 2018.

**RESPONSE NO. 272**

Denied.

**REQUEST NO. 273**

Admit that the document bearing bates numbers RPLI_SEC 0075479 – 84 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ dated December 31, 2018.

**RESPONSE NO. 273**

Denied.

**REQUEST NO. 274**

Admit that the document bearing bates numbers RPLI_SEC 0075464 – 78 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ dated December 31, 2018.

**RESPONSE NO. 274**

Denied.

**REQUEST NO. 275**

Admit that the document bearing bates numbers RPLI_SEC 0075060 – 75 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ ated December 31, 2018.

**RESPONSE NO. 275**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## REQUEST NO. 276

Admit that the document bearing bates numbers RPLI_SEC 0318399 – 400 is a true and correct copy of an agreement between XRP II, LLC and GSR Markets Limited dated December 30, 2019.

## RESPONSE NO. 276

Denied.

## REQUEST NO. 277

Admit that the document bearing bates numbers RPLI_SEC 0195777 – 79 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮▮▮▮▮ dated December 31, 2018.

## RESPONSE NO. 277

Denied.

## REQUEST NO. 278

Admit that the document bearing bates numbers RPLI_SEC 0503130 – 50 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮imited dated March 4, 2019.

## RESPONSE NO. 278

Denied.

## REQUEST NO. 279

Admit that the document bearing bates numbers RPLI_SEC 0503182 – 83 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮imited dated March 4, 2019.

## RESPONSE NO. 279

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 280**

Admit that the document bearing bates numbers SEC-UKFCA-E-0001524 – 30 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ ated May 16, 2019.

**RESPONSE NO. 280**

Denied.

**REQUEST NO. 281**

Admit that the document bearing bates numbers RPLI_SEC 0273727 – 35 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ dated May 24, 2019.

**RESPONSE NO. 281**

Denied.

**REQUEST NO. 282**

Admit that the document bearing bates numbers RPLI_SEC 0187337 – 48 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ dated June 24, 2019.

**RESPONSE NO. 282**

Admitted.

**REQUEST NO. 283**

Admit that the document bearing bates numbers ⬛⬛⬛ SEC00000101 – 115 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ ated June 27, 2019.

**RESPONSE NO. 283**

Denied.

17

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 284**

Admit that the document bearing bates number  SEC00000189 is a true and correct copy of an agreement between XRP II, LLC and ⬛ dated June 27, 2019.

**RESPONSE NO. 284**

Denied.

**REQUEST NO. 285**

Admit that the document bearing bates numbers ⬛ SEC00000190 – 206 is a true and correct copy of an agreement between XRP II, LLC and ⬛ ated June 27, 2019.

**RESPONSE NO. 285**

Denied.

**REQUEST NO. 286**

Admit that the document bearing bates numbers SEC-⬛ E-0000907 – 22 is a true and correct copy of an agreement between XRP II, LLC and ⬛ ated July 26, 2019.

**RESPONSE NO. 286**

Denied.

**REQUEST NO. 287**

Admit that the document bearing bates numbers RPLI_SEC 0423634 – 53 is a true and correct copy of an agreement between XRP II, LLC and ⬛ ated August 9, 2019.

**RESPONSE NO. 287**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 288**

Admit that the document bearing bates numbers RPLI_SEC 0423601 – 02 is a true and correct copy of an agreement between XRP II, LLC and ███████ dated August 21, 2019.

**RESPONSE NO. 288**

Denied.

**REQUEST NO. 289**

Admit that the document bearing bates numbers GSR00000988 – 1002 is a true and correct copy of an agreement between XRP II, LLC and GSR Markets Limited dated September 6, 2019.

**RESPONSE NO. 289**

Denied.

**REQUEST NO. 290**

Admit that the document bearing bates numbers GSR SEC-LIT-EPROD-000070633 – 49 is a true and correct copy of an agreement between XRP II, LLC and GSR Markets Limited dated September 9, 2019.

**RESPONSE NO. 290**

Denied.

**REQUEST NO. 291**

Admit that the document bearing bates number GSR00012105 is a true and correct copy of an agreement between XRP II, LLC and GSR Markets Limited dated November 1, 2019.

**RESPONSE NO. 291**

Denied.

19

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 292**

Admit that the document bearing bates numbers SEC-UKFCA-E-0027191 – 92 is a true

and correct copy of an agreement between XRP II, LLC and ███████████ dated

November 10, 2019.

**RESPONSE NO. 292**

Denied.

**REQUEST NO. 293**

Admit that the document bearing bates numbers RPLI_SEC 0423532 – 45 is a true and

correct copy of an agreement between XRP II, LLC and ███████████ dated

November 21, 2019.

**RESPONSE NO. 293**

Denied.

**REQUEST NO. 294**

Admit that the document bearing bates numbers RPLI_SEC 0503184 – 85 is a true and

correct copy of an agreement between XRP II, LLC and ███████████ dated December 6,

2019.

**RESPONSE NO. 294**

Denied.

**REQUEST NO. 295**

Admit that the document bearing bates numbers ███████ SEC_0016803 – 26 is

a true and correct copy of an agreement between XRP II, LLC and ███████████

███████ dated December 31, 2019.

**RESPONSE NO. 295**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 296**

Admit that the document bearing bates numbers RPLI_SEC 0507292 – 75 is a true and correct copy of an agreement between Ripple Markets Inc. and ⬛⬛⬛⬛ ated December 4, 2019.

**RESPONSE NO. 296**

Denied.

**REQUEST NO. 297**

Admit that the document bearing bates numbers SEC-LIT-EPROD-000633771 – 774 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛⬛⬛⬛⬛ dated December 18, 2019.

**RESPONSE NO. 297**

Denied.

**REQUEST NO. 298**

Admit that the document bearing bates numbers RPLI_SEC 0503168 – 73 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛⬛ dated December 4, 2019.

**RESPONSE NO. 298**

Denied.

**REQUEST NO. 299**

Admit that the document bearing bates numbers SEC-UKFCA-E-0001464 – 68 is a true and correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛⬛ ated December 17, 2019.

**RESPONSE NO. 299**

Denied.

21

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 300**

Admit that the document bearing bates numbers RPLI_SEC 0423655 – 56 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮▮▮▮▮▮ dated January 30, 2020.

**RESPONSE NO. 300**

Denied.

**REQUEST NO. 301**

Admit that the document bearing bates numbers SEC-UKFCA-E-0028163 – 66 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮▮▮▮▮ dated March 19, 2020.

**RESPONSE NO. 301**

Denied.

**REQUEST NO. 302**

Admit that the document bearing bates number GSR00009409 is a true and correct copy of an agreement between XRP II, LLC and GSR Markets Limited dated April 28, 2020.

**RESPONSE NO. 302**

Denied.

**REQUEST NO. 303**

Admit that the document bearing bates number SEC-UKFCA-E-0001498 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮▮▮▮ ated April 4, 2020.

**RESPONSE NO. 303**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 304**

Admit that the document bearing bates numbers RPLI_SEC 0300993 – 1007 is a true and

correct copy of an agreement between XRP II, LLC and dated May 1, 2020.

**RESPONSE NO. 304**

Denied.

**REQUEST NO. 305**

Admit that the document bearing bates number GSR00000639 is a true and correct copy

of an agreement between XRP II, LLC and dated September 9, 2029.

**RESPONSE NO. 305**

Denied.

**REQUEST NO. 306**

Admit that the document bearing bates numbesr SEC00013519 – 33 is a

true and correct copy of an agreement between XRP II, LLC and dated

May 26, 2020.

**RESPONSE NO. 306**

Denied.

**REQUEST NO. 307**

Admit that the document bearing bates numbers GSR00000494 – 501 is a true and

correct copy of an agreement between XRP II, LLC and dated July 3,

2020.

**RESPONSE NO. 307**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 308**

Admit that the document bearing bates numbers  SEC00000482 – 84 is a true and correct copy of an agreement between XRP II, LLC and     dated June 5, 2020.

**RESPONSE NO. 308**

Denied.

**REQUEST NO. 309**

Admit that the document bearing bates numbers RPLI_SEC 0304271 – 76 is a true and correct copy of an agreement between XRP II, LLC and     dated December 17, 2013.

**RESPONSE NO. 309**

Admitted.

**REQUEST NO. 310**

Admit that the document bearing bates number GSR00000513 is a true and correct copy of an agreement between XRP II, LLC and     dated December 15, 2020.

**RESPONSE NO. 310**

Denied.

**REQUEST NO. 311**

Admit that the document bearing bates numbers RPLI_SEC 0075251 – 64 is a true and correct copy of an agreement between XRP II, LLC and     ated December 20, 2018.

**RESPONSE NO. 311**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 312**

Admit that the document bearing bates numbers SEC-UKFCA-E-0001470 – 74 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇ dated December 17, 2020.

**RESPONSE NO. 312**

Denied.

**REQUEST NO. 313**

Admit that the document bearing bates numbers RPLI_SEC 0078639 – 45 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇ dated May 16, 2019.

**RESPONSE NO. 313**

Denied.

**REQUEST NO. 314**

Admit that the document bearing bates numbers RPLI_SEC 0074864 – 66 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇ dated April 1, 2019.

**RESPONSE NO. 314**

Denied.

**REQUEST NO. 315**

Admit that the document bearing bates numbers RPLI_SEC 0269623 – 43 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇ dated December 26, 2019.

**RESPONSE NO. 315**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 316**

Admit that the document bearing bates numbers RPLI_SEC 0074891 – 907 is a true and

correct copy of an agreement between XRP II, LLC and  dated June 28,

2019.

**RESPONSE NO. 316**

Denied.

**REQUEST NO. 317**

Admit that the document bearing bates numbers GSR00000505 – 08 is a true and correct

copy of an agreement between XRP II, LLC and                            dated June 17, 2020.

**RESPONSE NO. 317**

Denied.

**REQUEST NO. 318**

Admit that the document bearing bates numbers RPLI_SEC 0180025 – 42 is a true and

correct copy of an agreement between XRP II, LLC and                    ated September

11, 2019.

**RESPONSE NO. 318**

Denied.

**REQUEST NO. 319**

Admit that the document bearing bates numbers RPLI_SEC 0264538 – 41 is a true and

correct copy of an agreement between XRP II, LLC and

dated April 10, 2018.

**RESPONSE NO. 319**

Denied.

26

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 320**

Admit that the document bearing bates numbers RPLI_SEC 0075005 –09 is a true and correct copy of an agreement between XRP II, LLC and ████████████████ dated June 28, 2019.

**RESPONSE NO. 320**

Denied.

**REQUEST NO. 321**

Admit that the document bearing bates numbers RPLI_SEC 0268692 – 97 is a true and correct copy of an agreement between XRP II, LLC and ██████████ dated June 27, 2019.

**RESPONSE NO. 321**

Denied.

**REQUEST NO. 322**

Admit that the document bearing bates numbers RPLI_SEC 0075029 – 30 is a true and correct copy of an agreement between XRP II, LLC and ████████████████ dated July 22, 2019.

**RESPONSE NO. 322**

Denied.

**REQUEST NO. 323**

Admit that the document bearing bates numbers RPLI_SEC 0075010 – 15 is a true and correct copy of an agreement between XRP II, LLC and ████████████ dated October 18, 2019.

**RESPONSE NO. 323**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## REQUEST NO. 324

Admit that the document bearing bates numbers RPLI_SEC 0075053 – 59 is a true and correct copy of an agreement between XRP II, LLC and  dated March 27, 2019.

## RESPONSE NO. 324

Denied.

## REQUEST NO. 325

Admit that the document bearing bates numbers RPLI_SEC 0140419 – 40 is a true and correct copy of an agreement between XRP II, LLC and dated June 3, 2019.

## RESPONSE NO. 325

Denied.

## REQUEST NO. 326

Admit that the document bearing bates numbers RPLI_SEC 0075076 – 79 is a true and correct copy of an agreement between XRP II, LLC and dated April 23, 2019.

## RESPONSE NO. 326

Denied.

## REQUEST NO. 327

Admit that the document bearing bates numbers RPLI_SEC 0269072 – 75 is a true and correct copy of an agreement between XRP II, LLC and dated March 4, 2019.

## RESPONSE NO. 327

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 328**

Admit that the document bearing bates numbers RPLI_SEC 0075080 – 86 is a true and

correct copy of an agreement between XRP II, LLC and                    dated December 31, 2018.

**RESPONSE NO. 328**

Denied.

**REQUEST NO. 329**

Admit that the document bearing bates numbers GSR00000640 – 56 is a true and correct

copy of an agreement between XRP II, LLC and                    ated September 9, 2019.

**RESPONSE NO. 329**

Denied.

**REQUEST NO. 330**

Admit that the document bearing bates numbers RPLI_SEC 0075128 – 35 is a true and

correct copy of an agreement between XRP II, LLC and                    ated September 26,

2019.

**RESPONSE NO. 330**

Denied.

**REQUEST NO. 331**

Admit that the document bearing bates numbers SEC-LIT-EPROD-000771968 – 75 is a

true and correct copy of an agreement between XRP II, LLC and

Inc. dated September 4, 2018.

**RESPONSE NO. 331**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 332**

Admit that the document bearing bates numbers RPLI_SEC 0075110 -- 13 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇▇▇▇ dated March 20, 2019.

**RESPONSE NO. 332**

Denied.

**REQUEST NO. 333**

Admit that the document bearing bates numbers RPLI_SEC 0075143 – 45 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇▇▇▇ Inc. dated January 10, 2018.

**RESPONSE NO. 333**

Denied.

**REQUEST NO. 334**

Admit that the document bearing bates numbers RPLI_SEC 0233510 – 16 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇▇▇▇ dated September 4, 2018.

**RESPONSE NO. 334**

Denied.

**REQUEST NO. 335**

Admit that the document bearing bates numbers RPLI_SEC 0239684 – 98 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇▇▇▇ dated June 17, 2019.

**RESPONSE NO. 335**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

### REQUEST NO. 336

Admit that the document bearing bates numbers  SEC_0000658 – 81 is

a true and correct copy of an agreement between XRP II, LLC and

dated December 31, 2019.

### RESPONSE NO. 336

Denied.

### REQUEST NO. 337



Admit that the document bearing bates numbers SEC_0005825 – 26 is

a true and correct copy of an agreement between XRP II, LLC and

dated June 16, 2020.

### RESPONSE NO. 337

Denied.

### REQUEST NO. 338

Admit that the document bearing bates number SEC-LIT-EPROD-000928287 is a true

and correct copy of an agreement between XRP II, LLC and                    dated June 21,

2019.

### RESPONSE NO. 338

Denied.

### REQUEST NO. 339

Admit that the document bearing bates numbers RPLI_SEC 0264904 – 08 is a true and

correct copy of an agreement between XRP II, LLC and                    ated June 27, 2019.

### RESPONSE NO. 339

Denied.

31

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## REQUEST NO. 340

Admit that the document bearing bates number  SEC_0005812 is a true

and correct copy of an agreement between XRP II, LLC and

dated September 26, 2019.

## RESPONSE NO. 340

Denied.

## REQUEST NO. 341

Admit that the document bearing bates numbers RPLI_SEC 0232982 – 88 is a true and

correct copy of an agreement between XRP II, LLC and                              ated May 9, 2019.

## RESPONSE NO. 341

Denied.

## REQUEST NO. 342

Admit that the document bearing bates numbers RPLI_SEC 0256610 – 13 is a true and

correct copy of an agreement between XRP II, LLC and                         dated August 14, 2019.

## RESPONSE NO. 342

Denied.

## REQUEST NO. 343

Admit that the document bearing bates numbers NY-9875_T_00008268 – 84 is a true and

correct copy of an agreement between XRP II, LLC and                                            dated

January 26, 2018.

## RESPONSE NO. 343

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 344**

Admit that the document bearing bates numbers RPLI_SEC 0254877 – 78 is a true and

correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛⬛⬛⬛⬛ dated

January 25, 2019.

**RESPONSE NO. 344**

Denied.

**REQUEST NO. 345**

Admit that the document bearing bates numbers NY-9875_T_00008240 – 45 is a true and

correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛⬛⬛⬛⬛ dated

December 18, 2018.

**RESPONSE NO. 345**

Denied.

**REQUEST NO. 346**

Admit that the document bearing bates numbers RPLI_SEC 0075296 – 97 is a true and

correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ dated October 19,

2018.

**RESPONSE NO. 346**

Denied.

**REQUEST NO. 347**

Admit that the document bearing bates numbers RPLI_SEC 0233518 – 24 is a true and

correct copy of an agreement between XRP II, LLC and ⬛⬛⬛⬛ dated September 13,

2018.

**RESPONSE NO. 347**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 348**

Admit that the document bearing bates numbers RPLI_SEC 0074795 – 828 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮ dated February 23, 2019.

**RESPONSE NO. 348**

Denied.

**REQUEST NO. 349**

Admit that the document bearing bates numbers RPLI_SEC 0075376 – 82 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮ dated March 22, 2019.

**RESPONSE NO. 349**

Denied.

**REQUEST NO. 350**

Admit that the document bearing bates numbers RPLI_SEC 0233015 – 19 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮ dated May 9, 2019.

**RESPONSE NO. 350**

Denied.

**REQUEST NO. 351**

Admit that the document bearing bates numbers RPLI_SEC 0233390 – 93 is a true and correct copy of an agreement between XRP II, LLC and ▮▮▮▮▮▮ dated November 30, 2018.

**RESPONSE NO. 351**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## REQUEST NO. 352

Admit that the document bearing bates numbers RPLI_SEC 0075426 – 31 is a true and correct copy of an agreement between XRP II, LLC and ▇▇▇▇▇▇▇ dated March 22, 2019.

## RESPONSE NO. 352

Denied.

## REQUEST NO. 353

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110929-SEC-LIT-EPROD-001110932 is a true and accurate copy of a document titled *Ripple Labs Announces Fidor Bank AG as First Bank to Use the Ripple Protocol* that Ripple made available on its public website on approximately May 5, 2014.

## RESPONSE NO. 353

Admitted.

## REQUEST NO. 354

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110929-SEC-LIT-EPROD-001110932 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 354

Admitted.

## REQUEST NO. 355

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110929-SEC-LIT-EPROD-001110932 were truthful and accurate as of May 5, 2014.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 355**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 355.

**REQUEST NO. 356**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110933-SEC-LIT-EPROD-001110936 is a true and accurate copy of a document titled AstroPay Launches First Latin American Money Service Business on Ripple Protocol that Ripple made available on its public website on approximately June 12, 2014.

**RESPONSE NO. 356**

Admitted.

**REQUEST NO. 357**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110933-SEC-LIT-EPROD-001110936 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 357**

Admitted.

**REQUEST NO. 358**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110933-SEC-LIT-EPROD-001110936 were truthful and accurate as of June 12, 2014.

**RESPONSE NO. 358**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 358.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 359**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110937-SEC-LIT-EPROD-001110940 is a true and accurate copy of a document titled *Cross River Bank to Integrate Ripple for Real-Time International Payments* that Ripple made available on its public website on approximately September 24, 2014.

**RESPONSE NO. 359**

Admitted.

**REQUEST NO. 360**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110937-SEC-LIT-EPROD-001110940 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 360**

Admitted.

**REQUEST NO. 361**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110937-SEC-LIT-EPROD-001110940 were truthful and accurate as of September 24, 2014.

**RESPONSE NO. 361**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 361.

**REQUEST NO. 362**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110941-SEC-LIT-EPROD-001110945 is a true and accurate copy of a document titled *Hundred-Year-Old*

*CBW Bank One of the First U.S. Banks to Integrate Ripple as Transformational Money Transfer Protocol* that Ripple made available on its public website on approximately September 24, 2014.

## RESPONSE NO. 362

Admitted.

## REQUEST NO. 363

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110941-SEC-LIT-EPROD-001110945 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 363

Admitted.

## REQUEST NO. 364

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110941-SEC-LIT-EPROD-001110945 were truthful and accurate as of September 24, 2014.

## RESPONSE NO. 364

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 364.

## REQUEST NO. 365

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110946-SEC-LIT-EPROD-001110950 is a true and accurate copy of a document titled *Ripple Strikes Multi-National Deal with SBI Holdings to Meet Growing Demand for Ripple Solutions Across Asia* that Ripple made available on its public website on approximately January 28, 2016.

## RESPONSE NO. 365

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 366**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110946-SEC-LIT-EPROD-001110950 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 366**

Admitted.

**REQUEST NO. 367**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110946-SEC-LIT-EPROD-001110950 were truthful and accurate as of January 28, 2016.

**RESPONSE NO. 367**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 367.

**REQUEST NO. 368**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110951-SEC-LIT-EPROD-001110955 is a true and accurate copy of a document titled *More Financial Institutions Join Ripple's Global Network* that Ripple made available on its public website on approximately June 22, 2016.

**RESPONSE NO. 368**

Admitted.

**REQUEST NO. 369**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110951-SEC-LIT-EPROD-001110955 was prepared by Ripple or its employees, agents, or personnel.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 369**

Admitted.

**REQUEST NO. 370**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110951-SEC-LIT-EPROD-001110955 were truthful and accurate as of June 22, 2016.

**RESPONSE NO. 370**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 370.

**REQUEST NO. 371**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110956-SEC-LIT-EPROD-001110960 is a true and accurate copy of a document titled *Ripple Adds Several New Banks to Global Network* that Ripple made available on its public website on approximately September 15, 2016.

**RESPONSE NO. 371**

Admitted.

**REQUEST NO. 372**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110956-SEC-LIT-EPROD-001110960 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 372**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 373**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110956-SEC-LIT-EPROD-001110960 were truthful and accurate as of September 15, 2016.

**RESPONSE NO. 373**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 373.

**REQUEST NO. 374**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110961-SEC-LIT-EPROD-001110965 is a true and accurate copy of a document titled R3 *Trials Interbank Cross-Border Payments With Ripple's Digital Asset XRP* that Ripple made available on its public website on approximately October 20, 2016.

**RESPONSE NO. 374**

Admitted.

**REQUEST NO. 375**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110961-SEC-LIT-EPROD-001110965 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 375**

Admitted.

**REQUEST NO. 376**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110961-SEC-LIT-EPROD-001110965 were truthful and accurate as of October 20, 2016.

41

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 376**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 376.

**REQUEST NO. 377**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110966-SEC-LIT-EPROD-001110970 is a true and accurate copy of a document titled *Ten More Financial Institutions Join Ripple's Global Payments Network* that Ripple made available on its public website on approximately April 26, 2017.

**RESPONSE NO. 377**

Admitted.

**REQUEST NO. 378**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110966-SEC-LIT-EPROD-001110970 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 378**

Admitted.

**REQUEST NO. 379**

Admit that the statements and representations made in the document bearing bates numbers    SEC-LIT-EPROD-001110966-SEC-LIT-EPROD-001110970    were    truthful    and accurate as of April 26, 2017.

**RESPONSE NO. 379**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 379.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 380**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110971-SEC-LIT-EPROD-001110975 is a true and accurate copy of a document titled *American Express Introduces Blockchain-enabled, Cross-border Payments* that Ripple made available on its public website on approximately November 16, 2017.

**RESPONSE NO. 380**

Admitted.

**REQUEST NO. 381**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110971-SEC-LIT-EPROD-001110975 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 381**

Admitted.

**REQUEST NO. 382**

Admit that the statements and representations made in the document bearing bates numbers   SEC-LIT-EPROD-001110971-SEC-LIT-EPROD-001110975   were   truthful   and accurate as of November 16, 2017.

**RESPONSE NO. 382**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 382.

**REQUEST NO. 383**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110976-SEC-LIT-EPROD-001110979 is a true and accurate copy of a document titled *Ripple and*

43

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*MoneyGram Partner to Modernize Payments* that Ripple made available on its public website on approximately January 11, 2018.

## RESPONSE NO. 383

Admitted.

## REQUEST NO. 384

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110976-SEC-LIT-EPROD-001110979 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 384

Admitted.

## REQUEST NO. 385

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110976-SEC-LIT-EPROD-001110979 were truthful and accurate as of January 11, 2018.

## RESPONSE NO. 385

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 385.

## REQUEST NO. 386

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110984-SEC-LIT-EPROD-001110987 is a true and accurate copy of a document titled *UAE Exchange Partners with Ripple for Instant Cross-Border Payments* that Ripple made available on its public website on approximately February 10, 2018.

## RESPONSE NO. 386

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 387**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110984-SEC-LIT-EPROD-001110987 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 387**

Admitted.

**REQUEST NO. 388**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110984-SEC-LIT-EPROD-001110987 were truthful and accurate as of February 10, 2018.

**RESPONSE NO. 388**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 388.

**REQUEST NO. 389**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110980-SEC-LIT-EPROD-001110983 is a true and accurate copy of a document titled *Ripple Partners with LianLian International to Power Instant Payments to China* that Ripple made available on its public website on approximately February 7, 2018.

**RESPONSE NO. 389**

Admitted.

**REQUEST NO. 390**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110980-SEC-LIT-EPROD-001110983 was prepared by Ripple or its employees, agents, or personnel.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 390**

Admitted.

**REQUEST NO. 391**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110980-SEC-LIT-EPROD-001110983 were truthful and accurate as of February 7, 2018.

**RESPONSE NO. 391**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 391.

**REQUEST NO. 392**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110988-SEC-LIT-EPROD-001110990 is a true and accurate copy of a document titled *xRapid Brings on Three New Exchange Partners* that Ripple made available on its public website on approximately August 16, 2018.

**RESPONSE NO. 392**

Admitted.

**REQUEST NO. 393**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110988-SEC-LIT-EPROD-001110990 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 393**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 394**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110988-SEC-LIT-EPROD-001110990 were truthful and accurate as of August 16, 2018.

**RESPONSE NO. 394**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 394.

**REQUEST NO. 395**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110991-SEC-LIT-EPROD-001110993 is a true and accurate copy of a document titled *PNC Treasury Management Joins RippleNet* that Ripple made available on its public website on approximately September 19, 2018.

**RESPONSE NO. 395**

Admitted.

**REQUEST NO. 396**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110991-SEC-LIT-EPROD-001110993 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 396**

Admitted.

**REQUEST NO. 397**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110991-SEC-LIT-EPROD-001110993 were truthful and accurate as of September 19, 2018.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 397**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 397.

**REQUEST NO. 398**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110994-SEC-LIT-EPROD-001110996 is a true and accurate copy of a document titled *CIMB Group Joins RippleNet to Power Instant Payments Across ASEAN* that Ripple made available on its public website on approximately November 14, 2018.

**RESPONSE NO. 398**

Admitted.

**REQUEST NO. 399**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110994-SEC-LIT-EPROD-001110996 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 399**

Admitted.

**REQUEST NO. 400**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110994-SEC-LIT-EPROD-001110996 were truthful and accurate on as of November 14, 2018.

**RESPONSE NO. 400**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 400.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 401**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110997-SEC-LIT-EPROD-001110999 is a true and accurate copy of a document titled *Ripple to Bring Blockchain Technology to Finastra's Banking Customers* that Ripple made available on its public website on approximately October 9, 2019.

**RESPONSE NO. 401**

Admitted.

**REQUEST NO. 402**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110997-SEC-LIT-EPROD-001110999 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 402**

Admitted.

**REQUEST NO. 403**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110997-SEC-LIT-EPROD-001110999 were truthful and accurate as of October 9, 2019.

**RESPONSE NO. 403**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 403.

**REQUEST NO. 404**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111000-SEC-LIT-EPROD-001111002 is a true and accurate copy of a document titled *Azimo and Ripple*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*Partner to Deliver Faster, Cheaper Payments to the Philippines* that Ripple made available on its public website on approximately February 26, 2020.

## RESPONSE NO. 404

Admitted.

## REQUEST NO. 405

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111000-SEC-LIT-EPROD-001111002 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 405

Admitted.

## REQUEST NO. 406

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001111000-SEC-LIT-EPROD-001111002 were truthful and accurate as of February 26, 2020.

## RESPONSE NO. 406

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 406.

## REQUEST NO. 407

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111003-SEC-LIT-EPROD-001111006 is a true and accurate copy of a document titled *DeeMoney Partners with Ripple to Power Faster and Cheaper Cross-Border Money Transfers* that Ripple made available on its public website on approximately March 18, 2020.

## RESPONSE NO. 407

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 408**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111003-SEC-LIT-EPROD-001111006 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 408**

Admitted.

**REQUEST NO. 409**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001111003-SEC-LIT-EPROD-001111006 were truthful and accurate as of March 18, 2020.

**RESPONSE NO. 409**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 409.

**REQUEST NO. 410**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111007-SEC-LIT-EPROD-001111010 is a true and accurate copy of a document titled *SCB Partners with Ripple Extending SCB Global Payment Strategy* that Ripple made available on its public website on approximately April 27, 2020.

**RESPONSE NO. 410**

Admitted.

**REQUEST NO. 411**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111007-SEC-LIT-EPROD-001111010 was prepared by Ripple or its employees, agents, or personnel.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 411**

Admitted.

**REQUEST NO. 412**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001111007-SEC-LIT-EPROD-001111010 were truthful and accurate as of April 27, 2020.

**RESPONSE NO. 412**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 412.

**REQUEST NO. 413**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111011-SEC-LIT-EPROD-001111014 is a true and accurate copy of a document titled *Lemonway Joins RippleNet to Power Instant, Cost-Effective Euro-to-Euro Payments* that Ripple made available on its public website on approximately October 6, 2020.

**RESPONSE NO. 413**

Admitted.

**REQUEST NO. 414**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111011-SEC-LIT-EPROD-001111014 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 414**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 415**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001111011-SEC-LIT-EPROD-001111014 were truthful and accurate as of October 6, 2020.

**RESPONSE NO. 415**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 415.

**REQUEST NO. 416**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111015-SEC-LIT-EPROD-001111018 is a true and accurate copy of a document titled *bKash and Mobile Money Connect Through RippleNet to Power Wallet-to-Wallet Remittances* that Ripple made available on its public website on approximately January 13, 2021.

**RESPONSE NO. 416**

Admitted.

**REQUEST NO. 417**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111015-SEC-LIT-EPROD-001111018 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 417**

Admitted.

**REQUEST NO. 418**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001111015-SEC-LIT-EPROD-001111018 were truthful and accurate as of January 13, 2021

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 418**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 418.

**REQUEST NO. 419**

Admit that Ripple disbursed approximately 127,909,992 XRP to its executives and employees as compensation and bonuses in 2014.

**RESPONSE NO. 419**

Ripple admits that it disbursed approximately 127,909,992 XRP as compensation in 2014. Ripple otherwise denies Request No. 419.

**REQUEST NO. 420**

Admit that Ripple disbursed approximately 29,363,143 XRP to its executives and employees as compensation and bonuses in 2015.

**RESPONSE NO. 420**

Ripple admits that it disbursed approximately 29,363,143 XRP as compensation in 2015. Ripple otherwise denies Request No. 420.

**REQUEST NO. 421**

Admit that Ripple disbursed approximately 18,759,310 XRP to its executives and employees as compensation and bonuses in 2016.

**RESPONSE NO. 421**

Ripple admits that it disbursed approximately 18,759,310 XRP as compensation in 2016. Ripple otherwise denies Request No. 421.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 422**

Admit that Ripple disbursed approximately 221,104,857 XRP to its executives and employees as compensation and bonuses in 2017.

**RESPONSE NO. 422**

Ripple admits that it disbursed approximately 221,104,857 XRP as compensation in 2017. Ripple otherwise denies Request No. 422.

**REQUEST NO. 423**

Admit that Ripple disbursed approximately 148,536,461 XRP to its executives and employees as compensation and bonuses in 2018.

**RESPONSE NO. 423**

Ripple admits that it disbursed approximately 148,536,461 XRP as compensation in 2018. Ripple otherwise denies Request No. 423.

**REQUEST NO. 424**

Admit that Ripple disbursed approximately 261,128,019 XRP to its executives and employees as compensation and bonuses in 2019.

**RESPONSE NO. 424**

Ripple admits that it disbursed approximately 261,128,109 XRP as compensation in 2019. Ripple otherwise denies Request No. 424.

**REQUEST NO. 425**

Admit that as of August 2020, Ripple had distributed approximately 776,644,434 XRP to third parties through xPring.

**RESPONSE NO. 425**

Ripple objects to Request No. 425 on the grounds that it is vague and ambiguous because it does not explain or define the parameters or characteristics of an XRP distribution to be made

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

"through xPring" or specify to which "third parties" it refers. Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 425.

**REQUEST NO. 426**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110699-SEC-LIT-EPROD-001110703 is a true and accurate copy of a Q4 2016 XRP Markets Report that Ripple made available on its public website on approximately January 24, 2017.

**RESPONSE NO. 426**

Admitted.

**REQUEST NO. 427**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110699-SEC-LIT-EPROD-01110703 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 427**

Admitted.

**REQUEST NO. 428**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110699-SEC-LIT-EPROD-001110703 were truthful and accurate as of January 24, 2017.

**RESPONSE NO. 428**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 428.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 429**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110704-SEC-LIT-EPROD-001110709 is a true and accurate copy of a Q1 2017 XRP Markets Report that Ripple made available on its public website on approximately April 18, 2017.

**RESPONSE NO. 429**

Admitted.

**REQUEST NO. 430**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110704-SEC-LIT-EPROD-001110709 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 430**

Admitted.

**REQUEST NO. 431**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110704-SEC-LIT-EPROD-001110709 were truthful and accurate as of April 18, 2017.

**RESPONSE NO. 431**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 431.

**REQUEST NO. 432**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110710-SEC-LIT-EPROD-001110717 is a true and accurate copy of a Q2 2017 XRP Markets Report that Ripple made available on its public website on approximately July 20, 2017.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 432**

Admitted.

**REQUEST NO. 433**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110710-SEC-LIT-EPROD-001110717 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 433**

Admitted.

**REQUEST NO. 434**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110710-SEC-LIT-EPROD-001110717 were truthful and accurate as of July 20, 2017.

**RESPONSE NO. 434**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 434.

**REQUEST NO. 435**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110718-SEC-LIT-EPROD-001110724 is a true and accurate copy of a Q3 2017 XRP Markets Report that Ripple made available on its public website on approximately October 19, 2017.

**RESPONSE NO. 435**

Admitted.

**REQUEST NO. 436**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110718-SEC-LIT-EPROD-001110724 was prepared by Ripple or its employees, agents, or personnel.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSE NO. 436

Admitted.

## REQUEST NO. 437

Admit that the statements and representations made in the document bearing bates numbers   SEC-LIT-EPROD-001110718-SEC-LIT-EPROD-001110724   were   truthful   and accurate as of October 19, 2017.

## RESPONSE NO. 437

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 437.

## REQUEST NO. 438

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110725-SEC-LIT-EPROD-001110731 is a true and accurate copy of a Q4 2017 XRP Markets Report that Ripple made available on its public website on approximately January 24, 2018.

## RESPONSE NO. 438

Admitted.

## REQUEST NO. 439

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110725-SEC-LIT-EPROD-001110731 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 439

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 440**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110725-SEC-LIT-EPROD-001110731 were truthful and accurate as of January 24, 2018.

**RESPONSE NO. 440**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 440.

**REQUEST NO. 441**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110732-SEC-LIT-EPROD-001110739 is a true and accurate copy of a Q1 2018 XRP Markets Report that Ripple made available on its public website on approximately April 25, 2018.

**RESPONSE NO. 441**

Admitted.

**REQUEST NO. 442**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110732-SEC-LIT-EPROD-001110739 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 442**

Admitted.

**REQUEST NO. 443**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110732-SEC-LIT-EPROD-001110739 were truthful and accurate as of April 25, 2018.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSE NO. 443

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 443.

## REQUEST NO. 444

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110740-SEC-LIT-EPROD-001110747 is a true and accurate copy of a Q2 2018 XRP Markets Report that Ripple made available on its public website on approximately July 24, 2018.

## RESPONSE NO. 444

Admitted.

## REQUEST NO. 445

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110740-SEC-LIT-EPROD-001110747 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 445

Admitted.

## REQUEST NO. 446

Admit that the statements and representations made in the document bearing bates numbers   SEC-LIT-EPROD-001110740-SEC-LIT-EPROD-001110747   were   truthful   and accurate as of July 24, 2018.

## RESPONSE NO. 446

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 446.

**REQUEST NO. 447**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110748-SEC-LIT-EPROD-001110754 is a true and accurate copy of a Q3 2018 XRP Markets Report that Ripple made available on its public website on approximately October 25, 2018.

**RESPONSE NO. 447**

Admitted.

**REQUEST NO. 448**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110748-SEC-LIT-EPROD-001110754 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 448**

Admitted.

**REQUEST NO. 449**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110748-SEC-LIT-EPROD-001110754 were truthful and accurate as of October 25, 2018.

**RESPONSE NO. 449**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 449.

**REQUEST NO. 450**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110755-SEC-LIT-EPROD-001110762 is a true and accurate copy of a Q4 2018 XRP Markets Report that Ripple made available on its public website on approximately January 24, 2019.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSE NO. 450

Admitted.

## REQUEST NO. 451

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110755-SEC-LIT-EPROD-001110762 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 451

Admitted.

## REQUEST NO. 452

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110755-SEC-LIT-EPROD-001110762 were truthful and accurate as of January 24, 2019.

## RESPONSE NO. 452

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 452.

## REQUEST NO. 453

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110763-SEC-LIT-EPROD-001110767 is a true and accurate copy of a Q1 2019 XRP Markets Report that Ripple made available on its public website on approximately April 24, 2019.

## RESPONSE NO. 453

Admitted.

## REQUEST NO. 454

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110763-SEC-LIT-EPROD-001110767 was prepared by Ripple or its employees, agents, or personnel.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 454**

Admitted.

**REQUEST NO. 455**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110763-SEC-LIT-EPROD-001110767 were truthful and accurate as of April 24, 2019.

**RESPONSE NO. 455**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 455.

**REQUEST NO. 456**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110768-SEC-LIT-EPROD-001110777 is a true and accurate copy of a Q2 2019 XRP Markets Report that Ripple made available on its public website on approximately July 24, 2019.

**RESPONSE NO. 456**

Admitted.

**REQUEST NO. 457**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110768-SEC-LIT-EPROD-001110777 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 457**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 458**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110768-SEC-LIT-EPROD-001110777 were truthful and accurate as of July 24, 2019.

**RESPONSE NO. 458**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 458.

**REQUEST NO. 459**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110778-SEC-LIT-EPROD-001110786 is a true and accurate copy of a Q3 2019 XRP Markets Report that Ripple made available on its public website in approximately October 18, 2019.

**RESPONSE NO. 459**

Admitted.

**REQUEST NO. 460**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110778-SEC-LIT-EPROD-001110786 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 460**

Admitted.

**REQUEST NO. 461**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110778-SEC-LIT-EPROD-001110786 were truthful and accurate as of October 18, 2019.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 461**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 461.

**REQUEST NO. 462**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110787-SEC-LIT-EPROD-001110794 is a true and accurate copy of a Q4 2019 XRP Markets Report that Ripple made available on its public website on approximately January 22, 2020.

**RESPONSE NO. 462**

Admitted.

**REQUEST NO. 463**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110787-SEC-LIT-EPROD-001110794 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 463**

Admitted.

**REQUEST NO. 464**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110787-SEC-LIT-EPROD-001110794 were truthful and accurate as of January 22, 2020.

**RESPONSE NO. 464**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 464.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 465**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110795-SEC-LIT-EPROD-001110802 is a true and accurate copy of a Q1 2020 XRP Markets Report that Ripple made available on its public website on approximately April 30, 2020.

**RESPONSE NO. 465**

Admitted.

**REQUEST NO. 466**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110795-SEC-LIT-EPROD-001110802 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 466**

Admitted.

**REQUEST NO. 467**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110795-SEC-LIT-EPROD-001110802 were truthful and accurate as of April 30, 2020.

**RESPONSE NO. 467**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 467.

**REQUEST NO. 468**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110803-SEC-LIT-EPROD-001110808 is a true and accurate copy of a Q2 2020 XRP Markets Report that Ripple made available on its public website on approximately August 3, 2020.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 468**

Admitted.

**REQUEST NO. 469**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110803-SEC-LIT-EPROD-001110808 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 469**

Admitted.

**REQUEST NO. 470**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110803-SEC-LIT-EPROD-001110808 were truthful and accurate as of August 3, 2020.

**RESPONSE NO. 470**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 470.

**REQUEST NO. 471**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110809-SEC-LIT-EPROD-001110818 is a true and accurate copy of a Q3 2020 XRP Markets Report that Ripple made available on its public website on approximately November 5, 2020.

**RESPONSE NO. 471**

Admitted.

**REQUEST NO. 472**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110809-SEC-LIT-EPROD-001110818 was prepared by Ripple or its employees, agents, or personnel.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSE NO. 472

Admitted.

## REQUEST NO. 473

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110809-SEC-LIT-EPROD-001110818 were truthful and accurate as of November 5, 2020.

## RESPONSE NO. 473

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 473.

## REQUEST NO. 474

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110819-SEC-LIT-EPROD-001110826 is a true and accurate copy of a Q4 2020 XRP Markets Report that Ripple made available on its public website on approximately February 5, 2021.

## RESPONSE NO. 474

Admitted.

## REQUEST NO. 475

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110819-SEC-LIT-EPROD-001110826 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 475

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 476**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110819-SEC-LIT-EPROD-001110826 were truthful and accurate as of February 5, 2021.

**RESPONSE NO. 476**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 476.

**REQUEST NO. 477**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110827-SEC-LIT-EPROD-001110833 is a true and accurate copy of a Q1 2021 XRP Markets Report that Ripple made available on its public website on approximately May 6, 2021.

**RESPONSE NO. 477**

Admitted.

**REQUEST NO. 478**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110827-SEC-LIT-EPROD-001110833 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 478**

Admitted.

**REQUEST NO. 479**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110827-SEC-LIT-EPROD-001110833 were truthful and accurate as of May 6, 2021.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 479**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 479.

**REQUEST NO. 480**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110666-SEC-LIT-EPROD-001110670 is a true and accurate copy of a document titled *Ripple to Place 55 Billion XRP in Escrow to Ensure Certainty of Total XRP Supply* that Ripple made available on its public website on approximately May 16, 2017.

**RESPONSE NO. 480**

Admitted.

**REQUEST NO. 481**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110666-SEC-LIT-EPROD-001110670 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 481**

Admitted.

**REQUEST NO. 482**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110666-SEC-LIT-EPROD-001110670 were truthful and accurate as of May 16, 2017.

**RESPONSE NO. 482**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 482.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 483**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110642-SEC-LIT-EPROD-001110645 is a true and accurate copy of a document titled *Ripple Escrows 55 Billion XRP for Supply Predictability* that Ripple made available on its public website on approximately December 7, 2017.

**RESPONSE NO. 483**

Admitted.

**REQUEST NO. 484**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110642-SEC-LIT-EPROD-001110645 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 484**

Admitted.

**REQUEST NO. 485**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110642-SEC-LIT-EPROD-001110645 were truthful and accurate as of December 7, 2017.

**RESPONSE NO. 485**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 485.

**REQUEST NO. 486**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110655-SEC-LIT-EPROD-001110665 is a true and accurate copy of a document titled *Ripple Labs 2014: A*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*Year in Review* that Ripple made available on its public website on approximately December 22, 2014.

## RESPONSE NO. 486

Admitted.

## REQUEST NO. 487

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110655-SEC-LIT-EPROD-001110665 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 487

Admitted.

## REQUEST NO. 488

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110655-SEC-LIT-EPROD-001110665 were truthful and accurate as of December 22, 2014.

## RESPONSE NO. 488

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 488.

## REQUEST NO. 489

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110625-SEC-LIT-EPROD-001110632 is a true and accurate copy of a document titled *Ripple Labs 2015: A Year in Review* that Ripple made available on its public website on approximately December 28, 2015.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 489**

Ripple admits that the document bearing bates numbers SEC-LIT-EPROD-001110625-SEC-LIT-EPROD-001110632 is a true and accurate copy of a document titled *Ripple 2015: A Year in Review* that Ripple made available on its public website on approximately December 28, 2015, and otherwise denies Request No. 489.

**REQUEST NO. 490**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110625-SEC-LIT-EPROD-001110632 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 490**

Admitted.

**REQUEST NO. 491**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110625-SEC-LIT-EPROD-001110632 were truthful and accurate as of December 28, 2015.

**RESPONSE NO. 491**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 491.

**REQUEST NO. 492**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110633-SEC-LIT-EPROD-001110637 is a true and accurate copy of a document titled *Ripple Labs 2016: A Year in Review* that Ripple made available on its public website on approximately December 28, 2016.

74

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 492**

Ripple admits that the document bearing bates numbers SEC-LIT-EPROD-001110633-SEC-LIT-EPROD-001110637 is a true and accurate copy of a document titled *Ripple 2016: A Year in Review* that Ripple made available on its public website on approximately December 28, 2016, and otherwise denies Request No. 492.

**REQUEST NO. 493**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110633-SEC-LIT-EPROD-001110637 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 493**

Admitted.

**REQUEST NO. 494**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110633-SEC-LIT-EPROD-001110637 were truthful and accurate as of December 28, 2016.

**RESPONSE NO. 494**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 494.

**REQUEST NO. 495**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110676-SEC-LIT-EPROD-001110681 is a true and accurate copy of a document titled *The Most Popular Ripple Insights Posts of 2017* that Ripple made available on its public website on approximately December 28, 2017.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 495**

Admitted.

**REQUEST NO. 496**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110676-SEC-LIT-EPROD-001110681 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 496**

Admitted.

**REQUEST NO. 497**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110676-SEC-LIT-EPROD-001110681 were truthful and accurate as of December 28, 2017.

**RESPONSE NO. 497**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 497.

**REQUEST NO. 498**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110695-SEC-LIT-EPROD-001110698 is a true and accurate copy of a document titled *XRP Liquidity to Deepen with Listings on Six New Exchanges* that Ripple made available on its public website on approximately May 18, 2017.

**RESPONSE NO. 498**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 499**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110695-SEC-LIT-EPROD-001110698 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 499**

Admitted.

**REQUEST NO. 500**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110695-SEC-LIT-EPROD-001110698 were truthful and accurate as of May 18, 2017.

**RESPONSE NO. 500**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 500.

**REQUEST NO. 501**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110691-SEC-LIT-EPROD-001110694 is a true and accurate copy of a document titled *XRP Now Available on 50 Exchanges Worldwide* that Ripple made available on its public website on approximately December 21, 2017.

**RESPONSE NO. 501**

Admitted.

**REQUEST NO. 502**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110691-SEC-LIT-EPROD-001110694 was prepared by Ripple or its employees, agents, or personnel.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 502**

Admitted.

**REQUEST NO. 503**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110691-SEC-LIT-EPROD-001110694 were truthful and accurate as of December 21, 2017.

**RESPONSE NO. 503**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 503.

**REQUEST NO. 504**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110616-SEC-LIT-EPROD-001110620 is a true and accurate copy of a document titled *How XRP Stacks Up Against Other Digital Assets* that Ripple made available on its public website on approximately December 11, 2017.

**RESPONSE NO. 504**

Admitted.

**REQUEST NO. 505**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110616-SEC-LIT-EPROD-001110620 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 505**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 506**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110616-SEC-LIT-EPROD-001110620 were truthful and accurate as of December 11, 2017.

**RESPONSE NO. 506**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 506.

**REQUEST NO. 507**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110671-SEC-LIT-EPROD-001110675 is a true and accurate copy of a document titled *RippleNet Grows to More Than 100 Financial Institutions* that Ripple made available on its public website on approximately October 10, 2017.

**RESPONSE NO. 507**

Admitted.

**REQUEST NO. 508**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110671-SEC-LIT-EPROD-001110675 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 508**

Admitted.

**REQUEST NO. 509**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110671-SEC-LIT-EPROD-001110675 were truthful and accurate as of October 10, 2017.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 509**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 509.

**REQUEST NO. 510**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110586-SEC-LIT-EPROD-001110591 is a true and accurate copy of a document titled *2018: The Year of Breakthroughs in Blockchain* that Ripple made available on its public website on approximately December 19, 2018.

**RESPONSE NO. 510**

Admitted.

**REQUEST NO. 511**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110586-SEC-LIT-EPROD-001110591 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 511**

Admitted.

**REQUEST NO. 512**

Admit that the statements and representations made in the document bearing bates numbers   SEC-LIT-EPROD-001110586-SEC-LIT-EPROD-001110591   were   truthful   and accurate as of December 19, 2018.

**RESPONSE NO. 512**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 512.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 513**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110646-SEC-LIT-EPROD-001110649 is a true and accurate copy of a document titled *Ripple Highlights Records Year, xRapid Now Commercially Available* that Ripple made available on its public website on approximately October 1, 2018.

**RESPONSE NO. 513**

Admitted.

**REQUEST NO. 514**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110646-SEC-LIT-EPROD-001110649 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 514**

Admitted.

**REQUEST NO. 515**

Admit that the statements and representations made in the document bearing bates numbers   SEC-LIT-EPROD-001110646-SEC-LIT-EPROD-001110649   were   truthful   and accurate as of October 1, 2018.

**RESPONSE NO. 515**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 515.

**REQUEST NO. 516**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110607-SEC-LIT-EPROD-001110610 is a true and accurate copy of a document titled *First Pilot Results for xRapid* that Ripple made available on its public website on approximately May 10, 2018.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSE NO. 516

Admitted.

## REQUEST NO. 517

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110607-SEC-LIT-EPROD-001110610 was prepared by Ripple or its employees, agents, or personnel.

## RESPONSE NO. 517

Admitted.

## REQUEST NO. 518

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110607-SEC-LIT-EPROD-001110610 were truthful and accurate as of May 10, 2018.

## RESPONSE NO. 518

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 518.

## REQUEST NO. 519

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110601-SEC-LIT-EPROD-001110606 is a true and accurate copy of a document titled *Democratizing Global Payments: xRapid's Cost Savings and Benefits* that Ripple made available on its public website on approximately June 14, 2018.

## RESPONSE NO. 519

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 520**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110601-SEC-LIT-EPROD-001110606 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 520**

Admitted.

**REQUEST NO. 521**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110601-SEC-LIT-EPROD-001110606 were truthful and accurate as of June 14, 2018.

**RESPONSE NO. 521**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 521.

**REQUEST NO. 522**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110650-SEC-LIT-EPROD-001110654 is a true and accurate copy of a document titled *Ripple Introduces the University Blockchain Research Initiative* that Ripple made available on its public website on approximately June 4, 2018.

**RESPONSE NO. 522**

Admitted.

**REQUEST NO. 523**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110650-SEC-LIT-EPROD-001110654 was prepared by Ripple or its employees, agents, or personnel.

83

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 523**

Admitted.

**REQUEST NO. 524**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110650-SEC-LIT-EPROD-001110654 were truthful and accurate as of June 4, 2018.

**RESPONSE NO. 524**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 524.

**REQUEST NO. 525**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110686-SEC-LIT-EPROD-001110690 is a true and accurate copy of a document titled *Welcome to Xpring* that Ripple made available on its public website on approximately May 14, 2018.

**RESPONSE NO. 525**

Admitted.

**REQUEST NO. 526**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110686-SEC-LIT-EPROD-001110690 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 526**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 527**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110686-SEC-LIT-EPROD-001110690 were truthful and accurate as of May 14, 2018.

**RESPONSE NO. 527**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 527.

**REQUEST NO. 528**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110682-SEC-LIT-EPROD-001110685 is a true and accurate copy of a document titled *Top Ripple Insights Posts of 2019* that Ripple made available on its public website on approximately December 31, 2019.

**RESPONSE NO. 528**

Admitted.

**REQUEST NO. 529**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110682-SEC-LIT-EPROD-001110685 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 529**

Admitted.

**REQUEST NO. 530**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110682-SEC-LIT-EPROD-001110685 were truthful and accurate as of December 31, 2019.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 530**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 530.

**REQUEST NO. 531**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110621-SEC-LIT-EPROD-001110624 is a true and accurate copy of a document titled *Our Open Letter to Congress* that Ripple made available on its public website on approximately July 29, 2019.

**RESPONSE NO. 531**

Admitted.

**REQUEST NO. 532**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110621-SEC-LIT-EPROD-001110624 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 532**

Admitted.

**REQUEST NO. 533**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110621-SEC-LIT-EPROD-001110624 were truthful and accurate as of July 29, 2019.

**RESPONSE NO. 533**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 533.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 534**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110592-SEC-LIT-EPROD-001110596 is a true and accurate copy of a document titled *Announcing the Next Chapter of Xpring, Ripple's Developer Platform* that Ripple made available on its public website on approximately October 2, 2019.

**RESPONSE NO. 534**

Admitted.

**REQUEST NO. 535**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110592-SEC-LIT-EPROD-001110596 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 535**

Admitted.

**REQUEST NO. 536**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110592-SEC-LIT-EPROD-001110596 were truthful and accurate as of October 2, 2019.

**RESPONSE NO. 536**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 536.

**REQUEST NO. 537**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110638-SEC-LIT-EPROD-001110641 is a true and accurate copy of a document titled *Ripple Announces*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*Strategic Partnership with Money Transfer Giant, MoneyGram* that Ripple made available on its public website on approximately June 17, 2019.

**RESPONSE NO. 537**

Admitted.

**REQUEST NO. 538**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110638-SEC-LIT-EPROD-001110641 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 538**

Admitted.

**REQUEST NO. 539**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110638-SEC-LIT-EPROD-001110641 were truthful and accurate as of June 17, 2019.

**RESPONSE NO. 539**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 539.

**REQUEST NO. 540**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110611-SEC-LIT-EPROD-001110615 is a true and accurate copy of a document titled *How We Are Further Decentralizing the XRP Ledger to Bolster Robustness for Enterprise Use* that Ripple made available on its public website on approximately May 11, 2017.

**RESPONSE NO. 540**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 541**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110611-SEC-LIT-EPROD-001110615 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 541**

Admitted.

**REQUEST NO. 542**

Admit that the statements and representations made in the document bearing bates numbers   SEC-LIT-EPROD-001110611-SEC-LIT-EPROD-001110615   were   truthful   and accurate as of May 11, 2017.

**RESPONSE NO. 542**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 542.

**REQUEST NO. 543**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110597-SEC-LIT-EPROD-001110600 is a true and accurate copy of a document titled *Continued Decentralization & the XRP Ledger Consensus Protocol* that Ripple made available on its public website on approximately February 21, 2018.

**RESPONSE NO. 543**

Admitted.

**REQUEST NO. 544**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001110597-SEC-LIT-EPROD-001110600 was prepared by Ripple or its employees, agents, or personnel.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 544**

Admitted.

**REQUEST NO. 545**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001110597-SEC-LIT-EPROD-001110600 were truthful and accurate as of February 21, 2018.

**RESPONSE NO. 545**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 545.

**REQUEST NO. 546**

Admit that the document bearing bates numbers RPLI_SEC 0090938-RPLI_SEC 0090962 is a true and accurate copy of Ripple's Consolidated Financial Statements for the years ending December 31, 2014 and 2013.

**RESPONSE NO. 546**

Admitted.

**REQUEST NO. 547**

Admit that the document bearing bates numbers RPLI_SEC 0090938-RPLI_SEC 0090962 accurately reflects Ripple's financial position, and the results of Ripple's operations and cash flows, for the years ending December 31, 2014 and 2013.

**RESPONSE NO. 547**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 547.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 548**

Admit that the document bearing bates numbers RPLI_SEC 0426161-RPLI_SEC 0426187 is a true and accurate copy of Ripple's Consolidated Financial Statements for the years ending December 31, 2015 and 2014.

**RESPONSE NO. 548**

Admitted.

**REQUEST NO. 549**

Admit that the document bearing bates numbers RPLI_SEC 0426161-RPLI_SEC 0426187 accurately reflects Ripple's financial position, and the results of Ripple's operations and cash flows, for the years ending December 31, 2015 and 2014.

**RESPONSE NO. 549**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 549.

**REQUEST NO. 550**

Admit that the document bearing bates numbers NY-9875_T_00017816- NY-9875_T_00017854 is a true and accurate copy of Ripple's Consolidated Financial Statements for the years ending December 31, 2017 and 2016.

**RESPONSE NO. 550**

Admitted.

**REQUEST NO. 551**

Admit that the document bearing bates numbers NY-9875_T_00017816- NY-9875_T_00017854 accurately reflects Ripple's financial position, and the results of Ripple's operations and cash flows, for the years ending December 31, 2017 and 2016.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 551**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 551.

**REQUEST NO. 552**

Admit that the document bearing bates numbers RPLI_SEC_0267872-RPLI_SEC_0267911 is a true and accurate copy of Ripple's Consolidated Financial Statements for the years ending December 31, 2018 and 2017.

**RESPONSE NO. 552**

Admitted.

**REQUEST NO. 553**

Admit that the document bearing bates numbers 0267872-RPLI_SEC 0267911 accurately reflects Ripple's financial position, and the results of Ripple's operations and cash flows, for the years ending December 31, 2018 and 2017.

**RESPONSE NO. 553**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 553.

**REQUEST NO. 554**

Admit that the document bearing bates numbers RPLI_SEC_0301113-RPLI_SEC_0301160 is a true and accurate copy of Ripple's Consolidated Financial Statements for the years ending December 31, 2019 and 2018 (as restated).

**RESPONSE NO. 554**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 555**

Admit that the document bearing bates numbers RPLI_SEC_0301113-RPLI_SEC_0301160 accurately reflects Ripple's financial position, and the results of Ripple's operations and cash flows, for the years ending December 31, 2019 and 2018.

**RESPONSE NO. 555**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 555.

**REQUEST NO. 556**

Admit that the document bearing bates numbers RPLI_SEC_0301111-RPLI_SEC_0301112 is a true and accurate copy of Ripple's Draft Consolidated Balance Sheets and Statements of Operations for the quarters ending March 31 and June 30, 2020.

**RESPONSE NO. 556**

Admitted.

**REQUEST NO. 557**

Admit that the document bearing bates numbers RPLI_SEC_0301111-RPLI_SEC_0301112 accurately reflects Ripple's financial position for the quarters ending March 31 and June 30, 2020.

**RESPONSE NO. 557**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared. Ripple otherwise denies Request No. 557.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 558**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111019-SEC-LIT-EPROD-001111023 is a true and accurate copy of a document titled *RippleNet Growth: Announcing More Than 300 Customers* that Ripple made available on its public website on approximately November 6, 2019.

**RESPONSE NO. 558**

Admitted.

**REQUEST NO. 559**

Admit that the document bearing bates numbers SEC-LIT-EPROD-001111019-SEC-LIT-EPROD-001111023 was prepared by Ripple or its employees, agents, or personnel.

**RESPONSE NO. 559**

Admitted.

**REQUEST NO. 560**

Admit that the statements and representations made in the document bearing bates numbers SEC-LIT-EPROD-001111019-SEC-LIT-EPROD-001111023 were truthful and accurate as of November 6, 2019.

**RESPONSE NO. 560**

Ripple admits that the statements and representations in the document referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the document was prepared.  Ripple otherwise denies Request No. 560.

**REQUEST NO. 561**

Admit that, during the Relevant Period, Ripple sought to affect or manage the impact of Ripple's Programmatic Sales on XRP's price.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 561**

Ripple objects to Request No. 561 on the grounds that it is vague and ambiguous because it does not define or explain the terms "affect" or "manage," and because it does not explain or define the term "price of XRP," which could refer to a number of fiat trading pairs. Ripple further objects to Request No. 561 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits that it sought to prevent Ripple's activities from negatively impacting the price of XRP, and otherwise denies Request No. 561.

**REQUEST NO. 562**

Admit that, during the Relevant Period, Ripple sought to affect or manage the impact of Ripple's Programmatic Sales on XRP's trading volume.

**RESPONSE NO. 562**

Ripple objects to Request No. 562 on the grounds that it is vague and ambiguous because it does not define or explain the terms "affect" or "manage," and because it does not explain or define the term "XRP's trading volume," which could refer to a number of fiat trading pairs. Ripple further objects to Request No. 562 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits that it sought to prevent Ripple's activities from negatively impacting the price of XRP, and otherwise denies Request No. 562.

**REQUEST NO. 563**

Admit that, during the Relevant Period, Ripple sought to affect or manage the impact of Ripple's Programmatic Sales on XRP's liquidity.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 563**

Ripple objects to Request No. 563 on the grounds that it is vague and ambiguous because it does not define or explain the terms "affect," "manage," or "liquidity." Ripple further objects to Request No. 563 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits that it sought to prevent Ripple's activities from negatively impacting the liquidity of XRP, and otherwise denies Request No. 563.

**REQUEST NO. 564**

Admit that, during the Relevant Period, Ripple provided certain of its executives and employees compensation and bonuses paid in XRP.

**RESPONSE NO. 564**

Ripple objects to Request No. 564 on the grounds that it fails to comply with Rule 36(a)(2), which requires that "[e]ach matter must be separately stated." Ripple further objects to Request No. 564 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 564.

**REQUEST NO. 565**

Admit that, during the Relevant period, Ripple typically placed no restrictions on the identity of any persons to whom third parties that received XRP through xPring could sell XRP.

**RESPONSE NO. 565**

Ripple objects to Request No. 565 on the grounds that it is vague and ambiguous because it does not explain or define the term "restrictions" and does not specify to which "persons" or

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

"third parties" it refers. Ripple further objects to Request No. 565 on the grounds that it requests information regarding "any persons" and "third parties" that is overbroad and imposes an undue burden on Ripple that is not proportional to the needs of the case. Ripple further objects to Request No. 565 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 565.

**REQUEST NO. 566**

Admit that Ripple instructed GSR Markets Ltd. to make purchases of XRP on digital asset trading platforms in 2020.

**RESPONSE NO. 566**

Admitted.

**REQUEST NO. 567**

Admit that, from April 2019 through November 2019, Ripple wired over $    million to

       from Ripple's        account ending in the number

**RESPONSE NO. 567**

Admitted.

**REQUEST NO. 568**

Admit that the   million referenced in the previous Request for Admission was sent in connection with certain market making activities      performed on behalf of Ripple in connection with ODL.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 568**

Ripple objects to Request No. 568 on the grounds that it is vague and ambiguous because it does not define or explain what "certain market making activities" are. Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 568.

**REQUEST NO. 569**



Admit that from July 2020 through November 2020, Ripple wired over ███ million to ████████████ from Ripple's ██████████████ account ending in the number ███

**RESPONSE NO. 569**

Admitted.

**REQUEST NO. 570**

Admit that Ripple wired the ███ million referenced in the previous Request for Admission with the intention that ████████████████ purchase XRP on digital asset trading platforms.

**RESPONSE NO. 570**

Ripple objects to Request No. 570 on the grounds that it is vague and ambiguous because it does not define or explain the phrase "with the intention." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 570.

**REQUEST NO. 571**

Admit that ████████████ was one of the Market Makers that Ripple engaged for Ripple's Programmatic Sales.

**RESPONSE NO. 571**

Ripple objects to Request No. 571 on the grounds that it is vague and ambiguous because it does not explain or define the parameters or characteristics of the term "engaged," and because it does not define the entity ███████████████ which might refer to a number of entities.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple further objects to Request No. 571 on the grounds that it is not limited temporally.

Subject to and without waiving the foregoing general and specific objections, Ripple admits that

Ripple engaged ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to sell XRP programmatically on

Ripple's behalf, and otherwise denies Request No. 571.

### REQUEST NO. 572

Admit that ▮▮▮▮▮▮▮▮ was one of the Market Makers that Ripple engaged for

Ripple's Programmatic Sales.

### RESPONSE NO. 572

Ripple objects to Request No. 572 on the grounds that it is vague and ambiguous because

it does not explain or define the parameters or characteristics of the term "engaged," and because

it does not define the entity ▮▮▮▮▮▮▮▮▮ which might refer to a number of entities. Ripple

further objects to Request No. 572 on the grounds that it is not limited temporally. Subject to

and without waiving the foregoing general and specific objections, Ripple admits that Ripple

engaged ▮▮▮▮▮▮▮▮▮ to sell XRP programmatically on Ripple's behalf, and otherwise

denies Request No. 572.

### REQUEST NO. 573

Admit that, during the Relevant Period, Ripple provided XRP to Market Makers for sale

on digital asset trading platforms.

### RESPONSE NO. 573

Ripple objects to Request No. 573 on the grounds that the phrase "during the Relevant

Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the

Relevant Period." Subject to and without waiving the foregoing general and specific objections,

Ripple admits Request No. 573.

99

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 574**

Admit that, during the Relevant Period, Ripple leased XRP to Market Makers.

**RESPONSE NO. 574**

Ripple objects to Request No. 574 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 574.

**REQUEST NO. 575**

Admit that, during the Relevant Period, Ripple intended that the XRP leased to Market Makers would be sold on digital asset trading platforms.

**RESPONSE NO. 575**

Ripple objects to Request No. 575 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 575.

**REQUEST NO. 576**

Admit that, during the Relevant Period, Ripple provided loans denominated in fiat currency to Market Makers.

**RESPONSE NO. 576**

Ripple objects to Request No. 576 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 576.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 577**

Admit that, during the Relevant Period, proceeds from the loans denominated in fiat currency Ripple provided to Market Makers were used by the Market Makers in connection with market making activities for ODL.

**RESPONSE NO. 577**

Ripple objects to Request No. 577 to the extent it refers to the activities of third parties and accordingly calls for information outside of Ripple's possession, custody, or control. Ripple further objects to Request No. 577 on the grounds that it is vague and ambiguous because it fails to explain or define the parameters of the phrase "in connection with market making activities for ODL." Ripple further objects to Request No. 577 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 577 as phrased.

**REQUEST NO. 578**

Admit that, during the Relevant Period, Ripple provided XRP to Market Makers for sale on digital asset trading platforms and provided these Market Makers with sales targets as a percentage of market volume.

**RESPONSE NO. 578**

Ripple objects to Request No. 578 on the grounds that it includes multiple requests and fails to comply with Rule 36(a)(2), which requires that "[e]ach matter must be separately stated." Ripple further objects to Request No. 578 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections,

101

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple incorporates its response to Request No. 573 and further admits that Ripple discussed sales targets as a percentage of market volume with certain Market Makers, and otherwise denies Request No. 578.

**REQUEST NO. 579**

Admit that following a June 14, 2018 speech by former Director William Hinman, Ripple requested to the SEC that the SEC issue public guidance that XRP is not a security.

**RESPONSE NO. 579**

Ripple objects to Request No. 579 on the grounds that it is overbroad and imposes an undue burden on Ripple that is not proportional to the needs of the case because it seeks information that is already in the SEC's possession, custody or control and that is more readily attainable from the SEC. Ripple further objects to Request No. 579 to the extent it relates to information that is not admissible pursuant to applicable Federal Rules of Evidence, including FRE 408. Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 579.

**REQUEST NO. 580**

Admit that following the speech referenced in the preceding Request for Admission, Ripple requested that the SEC issue public guidance that XRP is not a security and the SEC declined to provide such guidance.

**RESPONSE NO. 580**

Ripple objects to Request No. 580 on the grounds that it fails to comply with Rule 36(a)(2), which requires that "[e]ach matter must be separately stated." Ripple further objects to Request No. 580 on the grounds that it is overbroad and imposes an undue burden on Ripple that is not proportional to the needs of the case because it seeks information that is already in the SEC's possession, custody or control and that is more readily attainable from the SEC. Ripple

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

further objects to Request No. 580 to the extent it relates to information that is not admissible pursuant to applicable Federal Rules of Evidence, including FRE 408. Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 580.

**REQUEST NO. 581**

Admit that Ripple agreed to stop Programmatic Sales in October 2019 pursuant to a request from the SEC.

**RESPONSE NO. 581**

Denied.

**REQUEST NO. 582**

Admit that Ripple agreed to stop OTC Sales in October 2019 pursuant to a request from the SEC with the exception of OTC Sales to ▆▆▆▆▆▆▆▆▆

**RESPONSE NO. 582**

Denied.

**REQUEST NO. 583**

Admit that neither xCurrent nor xVia require the use of XRP, the XRP Ledger, or any other blockchain technology.

**RESPONSE NO. 583**

Ripple objects to Request No. 583 on the grounds that it fails to comply with Rule 36(a)(2), which requires that "[e]ach matter must be separately stated." Ripple further objects to Request No. 583 on the grounds that its reference to "any other blockchain technology" is vague, ambiguous, and overbroad. Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 583.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 584**

Admit that, during the Relevant Period, Ripple offered to pay certain digital asset trading platforms XRP and/or cash incentives in exchange for the platform making XRP available for trading to the platform's customers.

**RESPONSE NO. 584**

Ripple objects to Request No. 584 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 584.

**REQUEST NO. 585**

Admit that, during the Relevant Period, Ripple offered to pay certain digital asset trading platforms XRP and/or cash incentives in exchange for the platform making XRP available for trading to the platform's customers.

**RESPONSE NO. 585**

Ripple incorporates by reference its response to Request No. 584, which seeks admission of an identical statement.

**REQUEST NO. 586**

Admit that, during the Relevant Period, Ripple engaged in OTC Sales with third parties pursuant to either a Master Purchase Agreement, Master Commit to Sell Agreement, or a Loan to Purchase Agreement.

**RESPONSE NO. 586**

Ripple objects to Request No. 586 on the grounds that it references "third parties" and multiple agreements, and therefore fails to comply with Rule 36(a)(2), which requires that "[e]ach matter must be separately stated." Ripple further objects to this request as vague and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

ambiguous because it refers to a "Master Purchase Agreement," "Master Commit to Sell Agreement," and "Loan to Purchase Agreement" without particularity or further elaboration. Ripple further objects to Request No. 586 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 586.

**REQUEST NO. 587**

Admit that xRapid is the former name for ODL.

**RESPONSE NO. 587**

Admitted.

**REQUEST NO. 588**

Admit that, during the Relevant Period, ODL total trade volume constituted less than 2% of overall XRP trading volume.

**RESPONSE NO. 588**

Ripple objects to Request No. 588 on the grounds that the information needed to respond to this Request regarding "overall XRP trading volume" is not within Ripple's possession, custody, or control. Ripple further objects to Request No. 588 on the grounds that it is vague and ambiguous because it does not specify the method of computation for the requested metric of "overall XRP trading volume" either with particularity or "during the Relevant Period," and further does not explain or define the term "ODL total trade volume." Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 588 as phrased, because it does not possess information sufficient to establish "overall XRP trade volume" as called for by the Request.

**REQUEST NO. 589**

Admit that, from October 2018 through July 2020, ODL volume minus volume created by Ripple's agreement with          accounted for less than 0.2% of XRP's overall trading volume.

**RESPONSE NO. 589**

Ripple objects to Request No. 589 on the grounds that the information needed to respond to this Request regarding "XRP's overall trading volume" is not within Ripple's possession, custody, or control. Ripple further objects to Request No. 589 on the grounds that it is vague and ambiguous because it does not specify the method of computation for the requested metric of "XRP's overall trading volume" either with particularity or "from October 2018 through July 2020," and further does not explain or define the term "ODL volume" or "volume created by Ripple's agreement with          Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 589 as phrased, because it does not possess information sufficient to establish "XRP's overall trading volume" as called for by the Request.

**REQUEST NO. 590**

Admit that prior, to Q2 2020, ODL total trade volume constituted less than 0.8% of XRP's overall trading volume.

**RESPONSE NO. 590**

Ripple objects to Request No. 590 on the grounds that the information needed to respond to this Request regarding "XRP's overall trading volume" is not within Ripple's possession, custody, or control. Ripple further objects to Request No. 590 on the grounds that it is vague and ambiguous because it does not specify the method of computation for the requested metric of "XRP's overall trading volume" either with particularity or during Q2 2020, and further does not

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

explain or define the term "ODL total trade volume." Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 590 as phrased, because it does not possess information sufficient to establish "XRP's overall trading volume" as called for by the Request.

**REQUEST NO. 591**

Admit that, during the Relevant Period, Ripple did not publicly disclose ODL total trade volume.

**RESPONSE NO. 591**

Ripple objects to Request No. 591 on the grounds that it is vague and ambiguous because it does not explain or define the term "ODL total trade volume." Ripple further objects to Request No. 591 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 591.

**REQUEST NO. 592**

Admit that, during the Relevant Period, Ripple did not publicly disclose payments by Ripple to ODL customers related to their participation on the ODL platform.

**RESPONSE NO. 592**

Ripple objects to Request No. 592 on the grounds that it is vague and ambiguous because it does not explain or define the term "publicly disclose" or "payments." Ripple further objects to Request No. 592 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 592.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 593**

Admit that in January 2020, at least 75% of the liquidity for ODL in the MXN-XRP corridor was facilitated by ███████████

**RESPONSE NO. 593**

Ripple objects to Request No. 593 on the grounds that it is vague and ambiguous because it does not explain or define what it means to "facilitate" a percentage "of the liquidity for ODL," and further does not explain or define what it means to do so "in the MXN-XRP corridor." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 593.

**REQUEST NO. 594**

Admit that, during the Relevant Period, Ripple contracted with market makers to convert USD into currencies such as PHP, MXN, and BRL and to deliver these fiat currencies to various digital asset exchanges using traditional payment mechanisms (including but not limited to the SWIFT system) in connection with its ODL product.

**RESPONSE NO. 594**

Ripple objects to Request No. 594 on the grounds that it fails to comply with Rule 36(a)(2), which requires that "[e]ach matter must be separately stated," because it references contracts with multiple "market makers" and their conversion of multiple "currencies" to be delivered to "various digital asset exchanges." Ripple further objects to Request No. 594 to the extent that it is not limited temporally. Ripple further objects to Request No. 594 on the grounds that it is vague and ambiguous because it does not identify specific "market makers" or "digital asset exchanges," and does not explain or define the phrases "using traditional payment mechanisms" and "in connection with its ODL product." Ripple further objects to Request No. 594 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 594.

**REQUEST NO. 595**

Admit that, during the Relevant Period, Ripple paid certain Market Makers approximately 150 basis points ("bps") on any ODL-related XRP volume facilitated by that Market Maker.

**RESPONSE NO. 595**

Ripple objects to Request No. 595 on the grounds that its reference to "certain" Market Makers is both vague and ambiguous and fails to comply with Rule 36(a)(2), which requires that "[e]ach matter must be separately stated." Ripple further objects to Request No. 595 on the grounds that it is vague and ambiguous because it does not explain or define the parameters of the term "approximately," and further because it does not specify the method of computation or duration for payment "during the Relevant Period." Ripple further objects to Request No. 595 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits that it paid certain Market Makers 150 basis points on certain ODL volume they facilitated at certain times during the Relevant Period, and otherwise denies Request No. 595.

**REQUEST NO. 596**

Admit that, during the Relevant Period, Ripple paid certain of its ODL customers approximately 75 bps to cover any trade fees and spreads on ODL related XRP trades.

**RESPONSE NO. 596**

Ripple objects to Request No. 596 on the grounds that it is vague and ambiguous because it does not explain or define "certain" ODL customers with specificity or the parameters of the

term "approximately," and further because it does not specify the method of computation or duration for payment "during the Relevant Period." Ripple further objects to Request No. 596 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits that it paid certain ODL customers 75 basis points to cover certain trading fees and spreads incurred during certain ODL transactions, and otherwise denies Request No. 596.

### REQUEST NO. 597

Admit that, during the Relevant Period, Ripple incurred costs of approximately 2% in connection with any ODL XRP related transaction.

### RESPONSE NO. 597

Ripple objects to Request No. 597 on the grounds that it is vague and ambiguous because it does not explain or define the parameters of the phrase "in connection with any ODL XRP related transaction." Ripple further objects to Request No. 597 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 597.

### REQUEST NO. 598

Admit that ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ s a Japanese digital asset trading platform.

### RESPONSE NO. 598

Denied.

### REQUEST NO. 599

Admit that, during the Relevant Period, Ripple leased XRP to third parties that sold XRP in OTC sales.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 599**

Ripple objects to Request No. 599 on the grounds that it is vague and ambiguous because it does not identify or explain "third parties that sold XRP in OTC sales" with particularity. Ripple further objects to Request No. 599 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 599.

**REQUEST NO. 600**

Admit that, during the Relevant Period, Ripple leased XRP to OTC sales trading desks with the understanding that the XRP would be sold to customers of certain OTC sales trading desks.

**RESPONSE NO. 600**

Ripple objects to Request No. 600 on the grounds that it is vague and ambiguous because it does not identify or explain "OTC sales trading desks," "certain OTC sales trading desks," or "customers of certain OTC sales trading desks" with particularity. Ripple further objects to Request No. 600 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 600.

**REQUEST NO. 601**

Admit that, during the Relevant Period, Ripple leased XRP to

111

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 601**

Ripple objects to Request No. 601 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 601.

**REQUEST NO. 602**

Admit that Ripple, during the Relevant Period, leased XRP to

with the understanding that the leased XRP would be sold to

customers.

**RESPONSE NO. 602**

Ripple objects to Request No. 602 as improper because it seeks to obtain information about Ripple's "understanding" in lieu of other, more appropriate discovery devices and because it lacks foundation. Ripple further objects to Request No. 602 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 602.

**REQUEST NO. 603**

Admit that, during the Relevant Period, Ripple leased XRP to

**RESPONSE NO. 603**

Ripple objects to Request No. 603 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 603.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 604**

Admit that, during the Relevant Period, Ripple leased XRP to  with the understanding that the leased XRP would be sold to customers.

**RESPONSE NO. 604**

Ripple objects to Request No. 604 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 604.

**REQUEST NO. 605**

Admit that, during the Relevant Period, Ripple maintained the email address xrpcontact@ripple.com.

**RESPONSE NO. 605**

Ripple objects to Request No. 605 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 605.

**REQUEST NO. 606**

Admit that, during the Relevant Period, Ripple maintained the email address xrpcontact@ripple.com in which Ripple received inquiries on how to buy XRP for investment.

**RESPONSE NO. 606**

Ripple objects to Request No. 606 on the grounds that it fails to comply with Rule 36(a)(2), which requires that "[e]ach matter must be separately stated." Ripple further objects to Request No. 606 on the grounds that it is vague and ambiguous because it does not explain or

113

define the phrase "inquiries on how to buy XRP for investment." Ripple further objects to Request No. 606 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waiving the foregoing general and specific objections, Ripple admits that, at certain times during the Relevant Period, it maintained the email address xrpcontact@ripple.com, and otherwise denies Request No. 606.

**REQUEST NO. 607**

Admit that, during the Relevant Period, Ripple maintained the website https://ripple.com/xrp/buy-xrp/.

**RESPONSE NO. 607**

Ripple objects to Request No. 607 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waving the foregoing general and specific objections, Ripple admits Request No. 607.

**REQUEST NO. 608**

Admit that, during the Relevant Period, Ripple published on the website https://ripple.com/xrp/buy-xrp/ a list of digital asset trading platforms where XRP could be bought, sold, and traded by individuals, including platforms in the United States.

**RESPONSE NO. 608**

Ripple objects to Request No. 608 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waving the foregoing general and specific objections, Ripple admits Request No. 608.

**REQUEST NO. 609**

Admit that, during the Relevant Period, Ripple maintained the website https://xrpcharts.ripple.com/#/xrp-markets.

**RESPONSE NO. 609**

Ripple objects to Request No. 609 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waving the foregoing general and specific objections, Ripple admits Request No. 609.

**REQUEST NO. 610**

Admit that, during the Relevant Period, Ripple published on the website https://xrpcharts.ripple.com/#/xrp-markets the top trading markets for XRP.

**RESPONSE NO. 610**

Ripple objects to Request No. 610 on the grounds that it is vague and ambiguous because it does not explain or define the phrase "top trading markets for XRP." Ripple further objects to Request No. 610 on the grounds that the phrase "during the Relevant Period" is vague or ambiguous; Ripple interprets that phrase to mean "at any time during the Relevant Period." Subject to and without waving the foregoing general and specific objections, Ripple denies Request No. 610.

**REQUEST NO. 611**

Admit that the document bearing the bates numbers RPLI_SEC 0069920 — 23 is a true and correct copy of an agreement between Ripple and                              dated July 11, 2018.

**RESPONSE NO. 611**

Admitted.

115

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 612**

Admit that the document bearing the bates numbers RPLI_SEC 0069924 — 36 is a true and correct copy of an agreement between Ripple and ated June 4, 2018.

**RESPONSE NO. 612**

Admitted.

**REQUEST NO. 613**

Admit that the document bearing the bates numbers RPLI_SEC 0069937 — 48 is a true and correct copy of an agreement between Ripple and ated July 28, 2018.

**RESPONSE NO. 613**

Denied.

*(Continued on next page)*

116

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Dated: New York, New York
      July 20, 2021

DEBEVOISE & PLIMPTON LLP

By: _____

Mary Jo White
Andrew J. Ceresney
Lisa Zornberg
(lzornberg@debevoise.com)
Christopher S. Ford
Joy Guo

919 Third Avenue
New York, NY 10022
212-909-6000

KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC

Michael K. Kellogg
Reid M. Figel

Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
202-326-7900

*Attorneys for Defendant Ripple Labs, Inc.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## **CERTIFICATE OF SERVICE**

I, Christopher S. Ford, hereby certify that on July 20, 2021, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to Plaintiff's Second Set of Requests for Admission by electronic mail upon the following:

Dated: July 20, 2021

Jorge G. Tenreiro
Richard Best
Daphna Waxman
Jon Daniels
Ladan Stewart
Robert Moye
Benjamin Hanauer
Mark Sylvester
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-9145
*Attorneys for Plaintiff Securities and*
*Exchange Commission*

Matthew C. Solomon
Alexander J. Janghorbani
Nowell D. Bamberger
Samuel Levander
Lucas Hakkenberg
Nicole Tatz
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1680
*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
Meredith R. Dearborn
Robin Linsenmayer
Kristina A. Bunting
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
*Attorneys for Defendant Christian*
*A. Larsen*

/s/ Christopher S. Ford
Christopher S. Ford

118