# PX 94

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | No. 20 CV 10832 (AT) (SN) |
| RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN, | |
| Defendants. | |

## RESPONSES AND OBJECTIONS OF DEFENDANT RIPPLE LABS INC. TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Ripple Labs Inc.

("Ripple"), by its undersigned attorneys, hereby responds and objects to Plaintiff Securities and

Exchange Commission's ("SEC's") Fifth Set of Requests for Admission to Defendant Ripple

Labs Inc. (the "Requests"), dated September 1, 2021.   These responses are based on the

information currently available to Ripple.   Ripple reserves the right to amend, supplement or

modify its responses and objections at any time in the event that it obtains additional or different

information.

## GENERAL OBJECTIONS

All of the General Objections set forth herein apply to and are incorporated into each of

the specific responses to the Requests set forth below and have the same force and effect as if

fully set forth therein, whether or not expressly incorporated by reference in such specific

responses.   Without waiving any of these General Objections to the extent they apply to each of

the Requests, Ripple may specifically refer to certain General Objections in responding to certain

Requests.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple objects to the SEC's Requests and the Instructions and Definitions ("Definitions") to the extent they purport to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York.

Ripple objects to each Request to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure.  Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.

Ripple objects to each Request and Definition to the extent that it is oppressive, unduly burdensome, overly broad, or disproportionate to the needs of the case.

Ripple objects to each Request and Definition to the extent it is vague, ambiguous, otherwise incomprehensible, and/or not reasonably particular.

Ripple objects to each Request and Definition to the extent it seeks information that is not relevant to the claims or defenses of any party, or not reasonably calculated to lead to the discovery of admissible evidence.

Ripple objects to each Request and Definition to the extent it is cumulative or duplicative.

Unless otherwise expressly stated, no Response shall be deemed as an admission.  Rather if there does not appear to be a specific Response to a Request for Admission, the Response is denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple objects to each Request and Definition to the extent it purports to call for information that is already in the SEC's custody, possession or control, readily available to the SEC, or is attainable by the SEC from public sources.

Ripple objects to each Request to the extent that it seeks proprietary, confidential or sensitive business information of Ripple or other individuals or entities who have entrusted confidential information to Ripple, on the grounds that such production would intrude and interfere with the confidential affairs of Ripple and others.  Ripple will provide responsive proprietary, confidential or sensitive business information and trade secrets only in accordance with the protective order entered by the Court.

Ripple objects to the Requests, individually and collectively, on the basis that the SEC's discovery requests, taken as a whole, are excessive, burdensome, and disproportionate to the legitimate needs of the case.

Ripple does not concede the relevance, materiality, or admissibility of any information sought in these Requests.  Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose, or any other ground to the use of any documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

Ripple's Responses and Objections to the Requests do not constitute, and shall not be interpreted as, Ripple's agreement or admission as to the truth or accuracy of any legal or factual characterization or allegation stated or implied in any of the Requests.

Ripple's failure to object to the Requests on a particular ground or grounds shall not be construed as a waiver of the right to object on any additional grounds.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple specifically reserves the right to amend, supplement, or modify its responses and objections at any time in the event that it obtains additional or different information.

**OBJECTIONS TO DEFINITIONS**

Each individual response is made subject to, and without waiver of, the following Objections to Definitions:

1.    Ripple objects to the SEC's Definitions to the extent they call for information, or purport to impose obligations, beyond what is required by the Federal Rules of Civil Procedure, including but not limited to the requirement of proportionality, or where they purport to seek information that is subject to a claim of privilege.

2.    Ripple objects to the SEC's definitions of "Defendants," "you," "your," and "Ripple" as overly broad and unduly burdensome to the extent they include any persons or entities other than Ripple and to the extent they call for Ripple to provide information on behalf of entities or individuals, including former employees and affiliates that are not within its control.  Subject to these objections, Ripple will interpret these terms to include only information in the custody and control of Ripple Labs Inc., its predecessors, and its wholly-owned subsidiaries.

3.    Ripple objects to the SEC's definition of "Relevant Period" as overly broad, unduly burdensome, and irrelevant to the extent that it calls for Ripple to provide information from after the commencement of this action on December 22, 2020.  Ripple further objects to the SEC's definition of "Relevant Period" as overly broad and unduly burdensome to the extent it seeks to require Ripple Labs Inc. to respond regarding a time period prior to its existence. Subject to these objections, Ripple will respond to Requests using the term "Relevant Period" based on information up to but no later than December 22, 2020.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSES AND OBJECTIONS

**REQUEST NO. 652**

Admit that Ripple received a request for the voluntary production of documents from the Enforcement Division of the Securities and Exchange Commission on April 24, 2018.

**RESPONSE NO. 652**

Admitted.

**REQUEST NO. 653**

Admit that by no later than April 24, 2018, Ripple was aware that the SEC was investigating, among other things, the application of the securities laws to past and ongoing offers, purchases, or sales of XRP (the "Investigation").

**RESPONSE NO. 653**

Ripple admits that, as of April 24, 2018, certain employees at Ripple were aware that the SEC had requested certain documents and information from Ripple. Ripple otherwise denies Request No. 653.

**REQUEST NO. 654**

Admit that Ripple distributed a legal hold notice to its employees, requiring the preservation of documents as a result of the Investigation ("Legal Hold Notice").

**RESPONSE NO. 654**

Ripple admits that a legal hold notice was distributed to certain employees on April 16, 2018 in connection with the SEC's preservation letter dated April 13, 2018, and otherwise denies Request No. 654.

**REQUEST NO. 655**

Admit that Ripple distributed the Legal Hold Notice no later than April 24, 2018.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 655**

Admitted.

**REQUEST NO. 656**

Admit that by no later than April 24, 2018, Garlinghouse was aware of the Investigation.

**RESPONSE NO. 656**

Ripple objects to Request No. 656 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege. Ripple admits that Mr. Garlinghouse became aware of the SEC's preservation letter dated April 13, 2018 around that date, and became aware of the request for documents and information dated April 24, 2018 around that date, and otherwise denies Request No. 656.

**REQUEST NO. 657**

Admit that by no later than April 24, 2018, Larsen was aware of the Investigation.

**RESPONSE NO. 657**

Ripple objects to Request No. 657 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege. Ripple admits that Mr. Larsen became aware of the SEC's preservation letter dated April 13, 2018 around that date, and otherwise denies Request No. 657.

**REQUEST NO. 658**

Admit that Garlinghouse received the Legal Hold Notice.

**RESPONSE NO. 658**

Ripple objects to Request No. 658 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

privilege.  Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 658.

**REQUEST NO. 659**

Admit that Larsen received the Legal Hold Notice.

**RESPONSE NO. 659**

Ripple objects to Request No. 659 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege.  Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 659.

**REQUEST NO. 660**

Admit that Long received the Legal Hold Notice.

**RESPONSE NO. 660**

Ripple objects to Request No. 660 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege.  Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 660.

**REQUEST NO. 661**

Admit that Griffin received the Legal Hold Notice.

**RESPONSE NO. 661**

Ripple objects to Request No. 661 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege.  Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 661.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 662**

Admit that Birla received the Legal Hold Notice.

**RESPONSE NO. 662**

Ripple objects to Request No. 662 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege. Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 662.

**REQUEST NO. 663**

Admit that ███████████ received the Legal Hold Notice.

**RESPONSE NO. 663**

Ripple objects to Request No. 663 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege. Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 663.

**REQUEST NO. 664**

Admit that certain Ripple employees used their personal phones when conducting business on behalf of Ripple.

**RESPONSE NO. 664**

Ripple objects to Request No. 664 on the grounds that it is vague and ambiguous, because it does not explain or define the terms "certain Ripple employees," "personal phones," or "conducting business." Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 664.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 665**

Admit that Ripple permitted its employees to use their personal phones when conducting business on behalf of Ripple.

**RESPONSE NO. 665**

Ripple objects to Request No. 665 on the grounds that it is vague and ambiguous, because it does not explain or define the phrase "permitted its employees" or the terms "personal phones" and "conducting business."  Subject to and without waiving the foregoing general and specific objections, Ripple admits Request No. 665.

**REQUEST NO. 666**

Admit that Ripple had no policies as to how employees were to use their personal phones for Ripple business.

**RESPONSE NO. 666**

Ripple objects to Request No. 666 on the grounds that it is vague and ambiguous, because it does not explain or define the terms "personal phones" or "Ripple business."  Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 666.

**REQUEST NO. 667**

Admit that Ripple had no policies as to what applications its employees were to use when conducting business for Ripple on their personal phones.

**RESPONSE NO. 667**

Ripple objects to Request No. 667 on the grounds that it is vague and ambiguous, because it does not explain or define the terms "conducting business" or "personal phones."

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 667.

**REQUEST NO. 668**

Admit that Ripple had no document retention policy as to when Ripple employees retained or deleted Ripple business data on Ripple-issued data devices.

**RESPONSE NO. 668**

Ripple objects to Request No. 668 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege.  Ripple further objects to Request No. 668 on the grounds that it is vague and ambiguous, because it does not explain or define the terms "document retention policy," "Ripple business data," or "data devices."  Ripple further objects to Request No. 668 on the grounds that it is not limited temporally.  Subject to and without waiving the forgoing general and specific objections, Ripple denies Request No. 668.

**REQUEST NO. 669**

Admit that Ripple had no document retention policy as to when Ripple employees retained or deleted Ripple business data on personal devices.

**RESPONSE NO. 669**

Ripple objects to Request No. 669 to the extent it seeks privileged information, and its response to this request is made without disclosing privileged information or waiving its privilege.  Ripple further objects to Request No. 669 on the grounds that it is vague and ambiguous, because it does not explain or define the terms "document retention policy," "Ripple business data," or "personal devices."  Ripple further objects to Request No. 669 on the grounds

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

that it is not limited temporally.  Subject to and without waiving the forgoing general and specific objections, Ripple denies Request No. 669.

**REQUEST NO. 670**

Admit that the messaging application Signal uses end-to-end encryption to provide private messaging, Internet calling, and other services to users worldwide.

**RESPONSE NO. 670**

Ripple objects to Request No. 670 as calling for information outside of Ripple's possession, custody, and control, as it seeks information about an independent third-party entity or application.  Ripple further objects to Request No. 670 on the grounds that it is vague and ambiguous because it fails to explain or define the phrases "end-to-end encryption," "private messaging," "Internet calling," or "other services."  Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 670 as phrased.

**REQUEST NO. 671**

Admit that Signal does not store user data.

**RESPONSE NO. 671**

Ripple objects to Request No. 671 as calling for information outside of Ripple's possession, custody, and control, as it seeks information about an independent third-party entity or application.  Ripple further objects to Request No. 671 on the grounds that it is vague and ambiguous because it fails to explain or define the parameters of the phrases "store" or "user data."  Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple lacks information sufficient to respond to Request No. 671 as phrased.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 672**

Admit that Signal cannot decrypt or otherwise access the content of messages sent or received using Signal.

**RESPONSE NO. 672**

Ripple objects to Request No. 672 as calling for information outside of Ripple's possession, custody, and control, as it seeks information about an independent third-party entity or application.  Ripple further objects to Request No. 672 on the grounds that it is vague and ambiguous because it fails to explain or define the parameters of the phrases "decrypt" or "otherwise access the content of messages."   Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple lacks information sufficient to respond to Request No. 672 as phrased.

**REQUEST NO. 673**

Admit that Signal permits its users to determine a deletion schedule whereby messages sent and received using Signal are automatically deleted (the "Signal Deletion Setting").

**RESPONSE NO. 673**

Ripple objects to Request No. 673 as calling for information outside of Ripple's possession, custody, and control, as it seeks information about an independent third-party entity or application.  Ripple further objects to Request No. 673 on the grounds that it is vague and ambiguous because it fails to explain or define the parameters of the phrases "deletion schedule" or "automatically deleted."  Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple lacks information sufficient to respond to Request No. 673 as phrased.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 674**

Admit that, after April 24, 2018, certain Ripple employees used Signal.

**RESPONSE NO. 674**

Ripple objects to Request No. 674 on the grounds that it is vague and ambiguous, because it does not explain or define the term "used."  Subject to and without waiving the forgoing general and specific objections, upon information and belief, Ripple admits Request No. 674.

**REQUEST NO. 675**

Admit that, after April 24, 2018, certain Ripple employees sent messages concerning XRP using the messaging application Signal.

**RESPONSE NO. 675**

Admitted.

**REQUEST NO. 676**

Admit that, after April 24, 2018, certain Ripple employees received messages concerning Ripple using the messaging application Signal.

**RESPONSE NO. 676**

Admitted.

**REQUEST NO. 677**

Admit that certain Signal messages concerning XRP, sent or received by Ripple employees after April 24, 2018, are no longer in existence today as a result of how employees used the Signal Deletion Setting.

**RESPONSE NO. 677**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 678**

Admit that certain Signal messages concerning XRP sent by Garlinghouse after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 678**

Admitted.

**REQUEST NO. 679**

Admit that certain Signal messages concerning XRP received by Garlinghouse after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 679**

Admitted.

**REQUEST NO. 680**

Admit that certain Signal messages concerning XRP sent by Larsen after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 680**

Ripple objects to Request No. 680 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 680 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 681**

Admit that certain Signal messages concerning XRP received by Larsen after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 681**

Ripple objects to Request No. 681 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 681 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 682**

Admit that certain Signal messages concerning XRP sent by Long after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 682**

Ripple objects to Request No. 682 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 682 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 683**

Admit that certain Signal messages concerning XRP received by Long after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 683**

Ripple objects to Request No. 683 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control.  Subject to and without

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 683 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 684**

Admit that certain Signal messages concerning XRP sent by Griffin after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 684**

Ripple objects to Request No. 684 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 684 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 685**

Admit that certain Signal messages concerning XRP received by Griffin after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 685**

Ripple objects to Request No. 685 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 685 as phrased, because Ripple is

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 686**

Admit that certain Signal messages concerning XRP sent by Birla after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 686**

Ripple objects to Request No. 686 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 686 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 687**

Admit that certain Signal messages concerning XRP received by Birla after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 687**

Ripple objects to Request No. 687 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 687 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 688**

Admit that certain Signal messages concerning XRP sent by ███████ after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting.

**RESPONSE NO. 688**

Ripple objects to Request No. 688 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 688 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 689**

Admit that certain Signal messages concerning XRP received by ███████ after April 24, 2018 are no longer in existence today as a result of the Signal Deletion Setting

**RESPONSE NO. 689**

Ripple objects to Request No. 689 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 689 as phrased, because Ripple is not in possession of Signal messages that "are no longer in existence today" and therefore does not know whether any "concern[] XRP."

**REQUEST NO. 690**

Admit that after April 24, 2018, Garlinghouse asked certain Ripple employees to use Signal to communicate in the course of performing their Ripple duties.

18

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 690**

Ripple objects to Request No. 690 on the grounds that it is vague and ambiguous, and because it does not explain or define the terms "certain Ripple employees," "use," or "Ripple duties." Subject to and without waiving the foregoing general and specific objections, Ripple admits that Mr. Garlinghouse asked at least one Ripple employee to send him a message over Signal at some time.

**REQUEST NO. 691**

Admit that after April 24, 2018, Garlinghouse asked Long to use Signal to communicate in the course of performing her Ripple duties.

**RESPONSE NO. 691**

Ripple admits that Ms. Long recalled being asked by Mr. Garlinghouse to use Signal, and otherwise lacks information sufficient to respond to Request No. 691 as phrased.

**REQUEST NO. 692**

Admit that after April 24, 2018, Garlinghouse asked Griffin to use Signal to communicate in the course of performing his Ripple duties.

**RESPONSE NO. 692**

Denied.

**REQUEST NO. 693**

Admit that after April 24, 2018, Garlinghouse asked Birla to use Signal to communicate in the course of performing his Ripple duties.

**RESPONSE NO. 693**

Denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 694**

Admit that after April 24, 2018, Garlinghouse asked ▮▮▮▮▮▮▮ to use Signal to communicate in the course of performing his Ripple duties.

**RESPONSE NO. 694**

Ripple objects to Request No. 694 on the grounds that it is vague and ambiguous, and because it does not explain or define the terms "use" or "Ripple duties." Subject to and without waiving the foregoing general and specific objections, Ripple admits that Mr. Garlinghouse responded affirmatively when Mr. ▮▮▮▮▮▮▮ suggested having a conversation over Signal on at least one occasion, and otherwise lacks information sufficient to respond to Request No. 694 as phrased.

**REQUEST NO. 695**

Admit that after April 24, 2018, Ripple did not prohibit certain Ripple employees from using the Signal Deletion Setting such that Ripple-related Data created using Signal would be automatically deleted.

**RESPONSE NO. 695**

Ripple objects to Request No. 695 on the grounds that it is vague and ambiguous, because it does not explain or define the terms "certain Ripple employees," "Ripple-related data," or "prohibit." Subject to and without waiving the forgoing general and specific objections, Ripple denies Request No. 695.

**REQUEST NO. 696**

Admit that as a result of the Signal Deletion Setting, certain Ripple-related Data was unavailable for production during the Investigation.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 696**

Ripple lacks information sufficient to respond to Request No. 696 as phrased because deleted Signal messages are no longer in existence and therefore it is not possible for Ripple to ascertain whether they might have "related" to Ripple or otherwise would have been responsive to any Request for Production.

**REQUEST NO. 697**

Admit that as a result of the Signal Deletion Setting, certain Ripple-related Data was unavailable for production in this litigation.

**RESPONSE NO. 697**

Ripple lacks information sufficient to respond to Request No. 697 as phrased because deleted Signal messages are no longer in existence and therefore it is not possible for Ripple to ascertain whether they might have "related" to Ripple or otherwise would have been responsive to any Request for Production.

**REQUEST NO. 698**

Admit that Ripple cannot ascertain how much Ripple-related Data was generated by Ripple employees using Signal.

**RESPONSE NO. 698**

Admitted.

**REQUEST NO. 699**

Admit that Ripple cannot determine how much Ripple-related Data was deleted by Ripple employees who used Signal.

**RESPONSE NO. 699**

Admitted.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 700**

Admit that at no time did Ripple's offers and sales of XRP qualify for an exemption or safe harbor under the registration provisions of the securities laws.

**RESPONSE NO. 700**

Ripple objects to Request No. 700 as vague and ambiguous, insofar as the terms "exemption" and "safe harbor" are not defined or stated with particularity.  Ripple further objects to Request No. 700 on the grounds that it assumes facts not in evidence, namely that offers and sales of XRP are subject to the registration provisions of the securities laws.  Ripple further objects to Request No. 700 as overbroad and unduly burdensome insofar as it seeks a response relating to each and every one of "Ripple's offers and sales of XRP" without particularity or limitation.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that the securities laws do not apply to offers and sales of XRP, which was not and is not a security, and otherwise denies Request No. 700.

**REQUEST NO. 701**

Admit that at no time did Larsen's offers and sales of XRP qualify for an exemption or safe harbor under the registration provisions of the securities laws.

**RESPONSE NO. 701**

Ripple objects to Request No. 701 as vague and ambiguous, insofar as the terms "exemption" and "safe harbor" are not defined or stated with particularity.  Ripple further objects to Request No. 701 on the grounds that it assumes facts not in evidence, namely that offers and sales of XRP are subject to the registration provisions of the securities laws.  Ripple further objects to Request No. 701 as overbroad and unduly burdensome insofar as it seeks a response relating to each and every one of "Larsen's offers and sales of XRP" without particularity or

limitation. Ripple further objects to Request No. 701 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Ripple avers that the securities laws do not apply to offers and sales of XRP, which was not and is not a security, and otherwise denies Request No. 701.

**REQUEST NO. 702**

Admit that at no time did Garlinghouse's offers and sales of XRP qualify for an exemption or safe harbor under the registration provisions of the securities laws.

**RESPONSE NO. 702**

Ripple objects to Request No. 702 as vague and ambiguous, insofar as the terms "exemption" and "safe harbor" are not defined or stated with particularity. Ripple further objects to Request No. 702 on the grounds that it assumes facts not in evidence, namely that offers and sales of XRP are subject to the registration provisions of the securities laws. Ripple further objects to Request No. 702 as overbroad and unduly burdensome insofar as it seeks a response relating to each and every one of "Garlinghouse's offers and sales of XRP" without particularity or limitation. Ripple further objects to Request No. 702 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Ripple avers that the securities laws do not apply to offers and sales of XRP, which was not and is not a security, and otherwise denies Request No. 702.

**REQUEST NO. 703**

Admit that at no time did Ripple seek to qualify offers and sales of XRP under Regulation A of the securities laws.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 703**

Ripple avers that Regulation A does not apply to offers and sales of XRP, which was not and is not a security, and on that basis admits Request No. 703.

**REQUEST NO. 704**

Admit that at no time did Ripple seek to conduct offers and sales of XRP in compliance with Regulation D under the securities laws.

**RESPONSE NO. 704**

Ripple avers that Regulation D does not apply to offers and sales of XRP, which was not and is not a security, and on that basis admits Request No. 704.

**REQUEST NO. 705**

Admit that at no time did Ripple seek to conduct offers and sales of XRP in compliance with Regulation S under the securities laws.

**RESPONSE NO. 705**

Ripple avers that Regulation S does not apply to offers and sales of XRP, which was not and is not a security, and on that basis admits Request No. 705.

**REQUEST NO. 706**

Admit that at no time did Ripple's offers and sales of XRP comply with Regulation D

**RESPONSE NO. 706**

Ripple admits that it has not filed a Form D with the SEC relating to its transactions in XRP, avers that compliance with Regulation D is not necessary for offers and sales of XRP because XRP was not and is not a security, and otherwise denies Request No. 706.

**REQUEST NO. 707**

Admit that at no time did Ripple's offers and sales of XRP comply with Regulation S.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 707**

Ripple avers that compliance with Regulation S is not necessary for offers and sales of XRP because XRP was not and is not a security, and otherwise denies Request No. 707.

**REQUEST NO. 708**

Admit that at no time did Larsen seek to qualify offers and sales of XRP under Regulation A of the securities laws.

**RESPONSE NO. 708**

Ripple objects to Request No. 708 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Ripple avers that Regulation A does not apply to offers and sales of XRP, which was not and is not a security, and on that basis admits Request No. 708.

**REQUEST NO. 709**

Admit that at no time did Larsen seek to conduct offers and sales of XRP in compliance with Regulation D under the securities laws.

**RESPONSE NO. 709**

Ripple objects to Request No. 709 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Ripple avers that Regulation D does not apply to offers and sales of XRP, which was not and is not a security, and on that basis admits Request No. 709.

**REQUEST NO. 710**

Admit that at no time did Larsen's offers and sales of XRP comply with Regulation S.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 710**

Ripple objects to Request No. 710 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that compliance with Regulation S is not necessary for offers and sales of XRP because XRP was not and is not a security, and otherwise denies Request No. 710.

**REQUEST NO. 711**

Admit that at no time did Larsen seek to conduct offers and sales of XRP in compliance with Regulation S under the securities laws

**RESPONSE NO. 711**

Ripple objects to Request No. 711 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that compliance with Regulation S is not necessary for offers and sales of XRP because XRP was not and is not a security, and on that basis admits Request No. 711.

**REQUEST NO. 712**

Admit that at no time did Garlinghouse seek to qualify offers and sales of XRP under Regulation A of the federal securities laws.

**RESPONSE NO. 712**

Ripple objects to Request No. 712 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that compliance with

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Regulation A is not necessary for offers and sales of XRP because XRP was not and is not a security, and on that basis admits Request No. 712.

**REQUEST NO. 713**

Admit that at no time did Garlinghouse seek to qualify offers and sales of XRP under Regulation D of the federal securities laws.

**RESPONSE NO. 713**

Ripple objects to Request No. 713 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that compliance with Regulation D is not necessary for offers and sales of XRP because XRP was not and is not a security, and on that basis admits Request No. 713.

**REQUEST NO. 714**

Admit that at no time did Garlinghouse's offers and sales of XRP comply with Regulation S.

**RESPONSE NO. 714**

Ripple objects to Request No. 714 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that compliance with Regulation S is not necessary for offers and sales of XRP because XRP was not and is not a security, and otherwise denies Request No. 714.

**REQUEST NO. 715**

Admit that at no time did Garlinghouse seek to conduct offers and sales of XRP in compliance with Regulation S under the federal securities laws.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 715**

Ripple objects to Request No. 715 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that compliance with Regulation S is not necessary for offers and sales of XRP because XRP was not and is not a security, and on that basis admits Request No. 715.

**REQUEST NO. 716**

Admit that at no time did Ripple file any registration statement to the SEC governing its offers and sales of XRP.

**RESPONSE NO. 716**

Admitted.

**REQUEST NO. 717**

Admit that Ripple never filed a Form D with the SEC in connection with sales of XRP.

**RESPONSE NO. 717**

Admitted.

**REQUEST NO. 718**

Admit that Larsen is an affiliate of Ripple as defined in Rule 144.

**RESPONSE NO. 718**

Ripple objects to RFA 718 because it refers to Rule 144, which defines affiliate in relation to an "issuer" and Ripple is not an issuer of XRP.  Subject to and without waiving the foregoing objections, Ripple admits that Larsen is currently executive chairman of Ripple, and otherwise denies Request No. 718.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 719**

Admit that Larsen was an affiliate of Ripple as defined in Rule 144.

**RESPONSE NO. 719**

Ripple objects to Request No. 719 as vague and ambiguous insofar as it is not restricted temporally. Ripple objects to RFA 719 because it refers to Rule 144, which defines affiliate in relation to an "issuer" and Ripple is not an issuer of XRP. Subject to and without waiving the foregoing objections, Ripple admits that Mr. Larsen was CEO from September 2012 through December 2016, and that thereafter Mr. Larsen was executive chairman, and otherwise denies Request No. 719.

**REQUEST NO. 720**

Admit that Garlinghouse is an affiliate of Ripple as defined in Rule 144.

**RESPONSE NO. 720**

Ripple objects to Request No. 720 because it refers to Rule 144, which defines affiliate in relation to an "issuer" and Ripple is not an issuer of XRP. Subject to and without waiving the foregoing objections, Ripple admits that Garlinghouse is currently the Chief Executive Officer of Ripple, and otherwise denies Request No. 720.

**REQUEST NO. 721**

Admit that Garlinghouse was an affiliate of Ripple as defined in Rule 144.

**RESPONSE NO. 721**

Ripple objects to Request No. 721 as vague and ambiguous insofar as it is not limited temporally, and because it refers to Rule 144, which defines affiliate in relation to an "issuer" and Ripple is not an issuer of XRP. Subject to and without waiving the foregoing objections, Ripple admits that Garlinghouse was the Chief Operating Officer of Ripple from approximately

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

April 13, 2015 through December 31, 2016, and has been the Chief Executive Officer of Ripple

since January 1, 2017, and otherwise denies Request No. 721.

**REQUEST NO. 722**

Admit that at no time did Garlinghouse file with the SEC any Form 144 related to his

offers and sales of XRP.

**RESPONSE NO. 722**

Ripple objects to Request No. 722 to the extent it seeks information about the activities of

a third party that is outside of Ripple's possession, custody, or control.  Ripple further objects to

Request No. 722 to the extent it seeks information that is within the SEC's possession, custody,

or control.  Subject to and without waiving the foregoing general and specific objections, Ripple

Ripple avers that Rule 144 does not apply to offers and sales of XRP, which was not and is not a

security, and otherwise admits Request No. 722.

**REQUEST NO. 723**

Admit that at no time did Larsen file with the SEC any Form 144 related to his offers and

sales of XRP.

**RESPONSE NO. 723**

Ripple objects to Request No. 723 to the extent it seeks information about the activities of

a third party that is outside of Ripple's possession, custody, or control.  Ripple further objects to

Request No. 723 to the extent it seeks information that is within the SEC's possession, custody,

or control.  Subject to and without waiving the foregoing general and specific objections, Ripple

Ripple avers that Rule 144 does not apply to offers and sales of XRP, which was not and is not a

security, and otherwise admits Request No. 723.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 724**

Admit that Garlinghouse did not comply with the manner of sale or volume limitations in Rule 144 when he offered and sold XRP.

**RESPONSE NO. 724**

Ripple objects to Request No. 724 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that Rule 144 does not apply to offers and sales of XRP, which was not and is not a security, and otherwise denies Request No. 724.

**REQUEST NO. 725**

Admit that Larsen did not comply with the manner of sale or volume limitations in Rule 144 when he offered and sold XRP.

**RESPONSE NO. 725**

Ripple objects to Request No. 725 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple avers that Rule 144 does not apply to offers and sales of XRP, which was not and is not a security, and otherwise denies Request No. 725.

**REQUEST NO. 726**

Admit that at no time did Ripple limit its sales of XRP to purchasers who were "accredited investors" as defined in Rule 501 of Regulation D.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 726**

Ripple avers that Regulation D does not apply to offers and sales of XRP, which was not and is not a security, and otherwise denies Request No. 726.

**REQUEST NO. 727**

Admit that at no time did Garlinghouse limit his sales of XRP to purchasers who were "accredited investors" as defined in Rule 501 of Regulation D.

**RESPONSE NO. 727**

Ripple objects to Request No. 727 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple states that, after a reasonable search, it lacks information sufficient to respond to Request No. 727.

**REQUEST NO. 728**

Admit that at no time did Larsen limit his sales of XRP to purchasers who were "accredited investors" as defined in Rule 501 of Regulation D.

**RESPONSE NO. 728**

Ripple objects to Request No. 728 to the extent it seeks information about the activities of a third party that is outside of Ripple's possession, custody, or control.  Subject to and without waiving the foregoing general and specific objections, Ripple states that, after a reasonable search, it lacks information sufficient to respond to Request No. 728.

**REQUEST NO. 729**

Admit that Ripple maintained a website explaining where would-be XRP purchasers could purchase XRP.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 729**

Ripple objects to Request No. 729 as vague and ambiguous insofar as it is not limited temporally and does not define or identify "a website" with particularity. Subject to and without waiving the foregoing general and specific objections, Ripple admits that, at certain times, it maintained a website containing links to third party exchanges that listed XRP, and otherwise denies Request No. 729.

**REQUEST NO. 730**

Admit that certain purchasers of XRP resided in the United States at the time of sale.

**RESPONSE NO. 730**

Ripple objects to Request No. 730 as vague and ambiguous insofar as it does not define "certain purchasers of XRP" with particularity and because it is not limited temporally. Ripple further objects to Request No. 730 to the extent it seeks information about the activities of third parties that is outside of Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Ripple admits that XRP was purchased by certain persons residing in the United States at the time of their purchase, and otherwise denies Request No. 730.

**REQUEST NO. 731**

Admit that Ripple did not provide XRP purchasers with all of the information required to be contained in a registration statement.

**RESPONSE NO. 731**

Ripple objects to Request No. 731 as vague and ambiguous insofar as it does not define "XRP purchasers" or "all of the information required to be contained in a registration statement" with particularity. Subject to and without waiving the foregoing general and specific objections,

Ripple admits that it did not file a registration statement relating to XRP, and otherwise denies Request No. 731.

**REQUEST NO. 732**

Admit that Ripple did not file reports under the Exchange Act of 1934.

**RESPONSE NO. 732**

Admitted.

**REQUEST NO. 733**

Admit that Ripple did not make its annual financial statements publicly available.

**RESPONSE NO. 733**

Ripple objects to Request No. 733 insofar as it does not define "publicly available" with particularity and because it is not limited temporally.  Subject to and without waiving the foregoing general and specific objections, Ripple admits that it did not release its annual financial statements to the general public prior to December 22, 2020, and otherwise denies Request No. 733.

**REQUEST NO. 734**

Admit that Ripple did not make its balance sheet or statement of profit or loss and retained earnings publicly available.

**RESPONSE NO. 734**

Ripple objects to Request No. 734 insofar as it does not define "publicly available" with particularity and because it is not limited temporally.  Subject to and without waiving the foregoing general and specific objections, Ripple admits that it did not release its annual financial statements to the general public prior to December 22, 2020, and otherwise denies Request No. 734.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 735**

Admit that Ripple did not provide annual financial statements to all XRP purchasers.

**RESPONSE NO. 735**

Ripple objects to Request No. 735 as vague and ambiguous insofar as it does not define

or limit "all XRP purchasers" and because it is not limited temporally.  Subject to and without

waiving the foregoing general and specific objections, Ripple admits Request No. 735.

**REQUEST NO. 736**

Admit that Ripple did not make all of the information required to be contained in a Form

10-Q or 10-K or Forms 8-K publicly available.

**RESPONSE NO. 736**

Ripple objects to Request No. 736 to the extent it is vague and ambiguous insofar as it

does not define "publicly available" with particularity and because it is not limited temporally.

Subject to and without waiving the foregoing general and specific objections, Ripple admits that

it did not file a Form 10-Q, Form 10-K, or Form 8-K relating to XRP, and otherwise denies

Request No. 736.

**REQUEST NO. 737**

Admit that Garlinghouse did not publicly disclose his transfers, purchases, or sales of

XRP before he engaged in his transactions.

**RESPONSE NO. 737**

Ripple objects to Request No. 737 as vague and ambiguous insofar as it does not define

"publicly disclose" or "his transactions" with particularity and because it is not limited

temporally. Ripple further objects to Request No. 737 to the extent it seeks information about the

activities of third parties that is outside of Ripple's possession, custody, or control. Subject to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

and without waiving the foregoing general and specific objections, Ripple states that, after a reasonable inquiry, it lacks information sufficient to admit or deny Request No. 737 as to all of Garlinghouse's XRP transactions.

## REQUEST NO. 738

Admit that Larsen did not publicly disclose his transfers, purchases, or sales of XRP before he engaged in his transactions.

## RESPONSE NO. 738

Ripple objects to Request No. 738 as vague and ambiguous insofar as it does not define "publicly disclose" or "his transactions" with particularity and because it is not limited temporally. Ripple further objects to Request No. 738 to the extent it seeks information about the activities of third parties that is outside of Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Ripple states that, after a reasonable inquiry, it lacks information sufficient to admit or deny Request No. 738 as to all of Larsen's XRP transactions.

## REQUEST NO. 739

Admit that at no time did Ripple's offers and sales of XRP comply with Regulation A.

## RESPONSE NO. 739

Ripple avers that compliance with Regulation A is not necessary for offers and sales of XRP because XRP was not and is not a security, and otherwise denies Request No. 739.

## REQUEST NO. 740

Admit that at no time did Larsen's offers and sales of XRP qualify for an exemption or safe harbor from registration under the securities laws.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 740**

Ripple objects to Request No. 740 as vague and ambiguous, insofar as the terms "exemption" and "safe harbor" are not defined or stated with particularity. Ripple further objects to Request No. 740 as overbroad and unduly burdensome insofar as it seeks a response relating to each and every one of "Larsen's offers and sales of XRP" without particularity or limitation. Ripple further objects to Request No. 740 to the extent it seeks information about the activities of third parties that is outside of Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 740.

**REQUEST NO. 741**

Admit that at no time did Garlinghouse's offers and sales of XRP qualify for an exemption or safe harbor from registration under the securities laws.

**RESPONSE NO. 741**

Ripple objects to Request No. 741 as vague and ambiguous, insofar as the terms "exemption" and "safe harbor" are not defined or stated with particularity. Ripple further objects to Request No. 741 as overbroad and unduly burdensome insofar as it seeks a response relating to each and every one of "Ripple's offers and sales of XRP" without particularity or limitation. Ripple further objects to Request No. 741 to the extent it seeks information about the activities of third parties that is outside of Ripple's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 741.

*(Continued on next page)*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Dated:   New York, New York
         September 30, 2021

DEBEVOISE & PLIMPTON LLP

By: /s/ *Andrew J. Ceresney*

Mary Jo White
Andrew J. Ceresney (aceresney@debevoise.com)
Lisa Zornberg
Erol Gulay
Christopher S. Ford
Anna Gressel

919 Third Avenue
New York, NY 10022
212-909-6000

KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK PLLC

Michael K. Kellogg
Reid M. Figel

Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
202-326-7900

*Attorneys for Defendant Ripple Labs, Inc.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## **CERTIFICATE OF SERVICE**

I, Christopher S. Ford, hereby certify that on September 30, 2021, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to Plaintiff's Fifth Set of Requests for Admission by electronic mail upon the following:

Dated: September 30, 2021

Jorge G. Tenreiro
Richard Best
Daphna Waxman
Jon Daniels
Ladan Stewart
Robert Moye
Benjamin Hanauer
Mark Sylvester
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-9145
*Attorneys for Plaintiff Securities and Exchange Commission*

Matthew C. Solomon
Alexander J. Janghorbani
Nowell D. Bamberger
Samuel Levander
Lucas Hakkenberg
Nicole Tatz
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1680
*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
Meredith R. Dearborn
Robin Linsenmayer
Kristina A. Bunting
Justin D. Ward
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
*Attorneys for Defendant Christian A. Larsen*

/s/ Christopher S. Ford
Christopher S. Ford