# PX 742

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>      v.<br><br>RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,<br><br>                Defendants. | No. 20 CV 10832 (AT) (SN) |

## RESPONSES AND OBJECTIONS OF DEFENDANT RIPPLE LABS INC. TO PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Ripple Labs Inc. ("Ripple"), by its undersigned attorneys, hereby responds and objects to Plaintiff Securities and Exchange Commission's ("SEC's") Third Set of Requests for Admission to Defendant Ripple Labs Inc. (the "Requests"), dated July 30, 2021. These responses are based on the information currently available to Ripple. Ripple reserves the right to amend, supplement or modify its responses and objections at any time in the event that it obtains additional or different information.

## GENERAL OBJECTIONS

All of the General Objections set forth herein apply to and are incorporated into each of the specific responses to the Requests set forth below and have the same force and effect as it fully set forth therein, whether or not expressly incorporated by reference in such specific responses. Without waiving any of these General Objections to the extent they apply to each of the Requests, Ripple may specifically refer to certain General Objections in responding to certain Requests.

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple objects to the SEC's Requests and the Instructions and Definitions ("Definitions") to the extent they purport to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York.

Ripple objects to each Request to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.

Ripple objects to each Request and Definition to the extent that it is oppressive, unduly burdensome, overly broad, or disproportionate to the needs of the case.

Ripple objects to each Request and Definition to the extent it is vague, ambiguous, otherwise incomprehensible, and/or not reasonably particular.

Ripple objects to each Request and Definition to the extent it seeks information that is not relevant to the claims or defenses of any party, or not reasonably calculated to lead to the discovery of admissible evidence.

Ripple objects to each Request and Definition to the extent it is cumulative or duplicative.

Unless otherwise expressly stated, no Response shall be deemed as an admission. Rather if there does not appear to be a specific Response to a Request to Admit, the Response is denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple objects to each Request and Definition to the extent it purports to call for information that is already in the SEC's custody, possession or control, readily available to the SEC, or is attainable by the SEC from public sources.

Ripple objects to each Request to the extent that it seeks proprietary, confidential or sensitive business information of Ripple or other individuals or entities who have entrusted confidential information to Ripple, on the grounds that such production would intrude and interfere with the confidential affairs of Ripple and others. Ripple will provide responsive proprietary, confidential or sensitive business information and trade secrets only in accordance with the protective order entered by the Court.

Ripple objects to the Requests, individually and collectively, on the basis that the SEC's discovery requests, taken as a whole, are excessive, burdensome, and disproportionate to the legitimate needs of the case.

Ripple does not concede the relevance, materiality, or admissibility of any information sought in these Requests. Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose, or any other ground to the use of any documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

Ripple's Responses and Objections to the Requests do not constitute, and shall not be interpreted as, Ripple's agreement or admission as to the truth or accuracy of any legal or factual characterization or allegation stated or implied in any of the Requests.

Ripple's failure to object to the Requests on a particular ground or grounds shall not be construed as a waiver of the right to object on any additional grounds.

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Ripple specifically reserves the right to amend, supplement, or modify its responses and objections at any time in the event that it obtains additional or different information.

## OBJECTIONS TO DEFINITIONS

Each individual response is made subject to, and without waiver of, the following Objections to Definitions:

1.      Ripple objects to the SEC's Definitions to the extent they call for information, or purport to impose obligations, beyond what is required by the Federal Rules of Civil Procedure, including but not limited to the requirement of proportionality, or where they purport to seek information that is subject to a claim of privilege.

2.      Ripple objects to the SEC's definitions of "Defendants," "you," "your," and "Ripple" as overly broad and unduly burdensome to the extent they include any persons or entities other than Ripple and to the extent they call for Ripple to provide information on behalf of entities or individuals, including former employees and affiliates that are not within its control. Subject to these objections, Ripple will interpret these terms to include only information in the custody and control of Ripple Labs Inc., its predecessors, and its wholly-owned subsidiaries.

3.      Ripple objects to the SEC's definition of "XRP Blockchain" as overly broad, unduly burdensome, vague and ambiguous to the extent it includes undefined and additional terms such as "distributed ledger," "XRP Ledger," "Ripple Consensus Ledger," and "Ripple Protocol." Subject to these objections, Ripple will interpret these terms consistent with Ripple's ordinary use of the terms. For instance, Ripple will use the term "XRP Ledger" to refer to the decentralized, cryptographic ledger to which XRP is the native digital asset.

4.      Ripple objects to the SEC's definition of "Interledger Foundation" on the grounds that it is confusing and ambiguous, as the SEC purports to use this term to refer to "the Estonian

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Entity organized as the 'MTU XRP Ledger Trust' with Registration Code 80586600 and VAT ID: EE102368187 under Estonian Law," which corresponds to an entity that Ripple understands to operate as the "XRP Ledger Foundation." *See* Contact, XRP Ledger Foundation, https://xrplf.org/contact/. Subject to these objections, Ripple will interpret the term "Interledger Foundation" to mean the entity known to Ripple as the "XRP Ledger Foundation," consistent with the SEC's provided definition.

5. Ripple objects to the SEC's definition of "Relevant Period" as overly broad, unduly burdensome, and irrelevant to the extent that it calls for Ripple to provide information from after the commencement of this action on December 22, 2020. Ripple further objects to the SEC's definition of "Relevant Period" as overly broad and unduly burdensome to the extent it seeks to require Ripple Labs Inc. to respond regarding a time period prior to its existence. Subject to these objections, Ripple will respond to Requests using the term "Relevant Period" based on information up to but no later than December 22, 2020.

5

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSES AND OBJECTIONS

**REQUEST NO. 614**

Admit that in 2019, Ripple and Coil collaborated to establish the ▮▮▮▮▮.

**RESPONSE NO. 614**

Denied.

**REQUEST NO. 615**

Admit that Larsen ▮▮▮▮▮ served as co-founders, officers, and board directors of the ▮▮▮▮▮.

**RESPONSE NO. 615**

Denied.

**REQUEST NO. 616**

Admit that Ripple and Coil were the ▮▮▮▮▮'s initial funders.

**RESPONSE NO. 616**

Ripple objects to Request No. 616 on the grounds that it is duplicative of the SEC's Requests for Production, including Request No. 14 from Plaintiff's Second Set of Requests for Production. Ripple further objects to Request No. 616 as vague and ambiguous because it does not explain or define the phrase "initial funders." Ripple further objects to Request No. 616 to the extent it seeks information about Coil, which is an independent third-party entity not subject to Ripple's control. Subject to and without waiving the foregoing general and specific objections, Ripple admits that Ripple, along with Coil and Gatehub, provided an initial donation to help support the work of the XRP Ledger Foundation, and otherwise denies Request No. 616.

6

**REQUEST NO. 617**

Admit that in April 2019, Coil retained ▮▮▮▮▮ to provide legal services to Ripple and Coil relating to the formation and operation of the ▮▮▮▮▮ that Ripple and Coil cocreated and co-funded.

**RESPONSE NO. 617**

Denied.

**REQUEST NO. 618**

Admit that Ripple, Coil, and Gatehub collectively donated at least $▮▮▮ to the ▮▮▮▮▮.

**RESPONSE NO. 618**

Ripple objects to Request No. 618 on the grounds that it is duplicative of the SEC's Requests for Production, including Request No. 14 from Plaintiff's Second Set of Requests for Production. Ripple further objects to Request No. 618 as vague and ambiguous because it does not explain or define the term "collectively." Ripple also objects to Request No. 618 because it is not limited temporally. Ripple further objects to Request No. 618 to the extent it seeks information about Coil and Gatehub, which are independent third-party entities not subject to Ripple's control. Subject to, and without waiving the foregoing general and specific objections, after a reasonable inquiry, Ripple states that it lacks information sufficient to respond to Request No. 618 as it relates to Coil and Gatehub, and Ripple otherwise denies Request No. 618.

**REQUEST NO. 619**

Admit that, since at least 2020, the ▮▮▮▮▮ has been listed as a node on Ripple's default UNL.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE NO. 619**

Ripple objects to Request No. 619 on the grounds that it is duplicative of the SEC's Requests for Production, including Request No. 12 from Plaintiff's Second Set of Requests for Production. Ripple also objects to Request No. 619 on the grounds that it is vague and ambiguous to the extent it is not limited temporally and to the extent that its use of the present tense seeks information post-dating the relevant Complaint in this matter. Subject to and without waiving the foregoing general and specific objections, Ripple denies Request No. 619.

**REQUEST NO. 620**

Admit that Coil, Ripple, and the ▇▇▇▇▇▇▇▇▇ are the only entities that currently publish a UNL as to the XRP Blockchain.

**RESPONSE NO. 620**

Ripple objects that the defined term "XRP Blockchain" does not accurately describe the XRP Ledger. Ripple further objects to Request No. 620 on the grounds that the information needed to respond to this Request is not within Ripple's possession, custody, or control. Ripple further objects to Request No. 620 on the grounds that it is vague and ambiguous, because it does not explain or define the term "publish." Ripple also objects to this Request on the grounds that it is vague and ambiguous to the extent it is not limited temporally and to the extent that its use of the present tense seeks information post-dating the relevant Complaint in this matter. Subject to and without waiving the foregoing general and specific objections, Ripple declines to respond to this Request as to information that post-dates the Complaint, as it does not seek information within the scope of Rule 26(b)(1), and after a reasonable inquiry, Ripple otherwise states that it lacks sufficient information to respond to Request No. 620 as phrased.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 621**

Admit that the document bearing bates numbers RPLI_SEC 0920429-RPLI_SEC 0920475 is a true and accurate copy of Ripple's Consolidated Financial Statements for the years ending December 31, 2020 and December 31, 2019.

**RESPONSE NO. 621**

Admitted.

**REQUEST NO. 622**

Admit that the document bearing bates numbers RPLI_SEC 0920429-RPLI_SEC 0920475 accurately reflects Ripple's financial position, and the results of Ripple's operations and cash flows, for the years ending December 31, 2020 and December 31, 2019.

**RESPONSE NO. 622**

Ripple objects to Request No. 622 on the grounds that it is vague and ambiguous because it does not explain or define the phrase "Ripple's financial position" and the term "results" as it relates to "Ripple's operations and cash flows." Subject to and without waiving the foregoing general and specific objections, Ripple admits that the figures in the documents referenced in the Request were truthful and accurate to the best of Ripple's knowledge as of the time the documents were prepared. Ripple otherwise denies Request No. 622 and refers the SEC to the complete documents for their full context, as they speak for themselves.

*(Continued on next page)*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Dated: New York, New York
August 30, 2021

DEBEVOISE & PLIMPTON LLP

By: /s/ *Andrew J. Ceresney*

Mary Jo White
Andrew J. Ceresney
(aceresney@debevoise.com)
Lisa Zornberg
Christopher S. Ford
Joy Guo

919 Third Avenue
New York, NY 10022
212-909-6000

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK PLLC

Michael K. Kellogg
Reid M. Figel

Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
202-326-7900

*Attorneys for Defendant Ripple Labs, Inc.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

    I, Christopher S. Ford, hereby certify that on August 30, 2021, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to Plaintiff's Third Set of Requests for Admission by electronic mail upon the following:

Dated: August 30, 2021

Jorge G. Tenreiro
Richard Best
Daphna Waxman
Jon Daniels
Ladan Stewart
Robert Moye
Benjamin Hanauer
Mark Sylvester
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-9145
*Attorneys for Plaintiff Securities and Exchange Commission*

Matthew C. Solomon
Alexander J. Janghorbani
Nowell D. Bamberger
Samuel Levander
Nicole Tatz
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1680
*Attorneys for Defendant Bradley Garlinghouse*

Martin Flumenbaum
Michael E. Gertzman
Meredith R. Dearborn
Robin Linsenmayer
Kristina A. Bunting
Justin D. Ward
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
*Attorneys for Defendant Christian A. Larsen*

                                      /s/ Christopher S. Ford
                                      Christopher S. Ford