# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| AMERICAS<br>NEW YORK<br>SAN FRANCISCO<br>SÃO PAULO<br>SILICON VALLEY<br>WASHINGTON, D.C.<br>ASIA<br>BEIJING<br>HONG KONG<br>SEOUL | 2112 Pennsylvania Avenue, NW<br>Washington, DC 20037-3229<br>T: +1 202 974 1500<br>F: +1 202 974 1999<br><br>clearygottlieb.com<br><br>D: +1 202.974.1680<br>msolomon@cgsh.com | EUROPE & MIDDLE EAST<br>ABU DHABI<br>BRUSSELS<br>COLOGNE<br>FRANKFURT<br>LONDON<br>MILAN<br>PARIS<br>ROME |

VIA ECF

August 16, 2023

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:  *SEC v. Ripple Labs Inc. et al.,* No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

On behalf of Defendants Bradley Garlinghouse and Christian Larsen (the "Individual Defendants"), we write in response to the Securities and Exchange Commission's (the "SEC") pre-motion letter seeking leave to file an interlocutory appeal under 28 U.S.C. § 1292(b) and stay the district court proceedings (ECF No. 887).

The Individual Defendants join the response of Defendant Ripple Labs Inc. ("Ripple") opposing the SEC's anticipated motion for leave to file an interlocutory appeal. For the reasons stated in Ripple's letter, the SEC cannot show that exceptional circumstances exist warranting an interlocutory appeal. The Individual Defendants write separately to oppose the SEC's request to stay this case should the Court certify an interlocutory appeal, and to urge that trial should proceed on its existing schedule (ECF No. 886 at 4).

Even in rare cases where interlocutory appeals are granted, the default statutory rule is that an "application" for such an appeal "shall not stay proceedings in the district court," absent a further order of the court. 28 U.S.C. § 1292(b). When considering a request to depart from that default rule, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012). The SEC does not acknowledge and cannot satisfy that standard.

The SEC is unlikely to succeed on the merits of its appeal; this Court was entirely right when it concluded that Defendants' Programmatic Sales and Other Distributions were not

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the locations listed above.

The Honorable Analisa Torres

securities transactions.  The agency also faces no irreparable injury absent a stay because the only cost it will incur is trying its case.  *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.").  On the other hand, the SEC's appeal will not resolve its aiding and abetting claim against the Individual Defendants, which requires the SEC to prove that Mr. Larsen and Mr. Garlinghouse substantially assisted Ripple's violations of the Securities Act and did so knowingly or recklessly.  ECF No. 874 at 30-31.  Those issues are not part of the SEC's proposed appeal, and it has always been the case that the SEC would be required to prove claims based on the Individual Defendants' state of mind at trial.  *See Wechsler v. Steinberg*, 733 F.2d 1054, 1058-59 (2d Cir. 1984) ("Issues of motive and intent are usually inappropriate for disposition on summary judgment.") (collecting cases); *SEC v. AT&T, Inc.*, 2022 WL 4110466, at *60 (S.D.N.Y. Sept. 8, 2022) ("A defendant's subjective state of mind – including that he took action knowing that he was violating a legal standard or with recklessness as to that point – is a determination classically and commonly made by juries.").  The SEC chose to bring aiding and abetting claims in this case, and so far has chosen to maintain them.  After nearly three years of litigation, and more than two years of investigation before that, it is no prejudice to the SEC that it be required to put its evidence before a fact finder at trial.[1]

A stay would substantially injure the Individual Defendants.  This is an unusual case in which the SEC has charged Mr. Larsen and Mr. Garlinghouse solely for having held leadership roles at a company that sold digital assets and "recklessly" assisting it in doing so, with no allegations of fraud, deceit, or similar conduct.  During the three years in which this high-profile action has been pending, the Individual Defendants' reputations have been significantly harmed by the SEC's allegations.  *See SEC* v. *One or More Unknown Purchasers of Securities of Telvent GIT, SA, et al.*, 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013) (noting that SEC enforcement actions "tend to inflict greater reputational harm on their defendants" than other litigations).  Further delaying the Individual Defendants' opportunity to clear their names and restore their reputations would compound that injury for no purpose other than the SEC's convenience.  *See SEC* v. *Blaszczak*, 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018) ("Courts in this district have recognized that a defendant has an interest in 'clear[ing] his name … in a timely matter—not just when it is most convenient for the government.'").

The public interest favors proceeding to trial.  The SEC has relied on a years-long strategy of attempted regulation by enforcement, trading on regulatory uncertainty to address digital asset sales one at a time without providing meaningful guidance or engaging in rule-making.  Its approach has resulted in an ever-shifting litigation strategy here in which the SEC has seemingly taken positions more out of convenience than conviction.  *See, e.g.*, ECF No. 531 at 6 (order issued

---

[1] Remarkably, the SEC suggests that it might abandon its aiding and abetting claim against the Individual Defendants if it prevails on appeal.  *See* ECF No. 887 at 4 ("Moreover, a Second Circuit determination that the Individual Defendants' offers and sales over crypto asset trading platforms violated Section 5 could eliminate the need for a trial altogether, since a finding of direct liability as to the Individual Defendants would impact the parties' assessment of the need for and desirability of a trial as to the aiding and abetting claims.").  The SEC's anticipation that it might later wish to pursue a different litigation strategy because it finds it difficult to prove its farfetched aiding and abetting claim does not justify a stay.

The Honorable Analisa Torres

by Judge Netburn criticizing the SEC's "hypocrisy" by "adopting its litigation positions to further its desired goal, and not out of a faithful allegiance to the law"). The agency began the case by asserting that it involved merely "a straightforward application of a well-settled legal test." *See, e.g.*, ECF Nos. 54 at 2. But that position always lacked credibility; discovery showed, for example, that the SEC itself struggled over a lengthy period to articulate the circumstances in which a sale of digital assets was an investment contract. *See, e.g.*, ECF No. 665-70 at 20 (comment by SEC's Director of Trading and Markets Division that an aspect of Director Hinman's 2018 speech "might lead to *greater* confusion on what is a security" because it "go[es] beyond the typical Howey analysis") (emphasis added). Now the SEC contends that the question is such a close call that there is a "substantial ground for differences of opinion" among judges in the district that is perhaps most expert among the federal judiciary in the securities laws.

The fact of the matter is that – as both Your Honor and Judge Rakoff recognized (and agreed) – sales of digital assets alone are not inherently securities offerings. ECF No. 874 at 14-15; *SEC v. Terraform Labs Pte. Ltd.*, 2023 WL 4858299, at *11-12 (S.D.N.Y. July 31, 2023). Whether a given sale also establishes an investment contract is a question requiring analysis of the "totality of circumstances surrounding Defendants' different transactions." ECF No. 874 at 15. Putting the SEC to its proof, and in particular requiring it to show how the Individual Defendants could possibly have been "reckless" as to an issue on which the SEC now admits there is "substantial ground for differences of opinion," will serve the public interest. Delaying will not.

The Individual Defendants have waited three years to clear their names. They should not have to wait longer. There is no reason for a stay, and the SEC does not seriously attempt to identify one. The next step should be a trial, and the trial should happen expeditiously according to the schedule the Court has already set. Whether or not the Court grants a certificate of appealability, the request for a stay should be denied.

Respectfully submitted,

*/s/ Matthew C. Solomon*  
Matthew C. Solomon  
CLEARY GOTTLIEB STEEN & HAMILTON LLP  
*Counsel for Defendant Bradley Garlinghouse*

*/s/ Martin Flumenbaum*  
Martin Flumenbaum  
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP  
*Counsel for Defendant Christian A. Larsen*

Cc: All counsel (via ECF)