# EXHIBIT B

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>                      v.<br><br>RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,<br><br>                      Defendants. | No. 20 CV 10832 (AT) |

## DEFENDANT RIPPLE LABS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REMEDIES DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Defendant Ripple Labs Inc. ("Ripple"), by and through its undersigned counsel, hereby objects and responds to the Remedies Document Requests (each individually a "Request"), dated November 14, 2023, issued by Plaintiff Securities and Exchange Commission ("SEC," and, collectively with Ripple, the "Parties").

These responses are based on information currently available to Ripple. Ripple reserves the right to amend, supplement and/or modify its responses and objections at any time in the event that it obtains additional or different information.

## INTRODUCTORY STATEMENT

Nothing in Ripple's responses and objections herein shall be construed as a waiver of Ripple's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility or any other proper grounds to the use of any information provided in response to these Remedies Document Requests, or the subject matter thereof, for any purpose, in whole or

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to these Remedies Document Requests or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine and/or any other applicable privilege, immunities, or protections against disclosure.

All of the General Objections and Objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Objections and Responses to the individual Requests set forth below and have the same force and effect as if fully set forth therein. Without waiving any of the General Objections to the extent they apply to each of the individual Requests, Ripple may specifically refer to certain General Objections in responding to a particular Request. Any objection or lack of an objection to any portion of an individual Request shall not be deemed an admission that Ripple maintains documents within its possession, custody, or control sought in such Request.

## **GENERAL OBJECTIONS**

1. Ripple objects to each Request and to each Definition and Instruction on the grounds that Plaintiff has served new requests for production well after the close of fact discovery (August 31, 2021), and the court must limit the extent of discovery under Federal Rule of Civil Procedure 26(b)(2)(C)(ii) because Plaintiff has had ample opportunity to obtain the requested information by discovery in this action.

2. Ripple objects to each Request and to each Definition and Instruction to the extent that they seek the production of documents or things that are neither relevant to the claims or defenses asserted in this action nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the Parties' relative access to relevant information, the Parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Ripple objects to each Request and to each Definition and Instruction to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection. Ripple specifically reserves the right to demand the return of any documents that inadvertently may be produced during discovery.

4. Ripple objects to each Request and to each Definition and Instruction on the grounds that they are vague, unduly burdensome and/or overly broad, to the extent that they seek production of "all" documents, especially used in conjunction with the terms "related to," or "including, but not limited to." Ripple will produce documents that can be located through reasonable diligence, that directly and specifically concern the Remedies Document Requests, and that are relevant to the claims or defenses asserted in this action and proportional to the needs of this case.

5. Ripple objects to each Request and to each Definition and Instruction to the extent that they are unreasonably cumulative, duplicative or seek information or documents obtainable from some other source that is more convenient, less burdensome or less expensive than the efforts it would take for Ripple to provide the information or documents. Where a document or

information is responsive to more than one Request, Ripple will produce the document only once.

6. Ripple objects to each Request and to each Definition and Instruction to the extent that they seek information or documents that are not in the possession, custody or control of Ripple, on the grounds that such discovery is overly broad, unduly burdensome, not proportional to the needs of the case, or in excess of Rule 34 of the Federal Rules of Civil Procedure.

7. Ripple objects to each Request and to each Definition and Instruction to the extent they seek documents and/or information available to Plaintiff from its own files, from files within its control or from public sources.

8. Ripple objects to each Request and to each Definition and Instruction to the extent they seek production of documents containing the confidential information of third parties.

9. The failure of Ripple to object to any specific Request or Definition and Instruction on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s). Ripple reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

10. Ripple does not concede the relevance, materiality or admissibility of any information or documents sought in the Requests. Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose or any other ground to the use of any information or documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

11. These objections and responses do not constitute, and shall not be interpreted as Ripple's agreement with, or admission as to the truth or accuracy of, any legal or factual

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

characterization or allegation stated or implied in Plaintiff's Definitions and Instructions or in any of the individual Requests.

12. Ripple objects to each Request and to each Definition and Instruction to the extent they seek to impose obligations on Ripple that go beyond the requirements set forth in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York.

13. The uniform definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

14. Ripple objects to Plaintiff's Definitions and Instructions No. 1 defining "Ripple" to the extent it refers to persons or entities other than Ripple Labs Inc. on the grounds that such interpretation would render the Requests overbroad and unduly burdensome.

15. Ripple objects to Plaintiff's Definitions Nos. 3 and 5 to the extent that they are broader than or purport to require more than Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 require.  Ripple will respond to the Requests using the definitions in the Federal and Local Rules.

16. Ripple objects to Plaintiff's Instructions Nos. 6, 7, 8, 9, 11, and 13 to the extent that they are broader than or purport to require more than Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 require.  Ripple will respond to the Requests in accordance with the requirements of the Federal Rules and Local Rules.

17. Ripple objects to Plaintiff's Instruction No. 10 instructing Ripple to complete production of responsive documents by December 14, 2023, on the grounds that Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure only requires that "the party to whom the request is directed must respond in writing within 30 days after being served."  Pursuant to Rule

5

34(b)(2)(B) of the Federal Rules of Civil Procedure and subject to the objections below, Ripple will produce to Plaintiff documents responsive to Plaintiff's Remedies Document Requests if any, pursuant to a rolling schedule to be agreed upon by the Parties.

18. Ripple objects to Plaintiff's Definition and Instruction No. 12 to the extent that it purports to set the relevant period for the Requests as April 1, 2014 through "the present." Ripple will not produce documents dated after the filing of the Complaint on December 22, 2020 in response to any of Plaintiff's Requests for Production. Events subsequent to December 22, 2020 are not relevant to any claim or defense, or to any remedies sought in this litigation, and therefore Definition and Instruction No. 12 is overly broad, unduly burdensome, not proportionate to the needs of this litigation, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Furthermore, Magistrate Judge Netburn has already denied the SEC's request for post-Complaint discovery, *see* Order, June 15, 2021 at 2 (ECF No. 249) (denying SEC's motion to compel production of documents post-dating the Complaint), and the SEC lacks good cause for any late request for post-Complaint information, a request that would now be made years after the fact discovery period has closed.

19. Ripple objects to Plaintiff's Definitions and Instructions No. 14 as unduly burdensome to the extent it purports to require Ripple to indicate the Bates numbers of documents previously produced by Ripple to Plaintiff that are responsive to the below Document Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to any Specific Objections set forth below, specifically incorporating each of the foregoing General Objections into each Specific Response below, and without waiving said objections and responses, Ripple responds as follows:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 1**

Please produce Ripple's audited financial statements for the years 2022 and 2023, and any quarterly financial statements for 2023.

**RESPONSE NO. 1**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request because it seeks documents dated after the filing of the Complaint on December 22, 2020, which are not relevant to the SEC's request for injunctive relief, penalties, or disgorgement, especially since Ripple does not plan to argue that it has an inability to pay a penalty, as Ripple has already represented to Plaintiff. Furthermore, as explained in General Objection No. 18, the SEC lacks good cause to seek discovery of post-Complaint transaction information at this late stage in the case. Ripple also objects to this Request because it requests sensitive, highly confidential financial information for a private company like Ripple, without any apparent relevance to the SEC's claims.

**REQUEST NO. 2**

Please produce, for the period December 22, 2020 through the present, all written contracts governing the sale or transfer of XRP by Ripple to non-employee counterparties including, but not limited to, institutional buyers, hedge funds, and ODL customers.

**RESPONSE NO. 2**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request because it seeks documents dated after the filing of the Complaint on December 22, 2020, which are not relevant to the SEC's request for injunctive relief, penalties, or disgorgement. Furthermore, as explained in General Objection No. 18, the SEC lacks good cause to seek discovery of post-Complaint transaction information at this late stage in the case. Ripple also objects to this Request as overly burdensome, as it would require Ripple to identify and produce "all written contracts governing the sale or transfer of

7

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

XRP by Ripple to non-employee counterparties," which would include Ripple's contracts over a three-year period with or concerning vendors, consultants, independent contractors, grants, donations, and other counterparties. Ripple also objects to this Request as vague and confusing, as Plaintiff fails to define, identify, or otherwise indicate the meaning of the terms "all written contracts," "non-employee counterparties," "institutional buyers," "hedge funds" and "ODL customers."

**REQUEST NO. 3**

> Please produce, to the extent not previously produced, all general ledger and subsidiary ledger spreadsheets related to any entity the expenses of which you contend should be deducted, in whole or in part, in the determination of disgorgement in this case and/or any entity whose expenses the October 4, 2021 Report of Anthony Bracco opines should be deducted.

**RESPONSE NO. 3**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Request to the extent that documents responsive to this Request have already been produced in response to other duplicative requests, including, but not limited to, Request No. 24 from Plaintiff's First Set of Requests for Production. In response to that Request, Ripple produced, in part, trial balances for certain Ripple entities based or doing business in the United States at documents Bates stamped RPLI_SEC 0302393 – RPLI_SEC 0302397. Ripple has also produced general ledger reports, such as RPLI_SEC 1102024, and consolidated trial balances as of December 31, 2013 through December 31, 2020, at RPLI_SEC 1102034 – RPLI_SEC 1102041. Ripple also objects to this Request, to the extent it requests Ripple's entire general ledger and subsidiary ledger spreadsheets, as overly broad, unduly burdensome, and not proportional to the needs of this case. Ripple further objects to this Request on the ground that it fails to identify the information sought with particularity. Ripple objects to this Request on the grounds that it is overbroad, vague, and confusing, as Plaintiff fails to define,

identify, or otherwise indicate the meaning of the terms "general ledger" and "subsidiary ledger spreadsheets." Ripple does not intend to produce documents in response to this Request because the sought after information is contained in Ripple's prior productions and any further productions would be duplicative.

Dated: December 14, 2023
      New York, New York

DEBEVOISE & PLIMPTON LLP

/s/ *Andrew J. Ceresney*
Andrew J. Ceresney
Douglas S. Zolkind
Christopher S. Ford
Erol N. Gulay

66 Hudson Blvd.
New York, NY 10001
212-909-6000

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK PLLC

Michael K. Kellogg
Reid M. Figel
Brad Oppenheimer

Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
202-326-7900

*Attorneys for Defendant Ripple Labs Inc.*

**CERTIFICATE OF SERVICE**

I, Erol N. Gulay, hereby certify that on December 14, 2023, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to the SEC's Remedies Document Requests by electronic mail upon the following:

Dated: December 14, 2023

SECURITIES AND EXCHANGE COMMISSION

Jorge G. Tenreiro
Ladan F. Stewart
100 Pearl Street
New York, New York 10014
(212) 336-9145

Benjamin Hanauer
175 W. Jackson Boulevard, Suite 1450
Chicago, Illinois 60604

Marc J. Jones
Peter B. Moores
33 Arch Street, 24th Floor
Boston, MA 02110

*Attorneys for Plaintiff Securities and Exchange Commission*

DEBEVOISE & PLIMPTON LLP

/s/ *Erol N. Gulay*
Erol N. Gulay
66 Hudson Blvd.
New York, NY 10001
(212) 909-6000
egulay@debevoise.com

*Attorney for Defendant Ripple Labs Inc.*