# EXHIBIT C

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,<br><br>Defendants. | No. 20 CV 10832 (AT) (SN) |

## DEFENDANT RIPPLE LABS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REMEDIES INTERROGATORIES

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Ripple Labs Inc. ("Ripple" or "Defendant"), by and through its undersigned counsel, hereby objects and responds to Plaintiff's Remedies Interrogatories to Defendant Ripple Labs, Inc. ("Plaintiff's Remedies Interrogatories," each individually an "Interrogatory") dated November 14, 2023.

Ripple's responses are made without waiving or intending to waive any objections as to relevancy, privilege, or admissibility of any information provided in response to Plaintiff's Remedies Interrogatories. A partial answer to any Interrogatory to which Ripple has objected, in whole or in part, is not intended to be a waiver of the objection.

These responses are based on the information currently available to Ripple. Ripple reserves the right to amend, supplement, or modify its responses and objections at any time in the event that it obtains additional or different information, pursuant to Fed. R. Civ. P. 26(e)(1)(A).

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

The information supplied in these responses is not based solely upon the knowledge of the executing party, but includes the knowledge of the party, its agents, representatives, and attorneys, unless privileged.

## INTRODUCTORY STATEMENT

Nothing in Ripple's responses and objections herein shall be construed as a waiver of Ripple's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility or any other proper grounds to the use of any information provided in response to Plaintiff's Remedies Interrogatories, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to these Remedies Interrogatories or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection against disclosure.

All of the General Objections and Objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Objections and Responses to the individual Interrogatories set forth below and have the same force and effect as if fully set forth therein. Without waiving any of the General Objections to the extent they apply to each of the individual Interrogatories, Ripple may specifically refer to certain General Objections in responding to a particular Interrogatory. Any objection or lack of an objection to any portion of an individual Interrogatory shall not be deemed an admission that Ripple can identify information in response to such Interrogatory.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## **GENERAL OBJECTIONS**

1.     Ripple objects to the Interrogatories to the extent they exceed the twenty-five (25) written interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1), including subparts in the Interrogatories asking discrete questions. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010).  The SEC previously served over twenty-five interrogatories inclusive of subparts: Interrogatory Nos. 1-12 and 14-24 (twenty-three interrogatories)[1] plus a six-subpart Interrogatory No. 13.[2]  Indeed, the SEC itself separately numbered those subparts.  Ripple has previously provided responses and objections to twenty-five of these interrogatories, and objected to providing responses beyond the permissible limit included within Plaintiff's Third Set of Interrogatories to Defendant Ripple Labs Inc.  The SEC did not object or otherwise respond to Ripple's position that Interrogatory No. 13 contained six subparts, each asking a discrete question under Rule 33(a)(1).  Therefore, the SEC is not entitled to serve any more interrogatories pursuant to Rule 33(a)(1), and Ripple has no obligation to provide responses to the Remedies Interrogatories.

2.     Ripple objects to each Interrogatory and to each Definition and Instruction on the grounds that Plaintiff has served new interrogatories well after the close of fact discovery (August 31, 2021), and the court must limit the extent of discovery under Federal Rule of Civil Procedure 26(b)(2)(C)(ii) because Plaintiff has had ample opportunity to obtain the requested information by discovery in this action.

---

[1]  In addition, Interrogatories Nos. 5 and 6 are compound and have two and three subparts, respectively.  Ripple does not waive any right to object that these Interrogatories should be counted by their discrete subparts.

[2]  Interrogatory No. 13, subpart (6) further has two sub-subparts.  Ripple does not waive any right to object that these discrete subparts should be counted separately.

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

3. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information that is neither relevant to the claims or defenses asserted in this action nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection.

5. Ripple objects to each Interrogatory and to each Definition and Instruction on grounds that they are vague, unduly burdensome and/or overly broad, to the extent that they ask for the identification of "any role," "any public statements," "all efforts," and similarly overbroad information. Ripple will identify the material facts upon which it presently intends to rely, but does not represent that its responses and objections exhaustively list all facts, documents, or other evidence that may be offered at summary judgment or at trial. Ripple specifically reserves the right to rely on additional facts not included in these responses and objections.

6. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they are unreasonably cumulative, duplicative or seek information or documents

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

obtainable from some other source that is more convenient, less burdensome or less expensive than the efforts it would take for Ripple to provide the information or documents.

7. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent that they seek information that are not in the possession, custody or control of Ripple, on the grounds that such discovery is overly broad, unduly burdensome and in excess of Rule 34 of the Federal Rules of Civil Procedure.

8. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent they seek information already in the possession, custody or control of Plaintiff or is obtainable from public sources.

9. The failure of Ripple to object to any specific Interrogatory or Definition and Instruction on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s). Ripple reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

10. Ripple does not concede the relevance, materiality or admissibility of any information or documents sought in the Interrogatories. Ripple's responses are without waiver or limitation of its right to object on grounds of relevance, privilege, admissibility of evidence for any purpose or any other ground to the use of any information or documents provided or referred to in its responses, in discovery or in any proceeding, or at the trial of this or any other action.

11. These objections and responses do not constitute, and shall not be interpreted as Ripple's agreement with, or admission as to the truth or accuracy of, any legal or factual characterization or allegation stated or implied in Plaintiff's Definitions and Instructions or in any of the individual Interrogatories.

5

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

12. Ripple objects to each Interrogatory to the extent that it calls for disclosure of evidence to be presented by any expert, including through an expert report or testimony, in advance of the deadline for disclosure of such evidence, and Ripple will not make such premature disclosures. Ripple reserves the right to rely on any appropriate evidence presented by any expert, including in connection with subjects relating to any Interrogatory.

13. Ripple objects to each Interrogatory and to each Definition and Instruction to the extent they seek to impose obligations on Ripple that go beyond the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules, including Local Civil Rule 33.3 of the Local Rules.

14. The uniform definitions and rules of construction set forth in Local Civil Rule 26.3 of the Local Rules are incorporated by reference as if fully set forth herein.

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

15. Ripple objects to the Definitions and Instructions insofar as they depart from the requirements of the Federal Rules of Civil Procedure and the Local Rules. Ripple will respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules.

16. Ripple objects to Definition and Instruction No. 11, to the extent it purports to set the relevant time period for the Interrogatories as April 1, 2014 through "the present." Ripple will not provide information related to events occurring after the filing of the Complaint on December 22, 2020 in response to any of Plaintiff's Interrogatories. Events subsequent to December 22, 2020 are not relevant to any claim or defense, or to any remedies sought in this litigation, and therefore Definition and Instruction No. 11 is overly broad, unduly burdensome, not proportionate to the needs of this litigation and not reasonably calculated to lead to the

discovery of relevant or admissible evidence. Furthermore, Magistrate Judge Netburn has already denied the SEC's request for post-Complaint discovery, *see* Order, June 15, 2021 at 2 (ECF No. 249) (denying SEC's motion to compel production of documents post-dating the Complaint), and the SEC lacks good cause for any late request for discovery into post-Complaint information, a request that would now be made years after the fact discovery period has closed.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

State the amount of expenses Ripple specifically incurred in selling XRP via Institutional Sales (as opposed to Ripple's general business expenses) from April 1, 2014 to December 22, 2020.

### RESPONSE NO. 1

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure. *See* General Objection No. 1. Ripple also objects to this Interrogatory as vague and ambiguous, because the Interrogatory fails to define, identify, or otherwise indicate the meaning of the phrase "specifically incurred in selling XRP via Institutional Sales." Ripple further objects to this Interrogatory as duplicative and cumulative of Plaintiff's requests for production, including, but not limited to, Request No. 24 from Plaintiff's First Set of Requests for Production, which are "a more practical method for obtaining the information sought." Local Civil Rule 33.3(b); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive). In light of the foregoing objections, no response is required.

7

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 2**

For any expenses identified in response to Remedies Interrogatory 1, (a) state the accounting category of the expense (as used in the October 4, 2021 Report of Anthony Bracco), (b) state the amount of the expense, and (c) explain in detail why the expense was specifically incurred in selling XRP via Institutional Sales (as opposed to Ripple's general business expenses).

**RESPONSE NO. 2**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  *See* General Objection No. 1.  Ripple also objects to this Interrogatory as vague and ambiguous, because the Interrogatory fails to define, identify, or otherwise indicate the meaning of the phrase "specifically incurred in selling XRP via Institutional Sales."  In light of the foregoing objections, no response is required.

**INTERROGATORY NO. 3**

For any entity listed in the spreadsheet titled TB by Entity – FY_20-RPLI-SEC-1102041 other than XRP II, please explain what, if any role, that entity played Ripple's Institutional Sales [sic].

**RESPONSE NO. 3**

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  *See* General Objection No. 1.  Ripple also objects to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of this litigation, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, because it seeks an unreasonable volume of information concerning the role of 19 different affiliate entities in Ripple's business activities over an eight-year period.  Ripple further objects to this

Interrogatory as ambiguous and confusing as written. In light of the foregoing objections, no response is required.

### INTERROGATORY NO. 4

Please explain the use of Intercompany Payable account entries under Account Number ███████████████████████████, as those entries appear in the spreadsheet titled FY2020_XRP II Full GL Report-RPLI-SEC-1102024 and other XRP II general ledger documents. Please include in your answer how it is determined that an intercompany payable amount is warranted and how it is determined to which entity that intercompany payable amount is paid.

### RESPONSE NO. 4

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure. *See* General Objection No. 1. Ripple further objects to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of this litigation, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, because this request seeks an unreasonable volume of information concerning 245 separate transactions. In light of the foregoing objections, no response is required.

### INTERROGATORY NO. 5

Please identify the amount of legal fees and expert fees related to the investigation that preceded this lawsuit and any other litigations related to allegations of unregistered sale of XRP by Ripple Labs, Inc., any subsidiary or related company to Ripple Labs, Inc., and/or any executive of Ripple Labs, Inc. or its related entities, that are included as expenses proposed to be deducted from total disgorgement in the Anthony Bracco expert report.

### RESPONSE NO. 5

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Interrogatory because Plaintiff has exceeded the

9

number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  *See* General Objection No. 1.  In light of the foregoing objections, no response is required.

### INTERROGATORY NO. 6

> For any Institutional Sales the Court found constituted a violation of Section 5 in its Order on Summary Judgment dated July 13, 2023 (Doc. No. 874), state with specificity the amounts in dollars you contend are not subject to the imposition of remedies and the reasons you contend remedies are unwarranted.

### RESPONSE NO. 6

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  *See* General Objection No. 1.  Ripple further objects to this Interrogatory to the extent it suggests that Ripple bears any burden to prove "the amount in dollars" that are *not* subject to the imposition of remedies.  In light of the foregoing objections, no response is required.

### INTERROGATORY NO. 7

> Please identify any public statements You have made to date acknowledging the wrongful nature of your offer and sales of XRP as an investment contract without registration.

### RESPONSE NO. 7

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein.  Ripple objects to this Interrogatory because it seeks information that is available to Plaintiff from public sources.  Ripple further objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  *See* General Objection No. 1.  Ripple also

10

objects to this Interrogatory as vague and ambiguous, because the Interrogatory fails to define, identify, or otherwise indicate the meaning of the term "wrongful nature." In light of the foregoing objections, no response is required.

### INTERROGATORY NO. 8

Please identify all efforts you have taken, if any, to register with the Commission any ongoing or future offering involving the sale of XRP.

### RESPONSE NO. 8

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure. *See* General Objection No. 1. Ripple further objects to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of this litigation, and not reasonably calculated to lead to the discovery of relevant or admissible evidence insofar as it seeks identification of "all efforts" Ripple has taken, including with respect to "future offerings." In light of the foregoing objections, no response is required.

### INTERROGATORY NO. 9

For any transfers of XRP made by Ripple after December 22, 2020, pursuant to any written Institutional Sales contract that was executed prior to December 22, 2020, please state by calendar quarter the amount of XRP transferred and the amount of fiat currency or crypto assets, in U.S. dollars, Ripple received for transferring the XRP pursuant to the written Institutional Sales contracts.

### RESPONSE NO. 9

Ripple incorporates its General Objections and Objections to Definitions and Instructions as if fully stated herein. Ripple objects to this Interrogatory because Plaintiff has exceeded the number of allowable interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure. *See* General Objection No. 1. Ripple also objects to this Interrogatory

11

to the extent it implies that any action taken by Ripple subsequent to the filing of the Complaint in this action is relevant to any claim or defense. Ripple further objects to this Interrogatory on the basis that any request by the SEC for discovery into post-Complaint transactions has come far after the close of fact discovery, Magistrate Judge Netburn has already denied the SEC's request for discovery into post-Complaint transaction information, and the SEC lacks good cause for raising its late request now. In light of the foregoing objections, no response is required.

Dated:    December 14, 2023
          New York, New York

                          DEBEVOISE & PLIMPTON LLP

                          By: /s/ *Andrew J. Ceresney*
                          Andrew J. Ceresney
                          Douglas S. Zolkind
                          Christopher S. Ford
                          Erol N. Gulay
                          66 Hudson Blvd.
                          New York, NY 10001
                          212-909-6000

                          KELLOGG, HANSEN, TODD, FIGEL &
                          FREDERICK PLLC

                          Michael K. Kellogg
                          Reid M. Figel
                          Brad Oppenheimer

                          Sumner Square
                          1615 M Street, NW, Suite 400
                          Washington, DC 20036
                          202-326-7900

                          *Attorneys for Defendant Ripple Labs Inc.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

    I, Erol N. Gulay, hereby certify that on December 14, 2023, I served a copy of Defendant Ripple Labs Inc.'s Responses and Objections to Plaintiff's Remedies Interrogatories by electronic mail upon the following:

Dated: December 14, 2023

SECURITIES AND EXCHANGE
COMMISSION

Jorge G. Tenreiro
Ladan F. Stewart
100 Pearl Street
New York, New York 10014
(212) 336-9145

Benjamin Hanauer
175 W. Jackson Boulevard, Suite 1450
Chicago, Illinois 60604

Marc J. Jones
Peter B. Moores
33 Arch Street, 24th Floor
Boston, MA 02110

*Attorneys for Plaintiff Securities and Exchange Commission*

DEBEVOISE & PLIMPTON LLP

/s/ *Erol N. Gulay*

Erol N. Gulay
66 Hudson Blvd
New York, NY 10001
(212) 909-6000
egulay@debevoise.com

*Attorney for Defendant Ripple Labs Inc.*