```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                               Plaintiff,              20-CV-10832 (AT)(SN)

              -against-                                     ORDER

RIPPLE LABS, INC., et al.,

                               Defendants.
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/2024
```

**SARAH NETBURN, United States Magistrate Judge:**

The Securities and Exchange Commission ("SEC") seeks an order compelling Ripple Labs ("Ripple") to (1) produce 2022-2023 financial statements, (2) produce post-complaint contracts governing "Institutional Sales," and (3) answer an interrogatory regarding the amount of XRP Institutional Sales proceeds it received after the complaint was filed. ECF No. 925. Ripple opposes the application. ECF No. 929.

On July 13, 2023, the Court resolved the parties' cross motions for summary judgment. ECF No. 874. As relevant here, the Court determined that Ripple engaged in the unlawful offer and sale of securities in violation of Section 5 of the Securities Act of 1933 when it made Institutional Sales of XRP to Institutional Buyers. The parties have since agreed that certain "remedies-related discovery" is appropriate. In setting deadlines for such discovery, the SEC expressed its intent to seek post-complaint discovery, which it believes is relevant to its claims for injunctive and monetary remedies, and Ripple reserved it right to oppose such discovery. ECF No. 923. The Court has set a February 12, 2024 deadline to complete such discovery. ECF No. 924.

The Court first addresses Ripple's procedural objections. Ripple argues that post-complaint discovery is untimely and barred by the Court's discovery ruling in June 2021. On June 15, 2021, the Court denied without prejudice the SEC's request to compel production of post-complaint discovery. See ECF No. 249. That ruling was made in the context of expert merits discovery and in light of an apparent agreement by the parties with respect to the scope of expert testimony. It is therefore not controlling on the Court.

I.   **2022-2023 Financial Statements**

The SEC seeks Ripple's 2022-2023 financial statements for purposes of assisting the Court in fashioning an appropriate remedy. See SEC v. Rajaratnam, 918 F.3d 36, 44-45 (2d Cir. 2019) (courts have "no hesitation in concluding that, in calculating the size of a penalty necessary to deter misconduct, the extent of a defendant's wealth is a relevant consideration"). Ripple contends that its financial health is irrelevant to the Court's determination because (1) Ripple is not claiming an inability to pay any penalty and (2) the Court may determine an appropriate penalty without such information. Ripple also argues that its financial statements are highly confidential.

The District Judge – and not this Court – will set an appropriate remedy based on whatever considerations are permissible and reasonable. At this stage, the Court sees no basis to short-circuit that inquiry by denying access to readily available information that may be probative to the remedy stage. Accordingly, Ripple is ORDERED to produce its 2022-2023 financial statements under the parties' protective order.

II.   **Post-Complaint Contracts**

The parties dispute whether post-complaint contracts are relevant to the remedy to be imposed. The SEC credibly argues that the District Judge may consider post-complaint conduct

when determining whether an injunction is necessary and just. Indeed, Ripple appears to argue that an injunction should not be entered because its post-complaint conduct has been structured in such a way to comply with the Court's rulings. The SEC should be permitted to rebut that statement. The Court is not convinced that the production of these contracts will result in an improper or costly "mini-trial." Accordingly, Ripple is ORDERED to produce its post-complaint contracts.

### III.    Post-Complaint XRP Institutional Sales Proceeds

Finally, the SEC argues that proceeds from pre-complaint Institutional Sales are relevant to any disgorgement determination. See Vacold LLC v. Cerami, 545 F.3d 114, 122 (2d Cir. 2008) (the purchase of a security occurs when the parties to the transaction are committed to one another). Ripple appears to agree with this statement of law but contends that its contracts did not *obligate* the parties to any clear transaction. The controversy before this Court is *whether* to order Ripple to answer this interrogatory and not what weight to assign to Ripple's response. Because the SEC has made a sufficient showing that this information may assist the Court in fashioning its remedy, Ripple must respond to the Interrogatory. Accordingly, the Court grants the SEC leave to serve one additional interrogatory. Fed. R. Civ. P. 33(a)(1).

The SEC's motion is granted in full. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 925.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    February 5, 2024
          New York, New York