

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

February 6, 2024

VIA ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

      Pursuant to Section I.C. of the Court's Individual Practices in Civil Cases, Defendant Ripple Labs Inc. ("Ripple") respectfully requests that the Court grant a brief, one-week extension of the deadline for remedies-related discovery, from February 12, 2024 to February 20, 2024.[1]

      As anticipated in the parties' November 9, 2023 joint letter to the Court proposing a schedule for remedies discovery, *see* ECF No. 923, the parties had a dispute over the relevance of post-complaint discovery requested by the SEC, among other issues. The dispute was resolved in the SEC's favor by Judge Netburn on February 5, 2024—which is just one week before the close of discovery. *See* ECF No. 936. Ripple requests this extension because, absent a brief extension of the current deadline, Ripple would have just one week in which to produce responses to discovery requests that seek a large volume of documents and cover the entire post-complaint period. A short extension of eight (8) days will give Ripple sufficient time to collect and produce the requested documents.

      None of the parties has previously requested an extension of the remedies-related discovery schedule. The SEC consents to Ripple's request for an extension of the remedies-related discovery deadline to February 20, 2024.

I.    **Procedural and Factual Background**

      On November 9, 2023, the SEC and Ripple filed a joint letter proposing a 90-day period during which limited expert discovery as to remedies would occur. *See* ECF No. 923. Ripple reserved the right to oppose any other discovery the SEC sought, including all post-complaint discovery, and reserved the right to seek an extension of any discovery deadline if the Court were to

---

[1] February 19, 2024 is Presidents' Day.

grant any such discovery.  *See id.* (indicating that if the "SEC seeks [post-complaint] discovery, and the Court permits it, Ripple reserves all rights to petition the Court for an extension of any discovery deadline.").  On November 13, 2023, the Court granted the parties until February 12, 2024 to "complete remedies-related discovery."  ECF No. 924.

On November 14, the SEC served nine interrogatories and three RFPs on Ripple.  On December 14, Ripple objected to these discovery requests on several grounds, including that certain of the requests related to post-complaint conduct and were therefore irrelevant.  After the parties met and conferred on December 21 and January 3 to narrow the dispute, the SEC on January 11 filed a motion to compel certain discovery: (a) Ripple's financial statements for the years 2022 and 2023; (b) Ripple's post-complaint written contracts governing XRP sales to "institutional buyers, hedge funds, and ODL customers"; and (c) the amount of proceeds Ripple received for delivering XRP after the Complaint was filed, but pursuant to written contracts entered into before the filing of the Complaint.  *See* ECF No. 925.  Ripple opposed the motion, arguing that the requested discovery was irrelevant to the sought-after remedies, the SEC could have sought the discovery when fact discovery was open, and the SEC had previously conceded that Ripple's post-complaint conduct was not relevant to the case.  *See* ECF No. 929.  On February 5, 2024, Judge Netburn granted the SEC's motion to compel in full.  *See* ECF No. 936.

The parties also engaged in remedies-related expert discovery as contemplated by the joint letter.  On December 28, 2023, Ripple timely served a superseding version of a report by its remedies expert Anthony M. Bracco.  On January 18, 2024, the SEC deposed Mr. Bracco.

In compliance with Judge Netburn's February 5 order, Ripple intends to produce available financial statements and serve a response to the SEC's interrogatory about post-complaint proceeds from pre-complaint contracts by the current fact discovery deadline of February 12, 2024.  However, Ripple seeks a brief extension until February 20 to produce its contracts for the sale of XRP to institutional buyers, hedge funds, and ODL customers from a roughly three-year period, because of the burdens and difficulty associated with trying to collect and produce those documents by the existing deadline.

## II.    There is Good Cause to Extend the Existing Deadline

Under Federal Rule of Civil Procedure 16(b)(4), the Court's scheduling order may be modified upon a showing of "good cause."  The Court should consider, among other factors, whether Ripple has been diligent in attempting to meet the existing deadlines, *see Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019); the "imminence of trial," *Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-cv-4814, 2021 WL 1687478, at *4 (S.D.N.Y. Apr. 29, 2021); and whether the SEC would be unfairly prejudiced by an extension of the discovery deadline, *see Casagrande v. Norm Bloom & Son, LLC*, No. 11-cv-1918, 2014 WL 5817562, at *4 (D. Conn. Nov. 10, 2014).  Each of these factors weigh in favor of granting the requested extension.

*First*, Ripple has been diligent in attempting to complete discovery by the current deadline.  On December 14, 2023, Ripple timely served its responses to the SEC's discovery requests, and the parties promptly met and conferred to attempt to resolve the dispute, including over the December holiday week.  Notwithstanding Ripple's diligent efforts, the SEC's motion to compel was not resolved until one week prior to the discovery deadline.  Still, Ripple will produce

Hon. Analisa Torres   3   February 6, 2024

responses to two of the three discovery requests by the current deadline.  As for the final request—which seeks almost three years of Ripple's contracts for the sale of XRP and which Ripple had argued was "overly burdensome" in connection with the SEC's motion to compel, *see* ECF No. 935—Ripple respectfully seeks only a brief, one-week extension to collect and produce any responsive documents.

    *Second*, the "imminence of trial" is not a factor because this discovery relates to remedies-related briefing and no trial is involved.  Ripple is not requesting changes to any other deadlines in the case.

    *Third*, the SEC would not be unfairly prejudiced by a one-week extension of the deadline.  Indeed, the SEC consents to Ripple's request.  And even if this point were disputed, the extension is very short, so the SEC will still have ample time to prepare remedies-related briefing.

### III.   Ripple's Proposed Scheduling Order

    In light of the foregoing, Ripple respectfully requests that the Court's deadline for remedies-related discovery be extended to February 20, 2024.

Respectfully submitted,

*/s/ Andrew J. Ceresney*
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
aceresney@debevoise.com

*Counsel for Defendant Ripple Labs Inc.*


KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC

*Counsel for Defendant Ripple Labs Inc.*


cc:   All Counsel of Record (via ECF)