UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

February 27, 2024

**VIA ECF and EMAIL**
Hon. Analisa Torres
United States District Judge
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc.* et al., No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Pursuant to Rule I.C. of this Court's Individual Practices in Civil Cases, Plaintiff Securities and Exchange Commission ("SEC") respectfully requests modification of the pending deadlines for remedies-relating briefing (D.E. 924) that would result in a total one-week extension for the completion of such briefing. Specifically, the SEC respectfully requests that the deadline for filing its remedies-related opening brief be extended from March 13 to March 22, 2024, the deadline for Ripple to file its opposition brief be extended from April 12 to April 22, 2024, and the deadline for the SEC to file its reply brief be extended from April 29 to May 6, 2024.

None of the parties has previously requested an extension of the remedies-related briefing schedule. Ripple consents to the SEC's request.

Moreover, "good cause" exists to grant this brief extension under Federal Rule of Civil Procedure 16(b)(4). The SEC has been diligent in completing remedies-related discovery and briefing. *See also* D.E. 937 at 1 (describing parties' diligence in remedies-related discovery). Notwithstanding these efforts, a dispute between the parties as to the proper scope of discovery was not resolved until February 5, 2024, one week before the original end of remedies-related discovery. D.E. 936. The SEC agreed with Ripple that the timing of that resolution required extending the initial discovery deadline by one week, and Magistrate Judge Netburn granted Ripple's request to so extend the discovery deadline. *See* D.E. 937, 938. Now, the SEC respectfully seeks a nine-day extension to file its opening brief, to complete review of the recently produced documents and finalize remedies-related briefing.

Nor is the "imminence of trial" a factor here, given that no trial is involved in what remains to be done in this case. Finally, Ripple, who consents to the SEC's request, would not be unfairly prejudiced by the SEC having nine additional days to file its opening brief, given that Ripple itself would have additional time to file an opposition brief. Nor will Ripple be unfairly prejudiced by the SEC's reply brief being filed a single week later than originally contemplated.

Given the foregoing, the SEC respectfully requests that the Court modify the remedies-related briefing deadlines as set forth herein.

Respectfully submitted,

*Jorge G. Tenreiro*
Jorge G. Tenreiro

cc: Counsel for Defendants (via ECF)