KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

May 2, 2024

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *SEC v. Ripple Labs Inc. et al.*, No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Netburn:

    We write on behalf of Defendant Ripple Labs Inc. ("Ripple") in further support of its April 22, 2024 letter-motion to strike, ECF No. 951, and in reply to the SEC's April 29, 2024 letter-opposition, ECF No. 959.  The SEC has failed to show that the Declaration of Andrea Fox, ECF No. 946 ("Fox Decl."), is summary evidence rather than expert testimony, or that it was timely under the Court's scheduling order.  Her testimony should be struck.

    **1.**    The SEC does not dispute that if Fox is an expert, it had to serve a report from her during remedies discovery.  Fox is an expert because she purports to use "technical[] or other specialized knowledge" to "help the trier of fact understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  She does not merely "apply[] basic arithmetic to Ripple's financial records," as the SEC contends (at 1).  Rather, she analyzes Ripple's records, third-party evidence, and expert reports; draws inferences and conclusions about those documents; and calculates disgorgement, prejudgment interest, and discount amounts based on her analysis.

    **a.**    As one example, Fox states that she "understand[s] from [her] review that 'Cost of Revenue' includes the costs associated with all revenue generated by Ripple, not just the revenue generated by sales of XRP or more narrowly Institutional Sales of XRP," because "the Cost of Revenue category of expenses includes those portions of Ripple's operational expenses that Ripple allocated to Cost of Revenues."  Fox Decl. ¶ 14.  That is not basic arithmetic.  Fox is relying on accounting experience to opine about what "Ripple's financial records show."  *Id.*  As Ripple's letter-motion explains (at 3), a summary witness "do[es] the same task, with a lay person's level of expertise, with regard to voluminous records, as a juror could do."  *United States v. Wedd*, 2017 WL 11488608, at *10 (S.D.N.Y. Apr. 3, 2017).  A layperson could not review Ripple's records and determine how expenses were allocated to one category or another.

    The SEC responds variously (at 3-4) that the term "Cost of Revenue" should be given "the plain meaning of the words," or should be used "as displayed on the face of [Ripple's] financial records," or perhaps as it appears in "Ripple's expert reports," so that Fox does not need expertise to explain it.  "Cost of Revenue" is an accounting term of art, not ordinary

May 2, 2024
Page 2

English, and its meaning is in dispute.  As Ripple's remedies opposition brief explains, "the SEC is . . . incorrect in equating . . . the cost-of-revenue line items from Ripple's financial statements" with "Ripple's 'marginal cost[s].' "  ECF No. 955 at 24 n.28.

The SEC also incorrectly asserts (at 2) that Ripple "does not claim Fox misread or misconstrued its records."  Fox misconstrues Ripple's records by stating she "understand[s] from [her] review of [those] records" that " 'Cost of Revenue' includes the costs associated with all revenue generated by Ripple" and that her Calculation One therefore reflects "costs to produce . . . Institutional Sales."  Fox Decl. ¶ 14.  Those incorrect statements are not supported by any citation to any Ripple record.  As Ripple's expert Bracco explained at his deposition, Ripple does not "track expenses by revenue source," and its records cannot be used to ascertain either expenses that are "100 percent related to institutional sales or . . . [those that] have absolutely nothing to do with institutional sales."  ECF No. 945-17 at 45:12-25.

**b.**        As a second example, Fox identifies "four accounts used by Ripple that," according to Fox, "appear to correspond to Ripple's direct costs of selling XRP."  Fox Decl. ¶ 18 (describing "Calculation Two").  She acknowledges that "these expense subcategories total to lesser amounts than Ripple's 'Cost of Revenues,' " and "infer[s] that they do not include some amount of overhead expenses," but states that she would need "additional information[ ] . . . [to] determine what expenses are included or excluded."  *Id.*  The SEC's remedies memorandum cites Fox's "Calculation Two" as a "net profits calculation" generated by its "accountant" using "certain accounting entries that appear to be direct costs of XRP sales."  ECF No. 944 at 14 n.3.  The SEC cites only Fox to support its claim about what those "accounting entries . . . appear" to mean.  *Id.*  A layperson could not "infer" what entries "appear to" mean by doing basic math.

**c.**        The SEC also has no good explanation for why, if Fox is not testifying as an expert, her declaration touts her qualifications as an accountant.  Instead, the agency asserts (at 3) that while Fox "did not . . . utilize her specialized knowledge in any way," her declaration includes her qualifications to "give the Court some comfort that her math is correct."  It is not plausible that Fox gave details about her "14 years at PricewaterhouseCoopers," including "Forensic Services Advisory" work, and her credentials as a "Certified Public Accountant" and "Certified Fraud Examiner," Fox Decl. ¶ 1, merely to show that she could do basic arithmetic.

**d.**        The SEC's cases (at 2) do not support its characterization of Fox as a summary witness.  In *United States v. Blakstad*, 2021 WL 5233417 (S.D.N.Y. Nov. 9, 2021), *aff'd*, 2023 WL 2668477 (2d Cir. Mar. 29, 2023), the court accepted the government's position that a summary witness merely testified to a "mechanical application of tracing analysis" without "specialized knowledge."  *Id.* at *4-5.  In *United States v. Lebedev*, 932 F.3d 40 (2d Cir. 2019), *abrogated on other grounds by Ciminelli v. United States*, 598 U.S. 306 (2023), the court of appeals affirmed a ruling admitting a summary witness's testimony coupled with a corrective instruction that the witness "was not endorsing" a particular accounting methodology.  *Id.* at 50.  In *SEC v. Treadway*, 430 F. Supp. 2d 293 (S.D.N.Y. 2006), the court admitted a summary witness's testimony that "simply add[ed] up the number of round trips" taken by certain investment funds.  *Id.* at 322.  None of those witnesses was an accountant analyzing financial records to associate costs with revenues or to explain the meaning of entries.

May 2, 2024
Page 3

e.      Contrary to the SEC's contention (at 5), its earlier proffer of testimony from its accountant Chris Ferrante is no precedent for its current proffer of Fox.  In its response to the SEC's Rule 56.1 statement, Ripple objected to Ferrante's testimony.  *See, e.g.*, ECF No. 663 ¶¶ 647, 716, 1055.  But Ripple did not move to strike that testimony, and Judge Torres did not address (let alone resolve) Ripple's objections.  In any event, the two declarations are not comparable.  Ferrante's declaration is 2.5 pages long, with just 4 substantive paragraphs.  *See* ECF No. 630-45.  Those 4 paragraphs describe (¶ 5) copying price data from a website and putting it into a chart and a graph; (¶ 6) copying line items from Ripple's financial statements into a chart and summing them; and (¶¶ 7-8) copying figures from Ripple's market reports and financial statements, putting them into a chart, and summing them.  If Fox had similarly limited her work to copying, pasting, and adding numbers, the SEC's contention that she is a summary witness might have force.  As shown above, she did much more.

2.      Even if Fox were a summary witness, rather than an expert, the parties' agreement and the Court's scheduling order required the SEC to disclose her before the close of discovery.  The parties' joint letter states that "[t]he SEC reserves its right to serve a rebuttal expert report or submit the declaration of a summary witness to rebut Mr. Bracco's report."  ECF No. 923 at 1.  It also states that "Ripple further reserves its right to seek discovery, including a deposition, *with respect to any such expert or witness* that is otherwise allowed by the Federal Rules of Civil Procedure."  *Id.* (emphasis added).  The Court then ordered the parties to "complete remedies-related discovery" by February 12, 2024, later extended to February 20.  ECF Nos. 924, 937, 938.  Discovery could not be "complete[d]," as the Court directed, if the SEC had not yet disclosed a witness whose testimony the agency planned to present and whose deposition Ripple had reserved its right to take.  Nor could Ripple, as the parties' joint letter contemplated, "seek discovery, including a deposition" of a witness whose identity and plans to testify it did not know until after discovery was complete.  ECF No. 923 at 1.

The SEC responds with wordplay.  The agency asserts (at 2 n.2) that because it reserved its right to "*submit* the declaration of a summary witness," as opposed to "*serv[ing]* a rebuttal expert report" (emphases added), it could wait until its remedies motion to do so.  If the SEC really meant "submit" to lay the groundwork for a summary witness disclosure after the close of discovery, its proposal is misleading.  Ripple would certainly have objected to that, as the SEC well knows.  Nor is there substance to the agency's contentions (at 2) that Ripple is at fault for not serving other types of discovery on the SEC during the discovery period, including "s[eeking] any deposition of . . . the anticipated summary witness."  The SEC had not stated whether it would use a summary witness, as opposed to an expert or none at all.  It had not disclosed the identity of any witness it would use.  Under those circumstances, all Ripple could do (and did) was reserve its right to seek a deposition of any such witness.

3.      Ripple showed in its letter-motion (at 3-5) that Rule 37(c)(1) and the factors from *Outley v. City of New York*, 837 F.2d 587 (2d Cir. 1988), support striking the Fox Declaration.  The SEC's letter-opposition does not cite or address Rule 37.  Nor does it address the cases cited in Ripple's motion (at 5 & n.2) showing that courts in this District routinely strike untimely expert witness disclosures.  Accordingly, if the Court finds the Fox Declaration untimely, the SEC has failed to contest that the appropriate remedy is an order striking that declaration.

May 2, 2024
Page 4

Respectfully submitted,

*/s/ Gregory G. Rapawy*
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
(202) 326-7900

DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

cc: All Counsel of Record (via ECF)