**Debevoise & Plimpton**

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

**Andrew J. Ceresney**
Partner
aceresney@debevoise.com
+1 212 909 6947

May 13, 2024

<u>VIA ECF</u>

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:  *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

      We write on behalf of Defendant Ripple Labs Inc. ("Ripple") and pursuant to Section IV(A)(ii) of the Court's Individual Practices in Civil Cases and the Court's March 20, 2024 Order (ECF No. 942), to request that the Court seal certain documents filed in connection with the SEC's Motion for Judgment and Remedies (the "Remedies Motion" and together, the "Remedies Materials"), which were filed on March 22, April 22, and May 6, 2024 by the SEC and Ripple (collectively, the "Parties").  ECF Nos. 943–950; 953–957; 961–962.  Copies of these documents with proposed redactions highlighted have been submitted under seal along with this Letter-Motion.[1]  To aid the Court in its consideration of Ripple's proposed redactions, Ripple has appended a log identifying the basis for sealing or redacting each document.  *See* Appendix A.

      Ripple seeks narrowly tailored redactions to the briefing on the Remedies Motion and certain of the exhibits, and requests that a small number of highly sensitive and confidential exhibits be sealed in their entirety.  Ripple's limited sealing requests are reasonable, narrowly tailored to protect highly confidential business information and the legitimate privacy interests of the third parties referenced in the Remedies Materials, and consistent with sealing requests that the Court granted in connection with the Summary Judgment and *Daubert* motions.  *See* ECF Nos. 737, 819.  The SEC has indicated in prior briefing that it does not oppose Ripple's requests to seal or narrowly redact certain documents to protect these interests.  Prior to filing this motion, counsel conferred with the counsel for the SEC about these sealing requests.  The SEC indicated that they consent to certain of Ripple's requests, but intend to oppose others.  For the convenience of the Court, we indicate below where the SEC informed us it does not oppose Ripple's request to seal.

---

[1]     For ease of reference, the exhibits to this Letter-Motion are referred to by both their current exhibit numbers and their original ECF numbers.

I.　**Legal Standard**

While there is a presumption of public access to judicial documents, *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019), courts must "balance competing considerations against" that presumption, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). "Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (reiterating that "the privacy interests of innocent third parties…should weigh heavily in a court's balancing equation")). Such considerations also include "the protection of sensitive, confidential, or proprietary business information." *See* ECF No. 819 at 3 (citing *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020)). These interests establish a "venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051.

II.　**Ripple's Requests to Seal or Redact the Remedies Materials**

The Remedies Materials contain highly sensitive and confidential material, including copies of Ripple's audited financial statements and documents containing information about Ripple's ongoing business relationships. Ripple's proposed redactions are narrow and targeted—they only pertain to information that is highly sensitive and would cause harm to Ripple, innocent third parties, and non-party Ripple employees if publicly disclosed.

The limited information that Ripple proposes to redact has minimal bearing on the Court's resolution of the Motion for Judgment and Remedies, as evidenced by the limited proposed redactions to the briefs. *See, e.g.*, *Amodeo*, 71 F.3d at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low."). Ripple's sealing requests are reasonable and consistent with the sealing requests that this Court previously granted in connection with the Parties' Summary Judgment and *Daubert* motions, and with sealing requests that other courts in this Circuit have routinely granted.[2]

　　A.　**Highly Confidential Financial Information**

Ripple requests to seal or narrowly redact a limited number of documents that reflect, or are copies of, Ripple's audited financial statements or other financial documents. These documents and information are nonpublic and their disclosure would cause significant harm to Ripple's business interests and competitive standing. *See* Declaration of Jonathan Bilich, Chief Financial Officer, Ripple Labs Inc., May 10, 2024 ("Decl.") ¶¶ 7–10; Appendix A to Decl. ("Decl. App'x") (identifying redactions).

Ripple seeks to seal or redact limited materials reflecting highly confidential information from its nonpublic audited financial statements, including from its confidential balance sheet,

---

[2]　The Court previously granted requests to seal or redact certain materials that appear in the Remedies Materials, including Exhibit K (ECF No. 945-16), Exhibit M (ECF No. 945-18), and Exhibit P (ECF No. 945-22). *See* ECF Nos. 737, 819. Ripple currently proposes the same treatment for these exhibits that the Court previously granted.

earnings, revenue and expense information of its business lines, and other confidential business information.  In particular, Ripple seeks to seal its recent audited financial statements and related documents in their entirety.  *See* Exhibits H, I, K, O, R (ECF Nos. 945-13, 945-14, 945-16, 945-21, 945-25).  The Court previously granted Ripple's requests to seal or redact information from its audited financial statements (*see* ECF Nos. 737 at 5–6; 819 at 7–9), and the SEC does not oppose the sealing of these five documents.  Ripple also seeks to redact certain other instances where information that was derived from its audited financial statements or other financial documents, or other confidential financial information,[3] is discussed in the Remedies Materials.  *See* Appendix A.

Ripple's requests should be granted for the same reasons for which it sought, and the Court granted, sealing or redaction of this information in the Summary Judgment and *Daubert* motions.  *First*, as a private company, Ripple's financial statements have never been publicly released, and Ripple undertakes significant measures to safeguard their confidentiality, only sharing them under select circumstances and always on a confidential basis.  *See* Decl. ¶ 8; *see also Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motion to redact "confidential … accounting and financial information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (permitting redaction of "financial metrics (such as pricing, costs, revenue, and profits)" and "business information of its active business units, such as…financial metrics").

*Second*, public disclosure of this information would be highly detrimental because it would reveal detailed information about Ripple's financial condition, long-term business plans, revenue streams, and expense structures to the marketplace, including Ripple's competitors, business partners, customers, and prospective customers.  *See* Decl. ¶ 9; *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales" and "specific revenue amounts from certain offerings").  Disclosure of such information could, for example, provide competitors with an unearned advantage by allowing them to develop competing products, pursue the same or similar business partners and markets, or establish revenue and expense structures that compete with Ripple's.

*Third*, to the extent Ripple has proposed redactions to information derived from its financial statements, the relevant substance of the briefs, exhibits, and deposition testimony remain undisturbed.  Ripple's narrowly tailored redactions target only the narrowest set of information that would be detrimental for Ripple's business and partnerships, and the information is irrelevant to the Court's resolution of the legal issues raised by the SEC's Remedies Motion.  *See, e.g.*, *Amodeo*, 71 F.3d at 1050.

*Fourth*, Ripple's prior requests to redact such highly confidential financial information were granted (*see* ECF Nos. 737, 819), and such requests are regularly granted in this Circuit,

---

[3]  This category includes the non-public billing rates of the accounting advisory firm that employs Ripple's expert witness.  The billing rates of that non-party company are not at issue in the SEC's Remedies Motion and should remain sealed to protect the company's privacy interests.

particularly with respect to private companies. *See, e.g.*, *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing "non-public financial statements" that could "advantage … competitors and harm their businesses").

B.  **Confidential Financial Terms of Ripple's Contractual Agreements**

Ripple also requests to seal or redact information about its confidential business relationships, including the negotiated financial terms of its contractual agreements with certain third-party business partners. *See* Decl. ¶¶ 11-20; *id.* at Decl. App'x (identifying redactions). Ripple's proposed redactions are narrow and target only the specific financial and pricing terms that Ripple and certain of its past or existing counterparties negotiated, and the Court granted Ripple's identical or similar proposed redactions in connection with the Summary Judgment and *Daubert* motions. *See* ECF Nos. 737, 819. While the dates of certain contracts and the fact that they contained discounts may be relevant to the SEC's arguments, the specific financial and pricing terms are not. Thus, while redaction is very important to Ripple's business interests, the redactions will not affect the public's ability to access any substantive material pertaining to the merits of the SEC's Remedies Motion and the Court's resolution of it. The redactions are narrowly drawn and warranted in light of their sensitive nature and the highly detrimental effect on Ripple's business that would result from public disclosure. *See* Decl. ¶¶ 11-20.

These sealing requests should be granted for three reasons. *First*, disclosure of this information would be highly detrimental to Ripple's competitive standing in the marketplace and its business relationships with current and prospective partners. *See* Decl. ¶¶ 12, 14-19. Revelation of the financial terms of its contracts with counterparties and customers, for instance, would reveal the individually negotiated terms obtained by a number of those parties, which could result in serious damage to Ripple's negotiating position with future counterparties, and would cause competitors to adjust their sales plans and pricing policies to compete with Ripple in the marketplace. *See* Decl. ¶¶ 17-18. Ripple's competitors could also leverage this information to undermine Ripple's existing partnerships and future business opportunities by offering Ripple's existing or prospective counterparties more attractive financial terms. *See* Decl. ¶ 18; *see also Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."). Some of the redactions pertain to confidential financial terms with Ripple's *current* business partners, which makes it even more likely that public disclosure would injure such relationships and be exploited by Ripple's competitors. *See Valassis*, 2020 WL 2190708, at *4 (granting redactions of "sensitive business information related to its ongoing businesses").

*Second*, Ripple's limited sealing requests target the financial terms of contracts and leave the remaining substantive terms—and the Parties' factual assertions and legal analyses regarding such contracts—largely unredacted, which will allow the public to access all materials having a "tendency to influence" the Court's resolution of the Remedies Motion. *Brown*, 929 F.3d at 49 (emphasis omitted); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding "redaction of only the financial data in . . . IRS correspondence").

*Finally*, courts regularly grant requests to seal or redact non-public contractual terms, and this Court has previously done so in this case. *See* ECF No. 737 (permitting redaction of

"confidential financial terms of Ripple's business relationships"); ECF No. 422 (permitting redaction of "Ripple's proprietary internal business strategies, analyses, impressions, and concerns on a variety of sensitive topics . . ., including, for example Ripple's business relationships"); *see also Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (permitting redaction of "[t]he financial information in [Verizon's] contracts," which "had no bearing on this Court's treatment" of the motions at issue); *Syntel*, 2021 WL 1541385, at *3 (granting redactions of "sensitive customer contract information"); *Valassis*, 2020 WL 2190708, at *4 (allowing redaction of "specific contracts terms").

### C. Identities of Certain Non-Party Financial Institutions, Business Partners, Employees, and Customers

Ripple also seeks to protect the identities of certain non-party entities—such as Ripple's investors, customers, employees, and business partners—whose privacy interests "should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (citations omitted); *see also* Decl. ¶¶ 12, 15; Decl. App'x (identifying redactions). The SEC has previously not objected to Ripple's application to redact the names of third parties, including the identities of its business partners. *See* ECF No. 766 at 4; ECF No. 565 at 2; ECF No. 570 at 3. Here, the SEC does not oppose Ripple's application to redact the names of its employees or its business partners' employees.[4]

The Court should grant these redactions for several reasons. *First*, the identities of these non-parties have no bearing at all on the Court's resolution of the Remedies Motion and therefore their privacy interests outweigh the presumption of public access. *See Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (granting motion to redact the identity of specific clients of the defendant where the redactions were "narrowly tailored to conceal the clients' identity" and the clients' identities had "no bearing" on the case); *Syntel*, 2021 WL 1541385, at *3 (granting motion to redact "names of and information regarding Syntel's clients").

*Second*, disclosure would be detrimental to these business partners' legitimate privacy interests and Ripple's commercial relationships with them. *See* Decl. ¶¶ 12, 15. Public disclosure of their identities and past or ongoing business relationships with Ripple might cause reputational or commercial harm to those non-parties were they to be revealed in the context of a high-profile SEC litigation; in fact, Ripple's relationships with these business partners continues to be challenged by the SEC's case. *See* Decl. ¶ 15. Publication of their identities and the scope of their business relationships with Ripple risks damaging Ripple's partnerships and will potentially chill future business opportunities. Courts have expressly recognized privacy interests in situations where disclosure could "embarrass or harm third party individuals while

---

[4] The SEC further suggested that it does not oppose the redaction of the names of certain of Ripple's business partners whose partnership with Ripple has not been publicly disclosed. However, Ripple seeks to seal these third parties to this litigation insofar as the context in which they appear in the Remedies Materials are non-public and the specific identities of these non-parties has no bearing on the Court's resolution of the SEC's motion.

offering little value to the monitoring of the federal courts." *Whittaker v. MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (Torres, J.) (citations omitted).

*Third*, the requested redaction of third-party names is consistent with prior rulings in this case, including the Court's ruling on Ripple's proposed redactions in connection with Summary Judgment motions. *See* ECF No. 819, at 11 (granting redactions of identities of non-parties); ECF No. 737 (same); ECF No. 554 (granting motion to redact e-mail addresses of non-parties); ECF No. 422 (granting motion to redact documents reflecting "the identities of third-party customers and prospective investors"); Order, ECF No. 412 (Netburn, J.) (granting motion to redact references to non-parties); Order, ECF No. 393 (Netburn, J.) (same).

### D. Non-Party Contact Information

Ripple requests narrowly tailored redactions of e-mail addresses and other contact information for current and former Ripple employees and other non-parties that appear in the Remedies Materials. Disclosure of personal contact information for non-parties has no pertinence to the Court's resolution of the pending Remedies Motion. These non-parties also have a heightened privacy interest in maintaining the confidentiality of their private contact information. *See, e.g.*, *In re Google* 2021 WL 4848758, at *5 (permitting redaction of "the names, job titles and e-mail addresses of Google employees" and holding that "non-parties to an action may have 'significant privacy interests' that favor redaction of identifying information"). The SEC does not oppose these redactions. Finally, the Court has previously granted Ripple's requests to redact contact information for non-parties, including Ripple's proposed redactions in connection with the Summary Judgment and *Daubert* motions. *See, e.g.*, ECF No. 819 at 12; ECF No. 737 (granting redactions of identifying information of non-parties); ECF No. 554 (granting motion to redact e-mail addresses of Ripple employees).

For the foregoing reasons, Ripple requests the Court grant its request to seal, in full or in part, the Remedies Materials as set forth in Appendix A.

Respectfully submitted,

*/s/ Andrew J. Ceresney*
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC

*Counsel for Defendant Ripple Labs Inc.*

cc:   All Counsel of Record (via ECF)