**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

Andrew J. Ceresney
Partner
aceresney@debevoise.com
+1 212 909 6947

May 29, 2024

VIA ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *SEC v. Ripple Labs Inc., et al.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

Defendant Ripple Labs Inc. ("Ripple") respectfully submits this reply letter in further support of its motion to seal certain documents filed in connection with the SEC's Motion for Judgment and Remedies (the "Remedies Motion" and together, the "Remedies Materials"). While many of the arguments contained in the SEC's brief were addressed in Ripple's opening papers, we write briefly to respond to two of the SEC's arguments in opposition.

*First*, the SEC argues that information about Ripple's current financial condition is "important to the Court's determinations" on remedies as to Ripple's historical conduct. Pl.'s Resp. in Opposition, ECF No. 966 ("Pl. Br."), at 2. As Ripple explained in its opposition to the SEC's remedies motion, that is incorrect. Ripple is not arguing it may be unable to pay any measured penalty, and there is otherwise no reason to believe that Ripple's current financial statements (from years after the challenged conduct) are relevant to the Court's analysis. The SEC should not be able to force disclosure of Ripple's highly sensitive confidential financial information merely by raising arguments that have no basis, especially where the Court can reject those arguments without considering any of the highly confidential facts. Even if the SEC's arguments were plausible, Ripple has still established a valid, commonly accepted basis for sealing its confidential financial documents. *See, e.g.*, *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CV 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) ("A legitimate privacy interest certainly exists in the financial documents of a privately held company.").

*Second*, the SEC incorrectly asserts that Ripple's historical contracts have no continuing relevance because Ripple has changed how it sells XRP. Far from being "stale" information as the SEC asserts, Pl. Br. at 4, Ripple explained through the declaration of its Chief Financial Officer that the terms of its contracts are confidential and future counterparties would gain substantial leverage from learning all of the individually negotiated terms of Ripple's past contracts. Declaration of Jonathan Bilich, Chief Financial Officer, Ripple Labs Inc. (May 10, 2024), ECF No. 964 ("Decl."), at ¶¶ 14-19. As Ripple explained in its opposition to the SEC's remedies motion—which the SEC does not contest in its sealing opposition, Pl. Br. at 4—Ripple is no longer selling XRP through over-the-counter transactions with the characteristics that the Court determined were "Institutional Sales" at summary judgment. Ripple's current sales of

XRP to customers for use in connection with Ripple's ODL product do not have any of the relevant terms of the over-the-counter contracts, such as discounts offered to sophisticated counterparties. *See id.*; Ripple's Remedies Opp. Br., ECF No. 953, at 9. But that does not mean that the terms of past contracts are commercially irrelevant to Ripple's current business. *See Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). Nor is the SEC correct to argue, *see* Pl. Br. at 6, that the price of XRP and other specific contractual terms in Ripple's over-the-counter contracts with sophisticated counterparties would have been required to be publicly disclosed even had they required registration with the SEC as investment contracts. The Court ruled that the digital asset XRP is not a security, and so the price at which Ripple sold XRP was not the same as the price at which Ripple sold the investment contracts described in the Court's summary judgment order. *See* ECF No. 874, at 15. As such, the price of XRP in the contracts at issue here is not "the price at which it is proposed that the security shall be offered to the public." 15 U.S.C. § 77aa(16).

For these reasons, and for the reasons set forth in Ripple's motion to seal, the Court should grant Ripple's narrowly tailored request to seal the confidential, non-public information submitted in connection with the SEC's motion for remedies.

Respectfully submitted,

*/s/ Andrew J. Ceresney*
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC

*Counsel for Defendant Ripple Labs Inc.*

cc: All Counsel of Record (via ECF)