# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS PTE LTD. and<br>DO HYEONG KWON,<br><br>Defendants. | No. 1:23-cv-1346 (JSR) |

**[PROPOSED] FINAL JUDGMENT AGAINST DEFENDANTS
TERRAFORM LABS PTE LTD. AND DO HYEONG KWON**

Plaintiff Securities and Exchange Commission ("SEC") filed a Complaint on February 16, 2023, and an Amended Complaint on March 31, 2023, against Defendants Terraform Labs Pte Ltd. ("Terraform") and Do Hyeong Kwon ("Kwon") (collectively "Defendants"). Dkt Nos. 1, 24. The SEC alleged, among other things, that Defendants engaged in unregistered offers and sales of securities in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15. U.S.C. §§ 77e(a) and 77e(c)], violations of the anti-fraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] and Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and that Kwon was liable, as a control person of Terraform, for Terraform's violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

On December 28, 2023, the Court granted the SEC's Motion for Summary Judgment and found that Defendants engaged in unregistered offers and sales of securities in violation of Securities Act Sections 5(a) and 5(c) [15. U.S.C. §§ 77e(a) and 77e(c)], and granted Defendants' Motion for Summary Judgment as to the SEC's claims alleging that Defendants engaged in

transactions in security-based swaps in violation of Securities Act Section 5(e) [15 U.S.C. § 77e(e)] and Exchange Act Section 6(l) [15 U.S.C. § 78f(1)].  Dkt. No. 149.

On April 5, 2024, a unanimous jury reached a verdict finding Defendants liable for violating the anti-fraud provisions of Exchange Act Section 10(b) [15 U.S.C. § 78j(b)], Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Securities Act Section 17(a) [15 U.S.C. § 77q(a)], and that Kwon was liable, as a control person of Terraform, for Terraform's violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].  Dkt. No. 229.

Defendants having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with them or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the above defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the above defendants or with anyone described in (a).

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants are permanently restrained and enjoined from: (i) participating, directly or indirectly, in the purchase, offer, or sale of any crypto asset securities, including but not limited to UST, MIR, LUNA, wLUNA, and LUNA 2.0 or (ii) engaging in activities for purposes of inducing or attempting to induce the purchase, offer, or sale of any crypto asset securities by others.

Notwithstanding the foregoing, as part of Terraform's orderly wind-down and liquidation in the case, *In re: Terraform Labs Pte. Ltd.*, No. 24-10070 (BLS) (Bankr. D. Del.) (the "Bankruptcy Case"), Defendants shall be permitted to allow third parties to withdraw, unwind and/or unstake their positions from Terraform's applications and protocols; and the Defendants, or the liquidating trustee or other estate representative in the Bankruptcy Case, shall be permitted to dispose of crypto assets within the bankruptcy estate's possession or control, including the crypto assets transferred to the bankruptcy estate's possession, custody, or control by Defendant Kwon pursuant to the terms of ¶ VII hereto, other than UST, MIR, LUNA, wLUNA, ANC, KRTC, and LUNA 2.0 (the "Terraform Crypto Assets"), in a manner not objectionable to the parties and the court in the Bankruptcy Action. Defendants shall otherwise burn or destroy private keys in Terraform's possession to wallets or blockchain addresses holding Terraform Crypto Assets, including those tokens after they are received from the Luna Foundation Guard pursuant to the transfers contemplated by the terms of ¶ VII hereto, and to burn any vested LUNA 2.0 tokens.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) and Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(2) and (d)(5)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Kwon is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Terraform is liable for disgorgement totaling **$3,586,875,883**, which represents net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of **$466,952,423**. Of these amounts, Kwon is jointly and severally liable with Terraform in the amount of **$110,000,000** of disgorgement, plus prejudgment interest thereon in the amount of **$14,320,196**.

Pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], the Court further imposes a civil penalty on Terraform of **$420,000,000**. The **$4,473,828,306** in total monetary remedies against Terraform shall be payable as provided for in the confirmed Chapter 11 Plan in the Bankruptcy Case, as set forth in the following paragraph.

Terraform agrees to seek approval of the Chapter 11 Plan which provides, in such plan

6

or the corresponding confirmation order, that such disgorgement and civil penalty shall be treated as an allowed general unsecured claim of the Commission against Terraform in the Bankruptcy Case, in the amount of **$4,473,828,306**, which shall be deemed satisfied upon a distribution by the liquidating trustee or other estate representative to creditors and investors pursuant to a confirmed liquidating Chapter 11 plan that incorporates the terms set forth in Exhibit 1 to Terraform's Consent or on substantially similar terms that are not objectionable to the Commission. For the avoidance of doubt, if the allowed claims, including any applicable interest, of creditors (including any harmed investors) are satisfied in full under the Chapter 11 plan, distributions shall be made on account of the Commission's claims until paid in full before any distribution is made to any equity holder of Terraform. Terraform shall use its best efforts to confirm such a plan by September 30, 2024. If no such plan has gone effective by October 30, 2024, the Commission may enforce this Court's judgment against Terraform.  Disgorgement and civil penalties owed to the SEC by Kwon will **not** be deemed satisfied by a distribution in the Bankruptcy Case.

      Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

**VII.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Kwon is liable for disgorgement totaling **$110,000,000**, together with prejudgment interest thereon in the amount of **$14,320,196**. Pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], the Court further imposes a civil penalty on Kwon of **$80,000,000**. Kwon shall begin to satisfy these obligations by directly transferring to the bankruptcy estate in the Bankruptcy Case, assets and funds as set forth in the next paragraph herein.

Payment of the monetary remedies against Kwon shall be deemed satisfied, provided that all transfers by Kwon to the SEC and the Terraform bankruptcy estate in the Bankruptcy Case total no less than **$204,320,196**, excluding the value of any Terraform Crypto Assets transferred to the Terraform bankruptcy estate, only if and until Kwon completes: (1) transferring into an escrow account agreed by Kwon and the Commission staff **$4,700,000** within 30 days of Final Judgment as set for the above; (2) transferring into an escrow account agreed by Kwon and the Commission staff $**2,300,000** of assets belonging to Kwon in accounts at Sygnum Bank of Zurich, Switzerland, associated with Portfolio Number 84.002.088-00, within 30 days of Final Judgment; (3) transferring to the Terraform bankruptcy estate in the Bankruptcy Case within 30 days all crypto assets of the Luna Foundation Guard, which shall first be applied to satisfy the disgorgement amount and prejudgment interest with any remaining assets applied to the civil penalty amount; and (4) transferring to the Terraform bankruptcy estate in the Bankruptcy Case with 30 days Kwon's ownership interest in all PYTH tokens Kwon obtained pursuant to the May 18, 2021 Token Grant Agreement between Kwon and Tribal Invest Corp, which shall be applied to satisfy the civil penalty amount.

8

The assets transferred by Kwon to the Liquidating Trust shall be distributed to harmed investors pursuant to the confirmed chapter 11 plan. The **$7,000,000** transferred by Kwon into escrow shall be transferred to the Liquidating Trust upon the plan effective date. Kwon shall remit any balance outstanding after the effective date of the plan (i) directly to the Liquidating Trust for so long as the Liquidating Trust is in existence; and (ii) directly to the Commission if the Liquidating Trust is no longer in existence.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest against Kwon by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment if Mr. Kwon has not completed the foregoing transfers to Terraform bankruptcy estate in the Bankruptcy Case by that date.

The Commission may enforce the Court's judgment for penalties against Kwon by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Kwon shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

9

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Kwon shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Kwon's payments of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Kwon's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Kwon shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Kwon by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Kwon under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Kwon of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**IX.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, for purposes of purposes of exceptions to discharge set forth in 11 U.S.C. § 1141(d)(6), any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Terraform under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt of a kind specified in paragraph (2)(A) or (2)(B) of 11 U.S.C. § 523(a) that is owed to the SEC, a domestic governmental unit.

**X.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** all parties have knowingly and voluntarily consented to waive the right, if any, to appeal from the entry of this Final Judgment.

**XI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2024

_____
Hon. Jed S. Rakoff
UNITED STATES DISTRICT JUDGE

11