

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

June 14, 2024

**VIA ECF**
Hon. Analisa Torres
United States District Court Judge

Re:   *SEC v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Plaintiff Securities and Exchange Commission respectfully responds to Defendant Ripple Labs Inc.'s letter (ECF 969) that Ripple argues supports its opposition to the SEC's remedies motion. This "authority" is a proposed *settlement* in *SEC v. Terraform Labs, Inc.*, No. 23-cv-1346 (S.D.N.Y.). As noted in response to Ripple's prior inapt citation to settlements, because parties choose to settle cases for any number of reasons, settlements are of limited value in determining remedies in a *litigated* context. See ECF 961, at 14.

Moreover, in asking the Court to tether its penalty determination in this case to the settlement in *Terraform*, Ripple fails to note that the corporate defendant there is in bankruptcy, going "out of business for good," burning the keys to all of its crypto asset securities, agreeing to return a significant amount to investors in those securities, and removing two of the board members in charge at the time of the violations. ECF 969-2 at 3. The SEC took all these factors in agreeing to a *settlement*, and repeatedly cited them as the facts relevant for the court to approve the settlement under applicable law. *See, e.g., id.* at 6. Ripple is agreeing to none of this relief—in fact, Ripple is agreeing to nothing. Again, as detailed in the SEC's remedies reply brief in this case, resolutions where cash-strapped defendants agree to return funds to victims quickly and voluntarily agree to cease their violative conduct are unhelpful to deciding the amount of penalties necessary to punish and deter an undisputedly wealthy defendant who fails to recognize or acknowledge its violation of the securities laws, and who continues to enrich itself by engaging in conduct awfully similar to the conduct that resulted in the violation in the first place. *See* ECF 961 at 13-15 (citing *SEC v. Rajaratnam*, 918 F.3d 36, 45 (2d Cir. 2019)).

Ripple also compares the size of the *Terraform* penalty to the amount of that defendant's "gross sales," arguing the Court should impose the same (1.27%) ratio. ECF 989, at 1. But that's not an apples-to-apples comparison. Ripple avoids comparing the *Terraform* settlement's penalty to the gross profit of the violative conduct. That ratio ($420 million/$3.587 billion) is significantly higher: 11.7%. Applying it to the $876.3 million in gross profits the SEC here asks the Court to disgorge results in a much larger figure, a *$102.6 million* penalty, than the $10 million ceiling Ripple insists on. *Id.* at 2. And, for the reasons previously set forth, that low of a penalty would not satisfy the purposes of the civil penalty statutes. ECF 949 at 23-26.

Respectfully submitted,

*Jorge J Tenreiro*
Jorge Tenreiro