KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

July 2, 2024

**VIA ECF**
Hon. Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs, Inc.* et al., No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Torres:

Defendant Ripple Labs Inc. ("Ripple") respectfully submits this notice of supplemental authority relevant to its opposition to the SEC's pending motion for remedies and entry of final judgment. *See* ECF Nos. 953 (sealed), 955 (public).

On June 28, 2024, the U.S. District Court for the District of Columbia issued a Memorandum Opinion and Order in *SEC v. Binance Holdings, Ltd.*, No. 1:23-cv-01599-ABJ-ZMF (Exhibit A). *Binance* granted in part and denied in part a motion to dismiss the SEC's claims that sales of certain digital assets were sales of unregistered securities. It found persuasive and followed the Court's summary judgment opinion in this case, extending its reasoning to apply to secondary-market sales of one of the assets at issue. Ex. A, at 37-44. In the course of ruling for the SEC on some issues and the defendants on others, the court observed:

> [I]ntangible digital assets do not fit neatly into the rubric set forth in the mere seven pages that comprise the *Howey* opinion. Also, the agency's decision to oversee this billion dollar industry through litigation – case by case, coin by coin, court after court – is probably not an efficient way to proceed, and it risks inconsistent results that may leave the relevant parties and their potential customers without clear guidance.

*Id.* at 21. This observation supports Ripple's argument that providing clarity on the legality of the different types of sales of XRP was the most significant aspect of the Court's summary judgment decision. ECF No. 955, at 15-16. The lack of regulatory clarity prior to that ruling in turn supports Ripple's position that the Court's finding of a strict liability violation on some of Ripple's sales – but far fewer than the SEC alleged were violations – does not reflect reckless disregard for the law or warrant harsh remedies. And, of course, the SEC did not even allege recklessness as to Ripple in its Complaint.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Analisa Torres
July 1, 2024
Page 2

Respectfully submitted,

*/s/ Michael K. Kellogg*
Michael K. Kellogg

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900
mkellogg@kellogghansen.com

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*