

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

July 3, 2024

**VIA ECF**
Hon. Analisa Torres
United States District Court Judge

**Re:**   *SEC v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Plaintiff Securities and Exchange Commission respectfully responds to Defendant Ripple Labs, Inc.'s letter (ECF 971) purporting to provide supplemental authority that Ripple argues supports its opposition to the SEC's remedies motion (ECF 953). This "authority" is a ruling on a *motion to dismiss* in *SEC v. Binance Holdings, Ltd.*, No. 23-cv-1599 (D.D.C. June 28, 2024) ("*Binance*"), that is wholly irrelevant to the pending motion on remedies (just as Ripple's last "authority" was, *see* ECF 969).

Ripple highlights one observation in the nearly 90 pages of the *Binance* ruling, and tries to extrapolate from that general observation about the efficiency of the SEC's litigation strategy (in a decision also recognizing the SEC's discretion under the law to determine how to proceed, *Binance*, Slip Op. at 88 n.35), the notion that *Ripple* did not act with "reckless disregard for the law" such that "harsh remedies" are not warranted. ECF 971 at 1. But this plainly does not follow. The court's observations on a motion to dismiss about the SEC's actions says nothing at all about Ripple's conduct or the remedies that are proper for the violations this Court found.

More importantly, Ripple's latest letter entirely omits the one part of *Binance* that could conceivably have any relevance to the remedies motion. That is the portion of the ruling rejecting—like this Court did—the argument that the fair notice doctrine provides a defense to liability. In so ruling, the *Binance* court found that defendants' argument that the enforcement action against them "presents a 'new position' rings hollow"; that given the cases filed many years ago the *Binance* lawsuit could hardly have come "as a surprise;" that the SEC was merely enforcing a "decades-old federal securities statute" and equally old Supreme Court precedent interpreting it; and that the SEC "put the industry on notice" since the July 2017 DAO Report, which predated the overwhelming majority of Ripple's sales at issue in this case. *Binance*, Slip Op. at 85-87. The *Binance* court also found that, while the fair notice defense is an objective inquiry, it was "notable" that the defendants were alleged to have *actual* notice that the SEC could pursue them, *id.* at 87, just like Ripple here had specific notice about the risks of its actions, based on the advice of counsel, *e.g.*, ECF 874 at 7-8, and chose to proceed anyway.

Respectfully submitted,

*Jorge J. Tenreiro*
Jorge Tenreiro