KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

September 4, 2024

**VIA ECF**
Hon. Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Ripple Labs, Inc.* et al., No. 20-cv-10832 (AT)(SN) (S.D.N.Y.)

Dear Judge Torres:

I write on behalf of Defendant Ripple Labs, Inc. ("Ripple") to request a stay of the monetary portion of the Court's Judgment entered on August 7, 2024, as ECF No. 974. Plaintiff Securities and Exchange Commission (the "SEC") has consented to this request and to the terms of the Proposed Order that Ripple is also submitting today. The monetary portion of the Judgment is currently due to be paid this coming Friday, September 6, and Ripple respectfully asks that this Court act on this stay request before that date.

Federal Rule of Civil Procedure 62(b) states that "[a]t any time after a judgment is entered, a party may obtain a stay by providing a bond or other security." The current version of the rule, as amended in 2018, "makes explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62 committee note (2018 amendment).[1] Here, Ripple and the SEC have agreed to an alternative security proposal in which Ripple will place 111% of the judgment amount (the "Fund") in a bank account in the name of Ripple's counsel Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C. ("Kellogg Hansen"). The terms to which the parties have agreed are set forth in the Proposed Order and briefly summarized below for the Court's convenience.

Under the Proposed Order, the stay will last until 30 days after the time to appeal expires or the resolution of any appeal. During that time, post-judgment interest will accrue in the SEC's favor as set forth in the Judgment. Ripple will retain beneficial ownership (but no control) of the Fund and any interest that accrues by virtue of its deposit in the bank account. Kellogg Hansen will be responsible for ensuring that the Fund remains in the account until released by mutual

---

[1] The same amendment also made clear (by changing the former term "appellant" to "party") that Rule 62(b) authorizes a stay before a notice of appeal has been filed. *See* Fed. R. Civ. P. 62 committee note (2018 amendment). Here, neither party has yet filed a notice of appeal, and the time to do so expires 60 days after the judgment. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). The Judgment becomes enforceable, however, 30 days after entry.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Analisa Torres
September 4, 2024
Page 2

consent of the parties or by order of the Court, but will have no other duties (fiduciary or otherwise) to the SEC.

The parties' intent is that the Fund should be released only when used (by consent or by further order of this Court) to satisfy the monetary portion of the Judgment, when Ripple satisfies the monetary portion of the Judgment through other means, or when the Judgment is reversed. Should the court of appeals vacate or modify the Judgment, the parties will attempt in good faith to reach agreement about the appropriate treatment of the Fund and will submit to the Court any disputes that they cannot resolve.[2]

The consent request protects the interest of the SEC in ensuring that funds will be available to pay the Judgment and the interest of Ripple in avoiding the unnecessary expense and inconvenience of a supersedeas bond in the amount required for the Judgment. It will not adversely affect the interest of any third party or the public. Accordingly, Ripple respectfully requests that the Court approve and issue the Proposed Order.

Respectfully submitted,

*/s/ Michael K. Kellogg*
Michael K. Kellogg

KELLOGG, HANSEN, TODD, FIGEL,
& FREDERICK PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
+1 (202) 326-7900
mkellogg@kellogghansen.com

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
+1 (212) 909-6000

*Counsel for Defendant Ripple Labs Inc.*

---

[2] Ripple has reserved its right to seek, and the SEC has reserved its right to oppose, an extension of the stay such as an extension pending rehearing, rehearing en banc or certiorari.