UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN,<br><br>　　　　　　　　　　Defendants. | Case No. 20-CV-10832 (AT) (SN) |

**[PROPOSED] ORDER STAYING ENFORCEMENT OF
MONETARY PORTION OF FINAL JUDGMENT**

Under Federal Rule of Civil Procedure 62, this Court hereby STAYS enforcement of the monetary portion of the Final Judgment entered August 7, 2024, as ECF No. 974 (the "Judgment"). The stay imposed by this Order (the "Stay") shall last until 30 days after the later of: (a) the expiration of time to appeal the Judgment with no appeal filed, or (b) a decision by the Court of Appeals resolving any appeal taken. The Stay does not apply to any other part of the Judgment, including, but not limited to, the Judgment's injunctive relief.

The Court further ORDERS as follows:

1.　　During the Stay, post-judgment interest shall accrue as provided in the Judgment.

2.　　Promptly after the entry of this Order, Defendant Ripple Labs Inc. ("Ripple") shall deposit 111% of the amount of the civil penalty into an interest-bearing account with Truist Bank (the "Fund") in the name of Ripple's counsel, Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C. ("Kellogg Hansen").

3. Ripple shall retain beneficial ownership of the Fund and all accrued interest but shall have no control over the Fund.

4. Kellogg Hansen shall ensure the deposited amount remains in the Fund unless and until it is released either under a further order of the Court, or by mutual consent of Ripple and Plaintiff Securities and Exchange Commission (the "SEC"; collectively with Ripple, the "Parties"), with notification to the Court. The Parties have advised the Court that they intend that the Fund will be released when:

   a. the Parties mutually consent that the Fund be used to satisfy the monetary portion of the Judgment;

   b. Ripple pays the monetary portion of the Judgment by other means;

   c. the Court of Appeals or United States Supreme Court reverses the Judgment in relevant part; or

   d. the Court orders that the Fund be released to the SEC to satisfy the monetary portion of the Judgment.

5. In the event that the Court of Appeals modifies the Judgment or vacates the Judgment and remands for further proceedings, the Parties shall attempt in good faith to reach agreement about the effect of such a ruling on the appropriate treatment of the Fund.

6. In the event of any dispute between Ripple and the SEC over the proper disposition of the Fund that cannot be resolved through good faith negotiations, the Parties may submit that dispute to this Court for resolution.

7. This Order does not impose upon Kellogg Hansen any duty to the SEC or otherwise, including any fiduciary duty, except to ensure that the Fund remains in the account until released pursuant to the terms of this Order or of any subsequent order of this Court.

8.      This Order is without prejudice to Ripple's ability to seek an extension of the Stay, including an extension pending the filing of a petition for rehearing, rehearing en banc, or certiorari.  It is also without prejudice to the SEC's ability to oppose any extension.

**SO ORDERED**

Dated: _____
       New York, New York


_____
ANALISA TORRES
United States District Judge