

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

April 8, 2025

**VIA ECF**

Hon. Analisa Torres
United States District Court Judge
Southern District of New York

Re:   *SEC v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)

Dear Judge Torres:

Plaintiff Securities and Exchange Commission ("SEC") hereby opposes the "Emergency Request to Present Decisive Evidence" (ECF No. 981) filed by a nonparty on April 3, 2025 (the "Request"). For the following reasons, the Court should deny the Request in its entirety.

*First*, the Request is improper because the subject matter to which it relates – the Court's summary judgment Order and imposition of remedies – is presently on appeal such that this Court lacks jurisdiction to entertain the Request. *See, e.g.*, *New York v. Dept. of Homeland Security*, 974 F.3d 210, 215 (2d Cir. 2020) ("The filing of a 'timely and sufficient notice of appeal' divests the district court of jurisdiction 'as to any matters involved in the appeal' or 'as to the matters covered by the notice.'") (citations omitted); *see also United States v. Bradley*, 105 F.4th 26, 33 (2d Cir. 2024) (same).

*Second*, the Request should be denied because the nonparty who filed it has not moved to intervene. *See, e.g., G-I Holdings, Inc. v. Baron & Budd*, 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002) (dismissing motion filed by third party who had not been granted leave to intervene). But, to the extent the Court construes the Request as a motion to intervene, intervention would still be inappropriate. Indeed, the Court has already denied a motion to intervene brought by third-parties who likewise sought to submit evidence in support of Defendants. (*See* ECF No. 372).

*Third*, the Request should be denied because it is unnecessary. To that end, nothing appears to prevent the Request's filer from sharing the "evidence" referenced therein with the Defendants. Should that occur, the Court has already determined that Defendants are competent to decide whether any such evidence helps their cause and should be brought to the Court's attention. (*See* ECF No. 372 at 7-8).

For these reasons, the Court should deny the Request in its entirety.

Respectfully submitted,

/s/Benjamin Hanauer
Benjamin Hanauer

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025 I filed the foregoing electronically through the CM/ECF system and caused the foregoing to be served on the person identified below, at the indicated addresses, by first class U.S. mail and email.

>Justin W. Keener
>5601 Bridge Street
>Suite 300
>Fort Worth, TX 76112
>truth@TheHoweyTest.com

>>*s/Benjamin Hanauer*

>>Benjamin Hanauer
>>Attorney for Plaintiff SEC