

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

May 08, 2025

**VIA ECF**

Hon. Analisa Torres
United States District Court Judge
Southern District of New York

**Re:    *SEC v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

Plaintiff Securities and Exchange Commission ("SEC") and Defendant Ripple Labs Inc. ("Ripple"), pursuant to Federal Rule of Civil Procedure 62.1 and the Settlement Agreement attached hereto as Exhibit A, jointly request an indicative ruling as to whether the Court would, upon joint motion by said parties: (a) dissolve the injunction included in the Final Judgment in this matter (Dkt. No. 974); and (b) order that the escrow account holding the $125,035,150 civil penalty imposed against Ripple in the Final Judgment be released and distributed with $50 million paid to the SEC in full satisfaction of that penalty and the remainder paid to Ripple.  If the Court issues the requested indicative ruling, the SEC and Ripple will move the United States Court of Appeals for the Second Circuit (No. 24-2648(L) & No. 24-2705(XAP)), pursuant to Fed. R. App. P. 12.1, for a limited remand to seek such relief from this Court.  These steps reflect a settlement agreement reached among the SEC and Defendants Ripple, Bradley Garlinghouse ("Garlinghouse") and Christian Larsen ("Larsen") (collectively, the "Parties").

*Background*

On July 13, 2023, the Court issued an Order (Dkt. No. 874, the "Summary Judgment Order") granting in part and denying in part the Parties' cross-motions for summary judgment.  On October 23, 2023, the Parties filed a stipulation (Dkt. No. 921) dismissing, with prejudice, the SEC's remaining claims against Defendants Garlinghouse and Larsen that had not been resolved by the Summary Judgment Order.  On August 7, 2024, after granting in part and denying in part the SEC's motion for injunctive and financial remedies, the Court entered the Final Judgment against Ripple (Dkt. No. 974).  That Final Judgment included an injunction against Ripple violating Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e], and imposed on Ripple a $125,035,150 civil penalty.  On September 4, 2024, the Court entered an Order Staying Enforcement of Monetary Portion of Final Judgment (Dkt. No. 977), providing, among other things, that Ripple would "deposit 111% of the amount of the civil penalty into an interest-bearing account … in the name of Ripple's counsel."

The SEC and Ripple then filed Notices of Appeal from the Final Judgment.  First, on October 2, 2024, the SEC filed a Notice of Appeal (Dkt. No. 978).  Then, on October 10, 2024, Ripple filed a Notice of Cross-Appeal (Dkt. No. 980).  Those appeals remain pending in the United States Court of Appeals for the Second Circuit.  *See* Appeals No. 24-2648(L) and 24-2705(XAP).  The SEC filed its opening brief on January 15, 2025, listing Ripple as an appellee-cross-appellant, and Garlinghouse and Larsen as appellees.  Appeal No. 24-2648, Dkt. No. 45.  Before Defendants

were due to file their initial briefs, the Parties moved to hold the appeals in abeyance to allow time for SEC staff to obtain approval of the agreement-in-principle to resolve this litigation and for the parties to seek an indicative ruling from this Court.  On April 16, 2025, the Court of Appeals granted the Parties' motion, and held the appeals in abeyance, with the SEC to file a status report within 60 days.  *Id.*, Dkt. No. 61.

### *The Parties' Settlement Agreement*

The Parties engaged in good-faith negotiations to resolve this litigation in its entirety.  To that end, SEC staff obtained approval of the agreement-in-principle and on May 08, 2025, the Parties executed the Settlement Agreement (Ex. A), which lays out the following process for effectuating the Parties' agreement.  *First*, the Parties filed a motion with the Court of Appeals to have the SEC's appeal and Ripple's cross-appeal held in abeyance.  *See* Appeal No. 24-2648, Dkt. No. 60.  *Second*, the SEC and Ripple agreed to file the present Rule 62.1 motion asking for an indicative ruling as to whether this Court would: (a) dissolve the injunction included in the Final Judgment; and (b) order the escrow account holding the Final Judgment's $125,035,150 civil penalty be released and distributed with $50 million paid to the SEC in full satisfaction of that penalty and the remainder paid to Ripple.  *Third*, if this Court issues the requested indicative ruling, the SEC and Ripple will move the Court of Appeals pursuant to Fed. R. App. P. 12.1 for a limited remand to seek such relief from this Court.  *Fourth*, upon the granting of the requested limited remand, the SEC and Ripple will file a motion with this Court requesting the relief described above.  *Fifth*, following the dissolution of the injunction and the release and distribution of the escrowed funds set forth above, the SEC and Ripple will move the Court of Appeals to dismiss, respectively, the SEC's appeal and Ripple's cross-appeal.  *Further*, the Settlement Agreement provides that the Parties agree they will not seek to vacate or amend any part of the Court's Summary Judgment Order (Dkt. No. 874).

Approval of a settlement in an SEC enforcement case is appropriate where the settlement is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the [settlement] includes injunctive relief."  *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (citations omitted).  Factors to be considered include (1) the basic legality of the settlement; (2) whether the terms of the settlement, including its enforcement mechanism, are clear; (3) whether the settlement reflects a resolution of the actual claims in the complaint; and (4) whether the settlement is tainted by improper collusion or corruption of some kind.  *Id.* at 294-95 (citations omitted).  Absent a "substantial basis" in the record for concluding that the proposed settlement does not meet these requirements, "the district court is required to enter the order."  *Id.* at 294.  The Settlement Agreement satisfies each of these factors.  It is legal because the $50 million civil penalty that will remain against Ripple is expressly authorized by statute.  *See* 15 U.S.C. § 77t(d).  Likewise, there is no ambiguity as to the Settlement Agreement's terms and enforcement mechanism.  Next, by its terms, the Settlement Agreement "is a final resolution as to the conduct alleged in the amended complaint" in this matter.  (Ex. A, p. 3).  Finally, the Settlement Agreement is the result of good-faith and arm's-length negotiations between parties represented by counsel that resolves any uncertainties posed by the pending appeal and cross-appeal.

### *The Court Should Grant the Requested Indicative Ruling*

Federal Rule of Civil Procedure 62.1(a)(3) provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may … state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  "In authorizing indicative rulings, the Rule

promotes efficiency and the timely resolution of motions that could further the appeal or obviate its necessity." *Watson v. Artuz*, 2024 WL 4228624, at *3 (S.D.N.Y. Sept. 18, 2024).

Given "the strong and long-standing public policy in favor of the settlement of disputes," district courts routinely issue Rule 62.1 indicative rulings stating they would approve settlements of litigation currently on appeal. *See, e.g., Calchi v. GlaxoSmithKline Consumer Healthcare Holdings US LLC*, 2024 U.S. Dist. LEXIS 115056, *2-4 (S.D.N.Y. June 20, 2024). This includes indicative rulings where the settlement was contingent on vacatur of a judgment. *See, e.g., Viera v. United States*, 595 F. Supp. 3d 1, 2-3 (S.D.N.Y 2022) (granting motion for indicative ruling that district court would approve settlement, where settlement was conditioned on vacatur of judgment); *Export-Import Bank of the Republic of China v. Cent. Bank of Liberia*, 2017 WL 6398726, *2-4 (S.D.N.Y. Dec. 13, 2017) (same); *Island Intellectual Prop. LLC v. StoneCastle Cash Mgmt. LLC*, 2021 WL 1393114, *1-2 (S.D.N.Y. Apr. 13, 2021) (same); *NML Capital, Ltd. v. Republic of Argentina*, 2016 WL 715732, *4-10 (S.D.N.Y. Feb. 19, 2016) (same result, settlement conditioned on vacating injunctions).

As in the above decisions, the Court should grant the SEC's and Ripple's joint motion and issue an indicative ruling that the Court would, upon said parties' motion, dissolve the injunction currently in place against Ripple and order the escrowed funds be distributed per the Settlement Agreement ($50 million to the SEC, the remainder to Ripple). Doing so would promote efficiency and the policy favoring settlements, and would obviate the need for additional litigation in this Court and the Court of Appeals.

Respectfully submitted,

FOR THE SECURITIES AND
EXCHANGE COMMISSION:


 /s/ Benjamin Hanauer
Benjamin Hanauer

FOR RIPPLE LABS INC.:


 /s/ Andrew J. Ceresney
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
+1 (212) 909-6000
aceresney@debevoise.com


/s/ Michael K. Kellogg
Michael K. Kellogg
KELLOGG, HANSEN, TODD,
FIGEL, & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900
mkellogg@kellogghansen.com