# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
:
                            Plaintiff,  :   20 Civ. 10832 (AT) (SN)
:
             - against -  :
:
RIPPLE LABS, INC., BRADLEY GARLINGHOUSE,  :
and CHRISTIAN A. LARSEN,  :
:
                          Defendants.  :
:
---------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This reflects the agreement between: (1) Plaintiff Securities and Exchange Commission ("SEC"), and (2) Defendants Ripple Labs, Inc. ("Ripple"), Christian A. Larsen ("Larsen"), and Bradley Garlinghouse ("Garlinghouse") (collectively, "Defendants"), to settle the litigation styled as *SEC v. Ripple Labs, Inc., Bradley Garlinghouse, and Christian A. Larsen*, case number 20-Civ-10832 (AT) (SN), in the United States District Court for the Southern District of New York (the "District Court Litigation") and the SEC's appeal and Ripple's cross-appeal in the United States Court of Appeals for the Second Circuit, case numbers 24-2648(L) and 24-2705 (XAP) (the "Appellate Litigation").

WHEREAS, the SEC filed a complaint instituting the District Court Litigation against Ripple, Garlinghouse, and Larsen on December 22, 2020 and later amended its complaint. Ripple filed an answer to the complaint and Defendants filed answers to the amended complaint.

WHEREAS, the SEC and Defendants thereafter filed motions for summary judgment, and on July 13, 2023, the Court entered an order granting in part and denying in part those motions for summary judgment (Dkt. No. 874) (the "July 13, 2023 Summary Judgment Order").

WHEREAS, on October 23, 2023, the SEC and Defendants filed a stipulation (Dkt. No. 921) pursuant to Fed. R. Civ. P. 41, for dismissal of claims by the SEC against Garlinghouse and Larsen for aiding and abetting Ripple's violations of Section 5 of the Securities Act of 1933 ("Securities Act") with respect to Ripple's offers and sales of XRP in "Institutional Sales."

WHEREAS, on August 7, 2024, the Court entered a Final Judgment against Ripple, including an injunction against violating Section 5 of the Securities Act [15 U.S.C. § 77e] as set forth in such judgment, and holding Ripple liable for a civil penalty in the amount of $125,035,150 (Dkt. No. 974).

WHEREAS, on September 4, 2024, the Court entered an Order Staying Enforcement of Monetary Portion of Final Judgment (ECF No. 977), providing, among other things, that Ripple would "deposit 111% of the amount of the civil penalty into an interest-bearing account with Truist Bank (the "Fund") in the name of Ripple's counsel, Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C. ("Kellogg Hansen")."

WHEREAS, on October 2, 2024, the SEC filed a Notice of Appeal (Dkt. No. 978) from the Final Judgment entered on August 7, 2024, listing Ripple, Garlinghouse, and Larsen as appellees.

WHEREAS, on October 10, 2024, Ripple filed a Notice of Cross-Appeal from the Final Judgment entered on August 7, 2024.

WHEREAS, the parties have reached an agreement to settle the District Court Litigation and the Appellate Litigation upon the following terms, to be effectuated as detailed below:

(a) the SEC will dismiss its appeal, and Ripple will dismiss its cross-appeal, (b) the SEC and Ripple will request that the district court dissolve the August 7, 2024 injunction against Ripple, (c) the SEC and Ripple will request that the district court order that the Fund being held by Kellogg Hansen be released and distributed with $50 million paid to the SEC in full satisfaction of the civil money penalty awarded against Ripple, which the SEC would send to the U.S. Treasury, and the remainder of the Fund paid to Ripple, (d) Ripple, Garlinghouse, and Larsen will provide waivers and releases as set forth below, and (e) no party will seek to vacate or amend the July 13, 2023 Summary Judgment Order.

WHEREAS, the parties agree that this Settlement Agreement is a final resolution as to the conduct alleged in the amended complaint through the date of filing of this Settlement Agreement.

NOW, THEREFORE, the SEC, Ripple, Garlinghouse, and Larsen agree as follows:

1. To effectuate the settlement terms described above, the parties shall proceed as follows:

   a. The SEC and Defendants will file a motion or such other papers in the Appellate Litigation as are needed to have the Appellate Litigation held in abeyance while the parties carry out the following steps.

   b. The SEC and Ripple will file a motion in the district court under Fed. R. Civ. P. 62.1 for an indicative ruling as to whether the court would:

      i. Dissolve the injunction that was included in the August 7, 2024 final judgment; and

      ii. Order that the Fund being held by Kellogg Hansen be released and distributed with $50 million paid to the SEC in full satisfaction of the civil

3

money penalty awarded against Ripple, and which the SEC would send to the U.S. Treasury, and the remainder of the Fund paid to Ripple.

 c. If the district court issues an indicative ruling that it would grant the requests for dissolving the injunction and releasing and distributing the funds as set forth in paragraph 1.b. above, then the SEC and Ripple will so notify the court of appeals pursuant to Fed. R. App. P. 12.1 and will seek a limited remand for the purpose of seeking such relief from the district court. Upon the granting of a limited remand by the court of appeals, the SEC and Ripple will file such motions and other papers in the District Court Litigation as are necessary to request that the district court grant the relief described in paragraph 1.b. above.

 d. Upon the district court's entry of orders dissolving the injunction and ordering the release and distribution of funds set forth in paragraph 1.b. above, the SEC will file such papers in the Appellate Litigation as are necessary to dismiss its appeal, and Ripple will file such papers in the Appellate Litigation as are necessary to dismiss its cross-appeal.

 e. Each of the parties to this agreement (whether or not they are listed in paragraphs 1.a. through 1.d., above) agrees to present or file such papers in the District Court Litigation and/or in the Appellate Litigation as are necessary to request and effectuate the relief set forth in this agreement.

2. The SEC and Defendants will not seek to vacate or amend any part of the July 13, 2023 Summary Judgment Order.

3. Effective upon the filing of the motions to dissolve the injunction and order the release and distribution of funds described in paragraph 1.b. above, Ripple, Garlinghouse, and

4

Larsen, for themselves and any of their agents, attorneys, employees, or representatives, waive and release:

    a.    Any and all rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Ripple, Garlinghouse, or Larsen that in any way relate to the District Court Litigation, the Appellate Litigation, or any investigative steps taken prior to commencing the foregoing.

    b.    Any and all claims, demands, rights, and causes of action of every kind and nature, asserted or unasserted, against the Commission and its present and former officers or employees that arise from or in any way relate to the District Court Litigation, the Appellate Litigation, or any investigative steps taken prior to commencing the foregoing.

4.    Each of the undersigned represents that they have the authority to execute this stipulation on behalf of the party so indicated.

FOR THE SECURITIES AND
EXCHANGE COMMISSION:

_____
Antonia M. Apps
Deputy Director
Enforcement Division

_____
Benjamin Hanauer
Marc J. Jones

FOR RIPPLE LABS, INC.:

_____
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
+1 (212) 909-6000
aceresney@debevoise.com

Dated: __April 23__, 2025

5

Peter Moores
Enforcement Division

Dated: May 8, 2025

/s/ Michael K. Kellogg
Michael K. Kellogg
KELLOGG, HANSEN, TODD,
FIGEL, & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900
mkellogg@kellogghansen.com
Counsel for Defendant Ripple Labs

Dated: April 23, 2025

FOR BRADLEY
GARLINGHOUSE AND
CHRISTIAN A. LARSEN:

Matthew C. Solomon
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC  20037-3229
202-974-1500
msolomon@cgsh.com

Dated: _____, 2025

6

Peter Moores
Enforcement Division

Dated: _____, 2025

Michael K. Kellogg
KELLOGG, HANSEN, TODD,
FIGEL, & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900
mkellogg@kellogghansen.com
Counsel for Defendant Ripple Labs

Dated: _____, 2025

FOR BRADLEY
GARLINGHOUSE AND
CHRISTIAN A. LARSEN:

*/s/ Matthew C. Solomon*

Matthew C. Solomon
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC  20037-3229
202-974-1500
msolomon@cgsh.com

Dated: April 23, 2025

6