```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

        -against-                                          20 Civ. 10832 (AT)

RIPPLE LABS, INC.,                                              ORDER

                    Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/15/2025___

ANALISA TORRES, District Judge:

Plaintiff, the Securities and Exchange Commission ("SEC"), and Defendant, Ripple Labs, Inc. ("Ripple"), jointly request an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1, stating that the Court would (1) "dissolve" the Court's injunction prohibiting Ripple's unlawful offer and sale of securities entered as part of the Court's judgment in this matter (the "Final Judgment"), ECF No. 974, and (2) reduce the $125,035,150 civil penalty (the "Civil Penalty") imposed against Ripple to $50 million. Mot. at 1, 3, ECF No. 983. The motion is DENIED.

### BACKGROUND

In 2020, the SEC brought this action against Ripple and other defendants alleging that they engaged in the unlawful offer and sale of securities in violation of Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e(a) and (c). ECF Nos. 4, 46. On July 13, 2023, the Court granted in part and denied in part the parties' cross-motions for summary judgment. ECF No. 874. As relevant here, the Court held that Ripple offered and sold unregistered securities in violation of Section 5 of the Securities Act. *Id*. at 22.

On August 7, 2024, the Court entered the Final Judgment, enjoining Ripple from violating Section 5 and directing Ripple to pay the Civil Penalty. *See generally* Final Judgment. On September 4, the Court stayed enforcement of the Civil Penalty and ordered Ripple to deposit into an interest-bearing account an amount equal to 111% of the Civil Penalty (the "Fund"). ECF No. 977. The SEC and Ripple then appealed from the Final Judgment. ECF Nos. 978, 980. Their cross-appeals are pending before the Second Circuit.

On May 8, 2025, the parties executed an agreement (the "Agreement") to "settle" the litigation in this Court and in the Second Circuit. ECF No. 983-1; Mot. at 2. The Agreement is conditioned upon the Court's vacating the injunction against Ripple and directing that the Fund be distributed with $50 million payable to the SEC, thereby reducing the Civil Penalty by sixty percent. ECF No. 983-1 at 3–5.

## DISCUSSION

Rule 62.1 provides "a procedural device that allows a district court to inform the parties and [the court of appeals] how it would rule on the merits of certain motions after an appeal has been filed and the district court has been divested of jurisdiction." *LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017); *see* Fed. R. Civ. P. 62.1.

Here, the parties ask the Court how it would rule on what they frame as a request for approval of a "settlement" pursuant to *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014). In *Citigroup*, the Second Circuit clarified the standard for reviewing a proposed SEC consent decree *prior* to final judgment: The district court must "determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved in the event that the consent decree includes injunctive relief." *Id*. at 294 (citation omitted). Citing *Citigroup*, the parties argue that the Court should approve the Agreement as fair and reasonable. Mot. at 2–3.

"[W]hat matters is the remedy sought, not how the parties seek it." *Redeemer Comm. of Highland Credit Strategies Funds v. Highland Cap. Mgmt., L.P.*, 253 F. Supp. 3d 722, 724 (S.D.N.Y. 2017). The parties' request that the Court absolve Ripple of its obligation to (1) cease its illegal offer and sale of securities and (2) pay the full Civil Penalty amounts to a motion to vacate significant portions of the Final Judgment. Such a request is properly made under Federal Rule of Civil Procedure 60. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (stating that Rule 60 "governs motions for relief from a final judgment"). *Citigroup* is, therefore, inapposite. By styling their motion as one for "settlement approval," the parties fail to address the heavy burden they must overcome to vacate the injunction and substantially reduce the Civil Penalty. Relief from judgment under Rule 60 is granted "only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The parties have made no effort to satisfy that burden here; their request does not even mention the Rule.

Accordingly, if jurisdiction were restored to this Court, the Court would deny the parties' motion as procedurally improper.

## CONCLUSION

For the foregoing reasons, the parties' motion for an indicative ruling is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 983.

SO ORDERED.

Dated: May 15, 2025
New York, New York

ANALISA TORRES
United States District Judge