

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

June 12, 2025

**VIA ECF**

Hon. Analisa Torres
United States District Court Judge
Southern District of New York

**Re:    *SEC v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832 (AT) (SN) (S.D.N.Y.)**

Dear Judge Torres:

Plaintiff Securities and Exchange Commission ("SEC") and Defendant Ripple Labs Inc. ("Ripple"), pursuant to Rules 62.1 and 60(b) of the Federal Rules of Civil Procedure ("Rules"), and the Settlement Agreement previously filed with the Court (Dkt. No. 983-1), jointly renew their request for an indicative ruling. These parties seek a ruling as to whether, upon their joint motion pursuant to Rule 60(b)(6), the Court would dissolve the injunction included in the Final Judgment in this matter (Dkt. No. 974), and order that the escrow account holding the $125,035,150 civil penalty imposed against Ripple by the Final Judgment be released and distributed with $50 million paid to the SEC in full satisfaction of that penalty and the remainder paid to Ripple. If the Court issues the requested indicative ruling, the SEC and Ripple will move the United States Court of Appeals for the Second Circuit (No. 24-2648(L) & No. 24-2705(XAP)), pursuant to Fed. R. App. P. 12.1, for a limited remand to seek such relief from this Court.

The Court denied the SEC's and Ripple's May 8, 2025 Rule 62.1 request (Dkt. No. 983) because that filing did not address whether "exceptional circumstances" warrant the requested modification of the Final Judgment pursuant to Rule 60(b). (Dkt. No. 984.) For the reasons set forth below, exceptional circumstances warrant the requested modification of the Final Judgment.

**Background**

On July 13, 2023, the Court issued an Order (Dkt. No. 874, the "Summary Judgment Order") granting in part and denying in part the Parties' cross-motions for summary judgment. On October 23, 2023, the Parties filed a stipulation (Dkt. No. 921) dismissing, with prejudice, the SEC's remaining claims against Defendants Garlinghouse and Larsen that had not been resolved by the Summary Judgment Order. On August 7, 2024, after granting in part and denying in part the SEC's motion for injunctive and financial remedies, the Court entered the Final Judgment against Ripple (Dkt. No. 974). That Final Judgment included an injunction against Ripple, enjoining it from violating Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e], and imposed on Ripple a $125,035,150 civil penalty. On September 4, 2024, the Court entered an Order Staying Enforcement of Monetary Portion of Final Judgment (Dkt. No. 977), providing, among other things, that Ripple would "deposit 111% of the amount of the civil penalty into an interest-bearing account … in the name of Ripple's counsel."

The SEC and Ripple then filed Notices of Appeal from the Final Judgment.  On October 2, 2024, the SEC filed a Notice of Appeal (Dkt. No. 978), and on October 10, 2024, Ripple filed a Notice of Cross-Appeal (Dkt. No. 980).  Those appeals remain pending.  *See* Appeals No. 24-2648(L) and 24-2705(XAP).  The SEC filed its opening brief on January 15, 2025, listing Ripple as an appellee-cross-appellant, and Defendants Garlinghouse and Larsen as appellees.  Appeal No. 24-2648, Dkt. No. 45.  Before Defendants were due to file their initial briefs, the Parties moved to hold the appeals in abeyance to allow time for SEC staff to obtain approval of an agreement-in-principle reached by the parties that would resolve this litigation and for the parties to seek an indicative ruling from this Court.  On April 16, 2025, the Court of Appeals granted the Parties' motion and held the appeals in abeyance, with the SEC to file a status report within 60 days.  *Id.*, Dkt. No. 61.

On May 8, 2025, the SEC and Ripple jointly moved, pursuant to Rule 62.1, for an indicative ruling that the Court would dissolve the Final Judgment's injunction and order that the escrow account holding the $125,035,150 civil penalty be released with $50 million paid to the SEC in full satisfaction of that penalty and the remainder paid to Ripple.  (Dkt. No. 983).  On May 15, the Court denied that motion because it did not address whether "exceptional circumstances" warrant modification of the Final Judgment pursuant to Rule 60(b).  (Dkt. No. 984).  For the reasons explained below, exceptional circumstances warrant the requested modification.

### Standard for Relief Under Rule 60(b)

Rule 60(b)(6) provides that the Court "may relieve a party or its legal representative from a final judgment…for…[any] reason that justifies relief."  *See also Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir. 2005).  To obtain such relief, a showing of "exceptional circumstances" is required. *Blom Bank SAL v. Honickman*, No. 23-1259, 605 U.S. ___, 2025 WL 1583305, at *6 (Jun. 5, 2025); *see also* Dkt. No. 984 at 2 (citations omitted).  While the existence of a settlement agreement, in itself, is not sufficient, *see ATSI Commc'ns., Inc. v. Shaar Fund Ltd.*, 547 F.3d 109, 112 (2d Cir. 2008), vacatur of a judgment — or modification, as requested here — mooted by settlement is appropriate "where the relief is equitably justified by exceptional circumstances."  *Microsoft Corp. v. Bristol Tech., Inc.*, 250 F.3d 152, 154 (2d Cir. 2001); *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (vacatur requires not just settlement by the parties, but also an equitable determination that exceptional circumstances exist.  In determining whether such circumstances exist, "courts weigh the private interests served by settlement and vacatur [or modification of the final judgment] against the public interests prejudiced thereby."  *In re Take-Two Interactive Secs. Litig.*, 2008 WL 3884360, at *1 (S.D.N.Y. Aug. 21, 2008) (citations omitted); *see also Major League Baseball Props, Inc. v. Pac. Trading Cards, Inc.*, 150 F.3d 149, 151, 153 (2d Cir. 1998) (weighing "equitable considerations" against "the social value in preserving precedents").

The Second Circuit has repeatedly found "exceptional circumstances" to exist where modifying final judgments was necessary for "the facilitation of settlements that would obviate pending appeals."  *Microsoft*, 250 F.3d at 155 (citations omitted).  One such decision was *Major League Baseball*, where, as in this case, relief from the judgment "was a necessary condition of settlement" and the relief was sought by both the appellant and appellee.  150 F.3d at 152.

Various courts in this District have followed suit, granting greater relief from a final judgment than the remedies modification sought here.  For instance, in *Island Intellectual Prop. LLC v. StoneCastle Cash Mgmt. LLC,* 2021 WL 1393114, at *1-2 (S.D.N.Y. Apr. 13, 2021), the court granted a Rule 62.1 motion where (a) vacatur of a district court opinion was "necessary as a precondition for

the parties' settlement"; (b) vacatur would preserve the "scarce judicial resources" of the Second Circuit; (c) the opinion sought to be vacated "would be of 'little persuasive authority after [the pending] appeal,' were the appeal to proceed"; (d) the plaintiff has changed the "aggressiveness" of its prior litigation strategy; and (e) no non-parties would be adversely impacted by the vacatur of the district court opinion.  (citations omitted).  The court reached a similar conclusion in granting a Rule 62.1 motion in *Am. Home Assur. Co. v. Kuehne & Nagel (AG & CO.) KG*, 2010 WL 1946718 (S.D.N.Y. May 7, 2010).[1]  That court found exceptional circumstances where granting vacatur would avoid expending the "substantial judicial resources [that] would be involved, in the Circuit and potentially in the district court as well" and both parties sought vacatur and recognized that "the Second Circuit might find a basis for reversing" the district court.  *Id.*, at *2; *see also Viera v. United States*, 595 F. Supp. 3d 1, 3 (S.D.N.Y 2022) (same result where vacating judgment and opinion would avoid further expenditure of resources of the appellate and district courts and was "necessary as a precondition for the parties' settlement").

Courts have also found exceptional circumstances based in whole or in part on a government litigant's change in policy. *See NML Cap., Ltd. v. Republic of Argentina*, 2016 WL 715732, at *6 (S.D.N.Y. Feb. 19, 2016) (indicative ruling that court would vacate injunctions due to "changed circumstances," namely the new position taken by government party following change in presidential administrations); *see also Island Intellectual Property*, 2021 WL 1393114, at *1 (court's willingness to vacate judgment was based in part on plaintiff's change in the "aggressiveness" of its prior litigation strategy).

### The Standard for Relief Under Rule 60(b)(6) is Satisfied

The balance of the interests here favors entry of the relief sought by the parties.  The requested relief reflects a reasonable compromise by all parties to bring this litigation to an end, to avoid litigation risk on appeal, and to avoid the further expenditure of party and judicial resources. And the request to reduce Ripple's penalty payment to the SEC and dissolve the injunction is a "necessary condition of settlement."  *See Major League Baseball*, 150 F.3d at 152; *Viera*, 595 F. Supp. 3d at 3 ("Vacatur of the judgment . . . also would be consistent with the strong policy of the law favoring settlements of litigation.").

Moreover, public interest considerations also counsel in favor of the requested relief.  The public interest in preserving the Court's substantive rulings on the merits of the SEC's claims will not be impaired because the Summary Judgment Order will remain in place.  Indeed, pursuant to the Settlement Agreement, the Parties here do not seek to vacate, amend, or modify the Summary Judgment Order.  *See ECF 983-1 at 4, ¶ 2.*  That Order will remain untouched and will continue to bind the parties under the principles of claim and issue preclusion.

The Parties request only that the Court modify the **relief** granted in this case by dissolving the injunction and adjusting downward the amount of the penalty that Ripple must pay.  And

---

[1] *See also Calchi v. GlaxoSmithKline Consumer Healthcare Holdings US LLC*, 2024 U.S. Dist. LEXIS 115056, at *2-4 (S.D.N.Y. June 20, 2024) (approving settlement on Rule 62.1 ruling given "the strong and long-standing public policy in favor of the settlement of disputes"); *Export-Import Bank of the Republic of China v. Cent. Bank of Liberia*, 2017 WL 6398726, at *2-4 (S.D.N.Y. Dec. 13, 2017) (same).

because that relief reflects the "unique facts of this case," the public interest therein is "relatively small." *See Viera*, 595 F. Supp. 3d at 3. The public interest in a larger civil penalty and continued imposition of the injunction imposed in this case does not overcome the strong reasons discussed herein for granting the requested relief.

Additionally, on January 21, 2025, then-Acting SEC Chairman Mark Uyeda launched a crypto task force dedicated to helping the SEC further develop the regulatory framework for crypto assets. Since then, the SEC has dismissed by joint stipulation certain crypto asset-related enforcement actions in the exercise of its discretion and as a policy matter. *See, e.g., SEC v. Cumberland DRW LLC,* No. 1:24cv9842 (N.D. Ill.), ECF No. 46 (Mar. 27, 2025) (Joint Stipulation to Dismiss, and Releases) and ECF No. 47 (Mar. 31, 2025) (order dismissing case pursuant to stipulation); *SEC v. Consensys Software Inc.*, No. 1:24cv4578 (E.D.N.Y.), ECF No. 25 (Mar. 27, 2025) (Joint Stipulation to Dismiss, and Releases); *SEC v. Payward, Inc.*, No. 3:23cv6003 (N.D. Cal.), ECF No. 127 (Mar. 27, 2025) (Joint Stipulation to Dismiss and Releases); *SEC v. Coinbase, Inc.*, No. 1:23cv4738 (S.D.N.Y.), ECF No. 178 (Feb. 28, 2025) (Joint Stipulation to Dismiss, and Releases) and ECF No. 179 (Mar. 4, 2025) (Mandate of 2d Circuit, indicating dismissal of the interlocutory appeal pursuant to stipulation). Termination of the appeals by the SEC and Ripple in this case would be consistent with these dismissals by joint stipulation. For that to occur, however, dissolution of the injunction pursuant to the Parties' settlement agreement is necessary. Accordingly, there are "exceptional circumstances" beyond the Settlement Agreement itself that justify modifying the final judgment here to facilitate settlement, obviate the pending appeals, and conserve agency and party resources.

Finally, the parties' proposed resolution will preserve the resources of the Second Circuit by avoiding the need to decide appeals, obviate any remand for further proceedings in this Court, and bring 4.5 years of hard-fought litigation to an end. *See Viera*, 595 F. Supp. 3d at 3 (granting vacatur where it "would avoid further expenditure of resources in the Court of Appeals and in this Court if the Circuit were to remand for further proceedings").

As in the above decisions, the Court should grant the SEC's and Ripple's joint motion and issue an indicative ruling that the Court would, upon their motion under Rule 60(b), dissolve the injunction against Ripple and order the escrowed funds be distributed per the Settlement Agreement ($50 million to the SEC, the remainder to Ripple). Doing so would promote efficiency and the policy favoring settlements, obviate the need for additional litigation in this Court and the Court of Appeals, and be consistent with the SEC's recent actions in other crypto registration cases.

Respectfully submitted,

FOR THE SECURITIES AND
EXCHANGE COMMISSION:

/s/ Benjamin Hanauer
Benjamin Hanauer

FOR RIPPLE LABS INC.:

/s/ Andrew J. Ceresney
Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001

+1 (212) 909-6000
aceresney@debevoise.com


/s/ Michael K. Kellog
Michael K. Kellogg
KELLOGG, HANSEN, TODD,
FIGEL, & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900
mkellogg@kelogghansen.com